UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 ALTONAGA/Turnoff

RENEE BLASZKOWSKI,
AMY HOLLUB and
PATRICIA DAVIS,
individually and on behalf of
others similarly situated,

vs.

MARS INC.,
PROCTOR AND GAMBLE CO.,
COLGATE PALMOLIVE COMPANY,
DEL MONTE FOODS, CO.,
NESTLE U.S.A. INC.,
NUTRO PRODUCTS INC.,
MENU FOODS, INC.,
MENU FOODS INCOME FUND,
PUBLIX SUPERMARKETS, INC.,
WINN DIXIE STORES, INC.,
PETCO ANIMAL SUPPLIES, INC.,
PET SUPERMARKET, INC.,
PETSMART INC.,
TARGET CORP.,
WAL-MART STORES, INC.,
_____/

**PLAINTIFFS' VERIFIED RESPONSE IN OPPOSITION TO "JOINT" MOTION FOR FORTY (40) DAY ENLARGEMENT OF TIME TO FILE JOINT SCHEDULING REPORT AND CERTIFICATE OF INTERESTED PARTIES**
(by Del Monte Foods Co., Procter and Gamble Co., Colgate Palmolive Co.,
Nestle U.S.A., Inc., Nutro Products, Inc. and Menu Foods Defendants)

Plaintiffs/Class Representatives, Renee Blaszkowski, Amy Hollub and Patricia Davis,

hereby oppose Defendants, Del Monte Foods Co., Procter and Gamble Co., Colgate Palmolive

Co., Nestlé U.S.A., Inc. Nutro Products, Inc., Menu Foods Defendants (collectively

"Defendants") Joint Motion for forty (40) day Enlargement of Time to File Joint Scheduling

Report and Certificate of Interested Persons and state:

1

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Dockets.Justia.com

I.      **The Defendants' Grounds for the Motion are insufficient and fail to set forth good cause to delay setting pre-trial deadlines for forty (40) days**

The Defendants request this Court to grant a _forty_ (40) day enlargement of time to confer about scheduling deadlines, trial periods, whether they will agree to allow Magistrate Judge Turnoff to preside over discovery issues and to file a corporate disclosure statement. The Defendants urge this Court to grant such an extensive enlargement of time based upon the following grounds:

(1)     That two (2) of the Defendants, Menu Food and Procter and Gamble, have allegedly not been served with the Summons and Complaint;

(2)     That the remaining Defendants have only recently been retained;

(3)     That the counsel for Del Monte attempted to Confer in writing about an enlargement of time pursuant to Rule 7.1(A)(3) and that Counsel for Nutro Products, Inc., Colgate Palmolive Co., and Nestlé U.S.A., all contacted Plaintiff's counsel as well, but the Plaintiff's counsel refused to agree.

(4)     That the time to confer and file a Joint Scheduling Report be enlarged forty (40) days so that the Defendants "will be allowed to engage in a meaningful discourse with their clients, co-defendants, and plaintiffs' counsel."

None of these "grounds" demonstrates "good cause" for a _forty_ (40) day delay in filing a Joint Scheduling Report. First, all of the majority of the Defendants have been served with both the Summons and Complaint since May 14-15.[1] Second, while some of the Defendants have recently

---

[1] Due to a clerical error, several Defendants were served with a Summons that was not signed or executed by the Clerk of the Court, which is already in the process of being corrected. However, all Defendants have been served and the returns of service have been filed with the Court. [DE 8-14]  [Mars, Inc. [DE 47 (May 25, 2007)], Procter and Gamble Co. [DE 53 (May 22, 2007)], Colgate Palmolive Co. [DE 11 (May 15, 2007)], Del Monte Foods, Co. [DE 50 (May 25, 2007)], Nestlé USA, Inc. [DE 50 (May 22, 2007)], Nutro Products, Inc. [DE 52 (May 22, 2007)], Menu Foods Defendants [DE 54, 55 (May 23, 2007)], Publix Supermarkets, Inc. [DE 40 (May 14, 2007)], Winn Dixie Stores, Inc. [DE 8 (May 14, 2007)], Petco Animal Supplies, Inc. [DE 9 (May 14, 2007)], Pet Supermarket,

2

been retained, the Motion fails to set forth a sufficient basis for such a lengthy extension of time in what appears to be a back door attempt to stay the case.  Third, except Nestlé, the Defendants have failed to comply with the Local Rule 7.1 duty to confer in a good faith attempt to resolve the issues prior to resorting to the Court for relief.  The Defendants have simply failed to meet the burden to show "good cause" for such a lengthy delay and their motion should be denied accordingly.

