UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO: 08-20814-CIV- COOKE/ McALILEY

ARI PIESTUN, as Personal Representative
of the Estate of JACQUELINE CARDOZO DIAS,
deceased,

      Plaintiff,

vs.

TAM LINHAS AEREAS, a foreign
corporation; AIRBUS S.A.S., a foreign
corporation; AIRBUS INDUSTRIE, G.I.E.,
a foreign corporation; AIRBUS NORTH
AMERICAN CUSTOMER SERVICES, INC.,
a foreign corporation; GOODRICH CORP., a
foreign corporation; INTERNATIONAL AERO
ENGINES AG, a foreign corporation;
and PEGASUS AVIATION IV, INC., a
foreign corporation,

      Defendants.
_____/

### DEFENDANT IAE INTERNATIONAL AERO ENGINES AG'S
### AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIM

Defendant, IAE International Aero Engines AG, mistakenly referred to in the Complaint as International Aero Engines AG (hereinafter "IAE"), by and through undersigned counsel, files this Amended Answer, Affirmative Defenses and Crossclaim to the Complaint of Plaintiff Ari Piestun, as Personal Representative of the Estate of Jacqueline Cardozo Dias (hereinafter "Plaintiff").

1.    IAE is without knowledge and denies the allegations in Paragraph 1 of the Complaint.

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

MIAMI\44307\1  212567.000

Dockets.Justia.com

**CASE NO: 08-20814-CIV- COOKE/ McALILEY**

## PARTIES

2. IAE is without knowledge and denies the allegations in Paragraph 2 of the Complaint.

3. IAE is without knowledge and denies the allegations in Paragraph 3 of the Complaint.

4. IAE is without knowledge and denies the allegations in Paragraph 4, including subparts (a)-(g) of the Complaint.

5. IAE is without knowledge and denies the allegations in Paragraph 5 of the Complaint.

6. IAE is without knowledge and denies the allegations in Paragraph 6 of the Complaint.

7. IAE is without knowledge and denies the allegations in Paragraph 7 of the Complaint.

8. IAE is without knowledge and denies the allegations in Paragraph 8 of the Complaint.

9. IAE is without knowledge and denies the allegations in Paragraph 9 of the Complaint.

10. IAE is without knowledge and denies the allegations in Paragraph 10 of the Complaint.

11. IAE is without knowledge and denies the allegations in Paragraph 11 of the Complaint.

12. IAE is without knowledge and denies the allegations in Paragraph 12 of the Complaint.

13.     IAE admits that it is headquartered in East Hartford, Connecticut and registered in Switzerland.  IAE denies the second sentence of Paragraph 13.  IAE admits that it has engaged in business activities in Florida, but denies the remaining allegations in Paragraph 13.

14.     IAE is without knowledge and denies the allegations in Paragraph 14 of the Complaint.

## JURISDICTION AND VENUE

15.     IAE is without knowledge and denies the allegations in Paragraph 15 of the Complaint.

16.     IAE is without knowledge and denies the allegations in Paragraph 16 of the Complaint.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

17.     IAE is without knowledge and denies the allegations in Paragraph 17 of the Complaint.

18.     IAE is without knowledge and denies the allegations in Paragraph 18 of the Complaint.

19.     IAE is without knowledge and denies the allegations in Paragraph 19 of the Complaint.

20.     IAE is without knowledge and denies the allegations in Paragraph 20 of the Complaint.

21.     IAE is without knowledge and denies the allegations in Paragraph 21 of the Complaint.

22.     IAE is without knowledge and denies the allegations in Paragraph 22 of the Complaint.

23. IAE is without knowledge and denies the allegations in Paragraph 23 of the Complaint.

24. IAE admits that, it designed, manufactured, and initially tested and inspected the V2527-A5 jet engines in question (manufacturer serial number V10442 and V10458). IAE admits that it sold nacelles, which included the thrust reversers, along with jet engines V10442 and V10458 to Airbus, and placed the jet engines in the stream of commerce. The remaining allegations in Paragraph 24 are denied.

