**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 07-21221-CIV-ALTONAGA/TURNOFF**

RENEE BLASZKOWSKI, AMY HOLLUM, PATRICIA DAVIS,
SUSAN PETERS, DEBORAH HOCK, MIKE FLOYD,
BETH WILSON, CLAIRE KOTZAMPALTIRIS,
DONNA HOPKINS-JONES, NICOLE PIAZZA,
MARIAN LUPO, JANE HERRING, JO-ANN MURPHY,
STEPHANIE STONE, PATRICIA HANRAHAN,
DEBBIE RICE, ANN QUINN, SHARON MATHIESEN,
SANDY SHORE, CAROLYN WHITE, LOU WIGGINS,
MICHELLE LUCARELLI, RAUL ISERN, DANIELE VALORAS,
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS, INC., MARS PETCARE US, INC.,
PROCTOR AND GAMBLE, CO., THE IAMS CO.,
COLGATE PALMOLIVE COMPANY,
HILL'S PET NUTRITION, a Delaware Corporation,
DEL MONTE FOODS, CO.,
NESTLE USA INC., NESTLE PURINA
PETCARE CO., NESTLE S.A., NUTRO PRODUCTS INC.,
MENU FOODS, INC., MENU FOODS INCOME FUND,
DOANE PET CARE ENTERPRISES, INC.,
PUBLIX SUPERMARKETS, INC.,
NEW ALBERTSON'S INC., ALBERTSON'S LLC,
THE KROGER CO. OF OHIO, SAFEWAY INC.,
H. E. BUTT GROCERY COMPANY,
MEIJER INC., MEIJER SUPER MARKETS, INC.,
THE STOP & SHOP SUPERMARKET COMPANY,
PETCO ANIMAL SUPPLIES STORES, INC.,
PET SUPERMARKET, INC., PET SUPPLIES "PLUS,"
PET SUPPLIES PLUS/USA INC.,
PETSMART INC., TARGET CORP.,
WAL-MART STORES, INC.,

    Defendants.
    _____/

### DEFENDANT NEW ALBERTSONS, INC. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), defendant New Albertsons, Inc. ("New Albertsons"), by and through undersigned counsel, hereby moves to dismiss the Corrected Amended Class Action Complaint (the "Complaint") on the ground that this Court lacks personal jurisdiction over New Albertsons.  Defendant New Albertsons also adopts and incorporates by reference the Omnibus Motion to Dismiss being filed on behalf of all defendants on the grounds that Plaintiffs lack standing under Article III of the Constitution, that the Complaint fails state a claim upon which relief can be granted, and that the Complaint fails to meet Rule 9(b) heightened pleading standards for causes of action sounding in fraud.

### I. FACTUAL BACKGROUND

Plaintiffs' Complaint is virtually void of allegations pertaining to New Albertsons.[1]  There is only one substantive paragraph discussing the company.  *See* Corrected Amended Class Action Complaint at ¶ 42 ("Compl. at ¶ __").  While that paragraph accurately states that New Albertsons is a Delaware corporation with its principal place of business in Boise, Idaho, it incorrectly groups New Albertsons and Albertsons LLC into one collective entity described as "Albertson's" and asserts that both companies sell pet food in their "grocery stores in Florida and other states." *Id*. at ¶¶ 1, 42.  This is incorrect.  New Albertsons and Albertsons LLC are two completely separate entities and New Albertson's does not sell pet food, or any food for that matter, in the state of Florida.  *See* Affidavit of Julie T. Backe at ¶ 4 ("Backe Aff. at ¶ __") (attached hereto as Exhibit A).

---

[1] For example, the Complaint does not even allege that any of the individual plaintiffs purchased pet food at any store owned or operated by New Albertsons.

