UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA-TURNOFF

RENEE BLASZKOWSKI, *et. al.*,
individually and on behalf of
others similarly situated,

                Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
                Defendants.

**DEFENDANT H.E. BUTT GROCERY COMPANY'S**
**MOTION TO DISMISS AND INCORPORATED**
<u>**MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

Defendant, H.E. BUTT GROCERY COMPANY ("HEB"), files this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2), requesting that this Court dismiss all Plaintiffs' claims against it for lack of personal jurisdiction over HEB.

<u>**INTRODUCTION**</u>

On July 27, 2007, Plaintiffs filed an amended putative class action complaint (the "Amended Complaint") against a number manufacturers, co-packers, and retailers (including HEB) alleging what can be described in the most general terms as deceptive marketing of pet food. Although the Amended Complaint includes ten claims for relief, each hinges on essentially the same allegations of wrongdoing -- that the commercial pet food industry advertises its dog and cat food products as healthy and nutritious without disclosing what Plaintiffs allege are certain potentially harmful ingredients that might be included in packages of pet food, or without fully explaining the potential negative health effects of the ingredients that are disclosed.

Plaintiffs' Amended Complaint should be dismissed in its entirety against HEB for the following reasons.

First, Plaintiffs' Amended Complaint fails to plead sufficient material facts to establish the basis for the exercise of personal jurisdiction over HEB.

Second, as set forth in the accompanying Affidavit of Andrew Liang, there is no basis under the Florida long-arm statute for this Court to exercise personal jurisdiction over HEB.

Third, there is no basis for personal jurisdiction over HEB under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

Fourth, subject to HEB's Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiffs' Amended Complaint should be dismissed pursuant to Article III of the U.S. Constitution and Rules 8(a)(2), 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure as set forth in Defendants' Omnibus Motion to Dismiss and Supporting Memorandum of Law.

## I.    STANDARD FOR DETERMINING PERSONAL JURISDICTION.

A federal court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). To determine if personal jurisdiction exists over a non-resident defendant, the Eleventh Circuit applies a two-part analysis. *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). First, the forum state's long-arm statute -- in this case Florida -- must provide a basis for personal jurisdiction. *Id.  See also Lauzon v. Joseph Ribkoff, Inc.*, 77 F. Supp. 2d 1250, 1253 (S.D. Fla. 1999); *Kim v. Keenan*, 71 F. Supp. 2d 1228, 1232 (M.D. Fla. 1999).

{FT423724;1}

If this requirement is met, the second part of the analysis requires sufficient minimum contacts between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id. See also Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Only if the court determines there is a basis for asserting personal jurisdiction under the forum's long-arm statute does it need to consider the due process analysis. *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV-MOORE/GARBER, 2007 WL 712389, *1-2 (S.D. Fla. March 7, 2007).

A.      **Florida's Long-Arm Statute.**

The Florida long-arm statute allows for two distinct categories of personal jurisdiction: specific jurisdiction conferred under Florida Statutes § 48.193(1) and general jurisdiction conferred under Florida Statutes § 48.193(2). The potentially relevant provisions granting specific jurisdiction require that the suit arise out of the non-resident's activities in Florida:

(1)     Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a)     Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b)     Committing a tortious act within this state.

* * * * *

(f)     Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1.      The defendant was engaged in solicitation or service activities within this state; or

{FT423724;1}

> 2.    Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1).

General jurisdiction, on the other hand, applies when the suit does not arise out of the non-resident's activities in Florida and requires satisfaction of a much higher level of activity on the non-resident's part.

> (2)    A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

Fla. Stat. § 48.193(2).  *See also Am. Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127-28 (Fla. 1st DCA 1994).  Thus, for general jurisdiction to exist, the non-resident defendant must be found to have maintained "continuous and systematic general business contacts" with the forum.  *Id., citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984).  *See also Meier*, 288 F.3d at 1269, n.6 (noting that subsection (2) has been recognized by Florida courts as the functional equivalent of the continuous and systematic contact requirement for general jurisdiction under the Fourteenth Amendment).

**B.    Traditional Notions of Fair Play and Substantial Justice Under the Due Process Clause.**

Due process requires that a nonresident defendant have certain minimum contacts with the forum so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  *See Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).  Like the Florida long-arm statute, notions of due process contemplate both specific and general jurisdiction over non-resident defendants.  When a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, the defendant must have purposefully directed his

{FT423724;1}

activities at the residents of the forum, and the litigation must have resulted from the alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

The due process requirements for general personal jurisdiction are more stringent, however, and require a showing of continuous and systematic general business contacts between the defendant and the forum state. *Helicopteros Nacionales*, 466 U.S. at 412-13.

