UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, and PATRICIA DAVIS,
individually and on behalf of others
similarly situated,

    Plaintiffs,

vs.

MARS, INC., et al.,

    Defendants.
_____/

**DEFENDANTS', PET SUPPLIES "PLUS" AND PET SUPPLIES PLUS/USA, INC.,
MOTION TO DISMISS PLAINTIFFS' CORRECTED
AMENDED CLASS ACTION COMPLAINT**

COME NOW, Defendants, PET SUPPLIES "PLUS" (hereinafter "PLUS") and PET SUPPLIES PLUS/USA, INC. (hereinafter "USA")[1], specially appearing for the limited purpose of this Motion and without submitting to the jurisdiction or venue of this Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (4), (5), and (6), by and through their undersigned counsel, hereby file the instant Motion to Dismiss the Plaintiffs' Corrected Amended Complaint and as grounds therefore state as follows:

---

[1] The Plaintiffs' have incorrectly stated USA's registered corporate name as it is PET SUPPLIES "PLUS"/USA, INC.

## I. Introduction

As more fully described in Defendants' Omnibus Motion to Dismiss[2], the Plaintiffs' Corrected Amended Complaint ("Complaint") categorically splinters the pet food industry in the United States into: (1) Manufacturers; (2) Co-Packers; (3) Retailers; and, (4) Specialty Retailers. (D.E. 156 at ¶¶ 26- 51).  To that end, the Plaintiffs have lumped PLUS and USA into their alleged "specialty retailers" group referenced throughout the Complaint. Id. at ¶ 51.  Based on the bare allegations made in Plaintiffs' Complaint, dismissal of their claims against PLUS and USA is warranted.

## II.     The Plaintiffs' Complaint Is Facially Defective As It Fails To State Claims Against USA In Violation Of Federal Rules Of Civil Procedure 12(b)(6) & 8(a).

First, as a threshold matter, the Plaintiff's Complaint utterly fails to state a cause of action against USA pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a).[3]  Specifically, USA is last identified in the Complaint in paragraph 51 - before any substantive allegations are asserted - wherein it states:

> 51. Defendant, Pet Supplies "Plus" ("Pet Supplies Plus"), is a Michigan corporation with its principal place of business in Michigan and **Pet Supplies Plus/USA Inc.** is a Michigan corporation with its principal place of business in Michigan.  Pet Supplies[4] is in the business of advertising, distributing, selling and making recommendations to consumers regarding dog and/or cat food.  Pet

---

[2] Defendants' Omnibus Motion to Dismiss is adopted and incorporated by reference herein.

[3] For sake of brevity, all legal citations set forth in Defendants' Omnibus Motion pertaining to Fed.R.Civ.P. 12(b)(6) and 8(a) are incorporated and adopted herein.

[4] Plaintiffs fail to identify whether "Pet Supplies" as set forth therein pertains to USA or PET SUPPLIES "PLUS".

> Supplies Plus markets, sells and makes recommendations to consumers regarding pet food at issue in Michigan and other states. Pet Supplies Plus adopts the marketing representations of the Defendant Manufacturers' by placing point of purchase marketing materials near the Defendant Manufacturers' pet food in its retail stores. Pet Supplies markets and advertises the Defendant Manufacturers' commercial pet food products with the intent to induce consumers to purchase these products.
>
> (D.E. 156 at ¶ 51). [Emphasis Added.]

Thereafter, the Complaint **never again** refers to USA (the party listed in the caption and in paragraph 51) and, of course, is not identified as a party which allegedly committed any wrongdoing. As such, this Court should consider the Plaintiffs' failure to state a claim against USA, after its introduction in paragraph 51 of the Complaint, as an independent basis for dismissal. Specifically, the Plaintiffs have not alleged any facts against USA that would give rise to any discernable legal cause of action.

Notwithstanding the Plaintiffs blatant failure to state a claim against USA, their inclusion of USA into the remaining blanket allegations against "specialty retailers" also fails. Specifically, USA is in the business of granting franchises for the right to operate retail pet food and supply stores under the trade name: Pet Supplies "Plus". (Affidavit of Harvey Solway attached hereto and marked as Exhibit "A"). **To be clear, USA is not a retail seller of pet products nor does it operate any Pet Supplies "Plus" licensed franchisees**. Id. Instead, **all** Pet Supplies "Plus" stores operating in the United States are **independently owned** and registered through corporations within the state they are located in. Id. Therefore, *assuming arguendo* that this Court finds the Plaintiffs blanket allegations against "specialty retailers" in the Complaint to be legally sufficient, USA should be granted the relief requested herein as it does not fall within the definition of a "specialty retailer" as

advanced in the Complaint and because the Plaintiffs have clearly failed to state claims upon which relief can be granted against USA as a franchiser. To that end, it is axiomatic that since USA is only a franchiser and not a retail seller of pet products, any and all allegations in the Plaintiffs Complaint against USA (should the Court find any to be legally sufficient) fail as the Plaintiffs do not state a cause of action against it as a franchiser.

