UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, PATRICIA DAVIS, *et. al.*,
individually and on behalf of others
similarly situated,
               Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

               Defendants.
_____/

**DEFENDANTS SAFEWAY INC.'S AND THE STOP & SHOP SUPERMARKET COMPANY LLC'S MOTION TO DISMISS CORRECTED AMENDED CLASS ACTION COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 8(a), 9(b) and 12(b), as well as Article III of the U. S. Constitution, Defendants Safeway Inc. ("Safeway") and The Stop & Shop Supermarket Company LLC ("Stop & Shop") move to dismiss the Corrected Amended Class Action Complaint (the "Amended Complaint") for the following reasons: (1) the Court lacks personal jurisdiction over Safeway and Stop & Shop; (2) Plaintiffs lack standing to bring their claims; and (3) the Amended Complaint fails to state a claim upon which relief can be granted and fails to meet the heightened pleading standards of Rule 9(b).[1]

The argument and citations of authority supporting the Court's lack of personal jurisdiction are set forth below. Subject to their defense of lack of personal jurisdiction, Safeway

---

[1] By filing this motion, undersigned counsel is entering a limited, special appearance, and not a general appearance, for Safeway and Stop & Shop. Safeway and Stop & Shop hereby reserve and do not waive any and all defenses to the Amended Complaint.

1

and Stop & Shop also adopt and incorporate by reference the additional grounds for dismissal of the Amended Complaint set forth in the Defendants' Motion to Dismiss Plaintiffs' Corrected Amended Complaint and Incorporated Memorandum of Law ("Omnibus Motion to Dismiss") that is being simultaneously filed or adopted by the other Defendants in this case.

## BACKGROUND[2]

Plaintiffs filed their Amended Complaint on July 27, 2007, adding Safeway and Stop & Shop, along with other retailers, as defendants. The Amended Complaint makes general, vague allegations regarding the manufacturing, sale and marketing of pet food by the approximately 30 named Defendants.

Despite the Amended Complaint's 96-page length, the only allegations specifically directed at either Safeway or Stop & Shop are located at paragraph 44 (as to Safeway) and 47 (as to Stop & Shop). These essentially identical paragraphs allege that Safeway and Stop & Shop are in the business of manufacturing, selling and marketing their own and other brands of pet food at their "grocery stores." Plaintiffs further allege that Safeway markets and sells the "commercial pet food at issue" in "California and other states," and that Stop & Shop does so in "Massachusetts and other states." Am. Compl. at ¶¶ 44, 47.

Tellingly, Plaintiffs do not specify the "other states" where Safeway and Stop & Shop allegedly conduct these commercial pet food activities. With respect to the state of Florida, Plaintiffs say absolutely nothing in those paragraphs, or anywhere else in the Amended

---

[2] Pursuant to the Court's direction that Defendants avoid unnecessary duplication, this section provides the Court with background information focused primarily on the facts unique to Safeway and Stop & Shop, who otherwise rely upon and adopt the introduction and background sections of the Omnibus Motion to Dismiss.

2

Complaint,[3] about any sales or other pet food activities in this state by either Safeway or Stop & Shop – which is not surprising because Safeway and Stop & Shop have not conducted any such activities and are not subject to this Court's personal jurisdiction. Plaintiffs have not alleged and cannot allege any basis for this Court's personal jurisdiction over Safeway and Stop & Shop.

Safeway is a Delaware corporation with its principal place of business in Pleasanton, California. Safeway is in the business of food and drug retail sales. Safeway operates retail stores in the District of Colombia and 21 states, including California, Oregon, Washington, Alaska, Colorado, Arizona, Texas, Illinois and Virginia. Safeway has no stores south of Northern Virginia. Safeway does not have retail stores in the State of Florida. Safeway has no office, facilities, employees, or operations in Florida. It has not manufactured, distributed, sold, marketed, promoted or advertised any products, including commercial pet food products, in Florida. *See* Declaration of Laura A. Donald ("Donald Dec.") at ¶¶ 2-12. (Attached hereto as Exhibit "A" is the Declaration of Laura A. Donald).

