UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, *et. al.*,
individually and on behalf of
others similarly situated,                                **SPECIAL APPEARANCE**

                        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

                        Defendants.

_____/

### DEFENDANT NESTLÉ S.A.'S MOTION TO QUASH AND TO DISMISS, AND MEMORANDUM IN SUPPORT OF LAW THEREOF

Pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), (2), (5), and (6),

Defendant Nestlé S.A., specially appearing for the limited purpose of this Motion and without

submitting to the jurisdiction or venue of this Court, hereby moves this Court to quash Plaintiffs'

ineffective service and to dismiss the Amended Complaint for lack of personal jurisdiction, or,

should the Court proceed further, for lack of standing and failure to state a claim against

Nestlé S.A. upon which relief may be granted.[1]  In support of this Motion, Nestlé S.A. submits

this Memorandum and the accompanying Declaration of Hans Peter Frick ("Frick Declaration")

incorporated herein as Exhibit A in support of its Motion.

---

[1]        Without waiver of the arguments made herein, Defendant Nestlé S.A. also hereby adopts and incorporates
herein the arguments made in support of dismissal of the Corrected Amended Complaint in the omnibus,
comprehensive Motion to Dismiss filed by several Defendants this same date.  At this Court's direction (*see* D.E.
142, Hearing Transcript at pgs. 22-25 and 27, lines 7-10), those Defendants are submitting one comprehensive
motion.  Defendants such as Nestlé S.A. who have and wish to assert independent challenges to personal jurisdiction
and effective service are submitting separate motions to dismiss – such as this Motion – on the individual grounds
applicable to them.

## MEMORANDUM OF LAW

### INTRODUCTION

In this putative class action brought by dog and cat owners who assert various causes of action based on the manufacturing, labeling, marketing and sale of pet food, Plaintiffs have sued nearly thirty pet food manufacturers and retailers, including Nestlé Purina PetCare Company ("Nestlé Purina PetCare"), an American company that produces and sells pet food. In their Amended Complaint, Plaintiffs also sought to add as a defendant Nestlé S.A., a Swiss corporation with its principal place of business in Vevey, Switzerland.[2] As threshold matters, Plaintiffs did not effect proper service of process on Nestlé S.A., and they have not and cannot allege any facts that would justify subjecting Nestlé S.A. to the jurisdiction of this Court. Accordingly, the Amended Complaint should be dismissed in its entirety against Nestlé S.A. on several independent grounds.

First, Plaintiffs failed to serve Nestlé S.A. in accordance with the requirement of the Hague Convention on Service Abroad ("Hague Convention") that Swiss parties like Nestlé S.A. be provided with translations of all documents to be served. Plaintiffs' failure to provide Nestlé S.A. with the required translations is a fatal defect that requires that this Court quash Plaintiffs' attempted service on Nestlé S.A.

Second, even if Plaintiffs' attempted service was not defective, any attempt by Plaintiffs to validly serve Nestlé S.A. in this action would be futile. Plaintiffs have failed to allege any basis for this Court to assert jurisdiction over Nestlé S.A., and that failure alone requires

---

[2]       Plaintiffs first filed a Complaint against Nestlé U.S.A., Inc. ("Nestlé U.S.A."), along with other defendants on May 9, 2007. [D.E. 1] In early June 2007, counsel for Nestlé U.S.A. advised Plaintiffs' counsel that Nestlé U.S.A. was not a proper party to the litigation because it does no business in the pet food industry. Nonetheless, Plaintiffs filed an Amended Complaint on July 25, 2007, which not only continued to name Nestlé U.S.A. but also added Nestlé Purina PetCare and Nestlé S.A., as well as a number of other companies, as defendants. [D.E. 153] Plaintiffs subsequently filed another version of the Amended Complaint on July 27, 2007 "correcting scrivener's errors" in the prior version but dropping none of the new defendants. [D.E. 156]

dismissal of the Amended Complaint against Nestlé S.A.  Further, as demonstrated in the attached Declaration of Hans Peter Frick, Nestlé S.A.'s Senior Vice President and Group General Counsel, Plaintiffs cannot show any basis for this Court to assert personal jurisdiction over Nestlé S.A. – a Swiss corporation headquartered in Vevey, Switzerland that conducts no business in the pet food industry and has no contacts with this forum.  Given these facts, Plaintiffs' attempt to hale Nestlé S.A. into this Court is contrary to the fundamental principles of personal jurisdiction, and Nestlé S.A. therefore should be dismissed from the action with prejudice.

