# EXHIBIT C

Dockets.Justia.com

# HOGAN & HARTSON

Hogan & Hartson LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
+1.305.459.6500 Tel
+1.305.459.6550 Fax

www.hhlaw.com
Carol A. Licko
Partner
+1.305.459.6612
calicko@hhlaw.com

September 10, 2007

*VIA HAND DELIVERY*

Catherine J. MacIvor, Esq.
Maltzman Foreman PA
2 South Biscayne Boulevard
Suite 2300
Miami, FL 33131

Re:  **Blaszkowski v. Mars, et al., Case No. 07-21221-CIV-Altonaga-Turnoff,
     U.S.D.C. S.D. Florida, Miami Division**

Dear Catherine:

Following up on my letter to you of August 16, 2007, as well as our firm's prior telephone and email communications with you, I am writing to repeat our request that you voluntarily notice the dismissal without prejudice of Nestlé USA, Inc. ("NUSA") and Nestlé S.A. ("NSA") from the above-referenced case (the "Action"). As we have explained previously, neither NUSA nor NSA is a proper Defendant in the Action.

As a preliminary matter, we note that Plaintiffs' purported service of process on NSA was deficient under applicable law. NSA is a Swiss corporation and the indirect parent of NUSA and Nestlé Purina PetCare Company ("NPPC"), and it has no contacts with the state of Florida. Accordingly, under Florida and federal law, Plaintiffs must serve NSA pursuant to the requirements of the Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1356, n.3 (S.D. Fla. 2005) (applicable Florida and federal law regarding service on foreign corporations requires plaintiffs to comply fully with Hague Convention). In order to serve process on Swiss corporations like Nestlé S.A., the Hague Convention requires plaintiffs to submit a request to the Central Authority of Switzerland that contains, among other things, a translation of all documents to be served. Hague Convention, Article 5; *Switzerland Declaration of Reservations to the Hague Convention, available at* http://www.hcch.net/index_en.php?act=status.comment&csid= 424&disp=resdn; *see also* "Switzerland Judicial Assistance," U.S. Department of State, *available at* http://travel.state.gov/law/info/judicial/judicial_668.html. The documents served on NSA, however, were in English only, and Plaintiffs' failure to provide a translation renders Plaintiffs' attempted service on NSA fatally defective. *See, e.g., Pennsylvania Orthopedic Ass'n v.*

Catherine J. MacIvor, Esq.
September 10, 2007
Page 2

*Mercedes-Benz A.G.*, 160 F.R.D. 58 (E.D. Pa. 1995) (holding plaintiffs' purported service on German corporation ineffective under Hague Convention where documents not translated); *Froland v. Yamaha Motor Co., Ltd.*, 296 F.Supp.2d 1004 (D.Minn. 2003) (same); *Foster v. Dentaurum, Inc.*, 1986 WL 20900 (D.Kan. 1986) (same).[1] Accordingly, valid service of process has not been made on NSA in the Action.

Moreover, you should be aware that any additional attempts to serve NSA would be futile because, as previously explained, NSA is not a proper party defendant in this Action. As we stated in prior communications on this issue, NSA does not do any business in the pet food industry, has no presence in the state of Florida, and operates independently from its indirect subsidiaries, NPPC and NUSA. Given these facts, there is no basis to hold NSA liable for the matters at issue in the Action. Likewise, these facts establish that there is no basis to assert personal jurisdiction over NSA.

In order for a Florida federal district court sitting in diversity to assert personal jurisdiction over a foreign corporation like NSA, the corporation must have certain minimum contacts with the forum that satisfy both Florida's long-arm statute, Fla. Stat. § 48.193, and principles of due process. *See Abramson v. Walt Disney Co.*, 132 Fed.Appx. 273 (11th Cir. 2005) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990)). NSA has no such contacts with this forum. Courts within the Eleventh Circuit routinely refuse to assert personal jurisdiction over corporate defendants under similar circumstances. *See, e.g., Consolidated Development Corp. v. Sherritt Inc.*, 216 F.3d 1286 (11th Cir. 2000) (assertion of personal jurisdiction over Canadian corporations would be inconsistent with due process where corporations had never done any business in forum, were not registered to do business in forum, and had not sold products, maintained offices or employees, or owned property in forum); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 235 F.Supp.2d 1287 (S.D.Fla. 2002) (Swedish parent company not subject to personal jurisdiction under Fla. Stat. § 48.193 where it did not itself manufacture, distribute or market products at issue, where it had no offices, employees or agents in Florida). *See also Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346 (S.D.Fla. 2000). Based on this well-established case law, and as pointed out in my prior correspondence dated August 16, 2007, there is no factual or legal basis for you to name NSA as a Defendant to this Action. Accordingly, we reiterate our prior request that Plaintiffs dismiss NSA from the Action.

Similarly, as stated in my previous correspondence dated August 16, 2007, there is no legal or factual basis to name NUSA as a Defendant in the Action. NUSA is a separate corporation that is an affiliate of NPPC. NUSA conducts no business in the pet food industry and is operated independently of NPPC. It is *not*, therefore, a proper party defendant in this Action and should be dismissed.

---

[1]    Additionally, we note that no proof of service on NSA has yet been filed with Court and that there may be additional defects with Plaintiffs' attempted service.

Catherine J. MacIvor, Esq.
September 10, 2007
Page 3

Accordingly, we again request that you notice the voluntary dismissal of NSA and NUSA without prejudice. If you do not do so, we will be forced to move for dismissal of these parties with prejudice and to seek our costs for doing so.

I appreciate your consideration of this request and look forward to your prompt response. Given the September 13, 2007 response deadline, please let me know by no later than close of business tomorrow, September 11, 2007, whether you will agree to voluntarily dismiss NSA and NUSA from the Action without prejudice.

Very truly yours,

*Carol A Licko*

Carol A. Licko