UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

        Defendants.
_____/

# DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' CORRECTED AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................... v

MOTION ................................................................................................................................. 1

MEMORANDUM OF LAW - INTRODUCTION................................................................... 2

BACKGROUND .................................................................................................................... 3

ARGUMENT ........................................................................................................................... 4

I. PLAINTIFFS' ATTEMPTED SERVICE OF THE SUMMONS AND AMENDED COMPLAINT ON NESTLÉ S.A. IS IMPROPER AND SHOULD BE QUASHED. .................................................................................... 6

II. THE COMPLAINT SHOULD BE DISMISSED AS TO THE NON-RESIDENT DEFENDANTS FOR LACK OF PERSONAL JURISDICTION. .............................. 7

    A. STANDARDS FOR DETERMINING PERSONAL JURISDICTION. ............ 8

        1. The Eleventh Circuit's Required Two-Part Analysis and Plaintiffs' Burden. .................................................................................. 8

        2. Requirements For Jurisdiction Under Florida's Long-Arm Statute. ................................................................................................... 10

        3. The Exercise Of Personal Jurisdiction Must Comport With Fundamental Principles Of Due Process. ........................................... 12

    B. THERE IS NO JURISDICTION OVER NESTLÉ S.A ........................................ 13

        1. Plaintiffs' Complaint Fails On Its Face To Establish Jurisdiction. ............................................................................................. 13

        2. There Is No Basis For Personal Jurisdiction Under Florida's Long-Arm Statute. ............................................................................... 14

        3. The Exercise Of Personal Jurisdiction Over Nestlé S.A. Would Violate Fundamental Principles Of Due Process. .............................. 17

    C. THERE IS NO JURISDICTION OVER H.E. BUTT GROCERY COMPANY. ............................................................................................................ 18

        1. Plaintiffs' Complaint Fails On Its Face To Establish Jurisdiction Over HE Butt. ................................................................... 18

        2. There Is No Basis For Personal Jurisdiction Over HE Butt Under The Florida Long-Arm Statute. ................................................ 19

        3. There Is No Basis for Personal Jurisdiction Over HE Butt Under The Due Process Clause. ........................................................... 20

# TABLE OF CONTENTS
## (cont'd.)

**Page(s)**

- D. THERE IS NO JURISDICTION OVER SAFEWAY, INC. AND THE STOP & SHOP SUPERMARKET COMPANY LLC .................................................. 20
  1. Plaintiffs Have Failed To Allege That The Court Has Personal Jurisdiction Over Safeway And Stop & Shop .......................................... 20
  2. Even If Plaintiffs Had Alleged The Existence Of Personal Jurisdiction, Safeway And Stop & Shop Do Not Have The Requisite Contacts With Florida. .................................................................. 23
  3. Exercising Personal Jurisdiction Over Safeway And Stop & Shop Does Not Comport With Constitutional Due Process Requirements. ........................................................................................ 25
- E. THERE IS NO JURISDICTION OVER MEIJER, INC. ...................................... 26
- F. THERE IS NO JURISDICTION OVER PET SUPPLIES "PLUS" AND PET SUPPLIES PLUS/USA, INC. .................................................................. 27
  1. Plaintiffs' Complete Failure To Meet Their Initial Burden Of Pleading Sufficient Material Facts Necessary To Establish A Basis Of Personal Jurisdiction Over Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc. Requires Dismissal Of The Complaint. ............ 27
  2. The Plaintiffs' Complaint Fails To State A Claim Upon Which Relief Can Be Granted Against PLUS As It Is Nothing More Than A Trade Name. ............................................................................. 30
- G. THERE IS NO JURISDICTION OVER NEW ALBERTSONS, INC. ............... 31
  1. The Complaint Contains Only A Single Reference To New Albertsons, Inc. ................................................................................... 31
  2. Plaintiffs' Failure To Meet Their Initial Pleading Burden Warrants Dismissal. ............................................................................. 32
  3. New Albertsons Is Not Subject To Personal Jurisdiction Under The Florida Long-Arm Statute. .............................................................. 32
  4. Subjecting New Albertsons To Specific Personal Jurisdiction Would Run Afoul Of The Due Process Clause. .................................. 34
- H. THERE IS NO JURISDICTION OVER THE KROGER CO. ............................ 35
  1. Plaintiffs Have Failed To Meet Their Burden To Plead Sufficient Material Facts To Establish The Bases Of Personal Jurisdiction. ........................................................................................ 35
  2. There Is No Basis For Personal Jurisdiction Under The Florida Long-Arm Statute. ............................................................................... 36
  3. The Exercise Of Personal Jurisdiction Over Kroger Would Violate Fundamental Principles Of Due Process. ............................... 37
- III. THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AS TO *ALL* DEFENDANTS BECAUSE PLAINTIFFS DO NOT HAVE CONSTITUTIONAL STANDING TO ASSERT THEIR CLAIMS. ............................ 38

