# CERTIFICATE OF SERVICE

## RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
## Case No. 07-21221-CIV-ALTONAGA/TURNOFF

## SERVICE LIST

| | |
|---|---|
| Catherine J. MacIvor<br>E-mail: cmacivor@mflegal.com<br>Jeffrey Eric Foreman<br>E-mail: jforeman@mflegal.com<br>Jeffrey Bradford Maltzman<br>E-mail: jmaltzman@mflegal.com<br>Darren W. Friedman<br>E-mail: dfriedman@mflegal.com<br>**MALTZMAN FOREMAN PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2300<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Facsimile: (305) 374-9077<br><br>*Attorneys for Plaintiffs* | John B.T. Murray, Jr.<br>E-mail: jbmurray@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile: (561) 655-1509<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.* |
| Rolando Andres Diaz<br>E-Mail: rd@kubickdraper.com<br>Cassidy Yen Dang<br>E-mail: cyd@kubickidraper.com<br>Maria Kayanan<br>E-mail: mek@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, FL 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile: (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* | Alexander Shaknes<br>E-mail: Alex.Shaknes@dlapiper.com<br>Amy W. Schulman<br>E-mail: amy.schulman@dlapiper.com<br>Lonnie L. Simpson<br>E-mail: Lonnie.simpson@dlapiper.com<br>S. Douglas Knox<br>E-mail: Douglas.knox@dlapiper.com<br>**DLA PIPER LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

79

Dockets.Justia.com

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
E-mail: William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Gary L. Justice
E-mail: gjustice@gibsondunn.com
Charles H. Abbott
E-mail: cabbott@gibsondunn.com
Gail E. Lees
E-mail: glees@gibsondunn.com
William Edward Wegner
E-mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: hugh.turner@akerman.com

*Attorneys for Defendants Publix Super Markets, Inc and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail: msteinberg@hunton.com
Adriana Riviere-Badell
E-mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Christopher M. D'Angelo
E-mail: cdangelo@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005

*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail: mdj@kennynachwalter.com
Robert J. Alwine II
E-mail: ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2179
Facsimile:  (215) 665-2013
E-mail:  jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado  80202
Telephone:  (303) 899-7300
Facsimile:  (303) 899-7333
E-mail:  rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc. Nestlé Purina PetCare Company and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  (614) 233-4719
E-mail:  JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc. Nestlé Purina PetCare Company and Nestlé S.A.*

Craig A. Hoover
E-mail:  cahoover@hhlaw.com
Miranda L. Berge
E-mail:  mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc. Nestlé Purina PetCare Company and Nestlé S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies "Plus"/USA, Inc.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Robert Valadez
E-mail: rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Jason Joffe
**SQUIRE SANDERS & DEMPSY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone:  (305) 577-7000
Facsimile:  (305) 577-7001
E-mail: jjoffe@ssd.com

*Attorneys for Defendant Meijer, Inc.*

# Appendix A
## Elements of Reliance and Causation under Florida and Michigan Law

- **Count I:** *Simon v. Celebration Co.*, 883 So.2d 826, 832-33 (Fla. 5th DCA 2004) (fraudulent misrepresentation requires reliance); *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 264 F. Supp. 2d 1064, 1073–74 (S.D. Fla. 2003) (fraudulent concealment); *FFOC Co. v. Invent A.G.*, 882 F. Supp. 642, 658-59 (E.D. Mich. 1994) (fraudulent misrepresentation); *McEldowney v. Air Prods. & Chems., Inc.*, No. 273572, 2007 WL 1576390, *6 (Mich. Ct. App. May 31, 2007) (fraudulent concealment).

- **Count II:** *Tindall v. Gibbons*, 156 F. Supp. 2d 1292, 1298 (M.D. Fla. 2001) (fraud in the inducement requires causation); *Farris v. Am. Creditors Life Ins. Co.*, No. 258980, 2006 WL 1290421, *2 (Mich. Ct. App. May 11, 2006) (fraud in the inducement requires reliance).

- **Count III:** *Simon*, 883 So.2d at 832-33 (negligent misrepresentation requires reliance); *Roncelli v. O'Reilly, Rancilio, Nitz, Andrews, Turnbull & Scott, P.C.*, No. 258951, 2006 WL 1360396 (Mich. Ct. App. May 18, 2006) (*per curiam*) (negligent misrepresentation).

- **Count IV:** *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 229 (S.D. Fla. 2001) (FDUTPA requires showing of causation); *Kussy v. Home Depot U.S.A. Inc.*, No. 06-12899, 2006 WL 3447146, **5-7 (E.D. Mich. Nov. 28, 2006) (Michigan Consumer Protection Act requires causation and reliance).

