UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
Individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al,*

    Defendants.
_____/

## PLAINTIFFS' RESPONSE TO JURISDICTIONAL DEFENDANTS' MOTION FOR RECONSIDERATION

Plaintiffs, Renee Blaszkowski, *et al.,* hereby respond to the Jurisdictional Defendants' Motion for Reconsideration and state:

When this lawsuit was first filed, the Plaintiffs' counsel, Catherine MacIvor,[1] advised defense counsel that should any party believe that they are not a proper party to the lawsuit, any Defendant should forward a declaration or affidavit to her for consideration. No Defendant ever did so, although several provided information which has led to several voluntary dismissals for various reasons.[2] [*See e.g.,* DE 26, 189, 194].

Despite the fact that the Plaintiffs' counsel had requested information concerning whether any party believed that it should not be made a party to the lawsuit shortly after the suit was

---

[1] Ms. MacIvor is currently out of the office with limited computer availability.

[2] Counsel for Nestle USA, Nestle SA and Nestle Purina Petcare provided only a letter with some information several months after such information was initially requested and promised as to Nestle USA. The Plaintiffs are not aware of any other Jurisdictional Defendant which attempted to provide any information whatsoever for the Plaintiffs consideration prior to filing the Motion to Dismiss, except certain information from Meijer, which resulted in a voluntary dismissal, Mars, which resulted in a voluntary dismissal as well, and Winn Dixie, which also resulted in a voluntary dismissal. Pet Supplies Plus provided an affidavit on the day that the motion to dismiss was filed.

1
CASE NO. 07-21221 ALTONAGA/Turnoff

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

filed, and the fact that the Amended Complaint was filed on July 25, 2007 [DE 153], the Plaintiffs were not made aware of <u>any</u> personal jurisdiction objections from any Jurisdictional Defendant, except those referenced in footnote 2 *supra*, until September 20, 2007, when the Defendants initial motion to dismiss was filed with additional separate motions to dismiss as to personal jurisdiction. [DE 212]. Between ten (10) to twelve (12) business days after the initial and separate motions to dismiss were filed, and after the Plaintiffs had a few days to first analyze the information in the motions and supporting materials, the Plaintiffs' counsel made telephone calls and sent e-mails regarding whether the Jurisdictional Defendants would agree, or oppose, personal jurisdiction discovery. Many of the Jurisdictional Defendants responded shortly before the second motion to dismiss was filed on October 12, 2007. [DE 232]. The Plaintiffs were in the process of attempting to determine the remaining parties' positions prior to filing a Motion for Leave for Personal Jurisdiction at the time that the Court granted leave for personal jurisdiction discovery.[3]

At the July 6, 2007, status conference, this Court indicated that discovery would be stayed pending an agreement as to a preservation of evidence order.[4] Given the fact that discovery has been stayed, the Defendants have either refused or failed to provide mandatory disclosure that complies with Rule 26 and many only recently provided corporate disclosure statements. The Jurisdictional Defendants are thus fully aware that the Plaintiffs have had no opportunity whatsoever to obtain information to use to refute personal jurisdiction allegations from the Jurisdictional Defendants and have only recently obtained any information from them

---

[3] In order to avoid unnecessary motion practice, this Court also granted relief in favor of the defendants without the defendants filing a motion, e.g., a stay of discovery.

[4] No such agreement or order has been agreed upon by the parties for a number or reasons that are irrelevant to this Motion.

regarding personal jurisdiction from which the Plaintiffs can determine whether to dismiss them or to pursue limited discovery.[5]

Personal jurisdiction discovery is warranted in this case.[6] Since discovery has been stayed, the Plaintiffs have no other method or means to test the veracity of the Defendants' claims that there is no personal jurisdiction other than by limited personal jurisdiction discovery. For example, in support of its motion to dismiss for lack of personal jurisdiction based upon purported insufficient contacts with the State of Florida, Kroger has admitted it has sales operations in the State of Florida. *See* Exhibit "I" to Defendants' Motion to Dismiss [DE 232].[7] According to information available on the internet, Kroger has both Tom Thumb convenience stores in Florida which sell pet food and also operates jewelry stores in Florida.[8] In another example, New Albertson's proclaims not to conduct any business and that it maintains no office or employees in Florida. *See* Exhibit "G" to Defendants' Motion to Dismiss [DE 232]. New Albertson's is, however, registered to do business in Florida. *See* Exhibit "G" to Defendants' Motion to Dismiss [DE 232]. An "Affidavit of Officer/Director" filed by New Albertson's with the Department of State in Florida, reflects that in 2006 New Albertson's had company officers designated for Florida operations. *See* Exhibit "1" listing "Richard R. Bunnell – VP Regional Supply Chain, Florida, Eastern Division" and "Gerald L. Melville, VP Florida Area, Eastern

