UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, PATRICIA DAVIS, *et. al.*,
individually and on behalf of others
similarly situated,
                    Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

                    Defendants.
_____/

## JURISDICTIONAL DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR RECONSIDERATION

Defendants, Nestlé S.A.; Meijer Inc.; Pet Supplies "Plus"; Pet Supplies PLUS/USA, Inc.;

H.E. Butt Grocery Company; The Kroger Co. of Ohio; New Albertsons, Inc.; Safeway Inc.; and

The Stop & Shop Supermarket Company LLC (collectively the "Jurisdictional Defendants"),

respectfully submit their reply memorandum in support of their motion to have the Court

reconsider that portion of its order dated October 19, 2007 (D.E. 243) which allows Plaintiffs to

commence jurisdictional discovery.[1]

In their Response to Jurisdictional Defendants' Motion for Reconsideration (D.E. 247)

("Response"), Plaintiffs miss the point. Simply put, they have not made the threshold showing

necessary to support the taking of jurisdictional discovery in this case. Their Corrected

Amended Class Action Complaint ("Amended Complaint") does not contain any allegations

supporting personal jurisdiction over the Jurisdictional Defendants. Their Response, which was

1

yet another opportunity for Plaintiffs to set forth a basis for personal jurisdiction, also lacks any information supporting personal jurisdiction over any of the Jurisdictional Defendants. Accordingly, Plaintiffs have failed to make the required threshold showing and should be denied jurisdictional discovery.

I.      **The Right to Jurisdictional Discovery is a *Qualified* Right, and Plaintiffs Have Failed to Establish Their Entitlement to Such Discovery.**

The right to jurisdictional discovery into a non-resident defendant's contacts with a forum state is a *qualified* one. *See Mother Doe I v. Maktoum*, No. 06-22253, 2007 WL 2209258, *9 (S.D. Fla. July 30, 2007). The right is qualified because a plaintiff is required to allege some basis for personal jurisdiction over a non-resident defendant in the operative complaint and the permissible scope of the jurisdictional discovery is limited to those jurisdictional allegations. *See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (when "a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery"); *Instabook Corp. v. Instantpublisher.com*, 469 F.Supp.2d 1120, 1127 (M.D. Fla. 2006)(plaintiff must "explain[] how such discovery would bolster its contentions" regarding personal jurisdiction). This is to prevent what the Plaintiffs in this case are attempting -- to ignore their obligation to allege personal jurisdiction and then conduct time-consuming and costly discovery with the hope of finding a basis for it. *See Home Design Services, Inc. v. Banyan Constr. and Dev., Inc.*, No. 5:07-cv-5-Oc-10GRJ, 2007 WL 1752435, *4 (M.D. Fla. June 15, 2007) (denying jurisdictional discovery because "the request is wholly speculative and amounts simply to the request to conduct a fishing expedition").

---

[1] The Jurisdictional Defendants are specially appearing for the limited purpose of filing the Consolidated Motion to Dismiss on jurisdictional and other grounds, and related matters such as this reply memorandum, and without submitting to the jurisdiction or venue of this Court.

In this case, Plaintiffs have not alleged *any* basis for personal jurisdiction over the Jurisdictional Defendants in their Amended Complaint, and to date, have not even attempted to articulate any basis for personal jurisdiction. Instead, in their Response, Plaintiffs incorrectly contend that a "timely" request to take jurisdictional discovery entitles them to take such discovery. *See* Resp. at 4 ("in *Mother Doe* the plaintiffs waited until their sur-reply to raise a request for personal jurisdiction"); Resp. at 5. ("The cases cited by the Jurisdictional Defendants are not comparable to the facts of this case at all. Specifically, in each of these cases there is no indication that there was a stay in discovery and the Plaintiffs are criticized for delays in seeking same").

The issue here is not timeliness, but *entitlement* – that is, whether Plaintiffs have made the required threshold showing to warrant personal jurisdiction discovery. Plaintiffs have not made *any* such showing. Plaintiffs believe that they can first take discovery, and *then* allege a basis for personal jurisdiction if one exists. They go so far as to claim that the Jurisdictional Defendants have made "a form over function argument because even if the Jurisdictional Defendants are correct and the allegations are not fully and completely articulated, the Plaintiffs would certainly be able to amend their pleading to assert personal jurisdiction and personal jurisdiction discovery would still be needed because the Plaintiffs have no other means to obtain the information based on the stay currently in effect." Resp. at 5. Plaintiffs have it backwards. As the case law makes clear, they must first allege a basis for personal jurisdiction and then seek discovery if needed.

