UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/Turnoff

**RENEE BLASZKOWSKI**, *et al.*,

    Plaintiffs,
vs.

**MARS INC.**, *et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon Defendants' Motion for Reconsideration [D.E. 244], filed on October 22, 2007. The Court has carefully considered the parties' written submissions, submitted on an expedited basis, and applicable law.

Defendants request reconsideration of the permission granted Plaintiffs to conduct limited jurisdictional discovery before responding to the combined Motion to Dismiss [D.E. 232], filed on October 12, 2007, following the earlier filing, on September 20, 2007, of individual motions to dismiss. Those individual motions were consolidated into the combined Motion [D.E. 232] in accordance with the undersigned's order directing Defendants to present their arguments in one comprehensive document. On October 19, 2007, Plaintiffs filed their Motion seeking additional time to oppose the Motion to Dismiss, and also indicated they intended to file a motion for leave to conduct personal jurisdiction discovery as a basis to be given additional time to oppose the Motion to Dismiss. By Order dated October 19, 2007, the undersigned granted Plaintiffs' Motion for additional time to file their memorandum in opposition, and also gave Plaintiffs leave to take jurisdictional discovery. (*See* [D.E. 243]).

Case No. 07-21221-Civ-Altonaga/Turnoff

Nine Defendants timely filed the present Motion for Reconsideration, asserting Plaintiffs should not be permitted jurisdictional discovery without first having made allegations in the operative pleading concerning a basis for the Court's exercise of jurisdiction over Defendants. The Defendants in question are Nestlé S.A. ("Nestlé"); Meijer Inc.; Pet Supplies "Plus"; Pet Supplies PLUS/USA, Inc.; H.E. Butt Grocery Company; The Kroger Co. of Ohio ("Kroger"); New Albertson's, Inc. ("New Albertson's"); Safeway Inc.; and The Stop & Shop Supermarket Company LLC. As to Nestlé, in particular, this Defendant asserts no jurisdictional discovery should be permitted until after the Court rules on Nestlé's challenge to service of process, and finds service to have been proper. Plaintiffs rely on the following arguments to oppose the Motion for Reconsideration: their offer to all Defendants that they advise Plaintiffs' counsel if a Defendant believed it should not be a party to this suit; their qualified right to jurisdictional discovery and their inability to test the veracity of Defendants' claims that there is no jurisdiction over them without jurisdictional discovery; Plaintiffs' "timely"[1] request for jurisdictional discovery; and information provided by Kroger and New Albertson's in their challenges to personal jurisdiction.

Plaintiffs' arguments fail to persuade as to all Defendants except New Albertson's. Defendants are correct in their contention that Plaintiffs must first allege sufficient facts regarding Defendants' contacts with this forum, and as to Nestlé, that the question of the sufficiency of process must first be resolved, before jurisdictional discovery may be had. "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion

---

[1] The challenges to personal jurisdiction were raised in the various motions filed September 20, 2007. The first mention of a request to engage in jurisdictional discovery appeared in the October 19, 2007 motion for additional time to respond to the consolidated Motion to Dismiss.

2

Case No. 07-21221-Civ-Altonaga/Turnoff

in denying jurisdictional discovery." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) (citations omitted). *See also Instabook Corp. v. Instantpublisher.com*, 469 F.Supp.2d 1120, 1127 (M.D. Fla. 2006) (plaintiff must "explain[] how such discovery would bolster its contentions" regarding personal jurisdiction). A review of the Corrected Amended Class Action Complaint *("Am. Compl.")* [D.E. 156] supports Defendants' assertion that the pleading fails to state what contacts, if any, these Defendants (excepting New Albertson's) have with this forum.

Nestlé is a Swiss corporation, and while the allegations deal with this Defendant collectively with two other Nestlé entities,[2] no allegations are made concerning what activities, if any, the Swiss corporation has with this forum. (*See Am. Compl.* at ¶ 30). New Albertson's is alleged to be a Delaware corporation with its principal place of business in Boise, Idaho. (*See id.* at ¶ 42). In contrast to the allegations directed at the other Defendants at issue, Plaintiffs allege New Albertson's and Defendant, Albertson's LLC, collectively, market and sell pet food in their grocery stores in Florida. (*See id.*).

Kroger is alleged to be an Ohio corporation that markets and sells its brands and the brands of other Defendants' pet food products in Michigan and other states. (*See id.* at ¶ 43). No mention is made of Kroger's contacts with Florida. Safeway Inc. is a Delaware corporation, with its principal place of business in California. (*See id.* at ¶ 44). Safeway Inc. allegedly markets its own brands and other Defendants' brands of pet food in California and other states. (*See id.*). Again, no mention is made of this Defendant's contacts with Florida.

---

[2] The other Nestlé Defendants are Nestlé USA Inc. and Nestle Purina Petcare Co., a Connecticut corporation and Missouri corporation, respectively.

Case No. 07-21221-Civ-Altonaga/Turnoff

H.E. Butt Grocery Company is a Texas corporation and it allegedly distributes Defendant Manufacturers' pet food products in Texas and other states. (*See id.* at ¶ 45). Meijer Inc. is a Michigan corporation that distributes its own brand of pet food as well as the brands of the other Defendants in Michigan and other states. (*See id.* at ¶ 46). The Stop & Shop Supermarket is a Delaware corporation with its principal place of business in Braintree, Massachusetts, and it engages in activities in Massachusetts and other states. (*See id.* at ¶ 47). Pet Supplies "Plus" and Pet Supplies Plus/USA Inc. are Michigan corporations that operate in Michigan and other states. (*See id.* at ¶ 51). Plaintiffs do not allege what contacts, if any, these Defendants have with Florida.

In addition to the foregoing, the Amended Complaint alleges Plaintiffs, Amy Hollub, Patricia Davis, and Raul Isern, are Florida residents who purchased various brands of commercial pet food from Defendants, and who relied on representations made by Defendants to buy commercial pet food in Florida. (*See id.* at ¶¶ 3, 4, 24). In paragraph 53 of the Amended Complaint, Plaintiffs allege "Defendants have systematically manufactured for sale, marketed, advertised and sold commercial pet food in this District. Moreover, the conduct that is the subject of the lawsuit occurred in this District."

The foregoing summary, and the undersigned's review of the 101-page pleading, reveal that Plaintiffs have, at best, made conclusory assertions of eight of the nine Defendants' contacts with this forum. It is not appropriate to hale parties into court on the basis of attenuated jurisdictional allegations, allegations that do not identify what activities or contacts, if any, the parties have with the forum, and then invite those parties to show Plaintiffs' counsel the parties indeed lack sufficient contacts with the forum. Plaintiffs fail to show entitlement to jurisdictional discovery, notwithstanding their arguments to the contrary. Furthermore, as to Nestlé, unless and until the

Case No. 07-21221-Civ-Altonaga/Turnoff

undersigned resolves the question of the effectiveness of service, the Court lacks personal jurisdiction to act with respect to this Defendant, or to require this Defendant to provide jurisdictional discovery. *See Cambridge Holdings Group, Inc. v. Federal Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007) (citations omitted).

In light of the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion for Reconsideration **[D.E. 244]** is **GRANTED** in part and **DENIED** in part. Plaintiffs are presently[3] permitted to engage in jurisdictional discovery only as to New Albertson's.

**DONE AND ORDERED** in Chambers at Miami, Miami-Dade County, Florida, this 30th day of October, 2007.

*(signature)*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Magistrate Judge William C. Turnoff
counsel of record

---

[3] Plaintiffs may revisit the issue of jurisdictional discovery if sufficient allegations are stated in a subsequent pleading.