UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/Turnoff

**RENEE BLASZKOWSKI**, *et al.*,

    Plaintiffs,
vs.

**MARS INC.**; **PROCTOR & GAMBLE CO.**,
*et al.*,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** comes before the Court on several recent motions filed by Plaintiffs in response to Defendants' Consolidated Motion to Dismiss Plaintiffs' Corrected Amended Complaint [D.E. 232]. That Consolidated Motion to Dismiss was filed on October 12, 2007, following an order directing Defendants to consolidate eight separate motions filed on September 20, 2007, seeking dismissal of Plaintiffs' Corrected Amended Complaint. Thereafter, the Court allowed Plaintiffs limited jurisdictional discovery as to one Defendant, and denied Plaintiffs the right to take jurisdictional discovery as to eight other Defendants challenging personal jurisdiction, because of conclusory allegations of those Defendants' contacts with Florida in the operative pleading. (*See Order of October 30, 2007* [D.E. 251]).

    Plaintiffs now file their Motion for Enlargement of Time for Joinder of Parties and to Amend Pleadings [D.E. 255] and Plaintiffs' Unopposed Motion for Leave to File Second Amended Complaint [D.E. 256]. If Plaintiffs are allowed to file their Second Amended Complaint, a copy of which is attached to the Unopposed Motion for Leave to File Second Amended Complaint, the Consolidated Motion to Dismiss will, of necessity, be denied as moot.

The deadline for joining parties and amending pleadings was November 16, 2007. (*See Scheduling Order of July 6, 2007* [D.E. 130]). Plaintiffs request that the deadline for joining parties and amending pleadings be extended to March 15, 2008, to allow Plaintiffs time to obtain a ruling on a motion to dismiss Defendants will be required to file once the pending Consolidated Motion is denied, and for Plaintiffs to obtain discovery before having to determine whether any further amendments are needed. Defendants do not object to the filing of the amended pleading, but do object to the four-month extension requested on the deadline for amending pleadings and joining parties.

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint "shall be freely given when justice so requires." *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) (citations omitted). The Supreme Court has directed that leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis,* 371 U.S. 178, 182 (1962). Additionally, the Eleventh Circuit has stressed that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted).

In addition to seeking leave to amend their pleading, however, Plaintiffs also request that the Scheduling Order be modified. Thus, Federal Rule of Civil Procedure 16(b) also governs the Court's analysis. Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In order to establish "good cause," the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so. *See id*; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

CASE NO. 07-21221-CIV-ALTONAGA/Turnoff

1992) ("If [a] party was not diligent, the [good cause] inquiry should end.").

Here, Plaintiffs met the November 16, 2007 deadline for amendment of the pleadings and joinder of parties. But Plaintiffs also want an additional four months to determine what additional amendments they may wish to file, after engaging in jurisdictional discovery and receiving the Court's decision on a future motion to dismiss. Plaintiffs' arguments in their Motion for Enlargement do not establish good cause for the requested four month extension, particularly where Plaintiffs have known, since the eight motions to dismiss were filed on September 20, the several bases upon which Defendants sought dismissal of the present pleading. Furthermore, an order granting the relief requested by Plaintiffs will necessarily result in additional requests for modifications of pre-trial deadlines.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion for Enlargement of Time for Joinder of Parties and to Amend Pleadings [D.E. 255] is **GRANTED** in part. The deadline for amending pleadings and joining parties is extended to January 16, 2008, notwithstanding the pendency of any future motion to dismiss. The Unopposed Motion for Leave to File Second Amended Complaint [D.E. 256] is **GRANTED**, and the Second Amended Complaint is deemed filed as of the date of this Order.

The Consolidated Motion to Dismiss [D.E. 232] is **DENIED** as moot. Defendants' consolidated response to the Second Amended Complaint is due on December 14, 2007. Plaintiffs' memorandum in opposition shall be filed no later than January 11, 2008. The consolidated reply memorandum will be filed by January 25, 2008. **No extensions of this briefing schedule will be granted.**

CASE NO. 07-21221-CIV-ALTONAGA/Turnoff

The deadline for filing Plaintiffs' motion for class certification (presently set to be filed on January 11, 2008) will be established by separate court order, following a decision on the motion to dismiss. All other deadlines contained in the Order of July 6, 2007 remain unaffected by these extensions.

Any motion filed by Plaintiffs seeking jurisdictional discovery must comply with Local Rule 7.1[1] and must be responded to within five business days after the motion is filed. A reply memorandum must be filed within three business days of any memorandum in opposition.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of November, 2007.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge William C. Turnoff
    counsel of record

---

[1] No motion for jurisdictional discovery need be filed if the parties are in agreement. Moreover, if agreement is reached, any jurisdictional discovery will be conducted on an expedited basis so as not to impact the foregoing briefing schedule.