UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
Individually and on behalf of
others similarly situated,

Plaintiffs/Class Representatives,
vs.

MARS INC., *et al,*

      Defendants.
_____/

**PLAINTIFFS'/CLASS REPRESENTATIVES MOTION FOR LEAVE TO CONDUCT PERSONAL JURISDICTION DISCOVERY**

Plaintiffs/Class Representatives, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order granting them leave to conduct personal jurisdiction discovery as to Defendants[1] Meijer Inc.("Meijer"), Pet Supplies PLUS/USA, Inc.("Pet Supplies Plus"), H.E. Butt Grocery Company ("HEB"), The Kroger Co. of Ohio ("Kroger"), Safeway Inc ("Safeway"), and The Stop & Shop Supermarket Co. LLC("Stop & Shop"), collectively referred to as the "Jurisdictional Defendants,"[2] and as grounds therefore, states as follows:

**I.    Procedural Background**

---

[1] Nestlé SA has been voluntarily dismissed. [DE 254].

[2] The Jurisdictional Defendants have previously challenged personal jurisdiction in this case first by individual Motions to Dismiss the Amended Complaint, and then collectively, in the Defendants' Consolidated Motion to Dismiss the Plaintiffs/Class Representatives Amended Complaint. [DE 232]. The Court recently dismissed the Consolidated Motion to Dismiss as moot because the Court granted the Plaintiffs/Class Representatives leave to file their Second Amended Complaint. [DE 257]. Based upon a pre-filing Rule 7.1 conference, the Jurisdictional Defendants intend to reassert their jurisdictional challenges in the Motion to Dismiss to Plaintiffs/Class Representatives Second Amended Complaint, which is due on December 14, 2007. [DE 257].

The Plaintiffs previously indicated that they were going to file a Motion for Leave for Personal Jurisdiction Discovery and the Court initially granted the request. [DE 243]. The Jurisdictional Defendants Moved for Reconsideration of the Court's Order because the Plaintiffs had not made specific allegations regarding the Jurisdictional Defendants contacts with Florida. [DE 244]. The Court granted jurisdictional discovery as to New Albertson's Inc., but not as the remaining Jurisdictional Defendants because the Court deemed that except as to New Albertson's Inc. the Corrected Amended Complaint failed state the Jurisdictional Defendants' contacts with Florida. [DE 251]. The Court advised that the Plaintiffs may revisit the issue of jurisdictional discovery when sufficient allegations are made in a subsequent pleading. [DE 251 fn 3]. On November 16, 2007, the Plaintiffs filed their Unopposed Motion for Leave to File Second Amended Complaint, which was granted by the Court. [DE 256, 257]. The Second Amended Complaint contains allegations regarding each jurisdictional Defendants contacts with Florida. [DE 260 at ¶¶ 56-60, 64]. These are the same or similar allegations which the Court fund sufficient to grant leave for personal jurisdiction discovery as to New Albertson's Inc. [DE 251 pp. 2, 5].

II.     **The Plaintiffs request leave for personal jurisdiction discovery to rebut the Jurisdictional Defendants' Affidavits**

The Jurisdictional Defendants have each filed one or more affidavits and/or declarations in support of dismissal for a purported lack of personal jurisdiction under Florida's long-arm statute. In order for the Plaintiffs/Class Representatives to rebut the Jurisdictional Defendants respective challenges to personal jurisdiction in this case, the Plaintiffs/Class Representatives need to conduct personal jurisdiction discovery. Under Florida law, the Plaintiffs/Class Representatives are entitled to conduct personal jurisdiction discovery. *See Mother Doe v*

*Maktom*, 2007 U.S. Dist. LEXIS 54918 at *36 (S.D. Fla. 2006); *citing Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729-31 (11th Cir. 1982). Based on the Court's Order on Defendants Motion for Reconsideration [D.E. 251], before discovery can be conducted, the Plaintiffs/Class Representatives must first allege sufficient facts regarding the Jurisdictional Defendants contacts with this forum. At the pleading stage, the Plaintiff/Class Representatives need only make a prima facie showing of jurisdiction to be entitled to personal jurisdiction discovery. *See Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1214 (11th Cir. 1999).[3] In the Second Amended Complaint the Plaintiffs/Class Representatives have alleged sufficient facts to establish a *prima facie* showing of personal jurisdiction of the Jurisdictional Defendants. [DE 256 ¶¶ 56-60, 64].

