UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, PATRICIA DAVIS, *et. al.*,
individually and on behalf of others
similarly situated,
              Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

              Defendants.
_____/

## JURISDICTIONAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT PERSONAL JURISDICTION DISCOVERY

Defendants, Meijer Inc. ("Meijer"); Pet Supplies PLUS/USA, Inc. ("Pet Supplies Plus");

H.E. Butt Grocery Company ("H.E. Butt"); The Kroger Co. of Ohio ("Kroger"); Safeway Inc.

("Safeway"); and The Stop & Shop Supermarket Company LLC ("Stop & Shop") (collectively

the "Jurisdictional Defendants"), file this memorandum in opposition to Plaintiffs'/Class

Representatives Motion for Leave to Conduct Personal Jurisdiction Discovery [D.E. 262].[1]

The allegations against the Jurisdictional Defendants in the Second Amended Class

Action Complaint ("SAC") are as conclusory and speculative as they were in the original

Complaint, the Amended Complaint, and the Corrected Amended Complaint before it.  Rather

than demonstrating how discovery will bolster allegations that the Jurisdictional Defendants are

subject to personal jurisdiction in Florida, Plaintiff's Motion for Leave to Conduct Personal

Jurisdiction Discovery instead shows that (1) Plaintiffs' attenuated allegations that the

Jurisdictional Defendants have somehow sold pet food in Florida are completely without good

faith basis and (2) Plaintiffs' request for jurisdictional discovery amounts to nothing more than a

mere fishing expedition.

I.    **Plaintiffs Have Once Again Failed To Establish Their Entitlement To A Qualified Right to Conduct Personal Jurisdiction Discovery.**

Plaintiffs must establish a *prima facie* case of jurisdiction over foreign defendants before

they are entitled to jurisdictional discovery.   When "a plaintiff offers only speculation or

conclusory assertions about contacts with a forum state, a court is within its discretion in denying

jurisdictional discovery." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334

F.3d 390, 402 (4th Cir. 2003).   Moreover, as is the case here, when "a plaintiff's claim of

---

[1] The Jurisdictional Defendants are specially appearing for the limited purpose of filing the Consolidated Motion to Dismiss on jurisdictional and other grounds, and related matters such as this Motion, and without submitting to the jurisdiction or venue of this Court.

1

personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a mere fishing expedition." *Rich v. KIS California, Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

In this case, each of the Jurisdictional Defendants has submitted a declaration or affidavit denying any basis for the exercise of personal jurisdiction in Florida. *See* D.E. 232-5 through D.E. 232-12. Nonetheless, plaintiffs allege, with nothing more, that each of the Jurisdictional Defendants "conducts business in Florida ***and/or*** places products in the stream of commerce that reach Florida consumers." SAC, at ¶¶ 56-60, 64 (emphasis added). Plaintiffs further allege, with nothing more, that each Jurisdictional Defendant is "in the business of…distributing, advertising and/or selling" pet food products in Florida which has injured the Plaintiffs in Florida. SAC, at ¶¶ 56-60, 64. These are precisely the types of facially conclusory allegations that courts routinely find to be insufficient to entitle plaintiffs to a qualified right to jurisdictional discovery. *See, e.g., Carefirst of Maryland, Inc.*, 334 F.3d at 402.

Plaintiffs' "and/or" allegations are facially speculative. First, whether or not a foreign defendant "places products in the stream of commerce" is not a basis to establish personal jurisdiction in a forum state. Rather, it is a factor that courts examine to determine whether it is reasonable to hale a defendant into a foreign court *after* a nexus between a particular product and a particular injury has already been established. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288 (1980) (automobile sold by defendant alleged to have actually caused injury to plaintiff). Thus, this part of plaintiffs' disjunctive, speculative allegation is unavailing.

2

Further, Plaintiffs do not allege any *facts* in the SAC which support personal jurisdiction in this case or that there is any connection whatsoever between the named class representative plaintiffs and any pet food allegedly distributed, advertised, "and/or" sold by any of the Jurisdictional Defendants. *See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F.Supp.2d 1325, 1328 (plaintiff bears "initial burden of pleading facts to support personal jurisdiction over the defendant in its complaint"). By contrast, in *Mother Doe I v. Maktoum*, No. 06-22253, 2007 WL 2209258 (S.D. Fla. 2007), the complaint contained dozens of specific factual allegations concerning the defendants' alleged contacts with Florida. *Mother Doe I,* 2007 WL 2209258 at *3-4 (citing allegations contained within paragraphs 1, 2, 3, 27, 30, 31, 32, 35, 36 and 38). The SAC contains none.

Second, with respect to the vague allegations that the Jurisdictional Defendants distribute, advertise, and/or sell pet food in Florida, just one look at the Motion for Leave to Conduct Personal Jurisdiction Discovery reveals that plaintiffs do not have any factual basis for that allegation with respect to the Jurisdictional Defendants.[2] Instead, according to their motion, Plaintiffs' apparently seek discovery as to whether some of the Jurisdictional Defendants *perhaps* sell flowers, gift baskets, or defensive driving courses to consumers in the State of Florida and *perhaps* have franchises or subsidiaries in the State of Florida. Plaintiffs offer no argument, nor cite any case law, to suggest that these purported sales of flowers, gift baskets, defensive driving course and so forth, *to the extent they even exist,* exceed the threshold for continuous and systematic contacts under Florida's long-arm statute as established by this Court in *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp.2d 1292 (2007) to support general jurisdiction.

