UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY HOLLUB, PATRICIA DAVIS, *et. al.*,
individually and on behalf of others similarly situated,

          Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

          Defendants.

_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE PORTIONS OF RESPONSE

Defendants Safeway Inc. ("Safeway") and The Stop & Shop Supermarket Company LLC ("Stop & Shop") file this memorandum in opposition to Plaintiffs' Cross-Motion to Strike Portions of Response [D.E. 268, at 11].[1] Plaintiffs' counsel's statements in the cross-motion do not credibly dispute that plaintiffs' counsel and counsel for Safeway and Stop & Shop entered into an agreement to voluntarily dismiss Safeway and Stop & Shop; that plaintiffs' counsel concurrently secured an unopposed motion for leave to file a second amended complaint from the remaining defendants; and that plaintiffs' counsel did not conduct a proper Rule 7.1 conference with Safeway and Stop & Shop's counsel with respect to the Motion for Leave to Conduct Jurisdictional Discovery. Plaintiffs' motion to strike has no basis in fact or in law under Fed. R. Evid. 408 or otherwise.

---

[1] Safeway and Stop & Shop are specially appearing for the limited purpose of filing the Consolidated Motion to Dismiss on jurisdictional and other grounds, and related matters such as this Motion, and without submitting to the jurisdiction or venue of this Court.

1

*Discussion*

I.     *Plaintiffs Have It Wrong Factually.*

On the evening of Thursday, November 15, 2007, at approximately 7:00 p.m., counsel for the plaintiffs, Ms. Catherine MacIvor called counsel for Safeway and Stop & Shop. During that call Ms. MacIvor stated that while she believed she had a basis to sue Safeway and Stop & Shop in Florida, she nonetheless did not want to spend a lot of time fighting over personal jurisdiction. She then offered to dismiss Safeway and Stop & Shop from this lawsuit if Safeway and Stop & Shop would agree not to pursue their costs. Ms. MacIvor conditioned her offer on Safeway and Stop & Shop's acceptance before 12:00 p.m. the next day (Friday, November 16, 2007) because she intended to file a motion for leave to amend the complaint on Friday, November 16, 2007. *See* Exhibit A at ¶ 3 (Declaration of Robert J. Alwine II).

At approximately 10:45 a.m. on Friday, November 16, 2007, counsel for Safeway and Stop & Shop telephoned Ms. MacIvor and told her that both Safeway and Stop & Shop accepted her offer. Ms. MacIvor then requested that counsel for Safeway and Stop & Shop send her an e-mail confirming Safeway's and Stop & Shop's acceptance of her offer to voluntarily dismiss them and agreement not to pursue costs. *See id.*, at ¶ 4.

At 10:50 a.m. on November 16, counsel for Safeway and Stop & Shop sent an e-mail message to Ms. MacIvor accepting her offer to voluntarily dismiss Safeway and Stop & Shop in exchange for Safeway and Stop & Shop's agreement not to pursue costs against Ms. MacIvor, her law firm, or the plaintiffs. *See id.*, at ¶ 5.

Counsel for Safeway and Stop & Shop then telephoned Ms. MacIvor to confirm that she received the e-mail she requested and asked her when they could expect to see Safeway and Stop

& Shop dismissed from this case. Ms. MacIvor stated that she was "printing" the voluntary dismissals and that she would file them later in the afternoon. *See id.*, at ¶ 6.

At the same time as plaintiffs' counsel agreed to voluntarily dismiss Safeway and Stop & Shop, plaintiffs' counsel was attempting to obtain the remaining defendants' consent to file the Second amended Class Action Complaint ("SAC"). Plaintiffs filed their *unopposed* motion for leave to file the SAC that same evening, at approximately 7:59 p.m. on November 16, 2007. D.E. 256.

Just over one business day later, on November 20, 2007 at 8:10 a.m., counsel for Safeway and Stop & Shop sent Ms. MacIvor an e-mail message inquiring about the status of the dismissals of Safeway and Stop & Shop. Ms. MacIvor did not reply. The next day, on November 21, 2007, counsel for Safeway and Stop & Shop called Ms. MacIvor's office and left a message for Ms. MacIvor concerning the status of the dismissals of Safeway and Stop & Shop. Ms. MacIvor did not reply. *See id.*, at ¶¶ 11-12.

On November 27, 2007, after the Thanksgiving holiday, counsel for Safeway and Stop & Shop drafted a letter to Ms. MacIvor again inquiring about the status of Safeway's and Stop & Shop's voluntary dismissal, which was transmitted to Ms. MacIvor by e-mail and hand-delivery. *See id.*, at ¶ 13. Ms. MacIvor did not reply.

