UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, et al.,

    Plaintiffs/Class Representatives,
vs.

MARS INC., et al.

    Defendants.
_____/

## DECLARATION OF CATHERINE J. MACIVOR

I, Catherine J. MacIvor, declare and state the following is true and correct under penalty of perjury:

1. My name is Catherine J. MacIvor. I am over the age of eighteen and I have personal knowledge of all of the facts contained herein.

2. I am a partner at the law firm of Maltzman Foreman, P.A. and have been licensed to practice in Florida for fifteen (15) years. I am a member in good standing of the Florida Bar as well as the United States Supreme Court, the First, Fifth, Ninth and Eleventh Circuit Courts of Appeal and the Southern District of Florida. I am lead counsel for the Plaintiffs in this case.

3. I have reviewed the Defendants' Response to the Plaintiffs' Cross-Motion to Strike Portions of the Defendants' Response to the Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery and the Declaration of Robert Alwine.

4. Mr. Alwine's version of the conversation is *not* accurate. I contacted Mr. Alwine on November 15, 2007, to explore whether Safeway and Stop & Shop would seek costs if the Plaintiffs were to voluntarily dismiss these Defendants. As I explained to him at the time, I

firmly believe that the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction will not be granted, but am concerned that protracted personal jurisdiction litigation will delay getting to the merits of the case. At the time, I indicated to him that I would be dismiss Defendants who would no longer be a part of the suit on that basis prior to filing a Motion to seek leave to file the Second Amended Complaint. I did indicate that I would need to know Safeway and Stop & Shop's position by November 16, 2007 so that the determination as to who would be dismissed could be made prior to seeking leave to amend. The Plaintiffs wanted to omit any dismissed Defendants from the Complaint.

5.  During the same November 15, 2007, conversation with Mr. Alwine, he added that he had recently filed yet another affidavit from a Safeway employee and asked if I had seen it yet and I advised him that I had not. I told him at that time that I would take that into consideration.

6.  On November 16, 2007, prior to filing the Motion for leave to file the Second Amended Complaint, I contacted Mr. Alwine again because I had not heard back from him about Safeway and Stop & Shop's position. Mr. Alwine indicated that he would get back to me and he did call me on November 16, 2007 to advise that Stop & Shop and Safeway would waive seeking costs if they were dismissed. At that time he asked me if he should prepare notices. I advised him that *if* Safeway and Stop & Shop were going to be dismissed, I had already prepared notices. On the same date, I received an email from the Defendants' designated representative, Carol Licko, advising me that *all* Defendants had determined not to oppose the Plaintiff's request to amend the Complaint. This flatly contradicts counsel for Safeway and Stop & Shop's story. *See*, Exhibit "A" attached hereto.

7.  There was no agreement to dismiss Safeway and Stop & Shop.

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

2

8. On November 16, 2007, I reviewed the new affidavit from a Safeway employee, which clearly indicates that four (4) employees work in Florida and that somehow, despite having previously sworn under oath that Safeway had no Florida employees, Safeway suddenly became aware of these Florida employees. The timing of this discovery was not coincidentally around the time that Safeway was aware that the Plaintiffs sought to amend to seek leave to obtain personal jurisdiction discovery.

9. On November 16, 2007, the Plaintiffs became aware of the sale of pet food treats and other goods by Defendant Meijer and the new Safeway affidavit. After giving much consideration to the cost benefit of pursuing personal jurisdiction discovery from companies that are obviously less than forth coming, the Plaintiffs decided not to dismiss Safeway and Stop & Shop at that time and to further investigate publicly available information before making a final decision.

10. Based on the conversation with Mr. Alwine, since no voluntary dismissal had been entered as to Safeway and Stop & Shop, it was clear that they were not dismissed. A voluntary dismissal was entered as to Nestlé SA.

11. If counsel for Safeway and Stop & Shop did not participate in any Rule 7.1 conferences with the Defendants designated representative, Ms. Carol Licko, that was never brought to my attention. At all times, it was my understanding that they had participated. Since it was my understanding that they participated in discussions with the other Jurisdictional Defendants, I did not personally contact them since all communications between the Plaintiffs and the Defendants are through Ms. Licko at her request.

12. I received a message from Mr. Alwine on November 21, 2007. Since I was out of town for the holidays, and because the Plaintiffs were investigating the matter for further

discussion, I instructed my assistant to advise him that I was out of town and would speak to him the following week. My assistant confirmed that she contacted him and that he was aware that I was out of town.

13. After my return from the Thanksgiving holiday, I was very ill and was barely able to speak. As a consequence, I was essentially out of the office and did not see Mr. Alwine's letter. I did, however, contact Ms. Licko, once via telephone and via e-mail to let her know that no decision had been made to dismiss any other Defendants.

14. Once I had somewhat recovered from being very ill, on November 30, 2007, based upon the subsequent investigation, the Plaintiffs determined that Safeway & Stop & Shop would not be dismissed. I spoke with Mr. Alwine and confirmed that and advised him that he would be receiving a letter about that shortly and that I would be moving for eave for personal jurisdiction and that if he had any questions, he could contact me at any time through Monday, December 3, 2007. I subsequently sent a letter advising Mr. Alwine that I had reconsidered the cost benefit of going forward with the dismissals and proposed a settlement in a letter that was clearly identified as confidential.

15. Mr. Alwine did not contact me after receipt of my letter to advise me that he had not participated in a Rule 7.1 conference or that his clients had been somehow prejudiced despite the fact that I filed the motion for leave to conduct personal jurisdiction discovery late in the day on Monday, December 3, 2007 and he could have contacted me at any time prior to then. My November 30, 2007 letter clearly advised that it was my understanding that both Safeway and Stop & Shop objected to the motion. If he had not participated in a 7.1 conference, I would think that he would have clarified that with me upon receipt of the letter, over the weekend or at

any time up until the filing of the motion. That never happened just as there was no agreement to dismiss Safeway and Stop & Shop.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2007.

_____
Catherine J. MacIvor