UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, PATRICIA DAVIS, *et. al.*,
individually and on behalf of others
similarly situated,
          Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

          Defendants.
_____/

## DEFENDANTS SAFEWAY INC. AND THE STOP & SHOP SUPERMARKET COMPANY LLC'S MOTION FOR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.1.G, Defendants Safeway Inc. ("Safeway") and The Stop & Shop Supermarket Company LLC ("Stop & Shop") respectfully move for a protective order prohibiting the multiple, unduly burdensome depositions sought by plaintiffs at the eleventh-hour as part of the admittedly "protracted jurisdictional discovery" that plaintiffs wish to foist upon the non-resident defendants in this case:

1.     Plaintiffs for the first time moved for jurisdictional discovery on December 3, 2007, and this Court granted the motion, over the non-resident defendants' objections, on December 12, 2007.

2.     On December 13, 2007, plaintiffs requested that Safeway provide the names of four employees who reside in Florida and facilitate Safeway's business outside the state for depositions.

3.      On December 15, 2007, plaintiffs stated their intent to conduct Fed.R.Civ.P 30(b)(6) depositions of both Safeway and Stop & Shop concerning 74 different topics and 84 different document requests.

4.      Counsel for Safeway and Stop & Shop, pursuant to Local Rule 7.1, conferred with the plaintiffs' attorneys and requested that plaintiffs proceed by way of interrogatories, which this Court has previously ordered in other jurisdictional discovery cases.   While plaintiffs' counsel agreed to propound 10-15 interrogatories concerning the four Safeway employees who reside in Florida "without waiving the right to seek their depositions after receiving the answers and this is provided that we receive the responses within 48 hours of service," plaintiffs refused to propound limited interrogatories in lieu of Fed.R.Civ.P. 30(b)(6) depositions. *See* Exhibit A.

5.      Though the plaintiffs have yet to actually issue Fed. R. Civ. P. 30(b)(6) notices, Safeway and Stop & Shop bring this issue to the Court's attention promptly as invited by the Court at the December 12, 2007 hearing [D.E. 277].  Given the plaintiffs' prior delays in seeking jurisdictional discovery against Safeway and Stop & Shop, the unduly burdensome nature of the depositions sought by plaintiffs, and the highly expedited schedule by which the parties are to discover and brief the court on matters of personal jurisdiction, this Court should enter a protective order prohibiting the depositions and ordering that jurisdictional discovery proceed by way of written interrogatories.

## MEMORANDUM OF LAW

Any requirement that either Safeway or Stop & Shop be ordered to provide one or more representatives for deposition in this case in connection with jurisdictional discovery, particularly expedited discovery prior to January 11, 2008, is unduly burdensome, oppressive and unfair in light of the plaintiffs' dilatory actions to date.  Moreover, proceeding by way of multiple Fed. R.

Civ. P. 30(b)(6) depositions will require unreasonable expense and time for witness preparation and extensive travel during an already shortened time frame. Where the scope of a 30(b)(6) topic requires counsel to marshal a variety of facts in order to prepare the designated witness for what essentially amounts to interrogatory answers, courts have held that it is more efficient simply to allow the corporation to provide information by way of interrogatories than a 30(b)(6) deposition. *See* Section B *infra*.

A. *The Proposed Deposition Discovery Is Unduly Burdensome, Oppressive, and Unfair*.

Safeway and Stop & Shop, upon being belatedly joined as defendants in this case, promptly moved to dismiss plaintiffs' Amended Class Action Complaint on September 20, 2007, for lack of personal jurisdiction, attaching declarations demonstrating their lack of contacts with Florida [D.E. 210]. In response, Plaintiffs did not seek jurisdictional discovery at that time.

Subsequently, plaintiffs undertook the following dilatory actions that now work to the unfair prejudice of Safeway and Stop & Shop:

(a)    on October 9, 2007, plaintiffs requested that four jurisdictional defendants, *not* including either Safeway or Stop & Shop, agree to jurisdictional discovery [*see* D.E. 244 at 1];

(b)    on October 19, 2007, plaintiffs moved for an enlargement of time to respond to defendants' motion to dismiss the Amended Class Action Complaint [D.E. 240];

(c)    in that October 19th motion for enlargement, plaintiffs represented that they were contemporaneously filing a motion for leave to conduct jurisdictional discovery; however, they did *not* do so[D.E. 244 at 2];

3

(d)    at approximately this same time, plaintiffs' counsel ignored Safeway and Stop & Shop's counsel's attempt to determine whether plaintiffs intended to seek jurisdictional discovery from them [see D.E. 248 at 7];

(e)    on October 30, 2007, this Court found that plaintiffs' Corrected Amended Class Action Complaint failed to state what contacts, if any, the jurisdictional defendants (except New Albertson's) had with Florida [D.E. 251 at 3]; thereafter, plaintiffs sought consent from the defendants to amend their complaint yet again [see D.E. 255 at 2-4];

(f)    on November 15, 2007, during the time that plaintiffs were seeking such consent, plaintiffs' counsel made an unsolicited offer to voluntarily dismiss Safeway and Stop & Shop, which offer was accepted on the morning of November 16, 2007, prior to the time that defendants through Carol Licko communicated their non-opposition to the proposed second amended complaint [D.E. 273-2 at 7; D.E. 276-3 at 1].; significantly, this agreement occurred three days *after* Safeway filed a supplemental declaration on November 13, 2007, clarifying that it had four employees in Florida [D.E. 253].

