IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RENEE BLASZKOWSKI, *et al.*, § <br> Individually and on behalf of § <br> others similarly situated, § <br> § <br> *Plaintiff*, § <br> § Civil Action No. 07-cv-21221-CMA <br> § <br> v. § <br> § <br> MARS INC., *et al.* § <br> § <br> *Defendant.* § | |

**DEFENDANT NEW ALBERTSONS' MOTION FOR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM OF LAW**

Defendant, New Albertsons, Inc. ("New Albertsons"), respectfully submits this memorandum in support of its motion for a protective order. New Albertsons has been served with an Amended Re-Notice of Taking Corporate Representative Deposition *Duces Tecum* containing thirty-four (34) topics and fifty-six (56) categories of documents sought. Counsel for the parties have engaged in extensive conferences, both in writing and telephonically, in a good-faith effort to reach agreement on the appropriate method and scope of jurisdictional discovery. While progress has been made, the parties continue to disagree on major issues: (1) whether the discovery should be through interrogatories or a series of 30(b)(6) depositions and (2) the appropriate scope of discovery (regardless of the method). Given the expedited time frame for discovery in this case, New Albertsons seeks a protective order to substitute interrogatories in lieu of 30(b)(6) depositions and to quash irrelevant discovery topics and document requests.

I.STATEMENT OF FACTS

On October 30, 2007, the Court granted plaintiffs leave to conduct personal jurisdiction with regards to New Albertsons [D.E. 251]. On November 13, 2007, plaintiff served defendant with a proposed deposition notice consisting of 29 topics and 53 requests for production. On November 20, 2007, plaintiff served an amended re-notice of deposition containing 32 topics and 56 requests for production. On November 20, New Albertsons provided possible dates for a potential corporate representative deposition but advised of its disagreement on the scope of inquiry. A conference call was set to discuss the relevance and scope of the topics for the week after Thanksgiving. The conference call was re-scheduled due to plaintiff counsel's illness. On November 29, plaintiffs' counsel advised that she was still ill and requested objections in writing. New Albertsons wrote on December 5 setting forth its preliminary objections to the deposition topics and requests for production and proposed a deposition date of January 4, 2007 in Boise, Idaho.[1] *See* Exhibit "A." Plaintiff re-issued the notice on December 10 reflecting a location in Boise, Idaho on January 4 but was otherwise identical to the earlier notice – the topics and document production requests were unchanged. Finally, on December 13, 2007, one day after the hearing on plaintiffs' motion for discovery, counsel issued the current Amended Re-Notice of Corporate Deposition. *See* Exhibit "B." While several topics and categories were narrowed closer to Florida, the Amended Re-Notice did not cure the lack of relevance and over breadth of many of the requests and actually added new deposition topics bringing the number to 34. Plaintiffs' counsel and counsel for New Albertsons have engaged in numerous telephonic discussions since December 13 in an attempt to narrow the topics and document requests. The main topics and areas on which agreement has not been reach are set forth in Section III, *infra*.

---

[1] New Albertsons did not object to 12 of the 32 topics and 31 of the 56 categories of documents.

Importantly, in the interim, on December 3, 2007, plaintiffs filed a motion for discovery as to six additional jurisdictional defendants for whom discovery was initially denied [D.E. 262]. The jurisdictional defendants filed their opposition on December 7, 2007 [D.E. 266] and plaintiffs filed their reply on December 10, 2007 [D.E. 268]. The Court heard oral argument December 12, 2007 and granted plaintiffs motion for jurisdictional discovery with respect to the additional defendants [D.E. 277 & 278]. During the hearing, the court reaffirmed that all jurisdictional discovery was to take place on an expedited basis prior to the January 11, 2008 deadline for plaintiffs' response to the omnibus motion to dismiss.

II.  INTERROGATORY ANSWERS ARE THE BEST MEANS OF PROVIDING PLAINTIFFS WITH THE REQUESTED INFORMATION

Due to the broad nature of the information sought in the deposition notice to New Albertson's, the near impossibility of preparing any single witness to testify on all topics, and the fact that discovery must now be conducted for six individual defendants, interrogatories are the preferable and far more efficient method of proceeding. Any 30(b)(6) witnesses will need to be prepared by first gathering information on selected topics and then attempting to properly educate those witnesses to anticipate questions. The procedure encompasses what would be done to respond to interrogatories, but adds the additional burden of selecting and educating individuals on what has been a constantly moving target.

