UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, et al.,
individually and on behalf of others
similarly situated,

      Plaintiffs/Class Representatives,

vs.

MARS, INC., et al.,

      Defendants.

_____/

**DEFENDANT MEIJER, INC.'S MOTION FOR PROTECTIVE ORDER
AND OBJECTIONS TO PLAINTIFFS' DEPOSITION NOTICE**
**(Memorandum of Law Incorporated)**
**(Rule 7.1 Certificate Attached)**

Defendant, Meijer, Inc., moves pursuant to Rule 26 of the Federal Rules of Civil Procedure for a protective order and objects to plaintiffs' December 15, 2007 Amended Re-Notice of Taking Corporate Representative Deposition of Meijer, Inc. *Duce Tecum* as to Personal Jurisdiction Pursuant to Rule 30(b)(6) (the "Deposition Notice"), and states:

    1.    On Saturday, December 15, 2007, Plaintiffs served by email the Deposition Notice directed to Meijer, Inc. containing 71 deposition topics and 77 document requests – more than double the number of topics contained in the overbroad

~1~

deposition notice served on New Albertson's.[1]  A copy of the Deposition Notice is attached as Exhibit 1.

2. The Deposition Notice seeks testimony or documents relating to all manner of business contacts with Florida spanning an eight year period from the 2000 to "the present".

3. Although Plaintiffs insert the word "Florida" into each request, many of their requests are entirely irrelevant to this limited personal jurisdiction inquiry and others are so vague, duplicative, overbroad and convoluted that they are either impossible to answer or cannot reasonably be answered given the short time frame in which the parties are to conduct the jurisdictional discovery.

4. Meijer, Inc.'s counsel conferred with Plaintiffs' counsel on December 17, 2007 and twice on December 18, 2007 in an effort to narrow the scope of the Deposition Notice.  Although Plaintiffs' counsel identified certain areas of primary interest, most of which focused on Meijer, Inc.'s suppliers and the Meijer.com website, she did not withdraw any of the noticed topics or documents requests, did not agree to the use of targeted interrogatories in lieu of the 30(b)(6) deposition, and did not agree to any

---

[1] On December 3, 2007, plaintiffs filed a motion for discovery as to six additional jurisdictional defendants for whom discovery was initially denied (Docket Entry No. 262).  The Court heard oral argument December 12, 2007 and granted plaintiffs motion for jurisdictional discovery with respect to the additional defendants (Docket Entry Nos. 277 & 278).  During the December 12 hearing, the Court reaffirmed that discovery was to take place on an expedited basis and prior to the January 11, 2007 deadline for Plaintiffs' response to the omnibus motion to dismiss.  The Court further stated "You have all seen Albertson's objection to deposition notice.  You all have a sense of where it is plaintiffs will attempt to go, jurisdictional discovery, and it will hopefully be narrowed by agreement and, if not, but this Court."  See Exhibit 2, 12/14/2007 Hearing. Transcript, at 77-78.

limitation of the most burdensome and unwieldy of Plaintiffs' topics and document requests regarding Meijer's suppliers.

## MEMORANDUM OF LAW

I. **PLAINTIFFS UNREASONABLY SEEK TESTIMONY OR DOCUMENTS FROM MEIJER SPANNING ALMOST SEVEN YEARS, INCLUDING CONTACTS WITH FLORIDA DATING AFTER THE FILING OF THE AMENDED COMPLAINT**

Almost all of Plaintiffs' deposition topics and document requests directed to Meijer either expressly or impliedly seek testimony or documents relating to Meijer, Inc.'s business contacts with Florida dating from the year 2000 to "the present," even though the Amended Complaint naming Meijer, Inc. as a defendant was filed on July 25, 2007. "As a rule, district courts considering general jurisdiction cases should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstance – up to and including the date the suit was filed to assess whether they satisfy the 'continuous and systematic' standard." *See United States v. Subklew*, Case No. 00-3518-CIV GRAHAM, 2001 U.S. Dist. LEXIS 9518, at *9 (S.D. Fla. January 5, 2001) (citing *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996)). Florida law therefore requires that personal jurisdiction be limited to a reasonable period of up to and including July 25, 2007, the date the Amended Complaint was filed.

