UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, AMY
HOLLUB, and PATRICIA DAVIS,
Individually and on behalf of others
Similarly situated,

       Plaintiffs,

vs.

MARS, INC., et al.,

       Defendants.

_____/

## <u>DEFENDANT THE KROGER COMPANY'S</u><br><u>MOTION FOR PROTECTIVE ORDER</u>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.1., Defendant The Kroger Company (hereafter, "Kroger") respectfully moves for a protective order prohibiting Plaintiffs from obtaining the unnecessary and unduly burdensome discovery requested in their Fed.R.Civ.P. 30(b)(6) subpoena *duces tecum*. Defendant Kroger asks that this Court limit Plaintiffs discovery or compel Plaintiffs to use interrogatories focused on Defendant Kroger's contacts with the state of Florida.

The reasons for this Motion are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,


  /s/ C. Richard Fulmer, Jr.
C. Richard Fulmer, Jr.  (Fla. Bar. #0370037)
FULMER LeROY ALBEE
BAUMANN & GLASS, PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, Fl 33306
(954)707-4430/(954)707-4431 (Facsimile)
rfulmer@FulmerLeRoy.com

James K. Reuss (Ohio Sup. Ct. #0022070)
Monica L. Waller (Ohio Sup. Ct. #0070941)
Lane, Alton & Horst, LLC
Two Miranova Pl., 5th Floor
Columbus, Ohio 43215
(614)228-6885/(614)228-0146 (Facsimile)
jreuss@lanealton.com
mwaller@lanealton.com

Counsel for The Kroger Co.

## MEMORANDUM IN SUPPORT

Defendant The Kroger Company respectfully requests that this Court grant it a protective order prohibiting the unnecessary and unduly burdensome deposition and document request Plaintiffs have submitted.  Kroger asks that this Court limit Plaintiffs' request to jurisdictional issues or compel Plaintiffs to convert their requests into interrogatories.  A protective order is necessary because the parties have been unable to resolve this issue informally.

**A.    STATEMENT OF FACTS**

This case came before this Court on a hearing on the Motion for Jurisdictional discovery on December 12, 2007.  Before that hearing, New Albertsons was the only Defendant Plaintiffs had served with a discovery request.  The discovery request was in the form of a Fed.R.Civ.P. 30(b)(6) subpoena *duces tecum* and identified 32 topics to be discussed by the corporate representative.  The subpoena also compelled Defendant New Albertsons to produce over 56 documents.

At the hearing, Plaintiffs' counsel gave the Court her assurance that the request would be narrowed, stating that "I have every confidence that we will be able to narrow down the documents."  (See, Transcript of December 12, 2007 Hearing at p. 71.)  The Court also noted that the request that was sent to New Albertsons would "hopefully be narrowed by agreement and, if not, by this Court."  (See, Transcript of December 12, 2007 Hearing at p. 77-78.)  Based on these comments, Defendant Kroger expected that the discovery request Plaintiffs sent Kroger would be significantly narrowed from the one received by New Albertsons.

Contrary to Kroger's expectations, Plaintiffs sent Kroger an expanded version of the New Albertsons notice.  Since its first incarnation, the number of topics Plaintiffs sought to address more than doubled from 32 to 74 and the document requests increased from 56 to 84.  (See, Amended Re-Notice of Taking Corporate Representative Deposition of The Kroger Co. of Ohio *Duces Tecum* as to Personal Jurisdiction Pursuant to Rule 30(b)(6), attached as Exhibit A.)  Nonetheless, in an attempt to cooperate, counsel for Kroger met with Kroger's corporate counsel immediately to determine whether Kroger could produce a corporate representative to meaningfully respond to Plaintiffs' request.

Upon reviewing the 30(b)(6) notice with corporate counsel for Kroger, it was determined that it would take numerous corporate representatives to adequately respond to Plaintiffs' many and varied requests.  The requests involve issues ranging from finance, to human resources, to technology, to corporate structure, and everything in between.  The following examples from Plaintiffs' 30(b)(6) notice demonstrates the breadth of Plaintiffs' request.  Plaintiffs asked Kroger to produce a corporate representative who could discuss:

> 17.     Kroger Co. of Ohio's utilization of any Florida port or airport for export, import, or shipment of any product from 2000 to present including quantities of products, dollar value of products and descriptions of products passing through Florida.

* * *

> 27.     Whether Kroger Co. of Ohio websites have e-mail addresses where customer assistance queries can be directed.

* * *

66.    Business travels to Florida by officers and/or employees of Kroger Co. of Ohio, including frequency and duration of such travels and purpose of such travels, from 2000 to present.

* * *

6.    Each and every document in Kroger Co. of Ohio's custody or control which reflect the corporate structure of Kroger Co. of Ohio and/or any predecessor corporation, subsidiary(ies), parent company(ies) and sister corporation(s) of Kroger Co. of Ohio from 2000 to present.

