UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
Individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al,*

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS SAFEWAY INC. AND
STOP & SHOP SUPERMARKET COMPANY LLC'S MOTION FOR
PROTECTIVE ORDER AND PLAINTFFS CROSS-MOTION TO COMPEL**

Plaintiffs/Class Representatives, Renee Blaszkowski, *et al.,* respectfully submit this Response in opposition to Defendants', Safeway Inc.'s ("Safeway") and the Stop & Shop Supermarket Company LLC's ("Stop & Shop"), Motion for Protective Order.

**I.    Safeway and Stop & Shops Motion for Protective Order rehashes the same self-serving mischaracterizations of fact and law that the Court has already rejected**

One week ago, this Court granted the Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery after hearing an extensive two (2) hour oral argument. [DE 278]. Safeway and Stop & Shop opposed any jurisdictional discovery whatsoever, arguing that it was untimely, which the Court immediately rejected based upon the record in this case, and alternatively, that the Plaintiffs did not comply with a heightened pleading standard for personal jurisdiction. The Plaintiffs argued that: (1) there is no heightened pleading standard for personal jurisdiction; and (2) because each of the Defendants failed to be forthcoming in the affidavits

that they filed in support of dismissal and because there was sufficient facts to support a basis for jurisdictional discovery, the motion should be granted or they would be foreclosed from being able to rebut the Jurisdictional Defendants' affidavits and other allegations. After hearing extensive oral argument from all parties for two (2) hours, the Court granted the Plaintiffs' request for jurisdictional discovery.

After the Court granted the Plaintiffs' Motion, counsel for Stop & Shop argued that discovery should be restricted based upon the 30(b)(6) Notice and *duces tecum* document request that was attached to the Jurisdictional Defendants' Response in opposition to the Plaintiffs' Motion. The Court declined to limit the discovery and instead advised the Defendants that they had been on notice for nearly a month as to the type of documents and information that the Plaintiffs are seeking and that the Court would not consider time constraints a valid basis for a subsequent motion. The Court further cautioned the parties to work together to resolve discovery issues and, as a last resort, the parties could appear before the Court.

After having already argued that the discovery should be limited and after the Court declined to do so, counsel for Safeway and Stop & Shop advised the undersigned that they had prepared a Motion for Protective order ***before*** they had received the draft 30(b)(6) Notice thus demonstrating that Safeway and Stop & Shop never had any intention of attempting to work out scope as the Court requested on December 12, 2007. Instead they have filed a Motion in a blatant attempt to rehash what has already been argued before this Court for several hours one week ago. As a purported basis to claim some sort of prejudice, Safeway and Stop & Shop incredibly go so far as to say that they never knew prior to November 30, 2007 that the Plaintiffs sought Jurisdictional Discovery from them. [DE 283 p. 5]. That is blatantly false. On or about October 19, 2007, when the Court initially granted jurisdictional discovery as to all Jurisdictional

2

Defendants, Safeway and Stop & Shop joined in a Motion for reconsideration. The Plaintiffs' Response never stated that Safeway and Stop & Shop were excluded. When the Plaintiffs sought leave to amend their pleading to assert jurisdictional allegations that would comply with the Court's ruling, Safeway and Stop & Shop were included in the draft pleading provided to all counsel through their designated representative, Carol Licko, and in the pleading filed with the Court. At no time was the purported "agreement" to dismiss Safeway and Stop & Shop *ever* reduced to writing to confirm a meeting of the minds on the Plaintiffs part. Moreover, the Plaintiffs provided the Court with an e-mail last week from the Defendants' designated representative, Carol Licko, that "all" Jurisdictional Defendants opposed the Plaintiffs' second request for Jurisdictional discovery.

