UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of others
similarly situated,

　　　　　Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.,*

　　　　　Defendants.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## THIRD AMENDED COMPLAINT

　　　　Plaintiffs/Class Representatives, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order granting them leave to file their Third Amended Complaint (Exhibit "A" attached hereto without exhibits) pursuant to Federal Rule of Civil Procedure 15 and, as grounds therefor, states as follows:

　　　　1.　　The Plaintiffs filed their Class Action Complaint ("original Complaint") on May 9, 2007. [DE 1]. Based upon the extraordinary number of problems and concerns with the advertising of Defendants' pet food products as well as the products themselves, the Plaintiffs amended the original Complaint as of right [DE 153] to add additional Plaintiffs and Defendants in July 2007.

　　　　2.　　Certain Defendants moved to dismiss the Amended Complaint based upon personal jurisdiction and all of the Defendants moved to dismiss based upon other grounds. The Court granted the Plaintiffs leave for personal jurisdiction discovery [DE 232], and the

Defendants sought reconsideration of same. [DE 244]. This Court granted the Defendants' Motion for Reconsideration of leave for personal jurisdiction discovery as to all but New Albertsons, Inc. [DE 251] without prejudice because the allegations regarding personal jurisdiction were not specific as to the Defendants' connection to Florida and indicated that upon amendment, the Court would reconsider allowing the Plaintiffs leave for such discovery. [DE 251 p. 5 and fn. 5].

3. The Plaintiffs requested the Court for leave to file a Second Amended Complaint setting forth the personal jurisdiction allegations as to each Defendant so that the Plaintiffs could renew their request for leave for personal jurisdiction as to those Defendants who contested same. Notwithstanding the amended jurisdictional allegations in the Second Amended Complaint, the Jurisdictional Defendants nevertheless argued a heightened pleading standard and still claimed lack of specificity at several hearings in December 2007.

4. At the December 19, 2007 hearing Defense counsel, Carol Licko suggested amending the pleadings because "it is difficult to prove a negative." The Plaintiff agreed to amend when requested based upon the well-established legal authority standing for the proposition that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957) (footnote omitted); *McKinnis v. Mosely*, 693 F.2d 1054, 1058 (11th Cir. 1982). Insufficiently specific allegations would result in an amendment. The Eleventh Circuit has also previously held that a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that an amended complaint might state a claim upon which relief could be granted. *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597-99 (5th

Cir.1981); *Sarter v. Mays*, 491 F.2d 675, 676 (5th Cir.1974). Given that precedent, while the Plaintiffs have already cited authority that no such heightened pleading standard was required regarding personal jurisdiction and were prepared to cite similar authority for subject matter jurisdiction, the Plaintiffs have provided same in an attempt to move this case more rapidly to the merits, particularly where the majority of the Defendants Motion to Dismiss related to jurisdictional issues.

4.  As discussed in Court on December 12 and 19, 2007, while the Plaintiffs firmly believe that the Second Amended Complaint was more than adequate under the pleading requirements of the Federal Rules of Civil Procedure, in order to avoid a number of the issues raised in the Defendants' continuing objections to discovery, to expedite jurisdictional discovery and to reach the merits more quickly, the Plaintiffs have specifically alleged the jurisdictional basis as to each Jurisdictional Defendant and specified which Plaintiff bought pet food from which Defendant in order to avoid protracted litigation regarding the specificity of the allegations.

5.  Since providing a draft amended pleading to the Defendants last Friday, Pet Supplies Plus has indicated to the undersigned during a telephone conference that it will not proceed with a jurisdictional objection based upon the amendment, but has not filed a notice regarding same. New Albertson's Inc. also withdrew its objection to personal jurisdiction on Monday, January 14, 2007. The draft amendment has thus already resolved personal jurisdictional objections with one and potentially two Defendants.

6.  In order to attempt to get to the merits more expeditiously, the Plaintiffs also made the decision to voluntarily dismiss Jurisdictional Defendants, Safeway, HE Butt Grocery Company, Stop & Shop and Meijer, Inc., even though they believed that their case was strong

against these Defendants. Given the fact that the Plaintiffs first served jurisdictional discovery on Defendant, New Albertson's Inc., two months ago, the Plaintiffs realized that it would delay reaching the merits for at least another month, if not more, given the volume of objections to the jurisdictional discovery.

