UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

        Defendants.
_____/

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

After spending several weeks reviewing Defendants' pending motion to dismiss the Second Amended Complaint and skirmishing about jurisdictional discovery they allegedly needed, Plaintiffs have once again reversed course. As they did with respect to Defendants' motion to dismiss their first Amended Complaint, Plaintiffs again seek at the last minute to avoid filing a response that would permit the Court to make a dispositive ruling on their claims and instead to file yet another amended complaint – this time, their so-called "Third Amended Complaint." Plaintiffs' efforts to further delay the progress of this litigation should not be countenanced.

In requesting leave to amend once again, Plaintiffs fail to demonstrate why the Court should grant the requested relief in light of the further delay and unreasonable burden imposed on Defendants by Plaintiffs' dilatory tactics in filing another amended complaint. While Plaintiffs claim that their latest proposed amendments address jurisdictional issues only (*see* D.E. 310 ("Pls. Mot.") at 4, 5), in fact the Third Amended Complaint is replete with new allegations

and substantive revisions that would require Defendants, yet again, to spend substantial time and resources preparing their <u>fourth</u> motion to dismiss.  Indeed, as this Court has noted, there has been virtually *no* progress in this case since the action first commenced over nine months ago – a fact attributable for the most part to Plaintiffs' multiple amendments to the operative complaint. Plaintiffs already have had ample time and opportunity to amend their Complaint to assert personal jurisdiction over and state a claim against Defendants.  They should not be permitted to amend their Complaint again to avoid a ruling on Defendants' motion to dismiss.  Plaintiffs' request for leave to amend should therefore be denied.

## BACKGROUND

### Original Complaint

This action was originally filed on May 9, 2007.  [D.E. 1]   Approximately two weeks before Defendants' response was due – and after Defendants had devoted substantial time and resources to preparing a joint motion to dismiss – Plaintiffs' counsel informed Defendants that she intended to amend the Complaint.

### Amended Complaint

After the status conference held on July 6, 2007, the Court entered a scheduling order setting July 13, 2007 as the deadline for Plaintiffs to file their Amended Complaint.  [D.E. 130].[1] One day before that deadline, Plaintiffs sought an extension to file the Amended Complaint on the grounds that Plaintiffs' counsel had been on vacation and was therefore unable to prepare the filing.  [D.E. 141].  The Court extended the deadline until July 25, 2007  [D.E.143], and Plaintiffs filed their Amended Complaint on that date.  [D.E. 153].  The Amended Complaint named twelve additional defendants and 21 additional named plaintiffs, added two new claims

---

[1] Additionally, the scheduling order set November 16, 2007 as the deadline for motions to amend and add parties.  (*See id.*)

Case No. 07-21221-CIV-Altonaga/Turnoff

(for fraudulent inducement (Count II) and negligence per se (Count VII)), deleted two claims for strict products liability, and added a number of allegations regarding Plaintiffs' complaints about the marketing, labeling and manufacturing practices of the pet food industry. (*See id*.) On July 27, 2007, Plaintiffs filed another version of the Amended Complaint purporting to "correct[] scriveners' errors." [D.E. 156].

Plaintiffs' substantial changes to their claims required Defendants to seek an extension of time to respond and to devote a considerable amount of energy and resources coordinating with the newly named defendants and preparing a second motion to dismiss.[2]  Defendants filed their single, consolidated motion to dismiss on October 12, 2007.  [D.E. 232].[3]  One week later, Plaintiffs moved for and were granted an extension until November 30, 2007 to respond to Defendants' motion.  [D.E.s 240 and 243].

**<u>Second Amended Complaint</u>**

Plaintiffs waited almost until their extended deadline.  Then, on November 16, 2007, rather than responding to Defendants' motion to dismiss, Plaintiffs moved for leave to file a Second Amended Complaint and also moved to extend the Court's scheduling order to allow an additional four months of time to further amend the pleadings and to join parties.  [D.E.s 255 and 256].  Plaintiffs filed their motions on the very deadline set pursuant to the Court's scheduling order for moving to amend and add new parties.

In support of their motion for leave to amend, Plaintiffs claimed that the Second Amended Complaint would "detail[] the personal jurisdiction allegations as to each Defendant"

---

[2] Defendants sought and were granted an extension of time to prepare a consolidated response. [D.E.s 168, 169 and 191].

