UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of others
similarly situated,

               Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.,*

               Defendants.

_____/

## PLAINITFFS' RESPONSE TO DEFENDANT, KROGER'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER [DE 314][1]

     Plaintiffs, Renee Blaszkowski *et al.,* hereby respond to the Defendant, The Kroger Co. of

Ohio ("Kroger"), Supplemental Motion for Protective Order [DE 314] and respectfully request

this court to enter an Order denying the same.

## I.      Issues for the Court's determination

     Kroger requests this Court to enter a protective order to either prohibit or restrict the

Plaintiffs' 30(b)(6) deposition and document discovery by (1) limiting the time period for the

production of documents and witness testimony to the four year Class Period in the Second

Amended Complaint ("SAC"), (2) *prohibiting* discovery of subsidiary corporations that were not

named as Defendants in the SAC, (3) *precluding* discovery of Kroger's Florida vendors and

suppliers and (4) *precluding* discovery of website and e-mail activity between Kroger and

Florida residents.  The burden of showing that the requested discovery is not relevant to the

---

[1] On Friday, January 18, 2008, Kroger's counsel, Jim Reuss, contacted the undersigned to advise that DE 313 had
been filed in error and that DE 314 is the operative motion. Accordingly, this Response addresses that motion only.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

issues in the case rests on the party resisting discovery**.** See *Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 2001 U.S. Dist. LEXIS 25205, No. 01-0392-CIV, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). Moreover, under Rule 26(c), Kroger must demonstrate good cause for a protective order. *See Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 (1981). Kroger has failed to present a valid basis for the entry of a protective order.

## II.    Kroger's claims regarding personal jurisdiction and the Plaintiffs' ability to test the facts in Kroger's affidavit are what is at issue before this Court

Kroger has moved to dismiss the SAC because it claims it is not subject to this Court's jurisdiction. In order to buttress its personal jurisdiction objection, Kroger filed an affidavit from an in-house attorney stating that Kroger does not operate any "retail supermarkets" in Florida, but Kroger and its "subsidiary corporations have sales operations" here "which account for less than 1.0%[2] of the total sales of Kroger and its subsidiary corporations." [DE 279-2 pp. 29-30. Significantly, per Kroger's 10-k for the year ending February 3, 2007, Kroger's sales were $66,111,000,000 and 1% of that amounts to *revenue from sales in Florida in the amount of $661,110,000*. [DE 319 p. 8]. Kroger now wishes to have this Court foreclose any discovery inquiry into the very subsidiary corporations referenced in the affidavit filed with this Court to contest personal jurisdiction and to simply take Kroger at its word.

As with other Jurisdictional Defendants,[3] the Plaintiffs were able to determine that Kroger has substantial and not isolated business contacts with Florida through public information, to wit:

---

[2] Courts have often held that the percentage amount of a multi-million dollar company, or in the case of Kroger, a multi-billion dollar company, is irrelevant because sales broken down by state would inevitably be a small percentage. *See Lakin v. Prudential Secs.,* 348 F.3d 704, 708-10 (8th Cir. 2003); *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc.,* 819 F.2d 434, 437-38 (3d Cir. 1987) ("the size of the percentage of California Federal's total business represented by its Pennsylvania contacts is irrelevant…").

[3] Defendants, New Albertson's Inc. ("New Alberstons's"), Meijer Inc. ("Meijer"), Pet Supplies Plus/USA, Inc. (Pet Supplies Plus"), H.E. Butt Grocery Co. ("HEB"), Kroger, Safeway Inc. ("Safeway") and the Stop & Shop Supermarket Company LLC ("Stop & Shop") (collectively the "Jurisdictional Defendants") contested personal

(1)    Kroger is registered to do business in Florida, has a registered agent in Florida upon which service has been executed and is qualified to do business in Florida;

(2)    Pet food is sold at Tom Thumb convenience stores that Kroger claims to own and/or operate;

(3)    Kroger also appears to own and operate jewelry stores in Florida;

(4)    Kroger also appears to hold an active wholesale fuel business license in Florida through an agency and/or affiliated partnership which can only be used for fuel sales in Florida;

(5)    Flowers and gourmet fruit baskets can be purchased through the Kroger website for delivery to consumers in Florida by which Kroger appears to derive a profit;

(6)    Kroger advertises job openings in Florida;

(7)    Kroger has officers in the State of Florida; and

(8)    Kroger also enters into contracts with numerous suppliers in Florida and/or has suppliers in Florida with which it regularly and systematically conducts business.

