UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

       Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*,

       Defendants.
_____/

# DECLARATION OF CATHERINE J. MACIVOR

I, Catherine J. MacIvor, declare and state the following is true and correct under penalty of perjury:

1. My name is Catherine J. MacIvor. I am over the age of eighteen and I have personal knowledge of all of the facts contained herein.

2. I am a partner at the law firm of Maltzman Foreman, P.A. and the Plaintiffs' lead counsel.

3. I have reviewed the Defendants' Response to the Plaintiff's Motion for Leave to File the Third Amended Complaint ("Response") and, in particular, the statements relating to the Plaintiff's lead counsel did not agree to amend the Second Amended Complaint at the December 19, 2007 hearing.

4. The Defendants statements in the Response are misleading at best. At the December 19, 2007 hearing, the Court requested the parties to confer about discovery issues

raised at the hearing. Once the Court left the courtroom, the Defendants' designated representative, Carol Licko, who was not representing a jurisdictional defendant at the time, approached me about amending the complaint because "it is hard to prove a negative." I advised Ms. Licko that I agreed to amend the Second Amended Complaint in order to get to the merits more expeditiously. Ms. Licko advised that she would consult with the Defendants and get back to me.

Case 1:07-cv-21221-CMA   Document 325-2   Entered on FLSD Docket 01/24/2008   P

5. After at least an hour and a half, the Defendants indicated that they wished to speak to me. Ms. Licko again asked whether I would amend the complaint "because you cannot prove a negative" and I again advised that I would. There was no real response from any Defendant concerning the amendment. However, Ms. Licko advised the Defendants were not inclined to the amendment because the majority of the Jurisdictional defendants intended to try to limit the scope of jurisdictional discovery because of the lack of specificity in the Second Amended Complaint.

6. At the conclusion of the meeting between the Defendants and the Plaintiffs, the parties reported that they had decided to continue to talk about jurisdictional discovery and would attempt to narrow the issues. At no time did I ever indicate that I would not seek to amend the complaint nor was I bound to do so at the time.

7. After that hearing, when discussing jurisdictional discovery with various Defendants, it became clear that rather than discuss the scope of the discovery as they suggested that they were going to do on December 19, 2007, most Defendants intended to continue to object to the scope of jurisdictional discovery based upon a technical lack of specificity in the pleading. Given that prospect, the Plaintiffs decided to amend the complaint to add specific allegations notwithstanding the plethora of legal authorities that hold that such specific

jurisdictional pleading is not necessary. The Plaintiffs also determined to narrow the issues by voluntarily dismissing certain Defendants and to add a defendant class instead.

8. All deadlines have been timely met in this case and the Plaintiffs moved for leave to amend prior to the expiration of the deadline for doing so.

9. Any delay in this case is the result of the jurisdictional discovery disputes that have been litigated since October 2007.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 24, 2007.

_____
Catherine J. MacIvor