UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
 individually and on behalf of others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.,*

    Defendants.
_____/

**PLAINTIFFS REPLY IN SUPPORT OF
MOTION FOR LEAVE TO AMEND**

The Defendants ignore the well-established precedent that requests to amend a complaint are granted liberally because "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *See Dussouy v. Gulf Coast Investment Corporation,* 660 F.2d 594, 597-98 (5th Cir. 1981)[1] e. g., *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80, 86 (1957)*; *Sherman v. Hallbauer, 5 Cir. 1972, 455 F.2d 1236, 1242*. Thus, unless there is a <u>substantial</u> reason to deny leave to amend, the discretion of the Court is not broad enough to permit denial. *See Dussouy* at 597-98; *Lone Star Motor Import v. Citroen Cars,* 288 F.2d 69, 75 (5th Cir. 1961). The Defendants nevertheless unjustifiably argue that the Plaintiffs should be denied leave to amend their Complaint because (1) the Plaintiffs have delayed this proceeding and (2) have

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

1

placed an "unreasonable" burden on the Defendants by their "dilatory tactics" in seeking to file the Third Amended Complaint because (3) the Plaintiffs do not want a decision on a "dispositive" motion. [DE 317]. Nothing could be further from the truth as this record demonstrates.

The Plaintiffs have jumped through nearly every hoop that the Defendants have thrown in their way to try to obtain jurisdictional discovery since October 2007 and not one deposition has taken place yet. The Plaintiffs' Motion for Leave to file the Third Amended Complaint was premised upon an attempt to eliminate the Defendants' objections to purportedly non-specific jurisdictional allegations prior to the expiration of the deadline for adding parties and amending pleadings and not because the Plaintiffs are concerned about any purported ruling on a dispositive motion. In fact, this Court has temporarily *stayed* the case until the jurisdictional discovery has taken place.

The Defendants arguments regarding the level of specificity required for jurisdictional discovery have derailed this case since October and continue to do so. *See* Defendant Kroger's most recent motion for protective order [DE 314]. Significantly, the Defendants have omitted from their Response that two Defendants, New Albertson's Inc. and Pet Supplies "Plus" /USA ("Pet Supplies"), have *withdrawn* personal jurisdiction objections based on the amendment and the Plaintiffs investigation into their jurisdictional allegations. *The Plaintiffs have spent considerable time, effort and expense in litigating those issues* and in discussing the scope of the discovery for the past *three* months. New Albertson's has nonetheless joined in this Response which asserts the Plaintiffs "delay," which requires a certain level of *chutzpah* to say the least. New Albertson's joined the other Jurisdictional Defendants to contest personal jurisdiction and, at the December 12 and 19, 2007 hearings, vehemently claimed that there was no basis for

2

personal jurisdiction. Based upon the Plaintiffs independent investigation and this Court's order that discovery go forward, New Albertson's ultimately withdrew its objection and its erroneous affidavit in support of its personal jurisdiction objection, but only after *three (3) months of litigating the Plaintiffs entitlement to and the scope of jurisdictional discovery*. The personal jurisdiction objection should obviously never have been raised, but was nonetheless litigated extensively *which resulted in unreasonable expense to the Plaintiffs*. That delay was not attributable to any amendment filed by the Plaintiffs. Defendant, Pet Supplies has also verbally indicated that it would no longer contest personal jurisdiction based upon the specific allegations in the proposed Third Amended Complaint and after discovery was ordered, i.e., Pet Supplies was always subject to this Court's jurisdiction, it was only a matter of obtaining a discovery order and adjusting the hypertechnical pleading of the jurisdictional allegations.[2] Thus, rather than delaying this case, the Plaintiffs amendments have successfully *resolved* issues that should not have been before the Court in any event and which *caused the Plaintiffs to expend substantial time, effort, energy and expense*.

