UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/Brown

**RENEE BLASZKOWSKI,**
**AMY HOLLUB** and **PATRICIA**
**DAVIS**, *et al.*,

    Plaintiffs,
vs.

**MARS INC.**; **PROCTOR & GAMBLE CO.**,
*et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before the Court for a hearing on April 4, 2008, upon Defendants' Consolidated Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss") [D.E. 336]. The Court has considered the pleading, the parties' written submissions, the oral arguments, and applicable law.

### I. BACKGROUND

This action arises from Defendants' manufacturing, sale, distribution, marketing and/or advertising of a variety of pet food products which Plaintiffs allege to be harmful to their pets. Plaintiffs filed their initial complaint in this action on May 9, 2007. (*See Complaint* [D.E. 1]). They subsequently filed an Amended Complaint [D.E. 153] on July 25, 2007, and a Second Amended Complaint [D.E. 260] on November 29, 2007. On December 3, 2007, Plaintiffs filed a Motion for Leave to Conduct Personal Jurisdiction Discovery [D.E. 262]. After a hearing on the motion, on December 13, 2007, the undersigned granted Plaintiffs leave to conduct jurisdictional discovery [D.E.

CASE NO. 07-21221-CIV-ALTONAGA/Brown

278].[1] During the pendency of jurisdictional discovery, Plaintiffs have voluntarily dismissed a number of Defendants from this action.

On January 25, 2008, the Court granted Plaintiffs leave to file a Third Amended Class Action Complaint ("TAC") [D.E. 333]. The TAC asserts nine counts and identifies four classes of defendants: Manufacturers, Co-Packers, Retailers, and Pet Specialty Retailers. Count I asserts a claim for fraudulent misrepresentation as to all Defendants. (*See TAC* at ¶¶ 129-137). Count II asserts a claim for negligent misrepresentation as to all Defendants. (*See id.* at ¶¶ 138-146). Count III of the TAC alleges all Defendants have violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). (*See TAC* at ¶¶ 147-157). Count IV asserts a claim of negligence as to the Defendant Manufacturers, Co-Packers, and Petsmart, Inc., a Pet Specialty Retailer. (*See TAC* at ¶¶ 158-164). Count V asserts a claim for strict products liability as to all Defendants. (*See TAC* at ¶¶ 165-168). Count VI requests injunctive relief as to all Defendants' allegedly illegal actions. (*See TAC* at ¶¶ 169-175). Count VII asserts a claim for a breach of implied warranty as to Defendant Retailers and Pet Speciality Retailers. (*See TAC* at ¶¶ 176-184). Count VIII is for breach of express warranty as to all Defendants. (*See TAC* at ¶¶ 185-191). Finally, Count IX asserts a claim for unjust enrichment against all Defendants. (*See TAC* at ¶¶ 192-200).

On February 14, 2008, Defendants filed their Motion to Dismiss the TAC. Defendants raise numerous grounds for dismissal of some or all of the counts of the TAC. The undersigned addresses these arguments below.[2]

---

[1] At the request of Defendants, Plaintiffs have not been permitted to engage in merits discovery.

[2] In their Motion to Dismiss, Defendants assert that the TAC should be dismissed as to Defendant, The Kroger Co. ("Kroger"), for lack of personal jurisdiction. As jurisdictional discovery in this matter has not yet been completed, the undersigned declines to address this argument in the context of this motion. Defendants's motion on

2

CASE NO. 07-21221-CIV-ALTONAGA/Brown

## II. ANALYSIS

### A. Legal Standard

A motion to dismiss a complaint for failure to state a claim requires that a court accept the facts pleaded as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness*, 711 F.2d 989, 994-95 (11th Cir. 1983). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "[A] complaint's '[f]actual allegations 'must be enough to raise a right to relief above the speculative level.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965).

### B. Lack of Standing and Lack of a Causal Relationship

Defendants assert that dismissal as to all counts of the TAC is appropriate on the ground that Plaintiffs have failed either to allege a cognizable injury sufficient to confer standing, or to allege a causal relationship between Defendants' actions and the harm they suffered. For the reasons stated in open court, the undersigned is unpersuaded by Defendants' argument. Plaintiffs have alleged that

---

this ground is therefore denied without prejudice. Kroger may file a separate motion to dismiss on the ground of lack of personal jurisdiction after the close of jurisdictional discovery, and in the event Plaintiffs do not voluntarily dismiss it from this action.

