UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, et al,
 individually and on behalf of others similarly situated,

                                    Plaintiffs,

vs.

MARS INC., et al.,

                                    Defendants.

_____/

**DEFENDANT PET SUPERMARKET'S ANSWER AND AFFIRMATIVE DEFENSES
TO FOURTH AMENDED COMPLAINT**

        Defendant, PET SUPERMARKET, INC., ("Pet Supermarket"), by and through its

undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiffs' Fourth

Amended Class Action Complaint ("Complaint") [D.E. 349].   The term "Plaintiffs" as used herein

refers to the named Plaintiffs individually and on behalf of all others similarly situated.   Pet

Supermarket responds to the Complaint as follows:

**I.**

**PET SUPERMARKET'S ANSWER**

**INTRODUCTION**

        1.        Pet Supermarket admits generally that Plaintiffs have initiated a purported class

action. Pet Supermarket has insufficient knowledge to admit or deny the remaining allegations in

Paragraph 1 of the Complaint and therefore denies each and every such allegation.

        2.        Pet Supermarket denies each and every allegation contained in Paragraph 2 of the

Dockets.Justia.com

Complaint.

3.      With regard to whether Plaintiff/Class Representative, Renee Blaszkowski, purchased pet food from Pet Supermarket during the class period for her cat(s)/dog(s), Pet Supermarket lacks sufficient knowledge or information to admit or deny those allegations in Paragraph 3 of the Complaint, and therefore denies each and every such allegation.  Pet Supermarket denies that Renee Blaszkowski purchased pet food and/or pet treats from Pet Supermarket in either Michigan or Connecticut.  Pet Supermarket denies each and every remaining allegation contained in Paragraph 3 of the Complaint.

4.      The allegations contained in Paragraph 4 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies each and every such allegation.

5.      The allegations in Paragraph 5 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies each and every such allegation.

6.      The allegations in Paragraph 6 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies each and every such allegation.

7.      The allegations contained in Paragraph 7 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies each and every such allegation.

8.  The allegations contained in Paragraph 8 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies each and every such allegation.

9.  The allegations contained in Paragraph 9 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10.  The allegations contained in Paragraph 10 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11.  The allegations contained in Paragraph 11 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12.  The allegations contained in Paragraph 12 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13.    The allegations contained in Paragraph 13 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

14.    The allegations contained in Paragraph 14 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies each and every such allegation.

15.    The allegations contained in Paragraph 15 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies each and every such allegation.

16.    The allegations contained in Paragraph 16 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies each and every such allegation.

17.    The allegations contained in Paragraph 17 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies each and every such allegation.

18.    The allegations contained in Paragraph 18 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies each and every such allegation.

19.     The allegations contained in Paragraph 19 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore denies each and every such allegation.

20.     The allegations contained in Paragraph 20 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21.     The allegations contained in Paragraph 21 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22.     The allegations contained in Paragraph 22 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies each and every such allegation.

23.     With regard to whether Plaintiff/Class Representative, Raul Isern, purchased pet food and/or pet treats from Pet Supermarket during the class period for his cats and dogs, Pet Supermarket lacks sufficient knowledge or information to admit or deny those allegations in Paragraph 23 of the Complaint, and therefore denies each and every such allegation.  Pet Supermarket denies each and

every remaining allegation contained in the Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies each and every such allegation.

25.     The allegations contained in Paragraph 25 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies each and every such allegation.

26.     The allegations contained in Paragraph 26 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore denies each and every such allegation.

27.     The allegations contained in Paragraph 27 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint, and therefore denies each and every such allegation.

28.     The allegations contained in Paragraph 28 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of the Complaint, and therefore denies each and every such allegation.

29.     The allegations contained in Paragraph 29 are not directed to Pet Supermarket.  To

the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint, and therefore denies each and every such allegation.

30.    The allegations contained in Paragraph 30 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint, and therefore denies each and every such allegation.

31.    The allegations contained in Paragraph 31 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32.    The allegations contained in Paragraph 32 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies each and every such allegation.

## DEFENDANTS

### Defendant Manufacturers

33.    The allegations contained in Paragraph 33 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34.    The allegations contained in Paragraph 34 are not directed to Pet Supermarket.  To

the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies each and every such allegation.

35.     The allegations contained in Paragraph 35 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies each and every such allegation.

36.     The allegations contained in Paragraph 36 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies each and every such allegation.

37.     The allegations contained in Paragraph 37 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore denies each and every such allegation.

38.     The allegations contained in Paragraph 38 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies each and every such allegation.

39.     The allegations contained in Paragraph 39 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies

each and every such allegation.

