UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, et al.,
individually and on behalf of others similarly situated,

                            Plaintiffs,

v.

MARS, INCORPORATED, et al.,

                            Defendants.
_____/

**ANSWER OF DEFENDANTS MARS, INCORPORATED, MARS PETCARE US, INC., AND NUTRO PRODUCTS, INC., TO FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendants Mars, Incorporated ("Mars"), Mars Petcare US, Inc. ("Mars Petcare"), and Nutro Products, Inc. ("Nutro") (collectively referred to as "Mars Defendants"), by and through their undersigned counsel, hereby submit the following Answer to Plaintiffs' Fourth Amended Class Action Complaint ("Complaint") and assert as follows:

**INTRODUCTION**

1. The Mars Defendants admit that Plaintiffs have initiated a purported class action. The Mars Defendants deny that any pet food or treats manufactured, produced, marketed, distributed, or sold by them were materially different from what was advertised, failed to provide Plaintiffs with a benefit, or harmed Plaintiffs' pets. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 1 and, on that basis, deny them.

2. The Mars Defendants deny the allegations of Paragraph 2.

1

## PARTIES

3. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 3 and, on that basis, deny them.

4. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 4 and, on that basis, deny them.

5. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 5 and, on that basis, deny them.

6. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 6 and, on that basis, deny them.

7. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 7 and, on that basis, deny them.

8. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 8 and, on that basis, deny them.

9. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 9 and, on that basis, deny them.

10. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 10 and, on that basis, deny them.

11. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 11 and, on that basis, deny them.

12. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 12 and, on that basis, deny them.

13. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 13 and, on that basis, deny them.

14. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 14 and, on that basis, deny them.

15. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 15 and, on that basis, deny them.

16. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 16 and, on that basis, deny them.

17. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 and, on that basis, deny them.

18. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 18 and, on that basis, deny them.

19. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 19 and, on that basis, deny them.

20. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 20 and, on that basis, deny them.

21. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 21 and, on that basis, deny them.

22. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 22 and, on that basis, deny them.

23. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 23 and, on that basis, deny them.

24. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 and, on that basis, deny them.

25. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 25 and, on that basis, deny them.

26. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 26 and, on that basis, deny them.

27. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 27 and, on that basis, deny them.

28. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 28 and, on that basis, deny them.

29. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 29 and, on that basis, deny them.

30. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 30 and, on that basis, deny them.

31. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 31 and, on that basis, deny them.

32. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 32 and, on that basis, deny them.

## DEFENDANTS

### Defendant Manufacturers

33. The Mars Defendants admit that Mars is a Delaware corporation with its principal place of business in Virginia and that Mars Petcare and Nutro are its subsidiaries. The Mars Defendants further admit that Mars has manufactured, produced, marketed, advertised, and sold dog and cat food and treats that were sold in Florida and throughout the United States, that Mars has spent millions of dollars in acquiring and promoting its pet food brands, and that Mars has

invested significant resources to develop consumer confidence in its brands. The Mars Defendants also admit that Mars maintains a website and that Exhibit 1 is a page that has appeared on that website. The Mars Defendants deny the remaining allegations of Paragraph 33.

34. The Mars Defendants admit that Mars Petcare is a Delaware corporation with its principal place of business in Tennessee that manufactures, produces, markets, advertises, and sells dog and cat food and treats that are sold in Florida and throughout the United States. The Mars Defendants further admit that Mars Petcare manufactures store brand dog food and/or cat food and/or treats for various retailers, including Wal-Mart Stores, Inc., The Kroger Co. of Ohio, and Petsmart, Inc. The Mars Defendants also admit that Mars Petcare has invested significant resources to develop consumer confidence in its brands, that Mars Petcare maintains a website, and that Exhibit 2 is a page that has appeared on that website. The Mars Defendants deny the remaining allegations of Paragraph 34.

35. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 35 and Footnote 1 and, on that basis, deny them.

36. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 36 and Footnote 2 and, on that basis, deny them.

37. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 37 and, on that basis, deny them.

38. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 38 and Footnote 3 and, on that basis, deny them.

39. The Mars Defendants admit that Nutro is a California corporation with its principal place of business in California. The Mars Defendants further admit that Nutro manufactures, produces, markets, advertises, and sells dog and cat food, and markets, advertises,

and sells dog and cat treats, that are sold in Florida and throughout the United States; that Nutro has spent millions of dollars in promoting its pet food brands; and that Nutro has invested significant resources to develop consumer confidence in its brands. The Mars Defendants also admit that Nutro maintains a website and that Exhibit 9 is a page that has appeared on that website. The Mars Defendants deny the remaining allegations of Paragraph 39.

40. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 40 and, on that basis, deny them.

### Defendant Co-Packers

41. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 41 and, on that basis, deny them.

42. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 42 and, on that basis, deny them.

43. The Mars Defendants admit that some of Nutro's pet food and some of Nutro's dessert products have been manufactured by Menu Foods but deny that Menu Foods has manufactured any of Mars or Mars Petcare's dog or cat food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 43 and, on that basis, deny them.

44. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 44 and, on that basis, deny them.

45. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 45 and, on that basis, deny them.

46. The Mars Defendants admit that they have manufactured their own brands of dog and cat food, that Mars and Mars Petcare have manufactured their own brands of treats, and that

Mars Petcare has also manufactured some of the store brand dog food and/or cat food and/or treats for various retailers, including Wal-Mart Stores, Inc., The Kroger Co. of Ohio, and Petsmart, Inc. The Mars Defendants deny the remaining allegations of Paragraph 46.

### Defendant Retailers

47. The Mars Defendants admit that Target Corp. ("Target") has sold Mars and Mars Petcare brands of pet food and treats, but deny that Target has sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 47 and, on that basis, deny them.

48. The Mars Defendants admit that Wal-Mart Stores, Inc., ("Wal-Mart") has sold Mars and Mars Petcare brands of pet food and treats, but deny that Wal-Mart has sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 48 and, on that basis, deny them.

49. The Mars Defendants admit that Publix Supermarkets, Inc. ("Publix") has sold Mars and Mars Petcare brands of pet food and treats, but deny that Publix has sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 49 and, on that basis, deny them.

50. The Mars Defendants admit that Albertson's LLC ("Albertson's") has sold Mars and Mars Petcare brands of pet food and treats, but deny that Albertson's has sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 50 and, on that basis, deny them.

51. The Mars Defendants admit that New Albertson's, Inc. ("New Albertson's") has sold Mars and Mars Petcare brands of pet food and treats, but deny that New Albertson's has

sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 51 and, on that basis, deny them.

52.     The Mars Defendants admit that The Kroger Co. of Ohio ("Kroger") has sold Mars and Mars Petcare brands of pet food and treats, but deny that Kroger has sold Nutro brand pet food or treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 52 and, on that basis, deny them.

### Defendant Pet Specialty Retailers

53.     The Mars Defendants admit that Petsmart, Inc. ("Petsmart") has sold their brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 53 and, on that basis, deny them.

54.     The Mars Defendants admit that Pet Supermarket, Inc. ("Pet Supermarket") has sold their brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 54 and, on that basis, deny them.

55.     The Mars Defendants admit that Petco Animal Supplies Stores, Inc. ("Petco") has sold their brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 55 and, on that basis, deny them.

56.     The Mars Defendants admit that Pet Supplies "Plus"/USA, Inc. ("Pet Supplies") has sold their brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 56 and, on that basis, deny them.

### JURISDICTION AND VENUE

57.     Paragraph 57 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 58 and, on that basis, deny them.

59. Paragraph 59 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny that they committed a tortious act within the State of Florida or caused injury to persons or property within the State. To the extent the allegations of Paragraph 59 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

60. Paragraph 60 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants admit that they have marketed, advertised, and sold commercial pet food in this District, but deny that any misrepresentations, deceptive practices, omissions, or injuries giving rise to a claim against them occurred here, and deny the remaining allegations of Paragraph 60. To the extent the allegations of Paragraph 60 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

## FACTS GIVING RISE TO THE CLAIMS

61. The Mars Defendants admit that the pet food and treat industry is a multi-billion dollar industry in the United States, that many companion cats and dogs in the United States are fed commercial pet food, and that such food delivers substantial nutritional content to those pets. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 61 and, on that basis, deny them.

62. The Mars Defendants admit that they have invested significant resources to develop consumer confidence in their brands, and that their representations to consumers have been fair and truthful and, where applicable, scientifically supported. The Mars Defendants deny the remaining allegations of Paragraph 62. To the extent the allegations of Paragraph 62 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

63. The Mars Defendants admit that certain of their pet foods have been marketed and sold by certain of the Defendant Pet Specialty Retailers, and that certain of Mars and Mars Petcare's pet foods have been marketed and sold by certain of the Defendant Retailers, but the Mars Defendants deny the remaining allegations of Paragraph 63. To the extent the allegations of Paragraph 63 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

64. The Mars Defendants are without sufficient information to admit or deny the allegations of the first sentence of Paragraph 64 and, on that basis, deny them. The Mars Defendants admit that Mars and Mars Petcare have publicly associated their products with the Waltham Centre for Pet Care and Nutrition, a leading center for pet care and animal nutrition research, and that Nutro has publicly co-funded animal nutrition research, but the Mars Defendants deny the remaining allegations of Paragraph 64. To the extent the allegations of Paragraph 64 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

65. The Mars Defendants admit that consumers in the United States have spent billions of dollars on commercial pet food but deny the remaining allegations of Paragraph 65.

