Blaszkowski et al v. Mars Inc. et al
Case 1:07-cv-21221-CMA   Document 366-2   Entered on FLSD Docket 05/12/2008   Page 1 of 13
Doc. 366 Att. 1

### Petsmart's Marketing of the Defendants' Premium Pet Foods

86.   The Mars Defendants admit that Petsmart displays marketing material, including signs and shelf cards, regarding pet food in its stores.  The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 86 and, on that basis, deny them.

### Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Foods

87.   The Mars Defendants admit that Pet Supermarket and Pet Supplies display marketing material regarding pet food in their stores.  The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 87 and, on that basis, deny them.

### Retailers' Marketing of the Defendants' Pet Food

88.   The Mars Defendants admit that Target, Wal-Mart, Publix, Albertson's, New Albertson's and Kroger have sold Mars and Mars Petcare brands of pet food and that Target, Wal-Mart, Publix, Albertson's, New Albertson's and Kroger display marketing material regarding pet food in their stores.  The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 88 and, on that basis, deny them.

89.   The Mars Defendants admit that some of their pet food has been manufactured and/or packaged by other companies and that some of Nutro's pet food has been manufactured and/or packaged by Menu Foods, but the Mars Defendants deny the remaining allegations of Paragraph 89.  To the extent the allegations of Paragraph 89 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

15

90. The Mars Defendants admit that "co-manufacturing" or "co-packing" arrangements—*i.e.*, arrangements whereby one company manufactures or packages pet food products in accordance with another company's particular specifications—are used in the pet food industry and that these arrangements can be beneficial for a variety of reasons. The Mars Defendants deny the remaining allegations of Paragraph 90. To the extent the allegations of Paragraph 90 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

91. The Mars Defendants admit that they have purchased some ingredients for their products from rendering companies, but deny that those ingredients constituted "inedible waste," were tainted, or were devoid of nutritious content. The Mars Defendants deny the remaining allegations of Paragraph 91. To the extent the allegations of Paragraph 91 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

92. The Mars Defendants admit that the nutritional quality of meat, poultry, and fish by-products, meals, and digests—which have been used as ingredients in their pet food products—can vary somewhat from batch to batch, but deny that any such variations have caused any of their products to contain less than the minimum nutritional requirements. The Mars Defendants further deny the remaining allegations of Paragraph 92. To the extent the allegations of Paragraph 92 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

93. The Mars Defendants admit that cereal grain and vegetables have been used in their pet food products and that gluten meals—which contain plant protein—have been used in

their pet food products as a source of protein. The Mars Defendants deny the remaining allegations of Paragraph 93. To the extent the allegations of Paragraph 93 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

94. The Mars Defendants deny the allegations of Paragraph 94. To the extent the allegations of Paragraph 94 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

95. The Mars Defendants admit that cats are carnivores but deny that their marketing representations as to the "meat" ingredients of their products were false or misleading and deny the remaining allegations of Paragraph 95. To the extent the allegations of Paragraph 95 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

96. The Mars Defendants deny that their pet food has ever contained euthanized cats or dogs. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 96 and, on that basis, deny them.

97. The Mars Defendants deny that their pet food has ever contained euthanized cats or dogs. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 97 and Footnote 7 and, on that basis, deny them.

98. The Mars Defendants deny that their pet food has ever contained euthanized cats or dogs. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 98 and, on that basis, deny them.

99. The Mars Defendants admit that they have marketed their pet food as wholesome, but deny that their pet food has pentobarbital in it. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 99 and, on that basis, deny them.

100. The Mars Defendants admit the allegations of the first sentence of Paragraph 100. The Mars Defendants further admit that natural preservatives, as well as the synthetic preservatives butylated hydroxyanisole ("BHA"), butylated hydroxytoluene ("BHT"), propyl gallate, and propylene glycol, have been used in some of Mars and Mars Petcare's pet food products, that natural preservatives have been used in some of Nutro's pet food products, and that propylene glycol has been used in some of Nutro's pet treats, but deny that ethoxyquin has been used as a preservative in their pet food products (except that, prior to 1997, Nutro had used ethoxyquin as a preservative in some of its pet food products) and deny the remaining allegations of the second, third, and fourth sentences of Paragraph 100. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 100 and, on that basis, deny them.

