## COUNT VII

### Breach of Express Warranty
### As to Defendant Retailers and Pet Specialty Retailers

174.  The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

175.  The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats.  The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 175 and, on that basis, deny them.

176.  The Mars Defendants deny the allegations of Paragraph 176.

177.  The Mars Defendants deny the allegations of Paragraph 177.

178.  The Mars Defendants deny the allegations of Paragraph 178.

179.  The Mars Defendants deny the allegations of Paragraph 179.

The remainder of Count VI is a demand for relief not requiring a response.  Should a response be deemed required, the Mars Defendants deny the remainder of Count VI.

## COUNT VIII

### Unjust Enrichment
### As to All Defendants

180.  The Mars Defendants hereby repeat every admission, denial, and statement contained in Paragraphs 1-125 with the same force and effect as though set forth here in full.

181.  The Mars Defendants deny the allegations of Paragraph 181.

182.  The Mars Defendants admit that they have manufactured, distributed, marketed, promoted, advertised, and sold pet foods throughout the United States.  The Mars Defendants are

Dockets.Justia.com

without sufficient information to admit or deny the remaining allegations of Paragraph 182 and, on that basis, deny them.

183.    The Mars Defendants admit that certain of the Defendant Pet Specialty Retailers have sold their brands of pet foods and treats and that certain of the Defendant Retailers have sold Mars and Mars Petcare brands of pet food and treats.  The Mars Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 183 and, on that basis, deny them.

184.    The Mars Defendants deny the allegations of Paragraph 184.

185.    The Mars Defendants deny the allegations of Paragraph 185.

186.    The Mars Defendants deny the allegations of Paragraph 186.

187.    The Mars Defendants deny the allegations of Paragraph 187.

188.    Paragraph 188 is a demand for relief not requiring a response.  Should a response be deemed required, the Mars Defendants deny the allegations of Paragraph 188.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs lack standing to assert the claims alleged in the Complaint.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose, or are otherwise untimely.

### Third Affirmative Defense

Venue for Plaintiffs' claims is improper in this District.

### Fourth Affirmative Defense

The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have been improperly joined in this action and Defendants have been improperly joined in this action.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because of the *res judicata* and/or collateral estoppel effect(s) of prior judgments.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the claims are not recognized as separate causes of action under applicable law.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or the doctrine of release.

### Eleventh Affirmative Defense

Plaintiffs fail to allege fraud with the requisite particularity and fail to allege sufficient ultimate facts to support any finding that the Mars Defendants, their officers, agents, servants, employees, contractors, or others for whom they were responsible, made any fraudulent

misrepresentations or omissions or engaged in any conduct with the requisite scienter or state of mind.

### Twelfth Affirmative Defense

Plaintiffs' claims are preempted, in whole or in part, by federal law, in accordance with the Supremacy Clause of the United States Constitution.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the products at issue (including any and all labels and warnings) complied with federal and/or state law, codes, statutes, rules, regulations, and/or standards.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the conduct at issue (including any and all advertising, marketing, and labeling) was required or specifically permitted by federal and/or state law, codes, statutes, rules, regulations, or standards.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the products at issue included adequate information with respect to their contents and proper use.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Mars Defendants satisfied any duty to warn under the learned intermediary doctrine.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, product liability, and/or strict liability statutes of the several states.

### Nineteenth Affirmative Defense

Plaintiffs' consumer protection and deceptive practices claims are barred because the state statutes upon which Plaintiffs' claims are based are unconstitutional as applied in this action.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the Mars Defendants' First Amendment rights to commercial speech.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### Twenty-Second Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and thus, under the doctrine of contributory negligence, are not recoverable.

### Twenty-Third Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and/or by the negligence or fault of persons or entities other than the Mars Defendants.  Thus, under the doctrine of comparative fault, Plaintiffs' recovery against the Mars Defendants must be

diminished by that percentage of negligence or fault attributable to Plaintiffs and/or persons or entities other than the Mars Defendants.

### Twenty-Fourth Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' misuse of the products at issue.

### Twenty-Fifth Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs have failed to mitigate their damages and any recovery is to be diminished by the degree of said failure to mitigate.

### Twenty-Sixth Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs' recovery is limited by the statutory caps on non-economic damages that exist under applicable law.

### Twenty-Seventh Affirmative Defense

Punitive damages are unavailable, barred, or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Mars Defendants' constitutional rights under the United States Constitution and/or the constitutions of the 50 states.

### Twenty-Eighth Affirmative Defense

The Mars Defendants adopt and incorporate by reference any affirmative defenses asserted by any other Defendant to this action to the extent such affirmative defenses apply to the Mars Defendants.

WHEREFORE, the Mars Defendants respectfully request judgment against Plaintiffs in this action, including an award of reasonable attorneys' fees and costs under Florida Statutes Section 501.2105 and under comparable state statutes, as well as such other and further relief as the Court may deem just and proper.

**WILLIAMS & CONNOLLY LLP**

/s/ Philip A. Sechler
Dane H. Butswinkas
Philip A. Sechler
Thomas G. Hentoff
Juli A. Lund
Patrick J. Houlihan
Amy R. Davis
725 Twelfth Street, N.W.
Washington, D.C. 200005

**DORTA & ORTEGA, P.A.**

/s/Omar Ortega, Esq.
Florida Bar No. 0095117
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134

*Attorneys for Defendants Mars, Incorporated,*
*Mars Petcare US, Inc., and Nutro Products, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to

the counsel so indicated on the attached Service List.


By: /s/ Omar Ortega
   Omar Ortega

**RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/BROWN**

## SERVICE LIST

Catherine J. MacIvor
E-mail: cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail: jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail: jmaltzman@mflegal.com
Darren W. Friedman
E-mail: dfriedman@mflegal.com
Bjorg Eikeland
E-mail: beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail: rd@kubickdraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

John B.T. Murray, Jr.
E-mail: jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation*

Amy W. Schulman
E-mail: amy.schulman@dlapiper.com
Alexander Shaknes
E-mail: Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Omar Ortega
E-mail:  oortega@dortaandortega.com
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL  33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare US, Inc. and Nutro Products,
Inc.*

Hugh J. Turner, Jr.
E-mail:  hugh.turner@akerman.com
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendant Publix Super Markets,
Inc*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
Juli Ann Lund
E-mail:  jlund@wc.com
Amy R. Davis
E-mail:  adavis@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare US, Inc. and Nutro Products,
Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Kara L. McCall
E-mail: kmccall@Sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
E-mail: scolombo@cozen.com
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods, Co.*

John F. Mullen
E-mail: jmullen@cozen.com
Julie Negovan
E-mail: jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko
E-mail:  calicko@hhlaw.com
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Craig A. Hoover
E-mail:  cahoover@hhlaw.com
Miranda L. Berge
E-mail:  mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Alan G. Greer
E-mail: agreer@richmangreer.com
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
E-mail:  rctroyer@hhlaw.com
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado  80202
Telephone:  (303) 899-7300
Facsimile:  (303) 899-7333

*Attorneys for Defendant Nestlé Purina Petcare Co.*

James K. Reuss
E-mail:  JReuss@lanealton.com
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
E-mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, FL 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

C. Richard Fulmer, Jr.
E-mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LeROY, ALBEE, BAUMANN &**
**GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,**
**P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, P.C.
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products,*
*Inc.*

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
Tony F. Farmani
E-mail:  tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet Products,
Inc.*