UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

RENEE BLASZKOWSKI, PATRICIA DAVIS,
SUSAN PETERS, DEBORAH HOCK, BETH WILSON,
CLAIRE KOTZAMPALTIRIS, DONNA HOPKINS-JONES,
MARIAN LUPO, JANE HERRING, JO-ANN MURPHY,
STEPHANIE STONE, PATRICIA HANRAHAN,
DEBBIE RICE, ANN QUINN, SHARON MATHIESEN,
SANDY SHORE, CAROLYN WHITE, LOU WIGGINS,
MICHELLE LUCARELLI, RAUL ISERN, DANIELLE
VALORAS, LISA MACDONALD, CINDY TREGOE,
JENNIFER DAMRON, MARLENA RUCKER, JULIE
NELSON, YVONNE THOMAS, DEBBIE MCGREGOR,
 LINDA BROWN and TONE GAGLIONE,
 individually and on behalf of others similarly situated,

                                        Plaintiffs,

vs.

MARS INC., MARS PETCARE US, INC., PROCTER
AND GAMBLE CO., THE IAMS CO., COLGATE
PALMOLIVE COMPANY, HILL'S PET NUTRITION,
DEL MONTE FOODS, CO., NESTLÉ USA INC., NESTLÉ
PURINA PETCARE CO., NUTRO PRODUCTS INC.,
DEL MONTE PET PRODUCTS, INC., MENU FOODS, INC.,
MENU FOODS INCOME FUND, PUBLIX SUPER MARKETS,
INC., NEW ALBERTSON'S INC., ALBERTSON'S LLC,
THE KROGER CO. OF OHIO, PETCO ANIMAL
SUPPLIES STORES, INC., PET SUPERMARKET,
INC., PET SUPPLIES PLUS/USA INC., PETSMART INC.,
TARGET CORP. AND WAL-MART STORES, INC.,

                                        Defendants.
_____/

**DEFENDANT DEL MONTE FOODS, CO.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE FOURTH AMENDED CLASS ACTION COMPLAINT, AND
DEMAND FOR JURY TRIAL**

Dockets.Justia.com

Defendant, DEL MONTE FOODS, CO. ("Del Monte"), by and through its undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiffs' unverified Fourth Amended Class Action Complaint ("Complaint"). The term "Plaintiffs" as used herein refers to the named Plaintiffs individually and on behalf of all others similarly situated. Del Monte responds to the Complaint as follows:

## I.

## <u>DEL MONTE'S ANSWER</u>

## <u>INTRODUCTION</u>

1.      Admitted in part, denied in part. Del Monte admits generally that Plaintiffs have initiated a purported class action. Del Monte specifically denies that any pet food or treats manufactured, produced, marketed, distributed or sold by it were materially different from what was advertised, failed to provide Plaintiffs with a benefit, or harmed Plaintiffs' pets. Del Monte has insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore denies each and every such allegation.

2.      Denied. Del Monte specifically denies each and every allegation contained in Paragraph 2 of the Complaint.

## <u>PARTIES</u>

3.      Denied. Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies each and every such allegation.

4.      Denied. Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies each and every such allegation.

5.      Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore denies each and every such allegation.

6.      Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies each and every such allegation.

7.      Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies each and every such allegation.

8.      Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of the Complaint, and therefore denies each and every such allegation.

9.      Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

14.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies each and every such allegation.

15.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies each and every such allegation.

16.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint, and therefore denies each and every such allegation.

17.     Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint, and therefore denies each and every such allegation.

18.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

19.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint, and therefore denies each and every such allegation.

20.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of the Complaint, and therefore denies each and every such allegation.

23.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint, and therefore denies each and every such allegation.

24.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of the Complaint, and therefore denies each and every such allegation.

25.     Denied.    Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

26.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of the Complaint, and therefore denies each and every such allegation.

27.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of the Complaint, and therefore denies each and every such allegation.

28.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of the Complaint, and therefore denies each and every such allegation.

29.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of the Complaint, and therefore denies each and every such allegation.

30.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Complaint, and therefore denies each and every such allegation.

31.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32.    Denied.   Del Monte lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## DEFENDANTS

33.    Denied.  The allegations contained in Paragraph 33 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34.    Denied.  The allegations contained in Paragraph 34 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies each and every such allegation.

35.    Denied.  The allegations contained in Paragraph 35 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and footnote 1 of the Complaint, and therefore denies each and every such allegation.

36.    Denied.  The allegations contained in Paragraph 36 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and footnote 2 of the Complaint, and therefore denies each and every such allegation.

37.    Admitted in part, denied in part.  At to the allegations contained in paragraph 37 of the Complaint, Del Monte admits only that it is a Delaware corporation with its principal place of business in California;   that it manufactures, produces, markets, distributes, advertises and/or sells dog and cat food and treats available for purchase in Florida and nationwide during the class period; that it conducts business in Florida and places pet food products in the stream of commerce that reach Florida consumers; that it values the confidence of it customers and

7

consumers; and, that Exhibit "6" of the Complaint was part of Del Monte's website. Exhibit 6 of the Complaint is a document, the contents of which speak for themselves; Plaintiffs' characterization of the contents of the document are specifically denied. Except as expressly admitted herein, Del Monte specifically denies each and every one of the remaining allegations in Paragraph 37 of the Complaint.

38.     Denied.  The allegations contained in Paragraph 38 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 and footnote 3 of the Complaint, and therefore denies each and every such allegation.

39.     Denied.  The allegations contained in Paragraph 39 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies each and every such allegation.

40.     Denied.  The allegations contained in Paragraph 40 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore denies each and every such allegation

41.     Denied.  The allegations contained in Paragraph 41 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore denies each and every such allegation

42.     Denied.  The allegations contained in Paragraph 42 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies each and every such allegation

43.    Denied.  The allegations contained in Paragraph 43 are not directed to Del Monte, and therefore are denied. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies each and every such allegation

44.    Denied.  The allegations contained in Paragraph 44 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies each and every such allegation.

45.    Denied.  The allegations contained in Paragraph 45 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies each and every such allegation.

