UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated,

                                        Plaintiffs,

vs.

MARS, INCORPORATED, et al.,

                                        Defendants.
_____/

**ANSWER OF THE IAMS COMPANY TO PLAINTIFFS'
FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant The Iams Company ("Iams") responds as follows to the Fourth

Amended Class Action Complaint ("Fourth Amended Complaint") filed by Plaintiffs Renee

Blaszkowski, Patricia Davis, Susan Peters, Deborah Hock, Beth Wilson, Claire Kotzampaltiris,

Donna Hopkins-Jones, Marian Lupo, Jane Herring, Jo-Ann Murphy, Stephanie Stone, Patricia

Hanrahan, Debbie Rice, Ann Quinn, Sharon Mathiesen, Sandy Shore, Carolyn White, Lou

Wiggins, Michelle Lucarelli, Raul Isern, Danielle Valoras, Lisa MacDonald, Cindy Tregoe,

Jennifer Damron, Marlena Rucker, Julie Nelson, Yvonne Thomas, Debbie McGregor, Linda

Brown and Tone Gaglione, individually and on behalf of others similarly situated (collectively

"Plaintiffs"):

**INTRODUCTION**

1.        Iams admits that Plaintiffs purport to bring the case as a class action.

Iams is without knowledge or information sufficient to form a belief as to the truth of the

Dockets.Justia.com

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

remaining allegations contained in paragraph 1 of Plaintiffs' Fourth Amended Complaint and,
therefore, those allegations are denied.

2.      Iams admits that Plaintiffs purport to bring an action for injunctive
relief, restitution, and damages for false and deceptive advertising, misrepresentation and
omissions made by Defendants in the marketing, advertising, and sale of Defendants' pet food
and treats and for alleged illnesses and/or deaths of Plaintiffs' cats and dogs from ingesting the
Defendants' pet food and treats.  Iams denies that it has engaged in false or deceptive advertising
or made any misrepresentations or omissions in the marketing, advertising or sales of its
products.  Iams is without knowledge or information sufficient to form a belief as to the truth of
the remaining allegations contained in paragraph 2 of Plaintiffs' Fourth Amended Complaint and,
therefore, those allegations are denied.

## PARTIES

### Plaintiffs/Class Representatives

3-32.      Iams is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 3 through 32 of Plaintiffs' Fourth Amended
Complaint and, therefore, those allegations are denied.

## DEFENDANTS

### Defendant Manufacturers

33.      Iams admits that Defendant Mars Inc. ("Mars") markets and sells dog
and cat food products.  Iams is without knowledge or information sufficient to form a belief as to

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

the truth of the remaining allegations contained in paragraph 33 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

34.    Iams admits that Defendant Mars Petcare US, Inc. ("Mars Petcare") markets and sells dog and cat food products. Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

35.    Iams admits that it is an Ohio corporation with its principal place of business in Dayton, Ohio. Iams admits that it is in the business of manufacturing, producing, marketing, advertising, and selling dog and cat food products that are sold to consumers under the brand names Iams® and Eukanuba®, and that it sells Iams Veterinary Formula® (formerly known as Eukanuba Veterinary Diet®) to veterinarians. Iams admits that it conducts business in the United States, and that Iams' dog and cat food products are purchased by consumers in the state of Florida. Iams admits that it was founded in 1946, that in September 1999 it became a wholly-owned subsidiary of The Procter & Gamble Company ("P&G"), and that it joined P&G's Health Care global business unit. Iams admits that it invests in promoting its dog and cat food products so that consumers will have confidence in them. Iams admits that Exhibit 4 appears to be an excerpt from Iams' website that has been taken out of context, and the document and exhibit speak for themselves. Iams denies the remaining allegations in paragraph 35 of the Fourth Amended Complaint. As to Footnote 1 in paragraph 35, Iams admits that P&G spent millions to acquire Iams. Iams admits that Exhibit 3 appears to be an excerpt from P&G's website that has been taken out of context, and the document and exhibit speak for themselves.

3

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

As to the remaining allegations of Footnote 1 in paragraph 35, Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Footnote 1 to paragraph 35 of Plaintiffs' Fourth Amended Complaint, and those allegations are denied.  As to paragraph 35 and Footnote 1, Iams specifically avers that P&G does not manufacture, distribute, market or sell dog and cat food.

36.    Iams admits that Defendant Hill's Pet Nutrition, Inc. ("Hill's") markets and sells dog and cat food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

37.    Iams admits that Defendant Del Monte Foods Co. ("Del Monte") markets and sells dog and cat food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

38.    Iams admits that Defendant Nestlé Purina Petcare Co. ("Nestlé") markets and sells dog and cat food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

39.    Iams admits that Defendant Nutro Products, Inc. ("Nutro") markets and sells dog and cat food products.  Iams is without knowledge or information sufficient to form

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

a belief as to the truth of the remaining allegations contained in paragraph 39 of Plaintiffs' Fourth

Amended Complaint and, therefore, those allegations are denied.

40.    Iams admits that Natura Pet Products, Inc. ("Natura") markets and sells

dog and cat food products.  Iams is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations contained in paragraph 40 of Plaintiffs' Fourth

Amended Complaint and, therefore, those allegations are denied.

## Defendant Co-Packers

41.    The allegations contained in paragraph 41 of Plaintiffs' Fourth

Amended Complaint are directed toward another Defendant, not Iams, thus Iams is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 41 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

42.    The allegations contained in paragraph 42 of Plaintiffs' Fourth

Amended Complaint are directed toward another Defendant, not Iams, thus Iams is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 42 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

43.    Iams admits that certain Menu Foods-related entities (specifically,

Menu Foods Limited) manufacture, produce, and/or sell dog and cat food and/or treats to Iams.

Iams is without knowledge or information sufficient to form a belief as to the truth of the

RENEE BLASZKOWSKI, *et al.*, individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

remaining allegations contained in paragraph 43 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

44.     The allegations contained in paragraph 44 of Plaintiffs' Fourth Amended Complaint are directed toward another Defendant, not Iams, thus Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

45.     Iams admits that certain Menu Foods-related entities (specifically, Menu Foods Limited) have manufactured, produced, and/or sold certain wet canned and pouch dog and cat food products to Iams under the brand names Iams®, Eukanuba®, and Iams Veterinary Formula®. Iams denies that Menu Foods (or any Menu Foods-related entity) manufactures, produces, and/or sells any pet food products to P&G, or that P&G is a Defendant in this matter. Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

46.     Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

### Defendant Retailers

47.        Iams admits that Defendant Target Corp. ("Target") sells pet food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

48.        Iams admits that Defendant Wal-Mart Stores, Inc. ("Wal-Mart") sells pet food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

49.        Iams admits that Defendant Publix Supermarkets, Inc. ("Publix") sells pet food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

50.        Iams admits that Defendant Albertson's LLC ("Albertson's") sells pet food products.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

51.        Iams admits that Defendant New Albertson's, Inc. ("New Albertson's") sells pet food products.  Iams is without knowledge or information sufficient to form a belief as

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

to the truth of the remaining allegations contained in paragraph 51 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

52.      Iams admits that Defendant The Kroger Co. of Ohio ("Kroger") sells

pet food products.  Iams is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in paragraph 52 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

### Defendant Pet Specialty Retailers

53.      Iams admits that Defendant PetSmart, Inc. ("PetSmart") sells pet food

products.  Iams is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 53 of Plaintiffs' Fourth Amended Complaint

and, therefore, those allegations are denied.

