UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, PATRICIA DAVIS,
SUSAN PETERS, DEBORAH HOCK, BETH WILSON,
CLAIRE KOTZAMPALTIRIS, DONNA HOPKINS-JONES,
MARIAN LUPO, JANE HERRING, JO-ANN MURPHY,
STEPHANIE STONE, PATRICIA HANRAHAN,
DEBBIE RICE, ANN QUINN, SHARON MATHIESEN,
SANDY SHORE, CAROLYN WHITE, LOU WIGGINS,
MICHELLE LUCARELLI, RAUL ISERN, DANIELLE
VALORAS, LISA MACDONALD, CINDY TREGOE,
JENNIFER DAMRON, MARLENA RUCKER, JULIE
NELSON, YVONNE THOMAS, DEBBIE MCGREGOR,
LINDA BROWN and TONE GAGLIONE,
individually and on behalf of others similarly situated,

                                                Plaintiffs,

vs.

MARS INC., MARS PETCARE US, INC., PROCTER
AND GAMBLE CO., THE IAMS CO., COLGATE
PALMOLIVE COMPANY, HILL'S PET NUTRITION,
DEL MONTE FOODS, CO., NESTLÉ USA INC., NESTLÉ
PURINA PETCARE CO., NUTRO PRODUCTS INC.,
NATURA PET PRODUCTS, INC., MENU FOODS, INC.,
MENU FOODS INCOME FUND, PUBLIX SUPER MARKETS,
INC., NEW ALBERTSON'S INC., ALBERTSON'S LLC,
THE KROGER CO. OF OHIO, PETCO ANIMAL
SUPPLIES STORES, INC., PET SUPERMARKET,
INC., PET SUPPLIES PLUS/USA INC., PETSMART INC.,
TARGET CORP. AND WAL-MART STORES, INC.,

                                                Defendants.
_____/

**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE UNVERIFIED FOURTH AMENDED CLASS ACTION
COMPLAINT, AND DEMAND FOR JURY TRIAL**

Dockets.Justia.com

Defendant, NATURA PET PRODUCTS, INC. ("Natura"), by and through its undersigned counsel, files the following Answer and Affirmative Defenses to Plaintiffs' unverified Fourth Amended Class Action Complaint ("Complaint"). The term "Plaintiffs" as used herein shall refer to the named Plaintiffs individually and all others similarly situated. Natura responds to the Complaint as follows:

## I. NATURA'S ANSWER

1.      Natura admits generally that Plaintiffs have initiated a purported class action. Natura has insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore denies each and every such allegation.

2.      Natura admits that Plaintiffs seek the relief set forth in Paragraph 2. Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 2 of the Complaint.

3.      Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies each and every such allegation.

4.      Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies each and every such allegation.

5.      The allegations contained in Paragraph 5 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies each and every such allegation.

6.      The allegations contained in Paragraph 6 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies each and every such allegation.

7.      The allegations contained in Paragraph 7 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies each and every such allegation.

8.      The allegations contained in Paragraph 8 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies each and every such allegation.

9.      The allegations contained in Paragraph 9 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10.     The allegations contained in Paragraph 10 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11.     The allegations contained in Paragraph 11 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12.     The allegations contained in Paragraph 12 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13.     The allegations contained in Paragraph 13 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

14.     The allegations contained in Paragraph 14 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies each and every such allegation.

15.     The allegations contained in Paragraph 15 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies each and every such allegation.

16.     The allegations contained in Paragraph 16 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies each and every such allegation.

17.     The allegations contained in Paragraph 17 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies each and every such allegation.

18.    The allegations contained in Paragraph 18 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies each and every such allegation.

19.    The allegations contained in Paragraph 19 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore denies each and every such allegation.

20.    The allegations contained in Paragraph 20 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21.    The allegations contained in Paragraph 21 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22.    The allegations contained in Paragraph 22 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies each and every such allegation.

23.     The allegations contained in Paragraph 23 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

24.     The allegations contained in Paragraph 24 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies each and every such allegation.

25.     The allegations contained in Paragraph 25 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies each and every such allegation.

26.     The allegations contained in Paragraph 26 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore denies each and every such allegation.

27.     The allegations contained in Paragraph 27 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint, and therefore denies each and every such allegation.

28.     The allegations contained in Paragraph 28 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

to admit or deny the allegations in Paragraph 28 of the Complaint, and therefore denies each and every such allegation.

29.     The allegations contained in Paragraph 29 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

30.     Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint, and therefore denies each and every such allegation.

31.     The allegations contained in Paragraph 31 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32.     The allegations contained in Paragraph 32 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies each and every such allegation.

33.     The allegations contained in Paragraph 33 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34.      The allegations contained in Paragraph 34 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies each and every such allegation

35.    The allegations contained in Paragraph 35 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies each and every such allegation

36.    The allegations contained in Paragraph 36 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies each and every such allegation.

37.    The allegations contained in Paragraph 37 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore denies each and every such allegation.

38.    The allegations contained in Paragraph 38 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies each and every such allegation

39.    The allegations contained in Paragraph 39 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies each and every such allegation

40.     In response to the allegations contained in Paragraph 40 of the Complaint, Natura admits that it is a California corporation with its principal place of business in California.  Natura admits that it is in the business of marketing, distributing, advertising and/or selling dog and cat food and treats available for purchase by the Plaintiffs and the putative class in Florida and nationwide.  Natura further admits in response to Paragraph 40 of the Complaint that Exhibit "10" is or was part of Natura's website and that Natura promotes consumer confidence in its brands.  Except as expressly admitted herein, Natura denies each and every remaining allegations in Paragraph 40 of the Complaint.

41.     The allegations contained in Paragraph 41 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore denies each and every such allegation

42.     The allegations contained in Paragraph 42 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies each and every such allegation

43.     In response to Paragraph 43 of the Complaint, Natura admits that Menu Foods manufactures certain canned pet foods for distribution by Natura.  Except as expressly admitted herein, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies each and every such allegation.

44.     The allegations contained in Paragraph 44 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies each and every such allegation.

45.    The allegations contained in Paragraph 45 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies each and every such allegation.

46.    The allegations contained in Paragraph 46 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies each and every such allegation

47.    With regard to the allegations directed to Natura in Paragraph 47 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47 of the Complaint, and therefore denies each and every such allegation.

48.    With regard to the allegations directed to Natura in Paragraph 48 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and therefore denies each and every such allegation.

49.    With regard to the allegations directed to Natura in Paragraph 49 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 49 of the Complaint, and therefore denies each and every such allegation.

50.    With regard to the allegations directed to Natura in Paragraph 50 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 50 of the Complaint, and therefore denies each and every such allegation.

51.    With regard to the allegations directed to Natura in Paragraph 51 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 of the Complaint, and therefore denies each and every such allegation.

