**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:  07-21221-CIV-ALTONAGA/BROWN**

RENEE BLASZKOWSKI, et. al., individually,
and on behalf of other similarly situated,

       Plaintiffs/Putative Class Representatives,

v.

MARS INC., et. al.,

       Defendants/Putative Class Representatives.

_____/

**HILL'S PET NUTRITION, INC.'S**
**ANSWER TO THE FOURTH AMENDED CLASS ACTION COMPLAINT**

Defendant, Hill's Pet Nutrition, Inc. ("Hill's"), through its undersigned counsel, for its Answer to the Fourth Amended Class Action Complaint dated April 11, 2008 ("Complaint"), responds as follows to the allegations of the Complaint, and avers generally that the responses contained are made with respect to the allegations of the Complaint directed to Hill's only, as Hill's is not obligated, nor in a position, to respond to allegations made against any other Defendant.  Any allegation not specifically admitted is denied.

1.      Hill's admits that Plaintiffs have initiated a purported class action. Hill's denies that class certification is permissible in this case, denies that Plaintiffs who purchased Hill's products did not receive a benefit for their pets, and further denies that Plaintiffs received products that were materially different from what Hill's advertises.  Hill's has insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore denies each and every such allegation.

13260625.1

Dockets.Justia.com

2.      Hill's denies the allegations in Paragraph 2 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the Complaint and therefore denies each and every such allegation.

3.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies each and every such allegation.

4.      The allegations in Paragraph 4 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore denies each and every such allegation.

5.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 5 of the Complaint and therefore denies each and every such allegation.

6.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint and therefore denies each and every such allegation.

7.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 7 of the Complaint and therefore denies each and every such allegation.

8.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint and therefore denies each and every such allegation.

9.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 9 of the Complaint and therefore denies each and every such allegation.

10.      The allegations in Paragraph 10 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and therefore denies each and every such allegation.

11.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 11 of the Complaint and therefore denies each and every such allegation.

12.      The allegations in Paragraph 12 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies each and every such allegation.

13.      The allegations in Paragraph 13 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies each and every such allegation.

14.      Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and therefore denies each and every such allegation.

15.      The allegations in Paragraph 15 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to

admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies each and every such allegation.

16.     The allegations in Paragraph 16 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of the Complaint and therefore denies each and every such allegation.

17.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint and therefore denies each and every such allegation.

18.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 18 of the Complaint and therefore denies each and every such allegation.

19.     The allegations in Paragraph 19 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the Complaint and therefore denies each and every such allegation.

20.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 20 of the Complaint and therefore denies each and every such allegation.

21.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint and therefore denies each and every such allegation.

22.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint and therefore denies each and every such allegation.

23.    The allegations in Paragraph 23 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore denies each and every such allegation.

24.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 24 of the Complaint and therefore denies each and every such allegation.

25.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 25 of the Complaint and therefore denies each and every such allegation.

26.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and therefore denies each and every such allegation.

27.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 27 of the Complaint and therefore denies each and every such allegation.

28.    Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 28 of the Complaint and therefore denies each and every such allegation.

29.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 29 of the Complaint and therefore denies each and every such allegation.

30.     The allegations in Paragraph 30 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of the Complaint and therefore denies each and every such allegation.

31.     Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 31 of the Complaint and therefore denies each and every such allegation.

32.     The allegations in Paragraph 32 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of the Complaint and therefore denies each and every such allegation.

33.     The allegations in Paragraph 33 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 33 of the Complaint and therefore denies each and every such allegation.

34.     The allegations in Paragraph 34 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 34 of the Complaint and therefore denies each and every such allegation.

35.    The allegations in Paragraph 35 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore denies each and every such allegation.

36.    In response to the allegation in Paragraph 36, Hill's admits that it is a Delaware corporation with its principal place of business in Kansas.  Hill's admits that it is in the business of manufacturing, marketing, and selling dog and cat food and treats for purchase.  Hill's admits that it conducts business in Florida and markets pet food products sold throughout the United States, including Florida.  Hill's admits that Hill's veterinary diets were originally established in the 1940's, and that in 1968 Hill's Science Diet® was made available through veterinarians and pet professionals.  Hill's admits that Colgate-Palmolive Company purchased Hill's in 1976. Hill's admits that Science Diet® is now generally available at pet specialty retail stores.  Hill's further admits that it has expended resources promoting its products and creating confidence in its products.  Except as expressly admitted herein, Hill's denies each and every remaining allegation in Paragraph 36 of the Complaint.

37.    The allegations in Paragraph 37 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of the Complaint and therefore denies each and every such allegation.

38.    The allegations in Paragraph 38 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 38 of the Complaint and therefore denies each and every such allegation.

13260625.1

39.     The allegations in Paragraph 39 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 39 of the Complaint and therefore denies each and every such allegation.

40.     The allegations in Paragraph 40 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 40 of the Complaint and therefore denies each and every such allegation.

41.     The allegations in Paragraph 41 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 41 of the Complaint and therefore denies each and every such allegation.

42.     The allegations in Paragraph 42 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 42 of the Complaint and therefore denies each and every such allegation.

43.     The allegations in Paragraph 43 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny any other allegations contained in Paragraph 43 of the Complaint and therefore denies each and every such allegation, except that Hill's admits that the Menu Foods Defendants manufactured in the past certain Hill's products.

44.     The allegations in Paragraph 44 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to

admit or deny the allegations contained in Paragraph 44 of the Complaint and therefore denies each and every such allegation.

45.    The allegations in Paragraph 45 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Complaint and therefore denies each and every such allegation.

46.    The allegations in Paragraph 46 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint and therefore denies each and every such allegation.

47.    The allegations in Paragraph 47 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 47 of the Complaint and therefore denies each and every such allegation.

