UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, et al.,
 individually and on behalf of others
similarly situated,

       Plaintiffs,

vs.

MARS INCORPORATED, et al.,

       Defendants.

_____/

**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE**
**FOURTH AMENDED CLASS ACTION COMPLAINT**

   Defendant, Nestlé Purina PetCare Company ("Nestlé Purina"), by and through its

undersigned counsel, hereby submits the following Answer and Affirmative Defenses to

Plaintiffs' Fourth Amended Class Action Complaint ("Complaint"). The term "Plaintiffs" as

used herein refers to the named Plaintiffs individually and on behalf of all others similarly

situated. Nestlé Purina responds to the Complaint as follows:

## I.

## INTRODUCTION

   1.  Nestlé Purina admits that Plaintiffs have initiated a purported class action. To the

extent that any allegations are directed to Nestlé Purina in Paragraph 1 of the Complaint, Nestlé

Purina admits that it manufactured, marketed, distributed, and sold pet food and treat products

during the class period. Except as expressly admitted, Nestlé Purina denies the remaining

allegations that may be directed to it in Paragraph 1 of the Complaint. To the extent that

Dockets.Justia.com

allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.

2.     Nestlé Purina denies each and every allegation contained in Paragraph 2 of the Complaint.

## PARTIES

### Plaintiffs/Class Representatives

3.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Michigan and Connecticut.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 3 of the Complaint, and therefore denies each and every such allegation.

4.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Florida.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 4 of the Complaint, and therefore denies each and every such allegation.

5.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Oklahoma.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

6.       Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Minnesota.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 of the Complaint, and therefore denies each and every such allegation.

7.       Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in California.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 7 of the Complaint, and therefore denies each and every such allegation.

8.       Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Indiana.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 of the Complaint, and therefore denies each and every such allegation.

9.       Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Massachusetts.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10.       Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Massachusetts.  Nestlé Purina lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny the remaining allegations in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Ohio.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in South Carolina.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13.     The allegations contained in Paragraph 13 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

14.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Virginia.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 of the Complaint, and therefore denies each and every such allegation.

15.     The allegations contained in Paragraph 15 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies each and every such allegation.

16.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Wisconsin.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 16 of the Complaint, and therefore denies each and every such allegation.

17.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Nevada.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17 of the Complaint, and therefore denies each and every such allegation.

18.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Kansas.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 18 of the Complaint, and therefore denies each and every such allegation.

19.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Arizona.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

20.     The allegations contained in Paragraph 20 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Nebraska.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Pennsylvania.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22 of the Complaint, and therefore denies each and every such allegation.

23.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Florida.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23 of the Complaint, and therefore denies each and every such allegation.

24.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in North Carolina.  Nestlé Purina lacks sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 24 of the Complaint, and therefore denies each and every such allegation.

25.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Georgia.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 25 of the Complaint, and therefore denies each and every such allegation.

26.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Maryland.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 26 of the Complaint, and therefore denies each and every such allegation.

27.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treat products in Kentucky.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27 of the Complaint, and therefore denies each and every such allegation.

28.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treats in Arizona.   Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 28 of the Complaint, and therefore denies each and every such allegation.

29.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treats in Kentucky.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 29 of the Complaint, and therefore denies each and every such allegation.

30.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treats in New York.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 30 of the Complaint, and therefore denies each and every such allegation.

31.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treats in Illinois.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32.     Nestlé Purina admits that it manufactured and marketed pet food and treat products during the class period, and that certain retailers marketed and sold Nestlé Purina brand pet food and treats in New Jersey.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 32 of the Complaint, and therefore denies each and every such allegation.

### DEFENDANTS

33.     The allegations contained in Paragraph 33 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34.      The allegations contained in Paragraph 34 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies each and every such allegation.

35.      The allegations contained in Paragraph 35 and Footnote 1 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies each and every such allegation.

36.      The allegations contained in Paragraph 36 and Footnote 2 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies each and every such allegation.

37.      The allegations contained in Paragraph 37 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore denies each and every such allegation.

38.      Nestlé Purina admits that it is a Missouri corporation with its principal place of business in Missouri.  Nestlé Purina admits that during the class period it has manufactured, marketed, advertised and sold pet food and treat products in Florida and throughout the United States.  Nestlé Purina admits that it is authorized to conduct business and conducts business in Florida.  Nestlé Purina admits that Ralston Purina Company, Nestlé Purina's predecessor, was

9

originally founded as a Missouri corporation in 1894 and began selling dog food many years prior to 1957. Nestlé Purina admits it has invested significant resources in the manufacturing and marketing of its pet food products. Nestlé Purina further admits that it strives to attain the confidence of its consumers and values its consumers' confidence in Nestlé Purina brand pet food and treat products. With respect to the allegations in Paragraph 38, footnote 3 regarding Nestlé USA, Inc., Nestlé Purina states that Nestlé U.S.A., Inc. is a separate legal entity and is not named as a defendant in the Complaint. In addition, Nestlé Purina states that the pet food brands identified in the Complaint are currently and throughout the class period have been Nestlé Purina brands, not Nestlé U.S.A., Inc. brands. Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation in Paragraph 38 of the Complaint. Further, Nestlé Purina states that Exhibits "7" and "8" speak for themselves, and that Exhibit "7" purports to be an excerpt of Nestlé USA, Inc's website, and not Nestlé Purina's website. Nestlé Purina admits that it maintains a website known as "www.purina.com" and that Exhibit "8" purports to be a page that has appeared on that website, but at this time Nestlé Purina is without sufficient knowledge or information as to the date or substance of this page.

39.     The allegations contained in Paragraph 39 are not directed to Nestlé Purina. To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies each and every such allegation.

40.     The allegations contained in Paragraph 40 are not directed to Nestlé Purina. To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

41.     The allegations contained in Paragraph 41 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore denies each and every such allegation.

