UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

               Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

               Defendants.

_____/

**TARGET CORPORATION'S ANSWER AND DEFENSES
TO PLAINTIFFS' FOURTH AMENDED COMPLAINT**

     Defendant Target Corporation ("Target") answers Plaintiffs' Fourth Amended Complaint

("Complaint"), and states:

**INTRODUCTION**

     1.     Target admits that the Plaintiffs purport to bring this action as a class action

against Target, but denies that this case can be properly certified as a class action, and denies that

any class-wide or other relief is appropriate against Target in this action.  Target is without

knowledge or information to form a belief as to the truth of the remaining allegations in

Paragraph 1.

     2.     Target admits that Plaintiffs have brought this action for injunctive relief,

restitution, and damages, but denies that Plaintiffs are entitled to any such relief.  Target denies

the remaining allegations in Paragraph 2.

Dockets.Justia.com

## PARTIES
### Plaintiffs/Class Representatives

3.      Target denies for lack of knowledge or information sufficient to form a belief as to allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6.      The allegations in Paragraph 6 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 8.

9.      Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 9.

10.     The allegations in Paragraph 10 are not directed to Target.   To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 10.

CASE NO. 07-21221 CIV ALTONAGA/Brown

11.     Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 11.

12.     The allegations in Paragraph 12 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 18.

CASE NO. 07-21221 CIV ALTONAGA/Brown

19.     The allegations in Paragraph 19 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 20.

21.     The allegations in Paragraph 21 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22.     The allegations in Paragraph 22 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 22.

23.     Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 25.

26.     Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 26.

27.     Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 27.

28.     Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief as to the allegations in Paragraph 32.

**DEFENDANTS**
**Defendant Manufacturers**

33.     The allegations in Paragraph 33 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 33.  Further, Target states that the exhibits cited in Paragraph 33 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

34.    The allegations in Paragraph 34 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 34.  Further, Target states that the exhibits cited in Paragraph 34 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

35.    The allegations in Paragraph 35 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 35.  Further, Target states that the exhibits cited in Paragraph 35 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

36.    The allegations in Paragraph 36 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 36.  Further, Target states that the exhibits cited in Paragraph 36 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

37.    The allegations in Paragraph 37 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 37.  Further, Target states that the exhibits cited in Paragraph 37 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

38.    The allegations in Paragraph 38 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 38.  Further, Target states that the exhibits cited in Paragraph

38 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

39.    The allegations in Paragraph 39 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 39.  Further, Target states that the exhibits cited in Paragraph 39 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

40.    The allegations in Paragraph 40 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 40.  Further, Target states that the exhibits cited in Paragraph 40 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

### Defendant Co-Packers

41.    The allegations in Paragraph 41 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 41.

42.    The allegations in Paragraph 42 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 42.

43.    The allegations in Paragraph 43 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 43.

44.     Target admits that one or more of the Menu Foods Defendants has manufactured pet food for Target and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 45.  Further, Target states that the exhibits cited in Paragraph 43 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

46.     The allegations in Paragraph 46 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 46.

### Defendant Retailers

47.     Target admits that it was incorporated in Minnesota and that its principal place of business is located in Minnesota.  Target admits that it operates stores in Florida, and that it markets and sells its own brands of pet food and treats and those of certain Defendant Manufacturers.  Target denies the remaining allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 49.

CASE NO. 07-21221 CIV ALTONAGA/Brown

50.      The allegations in Paragraph 50 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 50.

51.      The allegations in Paragraph 51 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 51.

52.      The allegations in Paragraph 52 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 52.

**Defendant Pet Specialty Retailers**

53.      The allegations in Paragraph 53 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 53.

54.      The allegations in Paragraph 54 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 54.

55.      The allegations in Paragraph 55 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 55.

56.      The allegations in Paragraph 56 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 56.

**JURISDICTION AND VENUE**

57.     Paragraph 57 states legal conclusions to which no answer is required.

58.     The allegations in Paragraph 58 are not directed to Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 58.

59.     Paragraph 59 states legal conclusions to which no answer is required.  To the extent a response is required and the allegations are directed at Target, Target admits that it conducts business in the State of Florida, including the sale of pet food.  To the extent matters set forth in Paragraph 59 are intended to constitute allegations of wrongdoing or an alleged failure to exercise due care directed to Target, Target denies those allegations and any remaining allegations in Paragraph 59.

60.     Paragraph 60 states legal conclusions to which no answer is required.  To the extent a response is required and the allegations are directed to Target, Target admits that it conducts business in this District, including the sale of pet food, and otherwise denies the allegations contained in Paragraph 60.  To the extent matters set forth in Paragraph 60 are intended to constitute allegations of wrongdoing or an alleged failure to exercise due care directed to Target, Target denies those allegations and any remaining allegations in Paragraph 60.

**FACTS GIVING RISE TO THE CLAIMS**

61.     Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 61.

62.     The allegations contained in Paragraph 62 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 62.

63.     Target admits that it markets and sells pet food.    To the extent the remaining allegations in Paragraph 63 are directed to Target, Target denies the allegations in Paragraph 63. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 are directed to Target, Target denies the allegations in Paragraph 64.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 64.

65.     Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 65.

66.     To the extent the allegations in Paragraph 66 are directed to Target, Target denies the allegations in Paragraph 66.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 66.

67.     To the extent the allegations in Paragraph 67 are directed to Target, Target denies the allegations in Paragraph 67.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 67.

68.     To the extent the allegations in Paragraph 68 are directed to Target, Target denies the allegations in Paragraph 68.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 68.

69.     To the extent the allegations in Paragraph 69 are directed to Target, Target denies the allegations in Paragraph 69.  Target denies for lack of knowledge or information sufficient to

CASE NO. 07-21221 CIV ALTONAGA/Brown

form a belief the remaining allegations in Paragraph 69.  Further, Target states that the exhibits cited Paragraph 69 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

70.    To the extent the allegations in Paragraph 70 are directed to Target, Target denies the allegations in Paragraph 70.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 are directed to Target, Target denies the allegations in Paragraph 71.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 71.

72.    The allegations in Paragraph 72 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 72.  Further, Target states that the exhibits cited Paragraph 72 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

73.    The allegations in Paragraph 73 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 73.  Further, Target states that the exhibits cited Paragraph 73 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

74.    The allegations in Paragraph 74 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 74.

CASE NO. 07-21221 CIV ALTONAGA/Brown

Further, Target states that the exhibits cited Paragraph 74 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

75.    The allegations in Paragraph 75 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 75.

76.    The allegations in Paragraph 76 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 76.  Further, Target states that the exhibits cited Paragraph 76 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

77.    The allegations in Paragraph 77 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 77.  Further, Target states that the exhibits cited Paragraph 77 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

78.    The allegations in Paragraph 78 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 78.

79.    The allegations in Paragraph 79 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 79.  Further, Target states that the exhibits cited Paragraph 79 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

80. The allegations in Paragraph 80 are not directed to Target and therefore require no response from Target. To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 80. Further, Target states that the exhibits cited Paragraph 80 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

81. The allegations in Paragraph 81 are not directed to Target and therefore require no response from Target. To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 81. Further, Target states that the exhibits cited Paragraph 81 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

82. The allegations in Paragraph 82 are not directed to Target and therefore require no response from Target. To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 82. Further, Target states that the exhibits cited Paragraph 82 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

83. The allegations in Paragraph 83 are not directed to Target and therefore require no response from Target. To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 83. Further, Target states that the exhibits cited Paragraph 83 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

84. The allegations in Paragraph 84 are not directed to Target and therefore require no response from Target. To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 84. Further,

Target states that the exhibits cited Paragraph 84 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

85.    The allegations in Paragraph 85 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 85.  Further, Target states that the exhibits cited Paragraph 85 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

86.    The allegations in Paragraph 86 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 86.

87.    The allegations in Paragraph 87 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 87.

88.    Target admits that it is a retailer of pet products, including cat and dog food, and that from time to time it displays information relating to cat and dog food.  To the extent remaining allegations in Paragraph 88 are directed to Target, Target denies the remaining allegations in Paragraph 88.  Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 88.

89.    Target admits that it sells pet food manufactured by Menu Foods.  To the extent remaining allegations in Paragraph 89 are directed to Target, Target denies the remaining allegations in Paragraph 89.  Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 90.

91.     To the extent the allegations in Paragraph 91 are directed to Target, Target denies the allegations in Paragraph 91.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 91.

92.     To the extent the allegations in Paragraph 92 are directed to Target, Target denies the allegations in Paragraph 92.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 92.

93.     Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 93.

94.     To the extent the allegations in Paragraph 94 are directed to Target, Target denies the allegations in Paragraph 94.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 94.

95.     To the extent the allegations in Paragraph 95 are directed to Target, Target denies the allegations in Paragraph 95.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 are directed to Target, Target denies the allegations in Paragraph 97.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 97.  Further, Target states that the exhibits

cited Paragraph 97 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

98.    To the extent the allegations in Paragraph 98 are directed to Target, Target denies the allegations in Paragraph 98.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 98.  Further, Target states that the exhibits cited Paragraph 98 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

99.    To the extent the allegations in Paragraph 99 are directed to Target, Target denies the allegations in Paragraph 99.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 99.

100.    To the extent the allegations in Paragraph 100 are directed to Target, Target denies the allegations in Paragraph 100.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 100.  Further, Target states that the exhibits cited Paragraph 100 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

101.    To the extent the allegations in Paragraph 101 are directed to Target, Target denies the allegations in Paragraph 101.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 101.  Further, Target states that the exhibits cited Paragraph 101 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

102.    To the extent the allegations in Paragraph 102 are directed to Target, Target denies the allegations in Paragraph 102.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 102.  Further, Target states that

the exhibits cited Paragraph 102 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

103.    The allegations in Paragraph 103 are not directed to Target and therefore require no response from Target.  To the extent a response is required, Target admits that various pet food products have been the subject of recalls over the years. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 103. Further, Target states that the exhibits cited Paragraph 103 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

104.    To the extent the allegations in Paragraph 104 are directed to Target, Target denies the allegations in Paragraph 104.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 are directed to Target, Target denies the allegations in Paragraph 105.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 105.

106.    To the extent the allegations in Paragraph 106 are directed to Target, Target denies the allegations in Paragraph 106.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 106.

107.    Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 107.

108.    Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 108.

109.    To the extent the allegations in Paragraph 109 are directed to Target, Target denies the allegations in Paragraph 109.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 109.

110.    The first and last sentences of Paragraph 110 call for a legal conclusion to which no response is required.  To the extent a response is required, Target denies the allegations in the first and last sentences of Paragraph 110.  Target denies the remaining allegations in Paragraph 110.

### CLASS ACTION ALLEGATIONS
### Plaintiffs' Purported Class Action

111.    Target admits that Plaintiffs purport to bring this action as a class action against Target, but denies that this action can be properly certified as a class action, and denies that any class-wide or other relief is appropriate against Target.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations of Paragraph 111.

112.    Target admits that Plaintiffs purport to bring this action as a class action but denies that this action can be properly certified under Rule 23(b)(2).  Target denies the remaining allegations of Paragraph 112.

### Alleged Numerosity

113.    The allegations in Paragraph 113 contain legal conclusions to which no response is required from Target.  To the extent a response is required, Target denies the allegations that it would be virtually impossible for individual Class Members to bring suit against the Defendants and that the Class has no viable remedy other than class certification and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 113.

### Alleged Commonality

114.    Target denies the allegations in Paragraph 114.

**Alleged Typicality**

115.    Target denies the allegations in Paragraph 115.

**Alleged Adequacy**

116.    Target denies the allegations in Paragraph 116.

**Alleged Predominance and Superiority**

117.    Target denies the allegations in Paragraph 117.

118.    Target denies that a class can be appropriately certified in this case or that Plaintiffs are entitled to any legal remedy.  Therefore, Target denies the allegations in Paragraph 118.

**Alleged Defendant Class**

119.    Target admits that the Plaintiffs seeks to certify a class of defendants but denies that a defendant class can be appropriately certified.  Target denies the remaining allegations of Paragraph 119.

**Alleged Numerosity**

120.    Target denies the allegations in the first sentence of Paragraph 120 and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 120.

**Alleged Commonality**

121.    Target denies the allegations in Paragraph 121.

**Alleged Typicality**

122.    Target denies the allegations in Paragraph 122.

**Alleged Adequacy**

123.    Target admits that it is represented by competent and diligent counsel, but denies the allegations in Paragraph 123.

**Alleged Predominance and Superiority**

124.    Target denies the allegations in Paragraph 124.

125.    Target denies that a defendant class can be appropriately certified in this case or that plaintiffs are entitled to any element of relief requested against Target, and therefore denies the allegations in Paragraph 125.

## COUNT I

**Fraudulent Misrepresentation and Concealment**
**As to All Defendants**

126.    Target incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

127.    Target admits that is markets and sells pet food and pet treats.  To the extent the remaining allegations in Paragraph 127 are directed to Target, Target denies the allegations in Paragraph 127.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 127.

128.    Target admits that it markets and sells pet food and pet treats.  To the extent the remaining allegations in Paragraph 128 are directed to Target, Target denies the allegations in Paragraph 128.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 are directed to Target, Target denies the allegations in Paragraph 129.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 are directed to Target, Target denies the allegations in Paragraph 130.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 are directed to Target, Target denies the allegations in Paragraph 131.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 are directed to Target, Target denies the allegations in Paragraph 132.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 are directed to Target, Target denies the allegations in Paragraph 133.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 are directed to Target, Target denies the allegations in Paragraph 134.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 134.

## COUNT II

### Negligent Misrepresentation
### As to All Defendants

135.    Target incorporates its responses to paragraphs 1-134 as if set forth fully herein.

136.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 136 are directed to Target, Target denies the allegations in Paragraph 136.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 136.

137.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 137 are directed to Target, Target denies the allegations in Paragraph 137.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 are directed to Target, Target denies the allegations in Paragraph 138.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 are directed to Target, Target denies the allegations in Paragraph 139.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 are directed to Target, Target denies the allegations in Paragraph 140.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 are directed to Target, Target denies the allegations in Paragraph 141.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 are directed to Target, Target denies the allegations in Paragraph 142.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 142.

143.    To the extent the allegations in Paragraph 143 are directed to Target, Target denies the allegations in Paragraph 143.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 143.

CASE NO. 07-21221 CIV ALTONAGA/Brown

## COUNT III

### Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 As to All Defendants

144.    Target incorporates its responses to paragraphs 1-143 as if set forth fully herein.

145.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 145 are directed to Target, Target denies the allegations in Paragraph 145.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 145.

146.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 146 are directed to Target, Target denies the allegations in Paragraph 146.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 146.

147.    Paragraph 147 states a legal conclusion to which no response is required.  To the extent a response is required, Target denies the allegations in Paragraph 147, denies that it is liable for any damages, and denies that any relief as requested in the Complaint should be granted against Target.

148.    To the extent the allegations in Paragraph 148 are directed to Target, Target denies the allegations in Paragraph 148.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 148.

149.    Paragraph 149 states a legal conclusion to which no response is required.  To the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 149.

150.    Paragraph 150 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 150 are directed to Target, Target admits that it markets and sells pet food and denies the remaining allegations in Paragraph 150.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 150.

151.    Paragraph 151 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 151 are directed to Target, Target denies the allegations in Paragraph 151.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 151.

152.    Paragraph 152 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 152 are directed to Target, Target denies the allegations in Paragraph 152.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 152.

153.    Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 are directed to Target, Target denies the allegations and prayer for relief in Paragraph 154.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 154.

**COUNT IV**

**Negligence**
**As to Defendant Manufacturers and Co-Packers and PetSmart**

155.    This cause of action is not brought against Target so no response is required.  To the extent a response is required, Target incorporates its responses to Paragraphs 1-154 as if set forth fully herein.

156.    This cause of action is not brought against Target so no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 156 are directed to Target, without intending to deny that Target sells pet food, Target denies the allegations in Paragraph 156.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 156.

157.    This cause of action is not brought against Target so no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 157 are directed to Target, Target denies the allegations in Paragraph 157.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 157.

158.    This cause of action is not brought against Target so no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 158 are directed to Target, Target denies the allegations in Paragraph 158.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 158.

159.    This cause of action is not brought against Target so no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 159 are directed to Target, Target denies the allegations in Paragraph 159.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 159.

160.    This cause of action is not brought against Target so no response is required.  In addition, Paragraph 160 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 160 are directed to Target, Target denies the allegations in Paragraph 160.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 160.

161.    This cause of action is not brought against Target so no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 161 are directed to Target, Target denies the allegations and prayer for relief in Paragraph 161.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 161.

## COUNT V

### Strict Liability
### As To All Defendants

162.    Target incorporates its responses to paragraphs 1-161 as if set forth fully herein.

163.    Target denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 163.

164.    To the extent the allegations in Paragraph 165 are directed to Target, Target denies the allegations in Paragraph 165.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 165.

165.    To the extent the allegations in Paragraph 165 are directed to Target, Target denies the allegations in Paragraph 165.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 165.

## COUNT VI

### Breach of Implied Warranty
### as to Retailers and Pet Specialty Retailers

166.    Target incorporates its responses to paragraphs 1-165 as if set forth fully herein.

167.    Target admits that it markets and sells pet food.  To the extent the allegations in Paragraph 167 are directed to Target, Target denies the allegations in Paragraph 167.  To the extent the allegations in Paragraph 167 are not directed to Target, Target is not required to

provide a response, but to the extent a response is required, Target denies for lack of knowledge or information sufficient to form a belief these allegations in Paragraph 167.

168.    Paragraph 168 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 168 are directed to Target, Target admits that it sold pet food of merchantable quality that was safe and fit for consumption by pets and denies the remaining allegations directed to Target in Paragraph 168. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 168.

169.    To the extent the allegations in Paragraph 169 are directed to Target, Target denies the allegations in Paragraph 169. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 169.

170.    Without intending to deny that Target sells pet food, to the extent the allegations in Paragraph 170 are directed to Target, Target denies the allegations in Paragraph 170. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 are directed to Target, Target denies the allegations in Paragraph 171. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 are directed to Target, Target denies the allegations in Paragraph 172. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 172.

173.    Paragraph 173 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 173 are directed to Target, Target

denies the allegations and prayer for relief in Paragraph 173. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 173.

## COUNT VII

### Breach of Express Warranty
### As to Defendant Retailers and Pet Specialty Retailers

174.    Target incorporates its responses to paragraphs 1-173 as if set forth fully herein.

175.    Target admits that it markets and sells pet food. To the extent the remaining allegations in Paragraph 175 are directed to Target, Target denies the allegations in Paragraph 175. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 175.

176.    Paragraph 176 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 176 are directed to Target, Target denies the allegations in Paragraph 176. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 are directed to Target, Target denies the allegations in Paragraph 177. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 177.

178.    Paragraph 178 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 178 are directed to Target, Target denies the allegations in Paragraph 178. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 are directed to Target, Target denies the allegations and prayer for relief in Paragraph 179. Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 179.

## COUNT VIII

## Unjust Enrichment
## As to All Defendants

180.    Target incorporates its responses to paragraphs 1-179 as if fully set forth herein.

181.    Paragraph 181 states a legal conclusion to which no response is required.  To the extent a response is required, Target denies the allegations in Paragraph 181.

182.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 182 are directed to Target, Target denies the allegations in Paragraph 182.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 182.

183.    Target admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 183 are directed to Target, Target denies the allegations in Paragraph 183.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 183.

184.    Target denies for lack of knowledge or information sufficient to form a belief the allegation that Plaintiffs purchased the pet food for the reasons alleged in the Complaint.  To the extent the remaining allegations in Paragraph 184 are directed to Target,  Target denies the remaining allegations in Paragraph 184.  To the extent the remaining allegations in Paragraph 184 are not directed to Target, Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 are directed to Target, Target denies the allegations in Paragraph 185.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are directed to Target, Target denies the allegations in Paragraph 186.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 are directed to Target, Target denies the allegations in Paragraph 187.  Target denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 187.

188.    Target denies that Plaintiff is entitled to any legal remedy against Target, and therefore denies the allegations and prayer for relief in Paragraph 188.

## ADDITIONAL DEFENSES

### First Defense

1.    Plaintiffs' Complaint fails, in whole or in part, to state a claim against Target upon which relief may be granted.

### Second Defense

2.    Plaintiffs lack standing to assert the claims alleged in the Complaint.

### Third Defense

3.    This Court lacks subject matter jurisdiction over Plaintiffs' alleged claims.

### Fourth Defense

4.    Venue for Plaintiffs' claims is improper in this District.

### Fifth Defense

5.    Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations or repose, or are otherwise untimely.

### Sixth Defense

6.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have made statements or taken actions that preclude them from asserting claims or constitute estoppel or waiver of their claims.

### Seventh Defense

7.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Eighth Defense

8.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Defense

9.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Tenth  Defense

10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

### Eleventh  Defense

11.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, issue preclusion, and/or claim preclusion.

### Twelfth Defense

12.    Plaintiffs' claims are barred, in whole or in part, because the claims are not recognized as separate causes of action under applicable law.

### Thirteenth Defense

13.    Plaintiffs' claims are barred, in whole or in part, by reason of the Plaintiffs' failure to join any and all necessary and/or indispensable parties to this action.

## Fourteenth  Defense

14.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

## Fifteenth Defense

15.    Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## Sixteenth Defense

16.    Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by federal law.

## Seventeenth Defense

17.    Plaintiffs' claims are barred, in whole or in part, because the conduct at issue (including any and all alleged advertising, marketing, and labeling) was required or specifically authorized by federal and/or state law, codes, statutes, rules, regulations and/or standards.

## Eighteenth  Defense

18.    Plaintiffs' claims are barred, in whole or in part, because the products at issue (including any and all labels and/or warnings) complied with federal and/or state law, codes, statutes, rules, regulations, and/or standards.

## Nineteenth Defense

19.    Plaintiffs' claims are barred, in whole or in part, by Target's First Amendment right to commercial speech.

## Twentieth Defense

20.    Plaintiffs fail to allege fraud with particularity and fail to allege sufficient facts to support any finding that Target, its officers, agents, servants, employees, contractors, or others for whom it was responsible, made any fraudulent misrepresentations or omissions or engaged in any conduct with the requisite scienter or state of mind.

## **Twenty-First Defense**

21.     Any alleged representations made by Target forming the basis of Plaintiffs' Complaint were true and honest at the time made.  Said representations, if any, were made without knowledge of any falsity, and were not made with the intent to deceive Plaintiffs and therefore Plaintiffs are barred from recovery.

## **Twenty-Second Defense**

22.     The injuries complained of by Plaintiffs and the alleged resulting damages, if any, were caused solely and proximately in whole or in part by Plaintiffs' own negligence and fault and thus, under the doctrine of contributory negligence, are not recoverable.

## **Twenty-Third Defense**

23.     Plaintiffs' recovery should be diminished by that percentage of fault attributable to Plaintiffs and/or persons or entities other than Target for those injuries sustained by Plaintiffs upon which the damages complained of in this action are based.  Thus, Target's liability, if any, is limited to its percentage of responsibility for the injuries of Plaintiffs, if any, regardless of whether or not other persons or entities are named as co-Defendants.

## **Twenty-Fourth Defense**

24.     Target is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources, including any settlements of future settlements between Plaintiffs and any person or entity.

## **Twenty-Fifth Defense**

25.     If Plaintiffs sustained injuries or incurred expenses as alleged, these damages and expenses were not caused by Target.  To the extent that Target is held liable for any damages to Plaintiffs, it may have statutory or contractual rights to contribution or indemnification.

### Twenty-Sixth Defense

26.     Plaintiffs' claims are barred by the doctrine of assumption of risk.  Upon information and belief, Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to the pet food products their pets allegedly consumed, and all or part of the alleged injuries, damages, and/or losses, if any, sustained by Plaintiffs arose from and were caused by risks of which Plaintiffs were aware, and such risks were accepted and assumed by the Plaintiffs.

### Twenty-Seventh Defense

27.     Plaintiffs' alleged damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, products and/or acts or omissions of an individual or entity over whom or which Target exercised no control.

### Twenty-Eighth Defense

28.     Plaintiffs' alleged damages were due to, and proximately caused by, in whole or in part, by intervening or superseding causes, included but not limited to: the pets' preexisting and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses; subsequent medical conditions; or natural courses of conditions for which Target is not responsible. Plaintiffs' pets' alleged illness or death, if any, was the result of natural health processes and would have occurred just as they did irrespective of Target's alleged actions or conduct.

### Twenty-Ninth Defense

29.     To the extent Plaintiffs may have modified, altered or changed the pet food referred to in the Complaint, such changes in any said pet food proximately caused Plaintiffs' injuries, loss and damages, if any.

### Thirtieth Defense

30.     To the extent Plaintiffs have failed to follow the use instructions on the pet food and/or have combined the pet food with others and/or misused the pet food in ways that were not reasonably foreseeable to Target, it was the failure to follow instructions/product combination and/or other misuse which caused or contributed to Plaintiffs' damages, if any.

### Thirty-First Defense

31.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

### Thirty-Second Defense

32.     Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, products liability, strict liability statutes and/or the uniform commercial codes of the several states.

### Thirty-Third Defense

33.     Plaintiffs' claims for product defect are barred to the extent the pet food was consumed beyond the expiration date.

### Thirty-Fourth Defense

34.     Plaintiffs' claims are barred, in whole or in part, due to spoliation of evidence.

### Thirty-Fifth Defense

35.     Plaintiffs' claims are barred, in whole or in part, because Target acquired the pet food in a sealed container and was afforded no reasonable opportunity to inspect the product before it was sold.

### Thirty-Sixth Defense

36.     Plaintiffs' claims are barred, in whole or in part, because Target is an "innocent" seller of the product and a proper, solvent manufacturer has been named in the lawsuit and jurisdiction has been maintained.

### Thirty-Seventh Defense

37.     The actions of Target were in compliance with all existing safety standards and precautions then consistent with the state of the art.

### Thirty-Eighth Defense

38.     The claims asserted in the Complaint are barred because the pet food was designed, tested, manufactured, and labeled in accordance with the state of the art industry standards existing at the time of the sale.  Target asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; and/or (2) the alleged danger of any such design characteristics.

### Thirty-Ninth Defense

39.     Plaintiffs' claims are barred because the products at issue included adequate information with respect to their contents and proper use.

### Fortieth Defense

40.     Plaintiffs' breach of warranty claims are barred for lack of timely notice of breach, lack of privity, and/or because the alleged warranties were disclaimed.

### Forty-First Defense

41.     Plaintiffs' breach of warranty claims are barred by the defenses of expiration, limitation, and exclusion.

CASE NO. 07-21221 CIV ALTONAGA/Brown

### Forty-Second Defense

42.     Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

### Forty-Third Defense

43.     Plaintiffs' claims for breach of implied warranties are barred because Target was not made aware of any particular use of the products intended by Plaintiffs.

### Forty-Fourth Defense

44.     Plaintiffs' claims for express warranties are barred because Plaintiffs failed to identify any express warranties upon which they relied.

### Forty-Fifth Defense

45.     There is no joint and several liability against Target.

### Forty-Sixth Defense

46.     Target is not vicariously liable for the acts of others.

### Forty-Seventh Defense

47.     Target asserts that it is not liable for any alleged wrongful actions taken by Target employees, which may have been taken outside the scope of and course of their duties and which were not authorized, condoned, or ratified by Target.

### Forty-Eighth Defense

48.     To the extent that Plaintiffs' claims are based on disgorgement of revenue/profits or based on a theory providing for liability without proof of causation, the claims violate Target's rights under the United States Constitution and applicable state constitutions, and Plaintiffs' claims are barred by the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and sections of the applicable state constitutions on the grounds that

Target will not be accorded protection against multiple suits and duplicative liability and to the extent that there has been a denial of equal protection.

### Forty-Ninth Defense

49.     Plaintiffs' claims for damages are speculative, and, as a result, are barred under applicable state law.

### Fifty Defense

50.     Plaintiffs are not entitled to recover non-economic damages from Target for any alleged injuries to their pets, or alternatively such a recovery is limited by the statutory caps on non-economic damages that exist under applicable state law.

### Fifty-First Defense

51.     Plaintiffs' claim for unjust enrichment is barred because Plaintiffs have an adequate remedy at law.

### Fifty-Second Defense

52.     The allegations of the Complaint directed against Target do not give rise to a claim of punitive damages against Target.

### Fifty-Third Defense

53.     The imposition of punitive damages is violative of due process and equal protection provided by the Fifth and Fourteenth Amendment of the United States Constitution. An award of punitive damages based upon vicarious or joint and several judgments, the lack of reasonable limitation, the lack of specific and set standards, public policy, and the potential to exceed the maximum criminal fines for similar conduct are each in violation of the Fifth and Fourteenth Amendments of the United States Constitution.  It is denied that any act or omission of Target was such that it constitutes fault meeting the standards required to prove punitive damages.

**<u>Fifty-Fourth Defense</u>**

54.    Target adopts and incorporates by reference any affirmative defense asserted by any other Defendant to this action to the extent such affirmative defenses apply to Target.

## NOTICE OF ADDITIONAL AFFIRMATIVE DEFENSES

Target hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery. Target thus expressly reserves the right to amend its Answer by way of amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

**WHEREFORE**, Target respectfully requests that the Court: (i) enter judgment in favor of Target dismissing the Complaint with prejudice and denying Plaintiffs any fees, expenses or costs; (ii) award to Target all costs incurred by it in connection with this action; and (iii) grant to Target such other and further relief as the Court may deem appropriate in the circumstances.

Dated:  May 12, 2008                                  Respectfully submitted,


                                                      //s/ Barbara Bolton Litten
                                                      John B.T. Murray, Jr.
                                                      Florida Bar Member 962759
                                                      jbmurray@ssd.com
                                                      Barbara Bolton Litten
                                                      Florida Bar Member 0091642
                                                      blitten@ssd.com
                                                      SQUIRE, SANDERS & DEMPSEY, L.L.P.
                                                      1900 Phillips Point West
                                                      777 South Flagler Drive
                                                      West Palm Beach, FL  33401-6198
                                                      Tel.: 561.650.7200
                                                      Fax: 561.655.1509

                                                      *Attorneys for Target Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing to be served upon all counsel on the

attached Service List through the Court's Electronic Filing System, or by mailing the same to the

offices of said counsel by United States mail, postage prepaid, on this 12th day of May, 2008.

/s/  Barbara Bolton Litten
Barbara Bolton Litten
Florida Bar No. 91642

# RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.
## Case No. 07-21221-CIV-ALTONAGA/BROWN

### SERVICE LIST

Catherine J. MacIvor
E-mail:    cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

John B.T. Murray, Jr.
E-mail:    jbmurray@ssd.com
Barbara Bolton Litten
E-mail:    blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart
Stores, Inc., Target Corporation*

Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL  33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendants Mars, Incorporated,*
*Mars Petcare U.S., Inc. and Nutro Products,*
*Inc.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:       hugh.turner@akerman.com

*Attorneys for Defendant Publix Super Markets,*
*Inc*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated,*
*Mars Petcare U.S., Inc. and Nutro Products,*
*Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL  33131-9101
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition,*
*Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition,*
*Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

John F. Mullen
E-mail:  jmullen@cozen.com
Julie Negovan
E-mail:  jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, FL 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,
P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc.
and Albertson's LLC*

W. Randolph Teslik, P.C.
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products,
Inc.*

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet Products,*
*Inc.*