UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

                Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

                Defendants.

_____/

**DEFENDANT WAL-MART STORES, INC.'S ANSWER
AND DEFENSES TO PLAINTIFFS'
<u>FOURTH AMENDED CLASS ACTION COMPLAINT</u>**

      Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through its undersigned counsel,

responds to Plaintiffs' unverified Fourth Amended Class Action Complaint ("Complaint") as

follows:

## INTRODUCTION

      1.    Wal-Mart admits that the Plaintiffs purport to bring this action as a class action

against Wal-Mart, but denies that this case can be properly certified as a class action, and denies

that any class-wide or other relief is appropriate against Wal-Mart in this action.  Wal-Mart

denies for lack of knowledge or information sufficient to form a belief the remaining allegations

in Paragraph 1.

      2.    Wal-Mart admits that the Plaintiffs have brought this action for injunctive relief,

restitution, and damages, but denies that Plaintiffs are entitled to any such relief.  Wal-Mart

denies the remaining allegations in Paragraph 2.

## PARTIES
### Plaintiffs/Class Representatives

3.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 3.

4.    The allegations in Paragraph 4 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 4.

5.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 5.

6.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 6.

7.    The allegations in Paragraph 7 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 7.

8.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 8.

9.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 9.

10.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 10.

11.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 11.

12.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 12.

CASE NO. 07-21221 CIV ALTONAGA/BROWN

13.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 13.

14.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 15.

16.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 16.

17.     The allegations in Paragraph 17 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 17.

18.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 18.

19.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 19.

20.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 20.

21.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 21.

22.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 22.

CASE NO. 07-21221 CIV ALTONAGA/BROWN

23.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 24.

25.     The allegations in Paragraph 25 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 25.

26.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 26.

27.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 28.

29.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 29.

30.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 30.

31.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 32.

**DEFENDANTS**
**Defendant Manufacturers**

33.     The allegations in Paragraph 33 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 33. Further, Wal-Mart states that the exhibits cited in Paragraph 33 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

34.     The allegations in Paragraph 34 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 34. Further, Wal-Mart states that the exhibits cited in Paragraph 34 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

35.     The allegations in Paragraph 35 and Footnote 1 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 35 and Footnote 1.  Further, Wal-Mart states that the exhibits cited in Paragraph 35 and Footnote 1 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

36.     The allegations in Paragraph 36 and Footnote 2 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in

Paragraph 36 and Footnote 2. Further, Wal-Mart states that the exhibits cited in Paragraph 36 and Footnote 2 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

37. The allegations in Paragraph 37 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 37. Further, Wal-Mart states that the exhibits cited in Paragraph 37 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

38. The allegations in Paragraph 38 and Footnote 3 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 38 and Footnote 3. Further, Wal-Mart states that the exhibits cited in Paragraph 38 and Footnote 3 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

39. The allegations in Paragraph 39 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 39. Further, Wal-Mart states that the exhibits cited in Paragraph 39 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

40. The allegations in Paragraph 40 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 40.

Further, Wal-Mart states that the exhibits cited in Paragraph 40 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

### Defendant Co-Packers

41.    The allegations in Paragraph 41 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 41.

42.    The allegations in Paragraph 42 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 42.

43.    The allegations in Paragraph 43 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 43.

44.    Wal-Mart admits that one or more of the Menu Foods Defendants manufactures pet food for Wal-Mart and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 44.

45.    The allegations in Paragraph 45 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 46.

**Defendant Retailers**

47.    The allegations in Paragraph 47 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 47.

48.    Wal-Mart admits that it is a Delaware corporation with its principal place of business in Arkansas, that it operates stores in Florida, and that it markets and sells its own brands of pet food and treats and those of certain Defendant Manufacturers.  Wal-Mart denies the remaining allegations in Paragraph 48.

49.    The allegations in Paragraph 49 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 49.

50.    The allegations in Paragraph 50 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 50.

51.    The allegations in Paragraph 51 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 51.

52.    The allegations in Paragraph 52 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 52.

**Defendant Pet Specialty Retailers**

53.     The allegations in Paragraph 53 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 56.

**JURISDICTION AND VENUE**

57.     Paragraph 57 states a legal conclusion to which no response is required.

58.     The allegations in Paragraph 58 are not directed to Wal-Mart and state legal conclusions to which no response is required.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 58.

59.     Paragraph 59 states a legal conclusion to which no response is required.  To the extent a response is required, Wal-Mart denies that it committed a tortious act within the State of Florida or caused injury to persons or property within the State.  To the extent the allegations of

Paragraph 59 are not directed to Wal-Mart, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 59.

60.     Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required and the allegations are directed to Wal-Mart, Wal-Mart admits that it markets and sells commercial pet food in this District, and denies the remaining allegations. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 60.

## FACTS GIVING RISE TO THE CLAIMS

61.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 61.

62.     The allegations contained in Paragraph 62 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 62.

63.     Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 63 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 63.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 63.

64.     To the extent the allegations in Paragraph 64 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 64.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 64.

65.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 65.

CASE NO. 07-21221 CIV ALTONAGA/BROWN

66.    To the extent the allegations in Paragraph 66 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 66.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 66.

67.    To the extent the allegations in Paragraph 67 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 67.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 67.

68.    To the extent the allegations in Paragraph 68 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 68.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 68.

69.    To the extent the allegations in Paragraph 69 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 69.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 69.  Further, Wal-Mart states that the exhibits cited in Paragraph 69 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

70.    To the extent the allegations in Paragraph 70 are directed To Wal-Mart, Wal-Mart denies the allegations in Paragraph 70.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 70.

71.    To the extent the allegations in Paragraph 71 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 71.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 71.

72.    The allegations in Paragraph 72 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 72.

Further, Wal-Mart states that the exhibits cited in Paragraph 72 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

73.     The allegations in Paragraph 73 and Footnotes 4 and 5 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 73 and Footnotes 4 and 5.  Further, Wal-Mart states that the exhibits cited in Paragraph 73 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

74.     The allegations in Paragraph 74 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 74.  Further, Wal-Mart states that the exhibits cited in Paragraph 74 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

75.     The allegations in Paragraph 75 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 75.

76.     The allegations in Paragraph 76 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 76.  Further, Wal-Mart states that the exhibits cited in Paragraph 76 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

77.     The allegations in Paragraph 77 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for

CASE NO. 07-21221 CIV ALTONAGA/BROWN

lack of knowledge or information sufficient to form a belief the allegations in Paragraph 77. Further, Wal-Mart states that the exhibits cited in Paragraph 77 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

78.    The allegations in Paragraph 78 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 79. Further, Wal-Mart states that the exhibits cited in Paragraph 79 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

80.    The allegations in Paragraph 80 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 80. Further, Wal-Mart states that the exhibits cited in Paragraph 80 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

81.    The allegations in Paragraph 81 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 81. Further, Wal-Mart states that the exhibits cited in Paragraph 81 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

82.    The allegations in Paragraph 82 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for

lack of knowledge or information sufficient to form a belief the allegations in Paragraph 82. Further, Wal-Mart states that the exhibits cited in Paragraph 82 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

83.    The allegations in Paragraph 83 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 83. Further, Wal-Mart states that the exhibits cited in Paragraph 83 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

84.    The allegations in Paragraph 84 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 84. Further, Wal-Mart states that the exhibits cited in Paragraph 84 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

85.    The allegations in Paragraph 85 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 85. Further, Wal-Mart states that the exhibits cited in Paragraph 85 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

86.    The allegations in Paragraph 86 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 86. Further, Wal-Mart states that the exhibits cited in Paragraph 86 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

CASE NO. 07-21221 CIV ALTONAGA/BROWN

87. The allegations in Paragraph 87 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 87.

88. Wal-Mart admits that it is a retailer of pet products, including cat and dog food, and that from time to time it displays information relating to cat and dog food. To the extent the remaining allegations in Paragraph 88 are directed to Wal-Mart, Wal-Mart denies the remaining allegations in Paragraph 88. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 88.

89. Wal-Mart admits that it markets and sells pet food manufactured by Menu Foods. To the extent the remaining allegations in Paragraph 89 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 89. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 89.

90. The allegations in Paragraph 90 are not directed to Wal-Mart and therefore require no response from Wal-Mart. To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 90.

91. To the extent the allegations in Paragraph 91 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 91. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 91.

92. To the extent the allegations in Paragraph 92 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 92. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 92.

93. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 93.

94.    To the extent the allegations in Paragraph 94 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 94.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 94.

95.    To the extent the allegations in Paragraph 95 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 95.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 95.

96.    The allegations in Paragraph 96 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 96.  Further, Wal-Mart states that the exhibits cited in Paragraph 96 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

97.    To the extent the allegations in Paragraph 97 and Footnote 7 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 97 and Footnote 7.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 97 and Footnote 7.  Further, Wal-Mart states that the exhibits cited in Paragraph 97 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

98.    To the extent the allegations in Paragraph 98 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 98.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 98.  Further, Wal-Mart states that the exhibits cited in Paragraph 98 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

99.    To the extent the allegations in Paragraph 99 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 99.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 100. Further, Wal-Mart states that the exhibits cited in Paragraph 100 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

101.    To the extent the allegations in Paragraph 101 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 101.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 101.

102.    To the extent the allegations in Paragraph 102 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 102.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 102.  Further, Wal-Mart states that the exhibits cited in Paragraph 102 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

103.    Wal-Mart admits that Ol' Roy is a Wal-Mart brand dog food and that various pet food products, including Ol' Roy, have been the subject of recalls over the years, but denies the remaining allegations in Paragraph 103 to the extent that they are directed to Wal-Mart.  Wal-Mart denies for lack of knowledge or information to form a belief the remaining allegations in Paragraph 103.   Further, Wal-Mart states that the exhibits cited in Paragraph 103 are the best evidence of their terms to the extent that they are what Plaintiffs purport them to be.

104.    To the extent the allegations in Paragraph 104 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 104.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 105.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 105.

106.    The allegations in Paragraph 106 are not directed to Wal-Mart and therefore require no response from Wal-Mart.  To the extent a response is required, Wal-Mart denies the allegations in Paragraph 106.

107.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 107.

108.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 108.

109.    To the extent the allegations in Paragraph 109 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 109.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 109.

110.    The first and last sentences in Paragraph 110 call for legal conclusions to which no response is required.  To the extent a response is required and to the extent the allegations are directed at Wal-Mart, Wal-Mart denies the allegations in Paragraph 110.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 110.

## CLASS ACTION ALLEGATIONS
### Plaintiffs' Purported Class Action

111.    Wal-Mart admits that the Plaintiffs purport to bring this action as a class action against Wal-Mart, but denies that this case can be properly certified as a class action, denies that any class-wide or other relief is appropriate against Wal-Mart in this action, and denies the remaining allegations in Paragraph 111.

### Alleged Injunctive Relief

112.    Wal-Mart admits that Plaintiffs purport to bring this action as a class action, but denies that this action can be properly certified under Rule 23(b)(2), and denies the remaining allegations in Paragraph 112.

### Alleged Numerosity

113.    The allegations in Paragraph 113 contain legal conclusions to which no response is required.  To the extent a response is required, Wal-Mart denies the allegations that it would be virtually impossible for individual Class Members to bring suit against the Defendants and that the Class has no viable remedy other than class certification, and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 113.

### Alleged Commonality

114.    Wal-Mart denies the allegations in Paragraph 114.

### Alleged Typicality

115.    Wal-Mart denies the allegations in Paragraph 115.

### Alleged Adequacy

116.    Wal-Mart denies the allegations in Paragraph 116.

### Alleged Predominance and Superiority

117.    Wal-Mart denies the  allegations in Paragraph 117.

118.    Paragraph 118 is a demand for relief to which no response is required.  To the extent a response is required, Wal-Mart denies the allegations and prayer for relief in Paragraph 118.

## Alleged Defendant Class

119.    Wal-Mart admits that Plaintiffs seek to certify a class of Defendants, but denies that a Defendant class can be appropriately certified, and denies the remaining allegations in Paragraph 119.

## Alleged Numerosity

120.    Wal-Mart denies the allegations in the first sentence of Paragraph 120, and denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 120.

## Alleged Commonality

121.    Wal-Mart denies the allegations in Paragraph 121.

## Alleged Typicality

122.    Wal-Mart denies the allegations in Paragraph 122.

## Alleged Adequacy

123.    Wal-Mart admits that it is represented by competent and diligent counsel, but denies the remaining allegations in Paragraph 123.

## Alleged Predominance and Superiority

124.    Wal-Mart denies the allegations in Paragraph 124.

125.    Paragraph 125 is a demand for relief to which no response is required.  To the extent a response is required, Wal-Mart denies the allegations and prayer for relief in Paragraph 125.

**COUNT I**
**Fraudulent Misrepresentation and Concealment**
**As to All Defendants**

126.    Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

127.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 127 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 127.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 127.

128.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 128 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 128.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 129.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 130.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 130.

131.    To the extent the allegations in Paragraph 131 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 131.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 131.

132.    To the extent the allegations in Paragraph 132 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 132.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 132.

133.    To the extent the allegations in Paragraph 133 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 133.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 133.

134.    To the extent the allegations in Paragraph 134 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 134.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 134.

### COUNT II
### Negligent Misrepresentation
### As to All Defendants

135.    Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

136.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 136 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 136.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 136.

137.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 137 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 137.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 137.

138.    To the extent the allegations in Paragraph 138 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 138.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 138.

139.    To the extent the allegations in Paragraph 139 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 139.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 139.

140.    To the extent the allegations in Paragraph 140 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 140.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 140.

141.    To the extent the allegations in Paragraph 141 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 141.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 141.

142.    To the extent the allegations in Paragraph 142 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 142.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 142.

143.    To the extent the allegations in Paragraph 143 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 143.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 143.

## COUNT III
### Violation of the Florida Deceptive and Unfair Trade
### Practices Act (FDUPTA), Fla. Stat. §501.201
### As to All Defendants

144.    Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

145.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 145 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 145.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 145.

146.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 146 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 146.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 146.

147.    Paragraph 147 states a legal conclusion to which no response is required.  To the extent a response is required, Wal-Mart denies the allegations in Paragraph 147, denies that it is liable for any damages, and denies that any relief as requested in the Complaint should be granted against Wal-Mart.

148.    To the extent the allegations in Paragraph 148 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 148.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 148.

149.    Paragraph 149 states a legal conclusion to which no response is required.  To the extent a response is required, Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 149.

150.    Paragraph 150 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 150 are directed to Wal-Mart, Wal-Mart admits that it markets and sells pet food, but denies the remaining allegations in Paragraph 150.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 150.

CASE NO. 07-21221 CIV ALTONAGA/BROWN

151.    Paragraph 151 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 151 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 151.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 151.

152.    Paragraph 152 and Footnote 11 state legal conclusions to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 152 and Footnote 11 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 152 and Footnote 11.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 152 and Footnote 11.

153.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 153.

154.    To the extent the allegations in Paragraph 154 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 154.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 154.

**COUNT IV**
**Negligence**
**As to Defendant Manufacturers and Co-Packers and PetSmart**

155.    This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required, Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

156.    This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required and to the extent the allegations in Paragraph 150 are directed to Wal-Mart, Wal-Mart admits that it markets and sells pet food, but denies the

remaining allegations in Paragraph 156.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 156.

157.    This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required and to the extent the allegations in Paragraph 157 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 157.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 157.

158.    This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required and to the extent the allegations in Paragraph 158 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 158.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 158.

159.    This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required and to the extent the allegations in Paragraph 159 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 159.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 159.

160.    This cause of action is not brought against Wal-Mart so no response is required. In addition, Paragraph 160 states a legal conclusion to which no response is required.  To the extent a response is required and to the extent the allegations in Paragraph 160 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 160.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 160.

161.     This cause of action is not brought against Wal-Mart so no response is required. To the extent a response is required and to the extent the allegations in Paragraph 161 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 161. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 161.

## COUNT V
## STRICT LIABILITY
### As to All Defendants

162.     Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

163.     Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegations in Paragraph 163.

164.     To the extent the allegations in Paragraph 164 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 164.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 164.

165.     To the extent the allegations in Paragraph 165 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 165.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 165.

## COUNT VI
## Breach of Implied Warranty
### As to Retailers and Pet Specialty Retailers

166.     Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

167.     Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 167 are directed to Wal-Mart, Wal-Mart denies the allegations in

Paragraph 167.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 167.

168.    Paragraph 168 states a legal conclusion to which no response is required.  To the extent a response is required and the allegations in Paragraph 168 are directed to Wal-Mart, Wal-Mart admits that it sold pet food of merchantable quality that was safe and fit for consumption by pets, but denies the remaining allegations in Paragraph 168.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 168.

169.    To the extent the allegations in Paragraph 169 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 169.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 169.

170.    Without intending to deny that Wal-Mart sells pet food, to the extent the allegations in Paragraph 170 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 170.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 170.

171.    To the extent the allegations in Paragraph 171 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 171.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 171.

172.    To the extent the allegations in Paragraph 172 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 172.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 172.

173.    Paragraph 173 states a legal conclusion to which no response is required.  To the extent a response is required and the allegations in Paragraph 173 are directed to Wal-Mart, Wal-

Mart denies the allegations and prayer for relief in Paragraph 173. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 173.

**COUNT VII**
**Breach of Express Warranty**
**As to Defendant Retailers**

174.    Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

175.    Wal-Mart admits that it markets and sells pet food. To the extent the remaining allegations in Paragraph 175 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 175. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 175.

176.    Paragraph 176 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 176 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 176. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 176.

177.    To the extent the allegations in Paragraph 177 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 177. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 177.

178.    Paragraph 178 states a legal conclusion to which no response is required. To the extent a response is required and the allegations in Paragraph 178 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 178. Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 are directed to Wal-Mart, Wal-Mart denies the allegations and prayer for relief in Paragraph 179.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 179.

**COUNT VIII**
**Unjust Enrichment**
**As to All Defendants**

180.    Wal-Mart incorporates its responses to Paragraphs 1-125 as if set forth fully herein.

181.    Paragraph 181 states a legal conclusion to which no response is required.  To the extent a response is required, Wal-Mart denies the allegations in Paragraph 181.

182.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 182 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 182.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 182.

183.    Wal-Mart admits that it markets and sells pet food.  To the extent the remaining allegations in Paragraph 182 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 182.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 182.

184.    Wal-Mart denies for lack of knowledge or information sufficient to form a belief the allegation that Plaintiffs purchased the pet food for the reasons alleged in the Complaint.  To the extent the remaining allegations in Paragraph 184 are directed to Wal-Mart,  Wal-Mart denies the remaining allegations in Paragraph 184.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 185.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 186.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 186.

187.    To the extent the allegations in Paragraph 187 are directed to Wal-Mart, Wal-Mart denies the allegations in Paragraph 187.  Wal-Mart denies for lack of knowledge or information sufficient to form a belief the remaining allegations in Paragraph 187.

188.    Wal-Mart denies that Plaintiff is entitled to any legal remedy against Wal-Mart, and therefore denies the allegations and prayer for relief in Paragraph 188.

## ADDITIONAL DEFENSES

### First Defense

1.    Plaintiffs' Complaint fails, in whole or in part, to state a claim against Wal-Mart upon which relief may be granted.

### Second Defense

2.    Plaintiffs lack standing to assert the claims alleged in the Complaint.

### Third Defense

3.    This Court lacks subject matter jurisdiction over Plaintiffs' alleged claims.

### Fourth Defense

4.    Venue for Plaintiffs' claims is improper in this District.

31

CASE NO. 07-21221 CIV ALTONAGA/BROWN

**Fifth Defense**

5.      Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations or repose, or are otherwise untimely.

**Sixth Defense**

6.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have made statements or taken actions that preclude them from asserting claims or constitute estoppel or waiver of their claims.

**Seventh Defense**

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**Eighth Defense**

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**Ninth Defense**

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**Tenth  Defense**

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

**Eleventh  Defense**

11.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, issue preclusion, and/or claim preclusion.

**Twelfth Defense**

12.      Plaintiffs' claims are barred, in whole or in part, because the claims are not recognized as separate causes of action under applicable law.

## Thirteenth Defense

13.    Plaintiffs' claims are barred, in whole or in part, by reason of the Plaintiffs' failure to join any and all necessary and/or indispensable parties to this action.

## Fourteenth  Defense

14.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

## Fifteenth Defense

15.    Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

## Sixteenth Defense

16.    Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by federal law.

## Seventeenth Defense

17.    Plaintiffs' claims are barred, in whole or in part, because the conduct at issue (including any and all alleged advertising, marketing, and labeling) was required or specifically authorized by federal and/or state law, codes, statutes, rules, regulations and/or standards.

## Eighteenth  Defense

18.     Plaintiffs' claims are barred, in whole or in part, because the products at issue (including any and all labels and/or warnings) complied with federal and/or state law, codes, statutes, rules, regulations, and/or standards.

## Nineteenth Defense

19.    Plaintiffs' claims are barred, in whole or in part, by Wal-Mart's First Amendment right to commercial speech.

**Twentieth Defense**

20.    Plaintiffs fail to allege fraud with particularity and fail to allege sufficient facts to support any finding that Wal-Mart, its officers, agents, servants, employees, contractors, or others for whom it was responsible, made any fraudulent misrepresentations or omissions or engaged in any conduct with the requisite scienter or state of mind.

**Twenty First Defense**

21.    Any alleged representations made by Wal-Mart forming the basis of Plaintiffs' Complaint were true and honest at the time made.  Said representations, if any, were made without knowledge of any falsity, and were not made with the intent to deceive Plaintiffs and therefore Plaintiffs are barred from recovery.

**Twenty Second Defense**

22.    The injuries complained of by Plaintiffs and the alleged resulting damages, if any, were caused solely and proximately in whole or in part by Plaintiffs' own negligence and fault and thus, under the doctrine of contributory negligence, are not recoverable.

**Twenty Third Defense**

23.    Plaintiffs' recovery should be diminished by that percentage of fault attributable to Plaintiffs and/or persons or entities other than Wal-Mart for those injuries sustained by Plaintiffs upon which the damages complained of in this action are based.  Thus, Wal-Mart's liability, if any, is limited to its percentage of responsibility for the injuries of Plaintiffs, if any, regardless of whether or not other persons or entities are named as co-Defendants.

**Twenty Fourth Defense**

24.    Wal-Mart is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be,

CASE NO. 07-21221 CIV ALTONAGA/BROWN

replaced or indemnified, in whole or in part, by collateral sources, including any settlements of future settlements between Plaintiffs and any person or entity.

### Twenty Fifth Defense

25.    If Plaintiffs sustained injuries or incurred expenses as alleged, these damages and expenses were not caused by Wal-Mart.  To the extent that Wal-Mart is held liable for any damages to Plaintiffs, it may have statutory or contractual rights to contribution or indemnification.

### Twenty Sixth Defense

26.    Plaintiffs' claims are barred by the doctrine of assumption of risk.  Upon information and belief, Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to the pet food products their pets allegedly consumed, and all or part of the alleged injuries, damages, and/or losses, if any, sustained by Plaintiffs arose from and were caused by risks of which Plaintiffs were aware, and such risks were accepted and assumed by the Plaintiffs.

### Twenty Seventh Defense

27.    Plaintiffs' alleged damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities, products and/or acts or omissions of an individual or entity over whom or which Wal-Mart exercised no control.

### Twenty Eighth Defense

28.    Plaintiffs' alleged damages were due to, and proximately caused by, in whole or in part, by intervening or superseding causes, included but not limited to: the pets' preexisting and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses; subsequent medical conditions; or natural courses of conditions for which Wal-Mart is not

responsible. Plaintiffs' pets' alleged illness or death, if any, was the result of natural health processes and would have occurred just as they did irrespective of Wal-Mart's alleged actions or conduct.

## Twenty Ninth Defense

29.    To the extent Plaintiffs may have modified, altered or changed the pet food referred to in the Complaint, such changes in any said pet food proximately caused Plaintiffs' injuries, loss and damages, if any.

## Thirtieth Defense

30.    To the extent Plaintiffs have failed to follow the use instructions on the pet food and/or have combined the pet food with others and/or misused the pet food in ways that were not reasonably foreseeable to Wal-Mart, it was the failure to follow instructions/product combination and/or other misuse which caused or contributed to Plaintiffs' damages, if any.

## Thirty First Defense

31.    Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## Thirty Second Defense

32.    Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, products liability, strict liability statutes and/or the uniform commercial codes of the several states.

## Thirty Third Defense

33.    Plaintiffs' claims for product defect are barred to the extent the pet food was consumed beyond the expiration date.

### Thirty Fourth Defense

34.    Plaintiffs' claims are barred, in whole or in part, due to spoliation of evidence.

### Thirty Fifth Defense

35.    Plaintiffs' claims are barred, in whole or in part, because Wal-Mart acquired the pet food in a sealed container and was afforded no reasonable opportunity to inspect the product before it was sold.

### Thirty Sixth Defense

36.    Plaintiffs' claims are barred, in whole or in part, because Wal-Mart is an "innocent" seller of the product and a proper, solvent manufacturer has been named in the lawsuit and jurisdiction has been maintained.

### Thirty Seventh Defense

37.    The actions of Wal-Mart were in compliance with all existing safety standards and precautions then consistent with the state of the art.

### Thirty Eighth Defense

38.    The claims asserted in the Complaint are barred because the pet food was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.  Wal-Mart asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; and/or (2) the alleged danger of any such design characteristics.

**Thirty Ninth Defense**

39.     Plaintiffs' claims are barred because the products at issue included adequate information with respect to their contents and proper use.

**Fortieth Defense**

40.     Plaintiffs' breach of warranty claims are barred for lack of timely notice of breach, lack of privity, and/or because the alleged warranties were disclaimed.

**Forty First Defense**

41.     Plaintiffs' breach of warranty claims are barred by the defenses of expiration, limitation, and exclusion.

**Forty Second Defense**

42.      Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

**Forty Third Defense**

43.     Plaintiffs' claims for breach of implied warranties are barred because Wal-Mart was not made aware of any particular use of the products intended by Plaintiffs.

**Forty Fourth Defense**

44.     Plaintiffs' claims for express warranties are barred because Plaintiffs failed to identify any express warranties upon which they relied.

**Forty Fifth Defense**

45.     There is no joint and several liability against Wal-Mart.

**Forty Sixth Defense**

46.     Wal-Mart is not vicariously liable for the acts of others.

**Forty Seventh Defense**

47.    Wal-Mart asserts that it is not liable for any alleged wrongful actions taken by Wal-Mart employees, which may have been taken outside the scope of and course of their duties and which were not authorized, condoned, or ratified by Wal-Mart.

**Forty Eighth Defense**

48.    To the extent that Plaintiffs' claims are based on disgorgement of revenue/profits or based on a theory providing for liability without proof of causation, the claims violate Wal-Mart's rights under the United States Constitution and applicable state constitutions, and Plaintiffs' claims are barred by the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and sections of the applicable state constitutions on the grounds that Wal-Mart will not be accorded protection against multiple suits and duplicative liability and to the extent that there has been a denial of equal protection.

**Forty Ninth Defense**

49.    Plaintiffs' claims for damages are speculative, and, as a result, are barred under applicable state law.

**Fiftieth Defense**

50.    Plaintiffs are not entitled to recover non-economic damages from Wal-Mart for any alleged injuries to their pets, or alternatively such a recovery is limited by the statutory caps on non-economic damages that exist under applicable state law.

**Fifty First Defense**

51.    Plaintiffs' claim for unjust enrichment is barred because Plaintiffs have an adequate remedy at law.

### Fifty Second Defense

52.    The allegations of the Complaint directed against Wal-Mart do not give rise to a claim of punitive damages against Wal-Mart.

### Fifty Third Defense

53.    The imposition of punitive damages is violative of due process and equal protection provided by the Fifth and Fourteenth Amendment of the United States Constitution. An award of punitive damages based upon vicarious or joint and several judgments, the lack of reasonable limitation, the lack of specific and set standards, public policy, and the potential to exceed the maximum criminal fines for similar conduct are each in violation of the Fifth and Fourteenth Amendments of the United States Constitution.  It is denied that any act or omission of Wal-Mart was such that it constitutes fault meeting the standards required to prove punitive damages.

### Fifty Fourth Defense

54.    Wal-Mart adopts and incorporates by reference any affirmative defense asserted by any other Defendant to this action to the extent such affirmative defenses apply to Wal-Mart.

### Notice of Additional Affirmative Defenses

Wal-Mart hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery.  Wal-Mart thus expressly reserves the right to amend its Answer by way of amending responses to the allegations in the Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

**WHEREFORE**, Wal-Mart respectfully requests that the Court:  (i) enter judgment in favor of Wal-Mart dismissing the Complaint with prejudice and denying Plaintiffs any fees,

expenses or costs; (ii) award to Wal-Mart all costs incurred by it in connection with this action; and (iii) grant to Wal-Mart such other and further relief as the Court may deem appropriate in the circumstances.

Dated:  May 12, 2008                                 Respectfully submitted,


                                                     /s/ Barbara Bolton Litten
                                                     John B.T. Murray, Jr.
                                                     Florida Bar Member 962759
                                                     jbmurray@ssd.com
                                                     Barbara Bolton Litten
                                                     Florida Bar No. 0091642
                                                     blitten@ssd.com
                                                     SQUIRE, SANDERS & DEMPSEY, L.L.P.
                                                     1900 Phillips Point West
                                                     777 South Flagler Drive
                                                     West Palm Beach, FL  33401-6198
                                                     Tel.: 561.650.7200
                                                     Fax: 561.655.1509

                                                     *Attorneys for Wal-Mart Stores, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing to be served upon all counsel on the

attached Service List through the Court's Electronic Filing System, or by mailing the same to the

offices of said counsel by United States mail, postage prepaid, on this 12th day of May, 2008.


/s/ Barbara Bolton Litten
Barbara Bolton Litten
Florida Bar No. 91642

**RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/BROWN**

<u>**SERVICE LIST**</u>

Catherine J. MacIvor
E-mail:        cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:        jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., and Target Corporation*

Rolando Andres Diaz
E-Mail:        rd@kubickdraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL  33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL  33131-9101
Telephone:  (305) 530-0050
Facsimile:   (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition,
Inc.*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:        hugh.turner@akerman.com

*Attorneys for Defendant Publix Super Markets,
Inc*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail:  jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition,
Inc.*

CASE NO. 07-21221 CIV ALTONAGA/BROWN

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
E-mail:  jmullen@cozen.com
Julie Negovan
E-mail:  jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2000
Facsimile:  (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

CASE NO. 07-21221 CIV ALTONAGA/BROWN

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, FL  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN &**
**GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,**
**P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendant New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, P.C.
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD**
**LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

Jeffrey S. York
E-mail:  jyork@mcguirewoods.com
Michael M. Giel
E-mail:  mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Telephone:  (904) 798-2680
Facsimile:  (904) 360-6330

*Attorneys for Defendant Natura Pet Products,*
*Inc.*

47
CASE NO. 07-21221 CIV ALTONAGA/BROWN

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet Products,*
*Inc.*