UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/Turnoff

RENEE BLASZKOWSKI,
AMY HOLLUB and
PATRICIA DAVIS,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INC., PROCTOR AND GAMBLE CO.,
COLGATE PALMOLIVE COMPANY,
DEL MONTE FOODS, CO.,
NESTLE U.S.A. INC.,
NUTRO PRODUCTS, INC.,
MENU FOODS, INC.,
MENU FOODS INCOME FUND,
PUBLIX SUPERMARKETS, INC.,
WINN DIXIE STORES, INC.,
PETCO ANIMAL SUPPLIES, INC.
PET SUPERMARKET, INC.,
PETSMART, INC.,
TARGET CORP.,
WAL-MART STORES, INC.,

        Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
PUBLIX SUPER MARKETS, INC. TO FOURTH
AMENDED CLASS ACTION COMPLAINT**

      Defendant Publix Super Markets, Inc., incorrectly named in Plaintiffs' Fourth Amended

Class Action Complaint as Publix Supermarkets, Inc., (hereinafter "Publix"), by and through its

undersigned counsel, hereby submits the following Answer and Affirmative Defenses to

Plaintiffs' Fourth Amended Class Action Complaint (hereinafter the "Complaint") and states as follows:

## INTRODUCTION

1.      Publix admits that Plaintiffs have initiated a purported class action.  Publix denies that any pet food or treats manufactured, produced, marketed, distributed, or sold by them were materially different from what was advertised, failed to provide Plaintiffs with a benefit, or harmed Plaintiffs' pets.   Publix is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 1 of the Complaint and, therefore denies them.

2.      Publix denies the allegations set forth in Paragraph 2 of the Complaint.

## PARTIES

### Plaintiffs/Class Representatives

3.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

4.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

5.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

6.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

7.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

8.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

9.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

10.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

11.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

12.      Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

13.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

14.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

15.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

16.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

17.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

18.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

19.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

20.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

21.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

22.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

23.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

24.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

25.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

26.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

27.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

28.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

29.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

30.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

31.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

32.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## DEFENDANTS

### Defendant Manufacturers

33.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

34.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

35.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

36.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

37.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

38.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

39.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

40.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Defendant Co-Packers**

41.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

42.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

43.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

44.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

45.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

46.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Defendant Retailers**

47.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

48.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

49.     Publix admits that it is a Florida corporation with its principal place of business in Florida, and that Publix has sold pet food.  Publix denies the remaining allegations set forth in Paragraph 49 of the Complaint.

50.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

51.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

52.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Defendant Pet Specialty Retailers**

53.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

54.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

55.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

56.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**JURISDICTION AND VENUE**

57.     Publix denies the allegations set forth in Paragraph 57 of the Complaint.

58.     Publix admits the allegations set forth in Paragraph 58 of the Complaint as they relate to Publix.

59.     Publix states that Florida Statute § 48.193 speaks for itself.  By way of further response, to the extent that the allegations set forth in Paragraph 59 of the Complaint are addressed to Publix, those allegations are denied.  Furthermore, to the extent that the allegations set forth in Paragraph 59 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.

60.     Publix admits that it has sold pet food in this District, but denies the remaining allegations set forth Paragraph 60 of the Complaint.

**FACTS GIVING RISE TO THE CLAIMS**

61.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

62.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

63.    To the extent that the allegations set forth in Paragraph 63 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 63 of the Complaint are addressed to Publix, those allegations are denied.

64.    To the extent that the allegations set forth in Paragraph 64 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 64 of the Complaint are addressed to Publix, those allegations are denied.

65.    To the extent that the allegations set forth in Paragraph 65 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 65 of the Complaint are addressed to Publix, those allegations are denied.

66.    To the extent that the allegations set forth in Paragraph 66 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 66 of the Complaint are addressed to Publix, those allegations are denied.

67.     To the extent that the allegations set forth in Paragraph 67 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 67 of the Complaint are addressed to Publix, those allegations are denied.

68.     To the extent that the allegations set forth in Paragraph 68 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 68 of the Complaint are addressed to Publix, those allegations are denied.

69.     To the extent that the allegations set forth in Paragraph 69 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 69 of the Complaint are addressed to Publix, those allegations are denied.

70.     To the extent that the allegations set forth in Paragraph 70 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 70 of the Complaint are addressed to Publix, those allegations are denied.

71.     To the extent that the allegations set forth in Paragraph 71 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and

Publix demands strict proof thereof. To the extent that the allegations set forth in Paragraph 71 of the Complaint are addressed to Publix, those allegations are denied.

### Mars' "Good Life Recipe"™

72.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

73.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

### Mars' Pedigree®

74.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

### P&G's Iams™

75.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

76.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Colgate's and Hill's Science Diet®**

77.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

78.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

79.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Del Monte's 9Lives®**

80.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Nestlé's Beneful®**

81.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Nutro's Natural Choice® Complete Care® Indoor Adult Cat**

82.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## Natura Brand Pet Food

83.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## Petco's Marketing of the Defendants' Premium Pet Foods

84.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

85.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## Petsmart's Marketing of the Defendants' Premium Pet Foods

86.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Foods

87.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

## Retailers' Marketing of the Defendants' Pet Food

88.    Publix admits that it is a retail seller of pet products.  Publix denies the remaining allegations set forth in Paragraph 88 of the Complaint.

89.    Publix denies the allegations set forth in Paragraph 89 of the Complaint.

90.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

91.     To the extent that the allegations set forth in Paragraph 91 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 91 of the Complaint are addressed to Publix, those allegations are denied.

92.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

93.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

94.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

95.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

96.     Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

97.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

98.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

99.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

100.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

101.    To the extent that the allegations set forth in Paragraph 101 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 101 of the Complaint are addressed to Publix, those allegations are denied.

102.    To the extent that the allegations set forth in Paragraph 102 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 102 of the Complaint are addressed to Publix, those allegations are denied.

103.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

104.    To the extent that the allegations set forth in Paragraph 104 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 104 of the Complaint are addressed to Publix, those allegations are denied.

105.    To the extent that the allegations set forth in Paragraph 105 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 105 of the Complaint are addressed to Publix, those allegations are denied.

106.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

107.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

108.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

109.     To the extent that the allegations set forth in Paragraph 109 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 109 of the Complaint are addressed to Publix, those allegations are denied.

**Joinder of the Defendants**

110.     To the extent that the allegations set forth in Paragraph 110 of the Complaint are addressed to Defendants other than Publix, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof.  To the extent that the allegations set forth in Paragraph 110 of the Complaint are addressed to Publix, those allegations are denied.

## CLASS ACTION ALLEGATIONS

**Plaintiffs' Class Action**

111.     Publix denies the allegations set forth in Paragraph 111 of the Complaint.

112.     Publix denies the allegations set forth in Paragraph 112 of the Complaint.

**Numerosity**

113.     With respect to the first two sentences of Paragraph 113 of the Complaint, Publix is without knowledge or information sufficient to form a belief as to the truth of those allegations; therefore those allegations are denied, and Publix demands strict proof thereof. Publix denies the remaining allegations set forth in Paragraph 113 of the Complaint.

**Commonality**

114.     Publix denies the allegations set forth in Paragraph 114 of the Complaint.

**Typicality**

115.    Publix denies the allegations set forth in Paragraph 115 of the Complaint.

**Adequacy**

116.    Publix denies the allegations set forth in Paragraph 116 of the Complaint.

**Predominance and Superiority**

117.    Publix denies the allegations set forth in Paragraph 117 of the Complaint.

118.    Publix denies the allegations set forth in Paragraph 118 of the Complaint.

**Defendant Class**

119.    Publix denies the allegations set forth in Paragraph 119 of the Complaint.

**Numerosity**

120.    Publix denies that there are numerous members of any similarly situated class of pet food and treat manufacturers and/or retailers, that any claims against such manufacturers and/or retailers could conceivably be tried as a class action, or that class certification is a superior means of adjudicating the controversy.  Publix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 120 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**Commonality**

121.    Publix denies the allegations set forth in Paragraph 121 of the Complaint.

**Typicality**

122.    Publix denies the allegations set forth in Paragraph 122 of the Complaint.

**Adequacy**

123.    Publix admits that it is represented by competent and diligent counsel, but is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in Paragraph 123 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

### Predominance and Superiority

124.    Publix denies the allegations set forth in Paragraph 124 of the Complaint.

125.    Publix denies the allegations set forth in Paragraph 125 of the Complaint.

### COUNT I

### Fraudulent Misrepresentation and Concealment
### As to All Defendants

126.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

127.    Publix denies the allegations set forth in Paragraph 127 of the Complaint.

128.    Publix denies the allegations set forth in Paragraph 128 of the Complaint.

129.    Publix denies the allegations set forth in Paragraph 129 of the Complaint.

130.    Publix denies the allegations set forth in Paragraph 130 of the Complaint.

131.    Publix denies the allegations set forth in Paragraph 131 of the Complaint.

132.    Publix denies the allegations set forth in Paragraph 132 of the Complaint.

133.    Publix denies the allegations set forth in Paragraph 133 of the Complaint.

134.    Publix denies the allegations set forth in Paragraph 134 of the Complaint.

### COUNT II

### Negligent Misrepresentation
### As to All Defendants

135.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

136.    Publix denies the allegations set forth in Paragraph 136 of the Complaint.

137.    Publix denies the allegations set forth in Paragraph 137 of the Complaint.

138.    Publix denies the allegations set forth in Paragraph 138 of the Complaint.

139.    Publix denies the allegations set forth in Paragraph 139 of the Complaint.

140.    Publix denies the allegations set forth in Paragraph 140 of the Complaint.

141.    Publix denies the allegations set forth in Paragraph 141 of the Complaint.

142.    Publix denies the allegations set forth in Paragraph 142 of the Complaint.

143.    Publix denies the allegations set forth in Paragraph 143 of the Complaint.

### COUNT III

**Violation of the Florida Deceptive and Unfair Trade
Practices Act (FDUTPA), Fla. Stat. § 501.201
As to All Defendants**

144.    Publix hereby adopts and incorporates by reference its responses to the allegations

set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

145.    Publix denies the allegations set forth in Paragraph 145 of the Complaint.

146.    Publix denies the allegations set forth in Paragraph 146 of the Complaint.

147.    Publix denies the allegations set forth in Paragraph 147 of the Complaint.

148.    Publix denies the allegations set forth in Paragraph 148 of the Complaint.

149.    Publix denies the allegations set forth in Paragraph 149 of the Complaint.

150.    Publix denies the allegations set forth in Paragraph 150 of the Complaint.

151.    Publix denies the allegations set forth in Paragraph 151 of the Complaint.

152.    Publix denies the allegations set forth in Paragraph 152 of the Complaint.

153.    Publix denies the allegations set forth in Paragraph 153 of the Complaint.

154.    Publix denies the allegations set forth in Paragraph 154 of the Complaint.

**COUNT IV**

**Negligence**
**As to Defendant Manufacturers and Co-Packers and PetSmart**

155.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

156.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

157.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

158.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

159.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

160.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

161.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

**COUNT V**

**Strict Liability**
**As to All Defendants**

162.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

163.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

164.    Publix denies the allegations set forth in Paragraph 164 of the Complaint.

165.    Publix denies the allegations set forth in Paragraph 165 of the Complaint.

## COUNT VI

**Breach of Implied Warranty**
**as to Retailers and Pet Specialty Retailers**

166.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

167.    Publix denies the allegations set forth in Paragraph 167 of the Complaint.

168.    Publix denies the allegations set forth in Paragraph 168 of the Complaint.

169.    Publix denies the allegations set forth in Paragraph 169 of the Complaint.

170.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

171.    Publix denies the allegations set forth in Paragraph 171 of the Complaint.

172.    Publix denies the allegations set forth in Paragraph 172 of the Complaint.

173.    Publix denies the allegations set forth in Paragraph 173 of the Complaint.

## COUNT VII

**Breach of Express Warranty**
**As to Defendant Retailers and Pet Specialty Retailers**

174.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

175.    Publix denies the allegations set forth in Paragraph 175 of the Complaint.

176.    Publix denies the allegations set forth in Paragraph 176 of the Complaint.

177.    Publix is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Complaint; therefore those allegations are denied, and Publix demands strict proof thereof.

178.    Publix denies the allegations set forth in Paragraph 178 of the Complaint.

179.    Publix denies the allegations set forth in Paragraph 179 of the Complaint.

## COUNT VIII

**Unjust Enrichment**
**As to All Defendants**

180.    Publix hereby adopts and incorporates by reference its responses to the allegations set forth in Paragraphs 1-125 with the same force and effect as though set forth here in full.

181.    Publix denies the allegations set forth in Paragraph 181 of the Complaint.

182.    Publix denies the allegations set forth in Paragraph 182 of the Complaint.

183.    Publix denies the allegations set forth in Paragraph 183 of the Complaint.

184.    Publix denies the allegations set forth in Paragraph 184 of the Complaint.

185.    Publix denies the allegations set forth in Paragraph 185 of the Complaint.

186.    Publix denies the allegations set forth in Paragraph 186 of the Complaint.

187.    Publix denies the allegations set forth in Paragraph 187 of the Complaint.

188.     Paragraph 188 is a demand for relief not requiring a response.  Should a response be deemed required, Publix denies the allegations set forth in Paragraph 188 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs lack standing to assert the claims alleged in the Complaint.

### Second Affirmative Defense

Plaintiffs' claims are barred by the applicable statutes of limitations and/or repose, or are otherwise untimely.

### Third Affirmative Defense

Venue for Plaintiffs' claims is improper in this District.

### Fourth Affirmative Defense

The Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or Plaintiffs' claims have been improperly joined in this action.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because of the *res judicata* and/or collateral estoppel effect(s) of prior judgments.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the claims are not recognized as separate causes of action under applicable law.

{FT485154;1}                                          - 26 -

## Eighth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of laches.

## Ninth Affirmative Defense

Plaintiffs' claims are barred by the doctrine of waiver.

## Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction and/or the doctrine of release.

## Eleventh Affirmative Defense

Plaintiffs fail to allege fraud with the requisite particularity and fail to allege sufficient ultimate facts to support any finding that Publix, its officers, agents, servants, employees, contractors, or others for whom it was responsible, made any fraudulent misrepresentations or omissions or engaged in any conduct with the requisite scienter or state of mind.

## Twelfth Affirmative Defense

Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by federal law.

## Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the products at issue (including any and all labels and/or warnings) complied with federal and/or state law, codes, statutes, rules, regulations, and/or standards.

## Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the conduct at issue (including any and all advertising, marketing, and/or labeling) was required or specifically permitted by federal and/or state law, codes, statutes, rules, regulations, or standards.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred because the products at issue were designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred because the products at issue included adequate information with respect to their contents and proper use.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred because Publix satisfied its duty to warn under the learned intermediary doctrine.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred because no false or misleading representations were made by Publix to Plaintiffs or to the public at large with respect to the products it sells.

### Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, product liability, and/or strict liability statutes of the several states.

### Twentieth Affirmative Defense

Plaintiffs' consumer protection and/or deceptive practices claims are barred because the state statutes upon which Plaintiffs' claims are based are unconstitutional as applied in this action.

### Twenty-First Affirmative Defense

Plaintiffs' claims are barred by the Publix's First Amendment rights to commercial speech.

### Twenty-Second Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and thus, under the doctrine of contributory negligence, are not recoverable.

### Twenty-Third Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' own negligence or fault and/or by the negligence or fault of persons or entities other than Publix. Thus, under the doctrine of comparative fault, Plaintiffs' recovery against Publix must be diminished by that percentage of negligence or fault attributable to Plaintiffs and/or persons or entities other than Publix.

### Twenty-Fourth Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, these damages were caused, in whole or in part, by Plaintiffs' misuse of the products at issue.

### Twenty-Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

### Twenty-Sixth Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs have failed to mitigate their damages and any recovery is to be diminished by the degree of said failure to mitigate.

### Twenty-Seventh Affirmative Defense

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs' recovery is limited by the statutory caps on non-economic damages that exist under applicable law.

### Twenty-Eighth Affirmative Defense

To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate Publix's constitutional rights under the United States Constitution and/or the constitutions of the 50 states.

### Twenty-Ninth Affirmative Defense

Publix adopts and incorporates by reference any affirmative defenses asserted by any other Defendant to this action to the extent such affirmative defenses apply to Publix.

WHEREFORE, Publix respectfully requests judgment against Plaintiffs in this action, including an award of reasonable attorneys' fees and costs under Florida Statutes Section 501.2105 and under comparable state statutes, as well as such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of May, 2008.

> /s/Hugh J. Turner Jr.
> **AKERMAN SENTERFITT**
> 350 East Las Olas Boulevard
> Fort Lauderdale, FL  33301-2229
> Telephone:  (954) 463-2700

Facsimile: (954) 463-2224
Hugh J. Turner Jr.
Florida Bar No.: 203033
Email: hugh.turner@akerman.com
Alan P. Fry
Florida Bar No. 19562
Email: alan.fry@akerman.com
*Attorneys for Defendant,*
*Publix Super Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the parties on the following:

Catherine J. MacIvor
E-mail: cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail: jformean@mflegal.com
Jeffrey Bradford Maltzman
E-mail: jmaltzman@mflegal.com
Darren W. Friedman
E-mail: dfriedman@mflegal.com
Bjorg Eikeland
E-mail: beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail: jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-mail: rd@kubickidraper.com
Maria Kayanan
E-mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
*Attorneys for Defendant Pet Supermarket,Inc.*

Amy W. Schulman
E-mail: amy.schulman@dlapiper.com
Alexander Shaknes
E-mail: Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Lonnie L. Simpson
E-mail: Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suie 2000
Tampa, FL 33602-5149
Telephone: (813) 229-2111
Facsimile: (813) 229-1447
*Attorney for Defendants Menu Foods Inc.*
*and Menu Foods Income Fund*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARTLON FIELDS, P.A.**
100 SE Second Street, Suite 4000
Bank of America Tower at International
Place
Miami, FL 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
*Attorneys for Defendant Hill's Pet*
*Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
*Attorneys for Defendant Hill's Pet*
*Nutrition, Inc.*

Omar Ortega
E-mail: oortega@dortaandortega.com
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
*Attorneys for Defendant Mars,*
*Incorporated, Mars Petcare U.S., Inc., and*
*Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
*Attorneys for Defendants Mars,*
*Incorporated, Mars Petcare U.S., and Nutro*
*Products, Inc.*

Kara L. McCall
E-mail: kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
*Attorneys for Defendant Hll's Pet*
*Nutrition,Inc.*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
*Attorneys for Defendant Del Monte Foods*

Sherril M. Colombo
E-mail: scolombo@cozen.com
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
*Attorneys for Defendant Del Monte Foods Co.*

Robert C. Troyer
E-mail: rctroyer@hhlaw.com
**HOGAN & HARTSON, LLP**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
*Attorneys for Defendant Nestlé Purina Petcare Co.*

Alan G. Greer
E-mail: agreer@richmangreer.com
**RICHMAN GREER, P.A.**
Miami Center - Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
*Attorneys for Defendant The Iams Co.*

Carol A. Licko
E-mail: calicko@hhlaw.com
**HOGAN & HARTSON, LLP**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
*Attorneys for Defendant Nestlé Purina Petcare Co.*

John F. Mullen
E-mail: jmullen@cozen.com
Julie Negovan
E-mail: jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013
*Attorneys for Defendant Del Monte Foods Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON, LLP**
555 13th Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
*Attorneys for Defendant Nestlé Purina Petcare Co.*

Robin L. Hanger
E-mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
200 S. Biscayne Boulevard
40th Floor
Miami, FL 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

James K. Reuss
E-mail: Jreuss@lanealton.com
**LANE ALTON & HORST, LLP**
Two Miranova Place
Suite 500
Columbus, OH 42315
Telephone: (614) 233-4719
*Attorneys for Defendant The Kroger Co.*
*of Ohio*

Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
*Attorneys for Defendants Pet Supplies*
*"Plus" and Pet Supplies Plus/USA, Inc*

W. Randolph Teslik, PC
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER &**
**FELD LLP**
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
*Attorneys for Defendants New Albertson's*
*Inc. and Albertson's LLP*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: Isanom@ficlaw.com
**FAKURI IRELAND & COX PLL**
500 Courthouse Plaza S.W.
10 North Ludlow Street
Dayton, Ohio 45402
*Attorneys for Defendant The Iams Co.*

C. Richard Fulmer, Jr.
E-mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LeROY, ALBEE, BAUMANN**
**& GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
*Attorneys for Defendant The Kroger Co.*
*of Ohio*

Kristen E. Caverly
E-mail: kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, CA 92067-9144
*Attorneys for Defendant Natura Pet*
*Products, Inc.*

Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330
*Attorneys for Defendant Natura Pet
Products, Inc*

Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@aballi.com
**ABALLI, MILNE, KALIL &
ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
*Attorneys for Defendant New Albertson's
Inc. and Albertson's LLP*

/s/ Hugh J. Turner Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Fort Lauderdale, FL  33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224