# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division
### CASE NO. 07-21221-CIV-ALTONAGA/TURNOFF

**RENEE BLASZKOWSKI, et al.**

                    Plaintiffs,

v.

**MARS INC.,  et al.**

                    Defendants.

## ANSWER OF DEFENDANTS MENU FOODS, INC. AND MENU FOODS INCOME FUND TO FOURTH AMENDED CLASS ACTION COMPLAINT

Defendants Menu Foods, Inc. and Menu Foods Income Fund (the "Menu Defendants"), by their attorneys, DLA Piper US LLP, state for their answer to the Fourth Amended Class Action Complaint ("Fourth Amended Complaint") as follows:

## INTRODUCTION

1.      The Menu Defendants admit generally that Plaintiffs have filed a purported class action.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Fourth Amended Complaint and therefore deny same.

2.      The Menu Defendants admit generally that Plaintiffs seek injunctive relief, restitution and damages.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 2 of the Fourth Amended Complaint and therefore deny same.

## PARTIES

3.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 3 of the Fourth Amended Complaint and therefore deny same.

Dockets.Justia.com

4.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 4 of the Fourth Amended Complaint and therefore deny same.

5.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 5 of the Fourth Amended Complaint and therefore deny same.

6.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 6 of the Fourth Amended Complaint and therefore deny same.

7.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 7 of the Fourth Amended Complaint and therefore deny same.

8.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 8 of the Fourth Amended Complaint and therefore deny same.

9.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 9 of the Fourth Amended Complaint and therefore deny same.

10.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 10 of the Fourth Amended Complaint and therefore deny same.

11.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 11 of the Fourth Amended Complaint and therefore deny same.

12.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Fourth Amended Complaint and therefore deny same.

13.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 13 of the Fourth Amended Complaint and therefore deny same.

14.      The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 14 of the Fourth Amended Complaint and therefore deny same.

15.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 15 of the Fourth Amended Complaint and therefore deny same.

16.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 16 of the Fourth Amended Complaint and therefore deny same.

17.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 17 of the Fourth Amended Complaint and therefore deny same.

18.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 18 of the Fourth Amended Complaint and therefore deny same.

19.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 19 of the Fourth Amended Complaint and therefore deny same.

20.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 20 of the Fourth Amended Complaint and therefore deny same.

21.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 21 of the Fourth Amended Complaint and therefore deny same.

22.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 22 of the Fourth Amended Complaint and therefore deny same.

23.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 23 of the Fourth Amended Complaint and therefore deny same.

24.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 24 of the Fourth Amended Complaint and therefore deny same.

25.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 25 of the Fourth Amended Complaint and therefore deny same.

26.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 26 of the Fourth Amended Complaint and therefore deny same.

27.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 27 of the Fourth Amended Complaint and therefore deny same.

28.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 28 of the Fourth Amended Complaint and therefore deny same.

29.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 29 of the Fourth Amended Complaint and therefore deny same.

30.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 30 of the Fourth Amended Complaint and therefore deny same.

31.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 31 of the Fourth Amended Complaint and therefore deny same.

32.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 32 of the Fourth Amended Complaint and therefore deny same.

**DEFENDANTS**

33.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 33 of the Fourth Amended Complaint and therefore deny same.

34.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 34 of the Fourth Amended Complaint and therefore deny same.

35.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 35 of the Fourth Amended Complaint and therefore deny same.

36.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 36 of the Fourth Amended Complaint and therefore deny same.

37.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 37 of the Fourth Amended Complaint and therefore deny same.

38.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 38 of the Fourth Amended Complaint and therefore deny same.

39.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 39 of the Fourth Amended Complaint and therefore deny same.

40.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 40 of the Fourth Amended Complaint and therefore deny same.

41.    The Menu Defendants admit the allegations in Paragraph 41 of the Fourth Amended Complaint.

42.    In response to Paragraph 42 of the Fourth Amended Complaint, the Menu Defendants admit that Menu Foods Income Fund is an unincorporated, open-ended trust with its principal place of business in the Province of Ontario, Canada.  The Menu Defendants admit generally that Menu Foods Income Fund has an indirect ownership interest in Menu Foods, Inc. The Menu Defendants deny that Menu Foods, Inc. and Menu Foods Income Fund share at least one managerial officer or agent.  The Menu Defendants deny the remaining allegations in Paragraph 42 of the Fourth Amended Complaint.

43.    In response to Paragraph 43 of the Fourth Amended Complaint, the Menu Defendants admit only that they manufacture, produce, and offer for sale certain dog and cat food under various brands and/or for third party firms.  The Menu Defendants specifically deny that they manufacture, produce, or offer for sale dog and cat treats.  The Menu Defendants deny the remaining allegations in Paragraph 43 of the Fourth Amended Complaint.

44.    In response to Paragraph 44 of the Fourth Amended Complaint, the Menu Defendants admit only that they manufacture wet pet food for many North American retailers, including Wal-Mart Stores, Inc.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 44 of the Fourth Amended Complaint and therefore deny same.

45.    In response to Paragraph 45 of the Fourth Amended Complaint, the Menu Defendants admit only that they have manufactured Iams and Eukanuba brand pet food for Procter & Gamble.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 45 of the Fourth Amended Complaint and therefore deny same.

46.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 46 of the Fourth Amended Complaint and therefore deny same.

47.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 47 of the Fourth Amended Complaint and therefore deny same.

48.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 48 of the Fourth Amended Complaint and therefore deny same.

49.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 49 of the Fourth Amended Complaint and therefore deny same.

50.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 50 of the Fourth Amended Complaint and therefore deny same.

51.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 51 of the Fourth Amended Complaint and therefore deny same.

52.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 52 of the Fourth Amended Complaint and therefore deny same.

53.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 53 of the Fourth Amended Complaint and therefore deny same.

54.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 54 of the Fourth Amended Complaint and therefore deny same.

55.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 55 of the Fourth Amended Complaint and therefore deny same.

56.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 56 of the Fourth Amended Complaint and therefore deny same.

## JURISDICTION AND VENUE

57.     Paragraph 57 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 57.

58.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 58 of the Fourth Amended Complaint and therefore deny same.

59.     Paragraph 59 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 59.

60.     Paragraph 60 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 60.

## FACTS GIVING RISE TO THE CLAIMS

61.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 61 of the Fourth Amended Complaint and therefore deny same.

62.     To the extent the allegations in Paragraph 62 are directed only to the entities defined in the Fourth Amended Complaint as Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 62 and therefore deny same. To the extent any of the allegations in Paragraph 62 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny the allegations in Paragraph 62.

63.     To the extent the allegations in Paragraph 63 are directed only to the entities defined in the Fourth Amended Complaint as Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 63 and therefore deny same. To the extent any of the allegations in Paragraph 63 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants admit only that they maintain relationships with certain retailers to sell the pet food that they manufacture.   The Menu Defendants have insufficient knowledge to admit or deny the allegations regarding the marketing, advertising, and sales practices of Defendant Retailers and Defendant Pet Specialty Retailers and therefore deny same.   The Menu Defendants deny the remaining allegations in Paragraph 63 of the Fourth Amended Complaint.

The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 64 of the Fourth Amended Complaint regarding Plaintiffs' beliefs as to the pet food they purchase and therefore deny same. To the extent the remaining allegations in Paragraph 64 are directed only to Retailers, Pet Specialty Retailers and Petsmart, the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 64 and therefore deny same. To the extent any of the remaining allegations in Paragraph 64 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny such allegations.

64.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 65 of the Fourth Amended Complaint and therefore deny same.

65.    The Menu Defendants have insufficient knowledge to admit or deny the allegations regarding the marketing practices of Defendant Retailers and Defendant Pet Specialty Retailers and therefore deny same. To the extent the remaining allegations in Paragraph 66 are directed only to the entities defined in the Fourth Amended Complaint as Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 66 and therefore deny same. To the extent any of the remaining allegations in Paragraph 66 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny such allegations.

66.    To the extent the allegations in Paragraph 67 are directed only to the entities defined in the Fourth Amended Complaint as Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé

Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 67 and therefore deny same. To the extent any of the allegations in Paragraph 67 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny the allegations in Paragraph 67.

67.     The Menu Defendants have insufficient knowledge to admit or deny the allegations regarding the marketing practices of Defendant Retailers and Defendant Pet Specialty Retailers and therefore deny same. The Menu Defendants also have insufficient knowledge to admit or deny the allegations regarding Plaintiffs' knowledge of pet food contents and therefore deny same. To the extent the allegations in Paragraph 68 are directed only to the entities defined in the Fourth Amended Complaint as Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 68 and therefore deny same. To the extent any of the allegations in Paragraph 68 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny the allegations in Paragraph 68.

68.     The Menu Defendants have insufficient knowledge to admit or deny the allegations regarding the marketing practices of Defendant Retailers and Defendant Pet Specialty Retailers and therefore deny same. The Menu Defendants also have insufficient knowledge to admit or deny the allegations regarding Plaintiffs' beliefs as to the contents and benefits of the pet food that they purchase and therefore deny same. To the extent the remaining allegations in Paragraph 69 are directed only to the entities defined in the Fourth Amended Complaint as

Defendant Manufacturers – Mars, Inc., Mars Petcare U.S., Inc., The Iams Company, Hill's Pet Nutrition, Inc., Del Monte Foods Co., Nestlé Purina Petcare Co., Nutro Products, Inc., and Natura Pet Products, Inc. – the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 69 and therefore deny same.  To the extent any of the remaining allegations in Paragraph 69 of the Fourth Amended Complaint are directed to the Menu Defendants because they manufacture pet food, the Menu Defendants deny the allegations in Paragraph 69.

69.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 70 of the Fourth Amended Complaint and therefore deny same.

70.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 71 of the Fourth Amended Complaint regarding the representations made on bags, pouches, and cans of pet food, and therefore deny same.  The Menu Defendants deny the remaining allegations in Paragraph 71.

71.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 72 of the Fourth Amended Complaint and therefore deny same.

72.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 73 of the Fourth Amended Complaint and therefore deny same.

73.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 74 of the Fourth Amended Complaint and therefore deny same.

74.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 75 of the Fourth Amended Complaint and therefore deny same.

75.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 76 of the Fourth Amended Complaint and therefore deny same.

76.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 77 of the Fourth Amended Complaint and therefore deny same.

77.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 78 of the Fourth Amended Complaint and therefore deny same.

78.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 79 of the Fourth Amended Complaint and therefore deny same.

79.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 80 of the Fourth Amended Complaint and therefore deny same.

80.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 81 of the Fourth Amended Complaint and therefore deny same.

81.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 82 of the Fourth Amended Complaint and therefore deny same.

82.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 83 of the Fourth Amended Complaint and therefore deny same.

83.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 84 of the Fourth Amended Complaint and therefore deny same.

84.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 85 of the Fourth Amended Complaint and therefore deny same.

85.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 86 of the Fourth Amended Complaint and therefore deny same.

86.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 87 of the Fourth Amended Complaint and therefore deny same.

87.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 88 of the Fourth Amended Complaint and therefore deny same.

88.     The Menu Defendants admit only that they manufacture pet food under various brands and/or for third party firms.  The Menu Defendants deny the remaining allegations in Paragraph 89 of the Fourth Amended Complaint.

89.     The Menu Defendants admit only that they manufacture pet food under various brands and/or for third party firms. The Menu Defendants deny the remaining allegations  in Paragraph 90 of the Fourth Amended Complaint.

90.     The Menu Defendants deny the allegations contained in Paragraph 91 of the Fourth Amended Complaint.

91.     The Menu Defendants deny the allegations in Paragraph 92 of the Fourth Amended Complaint.

92.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 93 of the Fourth Amended Complaint and therefore deny same.

93.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 94 of the Fourth Amended Complaint and therefore deny same.

94.     The Menu Defendants deny the allegations in Paragraph 95 of the Fourth Amended Complaint.

95.     Paragraph 96 of the Fourth Amended Complaint refers to 1998 study samples and a 2002 FDA Report, which speak for themselves, and, therefore, the Menu Defendants deny the allegations in Paragraph 96 that are inconsistent therewith.  To the extent a further response is required, the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 96 of the Fourth Amended Complaint and therefore deny same.

96.     Paragraph 97 of the Fourth Amended Complaint refers to a 2002 FDA Report and a published scientific journal, which speak for themselves, and, therefore, the Menu Defendants deny the allegations in Paragraph 97 that are inconsistent therewith.  To the extent a further response is required, the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 97 of the Fourth Amended Complaint and therefore deny same.

97.     Paragraph 98 of the Fourth Amended Complaint refers to a St. Louis television report and a news story reported in Baltimore regarding euthanized dogs and cats, which speak for themselves, and, therefore, the Menu Defendants deny the allegations in Paragraph 98 that are inconsistent therewith.  To the extent a further response is required, the Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 98 of the Fourth Amended Complaint and therefore deny same.

98.     The Menu Defendants deny the allegations in Paragraph 99 of the Fourth Amended Complaint.

99.     The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 100 of the Fourth Amended Complaint and therefore deny same.

100.     The Menu Defendants deny the allegations in Paragraph 101 of the Fourth Amended Complaint.

101.     The Menu Defendants deny the allegations in Paragraph 102 of the Fourth Amended Complaint.

102.     The Menu Defendants admit only that they announced a voluntary recall on March 16, 2007.  That announcement speaks for itself and, therefore, the Menu Defendants deny all allegations in Paragraph 103 of the Fourth Amended Complaint that are inconsistent therewith.  The Menu Defendants have insufficient knowledge to admit or deny the allegations in

Paragraph 103 of the Fourth Amended Complaint regarding recalls and testing initiated by other pet food manufacturers and therefore deny same. The Menu Defendants deny the remaining allegations in Paragraph 103 of the Fourth Amended Complaint.

103. The Menu Defendants deny the allegations in Paragraph 104 of the Fourth Amended Complaint.

104. The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 105 of the Fourth Amended Complaint and therefore deny same.

105. The Menu Defendants deny the allegations in Paragraph 106 of the Fourth Amended Complaint.

106. The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 107 of the Fourth Amended Complaint and therefore deny same.

107. The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 108 of the Fourth Amended Complaint and therefore deny same.

108. The Menu Defendants deny the allegations contained in Paragraph 109 of the Fourth Amended Complaint.

109. The allegations in Paragraph 110 of the Fourth Amended Complaint state legal conclusions to which no response is required under Fed. R. Civ. P. 8(b). To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 110.

## CLASS ACTION ALLEGATIONS

110. The allegations in Paragraph 111 of the Fourth Amended Complaint state legal conclusions to which no response is required under Fed. R. Civ. P. 8(b). To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 111.

111.    The Menu Defendants admit only that Plaintiffs seek injunctive relief, but deny Plaintiffs are entitled to such relief.    The Menu Defendants further deny the remaining allegations contained in Paragraph 112 of the Fourth Amended Complaint.

112.    Paragraph 113 of the Fourth Amended Complaint refers to a 2007-2008 American Pet Products Manufacturers Association survey, which speaks for itself, and, therefore, the Menu Defendants deny the allegations in Paragraph 113 that are inconsistent therewith.    The remaining allegations in Paragraph 113 of the Fourth Amended Complaint state legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).    To the extent a response is required, the Menu Defendants deny the remaining allegations contained in Paragraph 113 of the Fourth Amended Complaint.

113.    Paragraph 114 of the Fourth Amended Complaint states a legal conclusion to which no response is required under Fed. R. Civ. P. 8(b).    To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 114, including all subparagraphs, of the Fourth Amended Complaint.

114.    Paragraph 115 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).    To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 115 of the Fourth Amended Complaint.

115.    Paragraph 116 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).    To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 116 of the Fourth Amended Complaint.

116.    Paragraph 117 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).    To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 117 of the Fourth Amended Complaint.

117.    The Menu Defendants admit only that the allegations in Paragraph 118, including all subparagraphs, of the Fourth Amended Complaint purport to describe the relief sought by Plaintiffs, but deny that Plaintiffs are entitled to any such relief.

118.    The Menu Defendants admit only that the Representative Plaintiffs purport to seek to certify a Defendant Class in this action, including certain subclasses, but deny that the Representative Plaintiffs' subclasses and their proposed Defendant Class definition should be certified in this action.

119.    The allegations in Paragraph 120 of the Fourth Amended Complaint state legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the remaining allegations in Paragraph 120.

120.    Paragraph 121 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 121, including all subparagraphs, of the Fourth Amended Complaint.

121.    Paragraph 122 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 122 of the Fourth Amended Complaint.

122.    Paragraph 123 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 123 of the Fourth Amended Complaint.

123.    Paragraph 124 of the Fourth Amended Complaint states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 124 of the Fourth Amended Complaint.

124.    The Menu Defendants admit generally that the allegations in Paragraph 118, including all subparagraphs, of the Fourth Amended Complaint purport to describe the relief sought by Plaintiffs, but deny that Plaintiffs are entitled to any such relief.

## COUNT I

125.    The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-125 of the Fourth Amended Complaint as and for their answer to Paragraph 126, as if fully set forth herein.

126.    The Menu Defendants admit only that they manufacture certain wet pet food products.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 127 of the Fourth Amended Complaint and therefore deny same.

127.    The Menu Defendants have insufficient knowledge to admit or deny the allegations contained in Paragraph 128 of the Fourth Amended Complaint and therefore deny same.

128.    The Menu Defendants deny the allegations in Paragraph 129, including all subparagraphs, of the Fourth Amended Complaint.

129.    The Menu Defendants deny the allegations in Paragraph 130 of the Fourth Amended Complaint.

130.    The Menu Defendants deny the allegations in Paragraph 131 of the Fourth Amended Complaint.

131.    The Menu Defendants deny the allegations in Paragraph 132 of the Fourth Amended Complaint .

132.    The Menu Defendants deny the allegations in Paragraph 133 of the Fourth Amended Complaint.

133.    The Menu Defendants deny the allegations in Paragraph 134, including all subparagraphs, of the Fourth Amended Complaint.

## COUNT II

134.    The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-134 of the Fourth Amended Complaint as and for their answer to Paragraph 135, as if fully set forth herein.

135.    The Menu Defendants admit only that they manufacture certain wet pet food products.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 136 of the Fourth Amended Complaint and therefore deny same.

136.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 137 of the Fourth Amended Complaint and therefore deny same.

137.    The Menu Defendants deny the allegations in Paragraph 138 of the Fourth Amended Complaint.

138.    The Menu Defendants deny the allegations in Paragraph 139 of the Fourth Amended Complaint.

139.    The Menu Defendants deny the allegations in Paragraph 140 of the Fourth Amended Complaint.

140.    The Menu Defendants deny the allegations in Paragraph 141 of the Fourth Amended Complaint.

141.    The Menu Defendants deny the allegations in Paragraph 142 of the Fourth Amended Complaint.

142.    The Menu Defendants deny the allegations in Paragraph 143, including all subparagraphs, of the Fourth Amended Complaint.

## COUNT III

143.    The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-143 of the Fourth Amended Complaint as and for their answer to Paragraph 144, as if fully set forth herein.

144.    The Menu Defendants admit only that they manufacture certain wet pet food products.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 145 of the Fourth Amended Complaint and therefore deny same.

145.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 146 of the Fourth Amended Complaint and therefore deny same.

146.    Paragraph 147 states a legal conclusion to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 147 of the Fourth Amended Complaint.

147.    Paragraph 148 states a legal conclusion to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 148 of the Fourth Amended Complaint.

148.    Paragraph 149 states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 149 of the Fourth Amended Complaint.

149.    Paragraph 150 states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 150 of the Fourth Amended Complaint.

150.    Paragraph 151 states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 151 of the Fourth Amended Complaint.

151.    Paragraph 152 states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 152 of the Fourth Amended Complaint.

152.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 153 of the Fourth Amended Complaint and therefore deny same.

153.    The Menu Defendants deny the allegations in Paragraph 154, including all subparagraphs, of the Fourth Amended Complaint.

## COUNT IV

154.    The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-154 of the Fourth Amended Complaint as and for their answer to Paragraph 155, as if fully set forth herein.

155.    The Menu Defendants admit only that they manufacture and offer for sale certain wet pet food products.  The Menu Defendants have insufficient knowledge to admit or deny theremaining allegations in Paragraph 156 of the Fourth Amended Complaint and therefore deny same.

156.    Paragraph 157 states legal conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 157 of the Fourth Amended Complaint.

157.    The Menu Defendants deny the allegations in Paragraph 158 of the Fourth Amended Complaint.

158.    The Menu Defendants deny the allegations in Paragraph 159 of the Fourth Amended Complaint.

159.    Paragraph 160 states a legal conclusion to which no response is required under Fed. R. Civ. P. 8(b).  To the extent a response is required, the Menu Defendants deny the allegations in Paragraph 160 of the Fourth Amended Complaint.

160.    The Menu Defendants deny the allegations in Paragraph 161, including all subparagraphs, of the Fourth Amended Complaint.

## COUNT V

161.    The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-161 of the Fourth Amended Complaint as and for their answer to Paragraph 162, as if fully set forth herein.

162.    The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 163 of the Fourth Amended Complaint and therefore deny same.

163.    The Menu Defendants deny the allegations in Paragraph 164 of the Fourth Amended Complaint.

164.    The Menu Defendants deny the allegations in Paragraph 165, including all subparagraphs, of the Fourth Amended Complaint.

## COUNT VI

166-173.  Plaintiffs' Sixth Cause of Action is not directed against the Menu Defendants. No answers to allegations in Paragraphs 166-173 of the Fourth Amended Complaint are therefore provided.  To the extent any allegation in Paragraphs 166-193 is directed against the Menu Defendants, the Menu Defendants deny it.

## COUNT VII

174-179.   Plaintiffs' Seventh Cause of Action is not directed against the Menu Defendants.  No answers to allegations in Paragraphs 174-179 of the Fourth Amended Complaint are therefore provided. To the extent any allegation in Paragraphs 174-179 is directed against the Menu Defendants, the Menu Defendants deny it.

## COUNT VIII

180.   The Menu Defendants re-plead and incorporate by reference their answers to Paragraphs 1-179 of the Fourth Amended Complaint as and for their answer to Paragraph 180, as if fully set forth herein.

181.   The Menu Defendants deny the allegations in Paragraph 181 of the Fourth Amended Complaint.

182.   The Menu Defendants generally admit that they manufacture certain wet pet food products.  The Menu Defendants have insufficient knowledge to admit or deny the remaining allegations in Paragraph 182 of the Fourth Amended Complaint and therefore deny same.

183.   The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 183 of the Fourth Amended Complaint and therefore deny same.

184.   The Menu Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 184 of the Fourth Amended Complaint regarding the reasons why Plaintiffs' purchased pet food for their pets and therefore deny same.  The Menu Defendants deny the remaining allegations in Paragraph 184 of the Fourth Amended Complaint.

185.   The Menu Defendants deny the allegations in Paragraph 185 of the Fourth Amended Complaint.

186.    The Menu Defendants deny the allegations in Paragraph 186 of the Fourth Amended Complaint.

187.    The Menu Defendants deny the allegations in Paragraph 187 of the Fourth Amended Complaint.

188.    The Menu Defendants deny the allegations in Paragraph 188 of the Fourth Amended Complaint.

<u>**AFFIRMATIVE DEFENSES**</u>

The Menu Defendants assert the following affirmative and other defenses:

*First Affirmative Defense*

Plaintiffs fail to state a legal claim upon which relief may be granted as against Menu Defendants.

*Second  Affirmative Defense*

Plaintiffs lack legal standing to assert any claim against the Menu Defendants.

*Third Affirmative Defense*

Plaintiffs' claims as against Menu Defendants are barred by applicable statutes of limitation or repose.

*Fourth Affirmative Defense*

Plaintiffs' claims against Menu Defendants are barred, in whole or part, because Plaintiffs and their claims have been improperly joined.

*Fifth Affirmative Defense*

Plaintiffs' claims are barred, in whole or part, because of *res judicata* and collateral estoppel effect(s) of prior judgments.

*Sixth Affirmative Defense*

Plaintiffs' claims against Menu Defendants are barred, in whole or in part, because those claims are not recognized as separate causes of action under applicable state law.

*Seventh Affirmative Defense*

Plaintiffs' claims against Menu Defendants are barred by the economic loss rule.

*Eighth Affirmative Defense*

Menu Defendants did not adopt, republish or otherwise communicate any statement or representation that may have been made by any other entity concerning its products.

*Ninth Affirmative Defense*

Menu Defendants did not conceal, cooperate in concealing or otherwise fail to disclose any information known to or held by any other entity concerning its products.

*Tenth  Affirmative Defense*

Menu Defendants did not participate in and had no control over the content of any advertising, marketing, Internet website, or other data that may have been published by any other entity concerning its products.

*Eleventh Affirmative Defense*

All injuries and damages that Plaintiffs claim to have sustained were not caused by any product that Menu Defendants manufactured or packaged.  Any such injuries or claims, if they actually occurred, are the product of intervening and superseding acts of entities other than Menu Defendants.

*Twelfth  Affirmative Defense*

All injuries and damages that Plaintiffs claim to have sustained were not caused by any product that Menu Defendants manufactured or packaged.  Rather, those injuries and damages

were sustained, if at all, as consequence of Plaintiffs' pets' physical condition, age, pre-existing physical condition and/or sub-standard veterinary care.

### Thirteenth Affirmative Defense

Plaintiffs' claims against Menu Defendants are barred by the doctrine of laches.

### Fourteenth  Affirmative Defense

Plaintiffs' claims against Menu Defendants are barred by the doctrines of waiver and estoppel.

### Fifteenth Affirmative Defense

Plaintiffs' claims against Menu Defendants are barred, in whole or in part, by the doctrine of accord and satisfaction and the doctrine of release.

### Sixteenth Affirmative Defense

Plaintiffs' claims against Menu Defendants are preempted in accordance with the Supremacy Clause of the United States Constitution and by applicable federal law.

### Seventeenth  Affirmative Defense

Plaintiffs' claims are barred because the Menu Defendants' products at issue in this litigation were designed, tested, manufactured, and labeled in accordance with or exceeding industry standard.

### Eighteenth Affirmative Defense

Plaintiffs' claims are barred because the Menu Defendants' products at issue included adequate information with respect to their contents and proper use.

### Ninteenth Affirmative Defense

Plaintiffs' claims are barred because Menu Defendants provided all appropriate information and warnings to any intermediary or ultimate purchaser of all Menu Defendants

products.

<em>Twentieth Affirmative Defense</em>

Menu Defendants made no false or misleading statements to Plaintiffs or any member of the public concerning any Menu Defendants' product at issue in this litigation that Menu Foods manufactured or packaged.

<em>Twenty-First Affirmative Defense</em>

Menu Defendants sold no Menu Foods product to Plaintiffs. As such, Menu Defendants were not in privity with Plaintiffs, made no express or implied statement to Plaintiffs, and assumed no duty to Plaintiffs.

<em>Twenty-Second  Affirmative Defense</em>

Plaintiffs' claim for breach of implied warranty is barred because Menu Defendants were not made aware of any particular use of any Menu Defendants' product intended by Plaintiff.

<em>Twenty-Third Affirmative Defense</em>

Plaintiffs failed to timely notify Menu Defendants of any purported breach of warranty.

<em>Twenty-Fourth Affirmative Defense</em>

No act or omission that Plaintiffs may attempt to attribute to Menu Defendants were the actual and proximate cause of any injury of which Plaintiffs complain.

<em>Twenty-Fifth Affirmative Defense</em>

Plaintiffs failed to use due care in the purported use of the specific Menu Defendants' products that may have been consumed by their pets, including misusing and adulterating the product, or in providing care for their pets, such that Plaintiffs' comparative negligence contributed to or solely caused the injuries and damages of which they complain.

*Twenty-Sixth Affirmative Defense*

Plaintiffs' harm, if any, was caused, in whole or in part, by Plaintiffs' own negligence or fault or by the negligence or fault of entities other than Menu Defendants.  Accordingly, all such damages must be reduced by the amount of negligence or fault attributable to Plaintiffs or to entities other than Menu Defendants.

*Twenty-Seventh Affirmative Defense*

Plaintiffs suffered no physical contact or "impact" that would support any claim for mental pain and anguish or other non-economic damages.

*Twenty-Eighth Affirmative Defense*

Plaintiffs have manifested no mental distress through a demonstrable physical injury as Plaintiffs did not see, hear or arrive on the scene as a traumatizing event occurred, so they may not recover damages for mental pain and anguish.

*Twenty-Ninth Affirmative Defense*

Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, product liability, and/or strict liability statutes of the several states.

*Thirtieth Affirmative Defense*

Plaintiffs' claims are barred, in whole or in part, because the Menu Defendants' products at issue in this litigation, and their packaging, complied with and were specifically permitted by applicable federal and state law, regulations, or standards.

*Thirty-First Affirmative Defense*

Plaintiffs' consumer protection and/or deceptive practices claims are barred because the state statutes upon which Plaintiffs' claims are based are unconstitutional as applied in this

action.

### Thirty-Second Affirmative Defense

Menu Defendants did not violate any rules adopted under any state consumer protection statute, the Federal Trade Commission Act, 15 U.S.C. ss. 41 *et seq*., the standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts. Further, Menu Defendants did not violate any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

### Thirty-Third Affirmative Defense

Menu Defendants did not engage in any unfair methods of competition, unconscionable acts or practices, or unfair or deceptive acts or practices in the conduct of any trade or commerce.

### Thirty-Fourth Affirmative Defense

No Plaintiff has suffered any loss as a result of any violation of any consumer protection statute based upon any action or representation attributed to Menu Defendants in Plaintiffs' complaint.

### Thirty-Fifth Affirmative Defense

To the extent that Plaintiffs attribute claims made by product manufacturers to Menu Defendants, Menu Defendants engaged in the dissemination of those claims, if at all, without actual knowledge that doing so may violate any consumer protection statute.

### Thirty-Sixth Affirmative Defense

Menu Defendants' actions were specifically permitted by federal or state law.

### Thirty-Seventh Affirmative Defense

Menu Defendants' actions were regulated under laws administered by federal and state regulatory agencies.

### Thirty-Eighth Affirmative Defense

Plaintiffs' claims are without legal or factual merit, or were brought for the purpose of harassment. As such, Plaintiffs are obligated to indemnify Menu Defendants for their damages incurred, including reasonable attorneys' fees.

### Thirty-Ninth Affirmative Defense

Menu Foods' products were not defective or unreasonably dangerous based on any failure to warn, because at the time of Plaintiffs' alleged purchases of pet food products, there was no information available on which a reasonable manufacturer of pet food products could have concluded that exposure to any material not ordinarily contained in the ingredients to make those products might be dangerous. As a matter of law, a manufacturer or packager of a product is under no duty to warn of a prospective risk of harm in the absence of actual or constructive knowledge of the risk arising from a foreseeable use of their own products.

### Fortieth Affirmative Defense

Plaintiffs' injuries, if any, were caused in whole or part by Plaintiffs' failure to properly maintain and preserve and to otherwise properly use the products at issue.

### Forty-First Affirmative Defense

Plaintiffs suffered no physical contact or "impact" that would support any claim for mental pain and anguish or for non-economic damages.

### Forty-Second Affirmative Defense

To the extent Plaintiffs prove they suffered physical contact or impact, Plaintiffs have manifested no mental distress through a demonstrable physical injury and Plaintiffs did not see, hear or arrive on the scene as a traumatizing event occurred.

### Forty-Third  Affirmative Defense

Plaintiffs' unjust enrichment claims are barred because they have an adequate remedy at law.

### Forty-Fourth  Affirmative Defense

Plaintiffs failed to mitigate their damages.

### Forty-Fifth Affirmative Defense

Plaintiffs may not recover non-economic damages for purported warranty breaches, or for a purported statutory violation.

### Forty-Sixth Affirmative Defense

Plaintiffs may not recover economic or non-economic damages, including punitive damages, to the extent any combined damages award exceeds statutory or other legal limitations as to damages.

### Forty-Seventh Affirmative Defense

Plaintiffs may not recover non-economic damages, including punitive damages, to the extent limited or prohibited by state or federal law, including the United States' Constitution and the constitutions of the several United States.

*Forty-Eighth Affirmative Defense*

Plaintiffs may not compel disgorgement of profits or similar punitive relief based upon the legal claims that Plaintiffs have attempted to assert in this litigation.

*Forty-Ninth Affirmative Defense*

To the extent Plaintiffs may seek to impose liability on Menu Foods, Inc. or Menu Foods Income Fund for the acts, or failures to act, of or by any other named defendant or any potential member of any putative defendant class, Menu Defendants expressly adopt and incorporate any defensive matters, including affirmative defenses, that such a defendant or putative defense class member may assert against Plaintiffs' claims.

## RESERVATION OF RIGHTS

The Menu Defendants expressly reserve the right to amend their Answer by way of amending responses to the allegations in the Fourth Amended Complaint, adding affirmative defenses, counterclaims, cross-claims and/or third-party claims, or otherwise, as additional facts are obtained through further investigation and discovery.

**WHEREFORE** Defendants Menu Foods, Inc. and Menu Foods Income Fund, respectfully request that judgment be entered in their favor and against the Plaintiffs on all counts of the Fourth Amended Complaint, and that The Menu Defendants be awarded their costs and expenses, including attorneys' fees, together with such other and further relief as this Court may deem just and proper.

DLA PIPER US LLP

s/S. Douglas Knox
Lonnie L. Simpson
Florida Bar Number 821871
lonnie.simpson@dlapiper.com
S. Douglas Knox
Florida Bar Number 849871

douglas.knox@dlapiper.com
DLA Piper US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa, Florida 33602-5149
813/229-2111 (telephone)
813/229-1447 (facsimile)

*Of Counsel*
Alexander Shaknes (*admitted pro hac vice*)
alex.shaknes@dlapiper.com
Amy W. Schulman (*admitted pro hac vice*)
amy.schulman@dlapiper.com
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
(212)335-4829 (telephone)
(212)884-8629 (facsimile)

William C. Martin (*admitted pro hac vice*)
william.martin@dlapiper.com
DLA Piper US LLP
203 N LaSalle Street, Suite 1900
Chicago, IL 60601
(312)368-3449 (telephone)
(312)630-7318 (facsimile)

Attorneys for Defendants, Menu Foods, Inc.
and Menu Foods Income Fund

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ S. Douglas Knox
Attorney

Case No.: 07-21221-CIV-ALTONAGA/TURNOFF

SERVICE LIST

**Mark Whitburn**
Gibson Dunn & Crutcher
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201

**Dane H. Butswinkas**
Williams & Connolly
725 12th Street NW
Washington, DC 20005-3901

**Cassidy Yen Dang**
505 74th Street
Unit A-6
Miami Beach, FL 33141

**Ralph George Patino**
Patino & Associates, P.A.
225 Alcazar Avenue
Coral Gables, FL 33134

**Alan Graham Greer**
Richman Greer Weil Brumbaugh
201 S Biscayne Boulevard,
Suite 1000
Miami, FL 33131

**William Edward Wegner**
Gibson Dunn & Crutcher
333 S Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197

**Gary L. Justice**
Gibson Dunn & Crutcher
333 S Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197

**John J. Kuster**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019-6018

**James D. Arden**
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019-6018

**Sherril May Colombo**
Cozen O'Connor
200 S Biscayne Boulevard
Suite 4410
Miami, FL 33131

**Rolando Andres Diaz**
Kubicki Draper
25 W Flagler Street
Penthouse
Miami, FL 33130-1712

**Jeffrey Eric Foreman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803

**Robin Lea Hanger**
Squire, Sanders & Dempsey L.L.P.
200 S Biscayne Boulevard
40th Floor
Miami, FL 33131-2398

**Patrick J. Houlihan**
Williams & Connolly
725 12th Street NW
Washington, DC 20005-3901

**Maria Kayanan**
Kubicki Draper
25 W Flagler Street
Penthouse
Miami, FL 33130-1780

**Gail E. Lees**
Gibson Dunn & Crutcher
333 S Grand Avenue
Suite 4600
Los Angeles, CA 90071-3197

**Brian D. Wright**
Faruki Ireland & Cox
10 N Ludlow Street
500 Courthouse Plaza, SW
Dayton, OH 45402

**Christopher M. D'Angelo**
Williams & Connolly
725 12th Street NW
Washington, DC 20005-3901

**Richard Fama**
Cozen O'Connor
45 Broadway
New York, NY 10006

**Darren Wayne Friedman**
Maltzman Foreman PA
2 S Biscayne Boulevard , Ste 2300
One Biscayne Tower
Miami, FL 33131-1803

**Thomas G. Hentoff**
Williams & Connolly
725 12th Street NW
Washington, DC 20005-3901

**D. Jeffrey Ireland**
Faruki Ireland & Cox
10 N Ludlow Street
500 Courthouse Plaza, SW
Dayton, OH 45402

**John Brian Thomas Murray, Jr.**
Squire Sanders & Dempsey LLP
1900 Phillips Point West
777 S Flagler Drive, Suite 1900
West Palm Beach, FL 33401-6198

**Carol Ann Licko**
Hogan & Hartson
1111 Brickell Avenue
Suite 1900
Miami, FL 33131

**Catherine J. MacIvor**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803

**Kara L. McCall**
Sidley Austin LLP
1 S Dearborn Street
Chicago, IL 60603

**Olga M. Vieira**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101

**Lonnie L. Simpson**
**S. Douglas Knox**
DLA Piper US LLP
101 E. Kennedy Blvd., Ste. 2000
Tampa, Florida 33602

**Martin Leonard Steinberg**
Hunton & Williams
1111 Brickell Avenue
Suite 2500
Miami, FL 33131

**Alexander Shaknes**
**Amy W. Schulman**
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104

**Marcos Daniel Jimenez**
Kenny Nachwalter Seymour Arnold
Critchlow & Spector
201 S Biscayne Boulevard, Suite 1100
Miami, FL 33131-4327

**Andrew J. Dober**
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

**Robert A. Valadez**
Shelton & Valadez
600 Navarro, Suite 500
San Antonio, TX 78205

**Jeffrey Bradford Maltzman**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803

**John J. McDonough**
Cozen O'Connor
45 Broadway
New York, NY 10006

**Robert C. Troyer**
Hogan & Hartson
1200 17th Street
One Tabor Center, Suite 1500
Denver, CO 80202

**Benjamin Reid**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101

**Laura A. Sanom**
Faruki Ireland & Cox
10 N Ludlow Street
500 Courthouse Plaza, SW
Dayton, OH 45402

**Miranda L. Berge**
Hogan & Hartson
555 13th Street NW
Washington, DC 20004-1109

**C. Richard Fulmer, Jr.**
Fulmer LeRoy Albee Baumann & Glass
2866 E. Oakland Park Blvd.
Ft. Lauderdale, FL 33306

**W. Randolph Teslik**
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

**James K. Reuss**
Lane Alton & Horst, LLC
Two Miranova Place
Suite 500
Columbus, OH 43215

**William C. Martin**
DLA Piper US LLP
203 N LaSalle Street
Suite 1900
Chicago, IL 60601

**Hugh J. Turner, Jr.**
Akerman Senterfitt & Eidson
350 E Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-0006

**Omar Ortega**
Dorta & Ortega, P.A.
800 S Douglas Road
Douglas Entrance Suite 149
Coral Gables, FL 33134

**Adriana Riviere-Badell**
Hunton & Williams
1111 Brickell Avenue
Suite 2500
Miami, FL 33131

**Philip A. Sechler**
Williams & Connolly
725 Twelfth Street NW
Washington, DC 20005-5901

**Craig A. Hoover**
Hogan & Hartson
555 13th Street NW
Washington, DC 20004-1109

**Craig Kalil**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL 33131

**Javier T. Duran**
Shelton & Valadez
600 Navarro, Suite 500
San Antonio, TX 78205

**Bjorg Eikeland**
Maltzman Foreman PA
2 S Biscayne Boulevard
Suite 2300 One Biscayne Tower
Miami, FL 33131-1803

**Ana M. Craig**
Carlton Fields
100 SE 2nd Street
Suite 4000 PO Box 019101
Miami, FL 33131-9101

and I certify that I have mailed by United States Postal Service the document to non-CM/ECF participants:

| **John F. Mullen** | **Mark C. Goodman** |
|---|---|
| Cozen O'Connor | Squire Sanders & Dempsey LLP |
| 1900 Market Street | 1900 Phillips Point West |
| 3rd Floor The Atrium | 777 S Flagler Drive, Suite 1900 |
| Philadelphia, PA 19103 | West Palm Beach, FL 33401 |