UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, PATRICIA DAVIS,
SUSAN PETERS, DEBORAH HOCK, BETH WILSON,
CLAIRE KOTZAMPALTIRIS, DONNA HOPKINS-JONES,
MARIAN LUPO, JANE HERRING, JO-ANN MURPHY,
STEPHANIE STONE, PATRICIA HANRAHAN,
DEBBIE RICE, ANN QUINN, SHARON MATHIESEN,
SANDY SHORE, CAROLYN WHITE, LOU WIGGINS,
MICHELLE LUCARELLI, RAUL ISERN, DANIELLE
VALORAS, LISA MACDONALD, CINDY TREGOE,
JENNIFER DAMRON, MARLENA RUCKER, JULIE
NELSON, YVONNE THOMAS, DEBBIE MCGREGOR,
LINDA BROWN and TONE GAGLIONE,
individually and on behalf of others similarly situated,

      Plaintiffs,

vs.

MARS INC., MARS PETCARE US, INC., PROCTER
AND GAMBLE CO., THE IAMS CO., COLGATE
PALMOLIVE COMPANY, HILL'S PET NUTRITION,
DEL MONTE FOODS, CO., NESTLÉ USA INC., NESTLÉ
PURINA PETCARE CO., NUTRO PRODUCTS INC.,
NATURA PET PRODUCTS, INC., MENU FOODS, INC.,
MENU FOODS INCOME FUND, PUBLIX SUPER MARKETS,
INC., NEW ALBERTSON'S INC., ALBERTSON'S LLC,
THE KROGER CO. OF OHIO, PETCO ANIMAL
SUPPLIES STORES, INC., PET SUPERMARKET,
INC., PET SUPPLIES PLUS/USA INC., PETSMART INC.,
TARGET CORP. AND WAL-MART STORES, INC.,

      Defendants.

_____/

**DEFENDANT PET SUPPLIES PLUS/USA INC.'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE FOURTH AMENDED CLASS ACTION COMPLAINT,
AND DEMAND FOR JURY TRIAL**

     **COMES NOW**, the Defendant, PET SUPPLIES PLUS/USA INC. ("PET SUPPLIES"), by

1

and through its undersigned counsel, and files the following Answer and Affirmative Defenses to the Plaintiffs'[1] Fourth Amended Class Action Complaint ("Complaint"), and states as follows:

## I. PET SUPPLIES' ANSWER

## INTRODUCTION

1.    PET SUPPLIES admits generally that Plaintiffs have initiated a purported class action.  PET SUPPLIES has insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Plaintiffs' Complaint and therefore denies same and demands strict proof thereof.

2.    PET SUPPLIES denies each and every allegation contained in Paragraph 2 of the Plaintiffs' Complaint and strict proof is demanded thereof.

## PARTIES

### Plaintiffs/Class Representatives

3.    With regard to whether Plaintiff/Class Representative, Renee Blaszkowski, purchased pet food from PET SUPPLIES during the class period for her cat(s)/dog(s), PET SUPPLIES lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 3 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.   PET SUPPLIES denies each and every remaining allegation contained in Paragraph 3 of the Plaintiffs' Complaint.

4.    The allegations contained in Paragraph 4 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 4 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

---

[1]  The term "Plaintiffs" as used herein refers to the named Plaintiffs individually and on behalf of all others similarly situated.

5.      The allegations contained in Paragraph 5 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 5 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

6.      The allegations contained in Paragraph 6 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 6 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

7.      The allegations contained in Paragraph 7 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 7 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

8.      The allegations contained in Paragraph 8 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 8 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

9.      The allegations contained in Paragraph 9 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 9 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

10.     The allegations contained in Paragraph 10 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within

3

Paragraph 10 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

11.    The allegations contained in Paragraph 11 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 11 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

12.    The allegations contained in Paragraph 12 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 12 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

13.    The allegations contained in Paragraph 13 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 13 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

14.    With regard to whether Plaintiff/Class Representative, Stephanie Stone, purchased pet food from PET SUPPLIES during the class period for her cat(s)/dog(s), PET SUPPLIES lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 14 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof. PET SUPPLIES denies each and every remaining allegation contained in Paragraph 14 of the Plaintiffs' Complaint.

4

15.     The allegations contained in Paragraph 15 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 15 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

16.     The allegations contained in Paragraph 16 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 16 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

17.     The allegations contained in Paragraph 17 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 17 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

18.     The allegations contained in Paragraph 18 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 18 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

19.     The allegations contained in Paragraph 19 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within

Paragraph 19 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

20.     The allegations contained in Paragraph 20 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 20 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

21.     The allegations contained in Paragraph 21 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 21 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

22.     The allegations contained in Paragraph 22 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 22 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

23.     The allegations contained in Paragraph 23 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 23 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

24.     The allegations contained in Paragraph 24 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 24 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

25.     The allegations contained in Paragraph 25 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 25 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

26.     The allegations contained in Paragraph 26 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 26 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

27.     With regard to whether Plaintiff/Class Representative, Jennifer Damron, purchased pet food from PET SUPPLIES during the class period for her cat(s)/dog(s), PET SUPPLIES lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 27 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.  PET SUPPLIES denies each and every remaining allegation contained in Paragraph 27 of the Plaintiffs' Complaint.

28.     The allegations contained in Paragraph 28 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES,

it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 28 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

29.     The allegations contained in Paragraph 29 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 29 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

30.     The allegations contained in Paragraph 30 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 30 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

31.     The allegations contained in Paragraph 31 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 31 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

32.     The allegations contained in Paragraph 32 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 32 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**DEFENDANTS**

**Defendant Manufacturers**

33.     The allegations contained in Paragraph 33 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 33 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

34.     The allegations contained in Paragraph 34 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 34 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

35.     The allegations contained in Paragraph 35 of the Plaintiffs' Complaint (including footnote no.1) are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 35 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

36.     The allegations contained in Paragraph 36 (including footnote no.2) of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 36 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

37.     The allegations contained in Paragraph 37 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 37 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

38.     The allegations contained in Paragraph 38 (including footnote no.3) of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 38 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

39.     The allegations contained in Paragraph 39 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 39 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

40.     The allegations contained in Paragraph 40 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 40 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Defendant Co-Packers**

41.     The allegations contained in Paragraph 41 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES,

it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 41 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

42.    The allegations contained in Paragraph 42 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 42 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

43.    The allegations contained in Paragraph 43 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 43 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

44.    The allegations contained in Paragraph 44 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 44 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

45.    The allegations contained in Paragraph 45 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 45 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

46.     The allegations contained in Paragraph 46 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 46 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Defendant Retailers**

47.     The allegations contained in Paragraph 47 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 47 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

48.     The allegations contained in Paragraph 48 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 48 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

49.     The allegations contained in Paragraph 49 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 49 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

50.     The allegations contained in Paragraph 50 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES,

it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 50 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

51.    The allegations contained in Paragraph 51 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 51 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

52.    The allegations contained in Paragraph 52 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 52 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Defendant Pet Specialty Retailers**

53.    The allegations contained in Paragraph 53 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 53 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

54.    The allegations contained in Paragraph 54 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within

Paragraph 54 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

55.    The allegations contained in Paragraph 55 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 55 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

56.    PET SUPPLIES admits that it is a Michigan Corporation with its principal place of business in Michigan. PET SUPPLIES also admits that it is in the business of granting its franchises the right to operate retail pet food and supply stores under the trade name "Pet Supplies 'Plus'" within the State of Florida which are independently owned and are registered and doing business in Florida. PET SUPPLIES denies each and every remaining allegation contained in Paragraph 56 of the Plaintiffs' Complaint.

## JURISDICTION AND VENUE

57.    The allegations contained within Paragraph 57 of the Complaint state legal conclusions to which no response is required. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 57 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

58.    The allegations contained in Paragraph 58 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 58 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof

14

thereof.

59.     The allegations contained within Paragraph 59, including subparagraphs (a - g) of the Complaint state legal conclusions to which no response is required. To the extent that a response is deemed required by PET SUPPLIES, it denies each and every remaining allegation contained in Paragraph 59 of the Plaintiffs' Complaint.

60.     The allegations contained within Paragraph 60 of the Complaint state legal conclusions to which no response is required. To the extent that a response is deemed required by PET SUPPLIES, it denies each and every remaining allegation contained in Paragraph 60 of the Plaintiffs' Complaint.

## FACTS GIVING RISE TO THE CLAIMS

61.     The allegations contained in Paragraph 61 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 61 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

62.     The allegations contained in Paragraph 62 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 62 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

63.     With regard to the allegations directed to PET SUPPLIES in Paragraph 63 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 63 of

the Complaint, and therefore denies each and every such allegation.

64.     With regard to the allegations directed to PET SUPPLIES in Paragraph 64 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 64 of the Complaint, and therefore denies each and every such allegation.

65.     The allegations contained in Paragraph 65 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 65 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

66.     With regard to the allegations directed to PET SUPPLIES in Paragraph 66 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' deliberately "Humanize" Pet Food to
### Obtain Greater Market Share and even more Staggering Profits

67.     With regard to the allegations directed to PET SUPPLIES in Paragraph 67 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' Marketing of Commercial
### Pet Food Misleads the Plaintiffs and Consumers

68.     With regard to the allegations directed to PET SUPPLIES in Paragraph 68 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 of the Complaint, and therefore denies each and every such allegation.

69.     The allegations contained in Paragraph 69 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 69 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

70.     With regard to the allegations directed to PET SUPPLIES in Paragraph 70 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 70 of the Complaint, and therefore denies each and every such allegation.

71.     With regard to the allegations directed to PET SUPPLIES in Paragraph 71 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 71 of the Complaint, and therefore denies each and every such a7llegation.

**Mars' "Good Life Recipe"™**

72.     The allegations contained in Paragraph 72 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 72 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

73.     The allegations contained in Paragraph 73 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES,

it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 73 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### Mars' Pedigree®

74.    The allegations contained in Paragraph 74 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 74 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### P&G's Iams™

75.    The allegations contained in Paragraph 75 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 75 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

76.    The allegations contained in Paragraph 76 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 76 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### Colgate's and Hills' Science Diet®

77.    The allegations contained in Paragraph 77 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES,

it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 77 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

78.    The allegations contained in Paragraph 78 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 78 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

79.    The allegations contained in Paragraph 79 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 79 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Del Monte's 9Lives®**

80.    The allegations contained in Paragraph 80 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 80 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Nestlé's  Beneful®**

81.    The allegations contained in Paragraph 81 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 81 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Nutro  Natural Choice® Complete Care® Indoor Adult Cat**

82.    The allegations contained in Paragraph 82 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 82 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Natura Brand Pet Food**

83.    The allegations contained in Paragraph 83 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 83 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Petco's Marketing of the Defendants' Premium Pet Foods**

84.    The allegations contained in Paragraph 84 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within

Paragraph 84 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

85.     The allegations contained in Paragraph 85 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 85 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### Petsmart's Marketing of the Defendants' Premium Pet Foods

86.     The allegations contained in Paragraph 86 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 86 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Foods

87.     With regard to the allegations directed to PET SUPPLIES in Paragraph 87 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

### Retailers Marketing of the Defendants' Pet Food

88.     The allegations contained in Paragraph 88 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within

Paragraph 88 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### "Premium" Pet Food is made by the same co-packer of non-premium pet food

89.     The allegations contained in Paragraph 89 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 89 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

90.     The allegations contained in Paragraph 90 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 90 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### The Defendants Profit by Recycling the Inedible Garbage of their Human Food Businesses into Commercial Pet Food

91.     With regard to the allegations directed to PET SUPPLIES in Paragraph 91 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation.

92.     With regard to the allegations directed to PET SUPPLIES in Paragraph 92 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 92 of the Complaint, and therefore denies each and every such allegation.

93.    With regard to the allegations directed to PET SUPPLIES in Paragraph 93 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 93 of the Complaint, and therefore denies each and every such allegation.

94.    With regard to the allegations directed to PET SUPPLIES in Paragraph 94 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 94 of the Complaint, and therefore denies each and every such allegation.

95.    With regard to the allegations directed to PET SUPPLIES in Paragraph 95 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 95 of the Complaint, and therefore denies each and every such allegation.

96.    With regard to the allegations directed to PET SUPPLIES in Paragraph 96 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 96 of the Complaint, and therefore denies each and every such allegation.

97.     With regard to the allegations directed to PET SUPPLIES in Paragraph 97 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 97 of the Complaint, and therefore denies each and every such allegation.

98.    With regard to the allegations directed to PET SUPPLIES in Paragraph 98 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation. PET SUPPLIES lacks

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 98 of the Complaint, and therefore denies each and every such allegation.

99.    PET SUPPLIES denies each and every allegation contained in Paragraph 99 of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Chemical Preservatives and Contaminants

100.    The allegations contained in Paragraph 100 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 100 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

101.    The allegations contained in Paragraph 101 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 101 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

102.    The allegations contained in Paragraph 102 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 102 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**Numerous Serious Toxic Pet Food Recalls Demonstrate that the Defendants Do Not Properly Test, Monitor or otherwise Verify Pet Food Contents that are Marketed as "Healthy, Wholesome and Nutritious"**

103.    The allegations contained in Paragraph 103 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 103 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

### Nutrition-Related Diseases

104.    With regard to the allegations directed to PET SUPPLIES in Paragraph 104 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation.  PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 104 of the Complaint, and therefore denies each and every such allegation.

105.    PET SUPPLIES denies each and every allegation contained in Paragraph 105 of the Plaintiffs' Complaint and strict proof is demanded thereof.

106.    The allegations contained in Paragraph 106 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 106 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

107.    PET SUPPLIES is without sufficient knowledge or information to admit or deny those allegations contained within Paragraph 107 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

108.    PET SUPPLIES is without sufficient knowledge or information to admit or deny those allegations contained within Paragraph 108 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

109.    PET SUPPLIES denies each and every allegation contained in Paragraph 109 of the Plaintiffs' Complaint and strict proof is demanded thereof.

**Joinder of the Defendants**

110.    With regard to the allegations directed to PET SUPPLIES in Paragraph 110 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation.  PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 110 of the Complaint, and therefore denies each and every such allegation.

## CLASS ACTION ALLEGATIONS

**Plaintiffs' Class Action**

111.    PET SUPPLIES admits generally that Plaintiffs have initiated a purported class action.  PET SUPPLIES denies each and every remaining allegation contained in Paragraph 111 of the Plaintiffs' Complaint and strict proof is demanded thereof.

**Injunctive Relief**

112.    PET SUPPLIES denies each and every allegation contained in Paragraph 112 of the Plaintiffs' Complaint and strict proof is demanded thereof.

**Numerosity**

113.    PET SUPPLIES denies each and every allegation contained in Paragraph 113 of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Commonality

114.    PET SUPPLIES denies each and every allegation contained in Paragraph 114 including subparagraphs (a - n)  of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Typicality

115.    PET SUPPLIES denies each and every allegation contained in Paragraph 115 of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Adequacy

116.    PET SUPPLIES denies each and every allegation contained in Paragraph 116 of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Predominance and Superiority

117.    PET SUPPLIES denies each and every allegation contained in Paragraph 117 of the Plaintiffs' Complaint and strict proof is demanded thereof.

118.    PET SUPPLIES denies each and every allegation contained in Paragraph 118 including subparagraphs (a - h) of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Defendant Class

119.    PET SUPPLIES denies each and every allegation contained in Paragraph 119 including subparagraphs (A - B) of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Numerosity

120.    PET SUPPLIES denies each and every allegation contained in Paragraph 120 of the Plaintiffs' Complaint and strict proof is demanded thereof.

### Commonality

121.    PET SUPPLIES denies each and every allegation contained in Paragraph 121

including subparagraphs (a - q) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## Typicality

122.    PET SUPPLIES denies each and every allegation contained in Paragraph 122 of the Plaintiffs' Complaint and strict proof is demanded thereof.

## Adequacy

123.    PET SUPPLIES denies each and every allegation contained in Paragraph 123 of the Plaintiffs' Complaint and strict proof is demanded thereof.

## Predominance and Superiority

124.    PET SUPPLIES denies each and every allegation contained in Paragraph 124 of the Plaintiffs' Complaint and strict proof is demanded thereof.

125.    PET SUPPLIES denies each and every allegation contained in Paragraph 125 including subparagraphs (a - h) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## COUNT I

### Fraudulent Misrepresentation and Concealment
### As to All Defendants

126.    In response to each and every allegation contained in Paragraph 126, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 125 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state fraudulent misrepresentation and concealment laws of the various states where the Plaintiff Class members reside" in footnote no. 8 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

127.    With regard to the allegations directed to PET SUPPLIES in Paragraph 127 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation.  PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 127 of the Complaint, and therefore denies each and every such allegation.

128.    With regard to the allegations directed to PET SUPPLIES in Paragraph 128 of the Plaintiffs' Complaint, PET SUPPLIES denies each and every such allegation.  PET SUPPLIES lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the Complaint, and therefore denies each and every such allegation.

129.    PET SUPPLIES denies each and every allegation contained in Paragraph 129 including subparagraphs (a - f) of the Plaintiffs' Complaint and strict proof is demanded thereof.

130.    PET SUPPLIES denies each and every allegation contained in Paragraph 130 of the Plaintiffs' Complaint and strict proof is demanded thereof.

131.    PET SUPPLIES denies each and every allegation contained in Paragraph 131 of the Plaintiffs' Complaint and strict proof is demanded thereof.

132.    The allegations contained in Paragraph 132 of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 132 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

133.    PET SUPPLIES denies each and every allegation contained in Paragraph 133 of the Plaintiffs' Complaint and strict proof is demanded thereof.

134.    PET SUPPLIES denies each and every allegation contained in Paragraph 134 including subparagraphs (a - e) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## COUNT II

### Negligent Misrepresentation
### As to All Defendants

135.    In response to each and every allegation contained in Paragraph 135, PET

SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 134 above as if

fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under

"other state negligent misrepresentation laws of the various states where the Plaintiff Class members

reside" in footnote no. 9 of the Plaintiffs' Complaint is improper, and represents a conclusion of law

to which no response is required.  To the extent that a response is deemed required by PET

SUPPLIES, it denies same and demands strict proof thereof.

136.    PET SUPPLIES denies each and every allegation contained in Paragraph 136 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

137.    PET SUPPLIES denies each and every allegation contained in Paragraph 137 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

138.    PET SUPPLIES denies each and every allegation contained in Paragraph 138 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

139.    PET SUPPLIES denies each and every allegation contained in Paragraph 139 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

140.    PET SUPPLIES denies each and every allegation contained in Paragraph 140 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

141.    PET SUPPLIES denies each and every allegation contained in Paragraph 141 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

142.    PET SUPPLIES denies each and every allegation contained in Paragraph 142 of the

Plaintiffs' Complaint and strict proof is demanded thereof.

143.     PET SUPPLIES denies each and every allegation contained in Paragraph 143 of the Plaintiffs' Complaint and strict proof is demanded thereof.

**COUNT III**

**Violation of the Florida Deceptive and Unfair Trade
Practices Act (FDUTPA), Fla. Stat. § 501.201
As to All Defendants**

144.     In response to each and every allegation contained in Paragraph 144, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 143 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state deceptive trade practices laws of the various states where the Plaintiff Class members reside" in footnote no. 10 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

145.     PET SUPPLIES denies each and every allegation contained in Paragraph 145 of the Plaintiffs' Complaint and strict proof is demanded thereof.

146.     PET SUPPLIES denies each and every allegation contained in Paragraph 146 of the Plaintiffs' Complaint and strict proof is demanded thereof.

147.     PET SUPPLIES denies each and every allegation contained in Paragraph 147 of the Plaintiffs' Complaint and strict proof is demanded thereof.

148.     PET SUPPLIES denies each and every allegation contained in Paragraph 148 of the Plaintiffs' Complaint and strict proof is demanded thereof.

149.     PET SUPPLIES denies each and every allegation contained in Paragraph 149 of the Plaintiffs' Complaint and strict proof is demanded thereof.

150.    PET SUPPLIES denies each and every allegation contained in Paragraph 150 of the Plaintiffs' Complaint and strict proof is demanded thereof.

151.    PET SUPPLIES denies each and every allegation contained in Paragraph 151 of the Plaintiffs' Complaint and strict proof is demanded thereof.

152.    PET SUPPLIES denies each and every allegation contained in Paragraph 152 (including footnote no. 11) of the Plaintiffs' Complaint and strict proof is demanded thereof.

153.    PET SUPPLIES denies each and every allegation contained in Paragraph 153 of the Plaintiffs' Complaint and strict proof is demanded thereof.

154.    PET SUPPLIES denies each and every allegation contained in Paragraph 154 including subparagraphs (a - e[2]) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## COUNT IV

### Negligence
### As to Defendant Manufacturers and Co-Packers and PetSmart

155.    In response to each and every allegation contained in Paragraph 155, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 154 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state negligence laws of the various states where the Plaintiff Class members reside" in footnote no. 12 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

156.    The allegations contained in Paragraph 156 of the Plaintiffs' Complaint are not

---

[2]    Paragraph 154 of the Plaintiffs' Complaint contains subparagraphs which have be incorrectly identified with duplicate letters "d."  For purposes of PET SUPPLIES' Answer herein, Plaintiffs' subparagraphs have been re-lettered as (a ) through (e).

directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 156 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

157.    The allegations contained in Paragraph 157 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 157 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

158.    The allegations contained in Paragraph 158 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 158 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

159.    The allegations contained in Paragraph 159 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 159 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

160.    The allegations contained in Paragraph 160 of the Plaintiffs' Complaint are not directed to PET SUPPLIES. To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 160 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof

thereof.

161.    The allegations contained in Paragraph 161 including subparagraphs (a - c) of the Plaintiffs' Complaint are not directed to PET SUPPLIES.  To the extent that a response is deemed required by PET SUPPLIES, it lacks sufficient knowledge or information to admit or deny those allegations contained within Paragraph 161 of the Plaintiffs' Complaint, and therefore denies same and demands strict proof thereof.

**COUNT V**

**Strict Liability**
**As To All Defendants**

162.    In response to each and every allegation contained in Paragraph 162, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 161 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state strict liability laws of the various states where the Plaintiff Class members reside" in footnote no. 13 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

163.    PET SUPPLIES denies each and every allegation contained in Paragraph 163 of the Plaintiffs' Complaint and strict proof is demanded thereof.

164.    PET SUPPLIES denies each and every allegation contained in Paragraph 164 of the Plaintiffs' Complaint and strict proof is demanded thereof.

165.    PET SUPPLIES denies each and every allegation contained in Paragraph 165 including subparagraphs (a - c) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## COUNT VI

### Breach of Implied Warranty
### as to Retailers and Pet Specialty Retailers

166.    In response to each and every allegation contained in Paragraph 166, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 165 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state breach of warranty laws of the various states where the Plaintiff Class members reside" in footnote no. 14 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

167.    PET SUPPLIES denies each and every allegation contained in Paragraph 167 of the Plaintiffs' Complaint and strict proof is demanded thereof.

168.    PET SUPPLIES denies each and every allegation contained in Paragraph 168 of the Plaintiffs' Complaint and strict proof is demanded thereof.

169.    PET SUPPLIES denies each and every allegation contained in Paragraph 169 of the Plaintiffs' Complaint and strict proof is demanded thereof.

170.    PET SUPPLIES denies each and every allegation contained in Paragraph 170 of the Plaintiffs' Complaint and strict proof is demanded thereof.

171.    PET SUPPLIES denies each and every allegation contained in Paragraph 171 of the Plaintiffs' Complaint and strict proof is demanded thereof.

172.    PET SUPPLIES denies each and every allegation contained in Paragraph 172 of the Plaintiffs' Complaint and strict proof is demanded thereof.

173.    PET SUPPLIES denies each and every allegation contained in Paragraph 173

including subparagraphs (a - c) of the Plaintiffs' Complaint and strict proof is demanded thereof.

**COUNT VII**

**Breach of Express Warranty**
**As to All Defendants**

174.    In response to each and every allegation contained in Paragraph 174, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 173 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state breach of express warranty laws of the various states where the Plaintiff Class members reside" in footnote no. 15 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

175.    PET SUPPLIES denies each and every allegation contained in Paragraph 175 of the Plaintiffs' Complaint and strict proof is demanded thereof.

176.    PET SUPPLIES denies each and every allegation contained in Paragraph 176 of the Plaintiffs' Complaint and strict proof is demanded thereof.

177.    PET SUPPLIES denies each and every allegation contained in Paragraph 177 of the Plaintiffs' Complaint and strict proof is demanded thereof.

178.    PET SUPPLIES denies each and every allegation contained in Paragraph 178 of the Plaintiffs' Complaint and strict proof is demanded thereof.

179.    PET SUPPLIES denies each and every allegation contained in Paragraph 179 including subparagraphs (a - c) of the Plaintiffs' Complaint and strict proof is demanded thereof.

## COUNT VIII

### Unjust Enrichment
### As to All Defendants

180.    In response to each and every allegation contained in Paragraph 180, PET SUPPLIES, realleges and reavers its responses as set forth in paragraphs 1 through 179 above as if fully set forth herein.  By way of further response, Plaintiffs' incorporation of allegations under "other state unjust enrichment laws of the various states where the Class members reside" in footnote no. 16 of the Plaintiffs' Complaint is improper, and represents a conclusion of law to which no response is required.  To the extent that a response is deemed required by PET SUPPLIES, it denies same and demands strict proof thereof.

181.    PET SUPPLIES denies each and every allegation contained in Paragraph 181 of the Plaintiffs' Complaint and strict proof is demanded thereof.

182.    PET SUPPLIES denies each and every allegation contained in Paragraph 182 of the Plaintiffs' Complaint and strict proof is demanded thereof.

183.    PET SUPPLIES denies each and every allegation contained in Paragraph 183 of the Plaintiffs' Complaint and strict proof is demanded thereof.

184.    PET SUPPLIES denies each and every allegation contained in Paragraph 184 of the Plaintiffs' Complaint and strict proof is demanded thereof.

185.    PET SUPPLIES denies each and every allegation contained in Paragraph 185 of the Plaintiffs' Complaint and strict proof is demanded thereof.

186.    PET SUPPLIES denies each and every allegation contained in Paragraph 186 of the Plaintiffs' Complaint and strict proof is demanded thereof.

187.    PET SUPPLIES denies each and every allegation contained in Paragraph 187 of the Plaintiffs' Complaint and strict proof is demanded thereof.

188.    PET SUPPLIES denies each and every allegation contained in Paragraph 188 of the Plaintiffs' Complaint and strict proof is demanded thereof.  PET SUPPLIES further denies each and every allegation contained within the in Plaintiffs' "Prayer for Relief."

**WHEREFORE,** having fully answered Plaintiffs' Complaint, this Defendant asserts the following affirmative defenses.

**PET SUPPLIES AFFIRMATIVE DEFENSES**

**I.  FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

As its first Affirmative Defense, PET SUPPLIES affirmatively asserts that that the Plaintiffs' have failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. Pro.

**II.  STATUTE OF LIMITATIONS**

As an additional Affirmative Defense, PET SUPPLIES affirmatively asserts that the Plaintiffs' claims are barred, in whole or in part, by the applicable Statute of Limitations and/or Statute of Repose, or are otherwise untimely under Florida law and/or any other applicable laws as may be provided by another jurisdiction whose law may be deemed to apply in this matter.

**III.  PLAINTIFFS' LACK STANDING**

As an additional Affirmative Defense, PET SUPPLIES affirmatively asserts that Plaintiffs lack standing to assert the claims as alleged within the Plaintiffs' Complaint.

## IV.  **IMPROPER VENUE**

As an additional Affirmative Defense, PET SUPPLIES affirmatively asserts that the venue for the Plaintiffs claims is improper in this District.

## V.  **PLAINTIFFS' FAILURE TO STATE A CAUSE OF ACTION**

As an additional Affirmative Defense, PET SUPPLIES affirmatively asserts that the Plaintiffs fail to allege sufficient ultimate facts and/or to plead allegations of fraud with particularity the as required to support their claims for fraud and/or misrepresentation and against this Defendant pursuant to Rule 9(b), Fed. R. Civ. Pro.

## VI.  **APPORTIONMENT OF FAULT**

As an additional Affirmative Defense, PET SUPPLIES affirmatively asserts that should the Plaintiffs be awarded any damages, any allocation of liability, for which PET SUPPLIES expressly denies, between the parties to this action and unknown third parties for those damages must be made or adjudicated in accordance with the rules or doctrines established by the Florida Supreme Court in Fabre v. Marin, 623 So.2d 1182 (Fla.1993), and Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249 (Fla.1995). Moreover, PET SUPPLIES, states that Plaintiffs' damages, if any, were proximately caused by the negligence or fault of Plaintiffs, or by parties, persons or entities beyond the knowledge and control of this Defendant. These Plaintiffs, persons and entities include, but are not limited to unnamed third parties, and/or parties specifically named in the Plaintiffs' Complaint. The acts or omissions of the aforesaid persons or entities were the sole proximate cause, or a contributing proximate cause, of the injuries and damages sustained by the Plaintiffs, and pursuant to Fla.Stat §768.81(3), the names of these persons or entities must appear on the verdict form at the time of trial so that a jury can apportion fault. Thus, Plaintiffs' claim should be barred or proportionally reduced by the intentional and/or negligent acts of such known

39

or unknown other third parties. Further, to the extent any recovery is permitted in this case, pursuant to Fla.Stats. §§ 768.31 and 768.81, judgment must be entered on the basis of PET SUPPLIES percentage of fault, if any, taking into account the percentage of fault attributable to all other parties, persons or entities, and not on the basis of joint and several liability. Additional persons or entities may have been responsible whom PET SUPPLIES will identify with as much particularity as is feasible as discovery progresses and in sufficient time to allow the Plaintiff to respond and/or file amended pleadings consistent with Nash v. Wells Fargo, 678 So.2d 1262 (Fla.1996).

## VII.  LACK OF PROXIMATE CAUSE

As its next affirmative defense, PET SUPPLIES asserts that any negligence on its part, if any there be, was not the proximate cause of the injuries sustained by the Plaintiffs and they are, therefore barred from recovery. The Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or fault not of PET SUPPLIES, but of Plaintiffs, or by other persons or entities whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery. Moreover, as there is no causal relationship between the alleged negligence of PET SUPPLIES, which this Defendant specifically denies, and the damages sustained by the Plaintiffs, this Defendant cannot be held liable under the circumstances as a matter of law.

## VIII.  LACK OF PROXIMATE CAUSE - PET SUPPLIES IS NOT A MANUFACTURER OR ADVERTISER OF THE SUBJECT PET FOOD AND/OR PET TREATS

As its next affirmative defense, PET SUPPLIES asserts that the subject pet food and/or pet treats, which are complained of in the Plaintiffs' Complaint, were not manufactured, produced, and/or advertised by this Defendant; therefore if any defect or complaint due to the composition,

40

manufacture or labeling any pet product is found to be a contributory legal cause or sole legal cause of the damages alleged by the Plaintiffs, this Defendant cannot be found liable.

## IX.  INTERVENING CAUSE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that the damages of which the Plaintiffs complain where brought about by intervening, independent and unforeseeable superceding cause(s) over which PET SUPPLIES had no control, and were not foreseeable by a reasonably prudent person, and for which PET SUPPLIES, cannot be held liable for under Florida law and/or any other applicable laws as may be provided by some other jurisdiction whose law may be deemed to apply in this matter.  Therefore, the Plaintiffs are barred from recovery or alternatively, any recovery by Plaintiffs should be reduced proportionately.

## X.  NO KNOWLEDGE OF THE ALLEGED DEFECT BY THIS DEFENDANT

As its next affirmative defense, PET SUPPLIES asserts that it had no actual or implied knowledge of the subject pet food and/or pet treats, and/or pet product's alleged defective and/or dangerous condition, and as such this Defendant is not liable to the Plaintiffs as a matter of law, thus barring all claims for damages against this Defendant.

## XI.  NO BREACH OF ANY STANDARD OF CARE

As its next affirmative defense, PET SUPPLIES asserts that any damages which occurred were not the result of any act or failure to act by PET SUPPLIES, in that all actions performed, if any, were performed in accordance with industry standards and all applicable industry standards in good and safe industry practices, and thus, this Defendant did not breach of any applicable standard of care.  Furthermore, this Defendant exercised due care and diligence in all matters alleged in the Plaintiffs' Complaint, thereby barring the Plaintiffs from any recovery herein as against this Defendant.

## XII.  LEARNED INTERMEDIARY DOCTRINE

As its next affirmative defense, PET SUPPLIES affirmatively asserts that Plaintiffs' claims against PET SUPPLIES are barred by the Learned Intermediary Doctrine and/or the Informed Intermediary Doctrine and/or the principle of Restatement (Second) of Torts § 388.

## XIII.  TECHNICAL IMPRACTICALITY OF TESTING

As its next affirmative defense, PET SUPPLIES asserts that the testing called for by the Plaintiffs in the Complaint for the discovery of defects in the products at issue are prohibitively expensive and further, any testing by PET SUPPLIES to any pet food and/or pet treats is technically impractical and not economically feasible, thus barring all claims for damages against this Defendant.

## XIV.  NO LEGAL DUTY OWED TO PLAINTIFF - DISCOVERY OF LATENT DEFECTS

As its next affirmative defense, PET SUPPLIES asserts that it owed no legal to the Plaintiff to conduct tests for latent defects in products manufactured or packaged by others, thus barring all claims for damages against this Defendant.

## XV.  SUBSEQUENT ALTERATION/MODIFICATION OF PRODUCT BARS RECOVERY FROM THIS DEFENDANT

As its next affirmative defense, PET SUPPLIES asserts that if any defect existed in the subject pet food and/or pet treats, they were not in the same condition as when they left the custody and control of any Defendant, as substantial changes, alterations, and modifications were made to the subject products which changes were the proximate cause of any defective condition or conditions, thus barring or reducing proportionately all claims for damages against this Defendant. Alternatively, the subject products were altered, modified, misused or improperly maintained after

leaving custody and/or control of the Defendants and, therefore, any recovery by the Plaintiffs against this Defendant is barred.

## XVI.  BUSINESS PRIVILEGE

As its next affirmative defense, PET SUPPLIES asserts that it actions were legally and equitably protected by applicable privileges and business justifications as recognized by the applicable laws provided by other jurisdictions whose laws may be deemed to apply in this matter.

## XVII.  PLAINTIFFS ARE NOT "CONSUMERS" UNDER FDUTPA

As its next affirmative defense, PET SUPPLIES asserts that Plaintiffs are not "consumers" under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), or the applicable consumer protection statute(s) of any other state as may be provided by some other jurisdiction whose law may be deemed to apply in this matter.  Therefore, Plaintiffs have no claim against PET SUPPLIES under FDUTPA, or any other consumer protection statute.

## XVIII.  PLAINTIFFS' CLAIMS AGAINST PET SUPPLIES BASED UPON STATEMENTS OF OTHERS ARE NOT ACTIONABLE UNDER FDUTPA

As its next affirmative defense, PET SUPPLIES asserts that Plaintiffs' claims against PET SUPPLIES are based upon statements of opinion or mere puffery the other entities which are not actionable.

## XIX.  PLAINTIFFS' CLAIMS AGAINST PET SUPPLIES IS BARRED BY THE DOCTRINE OF REASONABLE EXPECTATIONS

As its next affirmative defense, PET SUPPLIES asserts that Plaintiffs' claims against PET SUPPLIES are barred by the doctrine of reasonable expectations.

## XX.  PRE-EXISTING CONDITIONS

As its next affirmative defense, PET SUPPLIES asserts that if any Plaintiffs and/or their pets sustained injuries or incurred expenses as alleged, the injuries and/or expenses may have resulted

43

from the pre-existing and/or unrelated medical, genetic, or environmental conditions, diseases, injuries or illnesses, or through natural causes of Plaintiffs' pets and were not caused by any actions or omissions by PET SUPPLIES.

## XXI.  STATUTE OF FRAUDS

As its next affirmative defense, PET SUPPLIES asserts that any oral warranties by PET SUPPLIES, if any  upon which Plaintiffs allegedly relied are inadmissible and waivable as a result of the applicable Statute of Frauds, as provided in U.C.C. 2-201, and/or any other applicable laws as may be provided by some other jurisdiction whose law may be deemed to apply in this matter.

## XXII.  STATUTORY SET-OFF - COLLATERAL SOURCES

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that in the event Plaintiffs obtain a recovery, this Defendant is entitled to a set-off from any amounts received by Plaintiffs from settlements, collateral sources of indemnity and/or any other responsible tortfeasors or responsible parties, in accordance with the provisions of Fla.Stats. §§ 768.041, 768.31 and/or 768.76 and/or any other applicable laws as may be provided by some other jurisdiction whose law may be deemed to apply in this matter.

## XXIII.  INDEMNIFICATION AND/OR CONTRIBUTION

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that it is not liable to Plaintiffs and requests that judgment be entered in its favor and against Plaintiffs, together with all defense costs incurred by PET SUPPLIES; however, in the unlikely event that PET SUPPLIES is found liable to Plaintiffs, then PET SUPPLIES asserts that Co-Defendants are liable for indemnification and/or contribution in full for any sum recovered by this party against it.

### XXIV.  PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES ARE BARRED

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that the Plaintiffs' have failed plead and/or prove a sufficient legal or factual predicate warranting an award of punitive damages in this action under Florida Statute §768.73 and/or any other applicable laws as may be provided by some other jurisdiction whose law may be deemed to apply in this matter. Alternatively, any claim for punitive damages against PET SUPPLIES is barred or limited by operation of Florida Statute §768.73 and/or any other applicable laws as may be provided by some other jurisdiction whose law may be deemed to apply in this matter.

### XXV.  FRIVOLOUS CLAIM

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that the Plaintiffs' action is wholly without merit, frivolous, brought with full knowledge that it has no justiciable basis in fact or law.  Specifically, Plaintiffs' claims against PET SUPPLIES, including those alleged under FDUTPA are frivolous and without legal or factual merit.  Therefore, Plaintiffs should be required to post a bond in an amount which the Court finds reasonable to indemnify PET SUPPLIES for any damages incurred in defending such action, including reasonable attorneys' fees.

### XXVI.  ASSERTION OF DEFENSES AVAILABLE UNDER APPLICABLE CONSUMER PROTECTION, PRODUCTS LIABILITY STATUTES

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs' claims are barred, in whole or in part, by the defenses available under the consumer protection, deceptive practices, products liability statutes under Florida law and/or any other applicable laws as may be provided by another jurisdiction whose law may be deemed to apply in this matter.

45

## XXVII.  PLAINTIFFS' CLAIMS ARE BARRED BY
## OPERATION OF THE ECONOMIC LOSS RULE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs'

claims are barred, in whole or in part, by operation of the Economic Loss Rule.

## XXVIII.  FAILURE TO MITIGATE DAMAGES

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that the

Plaintiffs have failed to mitigate their damages, if any, and therefore, any recovery is to be reduced

by the degree of said failure to mitigate and/or the Plaintiffs are not entitled to recovery of any

damages which could have been otherwise mitigated.

## XXIX.  GOVERNMENT RULES DEFENSE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs'

claims against it are preempted by Florida law.  Any and all warnings or information pertaining to

any product or products sold by Franchisees of PET SUPPLIES were,  at all times relevant to the

Plaintiffs' Complaint, in conformity with governmental requirements and thus Plaintiffs' claims are

preempted and barred, in whole or in part, by Fla.Stat. § 768.1256.

## XXX.  PROTECTED COMMERCIAL SPEECH

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs'

claims against it are barred by PET SUPPLIES First Amendment rights to commercial speech.

## XXXI.  UNIFORM COMMERCIAL CODE DEFENSES -GENERALLY

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that it is entitled

to the benefits of all defenses and presumptions contained in, or arising from, any Uniform

Commercial Code provisions enacted by the State of Florida.

46

## XXXII.  UNIFORM COMMERCIAL CODE -
### LACK OF NOTICE PURSUANT TO U.C.C. §2-607(3)

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs are barred from any remedy pursuant to because Plaintiffs accepted products from the various Defendants' and failed to notify Defendants of the breach within a reasonable time after Plaintiffs discovered or should have discovered the breach.

## XXXIII.  PLAINTIFFS' CLAIMS BARRED BY
### FEDERAL PREEMPTION/ SUPREMACY CLAUSE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs' claims are barred by federal preemption because any advertising of the Defendants' products complied with the rules and regulations and the statutes administered by the Federal Trade Commission, including but not limited to 15 U.S.C. §45, 15 U.S.C. §52, 15 U.S.C. §55 and 16 C.F.R. §255.1.

## XXXIV.  LACK OF RELIANCE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs' claims are barred, in whole or in part, by the absence of any material misrepresentations, misleading disclosures, and/or omissions made by PET SUPPLIES to Plaintiffs upon which the Plaintiffs could have reasonably or subjectively, or justifiably relied.

## XXXV.  PLAINTIFFS' DAMAGES ARE SPECULATIVE

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that the alleged injuries and/or damages of Plaintiffs and/or their pets are so remote, speculative or contingent that such claimed damages are barred on public policy grounds.

### XXXVI.  <u>NO FALSE STATEMENTS MADE BY THIS DEFENDANT</u>

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that it did not make any false or misleading statements to the Plaintiffs or the public at large with respect to the advertising, marketing, promotion of any of the products at issue in this case.

### XXXVII.  PLAINTIFFS' EQUITABLE CLAIMS ARE BARRED <br> <u>BY EXISTENCE OF ADEQUATE LEGAL REMEDY</u>

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

### XXXVIII.  <u>LIMITATION ON RECOVERY OF NON-ECONOMIC DAMAGES</u>

As an additional Affirmative Defense, PET SUPPLIES, affirmatively asserts that Plaintiffs are not entitled to recover non-economic damages from PET SUPPLIES for any alleged injuries to their pets, or alternatively such a recovery is limited by the statutory caps on non-economic damages that exist under applicable Florida law and/or any other applicable laws as may be provided by another jurisdiction whose law may be deemed to apply in this matter.

### INCORPORATION OF AFFIRMATIVE DEFENSES <br> RAISED BY CO-DEFENDANTS

Defendant, PET SUPPLIES hereby adopts and incorporates all affirmative defenses asserted or to be asserted by the Co-Defendants, to the extent applicable hereto.

### <u>RESERVATION OF DEFENSES</u>

Defendant, PET SUPPLIES hereby gives notice that it may rely upon any other defense that may become available during the discovery proceedings in this case and expressly reserves and preserves all applicable remedies, defenses, privileges, causes of actions, counter-claims, third-party claims, or otherwise, to include but not limited to, all defenses set forth within the Federal Rules of Civil Procedure; the Statute of Limitations; the right to pursue attorney's fees and costs; as well as,

all other rights and remedies available to this Defendant under all applicable law and, hereby further reserves and preserves the right to supplement, amend, modify, and/or revise this Answer and Affirmative Defenses pending discovery and clarification of Plaintiffs' claims against this Defendant, and as additional information becomes available during the course of discovery in this action.

## **DEMAND FOR JURY TRIAL**

PET SUPPLIES demands a trial by jury of all issues so triable as of right.

**WHEREFORE**, the Defendant, PET SUPPLIES, respectfully requests from this Honorable Court that the Plaintiffs' Complaint in question be dismissed and that judgment be entered in its favor to determine that the Plaintiffs take nothing by this action, awarding Defendant taxable costs and expenses incurred by it in its defense as well as, attorney's fees and costs pursuant to Fla.Stat. §501.2105 and all applicable laws as may be provided by another jurisdiction which may be deemed to apply in this matter, and for such other relief as this Court deems just and proper under the circumstances.

**Dated: May 12, 2008**
           Miami, Florida                         Respectfully submitted,

                                          s/ Dominick V. Tamarazzo
                                        RALPH G. PATINO
                                        Florida Bar No.768881
                                        rpatino@patinolaw.com

                                        DOMINICK V. TAMARAZZO
                                        Florida Bar No. 92835
                                        dtamarazzo@patinolaw.com

                                        PATINO & ASSOCIATES, P.A.
                                        225 Alcazar Avenue
                                        Coral Gables, Florida 33134
                                        (305) 443 - 6163
                                        (305) 443 - 5635
                                        Attorneys for the Defendant,
                                        PET SUPPLIES PLUS/USA INC.

**<u>CERTIFICATE OF SERVICE</u>**

    **I HEREBY CERTIFY** that on May 12, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system and served on all counsel of record identified on the attached Service List either by transmission either via transmission of Notices of Electronic Filing generated by CM/ECF and/or by some other authorized manner for those counsel or parties who are not authorized to receive electronic notices.

                                          s/ Dominick V. Tamarazzo
                                        Dominick V. Tamarazzo

**SERVICE LIST**
**CASE NO. 07-21221-CIV-ALTONAGA/BROWN**

**Counsel for Plaintiffs:**

Catherine J. MacIvor
cmacivor@mflegal.com
Jeffrey B. Maltzman
jmaltzman@mflegal.com
Jeffrey E. Foreman
jforeman@mflegal.com
Daren W. Friedman
Maltzman Foreman, P.A.
One Biscayne Tower
2 South Biscayne Blvd, Suite 2300
Miami, Florida 33131
Tel.: (305)358-6555
Fax.: (305)374-9077

**Counsel for Co-Defendant, Petco Animal Supplies, Inc.;Wal-Mart Stores, Inc and Target.:**
Robin Lea Hanger
rjhanger@ssd.com
Squire, Sanders & Dempsey, LLP
200 S. Biscayne Boulevard, 40th Floor
Miami, Florida 331-2398
Tel.: (305)577-7040-Direct Line
Fax.: (305)577-7001

**Counsel for Co-Defendant Proctor & Gamble Co:**
Alan Graham Greer
agreer@richmangreer.com
Richman Greer Weil Brumbaugh Mirabito & Christensen
201 South Biscayne Boulevard, Suite 1000
Miami, Florida 33131
Tel.: (305)373-4010
Fax.: (305)373-4099

**Counsel for Co-Defendant Mars:**
Philip A. Sechler
psechler@wc.com
Thomas G. Hentoff
thentonff@wc.com
Dane H. Butswinkas
dbutswinkas@wc.com
Christopher M. D'Angelo
cdeangelo@wc.com
Patrick J. Houlihan
phoulihan@wc.com
Williams & Conolly LLP
725 12th Street, N.W.
Washigton, D.C. 20005
Tel.: (202)434-5459
Fax.: (202)434-5029

**Counsel for Co-Defendant Mars, Inc.:**
Omar Ortega, Esq.
oortega@dortaandortega.com
Dorta & Ortega, P.A.
Douglas Entrance
800 South Douglas Road, Suite 149
Coral Gables, Florida 33134
Tel.: (305)461-5454
Fax.: (305)461-5226

**Counsel for Co-Defendant Colgate Palmolive Co.:**
John J. Kuster, Esq.
jkuster@sidley.com
James D. Arden
jarden@sidley.com
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel.: (212)839-7336
Fax.: (212)839-5599

**Counsel for Co-Defendant
Proctor & Gamble Co.:**
D. Jeffrey Ireland
djireland@ficlaw.com
Brian D. Wright
bwright@ficlaw.com
lsamon@ficlaw.com
Faruki Ireland & Cox P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402
Tel.: (937)227-3710
Fax.: (937)227-3717

**Counsel for Co-Defendant
Del Monte Foods, Co.:**
Sherril M. Colombo, Esq.
scolombo@cozen.com
Cozen O'Connor
200 South Biscayne Boulevard, Suite 4410
Miami, Florida 33131-2303
Tel.: (305)704-5945
Fax.: (305)704-5955

**Co-Counsel Co-Defendant
Del Monte Foods, Co.:**
John J. McDonough, Esq.
jmcdonough@cozen.com
Richard Fama, Esq.
rfama@cozen.com
Cozen O'Connor
45 Broadway
New York, NY 10006
Tel.: (212)509-9400
Fax.: (212)509-9492

**Co-Counsel for Co-Defendant,
Del Monte Foods, Co.**
John F. Mullen, Esq.
jmullen@cozen.com
Cozen O'Connor
The Atrium-3rd Floor
1900 Market Street
Philadelphia, PA 19103
Tel.:(215)665-2179
Fax.: (215)665-2013

**Counsel for Co-Defendant, Colgate
Palmolive Co.:**
Olga M. Vieira
ovieira@carltonfields.com
Benjamine Reid, Esq.
breid@carltonfields.com
Carlton Fields, P.A.
100 SE 2nd Street, Suite 4000
Miami, Florida 33131
Tel.: (305)530-0050
Fax.: (305)530-0055

**Co-Counsel for Co-Defendant, Colgate
Palmolive Co.:**
Kara L. McCall, Esq.
kmcall@sidley.com
Sidley Austin, LLP
One South Dearborn
Chicago, IL 60603
Tel.: (312)853-2666
Fax.: (312)853-7036

**Counsel for Co-Defendant Nestle U.S.A.,
Inc.**
Robert C. Troyer, Esq.
retroyer@hhlaw.com
Hogan & Hartson LLP
one Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tel.: (303)899-7300
Fax.: (303)899-7333

**Counsel for Nestle U.S.A., Inc.**
Miranda L. Berge, Esq.
mlberge@hhlaw.com
Craig A. Hoover, Esq.
cahoover@hhlaw.com
Hogan & Hartson, LLP
555 13th Street, NW
Washington, DC 20004
Tel.: (202)637-5600
Fax.: (202)637-5910

**Co-Counsel for Co-Defendant
Nutro Products, Inc.**
Charles Abbott
cabbott@gibsondunn.com
Ben Broderick
broderick@gibsondunn.com
Gary L. Justice
gjustice@gibsondunn.com
William Edward Wegner
wwegner@gibsondunn.com
Gail E. Lees
gless@gibsondunn.com
Gibson Dunn & Crutcher L.L.P.
333 S. Grand Avenue, Suite 4600
Los Angeles, CA 90071
Tel.: (213)229-7887
Fax.: (213)229-6887

**Counsel for Co-Defendant
Nutro Products, Inc.**
Marty Steinberg
msteinberg@hunton.com
Adriana Riviere-Badell
ariviere-badell@hunton.com
Hunton & Williams, LLP
1111 Brickell Avenue, #2500
Miami, Florida 33131
Tel.:(305)810-2500
Fax.: (305)810-2460

**Counsel for Co-Defendants, Petco Animal
Supplies, Inc., and Wal-Mart Stores, Inc.**
John B. T. Murray, Jr.
jbmurray@ssd.com
Squire, Sanders & Dempsey LLP
1900 Philips Point West
777 South Flagler Drive, # 1900
West Palm Beach, Florida 33401
Tel.(561)650-7200
Fax.: (561)655-1509

**Counsel for Co-Nestle U.S. A., Inc.**
Carol A. Licko
calicko@hhlaw.com
Hogan & Hartson, LLP
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel.: (305)459-6500
Fax.: (305)459-6550

**Counsel for Co-Defendant, Publix
Supermarket:**
Hugh J. Turner Jr.
hugh.turner@akerman.com
Akerman Senterfitt & Edison
Las Olas Centre II, Suite 1600
350 East Las Olas Blvd.
Ft. Lauderdale, Florida 33301-2229
Tel.:(954)463-2700
Fax.: (954)463-2224

**Counsel for Co-Defendant, Pet
Supermarket, Inc.**
Rolando Andres Diaz
rd@kubickidraper.com
Maria Kayanan
me@kubickidraper.com
Cassidy Yen Dang
cyd@kubickidraper.com
Kubicki Draper, P.A.
25 West Flagler Street, Penthouse
Miami, Florida 33130
Tel.:(305)982-6722.
Fax.: (305)374-7846

**Counsel for Co-Defendant, Menu Foods
Income Fund and Menu Foods, Inc.:**
Alexander Shaknes
alex.shaknes@dlapier.com
Amy W. Schulman
amy.schulman@dlapier.com
DLA Piper US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
Tel.: (212)335-4829
Fax.: (212)884-8629

**Co-Counsel for Co-Defendant, Menu Foods Income Fund and Menu Foods, Inc:**
William C. Martin
william.martin@dlapiper.com
DLA Piper US LLP
203 North LaSalle Street, # 1900
Chicago, IL 60601-1293
Tel.: (312)368-3449
Fax.: (312)630-7318

**Co-Counsel for Co-Defendant, Menu Foods Income Fund and Menu Foods, Inc.**
Lonnie L. Simpson
lonnie.simpson@dlapier.com
S. Douglas Knox
sdouglas.knox@dlapier.com
DLA Piper US LLP
101 E. Kennedy Blvd, # 2000
Tampa, Florida 33602
Tel.: (813)229-2111
Fax.: (813)229-1447

**Counsel for Co-Defendant, Petsmart, Inc.**
Susan Elizabeth Mortensen
smortensen@coffeyburlington.com
Coffey Burlington
2699 S. Bayshore Drive, Penthouse
Miami, Florida 33133
Tel.: (305)858-2900
Fax.: (305)858-5261

**Counsel for Defendant The Kroger Co. Of Ohio**
C. Richard Fulmer, Jr.
Fulmer, Leroy, Albee, Baumann & Glass
2866 East Oakland Park Boulevard
Fort, Lauderdale, Florida 33306
Tel.: (954)707-4430
Fax.: (954)707-4431
E-Mail.: rfulmer@fulmer.leroy.com

**Co-Counsel for Co-Defendant, Petsmart, Inc.**
Michael K. Kennedy
mkk@gknet.com
Michael R. Ross
mrr@gknet.com
Gallagher & Kennedy, P.A.
2575 E. Camelback Road, #1100
Phoenix, Arizona 85016
Tel.: (602)530-8504
Fax.: (602)530-8500

**Counsel for New Albertson's Inc. & Albertson's LLC.:**
Craig P. Kalil
Aballi Milne Kalil & Escagedo
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Tel.: (305)373-6600
Fax.: (305)373-7929
E-Mail.: ckalil@aballi.com

**Counsel for Natura Pet Products, Inc..:**
Jeffrey S. York
McGuire Woods LLP
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Tel.: (904)798-2680
Fax.: (904)360-6330
E-Mail.: jyork@mcguirewoods.com