# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

| | |
|---|---|
| RENEE BLASZKOWSKI, *et al.,* | § |
| Individually and on behalf of | § |
| others similarly situated, | § |
| | § |
| *Plaintiffs,* | § |
| | § |
| v. | § |
| | § |
| MARS INC., *et al.* | § |
| | § |
| *Defendants.* | § |

---

**DEFENDANT NEW ALBERTSON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT**

---

Defendant, NEW ALBERTSON'S ("New Albertson's"), by and through its undersigned

counsel, files the following Answer and Affirmative Defenses to Plaintiffs' Fourth Amended

Class Action Complaint ("Complaint").[1]  New Albertson's responds to the Complaint as follows:

---

[1] The term "Plaintiffs" as used herein refers to the named Plaintiffs individually and on behalf of all others similarly situated.

## ANSWER OF NEW ALBERTSON'S TO COMPLAINT

### INTRODUCTION

1.     New Albertson's admits generally that Plaintiffs have initiated a purported class action. New Albertson's has insufficient knowledge to admit or deny the remaining allegations in Paragraph 1 of the Complaint and therefore denies each and every such allegation.

2.     New Albertson's admits generally that Plaintiffs have filed an action seeking injunctive relief, restitution and damages allegedly related to pet food advertising practices. New Albertson's has insufficient knowledge to admit or deny the remaining allegations in Paragraph 2 of the Complaint and therefore denies each and every such allegation.

### PARTIES

#### Plaintiffs/Class Representatives

3.     The allegations contained in Paragraph 3 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies each and every such allegation.

4.     The allegations contained in Paragraph 4 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4 of the Complaint, and therefore denies each and every such allegation.

5.     The allegations contained in Paragraph 5 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of the Complaint, and therefore denies each and every such allegation.

6.      The allegations contained in Paragraph 6 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of the Complaint, and therefore denies each and every such allegation.

7.      The allegations contained in Paragraph 7 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore denies each and every such allegation.

8.      The allegations contained in Paragraph 8 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore denies each and every such allegation.

9.      The allegations contained in Paragraph 9 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of the Complaint, and therefore denies each and every such allegation.

10.      The allegations contained in Paragraph 10 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore denies each and every such allegation.

11.      The allegations contained in Paragraph 11 are not directed to New Albertson's.  To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore denies each and every such allegation.

12.     The allegations contained in Paragraph 12 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the Complaint, and therefore denies each and every such allegation.

13.     The allegations contained in Paragraph 13 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the Complaint, and therefore denies each and every such allegation.

14.     The allegations contained in Paragraph 14 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 of the Complaint, and therefore denies each and every such allegation.

15.     The allegations contained in Paragraph 15 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 of the Complaint, and therefore denies each and every such allegation.

16.     The allegations contained in Paragraph 16 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 of the Complaint, and therefore denies each and every such allegation.

17.     With regard to whether Plaintiff/putative Class Representative, Ann Quinn, regularly purchased pet food from New Albertson's during the class period for her cats and dogs, New Albertson's lacks sufficient knowledge or information at this time to admit or deny those allegations in Paragraph 17 of the Complaint, and therefore denies each and every such allegation. New Albertson's denies each and every remaining allegation contained in Paragraph 17 of the Complaint insofar as the allegation relates to New Albertson's. New Albertson's lacks sufficient information or knowledge to admit or deny the allegations directed towards other defendants in Paragraph 17 and therefore denies each and every such allegation.

18.     The allegations contained in Paragraph 18 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of the Complaint, and therefore denies each and every such allegation.

19.     The allegations contained in Paragraph 19 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of the Complaint, and therefore denies each and every such allegation.

20.     The allegations contained in Paragraph 20 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of the Complaint, and therefore denies each and every such allegation.

21.     The allegations contained in Paragraph 21 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 21 of the Complaint, and therefore denies each and every such allegation.

22.    The allegations contained in Paragraph 22 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 of the Complaint, and therefore denies each and every such allegation.

23.    The allegations contained in Paragraph 23 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore denies each and every such allegation.

24.    The allegations contained in Paragraph 24 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 of the Complaint, and therefore denies each and every such allegation.

25.    The allegations contained in Paragraph 25 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of the Complaint, and therefore denies each and every such allegation.

26.    The allegations contained in Paragraph 26 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of the Complaint, and therefore denies each and every such allegation.

27.    The allegations contained in Paragraph 27 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of the Complaint, and therefore denies each and every such allegation.

28.    With regard to whether Plaintiff/Putative Class Representative, Marlena Rucker, regularly purchased pet food from New Albertson's during the class period for her cats and dogs, New Albertson's lacks sufficient knowledge or information at this time to admit or deny those allegations in Paragraph 28 of the Complaint, and therefore denies each and every such allegation. New Albertson's denies each and every remaining allegation contained in Paragraph 28 of the Complaint insofar as the allegation relates to New Albertson's. New Albertson's lacks sufficient information or knowledge to admit or deny the allegations directed towards other defendants in Paragraph 28 and therefore denies each and every such allegation.

29.    The allegations contained in Paragraph 29 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 29 of the Complaint, and therefore denies each and every such allegation.

30.    The allegations contained in Paragraph 30 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 30 of the Complaint, and therefore denies each and every such allegation.

31.    The allegations contained in Paragraph 31 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 31 of the Complaint, and therefore denies each and every such allegation.

32.    The allegations contained in Paragraph 32 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 32 of the Complaint, and therefore denies each and every such allegation.

## DEFENDANTS

## Defendant Manufacturers

33.    The allegations contained in Paragraph 33 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of the Complaint, and therefore denies each and every such allegation.

34.    The allegations contained in Paragraph 34 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of the Complaint, and therefore denies each and every such allegation.

35.    The allegations contained in Paragraph 35 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of the Complaint, and therefore denies each and every such allegation.

36.    The allegations contained in Paragraph 36 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 36 of the Complaint, and therefore denies each and every such allegation.

37.     The allegations contained in Paragraph 37 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 of the Complaint, and therefore denies each and every such allegation.

38.     The allegations contained in Paragraph 38 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 38 of the Complaint, and therefore denies each and every such allegation.

39.     The allegations contained in Paragraph 39 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 39 of the Complaint, and therefore denies each and every such allegation.

40.     The allegations contained in Paragraph 40 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 40 of the Complaint, and therefore denies each and every such allegation.

**Defendant Co-Packers**

41.     The allegations contained in Paragraph 41 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 41 of the Complaint, and therefore denies each and every such allegation.

42.    The allegations contained in Paragraph 42 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies each and every such allegation.

43.    The allegations contained in Paragraph 43 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 of the Complaint, and therefore denies each and every such allegation.

44.    The allegations contained in Paragraph 44 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 44 of the Complaint, and therefore denies each and every such allegation.

45.    The allegations contained in Paragraph 45 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 45 of the Complaint, and therefore denies each and every such allegation.

46.    The allegations contained in Paragraph 46 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies each and every such allegation.

**Defendant Retailers**

47.    The allegations contained in Paragraph 47 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 47 of the Complaint, and therefore denies each and every such allegation.

48.     The allegations contained in Paragraph 48 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 48 of the Complaint, and therefore denies each and every such allegation.

49.     The allegations contained in Paragraph 49 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 of the Complaint, and therefore denies each and every such allegation.

50.     The allegations contained in Paragraph 50 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 50 of the Complaint, and therefore denies each and every such allegation.

51.     New Albertson's admits it is a Delaware corporation with its principal place of business in Boise, Idaho.  New Albertson's further admits that it has a registered agent in Florida. New Albertson's further admits that pursuant to a transition services agreement, it sells wholesale gasoline to certain fuel centers operated by Albertsons, LLC., and in that limited context it is qualified to and does business in Florida.  New Albertson's further admits that it is a wholly owned subsidiary of SuperValu, a corporation with which it is otherwise completely distinct.  New Albertson's further admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit.  New Albertson's further admits that it has, from

time to time, advertised certain of the pet food products which it has offered for sale. All other allegations in Paragraph 51 which relate, in whole or in part, to New Albertson's are denied. With regard to the allegations directed at entities other than New Albertson's in Paragraph 51, New Albertson's lacks sufficient knowledge or information to admit or deny the allegations and therefore denies each and every such allegation. New Albertsons states that while it does not contest personal jurisdiction with respect to this lawsuit only, it reserves all rights to contest personal jurisdiction in any and all other actions that may now or in the future be brought against it.

52.    The allegations contained in Paragraph 52 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 52 of the Complaint, and therefore denies each and every such allegation.

**Defendant Pet Specialty Retailers**

53.    The allegations contained in Paragraph 53 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 of the Complaint, and therefore denies each and every such allegation.

54.    The allegations contained in Paragraph 54 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 of the Complaint, and therefore denies each and every such allegation.

55.    The allegations contained in Paragraph 55 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 55 of the Complaint, and therefore denies each and every such allegation.

56.    The allegations contained in Paragraph 56 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 56 of the Complaint, and therefore denies each and every such allegation.

**JURISDICTION AND VENUE**

57.    Paragraph 57 calls for a legal conclusion for which no response is warranted. To the extent a response is required, New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 57 of the Complaint, and therefore denies each and every such allegation.

58.    The allegations contained in Paragraph 58 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 58 of the Complaint, and therefore denies each and every such allegation.

59.    Paragraph 59 calls for a legal conclusion for which no response is warranted. To the extent that a response is required, New Albertson's does not contest that this Court has personal jurisdiction over it for purposes of this action. As to the remaining allegations in Paragraph 59 of the Complaint, New Albertson's lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies each and every such allegation.

60.    Paragraph 60 calls for a legal conclusion for which no response is warranted. To the extent that a response is required, New Albertson's denies that it manufactured, marketed advertised or sold commercial pet food in this district. New Albertson's lacks sufficient

knowledge or information to admit or deny the remaining allegations in Paragraph 60 of the Complaint, and therefore denies each and every such allegation.

## FACTS GIVING RISE TO THE CLAIMS

61.    New Albertson's, lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 61 of the Complaint, and therefore denies each and every such allegation.

62.    The allegations contained in Paragraph 62 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 of the Complaint, and therefore denies each and every such allegation.

63.    New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit.  New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale, but denies each and every other allegation directed to New Albertson's in Paragraph 63 of the Complaint. New Albertson's lacks sufficient knowledge or information to admit or deny the allegations directed at other defendants and therefore denies each and every such allegation.

64.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 64 of the Complaint, and therefore denies each and every such allegation.

65.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 65 of the Complaint, and therefore denies each and every such allegation.

66.     With regard to any allegation directed to New Albertson's in Paragraph 66 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' [sic] deliberately "Humanize" Pet Food to
### Obtain Greater Market Share and even more Staggering Profits

67.     With regard to any allegation directed to New Albertson's in Paragraph 67 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 67 of the Complaint, and therefore denies each and every such allegation.

### The Defendants' Marketing of Commercial
### Pet Food Misleads the Plaintiffs and Consumers

68.     With regard to any allegation directed to New Albertson's in Paragraph 68 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 of the Complaint, and therefore denies each and every such allegation.

69.     With regard to any allegation directed to New Albertson's in Paragraph 69 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 69 of the Complaint, and therefore denies each and every such allegation.

70.     The allegations contained in Paragraph 70 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 of the Complaint, and therefore denies each and every such allegation.

71.     The allegations contained in Paragraph 71 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 of the Complaint, and therefore denies each and every such allegation.

### Mars' "Good Life Recipe"™

72.     The allegations contained in Paragraph 72 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 of the Complaint, and therefore denies each and every such allegation.

73.     The allegations contained in Paragraph 73 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 of the Complaint, and therefore denies each and every such allegation.

### Mars' Pedigree®

74.     The allegations contained in Paragraph 74 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74 of the Complaint, and therefore denies each and every such allegation.

### P&G's Iams™

75.     The allegations contained in Paragraph 75 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 75 of the Complaint, and therefore denies each and every such allegation.

76.     The allegations contained in Paragraph 76 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 76 of the Complaint, and therefore denies each and every such allegation.

**Colgate's and Hills' Science Diet®**

77.     The allegations contained in Paragraph 77 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 of the Complaint, and therefore denies each and every such allegation.

78.     The allegations contained in Paragraph 78 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 78 of the Complaint, and therefore denies each and every such allegation.

79.     The allegations contained in Paragraph 79 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79 of the Complaint, and therefore denies each and every such allegation.

**Del Monte's 9 Lives®**

80.     The allegations contained in Paragraph 80 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80 of the Complaint, and therefore denies each and every such allegation.

**Nestlé's Beneful®**

81.    The allegations contained in Paragraph 81 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 of the Complaint, and therefore denies each and every such allegation.

**Nutro Natural Choice® Complete Care® Indoor Adult Cat**

82.    The allegations contained in Paragraph 82 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 82 of the Complaint, and therefore denies each and every such allegation.

**Natura Brand Pet Food**

83.    The allegations contained in Paragraph 83 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 83 of the Complaint, and therefore denies each and every such allegation.

**Petco's Marketing of the Defendants' Premium Pet Foods**

84.    The allegations contained in Paragraph 84 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 84 of the Complaint, and therefore denies each and every such allegation.

85.    The allegations contained in Paragraph 85 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 85 of the Complaint, and therefore denies each and every such allegation.

### Petsmart's Marketing of the Defendants' Premium Pet Foods

86.     The allegations contained in Paragraph 86 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 86 of the Complaint, and therefore denies each and every such allegation.

### Pet Supermarket's and Pet Supplies' Marketing of the Defendants' Pet Foods

87.     The allegations contained in Paragraph 87 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 87 of the Complaint, and therefore denies each and every such allegation.

### Retailers [sic] Marketing of the Defendants' Pet Foods

88.     With regard to the allegations directed to New Albertson's in Paragraph 88 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 88 of the Complaint, and therefore denies each and every such allegation.

**"Premium" Pet Food is made by the same co-packer of non-premium pet food**

89.    The allegations contained in Paragraph 89 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 89 of the Complaint, and therefore denies each and every such allegation.

90.    The allegations contained in Paragraph 90 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 90 of the Complaint, and therefore denies each and every such allegation.

**The Defendants Profit by Recycling the Inedible Garbage of their
Human Food Businesses into Commercial Pet Food**

91.    The allegations contained in Paragraph 91 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 91 of the Complaint, and therefore denies each and every such allegation.

92.    The allegations contained in Paragraph 92 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 92 of the Complaint, and therefore denies each and every such allegation.

93.    The allegations contained in Paragraph 93 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 93 of the Complaint, and therefore denies each and every such allegation.

94.     The allegations contained in Paragraph 94 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 94 of the Complaint, and therefore denies each and every such allegation.

95.     The allegations contained in Paragraph 95 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 95 of the Complaint, and therefore denies each and every such allegation.

96.     The allegations contained in Paragraph 96 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 96 of the Complaint, and therefore denies each and every such allegation.

97.     The allegations contained in Paragraph 97 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97 of the Complaint, and therefore denies each and every such allegation.

98.     The allegations contained in Paragraph 98 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 98 of the Complaint, and therefore denies each and every such allegation.

99.     The allegations contained in Paragraph 99 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 99 of the Complaint, and therefore denies each and every such allegation.

**Chemical Preservatives and Contaminants**

100.    The allegations contained in Paragraph 100 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 of the Complaint, and therefore denies each and every such allegation.

101.    The allegations contained in Paragraph 101 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 of the Complaint, and therefore denies each and every such allegation.

102.    The allegations contained in Paragraph 102 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 102 of the Complaint, and therefore denies each and every such allegation.

**Numerous Serious Toxic Pet Food Recalls Demonstrate that the Defendants Do Not Properly Test, Monitor or otherwise Verify Pet Food Contents that are Marketed as "Healthy, Wholesome and Nutritious"**

103.    The allegations contained in Paragraph 103 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 of the Complaint, and therefore denies each and every such allegation.

**Nutrition-Related Diseases**

104.    The allegations contained in Paragraph 104 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 104 of the Complaint, and therefore denies each and every such allegation.

105.    The allegations contained in Paragraph 105 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105 of the Complaint, and therefore denies each and every such allegation.

106.    The allegations contained in Paragraph 106 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 of the Complaint, and therefore denies each and every such allegation.

107.    New Albertson's is without sufficient information to admit or deny the allegations contained in Paragraph 107 and therefore denies each and every such allegation.

108.    New Albertson's is without sufficient information to admit or deny the allegations contained in Paragraph 108 and therefore denies each and every such allegation.

109.    New Albertson's denies each and every allegation contained in Paragraph 109 of the Complaint.

**Joinder of the Defendants**

110.    Paragraph 110 calls for a legal conclusion for which no response is warranted.  To the extent a response is required, New Albertson's denies each and every such allegation directed towards it in Paragraph 110.  New Albertson's lacks sufficient knowledge or information to

admit or deny the remaining allegations in Paragraph 110 of the Complaint, and therefore denies each and every such allegation.

## CLASS ACTION ALLEGATIONS

### Plaintiffs' Class Action

111.    New Albertson's generally admits that Plaintiffs are purporting to bring a class action.  New Albertson's denies each and every remaining allegation contained in Paragraph 111 of the Complaint.

### Injunctive Relief

112.    New Albertson's denies each and every allegation contained in Paragraph 112 of the Complaint.

### Numerosity

113.    New Albertson's denies each and every allegation contained in Paragraph 113 of the Complaint.

### Commonality

114.    New Albertson's denies each and every allegation contained in Paragraph 114 of the Complaint.

### Typicality

115.    New Albertson's denies each and every allegation contained in Paragraph 115 of the Complaint.

### Adequacy

116.    New Albertson's denies each and every allegation contained in Paragraph 116 of the Complaint.

## Predominance and Superiority

117.    New Albertson's denies each and every allegation contained in Paragraph 117 of the Complaint.

118.    New Albertson's denies each and every allegation contained in Paragraph 118 of the Complaint.

## Defendant Class

119.    New Albertson's denies each and every allegation contained in Paragraph 119 of the Complaint.

## Numerosity

120.    New Albertson's denies each and every allegation contained in Paragraph 120 of the Complaint.

## Commonality

121.    New Albertson's denies each and every allegation contained in Paragraph 121 of the Complaint.

## Typicality

122.    New Albertson's denies each and every allegation contained in Paragraph 122 of the Complaint.

## Adequacy

123.    New Albertson's denies each and every allegation contained in Paragraph 123 of the Complaint save for the allegation that undersigned counsel have and will continue to competently and diligently defend their client against the unfounded allegations in this litigation.

## Predominance and Superiority

124.    New Albertson's denies each and every allegation contained in Paragraph 124 of the Complaint.

125.    New Albertson's denies each and every allegation contained in Paragraph 125 of the Complaint.

## COUNT I

### Fraudulent Misrepresentation and Concealment
### As to All Defendants

126.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

127.    With regard to the allegations directed to New Albertson's in Paragraph 127 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's denies that it was or is engaged in the business of manufacturing pet food.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 127 of the Complaint, and therefore denies each and every such allegation.

128.    With regard to the allegations directed to New Albertson's in Paragraph 128 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's denies that it was or is engaged in the business of manufacturing pet food.  New

Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 128 of the Complaint, and therefore denies each and every such allegation.

129.    With regard to the allegations directed to New Albertson's in Paragraph 129 of the Complaint, New Albertson's denies each and every allegation.    New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 129 of the Complaint.

130.    New Albertson's denies each and every allegation contained in Paragraph 130 of the Complaint.

131.    New Albertson's denies each and every allegation contained in Paragraph 131 of the Complaint.

132.    The allegations contained in Paragraph 132 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 of the Complaint, and therefore denies each and every such allegation.

133.    New Albertson's denies each and every allegation contained in Paragraph 133 of the Complaint.

134.    New Albertson's denies each and every allegation contained in Paragraph 134 of the Complaint.

## COUNT II

**Negligent Misrepresentation**
**As to All Defendants**

135.   New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

136.   With regard to the allegations directed to New Albertson's in Paragraph 136 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's denies that it was or is engaged in the business of manufacturing pet food.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 136 of the Complaint, and therefore denies each and every such allegation.

137.   With regard to the allegations directed to New Albertson's in Paragraph 137 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 137 of the Complaint, and therefore denies each and every such allegation.

138.   With regard to the allegations directed to New Albertson's in Paragraph 138 of the Complaint, New Albertson's denies each and every allegation.   New Albertson's lacks

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 138 of the Complaint, and therefore denies each and every such allegation.

139.    To the extent any part of the allegation in Paragraph 139 of the Complaint is intended to allege any form of improper conduct by New Albertson's, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 139 of the Complaint and therefore denies each and every such allegation.

140.    With regard to the allegations directed to New Albertson's in Paragraph 140 of the Complaint, New Albertson's denies each and every allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 140 of the Complaint.

141.    New Albertson's denies each and every allegation contained in Paragraph 141 of the Complaint.

142.    New Albertson's denies each and every allegation contained in Paragraph 142 of the Complaint.

143.    New Albertson's denies each and every allegation contained in Paragraph 143 of the Complaint.

## COUNT III

### Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 As to All Defendants

144.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

145.    With regard to the allegations directed to New Albertson's in Paragraph 145 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.    New Albertson's denies that it was or is engaged in the business of manufacturing pet food.    New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 145 of the Complaint, and therefore denies each and every such allegation.

146.    With regard to the allegations directed to New Albertson's in Paragraph 146 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.    New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 146 of the Complaint, and therefore denies each and every such allegation.

147.    New Albertson's admits generally that Plaintiffs claim this Complaint includes a cause of action for damages due to the Defendants' alleged violation of Florida's Deceptive and Unfair Trade Practices Act, but deny that such a cause of action has been stated.

148.    New Albertson's denies each and every allegation contained in Paragraph 148 of the Complaint.

149.    The allegations contained in Paragraph 149 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient

knowledge or information to admit or deny the allegations in Paragraph 149 of the Complaint, and therefore denies each and every such allegation.

150.    New Albertson's admits that, since June 2, 2006, it has been engaged in "trade or commerce" as said term is defined under Fla. Stat. § 501.203(8).

151.    New Albertson's denies each and every allegation contained in Paragraph 151 of the Complaint.

152.    New Albertson's denies each and every allegation contained in Paragraph 152 of the Complaint.

153.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 of the Complaint, and therefore denies each and every such allegation.

154.    New Albertson's denies each and every allegation contained in Paragraph 154 of the Complaint.

## COUNT IV

### Negligence
### As to Defendant Manufacturers and Co-Packers and PetSmart

155.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

156.    The allegations contained in Paragraph 156 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 156 of the Complaint, and therefore denies each and every such allegation.

157.    The allegations contained in Paragraph 157 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 157 of the Complaint, and therefore denies each and every such allegation.

158.    The allegations contained in Paragraph 158 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 of the Complaint, and therefore denies each and every such allegation.

159.    The allegations contained in Paragraph 159 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 159 of the Complaint, and therefore denies each and every such allegation.

160.    The allegations contained in Paragraph 160 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 of the Complaint, and therefore denies each and every such allegation.

161.    The allegations contained in Paragraph 161 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 of the Complaint, and therefore denies each and every such allegation.

## COUNT V

### Strict Liability
### As To All Defendants

162.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

163.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 163 of the Complaint, and therefore denies each and every such allegation.

164.    The allegations contained in Paragraph 164 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 of the Complaint, and therefore denies each and every such allegation.

165.    New Albertson's denies each and every allegation contained in Paragraph 165 of the Complaint.

## COUNT VI

### Breach of Implied Warranty
### as to Retailers and Pet Specialty Retailers

166.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

167.    With regard to the allegations directed to New Albertson's in Paragraph 167 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New

Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 167 of the Complaint, and therefore denies each and every such allegation.

168.    With regard to the allegations directed to New Albertson's in Paragraph 168 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 168 of the Complaint, and therefore denies each and every such allegation.

169.    With regard to the allegations directed to New Albertson's in Paragraph 169 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 169 of the Complaint, and therefore denies each and every such allegation.

170.    With regard to the allegations directed to New Albertson's in Paragraph 170 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 170 of the Complaint, and therefore denies each and every such allegation.

171.    With regard to the allegations directed to New Albertson's in Paragraph 171 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 171 of the Complaint, and therefore denies each and every such allegation.

172.    The allegations contained in Paragraph 172 are not directed to New Albertson's. To the extent that a response is deemed required by New Albertson's, it lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 172 of the Complaint, and therefore denies each and every such allegation.

173.    New Albertson's denies each and every allegation contained in Paragraph 173 of the Complaint.

## COUNT VII

### Breach of Express Warranty
### As to Defendant Retailers and Pet Specialty Retailers

174.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

175.    With regard to the allegations directed to New Albertson's in Paragraph 175 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 175 of the Complaint, and therefore denies each and every such allegation.

176.    With regard to the allegations directed to New Albertson's in Paragraph 176 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 176 of the Complaint, and therefore denies each and every such allegation.

177.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 of the Complaint, and therefore denies each and every such allegation.

178.    With regard to the allegations directed to New Albertson's in Paragraph 178 of the Complaint, New Albertson's denies each and every such allegation.  New Albertson's lacks

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 178 of the Complaint, and therefore denies each and every such allegation.

179.    New Albertson's denies each and every allegation contained in Paragraph 179 of the Complaint.

**COUNT VIII**

**Unjust Enrichment**
**As to All Defendants**

180.    New Albertson's incorporates its responses to Paragraphs 1-125 as if fully repeated here.

181.    New Albertson's denies each and every allegation contained in Paragraph 181 of the Complaint.

182.    With regard to the allegations directed to New Albertson's in Paragraph 182 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.    New Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 182 of the Complaint, and therefore denies each and every such allegation.

183.    With regard to the allegations directed to New Albertson's in Paragraph 183 of the Complaint, New Albertson's admits that since June 2, 2006, in certain states other than Florida, it is a retail seller of certain pet food products, some of which are manufactured or distributed by other defendants in this lawsuit. New Albertson's further admits that it has, from time to time, advertised certain of the pet food products which it has offered for sale.  New

Albertson's lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 183 of the Complaint, and therefore denies each and every such allegation.

184.    New Albertson's lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 184 of the Complaint, and therefore denies each and every such allegation.

185.    New Albertson's denies each and every allegation contained in Paragraph 185 of the Complaint.

186.    New Albertson's denies each and every allegation contained in Paragraph 186 of the Complaint.

187.    New Albertson's denies each and every allegation contained in Paragraph 187 of the Complaint.

188.    New Albertson's denies each and every allegation contained in Paragraph 188 of the Complaint.

New Albertson's denies each and every allegation in Plaintiffs' "Prayer for Relief."

## JURY DEMAND

New Albertson's demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' complaint has failed to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred the doctrine of equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by the doctrine of accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred because the Plaintiffs have engaged in acts and courses of conduct which rendered them *in pari delicto*.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent the Plaintiffs allege negligence by New Albertson's, which is denied, the Plaintiffs' claims, or parts thereof, are barred by their own negligence under the applicable doctrines of contributory negligence, comparative negligence or modified comparative negligence.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release and waiver.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by the Statute of Frauds.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred as a result of a failure of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred as a result of a lack of sufficient consideration.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate or lessen any damages suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of any damages suffered.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by their failure to undertake and/or complete any and all conditions precedent to any alleged obligations or duties of the Defendants including, but not limited to, the failure to provide requisite and/or timely notice to these Defendants of any alleged breach of warranty.

## SIXTEENTH AFFIRMATIVE DEFENSE

The matters complained of in the Plaintiffs' Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or third-parties. Accordingly, any liability of Defendants and responsible parties, named or unnamed, should be apportioned according to their respective fault or other legal responsibility, and the liability, if any, of these answering Defendants should be reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering against New Albertson's because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq.*

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

## NINETEENTH AFFIRMATIVE DEFENSE

The actions of New Albertson's suppliers were in compliance with all existing safety standards and precautions then consistent with the state of the medical art.

## TWENTIETH AFFIRMATIVE DEFENSE

The conduct of New Albertson's and all activities with respect to the subject product has been and are under the supervision of the United States Food and Drug Administration. Accordingly, this action is barred by the doctrine of primary jurisdiction and preemption. FDUTPA does not apply to an act or practice required or specifically permitted by federal or state law.  Fla. Stat. § 501.212(1).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' FDUTPA claims fail because the conduct Plaintiffs challenge falls within FDUTPA's safe harbor provision, Section 501.212(1), Florida Statutes.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have instigated their cause(s) of action in a venue which is improper.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no causal relationship between the acts alleged and the damages alleged.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, these expenses and damages, if any, were not caused by any product designed, manufactured, developed, sold, marketed or distributed by New Albertson's.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims, or parts thereof, are barred by reason of the Plaintiffs' failure to join any and all necessary and/or indispensable parties to this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

In the event that any the Plaintiffs obtain a recovery, the Defendants are entitled to a set-off from any amounts received by the Plaintiff from collateral sources of indemnity and/or any other responsible tort-feasors or responsible parties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs are found to have been exposed to products distributed by New Albertson's, then said exposure was *de minimis* and not the legal and proximate cause of Plaintiffs' injuries.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs may have modified, altered or changed the named manufacturers' products, if any, referred to in the Complaint, so that such changes in any said products or materials proximately caused Plaintiffs' injuries, loss and damages, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs have failed to follow the use instructions provided by the manufacturers and/or have combined the manufacturers' products with others in

a way that was not reasonably foreseeable to New Albertson's, and it was the failure to follow instructions/product combination which caused or contributed to Plaintiffs' damages, if any.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred as a result of these Defendants' payment to the Plaintiffs for any and all injures and damages complained of and the discharge of any alleged claims or obligations of these Defendants by reason of said payment.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' FDUTPA claims fail because the conduct Plaintiffs challenge falls within FDUTPA's safe harbor provision, Section 501.211(2), Florida Statutes.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by reason of the lack of standing of the respective class of Plaintiffs to bring said claim(s).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The intervening or superseding cause of any injury allegedly sustained by Plaintiffs and/or their pets may be conduct which is illicit, criminal, or otherwise improper, and for which conduct New Albertson's cannot be held responsible.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages as alleged in the Complaint, which is denied, said damages were caused solely by or contributed to by the acts and fault of third parties.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of promissory estoppel.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by reason of the economic loss rule.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint these were caused by a product, process, occurrence, event or service over which New Albertson's exercised no control or right of control.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of New Albertson's and over whom New Albertson's had no control and for whom New Albertson's may not be held accountable.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiffs did not rely on false representations made by New Albertson's, if any.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by reason that these Defendants made no false representations with respect to the product(s) manufactured so as to induce the public at large to purchase and/or use said products.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by reason of the Plaintiffs' lack of reliance on any representations made by these Defendants.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, are barred by a lack of privity between the Plaintiffs and these Defendants.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, lack typicality of the claims of each member of the putative class and, therefore, the Plaintiffs are not proper class representatives and class certification is inappropriate.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, or parts thereof, lack commonality pertaining to the claims of each member of the putative class and, therefore, class certification is inappropriate.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' cannot demonstrate that class litigation is a superior method for adjudicating the claims raised in this case, therefore, class certification is inappropriate.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of claim preclusion.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of issue preclusion.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

New Albertson's further asserts, and is entitled to the protection of, any and all available defenses afforded to them under the provisions of the Uniform Commercial Code as adopted by the state of Arizona.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

New Albertson's further asserts, and is entitled to the protection of, any and all available defenses afforded to them under the provisions of the Uniform Commercial Code as adopted by the state of Nevada.

FORTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims for damages are speculative.

FIFTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the failure to justifiably rely on any alleged misrepresentation of New Albertson's.

FIFTY-FIRST AFFIRMATIVE DEFENSE

The damages that Plaintiffs seek in the Complaint are not recoverable or are otherwise limited under applicable law.

FIFTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Florida. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits

recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.,* 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

FIFTY-THIRD AFFIRMATIVE DEFENSE

1.    Punitive damages may not be awarded:

a) Without proof of every element beyond a reasonable doubt, or in the alternative without proof by clear and convincing evidence

b) Without bifurcating the trial of all punitive issues, including punitive liability;

c) With no limits, including the maximum amount that a jury may impose in this jurisdiction;

d) With no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award, *See State Farm v. Campbell*, 538 U.S. 408 (2003);

e) Which improperly compensates Plaintiffs for elements of damage not otherwise recognized under the laws of this jurisdiction;

f) Without standards or sufficient clarity for determining the appropriateness of appropriate size of the award;

g) Without consideration of the three constitutional guideposts of reprehensibility, ratio and civil penalties. *See State Farm v. Campbell*, 538 U.S. 408 (2003);

h) Without appropriate instructions on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

i) Under a vague and arbitrary standard that does not define the necessary conduct or mental state required for punitive damages; and

j) Without judicial review on the basis of objective standards, including the three constitutional guideposts of reprehensibility, ratio and civil penalties, *See State Farm v. Campbell*, 538 U.S. 408 (2003).

FIFTY-FOURTH AFFIRMATIVE DEFENSE

Since punitive damages are criminal in nature, any award of such damages against New Albertson's in this matter would deny New Albertson's the protection afforded in criminal cases, including protection against unreasonable searches and seizures, double jeopardy, self incrimination, the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel as guaranteed under the Fourth, Fifth, Sixth and Fourteenth Amendments to the

United States Constitution and under the applicable law of this jurisdiction. Plaintiffs' equitable claims are barred because Plaintiffs have an adequate remedy at law.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are seeking punitive damages, punitive damages are not available because New Albertson's conduct, if any, was not willful, malicious, wanton, reckless, grossly negligent, or in reckless disregard of others' safety.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

New Albertson's is entitled to a set-off from any recovery against it to the extent each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, by collateral sources.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred due to the failure to provide New Albertson's requisite or timely notice of any claimed breach of warranty.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty are barred in whole or in part by New Albertson's disclaimers.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of warranty are barred in whole or in part because Plaintiffs are not in privity with New Albertson's.

## SIXTIETH AFFIRMATIVE DEFENSE

New Albertson's asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for breach of implied warranties are barred because New Albertson's was not made aware of any particular use of the products intended by Plaintiffs.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for express warranties are barred because Plaintiffs failed to identify any express warranties upon which they relied.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

The benefits of New Albertson's products or materials, if any, referred to in the Complaint outweigh the risk of danger and/or harm, if any, inherent in said products or materials.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

If any product distributed or sold by New Albertson's caused harm as alleged, which is denied, then such harm was proximately caused by misuse, modification, and/or abuse of the product in a manner neither intended nor foreseen by New Albertson's.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of applicable products sold by New Albertson's, if any, at issue in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred because the products sold by New Albertson's, if any, at issue in this case, were designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale. New Albertson's asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; and/or (2) the alleged danger of any such design characteristics.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for product defect are barred in whole or in part because the products alleged to be defective are expired.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery against New Albertson's because of the sophisticated user doctrine.

## SEVENTIETH AFFIRMATIVE DEFENSE

The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to claims for personal injuries and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, New Albertson's acts were at all times done in good faith and without malice.

## SEVENTY-SECOND AFFIRMATIVE DEFENSE

Any putative claims available to Plaintiffs but not joined in this action are barred for failure to assert those claims in the Complaint.

## SEVENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their failure to comply with conditions precedent to the right to recover.

## SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Any and all warnings or information pertaining to products distributed and/or sold by New Albertson's were, at all times relevant to the Complaint, in conformity with governmental requirements and thus Plaintiffs' claims are preempted and barred, in whole or in part, by Fla. Stat. § 768.1256, The Government Rules Defense.

## SEVENTY-FIFTH AFFIRMATIVE DEFENSE

Consequential damages are not available under the FDUTPA; accordingly, Plaintiffs' claims for such damages are barred.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against New Albertson's must be reduced under the laws of the State of Florida by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance. Plaintiffs may have settled their claims for alleged injuries and damages with certain parties. New Albertson's therefore is, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

New Albertson's asserts that it is not liable for any alleged wrongful action taken by employees of New Albertson's, which may have been taken outside the scope of and course of their duties and which were not authorized, condoned, or ratified by New Albertson's.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

New Albertson's is entitled to the benefits of all defenses and presumptions contained in, or arising from, any Uniform Commercial Code provisions enacted by the State of Florida and/or any of the states in which Plaintiffs allege to have made a purchase.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by New Albertson's First Amendment right to commercial speech.

## EIGHTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

The standards in Florida governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for fraud, nondisclosure, and/or misrepresentation, or claims based on allegations of fraud, nondisclosure, and/or misrepresentation, are barred in whole or in part

because New Albertson's and its officers and/or agents lack the requisite scienter, including specific intent and/or willfulness, necessary to establish "fraud," nondisclosure and/or misrepresentation.

EIGHTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they are based on New Albertson's failure to disclose information that New Albertson's had no duty to disclose.

EIGHTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek prospective relief.

EIGHTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent the monetary relief sought under the theory of unjust enrichment or any other theory of equitable relief because plaintiffs have failed to identify any specific fund or property unjustly held by New Albertson's.

EIGHTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' quasi contract claims fail, in whole or in part, because an adequate remedy at law exists.

EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

At all material times, Defendants acted with due care and complied with applicable statutory, regulatory, and common law requirements.  Accordingly, some or all of Plaintiffs' claims are or may be barred by Defendants' compliance with all applicable state, federal and local laws and regulations.

EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

The products sold by New Albertson's, at issue in this case, if any, conformed to their intended design and purpose and to the customary or state of the art designs, methods, standards and techniques of manufacturing, inspecting, testing and marketing of similar products.

EIGHTY-NINTH AFFIRMATIVE DEFENSE

New Albertson's adopts and incorporates by reference each additional affirmative defense plead now or later by any other defendant as though fully set forth here, to the extent they are applicable to any claims made against New Albertson's.

New Albertson's expressly reserves the right to amend and/or supplement this answer with additional defenses and affirmative defenses as discovery and investigation continue.

New Albertson's demands judgment in its favor and against each Plaintiff for all relief to which it is entitled, including but not limited to an award of attorneys' fees and costs under Florida Statutes Section 501.2105 and all other comparable state statutes providing for awards of attorneys fees to prevailing parties.

Respectfully submitted,

Dated: May 12, 2008

/s Craig P. Kalil

Craig P. Kalil
Fla. Bar No. 607282
Joshua D. Poyer
Fla. Bar No. 653349
2250 SunTrust International Center
One Southeast Third Avenue
Miami, Florida 33131
Tel: (305) 372-5924
Fax: (305) 373-7929

W. Randolph Teslik, P.C.
*Pro Hac Vice*
Andrew J. Dober
*Pro Hac Vice*
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, DC 20036
202-887-4000
202-887-4288
Attorneys for NEW ALBERTSON'S

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Affirmative Defenses to the Fourth Amended Complaint was filed with the Clerk of the Court by the CM/ECF filing system on May 12, 2008, which will send notice to all counsel or parties of record on the attached service list.

s/ Craig P. Kalil
Craig P. Kalil

## CERTIFICATE OF SERVICE

**RENEE BLASZKOWSKI, ET AL. vs. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/BROWN**

### SERVICE LIST

Catherine J. MacIvor
E-mail:  cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

John B.T. Murray, Jr.
E-mail:  jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone:  (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-Mail:  rd@kubickdraper.com
Maria Kayanan
E-mail:  mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Amy W. Schulman
E-mail:  amy.schulman@dlapiper.com
Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Lonnie L. Simpson
E-mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-mail:  Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
101 East Kennedy Boulevard
Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

Omar Ortega
E-mail: oortega@dortaandortega.com
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, FL  33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

Hugh J. Turner, Jr.
E-mail:  hugh.turner@akerman.com
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone:  (954) 463-2700
Facsimile:  (954) 463-2224

*Attorneys for Defendant Publix Super Markets,
Inc*

Dane H. Butswinkas
E-mail:  dbutswinkas@wc.com
Philip A. Sechler
E-mail:  psechler@wc.com
Thomas G. Hentoff
E-mail:  thentoff@wc.com
Patrick J. Houlihan
E-mail:  phoulihan@wc.com
Amy R. Davis
E-mail:  adavis@wc.com
Juli Ann Lund
E-mail:  jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C.  200005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, FL 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Kara L. McCall
E-mail: kmccall@Sidley.com
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*

Sherril M. Colombo
E-mail: scolombo@cozen.com
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

John F. Mullen
E-mail: jmullen@cozen.com
Julie Negovan
E-mail: jnegovan@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2000
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko
E-mail: calicko@hhlaw.com
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

Alan G. Greer
E-mail: agreer@richmangreer.com
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
E-mail: rctroyer@hhlaw.com
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendant Nestlé Purina Petcare
Co.*

James K. Reuss
E-mail: JReuss@lanealton.com
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of
Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
E-mail:  rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, FL  33131-2398
Telephone:  (305) 577-7040
Facsimile:  (305) 577-7001

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, FL  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

C. Richard Fulmer, Jr.
E-mail:  rfulmer@Fulmer.LeRoy.com
**FULMER, LeROY, ALBEE, BAUMANN &
GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, FL  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431

*Attorneys for Defendant The Kroger Co. of
Ohio*

Craig P. Kalil
E-mail:  ckalil@aballi.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO,
P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, FL  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendant New Albertson's Inc.
and Albertson's LLC*

W. Randolph Teslik, P.C.
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Jeffrey S. York
E-mail:  jyork@mcguirewoods.com
Michael M. Giel
E-mail:  mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL  32202
Telephone:  (904) 798-2680
Facsimile:  (904) 360-6330

*Attorneys for Defendant Natura Pet Products,
Inc.*

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
Tony F. Farmani
E-mail:  tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet Products, Inc.*