UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA-BROWN

RENEE BLASZKOWSKI, et al.,
individually and on behalf of others
similarly situated,

           Plaintiffs,

vs.

MARS, Inc., et al.,

           Defendants.
_____/

**DEFENDANT THE IAMS COMPANY'S MOTION TO SEQUENCE
DOCUMENT PRODUCTION AND TO LIMIT PLAINTIFFS' DOCUMENT REQUESTS**

Pursuant to Fed. R. Civ. P. 26 and this Court's authorization at the April 4, 2008 hearing,[1] Defendant The Iams Company ("Iams") respectfully asks for relief from the massive discovery requests propounded by Plaintiffs and seeks an order that approves reasonable discovery based upon a sensible sequencing of document production.[2]

While Iams (and other Defendants) have agreed to begin a rolling document production on May 30, 2008, provided that the parties can agree to a Protective Order, Iams asks this Court to approve a reasonable and orderly sequencing of document production that will allow Plaintiffs and Defendants to exchange all the information necessary for any party to seek or oppose any motion for class certification. Moreover, Iams' proposed sequenced plan provides

---

[1] The Court indicated at the April 4, 2008 hearing that counsel for Defendants could bring a discovery dispute relating to the breadth of discovery to this Court if such a dispute could not be resolved between counsel for Defendants and Plaintiffs. April 4, 2008 Hearing Tr., pp. 92-93 (relevant portions are attached to the accompanying Memorandum in Support as Exhibit A).

[2] Other Defendants intend to file a motion similar to Iams' Motion to seek relief from Plaintiffs' overbroad, irrelevant and unduly burdensome discovery requests.

Plaintiffs and Defendants with targeted merits-based documents and data for the named Plaintiffs and claims at issue, without needlessly delaying this matter and subjecting any party to unwieldy document discovery that could eventually prove to be unnecessary, expensive and wasteful.

The costliness and inefficiencies that will be created by unfettered and unsequenced discovery can be seen in the overbroad and unduly burdensome requests recently served by Plaintiffs on the manufacturing Defendants.[3] Plaintiffs served Iams (and the other manufacturing Defendants) with <u>376</u> separate Requests for the Production of Documents that require -- without exaggeration -- a review of almost every document and piece of data that is in Iams' possession. As shown in the attached declarations from Iams, responses to these overly expansive and unmanageable document requests would not only require Iams (and other Defendants) to search and review millions of pages of paper and electronic documents that are stored in various departments, paralyzing entire departments and much of Iams' business for many weeks, but such requests would unnecessarily and substantially delay this litigation.

The sweeping document requests conflict sharply with the representation to this Court and counsel for Defendants on April 4, 2008, that Plaintiffs' counsel had "no interest in looking at massive quantities of documents" (Hearing Tr., p. 92). Responding to all Plaintiffs' documents requests would require a massive production <u>and</u> impose an undue burden on Iams with little or no benefit to Plaintiffs and would result in the production of many documents that are not relevant to this action and that contain highly proprietary commercial information.

To avoid delay and the unnecessary massive burden and expense created by Plaintiffs' requests, Iams seeks a reasonable sequencing of document production as detailed below. Under Iams' proposed remedy to Plaintiffs' sweeping requests, this action will move

---

[3] Iams understand that Mars Petcare U.S., Inc., Nutro Products, Inc., Nestlé Purina Petcare Co., Natura Pet Products, Inc., Hill's Pet Nutrition, Inc., and Del Monte Foods, Co. have received nearly identical requests for documents.

2

efficiently toward the anticipated class certification hearing in the fall of 2008, and the projected cut-off date for discovery.

Iams proposes two phases of document production. First, Iams will produce expansive class certification-based and merits-based discovery during Phase I (the period up to the class certification hearing) and will defer the production of other documents until the second phase. More specifically, Phase I would include documents relating to class certification and targeted merits discovery for each named Plaintiff on the particular Iams products and advertisements they identify in the Fourth Amendment Complaint (Doc. No. 349). Further, Iams would produce general information requested by Plaintiffs pertaining to the parties' defenses and other litigation-related materials.

Second, Iams' proposed sequencing of document production would defer producing documents responsive to many of Plaintiffs' sweeping requests (if not narrowed by Plaintiffs or this Court) that require the review of millions of potentially irrelevant documents until after the class certification hearing. To more efficiently move this case forward, Phase II would defer document requests that seek enormous amounts of documents that are unrelated to this action, such as "all communications" among Iams and government and regulatory agencies (FDA, AAFCO, USDA and others) and "all documents" relating to ingredients used in some pet foods (such as BHA, BHT, and ethoxyquin, soy, fiber, vegetables, etc.). Such extensive discovery should wait until Phase II when the Court determines whether a class is certifiable. Additional discovery deferred to Phase II should include Iams' documents that are so highly confidential that only a select number of Iams' employees have access to them (e.g., Iams' recipes and current business and marketing plans). Since these highly sensitive documents are in no way relevant to class certification and disclosure would irreparably harm Iams, their

production should be required only if, and only after, the Court determines that they are relevant and necessary for Plaintiffs to prove their claims against Iams.

In sum, Iams' plan to sequence document production into two defined phases is a reasonable remedy to Plaintiffs' 376 requests for the production of documents.

### S.D. FLA. L. R. 7.1(A)(3) CERTIFICATION

Pursuant to Fed. R. Civ. P. 26(c) and S.D. Fla. L. R. 7.1(A)(3), the undersigned attorneys for Defendant Iams certify that they have made reasonable and good faith efforts to resolve this discovery dispute without Court intervention. Counsel for Iams contacted Plaintiffs' counsel by letters dated April 17, April 27, and May 2, 2008, raising this discovery dispute and informing Plaintiffs' counsel of the enormous burden of time and cost that would be imposed on Iams if it was required to respond to each document request in the First, Second and Third Requests for Documents. Plaintiffs' counsel was not available for a meet and confer with Iams' counsel (and attorneys for other Defendants) until May 7, 2008. At the May 7 teleconference (and through subsequent letters and emails),[4] a few discovery issues were resolved.[5]

Counsel for Plaintiffs and Iams, however, have reached an impasse as to the issues raised by this Motion to Sequence. At the May 7, 2008 teleconference and in her May 8,

---

[4] The letters and emails discussed below are authenticated through the May 16, 2008 Declaration of D. Jeffrey Ireland in Support of Defendant The Iams Company's Motion to Sequence Document Production and to Limit Plaintiffs' Document Requests ("Ireland Decl."), which is attached to the accompanying Memorandum in Support as Exhibit B. These communications are attached as follows: the May 8, 2008 letter from Iams' counsel to Plaintiffs' counsel is attached to the Ireland Decl. as Exhibit 1; the May 8, 2008 letter from Plaintiffs' counsel to Iams' counsel is attached to the Ireland Decl. as Exhibit 2; the May 13, 2008 letter from Iams' counsel to Plaintiffs' counsel is attached to the Ireland Decl. as Exhibit 3; and the May 7 and 9, 2008 email communications between Iams' counsel and Plaintiffs' counsel are collectively attached to the Ireland Decl. as Exhibit 4.

[5] Specifically, counsel for Plaintiffs agreed at the teleconference and in her May 8, 2008 letter (Exhibit 2 to the Ireland Decl.) to an extension of time to May 30, 2008 for Iams (and other Defendants) to serve written responses and objections to Plaintiffs' document requests and to produce documents falling within the categories set forth below. In exchange for her agreement, Defendants' attorneys provided Plaintiffs with an extension of 30 days to respond to Defendants' discovery requests. Through a letter dated May 8, 2008 (Exhibit 1 to the Ireland Decl.) and emails dated May 7 and 9, 2008 (Exhibit 4 to the Ireland Decl.), Iams' counsel informed counsel for Plaintiffs that Iams (and other Defendants) would produce documents on a rolling basis limited to the time period from May 9, 2003 to May 9, 2007.

4

2008 letter (Exhibit 2 to the Ireland Decl.), Plaintiffs' counsel conceded that some of her document requests were very broad and promised to provide to Defendants a list of the specific products purchased by named Plaintiffs. Plaintiffs' counsel, however, has refused to narrow her document requests and has not informed Iams, or any other Defendant, of the specific products at issue. Rather, Plaintiffs' counsel has asked Defendants to suggest possibilities for narrowing her requests that Defendants believe are over broad and unduly burdensome, even though only Plaintiffs have the necessary knowledge as to what products are at issue and what information they need to prove their claims. She identified one additional Iams product, Iams Kitten food (see Exhibit 2 to the Ireland Decl.), but not a complete list.

Most important, counsel for Plaintiffs and Iams disagree as to the efficiency of phasing discovery in a manner that allows full preparation for the class certification hearing and targeted merits discovery relating to Plaintiffs in Phase I. At the May 7 teleconference and in his May 8 and 13, 2008 letters (Exhibits 1 and 3, respectively, to the Ireland Decl.), Iams' counsel explained that before the certification hearing Iams (and other Defendants) would produce documents relevant to class certification, as well as "significant merits based discovery" relating to the "individual named plaintiffs," including many broad categories of documents regarding the "products identified in the complaint." Nonetheless, counsel for Plaintiffs has refused repeatedly to agree to Iams' proposed limitation, thus necessitating this Motion to Sequence and request for relief from the extremely broad discovery requests.

A proposed Order is attached to the accompanying Memorandum in Support as Exhibit J.

Respectfully submitted,

OF COUNSEL:

D. Jeffrey Ireland
E-mail:  djireland@ficlaw.com
Brian D. Wright
E-mail:  Bwright@ficlaw.com
Laura A. Sanom
E-mail:  lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio  45402

　　　/s/ Alan G. Greer
Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant*
*The Iams Company*

## CERTIFICATE OF SERVICE

I certify that on the 16th day of May 2008, I electronically filed the foregoing Defendant The Iams Company's Motion to Sequence Document Production and to Limit Plaintiffs' Document Requests with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

| | |
|---|---|
| Catherine J. MacIvor<br>Email:     cmacivor@mflegal.com<br>Jeffrey Eric Foreman<br>Email: jforeman@mflegal.com<br>Jeffrey Bradford Maltzman<br>Email: jmaltzman@mflegal.com<br>Darren W. Friedman<br>Email: dfriedman@mflegal.com<br>Bjorg Eikeland<br>Email: beikeland@mflegal.com<br>**MALTZMAN FOREMAN PA**<br>One Biscayne Tower<br>2 South Biscayne Boulevard, Suite 2300<br>Miami, FL 33131-1803<br>Telephone: (305) 358-6555<br>Facsimile:  (305) 374-9077<br><br>*Attorneys for Plaintiffs* | John B.T. Murray, Jr.<br>Email:     jbmurray@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, FL 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile:  (561) 655-1509<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation* |
| Rolando Andres Diaz<br>Email:     rd@kubickdraper.com<br>Maria Kayanan<br>Email: mek@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street<br>Penthouse<br>Miami, FL 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile:  (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* | Amy W. Schulman<br>Alexander Shaknes<br>Email: Alex.Shaknes@dlapiper.com<br>**DLA PIPER US LLP**<br>1251 Avenue of the Americas<br>New York, New York 10020<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

| | |
|---|---|
| Lonnie L. Simpson<br>Email: Lonnie.simpson@dlapiper.com<br>S. Douglas Knox<br>Email: Douglas.knox@dlapiper.com<br>**DLA PIPER US LLP**<br>101 East Kennedy Boulevard<br>Suite 2000<br>Tampa, FL 33602-5149<br>Telephone: (813) 229-2111<br>Facsimile: (813) 229-1447<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* | Hugh J. Turner, Jr.<br>**AKERMAN SENTERFITT**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, FL 33301-2229<br>Telephone: (954) 463-2700<br>Facsimile: (954) 463-2224<br>Email:   hugh.turner@akerman.com<br><br>*Attorneys for Defendant Publix Super Markets, Inc* |
| Omar Ortega<br>**DORTA AND ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, FL 33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br>Email: oortega@dortaandortega.com<br><br>*Attorneys for Defendants Mars, Incorporated, Mars Petcare U.S., Inc. and Nutro Products, Inc.* | Dane H. Butswinkas<br>Email: dbutswinkas@wc.com<br>Philip A. Sechler<br>Email: psechler@wc.com<br>Thomas G. Hentoff<br>Email: thentoff@wc.om<br>Patrick J. Houlihan<br>Email: phoulihan@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 Twelfth Street, N.W.<br>Washington, D.C. 200005<br><br>*Attorneys for Defendants Mars, Incorporated, Mars Petcare U.S., Inc. and Nutro Products, Inc.* |

| | |
|---|---|
| Benjamine Reid<br>Email: breid@carltonfields.com<br>Olga M. Vieira<br>Email: ovieira@carltonfields.com<br>Ana M. Craig<br>Email: acraig@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Bank of America Tower at International Place<br>Miami, FL 33131-9101<br>Telephone: (305) 530-0050<br>Facsimile: (305) 530-0055<br><br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.* | John J. Kuster<br>Email: jkuster@sidley.com<br>James D. Arden<br>Email: jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.* |
| Kara L. McCall<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn<br>Chicago, Illinois 60603<br>Telephone: (312) 853-2666<br>Email: kmccall@Sidley.com<br><br>*Attorneys for Defendant Hill's Pet Nutrition, Inc.* | Sherril M. Colombo<br>**COZEN O'CONNOR**<br>Wachovia Center, Suite 4410<br>200 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br>Email: scolombo@cozen.com<br><br>*Attorneys for Defendant Del Monte Foods, Co.* |
| Richard Fama<br>Email: rfama@cozen.com<br>John J. McDonough<br>Email: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* | John F. Mullen<br>Email: jmullen@cozen.com<br>Julie Negovan<br>Email: jnegovan@cozen.com<br>**COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2000<br>Facsimile: (215) 665-2013<br><br>*Attorneys for Defendant Del Monte Foods, Co.* |

| | |
|---|---|
| Carol A. Licko<br>**HOGAN & HARTSON L.L.P.**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, FL 33131<br>Telephone: (305) 459-6500<br>Facsimile: (305) 459-6550<br>Email: calicko@hhlaw.com<br><br>*Attorneys for Defendant Nestlé Purina Petcare Co.* | Robert C. Troyer<br>**HOGAN & HARTSON L.L.P.**<br>1200 17th Street<br>One Tabor Center, suite 1500<br>Denver, Colorado 80202<br>Telephone: (303) 899-7300<br>Facsimile: (303) 899-7333<br>Email: rctroyer@hhlaw.com<br><br>*Attorneys for Defendant Nestlé Purina Petcare Co.* |
| Craig A. Hoover<br>Email: cahoover@hhlaw.com<br>Miranda L. Berge<br>Email: mlberge@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>555 13TH Street, NW<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br><br>*Attorneys for Defendant Nestlé Purina Petcare Co.* | James K. Reuss<br>**LANE ALTON & HORST, LLC**<br>Two Miranova Place<br>Suite 500<br>Columbus, Ohio 43215<br>Telephone: (614) 233-4719<br>Email: JReuss@lanealton.com<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |
| Robin L. Hanger<br>**SQUIRE, SANDERS & DEMPSEY L.L.P.**<br>200 S. Biscayne Boulevard<br>40th Floor<br>Miami, FL 33131-2398<br>Telephone: (305) 577-7040<br>Facsimile: (305) 577-7001<br>Email: rlhanger@ssd.com<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.* | Ralph G. Patino<br>Email: rpatino@patinolaw.com<br>Dominick V. Tamarazzo<br>Email: dtamarazzo@patinolaw.com<br>Carlos B. Salup<br>Email: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, FL 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* |

| | |
|---|---|
| C. Richard Fulmer, Jr.<br>**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, FL 33306<br>Telephone: (954) 707-4430<br>Facsimile: (954) 707-4431<br>Email: rfulmer@Fulmer.LeRoy.com<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* | Craig P. Kalil<br>Email: ckalil@aballi.com<br>Joshua D. Poyer<br>Email: jpoyer@aballi.com<br>**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**<br>2250 Sun Trust International Center<br>One Southeast Third Avenue<br>Miami, FL 33131<br>Telephone: (305) 373-6600<br>Facsimile: (305) 373-7929<br><br>*Attorneys for Defendant New Albertson's Inc. and Albertson's LLC* |
| W. Randolph Teslik, P.C.<br>Email: rteslik@akingump.com<br>Andrew Dober<br>Email: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* | Jeffrey S. York<br>Email: jyork@mcguirewoods.com<br>Michael M. Giel<br>Email: mgiel@mcguirewoods.com<br>**McGUIRE WOODS LLP**<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Telephone: (904) 798-2680<br>Facsimile: (904) 360-6330<br><br>*Attorneys for Defendant Natura Pet Products, Inc.* |
| Kristen E. Caverly<br>Email: kcaverly@hcesq.com<br>**HENDERSON & CAVERLY LLP**<br>P.O. Box 9144<br>16236 San Dieguito Road, Suite 4-13<br>Rancho Santa Fe, California 92067-9144<br><br>*Attorneys for Defendant Natura Pet Products, Inc.* | |