# FARUKI IRELAND & COX P.L.L.

### ATTORNEYS AT LAW

**500 Courthouse Plaza, S.W.   10 North Ludlow Street   Dayton, Ohio 45402   937-227-3700   Fax 937-227-3717**

D. Jeffrey Ireland
(937) 227-3710
djireland@ficlaw.com

May 8, 2008

*VIA E-MAIL;*
*CONFIRMATION COPY BY FIRST CLASS MAIL*

Catherine J. MacIvor, Esquire
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2300
Miami, Florida 33131-1803

      Re:  Blaszkowski, et al. v. Mars, Inc., et al.,
            Case No. CV-07-21221 (S.D. Fla.)

Dear Catherine:

      As a follow-up to our telephone conversation and your meeting with Alan Greer on May 7, 2008, I want to confirm a number of issues that we discussed.

      First, we believe that your initial requests for production of documents (First, Second and Third sets) are overly broad and would require, if interpreted literally, the production of virtually all of the documents (electronic and otherwise) in the possession of The Iams Company ("Iams"). You indicated that the requests were not intended to be so broad and that you would review them and let us know which of them can be narrowed.

      Second, I suggested phased discovery as an appropriate limitation on the broad requests, which would allow both Plaintiffs and Defendants to produce and receive documents necessary to prepare for the class certification hearing as well as significant merits based discovery first, and then producing additional information after a ruling on class certification. You stated that you are not interested in bifurcating the merits from class discovery. To be clear, I did not propose bifurcation, but phasing which is broader. However, I understand that we disagree on this point, and defendants certainly reserve their right to pursue a phased discovery plan before the Court, if necessary.



Exhibit 1

TRUSTED WISDOM. EXTRAORDINARY RESULTS.

**FARUKI IRELAND & COX P.L.L.**

Catherine J. MacIvor, Esquire
May 8, 2008
Page 2


      Third, you agreed to provide each of the manufacturing defendants with a list of the specific products that are at issue in the case. Once you do so, we will let you know within five business days whether it is necessary for you to move to compel the production of documents.

      Fourth, we discussed a number of categories of documents that the manufacturing defendants are willing to produce with respect to their respective products identified in the complaint, for the class period (since May 2003). We will begin a rolling production of those documents on May 30, 2008. These categories include: (1) identities of persons with knowledge of the allegations in the Complaint (in a list that is broader than is typically required by initial disclosures); (2) documents mentioning any named plaintiff; (3) ingredient lists; (4) packaging materials; (5) quality control standards and procedures (and you specifically noted, without prejudice, that you are not interested in daily testing reports as part of a quality assurance program); (6) sales histories; (7) marketing materials published to consumers; (8) the identity of manufacturing facilities, co-packers and rendering facilities (i.e. a list); (9) documents that we plan to use at the class certification hearing; (10) press releases as they pertain to the products identified in the complaint; and (11) litigation related to the products identified in the complaint.

      We agreed that much of the information that you have requested (and we will be producing) is highly confidential and proprietary. The manufacturing defendants are competitors and the retail defendants are customers (and competitors of each other). Competitive sensitive information applies to a wide variety of requests that you have made. Thus, it is absolutely necessary that we have a very strict protective order in order to limit the disclosure of confidential and proprietary information. We will distribute a draft protective order to you next week. It will need to be executed before some of the documents are produced.

      We discussed the time period of the document requests served on the manufacturing defendants. As you suggested, we are willing to limit the time period of our requests to five years, assuming that you limit your requests to five years. Of course, this limitation is without prejudice to a subsequent claim by plaintiffs or defendants that additional documents should be produced.

      I sent you an email on May 7, 2008, confirming an extension until May 30, 2008, for document production, as well as for written objections/responses to the pending discovery requests. Thank you for your cooperation.

FARUKI IRELAND & COX P.L.L.

Catherine J. MacIvor, Esquire
May 8, 2008
Page 3

      Again, I appreciate your willingness to confer on these subjects. We look forward to working with you on a mutually cooperative basis as this case moves forward. If you have any questions, or if you believe that this letter misstates our discussion, please let me know as soon as possible.

                            Very truly yours,

                            D. Jeffrey Ireland

DJI/lrc

c:    Alan G. Greer, Esquire
      Laura A. Sanom, Esquire
      Philip A. Sechler, Esquire
      James D. Arden, Esquire
      Richard Fama, Esquire
      Kristen E. Caverly, Esquire
      Carol A. Licko, Esquire
        (All via *E-Mail*)