# FARUKI IRELAND & COX P.L.L.

### ATTORNEYS AT LAW

**500 Courthouse Plaza, S.W.**    **10 North Ludlow Street**    **Dayton, Ohio 45402**    **937-227-3700**    **Fax 937-227-3717**

D. Jeffrey Ireland
(937) 227-3710
djireland@ficlaw.com

May 13, 2008

*VIA E-MAIL;*
*CONFIRMATION COPY BY FIRST CLASS MAIL*

Catherine J. MacIvor, Esquire
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2300
Miami, Florida 33131-1803

       Re:     Blaszkowski, et al. v. Mars, Inc., et al.,
                    Case No. CV-07-21221 (S.D. Fla.)

Dear Catherine:

      I am following up on the exchange of emails concerning discovery that occurred on May 9, 2008.

      You asked me to identify the overly broad requests among the 374 requests for documents that have been served on my client, The Iams Company ("Iams"). As I explained in our meet and confer on May 7, 2008, a number of the requests are overly broad. Just as one example to illustrate the problem, Request Nos. 12 through 15 seek all documents that Iams sent to or received from any branch of the United States government, all documents sent to or received from any branch of the U.S. government by a third party on Iams' behalf, all documents that Iams sent to or received from any branch of any state government, and all documents sent to or received from any branch of any state government by any third party on Iams' behalf. Similar requests have been served on Mars, Hill's, Purina, Del Monte and Natura. Since the U.S. government includes many different agencies and Iams does business in every state, these requests seek, literally, hundreds of thousands of pages of irrelevant documents. They include communications between Iams and the U.S. Department of Treasury (for issues relating to tax, such as W-2s, etc.), information sent to the Department of Health and Human Services for EEOC compliance, information sent to any state concerning Workers' Compensation and taxes, etc. These requests are overly broad on their face, and I would hope that you did not intend for the requests to be nearly so broad.



Exhibit 3

TRUSTED WISDOM. EXTRAORDINARY RESULTS.

ficlaw.com

FARUKI IRELAND & COX P.L.L.

Catherine J. MacIvor, Esquire
May 13, 2008
Page Two

      I cannot, however, narrow the requests for you since I do not know what you think you truly need to move your side of the case forward. Even if I try to limit the requests to communications with the federal agencies you mention in the Fourth Amended Complaint (FDA and USDA), there are communications with these agencies that have nothing to do with the allegations of your complaint. Moreover, you already have a number of very broad requests (see Second Request for Production of Documents, Nos. 72-94, and Third Request for Production of Documents, Nos. 114-118, 130-134 and 139-142) relating to communications with and from the FDA and USDA.

      There are many other examples, but my point is simply that you know your case and will, I hope, be able to review the requests and recognize those which are overly broad given what you can hope to prove. As we have discussed, we are beginning document production on May 30, 2008 with a rolling production, and we will also serve objections to the individual requests at that time.

      The scope of your requests and the burden associated with responding to them are, of course, one of the reasons why defendants had suggested phasing discovery. I understand from your prior communications that you disagree with our proposal for phased discovery. Nonetheless, we remain committed to providing you with the discovery responses that you need in order to prepare for a class certification hearing as well as having discovery on overlapping merits and class issues and significant merits discovery relating to the individual named plaintiffs. Again, if you are unwilling to narrow the requests, or to permit discovery to move forward in an efficient manner that will allow the parties to prepare for the class certification hearing as well as engage in overlapping merits discovery, then we reserve our right to ask the Court for guidance.

      If you have any questions, please let me know.

Very truly yours,

D. Jeffrey Ireland

DJI/lrc

c:    Alan G. Greer, Esquire
      Philip A. Sechler, Esquire
      James D. Arden, Esquire
      Richard Fama, Esquire
      Kristen E. Caverly, Esquire
      Craig A. Hoover, Esquire
      Carol A. Licko, Esquire
      Laura A. Sanom, Esquire
        (All via *E-Mail*)