UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, et al., individually
and on behalf of others similarly situated,

                               Plaintiffs,

vs.

MARS INC., et al.,

                               Defendants.
_____/

**DECLARATION OF TERRI WILSON IN SUPPORT OF DEFENDANT THE IAMS COMPANY'S MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY**

STATE OF OHIO                )
                                   ) SS:
COUNTY OF MONTGOMERY )

       I am making this declaration based on personal knowledge available to me in my position with The Iams Company d/b/a P&G Pet Care ("Iams"), and I am competent to testify to the statements of fact set forth below.

       1.      I am employed at Iams in the Legal Department, and I am responsible for assisting with managing litigation for Iams, including assisting with responding to discovery.

       2.      I have reviewed the Fourth Amended Complaint ("Complaint") and I am familiar with the allegations that have been pled and alleged against Iams and most of the rest of the pet food industry (including most of Iams' competitors) in that Complaint. In addition, I

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
DECLARATION OF TERRI WILSON IN SUPPORT OF DEFENDANT THE IAMS COMPANY'S
MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY

Exhibit I

Dockets.Justia.com

have reviewed all 116 of the Documents and Things to be Produced in Plaintiffs' First Request for Production of Documents and Things to Defendant The Iams Company ("First Request for Documents"), all 102 of the Documents and Things to be Produced in Plaintiffs' Second Request for Production of Documents and Things to Defendant The Iams Company ("Second Request for Documents"), and all 158 of the Documents and Things to be Produced in Plaintiffs' Third Request for Production of Documents and Things to Defendant The Iams Company ("Third Request for Documents").

3. I have investigated the documents and data available to and retained by Iams to provide an estimate of the amount of data that would be required to be reviewed by Iams' personnel to respond to the First, Second, and Third Requests for Documents. Iams has over 900 employees in five separate production facilities in the United States, including facilities in Dayton, Lewisburg, and Leipsic, Ohio; Aurora, Nebraska; and Henderson, North Carolina. It is not an exaggeration to say that many, if not all, of these employees maintain or monitor electronic and paper files that must be reviewed for responsiveness and privilege issues before being produced to Plaintiffs.

4. Responding to the First, Second, and Third Requests for Documents would require that Iams review all of the paper and electronic documents and data (including thousands of e-mail messages) for many of the key employees at Iams. Most of the key employees have email (exchange and archive) files that contain several gigabits of data. This review could easily require that Iams review over a terabit of data — or more — for responsiveness and privilege issues before documents and data can be being produced to Plaintiffs. Moreover, several of the document requests in the First, Second, and Third Requests

2

for Documents seek historical documents and data — some of which seek documents and data that are between 10 and 35 years old. Any search for such dated information would require Iams to review its archive data, which would be time consuming and expensive. Such a review is likely to provide few, if any, documents that would be relevant to the allegations in the Complaint.

     5.    Given the vast number of documents and amount of data that would need to be reviewed to respond to each of Plaintiffs' requests in the First, Second, and Third Requests for Documents, it is difficult to precisely estimate the costs, as measured in employee hours and lost time, devoted to Iams' business to review this enormous amount of data. However, while not considering the business costs and losses to Iams associated with ceasing any business function, I estimate that it would cost Iams several hundreds of thousands of dollars, or more, in out-of-pocket expenses and lost productivity in order to respond to each of the broad requests for documents and data in Plaintiffs' First, Second, and Third Requests for Documents.

3

CASE NO. 07-21221-CIV-ALTONAGA/BROWN
**DECLARATION OF TERRI WILSON IN SUPPORT OF DEFENDANT THE IAMS COMPANY'S
MOTION FOR PROTECTIVE ORDER TO LIMIT DISCOVERY**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 24, 2008.

_____
TERRI WILSON