RICHMAN GREER
PROFESSIONAL ASSOCIATION

Miami Center, Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131-2305

Telephone: (305) 373-4000 Fax: (305) 373-4099



Date: May 2, 2008

No. of Pages (including this page): 3

From: Alan G. Greer

To: Catherine J. MacIvor

Firm: Maltzman Foreman, P.A.

Matter Number: 7932-1

Sender/Ext:

Fax Number: (305) 374-9077

Remarks:

*NOTE: This fax may contain privileged attorney-client information or lawyer work product which is intended to remain confidential. In the event you have received this transmission in error, please contact the sender before disclosing the contents to any person.*

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Exhibit "I"**

Case 1:07-cv-21221-CMA Document 396-11 Entered on FLSD Docket 05/22/2008 P

RICHMAN GREER
PROFESSIONAL ASSOCIATION

Gerald F. Richman 1.5
Alan G. Greer 1.5
Kenneth J. Weil
John M. Brumbaugh 1
Bruce A. Christensen 2
Charles H. Johnson 3
Gary S. Betensky
Diane Wagner Katzen 6
Manuel A. Garcia-Linares 4
Mark A. Romance
John G. White, III
Lyle E. Shapiro
Michael J. Napoleone
Ronald P. Ponzoli, Jr.
John R. Whittles
Melissa Fernandez
Jill G. Weiss
Eric M. Sodhi
Leora B. Freire
Adam M. Myron

Ray H. Pearson (1922-2004)

Robert L. Floyd (1918-2007)

1 Certified in Civil Trial Law By The Florida Bar
2 Certified in Marital & Family Law By The Florida Bar
3 Certified in Wills, Trusts & Estates By The Florida Bar
4 Also, Certified Public Accountant In Florida
5 Certified in Business Litigation By The Florida Bar
6 Florida Supreme Court Certified Civil Court Mediator

REPLY TO:
Miami Office

May 2, 2008

***Via Electronic Mail/U.S. Mail /Facsimile***

Catherine J. MacIvor, Esquire
Maltzman Foreman, P.A.
2 South Biscayne Boulevard
Suite 2300
Miami, FL 33131

Subject: Blaszkowaski, et al v. Mars, et al
CASE NO. 1:07-cv-21221-CMA

Dear Catherine:

In anticipation of our meeting next Wednesday, May 7, 2008, and based upon our exchange of emails, I want to provide you with background information concerning your First, Second and Third Requests for Documents to The Iams Company ("Iams"). Notwithstanding your suggestion to the contrary in one of your emails, these requests are in fact monumental. If we need to do so, then we are prepared to demonstrate to the Court that your requests, if we are required to comply, would require the production of virtually every document (electronic and otherwise) in Iams' possession.

For that reason, one of the items to be discussed on May 9, 2008 is the prospect for phased discovery. When we spoke with the Court on April 4, 2008, we asked the Court to consider bifurcated discovery in this case. At that time, you represented to Judge Altonaga and Defendants that you had no interest in reviewing thousands of pages of documents. Unfortunately, the requests you have propounded seek many millions, not just thousands, of documents that would take months for Iams' personnel to retrieve and produce. In effect, the requests as currently framed would paralyze whole departments of Iams for weeks, as employees cull through every file potentially responsive to the requests. We anticipate that in terms of your parallel requests to the other defendants, most, if not all, of them will have similar volumes of material so you would be potentially facing tens of millions of documents requiring your review.

For example, your requests to Iams for all documents sent to any branch of the United States or any state government is enormous in scope.

These requests would literally call for every W-2 for every employee, property tax documents for company property, and volumes of additional information with no relevance to the issues in this case. Similarly, your requests for consumer complaints would require a search of the 380,000 contacts Iams' customer service representatives (and veterinarians) have annually with customers.



We are interested in moving this case forward and would propose a phased discovery that will allow this matter to get to a class certification hearing by the anticipated fall 2008 date. We are prepared to go forward with class-certification related document production and discovery related to the allegations concerning the plaintiffs, with production beginning on a rolling basis as early as May 30, 2008 assuming that you are willing to agree to an extension of defendants' response date to your three sets of document requests to that time. Obviously, some items may take longer to retrieve and produce than others, but we are amenable to a rolling production. We will know more as our work to respond to your requests progresses.

Likewise, while it may be more efficient for the parties to put off merits discovery until after class certification we will be prepared to discuss also producing some merits discovery documents on the same rolling schedule.

For class-certification related discovery, we would produce those documents regarding Plaintiffs and the claims and the products complained of in the Fourth Amended Complaint for the time period of the class, i.e. from May 1, 2003.

We look forward to discussing this matter with you on May 7, 2008.

Very truly yours,

Alan

Alan G. Greer

AGG/lrc

c: D. Jeffrey Ireland, Esq.
Laura A. Sanom, Esq.