MALTZMAN FOREMAN

ATTORNEYS AT LAW

CATHERINE J. MACIVOR
PARTNER
CMACIVOR@MFLEGAL.COM

May 8, 2008

**VIA ELECTRONIC TRANSMISSION**

D. Jeffrey Ireland
Faruki Ireland & Cox P.L.L.
500 Courthouse Pl., S.W.
Dayton, Ohio 45402

**RE:** ***Blaszkowski et al. vs. Mars, Inc., et al.***
**Case No. 07-21221**

Dear Mr. Ireland:

This letter is in response to the discussion that took place during the meeting yesterday morning with Alan Greer and which you and other representatives of the Defendant Manufacturers attended by telephone.

During the meeting / telephone conference, you and Alan Greer advised me that you were seeking a thirty day extension of time to both produce some documents and to file a written response to the Plaintiffs' discovery requests. You advised that you are prepared to provide the following on or before May 30, 2008:

1. You will identify people with knowledge of the issues in the lawsuit with more detail than required by mandatory disclosure;

2. Documents that mention or name any of the Plaintiffs listed in the Fourth Amended Complaint;

3. Ingredient lists;

4. Packaging and marketing materials only for the specific products referenced in the lawsuit;

For example, paragraph 75 refers to Iams original and "Veterinarian Recommended" advertising. These are specific examples that I provided in the pleading and did not list the specific products that each Plaintiff purchased, but rather listed the manufacturers of the products. In fact, more brands were purchased by the Plaintiffs. For example, one plaintiff purchased Iams Kitten food, Original, Senior hairball and weight control and



Exhibit "J"

more than one Plaintiff purchased multiple products. As I advised the Defendants during the meeting, if that is the position that you all will be taking, the Plaintiffs do not agree and I would like you to confirm that as soon as possible so that I can file a motion to compel. Please consider our discussion my request to confer about a motion to compel on that issue because I believe that such a position is unreasonable.

You have asked for a list of products prior to giving me your position on whether you will produce the advertising and packaging information without an order compelling same. While I believe that you should be able to advise what position you will take without first seeing a list of products, I will provide you with a list of products purchased by the Plaintiffs and you have agreed to respond with the Defendant Manufacturers' position within 5 calendar days. Please confirm that in writing and I will provide the list.

5. "Some" quality control procedures (although the Defendant Manufacturers are not sure what you will produce).

6. Sales histories orders for products via a compendium or through some other sort of document or documents.

7. You will provide a list of co-packers and rendering companies with which they do business.

8. What you will rely on for class certification.

9. Press releases regarding the products at issue

10. Documents regarding information management retention policies

11. You will produce documents where the Defendant Manufacturers have been parties in litigation concerning their pet food products.

Note: You plan to limit scope to the class period, which is May 9, 2003 through May 9, 2007.

You have stated that you believe that you can produce the above-referenced documents or information by May 30, 2008. Frankly, based upon our conversation today, I was not provided with very much information as to why this amount of information will take two months to produce, i.e., from approximately April 6 through May 30, 2008. It does not appear to be that much information, particularly where the Defendants have requested rather extensive information from the Plaintiffs that is extremely burdensome and time consuming to respond to.

After having considered your proposal and given the scant amount of information that I have about what will actually be produced, the only thing that I can say is that the Plaintiffs will agree to allow you until May 30, 2008 to provide the documents discussed, but not solely to provide a list of written objections or a motion to bifurcate discovery or

a protective order. The Plaintiffs wish discovery to go forward as expeditiously as possible. The Plaintiffs do not agree to any sort of stages of production relating somehow to merits and class discovery nor do we think the Defendants are in a position, as you suggested today, to determine what documents the Plaintiffs will "need" for class certification. The Plaintiffs' interest is not solely in class certification. Had I known that you would attempt to do an end run on the Court's order that class and merits discovery will go forward simultaneously, I would never have agreed to the deadlines in the recently filed scheduling order.

I will review whatever documents you produce on May 30, 2008 and unless there is further discussion about the manner in which the discovery is burdensome, with far more specific detail than I received this morning, I will have no choice but to move to compel whatever documents are lacking from the production if I am not advised when the remaining documents will be produced. If the above-referenced documents are the only documents that you intend to produce, the Plaintiffs would consider the response to be patently insufficient to move this case along. For example, I would think that organizational charts, which I have requested, would be rather easy to obtain. If however, you consider this a start, I would appreciate receiving a schedule as to when all of the other information will be produced and for those requests that you feel are overbroad, a list of those and how you propose that they be narrowed.

On a final note, I again request the Defendants to agree to a similar thirty day extension without requiring anything to be provided to them first, i.e., without tying that to deposition schedules[1] or anything else. I have agreed to the extension based upon your representation that you will provide me with documents. I would appreciate the same courtesy in return. I was out of the office and had filed Notices of Unavailability well before the Defendants ever propounded discovery in this case. I need some time to discuss this extensive discovery with each of them and to obtain the expansive information that you have requested. Please advise by close of business tomorrow whether the Manufacturer Defendants will agree to extend the time for the Plaintiffs to respond to discovery for thirty (30) days as I have with the Defendants. If we intend to work together, reciprocal agreements and professional courtesies should be exchanged.

Very truly yours,

*s/Catherine J. MacIvor*

Catherine J. MacIvor

cc: All Plaintiffs of Record
Alan Greer, Esquire (via electronic transmission)

---

[1] I have already advised Ms. Caverly that I am essentially tied up in deposition on a near daily basis between now and mid-July, some of which will be out of town and others out of the country. I am putting together a deposition schedule that will, hopefully, work for the Plaintiffs and the Defendants and should have that ready shortly. In any event, a thirty day extension would allow plenty of time for review of the discovery prior to the depositions.

Carol Licko, Esquire (via electronic transmission)
James Arden, Esquire (via electronic transmission)
Phil Sechler, Esquire (via electronic transmission)
Richard Fama, Esquire (via electronic transmission)
Kirsten Caverly, Esquire (via electronic transmission)