# EXHIBIT 4

Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

       Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

       Defendants.

_____/

**PLAINTIFF, RENEE BLASZKOWSKI'S RESPONSES TO
DEFENDANTS' JOINT FIRST REQUESTS FOR PRODUCTION**

**OBJECTIONS TO DEFINITIONS**

**Definition # 1**

The Plaintiffs object to the definition of "you" "yours" and "yourselves" because it is overbroad to the extent that it includes a "spouse, relative, officers, employees, agents, investigators, representatives or other persons acting, or purporting to act, on behalf of the Plaintiffs. In the context of request for production number 2, the Defendants request "All documents pertaining to any fact alleged in the Complaint." See Request number 1. Thus, based on this definition, *as to only one request*, each Plaintiff would have to interview a spouse, relatives, representative, etc. about 1,281 paragraphs in six (6) pleadings *and* "any fact underlying the subject matter of the action." This is compounded where, for example, Request Number 22 seeks "All documents pertaining to any electronic communication you sent or received, directly or indirectly, regarding pet food during the last five (5) years, including emails and postings on websites, weblogs, electronic bulletin boards, or other electronic media." See Request number 22. This request would thus include any direct or "indirect" electronic communications from spouses, relatives, officers, employees, agents, investigators and representatives regarding pet food over a five (5) year period of time

The definition makes each and every request overbroad and unduly burdensome for the Plaintiffs to formulate a response. *Johnson v. Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59 (D. Kan. 2006) ("[a] request may be overly broad on its face 'if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope.' A request seeking documents 'pertaining to' or 'concerning' a broad range of items

'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.'"). "Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests "must describe with reasonable particularity" each item or category of items to be produced." *Id.; Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (same); *Horowitch v. Diamond Aircraft Indus*., 2007 U.S. Dist. LEXIS 29626 (M.D. Fla. 2007) (same); *Regan-Touhy v. Walgreen Co*., 2008 U.S. App. LEXIS 10704 (10th Cir. 2008) (same); *Schlafly v. Caro-Kann Corp*., 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); *R.W. Int'l Corp. v. Welch Foods, Inc*., 937 F.2d 11, 18 (1st Cir. 1991) (same); *United States v. Approximately $141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030 (E.D. Cal. 2007) (same); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. 614, 618 (D. Colo. 2007) (same).

## Definition # 2

The Plaintiffs object to the definition of "document" which is also overbroad in that the definition seeks documents that "pertain directly or indirectly either to *any of the subjects listed below* or to *any other matter relevant to the issues in this action*." First, the use of the word "pertains," which is defined in Definition # 7, makes the definition overbroad because it encompasses two layers of definitional terms that are excessive. Thus, for example, in taking into account Definition # 7, the Plaintiffs would somehow have to figure out whether a document "indirectly" "relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts" "either to any of the subjects listed below or to any other matter relevant to the issues in this action." It is further difficult to determine what the Defendants mean by the use of the word "indirectly."

Second, expanding the scope to any matter that is relevant to the *subject matter of this action* expands the scope beyond the Fourth Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1) (discovery of any matter relevant to the subject matter involved in the action is permitted only upon a showing of good cause).

## Definition # 7

This definition expands the scope of each request exponentially since it encompasses documents which are not in the Plaintiffs' custody or control, documents which "indirectly" "pertain to" "any of the subjects listed below or to any other matter relevant to the issues in this action. *Kraft Foods N. Am.,* 238 F.R.D. at 658-59. Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or data compilations from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody or control of the party upon whom the request was served. *See Fed.R.Civ.P. 34(a)*. It is well established that the test for "control" is not defined as mere possession, but as the legal right to obtain such documents on demand. *Alexander v. FBI, 194 F.R.D. 299, 304 (D.D.C. 2000)* (citing *Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)*; *Tavoulareas v. Piro, 93 F.R.D. 11, 20 (D.D.C. 1981)* (both holding that under *Rule 34(a)*, a party must produce those documents that he has a legal right to control or obtain); *see also* 8A Charles

A. Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2210 (2d ed. 1994) ("Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy")); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co*., 242 F.R.D. 1, 8-9 (D.D.C. 2007) (same); *Avocent Redmond Corp. v. Rose Elecs*, 491 F. Supp. 2d 1000, 1010 (W.D. Wash. 2007) (same); *Alexander v. FBI*, 194 F.R.D. 299, 301 (D.D.C. 2000); *Central States, Southeast & Southwest Areas Pension Fund v. R-W Serv. Sys*., 742 F.2d 1454 (6th Cir. 1984) (same).

This definition is also incomprehensible as phrased. "Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Id; Taylor v. Florida Atlantic University*, 132 F.R.D. at 305 (same); *Horowitch v. Diamond Aircraft Indus*., 2007 U.S. Dist. LEXIS 29626 (same); *Regan-Touhy v. Walgreen Co*., 2008 U.S. App. LEXIS 10704 (same); *Schlafly v. Caro-Kann Corp*., 1998 U.S. App. LEXIS 8250 (same); *R.W. Int'l Corp. v. Welch Foods, Inc*., 937 F.2d 11, 18 (1st Cir. 1991) (same); *United States v. Approximately $141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030 (same); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. 614, 618 (D. Colo. 2007) (same).


**Definition # 8**

The definition of pet should be limited to the class period of May 9, 2003 to May 9, 2007. *See Bowman v. General Motors Corp.,* 64 F.R.D. 62, 68 (E.D. Pa. 1974)(information after time of incident denied); *Avirgan v. Hull*, 116 F.R.D. 591, 593 (S.D. Fla. 1987) (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Cherenfant v. Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, *8 (S.D. Fla. 2004) (in a discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Cohen v. Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, *2-3 (S.D. Fla. 2007) ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Adkins v. Christie*, 488 F.3d 1324, 1330 (11th Cir. 2007) (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde v. Bd. of Regents*, 2007 U.S. Dist. LEXIS 62700, *33-34 (S.D. Ga. 2007) (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).


**Definition # 9**

The Plaintiffs object to the definition of "pertain to" and "pertaining to" because, as discussed *supra,* it is subsumed in the definition of "documents" and thus expands the scope of any discovery request to make it overly broad, particularly when used with a broad request such as Request number 2, which seeks "All documents pertaining to any fact alleged in the Complaint, or any fact underlying the subject matter of this action." *See* Request Number 2. This is

precisely the sort of request that Courts have found to be overbroad on its face. *See Kraft Foods N. Am.,* 238 F.R.D. at 658-59; *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"). *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, 12-13 (N.D. Ind. 2007) (holding that a request for "all documents…pertaining to" is a "vague and overbroad" request); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2001 U.S. Dist. LEXIS 24647 (D. Kan. 2001) (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). "Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Id.*

## OBJECTION TO INSTRUCTION

**Instruction # 1**

This instruction is an overly broad and apparently boiler plate instruction since it requires documents that are within the possession, custody or control of the Plaintiffs' "former attorneys, investigators, accountants, auditors, consultants, experts, employees, or other agents, as well as any other persons acting on your behalf." While it is apparently intended to be directed to a corporate party, it is very overbroad in as to these particular Plaintiffs. For example, the Plaintiffs should not have to inquire of their employees as whether they have any relevant documents.

1.      All documents identified in your interrogatory responses.

**Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "documents" and "your" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not parties to this action actually have any sort of electronic communications, notes, etc., that were identified in the Plaintiffs' interrogatory responses. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (same); *Horowitch v. Diamond Aircraft Indus.*, 2007 U.S. Dist. LEXIS 29626, *5 (M.D. Fla. 2007) (same); *Regan-Touhy v. Walgreen Co.*, 2008 U.S. App. LEXIS 10704, *18 (10th Cir. 2008) (same); *Schlafly v. Caro-Kann Corp.*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. P.R. 1991)**

(same); *United States v. Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, *9 (E.D. Cal. 2007) (same); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. 614, 618 (D. Colo. 2007) (same). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co*., 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC*, 173 F.R.D. 221, 224 (N.D. Ill. 1997) (all citing the same proposition).

Notwithstanding the objection, and without waiving it, responsive documents will be produced solely as to Ms. Blaszkowski to the extent that any documents may have been referenced in her responses to interrogatories. [Plaintiff Blaszkowski 1 – 25].

2.      All documents pertaining to any fact alleged in the Complaint, or any fact underlying the subject matter of this action.

**Objection. This request for production is facially overbroad in that it requests all documents "pertaining to" *any fact* alleged in the Fourth Amended Complaint. The Plaintiffs reincorporate their objection to the definitions of "documents" and "pertaining to" as set forth *supra*. *See Kraft Foods N. Am.*, 238 F.R.D. at 658-59; *Western Resources v. Union Pacific R.R. Co.*, 2001 U.S. Dist LEXIS 24647 (D. Kan Dec. 5, 2001) (in a breach of contract suit, court found overly broad on its face a request for documents that referred or related to any alleged actual breaches of the contract at issue, the plaintiff's reasons for breaching the contract at issue and communications between the defendant and any other person regarding termination of the contract); *Cooper v. Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, *29-30 (S.D. Fla. 2008) (recognizing that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Brown v. Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, *17-18 (E.D. Tenn. 2008) (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, *12-13 (N.D. Ind. 2007) (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190, *16 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad").**

**This request is further overbroad and vague to the extent that it seeks "All documents pertaining to…any fact underlying the subject matter of this action." *See* Fed. R. Civ. P. 26(b)(1) (discovery of any matter relevant to the subject matter involved in the action is**

permitted only upon a showing of good cause); *Barrington v. Mortage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 (S.D. Fla. 2007); *McBride v. Rivers*, 170 Fed. Appx. 648, 659 (11th Cir. 2006); *Naples Cmty. Hosp., Inc. v. Med. Sav. Ins. Co*., 2006 U.S. Dist. LEXIS 25894 (M.D. Fla. 2006) (all recognizing the "good cause" requirement for expanding the scope of discovery to "any matter relevant to the subject matter involved" under Fed. R. Civ. P. 26(b)(1)).

Additionally, even if the Defendants had already sought and obtained an order establishing good cause as to why they should be entitled to discovery beyond the scope of the claims made in the Fourth Amended Complaint, and they have not, discovery of "*any* fact *underlying* the *subject matter* of this action" is premature at this time. Even if the Defendants eventually seek and obtain an order based upon a showing of good cause to expand the scope of discovery available under Rule 26(b)(1), full responses will only be possible at the close of discovery. *Worthington ex rel. J.W. v. Elmore County Bd. of Educ*., 2006 U.S. Dist. LEXIS 21788 (M.D. Ala. 2006) (citing *Marsh v. Butler County, Ala*., 268 F.3d 1014, 1058 (11th Cir. 2001)) (recognizing that a plaintiff has limited ability to develop facts in the early stages of litigation).

Finally, the same information was requested in Defendant, Natura's, Joint First Set of Interrogatories and thus it is duplicative and intended to harass the Plaintiffs by driving up their attorney's fees and costs. See Natura Interrogatory # 4.

Notwithstanding the objection, and without waiving it, the Plaintiffs will respond with documents that are available at this time as to the relevant facts alleged in the factual predicate to the Fourth Amended Complaint only.

3.      All documents identified in, referred to, or relied upon to prepare the Complaint.

Objection. The Plaintiffs object because the request is facially overbroad based upon the defined term "documents" and the words "referred to" because it encompasses documents "referring to" a very broad definition of "documents," which makes the request vague, ambiguous and exceedingly difficult for the Plaintiffs to respond to it. *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at *29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.*, 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, at *17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser*, 2007 U.S. Dist. LEXIS 91314, at *12-13 (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at *16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.*, 2001 U.S. Dist. LEXIS 24647, at *10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). While "[t]he legal tenet that relevancy in the

discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

Literally thousands of pages of documents were reviewed and analyzed and hundreds of hours went into the preparation of the Fourth Amended Complaint over a period of many months. It would be extremely difficult to impossible isolate "[a]ll" of the documents out of the thousands of pages that were reviewed and analyzed to prepare the pleading and the request that the Plaintiffs do so is improper. *Kraft Foods N. Am.*, 238 F.R.D. at 658-59; *Western Resources v. Union Pacific R.R. Co.*, 2001 U.S. Dist LEXIS 24647 (D. Kan Dec. 5, 2001) (in a breach of contract suit, court found overly broad on its face a request for documents that referred or related to any alleged actual breaches of the contract at issue, the plaintiff's reasons for breaching the contract at issue and communications between the defendant and any other person regarding termination of the contract).

Moreover, as the Defendants are well aware, many of the documents are already in the Defendants' possession. For example, the Defendants already have all of the exhibits attached to all of the Plaintiffs' pleadings, which obviously constitute documents identified in, referred to, or relied upon to prepare the Fourth Amended Complaint yet the Defendants failed to exclude these documents.

Other publications upon which the Plaintiffs' counsel relied are lengthy documents such as the American Association of Feed Control Officials 2007 Official Publication ("AAFCO Publication"). The Defendants know that this publication was used to prepare the Fourth Amended Complaint because they have acknowledged same in documents filed with the Court and at hearings.

Notwithstanding the objection, and without waiving it, the Plaintiffs will make the AAFCO Publication available for review and copying at a mutually convenient time, if the Defendants require it.

The Plaintiffs will also produce documents that were relied upon or to which the Plaintiffs' counsel referred to the best of the Plaintiffs' counsel's recollection.

4.      All documents that you may offer as evidence or use as an exhibit in connection with any hearing held on the issue of whether the alleged class should be certified.

Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "documents" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action may actually have any sort of document that might be used in support of class certification. *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Awad v. Cici Enters*., 2006 U.S. Dist. LEXIS 85123, *3 (M.D. Fla. 2006) ("[a]ll document and records which you

believe pertain to any of the issues in this lawsuit" is overbroad); *Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, *18 (10th Cir. 2008) (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC,* 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.,* 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.,* 1998 U.S. Dist. LEXIS 11141; *GMC,* 173 F.R.D. at 224.

Notwithstanding the objection, and without waiving it, the determination as to what <u>*the Plaintiffs*</u> may offer or use as an exhibit has not been made at this time.  Appropriate disclosures will be made pursuant to Federal Rule of Civil Procedure 26(e).

5.      All documents tending to support or rebut in any way any claim made in the Complaint.

Objection. This request is facially overly broad and burdensome in that it requires "[a]ll documents tending to support or rebut *in any way any* claim" made in the Fourth Amended Complaint. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.,* 238 F.R.D. at 658-59; *Western Resources v. Union Pacific R.R. Co.,* 2001 U.S. Dist LEXIS 24647 (D. Kan Dec. 5, 2001) (in a breach of contract suit, court found overly broad on its face a request for documents that referred or related to any alleged actual breaches of the contract at issue, the plaintiff's reasons for breaching the contract at issue and communications between the defendant and any other person regarding termination of the contract); *Awad v. Cici Enters.,* 2006 U.S. Dist. LEXIS 85123, *4 (M.D. Fla. 2006); *Funke v. Life Fin. Corp.,* 2003 U.S. Dist. LEXIS 5418 (S.D.N.Y. 2003); Ward v. Leclaire, 2008 U.S. Dist. LEXIS 31880, *11 (N.D.N.Y 2008).

The request is also objectionable because it requires the Plaintiffs to produce documents rebutting their claims. The determination of which documents support a negative proposition, of course, requires the Plaintiffs to provide essentially a review of facts and commentary to support the Defendants' evaluation that the anticipated evidence of the Plaintiffs as to each disputed paragraph of the complaint simply lacks weight or credibility. The request for "all" documents to "rebut" the claims in the Fourth Amended Complaint, based not only upon knowledge, but also upon simple information and belief, adds a significant and unreasonable burden to the task of the answering party." *See Lawrence v. First Kansas Bank & Trust Co.,* 169 FRD 657, 663 (D. Kan 1996). *Larson v. Correct Craft, Inc.,* 2006 U.S. Dist. LEXIS 78028 (M.D. Fla. 2006) ("courts have long held that an

interrogatory asking a party to identify every fact, document or witness in support of a denial or allegation of fact creates an unreasonable burden on the responding party"); *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 447-448 (C.D. Cal. 1998).

Additionally, the request is also objectionable because it is premature. Discovery has just opened and thus it is premature to request "*all* documents" that tend to support or rebut "in any way any claim" made in the Fourth Amended Complaint. Moreover, the Plaintiffs have not yet received a complete response to their requests for production from the Defendants who have almost all of the information tending to support the claims made in the Fourth Amended Complaint in their exclusive control. *Cici Enters*., 2006 U.S. Dist. LEXIS 85123, at *3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *RoDa Drilling Co. v. Siegal*, 2008 U.S. Dist. LEXIS 42338, *6 (N.D. Okla. 2008) ("many of the parties' requests for production of documents are overbroad, as they request all documents relating to or concerning a subject") (internal quotations omitted); *Badr v. Liberty Mut. Group*, Inc., 2007 U.S. Dist. LEXIS 73437, *7-8 (discovery request for "any and all documents" is overbroad at any time in litigation)

Notwithstanding the objection, and without waiving it, the Plaintiffs will respond with documents that are available at this time that support their claims and will later supplement with any additional documents to support their claims as discovery continues.

6.      All notes or other documents gathered, generated, sent, received, or maintained by you that contain any information pertaining to the claims alleged in the Complaint.

Objection. The Plaintiffs  object because the request is facially overbroad based upon the defined terms "pertain to,  "documents" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually have any sort of electronic communications, notes, etc., that "pertain to" "any pet" that any of these non-parties to this action have gathered, generated, sent, received, or maintained. "A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Taylor*, 132 F.R.D. at 305 (same); *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co*., 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); *Welch Foods, Inc.,* 937 F.2d at 18 (same); *Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at *9 (same); *Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. at 618 (D. Colo. 2007) (same). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701,

**4-5 (E.D. La. 2006);** *Claude P. Bamberger Int'l v. Rohm & Haas Co.,* **1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998);** *Piacenti v. GMC,* **173 F.R.D. 221, 224 (N.D. Ill. 1997).**

This request is also objectionable to the extent that it infringes on the Plaintiffs' First Amendment right to anonymous free speech for all communications made anonymously on the internet or in any other written communication. The First Amendment to the United States Constitution provides that "Congress shall make no law...abridging the freedom of speech." U.S. CONST. amend. I. It is a long-standing principle that anonymity plays an important role in free speech and expression and, accordingly, constitutional principles are invoked whenever a threat to that anonymity is posed such as the request at issue. Indeed, the right to speak anonymously or pseudonymously has its roots in a long tradition of American political thinkers who published their works anonymously. James Madison, Alexander Hamilton, and John Jay authored the Federalist Papers under the name "Publius," referring to a defender of the ancient Roman Republic. Dawn C. Nunziato, *Freedom of Expression, Democratic Norms, and Internet Governance, 52 Emory L.J. 187, 252 n. 250 (2003).* "It has been asserted that, between 1789 and 1809, six presidents, fifteen cabinet members, twenty senators, and thirty-four congressman published anonymous political writings." Jennifer B. Wieland, *Note: Death of Publius: Toward a World Without Anonymous Speech, 17 J.L. & POL. 589, 592 (2001)* (relying on *Comment, The Constitutional Right to Anonymity: Free Speech, Disclosure and the Devil,* 70 YALE L.J. 1084 (1961)).

The seminal case articulating the constitutionally protected privacy interests of an anonymous speaker is the 1995 Supreme Court case of *McIntyre v. Ohio Elections Commission, 514 U.S. 334 (1995).* There, the central issue was whether an Ohio statute, which prohibited the distribution of anonymous campaign literature, violated an individual's free speech rights to distribute anonymous pamphlets opposing a school tax levy. The Court found, that regarding issues of public concern, anonymous speech is protected under the First Amendment. The Court declared that Ohio could not "seek to punish fraud indirectly by indiscriminately outlawing a category of speech, based on its content, with no necessary relationship to the danger sought to be prevented." *McIntyre,* 514 U.S. at 357. *See also Talley v. California,* 362 U.S. 60, 65 (1960) (anonymous pamphlets seeking boycotts of allegedly racially discriminatory businesses); *Church of the Am. Knights of the Ku Klux Klan v. Kerik,* 232 F.Supp.2d 205 (S.D.N.Y. 2002) (right to wear masks at KKK rally).

Two years later, the Supreme Court applied the principle of constitutionally protected anonymous speech to internet postings in *Reno v. American Civil Liberties Union,* 521 U.S. 844 (1997). The protection of anonymity takes on added significance on the Internet, a medium which provides individuals with unprecedented opportunities to both publish and receive information. While the expressive powers of the Internet have long been understood by its users, the medium's potential attained recognized constitutional status only in 1997. In *ACLU v. Reno,* the Supreme Court reviewed the Communications Decency Act, the first federal statute seeking to regulate Internet content. In a landmark decision defining the scope of the online medium's First Amendment protection, the Court noted that the Internet

provides relatively unlimited, low-cost capacity for communication of all kinds ...this dynamic, multifaceted category of communication includes not only traditional print and news services, but also audio, video, and still images, as well as interactive, real-time dialogue. Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox. Through the use of Web pages, mail exploders, and newsgroups, the same individual can become a pamphleteer.

521 U.S. at 870. The Court concluded that there is "*no basis for qualifying the level of First Amendment scrutiny that should be applied to this medium*." *Id.* What the Court described as "the vast democratic fora of the Internet" would be stifled if users were unable to preserve their anonymity online. *Id.* at 868.  The courts have long recognized that compelled identification can chill expression.

In *Reno,* the Court was asked to review the constitutionality of the Communications Decency Act provisions seeking to protect minors from harmful material on the Internet. In that landmark decision defining free speech rights on the internet, the Court illustrated how the internet provides for virtually unlimited capacity for communication of all kinds. Indeed, the Court observed:

> This dynamic, multifaceted category of communication includes not only traditional print and news services, but also audio, video, and still images, as well as interactive, real-time dialogue. Through the use of chat rooms, any person with a phone line can become a town crier with a voice that resonates farther than it could from any soapbox. Through the use of Web pages, mail exploders, and newsgroups, the same individual can become a pamphleteer.

*Reno v. ACLU,* 521 U.S. at 870. The Court, harkening back to its decision in *McIntyre,* ultimately concluded that "the vast democratic forum of the internet" would be stifled if users were unable to preserve their anonymity online. *Id.* at 868. Quoting *McIntyre,* the Court observed that compelled identification can have a chill on freedom of speech and expression, and that "anonymity is a shield from the tyranny of the majority...It thus exemplifies the purpose behind the Bill of rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation -- and their ideas from suppression -- at the hand of an intolerant society." *McIntyre*, 514 U.S. at 357.

Similarly, in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the United States District Court for the Northern District of California sought to reach an equilibrium between the plaintiff's right to pursue a legitimate cause of action against concerns for the potential chilling effect of revealing online anonymity. Confronted with this dilemma, the court observed:

> People are permitted to interact pseudonymously and anonymously with each other so long as those act are not in violation of the law. This ability to speak one's mind without the burden of the other party knowing all the facts about one's identity can foster open communication and robust debate . . . . People

who have committed no wrong should be able to participate online without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identities.

*Id. at 578.* Rather than haphazardly reveal the identities of anonymous speakers as a means of silencing unlawful speech, courts have instead relied on the speaker's audience to discern the content of the message. *See McIntyre, 514 U.S. at 348 n.11* (stating "don't underestimate the common man. People are intelligent enough to evaluate the source of an anonymous writing . . . . They can evaluate its anonymity along with its message, as long as they are permitted . . . to read that message.") (citations omitted).


While it is abundantly clear nondisclosure of identity is a fundamental principle of a free society, it is also necessarily critical for the preservation of blogs which espouse unpopular or underrepresented views, engage in legitimate exposure of illegal practices, promote consumer safety issues or deal with issues n which government officials or those connected with the feed industry can speak anonymously with consumers without fear of retribution from corporate giants. *See Abrams v. United States, 250 U.S. 616, 630 (1919)* (Holmes, J., dissenting); *see also Red Lion Broad. Co. v. FCC, 395 U.S. 367, 390 (1969)* (stating that "it is the purpose of the First Amendment to preserve an uninhibited marketplace of ideas in which truth will ultimately prevail . . . ."). "In contemporary society, the individual is often overwhelmed by the size, wealth, and power of impersonal organizations, both in the private and public sectors." Richard S. Miller, *Tort Law and Power: A Policy-Oriented Analysis*, 28 Suffolk U. L. Rev. 1069, 1076 (1994) (citing Allen M. Linden, *Tort Law as Ombudsman*, 51 Can. B. Rev. 155 (1973)). Corporate Defendants should not be permitted to abuse the discovery process by discovery aimed at unmasking an anonymous critic as a scare tactic to chill continued criticism. *See, e.g.,* David Boies, *The Chilling Effect of Libel Defamation Costs: The Problem and Possible Solution*, 39 ST. Louis U. L.J. 1207, 1210 (1995)(Lawsuits do not exist to provide discovery for its own sake (or to provide grist for publicity mills), or to punish (fair or unfair) by imposing the expense and disruption of litigation, or even to provide an outlet for dissatisfaction with criticism. Lawsuits are to vindicate a legal right.).

The Internet embodies the democratic institution of the marketplace of ideas in the fullest sense. As the Supreme Court explained in *Reno*, "from the publisher's point of view, [the Internet] constitutes a vast platform from which to address and hear from a worldwide audience of millions of readers, viewers, researchers, and buyers." *Reno v. ACLU*, 521 U.S. 844, 853, 870 (1997). The fascination of the Internet lies in its potential for realizing the concept of public discourse at the heart of the Supreme Court's First Amendment jurisprudence." *See* Daniel A. Farber, *Free Speech Without Romance: Public Choice and the First Amendment*, 105 Harv. L. Rev. 554, 580-82 (1991) (arguing that freedom of speech is essential to promoting the wide dissemination of public discourse). A prevalent metaphor and the central tenet for the First Amendment public discourse is the "marketplace of ideas." *See Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 56 (1988)* (stating that "'a central tenet of the First Amendment [is] that the government must remain neutral in the marketplace of ideas.'") (quoting *FCC v. Pacifica Found., 438 U.S. 725, 745-46 (1978)*). The "marketplace of ideas" metaphor originated in Justice Holmes'

dissenting opinion in *Abrams v. United States,* 250 U.S. 616, 630 (1919) (Holmes, J., dissenting). The "marketplace of ideas" concept has remained prevalent theme of First Amendment jurisprudence ever since. *See Red Lion Broad. Co. v. FCC, 395 U.S. 367, 390 (1969)* (articulating that "it is the purpose of the First Amendment to preserve an uninhibited marketplace of ideas . . . ."). "The marketplace of ideas is a sphere of discourse in which citizens can come together free from governmental interference or intervention to discuss a diverse array of ideas and opinions." *See* Eugene Volokh, *Cheap Speech and What It Will Do*, *104 YALE L.J. 1805, 1086 (1995)* (arguing that "the perfect 'marketplace of ideas' is one where all ideas, not just the popular or well-funded ones, are accessible to all."). "To the extent that this ideal isn't achieved, the promise of the First Amendment is only imperfectly realized." *Id.* Lyrissa Barnett Lidsky, *Silencing John Doe: Defamation & Discourse in Cyberspace*, 49 Duke L.J. 855, 893-94 (2000). "Scholars have touted the Internet as the living embodiment of the 'marketplace of ideas' metaphor that lies at the heart of First Amendment theory." *Id.* at 893.

The only relevant inquiry is the pet food products that the Plaintiffs purchased and the claims in the instant lawsuit. While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224. Discovery in this case is not a means for a corporate defendant to go on a fishing expedition to obtain information that is useful for another context that is wholly irrelevant to the clams at issue.

This request is also objectionable to the extent that it would encompass confidential and privileged attorney client and work product protected documents and information exchanged over the internet. It is thus improper. *Gutescu v. Carey Int'l, Inc*., 2003 U.S. Dist. LEXIS 27503, *26 (S.D. Fla. 2003) (Noting that Southern District of Florida Rule 26(1)(G)(3)(c) does not require a privilege log for "written and oral communications between a party and its counsel after the commencement of the action and work product material created after the commencement of the action").

The temporal scope of this request for production is also overly broad in that it encompasses a five (5) year period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year

period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde,* 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection and without waiving it, other than confidential attorney client communications regarding the lawsuit, the Plaintiffs have retained the following documents filed with the Court which are also in the Defendants' possession:

Original complaint and exhibits
Amended Complaint and exhibits
Corrected Amended Complaint and exhibits
Plaintiffs' Motion to Dismiss
Jurisdictional Motions to Dismiss for:
    H.E. Butt
    Kroger
    Meijer Inc.
    Nestle SA
    New Albertsons
    Pet Supplies Plus and Pet Supplies Plus USA
    Safeway
    Stop & Shop
Plaintiffs' Consolidated Motion to Dismiss
2nd Amended Complaint and exhibits
Corrected 2nd Amended Complaint and Exhibits
Plaintiffs' Motion for Leave to Conduct Personal Jurisdiction Discovery
Defendants' Memorandum in Opposition to Motion for Leave to Conduct Personal
    Jurisdiction Discovery
Plaintiffs' Reply in Support of Motion for Leave to Conduct Personal Jurisdiction
    Discovery and Cross Motion to Strike Portions of Defendants' Memorandum in
    Opposition
Defendants' Memorandum in Opposition to Cross Motion to Strike Portions of Response
Plaintiffs' Reply in Support of Cross Motion to Strike Portions of Response
Order Granting Motion for Leave to Conduct Personal Jurisdiction Discovery
Defendants' Motion to Dismiss Second Amended Complaint
Third Amended Complaint
Defendants' Motion to Dismiss Third Amended Complaint
Plaintiffs' Response to Motion to Dismiss Third Amended Complaint
Defendants' Reply in Support of Motion to Dismiss Third Amended Complaint
Order on Motion to Dismiss Third Amended Complaint
Fourth Amended Complaint
Defendant Natura's First Interrogatories to each individual Plaintiff
Defendant Mars' First Interrogatories to each individual Plaintiff
Defendants' Joint Request for Production to each individual Plaintiff

**Plaintiffs' First, Second and Third Requests for Production to Manufacturer Defendants**

7.      All notes or other documents gathered, generated, sent, received, or maintained by you that pertain to any pet, as defined above, including journals, diaries, letters, or scrapbooks referencing any pet.

**Objection. To the extent that this request seeks any anonymous electronic and/or internet documents as set forth *supra* in the Plaintiffs' response to request number 6, the Plaintiffs reassert the same objection.**

**The Plaintiffs also object because the request is facially overbroad based upon the defined terms "pertain to, "documents" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually have any sort of electronic communications, notes, etc., that "pertain to" "any pet" that any of the non-parties to this action may have gathered, generated, sent, received, or maintained. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at \*29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.,* 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, at \*17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at \*12-13 (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at \*16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.*, 2001 U.S. Dist. LEXIS 24647, at \*10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC,* 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC,* 173 F.R.D. at 224.**

**This request is also overbroad in that it seeks every document and piece of paper that may have anything at all to do with any of the Plaintiffs' cats and dogs, whether or not the notes or documents "gathered, generated, sent, received, or maintained" actually relate to the issues in this lawsuit or not. The request is therefore overly broad and improper. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Cici Enters*., 2006 U.S. Dist. LEXIS 85123, at \*3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *Walgreen Co.,* 526 F.3d 641, at \*18 (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at \*12-13 (a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"). While "[t]he legal tenet that relevancy in**

the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)

The temporal scope of this request for production is also overly broad in that it encompasses an unlimited period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four (4) year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. A request that is unlimited in terms of temporal scope is overly broad and therefore improper. *Hull,* 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.,* 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.,* 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie,* 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde,* 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection, and without waiving it, as to Ms. Blaszkowski <u>only</u>, none other than veterinary records and bills. All responsive records will be produced as they become available for the period of time between May 9, 2003 and May 9, 2007. [Plaintiff Blaszkowski 1 – 25].

8.       All documents that pertain to any damages allegedly suffered by you or any pet owned by you as the result of the conduct alleged in the Complaint.

Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "pertain to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually have documents that "pertain to" "health concerns" that any of the non-partiers to this action have had "as to any pet, including research" etc. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at *29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.,* 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, at *17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13

(holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at \*16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.*, 2001 U.S. Dist. LEXIS 24647, at \*10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"); *Cici Enters.*, 2006 U.S. Dist. LEXIS 85123, at \*3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *Walgreen Co.*, 526 F.3d 641, at \*18 (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser*, 2007 U.S. Dist. LEXIS 91314, at \*12-13 (a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.


**Notwithstanding the objection, relevant documents for the period of time between May 9, 2003 and May 9, 2007 will be produced as to Ms. Blaszkowski <u>only</u> as they are available. [Plaintiff Blaszkowski 1 – 25].**

9. All documents that pertain to any consultations with or visits to a veterinarian or other professional for any pet including bills, insurance records, notes and medical records from all such visits or consultations.

**Objection. The temporal scope of this request for production is overly broad in that it encompasses an unlimited period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four (4) year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. A request that is unlimited in terms of temporal scope is overly broad and therefore improper. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at \*8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at \*2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period);**

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

*Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection, veterinarian records and bills will be produced as to the pets that Ms. Blaszkowski had between May 9, 2003 to May 9, 2007, as they are available. [Plaintiff Blaszkowski 1 – 25].

10.     All documents that pertain to any health concern you have or have had as to any pet, including any research regarding the causes of or treatments for that health concern.

**Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "pertain to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually have documents that "pertain to" "health concerns" that any of the non-partiers to this action have had "as to any pet, including research" etc. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59. *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at *29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.,* 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healthcare Group, Inc.,* 2008 U.S. Dist. LEXIS 30517, at *17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at *16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.*, 2001 U.S. Dist. LEXIS 24647, at *10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"); *Cici Enters.,* 2006 U.S. Dist. LEXIS 85123, at *3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *Walgreen Co.,* 526 F.3d 641, at *18 (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad").   While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC,* 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.,* 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.,* 1998 U.S. Dist. LEXIS 11141; *GMC,* 173 F.R.D. at 224.**

**The temporal scope of this request for production is overly broad in that it encompasses an unlimited period of time.   The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four (4) year period of time.  Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery.**

A request that is unlimited in terms of temporal scope is overly broad and therefore improper. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection, veterinarian records for the pets that Ms. Blaszkowski had between May 9, 2003 to May 9, 2007 will be produced as they are available. [Plaintiff Blaszkowski 1 – 25]. This response relates to Ms. Blaszkowski only.

11.     All documents that pertain to any amounts spent on care for any pet, including receipts for food, medicine or medical treatments, or health care or insurance.

Objection.  The temporal scope of this request for production is overly broad in that it encompasses an unlimited period of time.  The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four (4) year period of time.  Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery.  A request that is unlimited in terms of temporal scope is overly broad and therefore improper. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection, receipts and bills will be produced for Ms. Blaszkowski **only** and only as to the pets that she had between of May 9, 2003 to May 9, 2007, as they are available.

12.     All documents that pertain to any amounts spent to purchase and/or rescue any pet.

**Objection. This request is overbroad to the extent that it seeks the production of documents as to "any" pet.  The only relevant inquiry would be for the cats and dogs that each Plaintiff cared for and considered part of their family during the four year class period of May 9, 2003 to May 9, 2007.  While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.**

**Notwithstanding the objection, receipts or bills will be produced as to the pets that only Ms. Blaszkowski had between May 9, 2003 to May 9, 2007, as they are available.**

13.     All photographs, videorecordings, or other visual records of any pets.

**Objection. This request is overbroad to the extent that it seeks "[a]ll" photographs, etc. of "any" cats and dogs for which the Plaintiffs provided or purchased pet food. Requesting the Plaintiffs to produce each and every photograph of all  cats or dogs for which they provided or purchased food is over broad and not likely to lead to the discovery of admissible evidence and is clearly intended to harass the Plaintiffs. *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Socas v. Northwestern Mut. Life Ins. Co*., 2008 U.S. Dist. LEXIS 16683, \*3 (S.D. Fla. 2008) ("the Court may restrain any discovery requests that are overbroad or would be unduly burdensome to produce"); *Paluch v. Dawson*, 2007 U.S. Dist. LEXIS 91191, \*10 (M.D. Pa. 2007) ("Photographs of all Defendants" is, without an adequate demonstration of the relevancy of this request, overbroad and relevant when plaintiff already possess relevant photographs).  While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.). *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224. This request is so broad that it would include stray cats or dogs for which a Plaintiff may have occasionally provided food.**

**Moreover, many of the Plaintiffs have hundreds to thousands of pictures of their companion cats and dogs, which would be overly burdensome, expensive and time consuming to produce.  Producing each and every photograph or video is unnecessary, cost prohibitive and not likely to lead to the discovery of evidence that will be admissible at trial.**

The temporal scope of this request for production is overly broad in that it encompasses an unlimited period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four (4) year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. A request that is unlimited in terms of temporal scope is overly broad and therefore improper. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection and without waiving it, as to <u>only</u> Ms. Blaszkowski, representative photographs will be produced for pets that she had between May 9, 2003 to May 9, 2007.

14.     All documents pertaining to any communication between you and any other person about fronting, defraying, covering, or paying for the expenses of this action.

**Objection. The Plaintiffs also object because the request is facially overbroad based upon the defined terms "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually made a communication to "any other person" "pertaining to" "fronting, defraying, covering, or paying for the expenses of this action." *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at *29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.,* 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healtcare Group, Inc.*, 2008 U.S. Dist. LEXIS 30517, at *17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during..." is overbroad and unduly burdensome) (emphasis added); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (holding that a request for "all documents...pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at *16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.,* 2001**

U.S. Dist. LEXIS 24647, at *10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"); *Cici Enters.*, 2006 U.S. Dist. LEXIS 85123, at *3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *Walgreen Co.*, 526 F.3d 641, at *18 (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (a request for "all documents...pertaining to" state action over the course of five years is "vague and overbroad"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.) .); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

Notwithstanding the objection, none solely as to Ms. Blaszkowski other than the retainer agreement with counsel, which is irrelevant until after judgment pursuant to Federal Rule of Civil Procedure 69. *See Sanderson v. Winner*, 507 F.2d 477, 479-80 (10th Cir. 1974); *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 2006 U.S. Dist. LEXIS 1308 **3 fn 2 (D. Md. January 9, 2006) (denying defendants' motion to compel production of named plaintiffs' fee retainer agreements with class counsel because they are irrelevant until after judgment under Federal Rule of Civil Procedure 69 and noting that due the sensitive nature of the retainer agreement, courts have treated them in a similar manner to tax returns); *In re Intel Corp. Microprocessor Antitrust Litig.*, 526 F. Supp. 461, 464 (D. Delaware December 6, 2007); *Stahler v. Jamesway Corp.*, 85 F.R.D. 85, 86 (E.D. Pa. 1979); *In re McDonnell Douglas Corp. Securities Litigation*, 92 F.R.D. 761, 763 (E.D. Mo. 1981); *In re Nissan Motor Corp. Antitrust Litigation*, 1975 WL 166141, *2 (S.D. Fla. 1975). *See also* 7 A. Conte and H. Newberg, *Newberg on Class Actions*, § 22:79 (4th ed. 2005) ("Defendants often request discovery regarding fee arrangements between the plaintiffs and their counsel, but courts usually find such discovery to be irrelevant to the issue of certification."); Manual for Complex Litigation §21.141(4th ed.2004) ("Precertification inquiry into the named parties' finances of the financial arrangements between the class representatives and their counsel are rarely appropriate, except to obtain information necessary to determine whether the parties and their counsel have the resources to represent the class adequately. Ethics rules permit attorneys to advance court costs and expenses of litigation the repayment of which may be contingent on the outcome of the matter ..."). Class counsel is advancing the costs of the litigation and the Plaintiffs' counsel stipulates that they have the financial means to underwrite the expenses of the litigation. Any inquiry other than that is improper. *See Buford v. H&R Block,* 168 F.R.D. 340 (S.D. Ga. 1996).

15. All documents pertaining to any communication between you and any other person about splitting, sharing, or dividing any potential recovery in this action.

**Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually made a communication to "any other person" "pertaining to"**

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

"fronting, defraying, covering, or paying for the expenses of this action." *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59. *Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, at *29-30 (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop.*, 79 Fed. Cl. at 729 (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Sun Healtcare Group, Inc.*, 2008 U.S. Dist. LEXIS 30517, at *17-18 (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (holding that a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"); *Wagener*, 2007 U.S. Dist. LEXIS 21190, at *16 (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res.*, 2001 U.S. Dist. LEXIS 24647, at *10 (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"); *Cici Enters.*, 2006 U.S. Dist. LEXIS 85123, at *3 ("[a]ll document and records which you believe pertain to any of the issues in this lawsuit" is overbroad); *Walgreen Co.,* 526 F.3d 641, at *18 (upholding district court finding that requests for "all documents relating or referring to" is overbroad); *Loubser,* 2007 U.S. Dist. LEXIS 91314, at *12-13 (a request for "all documents…pertaining to" state action over the course of five years is "vague and overbroad"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.). *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

Notwithstanding the objection, none solely as to Ms. Blaszkowski other than the retainer agreement with counsel. See response to number 14 above. The Plaintiffs reassert the objection raised in number 14 above and incorporate it herein by reference.

16.    All documents pertaining to any communications between you and any other person regarding possible or actual participation in this or any other lawsuit regarding pet food products.

Objection. The Plaintiffs also object because the request is facially overbroad based upon the defined terms "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action actually made a communication to "any other person" "pertaining to" "any communications" "regarding possible or actual participation in this or any other lawsuit regarding pet food products." "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with

reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Horowitch v. Diamond Aircraft Indus.*, 2007 U.S. Dist. LEXIS 29626 (M.D. Fla. 2007); *Taylor v. Florida Atlantic University*, 132 F.R.D. 304, 305 (S.D. Fla. 1990); *Regan-Touhy v. Walgreen Co.*, 2008 U.S. App. LEXIS 10704 (10th Cir. Okla. May 20, 2008); *Schlafly v. Caro-Kann Corp.*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998); *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 18 (1st Cir. 1991); *United States v. Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030 (E.D. Cal. 2007); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. 614, 618 (D. Colo. 2007) (all for the same proposition). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co.*, 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC*, 173 F.R.D. 221, 224 (N.D. Ill. 1997).

This request calls for the production of documents and communications with counsel are confidential and attorney client privileged communications. Preliminary communications prior to the formation of the attorney client relationship are as privileged as confidential communications occurring thereafter. *See Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d1311, 1319 (7th Cir. 1978); *Barton v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 410 F.3d1104, 1111 (9th Cir.2005); *Connelly v. Dun & Bradstreet, Inc.*, 96 F.R.D. 339, 341-42 (D. Mass. 1982); *United States v. Dennis*, 843 F.2d 652, 656-67 (2d Cir. 1988); *Kearns v. Fred Lavery Porsche Audi Co.*,745F.2d 600, 603 (Fed. Cir. 1984); *Banner v. City of Flint*, 136 F. Supp. 2d678, 683 (E.D. Mich. 2000); *Bennett Silverstein Assocs. v. Furman*, 776 F.Supp. 800, 803 (S.D.N.Y. 1991). *In re Sahlen & Assoc., Inc.*, 1990 U.S. Dist. LEXIS 18793, 5-6 (S.D. Fla. 1990); *United States v. Aronson*, 610 F. Supp. 217, 221 (S.D. Fla. 1985); *AARP v. Kramer Lead Mktg. Group*, 2005 U.S. Dist. LEXIS 36970 (M.D. Fla. July 26, 2005); *In re Grand Jury Subpoena (Bierman)*, 788 F.2d 1511, 1512 (11th Cir. 1986).

The Plaintiffs further object to this request to the extent that it seeks information about "any other lawsuit regarding pet food products." The only relevant inquiry is the pet food products that the Plaintiffs purchased and the claims in the instant lawsuit. While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co.*, 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). Discovery in this case is not a means for a corporate defendant to go on a fishing expedition to obtain information that is useful for another context that is wholly irrelevant to the clams at issue.

Notwithstanding the objection, none other than the retainer agreement with counsel in this case. See response to number 14 above. The Plaintiffs reassert the objection raised in number 14 above and incorporate it herein by reference.

17.     All documents pertaining to any lawsuits, arbitrations, or other legal or regulatory proceedings in which you have been a party or testified during the last ten (10) years.

**Objection.   This request clearly contemplates the production of documents that are attorney client privileged and work product protected documents because the request fails to exclude such confidential information from the broad request for "[a]ll documents."**

**The Plaintiffs also object because the request is facially overbroad based upon the defined terms "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action have been parties any lawsuits, arbitrations, or other legal or regulatory proceedings over the last ten (10) years. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Horowitch v. Diamond Aircraft Indus.,* 2007 U.S. Dist. LEXIS 29626 (M.D. Fla. 2007); *Taylor v. Florida Atlantic University,* 132 F.R.D. 304, 305 (S.D. Fla. 1990); *Regan-Touhy v. Walgreen Co.,* 2008 U.S. App. LEXIS 10704 (10th Cir. May 20, 2008); *Schlafly v. Caro-Kann Corp.,* 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998); *R.W. Int'l Corp.* v. Welch Foods, Inc., 937 F.2d 11, 18 (1st Cir. 1991); *United States v. Approximately $ 141,932.00 in United States Currency,* 2007 U.S. Dist. LEXIS 54030 (E.D. Cal. 2007); *Cache La Poudre Feeds, LLC v. Land O'Lakes Farmland Feed,* LLC, 244 F.R.D. 614, 618 (D. Colo. 2007). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC,* 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc.,* 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co.,* 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC,* 173 F.R.D. 221, 224 (N.D. Ill. 1997).**

**The temporal scope of this request for production is also overly broad in that it encompasses a ten (10) year period of time.  The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time.  Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery.   Ten (10) years well exceeds the outermost bound of the temporal scope of discovery. *Avirgan v. Hull,* 116 F.R.D. 591, 593 (S.D. Fla. 1987) (In limiting discovery to**

approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Cherenfant v. Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458 (S.D. Fla. 2004) (in a discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Cohen v. Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, 2-3 (S.D. Fla. 2007) ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Adkins v. Christie*, 488 F.3d 1324, 1330 (11th Cir. 2007) (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde v. Bd. of Regents*, 2007 U.S. Dist. LEXIS 62700, 33-34 (S.D. Ga. 2007) (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

**Notwithstanding the objection, the Plaintiffs will respond to this request for the time period between May 9, 2003 and May 9, 2007, which is the Class Period defined in the Fourth Amended Complaint.**

**As to Ms. Blaszkowski only, between May 9, 2003 and May 9, 2007, none.**

18.     A copy of any transcript of testimony given by you at any trial, evidentiary hearing, or deposition.

**Objection.  See response to number 17 above.  The Plaintiffs reassert the objections raised in number 17 above and incorporate them herein by reference.**

**Notwithstanding the objection, the Plaintiffs will respond to this request for the time period between May 9, 2003 and May 9, 2007, which is the Class Period defined in the Fourth Amended Complaint.**

**As to Ms. Blaszkowski only, between May 9, 2003 and May 9, 2007, none.**

19.     A copy of any affidavit, declaration, or sworn statement executed or signed by you relating to any lawsuits, arbitrations, or other legal or regulatory proceedings in which you have been a party or testified during the last ten (10) years.

**Objection.  See response to number 17 above.  The Plaintiffs reassert the objections raised in number 17 above and incorporate them herein by reference.**

**As to Ms. Blaszkowski only, between May 9, 2003 and May 9, 2007, none.**

20.     All documents pertaining to any communication you sent or received, directly or indirectly, regarding pet food during the last five (5) years, including letters or newsletters.

Objection. This request for production is also vague, ambiguous and unclear as to what is meant by "any communication…sent or received, …indirectly, … ." The Plaintiffs are unable to respond since they are unclear what communications that they could have sent or received "indirectly. *In re John Does*, 1990 U.S. Dist. LEXIS 13793 (D. Nev. 1990) (a summons seeking the names and social security numbers of all "directly" and "indirectly" tipped gaming employees can not be enforced to the extent it seeks the names of employees "indirectly" tipped, because the term is "undefined and imprecise" and is "not clear which employees it refers to").

Additionally, the request is also overbroad since it requests all documents "pertaining" to communications regarding "pet food" in general. The use of the defined term "pertaining to" combined with the defined terms "documents" and "you," as set forth above, make this request facially overly broad and the Plaintiffs are unable to frame a proper response based upon the ambiguities created by the overly broad definitional terms. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Cooper v. Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, 29-30 (S.D. Fla. 2008) (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Brown v. Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, 17-18 (E.D. Tenn. 2008) (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, 12-13 (N.D. Ind. 2007) (holding that a request for "all documents…pertaining to" is "vague and overbroad"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res., Inc. v. Union Pac. R.R. Co*., 2001 U.S. Dist. LEXIS 24647 (D. Kan. 2001) (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). Because the term "you" is defined to include a spouse, relatives, directors, officers, employees, agents, investigators, representatives or other persons acting, or purporting to act on their behalf," the Plaintiffs would have to investigate whether their spouse or "relatives" and employees sent or received directly or *indirectly* documents, which is an extensively defined term that is in and of itself overbroad, "pertaining to," which, according to the definition, means "refers to," among many other things, communications regarding "pet food." This request is patently overbroad.

Additionally, the request is also objectionable because, as the Defendants have repeatedly stated in court papers, the only relevant inquiry is as to the specific pet food purchased by the Plaintiffs during the relevant time period. Discovery in this case is not a means for a corporate defendant to go on a fishing expedition to obtain information that is useful for another context that is wholly irrelevant to the clams at issue. *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co*., 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC*, 173 F.R.D. 221, 224 (N.D. Ill. 1997). While "[t]he legal tenet that relevancy

in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, 19-20 (N.D. Ind. 2007); *Hartco Eng'g, Inc. v. Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, 4-5 (E.D. La. 2006); *Claude P. Bamberger Int'l v. Rohm & Haas Co*., 1998 U.S. Dist. LEXIS 11141 (D.N.J. 1998); *Piacenti v. GMC*, 173 F.R.D. 221, 224 (N.D. Ill. 1997).

This request is also objectionable to the extent that it infringes on the Plaintiffs First Amendment right to anonymous free speech for all communications made anonymously on the internet and otherwise. The Plaintiffs thus specifically object to the portion of the defined term "documents" that includes messages, email, instant messages, electronic postings, weblogs or any other infringement on their right to free anonymous speech. The Plaintiffs hereby adopt and incorporate by reference their response to request number 6 as to the First amendment objection. See Response to number 6 above.

This request is also objectionable to the extent that it would encompass confidential and privileged attorney client and work product protected documents and information exchanged over the internet. It is thus improper. *Sun-Sentinel Co. v. United States Dep't of Homeland Sec*., 431 F. Supp. 2d 1258, 1277 (S.D. Fla. 2006) (holding that emails "were properly withheld in their entirety because the information contained in the e-mails falls within the scope of attorney-client privilege."); *Judicial Watch, Inc. v. DOJ*, 369 U.S. App. D.C. 49 (D.C. Cir. 2005) (holding that the "e-mails at issue in this case are attorney work product, the entire contents of these documents - i.e., facts, law, opinions, and analysis - are exempt from disclosure"); *Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co*., 2008 U.S. Dist. LEXIS 17746 (S.D.N.Y. 2008) (holding that part of an attachment to an email is protected by the work product doctrine).

This request is also facially overly broad in that it "pertains to" the general topic of "pet food" rather than any specific pet food in this lawsuit. *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Cooper v. Meridian Yachts, Ltd.,* 2008 U.S. Dist. LEXIS 41902, 29-30 (S.D. Fla. 2008) (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Brown v. Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, 17-18 (E.D. Tenn. 2008) (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, 12-13 (N.D. Ind. 2007) (holding that a request for "all documents…pertaining to" is "vague and overbroad"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res., Inc. v. Union Pac. R.R. Co*., 2001 U.S. Dist. LEXIS 24647 (D. Kan. 2001) (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome").

The temporal scope of this request for production is also overly broad in that it encompasses a five (5) year period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. *Avirgan v. Hull*, 116 F.R.D. 591, 593 (S.D. Fla. 1987) (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Cherenfant v. Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458 (S.D. Fla. 2004) (in a discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Cohen v. Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, 2-3 (S.D. Fla. 2007) ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Adkins v. Christie*, 488 F.3d 1324, 1330 (11th Cir. 2007) (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde v. Bd. of Regents*, 2007 U.S. Dist. LEXIS 62700, 33-34 (S.D. Ga. 2007) (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the above objection, as for Ms. Blaszkowski <u>only</u>, excluding anonymous internet postings, and as to *direct* communications <u>only</u>, between May 9, 2003 and May 9, 2007, none.

21.    All documents pertaining to any communication you sent to any federal or state agency, advocacy group, media outlet, or company involved in any way with the manufacture, distribution, or sale of pet food regarding pet food or the pet food industry.

Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "documents," "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action have sent any communications "to any federal or state agency, advocacy group, media outlet, or company involved in any way with the manufacture, distribution, or sale of pet food regarding pet food or the pet food industry." "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Taylor*, 132 F.R.D. at 305 (same); *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co*., 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998)

(same); *Welch Foods, Inc.*, 937 F.2d at 18 (same); *Approximately $141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at \*9 (same); *Land O'Lakes Farmland Feed*, *LLC*, 244 F.R.D. at 618 (same).  While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

This request is also overbroad to the extent that it seeks "All documents pertaining to any communication…regarding pet food or the pet food industry."  This exceeds the factual and legal issues in the Fourth Amended Complaint in that it seeks documents "pertaining to" pet food in general or the entire pet food industry rather than the specific Defendants in this case and the particular pet food products purchased by the Plaintiffs during the four year class period of May 9, 2003 to May 9, 2007.  The request is so overbroad that it would even include those Defendants who have been exempted from the Defendant class definition and would encompass communications regarding, for example, legislation, which is not an issue in this lawsuit.  *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2008 U.S. Dist. LEXIS 16799, \*17-18 (E.D. Pa. 2008) (holding that a request for production which would encompass communications that are not relevant to the claims or defenses at issue is overbroad and unduly burdensome); *Dobrich v. Walls*, 2006 U.S. Dist. LEXIS 65801, \*7-9 (D. Del. 2006) (holding a request for production which would encompass communications regarding a settlement agreement, which were not an issue in the lawsuit, are irrelevant as to the claim at issue).  While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at \*19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

The temporal scope of this request for production is overly broad in that it encompasses an unlimited period of time.  The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time.  Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery.  A time period unlimited in scope is overly broad and therefore improper. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at \*8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at \*2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

responsive discovery falling within the five-year period as to the State of Florida”); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde,* 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Notwithstanding the objection and without waiving it, for the time period between May 9, 2003 and May 9, 2007 there are no documents as to the manufacture, sale or distribution of pet food purchased by Ms. Blaszkowski for Dinky, Roxy, Bo and Cleo.

22.      All documents pertaining to any electronic communication you sent or received, directly or indirectly, regarding pet food during the last five (5) years, including emails and postings on websites, weblogs, electronic bulletin boards, or other electronic media.

Objection. This request for production is vague, ambiguous and unclear as to what is meant by “any communication…sent or received, …indirectly, … .” The Plaintiffs are unable to respond since they are unclear wheat communications that they could have sent or received “indirectly.” *In re John Does*, 1990 U.S. Dist. LEXIS 13793, *10-11 (D. Nev. 1990) (a summons seeking the names and social security numbers of all “directly” and “indirectly” tipped gaming employees can not be enforced to the extent it seeks the names of employees “indirectly” tipped, because the term is “undefined and imprecise” and is “not clear which employees it refers to”).

The Plaintiffs object because the request is facially overbroad based upon the defined terms “documents,” “pertaining to” and “you” because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action have sent any electronic communications “directly or indirectly, regarding pet food during the last five (5) years, including emails and postings on websites, weblogs, electronic bulletin boards, or other electronic media.” “[S]uch broad language ‘make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope.” A request that seeks all documents ‘pertaining to’ or ‘concerning’ a broad range of items ‘requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.’ Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests ‘must describe with reasonable particularity’ each item or category of items to be produced.” *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Taylor*, 132 F.R.D. at 305 (same); *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co*., 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); Welch Foods, Inc., 937 F.2d at 18 (same); *Approximately $141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at *9 (same); *Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. at 618 (same). While “[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .,” the concept of relevancy “should not be misapplied so as to allow fishing expeditions in discovery.” *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at

CASE NO. 07-21221 CIV ALTONAGA/Brown

**\*19-20;** *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at \*4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

See response to number 6 above as to anonymous electronic communications. The Plaintiffs reassert the objection raised in number 6 above and incorporate it herein by reference.

The temporal scope of this request for production is also overly broad in that it encompasses a five (5) year period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at \*8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at \*2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at \*33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Additionally, the scope of the request is overbroad to the extent that it seeks documents "pertaining to" "pet food" generally and not the specific products purchased by the Plaintiffs over the four year Class Period from May 9, 203 to May 9, 2007. *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Cooper v. Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, 29-30 (S.D. Fla. 2008) (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Brown v. Sun Healtcare Group, Inc.*, 2008 U.S. Dist. LEXIS 30517, 17-18 (E.D. Tenn. 2008) (holding that a request for "information *related to* any disciplinary action of any employee relating to improper resident care during..." is overbroad and unduly burdensome) (emphasis added); *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, 12-13 (N.D. Ind. 2007) (holding that a request for "all documents...pertaining to" is "vague and overbroad"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2001 U.S. Dist. LEXIS 24647 (D. Kan. 2001) (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). While "[t]he legal tenet that relevancy in the discovery context is broader

than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.).

Notwithstanding the objection, and without waiving it, as for <u>*direct*</u> communications concerning the specific pet food products purchased for Dinky, Roxy, Bo and Cleo between May 9, 2003 and May 9, 2007, none.

23.     A copy of all web sites, weblogs, electronic bulletin boards or other electronic media maintained in whole or in part by you, including any past or archived information during the last five (5) years, which in any way pertain to pet food.

Objection. See response to number 6 above. The Plaintiffs reassert the objection raised in number 6 above as to anonymous communications and incorporate it herein by reference.

The temporal scope of this request for production is also overly broad in that it encompasses a five (5) year period of time. The relative time period defined in the Fourth Amended Complaint is May 9, 2003 through May 9, 2007, which encompasses a four year period of time. Cases in this jurisdiction have held that an appropriate time period for discovery is between 3 and 5 years with 5 being the outermost edge of the proper scope of discovery. *Hull*, 116 F.R.D. at 593 (In limiting discovery to approximately four years, the court stated "there is no logical need to permit discovery into predicate acts alleged to have occurred ten or fifteen years ago" when the plaintiff has established that the requisite acts "occurred within a specified time frame"); *Nationwide Credit, Inc.*, 2004 U.S. Dist. LEXIS 30458, at *8 (in discrimination case, the court held that a five year discovery time period was appropriate when it sufficiently covered the discriminatory acts in question); *Status-One Invs., Inc.*, 2007 U.S. Dist. LEXIS 74365, at *2-3 ("if discovery is sought nationwide for a ten-year period, and the responding party objects on the grounds that only a five-year period limited to activities in the state of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida"); *Christie*, 488 F.3d at 1330 (finding no abuse of discretion when trial court reduced discovery from a seven to five years to pertain to the relevant time period); *Mawulawde*, 2007 U.S. Dist. LEXIS 62700, at *33-34 (stating that three to five years is the norm for discovery in district courts for employment discrimination cases).

Additionally, the scope of the request is overbroad to the extent that it seeks documents which "in any way pertain to pet food" generally and not the specific products purchased by the Plaintiffs for the companion cats and dogs at issue over the four year Class Period from May 9, 2003 to May 9, 2007. *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Cooper v. Meridian Yachts, Ltd.*, 2008 U.S. Dist. LEXIS 41902, 29-30 (S.D. Fla. 2008) (noting that in the absence of limiting language, the use of terms like "relating to" is impermissibly overbroad); *Dairyland Power Coop. v. United States*, 79 Fed. Cl. 722, 729 (Fed. Cl. 2007) (holding that a request for documents "relating to" some issue "provides no basis for determining which documents may or may not be responsive"); *Brown v. Sun Healtcare Group, Inc*., 2008 U.S. Dist. LEXIS 30517, 17-18 (E.D. Tenn. 2008) (holding that a request for "information *related to* any disciplinary action of any employee relating to improper

resident care during…" is overbroad and unduly burdensome) (emphasis added); *Loubser v. Pala*, 2007 U.S. Dist. LEXIS 91314, 12-13 (N.D. Ind. 2007) (holding that a request for "all documents…pertaining to" is "vague and overbroad"); *Wagener v. SBC Pension Benefit Plan-Non-Bargained Program*, 2007 U.S. Dist. LEXIS 21190 (D.D.C. 2007) (holding that a request for documents that "relate to" anything about the pay amendments or program in question is "tremendously overbroad"); *Western Res., Inc. v. Union Pac. R.R. Co.*, 2001 U.S. Dist. LEXIS 24647 (D. Kan. 2001) (holding that requests using the "omnibus" phrase "relate to" are "overbroad and unduly burdensome"). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

The Plaintiffs object because the request is facially overbroad based upon the defined terms "documents," "pertaining to" and "you" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action maintain "web sites, weblogs, electronic bulletin boards or other electronic media," "which in any way pertain to pet food" over a five (5) year period of time. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59. *Taylor*, 132 F.R.D. at 305 (same); *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co.*, 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); Welch Foods, Inc., 937 F.2d at 18 (same); *Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at *9 (same); *Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. at 618 (same). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

Notwithstanding the objection, and without waiving it, as for web sites, weblogs, electronic bulletin boards or other electronic media maintained, including any past or archived information concerning the specific pet food products purchased for Dinky, Roxy, Bo and Cleo between May 9, 2003 and May 9, 2007, none.

24.     Copies of all drivers licenses you have had during the last five (5) years.

Objection. Production of the Plaintiffs' Driver's Licenses is an inappropriate infringement on their personal identification information which could unnecessarily subject the Plaintiffs to identity theft and is an unwarranted intrusion on the Plaintiffs' right to privacy. Courts have held that, insofar as discovery requests seek confidential information such as driver's licenses and social security numbers, privacy concerns are relevant, and the party requesting such information "must show that the value of the information sought would outweigh the privacy interests of the affected individuals." *Case v. Platte County,* 2004 U.S. Dist. LEXIS 18052, 2004 WL 1944777, at *2 (D. Neb. June 11, 2004)(citing *Onwuka v. Fed. Express Corp.,* 178 F.R.D. at 517). *See Walters v. Breaux,* 200 F. R. D. 271, 274 (W.D. La. 2001)(citing cases protecting legitimate privacy concerns with respect to social-security numbers). Even when social-security information is needed to help locate individuals, courts will decline to compel production of social-security numbers when other identifying and locating information is available. *See McDougal-Wilson v. Goodyear Tire and Rubber Co.,* 232 F.R.D. 246, 252 (E.D.N.C. 2005); *Raddatz v. Standard Register Co.,* 177 F.R.D. 446, 448 (D. Minn. 1997)(stating that court should not order the production of personnel files in their entirety where less intrusive means may be used to obtain the relevant information). *McGee v. City of Chicago,* 2005 U.S. Dist. LEXIS 30925, *7-8 (N.D. Ill. June 23, 2005) (Good cause exists to prohibit public disclosure of private information, including a drivers license number, because such disclosure may "cause the Individual Defendants unnecessary annoyance or embarrassment and would unfairly and gratuitously invade their privacy").

Such a request is also irrelevant and not reasonably calculated to lead to the discovery of evidence that will be admissible at trial. Courts have found that social-security numbers are confidential and not reasonably calculated to lead to the discovery of admissible information. *See Mike v. Dymon,* No. 95-2405-EEO, 1996 U.S. Dist. LEXIS 17329, 1996 WL 674007, at *7 (D. Kan. November 14, 1996)("The court does not find that requests for social security numbers and dates of birth of all individuals who provided information to answer the interrogatories are reasonably calculated to lead to the discovery of admissible evidence.").

25.     Documents sufficient to identify all addresses at which you have lived or worked during the last five (5) years.

Objection. This same information was requested in Defendant Mars Inc.'s interrogatories which requested a list of "all addresses at which you have lived for the past ten (10) years." Please see Interrogatory number five (5). The Plaintiffs therefore object to providing documents identifying the very same addresses that they have already identified in their responses to Defendant, Mars Inc.'s, interrogatory number five (5). This request is therefore overly burdensome, duplicative and intended to harass the Plaintiffs by causing the Plaintiffs and their attorneys additional and unnecessary labor and expense in responding to this request that will not lead to the discovery of any evidence that their responses to interrogatory number five (5) would not provide. *United States ex rel. Fisher v. Network Software Assoc.,* 227 F.R.D. 4, 7 (D.D.C. 2005) (Granting a motion for protective order because request sought information "already produced" and was therefore duplicative and unnecessary); *EEOC v. Wal-Mart Stores, Inc.,* 2001 U.S. Dist. LEXIS 23027, *23-24 (W.D.N.Y. 2001) ("Where a request is duplicative or cumulative of other discovery

already provided, the defendant may refer the plaintiffs to the previously produced discovery, provided that such a referral is sufficiently specific to allow the plaintiffs to identify the actual responsive documents previously produced"); *Aluminum Distributors, Inc. v. Gulf Aluminum Rolling Mill Co*., 1988 U.S. Dist. LEXIS 11222, *17-18 (N.D. Ill. 1988) ("As it appears that much of the information being allowed here has previously been produced, we admonish ADI that duplicative discovery request will result in sanctions. Discovery beyond these four customers will not be allowed because it is irrelevant").

The Plaintiffs object to providing employment address for the past five (5) years as that is irrelevant to this case and is therefore not intended to lead to the discovery of evidence admissible at trial. *Rivera v. NIBCO, Inc*., 384 F.3d 822, 825 (9th Cir. 2004) (discovery of plaintiff's birthplace is irrelevant); *Myricks v. FRB*, 480 F.3d 1036, 1042 (11th Cir. 2007) (Upholding district court's decision to deny "irrelevant discovery" of severance agreements not related to the claim); *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 95 (Fla. 1995) (a litigant is not "entitled carte blanche to irrelevant discovery").

Notwithstanding the objection and without waiving it, please see response to Defendant Mars Inc.'s Interrogatories number five (5) for addresses for the past five (5) years.

26.    Documents sufficient to identify all members of your household at all times during the last five (5) years.

**Objection.  The Plaintiffs object because the request is facially overbroad based upon the defined terms "documents" and "your" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action have had members of their household other than the Plaintiff over the past five (5) years. The inquiry is burdensome and irrelevant. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.,* 238 F.R.D. 648, 658-59; *Taylor*, 132 F.R.D. at 305 (same); *Horowitch,* 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co*., 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); Welch Foods, Inc., 937 F.2d at 18 (same); *Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at *9 (same); *Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. at 618 (same).  While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.,* 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.). *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc*., 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co*., 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.**

This request is also overbroad to the extent that it would require the Plaintiffs to provide information concerning individuals who are not members of the Plaintiffs family. For example, if a plaintiff lived in a duplex, this request is so broad that it could be construed as requiring documents to identify the individuals in that duplex, regardless of whether a Plaintiff even knew the resident(s) or not.

Notwithstanding the objection and without waiving it, in lieu of producing documents, as to all family members in Ms. Blaszkowski's household, Dinky, Roxy, Bo and Cleo.

27.     All receipts for pet foods and pet treats purchased by you or any member of your household during the last five (5) years.

Objection. The Plaintiffs object because the request is facially overbroad based upon the defined terms "you" and "your" because the Plaintiffs would have to inquire as to a spouse, relatives, employees, etc. to determine whether any of these persons who are not a party to this action have or had members of their household other than the Plaintiff over the past five (5) years purchased pet food. The inquiry is burdensome and irrelevant because it is not even related to the Paintiffs companion cats and dogs during the relevant time period of May 9, 2003 to May 9, 2007. "[S]uch broad language 'make[s] arduous the task of deciding which of numerous documents may conceivably fall within its scope." A request that seeks all documents 'pertaining to' or 'concerning' a broad range of items 'requires the respondent either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request.' Such a request violates the basic principle of Federal Rule Civil Procedure 34(a) that requests 'must describe with reasonable particularity' each item or category of items to be produced." *Kraft Foods N. Am.*, 238 F.R.D. 648, 658-59; *Taylor*, 132 F.R.D. at 305 (same); *Horowitch*, 2007 U.S. Dist. LEXIS 29626, at *5 (same); *Walgreen Co.*, 2008 U.S. App. LEXIS 10704, at *18 (same); *Schlafly*, 1998 U.S. App. LEXIS 8250 (Fed. Cir. 1998) (same); Welch Foods, Inc., 937 F.2d at 18 (same); *Approximately $ 141,932.00 in United States Currency*, 2007 U.S. Dist. LEXIS 54030, at *9 (same); *Land O'Lakes Farmland Feed*, LLC, 244 F.R.D. at 618 (same). While "[t]he legal tenet that relevancy in the discovery context is broader than in the context of admissibility . . .," the concept of relevancy "should not be misapplied so as to allow fishing expeditions in discovery." *Martinez v. Cornell Corrs. of Tex.*, 229 F.R.D. 215, 218 (D.N.M. 2005)(Browning, J.); *Marathon Ashland Petroleum LLC*, 2007 U.S. Dist. LEXIS 29159, at *19-20; *Wang's Int'l, Inc.*, 2006 U.S. Dist. LEXIS 38701, at *4-5; *Haas Co.*, 1998 U.S. Dist. LEXIS 11141; *GMC*, 173 F.R.D. at 224.

CASE NO. 07-21221 CIV ALTONAGA/Brown

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

**Notwithstanding the objection and without waiving it, Ms. Blaszkowski will provide receipts as to the pet food and/or treats that she purchased for the time period of May 9, 2003 to May 9, 2007.**

Dated: June 30, 2008
      Miami, FL

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that these responses were served on all counsel or parties of record on the attached Service List via e-mail on June 30, 2008.

/s Catherine J. MacIvor
CATHERINE J. MACIVOR

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile: (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

**JOHN B.T. MURRAY, JR.**
E-Mail**: jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**BARBARA BOLTON LITTEN**
**blitten@ssd.com**
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal*
*Supplies Stores Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US**
**LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, &**
**GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.*
*and Mars Petcare U.S. and Nutro Products, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**TONY F. FARMANI**
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**AMY R. DAVIS**
adavis@wc.com
**JULI ANN LUND**
jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Nutro Products, Inc. Mars, Incorporated and Mars Petcare U.S.*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*


**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*


**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*


**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*


**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*


**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:   (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*