# EXHIBIT 6

LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

PHILIP A. SECHLER
(202) 434-5459
psechler@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 17, 2008

**Via Email**

Patrick N. Keegan, Esq.
Keegan & Baker, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, California 92122

Catherine J. MacIvor, Esq.
Maltzman Foreman PA
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, Florida 33131-1803

  Re: *Blaszkowski v. Mars, Incorporated, et al.,*
    Case No. 07-21221-CIV (S.D. Fla.)

Dear Patrick and Catherine:

  I write to memorialize the discussion between the parties during our telephonic meet-and-confer on July 15, 2008. We conferred on four topics: (1) Plaintiffs' proposal that Defendants agree to stay this litigation pending resolution of *In Re: Pet Food Production Liability Litigation* (the "Menu Foods Case"); (2) a plan for phased discovery, pursuant to the Court's June 25, 2008 Order; (3) a schedule for depositions of the named plaintiffs; and (4) resolution of the discovery issues raised in my July 8, 2008 letter to you. The discussion on these issues was as follows:

  *Plaintiffs' Proposal for a Stay.* After both parties discussed the proffered basis for Plaintiffs' position that this litigation should be stayed—except for with respect to Defendant Natura Pet Products, Inc. ("Natura")—pending final approval of the settlement in the Menu Foods Case, Defendants explained that they do not agree to the proposed stay.

  *Proposal for a Phased Discovery Plan.* Plaintiffs stated that they will submit to Defendants their proposal for a plan for sequenced discovery by today, Thursday, July 17.

  *Schedule for Plaintiffs' Depositions.* Plaintiffs stated that, given their position that this case should be stayed, they are no longer prepared to go forward with the schedule for Plaintiffs' depositions that had been negotiated by the parties and contained in the stipulation that

Plaintiffs previously had indicated was acceptable. Defendants objected to Plaintiffs' position and said they believed the depositions should proceed as scheduled. Although we therefore believe we are at an impasse with respect to the taking of Plaintiffs' depositions, Plaintiffs said they would propose an alternative schedule for Plaintiffs' depositions in their proposal for a phased discovery plan that will be sent today.

*Plaintiffs' Responses to Written Discovery.* The parties discussed Defendants' concerns as to Plaintiffs' objections and responses to written discovery, as set forth in my July 8 letter to you. Plaintiffs agreed to consider clarifying their responses to Defendants' Document Request Nos. 1, 2, 6, 7, 8, 9, 10, 12, and 17, as well as Mars' Interrogatory No. 2 and Natura's Interrogatory No. 5 to address the concerns set forth in my July 8 letter. Although Plaintiffs were not prepared to provide a specific date by which any such supplementation would be provided, it is critical that Defendants receive a response from Plaintiffs in prompt fashion. We therefore request that you provide supplemental responses to these requests within two weeks from today, or by July 31. If Plaintiffs are not prepared to proceed in that timeframe, please let us know, so that we may seek immediate resolution.

With respect to Defendants' Document Requests Nos. 20 to 23 and Mars' Interrogatories Nos. 5 and 6, Plaintiffs indicated they would stand on their objections. Defendants continue to maintain that those objections lack colorable merit and that Plaintiffs should produce the documents and information requested. We therefore intend to file a motion to compel production of the documents requested by Requests Nos. 20 to 23 and complete responses to Mars' Interrogatories Nos. 5 and 6.

As to Defendants' Document Request No. 13, Defendants are willing to accept "representative" photographs at this time, as Plaintiffs had agreed to provide, and to defer the issue whether any further material of this nature should be produced until after Plaintiffs testify at their depositions and the pertinent vet records are fully examined. Please let us know if you have any objection to that approach.

Finally, Plaintiffs agreed to produce vet records for all named plaintiffs by next Friday, July 25.

This letter attempts to set forth the nature of our discussion on the items addressed. Please let me know if you disagree with any of my statements in that regard.

Sincerely,

Philip A. Sechler

cc: All Counsel of Record