# EXHIBIT 7

Dockets.Justia.com

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

PHILIP A. SECHLER
(202) 434-5459
psechler@wc.com

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 8, 2008

**VIA EMAIL AND FIRST-CLASS MAIL**

Patrick N. Keegan, Esq.
Keegan & Baker, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122

Catherine J. MacIvor, Esq.
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2300
Miami, Florida 33131-1803

   Re:  *Blaszkowski, et al. v. Mars, Incorporated, et al.*
       Case No. CV-07-21221 (S.D. Fla.)

Dear Mr. Keegan and Ms. MacIvor:

   I write with respect to Plaintiffs' June 30, 2008 responses to Defendants' Joint First Set of Requests for the Production of Documents, Mars Incorporated's First Set of Interrogatories, and Natura Pet Products' First Set of Interrogatories.[1] We believe that the information Plaintiffs have agreed to provide in response to Defendants' requests falls far short of the information to which Defendants are entitled. Furthermore, as explained below, many of Plaintiffs' responses make it impossible for Defendants even to evaluate what information Plaintiffs are willing to produce. We therefore request an immediate opportunity to meet and confer regarding these issues in an attempt to resolve them without resort to the Court. Defendants have already indicated, via a July 3, 2008 email sent from Craig Hoover to both Mr. Keegan and Ms. MacIvor,

---

[1] These requests were issued to each Plaintiff on April 16, 2008. On June 30, 2008, Defendants received, via email, responses from twenty-five (25) of the twenty-six (26) remaining Plaintiffs. Defendants have not yet received a response from Plaintiff Lisa MacDonald. We request that Ms. MacDonald's responses be sent to Defendants at once.

our availability to meet and confer with you in Miami on July 14 and 15, and we remain willing to do so. We are also available to meet and confer by phone before July 14 and 15. As time is of the essence, please let me know of your availability for such a discussion by close of business tomorrow.

## RESPONSES TO DEFENDANTS' REQUESTS FOR DOCUMENTS

**Recurring Issues:** In a number of Plaintiffs' responses,[2] Plaintiffs agree to produce "relevant documents" in response to the requests at issue. It is not clear from these responses whether Plaintiffs are agreeing to produce all documents that fall within the scope of the documents requested, or only those documents within that category that they deem "relevant." Of course, if Plaintiffs intend to pick and choose from any given category of documents, Defendants would object, as such responses are not acceptable. *See* Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection … will be permitted as requested or state an objection to the request, including the reasons.") We request that Plaintiffs restate their document responses to make clear whether responsive documents are being produced or not.

Additionally, in a number of Plaintiffs' responses, Plaintiffs have agreed to provide discovery during the May 9, 2003 to May 9, 2007 time frame only, and have refused to provide discovery from outside that time frame. To the extent Plaintiffs claim that injuries to their pets were caused by Defendants' pet food products, the medical history of these pets from before the beginning of the class period is highly relevant and, thus, Defendants are entitled to discovery of such information. *See* Fed. R. Civ. P. 26(b)(1). We therefore request that, for those pets for which Plaintiffs claim physical injury, Plaintiffs respond to discovery requests that call for veterinary records and other discovery pertaining to the health of such pets by providing <u>all</u> responsive discovery, not just discovery from the May 9, 2003 to May 9, 2007 time frame.

**Definition No. 1 & Instruction No. 1:** The term "you" was defined in our requests to include not only Plaintiffs, but also those acting on Plaintiffs' behalf, such as Plaintiffs' spouses, children, and relatives. Plaintiffs have thus been asked to produce not only documents in their own possession, but also those in the possession, custody or control of those acting on their behalf. Plaintiffs' limitation of "you" to include only Plaintiffs themselves and their refusal to produce documents other than those in their own possession is not justified. As several Plaintiffs

---

[2] *See* Request No. 7 (Plaintiffs Thomas, Valoras and White); Request No. 8 (Plaintiffs Damron, Davis, Nelson and White); Request No. 10 (Plaintiffs Hock and Nelson); Request No. 12 (all Plaintiffs except Plaintiffs Blaszkowski, Brown, Damron, Davis, Hock, Lucarelli, Lupo, Quinn, Valoras and White); Request No. 13 (Plaintiff Brown); Request No. 17 (Plaintiffs Lupo, Isern, Nelson and White); Request No. 19 (Plaintiff Lupo); Request No. 20 (Plaintiffs Gaglione, Hock, Nelson, Shore and Valoras); Request No. 21 (Plaintiffs Gaglione and Hock).

indicated in response to Mars' Interrogatory No. 1, Plaintiffs were not always exclusive caretakers of their pets. *See, e.g.*, Resp. to Interrogatory No. 1 by Plaintiff Isern (listing caregiver for each of seven pets as "Isern Family"); Resp. to Interrogatory No. 1 by Plaintiff Davis (listing William Davis and C. Davis as caregivers for two pets). To the extent that other individuals participated in taking care of Plaintiffs' pets, information relating to their activities is discoverable under Rule 26. *See* Fed. R. Civ. P. 26(b)(1). We request that Plaintiffs produce otherwise responsive documents in the possession of others who acted on Plaintiffs' behalf in feeding or caring for their pets.

**Request No. 2:** This request seeks documents pertaining to the facts alleged in the Complaint, as well as facts underlying the subject matter of this lawsuit. Plaintiffs' agreement to produce "documents ... as to the <u>relevant</u> facts alleged in the <u>factual predicate</u> to the Fourth Amended Complaint" is insufficient. Facts alleged in a civil complaint are, by definition, "relevant to a[] party's claim or defense" and, thus, documents pertaining to these facts are discoverable. *See* Fed. R. Civ. P. 26(b)(1). We therefore request that Plaintiffs produce documents pertaining to <u>all</u> facts alleged in the Complaint, not just those deemed "relevant facts,"and not just those in the Fourth Amended Complaint's factual predicate. *See* Fed. R. Civ. P. 26(b)(1).

**Request No. 6:** This request seeks all documents containing information regarding the claims alleged in the Complaint. Plaintiffs' response, after stating a five-page objection, simply lists a number of documents that have been filed with the Court. This non-response is entirely non-compliant with Rule 34(b)(2) and affords no information as to whether Plaintiffs are agreeing, or not, to produce the documents requested. We ask that Plaintiffs provide a sufficient response to Request No. 6.

**Request No. 7:** This request seeks the production of all documents pertaining to Plaintiffs' pets, listing "journals, diaries, letters and scrapbooks" as examples of the types of documents sought. Plaintiffs' responses to this request vary, but most respond by agreeing to produce "veterinary records, bills and photos ... as available for the period of time between May 9, 2003 and May 9, 2007." Such responses require clarification, as it is not clear whether other responsive documents—such as journals, diaries, letters, scrapbooks, emails, or internet postings—are within Plaintiffs' possession, custody or control but are being withheld, or whether Plaintiffs have conducted a diligent search for such documents and have discovered that no such documents exist. Defendants are entitled to know which categories of requested documents are being withheld and on what ground. *See* Fed. R. Civ. P. 34(b)(2)(B) (for each category of documents requested, "the response must either state that inspection and related activities will be permitted or state an objection to the request, including the reasons"). Please clarify these responses accordingly.

**Request No. 8:** This request seeks production of documents pertaining to damages allegedly suffered by the Plaintiffs and their pets. Most Plaintiffs have responded to this request

by agreeing to produce "veterinarian records, bills and pet food receipts." Such responses require clarification, as it is not clear whether Plaintiffs are producing all documents in their possession that reflect their damages or whether other documents reflecting Plaintiffs' alleged damages exist but are not being produced. Please clarify these responses accordingly.

**Request No. 9:** This request seeks documents relating to veterinarian visits and consultations, listing "bills, insurance records, notes and medical records" as examples of the types of documents sought. As with Plaintiffs' responses to Request No. 7, Plaintiffs' responses to this request require clarification, as it is not clear whether the documents each Plaintiff has agreed to produce constitute all documents responsive to the request or whether other documents—such as insurance records (which no Plaintiff indicated he/she would produce) and notes (which only one Plaintiff (Mathiesen) indicated she would produce)—exist but are being withheld. We request that Plaintiffs clarify their responses in the same fashion as we have asked regarding Request No. 7.

**Request No. 10:** This request seeks documents relating to health concerns Plaintiffs have had with regard to their pets, listing "research regarding the causes of or treatments for that health concern" as a particular type of document sought. As with Plaintiffs' responses to Request No. 7, Plaintiffs' responses to this request require clarification, as it is not clear whether the documents each Plaintiff has agreed to produce constitute all documents responsive to the request or whether other responsive documents—such as the research described in the request (which only one Plaintiff (Peters) indicated she would produce)—exist but are being withheld. We request that Plaintiffs clarify their responses in the same fashion as we have asked regarding Request No. 7.

**Request No. 12:** This request seeks production of documents relating to the amount of money Plaintiffs spent purchasing or rescuing their pets. We request that Plaintiffs Brown, Lupo and Valoras (whose responses appear to contain typographical errors that make their responses inconsistent or incomplete) and Plaintiffs Blaszkowski, Damron and Davis (whose responses suffer from the same type of ambiguity as Plaintiffs' responses to Request No. 7) clarify their responses appropriately.

**Request No. 13:** This request seeks production of photographs, videorecordings, and other visual records of Plaintiffs' pets. Plaintiffs' agreement to produce "representative photographs" in lieu of all responsive documents is insufficient. First, Plaintiffs' assertion of a "burden" objection on a group-wide basis is improper. While it may be true that <u>some</u> Plaintiffs "have hundreds to thousands of pictures of their companion cats and dogs," this does not justify an objection by all Plaintiffs to produce less than the full scope of the requested records. Second, Plaintiffs' assertion of an overbreadth objection is misplaced. While there are some circumstances in which a request for all photographs—as opposed to just a representative sample—could be overbroad, Plaintiffs allege that their pets have been physically injured by Defendants' pet food products. Obtaining <u>all</u> visual records of the pets that were allegedly

Patrick N. Keegan, Esq.
Catherine J. MacIvor, Esq.
July 8, 2008
Page 5

harmed is "reasonably calculated to lead to the discovery of admissible evidence" insofar as examination of these records may reveal an injury, illness, or other physical ailment that would provide an alternative explanation for the harm alleged by Plaintiffs. Third, Plaintiffs have asserted no objection to justify their apparent refusal to provide any visual records other than photographs.[3] We therefore request that each Plaintiff produce <u>all</u> requested photographs, videorecordings and other visual records within their possession, custody, or control. *See* Fed. R. Civ. P. 34(a). If individual Plaintiffs believe the request is unduly burdensome based on their specific circumstances, they should object on an individual basis, stating the specific facts and circumstances that give rise to the asserted burden in such a way that Defendants can evaluate the propriety of such an objection. *See* Order on Discovery [D.E. 344] at I.

**Request No. 17:** This request seeks production of all documents pertaining to any lawsuits or other legal proceedings in which Plaintiffs have been a party or have testified. A number of Plaintiffs responded by indicating their involvement in a lawsuit and agreeing to produce "[r]elevant documents ... as they are available." *See, e.g.*, Resp. to Request No. 17 by Plaintiffs Lupo, Hock, Isern, Nelson, Peters and White. We wish to clarify that Request No. 17 calls for <u>all</u> documents pertaining to Plaintiffs' involvement in legal proceedings, including but not limited to documents pertaining to litigation in which Plaintiffs have participated in product liability lawsuits. We therefore request that Plaintiffs produce all such documents in their possession, custody, or control. *See* Fed. R. Civ. P. 34(a).

**Requests Nos. 20, 22 & 23:** These requests seek production of communications the Plaintiffs have sent or received—in hard copy or electronically—regarding pet food. They also seek production of electronic media the Plaintiffs have maintained or contributed to relating to pet food. Plaintiffs' refusal to produce anonymous internet postings in response to Request No. 20, and Plaintiffs' refusal to produce any documents whatsoever in response to Requests No. 22 and 23, is unjustified. First, it is not clear from Plaintiffs' responses that they have complied with Rule 34(b)(2)(B)-(C), which requires a party responding to a document request to produce all requested documents to which the party has not stated a reasoned objection. While Plaintiffs state a number of objections to these requests, their objections appear to cover only a subset of the documents requested. For example, an electronic newsletter sent from a pet food company to one of the Plaintiffs would be responsive to Request No. 22 yet not covered by an objection, as would a non-anonymous email sent by one of the Plaintiffs to a friend discussing a pet food product. If such responsive documents exist, Plaintiffs must produce them, as they have not lodged an appropriate objection to their production. *See id.* Second, Plaintiffs' First Amendment objections lack colorable merit because, having initiated this lawsuit, Plaintiffs are

---

[3] Although Plaintiffs have not expressly refused to produce videorecordings or other visual records, only one Plaintiff has indicated that he/she will be producing anything other than representative photographs. *See* Response from Plaintiff Brown (agreeing to produce "representative photographs and other relevant items").

in no position to assert a First Amendment privilege to block the discovery of information that bears directly on the merits of their claims, including claims that they were misled by Defendants' advertising. Third, Plaintiff Peters' refusal to produce "anonymous or other internet website posts" is wholly unjustified, as Ms. Peters has presented no objection whatsoever to justify her withholding of the non-anonymous internet website posts she has sent or received. *See* Fed. R. Civ. P. 34(b)(2)(B). We request that Plaintiffs produce all communications (anonymous and non-anonymous) responsive to these requests[4] and specifically request that Plaintiff Susan Peters produce any and all responsive internet website posts. Defendants are entitled to such documents under Fed. R. Civ. P. 26(b)(1).

**Request No. 21:** This request seeks production of pet-food-related communications the Plaintiffs have sent to or received from government agencies, advocacy groups, media outlets, or pet food manufacturers, distributors, or sellers. Most Plaintiffs responded that they did not have any documents "as to the manufacture, sale or distribution of pet food purchased by [Plaintiff] for [his/her pets]." Request No. 21 did not seek documents regarding the manufacture, sale or distribution of pet food but, rather, sought all communications with *companies* that manufacture, sell or distribute pet food and all communications with governmental agencies, advocacy groups and media outlets regarding pet food or the pet food industry. We request that Plaintiffs clarify their responses so as to indicate which documents responsive to Request No. 21 will be produced and which (if any) are being withheld and on what ground(s). *See* Fed. R. Civ. P. 34(b)(2)(B)-(C).

## RESPONSES TO MARS' INTERROGATORIES

**Interrogatory No. 2:** This interrogatory seeks identification, among other things, of the veterinarians and other professionals consulted by Plaintiffs in connection with their pets. Plaintiffs' reference to veterinary records is an insufficient response. First, it is difficult—and, in some instances, impossible—for Defendants to identify the particular veterinarian or professional whose records were produced. *See* Fed. R. Civ. P. 33(d) (noting that option to produce records in lieu of answer only appropriate "if the burden of deriving or ascertaining the answer will be substantially the same for either party"). Second, we have yet to receive veterinary records for a number of Plaintiffs' pets, so, for those Plaintiffs, we have received no manner of identification. Third, the interrogatory seeks identification of all veterinarians or other professionals consulted whether or not such visits resulted in the maintenance of records or the production of them pursuant to your clients' request. We therefore request that Plaintiffs respond to Interrogatory No. 2 with a complete identification of those veterinarians, animal

---

[4] Plaintiffs also refuse to produce anonymous communications responsive to Request No. 6 and Request No. 7 based on the same First Amendment objection. Because this objection is without merit, we request that Plaintiffs produce all anonymous communications responsive to these requests, as well.

clinics, and/or other professionals whom they visited at any time during the class period in connection with any of their pets.

**Interrogatories Nos. 5 and 6:** These interrogatories seek the electronic identities Plaintiffs used, as well as identifying information regarding the electronic communities Plaintiffs maintained or contributed to, during the class period. Plaintiffs' refusal to provide this information lacks merit. First, Plaintiffs are incorrect that the other information requested—such as email addresses, screen names, and names used in electronic communities—is protected from production on privacy grounds in a case such as this one. Defendants recognize the privacy interests at stake, but those interests certainly are overcome when the requested information is highly relevant to litigation that Plaintiffs themselves initiated. Here, to the extent that Plaintiffs have engaged in online communications related to the allegations in this case and have used electronic identities to do so, such information is discoverable. Second, Plaintiffs' refusal to provide any electronic identities on the ground that some such identities are irrelevant to this lawsuit is improper. Defendants are not seeking to discover the electronic identities Plaintiffs use in contexts wholly unrelated to pets or pet food, such as usernames for online banking, clothing purchases, or bill payments. That Plaintiffs could legitimately resist production of these electronic identities does not mean that Plaintiffs can legitimately resist production of electronic identities that are "reasonably calculated to lead to the discovery of admissible evidence," such as electronic identities Plaintiffs used when discussing pets and/or pet food via electronic media. *See* Fed. R. Civ. P. 26(b)(1). Third, as discussed previously, Plaintiffs' First Amendment objection to production of anonymous communications (and, thus, disclosure of the electronic identities under which these anonymous communications were made) is without merit. We therefore request that Plaintiffs respond to Interrogatory No. 5 with a complete listing of the electronic identities Plaintiffs used during the class period to send or receive communications relating to pets or pet food. We similarly request that Plaintiffs respond to Interrogatory No. 6 with a complete listing of the electronic communities Plaintiffs maintained and/or contributed to during the class period that discussed or related to pets or pet food.

## RESPONSES TO NATURA'S INTERROGATORIES

**Interrogatory No. 5:** Natura's Interrogatory No. 5 seeks an itemization of the damages Plaintiffs claim to have incurred. This information is critical at this stage of the litigation, as Plaintiffs seek to proceed on a class basis. Defendants are entitled to know what damages Plaintiffs are claiming in order to respond to Plaintiffs' motion for class certification. Although Plaintiffs generally mention "veterinarian bills" and "pet food expenses" in response to this interrogatory, Defendants seek—and are entitled to discover—the specific dollar amount of damages that Plaintiffs currently claim. We therefore request that Plaintiffs respond to this interrogatory and provide an itemization of damages.

~ ~ ~

As this letter indicates, there are a number of areas of discovery that Defendants have requested that thus far have not been provided. In light of the upcoming depositions of Plaintiffs, it is critical that Defendants receive this information now. I therefore hope to hear from you as to your first availability for a meeting to address these issues.

Sincerely,

*Philip A. Sechler/AD*

Philip A. Sechler

cc:     Counsel of Record (via email)