**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 07-21221-CIV-ALTONAGA/Brown**

RENEE BLASZKOWSKI, et al.,
Individually and on behalf of
Others similarly situated,

   Plaintiffs,

vs.

MARS, INCORPORATED, et al.,

   Defendants.

_____/

**PLAINTIFFS' RENEWED MOTION TO STAY [1]**

In response to the Court's July 21, 2008 Order, Plaintiffs, Renee Blaszkowski, *et al.,* individually and on behalf of others similarly situated, respectfully request this Court to enter a stay of the entire case, until after the final approval hearing is held and an order issued determining whether or not the class action settlement in the related case entitled *In Re: Pet Food Products Liability Litigation* (Civil Action No. 07-2867-NLH), pending before the United States District Court for the District of New Jersey, as well as the lapse of time of any appeals is elapsed and/or resolutions of any appeals.

**I.  Introduction**

In a separate proceeding, all Defendants, except for defendant Natura Pet Products, Inc., have sought and obtained preliminary approval of a class action settlement in the related case entitled *In Re: Pet Food Products Liability Litigation* (Civil Action No. 07-2867-NLH), pending before the United

---

[1] All emphasis is added unless otherwise noted.

States District Court for the District of New Jersey ("Menu Foods Case"), which would purportedly release some, or the majority of the Plaintiffs (except those who purchased Natura Pet Products, Inc. products) in this case. Notwithstanding the fact that the Plaintiffs in this case are now settlement class members in the Menu Foods Case, and the New Jersey Court has ordered a stay of litigation between settlement class members and Defendants, (except for Natura Pet Products, Inc.), the Defendants refused to agree to a stay of this action against all defendants except for Natura Pet Products, Inc. ("Natura"), until 30 days after the final approval hearing is held and an order issued determining whether or not the Menu Food Case class action settlement is granted final approval. While conceding that the release in the Menu Foods Case class settlement agreement would eliminate some of the Plaintiffs' claims in this case, the Defendants suggest the waiver, release and discharge provisions bargained for in the Menu Foods Case settlement would not eliminate all claims. However, the release in the Menu Food Case class action settlement agreement is overbroad (requiring release of all known and unknown claims alleged against the Defendants for the Plaintiffs' pet food purchases) and potentially over inclusive to include the Plaintiffs' claims in this action. Moreover, the Defendants' counsel have flatly refused to exclude the Plaintiffs' case pending before this Court from the release in the Menu Foods Case settlement agreement.

As a result, Plaintiffs filed a motion seeking a stay of discovery against all defendants except for Natura Pet Products, Inc., until 30 days after the final approval hearing is held and an order issued determining whether or not the Menu Food Case class action settlement is granted final approval. In response to such motion, the Court, on July 21, 2008, denied Plaintiffs= motion Awithout prejudice@ and instructed the parties to meet and confer as to a stay of the entire case until after the final approval hearing is held and an order issued determining whether or not the Menu Food Case class action

settlement is granted final approval, as well as the time of any appeals is elapsed and/or resolutions of

any appeals. Moreover, since the Court's ruling, Defendants have filed two discovery motions and have

continued extensive third party discovery. While Plaintiffs have requested Defendants agree to a stay of

the entire case, including claims against Natura, until after the final approval hearing is held and an

order issued determining whether or not the Menu Food Case class action settlement is granted final

approval, as well as the time of any appeals is elapsed and/or resolutions of any appeals, to conserve

judicial resources, eliminate duplicative discovery, and reduce the possibility of inconsistent pretrial

rulings, Defendants have refused, necessitating the instant motion.

## II.    *SUMMARY OF RELEVANT PRIOR PROCEEDINGS*

This is a putative nationwide class action asserting claims for: (i) fraudulent misrepresentation

and concealment, (ii) negligent misrepresentation; (iii) deceptive and unfair trade practices under Fla.

Stat. § 501.201; (iv) negligence; (v) strict liability; (vi) injunctive relief; (vii) breach of implied

warranty; (viii) breach of express warranty; and (ix) unjust enrichment against 24 manufacturers, co-

packers, retailers and specialty retailers of certain pet food products, as alleged in Plaintiff's Fourth

Amended Complaint. Plaintiffs' putative class is defined as:

> All consumers in the United States who have purchased pet food
> produced, manufactured, advertised, marketed, distributed and/or sold by
> any of the Defendants that (a) was marketed as having certain ingredients
> or benefits to cats and dogs when the pet food either contained ingredients
> and/or additives **and/or contaminants** and/or other matter that were not
> represented in the Defendants' marketing and/or (b) fails to contain the
> promised benefits based upon scientifically valid research studies. The
> relevant time period for the Class is **May 9, 2003 through the present**.

[DE 349]. The Menu Foods Case is currently pending in the United District Court for District of New

Jersey, and is the consolidation of 13 District Court and 100 state court cases containing economic

damage claims due to contaminated pet food products recalled from March 16, 2007. All of the Defendants in this action, except for Natura are named defendants in the Menu Foods Case. (MacIvor Decl. at 2). On or about May 22, 2008, the parties in the Menu Foods Case reached a class action settlement of all 100 state court cases, 13 district court cases and unknown number of Canadian cases consolidated through the MDL. (MacIvor Decl. at Exhibit "A".) On or about May 30, 2008, a mere eight (8) days after the effective date of the Settlement Agreement, the Honorable Neal Hillman signed an Order of Preliminary Approval of the Settlement reached in the Menu Foods Case. (MacIvor Decl. at Exhibit "B".)

Prior to the filing (and public disclosure of) and preliminary approval of this Settlement Agreement, the Plaintiffs' counsel was informed that the instant case would be specifically excluded from the Menu Foods Settlement Agreement. However, not only is this instant case not excluded from the Settlement Agreement, but the definition of "Release Claims" and "Recalled Pet Food Products" is so overboard that, if approved, it could be used by the Defendants to surreptitiously seek a dismissal of all or most of the Plaintiffs' claims in this action, except those claims against Defendant Natura.

On July 15, 2008, during a Rule 7.1 conference concerning this Motion, the Plaintiffs' counsel, Patrick Keegan, specifically asked the Defendants' counsel if they would agree to exclude this case from the release set forth in the Menu Foods Case Settlement Agreement, just like the specific exclusions of a case filed in Hawaii, since the release could be interpreted to release all of the claims of the Plaintiffs and the proposed class of pet food purchasers as alleged in the Fourth Amended Complaint in this case against all of the Defendants in this action except for Defendant Natura . The Defendants refused to exclude this case from the release set forth in the Menu Foods Case settlement agreement,

notwithstanding the fact that Defendants concede that at least a portion of the named Plaintiffs and the proposed class of pet food purchasers as alleged in the Fourth Amended Complaint in this case would be released if the Menu Foods Settlement is finally approved on October 14, 2008. Thus, the Plaintiffs' counsel conclude that the _named_ Defendants have intended all along to use the waiver, release and discharge set forth in the Menu Foods Case settlement agreement (preliminarily approved by the New Jersey District Court) to seek a dismissal of all Named Plaintiffs' claims in this case (except as to Defendant Natura) after final approval in the Menu Foods Case on October 14, 2008.

Specifically, in the Settlement Agreement preliminary approved by the New Jersey District Court, the Defendants in the Menu Foods Case (which are comprised of all of the named Defendants in this case except for Defendant Natura) will obtain a release, waiver and discharge of all claims raised in each of the 113 consolidated U.S. cases and a number of unknown Canadian cases, including giving the released defendants a general waiver of unknown claims from the entire class and binding the Menu Foods settlement class with restrictive covenants against participating in any lawsuits against the released defendants, even as a member of a settlement class, without a limitation as to time or a defined settlement class period. Moreover, because the definition of "released claims" includes any claim raised in any of the 113 consolidated cases, the Menu Foods Case settlement class members, including the Plaintiffs, must review and analyze same to assess whether any of the claims raised in any of the 113 consolidated cases were claims brought in this action.

From their review, the Plaintiffs know of more than one consolidated case in particular that did, in fact, bring claims that are arguably identical to the claims in this action. So although the scope and time period as set forth in the Menu Foods Case was limited to recalled pet food products which differs

with the instant action, the parties, issues, products and class periods between the two cases sufficiently overlap such that named Plaintiffs are understandably concerned about whether the settlement reached in the Menu Foods Case, and the resulting waiver, release and discharge or claims, would waive and discharge all of the Named Plaintiffs' claims in this action (except for those alleged against Defendant Natura)  Therefore, it would be an obvious waste of this Court's judicial resources and the parties' resources for every defendant in this case to continue to seek written discovery responses, issue subpoenas of related third parties, and take the depositions of the named plaintiffs if the claims of these named plaintiffs are determined to be released in the Menu Foods Case.

A hearing to approve the final settlement in the Menu Foods Case is scheduled for October 14, 2008.  Therefore, the Plaintiffs respectfully request the Court enter to stay the instant action against all Defendants, until after the final approval hearing is held and an order issued determining whether or not the Menu Food Case class action settlement is granted final approval, as well as the lapse of time of any appeals is elapsed and/or resolutions of any appeals.

III.    *SUMMARY OF RELVANT FACTS*

A.    **The Settlement Reached in the Menu Foods Case Purports to Include Plaintiffs as Part of the Settlement Class**

The Preliminary Approval Order certifies a class for settlement purposes of:

> All persons and entities who purchased, used or obtained, or whose pets used or consumed Recalled Pet Food Products.[2]

_____

[2] The Menu Foods Settlement Agreement defines "Recalled Pet Food Products" as:

> Any pet food product and/or treat products or any ingredient thereof that were recalled by any Released Entity between March 16, 2007 and the present.

Although the Menu Foods Settlement Agreement refers to the date pet food products were

[MacIvor Decl., Exhibit "B" at 1.VV]. This broad definition can arguably include all but the Natura Plaintiffs and members of the putative class in this action, if they simply purchased, used or obtained, or their pets used or consumed, one of the thousands of recalled pet food products, irrespective of time. Moreover, there is no doubt that the Defendants intend to include named the Plaintiffs as part of the Menu Foods Settlement because these named Plaintiffs received claim forms for the Menu Foods Settlement. [MacIvor Dec.] Moreover, it appears that the Defendants in the instant action may be unwilling to allow the Plaintiffs to participate in the Menu Foods Settlement, without a dismissal with prejudice of their claims in this action. Thus, it appears that the class certified for settlement in the Menu Foods Case includes Plaintiffs in this action, and may involve over-lapping claims.

**B.      The Menu Foods Case Settlement includes all Defendants in this action, except Natura**

The Settlement Agreement purports to dismiss some approximate 58 defined pet food "Defendants," and "any and all entities and individuals that are alleged to have handled, distributed, purchased for resale and/or redistribution, supplied, manufactured and/or sold or offered for sale Recalled Pet Food Products" including some approximate 210 specifically named "Released Entities" as well as well as "their respective insurers, parent companies, subsidiaries, affiliates, and all of their respective franchisees, and the officers, directors, trustees, shareholders, unit holders, partners, governors, managers, employees, agents, assignees, successors and heirs of all of them." [*See* Stl. Agr.

---

recalled, it does not define when the products were manufactured, purchased, consumed or advertised.

¶1.T] [*See* Stl. Agr. ¶1.RR]. Essentially, the Settlement Agreement purports to release every Defendant in the instant action, except Defendant Natura.[3]

**C.      The Menu Foods Settlement Includes Products that are Subject of Our Action**

Although the Settlement Agreement does not provide a list of Recalled Pet Food Products, the settlement website provides a 17 page list of approximately 1,100 different recalled pet food products, which presumably are the defined "Recalled Pet Food Products." Many of the products presumably defined as "Recalled Pet Food Products" were used by Plaintiffs in this action.

**D.      The Menu Foods Settlement Purports to Resolve Claims Raised in the Instant Action**

The Settlement Agreement contains a broad waiver, release and dismissal with prejudice which Defendants will likely assert resolves the instant action. For example, paragraph 3.A. of the Settlement Agreement provides:

> Upon entry of the Final Approval Order and Judgment by the MDL Court and all Canadian Courts, the Releasing Parties forever release and discharge all Released Claims against all Defendants and all Released Entities.  For purposes of this Settlement Agreement, "**Released Claims**" are all claims, demands, actions, suits, and/or causes of action that have been brought **or could have been brought**, **are currently pending** or were pending, or are ever brought in the future, **by any Settlement Class Member against any Defendant or Released Entity, in any forum** in Canada or the United States (including their territories and, in the case of the United States, Puerto Rico), **whether known or unknown, asserted or unasserted**, **under or pursuant to any statute, regulation, common law or equity**, that relate **in any way**, directly **or indirectly**, to facts, acts, events, transactions, occurrences, courses of conduct, **representations**, **omissions**, circumstances or other matters referenced **in any claim raised (including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation.**  (emphasis added).[4]

---

[3] The Menu Foods Settlement Agreement would also reach certain entities in the Defendant class as well.

[4] Because "**Pet Food Recall Litigation**" is defined at ¶1.KK. of the Settlement Agreement as the "**U.S. Actions**" and the "**Canadian Actions**" which are further defined as "each of the actions that are part of, or become  part of, the coordinated proceedings of In re Pet Food Products Liability Litigation, MDL No. 1850, in the United District Court for District of New Jersey" and the "actions listed in Exhibit 1 to the Settlement Agreement," respectively (which, the publicly posted Settlement

**E.      The Menu Foods Case Settlement Purports to Preclude Any Other Litigation**

The Settlement Agreement includes many restrictions aimed at insulating the "Defendants" and each "Released Entity" from further litigation from not only the named plaintiffs, but the entire settlement class. For example, paragraph 3.B of the Settlement Agreement contains a covenant not to sue:

> "The Releasing Parties and each of them agree and covenant not to sue or prosecute, institute or cooperate in the institution, commencement, filing or **prosecution of any suit or proceeding in any forum against any Released Entity**, or against any other person or entity who may claim contribution or indemnity from or against any Released Entity, based upon or related to any Released Claim.

Additionally, paragraph 3.C. of the Settlement Agreement also provides:

> It is an essential element of the Agreement that the Released Entities obtain the fullest possible release from further liability to anyone relating to the Released Claims, and it is the intention of the Parties to this Agreement that the Agreement eliminate all further risk and liability of the Released Entities relating to the Released Claims. Accordingly, the Parties agree that the MDL Court and Canadian Courts shall include in the Final Approval Order and Judgment an injunction that permanently enjoins the Releasing Parties from (i) filing, commencing, prosecuting, **continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities** or against any person or entity who may claim over against any Released Entity for contribution or indemnity; (ii) instituting, continuing, maintaining, organizing class members in, or joining with class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over against any Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding, or order in any jurisdiction based on an allegation that an action taken by the Released

Agreement has no Exhibit 1), the Settlement Agreement purports to release and discharge any claim brought by our Plaintiffs if those claims were brought in any of the 113 actions brought within the United States and any claims brought in Canada.

Entities, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any Settlement Class Member.

Finally, in addition to a request for a dismissal with prejudice, the Settlement Agreement includes a waiver of the provisions of Section 1542 of the Civil Code of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

These releases are unduly overbroad and unfairly dismiss claims of the Settlement Class which are unlikely to have been evaluated, including perhaps the claims asserted in this action.

This Court has the power to grant a stay, particularly in a situation such as this, where a stay will avoid wasting judicial resources, eliminate the potential for potentially moot discovery, and reduce the likelihood of inconsistent rulings. A stay, however, will not prejudice the Defendants. The Plaintiffs thus respectfully request this Court to stay this matter pending resolution of the Menu Foods Case.

## IV. A BRIEF STAY IS APPRORIATE UNDER THE CURCUMSTANCES PRESENTED

### A. The Court has Discretion To Stay This Action.

The power to stay is well established and is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That power includes the ability to stay parallel class action proceedings. (*See, e.g., Goff v. Menke*, 672 F.2d 702-, 705 n.2 (8th Cir. 1982); *see also DiLeo v. Baumhart*, 1985 WL 1501, at * 1 (N.D. Ill. May 17, 1985) ("A court's power to stay a suit in order to avoid duplicative litigation is equally applicable to class actions."); 7B C. Wright, A. Miller & M. Kane, FEDERAL, PRACTICE AND PROCEDURE §1792, AT 293 (2D ED.

1986) ("when similar actions, either class or individual, are proceeding before several courts, one or more of the tribunals may stay the proceeding before it pending the outcome of the other action"); MANUAL FOR COMPLEX LITIGATION §31.14 (3D ED. 1995) ("in appropriate cases, a judge may order an action stayed pending resolution of a related case in a federal court").

**B.** **All Proceedings Should Be Stayed Pending the Resolution of the Plaintiffs' Objection to the Menu Foods Class Action Settlement.**

This Court has discretion in determining whether a stay is appropriate. *Viskase Corp.*, 261 F.3d at 1328. In exercising this discretion, courts have considered three factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *ASCII Corp. v. STDEntm't USA, Inc.*, 844 F.Supp. 1378, 1380 (N.D. Cal. 1994).

**1.** **The Plaintiffs Will Be Prejudiced Unless The Court Stays This Matter**

Failure to stay this action pending the outcome of the Menu Foods Settlement imposes an unnecessary burden and hardship on the Plaintiffs. *See, Arthur-Magna, Inc., supra,* 1991 U.S. Dist. LEXIS 1431, at * 4 (D.N.J. Feb. 1,1991) (finding that even if a temporary stay can be characterized as a delay prejudicial to the parties, there are considerations of judicial economy and hardship that are compelling enough to warrant such a delay). *See also, American Seafood, Inc. v. Magnolia Processing,* 1992 U.S. Dist. Lexis 7374, at *6 (E.D. Pa. May 7, 1992) (holding that "duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay.").

Without a stay, duplicative and costly motion practice is certain - with the potential for different

outcomes in different jurisdictions. This is a clear hardship weighing in favor of a temporary stay of this action until the Court in the Menu Foods Case renders its decision regarding final settlement. *See, The Hertz Corp. v. The Gator Corp.*, 250 F.Supp.2d 421, 427 (D. N.J. 2003) (the heavy financial burden to a party having to defend itself in multiple *fora* is a clear hardship weighing in favor of a stay pending an MDL decision). Because these putative class actions are based on certain identical operative facts and seek similar relief, there is the grave specter of potentially inconsistent rulings by different courts addressing the same or similar issues. Thus, these considerations warrant a temporary stay of this action.

On the other hand, the Defendants will suffer no prejudice if this Court enters a stay pending resolution of the Menu Foods Case. *See, Tench v. Jackson National Life Ins. Co.,* 1999 U.S. Dist. LEXIS 18023, at *5 (N.D. Ill. 1999) (granting a stay as plaintiff would suffer no prejudice from the short delay); *American Seafood, Inc. v. Magnolia Processing, Inc.,* 1992 U.S. Dist. LEXIS 7374, at *5 (E.D. Pa. May 7, 1992) (finding that "plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML"). The temporary stay is of a limited duration, so any potential inconvenience is outweighed by the considerations of judicial economy and fairness. See, *Egon v. Del-Val Financial Corp.,* 1991 U.S. Dist. LEXIS 1420, at *2-3 (D.N.J. Feb 1, 1991)("[E]ven if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to Defendants that are compelling enough to warrant such a delay.")

**2.      Judicial Resources Will Be Conserved and Conflicting Decisions Will Be Avoided If This Court Grants Plaintiffs' Motion for a Stay**

Considerations of judicial economy weigh heavily in favor of temporarily staying this action pending the Court's decision regarding approval of the settlement in the Menu Foods Case because, if final approval is granted, the Menu Foods Case potentially resolves some if not all of the non-Natura Pet

Products, Inc. claims.  As such, there is no need for the parties to consume this Court's scarce judicial resources in litigating a complex action that may, ultimately, be decided in another forum.  Because a temporary stay will promote the conservation of judicial resources, this Court should temporarily stay this action pending resolution of the Menu Foods Case.

**3.      Discovery in this Case Has Just Commenced and Embarking on Discovery Without Knowing the Scope of the Menu Foods Settlement is Futile**

After extensive attacks on the pleadings, the parties have just commenced discovery in this action.  It would be futile and a waste of the parties' time and efforts to engage in substantial discovery practice if the claims in this matter are ultimately resolved in the Menu Foods Case.  Because discovery has just barely commenced, there are not impending deadlines for dispositive motions or mediation, and Defendants will therefore not be prejudiced by a temporary stay, the Court should temporarily stay this action pending resolution of the Menu Foods Case settlement.

WHEREFORE, the Plaintiffs, Renee Blaszkowski, *et al.,* respectfully request this court to enter an order staying this entire action, to avoid wasting judicial resources, to eliminate the potential for duplicative discovery, and to reduce the likelihood of inconsistent rulings on important pretrial issues, until after the final approval hearing is held and an order issued determining whether or not the class action settlement in the related case entitled *In Re: Pet Food Products Liability Litigation* (Civil Action No. 07-2867-NLH), pending before the United States District Court for the District of New Jersey, as well as the lapse of time of any appeals is elapsed and/or resolutions of any appeals.

Dated:  July 28, 2008

**RULE 7.1 CERTIFICATE**

Prior to filing this Motion, Plaintiffs counsel, Patrick Keegan, corresponded with the Defendants about the substance of this Motion and conducted a telephone conference on July 28, 2008 with the Defendants' representatives, who did not agree to the relief requested herein.

Respectfully submitted,

s/ Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on July 18, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor

Catherine J. MacIvor

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US
LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, &**
**GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN B.T. MURRAY, JR.**
E-Mail**: jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**BARBARA BOLTON LITTEN**
**blitten@ssd.com**
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**TONY F. FARMANI**
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S. and Nutro Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition,
Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys  for Defendants Hill's Pet Nutrition,
Inc.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition,
Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile:   (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile:  (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**AMY R. DAVIS**
adavis@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC  20005
Telephone: (202)434-5000
*Attorneys for Defendants Nutro Products, Inc.
Mars, Incorporated and Mars Petcare U.S.*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD
LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:   (202) 887-4288

*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:   (305) 373-7929

*Attorneys for New Albertson's Inc. and
Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile:   (954)463-2224

*Attorneys for Defendant Publix Super Markets,
Inc.*