UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.*

    Defendants.
_____/

**DECLARATION OF CATHERINE J. MacIVOR**

I, Catherine J. MacIvor declare and state as follows:

    1.    I am a partner at Maltzman Foreman, PA and have been practicing law for sixteen (16) years. I am admitted in all courts in the state of Florida, the United States Supreme Court, the First, Fifth, Ninth and Eleventh Circuit Courts of Appeal and the Southern District of Florida. Until June 2008, I was lead counsel in the above-referenced litigation and now serve as co-counsel for the Plaintiffs along with Patrick Keegan of Keegan and Baker.

    2.    I have personal knowledge of the facts and issues set forth in this Declaration, which are based upon discussions with Patrick Keegan.

    2.    *In re Pet Food Products Liability Litigation* ("Menu Foods Case") (Civil Action No. 07-2867 (NLH), is currently pending in the United District Court for District of New Jersey. Co-counsel Patrick Keegan advises that it is the consolidation of 13 District Court and 100 state court cases litigating economic damage claims due to contaminated pet food products recalled on or about March 16, 2007 and thereafter. He has further advised that all of the Defendants in this

action, except for Defendant Natura Pet Products, Inc., appear to be named defendants in the Menu Foods Case.

3. On or about May 22, 2008, the parties in the Menu Foods Case reached a class action settlement of all 100 state court cases, 13 district court cases and unknown number of Canadian cases consolidated through the MDL. Attached hereto as Exhibit "A" is what I am informed is a true and correct copy of the Settlement Agreement obtained from the website www.petfoodsettlement.com.

4. On or about May 30, 2008, a mere eight (8) days after the effective date of the Settlement Agreement, the Honorable Neal Hillman signed a Order of Preliminary Approval of the Settlement reached in the Menu Foods Case, which is attached hereto as Exhibit "B" and is what I am informed and believe is a true and correct copy of the Order for Preliminary Approval also obtained from the website www.petfoodsettlement.com.

5. Prior to the filing (and public disclosure thereof) and preliminary approval of this Settlement Agreement, I was informed by Jay Edelson, Esquire, who advised that he was a lawyer appointed on the Plaintiffs' MDL panel negotiating this settlement, that this case would be excluded from the Menu Foods Settlement Agreement. However, based upon my co-counsel, Patrick Keegan's, review of the Settlement Agreement, his interpretation is that the definition of "Release Claims" and "Recalled Pet Food Products" in the Settlement Agreement is so overboard that, if approved, it will be used by the Defendants to surreptitiously seek a dismissal of all or most of Plaintiffs' claims in this action.

6. In fact, on July 15, 2008, counsel for Plaintiffs and all, or nearly all, Defendants participated in a conference call in an effort to meet and confer on this Motion, the discovery

phasing plan and other discovery related issues. During the call, Plaintiffs' counsel, Patrick Keegan, specifically asked the Defendants' counsel if they would agree to exclude this case from the release set forth in the Menu Foods Case Settlement Agreement, just like the specific exclusions of a case filed in Hawaii, since Mr. Keegan believes the release could be interpreted to release all of the claims of the named Plaintiffs and the proposed class of pet food purchasers as alleged in the Fourth Amended Complaint in this case against all of the Defendants in this action (except for those Plaintiffs with claims against Defendant Natura Pet Products). Counsel for Nestle Purina Petcare Compnay, Craig Hoover, apparently answering on behalf of all Defendants, emphatically stated that the Defendants *refused* to exclude this case from the release set forth in the Menu Foods Case settlement agreement, notwithstanding the fact that the Defendants conceded that at least a portion of the named Plaintiffs and the proposed class of pet food purchasers as alleged in the Fourth Amended Complaint in this case would be released if the Menu Foods Settlement is finally approved on October 14, 2008. Thus, Plaintiffs' counsel, Mr. Keegan, concluded that the Defendants have intended all along to use the waiver, release and discharge set forth in the Menu Foods Case settlement agreement (preliminarily approved by the New Jersey District Court) to seek a dismissal of all Named Plaintiffs' claims in this case after final approval in the Menu Foods Case on October 14, 2008.

7. Mr. Keegan believes that, although the scope and time period as set forth in the Consolidated Amended Complaint filed in the Menu Foods Case was limited to recalled pet food products which differ with the instant action, the parties, issues, products and class periods between the two cases sufficiently overlap such that the Menu Foods Case claims as originally pleaded could have been classified as a sub-class of the instant action, i.e., the named Plaintiffs

in this case were putative class members of the Menu Foods Case, and the named plaintiffs in the Menu Foods Case were putative class members of this case. However, Mr. Keegan is concerned that the Menu Food Case parties have intentionally drafted and entered into a settlement agreement which, notwithstanding the Defendants' representations to the contrary, appears to release claims well beyond the limitations of recalled pet food products. Mr. Keegan thus believes that the named Plaintiffs and the proposed class of pet food purchasers, as alleged in the Fourth Amended Complaint in this case, are members of the Settlement Class of the Menu Foods Case, which could be interpreted to release all of Named Plaintiffs' and putative class' claims in this action against all Defendants (except for those Plaintiffs with claims against Defendant Natura Pet Products).

8. Specifically, Mr. Keegan advises that in the Settlement Agreement preliminarily approved by the New Jersey District Court, the Defendants in the Menu Foods Case (which includes all of the Defendants in this case except for Defendant Natura Pet Products, Inc.) will obtain a release, waiver and discharge all claims raised in <u>each</u> of the approximate 113 consolidated U.S. cases and number of unknown Canadian cases, including giving the released defendants a general waiver of unknown claims <u>from the entire class</u> and binding the Menu Foods <u>settlement class</u> with restrictive covenants against participating in any lawsuits against the released defendants, even as a member of a settlement class, without a limitation as to time or a defined settlement class period. Moreover, his analysis reveals that because the definition of "released claims" includes any claim raised in any of the 113 consolidated cases, Menu Foods Case settlement class members, including the named Plaintiffs, must review and analyze to assess whether any of the claims raised in any of the 113 consolidated cases were claims brought

4
CASE NO. 07-21221 CIV ALTONAGA/Brown

in this action.

9. Based upon his review, Mr. Keegan, as Co-Counsel for the named Plaintiffs, advises that there is more than one consolidated case in particular that did, in fact, bring claims that are arguably identical to the claims in this action. So although the scope and time period as set forth in Consolidated Amended Complaint filed in the Menu Foods Case was limited to recalled pet food products which differs with the instant action, the parties, issues, products and class periods between the two cases sufficiently overlap such that named Plaintiffs are understandably concerned about whether the settlement reached in the Menu Foods Case, and the resulting waiver, release and discharge or claims, would waive and discharge all of the Named Plaintiffs' claims in this action (except for those alleged against Defendant Natura Pet Food, Inc.) Moreover, Mr. Keegan believes that the discovery issues and depositions unilaterally noticed by the Defendants, and every other defendant in this case except those that relate to the claims of named plaintiffs Jennifer Damron, Renee Blaszkowski, Cindy Tregoe, Susan Peters, Yvonne Thomas and Jo-Ann Murphy regarding solely their purchases of pet food brands of Defendant Natura Pet Products, Inc., should be stayed given the preliminary approval of the class action settlement in the Menu Foods Case and the potential release of all other claims should the settlement be finally approved. It would be a waste of the parties resources and judicial resources of this Court for every defendant in this case except for Defendant Natura Pet Products, Inc. to continue to seek written discovery responses, issue subpoenas to third parties, and take the depositions of the named Plaintiffs, other than the six (6) referenced above, if the claims of the other named Plaintiffs are determined to be released in the Menu Food Case. Therefore, Plaintiffs' Counsel, Patrick Keegan, requested in writing on July 10, 2008, that all

5
CASE NO. 07-21221 CIV ALTONAGA/Brown

named defendants agree to a discovery stay as to all other named plaintiffs except the six (6) referenced above and all claims asserted against all other named defendants (except for Defendant Natura Pet Products) in this case until after the final approval hearing is held and an order issued determining whether or not the Menu Food Case class action settlement is granted final approval. The Defendants refused to agree to such a stay.

10. A hearing to approve the final settlement in the Menu Foods Case is scheduled for October 14, 2008. Because of the Defendants' refusal agree to exclude this case from the Menu Foods Settlement, the named Plaintiffs anticipate filing an Objection to the settlement reached in the Menu Foods, which would include a request for a determination of scope of the release from the Menu Foods settlement.

11. In the meantime, the Plaintiffs request the Court to stay the instant action against all Defendants except for Defendant Natura Pet Food, Inc., who is not a named defendant or a released party in the Menu Foods Case, until 30 days after the scheduled final settlement approval hearing in the Menu Foods Case or *November 14, 2008*.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of July, 2008.

s/ Catherine J. MacIvor
_____
Catherine J. MacIvor
