UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____/

## OPPOSITION TO PLAINTIFFS' MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE

Natura Pet Products, Inc. ("Natura") opposes Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative (the "Motion") in this action.

## I.      INTRODUCTION

Plaintiffs' Motion is self-defeating because the relief sought requires an evidentiary showing of good cause; nevertheless, Plaintiffs provide no exhibits, declarations or any other evidence in support of their Motion. Instead they provide only argument of counsel, rendering their Motion devoid of legal or factual support.

The Motion seeks two items of relief:

1.      Modification of the Scheduling Order to extend the time available for the addition of new parties; and

2.      Joinder of Arna Cortazzo as a new named plaintiff and potential class representative.

Both requests must be denied.

- 1 -

Plaintiffs fail to present any evidence to show good cause for modification of the January 16, 2008 deadline to add new parties as required by Federal Rule of Civil Procedure Rule ("Rule") 16(b). Further, Plaintiffs fail to present any evidence that Arna Cortazzo has any claim whatsoever against Natura or the other defendants, or, if she does, whether her joinder would be appropriate in this action. Though Plaintiffs' lack of any supporting evidence to their Motion alone mandates denial, the prejudice that will be suffered by Natura should the Motion be granted also requires denial.

As counsel for Plaintiffs now acknowledge, none of the Plaintiffs in this action have ever possessed any claim against Natura for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") or other claims based on Florida state law, even though each and every Plaintiff pled such claims in the Fourth Amended Complaint. As no presently named Plaintiff has ever purchased Natura's products in Florida, no Plaintiff has standing to raise claims under FDUTPA or any other Florida state law. Consequently, Natura is entitled to immediate dismissal of the FDUTPA claim as well as any other purported claims based on Florida state law. Based on counsel's representations, adding Arna Cortazzo would prevent dismissal of the FDUTPA claim as to Natura—a claim which should never had been brought in the first place— thereby causing Natura grave legal prejudice. In addition, adding Ms. Cortazzo would give new life to the pled Florida state law tort claims, which currently have no representative Plaintiff to pursue them. Natura also will be prejudiced by having to restart discovery with a new plaintiff after working months just to begin the already named Plaintiffs' depositions, including a motion to compel, and with less than 12 weeks before class certification motions must be filed.

Finally, Plaintiffs show no cause for the delay in adding Ms. Cortazzo, a local attorney specializing in animal law and defective products. While Natura knows nothing about Ms. Cortazzo's alleged purchases, she presumably knew about this case before last week and could have sought to join in the action before the deadline to add parties passed. Plaintiffs are merely trying to salvage claims against Natura while the rest of their case implodes. Ms. Cortazzo may

file her own action if she believes she has Rule 11 grounds to do so. Plaintiffs' Motion should be denied.

## II.    BACKGROUND

On May 9, 2007, Plaintiffs filed this action seeking to represent a putative class of consumers who purchased pet food. [D.E. 1 ("Original Complaint").] Natura was not added as a defendant until the filing of the Second Amended Class Action Complaint ("Second Amended Complaint") [D.E. 260-1.] on November 29, 2007. A third amended complaint was then filed in January 2008, and a fourth amended complaint was filed in April 2008. This current operative version of Plaintiffs' complaint, filed April 11, 2008, asserts claims for (i) fraudulent misrepresentation and concealment, (ii) negligent misrepresentation, (iii) violation of FDUTPA, (iv) negligence, (v) strict liability, (vi) injunctive relief, (vii) breach of implied warranty, (viii) breach of express warranty, and (ix) unjust enrichment against 24 manufacturers, copackers, retailers or specialty retailers of certain pet food products, including Natura. [D.E. 349 ("Fourth Amended Complaint").]

On July 6, 2007, Judge Cecilia M. Altonaga entered her "Order Setting Trial And Pre-Trial Schedule Requiring Mediation, And Referring Certain Motions To Magistrate Judge" ("Scheduling Order") setting the deadline to join new parties in this action at November 16, 2007. [D.E. 130.] Immediately before that deadline, Plaintiffs requested an extension that the Court granted in part, setting the new deadline to join new parties to January 16, 2008 ("Amended Scheduling Order"). [D.E. 257.] Despite already receiving one extension to join parties and with no showing of good cause, Plaintiffs now—nearly one year after the original deadline—seek further seek to leave to amend their complaint to add Arna Cortazzo as a new party with new claims against the only remaining defendant Natura.[1] [D.E. 457.]

---

[1] While dismissals are not on file yet, Plaintiffs' counsel have represented to counsel for Natura that all non-Natura-purchasing Plaintiffs wish to dismiss their claims, the Natura-purchasing plaintiffs wish to dismiss their claims against all non-Natura Defendants, and Natura-purchasing Plaintiff Damron wishes to dismiss all claims.

## III. LEGAL ARGUMENT

### A. Plaintiffs Fail to Meet Their Rule 16(b) Burden to Show Good Cause that the Scheduling Order of the Court Should Be Modified to Extend the Deadline Within Which to Join New Parties.

Plaintiffs' Motion must fail because the movants present no evidence to meet their burden to show good cause why the Court should modify its Amended Scheduling Order pursuant to Rule 16(b). Where a movant seeks to join a new party to an action after the time permitted by the scheduling order within which to do so, the moving party must satisfy the good cause requirement of Rule 16(b). In *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998), the Eleventh Circuit stated:

> District courts are required to "enter a scheduling order that limits the time to … join other parties and to amend the pleadings …" Fed. R. Civ. P. 16(b). Such orders "control the subsequent course of the action unless modified by a subsequent order," Fed. R. Civ. P. 16(e), and may be modified only "upon a showing of good cause." Fed. R. Civ. P. 16(b).

The *Sosa* court elaborated further that the good cause requirement of Rule 16(b) should not be disregarded because doing so "would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* at 1419.

Here, the Amended Scheduling Order set a January 16, 2008 deadline for joining new parties. [D.E. 257 at 3.] But Plaintiffs' request to modify the deadline for joining new parties was filed with no evidentiary showing on August 22, 2008, more than seven months after the January 16, 2008 deadline had passed. [D.E. 457.] As Plaintiffs acknowledge in their motion, adding Arna Cortazzo as a plaintiff would require a modification of the Amended Scheduling Order. [D.E. 457 at 2.] Therefore, for Plaintiffs' motion to be granted, Plaintiffs must satisfy the good cause requirement of Rule 16(b), which they do not.

This Court has already stated in its Amended Scheduling Order:

Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In order to establish "good cause", the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so.

[D.E. 257 at 2, ¶3 (referencing Rule 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).]

Plaintiffs fail to meet their burden of proving good cause because they do not provide any evidence in support of their Motion. [*See* D.E. 457.] Instead, they offer only allegations and arguments of counsel. Arguments by counsel are not evidence. *See Mack v. Chambers (In re Mack),* No. 6:06-cv-1782-Orl-19, 2007 U.S. Dist. LEXIS 30114, at *14 (M.D. Fla. Apr. 23, 2007) ("However, attorney argument is not evidence."); s*ee also United States v. Murray*, 154 Fed. Appx. 740, 745 n.7 (11th Cir. 2005) (noting that what attorneys say in argument is not evidence); *Lee v. Reinhardt Motors, Inc*., No. 2:05cv235-CSC, 2006 U.S. Dist. LEXIS 78093, at *32 (M.D. Ala. Oct. 25, 2006) ("Counsel's argument is not evidence…."); *Stallworth v. Sourcecorp*, No. 2:05cv385-WHA, 2006 U.S. Dist. LEXIS 44920, at *23 (M.D. Ala. June 30, 2006) (stating that "defendant cannot meet its burden merely through… argument of counsel"). Plaintiffs' bald assertions of good cause fail to include any facts and evidence in support. Therefore the assertions cannot be considered as evidence supporting a showing of good cause. Indeed, because this Court has not been provided with a scintilla of evidence to support a finding that Plaintiffs met their burden to show good cause for modifying the Amended Scheduling Order, Plaintiffs leave the Court with no option but to deny their Motion. Plaintiffs' allegations of good cause, even if they were supported by evidence, would still fail to satisfy the good cause showing required by Rule 16(b) because no reasonable explanation is offered to show why Arna Cortazzo must be added to this action. Plaintiffs' purported reason for adding Arna Cortazzo is to "preserve" their FDUTPA claim against Natura. There is, however, no claim to preserve; as

Plaintiffs implicitly concede, they never had a FDUTPA claim against Natura and are even now subject to Rule 11 in their efforts to preserve this unfounded claim.

The Second Amended Complaint that added Natura as a defendant contained only two Florida residents who were plaintiffs and alleged purchases of any products in Florida: Patricia Davis and Raul Isern. [D.E. 260-61, ¶¶ 4, 25.] Count III of the Second Amended Complaint alleged "Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 As to All Defendants." [D.E. 260-61 at 58.] Plaintiffs now admit, as compelled by their discovery responses, that:

> The two Florida Plaintiffs in this case, Patricia Davis and Raul Isern, however, did not use pet food products manufactured by Natura.

[D.E. 457 at 2; *see also* Caverly Decl. ¶¶ 7-8 & exs. A-B (Davis' and Iserns' Interrogatory Responses).] As Davis, Isern, and Plaintiffs' counsel now concede, Davis and Isern did not buy or use Natura products. They certainly knew or should have known on November 29, 2007 that they did not use Natura products and that they had no basis for their claims. This information was uniquely within their knowledge before responding to discovery which was stayed for some months. Plaintiffs cannot now be heard to ask the Court to disrupt its set schedule and alter its Amended Scheduling Order to allow non-Florida plaintiffs to "preserve" a claim they never actually possessed because the already named plaintiffs Davis and Isern want out while the non-Natura defendants are agreeable to waivers of fees and costs.[2]

Since day one of this suit, Plaintiffs have had no claim against Natura for a FDUTPA violation or any other violation of Florida law, such as the claims pled for negligence and strict liability. It makes no sense to add one now, more than 15 months after the case was filed and

---

[2] Natura has not stipulated to the dismissal of any plaintiffs in exchange for a waiver of fees and costs and intends to request fees under FDUTPA as the prevailing party against Davis, Isern, and all non-Florida Plaintiffs who asserted a FDUTPA claim against Natura. Natura has spent hundreds of thousands of dollars in defense costs to date just to figure out which Plaintiffs bought which products and where.

less than 12 weeks from arguments regarding class certification. Plaintiffs' failure to timely remedy their jurisdictional concern underlines, rather than excuses, insufficient diligence in pursuing these claims. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (holding that appellant, who filed motion to amend 20 months after filing original complaint and more than 12 months after the deadline to amend pleadings had passed, did not show requisite level of diligence). Additionally, the proposed new plaintiff, Arna Cortazzo, is not prejudiced by being left out of this action. If she has a claim against Natura, Ms. Cortazzo is free to file her FDUTPA claim, if any, against Natura in another action. Such a claim will not overlap in any way with the claims in this action.

Plaintiffs' discussion regarding the avoidance of prejudice to themselves and promoting judicial economy are not proper considerations under the Rule 16(b) good cause inquiry. *See, e.g., Am. Res. Ins. Co. v. Evoleno Co.*, No. 07-0035-WS-M2007, U.S. Dist. LEXIS 93031, at *5 (S.D. Ala. Dec. 18, 2007) ("The plaintiff has not cited, and the Court has not located, any Eleventh Circuit case hinging the 'good cause' determination on the presence or absence of prejudice or judicial economy, and the definition embraced in *Sosa* would appear to rule out such a coupling."). But even if those arguments were to be considered, Plaintiffs make an inadequate showing. Plaintiffs have no claim of prejudice because they lose nothing by having their Motion denied. Plaintiffs never had a viable FDUTPA claim against Natura and the denial of the Motion does nothing to change that fact.

Nor is judicial economy served by bringing Ms. Cortazzo into this case as a plaintiff. Her addition would interrupt case scheduling, add claims to a case that is being streamlined by Plaintiffs' wholesale abandonment of most of their claims, and undoubtedly delay argument on class certification because Natura would have to obtain discovery from her, her vets, and any

other third parties relevant to her new claims. It has already taken some five months, two successful motions by Defendants to compel, and two unsuccessful motions by Plaintiffs to stay to finally get Plaintiffs' depositions underway. [*See* Caverly Decl. ¶ 4.]

Plaintiffs have lacked diligence and have no good cause to seek a modification of the Amended Scheduling Order to extend the deadline for which to petition for the addition of new parties. Plaintiffs have presented no evidence to support their request as Rule 16(b) requires, and Plaintiffs' track record in this case exhibits routine delays and failures in diligent prosecution. Plaintiffs do not and cannot allege that it would have been impossible, despite their best diligence, to timely discover and add a party who could allege standing to bring claims against Natura under FDUTPA or other Florida state law. Plaintiffs' request to modify the Amended Scheduling Order should be denied.

**B.** **Plaintiffs Provide No Showing That Arna Cortazzo Is A Proper Plaintiff In This Action.**

Even if Plaintiffs were to overcome their Rule 16(b) deficiencies, which they cannot, Plaintiffs must then show that Arna Cortazzo is a proper plaintiff to join this action. Plaintiffs seek to add Ms. Cortazzo as a party pursuant to Rule 21, which states that the Court "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. To avoid a misjoinder of a party under Rule 21, however, the added party must satisfy the preconditions for permissive joinder of parties set forth in Rule 20(a). *See Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 62 (S.D.N.Y. 2005). Rule 20 provides:

> Rule 20. Permissive Joinder of Parties
> (a) Persons Who May Join or Be Joined.
>  (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
>    (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>    (B) any question of law or fact common to all plaintiffs will arise in the action.

Here, Plaintiffs, to Natura's prejudice in opposing this motion, fail to specify any particulars or provide any evidence with regard to Ms. Cortazzo's alleged claim against Natura. Plaintiffs simply allege in their Motion that "Arna Cortazzo, a Florida resident, did purchase and use Natura's pet food products and experienced damages as result of same." [D.E. 457 at 2.] Natura received no notice of Ms. Cortazzo's potential claim. Natura and the Court must know the answers to following questions before beginning to apply Rule 20:

1.   What products were purchased?

2.   Where were the products purchased?

3.   When the products were purchased?

4.   What were the alleged defects?

5.   What was the alleged injury?

Without this information, neither the Court nor Natura can determine whether Ms. Cortazzo's allegations "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action" as required by Rule 20 for joinder of a new plaintiff. For example, if Ms. Cortazzo's alleged injury occurred, say, ten years ago from tripping over a bag of a pet food, her joinder would clearly be improper because the incident occurred outside the covered time period in the operative complaint with an injury unlike that of any other plaintiff. Plaintiffs offer no illumination, yet seek to benefit from their lack of clarity. Even if Plaintiffs' attempt to add a new party was not barred by their failure to satisfy Rule 16, given that Plaintiffs' counsel previously filed claims against Natura that they now concede lacked support, the Court and Natura would be entitled at the very least to review relevant facts and supporting evidence regarding the purported new plaintiff and new claims before she is brought into this action.

Indeed, closer scrutiny regarding Plaintiffs' counsel's retention of their new client is merited. Natura has learned of recent conduct by Plaintiffs' counsel's office amounting to a fishing expedition to solicit prospective clients to salvage their case in potential violation of the

Florida Rules of Professional Conduct Rules of Professional Conduct 4-7.2 (Communications Concerning a Lawyer's Services), 4-7.4 (Direct Contact with Prospective Clients), and 4-7.6 (Computer-accessed Communications). After an unsuccessful settlement discussion between Natura and Plaintiffs' counsel, a paralegal from Maltzman Foreman, P.A. sent the following unsolicited e-mail to an undisclosed number of recipients on August 7, 2008:

> Subject: Pet Food Class Action Lawsuit - URGENT Natura Products
>
> Dear All,
>
> We have an immediate need for information. If any of you have ever had any problems with the products listed below, please immediately respond to this e-mail as it is very important:
>
> Innova
> Evo
> California Natural
> HealthWise
> Mother Nature
> Karma
>
> We would appreciate any photographs, testing, records or any other information you may have.
>
> Thank you,
>
> Russell Keith
> Paralegal
> Maltzman Foreman, PA
> 2 South Biscayne Boulevard
> Suite 2300
> Miami, Florida 33131
> Tel :   (305) 358-6555
> Fax:   (305) 374-9077
> Email: rkeith@mflegal.com

[Caverly Decl., ex. C.]

The Florida Rules of Professional Conduct require all unsolicited electronic mail communications by a law firm directly or indirectly to a prospective client for the purpose of obtaining professional employment to:

1. Contain the words "legal advertisement" in the subject line of the communication;

2. Contain a written statement detailing the background, training and experience of the lawyer or law firm;

3. Contain in the first sentence of any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member shall be: "If you have already retained a lawyer for this matter, please disregard this letter."; and

4. Any written communication prompted by a specific occurrence involving or affecting the intended recipient of the communication or a family member shall disclose how the lawyer obtained the information prompting the communication.

(Fla. R. Professional Conduct 4-7.6.)

On its face, the e-mail communication from Plaintiffs' law firm appears to violate the requirements of Florida Rule of Professional Conduct 4-7.6.

Approximately two weeks after the date of the above quoted e-mail, Plaintiffs' counsel requested leave to add Ms. Cortazzo as a plaintiff. Given that no prospective plaintiffs had come forward against Natura between the date the Amended Scheduling Order was issued and August 7, 2008, but that within 15 days of the August 7, 2008 e-mail, Plaintiffs' counsel sought to add a new plaintiff, it is reasonable to infer Ms. Cortazzo's retention of Plaintiffs' counsel is related to the above e-mail or similar solicitation tactics by Plaintiffs' counsel. The Court should not encourage such practices by Plaintiffs' counsel by permitting Ms. Cortazzo to be added as a plaintiff.

Additionally, the Court should consider that, if Ms. Cortazzo has a claim against Natura, nothing prevents her from filing her own action in an appropriate venue. Also, Ms. Cortazzo is a sophisticated party. She is a licensed attorney in the State of Florida and claims to have over 20 years' litigation experience, including experience in animal law, tainted pet food, and products

liability. [*See* Caverly Decl. ex. D (Arna Cortazzo's professional webpage).] She was in a superior position to determine her own rights to bring a claim against Natura and could have done so in a timely manner if she wanted to join this case based on the merits of her own claims.

Plaintiffs have made no showing regarding the propriety or need to add Ms. Cortazzo as a party. There is no evidence that Plaintiffs will be prejudiced if Ms. Cortazzo's claims are not included. There is no evidence that Ms. Cortazzo will be prejudiced if her claims are not included because she is a sophisticated party fully capable of seeking recourse in a separate action. Plaintiffs have provided no evidence to show that Ms. Cortazzo's claims are appropriate for joinder because neither the Court nor Natura have been given even a general notion of Ms. Cortazzo's claims or how she was allegedly injured. Even if the Plaintiffs' failure to satisfy Rule 16 did not bar their Motion, the Court is given nothing to determine whether Ms. Cortazzo's claims would be properly joined under Rule 20(a). Accordingly, Plaintiffs' Motion should be denied.

**C.** **The Addition of Proposed Plaintiff Arna Cortazzo to This Action Will Unfairly Prejudice Natura.**

If proposed plaintiff Cortazzo, who purports to have purchased Natura products in Florida, is added to this case, Natura will be prejudiced. Discovery has been ongoing in this action since April; Defendants have conducted extensive written discovery on Plaintiffs, including motions to compel; Defendants have completed their subpoenas of third party vet records; and Natura was forced by Plaintiffs' delays to wait until this week to take the first depositions in this matter . [*See* Caverly Decl. ¶¶ 2-6.] It has taken four months, two denied stay motions, and a motion to compel to get a single Plaintiff to sit for deposition. Just last Friday, three Plaintiffs scheduled for depositions this week promised to dismiss their cases. [*See* Caverly Decl. ¶ 4.] With class motions and the close of discovery only a few months away, any change in the parties and deposition schedule at this late stage would require additional discovery and costs and make it more difficult for Natura to meet the Court's schedule, which Natura wants to maintain so that this case can be promptly resolved on the merits.

Federal district courts in similar situations routinely deny motions similar to Plaintiffs' motion. In *Long v. Wyeth Laboratories, Inc.*, the court held that the addition of new named class representatives would prejudice defendants and was impermissible where defendants had already chosen which class representatives they would depose in their effort to contest class certification. *See Long v. Wyeth Lab,* 163 F.R.D. 258, 260 (E.D. Tex. 1995) (citing *Dickerson v. U.S. Steel Corp.*, 64 F.R.D. 351, 353-54 (E.D. Pa. 1974)). Likewise, in *Acosta-Mestre v. Hilton International of Puerto Rico, Inc.*, the court denied plaintiff's motion to file a second amended complaint adding a new party where (1) new theories of recovery would be asserted, (2) the motion was filed fifteen months after the original complaint and near the close of discovery, which had already been delayed three times, (3) plaintiff lacked sufficient excuse for delay, and (4) allowing amendment would have extended discovery and delayed trial. *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 52-53 (1st Cir. 1998). Here, too, the facts show that this late addition of a new plaintiff with new Florida state claims would prejudice Natura's defense and its efforts to oppose class certification. Therefore, the Motion should be denied.

Natura will be further prejudiced if Ms. Cortazzo is allowed to join and have her claims relate back to the original filing of a complaint against Natura. Natura suspects that Ms. Cortazzo's claims might be otherwise barred by the statute of limitations but that Ms. Cortazzo is seeking to resurrect stale claims through the relation back provision of Rule 15. Because Plaintiffs have failed to provide any specifics as to the nature and timing of Ms. Cortazzo's claims, Natura is prejudiced by being unable to argue facts to challenge whether Ms. Cortazzo's claims would properly relate back under Rule 15. A factor in determining whether an amendment seeking to add, substitute, or change capacity of plaintiff will be allowed in particular instances to relate back under Rule 15(c) is whether relation back of such amendment would unfairly prejudice defendant. *See Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2d Cir. 1966); *Williams v. United States,* 405 F.2d 234 (5th Cir. 1968). Here, if Ms. Cortazzo's claims are otherwise time barred or do not overlap exactly with the class already represented by remaining Plaintiffs, it would be prejudicial to Natura for the Court to deprive Natura of that

affirmative defense. Because Plaintiffs have failed to meet their burden to produce sufficient facts to enable the Court to fully evaluate the prejudicial effects of a loss of a statute of limitations defense by Natura, or to permit Natura to more thoroughly oppose the Motion, the Motion should be denied.

**D.** **Plaintiffs' Motion Should Be Denied for Failure to Comply with Local Rule 7.1.**

Plaintiffs' counsel did not meet and confer regarding this motion pursuant to Local Rule 7.1. Local Rule 7.1.A.3. provides:

> Pre-filing Conferences Required of Counsel. Prior to filing any motion in a civil case, … counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the time of filing the motion, counsel for the moving party shall file with the Clerk of the Court a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so. … Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

In support of the Motion, Plaintiffs' counsel stated as their Rule 7.1 Certification:

> Prior to filing this Motion, Plaintiffs counsel, Catherine MacIvor, conferred with the Defendants about the substance of this Motion who did not agree to the relief requested herein base [sic] upon the expiration of the deadline to add parties of January 16, 2008 notwithstanding the fact Defendant Natura will be the only Defendant remaining in the case going forward.

[D.E. 457 at 5.]

Plaintiffs' counsel's certification makes no mention of any "good faith effort" on her part to meet and confer because no such "good faith effort" was made. Plaintiffs' counsel's entire

effort to meet and confer was limited to a single e-mail on August 21, 2008. In that e-mail, concerning an offer to dismiss most Plaintiffs' claims in exchange for Defendants' waivers of fees and costs, Catherine MacIvor wrote at the end:

> Based on the dismissals, we are also seeking to add and/or substitute a Plaintiff, Arna Cortazzo, as to Defendant Natura only. Please advise as to your position by close of business tomorrow.

[*See* Caverly Decl. ¶ 10.] Counsel provided no information at all about Ms. Cortazzo, her alleged purchases, or why she could not have joined the case before the Court's deadline to add parties. [*Id.*] Counsel for Natura responded on August 22 that it opposed adding any parties. [*Id.*] Natura did not limit its reasons for the objection as Plaintiffs' counsel represented to the Court; Plaintiffs' counsel did not even inquire about the reasons for Natura's opposition. [*Id.*] Plaintiffs' counsel then filed the Motion on Friday after working hours, without conferring or attempting to confer in good faith with Natura's counsel who was traveling to Miami to conduct Plaintiff Peters' deposition on the following Monday.

The Southern District of Florida has repeatedly stated that a party's failure to comply with Local Rule 7.1, which requires parties to confer in good faith with opposing counsel before filing most motions, may constitute grounds to deny the noncompliant party. *See, e.g., Williams Island Synagogue v. City of Aventura*, 329 F. Supp. 2d 1319, 1323 n.6 (S.D. Fla. 2004); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 547 n.1 (S.D. Fla. 2003). Indeed, the failure to comply with Local Rule 7.1.A.3. renders a motion insufficient on its face. *See Williams Island Synagogue*, 329 F. Supp. 2d at 1323 n.6. In addition to the other grounds that require the dismissal of Plaintiffs' Motion, the Motion should be denied because Plaintiffs' counsel did not comply with Local Rule 7.1.A.3.'s requirement to meet and confer in good faith. In addition,

Natura requests sanctions in the award of reasonable attorney's fees incurred in preparing its Interim Opposition and this Opposition.

## IV.     CONCLUSION

Based upon the foregoing, Defendant Natura Pet Products, Inc., respectfully requests that this Court deny with prejudice Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative and grant Defendant such other relief as this Court may deem fit and proper.

Respectfully Submitted,

McGUIREWOODS LLP

By:     s/Jeffrey S. York
        Jeffrey S. York
        Florida Bar No. 0987069
        Michael M. Giel
        Florida Bar No. 000176760
        50 N. Laura Street, Suite 3300
        Jacksonville, Florida  32202
        (904) 798-2680
        (904) 360-6330 (fax)
        jyork@mcguirewoods.com
        mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List, except for unrepresented plaintiffs Rice and MacDonald who were each served by U.S. Mail in a manner authorized by law at the addresses indicated below as required by the Court.

By: _____s/Michael M. Giel_____

<u>**CERTIFICATE OF SERVICE**</u>

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

<u>**SERVICE LIST**</u>

Catherine J. MacIvor
E-mail:      cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone:  (305) 358-6555
Facsimile:   (305) 374-9077

*Attorneys for Plaintiffs*

Lisa MacDonald
E-mail: unknown
1217 East 55th Street
Savannah, GA 31404

*Unrepresented Plaintiff*
(Service via U.S. Mail)

Debbie Rice
E-mail: unknown
4292 Vilas Hope Road
Cottage Grove, WI 53527

*Unrepresented Plaintiff*
(Service via U.S. Mail)

John B.T. Murray, Jr.
E-mail:      jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:   (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-Mail:     rd@kubickdraper.com
Peter S. Baumberger
E-mail:  psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone:  (305) 982-6708
Facsimile:   (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-Mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-Mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-Mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois  60601-1293
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
E-mail:  William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:      hugh.turner@akerman.com

*Attorneys for Defendant Publix Super Markets, Inc*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendants Mars,*
*Incorporated, Mars Petcare U.S., Inc. and*
*Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.om
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendants Mars,*
*Incorporated, Mars Petcare U.S., Inc. and*
*Nutro Products, Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International
Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant Hill's Pet*
*Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet*
*Nutrition, Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois  60603
Telephone:  (312) 853-2666
E-mail:  kmccall@Sidley.com

*Attorneys for Defendant Hill's Pet Nutrition, Inc.*


Richard Fama
E-mail:  rfama@cozen.com
John J. McDonough
E-mail:  jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York  10006
Telephone:  (212) 509-9400
Facsimile:  (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail:  scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*


John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA  19103
Telephone:  (215) 665-2179
Facsimile:  (215) 665-2013
E-mail:  jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendant Nestlé Purina
Petcare Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina
Petcare Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendant Nestlé Purina
Petcare Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of
Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
E-mail: rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*


C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
E-mail: rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of Ohio*


W. Randolph Teslik
E-mail: rteslik@akingump.com
Andrew Dober
E-mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*


Ralph G. Patino
E-mail: rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail: dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*


Craig P. Kalil
E-mail: ckalil@aballi.com
Joshua D. Poyer
E-mail: jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929

*Attorneys for Defendant New Albertson's Inc. and Albertson's LLC*


Jeffrey S. York
E-mail: jyork@mcguirewoods.com
Michael M. Giel
E-mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

Kristen E. Caverly
E-mail:  [kcaverly@hcesq.com](mailto:kcaverly@hcesq.com)
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet
Products, Inc.*