UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.

_____/

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE (AS TO NON-NATURA DEFENDANTS' RESPONSE)

While the non-Natura Defendants take no position as to adding or dropping Ms. Cortazzo, they disagreed with the Plaintiffs' position that claims against the non-Natura Defendants will likely be void based upon the settlement agreement reached in *In re Pet Food Products Liability Litigation*, Case No. 1:2007CV02867, MDL No. 1850 ("Multi-District Case"). [DE 462]. Given that the non-Natura Defendants take this disingenuous position despite the fact that they have ***refused*** to stipulate that the non-Natura Plaintiffs' claims are not encompassed by this settlement, the non-Natura Defendants have clearly demonstrated their inclination to engage in smoke and mirror games. In such an effort, the non-Natura Defendants claim that "[t]he release in the Settlement Agreement of the Pet Food Recall Litigation deals only with [pet food and/or treats that may have been contained contaminated wheat gluten or rice protein concentrate ("Recalled Pet Food Products")] and Plaintiffs' claims in this case include products other than Recalled Pet Food Products." [DE 462 p. 2].

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

However, the release in the Multi-District Case class action settlement agreement is overbroad (requiring release of all known and unknown claims alleged against the Defendants for the Plaintiffs' pet food purchase) and over-inclusive to the point of including the non-Natura Plaintiffs' claims in this action.[1] Specifically, in the settlement agreement reached in the Multi-District Case, the non-Natura Defendants will obtain a release, waiver, and discharge of all claims raised in each of the 113 consolidated U.S. cases and a number of unknown Canadian cases,[2] including giving the released defendants a general waiver of unknown claims from the entire class and binding the Multi-District Case settlement class with restrictive covenants against participating in any lawsuits against the released defendants, even as a member of a settlement class, without a limitation as to time or a defined settlement class period. Accordingly, while the scope and time period set forth in the Multi-District Case may have been limited to recalled pet food products (which is at variance with the instant action), the parties, issues, products, and class periods between the two cases sufficiently overlap such that the resulting waiver, release, and discharge of claims would waive and discharge all of the Plaintiffs' claims in this action against the non-Natura Defendants.

## II. The settlement reached in the Multi-District Case purports to include Plaintiffs as part of the settlement class

The Preliminary Approval Order certifies a class for settlement purposes of:

> All persons and entities who purchased, used or obtained, or whose pets used or consumed Recalled Pet Food Products.[3]

---

[1] Not only is this instant case **_not_** excluded from the settlement agreement reached in the Multi-District Case, but the definition of "Release Claims" and "Recalled Pet Food Products" is so overbroad that, if approved, could be used by the non-Natura Defendants to surreptitiously seek a dismissal of all or most of the Plaintiffs' claims in this action, except for those claims against Natura.

[2] At least one of these consolidated cases involved claims that are similar to the claims in this action. As an example, one case brought a claim for violation of a state's deceptive trade practices act. *See* Complaint for *Picus v. Wal-Mart Stores, Inc., et al.*, Case No.: CV-S-00682-PMP-LRL (attached hereto as Exhibit "A").

[3] The Multi-District Case settlement agreement defines "Recalled Pet Food Products" as:

> Any pet food product and/or treat products or any ingredient thereof that were recalled by any

[MacIvor Decl. at 1.VV (attached as Exhibit "B" to DE 421)]. This broad definition arguably includes all the non-Natura Plaintiffs and members of the putative class in this action if they simply purchased, used or obtained, or their pets used or consumed, one of the thousands of recalled pet food products, irrespective of time. Moreover, there is no doubt that the Defendants intend to include the named Plaintiffs as part of the Multi-District Case settlement because these named Plaintiffs received claim forms for the Multi-District Case. [MacIvor Dec. at ¶XX (attached as Exhibit "B" to DE 421)]. Thus, it appears that the class certified for settlement in the Multi-District Case includes the non-Natura Plaintiffs in this action.

**III.    The Multi-District Case settlement includes all non-Natura Defendants in this action**

The settlement agreement purports to dismiss some approximate 58 defined pet food "Defendants," and "any and all entities and individuals that are alleged to have handled, distributed, purchased for resale and/or redistribution, supplied, manufactured and/or sold or offered for sale Recalled Pet Food Products" including some approximate 210 specifically named "Released Entities" as well as well as "their respective insurers, parent companies, subsidiaries, affiliates, and all of their respective franchisees, and the officers, directors, trustees, shareholders, unit holders, partners, governors, managers, employees, agents, assignees, successors and heirs of all of them." [Stl. Agr. ¶¶1.T, 1.RR]. Essentially, the settlement agreement attempts to release every non-Natura Defendant in the instant action.[4]

**IV.    The Multi-District Case settlement involves products that are the subject of this case**

---

Released Entity between March 16, 2007 and the present.

[Stl. Agr. ¶1.PP]. Although the Multi-District Case settlement agreement refers to the date pet food products were recalled, it does not define when the products were manufactured, purchased, consumed or advertised.

[4] The Multi-District Case settlement agreement would also reach certain entities in the Defendant class as well.

Although the settlement agreement does not provide a list of Recalled Pet Food Products, the settlement website provides a 17-page list of approximately 1,100 different recalled pet food products, which presumably are the defined "Recalled Pet Food Products." Many of these products were used by the Plaintiffs in this action.

**V. The Multi-District Case settlement appears to resolve claims raised in the this case**

The settlement agreement contains a broad waiver, release and dismissal with prejudice which the non-Natura Defendants will likely assert resolves the instant action. For example, paragraph 3.A. of the settlement agreement provides:

> Upon entry of the Final Approval Order and Judgment by the MDL Court and all Canadian Courts, the Releasing Parties forever release and discharge all Released Claims against all Defendants and all Released Entities. For purposes of this Settlement Agreement, "Released Claims" are all claims, demands, actions, suits, and/or causes of action that have been brought <u>or could have been brought, are currently pending</u> or were pending, or are ever brought in the future, <u>by any Settlement Class Member against any Defendant or Released Entity, in any forum</u> in Canada or the United States (including their territories and, in the case of the United States, Puerto Rico), <u>whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that relate in any way, directly or indirectly, to facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any claim raised (including, but not limited to, any claim that was raised against any Released Entity) in the Pet Food Recall Litigation.</u> (emphasis added).[5]

**VI. The Multi-District Case settlement purports to preclude any other litigation**

The settlement agreement includes many restrictions aimed at insulating the "Defendants" and each "Released Entity" from further litigation from not only the named plaintiffs, *but the entire settlement class*. For example, paragraph 3.B of the settlement

---

[5] Because "Pet Food Recall Litigation" is defined at ¶1.KK. of the Settlement Agreement as the "U.S. Actions" and the "Canadian Actions" which are further defined as "each of the actions that are part of, or become part of, the coordinated proceedings of In re Pet Food Products Liability Litigation, MDL No. 1850, in the United District Court for District of New Jersey" and the "actions listed in Exhibit 1 to the Settlement Agreement," respectively (which, the publicly posted settlement agreement has no Exhibit 1), the settlement agreement purports to release and discharge any claim brought by our Plaintiffs if those claims were brought in <u>any</u> of the 113 actions brought within the United States and any claims brought in Canada.

agreement contains a covenant not to sue:

> The Releasing Parties and each of them agree and covenant not to sue or prosecute, institute or cooperate in the institution, commencement, filing or <u>prosecution of any suit or proceeding in any forum against any Released Entity</u>, or against any other person or entity who may claim contribution or indemnity from or against any Released Entity, based upon or related to any Released Claim. (emphasis added).

Additionally, paragraph 3.C. of the settlement agreement provides:

> It is an essential element of the Agreement that the Released Entities obtain the fullest possible release from further liability to anyone relating to the Released Claims, and it is the intention of the Parties to this Agreement that the Agreement eliminate all further risk and liability of the Released Entities relating to the Released Claims. Accordingly, the Parties agree that the MDL Court and Canadian Courts shall include in the Final Approval Order and Judgment an injunction that permanently enjoins the Releasing Parties from (i) filing, commencing, prosecuting, <u>continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities</u> or against any person or entity who may claim over against any Released Entity for contribution or indemnity; (ii) instituting, continuing, maintaining, organizing class members in, or joining with class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over against any Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding, or order in any jurisdiction based on an allegation that an action taken by the Released Entities, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any Settlement Class Member. (emphasis added).

Finally, in addition to a request for a dismissal with prejudice, the settlement agreement includes

a waiver of the provisions of Section 1542 of the Civil Code of California, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

As such, the Plaintiffs respectfully submit to this Court that this overbroad release, if approved, will void the claims of the non-Natura Plaintiffs asserted in this action.

Dated: September 3, 2008
Miami, FL

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 3, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                          /s Catherine J. MacIvor
                                          Catherine J. MacIvor

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

| | |
|---|---|
| **MARK C. GOODMAN**<br>mgoodman@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>One Maritime Plaza<br>Suite 300<br>San Francisco, CA 94111-3492<br>Telephone: (415) 954-0200<br>Facsimile:  (415) 393-9887<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation* | **JOHN B.T. MURRAY, JR.**<br>E-Mail**:** jbmurray@ssd.com<br>**ROBIN L. HANGER**<br>E-Mail: rlhanger@ssd.com<br>**BARBARA BOLTON LITTEN**<br>blitten@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile:   (561) 655-1509<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation* |
| **JEFFREY S. YORK**<br>E-Mail: jyork@mcguirewoods.com<br>**MICHAEL GIEL**<br>E-Mail: mgiel@mcguirewoods.com<br>**McGUIRE WOODS LLP**<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Telephone: (904) 798-2680<br>Facsimile: (904) 360-6330<br><br>*Attorneys for Defendant Natura Pet Products, Inc.* | **KRISTEN E. CAVERLY**<br>E-Mail: kcaverly@hcesq.com<br>**HENDERSON & CAVERLY LLP**<br>16236 San Dieguito Road, Suite 4-13<br>P.O. Box 9144 (all US Mail)<br>Rancho Santa Fe, CA 92067-9144<br>Telephone:  858-756-6342 x)101<br>Facsimile:   858-756-4732<br><br>*Attorneys for Natura Pet Products, Inc.* |
| **OMAR ORTEGA**<br>Email: ortegalaw@bellsouth.net<br>**DORTA & ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile:  (305) 461-5226<br><br>*Attorneys for Defendant Mars, Inc.*<br>*and Mars Petcare U.S. and Nutro Products, Inc.* | **ALAN G. GREER**<br>agreer@richmangreer.com<br>**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**<br>201 South Biscayne Boulevard<br>Suite 1000<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile:  (305) 373-4099<br><br>*Attorneys for Defendants The Iams Co.* |

| | |
|---|---|
| **BENJAMIN REID**<br>E-Mail: bried@carltonfields.com<br>**ANA CRAIG**<br>E-Mail: acraig@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Miami, Florida 33131-0050<br>Telephone: (305)530-0050<br>Facsimile: (305) 530-0050<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* | **JOHN J. KUSTER**<br>jkuster@sidley.com<br>**JAMES D. ARDEN**<br>jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, New York 10019-6018<br>Telephone: (212) 839-5300<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* |
| **KARA L. McCALL**<br>kmccall@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One S. Dearborn Street<br>Chicago, ILL 60633<br>Telephone: (312) 853-2666<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* | **RICHARD FAMA**<br>E-Mail: rfama@cozen.com<br>**JOHN J. McDONOUGH**<br>E-Mail: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* |
| **SHERRIL M. COLOMBO**<br>E-Mail: scolombo@cozen.com<br>**COZEN O'CONNOR**<br>200 South Biscayne Boulevard<br>Suite 4410<br>Miami, Florida 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br><br>*Attorneys for Defendant Del Monte Foods Co.* | **DANE H. BUTSWINKAS**<br>E-Mail: dbutswinkas@wc.com<br>**PHILIP A. SECHLER**<br>E-Mail: psechler@wc.com<br>**THOMAS G. HENTOFF**<br>E-Mail: thentoff@wc.com<br>**PATRICK J. HOULIHAN**<br>E-Mail: phoulihan@wc.com<br>**AMY R. DAVIS**<br>adavis@wc.com<br>**JULI ANN LUND**<br>jlund@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 12th Street, N.W.<br>Washington, DC 20005<br>Telephone: (202)434-5000<br><br>*Attorneys for Defendants Nutro Products, Inc. Mars, Incorporated and Mars Petcare U.S.* |

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

| | |
|---|---|
| **W. RANDOLPH TESLIK**<br>E-Mail: rteslik@akingump.com<br>**ANDREW J. DOBER**<br>E-Mail: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile:  (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* | **CRAIG P. KALIL**<br>E-Mail: ckalil@aballi.com<br>**JOSHUA D. POYER**<br>E-Mail: jpoyer@abailli.com<br>**ABALLI MILNE KALIL & ESCAGEDO**<br>2250 Sun Trust International Center<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>Telephone:  (303) 373-6600<br>Facsimile:   (305) 373-7929<br><br>*Attorneys for New Albertson's Inc. and Albertson's LLC* |
| **RALPH G. PATINO**<br>E-Mail: rpatino@patinolaw.com<br>**DOMINICK V. TAMARAZZO**<br>E-Mail: dtamarazzo@patinolaw.com<br>**CARLOS B. SALUP**<br>E-Mail: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 443-6163<br>Facsimile:  (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* | **ROLANDO ANDRES DIAZ**<br>E-Mail: rd@kubickdraper.com<br>**PETER S. BAUMBERGER**<br>E-Mail: psb@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street, Penthouse<br>Miami, Florida 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile:  (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* |
| **HUGH J. TURNER, JR.**<br>E-Mail: hugh.turner@akerman.com<br>**AKERMAN SENTERFITT & EDISON**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954)463-2700<br>Facsimile:   (954)463-2224<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* | **C. RICHARD FULMER, JR.**<br>E-Mail: rfulmer@Fulmer.LeRoy.com<br>**FULMER, LEROY, ALBEE, BAUMANN, &<br>GLASS**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-4430<br>Facsimile:  (954) 707-4431<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |