UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE**
(as to Defendant Natura Pet Products, Inc.)

    Natura has now filed 19 pages of vitriol, wholly unsupported accusations and disinformation based on supposition and innuendo solely in a desperate attempt to poison the well and to divert attention from its own false, fraudulent and deceptive conduct.

    Both of Defendant's, Natura Pet Product, Inc. ("Natura"), Responses present unsubstantiated arguments as to why this Court should not add and/or substitute Ms. Cortazzo as a Plaintiff in this case. [DE 458, 463]. These Responses contain more disingenuous and misguided statements than legal analysis, and completely ignore the fact that the Plaintiffs are simply seeking to add and/or substitute a Plaintiff to correct an issue that the Plaintiffs were unaware of at the time of adding Natura as well as the practical effects of the settlement reached in *In re Pet Food Products Liability Litigation*, CIV NO.: 07-2867 (NLH/AMD), a Multi-District Litigation case in the United States District Court for the District of New Jersey (the "Multi-District Case"). Accordingly, the Plaintiffs respectfully request this Court to overlook Natura's improper and unsubstantiated attacks on the Plaintiffs' counsel and red herrings, and,

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

in the interest of justice and judicial expediency, respectfully request this Court to enter an Order adding and/or substituting Arna Cortazzo as a Plaintiff/Class Representative in this case.

**I.        Good cause under Rule 16(b) exists to extend the January 16 deadline to add a party**

Under Rule 16(b) of the Federal Rules of Civil Procedure, a Scheduling Order can be modified for "good cause." *See Sosa v. Airprint Sys.* 133 F.3d 1417, 1419 (11th Cir. 1998). When courts determine whether good cause is shown several factors are important, including, but not limited to: (1) whether the movant has shown that it has worked diligently to prepare the case for trial;[1] (2) whether unforeseeable circumstance or events beyond movant's control took place; (3) whether the delay is minor; and (4) whether the moving party will not have a fair opportunity to develop the evidence it needs within the time limits of the scheduling order. *See Moore's Federal Practice - Civil § 16.14*. Further:

> [C]ourts are likely to grant extensions when the moving party can show that it has worked diligently to position the case for trial or for disposition by motion, but unforeseeable circumstances, or events beyond its control (like the belated and unforeseen introduction of a new claim by an opponent, or joinder of a new party), have so intervened that the moving party will not have a fair opportunity to develop the evidence it needs if the time limits that were set in the original scheduling order remain in effect.

*Id.* Contrary to Natura's claim that good cause does not exist for an extension of the deadline by which to add parties, the Plaintiffs have established good cause because they have diligently prepared this case, unforeseeable circumstances beyond the Plaintiffs' counsel's control occurred, there will be no delay in prosecuting the case, and the Plaintiffs cannot fairly develop needed evidence without an alteration of the Scheduling Order. [DE 463 pp. 4-8, 466-2 pp. 2-6]. Primarily, the Plaintiffs seek to add a party *only* because: (1) they seek to add a Plaintiff who purchased Natura pet food in Florida[2]; and (2) unforeseen circumstances, i.e., the settlement agreement[3] reached in the Multi-District Case, occurred that were

---

[1] This Honorable Court emphasized this particular point in its Amended Scheduling Order, which Natura quotes, that "'In order to establish "good cause," the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so.'" [DE 463 p. 5].

[2] Plaintiffs' counsel discovered this fact only recently.

[3] Natura has argued that the "Plaintiffs fail to meet their burden of proving good cause because they do not provide any evidence in support of their Motion[]" and rather "offer only allegations and arguments of counsel." [DE 463 p. 5]. Despite Natura's Response hardly containing much more than opposing counsel's arguments comprised of red herring and straw man logical fallacies that, as pointed out by Natura, are not evidence, this Court is free to take judicial notice of the existence of the Multi-District Case's settlement agreement and the Plaintiffs hereby

outside the control of the Plaintiffs and which effected the diligent prosecution of this case.[4] As of the time the January 16 deadline for adding parties expired, the Plaintiffs' counsel understood that Plaintiff Davis had purchased Natura pet food in Florida, a Defendant class had been plead (which would have encompassed Natura in any event) and the settlement agreement in the Multi-District Case had not been reached or made public. [DE 466-2 pp. 6-7]. In fact, such an agreement was not reached until nearly *five months after the January 16 deadline had lapsed*. Accordingly, as the case's record reflects, the Plaintiffs diligently prosecuted their claims prior to the settlement agreement in the Multi-District Case, and, post-settlement agreement, have diligently acted in order to continue the prosecution of this case in light of the settlement.

As set forth above, it was the Plaintiffs' counsel's understanding that Mrs. Davis had purchased Natura pet food in Florida until recently. [DE 466-2 pp. 6-7]. When counsel became aware in August that her interrogatories revealed that she had not, the Plaintiffs sought to add and/or substitute a Plaintiff who has purchased Natura pet food in Florida in order to avoid having to dismiss and file a totally new lawsuit which would inordinately delay the prosecution of the Plaintiffs' lawsuit. Moreover, it was unforeseeable that any settlement would subsume all of the claims in this case except for those against Natura such that the Defendant class would also have to be dismissed.[5] [DE 466-2 pp. 6-7]. Frankly, it is only because of adding and/or substituting a plaintiff with purchases in Florida and the settlement agreement reached in

---

respectfully move for this Court to do so. *See ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981) (citing *Dakota County v. Glidden*, 113 U.S. 222 (1885) (noting that judicial notice of a settlement agreement is particularly appropriate if it moots the case); *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1071 n.10 (9th Cir. Wash. 2006); *Bench Billboard Co. v. City of Cincinnati*, 2008 U.S. Dist. LEXIS 42517, n.8 (S.D. Ohio May 28, 2008); *Manibusan v. Alameida*, 2006 U.S. Dist. LEXIS 7646, 19-20 (N.D. Cal. Feb. 28, 2006).

[4] *Compare with Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). Natura cites to this case for the proposition that a party who filed a motion to amend 20 months after filing the original complaint and more than 12 months after the deadline to amend pleadings had passed did not show the requisite level of diligence. [DE 463 p. 7]. In *Oravec*, however, there was no change in circumstances that caused the need to amend. Conversely, in the case presently before this Court, the unexpected result of the Multi-District Case has caused the Plaintiffs' Motion. Further, Natura has conveniently omitted from its analysis that the motion to amend that was filed in *Oravec* was done *six weeks before trial*. This is obviously not the case here.

[5] Natura has alleged that "[n]ot being needed earlier for jurisdiction is not good cause to add parties just because some Plaintiffs are now abandoning their claims." [DE 458 ¶4]. First, no Plaintiffs are "abandoning" their claims. The settlement agreement reached in the Multi-District case has caused the Plaintiffs *in this case* to involuntarily stop prosecuting their claims against all of the non-Natura Defendants. Second, Natura has offered no legal support to defend its position that good cause does not exist to add a party when said failure to do so would result in depriving several plaintiffs of their ability to seek redress for injuries caused by Natura's pet food products.

the Multi-District Case that the Plaintiffs now find themselves having to dismiss claims against the non-Natura Defendants and request this Court to add and/or substitute Ms. Cortazzo as a Plaintiff. Consequently, it is difficult to envision how the Plaintiffs could have known prior to the January 16 deadline that the addition of Ms. Cortazzo (or any other potential plaintiff for that matter) would be necessary in order for the Plaintiffs to continue the diligent prosecution of their claims and for this Court to maintain jurisdiction, particularly where the Plaintiffs asserted a Defendant class.[6]

Further, Natura has stated that "Plaintiffs' discussion regarding the avoidance of prejudice to themselves and promoting judicial economy are not proper considerations under the Rule 16(b) good cause inquiry."[7] [DE 463 p. 7]. Not surprisingly, Natura fails to cite anywhere in the Plaintiffs' Motion where such arguments are made; this is because the Plaintiffs *never* made them under Rule 16(b). Accordingly, despite knowing that these matters are not to be considered by the Court and that the Plaintiffs never raised them, Natura has attempted to divert this Court's attention from the Plaintiffs' actual arguments. The Plaintiffs respectfully request this Court disregard same, [DE 463 pp. 7-8], and find that good cause exists to add Ms. Cortazzo after the January 16 deadline.

## II. Ms. Cortazzo is a proper plaintiff in this case[8]

As an initial matter, "the court has discretion to drop or add parties 'on such terms as are just[.]'" *Campbell v. Computer Task Group, Inc.*, 2001 U.S. Dist. LEXIS 9960 (S.D.N.Y. July 18, 2001) (quoting

---

[6] Natura has disingenuously argued that the "Plaintiffs' purported reason for adding Arna Cortazzo is to 'preserve' their FDUTPA claim against Natur." [DE 463 p.5]. First, this is completely incorrect as the Plaintiffs have clearly stated that Ms. Cortazzo's addition is necessary "so that jurisdiction may be retained by this Court . . . ." because there was no issue until the Defendant class had to be dismissed because of the Menu Foods settlement. [DE 457 p. 2]. Second, Natura has used its made up, self-serving statement to open the door for its discussion that the preservation of a claim is not a valid reason for demonstrating good cause under Rule 16(b). [DE 463 pp. 5-7]. The Plaintiffs do not suggest that the preservation of a claim constitutes good cause for the purposes of Rule 16(b), but instead argue that this is related to fundamental fairness and judicial economy, which are important considerations that go to the determination of whether to add a party. *See infra* Section II.
[7] However, these are valid arguments when deciding whether to add a party. *See infra* Section II.
[8] Natura has made the baseless allegation that the undersigned and the undersigned's law firm have improperly acted in violation of the Florida Rules of Professional Conduct by sending an email to certain recipients. [DE 463 pp. 9-11]. This unsupported accusation that seeks to do nothing more than impugn the integrity and professional character of the undersigned's law firm is highly inappropriate, discourteous, and deceiving. The email was sent to *only* in response to those *prospective clients who contacted the undersigned's law firm* regarding potential representation in the pet food litigation. Emails in response to such prospective clients do not fall within Rules 4-7.2, 4-7.4, and 4-7.6 of the Rules of Professional Conduct, as Rule 4-7.1(f) clearly states that, "Subchapter 4-7 shall not apply to communications between a lawyer and a prospective client if made at the request of that prospective client."

Fed. R. Civ. P. 21); *National Union Fire Ins. Co. v. Massachusetts Municipal Wholesale Electric Co.*, 117 F.R.D. 321, 322 (D. Mass. 1987) ("Rule 21 gives the trial court discretion to drop or add parties at any stage of an action and upon such terms as are just."); *see generally Gropp v. United Airlines*, 847 F. Supp. 941 (M.D. Fla. 1994) (applying an abuse of discretion standard in determining whether to add a party).

Notwithstanding the above and with complete disregard for the *only* case to which Natura cites, Natura has disingenuously attempted to turn the Federal Rules of Civil Procedure upside-down. In *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 57 (S.D.N.Y. 2006), the court held that Rule 21 did *not* need to be considered because the prerequisites of Rule 20 had been satisfied. ***This is exactly opposite of Natura's argument*** that Rule 20 first be satisfied in order to then consider Rule 21. [DE 463 p. 8]. Rather, several cases suggest that Rule 20 comes into play, if at all, *after* a party has been added, *not before*. *See*, *e.g.*, *Bolling v. Hayman*, 2008 U.S. Dist. LEXIS 65947 (D.N.J. Aug. 14, 2008); *Akhtar v. United States Dep't of Homeland Sec.*, 2007 U.S. Dist. LEXIS 92779 (N.D. Tex. Dec. 17, 2007); *Lopez v. City of Irvington*, 2008 U.S. Dist. LEXIS 14941 (D.N.J. Feb. 27, 2008); *Boyer v. Johnson Matthey*, Inc., 2004 U.S. Dist. LEXIS 9802 (E.D. Pa. Apr. 16, 2004).

Nonetheless, even if this Court is to consider Rule 20(a) prior to evaluating Rule 21, joinder of Ms. Cortazzo is still appropriate. Rule 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or act common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). As the court stated in *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974):

> In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. 7 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 1653 at 270 (1972). No hard and fast rules have been established under the rule. However, construction of the terms "transaction or occurrence" as used in the context of Rule 13(a) counterclaims offers some guide to the application of this test. For the purposes of the latter rule,
>
> > "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

> *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 70 L. Ed. 750, 46 S. Ct. 367 (1926). Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. 7 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 1653 at 270 (1972). The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.

In this case, Ms. Cortazzo's claims are the *exact same* as those of all the other Plaintiffs in this action. As Ms. Cortazzo was a victim of Natura's false, misleading advertising, was induced to purchase Natura's products as a result, and experienced damages as a consequence. This point is highlighted by the fact that the Plaintiffs have *not* sought to amend the allegations in their pleadings, but rather simply add and/or substitute Ms. Cortazzo as a Plaintiff.[9] To be clear, the addition of Ms. Cortazzo *does not* create a new cause of action, change the allegations in the Fourth Amended Complaint, or otherwise alter this case in any way; rather, *all the addition of Ms. Cortazzo permits is for any deficiency in the Fourth Amended Complaint to be cured and for this case to continue and conclude in the same Honorable Court where it began without having to dismiss and commence the entire process all over again*. Nevertheless, to the extent that Natura seeks answers to specific questions, these answers can be deduced from the *exact same discovery materials that all other Plaintiffs have provided*, which Ms. Cortazzo has completed within the promised ten (10) day time period. *See* Exhibit "A" attached hereto.

Additionally, while Natura argues that Ms. Cortazzo should not be added as a Plaintiff in this case because she can file her own action,[10] [DE 463 p. 11], such an argument discounts the same Rule 20 analysis that Natura now seeks to require. Ms. Cortazzo's claims are the same as those already existing in this matter; therefore, her addition in this case would be permissible under Rule 20 or, because she brought her own claim in an abundance of caution, she will seek to be included as part of a consolidated action. Further, the mere fact that Natura believes Ms. Cortazzo should bring her own action rather than

---

[9] In the same Response in which they condemn the Plaintiffs' allegedly "bald assertions," counsel for Natura claims that "it is reasonable to *infer* Ms. Cortazzo's retention of Plaintiffs' counsel is related to the above e-mail or similar solicitation tactics by Plaintiffs' counsel." [DE 463 p. 11]. This is simply unsupported innuendo. [DE 466-2. 467-2 pp. 1-3].

[10] In an abundance of caution, Ms. Cortazzo has filed a separate action against Natura and will seek to Consolidate that case with this one. *See Cortazzo vs. Natura Pet Products, Inc.,* Case No. 08-22443-CIV-Graham/Torres.

be permitted to join in this matter highlights the nonsensical gravamen of Natura's argument: that this case should be dismissed and a whole new case comprised of the exact same allegations should be brought. Yet such drastic measures can easily be avoided by the addition of Ms. Cortazzo as a Plaintiff, which would be in line with the judicial system's policy of fundamental fairness and judicial economy. *See*, *e.g.*, *John S. Clark, Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 440-42 (M.D.N.C. 2004) (in deciding whether to drop parties, <u>add parties</u>, or retain parties, courts ordinarily consider basic principles such as fundamental fairness and judicial economy, whether the order will prejudice any party or would result in undue delay, and threats of duplicitous litigation and inconsistent jury verdicts); *Little v. Bellsouth Telecomm., Inc.*, 1995 U.S. Dist. Lexis 11208, at *3 (E.D. La. 1995) ("[J]oinder rules should be interpreted to encourage '*the broadest possible scope of action consistent with fairness to the parties*'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (emphasis added); *Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (fundamental fairness is a consideration). Nevertheless, while two (2) depositions have just been taken, a Motion to Dismiss has been decided upon, and discovery continues to occur, Natura still believes that it is in the best interest of judicial economy and fundamental fairness for this case to essentially start all over and begin anew. The Plaintiffs disagree, and respectfully request this Court to enter an Order adding and/or substituting Ms. Cortazzo as a Plaintiff in this case.

### III. Natura will not be unfairly prejudiced by the addition of Ms. Cortazzo as a plaintiff

Natura has claimed that it will be prejudiced if Ms. Cortazzo is added as a Plaintiff in this case by first arguing that it has conducted extensive written discovery, has completed its subpoenas of vet records, and is only now taking its first Plaintiffs' depositions, and that "any change in the parties and deposition schedule at this late stage will require additional discovery and costs and make it more difficult for Nature to meet the Court's schedule[.]" [DE 458 pp. 1-2; *see also* DE 463 pp. 12-13]. Yet, as the Plaintiffs pointed out in their original Motion, Ms. Cortazzo has already prepared all of her discovery materials and delivered same to the undersigned within ten days as promised. *See* Exhibit "A." Moreover, Natura thus has Ms. Cortazzo's discovery responses prior to her deposition, which can be scheduled at a mutually

convenient time.  Also, as Natura pointed out in its first Response, it has only *just begun* to take depositions. [DE 458 ¶2].  Accordingly, Natura is disingenuous when it claims that it will be prejudiced.  Further, since Natura has just started to take depositions, the taking of Ms. Cortazzo's deposition would occur at a *similar time as most of the other Plaintiffs' depositions*.  Likewise, not only will Natura *not* be prejudiced since it has just started to take depositions, but there simply is no reasonable basis by which to even contend that this Honorable Court's deadlines would be delayed since ample time exists to take Ms. Cortazzo's deposition prior to any other deadline.[11]

Natura next claims that it will be prejudiced if Ms. Cortazzo's claims are permitted to relate back to the filing of the Complaint against Natura.  First, Rule 21's language does not contemplate the concept of "relation back," and Natura fails to cite to any such language that would require such a consideration.  Second, the "relation back" model may be found in Rule 15 of the Federal Rules of Civil Procedure, which is not currently in question.  Nevertheless, even if Rule 15 did apply, the language of the Rule clearly provides that relation back is permitted when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  *See* Fed. R. Civ. P. 15(c)(1)(B).  As stated in the Plaintiffs' original Motion, Ms. Cortazzo's claims are identical to those alleged in the Fourth Amended Complaint.  Similarly, as discussed *supra*, Ms. Cortazzo's claims arise out of the same deceitful conduct by Natura that caused the other Plaintiffs in this case to file this lawsuit.  Accordingly, Natura has offered no legal support to defend

---

[11] While Natura cites to two cases suggesting that the addition of Ms. Cortazzo is improper because it is a "late addition[,]" [DE 463 p. 13], these cases are inapposite to the current matter.  In *Long v. Wyeth Laboratories, Inc.*, 163 F.R.D. 258 (E.D. Tex. 1995), the plaintiffs sought to add two additional class representatives.  The court denied the motion *only* because (1) the defendants would not have the opportunity to depose the two prospective plaintiffs, (2) the defendants had already completed discovery concerning master class certification, and (3) the defendants had already filed their brief in opposition to class certification.  *Id.* at 260.  *All three of these bases for denial do not exist in the case presently before this Court.*  As Natura points out in its Response, in *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49 (1st Cir. 1998), the court denied a motion to amend the complaint because (1) new theories of recovery would be asserted, (2) the amended complaint was filed near the close of discovery, (3) the plaintiff lacked sufficient excuse for the delay, and (4) it would have extended discovery and delayed the trial.  [DE 463 p. 13].  In the present matter, however, *no* new theories are being added; the addition of Ms. Cortazzo is not occurring near the end of discovery; the Plaintiffs, as discussed above, believe good cause exists for adding her past the deadline; and *no* delay will occur due to Ms. Cortazzo's addition.  Thus, not only has Natura attempted to distort the timeline of this case by referring to Ms. Cortazzo's addition as "late," but it has also disingenuously attempted to apply two cases that are not relevant to this current matter.

its position that it will be prejudiced if Ms. Cortazzo's claims are allowed to relate back to the original filing, and the Plaintiffs respectfully submit that Natura will not be prejudiced by the addition of Ms. Cortazzo as a Plaintiff, but the Plaintiffs will be prejudiced, and therefore request this Court enter an Order approving same.

**IV.     There was no solicitation**

As discussed in the Plaintiffs' counsel's declaration and the declaration of Arna Cortazzo, Ms. Cortazzo contacted the Plaintiffs' counsel in June 2008. [DE 466-2 pp. 7-8, 467-2 pp. 1-3]. The Plaintiffs' counsel did not contact her. [DE 466-2 pp. 7-8, 467-2 pp. 1-3]. There was thus no solicitation of Ms. Cortazzo and any suggestion of same is inappropriate and improper given the fact that Natura has made that outrageous claim based upon unsubstantiated innuendo. Moreover, as best evidenced by the e-mail set forth in Natura's second Response, the only thing that the Plaintiffs were seeking was *information,* not additional Plaintiffs, and the Plaintiffs were seeking that information from persons who had contacted the Plaintiffs' counsel about legal advice and participation and representation in this lawsuit, not the general public. [DE 463 p. 10, 466-2 pp. 7-8].

**V.      Local Rule 7.1 has been satisfied**

Finally, Natura has attempted to mislead this Court by suggesting that counsel for the Plaintiffs "did not meet and confer regarding this motion pursuant to Local Rule 7.1." [DE 463 p. 14]. In *Miller v. Relationserve, Inc.*, 2006 U.S. Dist. LEXIS 87139, *11 (S.D. Fla. Dec. 1, 2006), the plaintiff made a similar contention that Judge Torres *rejected*.[12]  In this case, the undersigned sent an email on Thursday, August 21 to the Defendants' liaison with Plaintiff's counsel, Juli Lund, who represents Mars, Inc., and, while awaiting Ms. Lund's response as to all Defendants, Natura's counsel stated that she objected to adding and/or substituting any party. [DE 458 ¶5; 463 p. 15, 466-2 p. 8.] Based upon Natura's objection, the Plaintiffs' counsel continued the meet and confer with Ms. Lund as to the other Defendants since there

---

[12] Judge Torres also observed that "[t]here is no certificate of compliance with Local Rule 7.1(A)(3) attached to the Motion for Fees and Defendants did not address this argument in their Reply." *Id.* at *11. Despite these technical defects, *which do not exist in the present case*, Judge Torres *still rejected the same argument* that is now being offered by Natura.

was nothing left to discuss with Natura as Natura never indicated that anything was left open for discussion. Natura has failed to present *any* legal authority whatsoever suggesting that this does not constitute a "good faith effort" on behalf of the Plaintiffs' counsel or satisfy the spirit of Local Rule 7.1.[13] *See Miller*, 2006 U.S. Dist. LEXIS 87139 at *11. To the contrary, the behavior of all parties suggests the opposite: the undersigned contacted all of the Defendants and, after having received the responses of all of the Defendants, *including Natura's reply email stating its opposition to add Ms. Cortazzo as a Plaintiff*, then filed the Motion to add Ms. Cortazzo.[14] [DE 466-2 p. 8]. For Natura to now contend that the undersigned did not conduct a good faith effort, despite the undersigned having contacted the Defendants representative, Juli Lund, about its proposed course of action and Natura having sent a separate response email in opposition, is *wrong*. Further, to argue that the undersigned somehow acted improperly by filing its Motion on a Friday night, [DE 463 p. 15], is absurd and simply an attempt to distract this Court's attention from something that is wholly unrelated to the merits of the Motion.[15]

WHEREFORE, the Plaintiffs respectfully request this Court to enter an Order adding and/or substituting Arna Cortazzo as a Plaintiff/Class Representative in this case for all of the reasons set forth above and for all other relief that this court deems just and proper.

Dated: September 3, 2008
Miami, FL

---

[13] Instead, Natura cites to two cases that are hardly applicable to this matter. In *Williams Island Synagogue v. City of Aventura*, 329 F. Supp. 2d 1319, 1328 n.6 (S.D. Fla. 2004), the court denied a motion because the "motion does not certify that the parties have conferred regarding this motion as is required by Rule 7.1.A.3(a) of the Local Rules of the United States District Court for the Southern District of Florida and shall be denied accordingly." In the present case, the Plaintiffs' Motion contained a Rule 7.1 Certification. In *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 547 n.1 (S.D. Fla. 2003), the court gave no explanation as to how the motion failed to satisfy Local Rule 7.1.A.3. Accordingly, this case shines absolutely no light on how the undersigned purportedly failed to act with good cause.

[14] Natura has requested "sanctions in the award of reasonable attorney's fees incurred" for preparing both of its Responses. [DE 463 p. 16]. Nowhere in its Response did Natura provide *any* basis for such sanctions, which makes it impossible to properly frame a response to this request. However, to the extent that such basis is the Plaintiffs' alleged failure to satisfy Local Rule 7.1 (which appears to be the case given that the request for sanctions is found in this section of Natura's argument), the Plaintiffs hereby incorporate all of the arguments made in Section V of this Reply in response to Natura's request.

[15] Natura argues that no information was offered as to Ms. Cortazzo, her purchases, or why she did not join the case prior to January 16. [DE 458 ¶5; DE 463 p. 15]. Yet, the undersigned spoke and exchanged emails with Julie Lund multiple times and Natura *never* requested the aforementioned information or raised as a concern the lack thereof either separately or through Ms. Lund. [DE 466-2 p. 8].

10
CASE NO. 07-21221 CIV ALTONAGA/Turnoff
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 3, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                  /s Catherine J. MacIvor
                                                  Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**MARIA KAYANAN**
E-Mail**:** mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail**:** **jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*


**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**TONY F. FARMANI**
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**AMY R. DAVIS**
adavis@wc.com
**JULI ANN LUND**
jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Nutro Products, Inc.
Mars, Incorporated and Mars Petcare U.S.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*