UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.

_____

**EVIDENTIARY OBJECTION BY NATURA PET PRODUCTS, INC.
TO DECLARATION OF CATHERINE J. MACIVOR
AND EXHIBIT ATTACHED THERETO**

Natura Pet Products, Inc. ("Natura") hereby objects to the Declaration of Catherine J. MacIvor executed on September 3, 2008, and the exhibit attached thereto. (D.E. 466.) Natura generally objects to the Declaration of Catherine J. MacIvor and exhibit attached thereto to the extent that it is offered for consideration with Plaintiffs' Reply Brief in support of their Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. Plaintiffs are barred from offering any new arguments and evidence with their Reply other than rebuttal arguments and evidence strictly limited to the rebuttal of matters raised in the opposition. *See* Local Rule 7.1.C; *see also Martinez v. Weyerhaeuser Mortg. Co.,* 959 F. Supp. 1511, 1515 (S.D. Fla. 1996); *Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 311 n.82 (S.D. Ala. 2006). After failing to submit any evidence in support of their original moving papers, Plaintiffs have attempted to introduce evidence for the first time in their Reply. However, the submitted evidence largely does not respond to new issues raised in the opposition, but is rather offered to support issues initially raised in the original moving papers. The evidence is thus inappropriate and should not be considered in the ruling upon the motion.

- 1 -

Dockets.Justia.com

Natura's specific objections are as follows:

1. **Declaration of Catherine J. MacIvor Paragraph 4**:

> Ms. Caverly's Declaration misrepresents a number of material facts in this case, all of which will be discussed specifically below.

Natura objects to the above as (i) lacking foundation and (ii) irrelevant, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co.*, 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.*, 749 F.2d 1205, 1211 (6th Cir. 1984).

2. **Paragraph 5**:

> As for the scheduling of depositions, while it is true that Ms. Caverly originally noticed the Plaintiffs depositions on April 28, 2008, what she omits to advise the Court is that she failed to wait for the undersigned to respond regarding mutually convenient dates prior to setting them.

Natura objects to the above as irrelevant. *See* Fed. R. Evid. 402.

3. **Paragraph 5**:

> There was one telephone conference prior to unilaterally setting 30 depositions, at which time I advised Ms. Caverly that since defense counsel had offices all over the United States, that it actually made more sense to have the depositions in mutually convenient locations, particularly where some of the Plaintiffs were caring for some very ill cats and dogs and it would present a great hardship for all of them to travel to Miami. I also advised Ms. Caverly that I had extensive conflicts with the deposition schedule that she proposed because I had two cases set for trial in August at that time, *Levenshon* v. *Raritan Engineering,* Case No. 03-22138 (09) S. D. Florida and *Katzen, et al.* v. *Colonial Yacht, Inc., et al.,* Case No. 05-6J664-CIV-TORRES.

Natura objects to the above as (i) hearsay and (ii) irrelevant. *See* Fed. R. Evid. 402, 802.

4. **Paragraph 5**:

> In addition to a 10 day trip to Taiwan in June 2008 for depositions in the *Levenshon* case, I had at least three depositions scheduled each week between the beginning of May and mid-July 2008 in both of these cases in order to meet pre-trial deadlines.

Natura objects to the above as irrelevant. *See* Fed. R. Evid. 402.

5. **Paragraph 5**:

I further advised Ms. Caverly that I would have to contact each of the Plaintiffs to come up with a proposed schedule. In fact, at the time that Ms. Caverly unilaterally sent the notices to me while I was away, she *acknowledged* in an e-mail that she *knew* that the depositions would not go forward at the date and time set forth in the Plaintiffs' Deposition Notices. *See* Email from K. Caverly attached hereto as Exhibit "A." Rather than refusing to cooperate, as Ms. Caverly's Declaration states, the e-mail underscores that the Plaintiffs' counsel was at all times trying to work with Ms. Caverly regarding the depositions.

Natura objects to the above as (i) irrelevant and (ii) hearsay. *See* Fed. R. Evid. 402, 802.

6. **Paragraph 6**:

In fact, I immediately commenced contacting the Plaintiffs to set up a deposition schedule that would be mutually convenient for all parties, and would allow sufficient time to produce the massive documentation that the Defendants had requested in their discovery requests to the Plaintiffs and which would work with the schedules of the Plaintiffs' counsel and the Plaintiffs. I was able to confer with thirty (30) Plaintiffs about these depositions, determine the amount of time it would take to produce the broad requested discovery responses and provide a proposed schedule within approximately two (2) weeks that would allow sufficient time to respond to the Defendants' discovery requests so that they would have documents and discovery responses in sufficient time to review them prior to taking the Plaintiffs' depositions.

Natura objects to the above as irrelevant. *See* Fed. R. Evid. 402.

7. **Paragraph 7**:

After the Plaintiffs' sent Ms. Caverly a proposed deposition schedule on May 14, 2008, the parties continued to negotiate and the Defendants sent a proposed stipulation to me in mid-June. At the same time, the undersigned was in the process of preparing 28 responses to the Defendants' extensive discovery requests and reviewing documentation provided by the Plaintiffs to determine what if any objections to make to the responses (which amounted to in excess of 33,000 documents).

Natura objects to the above as irrelevant. *See* Fed. R. Evid. 402.

8. **Paragraph 7**:

The Plaintiffs also agreed to produce information in advance of the responses per agreement with defense counsel so that they could subpoena vet records in sufficient time prior to the proposed first round of Plaintiff depositions.

Natura objects to the above as (i) hearsay and (ii) lacking foundation. *See* Fed. R. Evid. 602, 802.

9. **Paragraph 7**:

> Moreover, a draft of the stipulation was finally provided by Ms. Caverly on July 2, 2008. At that time, the responsibility for finalizing the stipulation shifted to co-counsel, Patrick Keegan, who had appeared in this case in June 2008 because the undersigned was preparing for trial and attending depositions in the *Levenshon* case, which was set for trial during the first week of August.

Natura objects to the above as irrelevant. *See* Fed. R. Evid. 402.

10. **Page 3, Note 2**:

> In fact, not only did Natura have the benefit of the discovery responses as promised, but also had the benefit of over 33,000 documents that the Defendants requested from the Plaintiffs, which has far exceeded production from all Defendants in this case to date, including Natura which has not produced a single document or responded to any discovery despite the fact that discovery was first requested in April 2008.

Natura objects to the above as (i) irrelevant and (ii) lacking foundation. *See* Fed. R. Evid. 402, 602.

11. **Paragraph 8**:

> At the same time, Mr. Keegan was also in the process of reviewing and analyzing the settlement reached in *In re Pet Food Products Liability Litigation,* CIV No. 07-2867 (NLHlAMD), a Multi-District Litigation case relating to the deaths and illness of cats and dogs from ingesting pet food laced with cyanuric acid and melamine.

Natura objects to the above as (i) lacking foundation and (ii) irrelevant. *See* Fed. R. Evid. 402, 602.

12. **Paragraph 8**:

> After his review, he determined that a stay of the case would be appropriate because "[i]t would be an obvious waste of the parties' and judicial resources of the Miami Court for the Defendant, Mars Incorporated, and every other defendant in this case except for Defendant Natura Pet Products to continue to seek written discovery responses, issue subpoenas of related third parties, and take the depositions of the named plaintiffs other than [those who purchased and fed Natura products] if the claims of these other named plaintiffs could be released in the Menu Foods Case if the Menu Foods Case settlement is finally approved by the New Jersey Court in November of this year."

Natura objects to the above as (i) hearsay, (ii) irrelevant, and (iii) lacking foundation. *See* Fed. R. Evid. 402, 602, 802.

13. **Paragraph 9**:

> The Plaintiffs then sought a Stay of this case as to all non-Natura claims because, as Mr. Keegan noted, the Menu Foods settlement was so broad as to encompass claims within this litigation.

Natura objects to the above as (i) irrelevant, (ii) hearsay, and (iii) lacking foundation. *See* Fed. R. Evid. 402, 602, 802.

14. **Paragraph 9**:

> The Plaintiffs filed a renewed Motion to Stay based on the Court's ruling because, as Mr. Keegan noted in his Motions and correspondence to all Defendants, "it does not make economic sense nor would it preserve judicial economy to go forward with claims that may ultimately be released in the Menu Foods litigation settlement." [DE 437]. While I did not attend the hearing because I was scheduled to appear at a pre-trial conference in the *Levenshon* case on the same date and time, I was advised that the Defendants conceded that the release language would bar at least some of the claims while, at the same time, they have refused to stipulate that all of the non-Natura claims would not be subject to dismissal if the settlement is ultimately finally approved.

Natura objects to the above as (i) hearsay, (ii) irrelevant, and (iii) lacking foundation. *See* Fed. R. Evid. 402, 602, 802.

15. **Paragraph 11**:

> During the pendency of the rulings on Motion for Stay, Patrick Keegan continued to negotiate the Stipulation for the Plaintiffs' Depositions. While the Defendants' did file a Motion to Compel, at no time did the Plaintiffs ever refuse to produce a Plaintiff for deposition. In fact, Mr. Keegan worked out an agreement with the Defendants whereby the initial round of depositions would be taken in September and not the first week of August, which gave the Plaintiffs sufficient time to conclude production of the over 33,000 documents that they requested from the Plaintiffs.

Natura objects to the above as (i) irrelevant and (ii) lacking foundation. *See* Fed. R. Evid. 402, 602.

16. **Paragraph 12**:

> After the Court denied both Motions for Stay and in view of the Defendants refusal to stipulate that the claims in this case would not be encompassed within

the broad settlement language in the Menu Foods case settlement, the Plaintiffs had no choice but to make the decision as to dismiss non-Natura claims.

Natura objects to the above as (i) irrelevant and (ii) lacking foundation. *See* Fed. R. Evid. 402, 602.

17. **Paragraph 13**:

Paragraph 5 of Ms. Caverly's declaration contains a blatant misrepresentation to wit: "Plaintiffs' counsel even refused to produce claimed Natura-purchasing plaintiff for depositions (sic) on September 3, 2008[,] claiming her unavailability and rescheduled for September 26, 2008, requiring a second amended deposition notice."

Natura objects to the above as (i) lacking foundation and (ii) irrelevant, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co*., 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. 1984).

18. **Paragraph 13**:

Ms. Caverly *agreed* that Plaintiff Yvonne Thomas would be produced for deposition in September at a time when the depositions would occur sequentially and would not require significant down time in between depositions

Natura objects to the above as hearsay. *See* Fed. R. Evid. 802.

19. **Paragraph 13**:

There was no prejudice at all to Natura, and the Plaintiffs have never refused to produce *any* Plaintiff for deposition except those whose claims are about to be dismissed.

Natura objects to the above as (i) lacking foundation and (ii) irrelevant, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co*., 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. 1984).

20. **Paragraph 15**:

Further, I simply had no basis to know, prior to January 16, 2008, that a settlement agreement was forthcoming in the Menu Foods litigation. Consequently, there was no way for me to know that this settlement agreement

would encompass much of the Plaintiffs' claims in this case or cause the need for an additional Plaintiff, particularly where I had plead a defendant class.

Natura objects to the above as (i) irrelevant and (ii) lacking foundation, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co*., 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. 1984).

21. **Paragraph 16**:

> No one from my law firm had ever contacted her prior to her telephone call to my law firm, and the email attached as Exhibit "C" to Ms. Caverly's Declaration was only sent to those who had previously contacted my law firm about legal advice, or representation and participation in this lawsuit prior to the time that the e-mail was sent. It was not addressed to any person who had not contacted my law firm to obtain legal advice from the law firm about their rights concerning pet food purchases or participation in this lawsuit. Ms. Caverly's Declaration and Natura's Response clearly reveal that she has absolutely no basis to "infer" that this was solicitation at all. A law firm simply cannot solicit those who have contacted the lawyer about representation and participation in a lawsuit.

Natura objects to the above as lacking foundation. *See* Fed. R. Evid. 602.

22. **Paragraph 17**:

> It is outrageous for Natura and its counsel to suggest that my law firm violated Florida ethics rules through solicitation when there is absolutely *no evidence* to support such a statement.

Natura objects to the above as (i) lacking foundation and (ii) irrelevant, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co*., 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. 1984).

23. **Paragraph 17**:

> In sixteen (16) years, I have only once suggested that lawyers in a case have violated bar rules, and that claim was supported by uncontradicted deposition testimony from the plaintiff and a Declaration from the former Chief Justice of the Florida Supreme Court indicating that a violation had indeed occurred. Filing a document that suggests that lawyers violate bar rules based upon a *suspicion*

that a violation *may have occurred* is outrageous and in and of itself should be subject to sanctions.

Natura objects to the above as (i) irrelevant, (ii) hearsay, and (iii) lacking foundation. *See* Fed. R. Evid. 402, 602, 802.

24. **Paragraph 18**:

While I was having those discussions, Ms. Caverly sent me an e-mail indicating that she would not agree to the substitution or addition of any Plaintiffs and that she had informed Juli Lund of same without giving a reason for her opposition. I continued to have discussions with Juli Lund as the representative of the Defendants about the reasons why the Defendants would not agree and set forth the reason that was provided to me in the Rule 7.1 certificate.

Natura objects to the above as hearsay. *See* Fed. R. Evid. 802.

25. **Paragraph 19**:

All this demonstrates is that she is a more than adequate proposed class representative because she has the legal prowess to meaningfully participate in this case, she is passionate about preserving the rights of cats and dogs and those who care for them, and she understands complex products liability litigation. This only supports every reason why Ms. Cortazzo should be added as a Plaintiff since she is fully capable of assisting the Plaintiffs' counsel in zealously prosecuting this case on behalf of the Plaintiffs and the putative class.

Natura objects to the above as (i) lacking foundation and (ii) irrelevant, *see* Fed. R. Evid. 402, 602, and to they extent it lacks probative value because argumentative statements within attorney declarations are not admissible. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (citing *Mercantile Nat'l Bank v. Franklin Life Ins. Co*., 248 F.2d 57, 59 (5th Cir. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. 1984).

26. **Exhibit "A" attached to the Declaration of Catherine J. MacIvor**:

Natura objects to the exhibit in its entirety because its contents are (i) unauthenticated and (ii) hearsay. *See* Fed. R. Evid. 802, 901.

McGUIREWOODS LLP


By:   s/Jeffrey S. York
        Jeffrey S. York
        Florida Bar No. 0987069
        Michael M. Giel
        Florida Bar No. 0017676
        50 N. Laura Street, Suite 3300
        Jacksonville, Florida  32202
        (904) 798-2680
        (904) 360-6330 (fax)
        jyork@mcguirewoods.com
        mgiel@mcguirewoods.com

        and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET PRODUCTS,
INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List, except for unrepresented plaintiffs Rice and MacDonald who will each be served by U.S. Mail on September 12, 2008 in a manner authorized by law at the addresses indicated below as required by the Court.

s/ Michael M. Giel
Attorney

**CERTIFICATE OF SERVICE**

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

**SERVICE LIST**

Catherine J. MacIvor
E-mail:     cmacivor@mflegal.com
Jeffrey Eric Foreman
E-mail:  jforeman@mflegal.com
Jeffrey Bradford Maltzman
E-mail:  jmaltzman@mflegal.com
Darren W. Friedman
E-mail:  dfriedman@mflegal.com
Bjorg Eikeland
E-mail:  beikeland@mflegal.com
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard,  Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile:  (305) 374-9077

*Attorneys for Plaintiffs*

Patrick N. Keegan
Email:     pkeegan@keeganbaker.com
Jason E. Baker
Email:     jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858)552-6749

*Attorneys for Plaintiffs*

Debbie Rice
E-mail: unknown
4292 Vilas Hope Road
Cottage Grove, WI 53527

*Unrepresented Plaintiff*
(Service via U.S. Mail)

Lisa MacDonald
E-mail: unknown
1217 East 55th Street
Savannah, GA 31404

*Unrepresented Plaintiff*
(Service via U.S. Mail)

Kristen E. Caverly
E-mail:  kcaverly@hcesq.com
**HENDERSON & CAVERLY LLP**
P.O. Box 9144
16236 San Dieguito Road, Suite 4-13
Rancho Santa Fe, California  92067-9144

*Attorneys for Defendant Natura Pet
Products, Inc.*

John B.T. Murray, Jr.
E-mail:     jbmurray@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile:  (561) 655-1509

*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-
Mart Stores, Inc., Target Corporation*

Rolando Andres Diaz
E-Mail:    rd@kubickdraper.com
Peter S. Baumberger
E-mail:  psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone:  (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket,*
*Inc.*

Alexander Shaknes
E-mail:  Alex.Shaknes@dlapiper.com
Amy W. Schulman
E-Mail:  amy.schulman@dlapiper.com
Lonnie L. Simpson
E-Mail:  Lonnie.simpson@dlapiper.com
S. Douglas Knox
E-Mail:  Douglas.knox@dlapiper.com
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

William C. Martin
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois  60601-1293
Telephone: (312) 368-4000
Facsimile: (312) 236-7516
E-mail:  William.Martin@dlapiper.com

*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr.
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile:  (954) 463-2224
E-mail:    hugh.turner@akerman.com

*Attorneys for Defendant Publix Super*
*Markets, Inc*

Omar Ortega
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
E-mail: oortega@dortaandortega.com

*Attorneys for Defendants Mars,
Incorporated, Mars Petcare U.S., Inc. and
Nutro Products, Inc.*

Dane H. Butswinkas
E-mail: dbutswinkas@wc.com
Philip A. Sechler
E-mail: psechler@wc.com
Thomas G. Hentoff
E-mail: thentoff@wc.com
Patrick J. Houlihan
E-mail: phoulihan@wc.com
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for Defendants Mars, Incorporated,
Mars Petcare U.S., Inc. and Nutro Products,
Inc.*

Benjamine Reid
E-mail: breid@carltonfields.com
Olga M. Vieira
E-mail: ovieira@carltonfields.com
Ana M. Craig
E-mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International
Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

*Attorneys for Defendant Hill's Pet
Nutrition, Inc.*

John J. Kuster
E-mail: jkuster@sidley.com
James D. Arden
E-mail: jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for Defendant Hill's Pet Nutrition,
Inc.*

Kara L. McCall
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
E-mail: kmccall@Sidley.com

*Attorneys for Defendant Hill's Pet
Nutrition, Inc.*


Richard Fama
E-mail: rfama@cozen.com
John J. McDonough
E-mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

Sherril M. Colombo
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
E-mail: scolombo@cozen.com

*Attorneys for Defendant Del Monte Foods,
Co.*


John F. Mullen
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
E-mail: jmullen@cozen.com

*Attorneys for Defendant Del Monte Foods,
Co.*

Carol A. Licko
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
E-mail: calicko@hhlaw.com

*Attorneys for Defendant Nestlé Purina*
*Petcare Co.*

Craig A. Hoover
E-mail: cahoover@hhlaw.com
Miranda L. Berge
E-mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendant Nestlé Purina*
*Petcare Co.*

Alan G. Greer
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
E-mail: agreer@richmangreer.com

*Attorneys for Defendant The Iams Co.*

Robert C. Troyer
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
E-mail: rctroyer@hhlaw.com

*Attorneys for Defendant Nestlé Purina*
*Petcare Co.*

James K. Reuss
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
E-mail: JReuss@lanealton.com

*Attorneys for Defendant The Kroger Co. of*
*Ohio*

D. Jeffrey Ireland
E-mail: djireland@ficlaw.com
Brian D. Wright
E-mail: Bwright@ficlaw.com
Laura A. Sanom
E-mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

Robin L. Hanger
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida  33131-2398
Telephone:  (305) 577-7040
Facsimile: (305) 577-7001
E-mail:  rlhanger@ssd.com

*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Ralph G. Patino
E-mail:  rpatino@patinolaw.com
Dominick V. Tamarazzo
E-mail:  dtamarazzo@patinolaw.com
Carlos B. Salup
E-mail:  csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida  33134
Telephone:  (305) 443-6163
Facsimile:  (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

C. Richard Fulmer, Jr.
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida  33306
Telephone:  (954) 707-4430
Facsimile:  (954) 707-4431
E-mail:  rfulmer@Fulmer.LeRoy.com

*Attorneys for Defendant The Kroger Co. of Ohio*

Craig P. Kalil
E-mail:  ckalil@abailli.com
Joshua D. Poyer
E-mail:  jpoyer@abailli.com
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida  33131
Telephone:  (305) 373-6600
Facsimile:  (305) 373-7929

*Attorneys for Defendant New Albertson's Inc. and Albertson's LLC*

W. Randolph Teslik
E-mail:  rteslik@akingump.com
Andrew Dober
E-mail:  adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C.  20036
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

Jeffrey S. York
E-mail:  jyork@mcguirewoods.com
Michael M. Giel
E-mail:  mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
Telephone:  (904) 798-2680
Facsimile:  (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

\6554541.1