UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____

## NATURA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE

Natura Pet Products, Inc. ("Natura") hereby opposes Plaintiffs' Request for Leave to Supplement Motion To Add And/Or Substitute Arna Cortazzo As A Plaintiff/Class Representative ("Supplement") on the grounds that (1) Plaintiffs' period for reply expired September 3, 3008; (2) Plaintiffs cannot add evidence in reply or a supplement to a reply; (3) Plaintiffs' case law is not new; and (4) Plaintiffs' cannot base a motion upon contradictory factual allegations, namely that:

- "The two Florida Plaintiffs in this case, Patricia Davis and Raul Isern, however, did not use pet food products manufactured by Natura," [D.E. 457 (Motion to add Cortazzo filed 8-22-2008)]; and

- "I believe I was injured by Natura because I fed these samples to my pet believing that the contained human-grade contents," [D.E. 472 (Declaration of Patricia Davis signed 9-7-2008)].

## I. INTRODUCTION.

Plaintiffs' proposed Supplement is nothing more than a late filed supplemental reply brief seeking to inartfully amend their original motion to add Cortazzo as a plaintiff while leaving Natura and the Court in a quandary as to the exact grounds of the motion. The proposed Supplement is a factual about-face. Plaintiffs' August 22, 2008 motion to add Arna Cortazzo as a representative plaintiff states that the two Florida residents in the action – Isern and Davis – have no claims against Natura. [D.E. 457]. The Supplement seeks to have the Court accept a sworn declaration by Patricia Davis alleging that she, in fact, does have a claim against Natura. [D.E. 472]. If the Supplement is permitted, then the grounds for adding Cortazzo as a plaintiff is extinguished. The irreconcilably contracting positions are untenable and cannot be maintained in a single action. Therefore, the Supplement cannot be added.

Plaintiffs' proposed Supplement is also grossly untimely in that their reply was due on September 3, 2008, and they did not request leave to supplement until September 12, 2008. Furthermore the cases they seek to add are not new, and the evidence offered is information that should have been known to Plaintiffs as of the date of the original filing of their motion to add Cortazzo on August 22, 2008. Plaintiffs cannot now seek to profit from their own lack of diligence by being permitted to file information that should have been submitted on August 22, 2008, in support of their original motion. Further, if Plaintiffs are permitted to submit their Supplement, Natura will be prejudiced because they will not have an opportunity to file memoranda and evidence in opposition.

## II. PROCEDURAL BACKGROUND

On May 9, 2007, Plaintiffs filed this action seeking to represent a class. [D.E. 1 ("Original Complaint")]. Natura was not added as a defendant until the filing of the Second

Amended Class Action Complaint ("Second Amended Complaint") [D.E. 260] on November 29, 2007. A Third Amended Complaint was then filed in January 25, 2008, and a Fourth Amended Complaint was filed in April 11, 2008. [D.E. 333 & D.E. 349]. The Second, Third and Fourth Amended Complaints assert claims for violation of FDUTPA against Natura. [D.E. 349 ("Fourth Amended Complaint")].

On July 6, 2007, Judge Cecilia M. Altonaga entered her "Order Setting Trial And Pre-Trial Schedule Requiring Mediation, And Referring Certain Motions To Magistrate Judge" setting the deadline to join new parties in this action at November 16, 2007. [D.E. 130]. Immediately before that deadline, Plaintiffs requested an extension that the Court granted in part, setting the new deadline to join new parties to January 16, 2008. [D.E. 257.] Despite already receiving one extension to join parties and with no showing of good cause, Plaintiffs on August 22, 2008, requested the Court to extend the deadline for adding a new party and leave to amend the operative complaint to add Arna Cortazzo as a party. [D.E. 457]. Plaintiffs' motion entitled "Motion To Add And/Or Substitute Arna Cortazzo As a Plaintiff/Class Representative" ("Motion to Add Cortazzo") failed to include any exhibits, declarations, affidavits or any other evidence in its support, but it did include counsel's Rule 11 representation that Florida plaintiffs Isern and Davis have no claims against Natura. [D.E. 457].

On August 25, 2008, Natura filed an interim opposition to the Motion to Add Cortazzo. On August 26, 2008, Judge Altonaga issued an Order setting the filing deadlines for briefs to be filed in opposition and reply to the Motion to Add Cortazzo. [D.E. 459]. The Order directed the Defendants to file their oppositions by August 29, 2008, to which all Defendants complied. [D.E. 463 (Natura Opposition); D.E. 462 (Non-Natura Defendants Opposition)]. The Order further directed Plaintiffs' to file the memorandum in reply no later than September 3, 2008.

3

[DE 459.] On September 3, 2008, Plaintiffs filed two reply briefs. [D.E. 465 & D.E. 470]. On September 8, 2008, five days after the deadline to file a reply, Plaintiffs' filed supplemental reply briefs (collectively "Supplemental Memorandum"). [D.E. 473 & D.E. 474]. On September 9, 2008, Plaintiffs' withdrew their Supplemental Memorandum following a Local Rule 7.1 meet and confer with Natura. [D.E. 476]. On September 12, 2008, all Defendants except Natura were dismissed from this action. [D.E. 482 & D.E. 483]. Later that same day, Plaintiffs filed their Motion for Leave to Supplement over Natura's objection. [D.E. 484].

### III. LEGAL ARGUMENT.

#### A. **Plaintiff's Supplement Is Submitted Too Late To Be Considered.**

The proposed Supplement should not be admitted given the timing and substance of the request. While Local Rule 7.1 does provide discretion to the District Court Judge to grant leave to file supplemental argument, evidence and authority after submission of a reply brief, such relief is the exception to the rule and should only be granted upon some showing of good cause by Plaintiffs. No such showing is present.

The Supplement centers on a declaration by Plaintiff Davis stating that, contrary to her sworn discovery responses, she did use a single free sample of a Natura product in 2006 and was thereby allegedly harmed by Natura. [D.E. 472]. The legal authority contained in the Supplement is submitted to stand for the proposition that an individual may present a FDUTPA claim even if they were not a purchaser of a product. The Davis Declaration states, "Prior to officially being named as a Plaintiff in May 2007, I advised my attorneys that I had fed Natura Innova Senior to my dog Arnold, but that I had obtained that dog food as a sample from my local feed store." [D.E. 472]. If the declaration is to be believed, then Plaintiffs' counsel were aware of the precise nature Davis' claim on August 22, 2008, when they filed their original motion to

4

add Cortazzo as a plaintiff and as of the date that their reply was due on September 3, 2008. This is not new information suddenly revealed to Plaintiffs' counsel. In fact, Plaintiffs' attorney, Catherine MacIvor, has confirmed that she is in possession of a document dated January 16, 2008, which spells out Davis' alleged claims against Natura. [*See* Exhibit "A" ("Ex. A") attached to the Declaration of Kristen E. Caverly in Support of Opposition ("Caverly Declaration")] Plaintiffs' counsel possesses no sufficient reason why this information was not submitted in the original moving papers.

Likewise, Plaintiffs' newly submitted legal authority is not new. Typically, parties will seek leave to file supplemental authority after the reply brief has been filed only when a binding decision is issued by another court that is relevant to the motion at hand. Here, the most recently decided case submitted by Plaintiffs in support of their Supplement was decided in February 2008. *See James D. Hinson Elec. Contr. Co. v. Bellsouth Telcoms., Inc.*, 2008 U.S. Dist. LEXIS 9464 (M.D. Fla. Feb. 8, 2008). Consequently, the "new" case law submitted with the Supplement was available to Plaintiffs at the time of their original filing on August 22, 2008.

Plaintiffs' routine attempts to work around the deadlines imposed by the Court should not be condoned. The Plaintiffs were ordered by the Court to present their reply brief and supporting material by no later than September 3, 2008. [D.E. 459]. Plaintiffs now seek to have the Court alter that deadline. Like the underlying motion to add Cortazzo itself, this request is late without good cause and should be denied. This Court has already admonished parties to adhere to Court imposed deadlines:

> We have a schedule. I have established the schedule. I have impressed upon the parties the need to be mindful of the deadlines that I have imposed.

[Judge Cecilia M. Altonaga, Transcript of Telephone Conference Before Cecilia M. Altonaga, Case 07-21221-CIV-ALTONAGA, July 31, 2008.]

5

### B. The Court Must Not Grant Leave To File The Supplement Because It Would Result In Irreconcilably Contradicting Arguments.

If allowed, Plaintiffs' proposed Supplement would create a paradoxical motion that argues that Arna Cortazzo should be added as a plaintiff because Plaintiffs' have no Florida claims and at the same time argue that Plaintiff Patricia Davis has a Florida claim. Such a motion violates Rule 11 on its face because the two positions are mutually exclusive.

Plaintiffs' August 22, 2008, motion to add Arna Cortazzo as a representative plaintiff states that the two Florida residents in the action – Isern and Davis – have no claims against Natura. [D.E. 457]. This position is affirmed by the sworn discovery responses of Patricia Davis. [Caverly Declaration, Ex. B]. The instant Supplement, however, contains a sworn declaration by Patricia Davis to the contrary alleging that she, in fact, does have a claim against Natura. [D.E. 472]. This new declaration completely undermines the fundamental basis of the motion to add Cortazzo:

> The two Florida Plaintiffs in this case, Patricia Davis and Raul Isern, however, did not use pet food products manufactured by Natura. Conversely, Arna Cortazzo, a Florida resident, did purchase and use Natura's pet food products and experienced damages as a result of same. Accordingly, the Plaintiffs in this matter seek to add and/or substitute Ms. Cortazzo for Ms. Davis or Mr. Isern so that jurisdiction may be retained by this Court once the claims of Ms. Davis and/or Ms. Isern are dismissed.

[D.E. 457, p. 2 (Motion to add Cortazzo)].

The irreconcilably contradicting positions are untenable and cannot be maintained in a single motion. Therefore, the Supplement must not be added. Furthermore, in light of the new declaration and conflicting evidence, it seems apparent that Plaintiffs' motion must be withdrawn pursuant to the mandates of Rule 11.

**C. Granting Leave To File The Supplement Would Prejudice Natura.**

Granting Plaintiffs leave to file their Supplement would prejudice Natura because Natura's opposition to the motion to add Cortazzo would become stale due to the material change to the motion that the Supplement seeks to effect. Plaintiffs effectively would be permitted to file a motion to which Natura would be precluded from filing a brief in opposition pursuant to Local Rule 7.1. Accordingly, Natura requests that Plaintiffs' motion for leave to file their Supplement be denied to prevent prejudice to Natura.

**IV. CONCLUSION.**

Based upon the foregoing, Defendant Natura Pet Products, Inc., respectfully requests that Plaintiffs' Request for Leave to Supplement Motion To Add And/Or Substitute Arna Cortazzo As A Plaintiff/Class Representative be denied.

McGUIREWOODS LLP

By: s/Michael M. Giel
Jeffrey S. York
Florida Bar No. 0987069
Michael M. Giel
Florida Bar No. 0017676
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-2680
(904) 360-6330 (fax)
jyork@mcguirewoods.com
mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List, except for unrepresented plaintiffs Rice and MacDonald who were each served by U.S. Mail in a manner authorized by law at the addresses indicated below as required by the Court.

                                                           s/Michael M. Giel
                                                                Attorney

**CERTIFICATE OF SERVICE**

**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
Case No. 07-21221-CIV-ALTONAGA/TURNOFF**

**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland, Esquire
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendant Meijer, Inc.*

Mark C. Goodman, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone: (415) 954-0200
jbmurray@ssd.com
*Attorneys for Defendant Meijer, Inc.*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive Company*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive Company*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive Company*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and The Stop & Shop Supermarket Company LLC*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc.*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble Co.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

**Unrepresented Plaintiffs**
Lisa McDonald
1217 East 55th Street
Savannah, GA 31404

Debbie Rice
4292 Vilas Hope Road
Cottage Grove, WI 53527

\6569080.1