UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.
_____/

**MOTION TO STRIKE NATURA'S THREE "EVIDENTIARY OBJECTIONS"**

Plaintiffs, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order striking all three of Defendant Natura Pet Products, Inc.'s ("Natura") separately-filed "evidentiary objections," [DE 477, 478, 479], and as grounds therefor, state as follows:

**I.    Statement of facts**

1.    On August 22, 2008, the Plaintiffs in this case filed a Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. [DE 457].

2.    On August 25, 2008, Natura filed an "interim" Response in opposition to the Plaintiffs' Motion and requested additional time to file another Response in order to "fully brief the issues presented[.]" [DE 458]. This Court granted Natura until August 29, 2008 to file another Response. [DE 459]. At around 6:15 P.M. on August 29, 2008, Natura filed its second Response. [DE 463].

3.    As part of its second Response, Natura claimed that "no presently named Plaintiff has ever purchased Natura's products in Florida, [therefore] no Plaintiff has standing to raise

claims under FDUTPA or any other Florida state law." [DE 463 p. 2]. Natura has developed this position based upon the discovery responses provided by Plaintiffs Patricia Davis and Raul Isern. [DE 463 p. 2]. Although Natura has not taken the deposition of either of these Plaintiffs, it has accused the Plaintiffs of violating Rule 11 because "they never had a FDUTPA claim against Natura[.]" [DE 463 p. 6].

4. Also as part of its second Response, Natura included an argument addressing whether Ms. Cortazzo would be a proper plaintiff in this case. Without *any* relation to this argument, counsel for Natura referred to and quoted an email sent by a paralegal at the undersigned's law firm and accused the undersigned's law office of engaging in a "fishing expedition to solicit prospective clients[.]" [DE 463 pp. 9-10]. In the process of doing so, counsel for Natura also *explicitly* questioned the integrity and professional conduct of the undersigned's law firm by suggesting that the law firm had "solicited" Ms. Cortazzo and other "undisclosed recipients" in violation of the Florida Rules of Professional Conduct 4-7.2 Communications Concerning a Lawyer's Services), 4-7.4 (Direct Contact with Prospective Clients), and especially 4-7.6 (Computer Accessed Communications). [DE 463 pp. 9-10].

5. An additional part of Natura's second Response was the unfounded allegation that the Plaintiffs have somehow impeded Natura's ability to conduct discovery in this case. [DE 463 pp. 9-10].

6. The Plaintiffs, in their Reply, refuted all three of these baseless allegations and, in doing so, relied upon two declarations by the undersigned and one by Arna Cortazzo in doing so. [DE 466, 467, 470, 473]. Shortly after filing the Reply, the undersigned filed a supplemental declaration that included as an exhibit a telefax cover sheet clearly indicating that the

undersigned's law firm and Ms. Cortazzo had been in contact with each other well before the date alleged by Natura. [DE 471].

7. Natura filed three separate "evidentiary objections," each one "objecting" to a different declaration. [DE 477, 478, 479]. These three filings by Natura are simply surreplies that were filed without leave of the Court and are solely intended to improperly rebut the Reply filed by the Plaintiffs.

## II. The three separately-filed "evidentiary objections" filed without leave of this Court are simply three individual surreplies disguised as meritless "evidentiary objections"

A surreply is a reply filed by the non-moving party in response to the moving party's Reply memorandum. Local Rule 7.1 provides for the manner in which parties are to submit their responses and replies, and proceeds to explicitly state, "No further or additional memoranda of law shall be filed without prior leave of Court." S.D. Fla. R. 7.1(C). Hence, although surreplies are typically not permitted, *see Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001), surreplies <u>are absolutely prohibited</u> unless leave is granted by the Court.

Moreover, in determining whether to even permit a surreply, "[a] surreply will not be allowed unless the reply of the party filing the initial motion contained new information which the responding party needs an opportunity to address. *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324 (D. Kan. 2008) (citing *Lopez v. Garcia*, 1 F. Supp. 2d 1404, 1406 (D. Kan. 1997)). One court has suggested the standard to obtain leave to file a surreply is actually stricter than simply "needing an opportunity to address" new information. In *Beaulieu v. EQ Indus. Servs.*, 2008 U.S. Dist. LEXIS 66950 (E.D.N.C. Aug. 22, 2008), the District Court applied another District Court's holding that "'[t]he standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in

the opposing party's reply.'" *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Accordingly, in order for the non-moving party to properly file a surreply, the Court must grant the non-moving party leave to do so based on the fact that the moving party's Reply memorandum contained new information presented to the Court for the first time.

In this case, Natura <u>*never*</u> received leave to file a surreply. In fact, Natura never even asked for leave to file a surreply. Instead, Natura simply filed three surreplies designated as "evidentiary objections." However, Natura clearly intended for these three "evidentiary objections" to be surreplies. For example, in its "evidentiary objection" to the supplemental declaration, [DE 479], Natura improperly offers nearly two pages of misguided argument as to why it objects to the declaration and even attacks the substance of the declaration. Only at the very end of its "evidentiary objection," and with only a simple citation to Federal Rule of Evidence 802 (and no explanation or case law thereto), does Natura actually even offer the grounds of its objection. [DE 479 p. 2].

In its two other "evidentiary objections," the basis for the "objections" is Natura's disingenuous suggestion that "the submitted evidence largely does not respond to new issues raised in the opposition, but is rather offered to support issues initially raised in the original moving papers." [DE 477 p. 1 *and* 478 p. 1]. <u>*This statement could not be farther from the truth.*</u> All of the declarations deal *only* with those issues raised in Natura's first and second Responses. An analysis of Natura's second Response, in conjunction with a paragraph by paragraph review of the declarations, easily reveals this point:

- In Natura's second Response and in an exhibit thereto, Natura incorrectly alleges that no good cause exists to amend the Court's scheduling order and that the Plaintiffs have generally delayed the discovery process and Natura's ability to take depositions. [DE 463 pp. 4-8, 463-2 ¶¶2-5]. The undersigned's declaration specifically addresses these disingenuous positions. [DE 466-2 ¶¶5-13].

- In Natura's second Response, Natura contests the validity of Plaintiffs Patricia Davis and Raul Isern in the lawsuit, and specifically refers to the discovery responses of both. [DE 463 pp. 2, 6-7]. The undersigned's declaration specifically addresses this. [DE 466-2 ¶¶14-15].

- In Natura's second Response, Natura spends five pages discussing whether Ms. Cortazzo is a proper plaintiff and even poses five questions to this Court to determine whether the addition of Ms. Cortazzo would be appropriate. [DE 463 pp. 8-12]. Paragraphs 4-6 of Ms. Cortazzo's declaration specifically address this section of Natura's second Response and the five questions asked therein. [DE 467-2 ¶¶4-6].

- In Natura's second Response, *without even an iota of evidence*, Natura makes the astonishing accusation that the undersigned's firm engaged in unprofessional conduct and improperly solicited clients generally and Ms. Cortazzo in particular. [DE 463 pp. 9-11]. The declaration filed by Ms. Cortazzo directly refutes this, however, and explains that *Ms. Cortazzo contacted the undersigned's firm* because she and her pets were damaged by the purchase and consumption, respectively, of Natura's pet food. [DE 467-2 ¶¶2-6]. The undersigned's declaration specifically refutes this absurd accusation by Natura. [DE 466-2 ¶¶16-17].

- In Natura's second Response, Natura argues that the undersigned failed to meet and confer pursuant to Local Rule 7.1. [DE 463 pp. 14-16]. The undersigned's declaration specifically refutes this meritless argument. [DE 466-2 ¶18].

- In Nautra's second Response, Natura attaches a printout of Ms. Cortazzo's web page. [DE 463-3 p. 36]. The undersigned's declaration specifically addresses this exhibit. [DE 466-2 ¶19].

- In Natura's second Response, Natura, *once again without any evidence*, alleges that "within 15 days of the August 7, 2008 e-mail, Plaintiffs' counsel sought to add a new plaintiff" and that "it is reasonable to *infer* Ms. Cortazzo's retention of Plaintiffs' counsel is related to the above e-mail or similar solicitation tactics by Plaintiffs' counsel." [DE 463 p. 11]. The *sole* purpose of the supplemental declaration was to disclose a telefax from Ms. Cortazzo to the undersigned's firm dated June 30, 2008, which is obviously prior to the August e-mail to which Natura's counsel improperly referred in its second Response. [DE 471-2].

Accordingly, it is evident that these declarations to which Natura objects on the grounds that they simply "support issues initially raised in the original moving papers" are wholly meritless, baseless, and disingenuous. Nowhere in the original Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative did the Plaintiffs discuss alleged unprofessional conduct arising out of an e-mail sent by the Plaintiffs' counsel, Ms. Cortazzo's web page, the

Plaintiffs' alleged failure to meet and confer pursuant to Local Rule 7.1, the "solicitation tactics" in which the Plaintiffs allegedly engaged, the Plaintiffs' alleged delaying of the discovery process, etc. *All of these issues appeared for the first time in Natura's first and second Responses*, and were therefore appropriately responded to in the Plaintiffs' Reply. *See* S.D. Fla. R. 7.1(C) ("The movant may . . . serve a reply memorandum in support of the motion, which reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition . . . .").

Additionally, the declarations by the undersigned and Ms. Cortazzo were referred to in the Plaintiffs' Reply for the purpose of directly refuting the meritless arguments and assumptions asserted by Natura in its first and second Responses. Although the supplemental declaration was filed after the Reply, this declaration simply confirmed a point already raised in the Plaintiffs' Reply as well as Ms. Cortazzo's declaration and the declaration submitted by the undersigned in support of the Reply—that the undersigned's firm did not engage in solicitation tactics. [DE 470 p. 9, DE 467-2 ¶¶2-3, DE 466-2 ¶¶ 16-17]. Hence, because the Plaintiffs' Reply merely responded to arguments that were made by Natura in its two Responses, there is no new information presented to the Court for the first time. Consequently, while Natura did not request leave to file a surreply, *even if it did*, it is unable to satisfy the requisite standard for such leave to be granted. As a result, the Plaintiffs respectfully request that this Court strike all three of the Natura's "evidentiary objections," which are simply surreplies disguised as "evidentiary objections."

## III.  Conclusion

WHEREFORE, Plaintiffs, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order striking all three of Defendant Natura Pet Products, Inc.'s ("Natura") separately-

filed "evidentiary objections," [DE 477, 478, 479], and for all other relief that this Court deems just and proper.

Dated: September 23, 2008
Miami, FL

## RULE 7.1 CERTIFICATE

Prior to filing this Motion, the undersigned attempted to confer with counsel for Natura, Kristen Caverly, but the undersigned has not received a response from Natura's counsel as of the date that this Motion was filed.

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 23, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**MARIA KAYANAN**
E-Mail**:** mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail**: jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

| | |
|---|---|
| **WILLIAM C. MARTIN**<br>E-Mail: william.martin@dlapiper.com<br>**DLA PIPER RUDNICK GRAY CARY US LLP**<br>203 North LaSalle Street<br>Suite 1900<br>Chicago, Illinois 60601-1293<br><br>*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* | **HUGH J. TURNER, JR.**<br>E-Mail: hugh.turner@akerman.com<br>**AKERMAN SENTERFITT & EDISON**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954)463-2700<br>Facsimile:  (954)463-2224<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* |
| **JEFFREY S. YORK**<br>E-Mail: jyork@mcguirewoods.com<br>**MICHAEL GIEL**<br>E-Mail: mgiel@mcguirewoods.com<br>**McGUIRE WOODS LLP**<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Telephone: (904) 798-2680<br>Facsimile: (904) 360-6330<br><br>*Attorneys for Defendant Natura Pet Products, Inc.* | **KRISTEN E. CAVERLY**<br>E-Mail: kcaverly@hcesq.com<br>**TONY F. FARMANI**<br>tfarmani@hcesq.com<br>**HENDERSON & CAVERLY LLP**<br>16236 San Dieguito Road, Suite 4-13<br>P.O. Box 9144 (all US Mail)<br>Rancho Santa Fe, CA 92067-9144<br>Telephone:  858-756-6342 x)101<br>Facsimile:   858-756-4732<br><br>*Attorneys for Natura Pet Products, Inc.* |
| **OMAR ORTEGA**<br>Email: ortegalaw@bellsouth.net<br>**DORTA & ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile:   (305) 461-5226<br><br>*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S. and Nutro Products, Inc.* | **DANE H. BUTSWINKAS**<br>E-Mail: dbutswinkas@wc.com<br>**PHILIP A. SECHLER**<br>E-Mail: psechler@wc.com<br>**THOMAS G. HENTOFF**<br>E-Mail: thentoff@wc.com<br>**PATRICK J. HOULIHAN**<br>E-Mail: phoulihan@wc.com<br>**AMY R. DAVIS**<br>adavis@wc.com<br>**JULI ANN LUND**<br>jlund@wc.com<br>**WILLIAMS & CONNOLLY LLP**<br>725 12th Street, N.W.<br>Washington, DC  20005<br>Telephone: (202)434-5000<br><br>*Attorneys for Defendants Nutro Products, Inc. Mars, Incorporated and Mars Petcare U.S.* |

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, &**
**GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*