UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

  Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.*

  Defendants.
_____/

# PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE

  In its Response, Defendant, Natura Pet Products, Inc. ("Natura"), erroneously claims that the Plaintiffs' Motion for Leave should be denied because: "(1) [the] Plaintiffs' period for reply expired September 3, 3008 [sic]; (2) Plaintiffs cannot add evidence in reply or a supplement to a reply; (3) Plaintiffs' case law is not new; and (4) Plaintiffs' [sic] cannot base a motion upon contradictory factual allegations[.]" [DE 486 p. 1]. *Yet, throughout the **entire** Response, there is **not** a single citation to **any** case law or **any** other legal authority to substantiate **any** of Natura's claims.* None of these grounds present a valid basis for denying the Motion. The Plaintiffs respectfully request this Court, in the interests of fairness, justice and judicial expediency, to enter an Order granting the Plaintiffs leave to supplement their Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative.

**I. The supplemental documents are not "too late" to be considered because that is the basis for seeking leave for them to supplement**

  *Without any legal support*, Natura simply makes blanket statements that the supplemental documents are late because the request for leave to file them occurred after the deadline for the submission of the reply brief to the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. [DE 486 pp. 1-5]. Natura has failed to provide any support that a

motion for leave to supplement must be filed on or before a due date and, if that were the case, there would be no basis to ever move to supplement, even if it would result in a miscarriage of justice or quantum unfairness. *Without any legal support*, Natura also asserts that "such relief . . . should only be granted upon some showing of good cause by Plaintiffs." [DE 486 p. 4]. Natura is simply urging the Court to err in raising this ground because the plain language of Local Rule 7.1 gives this Court the authority to grant the Plaintiffs leave to file the supplemental documents (at any time, regardless of whether it occurs after the due date of a reply brief), and nowhere states that good cause need be presented in order to obtain such relief. *See* S.D. Fla. L.R. 7.1. Moreover, Natura fails to cite to *any* legal authority that would require such a showing.[1]

*Even if* good cause was required, and it is not, the Plaintiffs are able to satisfy this standard. First, Natura filed not one, but *two* Responses in opposition to the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. Natura filed the first one on August 25, 2008, and complained that it had to respond over a weekend and, without filing a motion or seeking the agreement of counsel, included a request for more time to provide an additional response. [DE 458]. This Court allowed Natura to file a supplemental Response by Friday, August 29 and ordered the Plaintiffs to reply during the Labor Day weekend, a national holiday, when the CM/ECF system would be down through the entire weekend. [DE 459]. Just prior to the CM/ECF system going down for maintenance on Friday, August 29, both Natura *and* the non-Natura Defendants took advantage of this extension and filed Responses late in the day on Friday which only gave the Plaintiffs less than an approximate ½ hour window to retrieve the document, which was ultimately not possible. [DE 462-63]. The CM/ECF system went down as scheduled at 7:00 p.m. on Friday, August 29, and remained down that entire Labor Day weekend until some time after 1:00 p.m. on Monday, September 1. Counsel for the Plaintiffs was unable to retrieve Natura's and the non-Natura Defendants' Responses until Labor Day, and diligently worked the remainder of the Labor Day weekend and the two following days to complete the

---

[1] One court has even implicitly denounced a "good cause" requirement. In *Jenkins v. Hyundai Motor Fin. Co.*, 2008 U.S. Dist. LEXIS 23073, *31 n.11 (S.D. Ohio Mar. 24, 2008), the defendant filed a notice of supplemental authority with the court. The plaintiff filed a motion to strike on the basis that it violated a local rule as well as the court's previous order that no additional memoranda should be filed without leave of court "upon a showing of good cause." *Id.* at **31-32 n.11 (quotations in original). Although the court agreed with the plaintiff that the notice offered "questionable value" because of fractured opinions and little analysis on issues before the court, the court nevertheless denied the plaintiff's motion to strike because the court found no prejudice to the plaintiff by the submission of the supplemental authority. *Id.* at 32.

Plaintiffs' Replies to (1) the non-Natura Defendants' Response and (2) both of Natura's Responses. Accordingly, while Natura and the non-Natura Defendants received an extension of time to file *two* Responses in addition to Natura's first Response, the Plaintiffs had a little over two (2) days to reply to all three Responses over a long, national holiday weekend (the majority of which the Plaintiffs had no access to Natura's Response). Although the Plaintiffs did complete and timely file their Replies, the Plaintiffs were nevertheless unable to complete all of the factual research needed to respond to the new and outrageous allegations in Natura's second Response and, therefore, sought to supplement the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative and/or the Plaintiffs' Reply thereto.

Moreover, upon completion of the research in the days ensuing the Plaintiffs' filing of their Replies, it became apparent that there were issues that merited being brought to the attention of this Honorable Court so that the Court would have facts before it that would present the opportunity for a fair ruling. For example, although Natura contends that counsel for the Plaintiffs had to have known, prior to August 22, 2008, that Mrs. Davis had used/purchased Natura dog food because she had informed the Plaintiffs' counsel of this prior to May 2007 [DE 486 p. 4], this is only partially accurate. Before the Third Amended Complaint was filed on January 25, 2008 and the Fourth Amended Complaint was filed on April 11, 2008, it was the understanding of the Plaintiffs' counsel that Mrs. Davis had used and purchased Natura's products. Based upon Mrs. Davis' discovery responses and other information, however, it appeared that Mrs. Davis had not and had subsequently amended and clarified her claim. Upon this discovery and the settlement agreement reached in *In re Pet Food Products Liability Litigation*, CIV NO.: 07-2867 (NLH/AMD), a Multi-District Litigation case in the United States District Court for the District of New Jersey, it became apparent that, once the non-Natura Plaintiffs were voluntarily dismissed from this Case, this Court's jurisdiction to hear this case might be questioned. Consequently, the Plaintiffs sought to add Ms. Cortazzo; however, when Natura accused the Plaintiffs of a Rule 11 violation, the Plaintiffs looked through the thousands of documents in this case over the two day period of time that they had to draft the Reply on part of Labor Day and the two (2) days thereafter. Not only was the Plaintiffs' counsel unable to reach Mrs. Davis, the Plaintiffs were unable to obtain the attorney client privileged documents relating to Mrs. Davis' claim. Since counsel for the Plaintiffs could not get into contact with Mrs. Davis in order to obtain a declaration from her prior to the deadline to file their Reply and

were not able to obtain all of the factual documents necessary to refute Natura's allegations, the Plaintiffs sought to file supplemental documents that responded to the baseless and even professionally discourteous arguments made by Natura in its two Responses to the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. This was so that this Court could make its ruling on the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative with the benefit of knowing these facts. The documents were: the declaration of Catherine MacIvor [DE 471], the declaration of Arna Cortazzo [DE 468], the declaration of Patricia Davis [DE 472], the Notice of Supplemental Authority [DE 474], and the Notice of Correction [DE 475]. The following break-down may help this Court understand why these documents were filed:

- The declaration of Catherine MacIvor [DE 471]: In Natura's second Response, Natura, *without any evidence*, alleged that "within 15 days of the August 7, 2008 e-mail, Plaintiffs' counsel sought to add a new plaintiff" and that "it is reasonable to *infer* Ms. Cortazzo's retention of Plaintiffs' counsel is related to the above e-mail or similar solicitation tactics by Plaintiffs' counsel." [DE 463 p. 11 (emphasis added)]. The *sole* purpose of this declaration was to disclose a telefax from Ms. Cortazzo to the undersigned's firm dated June 30, 2008, which was obviously prior to the August e-mail to which Natura's counsel improperly referred in its second Response and that counsel for the Plaintiffs could not research and locate given the short time period in which the Plaintiffs had to file their Reply. [DE 471-2].

- The declaration of Arna Cortazzo [DE 468]: In Natura's second Response, Natura spends five pages discussing whether Ms. Cortazzo is a proper plaintiff and even poses five questions to this Court to determine whether the addition of Ms. Cortazzo would be appropriate. [DE 463 pp. 8-12]. Paragraphs 4-6 of Ms. Cortazzo's declaration specifically address this section of Natura's second Response and the five questions asked therein. [DE 467-2 ¶¶4-6]. Moreover, in Natura's second Response, *without even an iota of evidence*, Natura makes the astonishing accusation that the undersigned's firm engaged in unprofessional conduct and improperly solicited clients in general and Ms. Cortazzo in particular. [DE 463 pp. 9-11]. The declaration filed by Ms. Cortazzo directly refutes this and explains that *Ms. Cortazzo contacted the undersigned's firm* because she and her pets were damaged by the purchase and consumption, respectively, of Natura's pet food. [DE 467-2 ¶¶2-6].

- The declaration of Patricia Davis [DE 472]: In Natura's second Response, Natura asked for sanctions and dismissal of this case by arguing that no plaintiff had a FDUTPA claim against Natura. [DE 463 pp. 5-6]. During the preparation of the Reply, the Plaintiffs tried to contact Mrs. Davis to determine that status of her Natura claim and the discrepancy in her interrogatories and the pleading which had been provided to her.

Mrs. Davis had in fact obtained Natura pet food and fed it to her dog.[2] Unfortunately, the Plaintiffs' counsel were unable to get in contact with Mrs. Davis in the two (2) days they had to prepare the Reply, and were therefore unable to obtain a declaration from her prior to the deadline for filing the Reply. The Plaintiffs were, therefore, unable to refute Natura's argument and explain the full basis for seeking to replace Mrs. Davis, i.e., while the Plaintiffs' counsel initially understood that Mrs. Davis had purchased and used Natura pet food and were then under the impression that Mrs. Davis had not, the Plaintiffs' counsel wanted to replace Mrs. Davis with Ms. Cortazzo, who has purchased Natura pet food. Now that Mrs. Davis' use of samples has been clarified, the Plaintiffs want to substitute Ms. Cortazzo.

- <u>The Notice of Supplemental Authority [DE 474]:</u> In Natura's second Response, Natura asked for dismissal of this case by arguing that no plaintiff properly had a FDUTPA claim against Natura. [DE 463 pp. 5-6]. Upon clarifying Mrs. Davis portion of the pleading with her discovery responses such that she had obtained and used Natura pet food samples, the Plaintiffs sought to provide this Court with case law explaining that there need not be a purchase of a product in order to bring a valid FDUTPA claim.

- <u>The Notice of Correction [DE 475]:</u> Upon the clarification that Mrs. Davis had in fact obtained and used Natura's pet food and simply omitted this response from her interrogatory answers due to a misunderstanding and for other reasons, the Plaintiffs filed this Notice to correct a misstatement in the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative. This was purely done to make the Motion accurate given this new information.

Thus, each of the documents for which the Plaintiffs seek this Court's leave to file are a byproduct of information that was confirmed after the Reply was filed <u>or</u> because the document was unobtainable during the brief, two and a half (2 1/2) day period in which the Plaintiffs had to file their Reply. Consequently, the Plaintiffs respectfully request that, although Natura has offered <u>no</u> evidence supporting its claim that the Plaintiffs must show good cause, <u>even if</u> this Court finds that good cause does in fact need to be shown, that such a requirement has been met by the Plaintiffs and enter an Order granting the Plaintiffs leave to file these supplemental documents.

## II. There is no requirement that supplemental legal authority be binding or "new"

Natura has argued that the supplemental legal authority [DE 474], should not be allowed because: "*Typically*, parties will seek leave to file supplemental authority after the reply brief has been filed only when a binding decision is issued by another court that is relevant to the motion at hand." [DE 486 p. 5]. This bald assertion by Natura simply has *no legal support at all*, which

---

[2] This information was not listed in Mrs. Davis' interrogatory responses because, in filling out her answers, she understood the question as asking for a listing of all pet foods that she *purchased*. [DE 472-2 ¶5].

Natura implicitly concedes in its qualifying term, "typically." To the contrary, numerous legal authorities reveal that case law that is not binding on a court may still be filed as supplemental authority.[3] *See*, *e.g.*, *Janacek v. Leavitt*, 2008 U.S. Dist. LEXIS 68475, *11 n.1 (N.D. Tex. Aug. 27, 2008) (granting the defendants' motion for leave to file supplemental authority in support of the motion to dismiss because, "[w]hile recognizing that [the supplemental authority] is not binding precedent, this court finds its reasoning sound and helpful to the evaluation of [the plaintiff's] claims."); *Obeid v. Chertoff*, 2008 U.S. Dist. LEXIS 23748, *2 ( E.D. Mich. Mar. 26, 2008) ("Defendants' motions for leave to file supplemental authority are granted. However, none of the supplemental authority cited by Defendants is binding on this Court."); *Hornor, Townsend & Kent, Inc. v. Hamilton*, 2004 U.S. Dist. LEXIS 20789, 32-33 (N.D. Ga. Sept. 30, 2004) ("[F]iling notices of supplemental authorities that come to a party's attention after briefing is complete is a well-established practice. Moreover, such practice is helpful to the Court, which of course always endeavors to apply current authority in resolving the issues before it. The fact that some of the material that defendants have filed is from other jurisdictions and is non-binding is immaterial; the Court is quite capable of differentiating between binding and persuasive authority." (internal citations omitted)). Further, there simply is no legal requirement that the case law be "new" and Natura <u>never</u> points out such a requirement other than its bald statement. *Compare with Fry v. Exelon Corp. Cash Balance Pension Fund*, 2007 U.S. Dist. LEXIS 65355, *10 n.3 (N.D. Ill. Aug. 31, 2007) (the court granted the plaintiff leave to submit a citation as supplemental authority "even though it was not a new citation (like a new case)"), *overruled on other grounds by Fry v. Exelon Corp. Cash Balance Pension Fund*, 2007 U.S. Dist. LEXIS 94404 (N.D. Ill. Dec. 21, 2007).

## III. Granting the Motion for Leave would not result in irreconcilable arguments

Natura contends, if the Motion for Leave is granted, a paradoxical situation would exist where, on one hand, Mrs. Davis is contending that she has a valid claim against Natura and then, on the other hand, the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative asserts that there is no Plaintiff who had a Florida claim against Natura. [DE 486 p. 6]. Despite Natura's confusion, the fact remains that Mrs. Davis has a claim against Natura all along and will continue to have a claim against Natura regardless of this Court's ruling on the

---

[3] Although the additional legal authority submitted by the Plaintiffs is not binding on this Court, one decision was issued by the Honorable Donald L. Graham of the Southern District of Florida, and numerous other decisions provide helpful reviews by learned District Court Judges in the Middle and Northern Districts of Florida.

Motion for Leave. As discussed *supra*, Mrs. Davis did not include in her interrogatory answers that she had fed Natura to her cats and/or dogs because she understood the question to be asking for only those products that were purchased, which she admittedly did not do; nevertheless, Mrs. Davis did obtain and use Natura pet food. Moreover, while the Motion to Add and/or Substitute Arna Cortazzo included a single sentence that "Patricia Davis . . . did not use pet food products manufactured by Natura[,]" [DE 457 p. 2], that was the Plaintiffs' counsels' understanding at the time that the Motion was filed based upon the interrogatory responses and other privileged information. However, this was clarified when the Plaintiffs' counsel were able to reach Mrs. Davis after the Reply had been filed and the Plaintiffs subsequently sought to correct same through the Notice of Correction [DE 475]. In any event, the Plaintiffs are seeking to substitute Ms. Cortazzo for Mrs. Davis, so whether she obtained a sample or never used Natura is really a moot issue anyway – the point is that the Plaintiffs seek to add Ms. Cortazzo.

Notwithstanding the fact that Mrs. Davis' claim based upon pet food samples[4] she obtained at a supply store is pending and legally appropriate, the addition of Ms. Cortazzo would not preclude Mrs. Davis' claim. But, in the event that Natura challenges her claim, Ms. Cortazzo's substitution would simply allow this case to continue as is, in the Court in which it started, and bring about a just and prompt resolution. Otherwise, the Plaintiffs would simply be forced to reinitiate this lawsuit all over again by filing a new lawsuit. Certainly, this would be counter to the interests of justice and judicial expediency. Contradictory positions would not result by the granting of the Motion to Leave because Mrs. Davis has a claim against Natura and has *always* had a valid claim against Natura, but the substitution of Ms. Cortazzo would avoid unnecessary litigation over the claim and avoid having to seek to amend the complaint.

### IV. Natura would not be prejudiced by this Court granting the Motion for Leave

Ultimately, this extensive motion practice in recent weeks has come as a result of Natura filing multiple objections in various forms to the Plaintiffs substituting into this case a person who has suffered an injury exactly as alleged in the Fourth Amended Complaint and who has already proffered her discovery responses to Natura. Natura's various "objections" have all

---

[4] Despite Mrs. Davis' declaration clearly stating that she fed her dog *samples* of Natura food that she obtained at a supply store, Natura has disingenuously represented to this Court that Mrs. Davis' declaration states that she only used "a single free sample of a Natura product[.]" [DE486 p.4]. The declaration actually does not state how many *samples* Mrs. Davis actually used. Nevertheless, this is just one more example of Natura's continued practice of "spinning" facts where the documents do not support the assertions and of also seeking to callously undermine consumers who were injured as a result of the use of Natura's products.

arisen out of Mrs. Davis' use and/or purchase of Natura's products. Yet, now that no misunderstandings exist and have not existed for a while, Natura is simply trying to avoid these documents coming into the record so that its "gotcha" scorched earth litigation tactics will not be seen for what they are – absolutely meritless. Simply put, the substitution of Ms. Cortazzo does not prejudice Natura in any way, and the addition of the supplemental authority for which the Plaintiffs seek leave to file will not prejudice Natura or alter this case in the slightest, but the documents will clarify the record and show that Natura has a tendency to jump the gun without ever first seeking to clarify issues with opposing counsel and trying to work things out before resorting to the Court with shrill, hysterical, and unsubstantiated allegations that directly attack the Plaintiffs' counsel with no support for same.

Natura believes that it will be prejudiced if the Motion for Leave is granted because its two Responses to the Motion to Add and/or Substitute Arna Cortazzo would then become stale due to the purported "material change to the motion that the Supplement seeks to effect." [DE 486 p. 7]. However, as discussed in Section III *supra*, this argument is baseless because Mrs. Davis has a claim against Natura regardless of whether the Motion for Leave is granted. The Plaintiffs seek to have Mrs. Davis substituted with Ms. Cortazzo in any event. Simply, all granting the Motion for Leave does is allow the Plaintiffs to clarify certain points as well as provide this Court with additional information:

- The effect of allowing the Plaintiffs to file the declaration of Catherine MacIvor [DE 471] would be to provide this Court with proof that Natura's allegation that the undersigned's law office solicited Ms. Cortazzo was absolutely false, as demonstrated by the telefax sent by Ms. Cortazzo to the undersigned's law firm predating the period in which the alleged solicitation occurred.

- The effect of allowing the Plaintiffs to file the declaration of Arna Cortazzo [DE 468] would be to provide this Court with proof that Ms. Cortazzo was not solicited by the undersigned's law firm and that her addition as a Plaintiff in this case would be appropriate.

- The effect of allowing the Plaintiffs to file the declaration of Patricia Davis [DE 472] would be to provide this Court with proof that she had a claim against Natura and to clarify the record.

- The effect of allowing the Plaintiffs to file the Notice of Supplemental Authority [DE 474] would be to provide this Court with case law explaining that there need not be a purchase of a product in order to bring a valid FDUTPA claim.

- The effect of allowing the Plaintiffs to file the Notice of Correction [DE 475] would be to clarify that Mrs. Davis had in fact obtained and used Natura's pet food.

Moreover, while the Plaintiffs maintain that no "material change" would exist if this Court were to grant the Motion to Leave, *even if* such a "material change" did occur, it would *not* affect Natura's two Responses, particularly its second Response. In Natura's second Response, Natura argues four reasons why the Motion to Add and/or Substitute Arna Cortazzo should be denied: (1) the Plaintiffs allegedly failed to meet the Rule 16(b) requirement of showing good cause to modify this Court's scheduling order, (2) there was allegedly no showing that Ms. Cortazzo is a proper plaintiff, (3) the addition of Ms. Cortazzo would allegedly prejudice Natura because discovery is already ongoing and because Ms. Cortazzo's claims would relate back to the original filing of the Complaint, and (4) the Plaintiffs allegedly failed to meet and confer in compliance with Local Rule 7.1. [DE 463]. Simply put, Natura's claim that it would be prejudiced by the granting of the Motion for Leave is disingenuous as such relief from this Court would have no affect whatsoever on the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative or on Natura's second Response. Hence, Natura would not be prejudiced, and the Plaintiffs respectfully request this Court to enter and Order granting the Plaintiffs; Motion for Leave.

**V.     Conclusion**

WHEREFORE, Plaintiffs, Renee Blaszkowski, *et al.,* respectfully request this Court to enter an Order granting the Plaintiffs' Motion for Leave to Supplement the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative [DE 484], and for all other relief that this Court deems just and proper.

Dated: September 26, 2008
Miami, FL

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com

JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on September 26, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

       /s Catherine J. MacIvor
       Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**MARIA KAYANAN**
E-Mail**:** mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail**: jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**TONY F. FARMANI**
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**AMY R. DAVIS**
adavis@wc.com
**JULI ANN LUND**
jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Nutro Products, Inc.
Mars, Incorporated and Mars Petcare U.S.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*


**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*


**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*