**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 07-21221-CIV-ALTONAGA/Brown**

**RENEE BLASZKOWSKI**, *et al*.,

      Plaintiffs,
vs.

**NATURA PET PRODUCTS, INC.**,

      Defendant.
_____/

**ORDER**

    **THIS CAUSE** came before the Court upon Plaintiffs, Renee Blaszkowski, *et al.*'s (collectively, "Plaintiffs[']") Motion to Add and/or Substitute Arna Cortazzo ("Cortazzo") as a Plaintiff/Class Representative ("Motion to Add Cortazzo") [D.E. 457], filed on August 22, 2008; and Plaintiffs' Motion for Leave to Supplement Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative ("Motion for Leave to Supplement") [D.E. 484], filed on September 12, 2008. The Court has carefully considered the parties' written submissions, the record, and applicable law.

**I. BACKGROUND**

    Plaintiffs filed this action seeking to represent a class on May 9, 2007. (*See Original Complaint* [D.E. 1]). Plaintiffs added Natura Pet Products, Inc. ("Natura") as a defendant on November 29, 2007, in their Second Amended Class Action Complaint [D.E. 260]. Plaintiffs later filed a Third Amended Complaint on January 25, 2008 [D.E. 333] and a Fourth Amended Complaint on April 11, 2008 [D.E. 349]. In the Second, Third and Fourth Amended Complaints, Plaintiffs

assert claims for violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes §§ 501.201-213, against Natura.

**A.  Motion to Add Cortazzo**

On July 6, 2007, the Court entered a Scheduling Order [D.E. 130] setting the deadline to join parties as November 16, 2007. This date was subsequently changed to January 16, 2008 [D.E. 257], at the request of Plaintiffs [D.E. 255]. Notwithstanding the extension, some seven months after the deadline, on August 22, 2008, Plaintiffs requested that the Court, once again, extend the deadline for adding parties in the Motion to Add Cortazzo [D.E. 457].

Natura filed an interim opposition to the Motion to Add Cortazzo [D.E. 458] on August 25, 2008. On August 26, 2008, the Court entered an Order [D.E. 459] directing: (a) Defendants to file their opposition to the Motion to Add Cortazzo by August 29, 2008; and (b) Plaintiffs to file their reply memorandum by September 3, 2008. Natura and the other Defendants filed their responses on August 29, 2008 [D.E. 462 and 463] (collectively, the "First Motion Responses"). Plaintiffs filed their reply memoranda on September 3, 2008 [D.E. 465 and 470] (collectively, the "First Motion Replies").

In the Motion to Add Cortazzo, Plaintiffs seek leave to amend the operative complaint to add Arna Cortazzo as a party because the two Florida plaintiffs in this case, Patricia Davis ("Davis") and Raul Isern ("Isern"), did not use pet food products manufactured by Natura,[1] and thus, the addition of Cortazzo is necessary for the Court to retain jurisdiction. (*See Motion to Add Cortazzo* [D.E. 457]

---

[1] In the Motion for Leave to Supplement, Plaintiffs acknowledge that Davis did use pet food products manufactured by Natura.

at 2). Natura objects, arguing that if Cortazzo is added as a party, Natura will be prejudiced. Plaintiffs insist Natura will not be prejudiced because Cortazzo has already prepared all of her discovery materials and the parties are still conducting discovery.

**B.      Motion for Leave to Supplement**

Before the Court could rule on the Motion to Add Cortazzo, Plaintiffs filed a Motion for Leave to Supplement. The operative background of that motion is as follows. On September 3, 2008, Plaintiffs began filing a series of additional documents (collectively, the "Supplemental Documents"). The Supplemental Documents include: (a) Notice of Filing Declaration of Catherine MacIvor [D.E. 466] on September 3, 2008; (b) Notice of Filing Declaration of Arna Cortazzo [D.E. 467] on September 3, 2008; (c) Notice of Filing Amended Declaration of Arna Cortazzo [D.E. 468] on September 3, 2008; (d) Notice of Filing Supplemental Declaration of Catherine J. MacIvor [D.E. 471] on September 5, 2008; (e) Notice of Filing Declaration of Davis [D.E. 472] on September 8, 2008; (f) Notice of Filing Supplemental Authority [D.E. 473] on September 8, 2008; (g) Notice of Filing Amended Notice of Supplemental Authority [D.E. 474] on September 8, 2008; and (h) Notice of Correction [D.E. 475] on September 8, 2008. On September 9, 2008, Plaintiffs filed a Notice of Withdrawal Without Prejudice [D.E. 476], withdrawing items (e) through (h) above.

Thereafter, on September 12, 2008, Plaintiffs filed a Motion for Leave to Supplement [D.E. 484], seeking to re-submit the following documents: (a) Notice of Filing Amended Declaration of Arna Cortazzo [D.E. 468]; (b) Notice of Filing Supplemental Declaration of Catherine J. MacIvor [D.E. 471]; (c) Notice of Filing Declaration of Davis [D.E. 472]; (d) Notice of Filing Amended Notice of Supplemental Authority [D.E. 474]; and (e) Notice of Correction [D.E. 475]. Natura filed

its opposition to the Motion for Leave to Supplement on September 16, 2008 [D.E. 486], and Plaintiffs filed their reply memorandum on September 26, 2008 [D.E. 497].

In the Motion for Leave to Supplement, Plaintiffs explain that Natura and the other Defendants filed their First Motion Responses within one-half hour prior to the time that the CM/ECF system went down for maintenance until Sunday, August 31, 2008. Given the system shut down, Plaintiffs were not able to retrieve the First Motion Responses until after that time. Plaintiffs assert they were unable to complete all the factual research necessary before their First Motion Replies were due and consequently seek to supplement their First Motion Replies with the Supplemental Documents.

In response, Natura contends that the factual information and case law presented in the Supplemental Documents were available to Plaintiffs at the time of their original filing on August 22, 2008, and thus, Plaintiffs' request is without good cause and should be denied. Alternatively, Natura argues that the Supplemental Documents, if allowed, will undermine the basis for the Motion to Add Cortazzo. Again, in that Motion, Plaintiffs assert that the two Florida residents in the action, Isern and Davis, have no claims against Natura, thus requiring the joinder of Cortazzo. The Supplemental Documents, however, contain a sworn declaration by Davis wherein she states that she does, in fact, have a claim against Natura. Natura argues that these two contradictory positions cannot be maintained in a single motion.[2]

---

[2] Natura also maintains Plaintiffs' counsel violated Federal Rule of Civil Procedure 11. Under Rule 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Consequently, the Court does not consider this argument.

## II. ANALYSIS

A.  **Excusable Neglect Pursuant to Federal Rule of Civil Procedure 6(b)**

The Court considers Plaintiffs' Motion for Leave to Supplement first. The Motion for Leave to Supplement is subject to the requirements of Local Rule 7.1(C)(3). Pursuant to that rule,

> To the extent a party wants the Court to consider affidavits, declarations, or other materials in support of or in opposition to the motion, then: (a) the movant must serve with the motion all such materials; and (b) the opposing party must serve with the opposing memorandum all such materials in opposition to the motion. The movant may serve a reply memorandum with affidavits, declarations, or other materials provided that all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum.

S.D. Fla. R. 7.1(C)(3). Otherwise, "leave of court [i]s required to file additional documents other than a response and a reply." *Vega v. Cruise Ships Catering and Serv. Int'l, N.V.*, No. 03-20592-CIV, 2007 WL 601653, at *2 (S.D. Fla. Feb. 16, 2007).

Plaintiffs' Supplemental Documents were not filed contemporaneously with Plaintiffs' First Motion Replies. Instead, they were filed after the fact, without leave of court, and thus are barred by Rule 7.1(C)(3). However,

> [w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> \*          \*          \*
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

The determination of what constitutes "excusable neglect" is an equitable one. *See Pioneer Invs. Servs., Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 394-95 (1993). The Court must

5

take into "'account all relevant circumstances surrounding the party's omission.'" *See Schmidt v. Merrill Lynch Trust Co.*, No. 5:07-CV-382-OC-10GRJ, 2008 WL 2694891, at *4 (M.D. Fla. June 30, 2008) (quoting *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993)). These include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Pioneer*, 507 U.S. at 395; *see also Tidwell-Williams v. Nw. Ga. Health Sys., Inc.*, No. 1:97-CV-1726A-JEC, 1998 WL 1674745, at *8 (N.D. Ga. Nov. 19, 1998) ("The Eleventh Circuit has advised that primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration.") (citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996)). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer*, 507 U.S. at 392. Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388.

Here, all of the *Pioneer* factors favor allowing the Supplemental Documents. According to Plaintiffs, the Supplemental Documents were untimely and improperly filed as a result of overwork, circumstances beyond their control, and carelessness – but not bad faith. In addition, Natura fails

6

to show how it will be prejudiced by the consideration of these documents.[3] Finally, because the Supplemental Documents were filed within five days of their due date, there is no perceptible impact on the judicial proceedings. Having taken these circumstances into consideration, the Court concludes that Plaintiffs have made a sufficient showing of excusable neglect to justify granting relief under Rule 6(b)(1)(B).

## B. Good Cause Pursuant to Federal Rule of Civil Procedure 16(b)

Having allowed the Supplemental Documents, the Court now turns to Plaintiffs' Motion to Add Cortazzo. Pursuant to Federal Rule of Civil Procedure 15(a), the Court shall freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has directed that leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). Adding a party to an action is governed by Rule 21,[4] which similarly allows parties to

---

[3] Natura's argument that it will be precluded from filing a brief in opposition to the Supplemental Documents fails to persuade for two reasons. First, the Court permitted Natura's Evidentiary Objections to three of the Supplemental Documents [D.E. 477, 478, and 479], wherein Natura substantively addressed the various issues and facts raised in some of the Supplemental Documents [D.E. 496]. Natura has, in fact, filed a brief in opposition to some of the issues addressed in the Supplemental Documents. Second, Natura cannot claim to be precluded from filing a brief it never had the right to actually file. Had Plaintiffs attached the Supplemental Documents to their First Motion Replies pursuant to Rule 7.1(C)(3), Natura would have been unable to address the Supplemental Documents unless the Court had granted it permission to file a sur-reply. *See Irwin v. Miami-Dade County Public Schools*, No. 06-23029-CIV, 2008 WL 2977360, at *4 (S.D. Fla. July 31, 2008) ("Local Rule 7.1(C) makes clear that a reply memorandum may be served, but that no additional memoranda may be filed without leave of the Court.").

[4] "[T]here is a long-standing disagreement among courts . . . over whether Rule 21 permits substitution. Reasoning that Rule 21 never mentions the word and Rule 25 does, some courts have held that Rule 21 does not authorize substitution." *Brown v. Anselme* (*In re Polo Builders, Inc.*), 374 B.R. 638, 643 (Bankr. N.D. Ill. 2007). The no substitution view, however, "has been criticized as an unduly narrow

be dropped or added "at any time, on just terms."[5] Fed. R. Civ. P. 21.

"However, Rule 16, which governs pretrial scheduling and management, provides a different standard relevant to our analysis." *Baldwin Graphic Syst., Inc. v. Siebert, Inc.*, No. 03-C-7713, 2005 WL 1838451, at *10 (N.D. Ill. July 28, 2005); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("Sosa's brief on appeal does not address good cause under Rule 16(b), but focuses instead upon the liberal amendment standard set out in Federal Rule of Civil Procedure 15(a). . . . [B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)). "The Eleventh Circuit has held that motions for leave to amend filed after the deadline set forth in the district court's scheduling order are held to Rule 16(b)'s 'good cause standard' and should be denied unless the schedule mandated in the scheduling order cannot 'be met despite the diligence of the party seeking the extension.'" *Perez v. Pavex Corp.*, No. 8-01-CV-0069-T27-MSS, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002) (quoting *Sosa*, 133 F.3d at 1419). Thus, where an order has issued limiting the time to join additional parties and amend the pleadings, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005);

---

restriction of Rule 21," *Nat'l Maritime Union of Am. v. Curran*, 87 F. Supp. 423, 426 (D. N.Y. 1949), and many courts have taken the opposite view. *See, e.g.*, *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952); *Bavido v. Apfel*, 215 F.3d 743, 747 n.3 (7th Cir. 2000); *Walker v. Providence Journal Co.*, 493 F.2d 82, 86 n.9 (1st Cir. 1974).

[5] The parties suggest Cortazzo could be added and/or substituted through a variety of rules, including Federal Rules of Civil Procedure 15(a), 20, and 21.

8

*Murphy v. S. Energy Homes, Inc.*, No. 2:06-CV-618-MEF, 2007 WL 2080428, at *1 (M.D. Ala. July 18, 2007).

Plaintiffs have not shown good cause to justify adding Cortazzo as a party seven months after the Court's deadline. In the Motion to Add Cortazzo, Plaintiffs argue:

> The two Florida Plaintiffs in this case, Patricia Davis and Raul Isern, however, did not use pet food products manufactured by Natura. Conversely, Arna Cortazzo, a Florida resident, did purchase and use Natura's pet food products and experienced damages as a result of the same. Accordingly, the Plaintiffs in this matter seek to add and/or substitute Ms. Cortazzo for Ms. Davis or Mr. Isern so that jurisdiction may be retained by this Court once the claims of Ms. Davis and/or M[r.] Isern are dismissed.

(*Motion to Add Cortazzo* [D.E. 457] at 2).

Plaintiffs' argument, however, is rendered moot by information presented in the Supplemental Documents. Davis asserts in her Declaration that she did use Natura pet food products:

> In my responses I did not list that I fed Natura Innova Senior to my dog Arnold because I fed him samples that I obtained at Ocala Feed & Supply store in the Fall of 2006. . . . I believe that I was injured by Natura because I fed these samples to my dog believing that they contained human-grade contents, but I have since learned that the food does not contain human-grade contents at all.

(*Declaration of Davis* [D.E. 472-2] at ¶¶ 4-6). Indeed, in the Notice of Correction, Plaintiffs state:

> The Motion states, in relevant part that "Patricia Davis . . . did not use pet food products manufactured by Natura." However, this sentence should read "Patricia Davis . . . did not purchase pet food products manufactured by Natura." Patricia Davis did, in fact, obtain and use pet food products in Florida that were manufactured by Natura.

(*Notice of Correction* [D.E. 475] at 1) (internal citations omitted). And in the Amended Notice of Supplemental Authority, Plaintiffs cite a number of cases "explaining that a FDUTPA cause of action for FDUTPA exists even if there is no purchase," further demonstrating that Davis is a proper

9

Plaintiff in this case and Cortazzo unnecessary. (*Amended Notice of Supplemental Authority* [D.E. 474] at 1).

Given that Davis used Natura pet food products, Plaintiffs' argument that Cortazzo should replace Davis and/or Isern so that "jurisdiction may be retained by this Court" fails to persuade. (*Motion to Add Cortazzo* [D.E. 457] at 2). While it is true that "the addition of Ms. Cortazzo would not preclude Mrs. Davis' claim," Plaintiffs fail to explain, in their multitude of documents and declarations, why Cortazzo is necessary to this action given Davis' claims.[6] (*Reply in Support of Motion for Leave to Supplement* [D.E. 497] at 7). Plaintiffs have hardly shown "good cause" to justify modifying the Court's Scheduling Order by adding Cortazzo as a party at this late stage.

### III. CONCLUSION

In accordance with the foregoing analysis, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Leave to Supplement **[D.E. 484]** is **GRANTED**.

2. Plaintiffs' Motion to Add Cortazzo **[D.E. 457]** is **DENIED**.

---

[6] In a footnote in Plaintiffs' Notice of Pending and Dismissed Claims, Plaintiffs explain that Davis' claims against all retailers have been dismissed, and once the Court rules on the Motion to Add Cortazzo, Davis' claims against the remaining manufacturers will be resolved accordingly. (*See Plaintiffs' Notice of Pending and Dismissed Claims* [D.E. 494] at 1 n.1). Plaintiffs fail to explain why Davis will dismiss her claims against Natura, considering that, pursuant to the Supplemental Documents, she did use Natura pet food products.

In addition, in their Reply in Support of Motion for Leave to Supplement, Plaintiffs contend that if Cortazzo is not added as a party to this suit, then "Plaintiffs would simply be forced to reinitiate this lawsuit all over again by filing a new lawsuit." ([D.E. 497] at 7). Plaintiffs have already filed this new lawsuit. (*See Plaintiffs' Notice of Pending, Refiled, Related or Similar Actions* [D.E. 469] at 1). In any event, Plaintiffs fail to explain why a new lawsuit is necessary given Davis' assertion that she was damaged by her use of Natura pet food products.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of October, 2008.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: all counsel of record