I.      **The Plaintiffs Object to such a lengthy delay to set a Pre-Trial Schedule and maintain that the Defendants are in effect attempting to stay the action without specifically seeking such relief**

The Plaintiffs are opposed to the pattern of lengthy delays that the Defendants are seeking in this case.  Both the Plaintiffs and class counsel are charged with the obligation to move this case to a resolution as expeditiously as possible.  The Defendants have already made it clear that they fully intend to delay the prosecution of this case as much as, and whenever, possible. Moreover, most of the Defendants will attempt to confer with the Plaintiffs' counsel as little as possible and refuse to attempt to come to _any_ compromise agreements prior to resorting to the Court.  Even worse, counsel are failing to provide proper Rule 7.1 certificates that they have conferred in good faith which detail the efforts that they have undertaken as required by the Local Rules and standard practice in this jurisdiction.  For example, Petco Animal Supplies, Inc.'s predecessor counsel's _secretary_ contacted the undersigned prior to the Memorial Day holiday to obtain a thirty (30) day extension of time to respond to the Complaint without offering any explanation for the basis for the extension. Since counsel's secretary offered no reason for the extension, the undersigned agreed to two (2) weeks and requested that the agreement be put in the Rule 7.1 certificate, that it be confirmed in writing and that the undersigned see the motion

---

Inc. [DE 14 (May 15, 2007)], Petsmart, Inc. [DE 12 (May 15, 2007)], Target Corp. [DE 10 (May 15, 2007)], and Wal-Mart Stores, Inc. [DE 13 (May 15, 2007)].

before it was filed.  Not only did the undersigned never see the Motion prior to filing, it was never confirmed in writing prior to filing and the ground that counsel was "preparing for trial and attending trial" was inserted in the Motion, which was never represented to the undersigned when the _secretary_ called to confer with counsel.  This was clearly improper for a number of reasons.[2]  Because the undersigned was out of town for the weekend, the undersigned had no time to file a Response prior to the Court entering an Order granting the extension of time that was improperly requested from the Court in violation of Rule 7.1.

Since one Defendant had obtained a thirty (30) day extension of time to respond to the Complaint, the Plaintiffs' counsel has since agreed to the same period of time for all of the other Defendants who have appeared notwithstanding Petco's improper manner of obtaining it.  Now the Defendants are requesting _forty_ (40) days to confer about a scheduling order, allegedly so that they can confer with their clients and co-counsel and to delay entering into a scheduling order until after answers or motions to dismiss are filed.  Except for Defendant Mars, Inc., no other defendant has even attempted to confer about any aspect of the proposed Joint Scheduling Report that has already been provided to the Defendants.[3]  Moreover, the Plaintiffs counsel and counsel for Mars were able to come to an agreement about every aspect of the Proposed Joint Scheduling Report and Order and will be able to timely file same in compliance with the Court's Order.  However, instead of attempting to discuss any aspect of the Joint Scheduling Order or attempting to compromise about the length of time requested, contrary to the Order and Rule 7.1, the Defendants have simply sought relief from the Court to obtain a _forty_ (40) day enlargement of time that will effectively bring this litigation to a complete halt and be tantamount to a stay of

---

[2] The duty to confer is on the attorney filing the motion and not his or her secretary.  Moreover, if this practice prevails, and counsel never speak, very few issues will be resolved prior to resorting to the Court.
[3] The proposed Joint Scheduling Report was provided to all of the Defendants' counsel who have appeared on Tuesday evening, June 5, 2007.  It was drafted by the Plaintiffs' counsel after Del Monte's counsel requested it.

4

the proceeding. The Plaintiffs are opposed to such an unnecessary *lengthy* delay, the basis for which the Plaintiffs have failed to substantiate, particularly where the Plaintiffs and Mars were able to conclude the preparation of same timely and without much ado.

In response to e-mails sent by the Defendants regarding their request for an enlargement until July 10, 2007 (now for the first time in the Motion, <u>July 16</u>, 2007), wherein the Defendants stated as a ground that not all Defendants had appeared, the undersigned advised those who inquired that all but two Defendants had appeared.[4] The Plaintiffs suggested that all Defendants who had appeared comply with the Court's Order by timely submitting a Joint Scheduling Report and Proposed Order with a notation as to the two Defendants who had not yet appeared. The Court could then either enter an Order as to all Defendants who have appeared, or enter an Order after the two remaining Defendants appear and the Joint scheduling Report is supplemented with their comments, if any.

I.     **The Defendants' Motion is Facially Deficient since all but Nestlé's Counsel Failed to Confer with the Plaintiffs' Counsel in Compliance with Local Rule 7.1**

None of the Defendants except Nestlé made a bona fide attempt to confer with the Plaintiffs' counsel regarding this request for an extension of time before it was filed nor did <u>*any*</u> defense counsel except Nestlé's explain all of the bases set forth in the motion. At no time did any defense counsel state that they were seeking an extension of time until <u>July 16, 2007</u>. This in no way complied with the Local Rule 7.1 duty to confer to make a <u>good faith</u> effort to resolve the issue prior to filing a motion. Moreover, the Plaintiff's counsel specifically requested both Nutro's and Pet Supermarket's counsel to provide a copy of the Motion prior to filing to ensure that the Plaintiff's position was accurately reflected in the 7.1 certificate, but these separate requests were completely ignored without explanation. Given the prior misrepresentation in

---

[4]Significantly, one of the Defendants who claims not to have been served, the Menu Foods Defendants, had a lawyer from Adorno and Yost contact the undersigned around May 14-15, who had already reviewed the Complaint.

Petco's motion for enlargement of time when counsel had his <u>secretary</u> confer rather than contacting the undersigned, failed to apprise the undersigned of all of the gourds for the motion and then failed to represent the facts accurately in the motion, this was a reasonable request and the undersigned explained same to Nutro's local counsel. The Defendants' Motion should thus be denied for failure to comply with the Local Rules.

**A.     The Menu Foods Defendants have not signed the Motion although it purports to seek an Extension the Menu Foods Defendants Behalf**

The Motion specifically states that it is "submitted by and on behalf of…MENU FOODS, INC./MENU FOODS INCOME FUND…" [DE 45 at pp. 1-2]. However, no attorney has signed the motion on behalf of the Menu Foods Defendants. The motion is thus facially deficient as to the Menu Foods Defendants. Moreover, contrary to the representations made in the Motion, Menu Foods has been served [DE 54, 55] and Bob McIntosh, an attorney from Adorno & Yoss, contacted the undersigned about the Complaint just days after it was filed and advised that he represented Menu Foods. Menu has thus been aware of the case for nearly a month.

**B.     Del Monte failed to comply with local Rule 7.1 prior to filing the Motion**

Counsel for Del Monte initially requested a thirty (30) day extension of time based upon: (1) Del Monte was recently served; (2) there were other defendants yet to be served; and (3) the draft report had not yet been circulated. Despite the fact that the undersigned repeatedly requested why it would take thirty (30) days to complete the Joint Scheduling Report since all defendants have been served, Del Monte's counsel simply stated that the reasons for the Motion had already been stated. Such a response hardly complies with the duty to confer in <u>good faith</u> to come to an agreement prior to filing a motion with the Court as contemplated by Rule 7.1, particularly where other grounds in the motion are alleged that were never discussed.

6

**C.**    **Pet Supermarket, Inc.** _again_  **failed  to adequately confer prior to filing the Motion as required by Rule 7.1**

After having filed a facially deficient motion for enlargement without a Rule 7.1 certificate, which was immediately denied without prejudice [DE 34], counsel for Pet Supermarket, Inc., simply forwarded an e-mail to the undersigned asking if the Plaintiffs would oppose an extension based upon the grounds in the facially insufficient, already denied motion when no time period was specified therein. Undersigned counsel had provided a draft of the Joint Scheduling Report and proposed Order regarding same, but instead of commenting on same or giving any reason for the extension, except for her recent retention as counsel, Pet Supermarket's counsel simply subsequently stated in an e-mail "In lieu of curing/refiling our motion for enlargement, we will be joining Del Monte's joint motion for enlargement."  At the time, the undersigned had no idea Del Monte planned to file a Motion.  Such a communication hardly complies with Pet Supermarket Inc.'s good faith duty to confer in a bona fide attempt to resolve issues under Rule 7.1.

**D.**    **Petsmart Inc.  failed to adequately confer prior to filing the Motion as required by Rule 7.1**

The Motion concedes on its face that Defendant Petsmart, Inc. failed to confer with the Plaintiff's counsel prior to filing the motion.  The undersigned never spoke to or received any correspondence from Susan Mortensen, counsel for Petsmart, Inc., despite the fact that Ms. Mortensen contacted the undersigned about an enlargement of time to respond to the Complaint. This clearly fails to comply with Local Rule 7.1.

**E.**    **Nutro Products, Inc.  failed to adequately confer prior to filing the Motion as required by Rule 7.1**

As for Defendant Nutro Products, Inc., Nutro's counsel called and requested an extension of time because the proposed Joint Scheduling Report was left "blank." Since it is the Proposed

Scheduling Order and not the Scheduling Report that is blank (intentionally for the Court's convenience), and because these documents were sent to all Defendants for discussion purposes, the undersigned inquired as to whether he had read it and was advised that Nutro's local counsel had not despite the fact that Los Angeles co-counsel had been provided a copy.   After immediately forwarding the proposed Scheduling Report and Order to Nutro's counsel, the undersigned heard nothing further until the Motion was served.

**F.      Colgate Palmolive failed to adequately confer prior to filing the Motion as required by Rule 7.1**

Counsel for Colgate Palmolive likewise contacted the undersigned about a lengthy extension until July 10, 2007 (which, after filing the motion has been expanded to July 16) allegedly because multiple Defendants had not yet been served.   Despite the fact that the undersigned advised Colagte's counsel that _all_ Defendants have been served, Colgate Palmolive joined in this Motion without any explanation as to why so much time is needed to file corporate disclosures and a scheduling plan.

**G.      Nestlé's counsel conferred pursuant to Local Rule 7.1 and was the only defense counsel who provided all of the bases for the motion prior to filing**

Nestlé USA, Inc.'s Denver co-counsel was the only defense counsel who actually called the undersigned in a bona fide attempt to discuss the matter and the only defense counsel who explained the bases for the motion prior to the time that it was filed in compliance with Rule 7.1. During that discussion, as is usually the case, several issues were resolved without the necessity of court intervention. Notwithstanding, there was still no attempt whatsoever to discuss a single item in the proposed Scheduling Report prior to requesting a _forty_ (40) day delay.

**II.     The recent retention of the law firms and need to confer with Defendants is hardly a basis for such an extensive delay in complying with the Court's Order**

8

While some counsel may have been retained recently, the task of discussing proposed deadlines for the litigation is not a difficult one and is usually resolved in an hour after a draft is circulated.  There is no valid reason to delay submitting the Joint Scheduling Report for such an extensive period of time.  Moreover, the Defendants had time to confer about the enlargement, but apparently no time to spend an hour discussing and attempting to comply with the Court's order. If any of the Defendants, except Mars, had even attempted to try to come to any agreement about the Joint Scheduling Report or had given a bona fide reason why they could not, other than they want to work on it after their motions to dismiss are filed, the Plaintiffs counsel would have considered agreeing to a shorter period of time, i.e., one to two days, to finalize it.    The Plaintiffs simply cannot continue to agree to thirty (30) and forty (40) day extensions as a matter of course, particularly for a rather ministerial act of preparing a Joint Scheduling Report and proposed order regarding same.

WHEREFORE, Plaintiffs, Renee Blaszkowski, Amy Hollub, and Patricia Davis, individually and on behalf of the putative class respectfully request this Court to *deny* the Defendants' Motion for failure to comply with Rule 7.1, except as to Nestlé, and to otherwise deny the Motion because the Defendants failed to show good cause for such an extended period of time and for all other relief that this Court deems just and proper.

Dated this 7 day of June, 2007.

/s/Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
JEFFREY B. MALTZMAN (FBN 0048860)
jmaltzman@mflegal.com
JEFFREY E. FOREMAN (FBN 0240310)
jforeman@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300

9

Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the

Court via CM/ECF on this 7 day of June 2007. We also certify that the foregoing was served on

all counsel or parties of record on the attached Service List either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronic Notices of Filing.

/s/Catherine J. MacIvor_____
Catherine J MacIvor

11

<u>**SERVICE LIST**</u>

**CASE NO. 07-21221 ALTONAGA/Turnoff**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
Attorneys for Plaintiffs

PROCTER AND GAMBLE CO.
Steven W. Jemison, Corporate Secretary
The Proctor & Gamble Company
One Procter & Gamble Plaza
C-2
Cincinnati, OH 45202
Defendant

**SHERRIL M. COLOMBO**
scolombo@cozen.com
Cozen O'Connor
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-2303
Tel: 305.704.5945 / Fax: 305.704.5955
Attorneys for Defendant Del Monte Foods, Co.

**CHARLES ABBOTT**
cabbott@gibsondunn.com
333 S. Grand Avenue
Suite 4600
Los Angeles, CA 90071
Tel: 213.229.7887 / Fax: 213.229.6887
Attorneys for Defendant Nutro Products Inc.

MENU FOODS INCOME FUND
Mark Wiens, CFO, VP
Menu Foods Income Fund
8 Falconer Drive

**PHILIP A. SECHLER**
psechler@wc.com
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
Tel: 202.434.5459 / Fax: 202.434.5029
Attorneys for Defendant Mars, Inc.

**JOHN J. KUSTER**
jkuster@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: 212.839.7336 / Fax: 212.839.5599
Attorneys for Defendant Colgate Palmolive Company

**ROBERT TROYER**
rctroyer@hhlaw.com
Hogan & Hartson LLP
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel: 303-899-7300 / Fax: 303-899-7333
Attorneys for Nestle U.S.A., Inc.

MENU FOODS, INC.
Chief Financial Officer
Menu Foods, Inc.
9130 Griffith Morgan, Ln,
Pennsauken, NJ 08110-3211
 Defendant

**HUGH J. TURNER JR.**
Hugh.turner@akerman.com
Akerman Senterfitt
Las Olas Centre II, Suite 1600

12

Streetsville, ON                    350 East Las Olas Blvd.
Canada L5N1B1                       Ft. Lauderdale, Florida 33301-2229
Defendant                           Tel: 954.463.2700 / Fax: 954.463.2224
                                    Attorneys for Defendant Publix Super
                                    Markets, Inc.

13

**VERIFICATION**

I hereby state that grounds asserted in the foregoing Verified Motion for Continuance are

true and correct to the best of my personal knowledge.

/s/Catherine J. MacIvor
Catherine J. MacIvor

STATE OF FLORIDA              )
                              ) SS
COUNTY OF MIAMI-DADE          )

BEFORE ME, this day personally appeared Catherine J. MacIvor, who is personally known to me, and being first duly sworn, deposes and says that she executed the foregoing Joint Verified Motion for Continuance and that she executed same freely and voluntarily as her act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and seal at Miami-Dade County, Florida, this 7 day of June, 2007.

_____
NOTARY PUBLIC, State of Florida

My commission expires:

14