25. IAE is without knowledge and denies the allegations in Paragraph 25 of the Complaint.

26. Upon information and belief, an aircraft powered by IAE jet engines V10442 and V10458 crashed on July 17, 2007 in Sao Paulo, Brazil. IAE is without knowledge and denies the remaining allegations in Paragraph 26 of the Complaint.

27. IAE is without knowledge and denies the allegations in Paragraph 27 of the Complaint.

28. IAE is without knowledge and denies the allegations in Paragraph 28 of the Complaint.

### COUNT I
### NEGLIGENCE AND VICARIOUS LIABILITY
### AGAINST TAM LINHAS AEREAS

The allegations contained in Count 1, including, but not limited to Paragraphs 29 through 40, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT II
### NEGLIGENCE AGAINST AIRBUS

The allegations contained in Count 2, including, but not limited to Paragraphs 41 through 46, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT III
### STRICT PRODUCTS LIABILITY AGAINST AIRBUS

The allegations contained in Count 3, including, but not limited to Paragraphs 47 through 51 including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT IV
### NEGLIGENCE AGAINST AIRBUS NORTH AMERICA

The allegations contained in Count 4, including, but not limited to Paragraphs 52 through 58, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT V
### NEGLIGENCE AGAINST GOODRICH

The allegations contained in Count 5, including, but not limited to Paragraphs 59 through 64, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT VI
### STRICT PRODUCT LIABILITY AGAINST GOODRICH

The allegations contained in Count 6, including, but not limited to Paragraphs 65 through 69, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

### COUNT VII
### NEGLIGENCE AGAINST INTERNATIONAL AERO ENGINES

70. IAE denies the allegations in Paragraph 70 of the Complaint.

71. IAE denies the allegations in Paragraph 71 of the Complaint, including subparts (a) - (d).

72. IAE denies the allegations in Paragraph 72 of the Complaint.

73. IAE denies the allegations in Paragraph 73 of the Complaint.

74. IAE denies the allegations in Paragraph 74 of the Complaint.

75. IAE denies the allegations in Paragraph 75 of the Complaint, including subparts (a) – (h).

WHEREFORE, IAE denies that Plaintiff is entitled to a judgment in any amount, whatsoever, to interest, or to costs.  IAE demands costs of suit.

## COUNT VIII
## STRICT PRODUCTS LIABILITY
## AGAINST INTERNATIONAL AERO ENGINES

76. IAE denies the allegations in Paragraph 76 of the Complaint.

77. IAE denies the allegations in Paragraph 77 of the Complaint.

78. IAE denies the allegations in Paragraph 78 of the Complaint.

79. IAE denies the allegations in Paragraph 79 of the Complaint.

80. IAE denies the allegations in Paragraph 80 of the Complaint, including subparts (a) – (h).

WHEREFORE, IAE denies that Plaintiff is entitled to a judgment in any amount, whatsoever, to interest, or to costs.  IAE demands costs of suit.

## COUNT IX
## NEGLIGENCE AGAINST PEGASUS

The allegations contained in Count 9, including, but not limited to Paragraphs 81 through 86, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

## COUNT X
## STRICT PRODUCTS LIABILITY AGAINST PEGASUS

The allegations contained in Count 10, including, but not limited to Paragraphs 87 through 91, including all subparts, of the Complaint are not directed toward IAE and are therefore denied. If any allegations can be construed against IAE, the same are hereby denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiff's damages, if any, were legally and proximately caused by the negligence and/or fault of persons, firms, corporations, entities or parties other than IAE, over whom IAE had no control, and for whose acts and omissions IAE is not legally responsible. Such acts or omissions supersede the acts or omissions of IAE, if any. Accordingly, Plaintiff's causes of action against IAE are barred or must be reduced by the percentage of fault attributed to other persons, firms, corporations, entities or parties.

2.  The conduct or fault, if any, of IAE was not a substantial factor in bringing about the Plaintiff's alleged damages, and, therefore, was not a contributing cause of any injuries and damages suffered by Plaintiff.

3.  All products planned, engineered, designed, manufactured, assembled, tested, inspected or sold by IAE fully complied with all applicable government rules, laws and regulations at the time those products left IAE's hands. As such, IAE is entitled to a rebuttable presumption of non-liability pursuant to Florida Statute Section 768.1256.

4. All products planned, engineered, designed, manufactured, assembled, tested, inspected or sold by IAE fully complied with the state-of-the-art at the time the products left IAE's hands. IAE is entitled to the benefits of the defense provided in Section 768.1257 of the Florida Statutes.

5. All products planned, engineered, designed, manufactured, assembled, tested, inspected or sold by IAE fully complied with all applicable industrial standards at the time the products left IAE's hands.

6. The product(s) described in the Complaint alleged to have been designed and manufactured by IAE, were subject to abnormal use, misuse, mis-operation, poor maintenance and/or improper servicing, which was not reasonably foreseeable by IAE. If the product(s) had not been subjected to use in such an improper and unintended manner, the incident referred to in the Complaint would have been avoided. The incident referred to in the Complaint was proximately and solely caused by this unforeseeable abnormal use, misuse, mis-operation, misapplication, poor maintenance and improper servicing.

7. The product(s) described in the Complaint alleged to have been designed and manufactured by IAE, were subjected to substantial changes in its character, and any alleged defects in said product(s), the fact of which is denied by IAE, resulted solely from the re-design or modification or alteration or treatment or other change to the product(s), after it left the control of IAE, and not from any act or omission of IAE or its suppliers and said substantial change in the character of the product(s) was the sole and proximate cause of Plaintiff's damages, if any, as alleged in the Complaint.

8. At the time and place mentioned in the Complaint, the deceased had full and actual knowledge of the conditions and dangers existing, and the deceased, acting under no

duress or coercion, knowingly and voluntarily exposed himself to the alleged dangers and voluntarily assumed the risk of any damages or injuries resulting therefrom. Accordingly, Plaintiff's recovery is barred.

9. Plaintiff's causes of action are barred by the applicable statute of limitations.

10. The product(s) described in the Complaint alleged to have been designed and manufactured by IAE, were intended for, and sold to, a knowledgeable and sophisticated user over whom IAE had no control and who was fully informed as to the risks and dangers, if any, associated with the product(s) and precautions, if any, required to avoid such risks and dangers. Accordingly, IAE had no duty to warn such knowledgeable and sophisticated users of the risks and dangers, if any, associated with said product(s). Plaintiff's damages, if any, were proximately caused by the failure of the knowledgeable and sophisticated user to use the product(s) for the purpose for which, and in the manner which, it was intended to be used.

11. At the time the product(s) described in the Complaint alleged to have been designed and manufactured by IAE left IAE's control, it was not dangerous or defective and it was of merchantable quality and reasonably fit and safe for its intended purpose.

12. IAE alleges that it provided warnings of the alleged hazards of the product(s) at issue to other person or persons, or that person or persons already had knowledge of such warnings or hazards, and that IAE could reasonably rely upon such person or persons to communicate the warnings or alleged hazards to the ultimate users of the product(s), thereby barring Plaintiff's recovery against IAE. Therefore, IAE pleads the doctrine of Learned Intermediary as an affirmative defense.

13. Any design or warning defects in the product(s) described the Complaint are due to the plans or specifications or directions provided by an entity or entities other than IAE; said

plans, specifications or directions were not so obviously defective and dangerous that no reasonable person would follow them; said plans, specifications and/or directions were the sole and proximate cause of damage, if any, to Plaintiff, as alleged in the Complaint.

14. All of the Plaintiff's claims are barred because the Plaintiff's claims were completely the result of intervening, superseding and/or unforeseeable causes for which IAE had no duty to protect Plaintiff and/or decedent.

15. IAE is entitled to all rights and privileges under Florida Statute Section 768.76, including, but not limited to, the reduction of any amount awarded to the Plaintiff by the total of all amounts which have been paid for the benefit of Plaintiff, the Estate, and/or survivors, or which are otherwise available to the Plaintiff, the Estate and/or survivors by or from any collateral source.

16. If IAE is found liable to Plaintiff, which liability IAE expressly denies, then IAE is entitled to a set-off for all settlement/benefits received by the Plaintiff, the Estate, and/or survivors.

17. Plaintiff is not entitled to damages in the form of pain and suffering of Jacqueline Cardozo Dias prior to his/her death, and/or prejudgment interest.

18. All of the causes of action in the Complaint are barred under the doctrine of Federal Preemption, in that the laws of the United States of America, including, but not limited to, the Federal Aviation Act, the Federal Aviation Regulations, rules and regulations of the Federal Aviation Administration and its predecessors, the Civil Air Regulations, as well as other federal statutes, rules, laws, have shown intent by the Federal Government to completely and exclusively occupy the field of the operation of civilian aviation.

19. IAE's liability, if any, is limited by the terms and provisions of the "Tort Reform" Act of 1999, Section 99-225, Laws of Florida.

20. Some or all of the product complained of and/or documents relating to it in the possession of other parties are unavailable for inspection rendering it impossible for IAE to prepare a defense.

21. Plaintiff has failed to join necessary or indispensable parties.

22. Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Florida, the laws of other states, or foreign countries, including Brazil.

23. Plaintiff's claims must be dismissed because Florida is not the appropriate forum for this case and other more appropriate and adequate fora exist.

24. Based upon additional investigation, further Affirmative Defenses may become apparent and IAE reserves its right to amend this Answer and Affirmative Defenses as appropriate.

For the foregoing reasons, IAE prays for judgment as follows:

1. That Plaintiff takes nothing by reason of his/her Complaint;

2. That IAE be dismissed and awarded its costs incurred herein;

3. That in the event the Plaintiff shall have judgment in his favor, any liability attributed to IAE be limited in direct proportion to that percent of fault actually attributed to IAE; and

4. For such other relief as the Court may deem just and proper.

**CASE NO: 08-20814-CIV- COOKE/ McALILEY**

## DEMAND FOR TRIAL BY JURY

Defendant IAE demands trial by jury on all issues for which a jury trial is available under the law.

## IAE INTERNATIONAL AERO ENGINES AG'S CROSS-CLAIM

Pursuant to Federal Rule of Civil Procedure 13(g) and this Court's July 18, 2008 Order Setting Civil Jury Trial Date and Pretrial Deadlines, Defendant and Cross-Plaintiff IAE International Aero Engines AG ("IAE") files this Cross-Claim against Defendant and Cross-Defendant TAM Linhas Aéreas S.A. IAE brings this Cross-Claim in accordance with the Court's July 18, 2008 Order and does not, by filing this Cross-Claim, concede or agree that this is a convenient or appropriate forum for resolving these or any other claims arising from the facts set forth below. Subject to and without waiving its rights, privileges, and defenses, including but not limited to forum non conveniens, IAE would show as follows:

## JURISDICTION AND VENUE

1. At all times material hereto, IAE was and is headquartered in East Hartford, Connecticut and organized and existing under the laws of Switzerland.

2. Cross-Defendant TAM Linhas Aéreas S.A. ("TAM") is a foreign corporation organized and existing under the laws of Brazil. TAM has generally appeared in this action and is subject to the jurisdiction of this Court.

3. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over the initial complaint pursuant to 28 U.S.C. § 1369.

4. This Court has venue over this action pursuant to Fla. Stat. § 47.051 because TAM has agents and other representatives in Miami-Dade County, Florida.

CASE NO: 08-20814-CIV- COOKE/ McALILEY

## GENERAL ALLEGATIONS

5. On 17 July 2007, TAM operated as a common carrier.

6. On 17 July 2007, aircraft registration No. PR-MBK (the "Aircraft") was operated by TAM as Flight JJ 3054 (the "Flight"), which was scheduled from Porto Alegre, Brazil, to São Paulo, Brazil.

7. At all times material to this litigation, TAM leased, operated, and controlled the Aircraft and was solely responsible for operating, maintaining, inspecting, and servicing the Aircraft and all component parts.

8. At all times material to this litigation, TAM was solely responsible for hiring, training, supervising, and controlling its employees, agents, contractors, and other representatives responsible for the safe conduct of flight operations, including TAM flight, cabin, and maintenance crews, including the pilots in command of the Aircraft on 17 July 2007.

9. Prior to takeoff from Porto Alegre, TAM had known that one of the thrust reversers on the Aircraft needed maintenance and was inoperative. In accordance with the relevant Master Minimum Equipment List, TAM elected to pin and lock out the inoperative thrust reverser and operate the Aircraft with only one operative thrust reverser. The TAM flight crew acknowledged this status during the arrival and landing phases of the Flight.

10. Shortly before the Flight touched down on Runway 35L at Congonhas Airport, the flight crew properly positioned the No. 1 (left) engine thrust lever in the "IDLE" detent position. The flight crew did not position the No. 2 (right) engine thrust lever in the "IDLE" detent, however, but left it in the "CLIMB" detent. Because the flight crew kept the No. 2 thrust lever in the "CLIMB" detent even after touchdown, the Aircraft's ground spoilers and autobrakes did not deploy. As a result, an asymmetric thrust condition was created and the Aircraft could

not decelerate at the desired rate. The resulting asymmetric power thrust caused the Aircraft to leave the runway and crash through a fence before striking a four-story warehouse and combusting (the "Accident").

11. As a result of the Accident, more than sixty nine wrongful death lawsuits have been brought in this Court against IAE and others.

12. At all times, the Aircraft and its engines responded as commanded by the TAM pilots and in accordance with their design.

13. The flight crew's failure to reduce both of the Aircraft's thrust levers to the "IDLE" setting or below at landing contravened TAM's own Master Minimum Equipment List flight procedures and the Flight Crew Operating Manual procedures.

14. TAM is a learned-, responsible-, sophisticated-, and/or informed-intermediary, as those doctrines are construed under the applicable law.

## FIRST CAUSE OF ACTION FOR APPORTIONMENT OF FAULT

15. IAE incorporates by reference every allegation contained in paragraphs 1-14, as if fully set forth here.

16. Plaintiffs assert in the underlying actions that IAE is liable for their alleged damages as a result of IAE's alleged failure to properly design and manufacture the engines on the Aircraft.

17. TAM contributed to and/or caused the losses for which Plaintiffs seek damages by, amongst other things:

    (a) Failing to properly hire, train, supervise, and control its employees, agents, contractors, and representatives responsible for the safe conduct of flight operations, including pilots, mechanics, contractors, flight crew, third-party service personnel, flight dispatchers, and others whose careful attention is required to insure safety of flight operations;

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955
14

MIAMI\44307\1  212567.000

    (b)    Failing to properly train its flight crews and pilots;

    (c)    Failure of TAM's flight crew and/or pilots to properly configure the thrust levers for landing during the Flight; and

    (d)    Failure of TAM's flight crew and/or pilots to comply with the TAM Master Minimum Equipment List flight procedures and/or the basic Flight Crew Operating Manual procedures during the Flight.

18. The actions/omissions of TAM were the proximate cause of the Accident.

19. If IAE is adjudged liable to Plaintiffs for any of the alleged injuries or damages resulting from the Accident, which liability is expressly denied, under the applicable law, TAM should be required to pay that share of Plaintiffs' judgment that is in proportion to the comparative fault/causation of TAM in causing the Accident and Plaintiffs' injuries and damages, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

### SECOND CAUSE OF ACTION FOR CONTRIBUTION

20. IAE incorporates by reference every allegation contained in paragraphs 1-14, as if fully set forth here.

21. Plaintiffs assert in the underlying actions that IAE is liable for their alleged damages as a result of IAE's alleged failure to properly design and manufacture the engines on the Aircraft.

22. TAM contributed to and/or caused the losses for which Plaintiffs seek damages by, amongst other things:

    (a)    Failing to properly hire, train, supervise, and control its employees, agents, contractors, and representatives responsible for the safe conduct of flight operations, including pilots, mechanics, contractors, flight crew, third-party service personnel, flight dispatchers, and others whose careful attention is required to insure safety of flight operations;

    (b)    Failing to properly train its flight crews and pilots;

COZEN O'CONNOR
200 South Biscayne Boulevard, Suite 4410, Miami, Florida 33131 – Telephone 305-704-5940 – Facsimile 305-704-5955

15

MIAMI\44307\1  212567.000

      (c)      Failure of TAM's flight crew and/or pilots to properly configure the thrust levers for landing during the Flight; and

      (d)      Failure of TAM's flight crew and/or pilots to comply with the TAM Master Minimum Equipment List flight procedures and/or the basic Flight Crew Operating Manual procedures during the Flight.

23.    The actions/omissions of TAM were the proximate cause of the Accident.

24.    If IAE is adjudged liable to Plaintiffs for any of the alleged injuries or damages resulting from the Accident, which liability is expressly denied, under the applicable law, IAE is entitled to contribution from TAM for the share of liability, if any, that the finder of fact apportions against TAM, and for any amounts paid by or on behalf of IAE in settlement, judgment, or compromise of Plaintiffs' actions and its fees and expenses incurred in these actions, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION FOR INDEMNITY

25.    IAE incorporates by reference every allegation contained in paragraphs 1-14 as if fully set forth here.

26.    Plaintiffs assert in the underlying actions that IAE is liable for their alleged damages as a result of IAE's alleged failure to properly design and manufacture the engines on the Aircraft.

27.    TAM contributed to and/or caused the losses for which Plaintiffs seek damages by, amongst other things:

      (a)      Failing to properly hire, train, supervise, and control its employees, agents, contractors, and representatives responsible for the safe conduct of flight operations, including pilots, mechanics, contractors, flight crew, third-party service personnel, flight dispatchers, and others whose careful attention is required to insure safety of flight operations;

    (b)    Failing to properly train its flight crews and pilots;

    (c)    Failure of TAM's flight crew and/or pilots to properly configure the thrust levers for landing during the Flight; and

    (d)    Failure of TAM's flight crew and/or pilots to comply with the TAM Master Minimum Equipment List flight procedures and/or the basic Flight Crew Operating Manual procedures during the Flight.

28. The actions/omissions of TAM were the proximate cause of the Accident.

29. As a result of TAM's acts, omissions, and improper operation of the Aircraft, Plaintiffs filed suit against IAE. IAE would show that nothing it did or failed to do caused the Accident or any harm or injury to the Plaintiffs, and as a result, IAE is entitled, under the applicable law, to indemnity from TAM for the share of liability, if any, that the finder of fact apportions against IAE, which liability is expressly denied, and for any amounts paid by or on behalf of IAE in settlement, judgment, or compromise of Plaintiffs' actions, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

## FOURTH CAUSE OF ACTION FOR REIMBURSEMENT

30. IAE incorporates the allegations contained in paragraphs 1-14 as if fully set forth here.

31. As a result of TAM's negligent acts or omissions, which were the proximate cause of the Accident, IAE has incurred or is likely to incur expenses related to Plaintiffs' damages claims, including but not limited to attorneys' fees and expenses. As a result, pursuant to the applicable law, IAE is entitled to reimbursement from TAM for all amounts actually expended in connection with Plaintiffs' damages claims, whether in defense, settlement, judgment, or compromise of such claims, together with attorneys' fees, costs, interest, and such other relief as the Court deems appropriate.

**CASE NO: 08-20814-CIV- COOKE/ McALILEY**

**NOTICE OF THE APPLICABILITY OF THE LAW OF ANOTHER JURISDICTION**

Pursuant to Federal Rule of Civil Procedure 44.1, IAE hereby gives notice that it may raise issues concerning the applicability of the law of another jurisdiction, and hereby reserves the right to assert and plead such other claims and defenses available to it arising out of the application of the substantive laws of another jurisdiction.

WHEREFORE, IAE International Aero Engines AG respectfully requests as follows:

(1) Plaintiffs take nothing by reason of their actions, but to the extent the fact-finder awards damages, IAE prays that any such award against IAE be reduced by that proportion of responsibility adjudged against TAM;

(2) IAE be awarded, as contribution, all amounts it pays or are paid on its behalf in settlement, judgment, or compromise of Plaintiffs' actions;

(3) IAE be awarded indemnity for any and all liability in connection with Plaintiffs' actions, including any amounts it pays or are paid on its behalf in settlement, judgment, or compromise of such actions;

(4) IAE be awarded reimbursement of all actual expenditures made in connection with Plaintiffs' claims, whether in defense, settlement, judgment, or compromise of such claims;

(5) IAE be awarded its costs of Court;

(6) IAE be awarded its reasonable and necessary attorneys' fees incurred in the defense and prosecution in these actions; and

(7) IAE be awarded such other and further relief as to which it may show itself entitled.

CASE NO: 08-20814-CIV- COOKE/ McALILEY

## DEMAND FOR JURY TRIAL

IAE International Aero Engines AG hereby requests a trial by jury of all issues so triable as of right by jury.

                Respectfully submitted,

By:   /s/Richard M. Dunn
Richard M. Dunn, Esquire
Fla. Bar No.:  0126953
rdunn@cozen.com
Raquel Fernandez, Esquire
Fla. Bar No.:  0055069
rfernandez@cozen.com
COZEN O'CONNOR
Wachovia Financial Center
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-2303
Telephone: (305) 704-5940
Facsimile:   (305) 704-5955
*Attorneys for Defendant IAE*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of November, 2008, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                /s/Richard M. Dunn
                Richard M. Dunn

**CASE NO: 08-20814-CIV- COOKE/ McALILEY**

**SERVICE LIST**

| | |
|---|---|
| Aaron S. Podhurst<br>amann@podhurst.com<br>Steven Craig Marks<br>laja@podhurst.com<br>Ricardo Martinez-Cid<br>rmcid@podhurst.com<br>Podhurst Orseck, P.A.<br>25 West Flagler Street, Suite 800<br>Miami, Florida 33130<br>Telephone: (305) 358-2800<br>Facsimile: (305) 358-2382<br>**Counsel for Plaintiff**<br><br>Trevor R. Jefferies<br>trjefferies@hhlaw.com<br>Bruce D. Oakley<br>bdoakley@hhlaw.com<br>Christopher Odell<br>cmodell@hhlaw.com<br>Hogan & Hartson LLP<br>Pennzoil Place<br>711 Louisiana Street<br>Houston, TX 77002<br>Telephone: (713)-632-1410<br>Facsimile: (713)-583-6297<br>Alvin F. Lindsay<br>aflindsay@hhlaw.com<br>1111 Brickell Avenue<br>Suite 1900<br>Miami, Florida 33131<br>**Counsel for Airbus North America Customer Services, Inc.** | Thomas E. Scott, Jr.<br>Thomas.scott@csklegal.com<br>William M. Gilmore<br>William.Gilmore@csklegal.com<br>Cole, Scott & Kissane, P.A.<br>Dadeland Centre II<br>9150 South Dadeland Blvd.<br>Suite 1400<br>Miami, Florida 33156<br>Telephone: (305) 350-5300<br>**Counsel for Defendant Goodrich Corporation**<br><br>Christopher E. Knight<br>cknight@fowler-white.com<br>Helaine S. Goodner<br>hgoodner@fowler-white.com<br>Fowler White Burnett P.A.<br>Espirito Santo Plaza, 14th Floor<br>1395 Brickell Avenue<br>Miami, Florida 33131-3302<br>**Counsel for Defendant TAM Linhas Aereas, S.A.**<br><br>Lyndall M. Lambert<br>lyndall.lambert@hklaw.com<br>Holland & Knight<br>701 Brickell Avenue<br>Suite 3000<br>Miami, Florida 33131<br>Telephone: (305)-789-7767<br>Facsimile: (305)-789-7799<br>**Counsel for Pegasus Aviation, Inc.** |