In June, 2006, the company formerly known as Albertson's, Inc., was sold to three separate entities: Supervalu, CVS and AB Acquisition LLC. *See* Affidavit of Daniel S. Day at ¶ 1. ("Day Aff. at ¶ ___") (attached hereto as Exhibit B). Albertsons stores in Southern California, Idaho, Montana, Nevada, North Dakota, Oregon, Utah, Washington and Wyoming were acquired by Supervalu, through a wholly-owned subsidiary now called New Albertsons, Inc. *See* Backe Aff. at ¶ 3, Day Aff. at ¶ 2. Albertsons LLC, a subsidiary of AB Acquisition LLC, acquired Albertsons stores located in other parts of the county, including Florida. Day Aff. at ¶ 3. New Albertsons did qualify to do business in Florida in May of 2006, but apart from filing a statutorily required Uniform Business Report with the Florida Department of State, its only presence in the state of Florida is a registered agent. *See* Backe Aff. at ¶ 2. New Albertsons does not maintain an office or bank account in the state, nor does it have a single Florida employee. Backe Aff. at ¶ 5.

## II. **ARGUMENT**

Federal courts may exercise jurisdiction over a defendant if permitted by both (1) state law—through the state long-arm statute—and (2) the Due Process Clause of the Fourteenth Amendment. *Future Techn. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000); *Posner, et al. v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir. 1999); *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034-35 (11th Cir. 1991); *Madara v. Hall*, 916 F.2d 1510, 1517-19 (11th Cir. 1990). If Florida's statutory requirements pertaining to personal jurisdiction are met, the Court must determine if sufficient "minimum contacts" exist between a non-resident defendant and the forum to satisfy the due process clause. *Future Techn.*, 218 F.3d at 1249; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under Florida law, a plaintiff asking a court to assert jurisdiction over a non-resident defendant "must plead sufficient material facts to establish the basis for the exercise of such

jurisdiction." *Future Techn.*, 218 F.3d at 1249 (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991)).

### A. *New Albertsons Is Not Subject To Personal Jurisdiction Under The Florida Long-Arm Statute*

The Florida long-arm statute contains two provisions that confer personal jurisdiction over a non-resident defendant. Section 48.193(1), Fla. Stat., confers specific jurisdiction if a claim "arises from" a defendant's specific forum-related contacts. *See* Fla. Stat. § 48.193(1). Under Florida law, there must be some "direct affiliation," "nexus," or "substantial connection" between the cause of action and the activities alleged within the state to support specific jurisdiction. *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp.2d 1246, 1269 (S.D. Fla. 2001) (citations omitted). Section 48.193(2), Fla. Stat., authorizes Florida courts to exercise general jurisdiction if a defendant is engaged in "substantial and not isolated activity within [Florida] … whether or not the claim arises from that activity." *See* Fla. Stat. § 48.193(2). General jurisdiction arises from a non-resident defendant's contacts with the forum that are unrelated to the cause of action being litigated. *Consol. Dev. Corp. v. Sherritt Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

The only jurisdictional allegation pertaining to New Albertsons in the Complaint is a single, conclusory allegation that "Albertsons" sells pet food in their "grocery stores in Florida and other states." Compl. at ¶¶ 1, 42. The allegations stem from plaintiffs improper attempt to lump New Albertsons and Albertsons LLC into one entity. But New Albertsons and Albertsons LLC are two completely separate legal entities and New Albertsons does not conduct and has never conducted retail operations in the state of Florida. Backe Aff. at ¶ 4. Far from having "substantial and not isolated" contacts with Florida to support jurisdiction under § 48.193(2), New Albertsons has virtually no contact with Florida. New Albertsons does not sell, own or operate any Albertsons

stores in Florida, nor does it have an office in the state. *Id.* at ¶¶ 4, 5. The company does not have a bank account or any employees in Florida. *Id.* at ¶ 5.

Moreover, § 48.193(1) of the long-arm statute does not provide a basis for specific jurisdiction. Although it is difficult to discern the legal theories behind plaintiffs' asserted causes of action, the core allegations stem from pet food advertising and sales practices. Plaintiffs appear to allege that the pet food industry erroneously advertises its dog and cat food products as healthy and nutritious without fully explaining the health effects of the ingredients disclosed. Thus, for a "causal nexus" to exist between plaintiffs' claims and New Albertsons, plaintiffs must, at a bare minimum, adequately allege that New Albertsons sells or advertises pet food in Florida. *Future Tech.*, 218 F.3d at 1249 ("Plaintiff's burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of personal jurisdiction"). New Albertsons does neither. Backe Aff. at ¶ 4.

### B. New Albertsons Is Not Subject To General Personal Jurisdiction Under The Due Process Clause Of The Constitution Because It Does Not Have "Continuous and Systematic" Contact With The State Of Florida

As with § 48.193(2), general personal jurisdiction analysis under the due process clause is grounded upon the defendant's contacts with the forum unrelated to the litigation. The exercise of general jurisdiction comports with due process only if the defendant's contacts with the forum state are "continuous and systematic." *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.*, 792 F.2d 989, 992 (11th Cir. 1986). Indeed, Florida courts have interpreted § 48.193(2)'s necessity of "substantial and not isolated activity" as synonymous with constitutional due process requirements of "continuous and systematic" contact with the forum state. *Autonation, Inc. v. Whitlock*, 2767 F.

Supp.2d 1258, 1262 (S.D. Fla. 2003) ("Florida courts have found 'substantial and not isolated activity' to mean 'continuous and systematic general business contact' with Florida).

As explained *supra*, far from having "continuous and systematic" contact with Florida, New Albertsons has virtually no contact with Florida. *Cf. Parker v. Century 21 Edwards Real Estate*, 183 Fed. Appx. 869, 870-71 (11th Cir. June 8, 2006) (upholding dismissal for lack of personal jurisdiction because, *inter alia*, defendant did not have offices in Florida, did not employ anyone in Florida, did not file taxes in Florida, and did not advertise or solicit business in Florida); *Travel Opportunities of Fort Lauderdale, Inc. v. Walter Karl List Mgmnt.*, 726 So. 2d 313, 314 (Fla. 4th DCA 1999) (complaint against New York corporation dismissed because it "ha[d] no physical presence in Florida; it ha[d] no offices, post office box, telephone, employees, bank account, or property of any kind in Florida. It [did] not solicit business in Florida").

The mere presence of a registered agent in the state does not alter the equation. The Eleventh Circuit, siding with other circuits that have addressed the issue, has held the appointment of a registered agent is insufficient to confer general personal jurisdiction over a corporation. *See Consol. Dev.*, 216 F.3d at 1293, *citing Bankhead Enterprises, Inc. v. Norfolk & Western Railway Co.,* 642 F.2d 802, 805 (5th Cir., Unit B, April 15, 1981); W*enche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("To assert, as plaintiffs do, that mere service on corporate defendant automatically confers general jurisdiction displays a fundamental misconception of corporate jurisdictional principles … A registered agent, from any conceivable perspective, hardly amounts to 'the general business presence' of a corporation so as to sustain an assertion of general jurisdiction") (additional citations omitted). "The casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's

activities." *Consol. Dev.*, 216 F.3d at 1293 (upholding District Court for the Southern District of Florida's dismissal for lack of personal jurisdiction over foreign corporation where defendant had a registered agent and three contacts with the state of Florida) (citing *Int'l Shoe,* 326 U.S. at 3170); *see also Sofrar, S.A. v. Graham Engineering Corp.,* 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999) (finding no general jurisdiction under Florida's long-arm statute, even though defendants appointed an agent for service of process and were registered to do business in the state).

Here, New Albertsons is incorporated in Delaware with its principal place of business in Idaho. Backe Aff. at ¶ 1. While it qualified to do business in Florida on May 23, 2006, New Albertsons operates no Florida stores and has virtually no contacts with the state apart from having a registered agent and filing a statutorily required yearly Uniform Business Report with the Florida Department of State. Backe Aff. at ¶¶ 4, 5. This cannot be construed as consent on the part of New Albertsons to be sued by for any cause of action in Florida.

   C. *Subjecting New Albertsons To Specific Personal Jurisdiction Would Run Afoul Of The Due Process Clause Because There Is No Causal Nexus Between New Albertsons Presence In The State Of Florida And The Allegations In The Complaint*

Specific jurisdiction is constitutionally permissible if a foreign defendant possesses sufficient minimum contacts with the forum to satisfy due process requirements, and if the forum's exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 3160 (*quoting Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). It is well established that the "minimum contacts" must stem from a party's activities in the forum state that are related to the cause of action alleged in the complaint. *See Madara*, 916 F.2d at 1516 n.7; *Helicopteros Nacionales De Colombia* v. *Hall,* 466 U.S. 408 (1984) (Plaintiffs' claims must "arise out of" or have a "causal nexus" with the defendant's conduct in the forum); *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 475 (1985) (Defendant must have purposefully directed its activities toward the forum state and the plaintiff's alleged injuries must relate closely to the purposeful conduct). If the defendant's contacts with the forum state are related to the cause of action, courts must then determine whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 253 (1958). Minimum contacts analysis is grounded in fairness and is designed to assure that "the defendant's conduct and connection with the forum state [is] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King*, 471 U.S. at 474.

Here, there is no relation between New Albertsons contacts with Florida and plaintiffs' causes of actions. All of plaintiffs' claims relate to the sale and advertising of pet food products. As discussed, *supra*, New Albertsons does not conduct retail operations; much less sell pet food in Florida. New Albertsons virtually non-existent contacts with Florida are significantly more limited than in other cases where courts ruled that personal jurisdiction would be inconsistent with the due process clause. *Madara*, 916 F.2d at 1517 (eight performances, distribution of recordings and participation in partnership owning interests in Florida not sufficient); *Pace v. Platt*, No. 3:01-CV-471/LAC, 2002 WL 32098709, at *8 (N.D. Fla. Sept. 10, 2002) (conducting three interviews in Florida and attendance at a legal hearing not sufficient to establish personal jurisdiction).

Moreover, New Albertsons could not reasonably have anticipated being haled into court in Florida and exercising personal jurisdiction would be inconsistent with considerations of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. The "fair play and substantial justice" prong of personal jurisdiction analysis require consideration of several factors: (1) the degree to which the

defendant has purposefully interjected itself in the forum state; (2) the burden of requiring the non-resident defendant to appear in the forum state; (3) the forum state's interest in the litigation; (4) the plaintiff's interest in obtaining relief in the forum; and (5) the shared interest of the several states in furthering substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987); *World-Wide Volkswagen Corp.*, 444 U.S. at 292.

As previously demonstrated, New Albertsons has not interjected itself into Florida. Backe Aff. at ¶¶ 3, 4. Although the Complaint erroneously lumps two separate entities together, New Albertsons does not own or operate any Albertsons stores in Florida and it would be a significant inconvenience to require New Albertsons to defend this action in Florida as New Albertsons maintains no office in the state. Backe Aff. at ¶¶ 4, 5. Finally, to the extent that Florida or plaintiffs have any interest in this litigation, that interest is satisfied by the presence of those entities that do conduct business in Florida, and plaintiffs' desire to turn a federal legal proceeding into a nationwide forum in which to air their grievances against an entire industry, and federal regulators, does not trump a defendant's constitutional guarantee of due process.

**CONCLUSION**

For the foregoing reasons, New Albertsons respectfully requests that the Court dismiss it from this action for lack of personal jurisdiction and for the reasons stated in the Omnibus Motion to Dismiss filed on behalf of all defendants.

Date: September 20, 2007.

Respectfully submitted,

s/ Craig P. Kalil
Craig P. Kalil, Esq.
Fla. Bar. No. 607282
Joshua D. Poyer
Fla. Bar. No. 653349
Aballí, Milne, Kalil & Escagedo, P.A.
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
ckalil@aballi.com

W. Randolph Teslik,
*Pro Hac VicePending*
rteslik@akingump.com
Andrew J. Dober
*Pro Hac Vice Pending*
adober@akingump.com
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
202-887-4000
202-887-4288

Attorneys for NEW ALBERTSONS, INC. and ALBERTSONS, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction was filed with the Clerk of the Court by the CM/ECF filing system on September 20, 2007, which will send notice to all counsel or parties of record on the attached service list.

s/ Craig P. Kalil
Craig P. Kalil

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 07-21221-CIV-ALTONAGA/TURNOFF

**SERVICE LIST**

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 07-21221-CIV-ALTONAGA/TURNOFF

| | |
|---|---|
| Catherine J. MacIvor<br>E-mail:   cmacivor@mflegal.com<br>Jeffrey Eric Foreman<br>E-mail: jforeman@mflegal.com<br>Jeffrey Bradford Maltzman<br>E-mail: jmaltzman@mflegal.com<br>Darren W. Friedman<br>E-mail: dfriedman@mflegal.com<br>**MALTZMAN FOREMAN PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard,  Suite 2300<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Facsimile:  (305) 374-9077<br><br>*Attorneys for Plaintiffs* | John B.T. Murray, Jr.<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile:  (561) 655-1509<br>E-mail:   jbmurray@ssd.com<br><br>*Attorneys for Defendants PETCO Animal Supplies, Inc., PetSmart, Inc. and Wal-Mart Stores, Inc.* |
| Rolando Andres Diaz<br>E-Mail:   rd@kubickdraper.com<br>Cassidy Yen Dang<br>E-mail:   cyd@kubickidraper.com<br>Maria Kayanan<br>E-mail: mek@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, FL 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile:  (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* | Alexander Shaknes<br>E-mail: Alex.Shaknes@dlapiper.com<br>Amy W. Schulman<br>E-mail: amy.schulman@dlapiper.com<br>Lonnie L. Simpson<br>E-mail: Lonnie.simpson@dlapiper.com<br>S. Douglas Knox<br>E-mail: Douglas.knox@dlapiper.com<br>**DLA PIPER LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

| | |
|---|---|
| Hugh J. Turner, Jr.<br>**AKERMAN SENTERFITT**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>E-mail:   hugh.turner@akerman.com<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* | Marty Steinberg<br>E-mail:  msteinberg@hunton.com<br>Adriana Riviere-Badell<br>E-mail:    ariviere-badell@hunton.com<br>**HUNTON & WILLIAMS, LLP**<br>Mellon Financial Center<br>1111 Brickell Avenute, Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile:  (305  810-2460<br><br>*Attorneys for Defendant Nutro Products, Inc.* |
| Omar Ortega<br>**DORTA AND ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br>E-mail: oortega@dortaandortega.com<br><br>*Attorneys for Defendant Mars, Incorporated and Mars Petcare U.S.* | John J. Kuster<br>E-mail: jkuster@sidley.com<br>James D. Arden<br>E-mail: jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* |
| Sherril M. Colombo<br>**COZEN O'CONNOR**<br>Wachovia Center, Suite 4410<br>200 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br>E-mail:  scolombo@cozen.com<br><br>*Attorneys for Defendant Del Monte Foods, Co.* | Charles Philip Flick<br>E-mail: cflick@sfklaw.com<br>Kathleen S. Phang<br>E-mail: kphang@sfklaw.com<br>**SEIPP, FLICK & KISSANE**<br>Two Alhambra Plaza, Suite 800<br>Miami, FL 33134-5241<br>Telephone: (305) 995-5600<br>Facsimile: (305) 995-6100<br><br>*Attorneys for Defendant Target Corp.* |

| | |
|---|---|
| Alan G. Greer<br>**RICHMAN GREER, P.A.**<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>E-mail: agreer@richmangreer.com<br><br>*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.* | Carol A. Licko<br>**HOGAN & HARTSON L.L.P.**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 459-6500<br>Facsimile: (305) 459-6550<br>E-mail: calicko@hhlaw.com<br><br>*Attorneys for Defendants Nestle USA, Inc. Nestle Purina Petcare Co. and Nestle S.A.* |
| D. Jeffrey Ireland<br>E-mail:  djireland@ficlaw.com<br>Brian D. Wright<br>E-mail:  Bwright@ficlaw.com<br>Laura A. Sanom<br>E-mail:  lsanom@ficlaw.com<br>**FARUKI IRELAND & COX P.L.L.**<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow Street<br>Dayton, Ohio  45402<br><br>*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.* | Robin L. Hanger<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>200 S. Biscayne Boulevard<br>40th Floor<br>Miami, Florida  33131-2398<br>Telephone:  (305) 577-7040<br>Facsimile:  (305) 577-7001<br>E-mail:  rlhanger@ssd.com<br><br>*Attorneys for Defendants PETCO Animal Supplies, Inc.* |
| Benjamine Reid<br>E-mail: breid@carltonfields.com<br>Olga M. Vieira<br>E-mail: ovieira@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Bank of America Tower at International Place<br>Miami, Florida  33131-9101<br>Telephone:  (305) 530-0050<br>Facsimile:   (305) 530-0055<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* | Richard Fama<br>E-mail:  rfama@cozen.com<br>John J. McDonough<br>E-mail:  jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York  10006<br>Telephone:  (212) 509-9400<br>Facsimile:  (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* |

| | |
|---|---|
| Thomas G. Hentoff<br>E-mail:  thentoff@wc.om<br>Dane H. Butswinkas<br>E-mail:  dbutswinkas@wc.com<br>Christopher M. D'Angelo<br>E-mail:  cdangelo@wc.com<br>Patrick J. Houlihan<br>E-mail:  phoulihan@wc.com<br>Philip A. Sechler<br>E-mail:  psechler@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C.  200005<br><br>*Attorneys for Defendants Mars, Incorported and Mars Petcare U.S.* | Kara L. McCall<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn<br>Chicago, Illinois  60603<br>Telephone:  (312) 853-2666<br>E-mail:  kmccall@Sidley.com<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* |
| John F. Mullen<br>**COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA  19103<br>Telephone:  (215) 665-2179<br>Facsimile:  (215) 665-2013<br>E-mail:  jmullen@cozen.com<br><br>*Attorneys for Defendant Del Monte Foods, Co.* | William C. Martin<br>**DLA PIPER LLP**<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois  60601-1293<br>E-mail:  William.Martin@dlapiper.com<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |
| Gary L. Justice<br>E-mail:  gjustice@gibsondunn.com<br>Charles H. Abbott<br>E-mail:  cabbott@gibsondunn.com<br>Gail E. Lees<br>E-mail:  glees@gibsondunn.com<br>William Edward Wegner<br>E-mail:  wwegner@gibsondunn.com<br>**GIBSON DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California  90071<br>Telephone:  (213) 229-7000<br><br>*Attorneys for Defendant Nutro Products, Inc.* | Ralph G. Patino<br>E-mail:  rpatino@patinolaw.com<br>Dominick V. Tamarazzo<br>E-mail:  dtamarazzo@patinolaw.com<br>Carlos B. Salup<br>E-mail:  csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida  33134<br>Telephone:  (305) 443-6163<br>Facsimile:  (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* |

| | |
|---|---|
| Robert C. Troyer<br>**HOGAN & HARTSON L.L.P.**<br>1200 17th Street<br>One Tabor Center, suite 1500<br>Denver, Colorado  80202<br>Telephone:  (303) 899-7300<br>Facsimile:  (303) 899-7333<br>E-mail:  rctroyer@hhlaw.com<br><br>*Attorneys for Defendants Nestle USA, Inc.*<br>*Nestle Purina Petcare Co. and Nestle S.A.* | Craig A. Hoover<br>E-mail:  cahoover@hhlaw.com<br>Miranda L. Berge<br>E-mail:  mlberge@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>555 13TH Street, NW<br>Washington, D.C.  20004<br>Telephone:  (202) 637-5600<br>Facsimile:  (202) 637-5910<br><br>*Attorneys for Defendants Nestle USA, Inc.*<br>*Nestle Purina Petcare Co. and Nestle S.A.* |
| Robert Valadez<br>E-mail:  rvaladez@shelton-valadez.com<br>Javier Thomas Duran<br>E-mail:  jduran@shelton-valadez.com<br>**SHELTON & VALADEZ, P.C.**<br>600 Navarro, Suite 500<br>San Antonio, Texas  78205<br>Telephone:  (210) 349-0515<br>Facsimile:  (210) 349-3666<br><br>*Attorneys for Defendant H.E. Butt Grocery Co.* | James K. Reuss<br>**LANE ALTON & HORST, LLC**<br>Two Miranova Place<br>Suite 500<br>Columbus, Ohio  43215<br>Telephone:  (614) 233-4719<br>E-mail:  JReuss@lah4law.com<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |
| Marcus D. Jimenez<br>**KENNY NACHWALTER, P.A.**<br>1100 Miami Center<br>201 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:  (305) 373-1000<br>Facsimile:  (305) 372-1861<br>E-mail:  mdj@kennynachwalter.com<br><br>*Attorneys for Defendants Safeway, Inc. and*<br>*The Stop & Shop Supermarket Company* | |