## II.    PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER HEB.

### A.    Plaintiffs' Complaint Fails to Plead Sufficient Material Facts to Establish Personal Jurisdiction Over HEB.

The lion's share of Plaintiffs' Amended Complaint treats the defendants collectively, and does not indicate which, if any, of the representative Plaintiffs purchased pet food from HEB. Rather, the sole specific allegation against HEB asserts merely that HEB is a Texas corporation with its principal place of business in Texas (and thus a non-resident of Florida) that sells the allegedly offending pet food products in its grocery stores:

> 45.    Defendant, H.E. Butt Grocery Company ("HEB"), is a Texas corporation with its principal place of business in San Antonio, Texas. HEB is in the business of distributing, advertising and/or selling Defendant Manufacturers' pet food products in its grocery stores in Texas and other states. HEB adopts the marketing representations of the Defendant Manufacturers by placing point of purchase advertising at or near the Defendant Manufacturers [sic] pet food in its retail stores. HEB markets and advertises the Defendant Manufacturers' commercial pet food products with the intent to induce consumers to purchase its products.

(*See* Corrected Am. Class Action Compl. ¶ 45.)

A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege jurisdiction. *Mother Doe I ex rel. R.M. v. Al Maktoum,* No. 06-22253-CIV, 2007 WL 2209258, *2 (S.D. Fla. July 30, 2007). Plaintiff's burden in alleging personal jurisdiction is to

{FT423724;1}

plead sufficient material facts to establish the basis for the exercise of such jurisdiction. *Id.* Here, Plaintiffs make no allegations of any contact between HEB and the State of Florida under either the specific or general jurisdictional bases set out in the Florida long-arm statute.

Indeed, as demonstrated below, the Court has no personal jurisdiction over HEB because HEB does not do business in Florida, nor does it have any contact with Florida sufficient to satisfy the requirements of either the Florida long-arm statute or the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Therefore, Plaintiffs' claims against HEB should be dismissed.

**B.** **There is No Basis for Personal Jurisdiction Over HEB Under the Florida Long-Arm Statute.**

Plaintiffs can satisfy neither the requirements of specific nor general jurisdiction. As demonstrated by the Affidavit of Andrew Liang, (and as admitted in Plaintiffs' Amended Complaint) HEB is a Texas corporation with its principal place of business in Texas. *See* Aff. of Andrew Liang ¶ 4 (attached as Exhibit A). But contrary to Plaintiffs' Amended Complaint, HEB is a holding company only, and does not own or operate any grocery stores, in Texas or in any other state. *Id.* at ¶ 5. Rather, all stores known as "HEB" grocery stores are owned and/or operated by HEB Grocery Company, L.P., not H.E. Butt Grocery Company, the entity Plaintiffs have sued in this case. *Id.* at ¶ 6. Furthermore, HEB is not qualified to do business in Florida, nor does it have a principal place of business or any offices or agents there. *Id.* at ¶ 7. HEB does not own or lease any personal or real property in Florida, nor does it have a telephone listing, bank account, or mailing address in Florida. *Id.* at ¶ 8. Finally, HEB does not conduct any business, generate any income, or engage in any marketing of pet food or any other products in Florida. *Id.* at ¶ 9-10.

In short, HEB has absolutely no contact with the state of Florida, and thus, Plaintiffs cannot satisfy the requirements of the Florida long-arm statute. Accordingly, their claims against HEB must be dismissed for lack of jurisdiction.

C.     **There is No Basis for Personal Jurisdiction Over HEB Under the Due Process Clause.**

Because Plaintiffs cannot satisfy the Florida long-arm statute, this Court need not address whether they can meet the requirements of Due Process under the Fourteenth Amendment. Nevertheless, the facts discussed above similarly demonstrate that personal jurisdiction over HEB is constitutionally insupportable.

Plaintiffs have not alleged any activity on HEB's part that was purposefully directed at any resident of Florida, nor have they asserted any injury arising out of or relating to such an activity. Indeed, they cannot, because as demonstrated by the Affidavit of Andrew Liang, HEB has no contact whatsoever with Florida or its residents.

Furthermore, because HEB does not conduct any business in Florida, Plaintiffs cannot rely on principles of general jurisdiction to save their claims. Therefore, even if this Court were required to consider *in personam* jurisdiction under the Due Process Clause, it still would be required to dismiss all Plaintiffs' claims against HEB for lack of jurisdiction.

III.     **JOINDER IN DEFENDANTS' OMNIBUS MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW.**

In addition, and subject to this Motion to Dismiss for Lack of Personal Jurisdiction, HEB moves to dismiss Plaintiffs' Amended Complaint pursuant to Article III of the U.S. Constitution and Rules 8(a)(2), 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. HEB expressly adopts and incorporates by reference Defendants' Omnibus Motion to Dismiss and Supporting Memorandum of Law.

{FT423724;1}

## CONCLUSION

For the reasons set forth above, and for the reasons stated in Defendants' Omnibus Motion to Dismiss, HEB respectfully requests that this Court grant its motion and dismiss the Amended Complaint against HEB with prejudice.

WHEREFORE, Defendant, H.E. BUTT GROCERY COMPANY, requests this Court enter judgment in its favor, plus reasonable attorneys' fees, costs, interest and such further relief as this Court deems just and proper.

Dated:  September 20, 2007

Respectfully Submitted,

**AKERMAN SENTERFITT**
350 East Las Olas Boulevard, Suite 1600
Fort Lauderdale, FL  33301-2229
Telephone:  (954) 759-8930
Facsimile:  (954) 847-5365
E-mail:  hugh.turner@akerman.com

By: s/ Hugh J. Turner Jr.
    Hugh J. Turner Jr.
    Florida Bar Number:  203033
    *Attorneys for Defendant H.E. Butt*
    *Grocery Company*

Of Counsel:

**SHELTON & VALADEZ**
**Robert A. Valadez, Esq.**
**Javier T. Duran, Esq.**
600 Navarro
Suite 500
San Antonio, TX 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
Email:  rvaladez@shelton-valadez.com
Email:  jduran@shelton-valadez.com

{FT423724;1}

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and served same on all counsel or parties of record on the attached service list via transmission of Notices of Electronic Filing generated by CM-ECF.

s/Hugh J. Turner Jr.
Hugh J. Turner Jr., Esq.

<u>**SERVICE LIST**</u>

**Catherine J. MacIvor, Esq.**
**Jeffrey Eric Foreman, Esq.**
**Jeffrey Bradford Maltzman, Esq.**
Maltzman Foreman, PA
2 South Biscayne Boulevard
Suite 2300, One Biscayne Tower
Miami, FL 33131
*Counsel for Plaintiffs*

**John J. Kuster, Esq.**
**James D. Arden, Esq.**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
*Counsel for Colgate Palmolive Company*

**Benjamine Reid, Esq.**
**Olga M. Vieira, Esq.**
Carlton Fields, P.A.
100 SE 2nd Street, Suite 4000
Miami, FL 33131
*Counsel for Colgate Palmolive Company*

**Sherrill May Colombo, Esq.**
Cozen O'Connor
200 S. Biscayne Boulevard
Suite 4410
Miami, FL 33131
*Counsel for Del Monte Foods Co.*

**John Mullen, Esq.**
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
*Counsel for Del Monte Foods Co.*

**Richard Fama, Esq.**
**John J. McDonough, Esq.**
Cozen O'Connor
45 Broadway
New York, NY 10006
*Counsel for Del Monte Foods Co.*

**Philip A. Sechler, Esq.**
**Thomas G. Hentoff, Esq.**
**Patrick J. Houlihan, Esq.**
**Christopher M. D'Angelo, Esq.**
**Dane H. Butswinkas, Esq.**
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005
*Counsel for Mars, Inc.*

**Omar Ortega, Esq.**
Dorta & Ortega, P.A.
800 S. Douglas Road
Douglas Entrance, Suite 149
Coral Gables, FL 33134
*Counsel for Mars, Inc.*

**Lonnie L. Simpson, Esq.**
**S. Douglas Knox**
DLA Piper US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602-5149
*Counsel for Menu Foods, Inc. and Menu Foods Income Fund*

**Amy Weinfeld Schulman**
**Alexander Shaknes, Esq.**
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020
*Counsel for Menu Foods, Inc. and Menu Foods Income Fund*

**William C. Martin, Esq.**
DLA Piper US LLP
203 North LaSalle Street
Suite 1900
Chicago, IL 60601-1293
*Counsel for Menu Foods, Inc. and Menu Foods Income Fund*

{FT423724;1}

**Rolando Andres Diaz, Esq.**
**Maria Kayanan, Esq.**
**Cassidy Yen Dang, Esq.**
Kubicki Draper
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
*Counsel for Pet Supermarket, Inc.*

**Charles Abbott, Esq.**
**William E. Wegner, Esq.**
**Gail E. Lees, Esq.**
**Gary L. Justice, Esq.**
Gibson Dunn
333 S. Grand Avenue, Suite 4600
Los Angeles, CA 90071
*Counsel for Nutro Products, Inc.*

**Martin Steinberg, Esq.**
**Adriana Riviere-Badell, Esq.**
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
*Counsel for Nutro Products, Inc.*

**Carol Licko, Esq.**
Hogan and Hartson
Mellon Financial Center, Suite 1900
1111 Brickell Avenue
Miami, FL 33131
*Counsel for Nestle U.S.A. Inc.*

**Craig A. Hoover, Esq.**
**Miranda Berge, Esq.**
Hogan and Hartson LLP
555 Thirteenth Street, NW
Washington, DC 20004
*Counsel for Nestle U.S.A. Inc.*

**Robert C. Troyer, Esq.**
Hogan and Hartson LLP
1200 Seventeenth St.
One Tabor Center, Suite 1500
Denver, CO 80202
*Counsel for Nestle U.S.A. Inc.*

**John Brian Thomas Murray, Jr., Esq.**
Squire Sanders & Dempsey, LLP
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
*Counsel for Petco Animal Supplies, Inc.*

**Robin Lea Hanger, Esq.**
Squire, Sanders & Dempsey L.L.P.
200 S. Biscayne Boulevard, 40th Floor
Miami, FL 33131-2398
*Counsel for Petco Animal Supplies, Inc.*

**John Brian Thomas Murray, Jr., Esq.**
Squire Sanders & Dempsey, LLP
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
*Counsel for Petsmart, Inc.*

**John Brian Thomas Murray, Jr., Esq.**
Squire Sanders & Dempsey, LLP
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
*Counsel for Target Corp.*

**Robin Lea Hanger, Esq.**
Squire, Sanders & Dempsey LLP
200 S. Biscayne Boulevard, 40th Floor
Miami, FL 33131-2398
*Counsel for Target Corp.*

**John Brian Thomas Murray, Jr., Esq.**
Squire Sanders & Dempsey, LLP
777 S. Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
*Counsel for Wal-Mart Stores, Inc.*

**Robin Lea Hanger, Esq.**
Squire, Sanders & Dempsey LLP
200 S. Biscayne Boulevard, 40th Floor
Miami, FL 33131-2398
*Counsel for Wal-Mart Stores, Inc.*

**Alan Graham Greer, Esq.**
RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN
Miami Center, Tenth Floor
201 South Biscayne Boulevard
Miami, FL 33131
*Counsel for The Proctor & Gamble
Company*

**D. Jeffrey Ireland, Esq.,**
**Laura Sanon, Esq.**
**Brian D. Wright, Esq.**
FARUKI IRELAND & COX, P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
*Counsel for The Proctor & Gamble
Company*

**Ralph George Patino, Esq.**
**Carlos B. Salup, Esq.**
**Dominick V. Tamarazzo, Esq.**
Patino & Associates, P.A.
225 Alcazar Avenue
Coral Gables, FL 33134
*Counsel for Pet Supplies "Plus" and
Pet Supplies "Plus"/USA, Inc.*

**Craig P. Kalil, Esq.**
Aballi Milne Kalil & Escagedo
SunTrust International Center
1 SE 3rd Avenue, Suite 2250
Miami, FL 33131
*Counsel for New Albertson's Inc. and
Albertson's LLC*

**Andrew J. Dober, Esq.**
**W. Randolph Teslik, Esq.**
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Suite 400
Washington, DC 20036
*Counsel for New Albertson's Inc. and
Albertson's LLC*

**Marcos Daniel Jimenez, Esq.**
Kenny Nachwalter Seymour Arnold
Critchlow & Spector
201 S. Biscayne Boulevard, Suite 1100
Miami, FL 33131-4327
*Counsel for Stop and Shop Supermarket
Company*

**Charles Richard Fulmer, Jr., Esq.**
Fulmer, LeRoy, Albee, Baumann & Galss
2866 East Oakland Park Boulevard
Ft. Lauderdale, FL 33006
*Counsel for The Kroger Co. of Ohio*

**Marcos Daniel Jimenez, Esq.**
Kenny Nachwalter Seymour Arnold
Critchlow & Spector
201 S. Biscayne Boulevard, Suite 1100
Miami, FL 33131-4327
*Counsel for Safeway, Inc.*

**Hugh J. Turner Jr. Esq.**
Akerman Senterfitt
350 East Las Olas Boulevard, Suite 1600
Ft. Lauderdale, FL 33301
*Counsel for Publix Super Markets, Inc.*

{FT423724;1}