**II.     The Plaintiffs' Complaint Fails To State A Claim Upon Which Relief Can Be Granted Against PLUS As It Is Nothing More Than A Trade Name**.

Unlike the sole reference to USA, the Plaintiffs' Complaint does assert allegations against PLUS. (D.E. 156 at ¶¶ 51, 97, 166 and 167). However, the Plaintiffs' allegations can not, pursuant to Federal Rule of Civil Procedure 12 (b)(6)[5], stand as pled as PLUS is nothing more than a trade name. (See Exhibit A.) Specifically, PLUS is not a corporate entity and is solely a trade name licensed for use by USA's franchisees. Id. Accordingly, this Court should dismiss PLUS as a party to this action by virtue of its non-existence and inability to afford relief to the Plaintiffs for any allegations advanced against it - which clearly a trade name could not have performed. This defect too is fatal and requires dismissal with prejudice.

**IV.    Pursuant To Federal Rule Of Civil Procedure 12(b)(2), This Court Should Dismiss The Plaintiffs' Complaint Against USA & PLUS With Prejudice As No Attempt Was Made In The Complaint To Assert Personal Jurisdiction Over Either USA or PLUS.**

As described more fully above, the Plaintiffs made one material reference to USA in the entire Complaint and numerous allegations against PLUS - all of which are insufficient to overcome dismissal. However, the Plaintiffs' pleading is all fatally deficient in that it fails to make a prima

---

[5] Similarly, this Court is also without subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1), over PLUS as it has no citizenship recognizable under the laws of any state. Moreover, the Plaintiffs process and service of process on a non-existent entity by definition is defective and subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(4) and (5).

facie case for personal jurisdiction over either USA or PLUS.

While well-settled law in this jurisdiction imposes a burden on the Plaintiff to plead sufficient material facts to establish the basis for the exercise of personal jurisdiction over a non-resident, the Plaintiffs have not overcome their burden.[6] Instead, a plain reading of paragraph 51 of the Complaint demonstrates that the Plaintiffs did not so much as make an attempt to carry the burden imposed by law. Specifically, the **only** material fact pled by the Plaintiffs concerning personal jurisdiction states, "**Pet Supplies Plus** markets, sells and makes recommendations to consumers regarding the commercial pet food at issue in its **retail stores in Michigan and other states**." (D.E. 156 at ¶ 51). [Emphasis Added].

Importantly, the sole jurisdictional allegation pertains only to Defendant, PLUS. Accordingly, under similar analysis discussed in Section II, *supra*, the Plaintiffs have utterly failed to make any allegation (jurisdictional or otherwise) against USA. Therefore, USA should be dismissed as a party for lack of personal jurisdiction as a threshold issue. Here, as with their failure to state a claim upon which relief can be granted, the Plaintiffs fail to make a prima facie case for personal jurisdiction over USA and, thus, no further Florida long-arm statue (F.S. § 48.193) and/or Due Process inquiry is required by this Court. Simply stated, the Plaintiffs have remained silent as to personal jurisdiction over USA and under well settled law their silence warrants dismissal with prejudice.

---

[6] For the Court's convenience, USA adopts and incorporates all legal authority cited in Defendant, The Kroger Co.'s Motion to Dismiss (D.E. 197) by reference herein with special emphasis on the case law authority cited in pages 2 - 6 therein.

Additionally, the Plaintiffs sole jurisdictional allegation, directed only at PLUS, also fails to meet the prima facie burden imposed by law. Specifically, the Plaintiffs do not plead a single material fact to establish a prima facie case as to how any of PLUS' alleged conduct and/or activity **in Michigan** supports personal jurisdiction **in Florida**. Here, without passing on the fact that PLUS is solely a trade name incapable of the conduct alleged, the Complaint is again fatally defective. Accordingly, this Court need not conduct further analysis under Florida's long-arm statute (F.S. § 48.193) and, thereafter, Due Process Clause of the Fourteenth (14th) Amendment as the Plaintiffs bare allegation render the Complaint subject to dismissal with prejudice.

**V.   Conclusion**

Based on the foregoing, PLUS and USA respectfully move this Court to dismiss the Plaintiffs' Complaint against them with prejudice.

|  |  |
|---|---|
| Dated: September 20, 2007<br>Miami, Florida | Respectfully submitted,<br><br>s/ Carlos B. Salup<br>RALPH G. PATINO<br>Florida Bar No.768881<br>rpatino@patinolaw.com<br><br>DOMINICK V. TAMARAZZO<br>Florida Bar No. 92835<br>dtamarazzo@patinolaw.com<br><br>CARLOS B. SALUP<br>Florida Bar No. 26952<br>csalup@patinolaw.com<br><br>PATINO & ASSOCIATES, P.A.<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>(305) 443 - 6163<br>(305) 443 - 5635<br>Attorneys for Co-Defendant<br>PET SUPPLIES "PLUS" and<br>PET SUPPLIES "PLUS"/USA, INC. |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day on to all counsels on the attached service list via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Carlos B. Salup

## **SERVICE LIST**

CASE No. 07-21221-CIV-ALTONAGA/TURNOFF

**Counsel for Plaintiffs:**
Catherine J. Macivor
cmacivor@mflegal.com
Jeffrey B. Maltzman
jmaltzman@mflegal.com
Jeffrey E. Foreman
jforeman@mflegal.com
Daren W. Fridman Maltzman Foreman, P.A.
One Biscayne Tower
2 South Biscayne Blvd, Suite 2300
Miami, Florida 33131
Tel.: (305)358-6555
Fax.: (305)374-9077

**Counsel for Co-Defendant**
**Target Corp:**
Marc C. Goodman, Esq
mgoodman@ssd.com
John B.T. Murray, Esq.
jbmurray@ssd.com
Squire Sanders & Dempsey, LLP
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, Florida 33401-6198
Tel.: (561)650-7200
Fax.: (561)655-1509

**Counsel for Co-Defendant**
**Proctor & Gamble Co:**
Alan Graham Greer
agreer@richmangreer.com
Richman Greer Weil Brumbaugh Mirabito & Christensen
201 South Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Tel.: (305)373-4010
Fax.: (305)373-4099

**Counsel for Co-Defendant Mars:**
Philip A. Sechler
psechler@wc.com
Thomas G. Hentoff
thentonff@wc.com
Dane H. Butswinkas
dbutswinkas@wc.com
Christopher M. D'Angelo
cdeangelo@wc.com
Patrick J. Houlihan
phoulihan@wc.com
Williams & Conolly LLP
725 12th Street, N.W.
Washigton, D.C. 20005
Tel.: (202)434-5459
Fax.: (202)434-5029

**Counsel for Co-Defendant**
**Mars, Inc.:**
Omar Ortega, Esq.
oortega@dortaandortega.com
Dorta & Ortega, P.A.
Douglas Entrance
800 South Douglas Road, Suite 149
Coral Gables, Florida 33134
Tel.: (305)461-5454
Fax.: (305)461-5226

**Counsel for Co-Defendant**
**Colgate Palmolive Co.:**
John J. Kuster, Esq.
jkuster@sidley.com
James D. Arden
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212)839-7336
Fax.: (212)839-5599

**Counsel for Co-Defendant Proctor & Gamble Co.:**
D. Jeffrey Ireland
djireland@ficlaw.com
Brian D. Wright
bwright@ficlaw.com
lsamon@ficlaw.com
Faruki Ireland & Cox P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Tel.: (937)227-3710
Fax.: (937)227-3717

**Counsel for Co-Defendant Del Monte Foods, Co.:**
Sherril M. Colombo, Esq.
scolombo@cozen.com
Cozen O'Connor
200 South Biscayne Boulevard, Suite 4410
Miami, Florida 33131-2303
Tel.: (305)704-5945
Fax.: (305)704-5955

**Co-Counsel Co-Defendant Del Monte Foods, Co.:**
John J. McDonough, Esq.
jmcdonough@cozen.com
Richard Fama, Esq.
rfama@cozen.com
Cozen O'Connor
45 Broadway
New York, NY 10006
Tel.: (212)509-9400
Fax.: (212)509-9492

**Co-Counsel for Co-Defendant, Del Monte Foods, Co.**
John F. Mullen, Esq.
jmullen@cozen.com
Cozen O'Connor
The Atrium-3rd Floor
1900 Market Street
Philadelphia, PA 19103
Tel.:(215)665-2179
Fax.: (215)665-2013

**Counsel for Co-Defendant, Colgate Palmolive Co.:**
Olga M. Vieira
**ovieira@carltonfields.com**
Benjamine Reid, Esq.
**breid@carltonfields.com**
Carlton Fields, P.A.
100 SE 2nd Street, Suite 4000
Miami, Florida 33131
Tel.: (305)530-0050
Fax.: (305)530-0055

**Co-Counsel for Co-Defendant, Colgate Palmolive Co.:**
Kara L. McCall, Esq.
kmcall@sidley.com
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603
Tel.: (312)853-2666
Fax.: (312)853-7036

**Counsel for Co-Defendant Nestle U.S.A., Inc.**
Robert C. Troyer, Esq.
retroyer@hhlaw.com
Hogan & Hartson LLP
one Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel.: (303)899-7300
Fax.: (303)899-7333

**Counsel for Nestle U.S.A., Inc.**
Miranda L. Berge, Esq.
mlberge@hhlaw.com
Craig A. Hoover, Esq.
cahoover@hhlaw.com
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004
Tel.: (202)637-5600
Fax.: (202)637-5910

**Co-Counsel for Co-Defendant Nutro Products, Inc.**
Charles Abbott
cabbott@gibsondunn.com
Ben Broderick
broderick@gibsondunn.com
Gary L. Justice
gjustice@gibsondunn.com
William Edward Wegner
wwegner@gibsondunn.com
Gail E. Lees
gless@gibsondunn.com
Gibson Dunn & Crutcher L.L.P.
333 S. Grand Avenue, Suite 4600
Los Angeles, CA 90071
Tel.: (213)229-7887
Fax.: (213)229-6887

**Counsel for Co-Defendant Nutro Products, Inc.**
Marty Steinberg
msteinberg@hunton.com
Adriana Riviere-Badell
ariviere-badell@hunton.com
Hunton & Williams, LLP
1111 Brickell Avenue, #2500
Miami, Florida 33131
Tel.:(305)810-2500
Fax.: (305)810-2460

**Counsel for Co-Defendants, Petco Animal Supplies, Inc., and Wal-Mart Stores, Inc.**
John B. T. Murray, Jr.
jbmurray@ssd.com
Squire, Sanders & Dempsey LLP
1900 Philips Point West
777 South Flagler Drive, # 1900
West Palm Beach, Florida 33401
Tel.(561)650-7200
Fax.: (561)655-1509

**Counsel for Co- Defendants, Nestle U.S.A., Inc.**
Carol A. Licko
calicko@hhlaw.com
Hogan & Hartson, LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel.: (305)459-6500
Fax.: (305)459-6550

**Counsel for Co-Defendant, Publix Supermarket:**
Hugh J. Turner Jr.
hugh.turner@akerman.com
Akerman Senterfitt & Edison
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301-2229
Tel.:(954)463-2700
Fax.: (954)463-2224

**Counsel for Co-Defendant, Pet Supermarket, Inc.**
Rolando Andres Diaz
rd@kubickidraper.com
Maria Kayanan
me@kubickidraper.com
Cassidy Yen Dang
cyd@kubickidraper.com
Kubicki Draper, P.A.
25 West Flagler Street, Penthouse
Miami, Florida 33130
Tel.:(305)982-6722.
Fax.: (305)374-7846

**Counsel for Co-Defendant, Petco Animal Supplies, Inc., and Wal-Mart Stores, Inc.**
Robin Lea Hanger
rjhanger@ssd.com
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Boulevard, 40th Floor
Miami, Florida 331-2398
Tel.: (305)577-7040
Fax.: (305)577-7001

**Counsel for Co-Defendant, Menu Foods Income Fund and Menu Foods, Inc.:**
Alexander Shaknes
alex.shaknes@dlapier.com
Amy W. Schulman
amy.schulman@dlapier.com
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Tel.: (212)335-4829
Fax.: (212)884-8629

**Co-Counsel for Co-Defendant, Menu Foods Income Fund and Menu Foods, Inc:**
William C. Martin
william.martin@dlapiper.com
DLA Piper US LLP
203 North LaSalle Street, # 1900
Chicago, IL 60601-1293
Tel.: (312)368-3449
Fax.: (312)630-7318

**Co-Counsel for Co-Defendant, Menu Foods Income Fund and Menu Foods, Inc.**
Lonnie L. Simpson
lonnie.simpson@dlapier.com
S. Douglas Knox
sdouglas.knox@dlapier.com
DLA Piper US LLP
101 E. Kennedy Blvd, # 2000
Tampa, Florida 33602
Tel.: (813)229-2111
Fax.: (813)229-1447

**Counsel for Co-Defendant, Petsmart, Inc.**
Susan Elizabeth Mortensen
smortensen@coffeyburlington.com
Coffey Burlington
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305)858-2900
Fax.: (305)858-5261

**Co-Counsel for Co-Defendant, Petsmart, Inc.**
Michael K. Kennedy
mkk@gknet.com
Michael R. Ross
mrr@gknet.com
Gallagher & Kennedy, P.A.
2575 E. Camelback Road, #1100
Phoenix, Arizona 85016
Tel.: (602)530-8504
Fax.: (602)530-8500

**Counsel for Co-Dendant, The Kroger Company.:**
C. Richard Fulmer, Jr., Esq.
Fulmer Leroy Albee Baumann & Glass, PLC.
2866 East Oakland Park Blvd
Fort Lauderdale, Florida 33306
Tel.: (954)707-4430
Fax.: (954)707-4431