Stop & Shop is a limited liability company organized in the state of Delaware, with its principal place of business in Quincy, Massachusetts. Stop & Shop is in the business of operating retail food stores. Stop & Shop's retail stores are located in Massachusetts, Connecticut, New York, New Jersey, Rhode Island, New Hampshire and Maine. Stop & Shop does not have retail stores in the State of Florida. Stop & Shop has no office, facilities, employees, or operations in Florida. It has not manufactured, distributed, sold, marketed, promoted or advertised any products, including commercial pet food products, in Florida. *See*

---

[3] Plaintiffs' general and vague allegation in paragraph 53 that venue is proper because the "Defendants have systematically manufactured for sale, marketed, advertised and sold commercial pet food in this District" is wholly insufficient to establish the necessary factual

Declaration of Steven F. Rowell ("Rowell Dec.") at ¶¶ 2-12 (Attached hereto as Exhibit B is the Declaration of Steven F. Rowell).

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO ALLEGE THAT THE COURT HAS PERSONAL JURISDICTION OVER SAFEWAY AND STOP & SHOP.

The Court may exercise personal jurisdiction over non-resident defendants such as Safeway and Stop & Shop only if (1) the Florida long-arm statute requirements are satisfied, and (2) sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *Mother Doe I ex rel. R.M. v. Al Maktoum*, 2007 WL 2209258 (S.D. Fla., July 30, 2007), at *2. Plaintiffs do not and cannot meet these requirements.

Initially, a plaintiff must allege a sufficient factual basis for the Court's personal jurisdiction over non-resident defendants such as Safeway and Stop & Shop. *Mother Doe I*, 2007 WL 2209258 at *2 (plaintiff's "'burden in alleging personal jurisdiction is to plead sufficient material facts to establish the basis for exercise of such jurisdiction'" (quoting *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)(per curiam))); *Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1328 (plaintiff bears "initial burden of pleading facts to support personal jurisdiction over the defendant in its complaint").

The Amended Complaint does not allege, even in conclusory fashion, any factual basis for this Court's personal jurisdiction over Safeway and Stop & Shop. Indeed, the Amended Complaint does not allege any facts whatsoever that are specifically directed at Safeway or Stop

---

basis for personal jurisdiction over Safeway and Stop & Shop, as explained below.

& Shop with respect to this Court's personal jurisdiction over them. This facial deficiency is sufficient to warrant dismissal of the Amended Complaint. *See, e.g., Mother Doe I*, 2007 WL 2209258 at *2; *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1353 (S.D.Fla. 2000) (granting motion to dismiss for, among other things, failure to allege facts sufficient establish personal jurisdiction over defendant); *American Investors Life Ins. Co. v. Webb Life Ins. Agency, Inc.*, 876 F. Supp. 1278, 1282-83 (S.D. Fla. 1995) (granting motion to dismiss where "plaintiff has failed to allege facts sufficient to support this Court's exercise of personal jurisdiction over the defendants"); *Moltz v. Seneca Balance, Inc.*, 606 F. Supp. 612, 615 (S.D. Fla. 1985)(before "personal jurisdiction may attach over a defendant, proper allegations must be pled").

As noted above, Plaintiffs allege that venue, as opposed to personal jurisdiction, is proper "because the Defendants have systematically manufactured for sale, marketed, advertised and sold commercial pet food in this District," without differentiating as to any of the Defendants. Am. Compl. at ¶53. One is left to wonder which Defendant allegedly performed any of those particular acts in this District. Plaintiffs do not make any such allegation specifically as to Safeway or Stop & Shop, either in the only two paragraphs directed at those two Defendants in the Amended Complaint (paragraphs 44 and 47), or anywhere else in the Amended Complaint.[4]

Plaintiffs' personal jurisdiction burden is to allege material facts as to each individual defendant, and they may not lump all Defendants together for that purpose. *See Mother Doe I*,

---

[4] The only other allegations in the Amended Complaint regarding the purported location of the Defendants' activities are found in Counts I-XII, where Plaintiffs continue to lump all Defendants together by vaguely and generally alleging that Defendants were engaged in the business of manufacturing, distributing, marketing, promoting, advertising and selling pet food

2007 WL 2209258 at *7 (analyzing complaint's specific allegations as to each particular defendant's contacts with Florida); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984) (due process requires an individual assessment of each defendant's contacts with the forum). Thus, paragraph 53 is wholly insufficient to establish the factual basis for this Court's personal jurisdiction over Safeway and Stop & Shop.

## II. EVEN IF PLAINTIFFS HAD ALLEGED THE EXISTENCE OF PERSONAL JURISDICTION, SAFEWAY AND STOP & SHOP DO NOT HAVE THE REQUISITE CONTACTS WITH FLORIDA.

As this Court recently noted in *Mother Doe I*, the burden on personal jurisdiction shifts to the defendant only when a plaintiff pleads sufficient material facts to support the exercise of personal jurisdiction. The defendant must then by affidavit or other competent evidence challenge the plaintiff's allegations. *Mother Doe I*, 2007 WL 2209258 at *2. Here, Plaintiffs have wholly failed to meet their initial pleading burden. Nevertheless, to eliminate any question that might exist, Safeway and Stop & Shop below set forth the absence of any factual basis for this Court's personal jurisdiction over them.

### A. Neither Safeway nor Stop & Shop Committed Any of the Acts Required For Personal Jurisdiction Pursuant to Florida's Long-Arm Statute.

Under Florida's long-arm statute, a court may exercise either specific or general personal jurisdiction. Specific jurisdiction exists when the defendant has engaged in one of the acts listed in the statute, such as the commission of a tort, and the suit arises out of any such act. Fla. Stat. § 48.193(1). Under Florida law, specific jurisdiction requires a "direct affiliation," "nexus" or "substantial connection" between the alleged activities in the state and the asserted cause of

---

"throughout the United States." Am. Compl. at ¶¶ 166, 183, 191, 202, 212, 221, 231, 239-240, 248-249 and 255-256.

action. *See SunTrust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S. D. Fla. 2001).[5] General jurisdiction only attaches when a non-resident has "engaged in *substantial* and not isolated activity" in the State of Florida, "whether or not the claim arises from that activity. Fla. Stat. § 48.193(2) (emphasis added).

The Amended Complaint does not allege the existence of either specific or general jurisdiction. Indeed, the Amended Complaint does not address this Court's personal jurisdiction. While Plaintiffs claim that this Court has subject matter diversity jurisdiction and venue, *see* Am. Compl. at ¶¶ 52-53, they wholly ignore personal jurisdiction.

Plaintiffs do not allege that their claims arise from any specific acts or wrongs by Safeway or Stop & Shop in Florida. Indeed, as noted in the Omnibus Motion to Dismiss, Plaintiffs do not allege that (i) any particular Plaintiff purchased pet food manufactured or sold by any specific Defendant, either in Florida or anywhere else, (ii) any Plaintiff was influenced to buy pet food by any particular Defendant's allegedly misleading statement, either in Florida or anywhere else, or (iii) that any Plaintiff's pet suffered adverse health consequences from consuming any identified Defendant's product, either in Florida or anywhere else. Clearly there is no allegation of any substantial connection between the Plaintiffs' claims and the activities of Safeway or Stop & Shop in Florida, as required by Fla. Stat. § 48.193(1) for specific jurisdiction.

Therefore, this Court can only exercise general personal jurisdiction over Safeway and Stop & Shop in this case, but only if they have engaged in "substantial and not isolated activity" in Florida within the scope of Fla. Stat. § 48.193(2). To meet the "substantial and not isolated

---

[5] The reach of the Florida long-arm statute is a question of Florida law, and the statute is to be strictly construed. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F. 2d 889, 890-91 (11th Cir. 1983).

activity" requirement, this Court must find that Safeway and Stop & Shop maintained "'continuous and systematic...contacts with the forum,' so that [they] can properly be considered to be 'present' in the forum." *See Am. Overseas Marine Corp. v. Patterson*, 632 So. 2d 1124, 1127 (Fla. 1st DCA 1994) (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411-12 (1984)). "[T]he facts required to assert...general jurisdiction must be 'extensive and pervasive.'" *Id.* at 1127-28 (*citing Reliance Steel Prods. Co. v. Watson, ESS, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)). No such facts are alleged or exist in this case with respect to Safeway and Stop & Shop.

### B. Safeway and Stop & Shop Have No Individual Contacts with Florida Sufficient to Establish Personal Jurisdiction.

As set forth in the attached Donald and Rowell Declarations, Safeway and Stop & Shop do not have continuous and systematic contacts with Florida. Neither Defendant operates retail stores or other facilities in the State of Florida, owns or leases property in the State of Florida, has employees in the State of Florida, has bank or investment accounts in the State of Florida, or maintains an office, mailing address, or telephone listing in the State of Florida. *See* Donald Dec. at ¶¶ 2-12 and Rowell Dec. at ¶¶ 2-12. As such, Safeway and Stop & Shop do not have the contacts necessary for general jurisdiction under Florida's long-arm statute.

Furthermore, even if the Court considers the insufficient allegations in the Amended Complaint that lump the Defendants together as having manufactured for sale, marketed, advertised and sold commercial pet food "in this District" or "throughout the United States," Am. Comp. at ¶¶ 53, 166, 183, 191, 202, 212, 221, 231, 239-240, 248-249 and 255-256, those allegations are incorrect as to Safeway and Stop & Shop. As set forth in the attached Donald and Rowell Declarations, neither Safeway nor Stop & Shop have manufactured, distributed, sold,

marketed, promoted or advertised any products, including commercial pet food products, in Florida. *See* Donald Dec. at 8 and Rowell Dec. at ¶ 8. Therefore, Safeway and Stop & Shop do not have the contacts necessary to meet either the specific jurisdiction or general jurisdiction requirements of the Florida long-arm statute, no matter how Plaintiffs' general and vague allegations are construed.

### C. Exercising Personal Jurisdiction Over Safeway and Stop & Shop Does Not Comport With Constitutional Due Process Requirements

Exercising personal jurisdiction over Safeway and Stop & Shop would also run afoul of the U.S. Constitution's due process requirements. The Eleventh Circuit has explained that as to personal jurisdiction the constitutional due process analysis is a two-step inquiry. *See Madara v. Hall*, 916 F.2d 1510, 1515-16 (11th Cir. 1990). First, this Court must determine whether Safeway and Stop & Shop have the required minimum contacts with Florida. *See id.* at 1516. "Factors that go into determining whether sufficient minimum contacts exist include the foreseeability that the defendant's conduct will result in suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." *Taskey v. Burtis*, 785 So. 2d 557, 559 (Fla. 4th DCA 2001). The minimum contacts analysis requires that the plaintiffs' claims stem from or have a nexus to the defendant's activities in the forum state. *See, e.g., Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985); *Madara*, 916 F.2d at 1516, n.7.

Second, this Court must determine whether notions of fair play and substantial justice comport with the exercise of personal jurisdiction. *See Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1998); *Black v. Bryant*, 905 F. Supp. 1046, 1051 (M.D. Fla. 1995). Courts consider, among other things, the degree to which the defendant has purposefully injected itself into the forum state, the burden that

defending the lawsuit in the forum state would impose on the defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in obtaining relief in the forum state, and the shared interests of states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113 (1987); *Black,* 905 F. Supp. at 1053-54 (citing *Madara,* 916 F.2d at 1517).

### 1. Safeway and Stop Have Insufficient Minimum Contacts to Establish Jurisdiction

The minimum contacts due process requirement cannot be met for the same reasons that Safeway's and Stop & Shop's contacts are insufficient under Florida's long-arm statute. The Amended Complaint does not allege any specific acts by Safeway or Stop & Shop in Florida. Moreover, as set forth in the attached Donald and Rowell Declarations, Safeway and Stop & Shop have had no such contacts with Florida. Based on the utter lack of sufficient contacts by Safeway or Stop & Shop with Florida, they could not have reasonably foreseen that they would be sued in Florida for the acts alleged in the Amended Complaint. They have not purposefully availed themselves of the forum's privileges and protections.

### 2. Exercising Jurisdiction Over Safeway and Stop & Shop Would Offend Traditional Notions of Fair Play and Substantial Justice

Hauling Safeway and Stop & Shop into this Court in Florida would also offend traditional notions of fair play and substantial justice. Defending this action in Florida would be an unfair burden upon Safeway and Stop & Shop, which do not have operations in Florida and do not manufacture, sell, market or advertise any products, such as the commercial pet food at issue, in Florida. Moreover, Florida has no interest in adjudicating a dispute arising from activities that, as to Safeway and Shop & Stop, have no relation whatsoever to Florida.

Accordingly, requiring Safeway and Stop & Shop to defend this lawsuit in Florida would run afoul of the U.S. Constitution's due process requirements.

### III. THE COMPLAINT SHOULD ALSO BE DISMISSED FOR THE REASONS STATED IN THE CONSOLIDATED MOTION TO DISMISS

To the extent the Court does not dismiss the Amended Complaint against them on the basis of personal jurisdiction, Safeway and Stop & Shop hereby join in and adopt the Omnibus Motion to Dismiss. For the additional reasons stated in the Omnibus Motion to Dismiss, the Amended Complaint against Safeway and Stop & Shop must be dismissed.

WHEREFORE, Defendants Safeway and Stop & Shop respectfully request that the Court dismiss the Corrected Amended Class Action Complaint with prejudice.

Respectfully submitted,

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez (Fla. Bar No.441503 )
E-mail: mjimenez@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
E-Mail: ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendants Safeway Inc. and The Stop & Shop Supermarket Company LLC*

## CERTIFICATE OF SERVICE

**I hereby certify** that on September 20, 2007, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez

## SERVICE LIST

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 07-21221-CIV-ALTONAGA/TURNOFF

| | |
|---|---|
| Catherine J. MacIvor<br>E-mail:    cmacivor@mflegal.com<br>Jeffrey Eric Foreman<br>E-mail: jforeman@mflegal.com<br>Jeffrey Bradford Maltzman<br>E-mail: jmaltzman@mflegal.com<br>Darren W. Friedman<br>E-mail: dfriedman@mflegal.com<br>**MALTZMAN FOREMAN PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2300<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Facsimile: (305) 374-9077<br><br>*Attorneys for Plaintiffs* | John B.T. Murray, Jr.<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile: (561) 655-1509<br>E-mail:    jbmurray@ssd.com<br><br>*Attorneys for Defendants PETCO Animal Supplies, Inc., PetSmart, Inc. and Wal-Mart Stores, Inc.* |
| Rolando Andres Diaz<br>E-Mail:    rd@kubickdraper.com<br>Cassidy Yen Dang<br>E-mail:    cyd@kubickidraper.com<br>Maria Kayanan<br>E-mail:  mek@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, FL 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile: (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* | Alexander Shaknes<br>E-mail: Alex.Shaknes@dlapiper.com<br>Amy W. Schulman<br>E-mail: amy.schulman@dlapiper.com<br>Lonnie L. Simpson<br>E-mail: Lonnie.simpson@dlapiper.com<br>S. Douglas Knox<br>E-mail: Douglas.knox@dlapiper.com<br>**DLA PIPER LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

| | |
|---|---|
| Hugh J. Turner, Jr.<br>**AKERMAN SENTERFITT**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>E-mail: hugh.turner@akerman.com<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* | Marty Steinberg<br>E-mail: msteinberg@hunton.com<br>Adriana Riviere-Badell<br>E-mail: ariviere-badell@hunton.com<br>**HUNTON & WILLIAMS, LLP**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile: (305 810-2460<br><br>*Attorneys for Defendant Nutro Products, Inc.* |
| Omar Ortega<br>**DORTA AND ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br>E-mail: oortega@dortaandortega.com<br><br>*Attorneys for Defendant Mars, Incorporated and Mars Petcare U.S.* | John J. Kuster<br>E-mail: jkuster@sidley.com<br>James D. Arden<br>E-mail: jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* |
| Sherril M. Colombo<br>**COZEN O'CONNOR**<br>Wachovia Center, Suite 4410<br>200 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br>E-mail: scolombo@cozen.com<br><br>*Attorneys for Defendant Del Monte Foods, Co.* | Charles Philip Flick<br>E-mail: cflick@sfklaw.com<br>Kathleen S. Phang<br>E-mail: kphang@sfklaw.com<br>**SEIPP, FLICK & KISSANE**<br>Two Alhambra Plaza, Suite 800<br>Miami, FL 33134-5241<br>Telephone: (305) 995-5600<br>Facsimile: (305) 995-6100<br><br>*Attorneys for Defendant Target Corp.* |

14

| | |
|---|---|
| Alan G. Greer<br>**RICHMAN GREER, P.A.**<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>E-mail: agreer@richmangreer.com<br><br>*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.* | Carol A. Licko<br>**HOGAN & HARTSON L.L.P.**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 459-6500<br>Facsimile: (305) 459-6550<br>E-mail: calicko@hhlaw.com<br><br>*Attorneys for Defendants Nestle USA, Inc. Nestle Purina Petcare Co. and Nestle S.A.* |
| D. Jeffrey Ireland<br>E-mail: djireland@ficlaw.com<br>Brian D. Wright<br>E-mail: Bwright@ficlaw.com<br>Laura A. Sanom<br>E-mail: lsanom@ficlaw.com<br>**FARUKI IRELAND & COX P.L.L.**<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow Street<br>Dayton, Ohio 45402<br><br>*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.* | Robin L. Hanger<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>200 S. Biscayne Boulevard<br>40th Floor<br>Miami, Florida 33131-2398<br>Telephone: (305) 577-7040<br>Facsimile: (305) 577-7001<br>E-mail: rlhanger@ssd.com<br><br>*Attorneys for Defendants PETCO Animal Supplies, Inc.* |
| Benjamine Reid<br>E-mail: breid@carltonfields.com<br>Olga M. Vieira<br>E-mail: ovieira@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Bank of America Tower at International Place<br>Miami, Florida 33131-9101<br>Telephone: (305) 530-0050<br>Facsimile: (305) 530-0055<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* | Richard Fama<br>E-mail: rfama@cozen.com<br>John J. McDonough<br>E-mail: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* |

| | |
|---|---|
| Thomas G. Hentoff<br>E-mail: thentoff@wc.om<br>Dane H. Butswinkas<br>E-mail: dbutswinkas@wc.com<br>Christopher M. D'Angelo<br>E-mail: cdangelo@wc.com<br>Patrick J. Houlihan<br>E-mail: phoulihan@wc.com<br>Philip A. Sechler<br>E-mail: psechler@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C. 200005<br><br>*Attorneys for Defendants Mars, Incorported and Mars Petcare U.S.* | Kara L. McCall<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn<br>Chicago, Illinois 60603<br>Telephone: (312) 853-2666<br>E-mail: kmccall@Sidley.com<br><br>*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.* |
| John F. Mullen<br>**COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2179<br>Facsimile: (215) 665-2013<br>E-mail: jmullen@cozen.com<br><br>*Attorneys for Defendant Del Monte Foods, Co.* | William C. Martin<br>**DLA PIPER LLP**<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois 60601-1293<br>E-mail: William.Martin@dlapiper.com<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |
| Gary L. Justice<br>E-mail: gjustice@gibsondunn.com<br>Charles H. Abbott<br>E-mail: cabbott@gibsondunn.com<br>Gail E. Lees<br>E-mail: glees@gibsondunn.com<br>William Edward Wegner<br>E-mail: wwegner@gibsondunn.com<br>**GIBSON DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California 90071<br>Telephone: (213) 229-7000<br><br>*Attorneys for Defendant Nutro Products, Inc.* | Ralph G. Patino<br>E-mail: rpatino@patinolaw.com<br>Dominick V. Tamarazzo<br>E-mail: dtamarazzo@patinolaw.com<br>Carlos B. Salup<br>E-mail: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* |

| | |
|---|---|
| Robert C. Troyer<br>**HOGAN & HARTSON L.L.P.**<br>1200 17th Street<br>One Tabor Center, suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Facsimile: (303) 899-7333<br>E-mail: rctroyer@hhlaw.com<br><br>*Attorneys for Defendants Nestle USA, Inc. Nestle Purina Petcare Co. and Nestle S.A.* | Craig A. Hoover<br>E-mail: cahoover@hhlaw.com<br>Miranda L. Berge<br>E-mail: mlberge@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>555 13TH Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br><br>*Attorneys for Defendants Nestle USA, Inc. Nestle Purina Petcare Co. and Nestle S.A.* |
| Robert Valadez<br>E-mail: rvaladez@shelton-valadez.com<br>Javier Thomas Duran<br>E-mail: jduran@shelton-valadez.com<br>**SHELTON & VALADEZ, P.C.**<br>600 Navarro, Suite 500<br>San Antonio, Texas 78205<br>Telephone: (210) 349-0515<br>Facsimile: (210) 349-3666<br><br>*Attorneys for Defendant H.E. Butt Grocery Co.* | James K. Reuss<br>**LANE ALTON & HORST, LLC**<br>Two Miranova Place<br>Suite 500<br>Columbus, Ohio 43215<br>Telephone: (614) 233-4719<br>E-mail: JReuss@lah4law.com<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |
| W. Randolph Teslik<br>E-mail: rteslik@akingump.com<br>Andrew Dober<br>E-mail: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* | Marcus D. Jimenez<br>**KENNY NACHWALTER, P.A.**<br>1100 Miami Center<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-1000<br>Facsimile: (305) 372-1861<br>E-mail: mdj@kennynachwalter.com<br><br>*Attorneys for Defendants Safeway, Inc. and The Stop & Shop Supermarket Company* |