Third, even if Nestlé S.A. were properly before this Court (which it is not), Plaintiffs' Amended Complaint must be dismissed for lack of standing and failure to state a claim against Nestlé S.A. for the reasons set forth in the omnibus, comprehensive Motion to Dismiss filed by several Defendants this same date ("Omnibus Motion to Dismiss"), which is adopted and incorporated by reference herein.

Plaintiffs and their counsel have been apprised of the complete lack of basis for Plaintiffs' inclusion of Nestlé S.A. in this case on a number of occasions, *see*, *e.g.*, Ex. B (August 16, 2007 Letter from C. Licko to C. MacIvor) and Ex. C (September 10, 2007 Letter from C. Licko to C. MacIvor), but have nonetheless refused to voluntarily dismiss Nestlé S.A. from the action.  Accordingly, Nestlé S.A. respectfully requests that this Court grant its Motion and quash Plaintiffs' defective service of process on Nestlé S.A., dismiss Nestlé S.A. from the action with prejudice, and award Nestlé S.A. its legal fees and costs associated with this Motion.

# BACKGROUND [3]

This action is before the Court based on an assertion of diversity jurisdiction. *See* Am. Comp. ¶ 52. Plaintiffs have (mistakenly) asserted venue is proper based on their allegation that "Defendants have manufactured for sale, marketed, advertised and sold commercial pet food in this District." *Id.* ¶ 53. As discussed below, however, Nestlé S.A. does not do any of these things or have any other contacts with this forum.

Nestlé S.A. is a Swiss corporation headquartered in Vevey, Switzerland. Frick Decl. ¶ 2. It is not a Florida corporation, and it has no registered agent in Florida. Frick Decl. ¶¶ 2, 5. Nestlé S.A. does not conduct any business in the state of Florida, or anywhere in the United States. Specifically, as demonstrated in the Frick Declaration, (1) Nestlé S.A. does not manufacture, label, sell, advertise or market products in the United States; (2) Nestlé S.A. does not maintain any office or place of business in the United States; (3) Nestlé S.A. does not have any officer or employee residing in the United States; (4) Nestlé S.A. does not have any real estate, phone listing, mailing address or bank account located in the United States; (5) Nestlé S.A. is not licensed to do business in the United States; and (6) Nestlé S.A. has none of the foregoing contacts with the state of Florida. Frick Decl. ¶¶ 5-12.

Nestlé Purina PetCare is a Missouri corporation, with its principal place of business in Missouri. Frick Decl. ¶ 13. It produces, sells and advertises a variety of pet care products. Frick Decl. ¶ 14; *see also* Am. Compl. ¶ 30. Nestlé Purina PetCare is owned by Nestlé Holdings, Inc., a Delaware corporation that is a wholly-owned subsidiary of Nestlé S.A. Frick Decl. ¶ 13.

---

[3]    For purposes of this Motion, Nestlé S.A. takes as true those allegations that have been expressly pleaded in the Amended Complaint. Nestlé S.A. does not concede the truth of these allegations for any other purpose – including its motion to dismiss for ineffective service and lack of personal jurisdiction – and reserves the right to challenge them, if necessary, at a later stage of the proceedings.

Nestlé Purina PetCare and Nestlé S.A. are separate, distinct corporations:  Nestlé S.A. has separate corporate structures, facilities, work forces, business records, bank accounts, tax returns, financial information, and budgets from Nestlé Purina PetCare.  Frick Decl. ¶ 15.  Nestlé Purina PetCare makes decisions concerning the manufacturing, labeling, sales, advertising and marketing of its products, negotiates and executes sales agreements, markets and otherwise promotes its products, manages its personnel and handles all other day-to-day operations without the control of Nestlé S.A.  Frick Decl. ¶¶ 15-17.  Moreover, Nestlé S.A. has no control over, or responsibility for, Nestlé Purina PetCare's manufacturing, labeling, sales, advertising or marketing strategies.  *Id.*  Finally, Nestlé Purina PetCare purchases its own products, materials, components, ingredients, and parts of any products it sells.  Frick Decl. ¶ 16.[4]

Despite Nestlé S.A.'s lack of involvement in the matters at issue in the Amended Complaint or contacts with this forum generally, and despite being advised of these facts, *see* Ex. B, Plaintiffs nonetheless attempted to serve a copy of the Summons and Amended Complaint on Nestlé S.A. at its headquarters in Switzerland on August 28, 2007.  Contrary to the clear requirements of the Hague Convention, the documents served by Plaintiffs were in English only and were not accompanied by translated versions.  Frick Decl. ¶ 3.

Subsequently, after several unsuccessful attempts to contact Plaintiffs' lead counsel by telephone, counsel for Nestlé S.A. again wrote Plaintiffs' counsel on September 10, 2007, explaining in detail why Nestlé S.A. is not a proper party defendant and requesting that Nestlé S.A. be voluntarily dismissed from this action.  *See* Ex. C.  Plaintiffs' counsel still declined to dismiss the complaint as to Nestlé S.A.

---

[4]    Nestlé U.S.A., Inc. ("Nestlé U.S.A.") also has been named as a defendant in this action.  Nestlé U.S.A. has moved for dismissal of all claims against it as part of Defendants' Omnibus Motion to Dismiss.  Nestlé U.S.A. is owned by Nestlé Holdings, Inc., which is in turn owned by Nestlé S.A.  Nestlé U.S.A. is wholly separate from Nestlé S.A., and Nestlé S.A. has no control or responsibility for Nestlé U.S.A.'s operations.  Frick Decl. ¶ 18-21.

## ARGUMENT

**I.    PLAINTIFFS' ATTEMPTED SERVICE OF THE SUMMONS AND AMENDED COMPLAINT ON NESTLÉ S.A. WAS IMPROPER AND SHOULD BE QUASHED.**

As an initial matter, Plaintiffs' attempt to serve Nestlé S.A. is legally defective and should be quashed.  Under applicable Florida and federal law, Plaintiffs must serve Nestlé S.A. pursuant to the Hague Convention.  *See* Fed. R. Civ. P. 4(f); Fla. Stat. § 48.194(1); *see also Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356 n.3 (S.D. Fla. 2005) (foreign corporation to be served pursuant to Hague Convention).  Moreover, service under the Hague Convention requires "strict compliance with its mandates."  *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000); *see also Vega Glen*, 359 F. Supp. 2d at 1356 ("[c]ompliance with the [Hague] Service Convention is mandatory in all cases to which it applies").

For Swiss corporations like Nestlé S.A., the Hague Convention requires Plaintiffs to submit a request for service to the Central Authority of Switzerland that includes, among other things, a translation of all documents to be served, including supporting documentation.  Hague Convention, Art. 5, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163; *Switzerland Decl. of Reservations to the Hague Convention*, *available at* http://www.hcch.net/index_en.php?act= status.comment&csid= 424&disp=resdn; *see also* "Switzerland Judicial Assistance," U.S. Department of State, *available at* http://travel.state.gov/law/info/judicial/judicial_668.html.  As a number of courts have recognized, the failure to provide the translations required under the Hague Convention is a fatal defect.  *See*, *e.g.*, *Am. River Transp. Co. v. M/V BOW LION*, Nos. Civ.A. 03-1306, Civ.A. 03-1594, Civ.A. 03-1797, Civ.A. 03-1864, Civ.A. 03-2003, 2004 WL 764181, at *2 (E.D. La. Apr. 7, 2004) (holding plaintiffs' purported service on foreign

corporation ineffective under Hague Convention where translations not provided); *Froland v. Yamaha Motor Co.*, 296 F. Supp. 2d 1004, 1008 (D. Minn. 2003) (same); *Foster v. Dentaurum, Inc.*, Civ. A. No. 85-4432, 1986 WL 20900, at *1 (D. Kan. June 27, 1986) (same).  Moreover, courts have refused to allow plaintiffs to circumvent the translation requirement by arguing that the party to be served understands English or is aware of the action.  *See*, *e.g.*, *Pa. Orthopedic Ass'n v. Mercedes-Benz A.G.*, 160 F.R.D. 58, 60 (E.D. Pa. 1995) (holding that plaintiff should have provided party to be served with translation required by the Hague Convention, even where party allegedly understood English and knew of action; to hold otherwise would ignore the fact that Congress has established the Hague Convention as the means by which to effect service upon foreign corporations).

In this case, Plaintiffs did not comply with the Hague Convention's strict translation requirement, opting instead to submit to the Swiss Central Authority only the English-language versions of the Summons, the Amended Complaint and attached exhibits.  *See* Frick Decl. ¶ 3. The sheer volume of the documents served here – a massive 100-page pleading and over 440 pages of exhibits, including highly technical reports from the United States Department of Agriculture and other entities – demonstrate the importance of the translation requirement, and Plaintiffs should not be allowed to opt out of compliance with that requirement.  Plaintiffs have failed to effect valid service of process on Nestlé S.A. in this action, and Nestlé S.A.'s Motion to Quash accordingly should be granted.  *See Am. River*, 2004 WL 764181, at *2; *Froland*, 296 F. Supp. 2d at 1008; *Foster*, 1986 WL 20900, at *1.

## II.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER NESTLÉ S.A.

Even if Plaintiffs were to attempt to serve Nestlé S.A. in compliance with the procedural requirements of the Hague Convention, that attempt would nonetheless be legally improper and

futile because Plaintiffs do not allege and cannot establish any basis for asserting personal

jurisdiction over Nestlé S.A.  Indeed, requiring Nestlé S.A., a foreign corporation with no

contacts with this forum, to submit to the jurisdiction of this Court would be wholly inconsistent

with personal jurisdiction principles which exist to "safeguard defendants from being unwillingly

placed under the jurisdiction of a foreign court in a manner that is unjust and inequitable."  *See*

*Slaihem v. Sea Tow Bahamas Ltd.*, 148 F. Supp. 2d 1343, 1346-47 (S.D. Fla. 2001).

A Florida federal court only may assert personal jurisdiction over a non-resident

defendant if two requirements are met: (1) the defendant's activities satisfy the Florida long-arm

statute and (2) the extension of jurisdiction comports with the Due Process Clause of the

Constitution.  *Mother Doe I ex rel. R.M. v. Al Maktoum*, Slip Op., No. 06-22253, 2007 WL

2209258, at *2 (S.D. Fla. July 30, 2007) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214

(11th Cir. 1999); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996)).

Plaintiffs have "the burden of proving facts which clearly justify" the exercise of personal

jurisdiction, *see Oriental Imps. & Exps. Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889,

891 (11th Cir. 1983),[5] and this showing must be made for *each* defendant.  *See Keeton v. Hustler*

*Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (due process requires that "[e]ach defendant's

contacts with the forum State must be assessed individually").

Here, Plaintiffs do not even come close to satisfying their burden with respect to

Nestlé S.A.  Plaintiffs' Amended Complaint is completely bereft of jurisdictional allegations,

particularly with respect to Nestlé S.A., a Swiss corporation two steps removed from Nestlé

---

[5]     Under Florida law, the plaintiff bears the burden of proving personal jurisdiction: when a defendant raises
through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the
plaintiff to prove jurisdiction by affidavits or other competent evidence. *Mother Doe I*, 2007 WL 2209258, at *2
(citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).  If the defendant
sufficiently challenges the plaintiff's assertions, the plaintiff must affirmatively support its jurisdictional contentions
with record evidence, and may not merely rely on the factual allegations set forth in the complaint. *Future Tech.*,
218 F.3d at 1249; *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 294-95 (S.D. Fla. 1997).

Purina PetCare.  It contains *no* allegations specifically referencing the Florida long-arm statute, Fla. Stat. § 48.193, and, more importantly, fails to set forth a single specific allegation establishing that Nestlé S.A. has any contacts with this forum.  Rather, in the nearly 100 pages of the Amended Complaint, Plaintiffs specifically refer to Nestlé S.A. only once (*i.e.*, that "Nestlé S.A. is a Swiss corporation") and instead improperly lump together all three named Nestlé entities (Nestlé S.A., Nestlé U.S.A. and Nestlé Purina PetCare) as "Nestlé."  Am. Comp. ¶ 30.  Additionally, as the basis for asserting that venue is proper in this district, all that Plaintiffs allege is that "Defendants have manufactured for sale, marketed, advertised and sold commercial pet food in this District."  *Id.* ¶ 53.  There are no specific factual allegations that *Nestlé S.A.* did any of these things.  Plaintiffs' failure to plead sufficient jurisdictional facts requires as a threshold matter requires that this Court dismiss the Amended Complaint against Nestlé S.A. *See, e.g., Am. Investors Life Ins. Co. v. Webb Life Ins. Agency, Inc.*, 876 F. Supp. 1278, 1282-83 (S.D. Fla. 1995) (granting motion to dismiss where "plaintiff has failed to allege facts sufficient to support this Court's exercise of personal jurisdiction over the defendants"); *Tramel v. D'Angel Bedding Corp.*, 917 So.2d 982, 983-84 (Fla. 3d DCA 2005) (requiring dismissal of action against foreign defendant where plaintiff failed to allege sufficient jurisdictional facts).

Further, and in any event, even if Plaintiffs' Amended Complaint did include jurisdictional allegations, dismissal of Nestlé S.A. from the action still would be required, because, as demonstrated by the Declaration of Hans Peter Frick, Nestlé S.A. does not have any of the requisite contacts with the state of Florida.  Nestlé S.A. does not do business or have any office or agency in Florida, and it does not do any business in the pet food industry or have any control over or responsibility for the operations of its indirect subsidiary, Nestlé Purina PetCare. Frick Decl. ¶¶ 2, 15-17.

Under these circumstances, and as discussed more fully below, the assertion of personal

jurisdiction over Nestlé S.A. in this action would be wholly inconsistent with the provisions of

the Florida long-arm statute and fundamental principles of due process.  Accordingly, Nestlé S.A.

must be dismissed from this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil

Procedure.

**A.      No Basis Exists For This Court To Assert Personal Jurisdiction Over Nestlé S.A. Under Florida's Long-Arm Statute.**

The Florida long-arm statute, Fla. Stat. § 48.193, provides specific jurisdiction if a non-

resident defendant engages in any of the following specifically enumerated activities, *and* the

cause of action arises out of that activity:  (1) conducting business or having an office or agency

in this state; (2) committing a tortious act within this state; or (3) causing injury to persons or

property within this state arising out of the defendant's solicitation or service activities within

this state or the products processed, serviced, or manufactured by the defendant that are used or

consumed in this state in the ordinary course of commerce.  *See* Fla. Stat. § 48.193(1)(a), (b)

and (f); *see also Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla.

2001) (there must be some "direct affiliation," "nexus," or "substantial connection" between the

cause of action and the activities alleged within the state to support specific jurisdiction under

Fla. Stat. § 48.193(1)).[6]  The Florida long-arm statute also provides for general jurisdiction if a

non-resident defendant engages "in substantial and not isolated activity within this state."

Fla. Stat. § 48.193(2).  While Plaintiffs have not met their burden of identifying any section of

Florida's long-arm statute that would purportedly provide this Court with personal jurisdiction

---

[6]      Fla. Stat. § 48.193 provides several additional bases for specific jurisdiction over a foreign defendant based on the defendant's:  (1) real property in the state under section (1)(c); (2) contracting to provide insurance within the state under section (1)(d); (3) family law and paternity disputes within the state under sections (1)(e) and (h); or (4) alleged breach of contract within the state under section (1)(g).  Based on the allegations in the Amended Complaint, none of these bases is even remotely applicable as a ground for the assertion of jurisdiction over Nestlé S.A. in this case.

over Nestlé S.A. (or even referred to it in their pleading), jurisdiction over Nestlé S.A. is not proper under *any* section of the statute.

> 1. **Nestlé S.A. Has No Office Or Agency in Florida And Has Not Carried On Any Business Within the State.**

Section 48.193(1)(a), Florida Statutes, provides for jurisdiction over a foreign corporation if it has an office or agency in Florida.  Plaintiffs do not allege and cannot show that Nestlé S.A. has either.  *See* Frick Decl. ¶¶ 7, 12.  Jurisdiction also is authorized under this section over foreign defendants that carry on business within the state where the cause of action arises out of that business.  Fla. Stat. § 48.193(a)(1). Although Plaintiffs' Amended Complaint contains the conclusory allegation that "Defendants have manufactured for sale, marketed, advertised and sold commercial pet food in this District," Am. Compl. ¶ 53, the Declaration of Mr. Frick demonstrates otherwise.  Nestlé S.A. does not manufacture, label, sell, advertise or market any products – including pet food products – in Florida.  Frick Decl. ¶¶ 6, 12.  Further, Nestlé S.A. is not licensed to do business in the state of Florida, and it does not have a registered agent for service of process, employees, officers, property, telephone numbers, or mailing addresses in Florida.  Frick Decl. ¶¶ 5-12.

In analogous situations regarding foreign defendants, Florida courts have refused to assert personal jurisdiction under section (1)(a).  For example in *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F. Supp. 2d 1287 (S.D. Fla. 2002), the court found no personal jurisdiction over a Swedish holding company where, as here, the holding company showed through a sworn affidavit that it did not engage in any business within the state of Florida; did not manufacture, distribute, market or sell products; and did not have an office or any employees or agent working within Florida.  *Id*. at 1290.  The court therefore found no basis for jurisdiction under Fla. Stat. § 48.193(1)(a) and dismissed the foreign holding company from the action.  *Id*. at 1291; *see also*

*MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346 (S.D. Fla. 2000) (parent corporations not subject to personal jurisdiction under Florida long-arm statute where it had no offices within the state of Florida and established through affidavit that it did not do any business within the state). As demonstrated by the facts set forth in the Declaration of Hans Peter Frick, the same result should obtain here.

    **2.**    **Nestlé S.A. Has Not Committed A Tortious Act Within The State.**

For personal jurisdiction to attach under the "tortious activity" section of Florida's long-arm statute, Plaintiffs must show that Nestlé S.A. "committed a substantial aspect of the alleged tort in Florida" and that the alleged tort caused injury in Florida. *L.O.T.I. Group Prods. v. Lund*, 907 F. Supp. 1528, 1532 (S.D. Fla. 1995); *Musiker v. Projectavision, Inc.*, 960 F. Supp. 292, 296-97 (S.D. Fla. 1997). No such showing has been, or could be, made by Plaintiffs here.

Plaintiffs have not specifically alleged any facts demonstrating that Nestlé S.A. itself has any involvement in the allegedly tortious conduct at issue in the action. Moreover, as the Frick Declaration makes clear, Nestlé S.A. does not manufacture, label, sell, advertise or market *any* products in the state of Florida (much less the pet food products at issue in the Amended Complaint), and it is not involved in manufacturing, labeling, sales, advertising and marketing decisions and practices of its independent subsidiary, Nestlé Purina PetCare. Frick Decl. ¶¶ 3, 5-12, 15-17. Again, faced with facts like these, courts have consistently refused to assert personal jurisdiction over foreign corporations under section (1)(b). *See*, *e.g.*, *Air Turbine*, 235 F. Supp. 2d at 1291 (plaintiffs failed to establish prima facie showing that Swedish holding company was subject to personal jurisdiction under § 48.193(1)(b) where it did not manufacture, distribute or market any products and did not engage in any business in Florida); *MeterLogic*, 126 F. Supp. 2d at 1346 (finding no personal jurisdiction under § 48.193(1)(b) where foreign

corporate parents did not engage in any of the alleged torts).  Accordingly, there is no basis under the tortious activity section of the statute for asserting jurisdiction over Nestlé S.A.

> ### 3. Nestlé S.A. Has Not Committed An Act Or Omission Causing Injury To Persons Within The State.

Jurisdiction over Nestlé S.A. is similarly not authorized pursuant to Fla. Stat. § 48.193(1)(f), which provides for jurisdiction over foreign defendants whose acts or omissions outside of Florida cause injury within the state.  Again, the Amended Complaint is devoid of any specific allegations that Nestlé S.A. committed any acts or omissions causing injury to persons within the state of Florida.  That alone is fatal to Plaintiffs' baseless attempt to drag Nestlé S.A. into this litigation.  *See Tramel*, 917 So. 2d at 983-84 (action against foreign defendant must be dismissed where plaintiff failed to allege sufficient jurisdictional facts to bring the action within any section of Florida's long-arm statute, including § 48.193(f)).  In any event, as the Frick Declaration makes clear, Nestlé S.A. is not engaged in any service activities within this state and does not manufacture, process or service "products, materials or things … used or consumed in this state in the ordinary course of commerce, trade or use" under Fla. Stat. § 48.193(1)(f). *See* Frick Decl. ¶ 5-12.  For that reason, jurisdiction under this subsection is also not available. *See Plantation-Pioneer Indus. Corp. v. Koehler*, 689 So. 2d 1293, 1295 (Fla. 4th DCA1997) (no jurisdiction under Fla. Stat. § 48.193(1)(f) where Michigan corporation did not manufacture, distribute, process or service the allegedly defective products); *Blumberg v. Steve Weiss & Co.*, 922 So. 2d 361, 365 (Fla. 3d DCA 2006) (New York corporation not subject to Florida's long-arm jurisdiction under § 48.193(1)(f), where it did not engage in "processing" or "servicing" of the product at issue in a products liability action).

4. **Nestlé S.A. Is Not Engaged In Substantial Activity In The State Sufficient To Confer General Jurisdiction.**

To subject a foreign corporation to the general jurisdiction of Florida courts, Plaintiffs must demonstrate that it engaged in "substantial and not isolated" business activities in Florida or otherwise availed itself of the privilege of conducting business in this state. *Rexam Airspray, Inc. v. Arminak,* 471 F. Supp. 2d 1292, 1298 (S.D. Fla. 2007). "Substantial and not isolated activity means 'continuous and systematic general business contact' with Florida." *Einmo v. Aecom Gov't Servs., Inc.*, No. 8:06-CV-1371, 2007 WL 2409816, at *6 (M.D. Fla. Aug. 21, 2007). Plaintiffs have failed completely to make the required showing here. As stated above, Nestlé S.A. is not engaged in *any* business activity in the state of Florida, *see* Frick Decl. ¶¶ 5-12, let alone the "continuous and systematic" general business contacts with Florida required to assert jurisdiction under Fla. Stat. § 48.193(2). *Rexam*, 471 F. Supp. 2d at 1298; *Einmo*, 2007 WL 2409816, at *6.

In sum, because Plaintiffs have failed to and cannot establish any basis under Florida's long-arm statute to assert jurisdiction over Nestlé S.A. in this action, the Court must dismiss Nestlé S.A. from the action. *See Rexam*, 471 F. Supp. 2d at 1298 ("If a court determines that it has no personal jurisdiction over a defendant, then the defendant has an unqualified right to have an order granting its motion to dismiss.") (internal quotation omitted).

**B. The Exercise of Personal Jurisdiction over Nestlé S.A. Would Violate Fundamental Principles of Due Process.**

Even if Plaintiffs could somehow demonstrate that the requirements of Florida's long-arm statute had been satisfied (which they have not), subjecting Nestlé S.A. to personal jurisdiction in this Court would offend the fundamental principles of due process and would therefore be improper on that ground as well. "Considerations of due process require that a non-

resident defendant have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citation and footnote omitted).[7] Given Nestlé S.A.'s utter absence of contacts with this forum, the exercise of jurisdiction over the Swiss corporation in this action would run afoul of the very notions of fair play and substantial justice this Court is duty bound to protect.

As discussed above, Nestlé S.A. does not have *any* contacts with the state of Florida, let alone the requisite minimum contacts required by the Due Process Clause. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 411 (1984); *Consol. Dev. Corp.*, 216 F.3d at 1291. Moreover, haling Nestlé S.A. into a court in Florida, where Nestlé S.A. has no contacts in a dispute that involves the manufacturing, labeling, sales and marketing practices of an industry in which it conducts no business, would most certainly *not* comport with even a skewed notion of fair play and substantial justice. As the Supreme Court has recognized, "[t]he unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metals Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987) (plurality). It would not be reasonable for this Court to impose upon Nestlé S.A. – a Swiss corporation – "[t]he unique burdens" of having to "defend [it]self in a foreign legal system." *Id.* at 114.

Accordingly, because Plaintiffs cannot meet the jurisdictional requirements of either the Florida long-arm statute or the Due Process Clause – much less the requirements of both – this

---

[7]    In determining whether the extension of jurisdiction comports with "traditional notions of fair play and substantial justice" the court looks at: (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies. *Future Tech.*, 218 F.3d at 1251.

Court may not exercise jurisdiction over Nestlé S.A., and it should grant Nestlé S.A.'s Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### III.    PLAINTIFFS' AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM AGAINST NESTLÉ S.A.

In the alternative, even if this Court were to find that it has jurisdiction over Nestlé S.A., Rules 8(a), 9(b), 12(b)(1) and (6) of the Federal Rules of Civil Procedure require dismissal of the Amended Complaint as to Nestlé S.A. for all the reasons stated in Defendants' Omnibus Motion to Dismiss, which Nestlé S.A. expressly adopts and incorporates by reference herein.  Each of the arguments made in Defendants' Omnibus Motion to Dismiss, including the fact that Nestlé S.A. does not even conduct any business in the pet food industry but has been improperly lumped in with other defendants who do, *see* Defendants' Mem. of Law at n.8, constitute an independent basis for dismissal of the Amended Complaint against Nestlé S.A.

### IV.    PLAINTIFFS' FAILURE TO INVESTIGATE THEIR CASE AND REFUSAL TO DISMISS NESTLÉ S.A. ARE GROUNDS FOR AWARDING NESTLÉ S.A. ITS FEES AND COSTS.

Plaintiffs are responsible for investigating their case and having a sound basis for jurisdiction and liability against a party before naming that party as a defendant.  The law does not permit Plaintiffs to "shoot first and ask questions later."  And it certainly does not permit Plaintiffs to persist in asserting claims against a foreign corporation for which there is no basis to assert personal jurisdiction or liability – particularly where, as here, Plaintiffs were specifically informed on numerous occasions that there is no factual or legal basis for asserting jurisdiction. Accordingly, Nestlé S.A. respectfully requests that the Court award Nestlé S.A. its legal fees and costs associated with bringing this Motion, and grant such other relief as the Court deems just and proper.

Case No. 07-21221-CIV-Altonaga

## CONCLUSION

For the reasons set forth above, and for the reasons stated in Defendants' Omnibus

Motion to Dismiss, Nestlé S.A. respectfully requests that this Court grant its Motion and quash

Plaintiffs' attempted service, dismiss the Amended Complaint against Nestlé S.A. with prejudice,

and award Nestlé S.A. its fees and costs and any other relief the Court deems just and proper.

Dated:  September 20, 2007

Respectfully submitted,

By: /s/ Carol A. Licko
    Carol A. Licko
    Florida Bar Number 435872
    **HOGAN & HARTSON L.L.P.**
    Mellon Financial Center
    1111 Brickell Avenue, Suite 1900
    Miami, FL 33131
    Telephone: (305) 459-6500
    Fax: (305) 459-6550
    E-Mail: calicko@hhlaw.com

    Craig A. Hoover
    Miranda L. Berge
    **HOGAN & HARTSON L.L.P.**
    555 Thirteenth Street, NW
    Washington D.C., 20004
    Telephone: (202) 637-5600
    Fax:  (202) 637-5910
    E-Mail: cahoover@hhlaw.com
    mlberge@hhlaw.com

    Robert C. Troyer
    **HOGAN & HARTSON L.L.P.**
    1200 17th Street
    One Tabor Center, Suite 1500
    Denver, CO 80202
    Telephone: (303) 899-7300
    Fax: (303) 899-7333
    Email: rctroyer@hhlaw.com

    *Attorneys for Defendant Nestlé S.A.*

Case No. 07-21221-CIV-Altonaga

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 20, 2007, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF system.

By: <u>/s/ Carol A. Licko</u>
       Carol A. Licko

Case No. 07-21221-CIV-Altonaga

<u>CERTIFICATE OF SERVICE</u>

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

<u>SERVICE LIST</u>

Catherine J. MacIvor
E-mail:      cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:      jbmurray@ssd.com
Mark C. Goodman
E-mail:      mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc. and Target Corporation*

Rolando Andres Diaz
E-Mail:      rd@kubickdraper.com
Cassidy Yen Dang
E-mail:  cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Case No. 07-21221-CIV-Altonaga

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois  60601-1293
E-mail:  William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Gary L. Justice
E-mail:  gjustice@gibsondunn.com
Charles H. Abbott
E-mail:  cabbott@gibsondunn.com
Gail E. Lees
E-mail:  glees@gibsondunn.com
William Edward Wegner
E-mail:  wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated
and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:      hugh.turner@akerman.com

*Attorneys for Defendants Publix Super
Markets, Inc. and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail:  msteinberg@hunton.com
Adriana Riviere-Badell
E-mail:      ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone:  (305) 810-2500
Facsimile:  (305  810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Christopher M. D'Angelo
E-mail:  cdangelo@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorported
and Mars Petcare U.S.*

Case No. 07-21221-CIV-Altonaga

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida  33131-9101
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Marcus D. Jimenez
E-mail:  mdj@kennynachwalter.com
Robert J. Alwine II
E-mail:  ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and
The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

Case No. 07-21221-CIV-Altonaga

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2179
Facsimile:  (215) 665-2013
E-mail:  jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado  80202
Telephone:  (303) 899-7300
Facsimile:  (303) 899-7333
E-mail:  rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  (614) 233-4719
E-mail:  JReuss@lah4law.com

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*

Craig A. Hoover
E-mail:  cahoover@hhlaw.com
Miranda L. Berge
E-mail:  mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestl S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble*
*Co. and The Iams Co.*

Case No. 07-21221-CIV-Altonaga

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant Procter & Gamble
Co. and The Iams Co.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:   (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

Robert Valadez
E-mail:  rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail:  jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas  78205
Telephone:  (210) 349-0515
Facsimile:  (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Case No. 07-21221-CIV-Altonaga

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

Jason Joffe
**SQUIRE SANDERS & DEMPSY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone:  (305) 577-7000
Facsimile:  (305) 577-7001
E-mail:  jjoffe@ssd.com

*Attorneys for Defendant Meijer, Inc.*