# TABLE OF CONTENTS
## (cont'd.)

Page(s)

IV. THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE THAT THEY WERE HARMED BY AN ACT OR OMISSION OF ANY OF THE DEFENDANTS. ................................................................................ 44

    A. THE COMPLAINT FAILS TO LINK THE ALLEGATIONS OF ANY SPECIFIC PLAINTIFF TO ANY PARTICULAR DEFENDANT. .................... 45

    B. THE COMPLAINT FAILS TO ALLEGE THE RELIANCE OR CAUSATION ELEMENTS NECESSARY TO SUSTAIN EACH CLAIM. ................................................................................................................ 47

V. EACH COUNT ALLEGED IN THE COMPLAINT WARRANTS DISMISSAL ON INDEPENDENT GROUNDS. ........................................................................... 50

    A. PLAINTIFFS' FRAUD-BASED CLAIMS (COUNTS I-V) ARE NOT ALLEGED WITH SUFFICIENT PARTICULARITY. ....................................... 50

        1. The Complaint Fails To Identify "Who" Did "What" To "Whom" And "When." ................................................................. 52

        2. The Complaint Fails To Allege Any Facts Demonstrating That Any Plaintiff Relied On Any Defendant's Statements. ............................ 54

        3. The Complaint Fails To Allege That Plaintiffs Suffered Harm As A Result Of Any Fraudulent Statement. ............................................. 55

    B. COUNTS I AND II ARE DUPLICATIVE. .......................................................... 56

    C. PLAINTIFFS' CONSUMER PROTECTION ACT CLAIM (COUNT IV) FAILS TO STATE A CLAIM. ......................................................... 56

    D. THE ECONOMIC LOSS RULE BARS PLAINTIFFS' CLAIMS FOR NEGLIGENCE (COUNT VI) AND NEGLIGENCE PER SE (COUNT VII) ....................................................................................................... 59

    E. BECAUSE PLAINTIFFS' NEGLIGENCE PER SE CLAIM IS BASED ON STATUTES THAT DO NOT PROVIDE FOR A PRIVATE CAUSE OF ACTION, IT SHOULD BE DISMISSED. ..................................................... 60

    F. PLAINTIFFS' WARRANTY CLAIMS (COUNTS X AND XI) MUST BE DISMISSED BECAUSE PLAINTIFFS FAIL TO ALLEGE PRIVITY. ............................................................................................................ 61

        1. Plaintiffs Fail To Allege Facts Establishing Privity With Regard to Any Defendant. ......................................................................... 62

        2. Plaintiffs Cannot Allege Privity With Respect To The Manufacturer Defendants. ..................................................................... 63

    G. PLAINTIFFS' UNJUST ENRICHMENT CLAIM (COUNT XII) SHOULD BE DISMISSED FOR FAILURE TO STATE A LEGALLY COGNIZABLE CLAIM. ....................................................................................... 64

## TABLE OF CONTENTS
## (cont'd.)

**Page(s)**

CONCLUSION .................................................................................................................. 67

CERTIFICATE OF SERVICE ........................................................................................ 79

Appendix A  Elements of Reliance and Causation under Florida and Michigan Law ............... 85

Appendix B  State Consumer Protection Statutes ................................................................ 86

Appendix C  AAFCO and State Provisions .......................................................................... 87

Appendix D  State Law Exemptions for Authorized Conduct ................................................ 89

Appendix E  Breach of Warranty Claims ............................................................................. 91

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*3B TV, Inc. v. State*,
   794 So.2d 744 (Fla. 1st DCA 2001) ............................................................................. 58

*Air Turbine Tech., Inc. v. Atlas Copco AB*,
   235 F. Supp. 2d 1287 (S.D. Fla. 2002) .................................................................. 15, 16

*Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*,
   390 F. Supp. 2d 1170 (M.D. Fla. 2005) ....................................................................... 64

*Am. Investors Life Ins. Co. v. Webb Life Ins. Agency, Inc.*,
   876 F. Supp. 1278 (S.D. Fla. 1995) ...................................................... 10, 22, 29, 32

*Am. Overseas Marine Corp. v. Patterson*,
   632 So.2d 1124 (Fla. 1st DCA 1994) ........................................................................... 11

*Am. River Transp. Co. v. M/V BOW LION*,
   Nos. Civ.A. 03-1306, Civ.A. 03-1594, Civ.A. 03-1797, Civ.A. 03-1864,
   Civ.A. 03-2003, 2004 WL 764181 (E.D. La. Apr. 7, 2004) ................................... 6, 7

*Anderson v. Smithfield Foods, Inc.*,
   207 F. Supp. 2d 1358 (M.D. Fla. 2002) ....................................................................... 51

*Asahi Metal Indus. Co. v. Superior Court of California*,
   480 U.S. 102 (1987) .............................................................................. 13, 18, 34

*Atlantic Nat'l Bank of Fla. v. Vest*,
   480 So.2d 1328 (Fla. 2d DCA 1985) ............................................................................ 51

*Bankhead Enterprises, Inc. v. Norfolk & Western Railway Co.*,
   642 F.2d 802 (5th Cir., Unit B, April 15, 1981) ........................................................... 33

*Bell Atlantic Corp. v. Twombly*,
   127 S. Ct. 1955 (2007) ............................................................................. 44, 45, 48

*Berenguer v. Warner-Lambert Co.*,
   No. 02-05242, 2003 WL 24299241 (Fla. Cir. Ct. July 31, 2003) ........................... 55, 58

*Biscayne Investment Group, Ltd. v. Guarantee Mgmt. Svcs., Inc.*,
   903 So.2d 251 (Fla. 3d DCA 2005) ............................................................................... 51

*Blinn v. Smith & Nephew Richards, Inc.*,
   55 F. Supp. 2d 1353 (M.D. Fla. 1999) ........................................................................ 60

*Blumberg v. Steve Weiss & Co., Inc.*,
   922 So.2d 361 (Fla. 3d DCA 2006) ............................................................................... 17

*Bowleg v. Bowe*,
   502 So.2d 71 (Fla. 3d DCA 1987) ................................................................................ 64

*Box Office Entertainment, LLC v. Brian D. Gordon, CPA, P.A.*,
   No. 05-21010, 2007 WL 1362898 (S.D. Fla. May 9, 2007) ........................................ 50

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*,
  288 F.3d 1012 (7th Cir. 2002) ............................................................................................. 42

*Briehl v. GMC*,
  172 F.3d 623 (8th Cir. 1999) ............................................................................................... 42

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
  116 F.3d 1364 (11th Cir. 1997) ........................................................................................... 51

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ............................................................................................................ 12

*Casa Clara Condo. Ass'n, Inc. v. Charley Toppino & Sons, Inc.*,
  620 So.2d 1244 (Fla. 1993) ................................................................................................. 60

*Casita, L.P. v. Maplewood Equity Partners L.P.*,
  960 So.2d 854 (Fla. 3d DCA 2007) ..................................................................................... 34

*Church v. City of Huntsville*,
  30 F.3d 1332 (11th Cir. 1994) ............................................................................................. 42

*Consol. Dev. Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000) ........................................................................................... 33

*Court Appointed Receiver for Lancer Mgmt. Group LLC v. Taubman*,
  No. 05-60199-CIV, 2007 WL 984452 (S.D. Fla. Mar. 27, 2007) ........................................ 64

*Della Ratta v. Della Ratta*,
  927 So.2d 1055 (Fla. 4th DCA 2006) .................................................................................. 64

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2004) ............................................................................................................ 45

*Einmo v. Aecom Gov't Servs., Inc.*,
  No. 8:06-CV-1371, 2007 WL 2409816 (M.D. Fla. Aug. 21, 2007) .................................... 17

*Eirman v. Olde Discount Corp.*,
  697 So.2d 865 (Fla. 4th DCA 1997) .................................................................................... 58

*Elend v. Basham*,
  471 F.3d 1199 (11th Cir. 2006) ........................................................................................... 38

*Elizabeth N. v. Riverside Group, Inc.*,
  585 So.2d 376 (Fla. 1st DCA 1991) .................................................................................... 61

*Flamenbaum v. Orient Lines, Inc.*,
  No. 03-22549, 2004 WL 1773207 (S.D. Fla. July 20, 2004) ......................................... 50, 53

*Flint v. ABB, Inc.*,
  337 F.3d 1326 (11th Cir. 2003) ........................................................................................... 65

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
  344 F.3d 1263 (11th Cir. 2003) ........................................................................................... 38

## TABLE OF AUTHORITIES (cont'd.)

**Page(s)**

*Foster v. Dentaurum, Inc.*,
  Civ. A. No. 85-4432, 1986 WL 20900 (D. Kan. June 27, 1986) .............................. 7

*Fraker v. KFC Corp.*,
  No. 06-CV-01284-JM, 2007 WL 1296571 (S.D. Cal. Apr. 30, 2007) ..................... 55

*Froland v. Yamaha Motor Co.*,
  296 F. Supp. 2d 1004 (D. Minn. 2003) ............................................................... 6, 7

*Future Tech. Today, Inc. v. OSF Healthcare Sys.*,
  218 F.3d 1247 (11th Cir. 2000) ............................................................................ 9

*Griffin v. Dugger*,
  823 F.2d 1476 (11th Cir. 1987) ..................................................................... 38, 42

*Guyana Tel. & Tel. Co. v. Melbourne Intern.*,
  329 F.3d 1241 (11th Cir. 2003) .......................................................................... 65

*Haskin v. R.J. Reynolds Tobacco Co.*,
  995 F. Supp. 1437 (M.D. Fla. 1998) ................................................................... 46

*Haun v. Don Mealy Imports, Inc.*,
  285 F. Supp. 2d 1297 (M.D. Fla. 2003) ......................................................... 49, 56

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................... 11, 17, 25

*Himes v. Brown & Co.*,
  518 So.2d 937 (Fla. 3d DCA 1987) .................................................................... 49

*Hoyte v. Yum! Brands, Inc.*,
  489 F. Supp. 2d 24 (D.D.C. 2007) ................................................................. 41, 55

*Huntsman Pkg. Corp. v. Kerry Pkg. Corp.*,
  992 F. Supp. 1439 (M.D. Fla. 1998) ................................................................... 65

*Ikonen v. Hartz Mountain Corp.*,
  122 F.R.D. 258 (S.D. Cal. 1988) ........................................................................ 48

*In re Managed Care Litig.*,
  150 F. Supp. 2d 1330 (S.D. Fla. 2001) ............................................................... 55

*Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*,
  891 So.2d 532 (Fla. 2004) .................................................................................. 59

*Int'l Shoe Co. v. State of Washington*,
  326 U.S. 310 (1945) ........................................................................................... 12

*Jackson v. BellSouth Telecomms.*,
  372 F.3d 1250 (11th Cir. 2004) .......................................................................... 46

*Jacobs v. Osmose, Inc.*,
  No. 01-944-CIV, 2002 WL 34241682 (S.D. Fla. Jan. 3, 2002) ............................ 62

**TABLE OF AUTHORITIES (cont'd.)**

**Page(s)**

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) .................................................................................................. 9, 23

*Kramer v. Piper Aircraft Corp.*,
520 So.2d 37 (Fla. 1988) .................................................................................................. 61

*L.O.T.I. Group Prods. v. Lund*,
907 F. Supp. 1528 (S.D. Fla. 1995) .............................................................................. 16, 24

*Lauzon v. Joseph Ribkoff, Inc.*,
77 F. Supp. 2d 1250 (S.D. Fla. 1999) ................................................................................. 8

*Liza Danielle, Inc. v. Jamko, Inc.*,
408 So.2d 735 (Fla. 3d DCA 1982) .................................................................................. 64

*Lofton v. Butterworth*,
93 F. Supp. 2d 1343 (S.D. Fla. 2000) ............................................................................... 39

*London v. Wal-Mart Stores, Inc.*,
340 F.3d 1246 (11th Cir. 2003) ........................................................................................ 39

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) .......................................................................................................... 38

*Lynch v. Bexley*,
744 F.2d 1452 (11th Cir. 1984) ........................................................................................ 43

*Madara v. Hall*,
916 F.2d 1510 (11th Cir. 1990) ........................................................................ 8, 12, 34, 37

*Marino v. Home Depot U.S.A., Inc.*,
No. 06-80343, 2007 WL 201260 (S.D. Fla. Jan. 24, 2007) .............................................. 51

*Mathews v. Kilroe*,
170 F. Supp. 416 (S.D.N.Y. 1959) ................................................................................... 45

*McEntee v. Incredible Techs., Inc.*,
No. 263818, 2006 WL 659347 (Mich. App. Mar. 16, 2006) ........................................... 59

*McLiechy v. Bristol West Ins. Co.*,
474 F.3d 897 (6th Cir. 2007) ............................................................................................ 59

*MeterLogic, Inc. v. Copier Solutions, Inc.*,
126 F. Supp. 2d 1346 (S.D. Fla. 2000) ....................................................................... passim

*Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*,
140 F. Supp. 2d 1325 (S.D. Fla. 2001) ......................................................................... 9, 29

*Montgomery v. Davol, Inc.*,
No. 3:07cv176, 2007 WL 2155644 (N.D. Fla. July 24, 2007) ......................................... 63

*Montgomery v. New Piper Aircraft, Inc.*,
209 F.R.D. 221 (S.D. Fla. 2001) ...................................................................................... 57

**TABLE OF AUTHORITIES (cont'd.)**

 **Page(s)**

*Moore v. Miami-Dade County,*
  No. 06-22705, 2007 WL 2302481 (S.D. Fla. July 18, 2007) .................................................. 44

*Mother Doe I ex rel. R.M. v. Al Maktoum,*
  Slip Op., No. 06-22253, 2007 WL 2209258 (S.D. Fla. July 30, 2007) ........................... passim

*Murthy v. N. Sinha Corp.,*
  644 So.2d 983 (Fla. 1994) ..................................................................................................... 61

*Musiker v. Projectavision, Inc.,*
  960 F. Supp. 292 (S.D. Fla. 1997) ...................................................................................... 9, 16

*Napier v. Osmose, Inc.,*
  399 F. Supp. 2d 811 (W.D. Mich. 2005) ............................................................................... 47

*Neibarger v. Universal Coops.,*
  486 N.W.2d 612 (Mich. 1992) .............................................................................................. 59

*Oriental Imps. & Exps. Inc. v. Maduro & Curiel's Bank, N.V.,*
  701 F.2d 889 (11th Cir. 1983) ...................................................................................... 9, 10, 32

*Pa. Orthopedic Ass'n v. Mercedes-Benz A.G.,*
  160 F.R.D. 58 (E.D. Pa. 1995) ................................................................................................ 7

*Pace v. Platt,*
  No. 3:01-CV- 471/LAC, 2002 WL 32098709 (N.D. Fla. Sept. 10, 2002) ............................ 34

*Parker v. Century 21 Edwards Real Estate,*
  183 Fed. Appx. 869 (11th Cir. June 8, 2006) ................................................................... 11, 33

*Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.,*
  667 So.2d 876 (Fla. 3d DCA 1996) ....................................................................................... 65

*Perry Ellis Int'l, Inc. v. URI Corp.,*
  No. 06-22020-CIV-MOORE/GARBER, 2007 WL 712389
  (S.D. Fla. March 7, 2007) ................................................................................................. 8, 20

*Plantation-Pioneer Indus. Corp. v. Koehler,*
  689 So.2d 1293 (Fla. 4th DCA 1997) .................................................................................... 17

*Posner v. Essex Ins. Co.,*
  178 F.3d 1209 (11th Cir. 1999) .......................................................................................... 8, 35

*Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.,*
  784 F.2d 674 (5th Cir. 1986) ................................................................................................. 55

*Prohias v. Pfizer, Inc.,*
  485 F. Supp. 2d 1329 (S.D. Fla. 2007) ...................................................................... 40, 41, 47

*Region 8 Forest Serv. Timber Purchasers Council v. Alcock,*
  993 F.2d 800 (11th Cir. 1993) ............................................................................................... 43

## TABLE OF AUTHORITIES (cont'd.)

**Page(s)**

*Rexam Airspray, Inc. v. Arminak,*
471 F. Supp. 2d 1292 (S.D. Fla. 2007) .................................................................. 11, 17, 36, 37

*Rhodes v. J.P. Sauer & Sohn, Inc.,*
98 F. Supp. 2d 746 (W.D. La. 2000) .................................................................................... 6

*Rivera v. Wyeth-Ayerst Laboratories,*
283 F.3d 315 (5th Cir. 2002) .......................................................................................... 40, 41

*Rollins, Inc. v. Butland,*
951 So.2d 860 (Fla. 2d DCA 2006) ...................................................................................... 51

*Sculptchair, Inc. v. Century Arts, Ltd.,*
94 F.3d 623 (11th Cir. 1996) .................................................................................................. 8

*Sea Lift, Inc. v. Refinadora Costarricense de Petroleo, S.A.,*
792 F.2d 989 (11th Cir. 1986) .............................................................................................. 11

*Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.,*
899 So.2d 1222 (Fla. 1st DCA 2005) ................................................................................... 64

*Shibata v. Lim,*
133 F. Supp. 2d 1311 (M.D. Fla. 2000) ................................................................................ 56

*Simon v. Celebration Co.,*
883 So.2d 826 (Fla. 5th DCA 2004) .................................................................................... 47

*Smith v. Mellon Bank,*
957 F.2d 856 (11th Cir. 1992) .............................................................................................. 50

*Sofrar, S.A. v. Graham Engineering Corp.,*
35 F. Supp. 2d 919 (S.D. Fla. 1999) ..................................................................................... 33

*State of Fla., Office of Atty. Gen. v. Tenet Healthcare Corp.,*
420 F. Supp. 2d 1288 (S.D. Fla. 2005) ................................................................................. 66

*Stevens v. Danek Med., Inc.,*
No. 95-14293-CIV-PAINE, 1999 WL 33217282 (S.D. Fla. April 16, 1999) ........................ 61

*Stires v. Carnival Corp.,*
243 F. Supp. 2d 1313 (M.D. Fla. 2002) ............................................................................... 50

*Sun Trust Bank v. Sun Int'l Hotels, Ltd.,*
184 F. Supp. 2d 1246 (S.D. Fla. 2001) ................................................................................. 11

*T.W.M. v. Amer. Medical Sys., Inc.,*
886 F. Supp. 842 (N.D. Fla. 1995) ................................................................................. 61, 63

*Taskey v. Burtis,*
785 So.2d 557 (Fla. 4th DCA 2001) ..................................................................................... 12

*Tilton v. Playboy Ent. Group, Inc.,*
No. 88:05-cv-692-T-30TGW, 2007 WL 80858 (M.D. Fla. Jan. 8, 2007) ............................. 65

## **TABLE OF AUTHORITIES (cont'd.)**

**Page(s)**

*Timberland Consol. P'ship v. Andrews Land and Timber, Inc.,*
   818 So.2d 609 (Fla. 5th DCA 2002) .................................................................................. 64

*Tolliver v. Monaco Coach Corp.,*
   No. 8:06-cv-856, 2006 WL 1678842 (M.D. Fla. June 16, 2006) ............................................ 63

*Tooltrend, Inc. v. CMT Utensili, SRL,*
   198 F.3d 802 (11th Cir. 1999) ................................................................................................ 64

*Tramel v. D'Angel Bedding Corp.,*
   917 So.2d 982 (Fla. 3d DCA 2005) ....................................................................................... 14

*True Title, Inc. v. Blanchard,*
   No. 6:06-cv-1871-Orl-19DAB, 2007 WL 430659 (M.D. Fla. Feb. 5, 2007) ......................... 56

*Tylka v. Gerber Prods. Co.,*
   No. 96-C-1647, 1999 WL 495126 (N.D. Ill. July 1, 1999) ..................................................... 55

*United States ex rel Feingold v. Palmetto Gov't Benefits Adm'rs,*
   477 F. Supp. 2d 1187 (S.D. Fla. 2007) .................................................................................. 46

*United States v. Lab. Corp. Am. Inc.,*
   290 F.3d 1301 (11th Cir. 2002) .............................................................................................. 50

*Vega Glen v. Club Mediterranee S.A.,*
   359 F. Supp. 2d 1352 (S.D. Fla. 2005) .................................................................................... 6

*Wenche Siemer v. Learjet Acquisition Corp.,*
   966 F.2d 179 (5th Cir. 1992) .................................................................................................. 33

*Williams v. Purdue Pharma Co.,*
   297 F. Supp. 2d 171 (D.D.C. 2003) ........................................................................... 42, 43, 49

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286 (1980) .................................................................................................. 12, 13, 34

*Yucyco, Ltd. v. Rep. of Slovn.,*
   984 F. Supp. 209 (S.D.N.Y. 1997) ........................................................................................ 45

**STATUTES**

21 U.S.C. § 343 ........................................................................................................................ 61

Fla. Admin. Code 5E-3.004(1) ................................................................................................ 58

Fla. Admin. Code 5E-3.013 ..................................................................................................... 58

Fla. Stat. § 48.193 .............................................................................................................. passim

Fla. Stat. § 48.193(1) .......................................................................................................... passim

Fla. Stat. § 48.193(1)(a) ..................................................................................................... 10, 15

Fla. Stat. § 48.193(1)(b) ..................................................................................................... 10, 16

Fla. Stat. § 48.193(1)(f) ................................................................................................. 10, 16, 17

## TABLE OF AUTHORITIES (cont'd.)
| | Page(s) |
|---|---|
| Fla. Stat. § 48.193(2) | 10, 11, 17, 32 |
| Fla. Stat. § 48.194(1) | 6 |
| Fla. Stat. § 501.201 | 57 |
| Fla. Stat. § 501.212(1) | 58 |

**OTHER AUTHORITIES**

| | |
|---|---|
| *Hague Convention*, Art. 5, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 | 6 |

**RULES**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(1) | passim |
| Fed. R. Civ. P. 12(b)(4) | 30 |
| Fed. R. Civ. P. 12(b)(5) | 30 |
| Fed. R. Civ. P. 12(b)(6) | passim |
| Fed. R. Civ. P. 4(f) | 6 |
| Fed. R. Civ. P. 8 | 5, 44, 45, 48 |
| Fed. R. Civ. P. 8(a)(2) | 1, 2, 44, 45 |
| Fed. R. Civ. P. 9(b) | passim |

**REGULATIONS**

| | |
|---|---|
| 9 C.F.R. 355.52 | 61 |
| 9 C.F.R. 355.59 | 61 |