- **Count V:** *Nutrivida, Inc. v. Inmuno Vital, Inc.*,, No. 95-2250-CIV-GRAHAM, 1997 WL 1106569, *8 (S.D. Fla. Feb. 28, 1997) (misleading advertising claim requires reliance); *Baker v. Arbor Drugs, Inc.*, 544 N.W.2d 727, 732 (Mich. Ct. App. 1996) (same).

- **Count VI:** *Krehling v. Baron*, 900 F. Supp. 1578, 1582-83 (M.D. Fla. 1995) (negligence requires causation); *Baker*, 544 N.W.2d at 730 (same).

- **Count VII:** *Italiano v. Jones Chem., Inc.*, No. 95-1161-Civ-T-17A, 1997 WL 118426, **3-4 (M.D. Fla. Feb. 21, 1997) (negligence *per se* requires causation); *Schollenberger v. Sears, Roebuck & Co.*, 925 F. Supp. 1239, 1246 (E.D. Mich. 1996) (negligence *per se*, which under Michigan law merely provides a rebuttable presumption of negligence for statutory violations, requires causation).

- **Count X:** *Marking v. Novartis Pharm. Corp.*, No. 00-9108-CV, 2002 WL 32255405, *3 (S.D. Fla. Feb. 12, 2002) (breach of implied warranty requires causation); *Weier v. United Rentals, Inc.*, No. 1:05-CV-420, 2006 WL 3613304, *4, *7 (W.D. Mich. Dec. 11, 2006) (same).

- **Count XI:** *Marking*, 2002 WL 32255405, *3 (breach of express warranty requires causation); *Cavalier v. Werner Co.*, 976 F. Supp. 672, 679 n.11 (E.D. Mich. 1997) (same).

- **Count XII:** *Urquhart v. Manatee Mem'l Hosp.*, No. 8:06-cv-1418-T-17-EAJ, 2007 WL 781738, **5-6 (M.D. Fla. Mar. 13, 2007) (unjust enrichment requires causation); *Thomas v. City of Detroit*, No. 06-10453, 2007 WL 674593, *11 (E.D. Mich. Feb. 28, 2007) (same)

## Appendix B
## State Consumer Protection Statutes

- **Arizona**: *See Grismore v. Capitol One F.S.B.*, No. CV-05-2460-PHX-SMM, 2007 WL 841513, *7 (D. Ariz. Mar. 16, 2007) (dismissing Arizona Consumer Fraud Act claim for failure to comply with Rule 9(b));

- **Indiana**: *Stires*, 243 F. Supp. 2d at 1322 (FDUTPA claim deficient because it did not comply with Rule 9 particularity requirements); *SMC Corp. v. PeopleSoft U.S.A., Inc.*, No. 1:00-cv-01095-LJM-VS, 2004 WL 2538641, **4-5 (S.D. Ind. Oct. 12, 2004) (dismissing Indiana Deceptive Consumer Sales Act claim for failure to comply with Rule 9(b) particularity requirements);

- **Kansas**: *Gonzalez v. Pepsico*, 489 F. Supp. 2d 1233, 1247 (D. Kan. 2007) ("Allegations of unfair trade practices under the [Kansas] CPA must be pleaded with particularity in accordance with Rule 9(b)").;

- **Michigan**: *Parsley v. Monaco Coach Corp.*, 327 F. Supp. 2d 797, 807 (W.D. Mich. 2004) (Rule 9(b)'s particularity requirements apply to Michigan CPA claims based on fraud allegations);

- **Massachusetts**: *Moniz v. Bayer Corp.*, 484 F. Supp. 2d 228, 231 (D. Mass. 2007) (considering whether Chapter 93A claim met Rule 9(b) particularity requirements);

- **Nevada**: *George v. Morten*, No. 2:06-cv-1112-PMP-GWF, 2007 WL 680787, *12 (D. Nev. Mar. 1, 2007) (claim brought under Nevada consumer fraud act must satisfy Rule 9(b) particularity requirements);

- **Pennsylvania**: *Rosenberg v. Avis Rent a Car Sys., Inc.*, No. 07-1110, 2007 WL 2213642, **5-6 (E.D. Penn. July 31, 2007) (Rule 9(b) applies to Pennsylvania UTPCPL claims);

- **Tennessee**: *McLean v. Bourget's Bike Works, Inc.*, No. M2003-01944-COA-R3-CV, 2005 WL 2493479, *7 (Tenn. Ct. App. Oct. 7, 2005) ("Claims under the Tennessee Consumer Protection Act must be pleaded with the same particularity that Tenn. R. Civ. P. 9.02 requires of common-law fraud claims");

- **Texas**: *Sipes v. Petry*, 812 S.W.2d 428, 431 (Tex. App.—San Antonio 1991, no writ) ("[A]llegations under the Deceptive Trade Practices Act . . . require pleadings which designate or state with particularity which acts or events were relied upon as a basis for liability under the Texas Deceptive Trade Practices Act") (internal quotation marks omitted);

- **Washington**: *Fidelity Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 575 (W.D. Wash. 2003) (complaints under Consumer Protection Act are subject to particularity requirement of Rule 9(b));

- **West Virginia**: *Rouse v. Philip Morris, Inc.*, No. 2:03-2159, 2003 WL 22850072, *5 (S.D. W. Va. Nov. 18, 2003) (same, as applied to West Virginia Consumer Credit and Protection Act);

- **Wisconsin**: *D & B Auto Equip., Inc. v. Snap-on, Inc.*, No. 03-CV-141, 2006 WL 776749, *6 (E.D. Wis. Mar. 27, 2006) (same, as applied to Wisconsin Consumer Act).

### Appendix C
### AAFCO and State Provisions

- Arizona has incorporated by reference the feed ingredient definitions and feed terms, as well as the labeling and guarantee provisions, of the AAFCO Official Publication. (ARIZ. ADMIN. CODE R3-3-901, 905.)

- California has adopted the ingredient names and definitions of AAFCO, as well standards for "balanced" statements. (CAL. CODE REGS. tit. 17, § 19005.)

- Indiana has adopted the ingredient names and definitions of AAFCO, as well as its claims of nutritional adequacy, feeding directions, and testing procedures. (IND. ADMIN. CODE tit. 355, r. 6-1-1, 6-2-4 – 6-2-9.)

- Kansas regulations adopt the official feed terms, names, and definitions of AAFCO. (KAN. ADMIN. REGS. 4-3-7, 4-3-47, 4-3-48.)

- Massachusetts uses the AAFCO definitions, nutrient profiles, and testing procedures. (MASS. REGS. CODE tit. 330, §§13.01 – 13.08.)

- The Michigan Administrative Code mandates the use of AAFCO definitions of and terms for feed ingredients, as well as AAFCO testing procedures and nutrient profiles. (MICH. ADMIN. CODE r. 285.631, 283.635.)

- Nebraska has adopted certain portions of the AAFCO feed name and ingredient provisions. (NEB. ADMIN. CODE tit. 25, §§ 3-001, 3-003.)

- Nevada applies AAFCO ingredient definitions and AAFCO standards for product names of feeds with single ingredients. (NEV. ADMIN. CODE ch. 587 §§ 510, 520.)

- New York regulations adopt AAFCO terms and conditions where no such terms or definitions are otherwise provided, and provide that certain guarantees must comply with AAFCO nutrition requirements. (N.Y. COMP. CODES R. & REGS. tit. 1 §§ 257.1, 257.17.)

- Ohio has adopted the 2006 AAFCO Official Publication. (OHIO ADMIN. CODE § 901:5-7-01.)

- Oklahoma has adopted the definitions in AAFCO's Model Bill and Model Feed Regulations. (OKLA. ADMIN. CODE § 35:30-27-51.)

- Pennsylvania has adopted the AAFCO Official Definitions of Feed Ingredients and Official Feed Terms. (7 PA. CODE § 71.1.)

- South Carolina has not adopted the AAFCO regulations, but has adopted AAFCO definitions for ingredient names. (S.C. CODE ANN. REGS. 5-204.)

- Tennessee has adopted the complete AAFCO Official Definition of Feed Ingredients and Official Feed Terms. (TENN. COMP. R. & REGS. 0080-5-5.01.)

- Texas has adopted the AAFCO dog and cat food nutritional profiles. (4 TEX. ADMIN. CODE § 63.1.)

- Virginia has adopted the AAFCO regulations, definitions, and standards. (2 VA. ADMIN. CODE § 5-360-100.)

- Washington has adopted the AAFCO terms and definitions as well as its guarantee, vitamin, and labeling provisions. (WASH. ADMIN. CODE 16-252-010, *et seq.*)
- West Virginia has adopted AAFCO's Official Pet Food Regulations published in the 2004 edition of the Official Publication. (W.VA. CODE ST. R. § 61-5-2.)
- Wisconsin allows pet foods to use "common or usual" names or AAFCO's official names. (WIS. ADMIN. CODE § 42.32.)

## Appendix D
## State Law Exemptions for Authorized Conduct

- California law provides that "[a]cts that the legislature has determined to be lawful may not form the basis for an action under the unfair competition law." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 541-42 (Cal. 1999).

- The Indiana Deceptive Consumer Sales Act expressly does not apply to "an act or practice that is (1) required or expressly permitted by federal law, rule, or regulation; or (2) required or expressly permitted by state law, rule, regulation, or local ordinance." (IND. CODE § 24-5-0.5-6.)

- The Kansas Consumer Protection Act does not apply when a more specific statute deals with the subject. *Chelsea Plaza Homes, Inc. v. Moore*, 601 P.2d 1100, 1102 (Kan. 1979).

- The Massachusetts Regulation of Business Practices for Consumer Protection does not apply to "transactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the commonwealth or of the United States." (MASS. GEN. LAWS ch. 93A § 3.)

- The Michigan Consumer Protection Act does not apply to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." (MICH. COMP. LAWS § 445.904.)

- The Nebraska Consumer Protection Act "shall not apply to actions or transactions otherwise permitted, prohibited, or regulated under laws administrated by . . . any other regulatory body or officer acting under statutory authority of this state or the Untied States." (NEB. REV. STAT. § 59-1617.)

- Nevada's Deceptive Trade Practices statute does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state, or local governmental agency." (NEV. REV. STAT. § 598-0955.)

- New York law holds that it is a "complete defense" to a consumer protection act claim "that the act or practice . . . complies with the rules and regulations of, and the statutes administered by, . . . any official department, division, commission or agency of the United States . . ." (N.Y. GENERAL BUSINESS LAW § 349(d).)

- The Ohio Consumer Sales Practices Act does not apply to "[a]n act or practice required or specifically permitted by or under federal law." (OHIO REV. CODE ANN. § 1345.12.)

- The Oklahoma Consumer Protection Act does not apply to "[a]ctions or transactions regulated under laws administered by . . . any other regulatory body or officer acting under statutory authority of this state or the United States . . ." (OKLA. STAT. tit. 15, § 754(2).)

- The Tennessee Consumer Protection Act do not apply to "[a]cts or transactions required or specifically authorized under the laws administered by, or rules and regulations promulgated by, any regulatory body or officers acting under the authority of this state or of the United States." (TENN. CODE ANN. § 47-18-111(a)(1).)

- The Virginia Consumer Protection Act provides that "[n]othing in this chapter shall apply to any aspect of a consumer transaction which aspect is authorized under laws or regulations of this Commonwealth or the United States, or the formal advisory opinions of any regulatory body or official of this Commonwealth or the United States." (VA. CODE ANN. § 59.1-199(A).)

- The Washington Consumer Protection Act does not apply to "actions or transactions otherwise permitted, prohibited or regulated under laws administered by . . . any other regulatory body or officer acting under statutory authority of this state or the United States." (WASH. REV. CODE ANN. § 19.86.170.)

## Appendix E
## Breach of Warranty Claims

- **Arizona**: *Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 171 (Ariz. Ct. App. 2006) ("privity of contract is required to maintain an action for breach of an implied warranty");

- **California**: *Torres v. City of Madera*, No. Civ. 02-6385, 2005 WL 1683736, *16 (E.D. Cal. July 11, 2005) ("plaintiff alleging breach of warranty claims must stand in 'vertical privity' with the defendant");

- **Kansas**: *Postal Presort, Inc. v. Midwest Single Source, Inc.*, 130 P.3d 1247, **7-8 (Kan. Ct. App. 2006) (privity is required to claim breach of express or implied warranties if the product is not inherently dangerous and the claim is for economic loss);

- **Michigan**: *Pidcock v. Ewing*, 371 F. Supp. 2d 870, 877-78 (E.D. Mich. 2005) (granting summary judgment for defendant with respect to warranty claims for lack of privity);

- **New York**: *Kolle v. Mainship Corp.*, No. 04-CV-711, 2006 WL 1085067, *5 (E.D.N.Y. Apr. 20, 2006) ("New York law requires privity in order for Plaintiff to assert a breach of an implied warranty claim");

- **Ohio**: *Johnson v. Monsanto Co.*, No. 11-02-02, 2002 WL 2030889, **2-3 (Ohio Ct. App. Sept. 6, 2002) ("Appellants are precluded from raising claims founded on UCC implied warranty theories for want of privity");

- **Oklahoma**: *Hardesty v. Andro Corp.-Webster Div.*, 555 P.2d 1030, 1033-34 (Okla. 1976) (privity required where plaintiff seeks economic damages);

- **Tennessee**: *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) ("a plaintiff may not maintain a claim for purely economic losses absent contractual privity with the party charged with responsibility for those losses");

- **Washington**: *Fortune View Condo. Assoc. v. Fortune Star Dev't Co.*, 90 P.3d 1062, 1064-65 (Wash. 2004) (privity required for implied warranty claims);

- **Wisconsin**: *Northridge Co. v. W.R. Grace & Co.*, 471 N.W.2d 179, 187 n.15 (Wis. 1991) (dismissing plaintiffs' implied warranty claim because "[t]he plaintiffs in this case did not allege privity in their complaint").