---

[5] The Plaintiffs have voluntarily dismissed several parties who provided information that supported a basis for dismissing them without prejudice and had hoped that in the spirit of cooperation the same could occur with all defendants. [DE 26, 189,194].

[6] The Jurisdictional Defendant, Nestle S.A., offers no authority to support the argument that the Motion to Quash should be decided before Nestle S.A. is subject to any jurisdictional discovery. The thrust of Nestle S.A's argument, is that service is improper because the documents were not translated. In any event, Nestle S.A. voluntarily accepted service of the summons and complaint. In *Greenfield v. Suzuki Motor Co., Ltd.*, 776 F.Supp. 698, 702-703 (E.D.N.Y 1991) the Court ruled that such service is proper under the Hague Convention paragraph 2 of Article 5 as voluntary service.

[7] Kroger states in this affidavit than less than 1% of its sales stem from sales in Florida. However, with a reported $66 billion dollar revenue for 2006 this argument is far less convincing than it first seems. See http://money.cnn.com/magazines/fortune/fortune500/snapshots/1370.htm.

[8] See http:www.thekrogerco.com/finance/documents/SectionII-2.pdf.

Division." These are a few examples demonstrating that further exploration of these Defendants' operations in Florida will likely show that there is specific and/or general jurisdiction over the Jurisdictional Defendants.

The Plaintiffs have no intention of engaging in an extensive or expensive fishing expedition as the Jurisdictional Defendants suggest, but require some discovery to defend the Jurisdictional Defendants' Motion to Dismiss as to lack of personal jurisdiction. Such a request is particularly appropriate where, as here, it is timely, no discovery has been allowed, the Jurisdictional Defendants have refused to provide proper mandatory disclosure in compliance with Rule 26 (even prior to the stay), and where the Plaintiffs must refute a motion seeking dismissal based upon lack of personal jurisdiction. The Jurisdictional Defendants have cited *Mother Doe v. Maktom*, 2007 U.S. Dist. LEXIS 54918 (S.D. Fla. 2006) as alleged support for briefing on the issue of personal jurisdiction and as support that such limited discovery should not be allowed despite the stay of discovery in this case. Unlike the instant case, however, in *Mother Doe,* the Plaintiffs waited until their sur-reply to raise a request for personal jurisdiction discovery *if* the Court found that their personal jurisdiction allegations were insufficient to withstand a Motion to Dismiss. *Mother Doe* at *35. The Plaintiffs in *Mother Doe* had also entered into an agreement with the defendants not to take any discovery until after the Court ruled on Defendants' Motion to Dismiss. See *Mother Doe* at *43. None of those facts are present here where the Plaintiffs sought an agreement as to the limited discovery requested and planned to seek leave from the Court prior to responding to the Defendants' Motion to Dismiss. Moreover, as discussed *supra*, the Plaintiffs have actively pursued personal jurisdiction directly from the Defendants prior to the time that they even filed a motion to dismiss.

4
CASE NO. 07-21221 ALTONAGA/Turnoff

The remaining cases cited by the Jurisdictional Defendants for the proposition that discovery should not be allowed are also distinguishable. In contrast to the Plaintiffs efforts to gain personal jurisdiction information early in this case, the Plaintiff in *Instabook v. Instantpublisher.com*, 469 F.Supp.2d 1120 (M.D. Fla. 2006) and *Home Design Services, Inc. v. Banyan Construction and Development Inc.*, 2007 U.S. Dist. LEXIS 43634 (M.D. Fla. 2007), made general requests for discovery in response to the defendants motions to dismiss. Here, the Plaintiffs' have made a timely effort to obtain personal jurisdiction information within the bounds of the stay in discovery and have specifically requested the Jurisdictional Defendants to agree to same, have indicated that they would seek leave for same, have now briefed why the Plaintiffs need jurisdictional discovery and have stated that such limited discovery would be absolutely necessary given the stay currently in effect. The cases cited by the Jurisdictional Defendants are not comparable to the facts of this case at all. Specifically, in each of these cases there is no indication that there was a stay of discovery and the Plaintiffs are criticized for delays in seeking same.[9]

Despite the fact that the Jurisdictional Defendants have filed documents with the Court that tend to support, rather than negate, personal jurisdiction, they argue that the Plaintiffs should have no opportunity to refute the facts in the documents filed in support of their motion because personal jurisdiction was not adequately plead.  At best, this is a form over function argument because even if the Jurisdictional Defendants are correct and the allegations are not fully and completely articulated, the Plaintiffs would certainly be able to amend their pleading to assert personal jurisdiction and personal jurisdiction discovery would still be needed because the Plaintiffs have no other means to obtain the information based upon the stay currently in effect.

---

[9] Except *Mother Doe*, to the extent that Plaintiffs agreed with the Defendants not to take discovery prior to the Motion to Dismiss. *Mother Doe* at *43.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

It is well-established that there is a qualified right to personal jurisdiction discovery in this jurisdiction. *See Mother Doe* at *39 *citing Eaton v. Dorchester Development Inc*., 629 F.2d 727, 730-31 (11th Cir. 1982). In *Eaton* the Court held that the district court's dismissal for lack of subject matter jurisdiction was *premature* and that the "[p]laintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction…'the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.'" (citation omitted) *Eaton* at 731. Because the Plaintiffs have shown a timely effort to seek personal jurisdiction information, to work with the Defendants to determine jurisdictional issues as well and have given examples of how company information available to the Plaintiffs' will show specific or general jurisdiction over the Jurisdictional Defendants, the Plaintiffs request that they be allowed to pursue personal jurisdiction discovery prior to the Court's ruling on the Motion to Dismiss and without the necessity of further briefing on this issue in even more detail. A further briefing of the Plaintiffs' right to take personal jurisdictional discovery at greater length than already discussed in the Motion for Reconsideration by the Defendants and by this Response will only further delay the Plaintiffs' ability to adequately and properly respond to the Defendants lengthy Motion to Dismiss and result in the further delay of the prosecution of this case. Moreover, given the above authority specifically authorizing personal jurisdiction discovery under the circumstances presented here, the Jurisdictional Defendants appear to be seeking briefing on the matter to delay the discovery to prevent the Plaintiffs from obtaining the information that they need to oppose their Motions.

WHEREFORE, the Plaintiffs respectfully request this Court to enter an Order denying the Jurisdictional Defendants Motion for Reconsideration for all of the reasons set forth above and for all other relief that the Court deems just and proper.

Dated: October 25, 2007
      Miami, FL

/s/  Bjorg Eikeland
_____

CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
BJORG EIKELAND (FBN 037005)
beikeland@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 25 day of October 2007. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                S/   Bjorg Eikeland
                                _____
                                Bjorg Eikeland

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Turnoff**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

**PHILIP A. SECHLER**
psechler@wc.com
**THOMAS G. HENTOFF**
thentoff@wc.com
**DANE H. BUTSWINKAS**
dbutswinkas@wc.com
**CHRISTOPHER M. D'ANGELO**
cdeangelo@wc.com
**PATRICK J. HOULIHAN**
phoulihan@wc.com
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
Tel: 202.434.5459 / Fax: 202.434.5029
*Attorneys for Defendant Mars, Inc.*

**MARK C. GOODMAN**
mgoodman@ssd.com
**JOHN B.T. MURRAY**
jbmurrary@ssd.com
Squire Sanders & Demspey, LLP
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, Florida 33401
Tel: 561.650.7200 / Fax: 561.655-1509
*Attorney for Defendant Target Corp.*

**OMAR ORTEGA**
oortega@dortaandortega.com
Dorta and Ortega, P.A.
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Tel: 305-461-5454 / Fax: 305-461-5226
*Attorneys for Defendant Mars, Inc.*

**ALAN GRAHAM GREER**
agreer@richmangreer.com
Richman Greer Weil Brumbaugh
 Mirabito & Christensen
201 South Biscayne Boulevard – STE 1000
Miami, Florida 33131
Tel: 305.373.4010 / Fax: 305.373.4099
*Attorneys for Defendant Proctor and Gamble Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: 212.839.7336 / Fax: 212.839.5599
*Attorneys for Defendant Colgate Palmolive Company and Hill's Pet Nutrition, Inc.,*

| | |
|---|---|
| **D. JEFFREY IRELAND**<br>djireland@ficlaw.com<br>**BRIAN D. WRIGHT**<br>bwright@ficlaw.com<br>**LAURA A. SANOM**<br>lsanom@ficlaw.com<br>Faruki Ireland & Cox P.L.L.<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow St.<br>Dayton, OH 45402<br>Tel: 937.227.3710 / Fax: 937.227.3717<br>*Attorneys for Defendant Proctor and Gamble Co.* | **OLGA M. VIEIRA**<br>ovieira@carltonfields.com<br>**BENJAMINE REID**<br>breid@carltonfields.com<br>Carlton Fields, PA<br>100 SE 2nd Street - #4000<br>Miami, FL 33131<br>Tel: 305.530.0050 / Fax:<br>*Attorneys for Defendant Colgate Palmolive Company* |
| **SHERRIL M. COLOMBO**<br>scolombo@cozen.com<br>Cozen O'Connor<br>200 South Biscayne Boulevard<br>Suite 4410<br>Miami, Florida 33131-2303<br>Tel: 305.704.5945 / Fax: 305.704.5955<br>*Attorneys for Defendant Del Monte Foods, Co.* | **KARA L. McCALL**<br>kmccall@sidley.com<br>Sidley Austin, LLP<br>One South Dearborn<br>Chicago, Illinios  60603<br>Tel: 312.853.2666 / Fax:<br>*Attorneys for Defendant Colgate Palmolive Company* |
| **JOHN J. McDONOUGH**<br>jmcdonough@cozen.com<br>**RICHARD FAMA**<br>rfama@cozen.com<br>Cozen O'Connor<br>45 Broadway<br>New York, NY  10006<br>Tel: 212.509.9400 / Fax: 212-509.9492<br>*Attorneys for Defendant Del Monte Foods Co.* | **ROBERT C. TROYER**<br>rctroyer@hhlaw.com<br>Hogan & Hartson LLP<br>One Tabor Center -Suite 1500<br>1200 Seventeenth Street<br>Denver, CO 80202<br>Tel: 303-899-7300 / Fax: 303-899-7333<br>*Attorneys for Nestle U.S.A., Inc.* |
| **JOHN F. MULLEN**<br>jmullen@cozen.com<br>Cozen O'Connor<br>The Atrium – 3rd Floor<br>1900 Market Street<br>Philadelphia, PA  19103<br>Tel: 215.665.2179 / Fax: 215.665.2013<br>*Attorneys for Defendant Del Monte Foods Co.* | **MIRANDA L. BERGE**<br>mlberge@hhlaw.com<br>**CRAIG A. HOOVER**<br>cahoover@hhlaw.com<br>Hogan & Hartson, LLP<br>555 13th Street, NW<br>Washington, DC  20004<br>Tel: 202.637.5600 / Fax: 202.637.5910<br>*Attorneys for Nestle U.S.A., Inc.* |

**CHARLES ABBOTT**
cabbott@gibsondunn.com
**BEN BRODERICK**
bbroderick@gibsondunn.com
**GARY L. JUSTICE**
gjustice@gibsondunn.com
**WILLIAM EDWARD WEGNER**
wwegner@gibsondunn.com
**GAIL E. LEES**
glees@gibsondunn.com
Gibson Dunn & Crutcher L.L.P
333 S. Grand Avenue -Suite 4600
Los Angeles, CA 90071
Tel: 213.229.7887 / Fax: 213.229.6887
*Attorneys for Defendant Nutro Products Inc.*

**MARTY STEINBERG**
msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
ariviere-badell@hunton.com
Hunton & Williams, LLP
1111 Brickell Avenue - #2500
Miami, Florida  33131
Tel: 305.810.2500 / Fax: 305.810.2460
*Attorneys for Defendant Nutro Products Inc.*

**JOHN B. T. MURRAY, JR.**
jbmurray@ssd.com
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive - #1900
West Palm Beach, Florida 33401
Tel: 561.650.7200 / Fax: 561.655.1509
*Attorneys for Defendants Petco Animal Supplies, Inc. and Wal-Mart Stores, Inc.*

**CAROL A. LICKO**
calicko@hhlaw.com
Hogan & Hartson L.L.P
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: 305.459.6500 / Fax: 305.459.6550
*Attorneys for Nestle U.S.A., Inc.*

**HUGH J. TURNER JR.**
Hugh.turner@akerman.com
Akerman Senterfitt & Eidson
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301-2229
Tel: 954.463.2700 / Fax: 954.463.2224
*Attorneys for Defendant Publix Supermarkets, Inc.*

**ROLANDO ANDRES DIAZ**
rd@kubickidraper.com
**MARIA KAYANAN**
mek@kubickidraper.com
**CASSIDY YEN DANG**
cyd@kubickidraper.com
Kubicki Draper, P.A.
25 West Flagler Street - Penthouse
Miami, Florida 33130
Tel: 305.982.6722 / Fax: 305.374.7846
*Attorneys for Defendant Pet Supermarket, Inc.*

**ROBIN LEA HANGER**
rlhanger@ssd.com
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Boulevard – 40th Floor
Miami, Florida 33131-2398
Tel: 305.577.7040 / Fax: 305.577.7001
*Attorneys for Defendants Petco Animal Supplies, Inc. and Wal-Mart Stores, Inc.*

**ALEXANDER SHAKNES**
Alex.shaknes@dlapiper.com
**AMY W. SCHULMAN**
Amy.schulman@dlapiper.com
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4829 / Fax: 212.884.8629
*Attorneys for Menu Foods Income Fund and Menu Foods, Inc.*

**WILLIAM C. MARTIN**
William.martin@dlapiper.com
DLA PIPER US LLP
203 North LaSalle Street - #1900
Chicago, Illinois 60601-1293
Tel: 312.368.3449 / Fax: 312.630.7318
*Attorneys for Menu Foods Income Fund and Menu Foods, Inc.*

**MICHAEL K. KENNEDY**
mkk@gknet.com
**MICHAEL R. ROSS**
mrr@gknet.com
Gallagher and Kennedy, PA
2575 E. Camelback Road - #1100
Phoenix, Arizona 85016
Tel: 602.530.8504 / Fax: 602.530.8500
*Attorneys for Defendant Petsmart, Inc.*

**RALPH G. PATINO**
rpartino@patinolaw.com
**DOMINICK V. TAMARAZZO**
dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
csalup@patinolaw.com
Patino & Associates, PA
225 Alcazar Avenue
Coral Gables, Florida 33134
Tel: 305.443.6163 / Fax: 305.443.5635
*Attorneys for Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**C. RICHARD FULMER, JR.**
rfulmer@FulmerLeRoy.com
Fulmer Leroy Albee Baumann & Glass, PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Tel: 954.707.4430 / Fax: 954.707.4431
*Attorneys for The Kroger Co.*
**JAMES K. REUSS, ESQ.**
jreuss@lanealton.com
Lane Alton & Horst, LLC
Two Miranova Place, Suite 500
Columbus, Ohio 43215
Tel: 614.233.4719
*Attorneys for The Kroger Co.*

**ROBERT A. VALEDEZ**
rvaladez@shelton-valadez.com
**JAVIER T. DURAN**
jduran@shelton-valadez.com
Shelton & Valadez
600 Navarro, Suite 500
San Antonio, RX 78205
Tel: 954.759.8930 / Fax: 954-847-5365
*Attorneys for H.E. Butt Grocery Company*

**MARCOS DANIEL JIMENEZ**
mjimenez@kennynachwalter.com
**ROBERT J. ALWINE**
ralwine@kennynachwalter.com
Kenny Nachwalter, PA
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Tel: 305.373.1000 / Fax: 305.372.1861
*Attorneys for Safeway Inc. and The Stop and Shop Supermarket Company, LLC*

**CRAIG KALIL**
ckalil@aballi.com
Aballi Milne Kalil & Escagedo, PA
2250 Sun Trust International Center
One SE 3rd Avenue
Miami, Florida 33131
Tel: 305.372.5924 / Fax: 305.373.7929
*Attorneys for Albertson's LLC and New Albertson's, Inc.*

**JASON JOFFE**
jjoffe@ssd.com
Squire Sanders & Dempsey, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Tel: 305.577-7000 / fax: 305.577.7001
*Attorneys for Meijer, Inc.*