Furthermore, Plaintiffs claim that they need jurisdictional discovery to rebut the affidavits submitted on behalf of the Jurisdictional Defendants. This approach entirely ignores Plaintiffs' burden to allege a basis for the assertion of personal jurisdiction in the first place. Plaintiffs'

3

failure to meet their pleading burden underlies the Jurisdictional Defendants' motion to dismiss the Amended Complaint. *See* D.E. 232, at 8-37.

To be sure, in the Response, Plaintiffs address two of the nine Jurisdictional Defendants seeking dismissal – The Kroger Co. of Ohio ("Kroger") and New Albertsons, Inc. ("New Albertsons"). In the case of Kroger, plaintiffs make passing reference to Tom Thumb convenience stores, without, once again, alleging or contending – indeed, not even hinting at – any connection or nexus between Kroger and the claims of any particular plaintiff.[2] Plaintiffs also discount Kroger's affidavit evidence that, even considering subsidiary corporate revenue, the Florida sales of Kroger and its subsidiary corporations account for less than 1.0% of total sales. Yet plaintiffs offer no argument, nor cite any case law, to suggest that such limited sales activity below the 5% threshold recognized by this Court in *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp.2d 1292 (2007), should support jurisdiction in this case.

Likewise, in the case of New Albertsons, Plaintiffs do not assert that New Albertsons sells pet food or conducts any retail operations in Florida. Instead, Plaintiffs attach a 2006 Affidavit of Officer and Director change from New Albertsons that lists two New Albertsons company officers with Florida titles. Resp. at 3-4. Putting aside the fact that this document has nothing to do with the issue whether Plaintiffs adequately met their initial pleading burden, the Officer and Director listing was filed just two months after the sale of Albertsons, Inc. and the inclusion of the two officers was the result of a clerical oversight. *See* Affidavit of Julie T. Backe

---

[2] Tom Thumb Food Stores are operated by Junior Food Stores of West Florida, Inc. ("JFS"), an indirect or tertiary subsidiary of Kroger, which maintains its separate management structure and owns its own assets.

at ¶ 2 ("Backe Aff. at ¶ __") (attached hereto as Exhibit A). New Albertsons' 2007 filing, and its current roster of officers and directors, contain a correct list. *See Id.* at ¶ 1, Exh. A.[3]

In their Response, the Plaintiffs claim to have given examples "of how company information available to the Plaintiffs will show specific or general jurisdiction over the Jurisdictional Defendants." Resp. at 6. Certainly, these irrelevant references to Kroger and New Albertsons are not examples of information supporting personal jurisdiction. Moreover, Plaintiffs do not even bother to give any information with respect to the remaining seven Jurisdictional Defendants.

## II.    Plaintiffs Must Establish Effective Service of Process on Nestlé S.A. Before Nestlé S.A. Can Be Subjected To Jurisdictional Discovery, and They Cannot Do So.

Plaintiffs suggest that Nestlé S.A.'s pending motion to quash service of process should have no bearing on the Court's decision to allow jurisdictional discovery. However, it is axiomatic that Plaintiffs must establish that service of process was properly effectuated on Nestlé S.A. before Nestlé S.A. can be subjected to jurisdictional discovery. *See Giar v. Centea, Div. of KBC Bank, NV*, 2003 WL 1900836, *2 (S.D.N.Y. Apr. 13, 2003) (denying jurisdictional discovery where service on defendant found to be ineffective); *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 555 (N.D. Cal. 2003) (same). *See also Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007) (unless the procedural requirements of effective service of process have been satisfied, the court lacks personal

---

[3] Mr. Bunnell became an employee of Albertsons LLC in June 2006. *See* Backe Aff. at ¶ 3. Mr. Bunnell is currently Albertsons LLC's Vice-President Regional Supply Chain, Florida, Eastern Division and works in Plant City, Florida. *Id.* at ¶ 1, Exh. A. He does not and has not worked for New Albertsons. *Id.* ¶ at 3. The second individual, Mr. Melville, used to work for Albertsons, Inc. in Florida prior to the June 2006 sale of the company but relocated to Pennsylvania shortly prior to the sale, and prior to the filing of the 2006 Affidavit. *Id.* at ¶ 4. He is currently the Senior Vice-President Operations, Eastern Division, for New Albertsons and is based in Pennsylvania. *Id.* His Eastern Division responsibilities do not include Florida, as New Albertsons does not own or operate any Albertsons stores in the state. *Id.* at 5.

jurisdiction to act with respect to that defendant at all). Thus, contrary to Plaintiffs' suggestion, this Court should not grant Plaintiffs leave to conduct jurisdictional discovery before ruling on Nestlé S.A.'s motion to quash.

Moreover, as explained in its motion to quash, Nestlé S.A. has *not* been properly served in this action because Plaintiffs have failed to serve Nestlé S.A., a Swiss corporation, with translations of the summons and complaint as required by the Hague Convention. *See* D.E. 232-2 at 6-7 (citing *Am. River Transp. Co. v. M/V BOW LION*, Nos. Civ.A. 03-1306, Civ.A. 03-1594, Civ.A. 03-1797, Civ.A. 03-1864, Civ.A. 03-2003, 2004 WL 764181, *2 (E.D. La. Apr. 7, 2004); *Froland v. Yamaha Motor Co.*, 296 F. Supp. 2d 1004, 1008 (D. Minn. 2003); *Foster v. Dentaurum, Inc.*, Civ. A. No. 85-4432, 1986 WL 20900, *1 (D. Kan. June 27, 1986)). Contrary to Plaintiffs' assertion and, unlike the case cited by Plaintiffs (*Greenfield v. Suzuki Motor Co.*, 776 F. Supp. 698 (E.D.N.Y. 1993)), Nestlé S.A. has *not* voluntarily accepted service in this case. As the Receipt from the Swiss Central Authority reflects, Nestlé S.A. merely signed a receipt of delivery of the documents forwarded by the Swiss Central Authority; it did *not* thereby voluntarily accept service or waive any objections to Plaintiffs' failure to comply with the requirements of the Hague Convention, including the translation requirement. *See* Exhibit B (containing only a space for a signature and setting forth no language regarding acceptance of service or waiver of objections). Further, as soon as it was determined that Plaintiffs' attempted service on Nestlé S.A. did not comply with the Hague Convention, counsel for Nestlé S.A. promptly notified Plaintiffs' counsel of its objection and has continued to assert that objection in its motion to quash.

Indeed, to find otherwise – that is, to hold that Nestlé S.A. waived its objections to defective service merely by taking delivery of the documents – would fly in the face of federal law regarding service. *See Am. River Transp.*, 2004 WL 764181, *2 (translation and other

6

requirements of Hague Convention must be met unless defendant expressly waives service requirements). *See also Giorgio Morandi, Inc. v. Texport Corp.*, No. 88 CIV. 4780, 1989 WL 79732, *2 (S.D.N.Y. July 6, 1989) (rejecting argument that defendant waived its right to object to the manner of service by acknowledging receipt of summons and complaint); *Bernard v. Strang Air, Inc.*, 109 F.R.D. 336, 338 (D. Neb. 1985) (same). Similarly, courts routinely have found service to be defective under the Hague Convention where a plaintiff fails to serve a foreign defendant with translated documents – *without* requiring that a defendant reject the documents at the point of delivery or else waive its objections to that defect. *See, e.g., Teknekron Management, Inc. v. Quante Fernmeldetechnik GmbH*, 115 F.R.D. 175 (D. Nev. 1987); *Johnson v. Pfizer, Inc.*, 32 Conn. L. Rptr. 207 (Conn.Super. 2002).

## III.    Plaintiffs' Factual Representations Are Inaccurate.

The Jurisdictional Defendants feel compelled to address certain inaccurate representations in Plaintiffs' Response. To begin with, Plaintiffs assert that they sought information from the Defendants early on and offered to consider any Defendants' request for dismissal. Contrary to Plaintiffs' representation, Plaintiffs' counsel did not advise all the Jurisdictional Defendants that "should any party believe that they are not a proper party to the lawsuit, any Defendant should forward a declaration or affidavit to her for consideration," at least with respect to Safeway and Stop & Shop. Resp. at 1. Counsel for Safeway and Stop & Shop did not receive such a request from Plaintiffs' counsel and did not receive any request for jurisdictional discovery from Plaintiff's counsel. Indeed, Plaintiffs' counsel recently ignored an email sent by counsel for Safeway and Stop & Shop asking if Plaintiffs intended to seek jurisdictional discovery from them.

Even had all of the Jurisdictional Defendants received Plaintiffs' offer, it likely would have made no difference, in view of the way Plaintiffs' counsel responded to Nestlé S.A.'s

efforts. Counsel for Nestlé S.A. sent two letters to Plaintiffs' counsel explaining why Nestlé S.A. should be dismissed from the lawsuit on the basis of lack of personal jurisdiction. Instead of agreeing to dismiss Nestlé S.A., Plaintiffs' counsel advised that they would wait "to see" the motion to dismiss.

Plaintiffs' factual statements concerning their "voluntary dismissals" of other defendants for "jurisdictional reasons" are similarly off the mark. Plaintiffs "voluntarily dismissed" Winn Dixie Stores, Inc. as *required* on pain of sanctions under the automatic stay provisions of the Bankruptcy Code. *See* D.E. 26. Plaintiffs dismissed Doane Pet Care Enterprises, Inc. ("Doane") and Meijer Super Markets Inc., only because of corporate formalities. *See* D.E. 189 and D.E. 194. Doane was merged into Defendant Mars, Inc., which is still a party to this case. Likewise, Meijer Super Markets Inc. was merged with Defendant Meijer, Inc., which is still a party to this case.

Finally, plaintiffs' statements concerning the Jurisdictional Defendants' alleged failure to provide Fed.R.Civ.P. 26 disclosures are incomplete. As Plaintiffs state in their Response, the Court stayed discovery at the July 6, 2007 status conference. Thereafter, counsel discussed exchanging Rule 26 information. It was, and remains, the position of the Defendants that a stay of discovery operates to stay the disclosure requirements under Rule 26. *See Medhekar v. U.S. Dist. Ct. for the Northern Dist. of Cal.*, 99 F.3d 325 (9th Cir. 1996); *Hilliard v. Black*, 125 F.Supp.2d 1071 (N.D. Fla. 2000). The Defendants have even sent the *Medhekar* and *Hilliard* cases to Plaintiffs' counsel for their review. *See* Exhibit C (a true and correct copy of correspondence dated 8/27/07 between C. MacIvor and C. Licko). Though Plaintiff's counsel stated they would consider the cases provided, they did not pursue the matter further until referencing the Rule 26 disclosure in their Response to the Jurisdictional Defendants' Motion for Reconsideration over two months later. *Id.*

**IV.    The Jurisdictional Defendants Agree That No Further Briefing Is Necessary On These Issues.**

Plaintiffs suggest that the Court should determine whether Plaintiffs are entitled to commence jurisdictional discovery without need for further briefing on the issue. Resp. at 6. Given that Plaintiffs did not meet, nor did they make any effort to meet, the threshold showing required for personal jurisdiction discovery in the Amended Complaint, in their Motion for Enlargement, or in the Response to the Jurisdictional Defendants' Motion for Reconsideration, the Jurisdictional Defendants agree.[4]  Plaintiffs simply are not entitled to jurisdictional discovery given the record in this case.

However, if the Court prefers further briefing on this issue, the Jurisdictional Defendants respectfully request that Plaintiffs should be ordered to file their Motion for Leave for Personal Jurisdiction Discovery, which was never submitted to the Court.  The Jurisdictional Defendants will then respond and submit a memorandum in opposition to such Motion.

WHEREFORE the Jurisdictional Defendants respectfully request that the Court reconsider its Order and, in view of Plaintiffs' failure to make the requisite threshold showing, deny Plaintiffs' request to commence jurisdictional discovery.

---

[4] In their Motion for Reconsideration, the Jurisdictional Defendants requested an opportunity to fully present their objections to jurisdictional discovery and to be heard on the issue.  They are willing to stand on the cases cited in their Motion for Reconsideration and in this reply.  Contrary to Plaintiffs' false suggestion, the Jurisdictional Defendants are not seeking to delay any proceedings in this case.  *See* Resp. at 6.

Respectfully submitted,

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez (Fla. Bar No.441503 )
E-mail: mjimenez@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
E-Mail: ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendants Safeway Inc. and The Stop
& Shop Supermarket Company LLC*

/s/ Carol A. Licko
Carol A. Licko
Florida Bar Number 435872
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida  33131
Telephone:  305-459-6500
Fax:  305-459-6550
E-Mail:  calicko@hhlaw.com

Craig A. Hoover
Miranda L. Berge
**HOGAN & HARTSON L.L.P.**
555 Thirteenth Street, NW
Washington, D.C.  20004
Telephone:  202-637-5600
Fax:  202-637-5910
E-Mail:  cahoover@hhlaw.com
          mlberge@hhlaw.com

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, Suite 1500
Denver, CO  80202
Telephone:  303-899-7300
Fax:  303-899-7333
E-Mail:  rctroyer@hhlaw.com
*Attorneys for Nestlé S.A.*

10

/s/ Hugh J. Turner, Jr.
Hugh J. Turner, Jr.
Florida Bar Number 203033
**AKERMAN SENTERFITT**
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301-0006
Telephone: 954-759-8930
Fax: 954-847-5365
E-Mail: hugh.turner@akerman.com

*Attorney for H.E. Butt Grocery Company*


/s/ John Brian Thomas Murray, Jr.
John B. T. Murray, Jr.
Florida Bar Number 962759
**SQUIRE SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 S Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Fax: 561-655-1509
E-Mail: jbmurray@ssd.com

*Attorneys Meijer, Inc.*


/s/ Ralph G. Patino
Ralph G. Patino
Florida Bar Number 768881
Dominick V. Tamarazzo
Florida Bar Number 92835
Carlos B. Salup
Florida Bar Number 26952
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: 305-443-6163
Fax: 305-443-5635
E-Mail: rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Pet Supplies "Plus" and Pet Supplies
Plus/USA, Inc.*

11

/s/ Craig Kalil
Craig Kalil
Florida Bar No. 607282
Joshua D. Poyer
Florida Bar No. 653349
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: 305-373-6600
Fax: 305-373-7929
E-Mail: ckalil@aballi.com
jpoyer@aballi.com

W. Randolph Teslik
Andrew Dober
**AKIN GUMP STRAUSS HAUER & FELD**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: 202-887-4000
Fax: 202-887-4288
E-Mail: rteslik@akingump.com
adober@akingump.com

*Attorneys for New Albertsons, Inc.*

/s/ C. Richard Fulmer, Jr.
C. Richard Fulmer, Jr.
Florida Bar No. 0370037
**FULMER LeROY ALBEE BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-4430
Fax: 954-707-4431
E-Mail: rfulmer@Fulmer.LeRoy.com

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-Mail: jreuss@lanealton.com

*Attorneys for The Kroger Co. of Ohio*

12

## CERTIFICATE OF SERVICE

**I hereby certify** that on October 29, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

the counsel so indicated on the attached Service List.


/s/Marcos Daniel Jiménez_____
Marcos Daniel Jiménez

13

<u>**CERTIFICATE OF SERVICE**</u>

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

<u>**SERVICE LIST**</u>

Catherine J. MacIvor
E-mail:  cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:    jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., Target Corporation and Meijer,*
*Inc.*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Cassidy Yen Dang
E-mail:    cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

14

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
E-mail: William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Gary L. Justice
E-mail: gjustice@gibsondunn.com
Charles H. Abbott
E-mail: cabbott@gibsondunn.com
Gail E. Lees
E-mail: glees@gibsondunn.com
William Edward Wegner
E-mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated*
*and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: hugh.turner@akerman.com

*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail: msteinberg@hunton.com
Adriana Riviere-Badell
E-mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenute, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Christopher M. D'Angelo
E-mail: cdangelo@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005

*Attorneys for Defendants Mars, Incorported*
*and Mars Petcare U.S.*

15

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail: mdj@kennynachwalter.com
Robert J. Alwine II
E-mail: ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

16

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble*
*Co. and The Iams Co.*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@aballi.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Robert Valadez
E-mail: rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Jason Joffe
**SQUIRE SANDERS & DEMPSY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
E-mail: jjoffe@ssd.com

*Attorneys for Defendant Meijer, Inc.*