Pursuant to *Instabook Corp. v. Instantpublisher.com*, 469 F.Supp.2d 1120, 1127 (M.D. Fla. 2006) the Plaintiffs/Class Representatives need personal jurisdiction discovery because the facts relating to personal jurisdiction are almost exclusively within the knowledge of each Jurisdictional Defendant.

**A.   Kroger**

Kroger is registered to do business in Florida. *See* Exhibit "A." The Plaintiffs/Class Representatives served the summons and complaint on Kroger's registered agent in Florida. [DE 170]. According to *Young v. Capital One Bank*, 2007 U.S. Dist. LEXIS 47710 (S.D. Fla. 2007), service on registered agent is a factor in finding personal jurisdiction. *See also Benedict v. General Motors Corp.*, 142 F.Supp.2d 1330, 1334 ("[b]y formally qualifying to do business in Florida and registering an agent pursuant to section 48.091(1) and chapter 607 of the Florida Statutes (1983), [the] foreign corporation submitted itself to the jurisdiction of Florida courts

---

[3] *But see Matthews v. Brookstone Stores Inc*. 431 F.Supp.2d 1219, 1228 (S.D.Ala. 2006)("where pertinent facts bearing on jurisdictional question are in dispute, discovery should be permitted during pendency of motion to dismiss, irrespective of whether plaintiff establishes prima facie case of personal jurisdiction prior to such discovery").

because it acknowledged that it did sufficient business in Florida to make it amendable to suit and service of process here."). The Plaintiffs request to obtain personal jurisdiction discovery regarding the business that Kroger conducts in Florida.

A review of publicly available information also shows that Kroger has officers in this state. Jorge P. Montoya at Ocean Club-Ocean Tower II, 791 Crandon Blvd, # 803, Key Biscayne, FL 33134 and John L. Clendenin of Bellsouth Corp., 1873 Flagler Estates Dr. W. Palm Beach, FL 33411 are directors of the corporation. *See* Exhibit "B" attached hereto. Additionally, Kroger owns and operates Tom Thumb convenience stores, at least some of which sell pet food to Florida consumers. Information available on the internet also reveals that Kroger operates, or is involved in operating, jewelry stores in Florida.[4] The Plaintiffs/Class Representatives firmly believe that discovery regarding these activities will confirm personal jurisdiction over Kroger under of Fla. Stat. § 48.193(a)and/or (b) and or (f) or general jurisdiction under Fla.Stat. § 48.193(2).

**B.    Pet Supplies Plus**

According to information relating to the Pet Supplies Plus franchise, the franschisor, Pet Supplies Plus is directly involved in the franchisees' individual store business operations through providing hands-on training, advertising material and in-store promotions and through a "comprehensive buying program" whereby it provides the franchisees with "advantageous deals in every product category." *See* http://www.franchisebrief.com/franchises/pet-supplies-plus-franchise.php. Moreover, Pets Supplies Plus obtains a percentage of revenue for the sale of pet food in Florida through franchise agreements which appear to have been in effect during the Class period. At least two franchisees appear to be located in Florida. *See* Exhibit "C" attached

---

[4] See http:www.thekrogerco.com/finance/documents/SectionII-2.pdf.

hereto. There is also a Pet Supplies Plus company registered with the Florida Department of State. While this company is currently inactive, it appears to have been an active corporation within the Class Period. *See* Exhibit "D" attached hereto.

The Plaintiffs/Class Representatives, therefore, request leave to conduct discovery regarding Pet Supplies Plus' business dealings with franchisees in Florida through the wholesale program, the assistance with advertising and in-store promotions to local franchisee's as the Plaintiffs believe that such discovery will confirm ongoing and substantial business dealings in this state supporting personal jurisdiction pursuant to Fla.Stat. § 48.193(a) "operating, conduction, engaging in, or carrying on a business or business venture in this state" and/or (b) "committing a tortuous act within this state" and/or (f) "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state" or even general jurisdiction under Fla. Stat. § 48.193(2).

**C.    Meijer**

Public information available to the Plaintiffs/Class Representatives indicates that Meijer conducts business and/or has sufficient contacts with Florida. For example, Meijer appears to have co-branded with a company called Home Diagnostics, Inc from Ft. Lauderdale, Florida to design the New True Track Smart System blood glucose monitor designed for Meijer customers and is available in all Meijer stores.[5] Furthermore, Meijer offers a Meijer Credit Card to customers, and an internet search indicates that payments are facilitated with an address for receiving payments in Orlando, Florida.[6] Moreover, through Meijer's interactive website,

---

[5] www.homediagnostics.com/pdf/pressreleases/3_2_04_Meijer_PR.pdf.
[6]         https://www.onlinecreditcenter2.com/Meijer/custserv/MeijerCustHelp.html#PaymentInfo1:
"**Where do I mail payments?** (back to top)

You should mail your payment to: Meijer, PO Box 960013, Orlando, FL 32896-0013. Make your check payable to

www.meijer.com, consumers can order products for delivery to Florida, including pet products.[7] The Plaintiffs, therefore, request, the opportunity to conduct personal jurisdiction discovery to determine the extent of Meijer's business dealings in Florida, including but not limited to, Meijer's customer base in Florida, and income derived from sales to consumers in Florida. Moreover, the Plaintiffs would like to explore what network of suppliers and other contacts Meijer has in this state. The Plaintiffs/Class Representatives believe that such discovery will support personal jurisdiction over Meijer pursuant to Fla.Stat. § 48.193(a) "operating, conduction, engaging in, or carrying on a business or business venture in this state" and/or (b) "committing a tortuous act within this state" and/or (f) "causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state" or even general jurisdiction under Fla.Stat. § 48.193(2).

**D.     Safeway**

Safeway corporation is registered to do business in Florida, and was served in this state through its registered agent in Florida. [D.E. 171]. *See Young*, 2007 U.S. Dist. LEXIS 47710 *5-6 (S.D. Fla. 2007) and *Benedict*, 142 F.Supp.2d at 1334 *supra.* Safeway also has an interactive website and internet research reveals several possible contacts with Florida, to wit: Safeway provides online delivery of fruit baskets, gourmet gifts and home living delivery to different locations in Florida. *See* http://seasonal.safeway.com/.

---

Meijer/GEMB and be sure to include the remittance stub from your billing statement. To ensure your payment is received on time, we suggest you mail your payment a minimum of 5 business days prior to the due date as shown on your monthly billing statement. We also accept electronic payments through banks, online service providers, and CheckFree, the free online payment service accessible through Meijer.com. Additionally, we accept payments over the phone for a fee by calling customer service at 1-866-7-MEIJER (63-4537). Gift certificates and other credit cards are not accepted as a form of payment."
[7] http://www.meijer.com/Specialty_Foods.cms

According to information available on the internet, Safeway purchased Randall Tom Thumb and the Plaintiffs/Class Representatives would like to explore through discovery the link, if any, between the Randall Tom Thumb stores and Tom Thumb stores located in Florida. Safeway is also involved in sale of flowers over the internet through Florists' Transworld Delivery, Inc. Safeway flowers can be purchased online at http://www.safewayflowers.com delivered worldwide including purchases in Florida and deliveries in Florida. Based on Safeway's activities and contacts in Florida as mentioned *supra,* the Plaintiffs/Class Representatives believes that discovery regarding these activities will demonstrate Safeway's contacts with Florida sufficient to support personal jurisdiction under Florida Statute § 48.193(a)and/or (b) and or (f) and/or general jurisdiction under Fla.Stat. § 48.193(2).

E.   HEB

HEB has an interactive website[8] and, according to information available on the internet, HEB Butt Grocery Company-Floral delivers flowers to Florida through an affiliated, agent or business partner called Florists' Transworld Delivery, Inc.[9] Moreover, HEB appears to be involved in a series of other activities in Florida, to wit: Max's Birthday Club sponsored by Purina where there appears to be no geographic restriction on membership, and therefore membership is open to Florida residents.[10] Additionally, HEB's website reveals that it offers petcare insurance. The Plaintiffs are not able to ascertain any other information regarding pet insurance which appears to be available in Florida (because no discovery has yet been taken).[11]

---

[8] *Zippo Mfg. v. Zippo Dot Corn, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa. 1997)(personal jurisdiction found on basis of interactive internet website.)
[9] http://www.referenceforbusiness.com/history2/4/Florists-Transworld-Delivery-Inc.html
[10] http://www.heb.com/yourHEBStore/specialPromotions-maxsBirthdayClub.jsp
[11] https://www.petcareinsurance.com/(kj3lt0ecrdwwlz3rymvwcmie)/sc_step1.aspx?Country=2&Partner=70

HEB also offers an online Defensive Driving Course[12] offering a $5 coupon and a link to register at https://registration.onlinetraffic.com/heb/register.php, which has Florida as a state for registration. Furthermore, HEB offers a Mastercard available for Florida citizens.[13] Similarly, HEB online photo services appear to be available to Florida residents.[14]

Based on HEB's substantial interactive internet operation and chain of suppliers[15] and customer base in Florida, the Plaintiffs/Class Representatives believes that discovery regarding HEB's business dealings, internet sales, customer base and contacts generally with Florida will support personal jurisdiction under Florida Statute § 48.193(a)and/or (b) and or (f) and/or or general jurisdiction under Fla.Stat. § 48.193(2).

**F.     Stop & Shop**

Based on the recall of the dog food "Companion" manufactured, advertised and sold by Stop'N Shop, the Plaintiffs seek information regarding whether the recalled products reached customers in Florida, in order to establish whether there is jurisdiction over this Defendant under Fla. Stat. § 48.193(1)(f). The Plaintiff/Class Representatives are also aware that Stop & Shop, through Floral Transworld Delivery, Inc., sells and delivers flowers to Florida through the Stop & Shop website.[16]  Furthermore, the Plaintiffs seek discovery regarding business contacts, production, distribution or other business with the state of Florida that will confirm jurisdiction under Fla. Stat. § 48.193(1)(a) and/or or Fla. Stat. § 48.193 (2).

---

[12] http://www.heb.com/defensivedriving/
[13] https://app.firstusa.com/ICBatch/?PID=none&SPID=B6G4&CELL=6VSP&AFFID=&CLICK=&CID=&PROMO=DF01
[14] http://www.hebphoto.com/net/Uploader/LPUploader.aspx
[15] http://www.hebforms.com/default.aspx--
[16] http://www.ftdfloristsonline.com/stopandshop.

WHEREFORE, the Plaintiffs respectfully request this Court to enter an Order granting the Plaintiffs/Class Representatives' Motion for Leave to Conduct Personal Jurisdiction discovery regarding the Jurisdictional Defendants for all of the reasons set forth above and for all other relief that the Court deems just and proper.

Dated: December 3, 2007
       Miami, FL

       /s Catherine J. MacIvor
       CATHERINE J. MACIVOR (FBN 932711)
       cmacivor@mflegal.com
       JEFFREY B. MALTZMAN (FBN 0048860)
       jmaltzman@mflegal.com
       JEFFREY E. FOREMAN (FBN 0240310)
       jforeman@mflegal.com
       DARREN W. FRIEDMAN (FBN 0146765)
       dfriedman@mflegal.com
       MALTZMAN FOREMAN, PA
       One Biscayne Tower
       2 South Biscayne Boulevard -Suite 2300
       Miami, Florida 33131
       Tel: 305-358-6555 / Fax: 305-374-9077
       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 3rd day of December, 2007. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine MacIvor

CASE NO. 07-21221 ALTONAGA/Turnoff

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Turnoff**

| | |
|---|---|
| **CATHERINE J. MACIVOR** | **PHILIP A. SECHLER** |
| cmacivor@mflegal.com | psechler@wc.com |
| **JEFFREY B. MALTZMAN** | **THOMAS G. HENTOFF** |
| jmaltzman@mflegal.com | thentoff@wc.com |
| **JEFFREY E. FOREMAN** | **DANE H. BUTSWINKAS** |
| jforeman@mflegal.com | dbutswinkas@wc.com |
| **DARREN W. FRIEDMAN** | **CHRISTOPHER M. D'ANGELO** |
| dfriedman@mflegal.com | cdeangelo@wc.com |
| MALTZMAN FOREMAN, PA | **PATRICK J. HOULIHAN** |
| One Biscayne Tower | phoulihan@wc.com |
| 2 South Biscayne Boulevard -Suite 2300 | Williams & Connolly LLP |
| Miami, Florida 33131 | 725 12th Street, N.W. |
| Tel: 305-358-6555 / Fax: 305-374-9077 | Washington, D.C. 20005 |
| *Attorneys for Plaintiffs* | Tel: 202.434.5459 / Fax: 202.434.5029 |
| | *Attorneys for Defendant Mars, Inc.* |
| **MARK C. GOODMAN** | **OMAR ORTEGA** |
| mgoodman@ssd.com | oortega@dortaandortega.com |
| **JOHN B.T. MURRAY** | Dorta and Ortega, P.A. |
| jbmurrary@ssd.com | Douglas Entrance |
| Squire Sanders & Demspey, LLP | 800 S. Douglas Road, Suite 149 |
| 1900 Phillips Point West | Coral Gables, Florida 33134 |
| 777 S. Flagler Drive | Tel: 305-461-5454 / Fax: 305-461-5226 |
| West Palm Beach, Florida 33401 | *Attorneys for Defendant Mars, Inc.* |
| Tel: 561.650.7200 / Fax: 561.655-1509 | |
| *Attorney for Defendant Target Corp.* | |
| | **JOHN J. KUSTER** |
| | jkuster@sidley.com |
| **ALAN GRAHAM GREER** | **JAMES D. ARDEN** |
| agreer@richmangreer.com | jarden@sidley.com |
| Richman Greer Weil Brumbaugh | Sidley Austin LLP |
|  Mirabito & Christensen | 787 Seventh Avenue |
| 201 South Biscayne Boulevard – STE 1000 | New York, NY 10019 |
| Miami, Florida 33131 | Tel: 212.839.7336 / Fax: 212.839.5599 |
| Tel: 305.373.4010 / Fax: 305.373.4099 | *Attorneys for Defendant Colgate Palmolive Company* |
| *Attorneys for Defendant Proctor and Gamble Co.* | *and Hill's Pet Nutrition, Inc.,* |

| | |
|---|---|
| **D. JEFFREY IRELAND**<br>djireland@ficlaw.com<br>**BRIAN D. WRIGHT**<br>bwright@ficlaw.com<br>**LAURA A. SANOM**<br>lsanom@ficlaw.com<br>Faruki Ireland & Cox P.L.L.<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow St.<br>Dayton, OH 45402<br>Tel: 937.227.3710 / Fax: 937.227.3717<br>*Attorneys for Defendant Proctor and Gamble Co.* | **OLGA M. VIEIRA**<br>ovieira@carltonfields.com<br>**BENJAMINE REID**<br>breid@carltonfields.com<br>Carlton Fields, PA<br>100 SE 2nd Street - #4000<br>Miami, FL 33131<br>Tel: 305.530.0050 / Fax:<br>*Attorneys for Defendant Colgate Palmolive Company* |
| **SHERRIL M. COLOMBO**<br>scolombo@cozen.com<br>Cozen O'Connor<br>200 South Biscayne Boulevard<br>Suite 4410<br>Miami, Florida 33131-2303<br>Tel: 305.704.5945 / Fax: 305.704.5955<br>*Attorneys for Defendant Del Monte Foods, Co.* | **KARA L. McCALL**<br>kmccall@sidley.com<br>Sidley Austin, LLP<br>One South Dearborn<br>Chicago, Illinios 60603<br>Tel: 312.853.2666 / Fax:<br>*Attorneys for Defendant Colgate Palmolive Company* |
| **JOHN J. McDONOUGH**<br>jmcdonough@cozen.com<br>**RICHARD FAMA**<br>rfama@cozen.com<br>Cozen O'Connor<br>45 Broadway<br>New York, NY 10006<br>Tel: 212.509.9400 / Fax: 212-509.9492<br>*Attorneys for Defendant Del Monte Foods Co.* | **ROBERT C. TROYER**<br>rctroyer@hhlaw.com<br>Hogan & Hartson LLP<br>One Tabor Center -Suite 1500<br>1200 Seventeenth Street<br>Denver, CO 80202<br>Tel: 303-899-7300 / Fax: 303-899-7333<br>*Attorneys for Nestle U.S.A., Inc.* |
| **JOHN F. MULLEN**<br>jmullen@cozen.com<br>Cozen O'Connor<br>The Atrium – 3rd Floor<br>1900 Market Street<br>Philadelphia, PA 19103<br>Tel: 215.665.2179 / Fax: 215.665.2013<br>*Attorneys for Defendant Del Monte Foods Co.* | **MIRANDA L. BERGE**<br>mlberge@hhlaw.com<br>**CRAIG A. HOOVER**<br>cahoover@hhlaw.com<br>Hogan & Hartson, LLP<br>555 13th Street, NW<br>Washington, DC 20004<br>Tel: 202.637.5600 / Fax: 202.637.5910<br>*Attorneys for Nestle U.S.A., Inc.* |

**BEN BRODERICK**
bbroderick@gibsondunn.com
**GARY L. JUSTICE**
gjustice@gibsondunn.com
**WILLIAM EDWARD WEGNER**
wwegner@gibsondunn.com
**GAIL E. LEES**
glees@gibsondunn.com
Gibson Dunn & Crutcher L.L.P
333 S. Grand Avenue -Suite 4600
Los Angeles, CA 90071
Tel: 213.229.7887 / Fax: 213.229.6887
*Attorneys for Defendant Nutro Products Inc.*

**MARK W. WHITBURN**
mwhitburn@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX  75201
Telephone: 214.698.3100/ Fax: 214.698.3400
*Attorneys for Defendant Nutro Products Inc.*

**CAROL A. LICKO**
calicko@hhlaw.com
Hogan & Hartson L.L.P
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: 305.459.6500 / Fax: 305.459.6550
*Attorneys for Nestle U.S.A., Inc.*

**MARTY STEINBERG**
msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
ariviere-badell@hunton.com
Hunton & Williams, LLP
1111 Brickell Avenue - #2500
Miami, Florida  33131
Tel: 305.810.2500 / Fax: 305.810.2460
*Attorneys for Defendant Nutro Products Inc.*

**JOHN B. T. MURRAY, JR.**
jbmurray@ssd.com
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive - #1900
West Palm Beach, Florida 33401
Tel: 561.650.7200 / Fax: 561.655.1509
*Attorneys for Defendants Petco Animal Supplies, Inc. and Wal-Mart Stores, Inc.*

**HUGH J. TURNER JR.**
Hugh.turner@akerman.com
Akerman Senterfitt & Eidson
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301-2229
Tel: 954.463.2700 / Fax: 954.463.2224
*Attorneys for Defendant Publix Supermarkets, Inc.*

**ROLANDO ANDRES DIAZ**
rd@kubickidraper.com
**MARIA KAYANAN**
mek@kubickidraper.com
**CASSIDY YEN DANG**
cyd@kubickidraper.com
Kubicki Draper, P.A.
25 West Flagler Street - Penthouse
Miami, Florida 33130

<div style="display: flex;">

Tel: 305.982.6722 / Fax: 305.374.7846
*Attorneys for Defendant Pet Supermarket, Inc.*

**ROBIN LEA HANGER**
rlhanger@ssd.com
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Boulevard – 40th Floor
Miami, Florida  33131-2398
Tel: 305.577.7040 / Fax: 305.577.7001
*Attorneys for Defendants Petco Animal Supplies, Inc. and Wal-Mart Stores, Inc.*

**MICHAEL K. KENNEDY**
mkk@gknet.com
**MICHAEL R. ROSS**
mrr@gknet.com
Gallagher and Kennedy, PA
2575 E. Camelback Road - #1100
Phoenix, Arizona 85016
Tel: 602.530.8504 / Fax: 602.530.8500
*Attorneys for Defendant Petsmart, Inc.*

</div>

**ALEXANDER SHAKNES**
Alex.shaknes@dlapiper.com
**AMY W. SCHULMAN**
Amy.schulman@dlapiper.com
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4829 / Fax: 212.884.8629
*Attorneys for Menu Foods Income Fund and Menu Foods, Inc.*

**WILLIAM C. MARTIN**
William.martin@dlapiper.com
DLA PIPER US LLP
203 North LaSalle Street - #1900
Chicago, Illinois 60601-1293
Tel: 312.368.3449 / Fax: 312.630.7318
*Attorneys for Menu Foods Income Fund and Menu Foods, Inc.*

**RALPH G. PATINO**
rpartino@patinolaw.com
**DOMINICK V. TAMARAZZO**
dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
csalup@patinolaw.com
Patino & Associates, PA
225 Alcazar Avenue
Coral Gables, Florida 33134
Tel: 305.443.6163 / Fax: 305.443.5635
*Attorneys for Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**C. RICHARD FULMER, JR.**
rfulmer@FulmerLeRoy.com
Fulmer Leroy Albee Baumann & Glass, PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Tel: 954.707.4430 / Fax: 954.707.4431
*Attorneys for The Kroger Co.*
**JAMES K. REUSS, ESQ.**
jreuss@lanealton.com
Lane Alton & Horst, LLC
Two Miranova Place, Suite 500
Columbus, Ohio 43215
Tel: 614.233.4719
*Attorneys for The Kroger Co.*

**ROBERT A. VALEDEZ**
rvaladez@shelton-valadez.com
**JAVIER T. DURAN**
jduran@shelton-valadez.com
Shelton & Valadez
600 Navarro, Suite 500
San Antonio, RX 78205
Tel: 954.759.8930 / Fax: 954-847-5365
*Attorneys for H.E. Butt Grocery Company*

**CRAIG KALIL**
ckalil@aballi.com
Aballi Milne Kalil & Escagedo, PA
2250 Sun Trust International Center
One SE 3rd Avenue
Miami, Florida 33131
Tel: 305.372.5924 / Fax: 305.373.7929
*Attorneys for Albertson's LLC and New Albertson's, Inc.*

| | |
|---|---|
| **MARCOS DANIEL JIMENEZ** | **JASON JOFFE** |
| mjimenez@kennynachwalter.com | jjoffe@ssd.com |
| **ROBERT J. ALWINE** | Squire Sanders & Dempsey, LLP |
| ralwine@kennynachwalter.com | 200 South Biscayne Boulevard |
| Kenny Nachwalter, PA | Suite 4000 |
| 201 South Biscayne Boulevard | Miami, Florida 33131 |
| 1100 Miami Center | Tel: 305.577-7000 / fax: 305.577.7001 |
| Miami, Florida 33131-4327 | *Attorneys for Meijer, Inc.* |
| Tel: 305.373.1000 / Fax: 305.372.1861 | |
| *Attorneys for Safeway Inc. and The Stop and Shop Supermarket Company, LLC* | |