---

[2] To the extent that plaintiffs' motion suggests that Meijer sells pet food to Florida residents through its website (which it has not), see section I.C, *infra.*

Furthermore, plaintiffs offer no argument, nor cite any case law, to suggest that the mere presence of a franchisee or subsidiary in Florida, *to the extent it even exists*, is in any way sufficient to overcome the well-established rules that "the presence of a subsidiary corporation…within Florida is not enough to subject a nonresident parent corporation to the state's long-arm jurisdiction." *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F.Supp.2d 1346, 1353-454 (S.D. Fla. 2000); *see also Wilson v. Humphreys (Cayman) Limited*, 916 F.2d 1239, 1245 (7th Cir. 1990) (no specific personal jurisdiction over franchisor because only connection franchisor had with plaintiff's injury was its franchise arrangement with hotel where injury occurred).

It is telling that after no less than four iterations of their complaint, plaintiffs still entirely fail to allege any connection whatsoever between the named class representative plaintiffs and any pet food allegedly distributed, advertised, "and/or" sold by any of the Jurisdictional Defendants. It is axiomatic that when considering the constitutional limits of specific personal jurisdiction, the claims of the named class representatives must be sufficient to assert jurisdiction over the foreign defendants. *See also* Section I.E, *infra*. The SAC, like the complaints that went before it, is devoid of any such factual allegations.

A.      *The Discovery Plaintiffs Request Is Not Relevant To Their Jurisdictional Allegations Against H. E. Butt.*

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense . . . ." And as this Court has recognized, discovery is not limited to the merits of a case, but also is available to ascertain the facts bearing on issues such as jurisdiction. *Mother Doe v. Al Maktoum*, 2007 WL 2209258, *11 (S.D.Fla. July 30, 2007). The discovery Plaintiffs seek against H.E. Butt in their

motion, however, has no relevance to their jurisdictional allegations, and therefore, should not be permitted.

As their basis for jurisdiction over H.E. Butt, Plaintiffs assert that H.E. Butt is "in the business of distributing, advertising and/or selling Defendant Manufacturers' pet food and treat products in Florida which has injured the Plaintiffs in Florida." *See* Plaintiffs Second Amended Class Action Complaint, ¶ 58. Yet their motion requesting personal jurisdiction discovery seeks information wholly unrelated to the distribution, advertisement, or sale of pet food and treats. Instead, Plaintiffs maintain that H.E. Butt, via an interactive website: delivers flowers to Florida through FTD; offers "Max's Birthday Club" sponsored by Purina; offers pet care insurance; offers defensive driving courses; and offers a Mastercard. *See* D.E. 262, at II.E. Even if true, none of these activities is probative of Plaintiffs' assertion that HEB sells or distributes pet food in Florida. Therefore, Plaintiffs' request is outside the scope of permissible discovery and should be denied.

Assuming Plaintiffs could establish that H.E. Butt's interactive website resulted in contacts with Florida residents -- which H.E. Butt denies -- discovery nevertheless should be denied because such contacts are insufficient to support personal jurisdiction over H.E. Butt. According to Plaintiffs, H.E. Butt's interactive internet operation and presumed resulting contacts with Florida will support specific jurisdiction under Florida Statute § 48.193(1)(a) (conducting business in Florida), § 48.193(1)(b) (committing tortious act in Florida), or § 48.193(1)(f) (out-of-state conduct causing injury in Florida). In addition, Plaintiffs believe that HEB's interactive website will support general jurisdiction under § 48.193(2). Both contentions are demonstrably wrong.

In order to support specific jurisdiction under any subsection to § 48.193(1), Plaintiffs must show that their cause of action arose from H.E. Butt's contacts with Florida. FLA.STAT. 48.193(1) (granting jurisdiction to Florida courts for any cause of action arising from the doing of certain enumerated acts). Here, Plaintiffs' causes of action against H.E. Butt are based on their claim that the commercial pet food industry advertises its dog and cat food products as healthy and nutritious without disclosing what Plaintiffs allege are certain potentially harmful ingredients that might be included in packages of pet food, or without fully explaining the potential negative health effects of the ingredients that are disclosed, and that H.E. Butt sold that deficient pet food to one or more of the Plaintiffs. But none of the internet activities upon which Plaintiffs seek discovery has anything to do with selling pet food. Instead, as discussed above, the activities upon which Plaintiffs claim this Court can base jurisdiction involve pet insurance, a birthday club, delivery of flowers, defensive driving, and credit cards, none of which are even remotely related to the marketing or sale of pet food. Therefore, because Plaintiffs causes of action could not have arisen from any of H.E. Butt's internet activities, Plaintiffs cannot rely on H.E. Butt's website to establish specific jurisdiction.3

Nor is H.E. Butt's alleged internet activity via its website sufficient to establish general jurisdiction under § 48.193(2). FLA. STAT. § 48.193(2). The requirements for general

---

3 Indeed, even assuming Plaintiffs' causes of action arose from H.E. Butt's internet activity, mere maintenance of an interactive website is not sufficient to show that the defendant purposefully availed itself of the privilege of conducting activities within Florida. *See, e.g.,* *Goforit Entertainment LLC v. Digimedia.com L.P.*, 513 F.Supp. 2d 1325 (M.D.Fla. 2007) (click-through websites equally accessible everywhere insufficient to support personal jurisdiction); *Response Reward Systems, L.C. v. Meijer, Inc.*, 189 F.Supp. 2d 1332, 1339 (M.D.Fla. 2002) (defendant's website that provided downloadable coupons for its stores could not be considered conduct purposefully directed to Florida such that defendant would anticipate it would be haled into court there); *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F.Supp.2d 1363, 1367 (S.D.Fla. 1999) (mere maintenance of a website accessible in forum state insufficient).

jurisdiction are more stringent than for specific jurisdiction, and for general jurisdiction to exist, the non-resident defendant must be found to have maintained "continuous and systematic general business contacts" with the forum. *American Overseas Marine Corp. v. Patterson*, 632 So.2d 1124, 1127-28 (Fla. 1st DCA 1994), *citing Helicopteros Nacionales do Colombia, S.A. v. Hall*, 466 U.S. 408, 416-18 (1984). Thus, the kind of activity necessary to justify general jurisdiction must approximate physical presence within the forum state's borders. *See, e.g., Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 438 (1952) (jurisdiction present where defendant corporation temporarily relocated to Ohio, corporation's president resided in Ohio, records of corporation kept in Ohio, directors' meetings held in Ohio, accounts were held in Ohio banks, and all key business decisions made there). For this reason, courts have refused to find general jurisdiction based on internet contacts with the forum state unrelated to the plaintiff's cause of action. *See, e.g., Revell v. Lidov*, 317 F.3d 467, 470-71 (5th Cir. 2002) (website that provided internet users with opportunity to subscribe to magazine, purchase advertising, and submit applications for admission to university insufficient to establish general jurisdiction); *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002) (courts lacked general jurisdiction over non-resident business that registered domain names despite fact that defendant maintained website open for commerce with forum's residents and over 4000 residents of forum had registered domain names with defendant); *Silver Ring Splint Co. v. Digisplint, Inc.*, 508 F.Supp.2d 508, 512 (W.D.Va. 2007) (generally available website, limited promotional activities, single sale insufficient to constitute "continuous and systematic" contacts); *Butler v. Beer Across America*, 83 F.Supp.2d 1261, 1266 (N.D.Ala. 2000) (defendant's internet sale of beer to plaintiff's son and other forum residents insufficient to establish general jurisdiction over non-resident defendant).

7

Here, the alleged internet activities Plaintiffs rely on do not even come close to the level of continuous and systematic contacts approximating physical presence necessary to sustain jurisdiction for any claim a plaintiff might bring. Therefore, even if the discovery Plaintiffs seek would yield the proof they desire, that evidence would not support general jurisdiction, and thus, they have failed to state an adequate basis for jurisdictional discovery.

> **B.**   *The Discovery Plaintiffs Request Is Not Relevant to Their Jurisdictional Allegations Against Safeway and Stop & Shop.*

Neither the SAC nor plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery supports any colorable basis for personal jurisdiction over Safeway and Stop & Shop. In order to support specific jurisdiction under any subsection to § 48.193(1), Plaintiffs must show that their cause of action arose from Safeway's and Stop & Shop's contacts with Florida. FLA.STAT. 48.193(1). Presumably to satisfy this requirement, plaintiffs' allege that Safeway and Stop & Shop are "in the business of...distributing, advertising and/or selling the Defendants' pet food products in Florida which has injured the Plaintiffs in Florida" (SAC, at ¶ 57 and 60). Here, Plaintiffs' causes of action against Safeway and Stop & Shop are based on their claims that the commercial pet food industry deceptively advertises somehow deficient pet food products as healthy and nutritious. However, Plaintiffs fail to allege any facts that any of them actually bought any pet food products from either Safeway or Stop & Shop which resulted in any injuries in Florida. Moreover, neither the conclusory allegations of SAC nor the speculative allegations of the Motion for Leave to Conduct Personal Jurisdiction Discovery even hint at sales of pet food in the State of Florida by Safeway and Stop & Shop which would support specific personal jurisdiction over them in this case.

Instead, Plaintiffs appear to abandon any pretense to supporting specific jurisdiction over Safeway and Stop & Shop, relying instead on suggestions that Safeway has a registered agent in Florida, sells "fruit baskets, gourmet gifts and home living delivery [sic]" and flowers over the internet, and may have purchased an entity known as Randall Tom Thumb. D.E. 262, at 7. Likewise, Plaintiffs only suggest that Stop & Shop sells flowers through the internet and that it once had a recall of its "Companion" dog food.

Plaintiffs do not need discovery to determine whether Safeway has a registered agent in Florida. According to their own motion, plaintiffs' served Safeway's registered agent in this case. *Id.*, at 7. Plaintiffs' suggestion that Safeway may sell flowers and gift baskets over internet, likewise, gets them not closer to being entitled to take jurisdictional discovery. Plaintiffs' neither allege in the complaint nor suggest in their motion that Safeway has sold even a single flower or gift basket, or anything else for that matter in the State of Florida, much less that their revenues from any such sales in Florida exceed the threshold for continuous and systematic contacts under Florida's long-arm statute as established by this Court in *Rexam Airspray.* Plaintiffs do not even purport to have any information whatsoever of whether there is any connection between Randall Tom Thumb and any stores in Florida. They simply state that they "want to *explore* through discovery the link, *if any,* between Randall Tom Thumb stores and Tom Thumb stores located in Florida. *Id.* at 7 (emphasis added). Having failed entirely to allege any facts which would support jurisdiction over Safeway in Florida, plaintiffs desire for discovery to "explore" to find a link "if any" between Safeway and the State of Florida is nothing but a mere fishing expedition.

Likewise, Plaintiffs in no way suggest that Stop & Shop has sold even a single flower in Florida. Plaintiffs in no way suggest that one kibble of "Companion" dog food was sold in

9

Florida. Plaintiffs certainly do not suggest that any "Companion" dog food injured any of them. Instead, plaintiffs seek to fish for "information regarding *whether* the recalled products reached customers in Florida." *Id.* at 8 (emphasis added). Once again, plaintiffs have failed to provide the Court with anything more than the conclusory, speculative allegations which courts routinely find to be insufficient to allow jurisdictional discovery.

Neither Safeway nor Stop & Shop operate stores anywhere near Florida. As Safeway Assistant Vice President and Assistant Secretary declared in this case, "Safeway has no stores south of Northern Virginia." D.E. 232-6 (Declaration of Laura Donald). Likewise, Stop & Shop's "retail stores are located in Massachusetts, New Hampshire, Rhode Island, Connecticut, New Jersey, Maine and New York." D.E. 232-7 (Declaration of Steven F. Rowell). Plaintiffs have not met, and cannot meet, their burden to allege sufficient facts to entitle them to jurisdictional discovery of Safeway and Stop & Shop in this case.

Safeway and Stop & Shop also incorporate and adopt the arguments of articulated in Section I.B above with respect to allegations that Safeway and Stop & Shop have interactive web sites and Section I.E. below with respect to the having a registered agent in Florida (as to Safeway).

C. *The Discovery Plaintiffs Request Is Not Relevant To Their Jurisdictional Allegations Against Meijer.*

Plaintiffs' Motion demonstrates how far out on a limb Plaintiffs will go in an attempt to establish that Meijer, Inc. ("Meijer"), a Michigan-based retailer that operates stores only in Michigan, Illinois, Indiana, Ohio and Kentucky, is subject to the personal jurisdiction of this Court.

10

First, Plaintiffs still fail to allege in their SAC that any Florida plaintiff purchased pet food or pet treats manufactured, distributed, marketed, advertised or sold by Meijer, an omission that is fatal to Plaintiffs' attempt to establish personal jurisdiction over Meijer. *Mother Doe I*, 2007 2209258, *2.

Second, Plaintiffs allege no facts in their SAC to controvert evidence that Meijer does not own or operate any grocery stores in Florida; is not qualified to do business in Florida; does not have a principal place of business in Florida; does not have any offices or agents in Florida; does not own or lease tangible personal or real property in Florida; does not have a telephone listing, bank account or mailing address in Florida; and at all times relevant to the allegations in the action, did not engage in any advertisement, marketing or sale of pet food or other products from retail stores located in the State of Florida.4

Instead, Plaintiffs offer bare and conclusory allegations that Meijer "conducts business in Florida", SAC, at § 59, and that it is engaged in "distributing, advertising and/or selling the Defendants' pet food and treat products in Florida", *id.*, without alleging *how* or *when* or *where* this can possibly have occurred in view of Meijer's sworn statement demonstrating that it has virtually no contact with the State of Florida. Plaintiffs' speculative and tangential grounds for leave to conduct personal jurisdiction discovery directed to Meijer are equally unavailing.

Although Plaintiffs are technically correct that Meijer operates online retail service through an Internet website at Meijer.com, *see* D.E. 262, at 5-6, Meijer, Inc. did not advertise, market, sell or offer for sale any pet food or pet treats on its Meijer.com website during the relevant class period. *See* Second Affidavit of Robert VerHeulen ("VerHeulen Aff.") at ¶¶ 3-7, attached as

Exhibit A to Jurisdictional Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery.  Moreover, Meijer only very recently began operating this website on September 9, 2007, and its online sales to Florida consumers through Meijer.com comprise no more than 2 % of Meijer, Inc.'s total Internet sales.  *Id.*  Simply put, such limited sales activity is far below the threshold recognized by this Court in *Rexam Airspray, Inc. v. Arminak* and is insufficient to establish "continuous and systematic general business contact" with Florida that is both "pervasive and substantial".  471 F. Supp.2d 1292 (2007).

Meijer, Inc. has *never* advertised, marketed, sold or offered for sale any pet food on its Meijer.com website.  *See* VerHeulen Aff., at ¶¶ 3-7.  On or about November 23, 2007 – notably *after* the filing of the SAC – Meijer, Inc. began offering pet treats for sale on its Meijer.com website.  *Id.*  To date, not a single pet treat offered for sale on Meijer.com has been sold to any Florida consumers.  *Id.*  And, of course, given the date Meijer began offering pet treats on Meijer.com – November 23, 2007, no plaintiff could have possibly purchased a pet treat from the Meijer.com site during the alleged class period.5

As for the Plaintiffs' allegation that payments for Meijer's charge and credit card purchases "are facilitated with an address for receiving payments in Orlando, Florida", Motion, at 5., the cards are issued by GE Money Bank, a member of the General Electric Company ("GE") corporate family, and not Meijer.  Meijer has no control whatsoever over where or how GE accepts or processes customer payments made on the Meijer credit or charge card, and has

---

4 *See* Affidavit of Robert VerHeulen ("Verheulen Aff.") at ¶¶ 4-7, attached as Exhibit E to Defendants' Consolidated Motion to Dismiss Plaintiffs' Corrected Amended Complaint and Incorporated Memorandum of Law.
5 To the extent applicable here and to avoid repetition, Meijer hereby incorporates and adopts the arguments of H.E. Butt above with respect to allegations that Meijer has an interactive web site.

no contractual right whatsoever to supervise, direct, change or manage this payment acceptance or processing function. A supplemental affidavit will be filed attesting to this fact.

To establish personal jurisdiction, Plaintiffs also allege in their Motion that Meijer co-branded a blood glucose monitor with Home Diagnostics. *See id.* To start, the alleged co-branded product plainly is not pet food and is not intended for use by cats or dogs. Moreover, the product is only available in Meijer's retail stores, which do not operate in Florida. A supplemental affidavit will be filed attesting to this fact. Thus, any arguments regarding the blood glucose monitor are entirely irrelevant to whether personal jurisdiction over Meijer exists.

In short, none of these alleged potential "contacts" comes close to establishing sufficient *prima facie* evidence of jurisdiction over Meijer to entitle Plaintiffs' to pursue jurisdictional discovery. Meijer therefore respectfully asks the Court to deny the Plaintiffs' Motion with respect to any personal jurisdiction discovery directed to Meijer.

D.   *The Discovery Plaintiffs Request Is Not Relevant To Their Jurisdictional Allegations Against Pet Supplies Plus.*

Plaintiffs have once again incorrectly alleged that Pet Supplies Plus USA is a "specialty retailer" who through its franchises, is in the business of advertising, distributing and selling dog food and/or cat food and treats in Florida." SAC, at ¶¶ 64 & 94. As stated in prior motions to the Court, Pet Supplies Plus USA is a corporation registered and maintaining its principal place of business in the State of Michigan, which is in the business of granting franchises for the right to operate retail pet food and supply stores in numerous states which it franchisees choose to operate. (See Affidavit of Harvey Solway submitted in support of earlier Consolidated Motion to Dismiss (D.E. 232).) To be clear, Pet Supplies Plus USA is **not** a retail seller of pet products nor does it operate any Pet Supplies "Plus" licensed franchisees. *Id.* Rather, **all** Pet Supplies Plus

USA stores in the United States are independently owned and independently operated by the individual franchisees and registered through corporations within the state they are located. *Id.*

Moreover, even assuming *arguendo* that Pet Supplies Plus USA was a retail seller of dog and cat food and treats as alleged by the Plaintiffs, the Plaintiffs are not entitled to jurisdictional discovery from this Defendant (or any Defendant for that matter) as they have not alleged that **any** of the named Plaintiffs/Class Representatives (or there pets) were injured by **any** pet food or products marketed, advertised, distributed or sold by Pet Supplies Plus USA. Accordingly, the Plaintiffs' failure to plead a *prima facie* case for personal jurisdiction is fatal to Plaintiffs' attempt to establish personal jurisdiction over Pet Supplies Plus USA, and obviates the purpose for conducting jurisdictional discovery as to this Defendant. *Mother Doe I* 2007 WL 2209258, at *2 ("Plaintiff's burden in alleging personal jurisdiction is **to plead sufficient material facts** to establish the basis for exercise of such jurisdiction.") (emphasis added).

Accordingly, Pet Supplies Plus USA respectfully requests that the Court deny the Plaintiffs' Motion with respect to any jurisdictional discovery directed to Pet Supplies Plus USA.

E. *The Discovery Plaintiffs Request Is Not Relevant To Their Jurisdictional Allegations Against Kroger.*

Plaintiffs are not entitled to jurisdictional discovery from Kroger because they have yet to allege that any of the named Plaintiffs/Class Representatives were injured by Kroger products. In considering the elements of the constitutional limits of specific personal jurisdiction, it is the named class representatives whose claims must satisfy these elements in order for the Court to have personal jurisdiction over the defendants. *Williams v. Firstplus Home Loan Trust 1996-2,* 209 F.R.D. 404 (W.D. Tenn., 2002); *Barry v. Mortgage Servicing Acquisition Corporation,* 909 F. Supp. 65 (Dist. R.I., 1995). See also *Selman v. Harvard Medical School,* 494 F. Supp. 603,

14

613 (S.D.N.Y., 1980) ("(I)t is clear that the named class representative himself must satisfy all jurisdictional prerequisites [under the New York long-arm statute] before the action can go forward."). Plaintiffs' Second Amended Class Action Complaint does not allege that any specific named class representative was injured by pet food purchased from Kroger. Accordingly, Plaintiffs have failed to plead a *prima facie* case for personal jurisdiction and are not entitled to jurisdictional discovery against Kroger.

Furthermore, Plaintiffs are not entitled to jurisdictional discovery from Kroger because none of the facts which Plaintiffs expect to discover would establish personal jurisdiction over Kroger. With respect to Kroger, Plaintiffs allege in their Motion that: (1) Kroger is registered to do business in Florida; (2) two of Kroger's directors own property in Florida; (3) Kroger owns and operates Tom Thumb convenience stores that sell pet food in Florida; and (4) Kroger "operates, or is involved in operating" jewelry stores in Florida. (See Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery, D.E. 262.1, at p. 3-4.) However, none of these allegations establishes a *prima facie* basis for specific or general personal jurisdiction.

As to Plaintiffs' claim that Kroger has a registered agent in Florida, this is a matter of public record which does not require any discovery from Kroger. Moreover, the fact that Kroger has a registered agent in Florida does not, by itself, establish personal jurisdiction over Kroger. The Eleventh Circuit has specifically rejected the argument that a corporation is subject to general personal jurisdiction simply because it appointed an agent for service of process in the forum. In doing so, the Eleventh Circuit also recognized that other courts of appeals that have addressed the argument have similarly rejected it. See, *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Reaching the same conclusion, Judge Hoeveler of the Southern District of Florida concluded that:

Another reason for the finding that personal jurisdiction is lacking over Defendants here comes from the literal words of § 48.193(2) in that registration alone, as here, could not reasonably be seen as the "substantial and not isolated activity" required under the statute.

*Sofrar, S.A. v. Graham Eng'g Corp.*, 35 F. Supp. 2d 919, 921 (S. D. Fla. 1999).

Plaintiffs cite the decision in *Benedict v. General Motors Corp.*, 142 F.Supp.2d 1330 (N.D. Fla. 2001) for the proposition that the designation of a registered agent, standing alone, is sufficient to establish personal jurisdiction. However, *Benedict* is not controlling precedent in this district. In *Sofrar*, this Court considered the same case law relied upon in *Benedict* and concluded that imposing personal jurisdiction based solely upon the presence of a registered agent in Florida would violate the Due Process Clause and would be insufficient to meet the general jurisdiction requirements of Florida's long-arm statute.[6] As such, Kroger's designation of a registered agent in Florida, even if pled in the operative complaint, would be insufficient to establish personal jurisdiction and, as a matter of public record, would afford Plaintiffs no basis for jurisdictional discovery.

Plaintiffs also are not entitled to jurisdictional discovery simply because they have learned that two of Kroger's directors own property in Florida. As this Court recognized in *Mother Doe*:

---

[6] See also *Morgan Trust Company v. Potash Corporation of Saskatchewan, Inc.*, 2007 U.S. Dist. LEXIS 23872, decided March 30, 2007, in which Judge Corrigan of the U.S. District Court for the Middle District of Florida, following the Eleventh Circuit decision in *Consolidated Dev. Corp., supra*, stated:

> The Court agrees with those cases holding that registering to do business and appointing a registered agent in the state of Florida, without more, does not subject a foreign corporation to the general personal jurisdiction of the state for any and all unrelated actions. Such a single contact does not meet the requirements for general personal jurisdiction that the defendant's contact with the forum state be "substantial and not isolated," "continuous and systematic," either under Florida's long-arm statute, or the tenets of due process.

16

> By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership.

See, *Mother Doe* at *29; citing, *Nichols v. Paulucci*, 652 So. 2d 389, 392 n.5 (Fla. 5th DCA 1995). In the subject case, the Florida properties are not owned by Kroger, but by two of Kroger's directors. Plaintiffs also have not alleged that their cause of action has any connection with the ownership of these properties. Therefore, even if Plaintiffs could confirm their contention regarding this property ownership through discovery, such facts would not be sufficient to establish a *prima facie* case for personal jurisdiction.

Plaintiffs also are not entitled to discovery based upon their allegation that Kroger owns and operates Tom Thumb convenience stores that sell pet food in Florida or that Kroger "operates, or is involved in operating" jewelry stores in Florida. Nowhere in Plaintiffs' Second Amended Complaint nor in the subject Motion is there an allegation or contention that any Plaintiff/Class Representative purchased pet food or was damaged by pet food purchased from a Tom Thumb convenience store. There is also no allegation that any Plaintiff was injured by the sale of jewelry by Kroger in Florida. Therefore, even if Plaintiffs could prove that Kroger owned and operated Tom Thumb convenience stores or operated jewelry stores in Florida, such facts would not create a *prima facie* case for specific personal jurisdiction over Kroger.

The alleged ownership and operation of the Tom Thumb convenience stores and jewelry stores also fails to establish general jurisdiction over Kroger. As this Court held in *Rexam Airspray, supra*, limited sales activity is insufficient to establish general jurisdiction under the Florida long-arm statute:

---

(See Exhibit B, p. 18 of 21.)

Moreover, Arminak, Inc.'s sales to customers in Florida such as KGI amount to less than 1% of its total sales. By comparison, courts confronting much higher percentages of forum-state sales have nonetheless concluded that general jurisdiction does not exist. See *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1167 (5% Florida sales; no general jurisdiction); *StairMaster Sport/Medical Prods. V. Pacific Fitness Corp.* 916 F. Supp. 1049, 1052-53 (W.D. Wash. 1994), affirmed, 78 F.3d 602 (Fed. Cir. 1996) (3% forum-state sales; no general jurisdiction); *Baker v. Carnival Corp.*, 2006 U.S. Dist. LEXIS 85114, 2006 WL 3360418, at *4 (S.D. Fla. Nov. 20, 2006) (1.5% Florida sales; no general jurisdiction).

*Rexam Airspray, supra* at 1299. In the earlier Consolidated Motion to Dismiss (D.E. 232, ) Kroger had submitted the affidavit of Martha Cutright Sarra, an in-house attorney employed by Kroger, who verified that Kroger and its subsidiary corporations have sales operations in the State of Florida which account for less than 1.0% of the total sales of Kroger and its subsidiary corporations. (Affidavit, para. 4). This is far below the threshold for substantial and continuous contacts under Florida's long-arm statute as established by this Court in *Rexam Airspray*. Yet, even against this backdrop, in their recently filed Second Amended Class Action Complaint, plaintiffs have failed to allege any specific material facts - - even on a threshold pleading basis - - to support a basis for the exercise of general personal jurisdiction against Kroger.

Having failed to allege a *prima facie* case for specific or general jurisdiction against Kroger, plaintiffs are not entitled to jurisdictional discovery against this defendant.

## II.    Plaintiffs Seek A Mere Fishing Expedition.

The type of discovery sought in Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery "is wholly speculative and amounts simply to the request to conduct a fishing expedition." *Home Design Services, Inc. v. Banyan Constr. and Dev., Inc.*, No. 5:07-cv-5-Oc-10GRJ, 2007 WL 1752435, *4 (M.D. Fla. June 15, 2007). That plaintiffs' motion suggests a mere fishing expedition is clear from the language of the motion itself. For example, plaintiffs

18

do not suggest that Meijers actually does any business in Florida, but that the plaintiffs "would like *to explore* what network of suppliers and other contacts Meijer has in this state." D.E. 262, at 6 (emphasis added). Plaintiffs do not actually suggest that Safeway owns or operates any stores in this state, but that the plaintiffs "would like *to explore* the discovery link, *if any*, between Randall Tom Thumb stores and Tom Thumb stores located in Florida." *Id.* at 7 (emphasis added). Plaintiffs do not actually suggest that Stop & Shop actually sold any of its "Companion" dog food in Florida, but that plaintiffs "seek information regarding *whether* the recalled products reached customers in Florida in order to establish *whether* there is jurisdiction over this Defendant under Fla. Stat. § 48.193(1)(f)." In short, Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery is "is wholly speculative and amounts simply to the request to conduct a fishing expedition." *Home Design Services, Inc. v. Banyan Constr. and Dev., Inc.*, No. 2007 WL 1752435, *4 (M.D. Fla. June 15, 2007).7

### III.  Plaintiffs Did Not In Fact Comply With Southern District Of Florida Local Rule 7.1

Plaintiffs' motion should be denied alternatively for failure to comply with this Court's order that "[a]ny motion filed by Plaintiffs seeking jurisdictional discovery must comply with

---

7 The notice of corporate deposition recently served on jurisdictional defendant New Albertsons, the one defendant for which the court permitted jurisdictional discovery in its October 30, 2007 order, further evidences plaintiff's desire for a fishing expedition into topics irrelevant to the issue of personal jurisdiction. That notice designates 32 topics for deposition and 56 categories of documents for production. *See* Amended Notice of Taking Corporate Deposition *Duces Tecum* as to Personal Jurisdiction Pursuant to Rule 30(b)(6), Nov. 20, 2006, attached as Exhibit C. The document requests alone call for the production of a voluminous quantity of documents, many of which have nothing to do with the issue of personal jurisdiction. *See, e.g. id.* at pp. 6 (¶ 7) ("All documents reflecting any and all of New Albertson's, Inc.'s and/or New Aloha Corporation's business activities and operations from 2000 through the present"), and 7 (¶ 22) ("Documents reflecting all business activities engaged in or conducted by New Albertson's, Inc. and Albertsons LLC from 2000 to present"), and 8 (¶ 33) ("Documents reflecting any announcement by New Albertson's, Inc., parent(s), subsidiary(ies), or sister company(ies) of recalls of pet food products from 2000 to the present").

19

Local Rule 7.1". D.E. 257, at 4. Plaintiffs tell the Court in their Notice of Filing 7.1 Certificate [D.E. 265] that they were advised that "the Defendants contesting personal jurisdiction would oppose the Motion." What plaintiffs do not tell the Court is that neither Safeway nor Stop & Shop participated in such a conference because plaintiffs' counsel entered into an agreement to voluntarily dismiss them from this suit in exchange for Safeway and Stop & Shop agreeing not to seek costs against plaintiffs or plaintiffs' counsel. Undersigned counsel for Safeway and Stop & Shop represent to the Court that *after* plaintiffs agreed to dismiss Safeway and Stop & Shop, counsel for plaintiffs failed to return any telephone calls or reply to any messages from counsel for Safeway and Stop & Shop for two weeks until the evening of Friday, November 30.

On the evening of Friday, November 30, 2007 counsel for Safeway and Stop & Shop received letters reneging on the dismissal agreement and threatening "protracted jurisdictional discovery" and expense to Safeway and Stop & Shop unless each agreed to certain conditions, including payment of plaintiffs' attorneys' fees and costs. One day later, on Monday, without conferring with counsel for Safeway and Stop & Shop concerning the motion, plaintiffs' filed their Motion for Leave to Conduct Personal Jurisdiction Discovery which, in fact, threatens the protracted and expensive jurisdictional discovery referred to plaintiffs' counsels' letter.[8] Accordingly, plaintiffs' motion should also be denied for failure to engage in the good faith conference of counsel mandated by Southern District of Florida Local Rule 7.1 and this Court's order (D.E. 257).

---

[8] In fact, it was during this exact same time frame that plaintiffs sought all of the defendants' agreement not to oppose their motion for leave to file the SAC. Had plaintiffs' counsel not disingenuously agreed to dismiss Safeway and Stop & Shop and then reneged on the agreement *after* the defendants did not oppose the filing of the SAC, Safeway and Stop & Shop would have opposed the amendment as a nullity for failure to allege sufficient facts to support personal jurisdiction over them. The SAC therefore should be stricken in its entirety.

Respectfully submitted,

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez (Fla. Bar No.441503 )
E-mail: mjimenez@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
E-Mail: ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendants Safeway Inc. and The Stop*
*& Shop Supermarket Company LLC*

/s/ Hugh J. Turner, Jr.
Hugh J. Turner, Jr.
Florida Bar Number 203033
**AKERMAN SENTERFITT**
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301-0006
Telephone: 954-759-8930
Fax: 954-847-5365
E-Mail: hugh.turner@akerman.com

*Attorney for H.E. Butt Grocery Company*

/s/ John Brian Thomas Murray, Jr.
John B. T. Murray, Jr.
Florida Bar Number 962759
**SQUIRE SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 S Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Fax: 561-655-1509
E-Mail: jbmurray@ssd.com

*Attorneys Meijer, Inc.*

21

/s/ C. Richard Fulmer, Jr.
C. Richard Fulmer, Jr.
Florida Bar No. 0370037
**FULMER LeROY ALBEE BAUMANN**
**& GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-4430
Fax: 954-707-4431
E-Mail: rfulmer@Fulmer.LeRoy.com


James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-Mail: jreuss@lanealton.com

*Attorneys for The Kroger Co. of Ohio*

22

<u>**CERTIFICATE OF SERVICE**</u>

**I hereby certify** that on December 7, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

the counsel so indicated on the attached Service List.

/s/ Robert J. Alwine II

Robert J. Alwine II

23

## CERTIFICATE OF SERVICE

## RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
### Case No. 07-21221-CIV-ALTONAGA/TURNOFF

## SERVICE LIST

Catherine J. MacIvor
E-mail:     cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail:     rd@kubickdraper.com
Cassidy Yen Dang
E-mail:     cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

John B.T. Murray, Jr.
E-mail:     jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc., Target Corporation and Meijer,
Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

24

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
E-mail: William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Gary L. Justice
E-mail: gjustice@gibsondunn.com
Charles H. Abbott
E-mail: cabbott@gibsondunn.com
Gail E. Lees
E-mail: glees@gibsondunn.com
William Edward Wegner
E-mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated*
*and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail:      hugh.turner@akerman.com

*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail: msteinberg@hunton.com
Adriana Riviere-Badell
E-mail:      ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenute, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Christopher M. D'Angelo
E-mail: cdangelo@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005

*Attorneys for Defendants Mars, Incorported*
*and Mars Petcare U.S.*

25

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail: mdj@kennynachwalter.com
Robert J. Alwine II
E-mail: ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble
Co. and The Iams Co.*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Procter & Gamble
Co. and The Iams Co.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,
P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

Robert Valadez
E-mail: rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

Jason Joffe
**SQUIRE SANDERS & DEMPSY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
E-mail: jjoffe@ssd.com

*Attorneys for Defendant Meijer, Inc.*

29