Plaintiffs' filed their SAC on November 29, 2007, during the time that the agreement to dismiss Safeway and Stop & Shop was in place. D.E. 260.

On November 30, 2007, counsel for Safeway and Stop & Shop again telephoned Ms. MacIvor's office. For the first time since November 16, 2007, counsel was able to speak with Ms. MacIvor. However, she only stated that she would send a letter in response to Safeway's and Stop & Shop's November 27th letter and that she would discuss it, if necessary, on Monday

December 3, 2007. Later that afternoon, on November 30, 2007, counsel for Safeway and Stop & Shop received two letters from plaintiffs' counsel responding to the November 27th letter. It was in these letters that Ms. MacIvor first informed counsel for Safeway and Stop & Shop that she had purportedly "reconsider[ed]" the agreement to voluntarily dismiss Safeway and Stop & Shop. *See* Exhibit A, at 14.[2]

In the reply memorandum and cross-motion to strike, Plaintiffs' counsel mischaracterizes the plaintiffs' *agreement* to voluntarily dismiss Safeway and Stop & Shop. This after-the-fact mischaracterization is demonstrated not only by the attached declaration but also by plaintiffs' counsel's fabrication of her purported conversation with counsel for Safeway and Stop & Shop at the time of the voluntary dismissal agreement. Contrary to plaintiffs' assertion, counsel for Safeway and Stop & Shop never indicated to Ms. MacIvor that he "was providing another affidavit indicating that Safeway had several employees in Florida." D.E. 268, at 9. There was no such discussion whatsoever at the time of the voluntary dismissal agreement. *See id.* at 8. In fact, the affidavit to which MacIvor is referring was filed on **November 13, 2007** – two days *before* Ms. MacIvor offered to dismiss Safeway and Stop & Shop and three days *before* Safeway and Stop & Shop accepted Ms. MacIvor's offer. *See* D.E. 253 (Supplemental Declaration of Laura Donald filed on November 13, 2007); Exhibit A, at ¶ 9. This Court should not tolerate such an unmitigated misrepresentation from plaintiffs' counsel.

Plaintiffs' counsel also misrepresents that her November 30th letter reneging on the voluntary dismissal agreement was one "reminding counsel that the Plaintiffs has not entered

---

[2] Plaintiffs' counsel's excuse for her prior lack of communication is that she was ill and barely able to speak, but that does not explain why she could not communicate in writing, or why the other attorneys for the plaintiffs could not communicate with counsel for Safeway and Stop & Shop.

into any agreement to dismiss them . . ." D.E. 268, at 10. "Reminding" presumes that there was a prior communication by plaintiffs' counsel regarding the purported fact that Plaintiffs "had not entered into any agreement to dismiss" Safeway and Stop & Shop. Of course, since plaintiffs' counsel did not communicate anything at all after her November 16th statement that she was printing and would be filing the voluntary dismissals, her November 30th letter could not possibly have "reminded" anyone of anything.

Prior to the November 30, 2007 letter, at no time did plaintiffs' counsel state she was "reconsidering" the agreement to dismiss Safeway and Stop & Shop, or had any concern as to Safeway's *earlier* filed declaration or any concern whatsoever. Plaintiff's counsel waited until *after* the filing of the SAC to send her November 30th letter reneging on the voluntary dismissal agreement. Moreover, plaintiffs' counsel delivered the November 30th letter to counsel for Safeway and Stop & Shop only one business day prior to filing plaintiffs' motion to conduct jurisdictional discovery on December 3, 2007, at the very end of the more than two-week period between November 15th and December 3rd that plaintiffs' counsel admits she was exchanging "emails with the Defendants' designated representative, Carol Licko, regarding whether the Jurisdictional Defendants would agree to discovery." D. E. 268, at 10.[3] During that time, counsel for Safeway and Stop & Shop was not in communication with Ms. Licko, and Ms. Licko was not authorized to speak on behalf of Safeway and Stop & Shop, due to the voluntary dismissal agreement reached between plaintiffs and Safeway and Stop & Shop on November 16, 2007. The bottom line is that Plaintiffs' counsel did not confer and act in good faith with respect to its filing of either the SAC or the Motion for Leave to Conduct Jurisdictional Discovery

---

[3] And even then plaintiffs' counsel stated that she would only discuss her letter on December 3, *the very day* she filed the motion for leave to conduct jurisdictional discovery.

against Safeway and Stop & Shop.

Plaintiffs' counsel's November 30th letters admittedly identify the avoidance of "protracted jurisdictional discovery and briefing" as the carrot for Safeway and Stop & Shop's acceptance of new terms for the settlement of Plaintiffs' claims and these terms clearly include an award of fees and costs to plaintiffs' law firm. It is not difficult to discern plaintiffs' tactics.

II.     *Plaintiffs Have It Wrong Legally.*

The legal premise of plaintiffs' motion to strike misses the mark. Safeway and Stop & Shop do not ask the Court to decide anything on the basis of any settlement *offer* or discussions by plaintiffs. Rather, the response in opposition to plaintiffs' motion for jurisdictional discovery explained that plaintiffs did not confer in good faith with counsel for Safeway and Stop & Shop prior to filing their motion for jurisdictional discovery. The response also pointed out that plaintiffs improperly eliminated Safeway and Stop & Shop's opposition to plaintiffs' filing of the SAC by reaching the November 16th voluntary dismissal agreement *prior to* their motion for leave to file the SAC, and then reneging on the voluntary dismissal agreement on the day *after* the plaintiffs filed the SAC.

Fed. R. Evid. 408 and the cases cited by plaintiffs in their cross-motion to strike provide no basis to strike any portion of the response. The cases cited by plaintiff rely on Fed. R. Evid. Rule 408, which provides that statements made by a *party* in compromise negotiations are inadmissible to *prove liability or invalidity of a claim* on the merits. *See St. Paul Fire and Marine Ins. Co. v. Brother Int'l Co.*, 2007 U.S. Dist. LEXIS 64648 *52-55 (D.N.J. 2007); *Braman v. Woodfield Gardens Assoc.*, 715 F. Supp. 226, 230 (N.D. Ill. 1989). Rule 408 does not require exclusion when the evidence is offered for another purpose, such as the Court's evaluation of Plaintiffs' counsel's compliance with the meet and confer requirements of S.D. Fla.

Local Rule 7.1 and the circumstances surrounding the filing of the SAC with the purported consent of all defendants.  *See* Fed. R. Evid. 408.

*Conclusion*

Plaintiffs' counsel did not confer or act in good faith with respect to its filing of either the SAC or the Motion for Leave to Conduct Jurisdictional Discovery against Safeway and Stop & Shop.  Plaintiffs' cross-motion to strike the "references to settlement proposals" [D.E. 298 at 11] is factually incorrect and legally baseless.  Therefore, Safeway and Stop & Shop respectfully request that the cross-motion be denied.

Respectfully submitted,

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez (Fla. Bar No.441503 )
E-mail: mjimenez@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
E-Mail: ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendants Safeway Inc. and The Stop & Shop Supermarket Company LLC*

**CERTIFICATE OF SERVICE**

  **I hereby certify** that on December 11, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

                /s/ Marcos Daniel Jiménez
                Marcos Daniel Jiménez

## CERTIFICATE OF SERVICE

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

## SERVICE LIST

Catherine J. MacIvor
E-mail:   cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:   jmaltzman@mflegal.com
Darren W. Friedman
E-mail:   dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail:   rd@kubickdraper.com
Cassidy Yen Dang
E-mail:   cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

John B.T. Murray, Jr.
E-mail:   jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois  60601-1293
E-mail:  William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Gary L. Justice
E-mail:  gjustice@gibsondunn.com
Charles H. Abbott
E-mail:  cabbott@gibsondunn.com
Gail E. Lees
E-mail:  glees@gibsondunn.com
William Edward Wegner
E-mail:  wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:       hugh.turner@akerman.com

*Attorneys for Defendants Publix Super Markets, Inc and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail:  msteinberg@hunton.com
Adriana Riviere-Badell
E-mail:       ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenute, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile:  (305  810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.om
Christopher M. D'Angelo
E-mail:  cdangelo@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida  33131-9101
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail:  mdj@kennynachwalter.com
Robert J. Alwine II
E-mail:  ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:   (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Robert Valadez
E-mail:  rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail:  jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas  78205
Telephone:  (210) 349-0515
Facsimile:   (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

| | |
|---|---|
| C. Richard Fulmer, Jr.<br>**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, Florida  33306<br>Telephone:  (954) 707-4430<br>Facsimile:  (954) 707-4431<br>E-mail:  rfulmer@Fulmer.LeRoy.com<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* | Jason Joffe<br>**SQUIRE SANDERS & DEMPSY, LLP**<br>200 South Biscayne Boulevard<br>Suite 4000<br>Miami, Florida 33131<br>Telephone:  (305) 577-7000<br>Facsimile:  (305) 577-7001<br>E-mail:  jjoffe@ssd.com<br><br>*Attorneys for Defendant Meijer, Inc.* |