(g)    following their acceptance of plaintiffs' offer on November 16th, Safeway and Stop & Shop relied on the voluntary dismissal agreement and did not oppose leave to file the second amended complaint;

(h)    on November 30, 2007, two weeks after Safeway and Stop & Shop had accepted plaintiffs' dismissal offer, plaintiffs purportedly "determined that Safeway and Stop & Shop would not be dismissed" [D.E. 275 at 4 ¶ 14

(MacIvor Declaration)] and sent a letter to counsel for Safeway and Stop & Shop's counsel stating that plaintiffs had "reconsidered" their prior agreement; and

(i)    on the next business day, December 3, 2007, without any prior consultation with counsel for Safeway or Stop & Shop, plaintiffs for the first time in this case filed a motion for jurisdictional discovery, which motion the Court granted on December 12, 2007.

Plaintiffs waited until more than two months after the filing of Safeway and Stop & Shop's declarations to move for jurisdictional discovery in this case. At no time prior to November 30th did plaintiffs indicate that they sought jurisdictional discovery from Safeway and Stop & Shop; to the contrary, plaintiffs agreed to *dismiss* Safeway and Stop & Shop rather than seek jurisdictional discovery from them.

On November 30th, when they reneged on their agreement to dismiss Safeway and Stop & Shop, plaintiffs quite clearly communicated their intention to foist "protracted jurisdictional discovery" on Safeway and Stop & Shop, as part of their effort to demand unreasonable settlement terms including an award of attorneys' fees and costs to plaintiffs' firm. This intention to batter Safeway and Stop & Shop with unreasonable discovery came to fruition on December 15, 2007, when plaintiffs' counsel notified counsel for Safeway and Stop & Shop of her intent to depose Fed.R.Civ.P. 30(b)(6) witnesses from both Safeway and Stop & Shop concerning 74 different topics and 84 different document requests. Counsel for Safeway and

Stop & Shop requested that plaintiffs propound limited interrogatories in lieu of Fed.R.Civ.P. 30(b)(6) depositions, which plaintiffs' counsel rejected on December 17, 2007.[1]  *See* Exhibit A.

Under these circumstances, it is unreasonable to require Safeway and Stop & Shop to conduct jurisdictional discovery, particularly when plaintiffs' Second Amended Class Action Complaint still does not allege any specific contacts between either Safeway or Stop & Shop and Florida.[2]  Although this Court has rejected Safeway's and Stop & Shop's objections to any jurisdictional discovery for that reason, it should enter a protective order prohibiting the depositions plaintiffs unreasonably seek and instead order that discovery proceed by way of interrogatories, which are more than sufficient for the purpose of jurisdictional discovery in this case.

B. *Jurisdictional Discovery By Interrogatory Is A More Efficient, Less Costly, and Less Burdensome Approach To Jurisdictional Discovery Under The Facts Of This Case.*

Even in cases where plaintiffs have not undertaken dilatory actions that prejudice a defendant, this Court has limited jurisdictional discovery to specific interrogatories that call for relevant answers regarding a defendant's contacts with Florida.  *See Mvisible Techs., Inc. v. Mixxer*, No. 06-61792-CIV-COHN, 2007 WL 809677, at *3 (S.D. Fla. March 15, 2007) (Judge Cohn granted jurisdictional discovery in the form of interrogatories on the following topics: (1) any revenue defendants derived from Florida customers, (2) any trips defendants took to Florida, (3) any communications between defendants and Florida customers, and (4) any contracts between defendants and Florida businesses.); *see also*, *Burstein v. State Bar of*

---

[1] Plaintiffs' counsel did agree to propound interrogatories concerning the four Safeway employees who reside in Florida "without waiving the right to seek their depositions after receiving the answers and this is provided that we receive the responses within 48 hours of service." *See* Exhibit A.

[2] The Court granted jurisdictional discovery based on the plaintiffs' "and/or" allegations that Safeway and Stop & Shop are in the business of manufacturing, selling, advertising and marketing pet food in Florida. SAC ¶¶ 57, 60.  Those allegations are spurious, as plaintiffs have not identified a specific plaintiff nor any other individual who purchased such pet food, and they do not identify any locations in Florida where such activities allegedly occur.

*California*, 693 F.2d 511, 523 (5th Cir. 1982) (limited jurisdictional discovery upheld - 8 interrogatories); *Cram v. Electronic Data Systems Corp.*, NO. CIV 07CV1842-LAB-NLS, 2007 WL 2904250, at *4 (S.D. Cal., Oct. 03, 2007) ("Therefore, the Court shall limit not only the scope and duration of jurisdictional discovery, but also shall restrict the discovery method to the use of interrogatories only, in the interest of judicial economy and in an effort to lessen the burden that this discovery may place on the parties".

The propriety of submitting interrogatory answers in lieu of a 30(b)(6) deposition is determined on a case-by-case basis. *See Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601 (1999). In making such a determination, courts analyze which discovery device would be the most cost-effective, least burdensome manner that would be sufficiently complete to meet the needs of the parties. *See McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991). For example, in *SmithKline Beecham*, the district court concluded that a Rule 30(b)(6) deposition was an inefficient means of ascertaining the information sought, and that an interrogatory answer was a better suited alternative because the responding party "could synthesize the information from all of the necessary sources, which would then be presented to [the propounding parties] in a comprehensible manner." *See* No. 98 C 3952, 2000 WL 116082, at *10 (N.D. Ill. Jan. 24, 2000).

Rather than cost-effective and reasonable interrogatories, plaintiffs seek to depose multiple representatives of Safeway and Stop & Shop as part of their delayed jurisdictional discovery in this case. They also will seek voluminous documents. Consistent with *Mvisible*, the Court should order that plaintiffs propound targeted, written interrogatories in lieu of depositions, document production, or other discovery.

WHEREFORE, for the foregoing reasons, Defendants Safeway and Stop & Shop respectfully request that this Court enter a protective order prohibiting the depositions sought by plaintiffs and ordering that jurisdictional discovery proceed by way of written interrogatories.

## CERTIFICATION OF RULE 7.1 CONFERENCE

Undersigned counsel for Safeway and Stop & Shop conferred with plaintiffs' counsel concerning the relief requested in this motion but could not reach an agreement.

Dated: December 17, 2007                    Respectfully submitted,

/s/ Marcos Daniel Jiménez
Marcos Daniel Jiménez (Fla. Bar No.441503)
E-mail: mjimenez@kennynachwalter.com
Robert J. Alwine II (Fla. Bar No. 404179)
E-Mail: ralwine@kennynachwalter.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendants Safeway Inc. and The Stop & Shop Supermarket Company LLC*

**CERTIFICATE OF SERVICE**

**I hereby certify** that on December 17, 2007, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

the counsel so indicated on the attached Service List.

/s/ Marcos Daniel Jiménez_____
Marcos Daniel Jiménez

## CERTIFICATE OF SERVICE

### RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
### Case No. 07-21221-CIV-ALTONAGA/TURNOFF

### SERVICE LIST

Catherine J. MacIvor
E-mail:cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail: jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail: jmaltzman@mflegal.com
Darren W. Friedman
E-mail: dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone:    (305) 358-6555
Facsimile:    (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone:    (561) 650-7200
Facsimile:    (561) 655-1509

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc., Target Corporation and Meijer,
Inc.*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Cassidy Yen Dang
E-mail:cyd@kubickidraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone:    (305) 982-6708
Facsimile:    (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes
E-mail: Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail: amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail: Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
E-mail: William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Gary L. Justice
E-mail: gjustice@gibsondunn.com
Charles H. Abbott
E-mail: cabbott@gibsondunn.com
Gail E. Lees
E-mail: glees@gibsondunn.com
William Edward Wegner
E-mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated*
*and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:     (954) 463-2700
Facsimile:     (954) 463-2224
E-mail:hugh.turner@akerman.com

*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Marty Steinberg
E-mail: msteinberg@hunton.com
Adriana Riviere-Badell
E-mail:ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenute, Suite 2500
Miami, FL 33131
Telephone:     (305) 810-2500
Facsimile:     (305 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Christopher M. D'Angelo
E-mail: cdangelo@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005

*Attorneys for Defendants Mars, Incorported*
*and Mars Petcare U.S.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail: mdj@kennynachwalter.com
Robert J. Alwine II
E-mail: ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and
The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.
Nestlé Purina Petcare Co. and Nestlé S.A.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble
Co. and The Iams Co.*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Robert Valadez
E-mail: rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas  78205
Telephone:  (210) 349-0515
Facsimile:  (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &**
**GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Jason Joffe
**SQUIRE SANDERS & DEMPSY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone:  (305) 577-7000
Facsimile:  (305) 577-7001
E-mail:  jjoffe@ssd.com

*Attorneys for Defendant Meijer, Inc.*