New Albertsons instead requests that the Plaintiffs tailor targeted interrogatories or New Albertsons response without the added burden of educating and producing multiple witnesses around the country This avoids both the intermediate step of filtering what would essentially amount to interrogatory answers through a witness who could not have personal knowledge of all the facts anyway. In other words, Plaintiffs receive the same information while eliminating a substantial portion of the burden.

New Albertsons thus respectfully submits that interrogatories better suit the interests of all parties to this litigation and adopts the legal reasoning in Section B of Safeway and Stop & Shop's Motion For Protective Order, filed December 17, 2007. [D.E. 283].

As explained in that motion, Judge Cohn recently instructed jurisdictional defendants to answer four targeted interrogatories in lieu of a broader request for a extensive interrogatories and a 30(b)(6) deposition. See Mvisible Techn., Inc. v. Mixxer, Inc., Case No. 06-61792-CIV-COHN, 2007 WL 809677 (S.D. Fla. March 15, 2007); see also, Burstein v. State Bar of California, 693 F.2d 511, 523 (5th Cir. 1982) (limited jurisdictional discovery upheld - 8 interrogatories); Cram v. Electronic Data Systems Corp., No. 07cv1842-LAB-(NLS), 2007 WL 2904250, at *4 (S.D. Cal., Oct. 03, 2007) ("Therefore, the Court shall limit not only the scope and duration of jurisdictional discovery, but also shall restrict the discovery method to the use of interrogatories only, in the interest of judicial economy and in an effort to lessen the burden that this discovery may place on the parties"). Mvisible filed suit against one of its competitors for trademark infringement and the defendant moved to dismiss for lack of personal jurisdiction. Mvisible sought jurisdictional discovery through written discovery and a Rule 30(b)(6) deposition. The court determined that the requested discovery was "overbroad" and propounded four efficient interrogatories dealing with revenue, business travel, customers in Florida, and contracts with Florida businesses. 2007 WL 809677 at *2-3. Those four interrogatories could readily be adapted to this case.

New Albertsons respectfully submits that these interrogatories provide a far more efficient means of conducting expedited discovery and the concerns underlying Judge Cohn's reasoning in Mvisible are equally applicable here. Interrogatories also avoid another burden presented by the plaintiffs' proposed method of proceeding - how to address massive document

4

request in case involving direct competitors. As in <u>Mvisible</u> which involved competitors, <u>Id.</u> at *2. here, plaintiff has filed suit against the vast majority of the highly competitive retail supermarket industry, many of whom are direct competitors in specific markets and on a larger scale. Protective orders would have to be negotiated before documents could be produced Moreover, given the breadth of topics the Plaintiffs wish to inquire about, and the virtually unlimited scope of documents sought, seeking broad categories of documents would impose an undue burden on New Albertsons which, as reported in its April 26, 2007 10-K, New Albertsons operates 1072 retail stores in 23 states (not including Florida). *See* http://sec.edgar-online.com/2007/04/26/0001193125-07-090449/Section2.asp (New Albertsons 10-k).

III. <u>EVEN IF THIS COURT DETERMINES THAT INTERROGATORIES ARE NOT THE MOST EFFICIENT MEANS TO ADDRESS JURISDICTIONAL DISCOVERY, A PROTECTIVE ORDER SHOULD BE ISSUED BECAUSE SEVERAL OF THE TOPICS AND DOCUMENT REQUESTS PROPOUNDED ON NEW ALBERTSONS ARE NOT RELEVANT</u>

Plaintiffs Amended Re-Notice continues to contain several objectionable topics and requests that are completely un-tethered to defendant's own theory of liability in this case. In the First Amended Complaint, plaintiffs grouped Albertsons LLC and New Albertsons into the same paragraph and collectively referred to them as "Albertsons." <u>See</u> First Amended Complaint at ¶ 41 [D.E. 153]. The Second Amended Complaint openly acknowledges that New Albertsons and Albertsons LLC are separate companies and alleges that New Albertsons:

> New Albertsons is registered to do business in Florida and has a registered agent in Florida upon which service has been executed. [New] Albertson's conducts business in Florida and places products in the stream of commerce that reach Florida consumers. New Albertsons is in the business of manufacturing, producing, distributing, advertising and/or selling its own brand of pet food as well as distributing, advertising, and/or selling the Defendant Manufacturers pet food products in Florida, which has injured the Plaintiffs in Florida. New Albertson's markets and sells its own brands and the Defendants' brands of commercial pet food in Florida. New Albertsons adopts the marketing representations of the Defendant Manufacturers by placing point of purchase

5

>advertising at or near the Defendant Manufacturers' pet food in its retail stores with the intent to induce consumers to purchase its products.

Second Amended Complaint, ¶ 55. [D.E. 260].

While the assertion that New Albertsons sells, advertises, manufacturers or distributes pet food in Florida is false, the SAC does take into account that New Albertsons and Albertsons LLC are separate entities. However the proposed discovery is not limited to New Albertsons. Several requests and deposition topics demand information regarding Supervalu, Inc., New Albertsons parent corporation (as disclosed in New Albertsons Corporate Disclosure Statement [D.E. 238]) but not a party in this case. The presence in Florida of a parent, however, does not automatically confer personal jurisdiction over non-resident subsidiaries. See, e.g. Davis v. Vinnell Corp., 2007 U.S. Dist. LEXIS 62885, *8 (N.D. Fla. Aug. 27, 2007) ("[m]ost courts . . . have held that a subsidiary is subject to personal jurisdiction based on its parent's contacts with the forum only if the subsidiary and parent are alter egos – the same (or substantially the same) standard applicable to attempts to pierce the corporate veil for liability purposes"); Hobbs v. Don Mealey Chevrolet, Inc., 642 So. 2d 1149, 1155-56 (Fla. 5th DCA 1994) (internal citations omitted) ("[p]ersonal jurisdiction over a resident parent corporation or a resident corporate officer does not necessarily translate into personal jurisdiction over a non-resident subsidiary or wholly-owned corporation . . . . An exception arises where the non-resident corporation is merely the alter ego of the resident owner or parent, over whom the court does not have jurisdiction"). Plaintiffs have not plead any alter ego theories, which is necessary. Aldea Communications, Inc. v. Gardner, 725 So. 2d 456, 457 (Fla. 2d DCA 1999).

    A.    The Following Topics Should Be Quashed

Dealings with a parent entity or other non parties.

Topic 4: All agreements entered into between and/or among New Albertson's Inc. and the following entities from 2000 to the present which mention, concern or relate to retail

sales in Florida or to Florida residents, the provision or procurement of supplies from Florida, the distribution of goods or services in Florida, advertisement(s) which appear nationwide or in Florida, production or acquisition of goods and/or services in Florida (regardless whether "Florida" is mentioned by name in any such agreement) including but not limited to:

a)   Supervalu, Inc.

b)   New Aloha Corporation

c)   CVS, Inc.

d)   AB Acquisitions LLC

e)   Albertson's LLC

New Albertsons's Position:  Purchases from, as opposed to sales in Florida.

Topic 5:  New Albertson's Inc's suppliers in Florida from 2000 to present.

New Albertsons's Position:  Burdensome requests not reasonably related to jurisdiction over New Albertson's.

Topic 33:  Names and addresses of all officers and directors of New Albertson's Inc, from 2000 to present.

Topic 34:  For each officer or director listed in item 33, New Albertson Inc's knowledge of any other company or entity which said individuals are officers or directors of.

B.   *The following requests for documents are particularly eggregious and should* Be Quashed

Document Request 5:  Each and every document in New Albertson's Inc's custody or control which was filed with the Florida Department of State on behalf of New Albertson's Inc. and any predecessor corporation, parent, subsidiary and/or sister corporation(s) from 2000 to present.

New Albertsons Position:  While the question of what New Albertsons filed may be of some bearing - seeking filings by nonparties is simply make work.

Document Request 14:  Each and every document in New Albertson's Inc.'s custody or control reflecting the corporate structure of Supervalu, Inc. and/or the relationship between Supervalu, Inc. and New Albertson's Inc. between 2000 to the present.

New Albertsons Position: Documents relating to non parties are not proper where there are no allegations that would make such issues relevant. Importantly their is no alter ego theory plead that would make Supervalu's conduct relevant.

Document Request 15: Each and every document in New Albertson's Inc.'s custody or control reflecting the corporate structure of CVS, Inc. and/or the relationship between CVS, Inc. and New Albertson's Inc. between 2000 to the present.

Document Request 16: Each and every document in New Albertson's Inc.'s custody or control reflecting the corporate structure of AB Acquisition LLC and/or the relationship between AB Acquisition LLC and New Albertson's Inc. between 2000 to the present.

New Albertsons Position: Similarly, the corporate structure of non parties is not a relevant area for inquiry regarding the limited jurisdictional question as to New Albertson's.

Document Request 32: Any and all written or electronic Rolodex or list of contacts maintained by or for Mr. Melville and Mr. Bunnell from 2000 to present.

New Albertsons Position: This is a pure fishing expedition.

Document Request 37: Copies of contracts, including but not limited to joint ventures, letter(s) of intent, and memorandum(a) of understanding, entered into between and amongst New Albertson's Inc. and the following entities relating to business activities in Florida (regardless whether the word "Florida" is mentioned in such document):

a)   Supervalu, Inc.
b)   New Aloha Corporation
c)   CVS, Inc.
d)   AB Acquisitions LLC
e)   Albertson's LLC

Many of these requests seek documents relating to other corporate entities such as Albertsons LLC, Supervalu, CVS and AB Acquisition LLC. Plaintiffs have not and cannot allege that New Albertsons is an alter ego of any of these companies, or vice versa. The only entity even named as a defendant is Albertsons LLC, which is not seeking dismissal for lack of personal jurisdiction. New Albertsons objected to these requests in its December 5, 2007 letter to plaintiffs' counsel. See Exhibit "A." Rather than withdrawing the requests, plaintiffs' counsel

8

inserted "custody and control" language to the requests. That does not change the fundamental question of the relevance of this area of inquiry.

Wherefore, New Albertson's requests the Court enter an order limiting the method and scope of discovery as to jurisdiction.

RULE 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1., the undersigned certifies that counsel for New Albertsons has conferred with plaintiffs' counsel repeatedly in a good faith effort to resolve by agreement the issues raised in this Motion, but has been unable to do so.

Dated: December 18, 2007.

Respectfully submitted,

/s Joshua D. Poyer
Craig P. Kalil
Fla. Bar No. 607282
Joshua D. Poyer
Fla. Bar No. 653349
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 372-5924
Fax: (305) 373-7929

W. Randolph Teslik
*Pro Hac Vice*
Andrew J. Dober
*Pro Hac Vice*
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
202-887-4000
202-887-4288
Attorneys for NEW ALBERTSONS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Corporate Disclosure Statement was filed with the Clerk of the Court by the CM/ECF filing system on December 18, 2007, which will send notice to all counsel or parties of record on the attached service list.

s/ Joshua D. Poyer
Joshua D. Poyer

## SERVICE LIST

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

**KATHLEEN S. PHANG**
kphang@sfklaw.com
**CHARLES PHILIP FLICK**
cflick@sfklaw.com
Seipp, Flick & Kissane
Two Alhambra Plaza -Suite 800
Miami, Florida 33134-5241
Tel: 305.995.5600 / Fax: 305.995-6100
*Attorney for Defendant Target Corp.*

**ALAN GRAHAM GREER**
agreer@richmangreer.com
Richman Greer Weil Brumbaugh
Mirabito & Christensen
201 South Biscayne Boulevard – STE 1000
Miami, Florida 33131
Tel: 305.373.4010 / Fax: 305.373.4099
*Attorneys for Defendant Proctor and
      Gamble Co.*

**PHILIP A. SECHLER**
psechler@wc.com
**THOMAS G. HENTOFF**
thentoff@wc.com
**DANE H. BUTSWINKAS**
dbutswinkas@wc.com
**CHRISTOPHER M. D'ANGELO**
cdeangelo@wc.com
**PATRICK J. HOULIHAN**
phoulihan@wc.com
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C. 20005
Tel: 202.434.5459 / Fax: 202.434.5029
*Attorneys for Defendant Mars, Inc.*

**OMAR ORTEGA**
oortega@dortaandortega.com
Dorta and Ortega, P.A.
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Tel: 305-461-5454 / Fax: 305-461-5226
*Attorneys for Defendant Mars, Inc.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: 212.839.7336 / Fax: 212.839.5599
*Attorneys for Defendant Colgate Palmolive
      Company*

**D. JEFFREY IRELAND**
djireland@ficlaw.com
**BRIAN D. WRIGHT**
bwright@ficlaw.com
**LAURA A. SANOM**
lsanom@ficlaw.com
Faruki Ireland & Cox P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow St.
Dayton, OH 45402
Tel: 937.227.3710 / Fax: 937.227.3717
*Attorneys for Defendant Proctor and
      Gamble Co.*

**SHERRIL M. COLOMBO**
scolombo@cozen.com
Cozen O'Connor
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131-2303
Tel: 305.704.5945 / Fax: 305.704.5955
*Attorneys for Defendant Del Monte Foods,
      Co.*

**JOHN J. McDONOUGH**
jmcdonough@cozen.com
**RICHARD FAMA**
rfama@cozen.com
Cozen O'Connor
45 Broadway
New York, NY 10006
Tel: 212.509.9400 / Fax: 212-509.9492
*Attorneys for Defendant Del Monte Foods
      Co.*

**JOHN F. MULLEN**
jmullen@cozen.com
Cozen O'Connor
The Atrium – 3rd Floor
1900 Market Street
Philadelphia, PA 19103
Tel: 215.665.2179 / Fax: 215.665.2013
*Attorneys for Defendant Del Monte Foods
      Co.*

**OLGA M. VIEIRA**
ovieira@carltonfields.com
**BENJAMINE REID**
breid@carltonfields.com
Carlton Fields, PA
100 SE 2nd Street - #4000
Miami, FL 33131
Tel: 305.530.0050 / Fax:
*Attorneys for Defendant Colgate Palmolive
      Company*

**KARA L. McCALL**
kmccall@sidley.com
Sidley Austin, LLP
One South Dearborn
Chicago, Illinios 60603
Tel: 312.853.2666 / Fax:
*Attorneys for Defendant Colgate Palmolive
      Company*

**ROBERT C. TROYER**
rctroyer@hhlaw.com
Hogan & Hartson LLP
One Tabor Center -Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel: 303-899-7300 / Fax: 303-899-7333
*Attorneys for Nestle U.S.A., Inc.*

**MIRANDA L. BERGE**
mlberge@hhlaw.com
**CRAIG A. HOOVER**
cahoover@hhlaw.com
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004
Tel: 202.637.5600 / Fax: 202.637.5910
*Attorneys for Nestle U.S.A., Inc.*

**CHARLES ABBOTT**
cabbott@gibsondunn.com
**BEN BRODERICK**
bbroderick@gibsondunn.com
**GARY L. JUSTICE**
gjustice@gibsondunn.com
**WILLIAM EDWARD WEGNER**
wwegner@gibsondunn.com
**GAIL E. LEES**
glees@gibsondunn.com
Gibson Dunn & Crutcher L.L.P
333 S. Grand Avenue -Suite 4600
Los Angeles, CA 90071
Tel: 213.229.7887 / Fax: 213.229.6887
*Attorneys for Defendant Nutro Products Inc.*

**CAROL A. LICKO**
calicko@hhlaw.com
Hogan & Hartson L.L.P
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel: 305.459.6500 / Fax: 305.459.6550
*Attorneys for Nestle U.S.A., Inc.*

**MARTY STEINBERG**
msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
ariviere-badell@hunton.com
Hunton & Williams, LLP
1111 Brickell Avenue - #2500
Miami, Florida 33131
Tel: 305.810.2500 / Fax: 305.810.2460
*Attorneys for Defendant Nutro Products Inc.*

**JOHN B. T. MURRAY, JR.**
jbmurray@ssd.com
Squire, Sanders & Dempsey LLP
1900 Phillips Point West
777 South Flagler Drive - #1900
West Palm Beach, Florida 33401
Tel: 561.650.7200 / Fax: 561.655.1509
*Attorneys for Defendants Petco Animal
        Supplies, Inc. and Wal-Mart Stores,
        Inc.*

**HUGH J. TURNER JR.**
Hugh.turner@akerman.com
Akerman Senterfitt & Eidson
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301-2229
Tel: 954.463.2700 / Fax: 954.463.2224
*Attorneys for Defendant Publix
        Supermarkets, Inc.*

**ROLANDO ANDRES DIAZ**
rd@kubickidraper.com
**MARIA KAYANAN**
mek@kubickidraper.com
**CASSIDY YEN DANG**
cyd@kubickidraper.com
Kubicki Draper, P.A.
25 West Flagler Street - Penthouse
Miami, Florida 33130
Tel: 305.982.6722 / Fax: 305.374.7846
*Attorneys for Defendant Pet Supermarket,
        Inc.*

**ROBIN LEA HANGER**
rlhanger@ssd.com
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Boulevard – 40th Floor
Miami, Florida 33131-2398
Tel: 305.577.7040 / Fax: 305.577.7001
*Attorneys for Defendants Petco Animal
        Supplies,
Inc. and Wal-Mart Stores, Inc.*

**SUSAN ELIZABETH MORTENSEN**
smortensen@coffeyburlington.com
Coffey Burlington
2699 S. Bayshore Drive - Penthouse
Miami, Florida 33133
Tel: 305.858.2900 / Fax: 305.858.5261
*Attorneys for Defendant Petsmart, Inc.*

**ALEXANDER SHAKNES**
Alex.shaknes@dlapiper.com
**AMY W. SCHULMAN**
Amy.schulman@dlapiper.com
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: 212.335.4829 / Fax: 212.884.8629
*Attorneys for Menu Foods Income Fund and
        Menu Foods, Inc.*

**WILLIAM C. MARTIN**
William.martin@dlapiper.com
DLA PIPER US LLP
203 North LaSalle Street - #1900
Chicago, Illinois 60601-1293
Tel: 312.368.3449 / Fax: 312.630.7318
*Attorneys for Menu Foods Income Fund and
        Menu Foods, Inc.*

**MICHAEL K. KENNEDY**
mkk@gknet.com
**MICHAEL R. ROSS**
mrr@gknet.com
Gallagher and Kennedy, PA
2575 E. Camelback Road - #1100
Phoenix, Arizona 85016
Tel: 602.530.8504 / Fax: 602.530.8500
*Attorneys for Defendant Petsmart, Inc.*

**LONNIE L. SIMPSON**
lonnie.simpson@dlapiper.com
**S. DOUGLAS KNOX**
sdouglas.knox@dlapiper.com
DLA PIPER US LLP
101 E. Kennedy Boulevard - #2000
Tampa, Florida 33602
Tel: 813-229-2111/ Fax: 813-229-1447
*Attorneys for Menu Foods Income Fund and
        Menu Foods, Inc.*

**ROBERT D. MCINTOSH**
rdm@adorno.com
ADORNO & YOSS LLP
888 SE 3rd Avenue, Suite 500
Fort Lauderdale, FL 33316-1159
Tel: 954-523-5885 / Fax: 954-760-9531
*Attorneys for Defendants Menu Foods, Inc.
        and Menu Foods Income Fund*

**RALPH G. PATINO**
rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
csalup@patinolaw.com
PATINO & ASSOCIATES, P.A.
225 Alcazar Avenue
Coral Gables, Florida  33134
Tel: 305-443-6163 / Fax: 305-443-5635
*Attorneys for Co-Defendant Pet Supplies
        "Plus" and Pet Supplies Plus/USA,
        Inc.*

**C. RICHARD FULMER, Jr.**
rfulmer@Fulmer.LeRoy.com
Fulmer LeRoy Albee Baumann & Glass,
        PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Tel: 954-707-4430 / Fax: 954-707-4431
*Attorneys for The Kroger Co. of Ohio*

**JAMES K. REUSS**
jreuss@lanealton.com
**Lane Alton & Horst, LLC**
Two Miranova Place, Suite 500
Columbus, Ohio  43215
*Attorneys for The Kroger Co. of Ohio*

**MARCOS DANIEL JIMENEZ**
mjimenez@kennynachwalter.com
**ROBERT J. ALWINE II**
ralwine@kennynachwalter.com
Kenny Nachwalter, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, Florida 33131-4327
Tel: 305-373-1000 / Fax: 305-372-1861
*Attorneys for Safewy Inc. and The*
*Stop & Shop Supermarket Company LLC*

**ROBERT VALADEZ**
rvaladez@shelton-valadez.com
**JAVIER THOMAS DURAN**
jduran@shelton-valadez.com
Shelton & Valadez, P.C.
600 Navarro, Suite 500
San Antonio, Texas 78205
Tel: 210-349-0515 / Fax: 210-349-3666
*Attorneys for Defendant H.E. Butt Grocery*
         *Co.*

**JASON JOFFE**
jjoffee@ssd.com
Square Sanders & Dempsy, LLP
200 South Biscayne Boulevard, Suite 4000
Miami, Florida 33131
Tel: 305-577-7000 / Fax: 305-577-7001
*Attorneys for Defendant Meijer, Inc.*