It is undisputed that Meijer does not own or operate any grocery stores in Florida and did not engage in any advertisement, marketing or sale of pet food or other products from retail stores located in the State of Florida. Not surprisingly, therefore, Plaintiffs' focus 35 of their 71 Deposition Notice topics on Meijer.com, a website owned and operated by a Meijer, Inc. subsidiary company. It also is undisputed, however, that

Meijer.com did not "go live" until September 18, 2007, almost two months after the Amended Complaint was filed. Under *Subklew*, Meijer, Inc.'s contacts with Florida after July 25, 2007, including sales to or purchases by Florida residents through Meijer.com, are not jurisdictionally relevant to this Court's personal jurisdiction analysis. *See also Canadian Group Underwriters Insurance v. M/V "Arctic Trader"*, Case No. 96 Civ. 9242 (DAB), 1998 U.S. Dist. LEXIS 16293, at *4 n.2 (S.D.N.Y October 14, 1998) (finding defendant's port call pursuant to a charter agreement that occurred after the filing of the complaint is irrelevant to personal jurisdiction analysis).

The nature of Plaintiffs' claims do not change this analysis. Plaintiffs have argued that they are entitled to an ever-expanding jurisdictional discovery period on the ground that the class period is defined "from May 9, 2003 through *the present*", (Second Amended Complaint, ¶117) (emphasis added), because the operative complaint alleges ongoing harm and seeks prospective relief. *See, e.g.,* Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery, at 2, Docket Entry 275.) In fact, courts have held that for purposes of analyzing contacts with the forum state to determine personal jurisdiction, the clock stops when the complaint is filed. *See, e.g., United Phosphorus, Ltd. v. Angus Chemical Company*, 43 F. Supp. 2d 904, 911 (N.D. Ill. 1999). This is true despite the existence of claims alleging an ongoing harm. *Id.*

In *United Phosphorous*, plaintiffs claimed that defendants engaged in various anticompetitive acts and defendants moved to dismiss based on lack of personal jurisdiction. *Id.* at 907. Plaintiffs contended that because they alleged an ongoing conspiracy, the court could properly consider events occurring after the initiation of the

conspiracy in determining whether it had personal jurisdiction over the defendants. *Id.* at 910. The district court agreed that contacts occurring between the alleged start of the conspiracy and the filing of the complaint were potentially relevant for a personal jurisdiction analysis. *Id.* at 909. The *United Phosphorous* court drew a line, however, at the date the complaint was filed because "jurisdiction attaches (or does not attach) as of the time that an action is filed." *Id.* at 910. The Court further reasoned that:

> [T]he rules regarding personal jurisdiction are founded on the Due Process Clause, which requires that an individual have "fair warning" that a particular activity may subject it to the jurisdiction of the forum state. *See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. at 472*. While pre-suit activities may rise to the level of a "fair warning" that a defendant may be haled into a court in the forum state, post-suit activities cannot serve to warn the defendant of an event that has already occurred. The fact that the complaint alleges that the conspiracy continues to this day, therefore, is not jurisdictionally significant.

*Id.* Stated simply, contacts with a forum state after the filing of the complaint are not jurisdictionally relevant.

Like the *United Phosphorous* court, we could not find any authority supporting the proposition that a district court "can exercise jurisdiction over a defendant where the events supporting jurisdiction occurred after the complaint was filed." *See id.* Further, as a practical matter, the requirement that the personal jurisdiction clock stops at the time the complaint is filed also prevents a situation in which a plaintiff may attempt to *create* jurisdiction where none existed. It bears noting that in this case, the only known purchase of pet treats by any Florida resident through Meijer.com involved a transaction by a lawyer associated with Plaintiffs' counsel on November 16, 2007, almost four months after the Amended Complaint was filed. *See* Declaration of Amanda Sample.

Stated simply, discovery of Meijer, Inc.'s business contacts with Florida after July 25, 2007, including activities of the Meijer.com website, are irrelevant to this Court's consideration of personal jurisdiction and should be prohibited.

II. **PLAINTIFFS' MULTIPLE REQUESTS FOR INFORMATION AND DOCUMENTS RELATING TO MEIJER, INC.'S SUPPLIERS ARE OVERBROAD, BURDENSOME, DUPLICATIVE, AND LARGELY IRRELEVANT**

Plaintiffs seek extensive information about Meijer, Inc.'s Florida suppliers in six deposition topics and eight document requests. *See*, Exhibit 1, Deposition Notice, Ex. A ¶¶ 4, 5, 6, 7, 9, 14 and Ex. B ¶¶ 3, 10, 14, 16, 27, 30, 32, and 33. The sheer number of Meijer, Inc.'s suppliers, services and products is enormous – more than 14,000 current suppliers and 100,000 different products. Each additional year that is included in the discovery period significantly increases these numbers and compounds the burden placed on Meijer, Inc. in responding to Plaintiffs' requests. Indeed, Meijer, Inc. estimates that requests that broadly seek "All documents reflecting any and all of Meijer, Inc.'s suppliers in Florida from 2000 to the present", *id.*, Ex. B at ¶ 3, and "Documents reflecting supplies received from Florida by Meijer [sic] Inc. from 2000 to present" *id.*, Ex. B at ¶ 33, conceivably require review of a semi-tractor trailer full of pages of documents to determine whether responsive documents exist.

Meijer, Inc. does not maintain any database that categorizes its suppliers by state – nor is it certain how it would ascertain this information from its 14,000 suppliers. Some vendors ship from one state, but request that payment be made to another state. Many products are supplied through third-party vendors and the origin of products supplied is not tracked. The burden of such inquiries would be greatly relieved if Plaintiffs were required to narrow their personal jurisdiction discovery to suppliers of

products related to their claims in this lawsuit (*i.e.*, pet food and/or pet treats) but Plaintiffs do not agree to do so.

### III.  MULTIPLE OTHER REQUESTS FOR INFORMATION AND DOCUMENTS ARE OVERLY BROAD AND BURDENSOME

The overbroad and onerous requests are not limited to Meijer, Inc.'s website and suppliers. Though the sheer number of these objectionable requests does not permit all of them to be listed in this motion, a few examples reveal the extent of the burden that would be imposed if a protective order is not entered.

Plaintiffs broadly seek testimony and documents relating to "Business travels to Florida by officers and/or employees of Meijer, Inc., including frequency and duration of such travels and purpose of such travels, from 2000 to the present" as well as document related to such travel. (Deposition Notice, Exhibit 1, Ex. A ¶ 63 and Ex. B ¶ 71). Meijer, Inc. currently has over 70,000 employees and over the eight year span invoked by these requests, potentially as many as 250,000 employees subject to the broad scope of these requests. Meijer, Inc. does not maintain records that would permit it to easily identify the destination of its employee-related travel. Thus, it is conceivable that to provide the information requested by Plaintiffs, Meijer, Inc. would have to interview scores of past and present employees and ask them if they traveled to Florida. Obviously, this would be an extraordinarily onerous process.

Plaintiffs also seek documents "reflecting Meijer, Inc.'s utilization of ports or airports in Florida for export, import, or shipment inter state of any product." (Deposition Notice, Exhibit 1, Ex. B ¶ 32). Plaintiffs also ask that a corporate representative be prepared to testify as to the "quantities of products, dollar value of products, and description of products passing through Florida" from 2000 to the present. (Deposition

Notice, Exhibit 1, Ex. A ¶ 14).  Because this information is not tracked by Meijer, Inc., complying with the Deposition Notice could conceivably require Meijer, Inc. to go through seven years of documents and records pertaining to the 100,000 different products from 14,000 suppliers to determine whether the information requested even appears on the documents.

The Court's January 11, 2008 deadline to complete jurisdictional discovery suggests that it did not seek to impose such overwhelming discovery obligations upon Meijer, Inc.

IV. **THE TIMING OF THIS EXPEDITED PERSONAL JURISDICTION DISCOVERY OVER THE BUSIEST SHOPPING PERIOD OF THE YEAR IS OVERWHELMING AND UNREASONABLY BURDENSOME FOR RETAILERS SUCH AS MEIJER, INC. AND IMPEDES ITS ABILITY TO RESPOND TO DISCOVERY REQUESTS**

Plaintiffs' delay in moving for leave to conduct personal jurisdictional discovery until the holiday shopping period was well underway, unfairly prejudices retailers like Meijer, Inc. and impairs Meijer, Inc.'s ability to devote the time and resources necessary to identify and prepare witnesses, locate and review documents, and fully and accurately respond to Plaintiffs' Deposition Notice.

Plaintiffs have not demonstrated the will or ability to narrow its discovery requests.  It is clear that the Jurisdictional Defendants like Meijer, Inc. cannot reasonably expect to have its witnesses prepared on such far-reaching topics, or to be in a position to produce requested documents, no matter how committed they are to responding truthfully and accurately to discovery requests.  Meijer, Inc. therefore joins with other Jurisdictional Defendants in favoring entry of an order limiting Plaintiffs to targeted interrogatories in lieu of depositions and document production as an efficient and cost-

effective means to ascertain whether any of these defendants is subject to the personal jurisdiction of this Court.

Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rules if it determines that:
>
> * * *
>
> (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Here, the Court permitted Plaintiffs to conduct jurisdictional discovery so that the case could proceed and the Court could rule on the pending Motion to Dismiss. Rather than proposing reasonable discovery, Plaintiffs have served the Deposition Notice, which is nothing short of a proverbial root canal of Meijer, Inc.'s business over the past seven years. The time and expense of requiring Meijer, Inc. to respond to the Deposition Notice is simply not justified in light of the circumstances of this case. Meijer Inc. does not operate retail stores in Florida. Meijer.com does not sell pet food. Moreover, the "go live" date for Meijer.com occurred after Plaintiffs named Meijer, Inc. as a party defendant. In weighing the likely benefit of the onerous discovery proposed by Plaintiffs, Meijer, Inc. suggests that it is reasonable for this Court to consider that Plaintiffs have not presented any evidence suggesting that a Florida class representative purchased pet food or pet treats from Meijer, Inc., or that any class representative purchased pet food or pet treats from Meijer, Inc. that harmed a pet in the State of Florida. Instead, the Plaintiffs have submitted evidence suggesting only that a lawyer in the office of Plaintiff's counsel

purchased pet treats from the Meijer.com website after Plaintiffs' counsel joined Meijer, Inc. in this action. Considering this background, the Court should exercise its discretion under FED.R.CIV.P. 26 and limit Plaintiffs' jurisdictional discovery to targeted interrogatories in lieu of a Rule 30(b)(6) deposition.

WHEREFORE, Meijer, Inc. asks the Court to enter an order limiting (1) Plaintiffs' personal jurisdiction discovery of Meijer, Inc. to the period from May 9, 2003 through and including the filing of the Amended Complaint on July 25, 2007; and (2) limiting Plaintiffs to targeted interrogatories in lieu of depositions and document production as proposed by Safeway, New Albertson's and other Jurisdictional Defendants.

Dated:  December 18, 2007                    Respectfully submitted,

SQUIRE SANDERS & DEMPSEY, LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone:  (561) 650-7200
Facsimile:   (561) 655-1509
E-mail: jbmurray@ssd.com
E-Mail: blitten@ssd.com

By:    /s/ Barbara Bolton Litten
        John B.T. Murray
        Florida Bar No. 962759
        Barbara Bolton Litten
        Florida Bar No. 091642

Attorneys for Defendant Meijer, Inc.

## **RULE 7.1 CERTIFICATE**

I HEREBY CERTIFY that the undersigned counsel conferred with Plaintiffs' counsel on December 17, 2007 and twice on December 18, 2007 in an effort to resolve the issues raised in this Motion. Meijer, Inc. and Plaintiffs have agreed that (i) if a Rule 30(b)(6) deposition is permitted, the deposition will take place on January 4, 2008; and (ii) Meijer, Inc. and Plaintiffs will enter a confidentiality agreement to protect any sensitive information required to be produced in jurisdictional discovery.

/s/ John B.T. Murray, Jr.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

/s/ Barbara Bolton Litten

**CERTIFICATE OF SERVICE**

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 07-21221-CIV-ALTONAGA/TURNOFF

**SERVICE LIST**

Catherine J. MacIvor
E-mail:    cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,
Suite 2300
Miami, FL 33131-1803
Telephone:  (305) 358-6555
Facsimile:   (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Cassidy Yen Dang
E-mail:    cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone:  (305) 982-6708
Facsimile:   (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

John B.T. Murray, Jr.
E-mail:    jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone:  (561) 650-7200
Facsimile:   (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

| | |
|---|---|
| William C. Martin<br>**DLA PIPER LLP**<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois  60601-1293<br>E-mail:  William.Martin@dlapiper.com<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* | Hugh J. Turner, Jr.<br>**AKERMAN SENTERFITT**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile:   (954) 463-2224<br>E-mail:         hugh.turner@akerman.com<br><br>*Attorneys for Defendants Publix Super Markets, Inc and H.E. Butt Grocery Co.* |
| Gary L. Justice<br>E-mail:  gjustice@gibsondunn.com<br>Charles H. Abbott<br>E-mail:  cabbott@gibsondunn.com<br>Gail E. Lees<br>E-mail:  glees@gibsondunn.com<br>William Edward Wegner<br>E-mail:  wwegner@gibsondunn.com<br>**GIBSON DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, California  90071<br>Telephone:  (213) 229-7000<br><br>*Attorneys for Defendant<br>Nutro Products, Inc.* | Marty Steinberg<br>E-mail:  msteinberg@hunton.com<br>Adriana Riviere-Badell<br>E-mail:         ariviere-badell@hunton.com<br>**HUNTON & WILLIAMS, LLP**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 2500<br>Miami, FL 33131<br>Telephone: (305) 810-2500<br>Facsimile:  (305  810-2460<br><br>*Attorneys for Defendant Nutro Products, Inc.* |
| Omar Ortega<br>**DORTA AND ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br>E-mail: oortega@dortaandortega.com<br><br>*Attorneys for Defendant<br>Mars, Incorporated and<br>Mars Petcare U.S.* | Dane H. Butswinkas<br>E-mail:  dbutswinkas@wc.com<br>Philip A. Sechler<br>E-mail:  psechler@wc.com<br>Thomas G. Hentoff<br>E-mail:  thentoff@wc.om<br>Christopher M. D'Angelo<br>E-mail:  cdangelo@wc.com<br>Patrick J. Houlihan<br>E-mail:  phoulihan@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C.  200005<br><br>*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.* |

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Plac
Miami, Florida  33131-9101
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Defendants*
 *Colgate-Palmolive Company and*
*Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendants*
*Colgate-Palmolive Company and*
*Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant*
*Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail:  mdj@kennynachwalter.com
Robert J. Alwine II
E-mail:  ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 373-1000
Facsimile:  (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant*
*Del Monte Foods, Co.*


Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA,*
*Inc., Nestlé Purina Petcare Co.*
*and Nestlé S.A.*


James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant*
*The Kroger Co. of Ohio*


Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*


Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc.*
*Nestlé Purina Petcare Co. and Nestlé S.A.*


Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble Co.*
 *and The Iams Co.*

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:   (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL
& ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendants New
 Albertson's Inc. and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Robert Valadez
E-mail:  rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail:  jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas  78205
Telephone:  (210) 349-0515
Facsimile:   (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE,
BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:   (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant*
*The Kroger Co. of Ohio*


WESTPALMBEACH/521230.1