(See, Exhibit A at pp. 4-5, 8-9.)  These are just a few examples of the wide-range of topics covered.  For each topic, Plaintiffs also ask Kroger to produce someone who can discuss the issue in great detail.  For example, with regard to Kroger's internet presence, Plaintiffs ask Kroger to be prepared to address:

21.    The number of Florida residents who have accessed the Kroger Co. of Ohio websites from 2000 to the present.

* * *

30.    Whether Kroger Co. of Ohio websites have the capability for Florida residents to open accounts and/or register at the websites and, if so, whether Florida residence have opened any accounts or registered with the websites since 2000.

* * *

41.    The number of hits on Kroger Co. of Ohio 's websites from Florida residents since 2000.

* * *

47.    Whether Florida residents' personal information relating to on-line use of Kroger Co. of Ohio websites is retained for marketing and/or other purposes, including, but not limited to, names and addresses, since 2000.

(See, Exhibit A at pp. 5-6.)  Given the depth of knowledge of Kroger's internet business that Plaintiffs notice requires, Kroger would need to produce someone with specialized knowledge in this area to address these questions.  The same person could not answer

Plaintiffs' questions about Kroger's "utilization of Florida ports or airports" or whether any Kroger employee has ever lived in Florida.

After reviewing the discovery request with Kroger, counsel for Kroger contacted counsel for Plaintiffs to attempt to informally resolve the issue. On Monday, December 17, 2007, counsel for Kroger suggested to counsel for Plaintiffs that, given the scope of her request, interrogatories may be a more appropriate method of discovery. If Plaintiff converted her request into interrogatories, counsel for Kroger could collect the information from the various sources within Kroger and provide her the information more efficiently than scheduling the depositions of fifteen to twenty different corporate representatives. Plaintiffs' counsel flatly refused to consider the suggestion arguing that Kroger saw the discovery sent to New Albertson and if Kroger had a problem with the discovery method, should have addressed it at the December 12, 2007 hearing. When counsel for Kroger attempted to explain that Kroger could not have anticipated the breadth of Plaintiffs' request given Plaintiffs' counsel's assurances at the hearing that the request would be narrowed, Plaintiffs' counsel denied making any such comment and, shortly thereafter the telephone conference ended.

## B.   LAW AND ARGUMENT

Pursuant to Fed.R.Civ.P. 26(c), a Court may limit the scope of discovery to certain matters or prescribe a discovery method other than the one selected by the party seeking discovery. See, Fed.R.Civ.P. 26(c)(1)(C) and (D). Where a party has chosen a 30(b)(6) deposition and the topics the party seeks to address require counsel to pull from a variety of sources to prepare the designated witness to provide what are essentially interrogatory answers, courts have held that it is more efficient to allow the

corporation to respond to interrogatories rather than a 30(b)(6) deposition.  This determination is made on a case-by-case basis taking into consideration which method of discovery would be most cost-effective and the least burdensome to meet the needs of the parties.  See, *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601 (1999); see also, *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal. 1991).

As Defendant New Albertsons point out in their Motion for Protective Order, the approach taken by Judge Cohn in *MVisible Techn., Inc. v. Mixxer, Inc.,* perhaps best addresses this issue.  See, *MVisible Techn., Inc. v. Mixxer, Inc.*, Case No. 06-61792-CIV-COHN, 2007 WL 809677 (S.D. Fla. March 15, 2007).  In *MVisible*, the plaintiff also submitted a 30(b)(6) notice that was overly broad.  Judge Cohn focused the plaintiff by narrowing the request to four efficient interrogatories regarding the defendant's contacts with the state of Florida.

Given the scope of Plaintiffs' discovery request in this case, this Court should adopt the same approach.  Interrogatories are a more appropriate method for obtaining the information Plaintiffs seek.  As the Court is aware, the parties are attempting to complete this discovery within just a few weeks which include two major holidays.  If Kroger is forced to produce corporate representatives to respond to every area of inquiry listed in Plaintiffs' 30(b)(6) notice, it will involve coordinating the schedules of fifteen to twenty witnesses who will need to be available on short notice.  Counsel for both parties will have to set aside several consecutive days to complete the task of deposing each of these witnesses and incur the costs of travel, court reporters, and deposition transcripts.

By comparison, interrogatories could be answered through the focused efforts of Kroger's litigation counsel and corporate counsel within a number of days with minimal interruption to Kroger's operations.  Both parties could spare the expense of transcripts, court reporters, and counsel fees for travel and attendance at numerous depositions. Plaintiffs could obtain the same information more efficiently and at considerably reduced expense.

**C.**    <u>**CONCLUSION**</u>

For the foregoing reasons Defendant Kroger respectfully requests that this Court grant a protective order limiting the scope of Plaintiffs' discovery or compelling Plaintiffs to submit their discovery in the form of interrogatories.  Contrary to Plaintiffs' representations to this Court, Plaintiffs have failed to narrow their discovery requests, but rather doubled them.  The scope of these requests make it infeasible for Kroger to respond to them through a 30(b)(6) deposition.  Therefore, Kroger asks that this Court compel Plaintiffs to convert the request into interrogatories.

Respectfully submitted,

  /s/ C. Richard Fulmer, Jr.
C. Richard Fulmer, Jr.  (Fla. Bar. #0370037)
FULMER LeROY ALBEE
BAUMANN & GLASS, PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, Fl 33306
(954)707-4430/(954)707-4431 (Facsimile)
rfulmer@FulmerLeRoy.com

James K. Reuss (Ohio Sup. Ct. #0022070)
Monica L. Waller (Ohio Sup. Ct. #0070941)
Lane, Alton & Horst, LLC
Two Miranova Pl., 5th Floor
Columbus, Ohio 43215
(614)228-6885/(614)228-0146 (Facsimile)
jreuss@lanealton.com
mwaller@lanealton.com

Counsel for The Kroger Co.

## CERTIFICATE OF SERVICE

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

### SERVICE LIST

Catherine J. MacIvor
E-mail: cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail: jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail: jmaltzman@mflegal.com
Darren W. Friedman
E-mail: dfriedman@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,
Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail: jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY
L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
*Attorneys for Defendants PETCO
Animal Supplies
Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc.,
Target Corporation and Meijer, Inc.*

Rolando Andres Diaz
E-Mail: rd@kubickdraper.com
Cassidy Yen Dang
E-mail: cyd@kubickidraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
*Attorneys for Defendant Pet
Supermarket, Inc.*

Alexander Shaknes
E-mail: Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail: amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail: Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Defendants Menu Foods,
Inc. and
Menu Foods Income Fund*

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
E-mail: William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods,
Inc.
and Menu Foods Income Fund*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
E-mail: hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice
E-mail: gjustice@gibsondunn.com
Charles H. Abbott
E-mail: cabbott@gibsondunn.com
Gail E. Lees
E-mail: glees@gibsondunn.com
William Edward Wegner
E-mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
*Attorneys for Defendant*
*Nutro Products, Inc.*

Marty Steinberg
E-mail: msteinberg@hunton.com
Adriana Riviere-Badell
E-mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile: (305 810-2460
*Attorneys for Defendant Nutro Products,*
*Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com
*Attorneys for Defendant*
*Mars, Incorporated and*
*Mars Petcare U.S.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Christopher M. D'Angelo
E-mail: cdangelo@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International
Plac
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
*Attorneys for Defendants*
*Colgate-Palmolive Company and*
*Hill's Pet Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
*Attorneys for Defendants Colgate-*
*Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com
*Attorneys for Defendants*
*Colgate-Palmolive Company and*
*Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez
E-mail: mdj@kennynachwalter.com
Robert J. Alwine II
E-mail: ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
*Attorneys for Defendants Safeway, Inc.*
*and*
*The Stop & Shop Supermarket*
*Company LLC*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com
*Attorneys for Defendant*
*Del Monte Foods, Co.*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
*Attorneys for Defendant Del Monte*
*Foods*

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com
*Attorneys for Defendant*
*Del Monte Foods, Co.*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA,*
*Inc.*
*Nestlé Purina Petcare Co. and Nestlé*
*S.A.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA,*
*Inc., Nestlé Purina Petcare Co.*
*and Nestlé S.A.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
*Attorneys for Defendants Nestlé USA,*
*Inc.*
*Nestlé Purina Petcare Co. and Nestlé*
*S.A.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com
*Attorneys for Defendant*
*The Kroger Co. of Ohio*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com
*Attorneys for* Defendants Procter &
Gamble Co. *and The Iams Co.*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
*Attorneys for Defendant Procter &*
*Gamble Co. and The Iams Co.*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY**
**L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com
*Attorneys for Defendants PETCO*
*Animal*
*Supplies Stores, Inc.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
*Attorneys for Defendants Pet Supplies*
*"Plus" and Pet Supplies Plus/USA, Inc.*

Robert Valadez
E-mail: rvaladez@shelton-valadez.com
Javier Thomas Duran
E-mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
*Attorneys for Defendant H.E. Butt*
*Grocery Co.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL**
**& ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
*Attorneys for Defendants New*
*Albertson's Inc. and Albertson's LLC*

W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER &**
**FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
*Attorneys for Defendants New*
*Albertson's*
*Inc. and Albertson's LLC*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE,**
**BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com
*Attorneys for Defendant*
*The Kroger Co. of Ohio*