      The facts presented by Safeway and Stop & Shop are false. As the Court noted and as the record clearly demonstrates, the Plaintiffs have been attempting to obtain jurisdictional discovery from the Jurisdictional Defendants since October 6, 2007, which was days after the Defendants filed their first Motion to Dismiss with supporting affidavits. Despite the fact that Safeway's Vice President filed an affidavit in September 2007 stating under penalty of perjury that it had no employees in Florida, it was only *after* the Plaintiffs made it clear that they intended to seek jurisdictional discovery that this Vice President "discovered" four employees working in Florida. While Safeway disclosed this information, they never mentioned any information about the companies with which these individuals work, how the Florida companies are connected with Safeway and how long Safeway has had employees in Florida working with these "third party" companies and with which they obviously do business in Florida. Safeway also failed to report in the Vice President's affidavit the amount of suppliers with which it does business in Florida, that it appears to make deliveries of home products, flowers and gift baskets to Florida and

3

appears to have retail stores in Florida. None of this information was in Safeway's Vice President's first or second affidavits yet Safeway claims that it has somehow been prejudiced by the Plaintiffs fictitious delay. If any party has been prejudiced by delay, it has been the Plaintiffs. It is the Plaintiffs who must now take expedited discovery of Safeway and Stop & Shop after they have raised every conceivable bar to obtaining it.

Safeway and Stop & Shop again repeat the confidential settlement communications sent to them in an effort to resolve matters before *both* parties spent time and money on jurisdictional discovery. The Plaintiffs reviewed the Safeway declaration when Safeway's counsel, Robert Alwine, mentioned it during a telephone discussion and at a time when the Plaintiffs' counsel had not yet evaluated it. After having reviewed the affidavit and doing further investigation, the Plaintiffs were convinced more than ever that, at best, the Jurisdictional Defendants had been less than forthcoming and, at worst, had made false statements and/or material omissions in the statements made under oath to this Court.

A continuing campaign to poison the well against the Plaintiffs, buttressed by legal fiction and factual mischaracterizations, is not a valid basis for a protective order. Stop & Shop can only point to their self-serving statements in an effort to attempt to support these claims of delay and "agreements" unlike the Plaintiffs who have previously provided e-mails from the Defendants' own designated representative clearly showing that Safeway and Stop & Shop's facts were false. After having already requested the Court to limit discovery and after Safeway and Stop & Shop prepared a motion for protective order before ever seeing the 30(b)(6) notices and without ever having attempted to confer regarding the scope,[1] Safeway and Stop & Shop

---

[1] Even Jurisdictional Defendant New Albertson's concedes that it did not object to the majority of discovery requested by the Plaintiffs. [DE 286].

4

claim that it would be unreasonable to require them to provide discovery after the Court has ordered them to provide it.

II.   **The Plaintiffs seek discovery in the manner best suited to provide the truth and to avoid further delay and prejudice to the Plaintiffs**

After having failed to advise the Court and the Plaintiffs of numerous relevant facts bearing on the personal jurisdiction issue, Safeway and Stop & Shop ask the Court to order that the Plaintiffs' discovery be limited to interrogatories even though the Plaintiffs have not been allowed discovery to date and have not received mandatory disclosure. Citing *Mvisible Techs, Inc. v. Mixxer, Inc.,* 2007 U.S. Dist. LEXIS 18308 (S.D. Fla. March 15, 2007), which was already cited in the Response in opposition to the Plaintiffs' request for jurisdictional discovery, Safeway and Stop & Shop regurgitate the argument that another judge in this district ordered that discovery be provided in the form of interrogatories. [DE 283 pp. 6-7]. That case gives no indication that the Defendant's declarations submitted to the Court failed to contain material facts as is the case here. Allowing these Defendants to have lawyers craft answers to interrogatories when these Defendants already failed to apprise the Court and the Plaintiffs of relevant information would make the discovery meaningless and effectively tie the Plaintiffs' hands.

Safeway and Stop & Shop have never even had a dialogue with the Plaintiffs about the scope of the depositions and discovery requests, yet they claim in their Motion that multiple representatives would have to be provided. They also assert that the Plaintiffs seek voluminous documents without ever having conferred with the Plaintiffs and despite the fact that in open court the undersigned stated that the Plaintiffs do not want voluminous documents and that the undersigned would work with each Defendant regarding the scope based upon the manner in which each Defendant keeps records. The Plaintiffs want the facts so that they can adequately

5

rebut Safeway and Stop & Shops' claims that they do not do business in Florida. Interrogatories would only foreclose the Plaintiffs ability to obtain the information that they need to respond to the Defendants' Motion to Dismiss.

A party seeking to limit discovery must make a "strong showing" for limitation, and a particular and specific need for the protective order. *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Ca. 1990). None of the cases cited by Safeway and Stop & Shop justify the entry of a protective order. In *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.,* 134 F.R.D. 275, 286 (N.D. Cal. 1991), the court held a party seeking details of "contentions made and positions taken" by a corporate party could be precluded from such examination in a deposition taken under *Fed.R.Civ.P. 30(b)(6) Id*. However, the basis for that ruling was predicated on the fact that it was a complex patent infringement lawsuit and that in a complicated patent action, a 30(b)(6) deponent could not be expected to present orally "a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken" by the corporate party due to the complex nature of a patent case. *Id., at 286*. Further, a 30(b)(6) deponent, as a non-lawyer, would be "ill-equipped to reason reliably about the legal implications" of the relationship between the products at issue, their components, and the various claims of the patent in suit or of other patents or prior art. *Id., at 287*. "Patent cases turn peculiarly on a conceptually dense dynamic between physical objects, words in claims, and principles of law." *Id.* The *McCormick-Morgan* court held that in such circumstances, the factual contentions underpinning a patent infringement claim would be more accurately and fairly derived through contention interrogatories. *Id.* This is not a patent case and neither Safeway nor Stop and Shop have raised any basis other than inconvenience for dictating the manner or method of discovery.

6

In *Smithkline Beecham Corp. v. Apotex Corp.,* 2000 U.S. Dist. LEXIS 667, *27 (N.D. Ill. 2000), the court noted that where such preparation would be unduly burdensome, "the recipient of a *Rule 30(b)(6)* request is not required to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim." *Id.* However, the court's ruling also relied upon the privilege issues implicated in the questioning. "As Defendants are aware, answering requests for production and interrogatories customarily is performed with the assistance of counsel. Thus, the proposed area of inquiry improperly trespasses into areas of work product and attorney-client privilege. . . ." *Id.* Safeway and Stop & Shop have failed to alert the Plaintiffs or the Court as to any purported privilege issues. Moreover, in *Cram v. Electronic Data Systems Corp.,* 2007 U.S. Dist LEXIS 74039 (S.D. Cal. October 3, 2007), discovery was sought on the limited issue of the amount in controversy in the context of removal from state to federal court. *Cram* has no application to this case.

Courts have <u>*rejected*</u> protective orders where the same cases and arguments have been made. In *Methode Electronics Inc. v. Finsair Corp.,* 205 F.R.D. 552, 555 (N. D. Cal. 2001), the District Court rejected the same arguments and cases cited by Safeway and Stop & Shop for having failed to meet the requisite showing for a protective order. Moreover, contrary to the Defendants' contentions, "[a]nswers to interrogatories…are an inadequate substitute for deposition testimony pursuant to Rule 30(b)(6)." *See Ierardi v .Lorillard, Inc.,* 1991 U.S. Dist. LEXIS 11320 *2 (E.D. Pa. 1991). In *Ierardi,* the Defendants also argued that interrogatories were a better method of obtaining the information, however, the court flatly rejected the defendant's attempt to control the information provided to the plaintiff. The "defendant asks that the court grant a protective order mandating that discovery of the information plaintiffs seek may only be had by means of contention interrogatories. Defendant argues that contention

7

interrogatories are a simpler and more appropriate discovery method. This court notes, however, that 'the deposition process provides a means to obtain *more complete information* and is, therefore, favored.'" *Id.* \*\*3-4 (emphasis added). The court also *rejected* the argument that a 30(b)(6) was not an efficient means of obtaining discovery:

> Defendant contends that deposing any of its current employees would be fruitless because "plaintiffs can secure better, more reliable information through other, more productive, discovery procedures." *However, the court does not find defendant's unsubstantiated belief that plaintiffs will not discover new information to merit the imposition of a protective order.* See Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 65 (D. P.R. 1981) ["Rule 30(b)(6) . . . is an additional, supplementary and complimentary deposition process designed to aid in the *efficient discovery of facts*." citing Advisory Committee Note to Rule 30(b)(6), Atlantic Cape Fisheries v. Hartford, 509 F.2d 577 (1st Cir. 1975).].

*Id.* \*\*5-6. Stop and Shop and Safeway have failed to meet their burden of showing good cause for a protective order.

In a similar case, the plaintiff, like the defendants in this case, specifically objected to the "deposition topics as overly broad, unduly burdensome, . . . or available through other means in discovery..." *See Lockheed Martin Corp. v. L-3 Communs. Corp.,* 2007 U.S. Dist. LEXIS 52658 \*10 (M. D. Fla. July 22, 2007). The Plaintiff "further claimed that 'there is no [LMC] witness or witnesses who could testify concerning the broad subject matter of the Deposition Notices,' noting that LMC representatives do not have access to some attorney's eyes only information produced during discovery by Defendant L-3 Communications (L-3). Doc. No. 310 at 3-4." *Id.* \*\*10-11. The court rejected the plaintiff's arguments: "None of these objections is well taken." *Id.*

Likewise in *Taylor v. Shaw,* 2007 U.S. Dist LEXIS 16305 \*4 (D. Nev. March 5, 2007), the plaintiffs argued that the depositions under Rule 30(b)(6) were "improper…because they are not aware of any individual who may properly testify on their behalf. This, they assert, is

8

because all of the designated deposition topics relate to the internal operations and control of corporations VSS and SSV. Therefore, to comply with the Notices the PMK would need to educate themselves regarding all of the facts and information regarding the operations of VSS and SSV. This would require the PMK to become familiar with thousands of pages of documents, which, in plaintiffs' view, would be unreasonably burdensome." *Id* at *4. The court rejected that argument: "Rule 30(b)(6) explicitly requires [an organization] to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires person to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition... . The Court understands that preparing for a Rule 30(b)(6) deposition can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business. . . ." *Id.* at **4-5, *citing United States v. Taylor,* 166 F.R.D. 356, 362 (M.D.N.C. 1996). The court thus ruled that the plaintiffs were therefore "obligated to produce one or more Rule 30(b)(6) witnesses who are thoroughly educated about the noticed deposition topics with respect to any and all facts known to it or its counsel." *Id, citing Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Matsuda,* 390 F. Supp. 2d 479, 487 (D. Md. 2005)(citing *In re Vitamins Antitrust Litig.,* 216 F.R.D. 168, 173 (D.D.C. 2003)). The court ordered the depositions to proceed.

**III.   Conclusion**

Stop & Shop and Safeway have rehashed arguments previously made to the Court, have used expedited discovery as a basis for a protective order contrary to the Court's admonition one week ago that the short period of time for discovery would not be heard as a basis for a protective order and they have failed to demonstrate good cause. The Plaintiffs respectfully request this Court to deny Safeway and Stop & Shop's further attempts to delay the discovery

9

and to enter an Order compelling Safeway and Stop & Shop to cooperate with the Plaintiffs to resolve scope, to gather the requested documents and to present witnesses without further delays.

Dated: December 19, 2007
Miami, FL

                                            s/ Catherine J. MacIvor
                                            _____

                                            CATHERINE J. MACIVOR (FBN 932711)
                                            cmacivor@mflegal.com
                                            BJORG EIKELAND (FBN 037005)
                                            beikeland@mflegal.com
                                            MALTZMAN FOREMAN, PA
                                            One Biscayne Tower
                                            2 South Biscayne Boulevard -Suite 2300
                                            Miami, Florida 33131
                                            Tel: 305-358-6555 / Fax: 305-374-9077
                                            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 19th day of December, 2007. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

            /s Catherine J. MacIvor
            Catherine MacIvor

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Turnoff**

| | |
|---|---|
| **CATHERINE J. MACIVOR**<br>cmacivor@mflegal.com<br>**JEFFREY B. MALTZMAN**<br>jmaltzman@mflegal.com<br>**JEFFREY E. FOREMAN**<br>jforeman@mflegal.com<br>**DARREN W. FRIEDMAN**<br>dfriedman@mflegal.com<br>**MALTZMAN FOREMAN, PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard -Suite 2300<br>Miami, Florida 33131<br>Tel: 305-358-6555 / Fax: 305-374-9077<br><br>*Attorneys for Plaintiffs* | **JOHN B.T. MURRAY, JR.**<br>E-Mail**: jbmurray@ssd.com**<br>**MARK C. GOODMAN**<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile:   (561) 655-1509<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.* |
| **ROLANDO ANDRES DIAZ**<br>E-Mail: rd@kubickdraper.com<br>**CASSIDY YEN DANG**<br>E-mail: cyd@kubickidraper.com<br>**MARIA KAYANAN**<br>E-Mail**: mek@kubickidraper.com**<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, Florida 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile:  (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* | **ALEXANDER SHAKNES**<br>E-Mail: Alex.Shaknes@dlapiper.com<br>**AMY W. SCHULMAN**<br>E-Mail: Amy.schulman@dlapiper.com<br>**LONNIE L. SIMPSON**<br>E-Mail: Lonnie.Simpson@dlapiper.com<br>**S. DOUGLAS KNOX**<br>E-Mail: Douglas.knox@dlapiper.com<br>**DLA PIPER RUDNICK GRAY CARY US LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 335-4829<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

Case 1:07-cv-21221-CMA   Document 292   Entered on FLSD Docket 12/19/2007   Page 13 of 17

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**GARY L. JUSTICE**
E-Mail: gjustice@gibsondunn.com
**CHARLES H. ABBOTT**
E-Mail: cabbott@gibsondunn.com
**GAIL E. LEES**
E-Mail: glees@gibsondunn.com
**WILLIAM EDWARD WEGNER**
E-Mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue, Suite 4600
Los Angeles, California 90071-3197
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendants Publix Super Markets, Inc. and H.E. Butt Grocery Co.*

**MARTY STEINBERG**
E-Mail: msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
E-Mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS**
Mellon Financial Center
1111 Brickel Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**CHRISTOPHER M. D'ANGELO**
E-Mail: cdangelo@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.*

13

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**OLGA M. VIEIRA**
E-Mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
Sidley Austin LLP
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**MARCOS DANIEL JIMINEZ**
E-Mail: mjimenez@kennynachwalter.com
**ROBERT J. ALWINE, II**
E-Mail ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile:   (305) 372-1861

*Attorneys for Defendants Safeway, Inc. and The Stop & Shop Supermarket Company*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile:   (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**JOHN F. MULLEN**
**COZEN O'CONNOR**
E-Mail: jmullen@cozen.com
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
 One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile:   (303) 899-7333

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile  (305) 459-6550

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-591*0*

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile:  (305) 373-4099

*Attorneys for Defendants Proctor & Gamble Co. and The Iams Co.*

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Proctor & Gamble Co. and The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@aballi.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile:  (305) 577-7001

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

**ROBERT VALADEZ**
E-Mail: rvaladez@shelton-valadez.com
**JAVIER THOMAS DURAN**
E-Mail: jduran@shelton-valadez.com
**SHELTON & VALADEZ**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile:  (210) 349-3666

*Attorneys for Defendant H.E. Butt Grocery Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

| | |
|---|---|
| **C. RICHARD FULMER, JR.**<br>E-Mail: rfulmer@Fulmer.LeRoy.com<br>**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-4430<br>Facsimile: (954) 707-4431<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* | **JASON JOFFEE**<br>E-Mail: jjoffe@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>200 S. Biscayne Boulevard<br>40th Floor<br>Miami, Florida 33131-2398<br>Telephone: (305) 577-7040<br>Facsimile:   (305) 577-7001<br><br>*Attorneys for Defendant Meijer, Inc.* |