7. As discussed above, in order to avoid protracted objections and other litigation regarding other jurisdictional issues, the Plaintiffs have also inserted specific allegations regarding the Defendants from which each Plaintiff purchased pet food and the Defendant that sold them the pet food. The Plaintiffs also added other allegations relating to jurisdictional issues to avoid further protracted subject matter jurisdiction objections. As discussed above, even if the Court determined that the Second Amended Complaint was deficient because the Second Amended Complaint does not designate the Defendant from which each Plaintiff bought pet food and the Defendant retailer from which it was purchased, the Court would allow the Plaintiffs leave to allege same with specificity under Eleventh Circuit precedent. The Plaintiffs maintain that such specificity is not required, but wish to avoid further delays because if the Court were to rule in the Defendants' favor on that issue, the Plaintiffs would certainly seek to amend. Amendment with more specific allegations at this time will avoid that delay.

8. No new cause of action has been alleged and no substantive claim has been materially changed.

6. The Third Amended Complaint adds some Plaintiffs and drops others based upon their continued ability to participate in the proceeding as Plaintiffs and Class Representatives.

7. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be given freely." Fed. R. Civ. P. 15(a). The Eleventh Circuit has also determined that leave to amend should be granted liberally. *See Thomas v. Town of Davie,* 847 F.2d 771, 773 (11th Cir.

1988)("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). There is no substantial reason to deny this amendment because this Motion has been brought in good faith and to address the objections to the jurisdictional allegations complained about by the Defendants in an effort to expedite reaching the merits of the case. As discussed above, the amendment has already resulted in resolving objections with at least one, and perhaps two, Defendants and will result in putting the case at issue in a more expeditious manner.

8. Given that the Court has stayed the action during personal jurisdiction discovery, this amendment will not cause delay and has instead facilitated the resolution of jurisdictional issues that would have otherwise been the subject of discovery and would likely have resulted in further delay due to time needed for taking discovery and resolving disputes regarding same.

9. While the Plaintiffs have filed a Motion to Dismiss the Second Amended Complaint, the Third Amended Complaint is substantially identical to the Second Amended Complaint except as to jurisdictional issues. Based upon the identical factual and legal issues having been raised, the Defendants can re-file the now pending motion to dismiss by revising any objections they may nevertheless make regarding jurisdictional issues.

10. The Plaintiffs will be prejudiced if they are not allowed to amend the Second Amended Complaint.

11. Prior to filing this Motion, the undersigned attempted to confer with the Defendants regarding their position as to amending the complaint on January 11, 2007 because the undersigned had mistakenly calendared a reminder for January 11, 2008 as the deadline for same. Moreover, because the undersigned seriously injured her leg and has been confined to bed rest and unable to attend work, the progress of the proposed amendment was admittedly given to

the Defendants later than the undersigned had hoped. Based upon the e-mail communication from the Defendants, the undersigned re-checked the deadline and provided the Defendants with another draft of the amended pleading on Monday and another draft prior to filing today.

12. The Defendants, by and through their representative, Carol Licko, requested that the following be communicated to the Court as to their position on the motion. "Defendants are opposed to Plaintiffs' motion to amend to file a third amended complaint. On November 16, 2007, when Plaintiffs sought leave to file their second amended complaint, Defendants agreed not to formally oppose such motion. Defendants also, however, gave notice to Plaintiffs and this Court that they would oppose any further amendment of the complaint. On Friday, January 11, 2008, Plaintiffs proposed a substantially revised third amended complaint, and asked for Defendants' consent to their motion to amend by the end of the day. On Monday, January 14, 2008, Plaintiffs proposed a substantially different third amended complaint, and asked for Defendants' consent to their motion to amend by the close of business on Wednesday, January 16, 2008. At 4 p.m. on Wednesday, January 16, 2008, Plaintiffs proposed yet another substantially different third amended complaint, and asked for consent by "tonight." Defendants do not consent. Defendants will promptly file a consolidated response in opposition to Plaintiffs' motion to amend to file their third amended complaint, and will ask the Court to address such motion at the hearing already set for 9:00 a.m. on January 25, 200" (sic).

13. The Defendant's statement is inaccurate. At no time has the undersigned ever asked for the Defendants' consent, but rather the Defendants' <u>position</u> on the motion. The undersigned is well aware that the Defendants indicated that they would oppose any further amendment in November 2007, and expected that this Motion would be opposed based upon

6

prior discussions (and despite well-established precedent that amendments should be freely given even prior to trial).

14.     The Defendants' position is also misleading since it mischaracterizes the events regarding the exchange of draft amended pleadings.  In part, the several drafts given to the Defendants reflected changes made as a result of continuing discussions regarding which entities and Plaintiffs would remain in the lawsuit and what would be amended, which was based on continuing discussions with all relevant parties.  The drafts reflected the result of those discussions. Finally, contrary to the Defendants' suggestion, the changes made in the pleading relate to jurisdictional issues raised by the Defendants.  The drafts were not substantively materially different each time.  In any event, since the Defendants planned to object to any further amendment since November 2007, they would have opposed the motion no matter what it said.

15.     As for a request to have a hearing on this Motion next week, the Defendants' representative, Carol Licko, is well aware from telephone discussions this week that the undersigned must respond to jurisdictional objections to be filed by Kroger and potentially Pet Supplies Plus that will be filed this Friday.  During that telephone discussion the undersigned advised Ms. Licko and certain other defendants that it would be difficult to respond to any Jurisdictional Defendants' brief regarding jurisdictional discovery objections  between this week and next because of the undersigned's serious leg injury[1] and the undersigned's primary associate on this case is in Norway because her mother had a quadruple bypass.[2]  A hearing on the Amended Complaint, if necessary, would put the Plaintiffs at a distinct advantage at a time

---

[1] The undersigned is under a doctor's care and has been instructed to be at home with her leg elevated.  It has thus been somewhat logistically challenging to try to work for the past 12 days and the undersigned has not been able to work nearly as much as usual.
[2] Bjorg Eikeland will return from Norway on January 22, 2007.

7

by requiring them to respond to additional objections by defense counsel when the Plaintiffs need to respond to the Jurisdictional Defendants' objections that have been continuing for months now and other matters unrelated to this case, including personal medical matters. As such, if a hearing is necessary, the undersigned would respectfully request that it be held the following week of January 28 through February 1 instead.

WHEREFORE, the Plaintiffs, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order granting them leave to amend and file their Third Amended Complaint and for all other relief that this Court deems just and proper.

DATED: January 16, 2008

s/    Catherine J. MacIvor

CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard – Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 16 day of January, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/ Catherine J. MacIvor
CATHERINE J. MACIVOR

## SERVICE LIST

### CASE NO. 07-21221 ALTONAGA/Turnoff

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**CASSIDY YEN DANG**
E-mail: cyd@kubickidraper.com
**MARIA KAYANAN**
E-Mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail: **jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:   (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

| | |
|---|---|
| **WILLIAM C. MARTIN**<br>E-Mail: william.martin@dlapiper.com<br>**DLA PIPER RUDNICK GRAY CARY US LLP**<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois 60601-1293<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* | **HUGH J. TURNER, JR.**<br>E-Mail: hugh.turner@akerman.com<br>**AKERMAN SENTERFITT & EDISON**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954)463-2700<br>Facsimile:   (954)463-2224<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* |
| **GARY L. JUSTICE**<br>E-Mail: gjustice@gibsondunn.com<br>**CHARLES H. ABBOTT**<br>E-Mail: cabbott@gibsondunn.com<br>**GAIL E. LEES**<br>E-Mail: glees@gibsondunn.com<br>**WILLIAM EDWARD WEGNER**<br>E-Mail: wwegner@gibsondunn.com<br>**GIBSON DUNN & CRUTCHER LLP**<br>333 South Grand Avenue, Suite 4600<br>Los Angeles, California 90071-3197<br>Telephone: (213) 229-7000<br><br>*Attorneys for Defendant Nutro Products, Inc.* | **MARTY STEINBERG**<br>E-Mail: msteinberg@hunton.com<br>**ADRIANA RIVIERE-BADELL**<br>E-Mail: ariviere-badell@hunton.com<br>**HUNTON & WILLIAMS**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 2500<br>Miami, Florida 33131<br>Telephone: (305) 810-2500<br>Facsimile:  (305) 810-2460<br><br>*Attorneys for Defendant Nutro Products, Inc.* |
| **OMAR ORTEGA**<br>Email: ortegalaw@bellsouth.net<br>**DORTA & ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile:   (305) 461-5226<br><br>*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S.* | **DANE H. BUTSWINKAS**<br>E-Mail: dbutswinkas@wc.com<br>**PHILIP A. SECHLER**<br>E-Mail: psechler@wc.com<br>**THOMAS G. HENTOFF**<br>E-Mail: thentoff@wc.com<br>**CHRISTOPHER  M. D'ANGELO**<br>E-Mail: cdangelo@wc.com<br>**PATRICK J. HOULIHAN**<br>E-Mail: phoulihan@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 12th Street, N.W.<br>Washington, DC  20005<br>Telephone: (202)434-5000<br><br>*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.* |

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**OLGA M. VIEIRA**
E-Mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
Sidley Austin LLP
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
**COZEN O'CONNOR**
E-Mail: jmullen@cozen.com
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
 One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile:   (303) 899-7333

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile  (305) 459-6550

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-591*0*

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile:  (305) 373-4099

*Attorneys for Defendants Proctor & Gamble Co. and The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Proctor & Gamble Co. and The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:   (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
Sara F. Holladay-Tobias
E-Mail: sfhollad@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:   (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*