[3] Defendants originally filed their joint motion to dismiss and separate personal jurisdiction motions on  September 20, 2007 but those motions were denied without prejudice after the Court directed Defendants to combine all motions into a single pleading. [D.E. 225].

and "specifically address issues raised in the Defendants' Motion to Dismiss, which will moot those issues." [D.E. 256 at 2, 3]. In addition, the Second Amended Complaint added a request to "certify equitable claims under Rule 23(b)(2)," "claims for injunctive relief," a claim for strict liability, revised numerous substantive allegations, and included two new named Plaintiffs and an additional defendant. [*Id*. at 3].

Defendants did not oppose either the motion for leave to amend or to extend the scheduling deadline. Defendants made clear to Plaintiffs and this Court, however, that they would oppose any further amendment and corresponding delay of this litigation. [*Id.* at 4].

This Court granted Plaintiffs leave to amend on November 19, 2007, but granted only a two-month extension, until January 16, 2008, to amend pleadings, noting that Plaintiffs did not "establish good cause for the requested four month extension, particularly where Plaintiffs have known, since the earlier motions to dismiss were filed on September 20, 2007, the several bases upon which Defendants sought to dismiss the present pleading." [D.E. 257].

Plaintiffs thereafter filed a second version of the Second Amended Complaint on November 19, 2007 [D.E. 258], and they filed a third version of the Second Amended Complaint on November 29, 2007. [D.E. 260] Each of these versions was substantively different, requiring Defendants to expend additional time and effort to review and determine what changes had been made to each successive version. Notably, Defendants learned through their own efforts that the November 29 version of the Second Amended Complaint differed substantially from the version approved by this Court for filing on November 19. For example, Plaintiffs – without notice to this Court or Defendants – added "treats" – another category of pet food products – to the

Case No. 07-21221-CIV-Altonaga/Turnoff

challenged pet products allegedly purchased by each of the named Plaintiffs (*see* D.E. 260 at

¶¶ 3–33).   Plaintiffs also added allegations of justifiable reliance (*id.* at ¶ 131).[4]

In response to the new claims and allegations asserted in the Second Amended Complaint

filed November 29, 2007, Defendants again devoted a significant amount of time preparing their

third motion to dismiss.  Defendants filed their consolidated motion to dismiss the Second

Amended Complaint on December 14, 2007.  [D.E. 279].  A review of this motion shows that

notwithstanding Plaintiffs' contention that they had "cured" jurisdictional and other defects,

Plaintiffs' Second Amended Complaint remained fatally and fundamentally flawed.

On December 20, 2007, the Court held a hearing on the issue of jurisdictional discovery

and suspended the briefing schedule on the consolidated motion to dismiss in order to give time

to resolve disputes regarding personal jurisdiction as to various defendants (the "Jurisdictional

Defendants").  [D.E. 300].  During the hearing, this Court specifically directed Plaintiffs' counsel

and counsel for the Jurisdictional Defendants to take a break and confer in order to see if they

could reach agreement on how to proceed.  This Court offered several alternatives, including

specifically offering Plaintiffs' counsel the right to amend:

> ….Ms. MacIvor can say 'Well, you know what?  I'm going to go back and be
> clearer in another amendment to my pleading that I'm addressing specific and
> general' and/or you all can come back and say 'You know what?  We're going to
> narrow down the scope of these discovery requests in light of the fact that you are
> now giving us more time,' whatever you all want to tell me and you tell me when
> you're ready.

[D.E. 300, Tr. at 70: 16-22].

---

[4] Plaintiffs also added allegations about Defendants' "scienter," and Plaintiffs' "vulnerability,"
alleging for the first time that "Defendant manufacturers know that the Plaintiffs and consumers
are particularly vulnerable to these representations because the Plaintiffs and the average
consumer have no knowledge of cat and/or dog nutrition, or other requirements." (*See id.* at ¶¶
70-71; *see also* ¶ 104).  In addition, Plaintiffs further revised the allegations against Pet Supplies,
adding allegations of a "franchise business." (*See id.* at ¶¶ 64, 94).

5

The parties took a break and conferred.  When Plaintiffs' counsel came back into the courtroom, she specifically did *not* accept the Court's offer to allow her to make her complaint "clearer in another amendment."  Indeed, as the hearing transcript makes clear, Plaintiffs' counsel did *not* (as Plaintiffs now contend) "agree to amend when requested" during that December 19, 2007 hearing.  (*See* Pls. Mot. at 2).  Instead, Plaintiffs counsel agreed to try to work with the Jurisdictional Defendants over the holidays to limit the scope of jurisdictional discovery she required to respond to Defendants' motion to dismiss the Second Amended Complaint.  The Court accepted Plaintiffs' decision, and the offer of the Jurisdictional Defendants to try to work with Plaintiffs' counsel.  [D.E. 300, Tr. at 74-78].

**Third Amended Complaint**

On January 11, 2008, Plaintiffs' counsel announced that, notwithstanding her decision on December 20, 2007 not to amend, she now intended to amend the Complaint for a third time.  To that end, Plaintiffs counsel forwarded a proposed version of the Third Amended Complaint to counsel for Defendants and requested that Defendants agree to its filing by the end of that day.  Defendants' counsel could not do so, and so advised.

On Monday, January 14, 2008, Plaintiffs counsel forwarded a second, again substantively different, version of the proposed Third Amended Complaint for Defendants' review and asked for Defendants' consent to file the Third Amended Complaint by the close of business on January 16, 2008 – the deadline for motions to amend and add parties.  However, at 4 p.m. on Wednesday, January 16, 2008, Plaintiffs' counsel then sent Defendants yet another different third version of the Third Amended Complaint asking for a response by that same night.[5]

---

[5] The as-filed version of the Third Amended Complaint contains further revisions to the last version forwarded to Defendants' counsel, including the addition of yet another new plaintiff.

Case No. 07-21221-CIV-Altonaga/Turnoff

In support of their current Motion for Leave, Plaintiffs (as before) state that the proposed amendments were prompted by arguments raised in Defendants' motions to dismiss.  (*See* Pls. Mot. at 3-5).  However, Plaintiffs certainly knew of these arguments by December 19, 2007 when this Court offered Plaintiffs an opportunity to amend.  Plaintiffs' counsel declined that opportunity, choosing instead to work with the Jurisdictional Defendants to limit the scope of the jurisdictional discovery she would need to respond to Defendant's motion to dismiss.

While Plaintiffs claim that the proposed revisions were intended to address only Defendants' objections to jurisdiction (s*ee id.* Mot. at 4, 5), a comparison of the proposed Third Amended Complaint with the pending Second Amended Complaint reveals that Plaintiffs have once again changed the Complaint allegations extensively.  For example, the proposed Third Amended Complaint would, among other things, add a request for certification of a defendant class of all pet food manufacturers and pet food retailers (*see* 3AC, D.E. 310 at Exh. A, ¶ 122-127).  It would also add allegations that various Defendants are agents of one another (*see id*. at ¶¶ 40-41, 54-55) and that Defendants have acted in concert and conspiracy with one another (*see id*. at ¶ 113), as well as substantially revise existing allegations (*see*, *e.g.*, at ¶¶ 1, 3-32).

## ARGUMENT

Enough is enough.  The time has come for Plaintiffs to stop moving the target and for their claims to stand or fall on the allegations asserted in their Second Amended Complaint. Plaintiffs have already have proposed multiple complaints (with multiple versions).  Plaintiffs now seek to file their Third Amended Complaint.  Although leave to amend is frequently granted, it is not without its limits.  Courts may routinely deny leave where the circumstances demonstrate that the non-moving party will be prejudiced, where there has been bad faith, undue delay or dilatory conduct, or where amendment will be futile.  *See Andrx Pharmaceuticals, Inc. v.*

7

*Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005).  In this case, both Plaintiffs' dilatory conduct in repeatedly attempting to avoid a ruling on Defendants' motion to dismiss, and their pattern of consistently waiting until after defendants have expended substantial resources to address the deficiencies of the version of the complaint on hand, provide separate bases for denying Plaintiffs leave to amend their Complaint for the third time.

While Plaintiffs claim that they are entitled to an opportunity to amend their Complaint in order to establish jurisdiction over and state a claim against Defendants (*see* Pls. Mot. at 2-3), Plaintiffs ignore the fact that they have had ample opportunity to do so and indeed have already filed three different complaints (with several different versions).  As this Court has noted, Plaintiffs have been aware since September 20, 2007 – well before the filing of the Second Amended Complaint – of "the several bases upon which Defendants sought to dismiss [Plaintiffs' complaint]" [D.E. 257].  Indeed, Plaintiffs themselves admit that they sought leave to submit their Second Amended Complaint to address the arguments raised in Defendants' motion to dismiss [*see* D.E. 256 at 2, 3] and that they now seek leave to amend again to further respond to Defendants' arguments (*see* Pls. Mot. at 3-5).  Plaintiffs have already filed six different complaints in this action.  Their latest request for leave should be denied.

A number of cases have made clear that the opportunity to amend under Fed. R. Civ. P. 15(a) is not limitless and that plaintiffs should not be allowed to avoid a dispositive ruling on a motion to dismiss by repeatedly amending their pleadings.  *See Ferrell v. Busbee*, 91 F.R.D. 225, 232 (N.D.Ga. 1981) ("[p]laintiff cannot be continually allowed to change aspects of this cause of action after defendants correctly point out the defects and flaws in his case in this court in support of their motions and defenses").  *See also PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 764 (S.D.N.Y. 1995) (court is free to deny such leave "[w]hen it appears that leave to

amend is sought in anticipation of an adverse ruling on the original claims"); *Hall v. United*

*Techs., Corp.*, 872 F. Supp. 1094 (D.Conn. 1995) (plaintiffs would not be allowed to avoid

ruling on motion to dismiss by amending complaint for third time).  In this case Plaintiffs' latest

attempt to stay one step ahead of a ruling to dismiss in this case likewise should not be permitted.

    Moreover, courts routinely have rejected dilatory tactics similar to those employed by

Plaintiffs here, particularly where they would impose an undue burden on defendants.   For

example in *Cordova v. Lehman Bros., Inc.*, the court denied in part plaintiffs' motion for leave to

file an amended class action complaint, because plaintiffs had previously amended the complaint

three times and sought to amend again rather than respond to defendants' pending motion to

dismiss.  237 F.R.D. 471, 477 (S.D.Fla. 2006).  The court specifically noted that "allowing the

amendment would prejudice the [] Defendants who have expended large amounts of time and

resources in drafting the motions to dismiss.  To allow the Plaintiffs to again amend the

complaint and, therefore, moot the motions to dismiss would force the [] Defendants to conduct

further research and adjust their arguments yet again." *Id.*  Likewise in *PI, Inc.*, the court denied

plaintiffs leave to amend based in part on the "considerable expense" incurred by defendants in

briefing multiple motions to dismiss, and specifically noted that it was "the second time that

plaintiff has used the tactic of waiting for the defendants to file motions to dismiss before

moving to amend the complaint."  907 F. Supp. at  765.[6]

---

[6] Other courts have denied motions for leave to amend under similar circumstances.  *See*, *e.g.*, *Lemonds v. St. Louis County*, 222 F.3d 488, 496 (8th Cir. 2000) (affirming denial of motion for leave to file third amended complaint, where defendants' motion to dismiss was already fully briefed and granting further leave to amend "would thus have imposed an undue burden on [defendants]"); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998) (denial of leave to amend complaint to permit correction of deficiency was not an abuse of discretion when the plaintiffs had three opportunities to articulate their damage theory, including the complaint, the RICO case statement, and the brief in response to the motion to dismiss); *Banks v. York*, 448 F.Supp.2d 213, 215 (D.D.C. 2006) (denying motion for leave to amend to supplement complaint

Case No. 07-21221-CIV-Altonaga/Turnoff

Similarly here, Plaintiffs' motion for leave to amend their Complaint yet again should be denied. As noted above, Plaintiffs' prior amendments to the Complaint have impeded the progress of this litigation and have caused Defendants to expend a substantial amount of time researching, preparing and coordinating three joint motions to dismiss. Allowing Plaintiffs to amend again at this time would greatly prejudice the Defendants. While Plaintiffs claim that the proposed amendments address jurisdictional issues only (*see* Pls. Mot. at 4), the Third Amended Complaint contains numerous new allegations and revisions that would require Defendants, yet again, to spend substantial time and resources preparing their <u>fourth</u> version of the motion to dismiss. At this rate, Defendants will likely have litigated this case for over one year before they have the benefit of this Court's ruling on their motion to dismiss. Accordingly, Plaintiffs' Motion to Amend should be denied, and Defendants' motion to dismiss the Second Amended Complaint should be heard and decided.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Amend should be denied. Alternatively, if this Court is inclined to grant Plaintiffs' motion and allow the filing of the third amended complaint, Defendants request that the Court's order make clear that Plaintiffs have elected to proceed without the benefit of this Court's order on pending motions to dismiss, that this third amended complaint shall be Plaintiffs' last opportunity to amend, and that any subsequent order of this Court dismissing claims and/or the entire complaint will be with prejudice.

---

where civil action "barely has progressed in the 14 months since its inception," the lack in progress was "due in large part to plaintiff's past efforts to amend his complaint" and "[f]urther amendment to plaintiff's pleading will cause additional delays and undue hardship to defendants"); *Cyber Media Group, Inc. v. Island Mortgage Network, Inc.*, 183 F.Supp.2d 559, 583 (E.D.N.Y. 2002) (denying plaintiffs' motion for leave to amend where plaintiffs had amended their complaint twice; "[t]o permit another amendment to the complaint would be unduly prejudicial to the Defendants because of the added expense in again moving to dismiss and the delay such leave would cause").

Case No. 07-21221-CIV-Altonaga/Turnoff

Respectfully submitted,

/s/ Marty Steinberg
Marty Steinberg
Florida Bar Number 187293
Adriana Riviere-Badell
Florida Bar Number 30572
**HUNTON & WILLIAMS**
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Telephone:  305-810-2500
Fax:  305-810-2460
E-Mail:  msteinberg@hunton.com
ariviere-badell@hunton.com

Gail E. Lees
Gary L. Justice
William Edward Wegner
**GIBSON DUNN & CRUTCHER**
333 S. Grand Avenue, Suite 4600
Los Angeles, CA  90071-3197
Telephone:  213-229-7000
E-Mail: glees@gibsondunn.com
gjustice@gibsondunn.com
wwegner@gibsondunn.com
Mark Whitburn
**GIBSON DUNN & CRUTCHER**
2100 McKinney Avenue
Suite 1100
Dallas, Texas  75201
Telephone:  214-698-3100
E-Mail: mwhitburn@gibsondunn.com

*Attorneys for Nutro Products, Inc.*

By: /s/ Carol A. Licko
Carol A. Licko
Florida Bar Number 435872
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida  33131
Telephone:  305-459-6500
Fax:  305-459-6550
E-Mail:  calicko@hhlaw.com

Craig A. Hoover
Miranda L. Berge
**HOGAN & HARTSON L.L.P.**
555 Thirteenth Street, NW
Washington, D.C.  20004
Telephone:  202-637-5600
Fax:  202-637-5910
E-Mail:  cahoover@hhlaw.com
mlberge@hhlaw.com

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, Suite 150
Denver, CO  80202
Telephone:  303-899-7300
Fax:  303-899-7333
E-Mail:  rctroyer@hhlaw.com

*Attorneys for Nestlé U.S.A., Inc. and
Nestlé Purina PetCare Company*

11

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Omar Ortega
Omar Ortega
Florida Bar Number 0095117
**DORTA & ORTEGA, P.A.**
800 S. Douglas Road
Douglas Entrance Suite 149
Coral Gables, FL 33134
Telephone: 305-461-5454
Fax: 305-461-5226
E-Mail: ortegalaw@bellsouth.net

Dane H. Butswinkas
Philip A. Sechler
Thomas G. Hentoff
Patrick J. Houlihan
**WILLIAMS & CONNOLLY**
725 12th Street, NW
Washington, DC 20005-3901
Telephone: 202-434-5000
E-Mail: cdangelo@wc.com
dbutswinkas@wc.com
phoulihan@wc.com
psechler@wc.com
thentoff@wc.com

*Attorneys for Mars, Incorporated*
*and Mars Petcare U.S., Inc.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Alan G. Greer
Alan G. Greer
Florida Bar Number 123294
**RICHMAN GREER, P.A.**
201 S. Biscayne Blvd., Suite 1000
Miami, FL 33131
Telephone: 305-373-4000
Fax: 305-373-4099
E-Mail: agreer@richmangreer.com


D. Jeffrey Ireland
Brian D. Wright
Laura A. Sanom
**FARUKI IRELAND & COX  P.L.L.**
10 North Ludlow Street
500 Courthouse Plaza, S.W.
Dayton, OH 45402
Telephone: 937-227-3710
Fax: 937-227-3717
E-Mail: djireland@ficlaw.com
bwright@ficlaw.com
lsanom@ficlaw.com

*Attorneys for The Procter & Gamble*
*Company and The Iams Co.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Benjamine Reid
Benjamine Reid
Florida Bar Number 183522
Olga M. Vieira
Florida Bar Number 999172
Ana M. Craig
Florida Bar Number 091847
**CARLTON FIELDS, P.A.**
100 SE 2nd Street, Suite 4000
Miami, FL 33131-9101
Telephone: 305-530-0050
Fax: 305-530-0055
E-Mail: breid@carltonfields.com
ovieira@caroltonfields.com

James D. Arden
John J. Kuster
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019-6018
Telephone: 212-839-5300
Fax: 212-839-5889
E-Mail: jarden@sidley.com
jkuster@sidley.com

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone:  312-853-2666
E-Mail: kmccall@sidley.com

*Attorneys for Colgate-Palmolive Company*
*and Hill's Pet Nutrition, Inc.*

14

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Sherril M. Colombo
Sherril M. Colombo
Florida Bar Number 948799
**COZEN O'CONNOR**
200 S. Biscayne Blvd., Suite 4410
Miami, FL 33131
Telephone: 305-704-5940
Fax: 305-704-5955
E-Mail: scolombo@cozen.com

Richard Fama
John J. McDonough
**COZEN O'CONNOR**
45 Broadway
New York, NY 10006
Telephone: 212-509-9400
Fax: 212-509-9492
E-Mail: jmcdonough@cozen.com
rfama@cozen.com

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
3rd Floor The Atrium
Philadelphia, PA 19103
Telephone: 215-665-2179
E-Mail: jmullen@cozen.com

*Attorneys for Del Monte Foods, Co.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Lonnie L. Simpson
/s/ S. Douglas Knox
Lonnie L. Simpson
Florida Bar Number 821871
S. Douglas Knox
Florida Bar Number 849871
**DLA PIPER LLP**
101 E. Kennedy Blvd., Suite 2000
Tampa, FL 33602
Telephone:  813-229-2111
Fax: 813-229-1447
E-Mail: lonnie.simpson@dlapiper.com
douglas.knox@dlapiper.com

Amy W. Schulman
Alexander Shaknes
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone: 212-335-4829
E-Mail: amy.schulman@dlapiper.com
alex.shaknes@dlapiper.com

*Attorneys for Menu Foods, Inc. and Menu Foods Income Fund*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Hugh J. Turner, Jr.
Hugh J. Turner, Jr.
Florida Bar Number 203033
**AKERMAN SENTERFITT**
350 E. Las Olas Blvd., Suite 1600
Fort Lauderdale, FL 33301-0006
Telephone: 954-759-8930
Fax: 954-847-5365
E-Mail: hugh.turner@akerman.com

*Attorney for Publix Super Markets, Inc.*


/s/ John Brian Thomas Murray, Jr.
John B. T. Murray, Jr.
Florida Bar Number 962759
**SQUIRE SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 S Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198
Telephone: 561-650-7200
Fax: 561-655-1509
E-Mail: jbmurray@ssd.com

*Attorneys for PETCO Animal Supplies Stores, Inc., PetSmart Inc., and Wal-Mart Stores, Inc.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Robin L. Hanger
Robin L. Hanger
Florida Bar Number 177172
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard, 40th Floor
Miami, FL 33131-2398
Telephone: 305-577-7040
Fax: 305-577-7001
E-Mail: rlhanger@ssd.com

*Attorneys for PETCO Animal Supplies Stores, Inc.*

/s/ Rolando Andres Diaz
/s/ Maria Kayanan
/s/ Cassidy Yen Dang
Rolando Andres Diaz
Florida Bar Number 963150
Maria Kayanan
Florida Bar Number 305601
Cassidy Yen Dang
Florida Bar Number 16482
**KUBICKI DRAPER**
25 W Flagler Street, Penthouse
Miami, FL 33130-1780
Telephone: 305-982-6615
Fax: 305-374-7846
E-Mail: rd@kubickidraper.com
mek@kubickidraper.com
cyd@kubickidraper.com

*Attorneys for Pet Supermarket, Inc.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Ralph G. Patino
/s/ Dominick V. Tamarazzo
/s/ Carlos B. Salup
Ralph G. Patino
Florida Bar Number 768881
Dominick V. Tamarazzo
Florida Bar Number 92835
Carlos B. Salup
Florida Bar Number 26952
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone:  305-443-6163
Fax:  305-443-5635
E-Mail:  rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com

*Attorneys for Pet Supplies "Plus" and Pet*
*Supplies Plus/USA, Inc.*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ Craig Kalil
Craig Kalil
Florida Bar No. 607282
Joshua D. Poyer
Florida Bar No. 653349
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  305-373-6600
Fax:  305-373-7929
E-Mail:  ckalil@aballi.com
jpoyer@aballi.com


W. Randolph Teslik
Andrew Dober
**AKIN GUMP STRAUSS HAUER & FELD**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  202-887-4000
Fax:  202-887-4288
E-Mail:  rteslik@akingump.com
adober@akingump.com

*Attorneys for New Albertsons, Inc. and Albertson's LLC*

Case No. 07-21221-CIV-Altonaga/Turnoff

/s/ C. Richard Fulmer, Jr.
C. Richard Fulmer, Jr.
Florida Bar No. 0370037
**FULMER LeROY ALBEE BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  954-707-4430
Fax:  954-707-4431
E-Mail:  rfulmer@Fulmer.LeRoy.com


James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  614-233-4719
E-Mail:  jreuss@lanealton.com


*Attorneys for The Kroger Co. of Ohio*


/s/ Jeffrey S. York
Jeffrey S. York
Florida Bar No. 0987069
Sara F. Holladay-Tobias
Florida Bar No. 0026225
**McGUIREWOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
Telephone:  904-798-2680
Fax:  904-360-6330
E-Mail:  jyork@mcguirewoods.com
sfhollad@mcguirewoods.com

*Attorneys for Natura Pet Products, Inc.*

Case No. 07-21221-CIV-Altonaga/Turnoff

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on January 22, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:_____/s/ Carol A. Licko_____

22

Case No. 07-21221-CIV-Altonaga/Turnoff

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

## SERVICE LIST

Catherine J. MacIvor
E-mail:      cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:      jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-Mail:      rd@kubickdraper.com
Cassidy Yen Dang
E-mail:  cyd@kubickidraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Case No. 07-21221-CIV-Altonaga/Turnoff

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet Products,
Inc.*

Gary L. Justice
E-mail:  gjustice@gibsondunn.com
Gail E. Lees
E-mail:  glees@gibsondunn.com
William Edward Wegner
E-mail:  wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California  90071
Telephone:  (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendant Mars, Incorporated
and Mars Petcare U.S.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:      hugh.turner@akerman.com

*Attorneys for Defendant Publix Super Markets,
Inc.*

Marty Steinberg
E-mail:  msteinberg@hunton.com
Adriana Riviere-Badell
E-mail:      ariviere-badell@hunton.com
**HUNTON & WILLIAMS, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, FL 33131
Telephone: (305) 810-2500
Facsimile:  (305  810-2460

*Attorneys for Defendant Nutro Products, Inc.*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated
and Mars Petcare U.S.*

Case No. 07-21221-CIV-Altonaga/Turnoff

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida  33131-9101
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Mark Whitburn
E-mail:  mwhitburn@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201
Telephone:  (214) 698-3100

*Attorneys for Nutro Products, Inc.*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

25

Case No. 07-21221-CIV-Altonaga/Turnoff

John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2179
Facsimile:  (215) 665-2013
E-mail:  jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado  80202
Telephone:  (303) 899-7300
Facsimile:  (303) 899-7333
E-mail:  rctroyer@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  (614) 233-4719
E-mail:  JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Craig A. Hoover
E-mail:  cahoover@hhlaw.com
Miranda L. Berge
E-mail:  mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

Case No. 07-21221-CIV-Altonaga/Turnoff

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant Procter & Gamble
Co. and The Iams Co.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,
P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Jeffrey S. York
E-mail:  jyork@mcguirewoods.com
Sara F. Holladay-Tobias
E-mail:  sfhollad@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
Telephone:  (904) 798-2680
Facsimile:  (904) 360-6330

*Attorneys for Defendant Natura Pet Products,
Inc.*