After the Court ordered jurisdictional discovery, Kroger advised the Plaintiffs' that in addition to the above, Kroger also has leaseholds, employees and operates a "custom sales activity" business in Florida.   Moreover, discovery will undoubtedly reveal even more extensive contacts with Florida.   In order to meet their burden to demonstrate Kroger's substantial and continuous contacts with Florida, it is critical that the Plaintiffs be allowed to obtain the documents and testimony regarding Kroger's that they have requested in the 30(b)(6) at issue.

## III.    Kroger's "Facts"

Kroger's "facts" are irrelevant to the issues before the Court, but because they mischaracterize the procedural history of the case, the Plaintiffs respond.   Kroger mischaracterizes statements made by the undersigned in court to the effect that documents requests could be "narrowed," and instead argues that they were expanded. [DE 314].   This is

---

jurisdiction.  [DE 279].  New Alberston's has since not only withdrawn its objection to personal jurisdiction, but also the erroneous affidavit filed in support of its objection. [DE 306].  Counsel for Defendant Pet Supplies Plus has also verbally indicated that it would withdraw its personal jurisdiction objection.   The other Jurisdictional Defendants were voluntarily dismissed solely in an effort to move this case to the merits far more expeditiously as the Plaintiffs anticipated that depositions with five companies located in various parts of the country may have taken a minimum of several months and would have inevitably resulted in even more litigation regarding jurisdictional discovery.

misleading.  While the Plaintiffs originally sent a draft 30(b)(6) notice to New Albertson's with fewer topics and document requests, after discussions with New Albertson's, Inc.'s counsel, the Plaintiffs broke the requests down further, i.e., where one request included several categories of documents, the Plaintiffs separated the document requests into single subject matter categories for the sake of clarity.  Thus, while the New Albertson's 30(b)(6) notice contains more entries, it contained nearly identical topics and requests.  In any event, the 30(b)(6) notice before the Court is the only document sent to Kroger. Moreover, as stated in court, the undersigned has, in fact, worked with Kroger's counsel to narrow the scope of the notice.

Kroger also states that each jurisdictional Defendant attempted to confer with the undersigned prior to filing Motions for Protective Orders prior to a December 19, 2007 hearing.[4] In fact, none of the Jurisdictional Defendants attempted to work out scope issues except New Albertson's, and even that was at the Plaintiffs' insistence (as conceded by New Albertson's counsel at the December 19, 2007 hearing).  The gist of the Jurisdictional Defendants contact with the Plaintiffs at that time was solely to determine whether the Plaintiffs would agree to interrogatories in lieu of document production and depositions.  If the Plaintiffs did not agree, they would file a motion.  Accordingly, no real discussion concerning the scope of the requests ever took place with any Defendant other than New Albertson's Inc. and the fact that the Plaintiff attempted to resolve scope on that 30(b)(6) notice is a matter of record. [DE 293].  Since

---

[4] Kroger also refers to a meeting after the Christmas holidays that was suggested by the Jurisdictional Defendants. The undersigned preferred to discuss whatever issues each Defendant had about the scope of discovery with each Defendant individually prior to the meeting and did have a telephone conference with HEB, which clarified a number of issues.  The undersigned also requested an agenda so that she could be prepared for the meeting, but none was ever provided.  As a consequence, the meeting was not as productive, since the Plaintiffs need time to consider the Defendants' position and the meeting also clearly demonstrated that each Defendant had substantial individual scope issues anyway.

4

that hearing, Kroger and the Plaintiffs have conferred about the scope of discovery and have

resolved many issues, but others remain pending[5] and others are the subject of this Motion.

### III.     The scope of the discovery at issue is permissible under Rule 26

As discussed by the Plaintiffs' at the December 12 and 19, 2007 hearings, according to the

Eleventh Circuit, the "qualified" right to take jurisdictional discovery relates to the *scope* of discovery.

*See Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 728-33 fn 7 (11th Cir. 1982), (citing Note, The Use of

Discovery to Obtain Jurisdictional Facts, 59 Va.L.Rev. 533, 546-47 (1973)). While Kroger argues that

jurisdictional discovery should be narrow and restrictive [DE 314 p. 6], Federal Rule of Civil Procedure

26(b)(1) clearly indicates to the contrary:

> Parties may obtain discovery regarding any matter not privileged, which is relevant to the
> subject matter involved in the pending action, whether it relates to the claim or defense of
> the party seeking discovery or to the claim or defense of any other party… .   It is not
> ground for objection that the information sought will be inadmissible at the trial if the
> information sought appears to be reasonably calculated to lead to the discovery of
> admissible evidence.

*Id. See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 n.13, 98 S. Ct. 2380, 57 L. Ed. 2d

253 (1978).  The key phrase – "'relevant to the subject matter involved in the pending action' – has been

construed broadly to encompass any matters that bear on, or that could bear on, any issue that is or may

be in the case." *See Id.; Hickman v. Taylor,* 329 U.S. 495, 501 (1947).   Moreover, the United States

Supreme Court "should and ordinarily does interpret 'relevant' very broadly to mean matter that is

relevant to anything that is or may become an issue in the litigation." 4 J. Moore, Federal Practice para.

26.56[1], p. 26-131 n. 34 (2d ed. 1976). Consistent with the notice-pleading standard established by the

Federal Rules, discovery is _not_ limited to _issues raised by the pleadings_, for discovery itself is designed to

help define and clarify issues. *Id. at* 500-01.   Under Rule 26(b)(1), it is proper to deny discovery of a

matter that is relevant only to claims or defenses that have been stricken, or to events that

---

[5] As of the week commencing January 14, 2008, Kroger was still attempting to determine what information it had
that was responsive to the topics and document requests.  For example, Kroger was not sure what documents had
been filed with the Florida Secretary of State, was still researching lawsuits that had been filed against Kroger in
Florida, and was unsure as to whether Kroger contracts with any Florida entities for deliveries in Florida and
Kroger's wholesale fuel license.

occurred before an applicable limitations period, _unless_ the information sought is otherwise relevant to issues in the case. *See 4 J. Moore,* Federal Practice para. 26.56[1], 26-126 to 26-128 (2d ed.1976). Discovery that would establish Kroger's extensive, regular, continuous and systematic contacts with Florida over 6 ½ years is highly relevant to refute the statements made in Kroger's affidavit filed in support of its personal jurisdiction motion and in the motion itself. The Federal Rules of Civil Procedure generally provide for _liberal discovery to establish jurisdictional facts._  *See Goodman Holdings v. Rafidain Bank,* 26 F.3d 1143, 1147 (D.C. Cir. 1994).   Contrary to Kroger's contentions, jurisdictional discovery is broad and is intended to allow the Plaintiffs to meet their burden to show that Kroger's extensive contacts with Florida subject it to the jurisdiction of this Court. That is precisely what the Plaintiffs discovery is intended to do.

**A.     The document requests encompass a reasonable time period for establishing regular and systematic business activity in Florida**

The jurisdictional discovery sought here is intended to demonstrate that Kroger's contacts with Florida are substantial and not isolated. §48.193(2), Fla. Stat. The *duces tecum* portion of the 30(b)(6) notice to Kroger generally seeks documents from 2000 to the present, which is a seven (7) year and one month period and not "nine" years as Kroger claims. [DE 314 p. 7, 314-2].  Seven years is a reasonable time period given Kroger's extensive and varied contacts with Florida.

**1.     The Plaintiffs agree to withdraw those portions of the *duces tecum* document requests that state "to the present" and to insert "through May 9, 2007" instead**

The Plaintiffs withdraw the portions of the  *duces tecum* requests that seek documents from "2000 to the present" and agree to insert "through May 9, 2007" instead, which is _less than_ a six and a half (6 ½) year time period.

2.      **Discovery of Kroger's business contacts in Florida should not be limited to the four (4) year Class Period of May 9, 2003 through May 9, 2007**

The Plaintiffs seek testimony and documents for _less than six and a half year period of time_ to establish Kroger's various, extensive, regular and systematic contacts with Florida. Thus, Kroger objects to the time period of January 1, 2000 through May 9, 2003, i.e., less than two and one half years. This time period is consistent with cases cited by Kroger and is substantially less than the time periods referenced in Florida opinions analyzing the personal jurisdiction issue.

In determining the appropriate time period for assessing whether a defendant's contacts with a forum state are sufficient to exercise general jurisdiction, established precedent indicates that contacts are commonly assessed "over a period of years" prior to the filing of a complaint. _See Mold-Ex, Inc. v. Michigan Technical Representatives, Inc._, 2005 W.L. 2416824 **15-16 (N.D. Fla. 2005) (fifteen years). Since the minimum contacts inquiry is fact-intensive, the appropriate period of time for evaluating a defendant's contacts will vary and should be determined on a case by case basis. _See Metropolitan Life Insurance Co. v. Robertson-Ceco,_ 84 F.3d 560, 569 (2d Cir. 1996). In this case, six and a half years is not an unreasonable time period to examine the breadth and scope of Kroger's contacts with Florida. In fact, the time period in the notice at issue is in line with all but one of the cases cited by Kroger and, significantly, none of those cases involved restricting the broad scope of jurisdictional discovery under Rule 26.

While conceding that the time period for examining regular, continuous and systematic contacts in Florida is based upon a reasonableness standard that is left to the discretion of the Court [DE 314 p.8], Kroger erroneously argues that the Plaintiffs should be limited to the four year Class Period of May 9, 2003 to May 9, 2007[6] [DE 314 p. 9] without citing any particular

---

[6] Kroger states that the Court must look at Kroger's contacts at the time the cause of action arose. [DE 314 p. 10]. While that is technically correct, the 2000 through 2007 time period encompasses that time period as well as an

ground or basis for doing so other than such time period is consistent with the "vast majority" of courts considering the temporal scope of jurisdictional discovery [DE 314 p. 10]. This conclusion, however, is _not_ supported by the cases that Kroger cited. *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 409-11 (1984), reveals that the United States Supreme Court analyzed contacts over a _seven_ year period, but made no decision regarding the scope of Rule 26 jurisdictional discovery. In *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 569 (2d Cir. 1996), the Second Circuit analyzed contacts over a _six_ year period of time, but made no ruling on the scope of discovery.  This is substantially the same time period in the 30(b)(6) notice.

The remainder of the cases cited by Kroger fail to support a basis for a protective order. For example, Kroger claims that Judge Graham held that it was "unreasonable to consider contacts beyond five years" in *United States v. Subklew,* 2001 U.S. Dist. LEXIS 9518 *10-11 (S.D. Fla. 2001).  That is not entirely true.  Kroger omitted to advise that (1) the *Subklew* case did not involve a ruling on a proper time period for jurisdictional discovery under Rule 26 and (2) the court decided not to consider a _13 year time period_ in ruling on personal jurisdiction because the person who was the subject of the personal jurisdiction dispute apparently performed only intermittent carpentry work in Florida out of his home and had no contact with Florida for five years preceding the filing of the action. Judge Graham did not rule that it was *per se* unreasonable to allow discovery of contacts beyond 5 years as Kroger argues in its motion.[7] *Gates LearJet Corp. v. Jensen,* 743 F.2d 1325, 1330-31 (9th Cir. 1994) and *Autonation, Inc. v. Whitlock,* 276 F. Supp.2d 1258, 1263 (S.D. Fla. 2003) examined the relevant contacts over a

---

additional three year period of time preceding that to demonstrate the regularity, volume and magnitude of Kroger's Florida contacts.

[7] Notably *Subklew* also provides that there is no basis for general personal jurisdiction based upon agency under the Florida long arm statute, which is directly contradicted by a decision of the Eleventh Circuit decided one year later. *See Meier v. Sun Int'l,* 288 F.3d 1264, 1273 (11th Cir. 2002).

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

three and _five_ year period respectively, but there is no mention as to what length of time is appropriate for jurisdictional discovery under Rule 26 in either of these cases. Kroger has thus failed to cite any case standing for the proposition that the six and a half year time period is improper to show Kroger's regular and systematic business activity.

Federal courts in Florida have found it reasonable to examine forum contacts over a much longer period of time than the four (4) years to which Kroger argues that the Plaintiffs should be restricted. In _Tissuent v. Blood & Tissue Center of Central Texas_, 2006 W.L. 2567911 (M.D. Fla. 2006), the court examined forum contacts over a period of at least _sixteen_ years and in _Mold-Ex, Inc. v. Michigan Technical Representatives, Inc._, 2005 W.L. 2416824 (N.D. Fla. 2005) and _Crowe v. Paragon Relocation Resources, Inc._, 506 F.Supp.2d 1113, 1123 (N.D. Fla. 2007), the courts considered forum contacts over a _fifteen_ year period of time. Fifteen to sixteen years is 9.5 years _more_ than the time period that the Plaintiffs request to demonstrate Kroger's contacts with Florida. Having failed to establish a reason to restrict discovery by two and one half (2½) years under Rule 26, Kroger's objection as to the time frame for document requests and testimony is thus improper.

**B.     The Plaintiffs are entitled to discovery regarding affiliates not named in the Second Amended Complaint**

Kroger maintains that despite the fact that Kroger's affidavit notes that it derives over $661,000,000 in gross sales revenue from Florida based on its own activities and that of its subsidiaries that the Plaintiffs are not entitled to discovery of this information because all of the information was not plead in the SAC. Moreover, Kroger wants to cloak information relating to subsidiaries, such as Tom Thumb convenience stores, simply because Tom Thumb was not named as a Defendant in the SAC and because the Plaintiff did not allege an "alter ego" theory in the SAC. [DE 314]. Kroger is wrong.

9

As discussed *supra,* the United States Supreme Court has previously ruled that consistent with the notice-pleading standard established by the Federal Rules, discovery is <u>not limited to issues raised by the pleadings</u>, for discovery itself is designed to help define and clarify issues. *Hickman* at 500-01. *See also Mother Doe I v. Maktoum,* 2007 U.S. Dist. LEXIS 54918 **36-38 (S.D. Fla. July 30, 2007); *U.S. v. Certain Real Prop.,* 444 F. Supp.2d 1258, 1262 (S.D. Fla. 2006); *Kaas v. Pratt & Whitney,* 1991 U.S. Dist. LEXIS 11177 *15-17 (S.D. Fla. 1991).[8]  In the seminal case construing Florida's long-arm statute, the Florida Supreme Court ruled that "[i]nitially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. *See Venetian Salami Co. v. Parthenais,* 554 So. 2d 869 (Fla. 1989). In the SAC, the Plaintiffs specifically plead the Florida long arm statute as a basis for personal jurisdiction over Kroger. [DE 260 ¶67].  The long arm statute specifically provides that an entity is subject to personal jurisdiction in Florida either directly or through an agent.  §48.193, Fla. Stat.  Thus, the Plaintiffs have alleged an agency basis to obtain discovery of Kroger's subsidiaries and affiliates by which

---

[8] Moreover, as for personal jurisdiction, in *Stirling Homex Corp. v. Homasote Co.,* 437 F.2d 87, 88 (2d Cir. 1971), the Second Circuit ruled that "*Rule 8(a) of the Federal Rules of Civil Procedure* prescribes the rather simple requirements of a sufficient complaint," which only needs to be a short and plain statement of the basis for jurisdiction.[8] *Id.* The *Stirling* case has been widely cited by District Courts in the Third, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits as authoritative on what specifically needs to be alleged. In *Burger King Corp. v. Holder,* 844 F. Supp. 1528, 1531 (S.D. Fla. 1993), Judge Nesbitt followed *Stirling* by ruling that Federal Rule of Civil Procedure 8(a) *does not* require a plaintiff to plead the basis for personal jurisdiction over a defendant. *Id.* (finding that the District Court's personal jurisdiction over the parties does not depend on allegations in a counterclaim). A plaintiff may plead either the statutory conditions for Florida's long arm statute or allege substantive facts to support jurisdiction under the long arm statute.  *Id.  See also Gill v. Three Dimension Systems, Inc.,* 87 F. Supp. 2d 1278, 1284 (M.D. Fla. 2000)(a pleading is sufficient if it alleges the language of the long arm statute *or* alleges substantive facts to support long-arm jurisdiction); *Century Container Corp. v. Sunclipse, Inc.,* 1995 U.S. Dist. LEXIS 8877 (N.D. Fla. 1995)("Federal Rule of Civil Procedure 8(a) does not require a plaintiff to plead the basis for personal jurisdiction" and in fact no specific pleading requirements exist when courts have consistently resolved personal jurisdiction facts outside the pleadings); *Moncevoir Hyppolite v. Gorday,* 1990 U.S. Dist. LEXIS 20967 *3 (S. D. Fla. 1990 March 22, 1990). Finally, this Court's ruling in *Mother Doe v. Al Maktoum,* 2007 U.S. Dist. LEXIS 54918 *8 (S.D. Fla. 2007) specifically acknowledges this Eleventh Circuit precedent. *Id.* ("Under Florida law, '[a] plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege jurisdiction.'").

Kroger does business in Florida. Moreover, *Dania Jai-Alai Palace, Inc. v. Sykes,* 450 So. 2d 1114, 1121 (Fla. 1984), *Lipsig v. Ramlawi,* 760 So. 2d 170, 187 (Fla. 3d DCA 2000) and *USP Real Estate Investment Trust v. Discount Auto Parts, Inc.,* 570 So.2d386, 390 (Fla.1st DCA 1990) do not hold that in order to obtain discovery of affiliates, the Plaintiffs must plead facts relating to an alter ego theory.  Contrary to Kroger's argument that the Plaintiffs can only gain discovery of Kroger's subsidiaries and affiliates by specifically alleging an alter ego theory, the cases cited *supra* establish that the pleading requirements are minimal and discovery should be allowed to test Kroger's affidavit and to establish that Kroger does business directly and through its affiliates and subsidiaries.

In *Meier v. Sun International Hotels, Ltd.,* the Eleventh Circuit ruled that general jurisdiction can be established based on the activities of an agent and that the agency relationship is not limited to a parent-subsidiary relationship, but rather encompasses affiliated parties when the resident corporation acts on behalf of the foreign entity. 288 F.3d 1264 (11th Cir. 2004). Significantly, Florida courts have granted plaintiffs the right to *<u>additional</u>* discovery of an agency relationship when there are insufficient facts to establish the degree of control over the actions of the agent, facts which are only discoverable from defendants such as Kroger. *See Faro Technologies, Inc. v. Cimcare Corp.,* 2006 U.S. Dist. LEXIS 43404 **16-24 (M.D. Fla. June 27, 2006).  Kroger has cited a number of cases from the Second Circuit to buttress its claims that the Plaintiffs are not entitled to discovery of the agency relationship between Kroger and its subsidiaries referenced in Kroger's affidavit despite the fact that this Court has noted that the Second Circuit is one of the most strict in this nation regarding pleading requirements for jurisdictional discovery. *See Mother Doe I v. Maktoum,* 2007 US Dist. LEXIS 54918 **38-39 (S.D. Fla. July 30, 2007).  The Plaintiffs, however, cannot plead any more specific allegations

11

until some discovery is allowed because they must be allowed to develop the facts through discovery. Florida courts do not follow the harsh pleading requirements of courts in the Second Circuit, which is the reason that Kroger cited so many New York cases. [DE 314 pp. 12-13].

The Plaintiffs are _not_ engaging in a fishing expedition as to subsidiary corporations as Kroger would have this Court believe. Kroger's own affidavit demonstrates that it gains substantial revenues directly and through subsidiaries in Florida. The Plaintiffs need discovery on that issue to establish Kroger's Florida contacts. For example, documents obtained publicly indicate that Kroger has an ownership interest in a business license for wholesale fuel sales in Florida through what appears to be a Kroger limited partnership. Sales of fuel in Florida and to whom is a factor that is relevant to the personal jurisdiction issue. Kroger also touts that it has a stake in Tom Thumb convenience stores in Florida that sell pet food. Revenue from sales in convenience stores in Florida is also relevant. Moreover, Kroger also indicates that it has an interest in Fred Meyer and Littman's jewelry stores in Florida and jewelry can be purchased through the Kroger website. Kroger also derives income from the sale of flowers through Florists' Transworld Delivery and its interest in the company or its agreements are unknown. Documents reflecting the various corporate structures, the business activities and contracts that Kroger has executed with these entities would clearly indicate the degree of control and other factors necessary to establish an agency relationship to demonstrate that Kroger is subject to personal jurisdiction of this Court. *See Meier* at 1272-76. Kroger has failed to meet its burden of demonstrating why this discovery should be suppressed under Rule 26 and the legal authorities presented in its Motion.

**C.    Purchases of goods by suppliers is very relevant to the Court's jurisdictional analysis**

Kroger contends that discovery of suppliers should be suppressed because "merely purchasing materials, even if done regularly, is not a sufficient contact to support personal jurisdiction." [DE 314 p. 15].  As discussed *supra,* Kroger's extensive contacts with Florida far exceed the "mere" purchase of goods in Florida. Kroger's affidavit concedes that it generates over $661,000,000 in sales revenue from Florida.  Kroger's purchases, therefore, would also be a relevant factor to support personal jurisdiction, but clearly *not the only factor*. The Plaintiffs believe that in addition to the $661,000,000 in sales from Florida, Kroger regularly and systematically contracts with Florida suppliers for the purchase of produce and other items in Florida, but as detailed above, that is not Kroger's only business contact in Florida. The Factors for personal jurisdiction cannot be analyzed in a vacuum.  Rather, in making the determination to sustain Kroger's objection to personal jurisdiction discovery, courts look at all of the factors. *See Stubbs v. Wyndham Nassau Resort,* 447 F.3d 1357, 1361 (11th Cir. 2006) ("In order to establish that [the defendant] was engaged in substantial and not isolated activity in Florida, the activities of [the defendant] must be considered collectively and show a general course of business activity in the State for pecuniary benefit."); *Coremetrics, Inc. v. AtomicPark.com, LLC,* 370 F.Supp.2d 1013, 1021 (N.D. Cal. 2005) ("The Court's inquiry…is not limited to an analysis of each [contact] taken in isolation.  Rather in determining whether there is general jurisdiction, the Court looks to the totality of the contacts.").  Each of the cases cited by Kroger focuses solely on the purchase of materials to the exclusion of other factors and as such, Kroger has failed to meet its burden of demonstrating a valid basis for entry of a protective order.

Kroger's Motion acknowledges that the courts in *Helicopteros Nacionales de Colombia v. Hall,* 469 U.S. 409 (1984), *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U.S. 516 (1923) and *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1288, 1292 (11th Cir. 2000) all involved

situations where the *only* business conducted by the respective defendants was the purchase of goods. That is not the case here as demonstrated *supra*. As alleged support for its Motion, Kroger argues that "[i]n *Rosenberg*, for example, the [United States] Supreme Court held that because the only business alleged to have been transacted by the company in New York was the purchase of goods there, 'even if occurring at regular intervals, [such business] would not warrant the inference that the corporation was present within the jurisdiction of the state." [DE 314]. However, the purchase of goods is *not* the only factor that the Plaintiffs have asserted as a basis for personal jurisdiction nor the only factor that is the subject of the 30(b)(6) notice. *See supra.* Likewise, Kroger's citations to *Helicopteros* and *Consolidated* do not carry the day either for the very same reason as best demonstrated by Kroger's own Motion. [De pp. 125-16]. None of those cases stand for the proposition that purchases made in a forum are irrelevant and none of the cases exclude the purchase of goods as a factor to be considered in combination with other factors as Kroger claims. *See Helicopteros* at 417-18 (purchases "standing alone" are insufficient).

Florida courts construing the Florida long-arm statute have considered purchases in combination with other factors as relevant information that supports personal jurisdiction. *See Achievers Unltd. v. Nutri Herb, Inc.,* 710 So. 2d 717, 718-20 (Fla. 4th DCA 1999); *Woods v. Nova Co.'s Belize Ltd.,* 739 So.2d 617, 620-21 (Fla. 4th DCA 1999)(finding that the defendant engaged in continuous and systematic business activities in Florida by, among other things, purchasing equipment and supplies in Florida); *Northwestern aircraft Capital Corp. v. Stewart,* 842 So. 2d 190, 195 (Fla. 5th DCA 2003) (court analyzed all factors including the purchase of aircraft from sellers in Florida to determine whether the defendant's contacts with Florida were

14

sufficient).   Kroger has failed to establish a basis to prevent the Plaintiffs from obtaining

discovery regarding Kroger's suppliers in Florida.

**D.     Documents regarding Kroger's website and e-mails are neither irrelevant nor overly broad**

Kroger claims that all inquiry into Kroger's website should be foreclosed because a

"passive" website "'cannot possibly create general jurisdiction," citing *Rexam Airspray, Inc. v.*

*Amtrak,*  471 F.Supp.2d 1292, 1301 (S.D. Fla. 2007). [DE 314 p. 17].   However, Kroger's

website is not "passive": "A passive web site only makes information available to those

interested in viewing the web site in foreign jurisdictions whereas an active web site allows for

those interested in foreign jurisdictions to enter into contracts over the Internet with the

defendant." *See Rexam* at 1302, citing *Miami Breakers Soccer Club, Inc. v. Women's United*

*Soccer Ass'n,* 140 F. Supp. 2d at 1329-30 and *Zippo Mfg. Co. v. Zippo Dot Corn, Inc.,* 952

F.Supp. 1119, 1124 (W.D. Pa. 1997).   Kroger's website is not passive as flowers and gift baskets

can be ordered from it from which Kroger derives sales revenue. Until recently, the website

reflected only the Kroger logo, but that has since changed to reflect another entity, Transworld

Florists.  Moreover, Kroger at least advertises, if not sells, jewelry on its website.  The Plaintiffs'

discovery requests are intended to reflect the level of interactivity and the amount of contact

between Kroger, its affiliates and subsidiaries, and Florida residents.   For example, courts have

examined the number of "hits" on a website from a forum to analyze the extent to which internet

activity was directed at forum residents.  *See Cybershell, Inc. v. Cynershell, Inc.,* 130 F.3d 414,

418-19 (9th Cir. 1997); *iAccess Inc. v.WEBcard Techs., Inc.,* 182 F.Supp.2d 1183, 1188 (D.

Utah).

Like many of the other cases that Kroger has cited, *Horizon Aggressive Growth, L.P. v.*

*Rothstein-Kass, P.A.,* did not rule that "for the operation of an interactive website to establish

general jurisdiction over the website owner, the owner must derive at a minimum, more than 5% of its revenues from website sales to Florida purchasers." [DE 314].  421 F.3d 1162, 1167 (11th Cir. 2005).  Instead, the *Horizon* court analyzed a number of factors, but there is no *per se* 5% rule as Kroger claims because, among other things, 5% for one company may mean substantial contacts with Florida, but 5% for another may not.  For example, Florida courts have held that transactions involving anywhere from $17,000 to $5.7 million were sufficient.  *See Pace Carpet Mills v. Life Carpet & Tile Co.,* 365 So. 2d 445, 446 (Fla. 4th DCA 1978); *Pafco Gen'l Ins. Co. v. Wah-Wai Furniture Co.,* 701 So. 2d 902, 903 (Fla. 3d DCA 1997); *Mieczkowski v. Maeco Corp. et al.,* 997 F. Supp. 782, 785 (E.D. Tex. 1998) and *Coremetrics, Inc. v. AtomicPark.com, LLC,* 370F. Supp. 2d 1013, 1015-1024 (N.D. Cal. 2005). These cases also demonstrate that information relating to the level of interactivity and the traffic on these websites is relevant to the jurisdictional issue. The discovery relating to Kroger's website is designed to do just that, i.e., obtain facts regarding the level of interactivity in Florida and the business activity in Florida.  As discussed *supra,* if the "other entities" on Kroger websites are acting as Kroger's agent for flower, gift basket and/or jewelry offered for sale to Florida residents online, then the Plaintiffs need to obtain discovery relating to those facts since they are relevant to the determination of personal jurisdiction discovery.  Restricting the Plaintiffs to discovery of the revenue obtained from the website without any further information is again unsupported by the cases that Kroger cited and nothing in Kroger's Motion supports an overly broad objection regarding the website. If there truly has been no Florida activity as Kroger appears to claim, then the requests are not overbroad because they will reflect no activity.

16

IV.    **Conclusion**

For all of the foregoing reasons, the Plaintiffs respectfully request this Court to deny Kroger's Motion for Protective Order "lest [Kroger] defeat the jurisdiction of a federal court by withholding information on its contacts with the forum.'" *Mother Doe* at \*36 citing *Diamond Chem. Co. v. Atofina Chems., Inc.,* 268 F. Supp. 2d 1, 15 (D.C. Cir. 2003) (quoting *El-Fadl v. Cent. Bank of Jordan,* 316 U.S. App. D.C. 86, 75 F.3d 668, 676 (D.C. Cir. 1996)).

Dated: January 24, 2008
          Miami, FL

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
JEFFREY B. MALTZMAN (FBN 0048860)
jmaltzman@mflegal.com
JEFFREY E. FOREMAN (FBN 0240310)
jforeman@mflegal.com
DARREN W. FRIEDMAN (FBN 0146765)
dfriedman@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 24th day of January, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine MacIvor

18

## SERVICE LIST

### CASE NO. 07-21221 ALTONAGA/Turnoff

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**CASSIDY YEN DANG**
E-mail: cyd@kubickidraper.com
**MARIA KAYANAN**
E-Mail**:** mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail**:** **jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:   (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shakines@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**GARY L. JUSTICE**
E-Mail: gjustice@gibsondunn.com
**CHARLES H. ABBOTT**
E-Mail: cabbott@gibsondunn.com
**GAIL E. LEES**
E-Mail: glees@gibsondunn.com
**WILLIAM EDWARD WEGNER**
E-Mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue, Suite 4600
Los Angeles, California 90071-3197
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile:   (305) 461-5226

*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas  Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile:   (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**MARTY STEINBERG**
E-Mail: msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
E-Mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS**
Mellon Financial Center
1111 Brickel Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile:  (305) 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**CHRISTOPHER  M. D'ANGELO**
E-Mail: cdangelo@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC  20005
Telephone: (202)434-5000

*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**OLGA M. VIEIRA**
E-Mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
Sidley Austin LLP
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**MARCOS DANIEL JIMINEZ**
E-Mail: mjimenez@kennynachwalter.com
**ROBERT J. ALWINE, II**
E-Mail ralwine@kennynachwalter.com
**KENNY NACHWALTER, P.A.**
201 South Biscayne Boulevard
Suite 1100
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Defendant Safeway, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
**COZEN O'CONNOR**
E-Mail: jmullen@cozen.com
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
 One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants Proctor & Gamble Co. and The Iams Co.*

22

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Proctor & Gamble
Co. and The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@abailli.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and
Albertson's LLC*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
Sara F. Holladay-Tobias
E-Mail: sfhollad@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products,
Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN,
&
GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of
Ohio*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

23