The Defendants also mischaracterize the prior amendments in order to buttress their purported claim of expense and burden in responding to *one* amended pleading to date. The Plaintiffs have sought leave to amend *two* times, once in November 2007 and now. [DE 256, 310]. Moreover, to be clear, the Defendants have filed *two* Motions to Dismiss that are substantially identical, *one* in October 2007 and *one* in December 2007.[3] [DE 232, 279]. A comparison of the Motion to Dismiss the Amended Complaint with the Motion to Dismiss the

---

[2] Several other Jurisdictional Defendants provided erroneous information. Safeway first filed an affidavit stating that it had no employees in Florida and then filed another stating that it did *after* the Plaintiffs sought jurisdictional discovery. Meijer filed several affidavits providing various versions of its sales activity in Florida. Kroger's affidavit was also less than forthcoming.

[3] Multiple motions to dismiss were denied without prejudice by the Court for failure to comply with a court order. [DE 197, 202-03, 206, 209-12, 225].

Second Amended Complaint shows that it is nearly identical with only a few exceptions, i.e., responding to the addition of a strict liability count and a count for injunctive relief, but also omitting claims that were dropped by for example dismissing Defendant, Nestlé S.A. and because several claims were dropped. Please see table below taken from the Defendants table of contents in both motions.

| MTD I | MTD II |
|---|---|
| I. Summons on Nestle S.A should be quashed | I. SAC should be dismissed for lack of PJ |
| II. Lack of PJ<br>A. Standards for determining PJ<br>B. No Jurisdiction over Nestle<br>C. No Jurisdiction over HEB<br>D. No Jurisdiction over Safeway and Stop & Shop<br>E. No Jurisdiction over Meijer<br>F. No Jurisdiction over Pet Supplies Plus<br>G. No Jurisdiction over New Albertson's Inc<br>H. No Jurisdiction over Kroger | A. Ps do not satisfy overall obligation to show that the court has PJ under Fla long arm statute and that the assertion of such jur. Comports with Due Process<br>B. No Jurisdiction over HEB<br>C. No Jurisdiction over Safeway and Stop & Shop<br>D. No Jurisdiction over Meijer<br>E. No Jurisdiction over PSP<br>F. No Jurisdiction over New Albertson's Inc<br>G. No Jurisdiction over Kroger |
| III. Standing | II. Standing<br>A. Insufficient facts to show named Ps' standing as individuals<br>B. Lack necessary allegations of injury (former IV A) |
| IV. The Complaint should be dismissed b/c Ps fail to allege they were harmed by Ds | |
| V. Each count warrants dismissal on independent grounds<br><br>A. Fraud lacks particularity<br>B. Count I and II duplicative<br>C. FDUTPA fails to state a claim<br>D. Economic Loss Rule bars recovery for negligence<br>E. Negligence Per based on statutes that do not provide for private cause of action<br>F. Ps Warranty Claims are barred because Ps fails to allege privity<br>G. Ps unjust enrichment claim does not state a legally cognizable claim | III. Each count warrants dismissal on independent grounds<br>A. No reliance or causation (former IV B)<br>B. Fraud not plead with particularity<br>C FDUTPA fails to state a claim<br>D. Economic Loss Rule bars recovery for negligence<br>==E. Ps fail to state a claim for Strict Liability==<br>==F. Claim for Inj Relief not a substantive claim and Ps fail to show irreparable harm or inadequate remedy in law.==<br>G. Ps Warranty Claims are barred because Ps fails to allege privity<br>H. Ps unjust enrichment claim does not state a legally cognizable claim |
| | |

Other changes in the Motion were organizational and not due to the Plaintiffs' amendment as best demonstrated from the table above. The Defendants Response fails to justify this alleged "unreasonable" burden because the pleadings all contain the same legal theories and operative

4

set of facts and the Defendants arguments are substantially the same.[4] "Even if the plaintiff's actions did constitute undue delay, the defendant has not alleged any real prejudice resulting from the delay and it is doubtful that it could. It is true that prejudice can result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, *but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial*." See *Taylor v. State Fair Auth.,* 875 F.Supp. 812, 815 (M.D. Fla. 1995) citing *Roberts v. Arizona Bd. of Regents,* 661 F.2d 796, 798 (9th Cir. 1981).

The amendments at issue have only attempted to hurdle past the Defendants' insistence on heightened pleading standards (that do not exist) as to personal and subject matter jurisdiction allegations to prevent this litigation from becoming "a technical exercise in the fine points of pleading."[5] The proposed Third Amended Complaint is nearly identical to the Second Amended Complaint except as to the jurisdictional allegations as to each Defendant and it reflects adding

---

[4] Specifically, the Plaintiffs amended the original Complaint as a matter of right prior to the time that the Defendants filed *any* motion and the Defendants knew that the Plaintiffs intended to do so prior to the time for filing a responsive motion. [DE 153]. Several days after filing the Amended Complaint, the Plaintiffs filed a Corrected Amended Complaint reflecting revisions of scrivenor's errors, which has often erroneously been referred to in this litigation by the Defendants as another amendment. [DE 156]. The Defendants filed a Motion to Dismiss to the Amended Complaint in September 2007, which this Court *denied without prejudice* because it failed to comply with this Court's Order requesting a consolidated pleading. [DE 197, 202-03, 206, 209-12, 225] The Defendants thereafter filed *another* motion to dismiss in compliance with the Court's request in October 2007 after the Court allowed the Defendants *additional time* to comply with the Court's Order after the Defendants had already obtained an agreed upon extension of time to file their Consolidated Motion. [DE 168-69, 186, 190-91, 225, 232]. *Those delays were due to the Defendants conduct*. In November 2007, after the Court denied the Plaintiffs attempt to obtain personal jurisdiction discovery based upon the allegations in the Amended Complaint as to all but Defendant, New Albertson's, the Plaintiffs sought leave to amend the pleading *for the first time* so that they could obtain jurisdictional discovery per the Court's order, which was granted. [DE 256-57]. The Defendants filed a Motion to Dismiss the Second Amended Complaint in December 2007, which was substantially identical to the prior motion to dismiss. [DE 279]. Thus, to date, the Defendants have properly responded to *two* substantially identical complaints with *two* substantially identical motions to dismiss.

[5] The Plaintiffs Response discusses a number of petty items, including that the fact that the Plaintiffs provided the Defendants with several drafts of the Third Amended Complaint prior to filing the motion for Leave to Amend. Given the fact that the Plaintiffs were substituting Plaintiffs, dismissing certain Defendants and attempting to have the drafts reflect same, that is true. The statement is petty because they conceded at the time that they would have objected to any amendment in any event so the number of drafts is irrelevant.

and dropping parties. [DE 310 Ex. "A"]. *No new cause of action has been added* and *no cause of action has been materially changed*.  The Defendants nevertheless argue that the revisions to paragraphs 1 and 3-32 are "substantial" revisions, but they were amended as to jurisdictional allegations, including clarifying "injury" and to include the "who bought pet food from which Defendant" allegations, which also relate to the Defendants' jurisdictional arguments.  The Defendants also claim that the allegations of agency in paragraphs 40-41 and 54-55 of the Third Amended Complaint are substantial revisions when that too relates to specific jurisdictional allegations.  The Defendants further complain that a Defendant class was added.  However, in open Court in December 2007, the Plaintiffs' counsel announced the Plaintiffs had been considering other ways to progress this case in lieu of protracted personal jurisdiction disputes with all of the Jurisdictional Defendants, including voluntary dismissals of certain Defendants and pursuing claims in other manners.  Based on a cost benefit analysis, the Plaintiffs determined to voluntarily dismiss several Jurisdictional Defendants and to add a Defendant class instead within the time period for adding claims. The Defendants never expressed how the addition of a Defendant class has changed the pleading materially as the Defendant class is based on all of the allegations that have been part of the pleading all along.  Finally, the Defendants also complain that the allegations regarding the fact that they act in concert and/or have conspired together are substantially different in paragraph 113. The Defendants must know that those allegations relate to their jurisdictional objections as well.

      The argument that the Plaintiffs have amended their complaint to "avoid a dispositive" ruling is false and completely ignores the fact that the Plaintiffs have spent considerable time and effort proving that the affidavits that Defendants such as New Albertson's and former Defendant Meijer Inc. filed were erroneous at best. The entitlement to personal jurisdiction discovery has

been an ongoing issue for three months. Now that that has been decided and the Plaintiffs have narrowed the issues before the Court, Defendant, Kroger, still claims that the allegations are not specific enough to avoid discovery, which has been the subject of ongoing disputes for more than a month. The Plaintiffs agree that enough is enough and that is why they dismissed certain defendants and now seek leave to amend. The Plaintiffs have exhibited no bad faith, undue delay or dilatory conduct as the Defendants suggest and such allegations are _highly offensive_ and unsupported by the record.[6] [DE 317]. As a matter of law, "[t]he mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *See Bryant v. Dupree,* 252 F.3d 1161, 1164 (11th Cir. 2004).

Courts have repeatedly allowed amendments to pleadings where, as here, defendants have failed to provide a _substantial_ reason to deny leave to amend. In *Butler v. Crosby,* 2006 U.S. Dist LEXIS 26029 (M.D. Fla. 2006), the defendants argued that the plaintiffs motion for leave to amend was unduly delayed and the plaintiffs argued, as here, that they had diligently litigated their claims and filed the motion for leave to amend prior to the deadline set by the Court. *Id.* at *17. The district court agreed with the plaintiffs that there was no undue delay. *Id.* Finally, the court disagreed that the defendants were prejudiced because the fact that an "enormous" amount of discovery had already taken place was not a "substantial" reason to deny leave to amend. *Id.* Prejudice may result where a proposed amendment raises a new legal theory

---

[6] One of the false statements made in the Response relates to the Defendants claims that the Plaintiffs counsel "declined the opportunity to amend" at the December 19, 2007 hearing. As the Court is well aware, and as the Defendants' Response acknowledges, the Court suggested resolving the jurisdictional discovery dispute while the parties remained in Court. The Defendants' designated representative, Carol Licko, proposed amending the complaint shortly after the Court suspended the hearing and the Plaintiffs' counsel, Catherine J. MacIvor, agreed to amend. Ms. Licko advised that she would discuss same with the Jurisdictional Defendants who had convened in another room. It was, in fact, Ms. Licko who later indicated that the Defendants were not inclined to agree to allow the Plaintiffs to amend the complaint. The Plaintiffs counsel never declined to amend the complaint on December 19, 2007 or at any other time prior to moving for leave to amend. *See* Declarations of Catherine J. MacIvor and Amanda Sample. [DE 321, 325].

7

that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered *shortly before or during trial*. *See Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). *See also Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (undue delay was prejudicial where new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, *at a late hour*, *an entirely new course of defense*).

As here, where a plaintiff provides a *bona fide* reason to amend a pleading, courts allow it. *See Collins v. Int'l Dairy Queen,* 190 F.R.D. 633 (M.D. Fla. 2000) (court granted leave for plaintiffs to file sixth amended complaint in a complex matter); *Huff Asset Mgmt. Co. v. Kohlberg,* 209 Fed. Appx. 931, 935 (11th Cir. 2006) (leave to amend upheld where no undue burden existed – the case had not progressed beyond the pleading stage, claims did not differ in substance from claims previously raised, judge had not considered substance of complaint and long procedural history was generally not plaintiff's fault).

Citing *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236-7 (11th Cir. 2005), the Defendants argue that the Plaintiffs have attempted to avoid a ruling on a motion to dismiss by amending when the record demonstrates that is not accurate. *Andrx* is hardly analogous to the instant case where the plaintiff waited almost *two years from the date it filed its first amended complaint to move for leave to amend* (March 2001 – April 2003). *Id.* at 1236. Moreover, after two years had passed, the *Andrx* plaintiffs sought to advance a completely new theory of recovery not pled in the first amended complaint. *Id.* at 1237. The Defendants also cite *Ferrell v. Busbee*, 91 F.R.D. 225 (N.D. Ga. 1981) as support for the limits for leave to amend. However, in *Ferrell,* unlike this case, the plaintiff had missed a number of deadlines,

8

failed to comply with a local rule regarding the motion to amend and the court determined that the amendment would be futile. *Id.* at 231-32. The proposed Third Amended Complaint is not futile. *PI, Inc. v. Quality Products, Inc.,* 907 F.Supp. 752, 764 (S.D.N.Y. 1995) is also inapplicable since the plaintiff in that case moved to amend after oral argument in anticipation of an adverse ruling and, again because the proffered complaint was futile. *Id.* at 764-65. Here the Plaintiffs have no inclination as to how the Court will rule and that is not the basis for the amendment. As for *Hall v. United Technologies, Corp.,* 872 F.Supp 1094 (D. Conn. 1995), that case is not analogous either since the Plaintiffs sought leave to amend in compliance with the Court's deadline. *Cordova v. Lehman Bros., Inc.,* 237 F.R.D. 471 (S.D. Fla. 2006) is equally inapposite since the plaintiffs in that case failed to abide by court deadlines and provided no explanation for the amendment. *Id.* at 476-77. The remainder of the cases cited by the Plaintiffs are equally distinguishable.

The Defendants request for this Court to admonish the Plaintiffs that any subsequent order of the Court dismissing the Complaint would result in dismissal with prejudice simply because they have timely moved to amend prior to the expiration of the deadline to amend pleadings and to add parties is *improper*. "'It is entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.' The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *See Foman v. Davis,* 371 U.S. 178, 181-82 (1962). The Plaintiffs have not delayed this case. Instead, they have promptly attempted to move the case forward as expeditiously as possible. The Defendants have failed to provide any substantial basis to deny the motion to amend, particularly where the only two amendments

9

to date have sought to narrow the issues in the litigation and where the Plaintiffs have dropped Defendant parties to move past the technical jurisdictional objections. The relief requested by the Defendants would only result in rewarding them for delaying the case by exhaustively litigating jurisdictional discovery for the past three months, even where certain Defendants knew, or should have known, affidavits filed with the court were factually erroneous and where personal jurisdiction clearly lies.

DATED: January 24, 2008

s/ Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard – Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 24th day of January, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                            s/ Catherine J. MacIvor  
                                                          CATHERINE J. MACIVOR

## SERVICE LIST

### CASE NO. 07-21221 ALTONAGA/Turnoff

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**CASSIDY YEN DANG**
E-mail: cyd@kubickidraper.com
**MARIA KAYANAN**
E-Mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail: jbmurray@ssd.com
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**GARY L. JUSTICE**
E-Mail: gjustice@gibsondunn.com
**CHARLES H. ABBOTT**
E-Mail: cabbott@gibsondunn.com
**GAIL E. LEES**
E-Mail: glees@gibsondunn.com
**WILLIAM EDWARD WEGNER**
E-Mail: wwegner@gibsondunn.com
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue, Suite 4600
Los Angeles, California 90071-3197
Telephone: (213) 229-7000

*Attorneys for Defendant Nutro Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile:   (305) 461-5226

*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile:   (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**MARTY STEINBERG**
E-Mail: msteinberg@hunton.com
**ADRIANA RIVIERE-BADELL**
E-Mail: ariviere-badell@hunton.com
**HUNTON & WILLIAMS**
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile:  (305) 810-2460

*Attorneys for Defendant Nutro Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**CHRISTOPHER  M. D'ANGELO**
E-Mail: cdangelo@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC  20005
Telephone: (202)434-5000

*Attorneys for Defendants Mars, Incorporated and Mars Petcare U.S.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**OLGA M. VIEIRA**
E-Mail: ovieira@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
Sidley Austin LLP
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Colgate-Palmolive Company and Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile:   (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile:  (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
**COZEN O'CONNOR**
E-Mail: jmullen@cozen.com
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
 One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile:   (303) 899-7333

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile  (305) 459-6550

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle U.S.A., Inc. and Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile:  (305) 373-4099

*Attorneys for Defendants Proctor & Gamble Co. and The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant Proctor & Gamble Co. and The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:   (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
Sara F. Holladay-Tobias
E-Mail: sfhollad@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:   (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*