3

CASE NO. 07-21221-CIV-ALTONAGA/Brown

they and their pets have sustained injuries sufficient to confer standing, and that such injuries are attributable to Defendants' actions.[3] *See Twombly*, 127 S. Ct. at 1965. Accordingly, Defendants' motion to dismiss on this ground is denied.

### C. Counts I-III: Fraudulent Mispresentation, Negligent Misrepresentation, and Violation of the FDUTPA[4]

Defendants assert that Counts I-III of the TAC should be dismissed on the ground that Plaintiffs have failed to plead fraud with sufficient particularity. The TAC provides a detailed recitation of the false statements and omissions that Defendants are alleged to have made regarding the pet food at issue in this action. For the reasons stated in open court, the undersigned concludes that Plaintiffs have satisfied their burden under Federal Rules of Civil Procedure 8(a) and 9(b). *See, e.g., Durham v. Bus. Mgmt Assoc.*, 847 F.2d 1505, 1512 (11th Cir. 1988) ("Allegations of date, time or place satisfy the Rule 9(b) requirement that the *circumstances* of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule.") (emphasis in original) (citations omitted); *In re Caesars Palace Sec. Litig.*, 360 F. Supp. 366, 387-88 (S.D.N.Y. 1973) (Less specificity is required when a complaint presents the claims of a class; the details of every transaction or occurrence need not be plead). Accordingly, Defendants' motion to dismiss Counts I-III on this ground is denied.

---

[3] In footnote 16 of their Motion to Dismiss, Defendants state that the TAC does not contain any allegations regarding Defendants, Proctor & Gamble Company ("P&G"), Colgate Palmolive Company ("Colgate"), or Nestle, U.S.A., Inc. ("Nestle USA"). At oral argument, Plaintiffs conceded that these Defendants should be dismissed without prejudice.

[4] The undersigned is not persuaded that the FDUTPA claim must be plead with the particularity required by Rule 9(b), Fed. R. Civ. P..

4

CASE NO. 07-21221-CIV-ALTONAGA/Brown

D.      **Count III: Violation of the FDUTPA**

Count III of the TAC asserts a claim against all Defendants for a violation of the FDUTPA. Count III alleges, in part, that Defendants engaged in "making deceptive statements to, and omissions and/or concealing material facts from" Plaintiffs regarding the pet food at issue in this action. (*TAC* at ¶ 151). Defendants contend that this count should be dismissed because Defendants' conduct is protected under the FDUTPA's safe harbor provision which exempts "any act or practice required or specifically permitted by federal or state law." Fla. Stat. § 501.212(1). Defendants argue that the allegedly misleading language cited by the Plaintiffs in the TAC is specifically authorized by standards set forth by the Association of American Feed Control Officials ("AAFCO"), which have been approved by the Food and Drug Administration ("FDA"), and incorporated into Florida state law.

Defendants do not assert that the FDA or any other regulatory body has specifically approved the advertisements or statements at issue in this action, and nothing in the AAFCO standards authorizes Defendants to engage in false advertising. *See Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1234 (S.D. Fla. 2007) ("[T]he plaintiffs allege that Pfizer has engaged in an advertising scheme which is contrary to that sanctioned by the FDA, and does not allege that the misleading advertisements were ever approved, or even viewed by the FDA. Therefore, Pfizer has not demonstrated that its conduct is protected by the relevant safe harbor provisions."). Defendants' motion to dismiss this count for failure to state a claim is therefore denied.

E.      **Count IV: Negligence**

Count IV of the TAC asserts a claim of negligence for Defendants' failure to provide pet food "free of deleterious and harmful effects." (*TAC* at ¶ 160). Defendants contend that this count should be dismissed because it is barred by the economic loss rule. "The economic loss rule is a judicially

5

CASE NO. 07-21221-CIV-ALTONAGA/Brown

created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indemnity Ins. Co. of N. Am. v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). The doctrine applies "when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property." *Id.*

Here, Plaintiffs' claim for damages for Defendants' negligence clearly includes a claim for damages to their companion pets. Defendants' motion to dismiss this count is therefore denied. To the extent the TAC includes any request for purely economic losses sustained by the Plaintiffs themselves, however, such relief is barred under the economic loss rule. Plaintiffs are instructed to amend the TAC as necessary to clarify that no such relief is requested.

### F. Count V: Strict Products Liability

Count V of the TAC contains a claim for strict products liability for Defendants' manufacturing or sale of unreasonably dangerous pet food. Defendants contend that this count should be dismissed for failure to state a claim. For the reasons stated in open court, the undersigned concludes that the TAC provides Defendants with sufficient notice of the nature of the strict products liability claim. *See Twombly*, 127 S. Ct. at 1965. Defendants' motion to dismiss this count is therefore denied.

### G. Count VI: Request for Injunctive Relief

Count VI of the TAC seeks "an injunction enjoining Defendants to cease their unlawful, false and misleading marketing, advertising and sale of pet food products . . . ." (*TAC* at ¶ 171). Defendants assert that this claim should be dismissed because it cannot be maintained as an independent action, or in the alternative, if such relief were granted by this Court, it would violate the First Amendment.

CASE NO. 07-21221-CIV-ALTONAGA/Brown

"An injunction is a 'remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed – if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise.'" *Ala. v. U.S. Army Corps of Engineers,* 424 F.3d 1117, 1127(11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1098 (11th Cir. 2004). As plead, Plaintiffs' request for injunctive relief is not premised upon a separate cause of action. Accordingly, Count VI of the TAC is dismissed. Plaintiffs may amend the TAC to seek injunctive relief as to any of the distinct cause of action they assert.

**H.     Counts VII and VIII: Breach of Implied and Express Warranty**

Counts VII and VIII of the TAC assert claims for breach of implied and express warranties, respectively. Defendants contend that these claims must be dismissed because Plaintiffs have failed to allege facts sufficient to establish privity with any of the Defendants, and in any event, because Plaintiffs cannot allege any facts sufficient to establish privity with the Manufacturer Defendants. For the reasons stated in open court, the undersigned concludes that the Plaintiffs have satisfied their burden under Rule 8(a) and Defendants' motion to dismiss these counts should be denied. To the extent Counts VII and VIII appear to refer to certain Defendants against whom the claims are not asserted, Plaintiffs are instructed to amend the counts to resolve that ambiguity.

**I.     Count IX: Unjust Enrichment**

Count IX of the TAC asserts a claim for unjust enrichment. Defendants contend that this claim should be dismissed because Plaintiffs are not entitled to equitable relief where they have an adequate remedy at law. "Federal Rules of Civil Procedure 8(a) and 8(e)(2) specifically authorize a plaintiff to plead causes of action in the alternative." *Court-Appointed Receiver for Lancer Management Group LLC v. Taubman*, 2007 WL 984452, at *3 (S.D. Fla., Mar. 27, 2007) (holding

7

CASE NO. 07-21221-CIV-ALTONAGA/Brown

that a receiver could "maintain an equitable unjust enrichment claim in the alternative to his legal claims"); *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) ("Although equitable relief ultimately may not be awarded where there exists an adequate remedy at law, Plaintiff certainly may plead alternative equitable relief."). Although Plaintiffs may ultimately be deemed to have an adequate remedy at law and will not be entitled to equitable relief, they are entitled to plead in the alternative. Accordingly, Defendants' motion to dismiss this count is denied.

### III.  CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss **[D.E. 336]** is **GRANTED** in part and **DENIED** in part. Defendants, P&G, Colgate, and Nestle USA, are dismissed from this action without prejudice. Plaintiffs are directed to file a Fourth Amended Complaint as directed by this Order by Friday, April 11, 2008. Class and merits discovery shall commence, and the parties are ordered to submit a new scheduling report by **April 24, 2008.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of April, 2008.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   Magistrate Judge Stephen T. Brown
      Counsel of record