40.     The allegations contained in Paragraph 40 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore denies each and every such allegation.

## Defendant Co-Packers

41.     The allegations contained in Paragraph 41 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore denies each and every such allegation.

42.     The allegations contained in Paragraph 42 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies each and every such allegation.

43.     The allegations contained in Paragraph 43 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies each and every such allegation.

44.     The allegations contained in Paragraph 44 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies each and every such allegation.

45.     The allegations contained in Paragraph 45 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies each and every such allegation.

46.     The allegations contained in Paragraph 46 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies each and every such allegation

**Defendant Retailers**

47.     The allegations contained in Paragraph 47 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies each and every such allegation.

48.     The allegations contained in Paragraph 48 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Complaint, and therefore denies each and every such allegation.

49.     The allegations contained in Paragraph 49 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Complaint, and therefore denies each and every such allegation.

50.     The allegations contained in Paragraph 50 are not directed to Pet Supermarket.  To

the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Complaint, and therefore denies each and every such allegation.

51.    The allegations contained in Paragraph 51 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 51of the Complaint, and therefore denies each and every such allegation.

52.    The allegations contained in Paragraph 52 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore denies each and every such allegation.

**Defendant Pet Specialty Retailers**

53.    The allegations contained in Paragraph 53 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Complaint, and therefore denies each and every such allegation.

54.    With regard to the allegations directed to Pet Supermarket in Paragraph 54 of the Complaint, Pet Supermarket denies that it is a Delaware Corporation.  Pet Supermarket admits that it regularly conducts business in Florida.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Complaint, and therefore denies each and every such allegation.

55.    The allegations contained in Paragraph 55 are not directed to Pet Supermarket.  To

the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint, and therefore denies each and every such allegation.

56.    The allegations contained in Paragraph 56 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint, and therefore denies each and every such allegation.

## JURISDICTION AND VENUE

57.    Pet Supermarket lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore denies each and every such allegation.

58.    Pet Supermarket admits that this Court has personal jurisdiction over it.

59.    Pet Supermarket denies each and every allegation contained in Paragraph 59 of the Complaint.

60.    Pet Supermarket lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 60 of the Complaint, and therefore denies each and every such allegation.

## FACTS GIVING RISE TO THE CLAIMS

61.    The allegations contained in Paragraph 61 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Complaint, and therefore denies each and every such allegation.

62.    The allegations contained in Paragraph 62 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 62 of the Complaint, and therefore denies each and every such allegation.

63.     With regard to the allegations directed to Pet Supermarket in Paragraph 63 of the Complaint, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 of the Complaint, and therefore denies each and every such allegation.

64.     Pet Supermarket denies each and every allegation contained in Paragraph 64 of the Complaint.

65.     The allegations contained in Paragraph 65 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore denies each and every such allegation.

66.     With regard to the allegations directed to Pet Supermarket in Paragraph 66 of the Complaint, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' deliberately "Humanize" Pet Food to Obtain Greater Market Share and even more Staggering Profits

67.     The allegations contained in Paragraph 67 are not directed to Pet Supermarket. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' Marketing of Commercial

**Pet food and/or pet treats Misleads the Plaintiffs and Consumers**

68.     The allegations contained in Paragraph 68 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint, and therefore denies each and every such allegation.

69.     The allegations contained in Paragraph 69 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Complaint, and therefore denies each and every such allegation.

70.     The allegations contained in Paragraph 70 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint, and therefore denies each and every such allegation.

71.     The allegations contained in Paragraph 71 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint, and therefore denies each and every such allegation.

**Mars' "Good Life Recipe"**™

72.     The allegations contained in Paragraph 72 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies each and every such allegation.

73.     The allegations contained in Paragraph 73 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies each and every such allegation.

### Mars' Pedigree®

74.     The allegations contained in Paragraph 74 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint, and therefore denies each and every such allegation.

### P&G's Iams™

75.     The allegations contained in Paragraph 75 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint, and therefore denies each and every such allegation.

76.     The allegations contained in Paragraph 76 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies each and every such allegation.

### Colgate's and Hills' Science Diet®

77.     The allegations contained in Paragraph 77 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint, and therefore denies

each and every such allegation.

78.      The allegations contained in Paragraph 78 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint, and therefore denies each and every such allegation.

79.      The allegations contained in Paragraph 79 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore denies each and every such allegation.

### Del Monte's 9Lives®

80.      The allegations contained in Paragraph 80 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint, and therefore denies each and every such allegation.

### Nestlé's  Beneful®

81.      The allegations contained in Paragraph 81 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint, and therefore denies each and every such allegation.

### Nutro Natural Choice® Complete Care® Indoor Adult Cat

82.      The allegations contained in Paragraph 82 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 82 of the Complaint, and therefore denies each and every such allegation.

## Natura Brand Food

83.     The allegations contained in Paragraph 83 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint, and therefore denies each and every such allegation.

## Petco's Marketing of the Defendants' Premium Pet Foods

84.     The allegations contained in Paragraph 84 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint, and therefore denies each and every such allegation.

85.     The allegations contained in Paragraph 85 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, and therefore denies each and every such allegation.

## Petsmart's Marketing of the Defendants' Premium Pet Foods

86.     The allegations contained in Paragraph 86 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint, and therefore denies each and every such allegation.

## Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Food

87.     To the extent that the allegations in Paragraph 87 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation. To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

### Retailers Marketing of the Defendants' Pet Food

88.     The allegations contained in Paragraph 88 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint, and therefore denies each and every such allegation.

### "Premium" Pet Food is made by the same co-packer of non-premium pet food

89.     The allegations contained in Paragraph 89 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint, and therefore denies each and every such allegation.

90.     The allegations contained in Paragraph 90 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint, and therefore denies each and every such allegation.

**The Defendants Profit by Recycling the Inedible Garbage of their Human Food Businesses into Commercial Pet Food**

91.     To the extent that any allegations in Paragraph 91 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation.

92.     To the extent that any allegations in Paragraph 92 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 92 of the Complaint, and therefore denies each and every such allegation.

93.     The allegations contained in Paragraph 93 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Complaint, and therefore denies each and every such allegation.

94.     To the extent that any allegations in Paragraph 94 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 94 of the Complaint, and therefore denies each and every such allegation.

95.     To the extent that any allegations in Paragraph 95 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 95 of the Complaint, and therefore denies each and every such allegation.

96.     The allegations contained in Paragraph 96 are not directed to Pet Supermarket.  To

the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 96 of the Complaint, and therefore denies each and every such allegation.

97.    The allegations contained in Paragraph 97 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97 of the Complaint, and therefore denies each and every such allegation.

98.    To the extent that any allegations in Paragraph 98 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98 of the Complaint, and therefore denies each and every such allegation.

99.    To the extent that any allegations in Paragraph 99 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 99 of the Complaint, and therefore denies each and every such allegation.

**Chemical Preservatives and Contaminants**

100.    The allegations contained in Paragraph 100 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 of the Complaint, and therefore denies each and every such allegation.

101.    To the extent that any allegations in Paragraph 101 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation. Pet Supermarket lacks sufficient knowledge

or information to admit or deny the remaining allegations in Paragraph 101 of the Complaint, and therefore denies each and every such allegation.

102.    The allegations contained in Paragraph 102 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 102 of the Complaint, and therefore denies each and every such allegation.

**Numerous Serious Toxic Pet food and/or pet treats Recalls Demonstrate that the Defendants Do Not Properly Test, Monitor or otherwise Verify Pet Food Contents that are Marketed as "Healthy, Wholesome and Nutritious"**

103.    The allegations contained in Paragraph 103 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint, and therefore denies each and every such allegation.

**Nutrition-Related Diseases**

104.    To the extent that any allegations in Paragraph 104 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 104 of the Complaint, and therefore denies each and every such allegation.

105.    To the extent that any allegations in Paragraph 105 are directed to Pet Supermarket, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 105 of the Complaint, and therefore denies each and every such allegation.

106.     The allegations contained in Paragraph 106 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Complaint, and therefore denies each and every such allegation.

107.     The allegations contained in Paragraph 107 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint, and therefore denies each and every such allegation.

108.     The allegations contained in Paragraph 108 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Complaint, and therefore denies each and every such allegation.

109.     Pet Supermarket denies each and every allegation contained in Paragraph 109 of the Complaint.

**Joinder of the Defendants**

110.     With regard to the allegations directed to Pet Supermarket in Paragraph 110 of the Complaint, Pet Supermarket denies each and every such allegation.  Pet Supermarket lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 110 of the Complaint, and therefore denies each and every such allegation.

## CLASS ACTION ALLEGATIONS

### Plaintiffs' Class Action

111.    Pet Supermarket generally admits that Plaintiffs are purporting to bring a class action. Pet Supermarket denies each and every remaining allegation contained in Paragraph 111 of the Complaint.

### Injunctive Relief

112.    Pet Supermarket denies each and every allegation contained in Paragraph 112 of the Complaint.

### Numerosity

113.    Pet Supermarket denies each and every allegation contained in Paragraph 113 of the Complaint.

### Commonality

114.    Pet Supermarket denies each and every allegation contained in Paragraph 114 of the Complaint.

### Typicality

115.    Pet Supermarket denies each and every allegation contained in Paragraph 115 of the Complaint.

### Adequacy

116.    Pet Supermarket denies each and every allegation contained in Paragraph 116 of the Complaint.

**Predominance and Superiority**

117.    Pet Supermarket denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    Pet Supermarket denies each and every allegation contained in Paragraph 118 of the Complaint.

**Defendant Class**

119.    Pet Supermarket denies each and every allegation contained in Paragraph 119 of the Complaint.

**Numerosity**

120.    Pet Supermarket denies each and every allegation contained in Paragraph 120 of the Complaint.

**Commonality**

121.    Pet Supermarket denies each and every allegation contained in Paragraph 121 of the Complaint.

**Typicality**

122.    Pet Supermarket denies each and every allegation contained in Paragraph 122 of the Complaint.

**Adequacy**

123.    Pet Supermarket denies each and every allegation contained in Paragraph 123 of the Complaint.

**Predominance and Superiority**

124.    Pet Supermarket denies each and every allegation contained in Paragraph 124 of the Complaint.

125.    Pet Supermarket denies each and every allegation contained in Paragraph 125 of the Complaint.

## COUNT I

**Fraudulent Misrepresentation and Concealment
As to All Defendants**

126.    In response to each and every allegation contained in Paragraph 126, Pet Supermarket incorporates by reference each of its above responses to paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

127.    Pet Supermarket denies each and every allegation contained in Paragraph 127 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

128.    Pet Supermarket denies each and every allegation contained in Paragraph 128 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

129.    Pet Supermarket denies each and every allegation contained in Paragraph 129 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

130.    Pet Supermarket denies each and every allegation contained in Paragraph 130 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

131.    Pet Supermarket denies each and every allegation contained in Paragraph 131 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

132.    Pet Supermarket denies each and every allegation contained in Paragraph 132 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

133.    Pet Supermarket denies each and every allegation contained in Paragraph 133 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

134.    Pet Supermarket denies each and every allegation contained in Paragraph 134 of the Complaint to the extent that any allegation directed to "All Defendants" in Count I seeks to allege a claim against Pet Supermarket.

## COUNT II

### Negligent Misrepresentation
### As to All Defendants

135.    In response to each and every allegation contained in Paragraph 135, Pet Supermarket incorporates by reference each of its above responses to paragraphs 1 though 134 of Plaintiffs' Complaint as if fully restated herein.

136.    Pet Supermarket denies each and every allegation contained in Paragraph 136 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

137.    Pet Supermarket denies each and every allegation contained in Paragraph 137 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege

a claim against Pet Supermarket.

138.    Pet Supermarket denies each and every allegation contained in Paragraph 138 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

139.    Pet Supermarket denies each and every allegation contained in Paragraph 139 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

140.    Pet Supermarket denies each and every allegation contained in Paragraph 140 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

141.    Pet Supermarket denies each and every allegation contained in Paragraph 141 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

142.    Pet Supermarket denies each and every allegation contained in Paragraph 142 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

143.    Pet Supermarket denies each and every allegation contained in Paragraph 143 of the Complaint to the extent that any allegation directed to "All Defendants" in Count II seeks to allege a claim against Pet Supermarket.

**COUNT III**

**Violation of the Florida Deceptive and Unfair Trade
Practices Act (FDUTPA), Fla. Stat. § 501.201
As to All Defendants**

144.     Pet Supermarket re-pleads and incorporates by reference each of its above responses to paragraphs 1 though 143 of Plaintiffs' Complaint as if fully restated herein.

145.     Pet Supermarket denies each and every allegation contained in Paragraph 145 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

146.     Pet Supermarket denies each and every allegation contained in Paragraph 146 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

147.     Pet Supermarket denies each and every allegation contained in Paragraph 147 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

148.     Pet Supermarket denies each and every allegation contained in Paragraph 148 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

149.     Pet Supermarket denies each and every allegation contained in Paragraph 149 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

150.     Pet Supermarket denies each and every allegation contained in Paragraph 150 of the

Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

151.    Pet Supermarket denies each and every allegation contained in Paragraph 151 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

152.    Pet Supermarket denies each and every allegation contained in Paragraph 152 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

153.    Pet Supermarket denies each and every allegation contained in Paragraph 153 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

154.    Pet Supermarket denies each and every allegation contained in Paragraph 154 of the Complaint to the extent that any allegation directed to "All Defendants" in Count III seeks to allege a claim against Pet Supermarket.

## COUNT IV

### Negligence
### As to Defendant Manufacturers and Co-Packers and PetSmart

155.    Pet Supermarket re-pleads and incorporates by reference each of its above responses to paragraphs 1 though 154 of Plaintiffs' Complaint as if fully restated herein.

156.    Count IV and the allegations contained in Paragraph 156 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 156  of the Complaint, and therefore denies each and every such allegation.

157.    Count IV and the allegations contained in Paragraph 157 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 157 of the Complaint, and therefore denies each and every such allegation.

158.    Count IV and the allegations contained in Paragraph 158 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 of the Complaint, and therefore denies each and every such allegation.

159.    Count IV and the allegations contained in Paragraph 159 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 159 of the Complaint, and therefore denies each and every such allegation.

160.    Count IV and the allegations contained in Paragraph 160 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 of the Complaint, and therefore denies each and every such allegation.

161.    Count IV and the allegations contained in Paragraph 161 are not directed to Pet Supermarket.  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 of the Complaint, and therefore denies each and every such allegation.

## COUNT V

### Strict Liability
### As To All Defendants

162.    Pet Supermarket re-pleads and incorporates by reference each of its above responses to paragraphs 1 though 161 of Plaintiffs' Complaint as if fully restated herein.

163.    Pet Supermarket denies each and every allegation contained in Paragraph 163 of the Complaint to the extent that any allegation directed to "All Defendants" in Count V seeks to allege a claim against Pet Supermarket.

164.    Pet Supermarket denies each and every allegation contained in Paragraph 164 of the Complaint to the extent that any allegation directed to "All Defendants" in Count V seeks to allege a claim against Pet Supermarket.

165.    Pet Supermarket denies each and every allegation contained in Paragraph 165 of the Complaint to the extent that any allegation directed to "All Defendants" in Count V seeks to allege a claim against Pet Supermarket.

## COUNT VI

### Breach of Implied Warranty
### as to Retailers and Pet Specialty Retailers

166.    Pet Supermarket re-pleads and incorporates by reference each of its responses to paragraphs 1 though 165 of Plaintiffs' Complaint as if fully restated herein.

167.    Pet Supermarket denies each and every allegation contained in Paragraph 167 of the Complaint.

168.    Pet Supermarket denies each and every allegation contained in Paragraph 168 of the

Complaint.

169.    Pet Supermarket denies each and every allegation contained in Paragraph 169 of the

Complaint.

170.    Pet Supermarket denies each and every allegation contained in Paragraph 170 of the

Complaint.

171.    Pet Supermarket denies each and every allegation contained in Paragraph 171 of the

Complaint.

172.    Pet Supermarket denies each and every allegation contained in Paragraph 172 of the

Complaint.

173.    Pet Supermarket denies each and every allegation contained in Paragraph 173 of the

Complaint.

## COUNT VII

### Breach of Express Warranty
### As to Defendant Retailers and Pet Specialty Retailers

174.    Pet Supermarket re-pleads and incorporates by reference each of its above responses

to paragraphs 1 though 173 of Plaintiffs' Complaint as if fully restated herein.

175.    Pet Supermarket denies each and every allegation contained in Paragraph 175 of the

Complaint.

176.    Pet Supermarket denies each and every allegation contained in Paragraph 176 of the

Complaint.

177.    Pet Supermarket denies each and every allegation contained in Paragraph 177 of the

Complaint.

178.    Pet Supermarket denies each and every allegation contained in Paragraph 178 of the

Complaint.

179.    Pet Supermarket denies each and every allegation contained in Paragraph 179 of the Complaint.

## COUNT VIII

### Unjust Enrichment
### As to All Defendants

180.    Pet Supermarket re-pleads and incorporates by reference each of its above responses to paragraphs 1 though 179 of Plaintiffs' Complaint as if fully restated herein.

181.    Pet Supermarket denies each and every allegation contained in Paragraph 181 of the Complaint.

182.    The allegations contained in Paragraph 182 are not directed to Pet Supermarket, although the heading of Count VIII is: "As to All Defendants".  To the extent that a response is deemed required by Pet Supermarket, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 182 of the Complaint, and therefore denies each and every such allegation.

183.    Pet Supermarket denies each and every allegation contained in Paragraph 183 of the Complaint.

184.    Pet Supermarket denies each and every allegation contained in Paragraph 184 of the Complaint.

185.    Pet Supermarket denies each and every allegation contained in Paragraph 185 of the Complaint.

186.    Pet Supermarket denies each and every allegation contained in Paragraph 186 of the Complaint.

187.    Pet Supermarket denies each and every allegation contained in Paragraph 187 of the Complaint.

188.    Pet Supermarket denies each and every allegation contained in Paragraph 188 of the Complaint.  Pet Supermarket denies each and every allegation in Plaintiffs' "Prayer for Relief."

## II.  Pet Supermarket's Affirmative Defenses

### A.  Plaintiffs Fail to State Claims Against Pet Supermarket

1.    Plaintiffs fail to state any claims against Pet Supermarket under Rule 12(b)(6), Fed. R. Civ. P.

2.    Plaintiffs fail to state a claim against Pet Supermarket under Rule 9(b), Fed. R. Civ. P. and to the extent that Plaintiffs' Complaint purports to state claims for fraud and/or misrepresentation, the Complaint fails to plead allegations of fraud with the particularity required by Fla. R. Civ. P. 1.120(b).

### B.  Indemnification

3.    Pet Supermarket denies that it is liable to Plaintiffs and requests that judgment be entered in its favor and against Plaintiffs, with all defense costs incurred by Pet Supermarket; however, in the unlikely event that Pet Supermarket is found liable to Plaintiffs, then Pet Supermarket asserts that co-Defendants are liable for indemnification and/or contribution in full for any sum recovered by this party against it.

### C. No Standing

4.    Plaintiffs lack standing to bring this action against Pet Supermarket.

### D.  Uniform Commercial Code Defenses

5.    Pet Supermarket is entitled to the benefits of all defenses and presumptions contained

in, or arising from, any Uniform Commercial Code provisions enacted by the State of Florida.

(a) Lack of Notice

6.      Plaintiffs are barred from any remedy under U.C.C. § 2-607(3) because Plaintiffs accepted whatever product(s) they may have purchased from Pet Supermarket and failed to notify Pet Supermarket of the alleged breach within a reasonable time after Plaintiffs discovered or should have discovered the alleged breach.

(b) Disclaimers of Warranties

7.      If the Plaintiffs sustained the injuries and damages as alleged, then said injuries and damages are not recoverable by the Plaintiffs because Pet Supermarket disclaimed all implied warranties of merchantability and implied warranties of fitness for a particular purpose.

8.      If a class action were certified with respect to an alleged breach of implied warranty claim, some class members' claims would be barred by the conspicuous disclaimers of all implied warranties contained in the limited express warranties (if any) applicable to the product or products allegedly sold by Pet Supermarket.

9.      Plaintiffs' right to recover against Pet Supermarket on account of matters stated in the complaint, if any, is defined, limited and prescribed by the terms and conditions of certain express warranties and/or contracts, and Pet Supermarket asserts all rights, time limits, defenses, limitations, exclusions, definitions, terms and conditions of such express warranties and contracts.

10.     Any written warranties stated on packaging provided by other entities, not Pet Supermarket, displace any implied warranties and constitute Plaintiffs' sole and exclusive remedy for any alleged damages.

(c) Failure to Identify Express Warranties

-35-

11.     Plaintiffs' claims for express warranties are barred because Plaintiffs failed to identify any express warranties upon which they relied as to product(s) allegedly sold by Pet Supermarket.

### E.  No Third Party Beneficiary Status

12.     To the extent that the Fourth Amended Complaint purports to set forth any cause of action against Pet Supermarket based upon breach of any express and/or implied warranty arising out of the Uniform Commercial Code, such claim is barred because the Plaintiffs are not a third-party beneficiaries.

### F.  Federal and State Preemption

13.     Plaintiffs' claims are barred by federal preemption because any advertising of Defendants' products that Pet Supermarket may have displayed, or is alleged to have displayed, complies with the rules and regulations and the statutes administered by the Federal Trade Commission, including but not limited to 15 U.S.C. §45, 15 U.S.C. §52, 15 U.S.C. §55, and 16 C.F.R. §255.1.

14.     Plaintiffs' claims are barred by federal preemption, as all labeling for Defendants' product or products that Pet Supermarket may have, or is alleged to have sold have been approved by the FDA under the applicable statute, 21 U.S.C. § 201 *et seq.*, and regulations promulgated there under.  As the agency charged with implementing the Food, Drug, and Cosmetic Act, the FDA affirmatively has stated that "under existing preemption principles, FDA approval of labeling . . . preempts conflicting or contrary State law." 71 Fed. Reg. at 3,934.

15.     To the extent Plaintiffs' claims against Pet Supermarket are based on alleged misrepresentations or omissions made to FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

16.     Plaintiffs' claims against Pet Supermarket are preempted by Florida law.  Any and all warnings or information pertaining to any product or products sold by Pet Supermarket were, at all times relevant to the Complaint, in conformity with governmental requirements and thus Plaintiffs' claims are preempted and barred, in whole or in part, by Fla. Stat. § 768.1256.

### G.  Statute of Frauds

17.     Any oral warranties by Pet Supermarket upon which Plaintiffs allegedly relied are inadmissible and waivable as a result of the applicable Statute of Frauds, as provided in U.C.C. 2-201.

### H.  Business Privilege

18.     Pet Supermarket's actions were legally and equitably protected by applicable privileges and business justifications.

### I.  Alteration

19.     The defect in any alleged product in the Complaint, resulted, if at all, from the redesign, modification, alteration, treatment, or other change of the product after Pet Supermarket relinquished possession and control over any alleged product and not from any act or omission of Pet Supermarket.

### J.  Pre-Existing Conditions

20.     If Plaintiffs or their cats/dogs sustained injuries or incurred expenses as alleged, the injuries and/or expenses may have resulted from the pre-existing and/or unrelated medical conditions, injuries or illnesses of Plaintiffs' cats/dogs and were not caused by any act or omission by Pet Supermarket.

### K.  Florida FDUTPA

-37-

21.    Plaintiffs are not "consumers" under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), or the consumer protection statutes of any other state or territory. Therefore, Plaintiffs have no claim against Pet Supermarket under FDUTPA, or any other consumer protection statute.

22.    Plaintiffs' claims against Pet Supermarket are based on other entites' statements of opinions or mere puffery, which are not actionable.

23.    Plaintiffs' claims against Pet Supermarket, including those alleged under FDUTPA are frivolous and without legal or factual merit. Therefore, Plaintiff should be required to post a bond in an amount which the Court finds reasonable to indemnify Defendants for any damages incurred in defending such action, including reasonable attorney's fees.

### L. Class Certification Inappropriate

24.    Class certification is not appropriate because some of the members of the putative class may be involved in pending litigation in which questions of law or fact controverted in the subject action are to be adjudicated.

25.    Class certification is inappropriate because it is undesirable to concentrate the litigation in the forum where the subject action was instituted.

26.    Class certification is inappropriate because the Plaintiffs' claims lack commonality an typicality and each claim, even if proven, is unique Class certification is not appropriate because some of the members of the putative class may be involved in pending litigation in which questions of law or fact controverted in the subject action are to be adjudicated.

## M. Informed Intermediary Doctrine

27.    Plaintiffs' claims against Pet Supermarket are barred by the Learned Intermediary Doctrine, or the Informed Intermediary Doctrine and/or the principle of Restatement (Second) of Torts § 388.

## N. Reasonable Expectations

28.    Plaintiffs' claims against Pet Supermarket are barred by the doctrine of reasonable expectations.

## O. Negligence of Others

29.    Pet Supermarket had no duty to inspect products that arrived in sealed containers, and therefore absent actual knowledge of any alleged product defect, Pet Supermarket cannot he held liable for any representations it did not specifically and affirmatively adopt, nor be held liable for the negligence of others, if any.

30.    In the event Pet Supermarket is found to liable to Plaintiffs, liability for which Pet Supermarket expressly denies, Pet Supermarket's liability is limited by the provisions of Florida Statutes Section 768.81 and by *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) or similar laws as may be provided by some other jurisdiction whose law may be deemed to apply to this cause of action.

31.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault not of Pet Supermarket, but of Plaintiffs, or by persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar plaintiff's recovery.

32.     Pet Supermarket is entitled to have its liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of section 768.81, Florida Statutes. To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Pet Supermarket's percentage of fault, if any, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability. The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

### P. Punitive Damages

33.     Plaintiffs' claim for punitive damages against Pet Supermarket is barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Fla. Stat. § 768.72 and/or other applicable laws.

34.     Plaintiffs' claim for punitive damages against Pet Supermarket is limited to the amount, if any, they may recover for punitive damages under Fla. Stat. § 768.73.

### Q.  Contribution or Set-Off

35.     Pet Supermarket is entitled to a set off pursuant to Florida Statute §768.31 or any other applicable Florida Statute, if the Plaintiff has received or receives payment from a collateral source or other potential tortfeasor.

36.     Should Pet Supermarket be found liable to Plaintiffs, which liability Pet Supermarket expressly denies, such liability must be reduced or setoff by any and all proceeds received from settlements or otherwise paid in partial satisfaction of the damages sued for in this action as provided by Florida law, including Florida Statutes 46.015, 768.041, 768.31, 768.81, or similar laws as may

be provided by some other jurisdiction whose law may be deemed to apply to this cause of action.

## R.  Other Affirmative Defenses

37.    Plaintiffs' damages, if any, are barred by the economic loss rule.

38.    Plaintiffs' damages, if any, are caused by the acts of third parties, not Pet Supermarket.

39.    Plaintiffs' claims against Pet Supermarket are barred by the statutes of limitations.

40.    Plaintiffs' claims against Pet Supermarket are barred by the statutes of repose.

41.    Pet Supermarket adopts all affirmative defenses asserted by every other Defendant.

## Demand for Jury Trial

Pet Supermarket demands a trial by jury.

Filed May 12, 2008                              Respectfully Submitted,

By:    /s/ *Rolando Diaz*_____
**ROLANDO A. DIAZ**
rd@kubickidraper.com
Fla. Bar No. 963150
**MARIA KAYANAN**
mek@kubickidraper.com
Fla. Bar No. 305601
**KUBICKI DRAPER PA**
Counsel for Pet Supermarket
25 West Flagler St. PH
Miami, FL 33130
Tel: 305-374-1212
Fax: 305-374-7846

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the

counsel so indicated on the attached service list.

By:    */s/Rolando Diaz*
       Rolando Diaz

**RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/BROWN**

**SERVICE LIST**

Catherine J. MacIvor
E-mail:  cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jformean@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL  33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-mail: rd@kubickidraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket,*
*Inc.*

E-mail:  jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-*
*Mart Stores, Inc., Target Corporation*

Amy W. Schulman
E-mail: amy.schulman@dlapiper.com
Alexander Shaknes
E-mail: Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

John B.T. Murray, Jr.

Lonnie L. Simpson
E-mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suie 2000
Tampa, FL   33602-5149
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorney for Defendants Menu Foods Inc.*
*and Menu Foods Income Fund*

Omar Ortega
E-mail: oortega@dortaandortega.com
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL   33134
Telephone: (305) 461-5454
Facsimile:   (305) 461-5226

*Attorneys for Defendant Mars,*
*Incorporated, Mars Petcare U.S., Inc., and*
*Nutro Products, Inc.*

Benjamine Reid
E-mail:   breid@carltonfields.com
Olga M. Vieira
E-mail:   ovieira@carltonfields.com
Ana M. Craig
E-mail:   acraig@carltonfields.com
**CARTLON FIELDS, P.A.**
100 SE Second Street, Suite 4000
Bank of America Tower at International
Place
Miami, FL 33131-9101
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition*
*Inc.*
Hugh J. Turner, Jr.

E-mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdalke. FL   33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendant Publix Super*
*Markets, Inc.*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:   psechler@wc.com
Thomas G. Hentoff
E-mail:   thentoff@wc.com
Patrick J. Houlihan
E-mail:   phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005

*Attorneys for Defendants Mars,*
*Incorporated, Mars Petcare U.S., and Nutro*
*Products, Inc.*

John J. Kuster
E-mail:   jkuster@sidley.com

James D. Arden
E-mail:   jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York   10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition,*
*Inc.*

Kara L. McCall
E-mail: kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666

*Attorneys for Defendant Hll's Pet Nutrition, Inc.*


Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*


Carol A. Licko
E-mail:  calicko@hhlaw.com
**HOGAN & HARTSON, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile:  (305) 459-6550

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Sherril M. Colombo
E-mail: scolombo@cozen.com
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods, Co.*


John F. Mullen
E-mail:  jmullen@cozen.com
Julie Negovan
E-mail:  jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*


Robert C. Troyer
E-mail:  rctroyer@hhlaw.com
**HOGAN & HARTSON, LLP**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado  80202
Telephone: (303) 899-7300
Facsimile:  (303) 899-7333

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON, LLP**
555 13th Street, NW
Washington, DC   20004
Telephone: (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Alan G. Greer
E-mail:  agreer@richmangreer.com
**RICHMAN GREER, P.A.**
Miami Center - Suite 1000
201 South Biscayne Boulevard
Miami, FL   33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
E-mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
200 S. Biscayne Boulevard
40th Floor
Miami, FL   33131-2398
Telephone: (305) 577-7040
Facsimile:  (305) 577-7001

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

James K. Reuss
E-mail:  Jreuss@lanealton.com
**LANE ALTON & HORST, LLP**
Two Miranova Place
Suite 500
Columbus, OH   42315
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. Of Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FAKURI IRELAND & COX PLL**
500 Courthouse Plaza S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL   33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc*

C. Richard Fulmer, Jr.
E-mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. Of Ohio*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@aballi.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL  33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc. and Albertson's LLP*

W. Randolph Teslik, PC
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, DC   20036
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLP*

Jeffrey S. York
E-mail:  jyork@mcguirewoods.com
Michael M. Giel
E-mail:  mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, suite 3300
Jacksonville, FL   32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

Kristen E. Caverly
E-mail: kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA   92067-9144

*Attorneys for Defendant Natura Pet Products, Inc.*