To the extent the allegations of Paragraph 65 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

66.  The Mars Defendants deny the allegations of Paragraph 66.  To the extent the allegations of Paragraph 66 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

67.  The Mars Defendants deny the allegations of Paragraph 67.  To the extent the allegations of Paragraph 67 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

68.  The Mars Defendants admit that they have included various marketing statements on packaging and in media, which statements were fair, truthful and consistent with AAFCO standards, but deny the remaining allegations of Paragraph 68.  To the extent the allegations of Paragraph 68 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

69.  The Mars Defendants admit that they have aired commercials and website images showing healthy and vibrant cats and dogs and, where appropriate, have disclosed that certain of their products contain meat, vegetables, and/or grains.  The Mars Defendants deny the remaining allegations of Paragraph 69.  To the extent the allegations of Paragraph 69 are addressed to defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

70.  The Mars Defendants admit that the names of Mars Petcare's product "The Goodlife Recipe®" and Nutro's product "Natural Choice®" are consistent with the fact that the products are wholesome and provide nutritional benefits to cats and dogs, but the Mars Defendants deny the remaining allegations of Paragraph 70.  To the extent the allegations of Paragraph 70 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

71.  The Mars Defendants admit that the bags, pouches, cans, and containers of their commercial pet food have contained marketing statements describing various benefits of and attributes of its products, but the Mars Defendants deny that their product packaging has contained all of the statements listed in Paragraph 71.  The Mars Defendants further deny that any marketing statements on their product packaging were false or misleading and deny the remaining allegations of Paragraph 71.  To the extent the allegations of Paragraph 71 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

### Mars' "Good Life Recipe"™

72.  The Mars Defendants admit that "The Goodlife Recipe®" is a recently launched Mars Petcare brand.  The Mars Defendants further admit that Mars Petcare maintains a website for The Goodlife Recipe® and that Exhibit 12 and Exhibit 13 are pages that have appeared on that website.  The Mars Defendants deny the remaining allegations of Paragraph 72.

73.  The Mars Defendants admit that commercials advertising The Goodlife Recipe® have appeared in various media and that these commercials, as well as the product packaging, have depicted certain ingredients contained in the product, but the Mars Defendants deny that these commercials or packaging (including the commercial(s) referenced in Footnote 4 and

Footnote 5) are false or misleading. The Mars Defendants further admit that Mars Petcare maintains a website for The Goodlife Recipe® and that Exhibit 13 is a page that has appeared on that website. The Mars Defendants deny that the listing of ingredients on the Goodlife Recipe® website or packaging is false or misleading and deny all remaining allegations of Paragraph 73.

### Mars' Pedigree®

74. The Mars Defendants admit that "Pedigree®" is a Mars Petcare brand and was a Mars brand. The Mars Defendants further admit that Mars and Mars Petcare have maintained a website for Pedigree® and that Exhibit 14 and Exhibit 15 are pages that have appeared on that website. The Mars Defendants deny the remaining allegations of Paragraph 74.

### P&G's Iams™

75. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 75 and, on that basis, deny them.

76. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 76 and, on that basis, deny them.

### Colgate's and Hill's Science Diet®

77. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 77 and, on that basis, deny them.

78. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 78 and, on that basis, deny them.

79. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 79 and, on that basis, deny them.

### Del Monte's 9Lives®

80. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 80 and, on that basis, deny them.

### Nestlé's Beneful®

81. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 81 and Footnote 6 and, on that basis, deny them.

### Nutro's Natural Choice® Complete Care® Indoor Adult Cat

82. The Mars Defendants admit that Nutro maintains a website for Nutro Natural Choice® Complete Care® Indoor Adult Cat and that Exhibit 23 is a page that has appeared on that website, but the Mars Defendants deny that the statements on Nutro's website or in its marketing are false or misleading and deny all remaining allegations of Paragraph 82.

### Natura Brand Pet Food

83. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 83 and, on that basis, deny them.

### Petco's Marketing of the Defendants' Premium Pet Foods

84. The Mars Defendants admit that Petco displays marketing material, including signs, regarding pet food in its stores. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 84 and, on that basis, deny them.

85. The Mars Defendants admit that Petco displays marketing material, including signs and shelf cards, regarding pet food in its stores. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 85 and, on that basis, deny them.