101. The Mars Defendants deny the allegations of Paragraph 101. To the extent the allegations of Paragraph 101 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

102. The Mars Defendants deny the allegations of Paragraph 102. To the extent the allegations of Paragraph 102 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

103. The Mars Defendants admit that various pet food products have been the subject of recalls over the years, but deny that such recalls demonstrate that their products are not safe, healthy, wholesome or nutritious. The Mars Defendants are without sufficient information to admit or deny the specific allegations of Paragraph 103 and, on that basis, deny them.

104. The Mars Defendants deny the allegations of Paragraph 104. To the extent the allegations of Paragraph 104 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

105. The Mars Defendants deny the allegations of Paragraph 105. To the extent the allegations of Paragraph 105 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

106. The Mars Defendants deny the allegations of Paragraph 106. To the extent the allegations of Paragraph 106 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

107. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 107 and, on that basis, deny them.

108. The Mars Defendants deny the allegations of Paragraph 108. To the extent the allegations of Paragraph 108 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

109.    The Mars Defendants deny the allegations of Paragraph 109. To the extent the allegations of Paragraph 109 are addressed to Defendants other than the Mars Defendants, the Mars Defendants are without sufficient information to admit or deny the allegations and, on that basis, deny them.

### Joinder of the Defendants

110.    The first sentence of Paragraph 110 states a legal conclusion to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of the first sentence of Paragraph 110. The Mars Defendants deny the allegations of the second, third, and fourth sentences of Paragraph 110. The Mars Defendants admit that Mars is a member of the National Retail Federation, that Mars Petcare is a member of the Pet Food Institute ("PFI") and the American Pet Products Manufacturers Association ("APPMA"), and that Nutro is a member of the PFI, the APPMA, and the Pet Industry Joint Advisory Council ("PIJAC"), but deny the remaining allegations of the fifth sentence of Paragraph 110. The Mars Defendants admit that the PFI has appeared at congressional inquires, has communicated with the Association of American Feed Control Officials ("AAFCO"), has been involved in proposing regulations concerning pet food, has interfaced with the FDA regarding pet food and treat issues, has cooperated with federal and state investigations, and has made public statements on pet food-related topics, but the Mars Defendants are without sufficient information to admit or deny the remaining allegations of the sixth and seventh sentences of Paragraph 110 and, on that basis, deny them. The Mars Defendants deny the allegations of the eighth and ninth sentences of Paragraph 110. The tenth sentence of Paragraph 110 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of the tenth sentence of Paragraph 110.

## CLASS ACTION ALLEGATIONS

### Plaintiffs' Class Action

111. Paragraph 111 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 111.

112. The Mars Defendants deny the allegations of Paragraph 112.

### Numerosity

113. The Mars Defendants admit that there are a large number of companion cats and dogs in the United States and that many are fed commercial pet food, but the Mars Defendants are without sufficient information to admit or deny the remaining allegations of the first and second sentences of Paragraph 113 and, on that basis, deny them. The Mars Defendants deny the remaining allegations of Paragraph 113 and specifically deny that there are numerous members of any similarly situated class of consumers, that any claims of such consumers could conceivably be tried as a class action, and that class certification is a superior means of adjudicating the controversy.

### Commonality

114. The Mars Defendants deny the allegations of Paragraph 114.

### Typicality

115. The Mars Defendants deny the allegations of Paragraph 115.

### Adequacy

116. The Mars Defendants deny the allegations of Paragraph 116.

### Predominance and Superiority

117. The Mars Defendants deny the allegations of Paragraph 117.

118. Paragraph 118 is a demand for relief not requiring a response. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 118.

### Defendant Class

119. Paragraph 119 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 119.

### Numerosity

120. The Mars Defendants deny that there are numerous members of any similarly situated class of pet food and treat manufacturers and/or retailers, that any claims against such manufacturers and/or retailers could conceivably be tried as a class action, or that class certification is a superior means of adjudicating the controversy. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 120 and, on that basis, deny them.

### Commonality

121. The Mars Defendants deny the allegations of Paragraph 121.

### Typicality

122. The Mars Defendants deny the allegations of Paragraph 122.

### Adequacy

123. The Mars Defendants deny the allegations of Paragraph 123.

### Predominance and Superiority

124. The Mars Defendants deny the allegations of Paragraph 124.

125. The Mars Defendants deny the allegations of Paragraph 125.

## COUNT I

### Fraudulent Misrepresentation and Concealment
### As to All Defendants

126.   The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

127.   The Mars Defendants admit that they have manufactured, distributed, marketed, promoted, advertised, and sold pet foods throughout the United States. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 127 and, on that basis, deny them.

128.   The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 128 and, on that basis, deny them.

129.   The Mars Defendants deny the allegations of Paragraph 129.

130.   The Mars Defendants deny the allegations of Paragraph 130.

131.   The Mars Defendants deny the allegations of Paragraph 131.

132.   The Mars Defendants deny the allegations of Paragraph 132.

133.   The Mars Defendants deny the allegations of Paragraph 133.

134.   The Mars Defendants deny the allegations of Paragraph 134.

The remainder of Count I is a demand for relief not requiring a response. Should a response be deemed required, The Mars Defendants deny the remainder of Count I.

## COUNT II

### Negligent Misrepresentation
### As to All Defendants

135. The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

136. The Mars Defendants admit that they have manufactured, distributed, marketed, promoted, advertised, and sold pet foods throughout the United States. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 136 and, on that basis, deny them.

137. The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 137 and, on that basis, deny them.

138. The Mars Defendants deny the allegations of Paragraph 138.

139. The Mars Defendants deny the allegations of Paragraph 139.

140. The Mars Defendants deny the allegations of Paragraph 140.

141. The Mars Defendants deny the allegations of Paragraph 141.

142. The Mars Defendants deny the allegations of Paragraph 142.

143. The Mars Defendants deny the allegations of Paragraph 143.

The remainder of Count II is a demand for relief not requiring a response. Should a response be deemed required, The Mars Defendants deny the remainder of Count II.

## COUNT III

### Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201
### As to All Defendants

144. The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

145. The Mars Defendants admit that they have manufactured, distributed, marketed, promoted, advertised, and sold pet foods throughout the United States. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 145 and, on that basis, deny them.

146. The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 146 and, on that basis, deny them.

147. Paragraph 147 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 147.

148. The Mars Defendants deny the allegations of Paragraph 148.

149. The Mars Defendants deny the allegations of Paragraph 149.

150. Paragraph 150 states legal conclusions to which no response is required. Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 150.

151. The Mars Defendants deny the allegations of Paragraph 151.

152. The Mars Defendants deny the allegations of Paragraph 152.

153. The Mars Defendants deny the allegations of Paragraph 153.

154. The Mars Defendants deny the allegations of Paragraph 154.

The remainder of Count III is a demand for relief not requiring a response. Should a response be deemed required, The Mars Defendants deny the remainder of Count III.

### COUNT IV

### Negligence
### As to Defendant Manufacturers and Co-Packers and PetSmart

155. The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

156. The Mars Defendants admit that they have manufactured, distributed, marketed, promoted, advertised, and sold pet foods throughout the United States. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 156 and, on that basis, deny them.

157. The Mars Defendants deny the allegations of Paragraph 157.

158. The Mars Defendants deny the allegations of Paragraph 158.

159. The Mars Defendants deny the allegations of Paragraph 159.

160. The Mars Defendants deny the allegations of Paragraph 160.

161. The Mars Defendants deny the allegations of Paragraph 161.

The remainder of Count IV is a demand for relief not requiring a response. Should a response be deemed required, The Mars Defendants deny the remainder of Count IV.

### COUNT V

### Strict Liability
### As to All Defendants

162. The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

163. The Mars Defendants are without sufficient information to admit or deny the allegations of Paragraph 163 and, on that basis, deny them.

164. The Mars Defendants deny the allegations of Paragraph 164.

165. The Mars Defendants deny the allegations of Paragraph 165.

The remainder of Count V is a demand for relief not requiring a response. Should a response be deemed required, The Mars Defendants deny the remainder of Count V.

## COUNT VI

### Breach of Implied Warranty as to Retailers and Pet Specialty Retailers

166. The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

167. The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats. The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 167 and, on that basis, deny them.

168. The Mars Defendants deny the allegations of Paragraph 168.

169. The Mars Defendants deny the allegations of Paragraph 169.

170. The Mars Defendants deny the allegations of Paragraph 170.

171. The Mars Defendants deny the allegations of Paragraph 171.

172. The Mars Defendants deny the allegations of Paragraph 172.

173. The Mars Defendants deny the allegations of Paragraph 173.

The remainder of Count VI is a demand for relief not requiring a response. Should a response be deemed required, the Mars Defendants deny the remainder of Count VI.