46.    Denied.  The allegations contained in Paragraph 46 are not directed to Del Monte, and therefore are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies each and every such allegation

47.    Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 47 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."  Del Monte lacks sufficient knowledge or information

to admit or deny the remaining allegations in Paragraph 47 of the Complaint, and therefore denies each and every such allegation.

48.    Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 48 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."  Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and therefore denies each and every such allegation.

49.    Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 49 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."   Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 49 of the Complaint, and therefore denies each and every such allegation.

50.    Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 50 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."   Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 50 of the Complaint, and therefore denies each and every such allegation.

51.    Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" and "Defendants" in Paragraph 51 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every

such allegation pertaining to "Defendant Manufacturers" and "Defendants." Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 of the Complaint, and therefore denies each and every such allegation.

52.    Denied. With regard to the allegations directed generically to "Defendant Manufacturers" and "Defendants" in Paragraph 52 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers" and "Defendants." Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 of the Complaint, and therefore denies each and every such allegation.

53.    Denied. With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 53 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."    Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 53 of the Complaint, and therefore denies each and every such allegation.

54.    Denied. With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 54 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."    Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Complaint, and therefore denies each and every such allegation.

55.    Denied. With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 55 of the Complaint and to the extent Del Monte is deemed to be

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."   Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 55 of the Complaint, and therefore denies each and every such allegation.

56.     Denied.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 56 of the Complaint and to the extent Del Monte is deemed to be referred to in these allegations, Del Monte specifically denies each and every such allegation pertaining to "Defendant Manufacturers."  Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 56 of the Complaint, and therefore denies each and every such allegation.

## JURISDICTION AND VENUE

57.     Denied.  The allegations of Paragraph 57 of the Complaint are conclusions of law, to which no response is required; and therefore, they are denied.  To the extent any allegations of this paragraph are deemed to be factual in nature, Del Monte lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore denies each and every such allegation.

58.     Denied.  The allegations of Paragraph 58 of the Complaint are conclusions of law, to which no response is required; and therefore, they are denied.  To the extent any allegations of this paragraph are deemed to be factual in nature, Del Monte lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore denies each and every such allegation.

59.     Admitted in part, denied in part.  With regard to the allegations of paragraph 59 of the Complaint, it is admitted only that for purposes of this suit, Del Monte submits to the

personal jurisdiction of this Court. It is specifically denied that Del Monte committed a tortious act within the State or caused injury to persons or property within the State. The remaining allegations of this paragraph are conclusions of law to which no response is required. To the extent any allegations of this paragraph are deemed to be factual in nature, they are specifically denied. To the extent the allegations of this paragraph are directed to Defendants other than Del Monte, Del Monte is without sufficient information to admit or deny the allegations, and therefore, they are denied.

60.     Denied. The allegations of Paragraph 60 of the Complaint are conclusions of law to which no response is required. To the extent the allegations of this paragraph are deemed to be factual in nature and to the extent any allegations generically referring to "Defendants" is deemed to apply to Del Monte, Del Monte admits only that it has marketed, advertised and sold commercial pet food in this District, but specifically denies that any misrepresentations, deceptive practices, omissions or injuries giving rise to a claim against it occurred here, and denies each and every of the remaining allegations of paragraph 60. To the extent the allegations of this paragraph are directed to Defendants other than Del Monte, Del Monte is without sufficient information to admit or deny the allegations, and therefore, they are denied.

## FACTS GIVING RISE TO THE CLAIMS

61.     Admitted in part, denied in part. With regard to the allegations of paragraph 61 of the Complaint, it is admitted only that the pet food and treat industry is a substantial industry in the United States, that many companion cats and dogs in the United States are fed commercial pet food, and that Del Monte pet food provides nutrition to those pets. Del Monte does not possess sufficient knowledge or information to accurately admit or deny the remaining allegations in Paragraph 61 of the Complaint, and therefore, they are denied.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

62.     Admitted in part, denied in part. With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 62 of the Complaint and to the extent Del Monte is referred to in these allegations, Del Monte specifically denies each and every such allegation. Del Monte lacks sufficient knowledge or information to admit or deny any remaining allegations in Paragraph 62, particularly to the extent they refer to other Defendants or Plaintiffs; and therefore, they are denied. Del Monte admits, however, that it has invested resources to build the confidence of its consumers and customers and values that confidence.

63.     Denied. With regard to the allegations directed to generically to "Defendant Manufacturers" in Paragraph 63 of the Complaint, Del Monte denies each and every such allegation. Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 of the Complaint, and therefore denies each and every such allegation.

64.     Denied. With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 64 of the Complaint, Del Monte denies each and every such allegation. Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the Complaint, and therefore denies each and every such allegation.

65.     Denied. The allegations of Paragraph 66 of the Complaint do not refer to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. To the extent any allegations of this paragraph are deemed to pertain to Del Monte, they are specifically denied. Del Monte does not possess knowledge or information sufficient to accurately admit or deny the allegations of this paragraph to the extent they refer to other Defendants and/or to Plaintiffs; and therefore all such allegation are denied.

66.    Denied.  The allegations of Paragraph 66 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By way of further response, the compound allegations of this paragraph do not refer to any particular Defendant and do not pertain to Del Monte specifically.  With regard to the allegations directed generically to "Defendant Manufacturers" in Paragraph 66 of the Complaint, and to the extent Del Mont is included in that group, Del Monte specifically denies each and every such allegation.  To the extent the allegations of this paragraph are directed to other defendants, Del Monte is not required to answer and does not possess information and knowledge sufficient to accurately admit or deny the allegations and therefore, denies them.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

67.    Denied.  To the extent the generic allegations directed to "Defendants" and "Defendant Manufacturers" refer to Del Monte, Del Monte denies each and every allegation contained in Paragraph 67 of the Complaint.  Del Monte lacks sufficient knowledge or information to admit or deny the allegations of this paragraph to the extent they refer to other defendants and, therefore, they are denied.

68.    Admitted in part, denied in part.  With regard to the allegations of paragraph 68 of the Complaint, To the extent the generic allegations directed to "Defendant Manufacturers" are directed to Del Monte, Del Monte denies each and every such allegation as stated.  Many of the allegations of this paragraph are conclusions of law, and as such, no response is required.  As to the allegations concerning other "Defendant Manufactures", such allegations are not directed to Del Monte; and therefore, Del Monte is not required to respond.  To the extent Del Monte is required to respond to allegations concerning other Defendants, Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 of the

Complaint, and therefore denies each and every such allegation.  Del Monte admits only,

however, that its pet food and treat labels comply with applicable rules and regulations.

69.     Denied.  With regard to the allegations of paragraph 69 of the Complaint, to the

extent the generic allegations directed to "Defendant Manufacturers" are directed to Del Monte,

Del Monte denies each and every such allegation as stated.  Many of the allegations of this

paragraph are conclusions of law, and as such, no response is required.  As to the allegations

concerning other "Defendant Manufactures", such allegations are not directed to Del Monte; and

therefore, Del Monte is not required to respond.  To the extent such allegations are directed to

Del Monte, they are denied.  To the extent Del Monte is required to respond to allegations

concerning other Defendants, Del Monte lacks sufficient knowledge or information to admit or

deny the remaining allegations in Paragraph 69 of the Complaint, and therefore denies each and

every such allegation.

70.     Denied.  The allegations in this paragraph do not pertain to Del Monte; and

therefore, no response is required.  To the extent any of the allegations of this paragraph refer to

Del Monte, Del Monte denies each and every allegation contained in Paragraph 70 of the

Complaint.  To the extent Del Monte is required to respond to allegations concerning other

Defendants, Del Monte lacks sufficient knowledge or information to admit or deny the remaining

allegations in Paragraph 70 of the Complaint, and therefore denies each and every such

allegation.

71.     Denied.  With regard to the allegations of Paragraph 71 of the Complaint, the

allegations in this paragraph do not pertain to Del Monte; and therefore, no response is required.

To the extent Del Monte is required to respond to allegations concerning other Defendants, Del

Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in

Paragraph 68 of the Complaint, and therefore denies each and every such allegation. To the extent any of the allegations of this paragraph refer to Del Monte, Del Monte denies the characterization of any such statement or alleged omission contained in Paragraph 71 of the Complaint and therefore denies all such allegations. As to the allegations concerning Plaintiffs' reliance upon any identified and unidentified statements, Del Monte does not have sufficient knowledge or information to accurately admit or deny such allegations and therefore denies them. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

72. Denied. The allegations contained in Paragraph 72 are not directed to Del Monte, and therefore, they are denied. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies each and every such allegation.

73. Denied. The allegations contained in Paragraph 73 are not directed to Del Monte, and therefore, they are denied. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies each and every such allegation.

74. Denied. The allegations contained in Paragraph 74 are not directed to Del Monte, and therefore, they are denied. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint, and therefore denies each and every such allegation.

75. Denied. The allegations contained in Paragraph 75 are not directed to Del Monte, and therefore, they are denied. To the extent that a response is deemed required by Del Monte, it

lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint, and therefore denies each and every such allegation.

76.    Denied.  The allegations contained in Paragraph 76 are not directed to Del Monte, and therefore, they are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies each and every such allegation.

77.    Denied.  The allegations contained in Paragraph 77 are not directed to Del Monte, and therefore, they are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint, and therefore denies each and every such allegation.

78.    Denied.  The allegations contained in Paragraph 78 are not directed to Del Monte, and therefore, they are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint, and therefore denies each and every such allegation.

79.    Denied.  The allegations contained in Paragraph 79 are not directed to Del Monte, and therefore, they are denied.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore denies each and every such allegation.

80.    Admitted in part, denied in part.  With regard to the allegations of Paragraph 80 of the Complaint, Del Monte specifically denies that any of its statements are "deceptive" as alleged in this paragraph; Del Monte also specifically denies that any competent scientific evidence exists that "dry cat food" is "detrimental" to the health of cats.  By way of further response, Exhibit 19 is a written document, the contents of which speak for themselves.

Plaintiffs' characterization of the contents of Exhibit 19 is specifically denied. Exhibit 20 is a written document, the contents of which speak for themselves. Plaintiffs' characterization of the contents of Exhibit 20 is specifically denied. Exhibit 21 is a written document, the contents of which speak for themselves. Plaintiffs' characterization of the contents of Exhibit 21 is specifically denied. Exhibit 22 does not apply to Del Monte. Del Monte admits, however, that it uses safe and appropriate ingredients in its pet food, including 9 Lives brand dry cat food. The remaining allegations of this paragraph are specifically denied. By way of further response, Del Monte's labeling complies with applicable regulations and requirements.

81.    Denied. The allegations contained in Paragraph 81 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint, and therefore denies each and every such allegation.

82.    Denied. The allegations contained in Paragraph 82 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint, and therefore denies each and every such allegation.

83.    Denied. The allegations contained in Paragraph 83 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendant Manufacturers" are directed to Del Monte, Del Monte denies each and every such allegation as

stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint, and therefore denies each and every such allegation.

84. Denied. The allegations contained in Paragraph 84 are not directed to Del Monte, and therefore, they are denied. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint, and therefore denies each and every such allegation.

85. Denied. The allegations contained in Paragraph 85 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, and therefore denies each and every such allegation.

86. Denied. The allegations contained in Paragraph 86 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint, and therefore denies each and every such allegation.

87. Denied. The allegations contained in Paragraph 87 are not directed to Del Monte, and therefore, they are denied. To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated. To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

88.    Denied.  The allegations contained in Paragraph 88 are not directed to Del Monte, and therefore, they are denied.  To the extent the generic allegations directed to "Defendants" are directed to Del Monte, Del Monte denies each and every such allegation as stated.  To the extent that a response is deemed required by Del Monte as to the remaining allegations, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint, and therefore denies each and every such allegation.

89.    Denied.  The allegations contained in Paragraph 89 are not directed to Del Monte; and therefore no response is required.  To the extent any of the allegations in paragraph 89 are deemed to pertain to Del Monte, Del Monte specifically denies distributing, marketing, advertise and or selling commercial pet food that is manufactured and produced by Menu Food.  To the extent any remaining allegations of Paragraph 89 are deemed to apply to Del Monte, Del Monte specifically denies all such allegations.  To the extent that a response is deemed required by Del Monte as to the allegations pertaining to other Defendants, Del Monte lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint; and therefore Del Monte denies each and every such allegation.

90.    Admitted in part, denied in part.  With regard to the generic allegations of Paragraph 90 of the Complaint directed to "Defendants" and to the extent any allegations refer to Del Monte, Del Monte denies each and every such allegation.  With regard to allegations against other defendants in this paragraph, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied.  Del Monte also denies the definition applied to the word "co-packing" but admits that certain benefits to the consumer and

manufacturer may be derived from co-packing arrangements. Del Monte denies all remaining allegations of this paragraph.

91.    Admitted in part, denied in part. With regard to the allegations contained in Paragraph 91 of the Complaint, Del Monte admits only that it has purchased some ingredients for its pet food products from rendering companies, but deny that those ingredients constituted "inedible waste", were tainted, or were devoid of nutritious contents. With regard to the generic allegations directed to "Defendants" and to the extent they refer to Del Monte, Del Monte denies each and every such allegation. With regard to allegations against other defendants, Del Monte lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

92.    Admitted in part, denied in part. The allegations of Paragraph 92 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations refer to Del Monte, such allegations are specifically denied, except, however, that Del Monte admits that it uses by products, as defined by AAFCO, in certain of its products. To the extent the allegations pertain to other defendants, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

93.    Denied. The allegations of Paragraph 93 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations refer to Del Monte, such allegations are specifically

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

denied. To the extent the allegations pertain to other defendants, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

94.    Denied. The allegations of Paragraph 94 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations refer to Del Monte, such allegations are specifically denied. To the extent the allegations pertain to other defendants, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

95.    Denied. The allegations of Paragraph 95 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations  refer to Del Monte, such allegations are specifically denied. To the extent the allegations pertain to other defendants, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

96.    Denied. The allegations of Paragraph 96 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations generically allege that euthanized cats and dogs and pentobarbital are specifically contained in Del Monte pet food, such allegations are specifically denied. By way of further response, Exhibits 30 and 31 are written documents, the contents of

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

which speak for themselves; Plaintiffs' characterization of the contents of these documents is specifically denied. To the extent the allegations pertain to other defendants, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

97.     Denied.  The allegations of Paragraph 97 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations generically allege that euthanized cats and dogs and pentobarbital are specifically contained in Del Monte pet food, such allegations are specifically denied.  By way of further response, Exhibits 31 and 32 are written documents, the contents of which speak for themselves; Plaintiffs' characterization of the contents of these documents is specifically denied. To the extent the allegations pertain to other defendants or to matters not specifically denied, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

98.     Denied.  The allegations of Paragraph 98 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations generically allege that euthanized cats and dogs and pentobarbital are specifically contained in Del Monte pet food, such allegations are specifically denied.  By way of further response, Exhibit 33 is a written document, the contents of which speak for themselves; Plaintiffs' characterization of the contents of these documents is specifically denied.  To the extent the allegations pertain to Plaintiffs' reliance or actions or to other defendants or to matters not specifically denied, Del Monte lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny such allegations; and therefore, they are denied.  By way of further

response, Del Monte's pet food and labeling comply with applicable regulations and

requirements.

99.    Denied.  Del Monte denies each and every allegation contained in Paragraph 99 of

the Complaint.  By way of further response, Del Monte's pet food and labeling comply with

applicable regulations and requirements.

100.    Admitted in part, denied in part..  The allegations of Paragraph 100 are not

directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response

is required.  Del Monte admits, however, that certain of its pet foods contain certain natural

and/or synthetic preservatives. To the extent the allegations of this paragraph generally disparage

"Defendants' pet food" and allege toxins in Del Monte's pet food in particular, such allegations

are specifically denied, as are all other allegations in this paragraph to the extent same are

asserted against Del. Monte.  Del Monte lacks sufficient knowledge or information to admit or

deny allegations directed at other parties and, therefore, denies them.   Finally, , Exhibits 34 and

35 are written documents, the contents of which speak for themselves; Plaintiffs' characterization

of such documents is specifically denied.  Moreover, Del Monte's pet food and labeling comply

with applicable regulations and requirements.

101.    Denied.  The allegations of Paragraph 101 of the Complaint are not directed to

any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.

However, to the extent the allegations of this paragraph refer to Del Monte, such allegations are

specifically denied.  Del Monte lacks sufficient knowledge or information to admit or deny

allegations directed at other parties and, therefore, denies them.   By way of further response, Del

Monte's pet food and labeling comply with applicable regulations and requirements.

102.    Denied.  The allegations of Paragraph 102 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  However, to the extent the allegations of this paragraph refer to Del Monte, such allegations are specifically denied. By way of further response, Exhibit 34 is a written document, the contents of which speak for themselves; Plaintiffs' characterization of such document is specifically denied.  Moreover, Del Monte's pet food and labeling comply with  applicable regulations and requirements.

103.    Admitted in part, denied in part.  The allegations of Paragraph 103 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By way of further response, the compound allegations of this paragraph do not refer or pertain to Del Monte specifically.  With regard to the allegations directed generically to "Defendant Manufacturers" or "Defendants", and to the extent Del Monte is included in that group, Del Monte specifically denies each and every such allegation, although admits that pet food products have been the subject of recalls over the years. Del Monte specifically denies that their products are not safe, healthy, wholesome or nutritious.  By way of further response, Exhibit 34 is a written document, the contents of which speak for themselves; Plaintiffs' characterization of such document is specifically denied.   To the extent the allegations of this paragraph are directed to other defendants, Del Monte is not required to answer and does not possess information and knowledge sufficient to accurately admit or deny the allegations and, therefore, denies them.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

104.    Denied.  The allegations of Paragraph 104 are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  However, to

the extent the allegations of this paragraph refer to Del Monte, such allegations are specifically denied. Del Monte lacks sufficient knowledge or information to admit or deny allegations directed at other parties and, therefore, denies them.

105.    Denied. The allegations of Paragraph 105 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations refer to Del Monte, such allegations are specifically denied. To the extent the allegations pertain to other defendants or plaintiffs' alleged reliance upon any marketing or advertising, Del Monte lacks sufficient knowledge or information to admit or deny such allegations; and therefore, they are denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

106.    Denied. The allegations of Paragraph 106 are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent the allegations generically disparage "Defendant Manufacturers" and to the extent Del Monte is subject to those allegations, they are specifically denied. Del Monte lacks sufficient knowledge or information to admit or deny allegations directed at other parties and, therefore, denies them.

107.    Denied. The allegations contained in Paragraph 107 of the Complaint are not directed to Del Monte, but pertain solely to the mindset of Plaintiffs. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint, and therefore denies each and every such allegation. By way of a further response, Del Monte denies that it has misrepresented the nature, character, content or quality of its pet food.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

108.    Denied.  The allegations contained in Paragraph 108 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Complaint, and therefore denies each and every such allegation.   Del Monte lacks sufficient knowledge or information to admit or deny allegations directed at other parties and, therefore, denies them.

109.    Denied.  The allegations of Paragraph 109 of the Complaint are conclusions of law to which no response is required; and therefore, they are denied.  To the extent any allegations of this paragraph are deemed to be factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. However, to the extent any factual allegations of this paragraph refer to Del Monte, such allegations are specifically denied. Del Monte lacks sufficient knowledge or information to admit or deny allegations directed at other parties and, therefore, denies them.     By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

110.    Denied.  The allegations of Paragraph 110 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required and Del Monte does not have information sufficient to admit or deny the accuracy of such allegations.  To the extent any factual allegation in this paragraph is deemed to pertain to Del Monte, it is specifically denied.  In particular, the characterizations of the activities and roles of the various trade organizations mentioned in this paragraph are specifically denied.

## CLASS ACTION ALLEGATIONS

111.    Denied.  The allegations of Paragraph 111 of Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

112.    Denied.  The allegations of Paragraph 112 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

113.    Denied.  The allegations of Paragraph 113 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.  By way of further response, it is specifically denied that there are numerous members of a similarly situated class.

114.    Denied.  The allegations of Paragraph 114 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

115.    Denied.  The allegations of Paragraph 115 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

116.    Denied.  The allegations of Paragraph 116 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

117.    Denied.  The allegations of Paragraph 117 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

118.    Denied.  The allegations of Paragraph 118 of the Complaint are conclusions of law and/or a prayer for relief, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

119.    Denied.  The allegations of Paragraph 119 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they denied.

120.    Denied.  The allegations of Paragraph 120 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they denied.

121.    Denied.  The allegations of Paragraph 121 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

122.    Denied.  The allegations of Paragraph 122 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

123.    Admitted in part, denied in part.  Regarding the allegations of Paragraph 123 of the Complaint, it is admitted only that Del Monte is represented by competent and diligent counsel and, upon information and belief, collectively with other Defendants have a majority of the market share of the pet food and treat manufacturing industry.  The remaining allegations of this paragraph are conclusions of law to which no response is required; and therefore, they are denied.  To the extent any of the allegations of this paragraph are deemed to be factual, they are denied.

124.    Denied.  The allegations of Paragraph 124 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

125.    Denied.  The allegations of  Paragraph 125 of the Complaint are conclusions of law and/or prayer for relief, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are denied.

## COUNT I

126.    In response to each and every allegation contained in Paragraph 126, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 125 of Plaintiffs' Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state fraudulent misrepresentation and concealment laws of the various states where the Plaintiff Class members reside" in footnote 8 of the Complaint is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

127.    Admitted in part; denied in part.  With regard to Paragraph 127 of the Complaint, it is admitted only, that to extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, Del Monte manufactured, distributed, marketed, promoted, advertised and sold pet food in the United States during the class period.  The remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, they are denied.

128.    Admitted in part; denied in part.  With regard to Paragraph 128 of the Complaint, it is admitted only that to the extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, certain retailers sold Del Monte pet food during the class period.  The

remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, they are denied.

129.    Denied.  The allegations of Paragraph 129 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By way of further response, the compound allegations of this paragraph do not refer to any particular Defendant and do not pertain to Del Monte specifically.  With regard to the allegations directed generically to "Defendants", and to the extent Del Monte is included in that group, Del Monte specifically denies each and every such allegation.   To the extent any of the generic allegations against "Defendants" in this paragraph are deemed to be factual in nature and to pertain to Del Monte, they are specifically denied.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

130.    Denied.  The allegations of Paragraph 130 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.  Del Monte lacks sufficient knowledge or information to admit or deny allegations directed at other parties and, therefore, denies them.   By way of further response, Del Monte pet food complies with applicable guidelines and regulations.

131.    Denied.  The allegations of  Paragraph 131 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.  Del Monte lacks sufficient knowledge or information to admit or deny

allegations directed at other parties and, therefore, denies them.    By way of further response, Del Monte pet food complies with applicable guidelines and regulations.

132.    Denied.  The allegations of Paragraph 132 of the Complaint are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the state of mind of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; and therefore, they are denied.

133.    Denied.  The allegations of this paragraph are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

134.    Denied.  The allegations of this paragraph are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT II

135.    In response to each and every allegation contained in Paragraph 135, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 134 of Plaintiffs'

Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state negligent misrepresentation laws of the various states where the Plaintiff Class members reside" in footnote 9 of the Complaint is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

136.    Admitted in part; denied in part.  With regard to Paragraph 136 of the Complaint, it is admitted only, that to extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, Del Monte manufactured, distributed, marketed, promoted, advertised and sold pet food in the United States during the class period.  The remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, denies them.

137.    Denied.  The allegations contained in Paragraph 137 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 137 of the Complaint, and therefore denies each and every such allegation and, therefore, denies them

138.    Denied.  The allegations of Paragraph 138 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By way of further response, the compound allegations of this paragraph do not refer to any particular Defendant and do not pertain to Del Monte specifically.  With regard to the allegations directed generically to "Defendants", and to the extent Del Monte is included in that group, Del Monte specifically denies each and every such allegation. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

139.    Denied.  The allegations of Paragraph 139 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

140.    Denied.  The allegations of Paragraph 140 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

141.    Denied.  The allegations of Paragraph of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

142.    Denied.  The allegations of Paragraph 142 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the state of mind of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; and therefore, they are denied.

143.    Denied.  The allegations of Paragraph of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed

to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT III

144.    In response to each and every allegation contained in Paragraph 144 of the Complaint, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 143 of Plaintiffs' Complaint as if fully restated herein. By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state deceptive trade practices laws of the various states where Plaintiff Class members reside" in footnote 10 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

145.    Admitted in part; denied in part. With regard to Paragraph 145 of the Complaint, it is admitted only, that to extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, Del Monte manufactured, distributed, marketed, promoted, advertised and sold pet food in the United States during the class period. The remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, they are denied.

146.    Admitted in part; denied in part. The allegations contained in Paragraph 146 are not directed to Del Monte. To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 146 of

the Complaint, and therefore denies each and every such allegation.  Del Monte admits, however, that certain retailers market and sell its pet food throughout the United States.

147.    Denied.  The allegations of Paragraph 147 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

148.    Denied.  The allegations of Paragraph 148 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

149.    Denied.  The allegations of Paragraph 149 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

150.    Denied.  The allegations of Paragraph 150 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

151.     Denied.  The allegations of Paragraph 151 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

152.     Denied.  The allegations of this paragraph are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.  By way of further response, Plaintiffs' incorporation of legal citations in footnote 11 is improper and do not constitute proper allegations; they are conclusions of law to which no response is required, and therefore, they are denied.

153.     Denied.  The allegations of this paragraph are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the mind set and status of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; therefore, they are denied.

154.     Denied.  The allegations of this paragraph are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT IV

155.    In response to each and every allegation contained in Paragraph 155 of the Complaint , Del Monte incorporates by reference each of its above responses to paragraphs 1 through 154 of Plaintiffs' Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state negligence laws of the various states where Plaintiff Class members reside" in footnote 12 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

156.    Admitted in part; denied in part.  As to Paragraph 145 of the Complaint, it is admitted only, that to extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, Del Monte manufactured, distributed, marketed, promoted, advertised and sold pet food in the United States during the class period.  The remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, they are denied. Del Monte admits, however, that certain retailers market and sell its pet food throughout the United States.

157.    Denied.  The allegations of Paragraph 157 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

158.    Denied.  The allegations of Paragraph 158 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By way of further response, the allegations of this paragraph do not refer to any particular Defendant and do not pertain to Del Monte specifically.  With regard to allegations directed generically to "Defendants", and to the extent Del Mont is included in that group, Del Monte specifically denies each and every such allegation, which are comprised primarily of conclusions of law.  To the extent any of the generic allegations against "Defendants" in this paragraph are deemed to be factual in nature and to pertain to Del Monte, they are specifically denied.  By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

159.    Denied.  The allegations of Paragraph 159 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

160.    Denied.  The allegations of Paragraph 160 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

161.    Denied.  The allegations of Paragraph 161 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT V

162.    In response to each and every allegation contained in Paragraph 162, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 161 of Plaintiffs' Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state strict liability laws of the various states where Class members reside" in footnote 13 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

163.    Denied.  The allegations of Paragraph 163 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the activities of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; therefore, they are denied.

164.    Denied.  The allegations of Paragraph 164 of the Complaint are improper in that they fail to differentiate conduct complained of by each defendant in violation of Rule 8(b).  By

way of further response, the allegations of this paragraph do not refer to any particular Defendant and do not pertain to Del Monte specifically. With regard to allegations directed generically to "Defendants", and to the extent Del Mont is included in that group, Del Monte specifically denies each and every such allegation. To the extent any of the generic allegations against "Defendants" in this paragraph are deemed to be factual in nature and to pertain to Del Monte, they are specifically denied. By way of further response, Del Monte's pet food and labeling comply with applicable regulations and requirements.

165.    Denied. The allegations of Paragraph 165 of the Complaint are conclusions of law, to which no response is required. To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required. To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT VI

166.    In response to each and every allegation contained in Paragraph 166, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 165 of Plaintiffs' Complaint as if fully restated herein. By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state breach of warranty laws of the various states where Class members reside" in footnote 14 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

167. – 173.    Denied.  The allegations in this Count of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in this Count of the Complaint, and therefore denies each and every such allegation.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

### COUNT VII

174.    In response to each and every allegation contained in Paragraph 174 of the Complaint, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 173 of Plaintiffs' Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state breach of express warranty laws of the various states where Plaintiff Class members reside" in footnote 15 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

175.    Admitted in part; denied in part.   The allegations contained in Paragraph 175 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Complaint, and therefore denies each and every such allegation.  Del Monte admits, however, that certain retailers sell its pet food throughout the United States.

176.    Denied.  The allegations contained in Paragraph 176 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks

sufficient knowledge or information to admit or deny the allegations in Paragraph 176 of the Complaint, and therefore denies each and every such allegation.

177.    Denied.  The allegations contained in Paragraph 177 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the Complaint, and therefore denies each and every such allegation.

178.    Denied.  The allegations contained in Paragraph 178 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 of the Complaint, and therefore denies each and every such allegation.

179.    Denied.  The allegations contained in Paragraph 179 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 of the Complaint, and therefore denies each and every such allegation.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

## COUNT VIII

180.    In response to each and every allegation contained in Paragraph 180 of the Complaint, Del Monte incorporates by reference each of its above responses to paragraphs 1 through 179 of Plaintiffs' Complaint as if fully restated herein.  By way of further response, Plaintiffs' attempt to generically incorporate allegations under "other state unjust enrichment

laws of the various states where Plaintiff Class members reside" in footnote 16 is improper, and represents a conclusion of law to which no response is required; and therefore, it is denied.

181.    Denied.  The allegations of Paragraph 181 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

182.    Admitted in part; denied in part.  With regard to Paragraph 182 of the Complaint, it is admitted only, that to extent the allegation pertaining to "Defendant Manufacturers" applies to Del Monte, Del Monte manufactured, distributed, marketed, promoted, advertised and sold pet food in the United States during the class period.  The remaining allegations of this paragraph do not pertain to Del Monte; and Del Monte does not have sufficient information by which to accurately admit or deny the allegations and, therefore, denies them.

183.    Admitted in part; denied in part.  The allegations contained in Paragraph 183 of the Complaint are not directed to Del Monte.  To the extent that a response is deemed required by Del Monte, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 183 of the Complaint, and therefore denies each and every such allegation., however, Del Monte admits that it sold pet food throughout the United States through certain retailers.

184.    Denied.  The allegations of Paragraph 184 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the activities of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to

the accuracy of the allegations; and therefore, they are denied.  To the extent any of the allegations of Paragraph 184 refer to Del Monte, they are denied.

185.    Denied.  The allegations of Paragraph 185 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte; and therefore, no response is required.  To the extent any factual allegations in this paragraph are deemed to pertain to Del Monte, they are specifically denied.

186.    Denied.  The allegations of Paragraph 186 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the mind set of Plaintiffs; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; and therefore, they are denied.  To the extent any of the allegations of Paragraph 186 refer to Del Monte, they are denied.

187.    Denied.  The allegations of Paragraph 187 of the Complaint are conclusions of law, to which no response is required.  To the extent any of the allegations of this paragraph are deemed to factual in nature, they are not directed to any particular Defendant and do not pertain to Del Monte, but rather characterize the Plaintiffs' legal positions; and therefore, no response is required and Del Monte does not have sufficient information upon which to base a belief as to the accuracy of the allegations; and therefore, they are denied.  To the extent any of the allegations of Paragraph 186 refer to Del Monte, they are denied.

188.    Denied.  The allegations of this paragraph are conclusions of law and/or prayer for relief to which no response is required; and therefore, they are denied.

WHEREFORE, Del Monte demands judgment in its favor and against Plaintiffs, dismissing the claims in this Complaint and for such other and further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiffs lack standing to assert the claims alleged in the Complaint.

#### Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statutes of limitations or repose, the doctrine of laches and are otherwise untimely.

#### Third Affirmative Defense

Venue for Plaintiffs' claims is improper in this District.

#### Fourth Affirmative Defense

The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

#### Fifth Affirmative Defense

The claims are barred, in whole or in part, because Plaintiffs and/or Plaintiffs' claims have not been properly joined in this action.

#### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the application of res judicata and/or collateral estoppel.

#### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the claims are not recognized as separate causes of action under applicable law.

### Eighth Affirmative Defense

.Plaintiffs' claims are barred by the doctrine of waiver.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and

satisfaction and/or by the doctrine of release.

### Tenth Affirmative Defense

Plaintiffs fail to allege fraud with requisite particularity and fail to allege sufficient

ultimate facts to support any finding the Del Monte, its officers, agents, servants, employees,

contractors or others for whom it was responsible, made any fraudulent misrepresentations or

omissions or engaged in any conduct with the requisite scienter or state of mind.

### Eleventh Affirmative Defense

Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United

States Constitution and by federal law.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the products at issue, including

any and all labels and/or warnings, complied with federal and/or state law, codes, statutes, rules,

regulations and/or standards.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the conduct at issue, including

any and all advertising, marketing and/or labeling, was required or specifically permitted by

federal and/or state law, codes, statutes, rules, regulations or standards.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred because the products at issue were designed, tested, manufactured, and labeled in accordance with the state of the art industry standards existing at the time of the sale.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred because the products at issue included adequate information with respect to their contents and proper use.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred because Del Monte satisfied their duty to warn under the learned intermediary doctrine.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred because no false or misleading representations were made by Del Monte to Plaintiffs or to the public at large with respect to Del Monte's products.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, product liability and/or strict liability statutes of the several states.

### Nineteenth Affirmative Defense

Plaintiffs' consumer protection and/or deceptive practices claims are barred because the state statutes upon which Plaintiffs' claims are based are unconstitutional as applied in this action.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred by Del Monte's First Amendment rights to commercial speech.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

**Twenty-first Affirmative Defense**

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, such damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and thus, under the doctrine of contributory negligence, are not recoverable.

**Twenty-second Affirmative Defense**

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, such damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and/or by the negligence or fault of persons or entities other than Del Monte.  Thus, under the doctrine of comparative fault, Plaintiffs' recovery against Del Monte must be diminished by that percentage of negligence or fault attributable to Plaintiffs and/or persons or entities other than Del Monte.

**Twenty-third Affirmative Defense**

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, such damages were caused, in whole or in part, by Plaintiffs' misuse of the products at issue.

**Twenty-fourth Affirmative Defense**

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs failed to mitigate their damages and any recovery is to be diminished by the degree of said failure to mitigate.

**Twenty-fifth Affirmative Defense**

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs' recovery is limited by the statutory caps on non-economic damages that exist under applicable law.

**Twenty-sixth Affirmative Defense**

To the extent Plaintiffs seek punitive damages for conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate Del Monte's constitutional rights under the United States Constitution and/or the constitutions of the 50 states.

### Twenty-seventh Affirmative Defense

Del Monte adopts and incorporates by reference any affirmative defenses asserted by any other Defendant to this action to the extent such affirmative defenses apply to Del Monte.

### Twenty-eighth Affirmative Defense

Del Monte is entitled to the benefits of all defenses and presumptions contained in or arising from any Uniform Commercial Code provisions enacted by the State of Florida.

### Twenty-ninth Affirmative Defense

Plaintiffs are barred from any remedy under U.C.C. §2-607(3) because Plaintiffs accepted Defendants' products and failed to notify Defendants of the breach within a reasonable time after Plaintiffs discovered or should have discovered the breach.

### Thirtieth Affirmative Defense

Plaintiffs' claims are barred by federal preemption because any advertising of Del Monte's products complies with the rules and regulations and the statutes administered by the Federal Trade Commission, including but not limited to 15 USC §45, 15 USC §52, 15 USC §55 and 16 CFR §255.1.

### Thirty-first Affirmative Defenses

Any oral warranties upon which Plaintiffs allegedly relied are inadmissible and waivable as a result of the applicable Statute of Frauds, as provided in UCC 2-201.

### Thirty-second Affirmative Defenses

Plaintiffs' damages, all of which are vehemently denied, are barred by the economic loss rule.

### Thirty-third Affirmative Defenses

Plaintiffs damages, all of which are vehemently denied, are barred by the statute of repose.

**WHEREFORE**, Del Monte respectfully requests judgment in its favor and against Plaintiffs in this action, dismissing the Complaint and for such other and further relief as this Court deems just and proper.

Dated: May 12, 2008

Respectfully submitted,

 _/s/ Sherril M. Colombo_
COZEN O' CONNOR
By: SHERRIL M. COLOMBO
Florida Bar No. 0948799
*Attorneys for Defendant*
*Del Monte Foods, Co.*
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone:  (305) 704-5945
Facsimile:  (305) 704-5955


of Counsel


    _Richard Fama_
COZEN O'CONNOR
By:    RICHARD FAMA
45 Broadway Atrium, Suite 1600
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.


By: /s/ Sherril M. Colombo


### RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.
### Case No. 07-21221-CIV-ALTONAGA/BROWN

### SERVICE LIST

Catherine J. MacIvor
E-mail: cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail: iforeman@,pfflegal.com
Jeffrey Bradford Maltzman
E-mail: jmaltzman@mflegal.com
Darren W. Friedman
E-mail: dfriedman@mflegal.com
Bjorg Eikeland
E-mail: beikeland@,,rnflegal.com
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard,
 Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail: rd@,kubickdraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
KUBICKI DRAPER
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Telephone: (305) 982-6708
Facsimile: (305) 374-7846

John B.T. Murray, Jr.
E-mail: jbmurray@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation*

Amy W. Schulman
E-mail: amy.schu1nan2dlayiper.com
Alexander Shaknes
E-mail: Alex. Shaknes(ZWlapiner.com
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*
Lonnie L. Simpson
E-mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail: Douglas.knox@dlapiper.com DLA PIPER US LLP
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone: (813) 229-2111
Facsimile: (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

O m a r  O r t e g a
E-mail: oorteeandortaandorte ag com
DORTA AND ORTEGA, P.A. Douglas Entrance
800 S. Douglas Road, Suite 149 Coral Gables, FL 33134
Telephone: (305) 461-5454 Facsimile: (305) 461-5226

*Attorneys for Defendants Mars, Incorporated, Mars Petcare US, Inc. and Nutro Products, Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Hugh J. Turner, Jr.
E-mail: hujzh.turner@akerman.com
AKERMAN SENTERFITT
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

*Attorneys for Defendant Publix Super Markets, Inc*
Dane H. Butswinkas
E-mail: dbutswinkas@wc.com Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.com Patrick J. Houlihan
E-mail: phoulihan@wc.com
Juli Ann Lund
E-mail: jlund@wc.com
Amy R. Davis
E-mail: adavis@w.c.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 200005

*Attorneys for Defendants Mars, Incorporated, Mars Petcare US, Inc. and Nutro Products, Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieir@carltonfields.com
Ana M. Craig
E-mail: acraig_@carltonfields.com
CARLTON FIELDS, P.A.
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Kara L. McCall
E-mail: kmccall@Sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

John J. Koster
E-mail: ikuster@sidley.com James D. Arden
E-mail: jarden@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Omar Ortega
Dorta & Ortega PA
800 S. Douglas Road, Suite 149
Coral Gables, FL 33134
ortegalaw@bellsouth.net
Telephone: 305-

*Attorneys for Defendant Mars, Inc. Mars*
*Petcare US, Inc. and Nutro Products, Inc.*

Carol A. Licko
E-mail: calicko@JLMaw.com
HOGAN & HARTSON L.L.P.
Mellon Financial Center
1111 Brickell Avenue,
Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

Robert C. Troyer
E-mail: rctrove.r@hhlaw.com
HOGAN & HARTSON L.L.P.
1200 17th Street

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-300
Facsimile: (303) 899-7333

*Attorneys for Defendant Nestle Purina Petcare Attorneys for Defendant Nestle Purina Petcare Co..*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberger@hhlaw.com
HOGAN & HARTSON L.L.P. 555 13TH Street, NW
Washington, D.C. 20004
 Telephone: (202) 637-5600
 Facsimile: (202) 637-5910

*Attorneys for Defendant Nestle Purina Petcare* Co.

 Alan G. Greer '
 E-mail: a reer ,richmangreer.com
 RICHMAN GREER, P.A.
 Miami Center - Suite 1000
 201 South Biscayne Boulevard
 Miami, FL 33131
 Telephone: (305) 373-4000
 Facsimile: (305) 373-4099

 *Attorneys for Defendant The Iams Co.*

*Attorneys for Defendant The Kroger Co. of Ohio*

James K. Reuss
E-mail: JReuss@lanealton.com
LANE ALTON & HORST, LLC
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
 D. Jeffrey Ireland
 E-mail: diireland@f.iclaw.com
 Brian D. Wright
 E-mail: BwrightQficlaw.com
 Laura A. Sanom
 E-mail: lsanom@f.iclaw.com
 FARUKI IRELAND & COX P.L.L.
 500 Courthouse Plaza, S.W.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
E-mail: rlhanper@ssd.co
SQUIRE, SANDERS & DEMPSEY L.L.P.
200 S. Biscayne Boulevard
40'" Floor
Miami, FL 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
*Attorneys for Defendants PETCO
AnimalSupplies Stores, Inc.*

*Attorneys for Defendants Pet Supplies "Plus"
Supplies Plus/USA, Inc.*
C. Richard Fulmer, Jr.
E-mail: rfulmergFulmer.LeRoy.com
FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

Craig P. Kalil
E-mail: ckalil@aballi.co
Joshua D.Poyer
E-mail: inoyer@abailli.com
ABALLI, MILNE, KALIL & ESCAGEDO, P.A.
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc. and Albertson's LLC*
W. Randolph Teslik, P.C. E-mail: rteslik@a,akingump.com
Andrew Dober .:
E-mail: adober@akinm=.com
AKIN GUMP STRAUSS HAUER & FELD
LLP

Ralph G. Patino
E-mail: Epatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:
dtamarazzona,patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
PATINO & ASSOCIATES, P.A.
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone: (305) 443-

*and Pet*

58

1333 New Hampshire Avenue, NW Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Jeffrey S. York
E-mail: iyork(a).mcguirewoods.com
Michael M. Giel
E-mail: mgiel@,rncguirewoods.com
McGUIRE WOODS LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

Kristen E. Caverly
E-mail: kcaverly_@hcesq.com
Tony F. Farmani
E-mail: tfarmaniCahcesq.com
HENDERSON & CAVERLY LLP
P.O. Box 9144
16236 San Dieguito Road, Suite 413
Rancho Santa Fe, California 92067-9144
*Attorneys for Defendant Natura Pet Products, Inc.*

NEWYORK_DOWNTOWN\371056\1 205726.000

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT DEL MONTE FOODS, Co.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**