54.      Iams admits that Defendant Pet Supermarket, Inc. ("Pet Supermarket")

sells pet food products.  Iams is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 54 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

55.      Iams admits that Defendant PetCo Animal Supplies Stores, Inc.

("PetCo") sells pet food products.  Iams is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 55 of Plaintiffs' Fourth

Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

56.    Iams admits that Defendant Pet Supplies "Plus"/USA, Inc. ("Pet

Supplies") sells pet food products. Iams is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in paragraph 56 of Plaintiffs' Fourth

Amended Complaint and, therefore, those allegations are denied.

## JURISDICTION AND VENUE

57.    Iams admits that Plaintiffs purport to allege subject-matter jurisdiction

pursuant to 28 U.S.C. § 1332(d)(2), as amended by CAFA, and 28 U.S.C. § 1367. Iams denies

the fact allegations contained in paragraph 57 of the Fourth Amended Complaint for lack of

knowledge or information sufficient to form a belief as to the truth of the allegations. The

remaining allegations contained in paragraph 57 of Plaintiffs' Fourth Amended Complaint

contain legal conclusions to which no response is required. To the extent that the Court

determines that a response is necessary to the remaining allegations, Iams denies the allegations

in paragraph 57 of the Fourth Amended Complaint.

58.    Iams is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 58 of Plaintiffs' Fourth Amended Complaint

and, therefore, those allegations are denied.

59.    Iams admits that Plaintiffs purport to allege jurisdiction pursuant to

Florida Statute § 48.193. The allegations contained in paragraph 59 of Plaintiffs' Fourth

Amended Complaint contain legal conclusions to which no response is required. To the extent

that the Court determines that a response is necessary, Iams denies that it committed any tortious

act within the state of Florida or caused injury to any persons or property within the state of

9

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

Florida. Iams denies the remaining allegations in paragraph 59 of Plaintiffs' Fourth Amended

Complaint. To the extent that the allegations in paragraph 59 are addressed to Defendants other

than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 59 of Plaintiffs' Fourth Amended Complaint and,

therefore, those allegations are denied.

        60.        Iams admits that Plaintiffs purport to allege venue pursuant to 28

U.S.C. § 1391. The allegations contained in paragraph 60 of Plaintiffs' Fourth Amended

Complaint contain legal conclusions to which no response is required. To the extent that the

Court determines that a response is necessary, Iams admits that it marketed, advertised, and sold

dog and cat food products in the state of Florida and this judicial district. Iams denies the

remaining allegations in paragraph 60 of Plaintiffs' Fourth Amended Complaint. To the extent

that the allegations in paragraph 60 are addressed to Defendants other than Iams, Iams is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 60 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

## FACTS GIVING RISE TO THE CLAIMS

        61.        Iams admits that the pet food industry is a large industry in the United

States, cats and dogs are fed commercial pet food, and the dog and cat food delivers nutritional

value to those pets. Iams is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 61 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied. To the extent that the allegations in

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

paragraph 61 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

62.    Iams admits that it markets dog and cat food products and seeks to build consumer confidence in those products based upon true and accurate statements. Iams denies the remaining allegations in paragraph 62 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 62 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

63.    Iams admits that it has relationships with certain Defendant Pet Specialty Retailers and that some of those Defendant Pet Specialty Retailers market, advertise, and sell pet food products, including certain Iams dog and cat food products. Iams further admits that it markets and sells its dog and cat food products through the use of certain point of purchase marketing, and that certain Defendant Specialty Retailers display advertising and marketing materials created by Iams. Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied. To the extent that the allegations in paragraph 63 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

paragraph 63 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

64.     Iams admits that it has made claims based upon scientific research. Iams denies that it manufactures, produces, markets, advertises, and sells dog and cat food products through any false or misleading advertising. Iams denies that it manufactures, produces, markets, advertises, and sells pet food products that are not beneficial and healthy for dogs and cats. Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied. To the extent that the allegations in paragraph 64 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

65.     Iams denies that it manufactures, produces, markets, advertises, and sells dog and cat food products that are not beneficial and healthy for dogs and cats. Iams denies the allegations in paragraph 65 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 65 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

66.     Iams denies the allegations in paragraph 66 of Plaintiffs' Fourth Amended Complaint, including each allegation in each subpart to paragraph 66 of Plaintiffs'

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

Fourth Amended Complaint. To the extent that the allegations in paragraph 66 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

67.    Iams denies the allegations in paragraph 67 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 67 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

68.    Iams admits that it markets and has marketed certain dog and cat food products with terms such as "veterinarian recommended," "premium," or "quality." Iams denies the remaining allegations in paragraph 68 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 68 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

69.    Iams denies the allegations in paragraph 69 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 69 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

13

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

70.        Iams admits that Beneful®, Natural Choice®, Science Diet®, and "The Good Life" are the names of pet food brands. Iams denies all of the remaining allegations in paragraph 70 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 70 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

71.        Iams admits that its packaging contains claims, including some of the statements referred to in paragraph 71. Iams denies that any statements on the packaging for Iams' pet food products are false or misleading in any way, and denies all of the remaining allegations in paragraph 71 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 71 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Mars' "Good Life Recipe"™

72-73.        Paragraphs 72 and 73 are allegations related to the conduct of Mars. None of the allegations in these paragraphs require a response from Iams. To the extent that the allegations in paragraph 72 and 73 address conduct by Iams and require a response, Iams denies the allegations in these paragraphs. To the extent that the allegations in paragraphs 72 and 73 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

form a belief as to the truth of the allegations contained in paragraphs 72 and 73 of Plaintiffs'

Fourth Amended Complaint and, therefore, those allegations are denied.

### Mars' Pedigree®

74.        Paragraph 74 contains allegations related to the conduct of Mars.

None of the allegations in this paragraph requires a response from Iams. To the extent that the

allegations in paragraph 74 address conduct by Iams and require a response, Iams denies the

allegations in this paragraph. To the extent that the allegations in paragraph 74 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 74 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

### P&G's Iams™

75.        Iams admits that some of its dog and cat dog food products make the

statements "Veterinarian Recommended" and "More vets recommend Iams than the leading

grocery brand." While the statements referred to in paragraph 75 are quoted out of context, Iams

admits that the statements, along with other information available to consumers, have been used

to market some of Iams' dog and cat food products. Iams admits that the marketing materials

state that the "Veterinarian Recommended" claim is supported by a survey. Iams denies the

remaining allegations in paragraph 75 of Plaintiffs' Fourth Amended Complaint.

76.        Iams admits that it has made the statements referred to in paragraph 76

of Plaintiffs' Fourth Amended Complaint. While the quoted statements in paragraph 76 of

Plaintiffs' Fourth Amended Complaint are quoted out of context, Iams admits that the statements,

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

along with other information available to consumers, have been used to market some of Iams'

dog and cat food products. Iams admits that Exhibit 16 is taken out of context and that the

Exhibit speaks for itself. Iams denies that it manufactures, produces, markets, advertises, and

sells dog and cat food products through any false or misleading advertising, including the

advertising quoted in paragraph 76 of Plaintiffs' Fourth Amended Complaint. Iams further

denies that it manufactures, produces, markets, advertises, and sells dog and cat food products

that are not beneficial and healthy for dogs and cats. Iams denies the remaining allegations in

paragraph 76 of Plaintiffs' Fourth Amended Complaint.

### Colgate's and Hills' Science Diet®

77-79.    Paragraphs 77 through 79 contain allegations related to the conduct of

Hill's. None of the allegations in these paragraphs require a response from Iams. To the extent

that the allegations in paragraphs 77 through 79 address conduct by Iams and require a response,

Iams denies the allegations in these paragraphs. To the extent that the allegations in paragraphs

77 through 79 are addressed to Defendants other than Iams, Iams is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraphs

77 through 79 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

### Del Monte's 9Lives®

80.    Paragraph 80 contains allegations related to the conduct of Del Monte.

None of the allegations in this paragraph requires a response from Iams. To the extent that the

allegations in paragraph 80 address conduct by Iams and require a response, Iams denies the

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

allegations in this paragraph. To the extent that the allegations in paragraph 80 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Nestlé's Beneful®

81.     Paragraph 81 contains allegations related to the conduct of Nestlé. None of the allegations in this paragraph require a response from Iams. To the extent that the allegations in paragraph 81 address conduct by Iams and requires a response, Iams denies the allegations in this paragraph. To the extent that the allegations in paragraph 81 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Nutro Natural Choice® Complete Care® Indoor Adult Cat

82.     Paragraph 82 contains allegations related to the conduct of Nutro. None of the allegations in this paragraph requires a response from Iams. To the extent that the allegations in paragraph 82 address conduct by Iams and requires a response, Iams denies the allegations in this paragraph. To the extent that the allegations in paragraph 82 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

### Natura Brand Pet Food

83.        Paragraph 83 contains allegations related to the conduct of Natura. None of the allegations in this paragraph requires a response from Iams. To the extent that the allegations in paragraph 83 address conduct by Iams and requires a response, Iams denies the allegations in this paragraph. To the extent that the allegations in paragraph 83 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### PetCo's Marketing of the Defendants' Premium Pet Foods

84.        Iams admits that PetCo sells pet products, including Iams dog and cat food products. Iams admits that PetCo uses signage, and that a partial example of a sign is attached as Exhibit 25 to Plaintiffs' Fourth Amended Complaint. Iams denies the remaining allegations in paragraph 84 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 84 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

85.        Iams admits that PetCo uses in store materials and that an example of such material is a photograph of a portion of an Iams sign that is attached as Exhibit 26 to Plaintiffs' Fourth Amended Complaint. Iams denies the remaining allegations of paragraph 85 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 85 are

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Petsmart's Marketing of the Defendants' Premium Pet Foods

86.     Iams admits that PetSmart sells pet products, including Iams dog and cat food products. Iams admits that PetSmart uses in store materials and that photographs of a portion of sign that mentions Iams products are attached as Exhibits 28 and 29 to Plaintiffs' Fourth Amended Complaint. Iams admits that PetSmart sells a product called Authority. Iams denies the remaining allegations in paragraph 86 to Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 86 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Foods

87.     Iams admits that Pet Supermarket and Pet Supplies Plus sell pet products, including Iams dog and cat food products. Iams admits that Pet Supermarket and Pet Supplies Plus use in-store signage. Iams denies the remaining allegations in paragraph 87 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 87 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## Retailers Marketing of the Defendants' Pet Food

88.     Iams admits that Target, Wal-Mart, Publix, Albertson's, New Albertson's, and Kroger sell pet products, including Iams dog and cat food products. Iams admits that these retailers use in-store signage, and that some of these retailers may display Iams' point of purchase marketing material. Iams denies the remaining allegations in paragraph 88 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 88 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

89.     Iams admits that Menu Foods manufactures and produces dog and cat food. Iams admits that Menu Foods has sold dog and cat food product to Iams. Iams denies the remaining allegations in paragraph 89 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 89 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

90.     Iams denies the allegations in paragraph 90 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 90 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

91.    Iams admits that some of its dog and cat food products contain rendered ingredients. Iams specifically denies that any of its dog and cat food products are not beneficial and healthy for dogs and cats, and it avers that its products contain ingredients that are consistent with regulations and guidelines promulgated by AAFCO, state regulatory authorities and the FDA. Iams denies the remaining allegations in paragraph 91 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 91 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

92.    Iams denies the allegations in paragraph 92 of Plaintiffs' Fourth Amended Complaint, and it specifically avers that its products contain ingredients that are consistent with regulations and guidelines promulgated by AAFCO, state regulatory authorities and the FDA. To the extent that the allegations in paragraph 92 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

93.    Iams can neither admit nor deny the allegations contained in paragraph 93 because the allegations contained within this paragraph are not directed at any Defendant. To the extent any response is required, Iams denies the allegations in paragraph 93 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 93 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

as to the truth of the allegations contained in paragraph 93 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

94.     Iams denies the allegations in paragraph 94 of Plaintiffs' Fourth

Amended Complaint.  To the extent that the allegations in paragraph 94 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 94 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

95.     Iams denies the allegations in paragraph 95 of Plaintiffs' Fourth

Amended Complaint.  To the extent that the allegations in paragraph 95 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 95 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

96.     Iams can neither admit nor deny the allegations contained in paragraph

96 because the allegations contained within this paragraph are not directed at any Defendant.  To

the extent that a response is required, Iams denies all of the allegations contained in paragraph 96

of Plaintiffs' Fourth Amended Complaint.  To the extent that the allegations or exhibits

referenced in paragraph 96 are addressed to Defendants other than Iams or were authored by

third parties, Iams is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph 96 of Plaintiffs' Fourth Amended Complaint and,

therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

97.    Iams can neither admit nor deny the allegations contained in paragraph 97 because the allegations contained within this paragraph are not directed at any Defendant. To the extent that a response it required, Iams denies all of the allegations contained in paragraph 97 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 97 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

98.    Iams denies the allegations contained in paragraph 98 of Plaintiffs' Fourth Amended Complaint. To the extent that any of the allegations in paragraph 98 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

99.    Iams denies that any of its dog and cat food products contain pentobarbital or that any of its advertising or marketing contains false or misleading claims. Iams denies the remaining allegations contained in paragraph 99 of Plaintiffs' Fourth Amended Complaint. To the extent that any of the allegations in paragraph 99 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

100.    Iams admits that it uses natural preservatives in its Iams® and Eukanuba® brand dog and cat food products to slow down or prevent the breakdown or

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

oxidation of Iams' dog and cat food products. Iams admits that ethoxyquin is a preservative that

is considered a safe ingredient, and that it is used in a wide variety of food and nonfood products.

Iams admits that in 1997 the FDA asked manufacturers of pet food to reduce the maximum

amount of ethoxyquin from 150 ppm to 75 ppm. Iams can neither admit nor deny the remaining

allegations in paragraph 100 because the allegations are not directed to any Defendant. To the

extent a response is required, Iams admits that Exhibits 34 and 35 speak for themselves and

denies the remaining allegations contained in paragraph 100 of Plaintiffs' Fourth Amended

Complaint. To the extent that the allegations in paragraph 100, including the referenced exhibits,

are addressed to Defendants other than Iams or authored by third parties, Iams is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 100 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

101.    Iams admits that it uses natural preservatives in its Iams® and

Eukanuba® brand dog and cat food products to slow down or prevent the breakdown or

oxidation of Iams' dog and cat food products. Iams admits that it conducts research to support its

dog and cat food products, and that its marketing refers to some of its research. Iams denies that

it manufactures, produces, markets, advertises, and sells dog and cat food products through any

false or misleading advertising. Iams further denies that it manufactures, produces, markets,

advertises, and sells pet food products that are not beneficial and healthy for dogs and cats. Iams

denies the remaining allegations in paragraph 101 in Plaintiffs' Fourth Amended Complaint. To

the extent that the allegations in paragraph 101 are addressed to Defendants other than Iams,

Iams is without knowledge or information sufficient to form a belief as to the truth of the

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

allegations contained in paragraph 101 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

102.     Iams denies all of the allegations in paragraph 102 of Plaintiffs' Fourth Amended Complaint.  To the extent that the allegations in paragraph 102, including the referenced exhibits, are addressed to Defendants other than Iams or were authored by third parties, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

103.     Iams admits that it has recalled dog and cat food products.  Iams admits that it recalled some of its dry dog food in 2000, and that some of its wet canned and pouch products were recalled in March 2007.  Iams denies that the recalls demonstrate that Iams' dog and cat food products are unsafe, unhealthy, or lack nutritional value.  To the extent that the allegations in paragraph 103 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams denies the remaining allegations in paragraph 103 in Plaintiffs' Fourth Amended Complaint.

104-106.    Iams denies all of the allegations in paragraphs 104 through 106 of Plaintiffs' Fourth Amended Complaint.  To the extent that the allegations in paragraph 104 through 106 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

104 through 106 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

107-108.    Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 107 through 108 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

109.    Iams denies all of the allegations in paragraph 109 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 109 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

### Joinder of the Defendants

110.    Iams admits that it participates in or is a member of the Pet Food Institute ("PFI"), the Pet Industry Joint Advisory Counsel (which is part of PFI), and the American Pet Products Manufacturers Association, and that one or more of these organizations have represented it before federal and state governmental bodies and regulatory agencies. Iams denies the remaining allegations in paragraph 110 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 110 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## CLASS ACTION ALLEGATIONS

### Plaintiffs' Class Action

111.     Iams admits that Plaintiffs purport to bring this case as a class action.

Iams denies that this matter can be appropriately certified under Federal Rule of Civil Procedure

23(a), 23(b)(2) or (b)(3).  Iams denies the allegations in paragraph 111 of Plaintiffs' Fourth

Amended Complaint.

### Injunctive Relief

112.     Iams admits that Plaintiffs purport to bring this case as a class action

under Federal Rule of Civil Procedure 23(b)(2).  Iams denies that this matter can be

appropriately subjected the certification under Federal Rule of Civil Procedure 23(b)(2).  Iams

denies the remaining allegations in paragraph 112 of Plaintiffs' Fourth Amended Complaint.

### Numerosity

113.     Iams admits that there are a large number of cats and dogs in the

United States, many of which are fed commercial pet food.  Iams admits that Plaintiffs purport to

bring this case as a class action.  Some of the allegations contained in paragraph 113 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the numerosity

standard to which no response is required.  Iams denies that this matter can be appropriately

subjected the certification under Federal Rule of Civil Procedure 23(a), 23(b)(2), or (b)(3).  Iams

denies the allegations in paragraph 113 of Plaintiffs' Fourth Amended Complaint.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

### Commonality

114.    Some of the allegations contained in paragraph 114 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the commonality

standard to which no response is required. Iams denies that this matter can be appropriately

subjected the certification under Federal Rule of Civil Procedure 23(a), 23(b)(2), or (b)(3). Iams

denies the allegations in paragraph 114 of Plaintiffs' Fourth Amended Complaint.

### Typicality

115.    Some of the allegations contained in paragraph 115 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the typicality standard

to which no response is required. Iams denies that this matter can be appropriately subjected the

certification under Federal Rule of Civil Procedure 23(a), 23(b)(2), or (b)(3). Iams denies the

allegations in paragraph 115 of Plaintiffs' Fourth Amended Complaint.

### Adequacy

116.    Some of the allegations contained in paragraph 116 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the adequacy standard

to which no response is required. Iams denies that this matter can be appropriately subjected the

certification under Federal Rule of Civil Procedure 23(a), 23(b)(2), or (b)(3). Iams denies the

allegations in paragraph 116 of Plaintiffs' Fourth Amended Complaint.

### Predominance and Superiority

117-118.    Some of the allegations contained in paragraphs 117 and 118 of

Plaintiffs' Fourth Amended Complaint contain legal conclusions regarding meeting the

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

predominance and superiority standards to which no response is required. Iams denies that this matter can be appropriately subjected the certification under Federal Rule of Civil Procedure 23(a), 23(b)(2), or (b)(3). Iams denies the allegations in paragraphs 117 and 118 of Plaintiffs' Fourth Amended Complaint.

## Defendant Class

119.    Some of the allegations contained in paragraph 119 of Plaintiffs' Fourth Amended Complaint contain legal conclusions regarding meeting the certification standard of Federal Rule of Civil Procedure 23(a) and (b)(3) for a Defendant Class to which no response is required. Iams denies a Defendant class can be appropriately subjected the certification under Federal Rule of Civil Procedure 23(a) or (b)(3) in this matter. Iams denies the allegations in paragraph 119 of Plaintiffs' Fourth Amended Complaint.

## Numerosity

120.    Some of the allegations contained in paragraph 120 of Plaintiffs' Fourth Amended Complaint contain legal conclusions regarding meeting the numerosity standard to which no response is required. Iams denies a Defendant class can be appropriately subjected the certification under Federal Rule of Civil Procedure 23(a) or (b)(3) in this matter. Iams denies the allegations in paragraph 120 of Plaintiffs' Fourth Amended Complaint.

## Commonality

121.    Some of the allegations contained in paragraph 121 of Plaintiffs' Fourth Amended Complaint contain legal conclusions regarding meeting the commonality standard to which no response is required. Iams denies a Defendant class can be appropriately

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

subjected the certification under Federal Rule of Civil Procedure 23(a) or (b)(3) in this matter.

Iams denies the allegations in paragraph 121 of Plaintiffs' Fourth Amended Complaint.

## Typicality

122.     Some of the allegations contained in paragraph 122 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the typicality standard

to which no response is required.  Iams denies a Defendant class can be appropriately subjected

the certification under Federal Rule of Civil Procedure 23(a) or (b)(3) in this matter.  Iams denies

the allegations in paragraph 122 of Plaintiffs' Fourth Amended Complaint.

## Adequacy

123.     Some of the allegations contained in paragraph 123 of Plaintiffs'

Fourth Amended Complaint contain legal conclusions regarding meeting the adequacy standard

to which no response is required.  Iams denies a Defendant class can be appropriately subjected

the certification under Federal Rule of Civil Procedure 23(a) or (b)(3) in this matter.  Iams denies

the allegations in paragraph 123 of Plaintiffs' Fourth Amended Complaint.

## Predominance and Superiority

124-125.   Some of the allegations contained in paragraphs 124 and 125 of

Plaintiffs' Fourth Amended Complaint contain legal conclusions regarding meeting the

predominance and superiority standards to which no response is required.  Iams denies a

Defendant class can be appropriately subjected the certification under Federal Rule of Civil

Procedure 23(a) or (b)(3) in this matter.  Iams denies the allegations in paragraphs 124 and 125

of Plaintiffs' Fourth Amended Complaint.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## COUNT I

### Fraudulent Misrepresentation and Concealment
### as to All Defendants

126.     Iams incorporates each of its responses contained in paragraphs 1

through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

127.     Iams admits that it is engaged in the business of manufacturing,

distributing, marketing, promoting, advertising, and selling dog and cat food throughout the

United States.  To the extent that the allegations in paragraph 127 are addressed to Defendants

other than Iams, Iams is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 127 of Plaintiffs' Fourth Amended Complaint and,

therefore, those allegations are denied.  Iams denies the remaining allegations of paragraph 127

of Plaintiffs' Fourth Amended Complaint.

128.     Iams admits that its dog and cat food products have been sold by

Defendant retailers and Defendant pet specialty retailers. To the extent that the allegations in

paragraph 128 are addressed to Defendants other than Iams, Iams is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph

128 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams

denies the remaining allegations of paragraph 128 of Plaintiffs' Fourth Amended Complaint.

129-133.    Iams denies the allegations in paragraphs 129 through 133 of

Plaintiffs' Fourth Amended Complaint.  To the extent that the allegations in paragraphs 129

through 133 are addressed to Defendants other than Iams, Iams is without knowledge or

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

information sufficient to form a belief as to the truth of the allegations contained in paragraphs 129 through 133 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

134.     Iams denies the allegations in paragraph 134 of the Fourth Amended Complaint and denies that Plaintiffs are entitled to the requested relief.  To the extent that the allegations in paragraph 134 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

## COUNT II

### Negligent Misrepresentation As to All Defendants

135.     Iams incorporates each of its responses contained in paragraphs 1 through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

136.     Iams admits that it is engaged in the business of manufacturing, distributing, marketing, promoting, advertising, and selling dog and cat food products throughout the United States.  To the extent that the allegations in paragraph 136 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams denies the remaining allegations of paragraph 136 of Plaintiffs' Fourth Amended Complaint.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

137.    Iams admits that its dog and cat food products have been sold by Defendant retailers and Defendant pet specialty retailers.  To the extent that the allegations in paragraph 137 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams denies the remaining allegations of paragraph 137 of Plaintiffs' Fourth Amended Complaint.

138-141.    Iams denies the allegations in paragraphs 138 through 141 of Plaintiffs' Fourth Amended Complaint.  To the extent that the allegations in paragraphs 138 through 141 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 138 through 141 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

142.    Iams denies that it made any misrepresentations to consumers.  Iams is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 142 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  To the extent that the allegations in paragraph 142 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

143.    Iams denies the allegations in paragraph 143 of Plaintiffs' Fourth Amended Complaint and denies that Plaintiffs are entitled to the requested relief.

33

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## COUNT III

### Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 As to All Defendants

144.    Iams incorporates each of its responses contained in paragraphs 1

through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

145.    Iams admits that it is engaged in the business of manufacturing,

distributing, marketing, promoting, advertising, and selling dog and cat food products throughout

the United States.  To the extent that the allegations in paragraph 145 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 145 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.  Iams denies the remaining allegations of

paragraph 145 of Plaintiffs' Fourth Amended Complaint.

146.    Iams admits that its dog and cat food products have been sold by

Defendant retailers and Defendant pet specialty retailers. To the extent that the allegations in

paragraph 146 are addressed to Defendants other than Iams, Iams is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph

146 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams

denies the remaining allegations of paragraph 146 of Plaintiffs' Fourth Amended Complaint.

147.    Iams admits that Plaintiffs purport to allege a cause of action under

Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.202, et seq.  Iams

denies the remaining allegations in paragraph 147 of Plaintiffs' Fourth Amended Complaint.  To

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

the extent that the allegations in paragraph 147 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

148.    Iams denies the allegations in paragraph 148 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraph 148 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

149-150.    Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 149 and 150 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

151-152.    Iams denies the allegations in paragraphs 151 and 152 of Plaintiff's Fourth Amended Complaint. To the extent that the allegations in paragraphs 151 and 152 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 151 and 152 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

153.    Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

154.       Iams denies the allegations in paragraph 154 of Plaintiffs' Fourth

Amended Complaint and denies that Plaintiffs are entitled to the relief requested. To the extent

that the allegations in paragraph 154 are addressed to Defendants other than Iams, Iams is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 154 of Plaintiffs' Fourth Amended Complaint and, therefore, those

allegations are denied.

## COUNT IV

### Negligence As to Defendant Manufacturers and Co-Packers and PetSmart

155.       Iams incorporates each of its responses contained in paragraphs 1

through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

156.       Iams admits that it is engaged in the business of manufacturing,

distributing, marketing, promoting, advertising, and selling dog and cat food products throughout

the United States. To the extent that the allegations in paragraph 156 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 156 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied. Iams denies the remaining allegations of

paragraph 156 of Plaintiffs' Fourth Amended Complaint.

157.       Iams admits that its dog and cat food products have been sold by

Defendant retailers and Defendant pet specialty retailers. To the extent that any of the allegations

in paragraph 157 are addressed to Defendants other than Iams, Iams is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

157 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  Iams

denies the remaining allegations of paragraph 157 of Plaintiffs' Fourth Amended Complaint.

158-160.    Iams denies the allegations in paragraphs 158 through 160 of

Plaintiffs Fourth Amended Complaint.  To the extent that the allegations in paragraphs 158

through 160 are addressed to Defendants other than Iams, Iams is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraphs

158 through 160 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are

denied.

161.    Iams denies the allegations in paragraph 161 of Plaintiffs' Fourth

Amended Complaint and denies that Plaintiffs are entitled to the relief requested.  To the extent

that the allegations in paragraph 161 are addressed to Defendants other than Iams, Iams is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 161 of Plaintiffs' Fourth Amended Complaint and, therefore, those

allegations are denied.

## COUNT V

### Strict Liability

162.    Iams incorporates each of its responses contained in paragraphs 1

through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

163.    Iams is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 163 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

164.    Iams denies the allegations in paragraph 164 of Plaintiffs' Fourth

Amended Complaint.  To the extent that the allegations in paragraph 164 are addressed to

Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 164 of Plaintiffs' Fourth Amended

Complaint and, therefore, those allegations are denied.

165.    Iams denies the allegations in paragraph 165 of Plaintiffs' Fourth

Amended Complaint and denies that Plaintiffs are entitled to the relief requested.  To the extent

that the allegations in paragraph 165 are addressed to Defendants other than Iams, Iams is

without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in paragraph 165 of Plaintiffs' Fourth Amended Complaint and, therefore, those

allegations are denied.

## COUNT VI

**Breach of Implied Warranty As to Retailers and Pet Specialty Retailers**

166.    Iams incorporates each of its responses contained in paragraphs 1

through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

167-169.    Iams admits that its dog and cat food products have been sold by

Defendant retailers and Defendant pet specialty retailers.  Iams denies that any of its products

were not of merchantable quality, unsafe or unfit for their intended purpose.  Iams is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in paragraphs 167 through 169 of Plaintiffs' Fourth Amended Complaint and, therefore, those

allegations are denied.  To the extent that the allegations in paragraphs 167 through 169 are

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 167 through 169 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied. Iams denies the remaining allegations of paragraphs 167 through 169 of Plaintiffs' Fourth Amended Complaint.

170.     Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

171-172.    Iams denies the allegations in paragraphs 171 and 172 of Plaintiffs' Fourth Amended Complaint. To the extent that the allegations in paragraphs 171 and 172 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 171 and 172 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

173.     Iams denies the allegations in paragraph 173 of Plaintiffs' Fourth Amended Complaint and denies that Plaintiffs are entitled to the relief requested. To the extent that the allegations in paragraph 173 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## COUNT VII

### Breach of Express Warranty As to Defendant Retailers and Pet Specialty Retailers

174.    Iams incorporates each of its responses contained in paragraphs 1 through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

175-179.    Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 175 through 179 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

## COUNT VIII

### Unjust Enrichment as to All Defendants

180.    Iams incorporates each of its responses contained in paragraphs 1 through 125 of this Answer to Plaintiffs' Fourth Amended Complaint as if fully set forth here.

181.    Iams denies the allegations in paragraph 181 of the Fourth Amended Complaint.

182.    Iams admits that it is engaged in the business of manufacturing, distributing, marketing, advertising, and selling its dog and cat food products throughout the United States.  Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  To the extent that the allegations in paragraph 182 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

183.    Iams admits its dog and cat food products have been sold by Defendants' retailers and Defendants' specialty retailers.  Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 183 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.  To the extent that the allegations in paragraph 183 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

184-187.    Iams denies the allegations in paragraphs 184 through 187 of the Fourth Amended Complaint.  To the extent that the allegations in paragraphs 184 through 187 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 184 through 187 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

188.    Iams denies the allegations in paragraph 188 of Plaintiffs' Fourth Amended Complaint and denies that Plaintiffs are entitled to the relief requested.  To the extent that the allegations in paragraph 18 are addressed to Defendants other than Iams, Iams is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of Plaintiffs' Fourth Amended Complaint and, therefore, those allegations are denied.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## ADDITIONAL DEFENSES

Iams asserts the following additional defenses to the claims asserted in Plaintiffs' Fourth Amended Complaint.  Iams reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds.

1.      Plaintiffs lack standing to assert the claims alleged in the Fourth Amended Complaint.

2.      Plaintiffs' claims are barred by the applicable statute of limitations or repose, or are otherwise untimely.

3.      This Court lacks subject matter jurisdiction over Plaintiffs' claims.

4.      The Fourth Amended Complaint fails to state a claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

5.      Plaintiffs' claims are barred because Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

6.      Plaintiffs' claims are barred by the doctrines of laches, waiver and estoppel.

7.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction, release, and res judicata.

8.      Iams did not owe a legal duty to Plaintiffs and is not in privity with Plaintiffs.

9.      Plaintiffs' claims are barred by their failure to comply with conditions precedent to their right to recover.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

10.     Plaintiffs failed to join all indispensable parties; as a result, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Iams in any possible future litigation.

11.     Plaintiffs' and/or their pets' claimed injuries and/or damages are so remote, speculative or contingent that Plaintiffs' claims must be barred on public policy grounds.

12.     Plaintiffs fail to allege fraud with the requisite particularity and fail to allege sufficient ultimate facts to support any finding that Iams, its officers, agents, servants, employees, contractors, or others for whom it was responsible, made any misrepresentations or omissions that Plaintiffs justifiably and reasonably relied upon, or engaged in any conduct with the requisite scienter or state of mind.

13.     Plaintiffs' alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, products and/or acts or omissions of individuals and/or entities over whom or which Defendants exercised no control and had no obligation to exercise such control.

14.     Plaintiffs are barred from recovering against Iams because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et seq.

15.     Plaintiffs' claims are barred by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration ("FDA") under the Federal Food, Drug, and Cosmetic Act.

16.     The methods, standards, and techniques utilized with respect to the manufacture, design, labeling, and marketing of Iams' products referred to in the Fourth

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

Amended Complaint included adequate warnings, instructions, and disclaimers with respect to the product's use and conformed to the state of the industry at the time the product was sold.

17.     Any and all advertising, marketing, labeling, warnings or information pertaining to the products designed, manufactured and/or distributed and/or sold by Iams were, at all times relevant to the Fourth Amended Complaint, in compliance with federal and state governmental requirements, standards, rules, codes, statutes or laws.

18.     Any and all advertising, marketing, labeling, warnings or information pertaining to the products designed, manufactured and/or distributed and/or sold by Iams were, at all times relevant to the Fourth Amended Complaint, required by federal and state governmental requirements, standards, rules, codes, statutes or laws.

19.     Plaintiffs' claims are barred because Iams satisfied its duty to warn under the learned intermediary doctrine.

20.     Plaintiffs' claims are barred because Iams did not make any false or misleading statements to Plaintiffs or to the public at large with respect to the advertising, marketing or production of any of its products.

21.     Plaintiffs' claims are barred by the defenses available under the consumer protection, deceptive practices, product liability, or strict liability statutes of the several states.

22.     If Plaintiff's pets are found to have been exposed to products manufactured or distributed by Iams, then said exposure was de minimis or was not the legal and proximate cause of Plaintiffs' injuries.

23.     The statutes upon which Plaintiffs' claims are based are unconstitutional as applied in this action.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

24.    Plaintiffs' claims are barred by Iams' First Amendment right to commercial speech.

25.    Iams invokes all defenses and presumptions contained in, or arising from, any Uniform Commercial Code provisions enacted by the State of Florida and/or any of the states in which Plaintiffs have purchased their products.

26.    Plaintiffs' damages, if any, may have resulted from Plaintiffs' own conduct and are therefore not recoverable under the doctrine of contributory negligence.

27.    Plaintiffs' damages, if any, may have been caused or aggravated by Plaintiffs' pets' pre-existing condition or exposure to other substances utilized throughout their lifetime, by Plaintiffs' pets' unusual susceptibility to injury, or by the pets' idiosyncratic reaction.

28.    Plaintiffs may have modified, altered or changed the Iams products referred to in the Fourth Amended Complaint, so that the changes proximately caused Plaintiffs' damages, if any.

29.    Plaintiffs may have failed to follow the instructions, misused, or abused Iams' products in a way that was not foreseen or intended by Iams.

30.    Plaintiffs' damages, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of Iams.

31.    Plaintiffs' claims are barred to the extent they have not suffered any actual injury or damage.

32.    Plaintiffs' damages are limited by the statutory caps on non-economic damages that exist under applicable law, and the law of the several states.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

33.     Plaintiffs have failed to mitigate their damages.

34.     Plaintiffs' claims are barred by the economic loss doctrine.

35.     Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

36.     Plaintiffs' recovery should be diminished by that percentage of fault attributable to Plaintiffs and/or persons or entities other than Iams for those injuries sustained by Plaintiffs upon which the damages complained of in this action are based. Thus, Iams' liability, if any, is limited to its percentage of responsibility for the injuries of Plaintiffs, if any, regardless of whether or not other persons or entities are named as co-defendants.

37.     Iams' participation in a trade organization or association is not sufficient to create a relationship and/or conspiracy between Iams and any other defendant.

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Fourth Amended Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate Iams' rights under the United States Constitution and/or the constitutions of the fifty states.

39.     Plaintiffs' claim for punitive damages is barred because Iams' conduct was not willful, malicious, wanton, reckless, grossly negligent, or in reckless disregard of the safety of a person.

40.     Plaintiffs' claim for punitive damages is barred because any damages they allegedly incurred were not to a person.

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

41.     Iams is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Fourth Amended Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

42.     Iams adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Iams.

<u>PRAYER</u>

WHEREFORE, Defendant Iams prays that this honorable Court:

1.     Deny class certification;

2.     Dismiss Plaintiffs' Fourth Amended Complaint in its entirety with prejudice;

3.     Award Iams its reasonable attorney's fees and costs;

4.     Require that any judgment for damages against Iams in favor of Plaintiffs be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.     Grant such other and further relief as the Court may deem just and proper.

47

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

Respectfully submitted,

OF COUNSEL:

D. Jeffrey Ireland (Ohio Bar No. 0010443)
djireland@ficlaw.com
Laura A. Sanom (Ohio Bar No. 0039451)
Brian D. Wright (Ohio Bar No. 0075359)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow St.
Dayton, OH  45402
Telephone:  (937) 227-3710
Telecopier:  (937) 227-3717

s/Alan G. Greer
Florida Bar No. 123294
agreer@richmangreer.com
RICHMAN GREER, P.A.
Miami Center - Suite 1000
201 South Biscayne Boulevard
Miami, FL  33131
Telephone:  (305) 373-4010
Telecopier  (305) 373-4099
*Attorneys for Defendant*
*[The Iams Compan]y*

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## CERTIFICATE OF SERVICE

We hereby certify that on the 12th day of May, 2008, I electronically filed the

foregoing Answer of The Iams Company to Plaintiffs' Fourth Amended Class Action

Complaint with the Clerk of Courts using the CM/ECF system.  We also certify that

the foregoing Answer, Affirmative Defenses and Counterclaim is being served this day

on all counsel of record identified on the attached Service List in the manner specified.

**s/ Alan G. Greer**

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

## SERVICE LIST

RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs. MARS, INCORPORATED, et al

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

United States District Court
Southern District of Florida

| | |
|---|---|
| Catherine J. MacIvor<br>Email:      cmacivor@mflegal.com<br>Jeffrey Eric Foreman<br>Email:  jforeman@mflegal.com<br>Jeffrey Bradford Maltzman<br>Email:  jmaltzman@mflegal.com<br>Darren W. Friedman<br>Email:  dfriedman@mflegal.com<br>Bjorg Eikeland<br>Email:  beikeland@mflegal.com<br>**MALTZMAN FOREMAN PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard,  Suite 2300<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Facsimile:  (305) 374-9077<br>*Attorneys for Plaintiffs*<br>[Electronically Served Using CM/ECF] | John B.T. Murray, Jr.<br>Email:      jbmurray@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile:  (561) 655-1509<br>*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc., Target Corporation*<br>[Electronically Served Using CM/ECF] |
| Rolando Andres Diaz<br>Email:    rd@kubickdraper.com<br>Maria Kayanan<br>Email:  mek@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, FL 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile:  (305) 374-7846<br>*Attorneys for Defendant Pet Supermarket, Inc.*<br>[Electronically Served Using CM/ECF] | Amy W. Schulman<br>Alexander Shaknes<br>Email:  Alex.Shaknes@dlapiper.com<br>**DLA PIPER US LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br>*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*<br>[Electronically Served Using CM/ECF] |

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

| | |
|---|---|
| Lonnie L. Simpson<br>Email:  Lonnie.simpson@dlapiper.com<br>S. Douglas Knox<br>Email:  Douglas.knox@dlapiper.com<br>**DLA PIPER US LLP**<br>101 East Kennedy Boulevard<br>Suite 2000<br>Tampa, FL 33602-5149<br>Telephone:  (813) 229-2111<br>Facsimile:  (813) 229-1447<br>*Attorneys for Defendants Menu Foods, Inc.*<br>*and Menu Foods Income Fund*<br>[Electronically Served Using CM/ECF] | Hugh J. Turner, Jr.<br>Email:        hugh.turner@akerman.com<br>**AKERMAN SENTERFITT**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile:  (954) 463-2224<br>*Attorneys for Defendant Publix Super Markets,*<br>*Inc.*<br>[Electronically Served Using CM/ECF] |
| Omar Ortega<br>Email: oortega@dortaandortega.com<br>**DORTA AND ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, FL  33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br>*Attorneys for Defendants Mars, Incorporated,*<br>*Mars Petcare U.S., Inc. and Nutro Products,*<br>*Inc.*<br>[Electronically Served Using CM/ECF] | Dane H. Butswinkas<br>Email:  dbutswinkas@wc.com<br>Philip A. Sechler<br>Email:  psechler@wc.com<br>Thomas G. Hentoff<br>Email:  thentoff@wc.om<br>Patrick J. Houlihan<br>Email:  phoulihan@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C.  200005<br>*Attorneys for Defendants Mars, Incorporated,*<br>*Mars Petcare U.S., Inc. and Nutro Products,*<br>*Inc.*<br>[Electronically Served Using CM/ECF] |

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

| | |
|---|---|
| Benjamine Reid<br>Email: breid@carltonfields.com<br>Olga M. Vieira<br>Email: ovieira@carltonfields.com<br>Ana M. Craig<br>Email: acraig@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Bank of America Tower at International Place<br>Miami, FL 33131-9101<br>Telephone: (305) 530-0050<br>Facsimile: (305) 530-0055<br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.*<br>[Electronically Served Using CM/ECF] | John J. Kuster<br>Email: jkuster@sidley.com<br>James D. Arden<br>Email: jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.*<br>[Electronically Served Using CM/ECF] |
| Kara L. McCall<br>Email: kmccall@Sidley.com<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn<br>Chicago, Illinois 60603<br>Telephone: (312) 853-2666<br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.*<br>[Electronically Served Using CM/ECF] | Sherril M. Colombo<br>Email: scolombo@cozen.com<br>**COZEN O'CONNOR**<br>Wachovia Center, Suite 4410<br>200 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br>*Attorneys for Defendant Del Monte Foods, Co.*<br>[Electronically Served Using CM/ECF] |
| Richard Fama<br>Email: rfama@cozen.com<br>John J. McDonough<br>Email: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br>*Attorneys for Defendant Del Monte Foods*<br>[Electronically Served Using CM/ECF] | John F. Mullen<br>Email: jmullen@cozen.com<br>Julie Negovan<br>Email: jnegovan@cozen.com<br>**COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2000<br>Facsimile: (215) 665-2013<br>*Attorneys for Defendant Del Monte Foods, Co.*<br>[Electronically Served Using CM/ECF] |

*RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated vs.
MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

| | |
|---|---|
| Carol A. Licko<br>Email: calicko@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 459-6500<br>Facsimile: (305) 459-6550<br>*Attorneys for Defendant Nestlé Purina Petcare Co.*<br>[Electronically Served Using CM/ECF] | Robert C. Troyer<br>Email: rctroyer@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>1200 17th Street<br>One Tabor Center, suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Facsimile: (303) 899-7333<br>*Attorneys for Defendant Nestlé Purina Petcare Co.*<br>[Electronically Served Using CM/ECF] |
| Craig A. Hoover<br>Email: cahoover@hhlaw.com<br>Miranda L. Berge<br>Email: mlberge@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>555 13TH Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>*Attorneys for Defendant Nestlé Purina Petcare Co.*<br>[Electronically Served Using CM/ECF] | James K. Reuss<br>Email: JReuss@lanealton.com<br>**LANE ALTON & HORST, LLC**<br>Two Miranova Place<br>Suite 500<br>Columbus, Ohio 43215<br>Telephone: (614) 233-4719<br>*Attorneys for Defendant The Kroger Co. of Ohio*<br>[Electronically Served Using CM/ECF] |
| Robin L. Hanger<br>Email: rlhanger@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>200 S. Biscayne Boulevard<br>40th Floor<br>Miami, FL 33131-2398<br>Telephone: (305) 577-7040<br>Facsimile: (305) 577-7001<br>*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*<br>[Electronically Served Using CM/ECF] | Ralph G. Patino<br>Email: rpatino@patinolaw.com<br>Dominick V. Tamarazzo<br>Email: dtamarazzo@patinolaw.com<br>Carlos B. Salup<br>Email: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, FL 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*<br>[Electronically Served Using CM/ECF] |

*RENEE BLASZKOWSKI, et al., individually*
*and on behalf of others similarly situated vs.*
*MARS, INCORPORATED, et al*
CASE NO. 07-21221-CIV-ALTONAGA/BROWN

| | |
|---|---|
| C. Richard Fulmer, Jr.<br>Email: rfulmer@Fulmer.LeRoy.com<br>**FULMER, LeROY, ALBEE, BAUMANN &**<br>**GLASS, PLC**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, FL 33306<br>Telephone: (954) 707-4430<br>Facsimile: (954) 707-4431<br>*Attorneys for Defendant The Kroger Co. of*<br>*Ohio*<br>[Electronically Served Using CM/ECF] | Craig P. Kalil<br>Email: ckalil@aballi.com<br>Joshua D. Poyer<br>Email: jpoyer@abailli.com<br>**ABALLI, MILNE, KALIL & ESCAGEDO,**<br>**P.A.**<br>2250 Sun Trust International Center<br>One Southeast Third Avenue<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br>*Attorneys for Defendant New Albertson's Inc.*<br>*and Albertson's LLC*<br>[Electronically Served Using CM/ECF] |
| W. Randolph Teslik, P.C.<br>Email: rteslik@akingump.com<br>Andrew Dober<br>Email: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD**<br>**LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br>*Attorneys for Defendants New Albertson's Inc.*<br>*and Albertson's LLC*<br>[Electronically Served Using CM/ECF] | Jeffrey S. York<br>Email: jyork@mcguirewoods.com<br>Michael M. Giel<br>Email: mgiel@mcguirewoods.com<br>**McGUIRE WOODS LLP**<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Telephone: (904) 798-2680<br>Facsimile: (904) 360-6330<br>*Attorneys for Defendant Natura Pet Products,*<br>*Inc.*<br>[Electronically Served Using CM/ECF] |
| Kristen E. Caverly<br>Email: kcaverly@hcesq.com<br>**HENDERSON & CAVERLY LLP**<br>P.O. Box 9144<br>16236 San Dieguito Road, Suite 4-13<br>Rancho Santa Fe, California 92067-9144<br>*Attorneys for Defendant Natura Pet Products,*<br>*Inc.*<br>[Electronically Served Using CM/ECF] | |