52.    With regard to the allegations directed to Natura in Paragraph 52 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 of the Complaint, and therefore denies each and every such allegation.

53.    With regard to the allegations directed to Natura in Paragraph 53 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 53 of the Complaint, and therefore denies each and every such allegation.

54.    With regard to the allegations directed to Natura in Paragraph 54 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Complaint, and therefore denies each and every such allegation.

55.    With regard to the allegations directed to Natura in Paragraph 55 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 55 of the Complaint, and therefore denies each and every such allegation.

56.    With regard to the allegations directed to Natura in Paragraph 56 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 56 of the Complaint, and therefore denies each and every such allegation.

57.    Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore denies each and every such allegation.

58.    The allegations contained in Paragraph 58 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore denies each and every such allegation.

59.    In response to Paragraph 59 of the Complaint, Natura admits that it has waived any objections it may have had regarding personal jurisdiction in this action.  Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 59 of the Complaint.

60.    Natura denies each and every allegation of Paragraph 60 of the Complaint.

61.    The allegations contained in Paragraph 61 are not directed to Natura.  To the extent that a response is deemed required by Natura, in response to Paragraph 61 of the Complaint Natura admits that there are millions of companion dogs and cats in the United States who are fed pet food sold by retail and wholesale distributors.  Natura further admits in response to Paragraph 61 that it sells pet food for consumption by dogs and cats in the United States, many of which may derive all or substantially all of their nutritional needs from Natura's pet food.  Except as expressly admitted, Natura lacks sufficient knowledge or information to admit

or deny the allegations in Paragraph 61 of the Complaint, and therefore denies each and every such allegation.

62.    In response to Paragraph 62 of the Complaint and only as such allegations relate to Natura, Natura admits that spends money to build consumer confidence in its brands of dog and cat food.  Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 62 of the Complaint.

63.    The allegations of Paragraph 63 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 63 of the Complaint, and therefore denies each and every such allegation.

64.    To the extent that the allegations of Paragraph 64 are directed to Natura, Natura denies each and every allegation contained in Paragraph 64 of the Complaint.  With regard to the remaining allegations of Paragraph 64 of the Complaint, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Complaint, and therefore denies each and every such allegation.

65.    To the extent that the allegations of Paragraph 65 are directed to Natura, Natura denies each and every allegation contained in Paragraph 65 of the Complaint.  With regard to the remaining allegations of Paragraph 65 of the Complaint, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore denies each and every such allegation.

66.    To the extent that the allegations of Paragraph 66 are directed to Natura, Natura denies each and every allegation contained in Paragraph 66 of the Complaint.  With regard to the remaining allegations of Paragraph 66 of the Complaint, Natura lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

67.    To the extent that the allegations of Paragraph 67 are directed to Natura, Natura denies each and every allegation contained in Paragraph 67 of the Complaint.  With regard to the remaining allegations of Paragraph 67 of the Complaint, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 67 of the Complaint, and therefore denies each and every such allegation.

68.    With regard to the allegations directed to Natura in Paragraph 68 of the Complaint, Natura admits that it promotes consumer confidence in its brands.  Except as expressly admitted and to the extent such allegations are directed to Natura, Natura denies each and every allegation of Paragraph 68.  With regard to the remaining allegations of Paragraph 68 of the Complaint, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 68 of the Complaint, and therefore denies each and every such allegation.

69.    The allegations contained in Paragraph 69 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 69 of the Complaint, and therefore denies each and every such allegation.

70.    The allegations contained in Paragraph 70 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint, and therefore denies each and every such allegation.

71.     With regard to the allegations directed to Natura in Paragraph 71 of the Complaint, Natura admits that it promotes consumer confidence in its brands.   Except as expressly admitted and to the extent such allegations are directed to Natura, Natura denies each and every allegation of Paragraph 71.  With regard to the remaining allegations of Paragraph 71 of the Complaint, Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint, and therefore denies each and every such allegation.

72.     The allegations contained in Paragraph 72 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies each and every such allegation.

73.     The allegations contained in Paragraph 73 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies each and every such allegation.

74.      The allegations contained in Paragraph 74 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint, and therefore denies each and every such allegation.

75.     The allegations contained in Paragraph 75 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint, and therefore denies each and every such allegation.

76.    The allegations contained in Paragraph 76 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies each and every such allegation.

77.    The allegations contained in Paragraph 77 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint, and therefore denies each and every such allegation.

78.    The allegations contained in Paragraph 78 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint, and therefore denies each and every such allegation.

79.    The allegations contained in Paragraph 79 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore denies each and every such allegation.

80.    The allegations contained in Paragraph 80 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint, and therefore denies each and every such allegation.

81.    The allegations contained in Paragraph 81 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

to admit or deny the allegations in Paragraph 81 of the Complaint, and therefore denies each and every such allegation.

82.     The allegations contained in Paragraph 82 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint, and therefore denies each and every such allegation.

83.     In response to Paragraph 83 of the Complaint, Natura admits that Exhibit 10 is or was a part of Natura's website.  Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint, and therefore denies each and every such allegation.

85.     The allegations contained in Paragraph 85 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, and therefore denies each and every such allegation.

86.     The allegations contained in Paragraph 86 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint, and therefore denies each and every such allegation.

87.     The allegations contained in Paragraph 87 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information

to admit or deny the allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

88.     The allegations contained in Paragraph 88 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint, and therefore denies each and every such allegation.

89.     In response to paragraph 89, Natura admits that Menu Foods manufactures certain canned pet food for Natura.  Except as expressly admitted, Natura denies each and every allegation of Paragraph 89 of the Complaint.

90.     In response to paragraph 90, Natura admits co-packing arrangements are sometimes beneficial in reducing the cost of its products because the co-packer can buy in larger quantities than Natura acting alone.  Except as expressly admitted, Natura denies each and every allegation of Paragraph 90 of the Complaint.

91.     With regard to the allegations directed to Natura in Paragraph 91 of the Complaint, Natura admits that rendering utilizes high temperatures to separate fat soluble ingredients from water soluble ingredients and solids.  Except as expressly admitted and to the extent the allegations of Paragraph 91 are directed at Natura, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation.

92.     With regard to the allegations directed to Natura in Paragraph 92 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 92 of the Complaint, and therefore denies each and every such allegation.

93.    With regard to the allegations directed to Natura in Paragraph 93 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 93 of the Complaint, and therefore denies each and every such allegation.

94.    With regard to the allegations directed to Natura in Paragraph 94 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 94 of the Complaint, and therefore denies each and every such allegation.

95.    With regard to the allegations directed to Natura in Paragraph 95 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 95 of the Complaint, and therefore denies each and every such allegation.

96.    With regard to the allegations directed to Natura in Paragraph 96 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 96 of the Complaint, and therefore denies each and every such allegation.

97.    With regard to the allegations directed to Natura in Paragraph 97 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 97 of the Complaint, and therefore denies each and every such allegation.

98.    With regard to the allegations directed to Natura in Paragraph 98 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98 of the Complaint, and therefore denies each and every such allegation.

99.    With regard to the allegations directed to Natura in Paragraph 99 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 99 of the Complaint, and therefore denies each and every such allegation.

100.    In response to paragraph 100 of the Complaint, Natura admits that it uses natural preservatives in its products; Natura does not use synthetic preservatives.  Except as expressly admitted and to the extent the allegations of Paragraph 100 are directed to Natura, Natura denies each and every allegation of said paragraph.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 100 of the Complaint, and therefore denies each and every such allegation.

101.    In response to paragraph 101 of the Complaint, Natura admits that it uses natural preservatives in its products; Natura does not use synthetic preservatives.  Except as expressly admitted and to the extent the allegations of Paragraph 101 are directed to Natura, Natura denies each and every allegation of said paragraph.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 101 of the Complaint, and therefore denies each and every such allegation.

102.    To the extent the allegations of Paragraph 102 are directed to Natura, Natura denies each and every allegation of said paragraph.    Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 102 of the Complaint, and therefore denies each and every such allegation.

103.    With regard to the allegations directed to Natura in Paragraph 103 of the Complaint, Natura denies that it has ever had a recall of its products and on that ground denies each and every allegation of said paragraph. Although Natura is aware of recalls of pet foods manufactured by others, Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 103 of the Complaint, and therefore denies each and every such allegation.

104.    With regard to the allegations directed to Natura in Paragraph 104 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 104 of the Complaint, and therefore denies each and every such allegation.

105.    With regard to the allegations directed to Natura in Paragraph 105 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 105 of the Complaint, and therefore denies each and every such allegation.

106.    With regard to the allegations directed to Natura in Paragraph 106 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 106 of the Complaint, and therefore denies each and every such allegation.

107.    Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint, and therefore denies each and every such allegation.

108.    Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Complaint, and therefore denies each and every such allegation.

109.    With regard to the allegations directed to Natura in Paragraph 109 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 109 of the Complaint, and therefore denies each and every such allegation.

110.    Natura denies each and every allegation of paragraph 110 of the Complaint.

111.    In response to Paragraph 111 of the Complaint, Natura admits that Plaintiffs are purporting to bring a class action.  Except as expressly admitted, Natura denies each and every remaining allegation contained in Paragraph 111 of the Complaint.

112.    Natura denies each and every allegation contained in Paragraph 112 of the Complaint.

113.    In response to Paragraph 113 of the Complaint, Natura admits that there are millions of companion dogs and cats in the United States who are fed pet food sold by retail and wholesale distributors.  Natura further admits in response to Paragraph 113 of the Complaint that it sells pet food for consumption by dogs and cats in the United States.  Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 113 of the Complaint.

114.    Natura denies each and every allegation contained in Paragraph 114 of the Complaint.

115.    Natura denies each and every allegation contained in Paragraph 115 of the Complaint.

116.    Natura denies each and every allegation contained in Paragraph 116 of the Complaint.

117.    Natura denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint is a claim for relief; to the extent a response is required, Natura denies each and every allegation contained in Paragraph 118 of the Complaint.

119.    Paragraph 119 of the Complaint is a claim for relief; to the extent a response is required, Natura denies each and every allegation contained in Paragraph 119 of the Complaint.

120.    In response to paragraph 120 of the Complaint, Natura admits that there are more than 20 manufacturers and retailers of pet food in the United States.  Except as expressly admitted, Natura denies each and every allegation contained in Paragraph 120 of the Complaint.

121.    Natura denies each and every allegation contained in Paragraph 121 of the Complaint.

122.    Natura denies each and every allegation contained in Paragraph 122 of the Complaint.

123.    Natura denies each and every allegation contained in Paragraph 123 of the Complaint.

124.    Natura denies each and every allegation contained in Paragraph 124 of the Complaint.

125.    Paragraph 125 of the Complaint is a claim for relief; to the extent a response is required, Natura denies each and every allegation contained in Paragraph 125 of the Complaint.

126.    In response to each and every allegation contained in Paragraph 126, Natura incorporates by reference each of its above responses to paragraphs 1 though 125 of the Complaint as if fully restated herein.

127.    With regard to the allegations directed to Natura in Paragraph 127 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 127 of the Complaint, and therefore denies each and every such allegation.

128.    With regard to the allegations directed to Natura in Paragraph 128 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the Complaint, and therefore denies each and every such allegation.

129.    With regard to the allegations directed to Natura in Paragraph 129 of the Complaint, Natura denies each and every such allegation.   Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 129 of the Complaint, and therefore denies each and every such allegation.

130.    With regard to the allegations directed to Natura in Paragraph 130 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 130 of the Complaint, and therefore denies each and every such allegation.

131.    With regard to the allegations directed to Natura in Paragraph 131 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 131 of the Complaint, and therefore denies each and every such allegation.

132.    The allegations contained in Paragraph 132 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 of the Complaint, and therefore denies each and every such allegation.

133.    With regard to the allegations directed to Natura in Paragraph 133 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 133 of the Complaint, and therefore denies each and every such allegation.

134.    With regard to the allegations directed to Natura in Paragraph 134 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 134 of the Complaint, and therefore denies each and every such allegation.

135.    In response to each and every allegation contained in Paragraph 135, Natura incorporates by reference each of its above responses to paragraphs 1 though 134 of Plaintiffs' Complaint as if fully restated herein.

136.    With regard to the allegations directed to Natura in Paragraph 136 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 136 of the Complaint, and therefore denies each and every such allegation.

137.    The allegations contained in Paragraph 137 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 137 of the Complaint, and therefore denies each and every such allegation.

138.    With regard to the allegations directed to Natura in Paragraph 138 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 138 of the Complaint, and therefore denies each and every such allegation.

139.    With regard to the allegations directed to Natura in Paragraph 139 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 139 of the Complaint, and therefore denies each and every such allegation.

140.    With regard to the allegations directed to Natura in Paragraph 140 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 140 of the Complaint, and therefore denies each and every such allegation.

141.    With regard to the allegations directed to Natura in Paragraph 141 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 141 of the Complaint, and therefore denies each and every such allegation.

142.    With regard to the allegations directed to Natura in Paragraph 142 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 142 of the Complaint, and therefore denies each and every such allegation.

143.    With regard to the allegations directed to Natura in Paragraph 143 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 143 of the Complaint, and therefore denies each and every such allegation.

144.    In response to each and every allegation contained in Paragraph 144, Natura incorporates by reference each of its above responses to paragraphs 1 though 143 of Plaintiffs' Complaint as if fully restated herein.

145.    With regard to the allegations directed to Natura in Paragraph 145 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 145 of the Complaint, and therefore denies each and every such allegation.

146.    The allegations contained in Paragraph 146 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 146 of the Complaint, and therefore denies each and every such allegation.

147.    With regard to the allegations directed to Natura in Paragraph 147 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 147 of the Complaint, and therefore denies each and every such allegation.

148.     With regard to the allegations directed to Natura in Paragraph 148 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 148 of the Complaint, and therefore denies each and every such allegation.

149.     Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 149 of the Complaint, and therefore denies each and every such allegation.

150.     Paragraph 150 is a legal conclusion.  To the extent a response is deemed required and with regard to the allegations directed to Natura in Paragraph 150 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 150 of the Complaint, and therefore denies each and every such allegation.

151.     With regard to the allegations directed to Natura in Paragraph 151 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 151 of the Complaint, and therefore denies each and every such allegation.

152.     With regard to the allegations directed to Natura in Paragraph 152 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 152 of the Complaint, and therefore denies each and every such allegation.

153.     Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 of the Complaint, and therefore denies each and every such allegation.

154.    With regard to the allegations directed to Natura in Paragraph 154 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 154 of the Complaint, and therefore denies each and every such allegation.

155.    In response to each and every allegation contained in Paragraph 155, Natura incorporates by reference each of its above responses to paragraphs 1 though 154 of Plaintiffs' Complaint as if fully restated herein.

156.    With regard to the allegations directed to Natura in Paragraph 156 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 156 of the Complaint, and therefore denies each and every such allegation.

157.    With regard to the allegations directed to Natura in Paragraph 157 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 157 of the Complaint, and therefore denies each and every such allegation.

158.    With regard to the allegations directed to Natura in Paragraph 158 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 158 of the Complaint, and therefore denies each and every such allegation.

159.    With regard to the allegations directed to Natura in Paragraph 159 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 159 of the Complaint, and therefore denies each and every such allegation.

160.    With regard to the allegations directed to Natura in Paragraph 160 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 160 of the Complaint, and therefore denies each and every such allegation.

161.    With regard to the allegations directed to Natura in Paragraph 161 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 161 of the Complaint, and therefore denies each and every such allegation.

162.    In response to each and every allegation contained in Paragraph 162, Natura incorporates by reference each of its above responses to paragraphs 1 though 161 of Plaintiffs' Complaint as if fully restated herein.

163.    Natura lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 163 of the Complaint, and therefore denies each and every such allegation.

164.    With regard to the allegations directed to Natura in Paragraph 164 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 164 of the Complaint, and therefore denies each and every such allegation.

165.    With regard to the allegations directed to Natura in Paragraph 165 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 165 of the Complaint, and therefore denies each and every such allegation.

166.    In response to each and every allegation contained in Paragraph 166, Natura incorporates by reference each of its responses to paragraphs 1 though 165 of Plaintiffs' Complaint as if fully restated herein.

167.    The allegations contained in Paragraph 167 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 167 of the Complaint, and therefore denies each and every such allegation.

168.    The allegations contained in Paragraph 168 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the Complaint, and therefore denies each and every such allegation.

169.    The allegations contained in Paragraph 169 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 169 of the Complaint, and therefore denies each and every such allegation.

170.    The allegations contained in Paragraph 170 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Complaint, and therefore denies each and every such allegation.

171.    The allegations contained in Paragraph 171 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 171 of the Complaint, and therefore denies each and every such allegation.

172.    With regard to the allegations directed to Natura in Paragraph 172 of the Complaint, Natura denies each and every such allegation. Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 172 of the Complaint, and therefore denies each and every such allegation.

173.    The allegations contained in Paragraph 173 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the Complaint, and therefore denies each and every such allegation.

174.    In response to each and every allegation contained in Paragraph 174, Natura incorporates by reference each of its above responses to paragraphs 1 though 173 of Plaintiffs' Complaint as if fully restated herein.

175.    The allegations contained in Paragraph 175 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Complaint, and therefore denies each and every such allegation.

176.    The allegations contained in Paragraph 176 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 176 of the Complaint, and therefore denies each and every such allegation.

177.    The allegations contained in Paragraph 177 are not directed to Natura. To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the Complaint, and therefore denies each and every such allegation.

178.    The allegations contained in Paragraph 178 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 of the Complaint, and therefore denies each and every such allegation.

179.    The allegations contained in Paragraph 179 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 of the Complaint, and therefore denies each and every such allegation.

180.    In response to each and every allegation contained in Paragraph 180, Natura incorporates by reference each of its above responses to paragraphs 1 though 179 of Plaintiffs' Complaint as if fully restated herein.

181.    Natura denies each and every allegation contained in Paragraph 181 of the Complaint.

182.    With regard to the allegations directed to Natura in Paragraph 182 of the Complaint, Natura admits that it is engaged in selling and marketing pet foods and treats in the United States and has been since May 9, 2003.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 182 of the Complaint, and therefore denies each and every such allegation.

183.    The allegations contained in Paragraph 183 are not directed to Natura.  To the extent that a response is deemed required by Natura, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 183 of the Complaint, and therefore denies each and every such allegation.

184.     In response to Paragraph 184 of the Complaint, Natura lacks sufficient information and belief to admit or deny whether and why plaintiffs purchased products as alleged in the Complaint, and on that basis denies such allegations.  Except as to the express qualified denial set forth herein, Natura denies each and every allegation contained in Paragraph 184 of the Complaint.

185.     With regard to the allegations directed to Natura in Paragraph 185 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 185 of the Complaint, and therefore denies each and every such allegation.

186.     With regard to the allegations directed to Natura in Paragraph 186 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 186 of the Complaint, and therefore denies each and every such allegation.

187.     With regard to the allegations directed to Natura in Paragraph 187 of the Complaint, Natura denies each and every such allegation.  Natura lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 187 of the Complaint, and therefore denies each and every such allegation.

188.     Paragraph 188 of the Complaint is a prayer for relief; to the extent a response is required, Natura denies each and every allegation contained in Paragraph 188 of the Complaint.

## II.  AFFIRMATIVE DEFENSES

The Complaint identifies Natura as a Defendant Manufacturer. (Compl. ¶ 39.)  At the hearing on the Motion to Dismiss the Third Amended Complaint, the Court noted, and Plaintiffs' counsel conceded on record, that "[e]very time the title references the particular category of

defendants, that is what would govern" as to which claim is being asserted against which particular defendant. (Reporter's Transcript dated April 4, 2008, at 82: 13-15.) Accordingly, the Complaint alleges the following claims against Natura: (1) Fraudulent Misrepresentation and Concealment (Count I); (2) Negligent Misrepresentation (Count II); (3) Violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 (Count III); Negligence (Count IV); Strict Liability (Count V); and Unjust Enrichment (Count VIII). (Compl. ¶¶ 126-165 and 180-188.) The Complaint also alleges Breach of Implied Warranty (Count VI), and Breach of Express Warranty (Count VII), but only against "Defendant Retailers and Pet Specialty Retailers." (*Id.* ¶¶ 166-179.)

Natura asserts the following affirmative defenses to the Complaint and each and every cause of action asserted therein against Natura. These defenses are in addition to the defense that the claims asserted fail by reason of the lack of evidence to prove under the applicable burden of proof any of the required elements of those claims. Further, Natura reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds. Without conceding that it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, Natura alleges the following affirmative defenses:

1.     Supremacy Clause/Federal Preemption - Plaintiffs are barred from recovering against Natura because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq*. As the agency charged with implementing the Food, Drug, and Cosmetic Act, the United States Food and Drug Administration ("FDA") affirmatively has stated that "under existing preemption principles, FDA approval of labeling . . . preempts conflicting or contrary State law." 71 Fed. Reg. at 3,934.

2.      Supremacy Clause/Federal Preemption - Plaintiffs' claims are barred, in whole or in part, because Natura's advertising complies with the rules and regulations and the statutes administered by the Federal Trade Commission, including, but not limited to, 15 U.S.C. § 45, 15 U.S.C. § 52, 15 U.S.C. § 55, and 16 C.F.R. §255.1.

3.      Supremacy Clause/Federal Preemption - Natura's alleged advertising and labeling are, and have been, approved by the FDA under the applicable statute, 21 U.S.C. § 201 *et seq.*, and regulations promulgated there under, and specifically authorized by AAFCO, and state laws incorporating FDA/AAFCO standards.

4.      Preemption - Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption.  Any judicially created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn are unconstitutional, in that, among other things, they are void for vagueness and an undue burden on Interstate Commerce, and also constitute an improper effort to regulate in an area that has previously been preempted by the Federal Government.

5.      Abstention - Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the FDA under the Federal Food, Drug, and Cosmetic Act.

6.      Regulatory Compliance - At all times, Natura's conduct was in compliance with all existing safety standards and precautions under applicable federal, state and local laws and regulations.  Compliance with such laws, regulations, and rules is a defense and demonstrates that Natura exercised the utmost due care and reasonable prudence, and its product was not defective.

7.      Primary Jurisdiction - The conduct of Natura and all activities with respect to its products have been and are under the supervision of the FDA.  Accordingly, this action is barred by the doctrine of primary jurisdiction.

8.      No Private Right of Action - Plaintiffs' claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the FDA under applicable federal, state and local laws, regulations, and rules.

9.      To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred, in whole or in part, pursuant, but not limited, to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

10.     Safe Harbor - Plaintiffs' claims fail, in whole or in part, because Natura's conduct of which Plaintiffs complain falls within FDUTPA's safe harbor provision, Fla. Stat. § 501.212(1).

11.     Market Approval - Plaintiffs' claims are barred, in whole or in part, under the applicable federal, state, and local laws because Natura was subject to, and received, pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

12.     Plaintiffs' claims fail, in whole or in part, because Natura has not engaged in acts, which constitute unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of a trade or commerce under applicable federal, state and local statutory and common law.

13.     Restate of Torts - Plaintiffs' claims are barred, in whole or in part, under Restatement (Second) of Torts, section 402A, i Comment K, and Restatement (Third) of Torts, Section 4, *et seq.*: Products Liability.

14.    Adequate Warning - Plaintiffs' claims fail, in whole or in part, because Natura's products at issue are not defective or unreasonably dangerous, and the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Natura's product, if any used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

15.    Lack of Causation - Plaintiffs' claims fail, in whole or in part, because there is no causal relationship between the acts alleged and the damages alleged.  If Plaintiffs and/or their pets sustained injuries or incurred expenses, which Natura expressly denies, these expenses and damages, if any, were not caused by any product designed, manufactured, developed, sold, marketed or distributed by Natura.

16.    Lack of Causation - Natura's alleged conduct is too remote in relation to the proximate cause(s) of injury to the Plaintiffs and/or their pets to permit recovery by Plaintiffs as a matter of law.

17.    Lack of Causation - If Plaintiffs and/or their pets sustained damages as alleged in the Complaint, which Natura expressly denies, said damages were caused solely, or contributed to, by the acts and fault of third parties, and were not caused in any manner whatsoever by Natura's conduct or omission.  That is, Plaintiffs' and/or their pets' injuries or damages, if any, were, in whole or part, the result of conduct of the Plaintiffs, independent third parties, or events and/or conditions that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent of, or far removed, from Natura's conduct.

18.    *De Minimis* Injury - If Plaintiffs and/or their pets are found to have been exposed to products manufactured or distributed by Natura, then said exposure was *de minimis* and not the legal and proximate cause of Plaintiffs' injuries.

19.    Comparative Fault - Plaintiffs' recovery for injuries allegedly sustained by Plaintiffs and/or their pets are diminished by that percentage of fault attributable to Plaintiffs and/or persons or entities other than Natura.  Thus, Natura's liability, if any, is limited to its percentage of responsibility, if any, and proportionately reduced by the fault of others, regardless of whether or not other persons or entities are named as co-defendants pursuant, but not limited, to Fla. Stat. § 768.81, Conn. Gen. Stat. § 52-572o, MCL § § 600.2959, 600.2957, 600.6304, CPLR § 1601, and Cal. Civ. Code § 1431.1 *et seq*, or other applicable statutory and common law.

20.    Contributory Negligence - If Plaintiffs and/or their pets sustained damages by reason of the matters alleged in the Complaint, which Natura expressly denies, then said damages were caused, in whole or in part, by Plaintiffs' own negligence and fault and thus, under the doctrine of contributory negligence, are not recoverable, in accordance with, but not limited to, Fla. Stat. § 768.81, C.P.L.R. § § 1411 and 1412, Cal. Civ. Code § 1714, Conn. Gen. Stat. § § 52-572h and 52-572o, and MCL § § 600.6304(1)(b) and 600.6304(8).

21.    Right To Indemnification - If Plaintiffs and/or their pets were injured and damaged as alleged, which Natura expressly denies, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate or otherwise, whether named or unnamed in the amended complaint, for whose conduct Natura is not responsible, and if Natura were to be held responsible, it should be indemnified based upon contract, statute or common law.

22.     Third Party Negligence - Third parties were careless and negligent in and about the matters alleged in the Complaint and that said carelessness and negligence on the part of these third parties was the sole, legal cause of the injuries, loss and/or damages complained of, if any there were, and that any damages that Natura may otherwise be obligated to pay be proportionately reduced by the fault of others pursuant, but not limited to, Cal. Civ. Code § 1431.1 *et seq*.

23.     Non-Entitlement to Peculiar Value - Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs have not plead sufficient facts to seek an entitlement to recover as damages the "peculiar value" of their pets as set forth under, but without limitation, California Civil Code § 335.

24.     Product Misuse, Alteration, or Modification - Plaintiffs' claim for damages is barred, in whole or in part, in that after Natura's product left the possession and control of Natura, if in fact any alleged product was ever in the possession or control of Natura, the alleged product was modified, altered, incorporated into a finished product without Natura's knowledge, or subjected to treatment that substantially changed its character without Natura's knowledge. Thus, the defect in any product alleged in the Complaint resulted, if at all, from the modification, alteration, treatment, incorporation into a finished product, or other change of the alleged product in a manner neither intended nor foreseen by Natura, after Natura relinquished possession of and control over any alleged product and not from any act or omission of Natura.

25.     Misuse of Product Unforeseeable - Plaintiffs' claims are barred, in whole or in part, because Plaintiffs misused the products and such misuse was unforeseeable.

26.     Failure to Follow Feeding Instructions/Abide by Expiration Dates - Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs failed to follow the use

instructions provided by Natura, combined Natura's products with others in a way that created an unforeseen risk, and/or fed expired product. The alleged injuries or illnesses of Plaintiffs' pets were caused or contributed to by Plaintiffs' failure to follow the directions and precautions provided by the product's manufacturer(s).

27.    Informed Consent - Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs had full knowledge of defendants' products and accepted and assumed the risks of using such products.

28.    Intervening/Superseding Cause - Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs' and/or their pets' alleged injuries and damages were due to, and proximately caused by, an intervening or superseding injury, illness, condition, or other cause which may be illicit, criminal, or otherwise improper, and for which conduct Natura cannot be held responsible.

29.    No Control or Right of Control - The injuries and damages of which Plaintiffs complain were due to, and proximately caused by, other events, conditions, instrumentalities, service, products and/or acts or omissions of individuals and/or entities over whom or which Natura exercised no actual or apparent control and had no obligation or right to exercise such control.

30.    Lack of Authority - If Plaintiffs and/or their pets have sustained injuries or losses as alleged in the Complaint, which Natura expressly denies, such injuries and losses were caused by the actions of persons or entities not having real or apparent authority to take said actions on behalf of Natura, over whom Natura had no control, and for whom Natura may not be held accountable.

31.     Unforeseeable - Plaintiffs' and/or their pets' injuries, if any, were proximately caused by unforeseeable, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of Natura.

32.     Act of God - Plaintiffs' and/or their pets' damages, if any, were caused by an act of God for which Natura is not liable.

33.     Natural Causes - Plaintiffs' claims are barred, in whole or in part, in that any alleged injuries were caused by pre-existing or unrelated medical, genetic, or environmental conditions, diseases, or illnesses, or through natural causes or an unforeseeable idiosyncratic reaction peculiar to the Plaintiffs and/or their pets.

34.     Lack of Reliance - Plaintiffs' claims are barred, in whole or in part, by the absence of any material misrepresentations, misleading disclosures, and/or omissions made by Natura to Plaintiffs upon which the Plaintiffs could have reasonably or subjectively, or justifiably relied.

35.     Limitation of Damages/Statutory Cap - Plaintiffs' and/or their pets' alleged damages in the Complaint are not recoverable or are otherwise limited or capped under applicable law, including, but not limited to, MCL § 600.2946a, and other similar statutory provisions, regulations, and common law.

36.     Failure to Mitigate - If Plaintiffs and/or their pets sustained damages as alleged in the Complaint, which Natura expressly denies, Plaintiffs have failed to mitigate those damages and any recovery is to be diminished by the degree of said failure to mitigate.

37.     Speculative Damages - The claimed injuries and/or damages of Plaintiffs and/or their pets are so remote, speculative or contingent that such claimed damages are barred on public policy grounds.

38.    Sealed Container/Innocent Reseller Doctrine – With regard to products manufactured by Menu Foods for Natura and ingredients supplied by third parties, Plaintiffs' claims are barred, in whole or in part, under the sealed container doctrine and/or the innocent seller doctrine as set forth under, but without limitation, Tenn. Code Ann. § 29-28-106(a), Maryland Code Ann., CJP, § 5-405, and *Ard v. Kraft, Inc.*, 540 So. 2d 1172, 1177 (La. Ct. App.), *writ denied*, 542 So. 2d 515 (La. 1989).

39.    Consumer Expectation - Plaintiffs' claims are barred, in whole or in part, in that Natura's product does not fail to meet a reasonable consumer's expectations.

40.    Due Process/Equal Protection - Plaintiffs' claims fail violate Natura's rights to Due Process and Equal Protection Clauses of the Seventh Amendment guarantee to a jury trial under the United States and applicable state Constitution in that Plaintiffs attempt to use statistics, percentages, or any other means of extrapolating liability, causation, or damages, instead of proving liability, causation and damages for each specific individual plaintiff and/or pet.

41.    Punitive Damages Not Recoverable - To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, which injuries Natura expressly denies, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the State of Florida or any other states under which Plaintiffs' claims arise or otherwise may be applicable.  Any law, statute, or other authority

purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, but without limitation: *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

42.    Failure to Pled Specific Facts - Plaintiffs' claim for punitive damages is barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages as required by applicable state statutes including, but not limited to, Fla. Stat. § 768.72, Conn. Gen. Stat. §§ 52-572m, *et. seq.*, and Cal. Civ. Code § 3294(a) and (b).

43.    Limitation of Punitive Damages - Plaintiffs' punitive damages, if any, is limited in amount under applicable state statutes including, but not limited to, Fla. Stat. § 768.73.

44.    Plaintiffs' demand for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Article I, sections 1, 2, 5, 6 and 11 of the New York State Constitution.

45.    Uniform Commercial Code Defenses and/or Presumptions - Natura is entitled to the benefits of all defenses and presumptions contained in, or arising from, any Uniform Commercial Code provisions enacted by the State of Florida and/or any of the states in which Plaintiffs allege to have made a purchase and/or been damaged.

46.    Unconditional Acceptance - Plaintiffs inspected and examined the products at issue and never stated or otherwise complained that the products were non-conforming or defective, and accepted the products at issue and did not revoke acceptance within a reasonable time.

47.    Product Liability Defenses/Presumptions - Natura relies on all of the applicable defenses provided in any and all of the applicable states' products liability statutes, including but not limited to, Michigan Public Acts 161 and 249 of 1995, § 600.2945 *et seq*., 600.2946, 600.2946a, compliance with government regulations, awareness of risk, warnings, etc (§ 600.2947), 600.2948, allocation of fault/liability (M.C.L.A. § 600.2957), and reduction of damages (M.C.L.A. § 600.2959).

48.    Collateral Source/Recovery Limitation - Natura is entitled to a set-off from any recovery against it because each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources, and Plaintiffs' claims are subject to the collateral source rules, including, but not limited to: Fla.

Stat. § 768.31, MCL §§ 600.6306 and 600.6303, and Section 4545(c) of the New York Civil Practice Law.

49.    Set Off - Should Natura be found liable to Plaintiffs, which liability Natura expressly denies, such liability must be reduced or setoff by any and all proceeds received from settlements or otherwise paid in partial satisfaction of the damages sued for in this action as provided by law, including but not limited to, Fla. Stat. §§ 46.015, 768.041, 768.31, and 768.81, and New York's General Obligations Law § 15-108.

50.    Failure of Notice - Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to provide Natura requisite or timely notice.

51.    Good Faith Defense – Plaintiffs' claims are barred, in whole or part, because Natura exercised ordinary care, and acted in good faith in accordance with the reasonable commercial standards applicable to its business, with respect to the issues set forth in the Complaint.

52.    Not "Consumers" – Plaintiffs' claims under New York law are barred in whole or part because Plaintiffs are not "consumers" within the meaning of New York's General Business Law § 349.  There is no harm to a public interest in this case.

53.    Not "Persons" – Plaintiffs' claims under Michigan law are barred in whole or part because Plaintiffs are not a "person" within the meaning of Section 902(d) of the Michigan Consumer Protection Act ("MCPA"), MCL § 445.901 *et seq*. and, therefore, have no standing.

54.    Not "Consumer" - Plaintiffs claims under Florida law are barred in whole or part because Plaintiffs are not a "consumer" under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), or the consumer protection statutes of any other state or territory.

55.    Actions Permitted by Law - Plaintiffs' claims are barred, in whole or in part, because Natura's actions were lawful and permitted by applicable state and federal statutes, rules, regulations, and such acts, practices, including, but not limited to, Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a through 42-110q, and Natura's methods were carried out in good faith and for legitimate business purposes. *See also* Fla. Stat. § 768.1256 (Government Rules Defense).

56.    Mootness - To the extent the Complaint seeks to enjoin Natura from engaging in unfair, fraudulent or otherwise unlawful business actions or practices, if any are proved, such claims are moot because, assuming *arguendo* that Natura engaged in any such actions or business practices (which Natura expressly denies), Natura has since discontinued, modified, and/or corrected its policies and practices.

57.    Benefits Exceed the Risks - Plaintiffs' damages are barred, in whole or in part, pursuant, but not limited, to MCL § 600.2947(5), to the extent those damages were caused by an inherent characteristic of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability.

58.    State of the Art - The claims asserted in the Complaint are barred, in whole or in part, because Natura's product was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale. Natura asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; and/or (2) the alleged danger of any such design characteristics, and thus Plaintiffs' claims are barred pursuant, but not limited, to Fla. Stat. § 768.1257.

59.    Informed Intermediary Doctrine - Plaintiffs' claims are barred, in whole or in part, by the Informed Intermediary Doctrine and/or the Restatement (Second) of Torts § 388.

60.    No Duty to Warn - Natura's products were not defective or unreasonably dangerous based on an alleged failure to warn, because at the time of Plaintiffs' alleged use or purchase of the products, there was no information available from which a reasonable manufacturer of pet food could have concluded that exposure to any contained material might be dangerous.  As a matter of law, Natura was under no duty to warn of a prospective risk of harm in the absence of knowledge, actual, or constructive, of the risk arising from a foreseeable use of its own products.

61.    Sophisticated User Doctrine - Plaintiffs are barred from recovery against Natura because of the sophisticated user doctrine.

62.    FDUTPA Inapplicable to Personal Liability - The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to claims for personal injuries and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

63.    Unclean Hands - Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

64.    Failure to Assert Related Claims - Any putative claims available to Plaintiffs but not joined in this action are barred for failure to assert those claims in the Complaint.

65.    Accord and Satisfaction - Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

66.    Release - Plaintiffs' claims are barred, in whole or in part, in that certain members of the putative plaintiff class may have released any claims that they might have against Natura, thereby barring the assertion of any claim against Natura in this action.

67.     Failure to Exhaust Administrative Remedies - Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs failed to comply with conditions precedent to the right to recover.

68.     Failure to Join Indispensable Parties - Plaintiffs' claims are barred, in whole or in part, for failure to join all indispensable parties.  As a result, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Natura in any possible future litigation.

69.     Improper Joinder - Plaintiffs' claims are barred, in whole or in part, in that Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

70.     *Res Judicata* - Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* or collateral estoppel effect of prior orders or judgments.

71.     Standing - Plaintiffs lack standing to assert the claims alleged in the Complaint.

72.     FDUTPA Unconstitutional - Natura asserts that FDUTPA is unconstitutional as applied in this action.

73.     No Consequential Damages - Consequential damages are not available under the FDUTPA; accordingly, Plaintiffs' claims for such damages are barred.

74.     Statute of Limitations - Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including without limitation, Florida Statute of Repose, Fla. Stat. § 95.031, Consolidate Laws of New York § 214, California Business & Professions Code §17208, Cal. Civ. Code §1783, California Code of Civil Procedure § 335, *et seq*., California Civil Code § 340 *et seq*.

75.     Laches - Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

76.    Waiver - Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

77.    Estoppel - Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

78.    *In Pari Delicto* – Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

79.    Lack of Privity - Plaintiffs' claims are barred, in whole or in part, due to the lack of privity, or a "transaction," between Plaintiffs and Natura.

80.    To the extent Plaintiffs seek to bring claims under any State's consumer protection statutes not identified in the complaint, such claims would violate the Due Process Clause of the United States and applicable State Constitutions because, *inter alia*, the standards of liability are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

81.    Failure to Allege A Market - Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have not properly alleged either a relevant product market or a relevant geographic market.

82.    No Respondeat Superior Liability - Natura is not liable for any alleged wrongful action taken by its employees or agents, which may have been taken outside the scope of and course of their duties and which were not authorized, condoned, or ratified by Natura.

83.    Plaintiffs have failed to establish the requirements for a class action under any applicable State's statutes or codes, including, but not limited to, Fla. R. Civ. P. Rule 1.220, *et. seq.*

84.     Plaintiffs' class claims are statutorily barred, in whole or in part, by, but without limitation, N.Y. CPLR § 901(b).

85.     Plaintiffs cannot bring a class action for the claims asserted in the Complaint because such claims are unique to each plaintiff.

86.     Plaintiffs' Complaint should not be certified as a class action.  Products liability actions are distinguishable from other mass personal injury cases since "[n]o single happening or accident occurs to cause similar types of physical harm or property damage.  No one set of operative facts establishes liability."  *In re Northern District of California Dalkon Shield IUD Products Liability Litigation*, 693 F.2d 847, 853 (9th Cir. 1982).

87.     Prior Pending Litigation/Class Action Not Appropriate - Class certification is not appropriate because some of the members of the putative class may be involved in pending litigation in which questions of law or fact controverted in the subject action are to be adjudicated.

88.     Right to Jury Trial - Class certification is inappropriate because trial of this case as a class action will deprive Natura of the right to a jury trial as guaranteed, but not limited, by Article 1, Section 22 of the Constitution of the State of Florida and the 7th Amendment to the Constitution of the United States.

89.     Failure to Pleading Special Matters - To the extent that Plaintiffs' Complaint purports to state claims for fraud and/or misrepresentation, the Complaint fails to comply with the requirements of federal and state pleading requirements including, but not limited to, Rule 9(b) of the Federal Rules of Civil Procedure, Fla. R. Civ. P. 1.120(b), MCR 2.112(B)(1), sections 3013 and 3016(b) of the New York Civil Practice Law and Rules, New York General Business Law §§ 349 and 350, and Cal. Civ. Code § 1710.

90.    No Private Right of Action – Plaintiffs' claims are barred in whole or part because the applicable state laws do not confer a private right of action, *e.g.,* New York General Business Law § 350 (false advertising).

91.    Not a "Seller" – Plaintiffs' claims are barred in whole or part because Natura is not a seller within the meaning of the various State's consumer protection statutes, *e.g.,* Section 672.103 of the Florida Statutes.

92.    Economic Loss Rule - Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

93.    First Amendment - Plaintiffs' claims are barred, in whole or in part, because Natura's FDA-approved labeling constitutes protected commercial speech under the applicable provisions of the United States Constitution and the applicable provisions of the Constitutions and laws of the States whose law apply in this action.

94.    Spoliation of Evidence - Plaintiffs' and/or their pets' damages are not recoverable, in whole or in part, due to plaintiffs' or third parties' spoliation of evidence.

95.    Lack of Scienter - Plaintiffs' claims are barred, in whole or in part, because Natura and its officers and/or agents lack the requisite scienter, including specific intent and/or willfulness.

96.    Prospective Relief - Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek prospective relief.

97.    Failure to Identify - Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek monetary relief under the theory of unjust enrichment or any other theory of equitable relief because Plaintiffs have failed to identify any specific fund or property unjustly held by Natura.

98.    Adequate Remedy at Law - Plaintiffs' claims for equitable relief fails, in whole or in part, in that an adequate remedy at law exists.

99.    Frivolous Claims/Bond Requirement- Plaintiffs' claims are, in whole or in part, frivolous and without legal or factual merit.  Plaintiffs should be required to post a bond in an amount, which the Court finds reasonable, to indemnify Natura for any damages or costs incurred in defending this action, including reasonable attorney's fees.

100.    Undue Burden - Plaintiffs' claims are barred, in whole or in part, by the Interstate Commerce Clause of the United States Constitution, Article I, § 8, to the extent that Plaintiffs seek to impose an impermissible burden on interstate commerce and to regulate matters occurring in states wholly outside the jurisdiction of Court.

101.    Bad Faith - Natura is entitled to recover its attorney's fees and costs pursuant, but not limited, to Florida Statutes, Section 681.106.

102.    Privilege - Any actions on Natura's part of which the Plaintiffs complain are privileged under applicable statutory and common law.  At all times, Natura's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

103.    No Right to Attorneys' Fees - Plaintiffs cannot obtain attorneys' fees because they have not and cannot plead or fulfill any of the requirements (statutory, contractual or otherwise) for recovering attorney's fees, including, but not limited to, California Code of Civil Procedure § 1021.5.

104.    Unjust Enrichment - Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they prevail on any causes of action as they have already taken the benefit of the products purchased from Natura, if any were in fact purchased.

105.    Incorporation of Affirmative Defenses Raised by Other Defendants – Natura hereby incorporates the affirmative defenses raised by all of the other defendants to the extent such defenses may be applicable to the claims against Natura.  Natura further reserves the right to plead additional affirmative defenses as the facts giving rise to such defenses become known to Natura.

### NOTICE OF APPLICABILITY OF OTHER STATE OR JURISDICTIONAL LAW

106.    Some or all of the claims and defenses asserted in this cause may be governed by the substantive and/or procedural laws of another jurisdiction which have not been identified in the Complaint.  To the extent that laws of other jurisdictions apply, Natura invokes each and every constitutional, statutory, regulatory and common law defense available to it under the constitutions (or similar charters), legislation, and courts of each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico, and the territories and possessions of the United States.  This specifically includes, but is not limited to, provisions relating to due process, access to courts, freedom to petition the government for redress of grievances and limits on compensatory and punitive damages, and injunctive relief.

### **PRAYER**

WHEREFORE, Defendant Natura prays as follows:

1.    Deny class certification;

2.    That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety with prejudice;

3.    Natura has been required to retain and pay for the services of the undersigned attorneys.  Natura respectfully requests that after judgment, Natura be awarded its reasonable attorney's fees and costs pursuant, but not limited, to Florida Statutes section 501.2105;

4.      If applicable, that the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.      If applicable, that any judgment for damages against Natura in favor of Plaintiffs be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.      For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant Natura demands a jury trial on all issues triable by jury.

McGUIREWOODS LLP

By:    s/Jeffrey S. York
          Jeffrey S. York
          Florida Bar No. 0987069
          Michael M. Giel
          Florida Bar No. 000176760
          50 N. Laura Street, Suite 3300
          Jacksonville, Florida  32202
          (904) 798-2680
          (904) 360-6330 (fax)
          jyork@mcguirewoods.com
          mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF**
**SERVICE LIST**


Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., Target Corporation and Meijer,*
*Inc.*

Rolando Andres Diaz, Esquire
Maria Kayanan, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

rd@kubickdraper.com
cyd@kubickidraper.com
mek@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes, Esquire
Amy W. Schulman, Esquire
Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020
Alex.Shaknes@dlapiper.com
amy.schulman@dlapiper.com
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

William C. Martin, Esquire
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
William Edward Wegner, Esquire
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000

gjustice@gibsondunn.com
glees@gibsondunn.com
wwegner@gibsondunn.com
*Attorneys for Defendant Nutro Products, Inc.*

Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Dane H. Butswinkas, Esquire
Philip A. Sechler, Esquire
Thomas G. Hentoff, Esquire
Patrick J. Houlihan, Esquire
Amy R. Davis, Esquire
Juli Ann Lund, Esquire
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005
dbutswinkas@wc.com
psechler@wc.com
thentoff@wc.com
cdangelo@wc.com
phoulihan@wc.com
adavis@wc.com
jlund@wc.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

James K. Reuss, Esquire
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
JReuss@lanealton.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble*
*Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble*
*Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH
AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com
adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

C. Richard Fulmer, Jr., Esquire
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
rfulmer@Fulmer.LeRoy.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

Mark Whitburn, Esquire
**GIBSON, DUNN & CRUTCHER LLP**
2100 McKinney Avenue
Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
mwhitburn@gibsondunn.com
*Attorneys for Nutro Products, Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NATURA PET PRODUCTS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH**
**AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**