48.    The allegations in Paragraph 48 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Complaint and therefore denies each and every such allegation.

49.    The allegations in Paragraph 49 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 49 of the Complaint and therefore denies each and every such allegation.

50.    The allegations in Paragraph 50 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of the Complaint and therefore denies each and every such allegation.

51.    The allegations in Paragraph 51 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 51 of the Complaint and therefore denies each and every such allegation.

52.    The allegations in Paragraph 52 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 52 of the Complaint and therefore denies each and every such allegation.

53.    Hill's admits that Petsmart, Inc. markets and sells certain Hill's products.  To the extent the remaining allegations in Paragraph 53 are directed at Hill's, Hill's denies each and every such allegation.  Hill's has insufficient knowledge or information to admit or deny any other allegations contained in Paragraph 53 of the Complaint and therefore denies each and every such allegation.

54.    Hill's admits that Pet Supermarket, Inc. markets and sells certain Hill's products. To the extent the remaining allegations in Paragraph 54 are directed at Hill's, Hill's denies each and every such allegation.  Hill's has insufficient knowledge or information to admit or deny any other allegations contained in Paragraph 54 of the Complaint and therefore denies each and every such allegation.

55.     Hill's admits that Petco Animal Supplies Stores, Inc. markets and sells certain Hill's products.  To the extent the remaining allegations in Paragraph 55 are directed at Hill's, Hill's denies each and every such allegation.  Hill's has insufficient knowledge or information to admit or deny any other allegations contained in Paragraph 55 of the Complaint and therefore denies each and every such allegation.

56.     Hill's admits that Pet Supplies "Plus"/USA, Inc. markets and sells certain Hill's products.  To the extent the remaining allegations in Paragraph 56 are directed at Hill's, Hill's denies each and every such allegation.  Hill's has insufficient knowledge or information to admit or deny any other allegations contained in Paragraph 56 of the Complaint and therefore denies each and every such allegation.

57.     Because the allegations contained in Paragraph 57 purport to state a legal conclusion, no response is required.  To the extent a response is required, Hill's has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 57 of the Complaint and therefore denies each and every such allegation.

58.     The allegations in Paragraph 58 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 58 of the Complaint and therefore denies each and every such allegation.

59.     Because the allegations contained in Paragraph 59 purport to state a conclusion, no response is required.  To the extent a response is required, Hill's denies any fact allegations, but admits that this Court has personal jurisdiction over Hill's.

60.     Because the allegations contained in Paragraph 60 purport to state a legal conclusion, no response is required.  To the extent a response is required, Hill's has insufficient

knowledge or information otherwise to admit or deny the allegations contained in Paragraph 60 of the Complaint and therefore denies each and every such allegation, except that Hill's admits that it has marketed and sold products in this District.

61.     To the extent that the allegations in Paragraph 61 are directed at Hill's, Hill's denies each and every such allegation, except that Hill's admits that the manufacturing, producing, selling and distributing of pet food and treats is a substantial industry in the United States.  Hill's further admits that many of the companion cats and dogs in the United States are fed commercial pet food and that those companion cats and dogs using Hill's products derive nutritional content from those products.  Hill's has insufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 61 of the Complaint and therefore denies each and every such allegation.

62.     To the extent that the allegations in Paragraph 62 are directed at Hill's, Hill's denies each and every such allegation, except that Hill's admits that it has expended resources promoting its products and creating confidence in its products.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 62 of the Complaint and therefore denies each and every such allegation.

63.     Hill's denies the allegations in Paragraph 63 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that it has business relationships with certain Pet Specialty Retailers and that Hill's and certain Pet Specialty Retailers market and sell certain Hill's products.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 63 of the Complaint and therefore denies each and every such allegation.

64.    Hill's denies the allegations in Paragraph 64 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that it has veterinary and other experts who advise it on pet food nutrition and that it uses scientific research to benefit consumers' cats and dogs.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 64 of the Complaint and therefore denies each and every such allegation.

65.    Hill's denies the allegations in Paragraph 65 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 65 of the Complaint and therefore denies each and every such allegation.

66.    Hill's denies the allegations in Paragraph 66 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 66 of the Complaint and therefore denies each and every such allegation.

67.    Hill's denies the allegations in Paragraph 67 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 67 of the Complaint and therefore denies each and every such allegation.

68.    Hill's admits that it uses the term "Veterinarian Recommended" with respect to its products.  Hill's further admits that it uses terms such as "real meat," "real chicken, "real lamb," "quality," and "premium" in its marketing in accordance with the Association of American Feed Control Officials ("AAFCO") rules and regulations.  Hill's further admits that it claims certain benefits for dogs and/or cats in accordance with AAFCO rules and regulations.  Hill's denies the

remaining allegations in Paragraph 68 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 68 of the Complaint and therefore denies each and every such allegation.

69.    Hill's denies the allegations in Paragraph 69 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 69 of the Complaint and therefore denies each and every such allegation.

70.    Hill's denies the allegations in Paragraph 70 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that certain of its products are labeled "Science Diet®."  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 70 of the Complaint and therefore denies each and every such allegation.

71.    Hill's denies the allegations in Paragraph 71 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that the bags, pouches and cans of its product include statements in accordance with AAFCO rules and regulations.  Hill's further admits that certain of its products' packaging and marketing materials bear the words "Superior Nutrition of Lifelong Health," "Strong Immune System," "Healthy Bones and Muscles," "Strong Clean Teeth and Fresh Breath," "Healthy Skin and Radiant Coat," "Overall Health and Vitality," "Easy to Digest," and "Total Nutrition Helps Your Pet Stay Healthy and Live Long."  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 71 of the Complaint and therefore denies each and every such allegation.

14

Case No.: 07-21221-civ-Altonaga/Brown

72.      To the extent that Paragraph 72 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 72 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 72 of the Complaint and therefore denies each and every such allegation.

73.      To the extent that Paragraph 73 purports to quote a commercial, Hill's respectfully refers the Court to the actual commercial for its content.  The allegations in Paragraph 73 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 73 of the Complaint and therefore denies each and every such allegation.

74.      To the extent that Paragraph 74 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 74 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 74 of the Complaint and therefore denies each and every such allegation.

75.      Hill's admits that Iams™ uses or has used the terms "veterinarian recommended" or "More vets recommend Iams than the leading grocery brand" in marketing certain of its pet foods.  The allegations in Paragraph 75 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 75 of the Complaint and therefore denies each and every such allegation.

76.      To the extent that Paragraph 76 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 76 are not

Case No.: 07-21221-civ-Altonaga/Brown

directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 76 of the Complaint and therefore denies each and every such allegation.

77.    Hill's admits that it manufactures and markets Science Diet® brand pet food. Hill's admits that it displays on its website its Science Diet® logo and the words "Veterinarian Recommended."  Hill's further admits that Exhibit 17 is or was part of Hill's website, and, to the extent that Paragraph 77 purports to quote a website, Hill's respectfully refers the Court to the actual website for the full content and context of the statements and depictions set forth therein. Hill's denies each and every remaining allegation contained in Paragraph 77 of the Complaint.

78.    Hill's denies each and every allegation contained in Paragraph 78 of the Complaint, except that Hill's admits that it provides scholarships and certain stipends to veterinarian school students, provides its products to certain veterinarian school student organizations, and makes certain arrangements with veterinarians who wish to sell its products.

79.    Hill's denies each and every allegation contained in Paragraph 79 of the Complaint, except that Hill's admits that one of the products is Science Diet® Light Adult. Hill's admits that Exhibit 18 depicts part of Hill's website.  To the extent that Paragraph 79 purports to quote a website, Hill's respectfully refers the Court to the actual website for the full content and context of the statements and depictions set forth therein.

80.    To the extent that Paragraph 80 purports to quote a document, Hill's respectfully refers the Court to the actual document for its content. The allegations in Paragraph 80 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 80 of the Complaint and therefore denies each and every such allegation.

13260625.1

81.    To the extent that Paragraph 81 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 81 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 81 of the Complaint and therefore denies each and every such allegation.

82.    To the extent that Paragraph 82 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 82 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 82 of the Complaint and therefore denies each and every such allegation.

83.    To the extent that Paragraph 83 purports to quote a website, Hill's respectfully refers the Court to the actual website for its content.  The allegations in Paragraph 83 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 83 of the Complaint and therefore denies each and every such allegation.

84.    Hill's admits that certain of its products are marketed and sold by Petco.  The remaining allegations in Paragraph 84 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 84 of the Complaint and therefore denies each and every such allegation.

85.    Hill's admits that certain of its products are marketed and sold by Petco.  To the extent that Paragraph 85 purports to quote certain signage, Hill's respectfully refers the Court to the actual signage for its content.  Hill's denies the remaining allegations in Paragraph 85 of the

Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 85 of the Complaint and therefore denies each and every such allegation.

86.    Hill's admits that certain of its products are marketed and sold by Petsmart.  To the extent that Paragraph 86 purports to quote certain signage, Hill's respectfully refers the Court to the actual signage for its content.  Hill's denies the remaining allegations in Paragraph 86 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 86 of the Complaint and therefore denies each and every such allegation.

87.    Hill's admits that certain of its products are marketed and sold by Pet Supermarket and Pet Supplies.  To the extent that Paragraph 86 purports to quote certain signage, Hill's respectfully refers the Court to the actual signage for its content.  Hill's denies the remaining allegations in Paragraph 87 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 87 of the Complaint and therefore denies each and every such allegation.

88.    Hill's denies the allegations in Paragraph 88 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 88 of the Complaint and therefore denies each and every such allegation.

89.    Hill's denies the allegations in Paragraph 89 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that in the past it marketed and sold a limited number of its pet foods that were manufactured and produced by Menu Foods.  Hill's has

insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 89 of the Complaint and therefore denies each and every such allegation.

90.    Hill's denies the allegations in Paragraph 90 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that it has engaged in co-packing relationships with certain other companies whereby the co-packing company manufactures certain Hill's products in accordance with specifications provided by Hill's.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 90 of the Complaint and therefore denies each and every such allegation.

91.    Hill's denies the allegations in Paragraph 91 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that certain of its products contain rendered materials as defined by AAFCO rules and regulations.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 91 of the Complaint and therefore denies each and every such allegation.

92.    Hill's denies the allegations in Paragraph 92 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that certain ingredients of Hill's products include by-products as defined by AAFCO rules and regulations.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 92 of the Complaint and therefore denies each and every such allegation.

93.    Hill's denies the allegations in Paragraph 93 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that gluten is a protein source in certain food products and is the substance remaining when grain flour is washed to remove the starch.  Hill's

has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 93 of the Complaint and therefore denies each and every such allegation.

94.    Hill's denies the allegations in Paragraph 94 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 94 of the Complaint and therefore denies each and every such allegation.

95.    Hill's denies the allegations in Paragraph 95 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 95 of the Complaint and therefore denies each and every such allegation.

96.    Hill's denies the allegations in Paragraph 96 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 96 of the Complaint and therefore denies each and every such allegation.

97.    Hill's denies the allegations in Paragraph 97 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 97  of the Complaint and therefore denies each and every such allegation.

98.    To the extent that Paragraph 98 purports to quote an article, Hill's respectfully refers the Court to the actual article for its content.  Hill's denies the allegations in Paragraph 98 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 98 of the Complaint and therefore denies each and every such allegation.

99.    Hill's denies the allegations in Paragraph 99 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 99 of the Complaint and therefore denies each and every such allegation.

100.    Hill's denies the allegations in Paragraph 100 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that certain preservatives may be added to ingredients and raw materials by suppliers or manufacturers and disclosed in accordance with AAFCO rules and regulations.  To the extent that Paragraph 100 purports to recount the content of certain articles or websites, Hill's respectfully refers the Court to the actual article or website for their content.  Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 100 of the Complaint and therefore denies each and every such allegation.

101.    Hill's denies the allegations in Paragraph 101 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 101 of the Complaint and therefore denies each and every such allegation.

102.    Hill's denies the allegations in Paragraph 102 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 102 of the Complaint and therefore denies each and every such allegation.

103.    Hill's denies the allegations in Paragraph 103 of the Complaint to the extent that they are directed to Hill's, except that Hill's admits that certain Hill's products were part of the Menu Food recall described in the final bullet of Paragraph 103, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 103 of the Complaint and therefore denies each and every such allegation.

104.    Hill's denies the allegations in Paragraph 104 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 104 of the Complaint and therefore denies each and every such allegation.

105.    Hill's denies the allegations in Paragraph 105 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 105 of the Complaint and therefore denies each and every such allegation.

106.    Hill's denies the allegations in Paragraph 106 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 106 of the Complaint and therefore denies each and every such allegation.

107.    Hill's denies the allegations in Paragraph 107 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 107 of the Complaint and therefore denies each and every such allegation.

108.    Hill's denies the allegations in Paragraph 108 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 108 of the Complaint and therefore denies each and every such allegation.

109.    Hill's denies the allegations in Paragraph 109 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 109 of the Complaint and therefore denies each and every such allegation.

110.    Hill's denies the allegations in Paragraph 110 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 110 of the Complaint and therefore denies each and every such allegation, except that Hill's admits that it is a member of certain trade associations, including the Pet Food Institute ("PFI") and the American Pet Products Manufacturing Association.  Hill's further admits that PFI personnel have served on AAFCO committees and that PFI has attended Congressional hearings, has participated in investigations with state and federal officials, and has worked with the FDA regarding issues related to pet food.

111.    Hill's admits that Plaintiffs are purporting to bring a class action.  To the extent the allegations contained in Paragraph 111 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 111 of the Complaint.

112.    Hill's admits that Plaintiffs are purporting to bring a class action and are seeking injunctive relief.  To the extent the allegations contained in Paragraph 112 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is

13260625.1

appropriate and denies each and every remaining allegation contained in Paragraph 112 of the Complaint.

113.    Hill's admits that there are tens of millions of companion dogs and cats in the United States.  Hill's further admits that many of the companion cats and dogs in the United States are fed commercial pet food and that it manufactures and markets pet food. To the extent that Paragraph 113 purports to recount the content of a 2007-2008 survey from the American Pet Products Manufacturers Association, Hill's respectfully refers the Court to the actual survey for its content.  To the extent the allegations contained in Paragraph 113 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies the remaining allegations in Paragraph 113 of the Complaint.

114.    To the extent the allegations contained in Paragraph 114 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 114 of the Complaint.

115.    To the extent the allegations contained in Paragraph 115 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 115 of the Complaint.

116.    To the extent the allegations contained in Paragraph 116 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 116 of the Complaint. .

117.    To the extent the allegations contained in Paragraph 117 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 117 of the Complaint.

Case No.: 07-21221-civ-Altonaga/Brown

118.    To the extent the allegations contained in Paragraph 118 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 118 of the Complaint.

119.    Hill's admits that Plaintiffs are purporting to bring a class action.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 119 of the Complaint.

120.    To the extent the allegations contained in Paragraph 120 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 120 of the Complaint.

121.    To the extent the allegations contained in Paragraph 121 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 121 of the Complaint.

122.    To the extent the allegations contained in Paragraph 122 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 122 of the Complaint.

123.    To the extent the allegations contained in Paragraph 123 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 123 of the Complaint.

124.    To the extent the allegations contained in Paragraph 124 of the Complaint purport to state a legal conclusion, no response is required.    Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 124 of the Complaint.

125.    To the extent the allegations contained in Paragraph 125 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies that class treatment is appropriate and denies each and every remaining allegation in Paragraph 125 of the Complaint.

## COUNT I

126.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

127.    Hill's admits that it was engaged in the business of manufacturing, marketing and selling pet food in the United States during the class period.  Hill's denies the remaining allegations in Paragraph 127 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 127 of the Complaint and therefore denies each and every such allegation.

128.    The allegations in Paragraph 128 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 128 of the Complaint and therefore denies each and every such allegation.

129.    Hill's denies the allegations in Paragraph 129 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 129 of the Complaint and therefore denies each and every such allegation.

130.    Hill's denies the allegations in Paragraph 130 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to

13260625.1

the truth or falsity of the remaining allegations contained in Paragraph 130 of the Complaint and therefore denies each and every such allegation.

131.    Hill's denies the allegations in Paragraph 131 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 131 of the Complaint and therefore denies each and every such allegation.

132.    The allegations in Paragraph 132 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 132 of the Complaint and therefore denies each and every such allegation.

133.    Hill's denies the allegations in Paragraph 133 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 133 of the Complaint and therefore denies each and every such allegation.

134.    Hill's denies the allegations in Paragraph 134 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 134 of the Complaint and therefore denies each and every such allegation.

**COUNT II**

135.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

136.    Hill's admits that it was engaged in the business of manufacturing, marketing and selling pet food in the United States during the class period.  Hill's denies the remaining

allegations in Paragraph 136 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 136 of the Complaint and therefore denies each and every such allegation.

137.    Hill's admits the certain Pet Specialty Retailers marketed and sold certain of Hill's products.  The remaining allegations in Paragraph 137 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 137 of the Complaint and therefore denies each and every such allegation.

138.    Hill's denies the allegations in Paragraph 138 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 138 of the Complaint and therefore denies each and every such allegation.

139.    Hill's denies the allegations in Paragraph 139 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 139 of the Complaint and therefore denies each and every such allegation.

140.    Hill's denies the allegations in Paragraph 140 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 140 of the Complaint and therefore denies each and every such allegation.

141.    Hill's denies the allegations in Paragraph 141 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 141 of the Complaint and therefore denies each and every such allegation.

142.    The allegations in Paragraph 142 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 142 of the Complaint and therefore denies each and every such allegation.

143.    Hill's denies the allegations in Paragraph 143 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 143 of the Complaint and therefore denies each and every such allegation.

## COUNT III

144.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

145.    Hill's admits that it was engaged in the business of manufacturing, marketing and selling pet food in the United States during the class period.  Hill's denies the remaining allegations in Paragraph 145 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 145 of the Complaint and therefore denies each and every such allegation.

146.    Hill's admits the certain Pet Specialty Retailers marketed and sold certain of Hill's products.  The remaining allegations in Paragraph 146 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or

information to admit or deny the allegations contained in Paragraph 146 of the Complaint and therefore denies each and every such allegation.

147.    Hill's admits that Plaintiffs purport to be stating a cause of action for a violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 *et seq.*  Hill's denies that such a violation occurred and denies each and every remaining allegation contained in Paragraph 147 of the Complaint.

148.    Hill's denies the allegations in Paragraph 148 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 148 of the Complaint and therefore denies each and every such allegation.

149.    To the extent the allegations contained in Paragraph 149 of the Complaint purport to state a legal conclusion, no response is required.  Hill's has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 149 of the Complaint and therefore denies each and every such allegation.

150.    To the extent the allegations contained in Paragraph 150 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies the remaining allegations in Paragraph 150 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 150 of the Complaint and therefore denies each and every such allegation.

151.    To the extent the allegations contained in Paragraph 151 of the Complaint purport to state a legal conclusion, no response is required.  Hill's denies the allegations in Paragraph 151 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge

or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 151 of the Complaint and therefore denies each and every such allegation.

152.    To the extent the allegations contained in Paragraph 152 of the Complaint purport to state a legal conclusion, no response is required. Hill's denies the allegations in Paragraph 152 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 152 of the Complaint and therefore denies each and every such allegation.

153.    Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 153 of the Complaint and therefore denies each and every such allegation.

154.    Hill's denies the allegations in Paragraph 154 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 154 of the Complaint and therefore denies each and every such allegation.

## COUNT IV

155.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

156.    Hill's admits that it was engaged in the business of manufacturing, marketing and selling pet food in the United States during the class period. Hill's denies the remaining allegations in Paragraph 156 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 156 of the Complaint and therefore denies each and every such allegation.

157.    Hill's denies the allegations in Paragraph 157 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 157 of the Complaint and therefore denies each and every such allegation.

158.    Hill's denies the allegations in Paragraph 158 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 158 of the Complaint and therefore denies each and every such allegation.

159.    Hill's denies the allegations in Paragraph 159 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 159 of the Complaint and therefore denies each and every such allegation.

160.    Hill's denies the allegations in Paragraph 160 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 160 of the Complaint and therefore denies each and every such allegation.

161.    Hill's denies the allegations in Paragraph 161 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 161 of the Complaint and therefore denies each and every such allegation.

## COUNT V

162.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

163.    Hill's has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 157 of the Complaint and therefore denies each and every such allegation.

164.    Hill's denies the allegations in Paragraph 164 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 164 of the Complaint and therefore denies each and every such allegation.

165.    Hill's denies the allegations in Paragraph 165 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 165 of the Complaint and therefore denies each and every such allegation.

**COUNT VI**

166.    Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

167.    The allegations in Paragraph 167 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 167 of the Complaint and therefore denies each and every such allegation.

168.    Hill's admits the certain Pet Specialty Retailers marketed and sold certain of Hill's products.  The remaining allegations in Paragraph 168 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 168 of the Complaint and therefore denies each and every such allegation.

33

169.   The allegations in Paragraph 169 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 169 of the Complaint and therefore denies each and every such allegation.

170.   The allegations in Paragraph 170 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 170 of the Complaint and therefore denies each and every such allegation.

171.   Hill's denies the allegations in Paragraph 171 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 171 of the Complaint and therefore denies each and every such allegation.

172.   Hill's denies the allegations in Paragraph 172 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 172 of the Complaint and therefore denies each and every such allegation.

173.   The allegations in Paragraph 173 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 173 of the Complaint and therefore denies each and every such allegation.

## COUNT VII

174.   Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

34

175.    Hill's admits the certain Pet Specialty Retailers marketed and sold certain of Hill's products.  The remaining allegations in Paragraph 175 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 175 of the Complaint and therefore denies each and every such allegation.

176.    The allegations in Paragraph 176 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 176 of the Complaint and therefore denies each and every such allegation.

177.    The allegations in Paragraph 177 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 177 of the Complaint and therefore denies each and every such allegation.

178.    The allegations in Paragraph 178 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 178 of the Complaint and therefore denies each and every such allegation.

179.    The allegations in Paragraph 179 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 179 of the Complaint and therefore denies each and every such allegation.

## COUNT VIII

180.     Hill's incorporates by reference each of its above responses to Paragraphs 1 through 125 as if fully restated herein.

181.     Hill's denies each and every allegation in Paragraph 181 of the Complaint.

182.     Hill's admits that it was engaged in the business of manufacturing, marketing and selling pet food in the United States during the class period.  Hill's denies the remaining allegations in Paragraph 182 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of any other allegations contained in Paragraph 182 of the Complaint and therefore denies each and every such allegation.

183.     Hill's admits the certain Pet Specialty Retailers marketed and sold certain of Hill's products.  The remaining allegations in Paragraph 183 are not directed to Hill's.  To the extent that a response from Hill's is deemed necessary, Hill's has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 183 of the Complaint and therefore denies each and every such allegation.

184.     Hill's denies the allegations in Paragraph 184 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 184 of the Complaint and therefore denies each and every such allegation.

185.     Hill's denies the allegations in Paragraph 185 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 185 of the Complaint and therefore denies each and every such allegation.

186.    Hill's denies the allegations in Paragraph 186 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 186 of the Complaint and therefore denies each and every such allegation.

187.    Hill's denies the allegations in Paragraph 187 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 187 of the Complaint and therefore denies each and every such allegation.

188.    Hill's denies the allegations in Paragraph 188 of the Complaint to the extent that they are directed to Hill's, and has insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 188 of the Complaint and therefore denies each and every such allegation.

189.    To the extent that the Complaint sets forth any allegations to which Hill's has not responded above, these allegations are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

Hill's asserts the following separate and affirmative defenses to the Complaint, and each and every cause of action asserted therein.  Further, Hill's reserves the right to amend this Answer to assert additional claims or defenses as discovery proceeds.  Accordingly, as separate and distinct defenses to the Complaint, and to each of the alleged causes of action, Hill's, without conceding that it bears the burden of proof as to any of the defenses and without admitting any of the allegations of the Complaint, alleges as follows:

## FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

37

**SECOND DEFENSE**

The claims asserted in the Complaint are barred by Plaintiff's inequitable conduct and unclean hands.

**THIRD DEFENSE**

The claims asserted in the Complaint are barred in whole or in part by the doctrines of laches, waiver, and ratification.

**FOURTH DEFENSE**

Plaintiffs are estopped, in whole or in part, from asserting the claims set forth in the Complaint.

**FIFTH DEFENSE**

Plaintiffs lack standing or capacity to sue with respect to some or all of their claims.

**SIXTH DEFENSE**

The claims asserted in the Complaint are barred by the applicable statute(s) of limitations or by laches.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate their injuries or damages.

**EIGHT DEFENSE**

Plaintiff's claims are barred, in whole or in part, by their own negligence and fault.

**NINTH DEFENSE**

The claims asserted in the Complaint are barred because Plaintiff has sustained no legally cognizable damage by virtue of any misconduct alleged in the Complaint.

13260625.1

## TENTH DEFENSE

The Claims asserted in the Complaint are barred in whole or in part because they are not ripe for adjudication and/or have previously been dismissed.

## ELEVENTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by the Statute of Frauds.

## TWELFTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by their failure to undertake and/or complete any and all conditions precedent to any alleged obligations or duties of Hill's including, but not limited to, the failure to provide requisite and/or timely notice to Hill's of any alleged breach of warranty.

## THIRTEENTH DEFENSE

If there presently exists, or ever existed, any of the rights, claims, duties or obligations which the Plaintiffs allege by way of their Complaint, said rights, claims, duties or obligations are unenforceable by reason of the mutual mistake of the parties.

## FOURTEENTH DEFENSE

If there presently exists, or ever existed, any of the rights, claims, duties or obligations which the Plaintiffs alleged by way of their Complaint, said rights, claims, duties or obligations are unenforceable, or would be unconscionable, by reason of the mistake of Hill's, of which the Plaintiffs had knowledge.

## FIFTEENTH DEFENSE

The Plaintiffs' claims, or parts thereof, may be barred by reason of the misuse of Hill's products in a manner that was not foreseeable to these Defendants.

13260625.1

## SIXTEENTH DEFENSE

The Plaintiffs' claims, or parts thereof, may be barred by reason that the damages and injuries complained of by the Plaintiffs were caused or aggravated by pre-existing conditions or idiosyncratic or allergic reactions of the Plaintiffs' pets.

## SEVENTEENTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by reason that Hill's made no false representations with respect to the product(s) manufactured so as to induce the public at large to purchase and/or use said products.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the conduct at issue (including any and all labels and/or warnings) complied with federal and/or state law, codes, statutes, rules, regulations, and/or standards.

## NINETEENTH DEFENSE

The Plaintiffs are barred from recovering against Hill's because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act ("FDCA") 21 U.S.C. § 301 *et. seq*.

## TWENTIETH DEFENSE

Plaintiffs improperly have joined in one action separate purported claims by separate plaintiffs against separate defendants. All such misjoined claims and parties should be severed and/or tried separately pursuant to Fed. R. Civ. P. 21 and 42.

## TWENTY -FIRST DEFENSE

The Plaintiffs' claims are barred because Hill's alleged advertising and labeling is and has been specifically authorized by the FDA, the Association of American Feed Control Officials ("AAFCO"), the FDCA, and state laws incorporating AAFCO rules and regulations.

40

### TWENTY-SECOND DEFENSE

The Plaintiffs' statutory claims fail because the conduct Plaintiffs challenge falls within the safe harbor provisions of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) and other applicable statutes.

### TWENTY-THIRD DEFENSE

The Plaintiffs' claims are barred because Hill's actions were in compliance with all existing safety standards and precautions then consistent with the state of the art.

### TWENTY-FOURTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of assumption of risk in that Plaintiffs expressly, freely and voluntarily assumed any risk attendant with purchase of the allegedly defective product, and this undertaking proximately caused and contributed to the losses, injuries, or damages, if any, alleged by Plaintiffs.

### TWENTY-FIFTH DEFENSE

The intervening or superseding cause of any injury allegedly sustained by Plaintiffs and/or their pets may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Hill's cannot be held responsible.

### TWENTY-SIXTH DEFENSE

The injuries and damages of which Plaintiffs complain were caused by a product, process, occurrence, event or service over which Hill's exercised no control or right of control.

### TWENTY-SEVENTH DEFENSE

The claimed injuries and/or damages of Plaintiffs are so remote, speculative, or contingent that Plaintiffs' claims must be barred on public policy grounds.

### TWENTY-EIGHTH DEFENSE

The Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* or collateral estoppel effect of prior judgments.

### TWENTY-NINTH DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Florida. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review

of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.,* 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## THIRTIETH DEFENSE

Punitive damages may not be awarded:

a)    Without proof of every element beyond a reasonable doubt, or in the alternative without proof by clear and convincing evidence

b)    Without bifurcating the trial of all punitive issues, including punitive liability;

c)    With no limits, including the maximum amount that a jury may impose in this jurisdiction;

d)    With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *See State Farm v. Campbell*, 538 U.S. 408 (2003);

e)    Which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction;

f)    Without standards or sufficient clarity for determining the appropriateness of appropriate size of the award;

g)    Without consideration of the three constitutional guideposts of reprehensibility, ratio and civil penalties. *See State Farm v. Campbell*, 538 U.S. 408 (2003);

      h)     Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

      i)     Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

      j)     Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio and civil penalties, *See State Farm v. Campbell*, 538 U.S. 408 (2003).

## THIRTY-FIRST DEFENSE

Since punitive damages are criminal in nature, any award of such damages against Hill's in this matter would deny Hill's the protection afforded in criminal cases, including protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel as guaranteed under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the applicable law of this jurisdiction. Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

## THIRTY-SECOND DEFENSE

To the extent that Plaintiffs are seeking punitive damages, punitive damages are not available because Hill's conduct, if any, was not willful, malicious, wanton, reckless, grossly negligent, or in reckless disregard of others' safety.

## THIRTY-THIRD DEFENSE

Hill's is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

13260625.1

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction or release.

### THIRTY-FIFTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by reason of Plaintiffs' failure to enjoin any and all necessary and/or indispensable parties to this action.

### THIRTY-SIXTH DEFENSE

If there presently exists, or ever existed, any of the rights, claims, duties or obligations which the Plaintiffs allege by way of their Complaint, said rights, claims, duties or obligations are unenforceable, or would be unconscionable, by reason of fraud perpetrated by the Plaintiffs.

### THIRTY-SEVENTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred as a result of Hill's payment to the Plaintiffs for any and all injuries and damages complained of and the discharge of any alleged claims or obligations of these defendants by reason of said payments.

### THIRTY-EIGHTH DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by reason of the economic loss rule, as the Plaintiffs' claims for negligence and strict liability are barred by said doctrine given that the Plaintiffs only seek economic damages for the same.

### THIRTY-NINTH DEFENSE

The Plaintiffs' claims are barred by Hill's First Amendment rights to commercial speech.

### FORTIETH DEFENSE

The damages complained of were solely or partly the result of negligence on the part of other parties who were not in the care, custody, control or supervision of Hill's. Therefore, Plaintiffs either cannot recover against Hill's, or Hill's is responsible only for its own pro-rata

45

share of the damages, if any, in accordance with Florida Statute Section 768.81.  At this time, due to the absence of any discovery in this case, Hill's is unable to identify or describe the other persons or entities that were negligent.  Pursuant to *Nash v. Wells Fargo Guard Services, Inc.*, 678 So.2d 1262 (Fla. 1996), Hill's reserves the right to amend this affirmative defense to list the specific names or descriptions of other responsible non-parties.  If a co-defendant settles, its name is automatically raised affirmatively for purposes of apportionment under *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993).

## FORTY-FIRST DEFENSE

Plaintiffs' warranty claims fail, in whole or in part, because of an absence of privity of contract between Plaintiff and Hill's.

## FORTY-SECOND DEFENSE

To the extent that the laws of other states may apply to this matter, in whole or in part, Hill's invokes each and every statutory and common law defense available to it under the laws of Michigan, Connecticut, Oklahoma, Minnesota, California, Indiana, Massachusetts, Ohio, South Carolina, Tennessee, Virginia, Washington, Wisconsin, Nevada, Kansas, Arizona, west Virginia, Nebraska, Pennsylvania, North Carolina, Georgia, Maryland, Kentucky, Illinois, New York, and New Jersey  with respect to each of the claims alleged in the Fourth Amended Complaint that is recognized in that jurisdiction.  Hill's has not had sufficient opportunity to survey the law of each of these numerous jurisdictions to determine the availability and applicability of all such defenses.

## FORTY-THIRD DEFENSE

Plaintiffs' fraud claims are barred, in whole or in part, because Plaintiffs have failed to plead such claims with particularity, as required by Fed. R. Civ. P. 9(b).

13260625.1

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred by the learned intermediary doctrine.

Hill's adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Hill's.

Hill's hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery.  Hill's expressly reserves the right to amend its Answer by way of amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

## **PRAYER**

WHEREFORE, Defendant Hill's prays as follows:

1.    That the Court deny class certification;

2.    That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety with prejudice;

3.    Hill's has been required to retain and pay for the services of the undersigned attorneys.  Hill's respectfully requests that after judgment, Hill's be awarded its reasonable attorney's fees and costs pursuant to Florida Statutes section 501.2105;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.    That any judgment for damages against Hill's in favor of Plaintiffs be no greater than an amount which equals its proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    For such other and further relief as the Court may deem just and proper.

13260625.1

Case No.: 07-21221-civ-Altonaga/Brown

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 12th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel listed on the attached Service List.

Respectfully submitted,

CARLTON FIELDS, P.A.

_s/ Ana M. Craig_____
Benjamine Reid
Florida Bar Number 183522
Ana Craig
Florida Bar Number 091847
100 SE 2nd Street, Suite 4000
Miami, FL 33131-9101
Telephone: 305-530-0050
Fax: 205-530-0055
Email: breid@carltonfields.com
acraig@carltonfields.com

SIDLEY AUSTIN LLP
James D. Arden
John J. Kuster
Kara L. McCall
787 Seventh Avenue
New York, NY 10019
Telephone: 212- 839-5300
Fax: 212-839-5599
Email: jarden@sidley.com

_Attorneys for Defendant_
_Hill's Pet Nutrition, Inc._

48

13260625.1

Case No.: 07-21221-civ-Altonaga/Brown

<u>**SERVICE LIST**</u>

**Attorneys for Plaintiffs**

Catherine J. MacIvor
E-mail:      cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

**Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc. and Target Corporation**

John B.T. Murray, Jr.
E-mail:      jbmurray@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

**Attorneys for Defendants Menu Foods, Inc. and
Menu Foods Income Fund**

Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Alexander Shaknes
E-Mail: Alex.Shaknes@dlapiper.com
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020

**Attorneys for Defendants Menu Foods, Inc. and
Menu Foods Income Fund**

Lonnie L. Simpson
E-Mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-Mail: Douglas.knox@dlapiper.com
DLA PIPER LLP
101 East Kennedy Boulevard, Suite 2000
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

**Attorneys for Defendants Publix Super Markets,
Inc.**

Hugh J. Turner, Jr.
E-mail:      hugh.turner@akerman.com
AKERMAN SENTERFITT
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224

**Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.**

Robin L. Hanger
E-mail:  rlhanger@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
200 S. Biscayne Boulevard, 40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001

13260625.1

Case No.: 07-21221-civ-Altonaga/Brown

**Attorneys for Defendant Pet Supermarket, Inc.**

Rolando Andres Diaz
E-Mail:      rd@kubickdraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
KUBICKI DRAPER
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

**Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.**

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
PATINO & ASSOCIATES, P.A.
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

**Attorneys for Defendant Mars, Incorporated, Mars Petcare US, Inc. and Nutro Products, Inc.**

Omar Ortega
E-mail: oortega@dortaandortega.com
DORTA AND ORTEGA, P.A.
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

**Attorneys for Defendants Mars, Incorporated, Mars Petcare US, Inc. and Nutro Products, Inc.**

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.om
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  200005

**Attorneys for Defendants Hill's Pet Nutrition, Inc.**

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

**Attorneys for Defendants Hill's Pet Nutrition, Inc.**

Kara L. McCall
E-mail: kmccall@Sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-7000

13260625.1

Case No.: 07-21221-civ-Altonaga/Brown

**Attorneys for Defendant Del Monte Foods, Co.**

Sherril M. Colombo
E-mail:  scolombo@cozen.com
COZEN O'CONNOR
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955


**Attorneys for Defendant Del Monte Foods, Co.**

John F. Mullen
E-Mail:  jmullen@cozen.com
Julie Negovan
E-Mail: jnegovan@cozen.com
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile:  (215) 665-2013

**Attorneys for Defendant Del Monte Foods, Co.**

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
COZEN O'CONNOR
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

**Attorneys for Defendant The Kroger Co. of Ohio**

James K. Reuss
E-mail:  JReuss@lanealton.com
LANE ALTON & HORST, LLC
Two Miranova Place
Suite 500
Columbus, Ohio  43215
Telephone:  (614) 233-4719

**Attorneys for Defendants Nestlé Purina Petcare Co.**

Craig A. Hoover
E-mail:  cahoover@hhlaw.com
Miranda L. Berge
E-mail:  mlberge@hhlaw.com
HOGAN & HARTSON L.L.P.
555 13TH Street, NW
Washington, D.C.  20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910


**Attorneys for Defendants Nestlé Purina Petcare Co.**

Carol A. Licko
E-mail: calicko@hhlaw.com
HOGAN & HARTSON L.L.P.
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

**Attorneys for Defendants Nestlé Purina Petcare Co.**

Robert C. Troyer
E-mail:  rctroyer@hhlaw.com
HOGAN & HARTSON L.L.P.
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado  80202
Telephone:  (303) 899-7300
Facsimile:  (303) 899-7333

**Attorneys for Defendant The Kroger Co. of Ohio**

C. Richard Fulmer, Jr.
E-mail:  rfulmer@Fulmer.LeRoy.com
FULMER LeROY ALBEE, ET AL
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:   (954) 707-4431

51

13260625.1

Case No.: 07-21221-civ-Altonaga/Brown

**Attorneys for Defendant The Iams Co.**

Alan G. Greer
E-mail: agreer@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

**Attorneys for Defendant The Iams Co.**

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

**Attorneys for Defendants New Albertson's Inc. and Albertson's LLC**

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
ABALLI, MILNE, KALIL & ESCAGEDO, P.A.
One S.E. Third Avenue, Suite 2250
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

**Attorneys for Defendants New Albertson's Inc. and Albertson's LLC**

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

**Attorneys for Defendant Natura Pet Products, Inc.**

Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-Mail: mgiel@mcguirewoods.com
McGUIRE WOODS LLP
50 N. Laura Street
 Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

**Attorneys for Defendant Natura Pet Products, Inc.**

Kristen E. Caverly
E-Mail:  kcaverly@hcesq.com
Tony F. Farmani
E-Mail:  tfarmaniy@hcesq.com
HENDERSON & CAVERLY LLP
P.O. Box 9144 (all U.S. Mail)
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California 92067
Telephone:  (858) 756-6342
Facsimile:  (858) 756-4732

13260625.1