42.     The allegations contained in Paragraph 42 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies each and every such allegation.

43.     With respect to the allegations in directed to Nestlé Purina in Paragraph 43 of the Complaint, Nestlé Purina admits that during the class period certain of the Menu Foods Defendants manufactured certain pet food for Nestlé Purina.  Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation directed to Nestlé Purina in Paragraph 43 of the Complaint.  Nestlé Purina states no response is required by it to the allegations contained in Paragraph 43 that are directed to other Defendants.  To the extent that a response is deemed to be required, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 43 of the Complaint, and therefore denies each and every such allegation.

44.     The allegations contained in Paragraph 44 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies each and every such allegation.

45.     The allegations contained in Paragraph 45 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies each and every such allegation.

46.    The allegations contained in Paragraph 46 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies each and every such allegation.

47.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 47 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period Target Corp. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 47 of the Complaint.   Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47 of the Complaint, and therefore denies each and every such allegation.

48.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 48 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period Wal-Mart Stores, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 48 of the Complaint.   Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 48 of the Complaint, and therefore denies each and every such allegation.

49.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 49 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period Publix Supermarkets, Inc. sold certain of Nestlé

Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 49 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 49 of the Complaint, and therefore denies each and every such allegation.

50.     Nestlé Purina states no response is required by it to the allegations contained in Paragraph 50 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period Albertson's LLC sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 50 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 50 of the Complaint, and therefore denies each and every such allegation.

51.     Nestlé Purina states no response is required by it to the allegations contained in Paragraph 51 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period New Albertson's, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 51 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 51 of the Complaint, and therefore denies each and every such allegation.

52.     Nestlé Purina states no response is required by it to the allegations contained in Paragraph 52 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period The Kroger Co. of Ohio sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 52 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

admit or deny the remaining allegations in Paragraph 52 of the Complaint, and therefore denies each and every such allegation.

53.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 53 that are directed to other Defendants.  To the extent a response is deemed required, Nestlé Purina admits that during the class period Petsmart, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 53 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 53 of the Complaint, and therefore denies each and every such allegation.

54.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 54 that are directed to other Defendants.  To the extent a response is deemed to be required, Nestlé Purina admits that during the class period Pet Supermarket, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 54 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 54 of the Complaint, and therefore denies each and every such allegation.

55.    Nestlé Purina states no response is required by it to the allegations contained in Paragraph 55 that are directed to other Defendants.  To the extent a response is deemed to be required, Nestlé Purina admits that during the class period Petco Animal Supplies Stores, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 55 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 55 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

56.     Nestlé Purina states no response is required by it to the allegations contained in Paragraph 56 that are directed to other Defendants.  Nestlé Purina admits that during the class period Pet Supplies "Plus"/USA, Inc. sold certain of Nestlé Purina's pet food or treat products, and otherwise denies the allegations directed to Nestlé Purina in Paragraph 56 of the Complaint. Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 56 of the Complaint, and therefore denies each and every such allegation.

## JURISDICTION AND VENUE

57.     Nestlé Purina admits that Plaintiffs have alleged subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as amended by the Class Action Fairness Act, but denies that Plaintiffs' Complaint states any claim properly within this Court's jurisdiction.  Further, Paragraph 57 sets forth legal conclusions to which no response is required.

58.     The allegations contained in Paragraph 58 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore denies each and every such allegation.  Further, Paragraph 58 sets forth legal characterizations to which no response is required.

59.     Paragraph 59 sets forth legal characterizations to which no response is required. To the extent a response is deemed required, Nestlé Purina denies each and every allegation in Paragraph 59 of the Complaint.  To the extent the allegations of Paragraph 59 are directed to other Defendants, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

60.    Nestlé Purina admits that Plaintiffs have alleged venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 and/or the Class Action Fairness Act, but denies that Plaintiffs' Complaint states any claim properly within the venue of this Court or judicial district. Further, Paragraph 60 sets forth legal conclusions to which no response is required.

## FACTS GIVING RISE TO THE CLAIMS

61.    To the extent Plaintiffs' allegations are directed to Nestlé Purina in Paragraph 61 of the Complaint, Nestlé Purina admits that the manufacture, marketing and sale of pet food and treats is a substantial industry in the United States, and that such food provides nutritional value to pets. Nestlé Purina denies any further allegations directed to it. To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 61 of the Complaint, and therefore denies each and every such allegation.

62.    To the extent Plaintiffs' allegations are directed to Nestlé Purina in Paragraph 62 of the Complaint, Nestlé Purina admits that during the class period it has invested significant resources in manufacturing and marketing Nestlé Purina brand pet foods and treats. Nestlé Purina further admits that it strives to attain the confidence of its consumers and that Nestlé Purina values the confidence of its consumers in Nestlé Purina brand pet foods and treats. Except as expressly admitted, Nestlé Purina denies each and every remaining allegation directed to Nestlé Purina in Paragraph 62 of the Complaint. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations in Paragraph 62 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

63.     To the extent Plaintiffs' allegations are directed to Nestlé Purina in Paragraph 63 of the Complaint, Nestlé Purina admits that certain of its pet food and treat products are advertised, marketed and sold by certain of the Defendant Retailers or Defendant Specialty Retailers.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 63 of the Complaint.  To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 of the Complaint, and therefore denies each and every such allegation.

64.     To the extent Plaintiffs' allegations are directed to Nestlé Purina in Paragraph 64 of the Complaint, Nestlé Purina admits that during the class period it has made certain claims based on scientific research related to its pet food and treat products.  Nestlé Purina otherwise denies the allegations directed to Nestlé Purina in Paragraph 64 of the Complaint.   To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the Complaint, and therefore denies each and every such allegation.

65.     The allegations contained in Paragraph 65 are not directed to Nestlé Purina or any particular Defendant.  To the extent that the allegations are directed to Nestlé Purina, Nestlé Purina denies each and every allegation in Paragraph 65 of the Complaint.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore denies each and every such allegation.

66.     Nestlé Purina states that the allegations in Paragraph 66 improperly combine Defendants, Plaintiffs and multiple marketing programs, which prevents Nestlé Purina from

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

providing in good faith a denial of "only a part or a qualification of an averment" as required under Rule 8(b), Fed.R.Civ.P.[1]   To the extent any allegations are directed to Nestlé Purina in Paragraph 66 of the Complaint, Nestlé Purina denies each and every such allegation.  To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

67.     To the extent any allegations are directed to Nestlé Purina in Paragraph 67 of the Complaint, Nestlé Purina denies each and every allegation contained in Paragraph 67 of the Complaint.  To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 67 of the Complaint, and therefore denies each and every such allegation.

68.     To the extent any allegations are directed to Nestlé Purina in Paragraph 68 of the Complaint, Nestlé Purina admits that during the class period various statements were contained on packaging and in advertising, consistent with Association Of American Feed Control Officials ("AAFCO") guidelines.  Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation.  To the extent allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 of the Complaint, and therefore denies each and every such allegation.

---

[1]     Nestlé Purina also makes this objection with respect every other paragraph in the Complaint which fail to differentiate between Defendants, Plaintiffs or Defendants' products and marketing.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

69.     With regard to the allegations directed to Nestlé Purina in Paragraph 69 of the Complaint, Nestlé Purina admits that "Beneful" brand dog food is one its pet food brands and states that Exhibit "11" speaks for itself.  Nestlé Purina admits that the ingredients disclosed on "Beneful" brand pet food labeling are consistent with AAFCO guidelines.   Nestlé Purina denies every other allegation directed to Nestlé Purina in Paragraph 69 of the Complaint.  Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation directed to it in Paragraph 69 of the Complaint.  To the extent the allegations of Paragraph 69 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

70.     With regard to any allegations directed to Nestlé Purina in Paragraph 70 of the Complaint, Nestlé Purina denies each and every allegation contained in Paragraph 70 of the Complaint.  To the extent the allegations of Paragraph 70 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

71.     To the extent any allegations are directed to Nestlé Purina in Paragraph 71 of the Complaint, Nestlé Purina admits that during the class period certain of the packaging for its pet food and treat products has contained statements describing certain of the qualities and benefits of such pet food products, and that the packaging speaks for itself.  Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation contained in Paragraph 71 of the Complaint.  To the extent the allegations of Paragraph 71 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

72.     The allegations contained in Paragraph 72 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies each and every such allegation.

73.     The allegations contained in Paragraph 73 and Footnotes 4 and 5 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies each and every such allegation.

74.      The allegations contained in Paragraph 74 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint, and therefore denies each and every such allegation.

75.     The allegations contained in Paragraph 75 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint, and therefore denies each and every such allegation.

76.     The allegations contained in Paragraph 76 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies each and every such allegation.

77.     The allegations contained in Paragraph 77 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 77 of the Complaint, and therefore

denies each and every such allegation.

78.     The allegations contained in Paragraph 78 are not directed to Nestlé Purina.  To

the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 78 of the Complaint, and therefore

denies each and every such allegation.

79.     The allegations contained in Paragraph 79 are not directed to Nestlé Purina.  To

the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore

denies each and every such allegation.

80.     The allegations contained in Paragraph 80 are not directed to Nestlé Purina.  To

the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

information to admit or deny the allegations in Paragraph 80 of the Complaint, and therefore

denies each and every such allegation.

81.     Nestlé Purina admits it manufactures and sells its "Beneful" brand pet food, and

that "Beneful" brand pet food contains the ingredients listed on the label, consistent with

AAFCO and Food and Drug Administration ("FDA") requirements and definitions.  Nestlé

Purina further states that Exhibit "22" speaks for itself.  With respect to the remaining allegations

regarding Nestlé Purina in Paragraph 81 of the Complaint, Nestlé Purina denies each and every

such allegation.

82.     The allegations contained in Paragraph 82 are not directed to Nestlé Purina.  To

the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny the allegations in Paragraph 82 of the Complaint, and therefore denies each and every such allegation.

83.    The allegations contained in Paragraph 83 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint, and therefore denies each and every such allegation.

84.    The allegations contained in Paragraph 84 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint, and therefore denies each and every such allegation.   Further, Nestlé Purina states that Exhibit "26" speaks for itself.

85.    To the extent any allegations contained in Paragraph 85 are directed to Nestlé Purina, Nestlé Purina admits that PetCo sells and displays Nestlé Purina pet food and/or treat products.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, and therefore denies each and every such allegation.   Further, Nestlé Purina states that Exhibits "26" and "27"speak for themselves.

86.     To the extent any allegations are directed to Nestlé Purina in Paragraph 86 of the Complaint, Nestlé Purina admits that PetSmart sells and displays Nestlé Purina pet food and/or treat products.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint, and therefore denies each and every such allegation.   Further, Nestlé Purina states that Exhibits "28" and "29" speak for themselves.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

87.     To the extent any allegations are directed to Nestlé Purina in Paragraph 87 of the Complaint, Nestlé Purina admits that Pet Supermarket, Inc. and Pet Supplies "Plus"/USA, Inc. sell and display Nestlé Purina pet food and/or treat products.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

88.     To the extent any allegations are directed to Nestlé Purina in Paragraph 88 of the Complaint, Nestlé Purina admits that certain retailers, including as Target, Wal-Mart, Publix, Albertson's, New Albertson's and Kroger, sell and display Nestlé Purina pet food and/or treat products.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 88 of the Complaint, and therefore denies each and every such allegation.

89.     To the extent any allegations are directed to Nestlé Purina in Paragraph 89 of the Complaint, Nestlé Purina admits that during the class period it has marketed and sold certain pet food that is manufactured by Menu Foods and that has used other co-manufacturers and co-packers to manufacture its products.  Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation directed to it in Paragraph 89 of the Complaint.  To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 89 of the Complaint, and therefore denies each and every such allegation.

90.     To the extent any allegations are directed to Nestlé Purina in Paragraph 90 of the Complaint, Nestlé Purina admits that "co-packing" and "co-manufacturing" arrangements  exist

23

in the pet food industry. Except as expressly admitted herein, Nestlé Purina denies each and every allegation in Paragraph 90. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 90 of the Complaint, and therefore denies each and every such allegation.

91.    To the extent any allegations are directed to Nestlé Purina in Paragraph 91 of the Complaint, Nestlé Purina admits that its pet food contains ingredients as defined or permitted by AAFCO and regulated by the FDA and various States, and that, for certain of Nestlé Purina's pet food products, such approved ingredients include rendered products as defined by AAFCO and regulated by the FDA and various States. Except as expressly admitted herein, Nestlé Purina denies each and every remaining allegation directed to it in Paragraph 91 of the Complaint. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation.

92.    To the extent any allegations are directed to Nestlé Purina in Paragraph 92 of the Complaint, Nestlé Purina admits that certain of its pet food products contain meat, poultry or fish by-products, meals, or digests, as defined by AAFCO and regulated by the FDA and various States. Nestlé Purina further admits that the nutritional content of such products may vary somewhat from batch to batch but denies that such variations would fall below minimum standards. Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to it in Paragraph 92 of the Complaint. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

to admit or deny the remaining allegations in Paragraph 92 of the Complaint, and therefore denies each and every such allegation.

93.     The allegations contained in Paragraph 93 are not directed to Nestlé Purina or any other Defendant. To the extent an answer is deemed required, Nestlé Purina admits that during the class period certain of its pet food products contained cereal grain and/or vegetables, and that it has used gluten and gluten meals which contain plant protein in certain pet food products as a source of protein. Nestlé Purina denies the remaining allegations of Paragraph 93. To the extent that the allegations of Paragraph 93 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 93 of the Complaint, and therefore denies each and every such allegation.

94.     To the extent that the allegations are directed to Nestlé Purina in Paragraph 94 of the Complaint, Nestlé Purina denies such allegations. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 94 of the Complaint, and therefore denies each and every such allegation.

95.     To the extent that the allegations are directed to Nestlé Purina in Paragraph 95 of the Complaint, Nestlé Purina denies such allegations. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 95 of the Complaint, and therefore denies each and every such allegation.

96.     Nestlé Purina states that Exhibits "30" and "31" speak for themselves and denies Plaintiffs' characterizations of those Exhibits. To the extent that any allegations are directed to

Nestlé Purina in Paragraph 96 of the Complaint, Nestlé Purina denies that the rendered products purchased from its suppliers contains or has contained euthanized cats or dogs. To the extent that the allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

97. Nestlé Purina states the FDA's 2002 reports, attached as Exhibits "31" and "32" to the Complaint, speak for themselves and denies Plaintiffs' characterizations of those Exhibits. With regard to the allegations directed to Nestlé Purina in Paragraph 97 of the Complaint, Nestlé Purina denies that the rendered products purchased from its suppliers contains or has contained euthanized cats or dogs. With regard to allegations in Paragraph 97 and Footnote 7 directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny such allegations, and therefore denies each and every such allegation.

98. With regard to the allegations directed to Nestlé Purina in Paragraph 98 of the Complaint, Nestlé Purina denies that the rendered products purchased from its suppliers contains or has contained euthanized cats or dogs. Further, Nestlé Purina states the Exhibit "33" speaks for itself and denies Plaintiffs' characterizations of that Exhibit. Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98 of the Complaint, and therefore denies each and every such allegation.

99. To the extent that any allegations are directed to Nestlé Purina in Paragraph 99 of the Complaint, Nestlé Purina denies each and every such allegation. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 99 of the Complaint, and therefore denies each and every such allegation.

100.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 100 of the Complaint, Nestlé Purina admits that some synthetic and/or natural preservatives may be added to certain ingredients or raw materials contained in pet food products by suppliers and manufacturers in accordance with AAFCO and FDA rules and requirements. To the extent the remaining allegations of Paragraph 100 are copied out of context, directly and/or indirectly, from Exhibits "34" and "35," those allegations mischaracterize those Exhibits, which speak for themselves and are denied. Moreover, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 100 that may be directed to it, and therefore denies each and every such allegation. To the extent Plaintiffs' allegations are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 100 of the Complaint, and therefore denies each and every such allegation.

101.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 101 of the Complaint, Nestlé Purina admits that its pet food and treat products contain preservatives in accordance with AAFCO and FDA rules and requirements. Except as expressly admitted, Nestlé Purina denies all remaining allegations that may be directed to it in Paragraph 101. To the extent the allegations of Paragraph 101 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 101 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

102.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 102 of the Complaint, Nestlé Purina denies its pet food is contaminated.  Further, the allegations of Paragraph 102 reflect sentences and phrases copied out of context, directly and/or indirectly, from page 9 of Exhibit "34" and Exhibit "35," and mischaracterize those Exhibits, which speak for themselves, and are denied.  To the extent the allegations of Paragraph 102 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 102 of the Complaint, and therefore denies each and every such allegation.

103.    With regard to the allegations directed to Nestlé Purina in Paragraph 103 of the Complaint, Nestlé Purina admits there was a recall by Menu Foods in March and April 2007, involving several brands of pet food, including Nestlé Purina's Mighty Dog brand pouch dog food.  Except as expressly admitted, Nestlé Purina denies every remaining allegation directed to Nestlé Purina in Paragraph 103 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint that are directed to other Defendants and their pet food products, and therefore denies each and every such allegation.  Finally, to the extent the allegations of Paragraph 103 reflect sentences and phrases copied out of context, directly and/or indirectly, from pages 9-10 of Exhibit "34," those allegations mischaracterize that Exhibit, which speaks for itself, and all such allegations are denied.

104.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 104 of the Complaint, Nestlé Purina denies each and every allegation contained in Paragraph 104 of the Complaint.  To the extent the allegations of Paragraph 104 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or

28

deny the allegations in Paragraph 104 of the Complaint, and therefore denies each and every such allegation.

105.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 105 of the Complaint, Nestlé Purina denies each and every allegation.  To the extent the allegations of Paragraph 105 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.

106.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 106 of the Complaint, Nestlé Purina denies each and every allegation contained in Paragraph 106 of the Complaint.  To the extent the allegations of Paragraph 106 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.

107.    The allegations contained in Paragraph 107 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 of the Complaint, and therefore denies each and every such allegation.

108.    The allegations contained in Paragraph 108 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 of the Complaint, and therefore denies each and every such allegation.

109.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 109 of the Complaint, Nestlé Purina denies each and every allegation contained in Paragraph 109 of the Complaint.  To the extent the allegations of Paragraph 109 are directed to other Defendants

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.

110.    To the extent that any allegations are directed to Nestlé Purina in Paragraph 110 of the Complaint, Nestlé Purina admits that it participates in trade associations, including the Pet Food Institute ("PFI"), the Pet Industry Joint Advisory Council, the American Pet Products Manufacturers Association and others, but denies that such participation in trade associations is evidence that Defendants have acted in concert or are juridically linked as alleged in Paragraph 110 of the Complaint.  Nestlé Purina further admits that the Pet Food Institute has been involved in Congressional hearings and federal and state investigations relating to issues concerning the pet food industry, including certain pet food recalls in 2007, has communicated with AAFCO and FDA officials regarding certain pet food and treat  issues, has been involved in proposing regulations concerning pet food, and has made public statements regarding pet food product issues.  Except as expressly admitted, Nestlé Purina denies the remaining allegations in Paragraph 110 that may be directed to it. To the extent the allegations of Paragraph 110 are directed to other Defendants and their pet food products, Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.  Further, Paragraph 110 states legal conclusions to which no response is required.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## CLASS ACTION ALLEGATIONS

111.    Nestlé Purina generally admits that Plaintiffs are purporting to bring a class action.  Nestlé Purina denies each and every remaining allegation contained in Paragraph 111 of the Complaint. Paragraph 111 further states legal conclusions to which no response is required.

112.    Nestlé Purina denies each and every allegation contained in Paragraph 112 of the Complaint.

113.    Nestlé Purina denies each and every allegation contained in Paragraph 113 of the Complaint.

114.    Nestlé Purina denies each and every allegation contained in Paragraph 114 of the Complaint.

115.    Nestlé Purina denies each and every allegation contained in Paragraph 115 of the Complaint.

116.    Nestlé Purina denies each and every allegation contained in Paragraph 116 of the Complaint.

117.    Nestlé Purina denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    Nestlé Purina denies each and every allegation contained in Paragraph 118 of the Complaint.

119.    Nestlé Purina generally admits that Plaintiffs seek to certify a defendant class. Nestlé Purina denies each and every remaining allegation contained in Paragraph 119 of the Complaint.  Paragraph 119 further states legal conclusions to which no response is required.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

120.     Nestlé Purina denies each and every allegation contained in Paragraph 120 of the Complaint.

121.     Nestlé Purina denies each and every allegation contained in Paragraph 121 of the Complaint.

122.     Nestlé Purina denies each and every allegation contained in Paragraph 122 of the Complaint.

123.     Nestlé Purina denies each and every allegation contained in Paragraph 123 of the Complaint.

124.     Nestlé Purina denies each and every allegation contained in Paragraph 124 of the Complaint.

125.     Nestlé Purina denies each and every allegation contained in Paragraph 125 of the Complaint.

## COUNT I

### Fraudulent Misrepresentation and Concealment
### As to All Defendants

126.     Nestlé Purina incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

127.     With regard to the allegations directed to Nestlé Purina in Paragraph 127 of the Complaint, Nestlé Purina admits that during the class period it manufactured, distributed, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 127 of the Complaint.  Nestlé Purina lacks sufficient knowledge or information to

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE**
**FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

admit or deny the remaining allegations in Paragraph 127 of the Complaint directed to other Defendants, and therefore denies each and every such allegation.

128.     With regard to the allegations directed to Nestlé Purina in Paragraph 128 of the Complaint, Nestlé Purina admits that during the class period certain named Defendant Retailers and Specialty Retailers advertised and sold Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 128 of the Complaint.   Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 128 that are directed to other Defendants, and therefore denies each and every such allegation.

129.     Nestlé Purina denies each and every allegation contained in Paragraph 129 of the Complaint.

130.     Nestlé Purina denies each and every allegation contained in Paragraph 130 of the Complaint.

131.     Nestlé Purina denies each and every allegation contained in Paragraph 131 of the Complaint.

132.     Nestlé Purina denies each and every allegation contained in Paragraph 132 of the Complaint.

133.     Nestlé Purina denies each and every allegation contained in Paragraph 133 of the Complaint.

134.     Nestlé Purina denies each and every allegation contained in Paragraph 134 of the Complaint.

The remainder of Count I is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count I.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## COUNT II

### Negligent Misrepresentation
### As to All Defendants

135.    Nestlé Purina incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

136.    With regard to the allegations directed to Nestlé Purina in Paragraph 136 of the Complaint, Nestlé Purina admits that during the class period it manufactured, distributed, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 136 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 136 that are directed to other Defendants, and therefore denies each and every such allegation.

137.    With regard to the allegations directed to Nestlé Purina in Paragraph 137 of the Complaint, Nestlé Purina admits that during the class period certain named Defendant Retailers and Specialty Retailers advertised and sold Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 137 of the Complaint.   Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 137 that are directed to other Defendants, and therefore denies each and every such allegation.

138.    Nestlé Purina denies each and every allegation contained in Paragraph 138 of the Complaint.

139.    Nestlé Purina denies each and every allegation contained in Paragraph 139 of the Complaint.

140.    Nestlé Purina denies each and every allegation contained in Paragraph 140 of the Complaint.

141.    Nestlé Purina denies each and every allegation contained in Paragraph 141 of the Complaint.

142.    Nestlé Purina denies each and every allegation contained in Paragraph 142 of the Complaint.

143.    Nestlé Purina denies each and every allegation contained in Paragraph 143 of the Complaint.

The remainder of Count II is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count II.

## COUNT III

**Violation of the Florida Deceptive and Unfair Trade
Practices Act (FDUTPA), Fla. Stat. § 501.201
As to All Defendants**

144.    Nestlé Purina re-pleads and incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

145.    With regard to the allegations directed to Nestlé Purina in Paragraph 145 of the Complaint, Nestlé Purina admits that during the class period it manufactured, distributed, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 145 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 145 that are directed to other Defendants, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

146.    With regard to the allegations directed to Nestlé Purina in Paragraph 146 of the Complaint, Nestlé Purina admits that during the class period certain named Defendant Retailers and Specialty Retailers advertised and sold Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 146 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 146 that are directed to other Defendants, and therefore denies each and every such allegation.

147.    Nestlé Purina denies each and every allegation contained in Paragraph 147 of the Complaint.  Further, the allegations of Paragraph 147 state legal conclusions to which no response is required.

148.    Nestlé Purina denies each and every allegation contained in Paragraph 148 of the Complaint.

149.    Nestlé Purina denies each and every allegation contained in Paragraph 149 of the Complaint.

150.    Nestlé Purina denies each and every allegation contained in Paragraph 150 of the Complaint.  Further, the allegations of Paragraph 150 state legal conclusions to which no response is required.

151.    Nestlé Purina denies each and every allegation contained in Paragraph 151 of the Complaint.

152.    Nestlé Purina denies each and every allegation contained in Paragraph 152 of the Complaint.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

153.    Nestlé Purina lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 of the Complaint, and therefore denies each and every such allegation.

154.    Nestlé Purina denies each and every allegation contained in Paragraph 154 of the Complaint.

The remainder of Count III is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count III.

## COUNT IV

### Negligence
### As to Defendant Manufacturers and Co-Packers and PetSmart

155.    Nestlé Purina re-pleads and incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

156.    With regard to the allegations directed to Nestlé Purina in Paragraph 156 of the Complaint, Nestlé Purina admits that during the class period it manufactured, distributed, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 156 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 156 that are directed to other Defendants, and therefore denies each and every such allegation.

157.    Nestlé Purina denies each and every allegation contained in Paragraph 157 of the Complaint.  Further, the allegations of Paragraph 157 state legal conclusions to which no response is required.

158. Nestlé Purina denies each and every allegation contained in Paragraph 158 of the Complaint.

159. Nestlé Purina denies each and every allegation contained in Paragraph 159 of the Complaint.

160. Nestlé Purina denies each and every allegation contained in Paragraph 160 of the Complaint.

161. Nestlé Purina denies each and every allegation contained in Paragraph 161 of the Complaint.

The remainder of Count IV is a demand for relief not requiring a response. Should a response be deemed to be required, Nestlé Purina denies the remainder of Count IV.

## COUNT V

### Strict Liability
### As To All Defendants

162. Nestlé Purina re-pleads and incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

163. With regard to the allegations directed to Nestlé Purina in Paragraph 163 of the Complaint, Nestlé Purina denies each and every such allegation. Nestlé Purina lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 163 of the Complaint, and therefore denies each and every such allegation.

164. The allegations contained in Paragraph 164 are not directed to Nestlé Purina. To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 of the Complaint, and therefore denies each and every such allegation.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

165.    Nestlé Purina denies each and every allegation contained in Paragraph 165 of the Complaint.

The remainder of Count V is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count V.

### COUNT VI

### Breach of Implied Warranty
### as to Retailers and Pet Specialty Retailers

166.    Nestlé Purina re-pleads and incorporates by reference each of its responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

167.    With regard to the allegations directed to Nestlé Purina in Paragraph 167 of the Complaint, Nestlé Purina admits that during the class period certain named Defendant Retailers and Specialty Retailers advertised and sold Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 167 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 167 that are directed to other Defendants, and therefore denies each and every such allegation.

168.    The allegations contained in Paragraph 168 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 168 of the Complaint, and therefore denies each and every such allegation.

169.    The allegations contained in Paragraph 169 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

information to admit or deny the allegations in Paragraph 169 of the Complaint, and therefore denies each and every such allegation.

170.    The allegations contained in Paragraph 170 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 of the Complaint, and therefore denies each and every such allegation.

171.    The allegations contained in Paragraph 171 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 171 of the Complaint, and therefore denies each and every such allegation.

172.    Nestlé Purina denies each and every allegation contained in Paragraph 172 of the Complaint.

173.    The allegations contained in Paragraph 173 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 173 of the Complaint, and therefore denies each and every such allegation.

The remainder of Count VI is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count VI.

## COUNT VII

### Breach of Express Warranty
### As to Defendant Retailers and Pet Specialty Retailers

174.    Nestlé Purina re-pleads and incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

175.    The allegations contained in Paragraph 175 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 of the Complaint, and therefore denies each and every such allegation.

176.    The allegations contained in Paragraph 176 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 176 of the Complaint, and therefore denies each and every such allegation.

177.    The allegations contained in Paragraph 177 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the Complaint, and therefore denies each and every such allegation.

178.    The allegations contained in Paragraph 178 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 of the Complaint, and therefore denies each and every such allegation.

179.    The allegations contained in Paragraph 179 are not directed to Nestlé Purina.  To the extent that a response is deemed required by Nestlé Purina, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 of the Complaint, and therefore denies each and every such allegation.

The remainder of Count VII is a demand for relief not requiring a response.  Should a response be deemed to be required, Nestlé Purina denies the remainder of Count VII.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## COUNT VIII

### Unjust Enrichment
### As to All Defendants

180.    Nestlé Purina re-pleads and incorporates by reference each of its above responses to Paragraphs 1 though 125 of Plaintiffs' Complaint as if fully restated herein.

181.    Nestlé Purina denies each and every allegation contained in Paragraph 181 of the Complaint.

182.    With regard to the allegations directed to Nestlé Purina in Paragraph 182 of the Complaint, Nestlé Purina admits that during the class period it manufactured, distributed, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 182 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 182 that are directed to other Defendants, and therefore denies each and every such allegation.

183.    With regard to the allegations directed to Nestlé Purina in Paragraph 183 of the Complaint, Nestlé Purina admits that during the class period it manufactured, marketed, and sold its Nestlé Purina brand pet foods and treats in the United States.  Except as expressly admitted, Nestlé Purina denies the remaining allegations directed to Nestlé Purina in Paragraph 183 of the Complaint.  Nestlé Purina lacks sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 183 that are directed to other Defendants, and therefore denies each and every such allegation.

184.    Nestlé Purina denies each and every allegation contained in Paragraph 184 of the Complaint.

**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

185.    Nestlé Purina denies each and every allegation contained in Paragraph 185 of the Complaint.

186.    Nestlé Purina denies each and every allegation contained in Paragraph 186 of the Complaint.

187.    Nestlé Purina denies each and every allegation contained in Paragraph 187 of the Complaint.

188.    Paragraph 188 of the Complaint is a demand for relief not requiring a response. Should a response be deemed to be required, Nestlé Purina denies the allegations in Paragraph 188.

Any and all allegations in the Complaint not expressly admitted herein are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred because they have not alleged, and cannot show, any actual injury to them or their pets caused by Nestlé Purina and/or its products.

3.    Plaintiffs lack standing to assert the claims alleged in the Complaint.

4.    Plaintiffs' claims for fraud and/or misrepresentation are barred because they failed to allege, and cannot show, the requisite scienter, specificity and reliance required by Rule 9(b) of the Federal Rules of Civil Procedure.  Plaintiffs' claims are further barred because they have failed to allege, and cannot show, any false and/or misleading advertising by Nestlé Purina.

5.    Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

6.      Plaintiffs' claims are barred in whole or in part by the doctrine of primary jurisdiction, abstention, and preemption in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq.*.

7.      Plaintiffs' claims fail, in whole or in part, to the extent that the products, ingredients, advertising and /or labeling that Plaintiffs challenge either have received pre-market approval under 52 Stat. 1040, 21 U.S.C. § 301, are required and/or are specifically authorized by the FDA, AAFCO, and other federal and/or state laws, including state laws incorporating AAFCO standards.

8.      Plaintiffs' claims fail, in whole or in part, to the extent that any conduct challenged by Plaintiffs falls within the Florida Deceptive and Unfair Trade Practices Act's ("FDUTPA's") safe harbor provision, Section 501.212(1), Florida Statutes.

9.      Plaintiffs' claims are preempted and barred, in whole or in part, by Fla. Stat. § 768.1256, the "Government Rules" defense as any warnings or information pertaining to products designed, manufactured and/or distributed and/or sold by Nestlé Purina were in conformity with governmental requirements.

10.     Plaintiffs have failed to mitigate their damages, if any, and any recovery must be diminished by the degree of said failure to mitigate.

11.     Any injuries and damages sustained by the Plaintiffs resulted from their own conduct and/or the conduct of others, and as a result, Plaintiffs' claims are barred by the doctrine of comparative fault and Fla. Stat. § 768.81, and/or the doctrine of contributory negligence, and any damages claims must be diminished accordingly.

12.     Plaintiffs' claims are barred, in whole or in part, to the extent they knew or should have known of the ingredients used in Nestlé Purina's pet food products.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

13.    To the extent Plaintiffs knew or should have known about the alleged risks of pet food and treats about which they now complain, Plaintiffs' claims are barred, as any such risks were accepted and assumed by the Plaintiffs.

14.    Any law, statute, or other authority purporting to permit the recovery of punitive damages against Nestlé Purina in this case is unconstitutional, facially and as applied.

15.    Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

16.    Plaintiffs' damages claims are limited by any statutory caps on non-economic damages imposed the State of Florida and/or any other State.

17.    Nestlé Purina is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

18.    Plaintiffs' claims are barred, in whole or in part, as the benefits to Plaintiffs and/or their pets from the purchase / consumption of Nestlé Purina products, as referred to in the Complaint outweigh the risk of danger and/or harm, if any, inherent in said products.

19.    Plaintiffs' claims are barred  because Nestlé Purina used adequate warnings and instructions with respect to the use of its products in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the products were marketed.

20.    Plaintiffs' claims are barred, in whole or in part, because Nestlé Purina's products were designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

21.     Nestlé Purina's products were not defective or unreasonably dangerous based on an alleged failure to warn, because at the time of Plaintiffs' alleged exposure there was no information available on the basis of which a reasonable manufacturer of pet food could have concluded that exposure to any internally contained material might be dangerous.

22.     Plaintiffs' claims are barred by the doctrine of unclean hands.

23.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

24.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

25.     Plaintiffs' claims are barred in whole or in part because Plaintiffs, their claims, and/or Defendants have been improperly joined in this action.

26.     This Court lacks subject matter jurisdiction over Plaintiffs' alleged claims.

27.     Plaintiffs' claims may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

28.     The FDUTPA and other laws (whether in Florida or other states) relied upon by Plaintiffs that pertain to consumer protection, false advertising and deceptive trade practices, are unconstitutional as applied in this action.

29.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations or repose, or are otherwise untimely.

30.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

31.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

32.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

33.     Plaintiffs' claims are barred to the extent they seek certification of one or more

putative classes, as Plaintiffs and/or their putative class claims fail to satisfy the requirements of

Rule 23, Fed.R.Civ.P.  Thus, any trial of this case as a class action would not only violate Rule

23, Fed.R.Civ.P., but would also deprive Nestlé Purina of due process of law in violation of the

Constitution of the United States.

34.     Plaintiffs' claims are barred because Nestlé Purina is entitled to the benefits of all

defenses and presumptions contained in, or arising from, any Uniform Commercial Code

provisions enacted by the State of Florida and/or any of the states in which Plaintiffs allege to

have made a purchase.

35.     Plaintiffs' claims are barred, in whole or in part, by Nestlé Purina's First

Amendment right to commercial speech.

36.     To the extent that laws of other jurisdictions apply, Nestlé Purina invokes each

and every constitutional defense available to it under the constitutions (or similar charters) of

each of the other forty-nine states, the District of Columbia, the Commonwealth of Puerto Rico,

and the territories and possessions of the United States.  This specifically includes, but is not

limited to, provisions relating to due process, access to courts, freedom to petition the

government for redress of grievances and limits on compensatory and punitive damages.

37.     Plaintiffs' equitable and quasi-contract claims fail, in whole or in part, because an

adequate remedy at law exists.

38.      Plaintiffs claims are barred in whole or in part because Nestlé Purina satisfied

any duty to warn under the learned intermediary doctrine.

39.     Plaintiffs allege their claims are brought under the laws of the several various

states in which they reside.  Plaintiffs' claims are barred, in whole or in part, by defenses

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

available under the laws of those various states, including laws pertaining to product liability, strict liability, false advertising, deceptive practice and consumer protection.[2]

40.    Nestlé Purina adopts and incorporates by reference any affirmative defenses asserted by any other defendant to this action to the extent such affirmative defenses apply to Nestlé Purina.

## NOTICE OF ADDITIONAL AFFIRMATIVE DEFENSES

Nestlé Purina hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery.  Nestlé Purina thus expressly reserves the right to amend its Answer by way of amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

## PRAYER

WHEREFORE, Defendant Nestlé Purina requests that this Court deny class certification, enter judgment against Plaintiffs, award Nestlé Purina its reasonable attorney's fees and costs, and award such other and further relief as the Court may deem just and proper.

Dated:  May 12, 2008

---

[2]    Plaintiffs have not identified the specific law of any state other than Florida.  To the extent Plaintiffs intend to identify at some later time the specific laws of one or more of the other states,  Nestlé Purina specifically reserves the right to amend and supplement these affirmative defenses at that time.

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Respectfully submitted,


By: /s/ Carol A. Licko
    Carol A. Licko
    Florida Bar Number 435872
    **HOGAN & HARTSON L.L.P.**
    Mellon Financial Center
    1111 Brickell Avenue, Suite 1900
    Miami, FL 33131
    Telephone: +1-305-459-6500
    Fax: +1-305-459-6550
    E-Mail: calicko@hhlaw.com


    Craig A. Hoover
    Miranda L. Berge
    **HOGAN & HARTSON L.L.P.**
    555 Thirteenth Street, NW
    Washington D.C., 20004
    Telephone: +1.202.637.5600
    Fax: +1.202.637.5910
    E-Mail: cahoover@hhlaw.com
    mlberge@hhlaw.com


    Robert C. Troyer
    **HOGAN & HARTSON L.L.P.**
    1200 17th Street
    One Tabor Center, Suite 1500
    Denver, CO 80202
    Telephone: 303.899.7300
    Fax: 303.899.7333
    Email: rctroyer@hhlaw.com


    *Attorneys for Defendants Nestlé Purina*
    *PetCare Company*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 12, 2008, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document

is being served this day on all counsel of record identified on the attached Service List, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized

manner for those counsel or parties who are not authorized to receive electronically Notices of

Electronic Filing.

By:_____/s/Carol A. Licko_____

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

## SERVICE LIST

Catherine J. MacIvor
E-mail:    cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:    jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:    jmaltzman@mflegal.com
Darren W. Friedman
E-mail:    dfriedman@mflegal.com
Bjorg Eikeland
E-mail:    beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:    jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Maria Kayanan
E-mail:    mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Amy W. Schulman
E-mail:    amy.schulman@dlapiper.com
Alexander Shaknes
E-mail:    Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL  33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:       hugh.turner@akerman.com

*Attorneys for Defendant Publix Super Markets,
Inc*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
Amy R. Davis
E-mail:  adavis@wc.com
Juli Ann Lund
E-mail:  jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL  33131-9101
Telephone:  (305) 530-0050
Facsimile:  (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
E-mail:  jmullen@cozen.com
Julie Negovan
E-mail: jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, FL 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

W. Randolph Teslik, P.C.
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,
P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc.
and Albertson's LLC*

Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products,
Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
Tony F. Farmani
E-mail:  tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144


*Attorneys for Defendant Natura Pet Products,*
*Inc.*

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DEFENDANT NESTLÉ PURINA PETCARE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO THE**
**FOURTH AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL**