UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____

**NATURA PET PRODUCTS, INC.'S MOTION FOR SUMMARY JUDGMENT
AGAINST PLAINTIFFS LINDA BROWN, TONE GAGLIONE, JANE HERRING,
DEBORAH HOCK, RAUL ISERN, CLAIRE KOTZAMPALTIRIS, MICHELE
LUCARELLI, MARIAN LUPO, SHARON MATHIESEN, DEBORAH MCGREGOR,
JULIE NELSON, ANN QUINN, MARLENA RUCKER, SANDY SHORE, STEPHANIE
STONE, BETH WILSON, PATRICIA HANRAHAN, DONNA HOPKINS-JONES,
DANIELLE VALORAS, CAROLYN WHITE, AND LOU WIGGINS PURSUANT
TO RULE 56 AND SUPPORTING MEMORANDUM OF LAW**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................... 4

II. FACTUAL AND PROCEDURAL BACKGROUND......................................................... 5

III. LEGAL ARGUMENT........................................................................................................ 6

    A. Standard On Summary Judgment. .............................................................................. 6

    B. The Non-Natura Plaintiffs Pled Claims For Relief Against Natura And
        Continue To Be Parties To This Action.................................................................... 7

        1) Claims Asserted By Non-Natura Plaintiffs In The Second Amended Complaint. . 7

        2) Claims Asserted By Non-Natura Plaintiffs In The Third Amended Complaint..... 7

        3) Claims Asserted By Non-Natura Plaintiffs In The Fourth Amended
           Complaint (Current Operative Complaint). ........................................................... 8

    C. The Non-Natura Plaintiffs Continue To Be Parties To This Action........................ 13

    D. The Non-Natura Plaintiffs Cannot Prevail Against Natura On Any Of
        the Claims Pled In The Current Operative Complaint............................................ 14

IV. CONCLUSION................................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................................................. 8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*.,
    475 U.S. 574 (1986)............................................................................................................. 8

**Statutes**

Fed. R. Civ. P. 41 .................................................................................................................... 15

Fed. R. Civ. P. 56(c) ................................................................................................................. 8

Fed. R. Civ. P. 56(e) ................................................................................................................. 8

Defendant Natura Pet Products, Inc. ("Natura") hereby moves for the Court to grant summary judgment in favor of Natura and against plaintiffs Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Danielle Valoras, Carolyn White, and Lou Wiggins (collectively "Non-Natura Plaintiffs") pursuant to Federal Rules of Civil Procedure Rule ("Rule") 56 and Local Rule 7.5 on the following grounds:

1.      For all claims pled by plaintiff Linda Brown against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Linda Brown cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Linda Brown.

2.      For all claims pled by plaintiff Tone Gaglione against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Tone Gaglione cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Tone Gaglione.

3.      For all claims pled by plaintiff Jane Herring against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Jane Herring cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Jane Herring.

4.      For all claims pled by plaintiff Deborah Hock against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Deborah Hock cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Deborah Hock.

5.      For all claims pled by plaintiff Raul Isern against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Raul Isern cannot prevail on any claims he pled against Natura.  Therefore, Natura is entitled to summary judgment against Raul Isern.

6.      For all claims pled by plaintiff Claire Kotzampaltiris against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Claire Kotzampaltiris cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Claire Kotzampaltiris.

7.      For all claims pled by plaintiff Michele Lucarelli against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Michele Lucarelli cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Michele Lucarelli.

8.      For all claims pled by plaintiff Marian Lupo against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Marian Lupo cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Marian Lupo.

9.      For all claims pled by plaintiff Sharon Mathiesen against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Sharon Mathiesen cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Sharon Mathiesen.

10.      For all claims pled by plaintiff Deborah McGregor against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Deborah McGregor cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Deborah McGregor.

11.      For all claims pled by plaintiff Julie Nelson against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Julie Nelson cannot prevail on any claims she pled against Natura.  Therefore, Natura is entitled to summary judgment against Julie Nelson.

12.      For all claims pled by plaintiff Ann Quinn against defendant Natura, there are no material facts to be tried.  Undisputed evidence demonstrates that Ann Quinn cannot prevail on

any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Ann Quinn.

13.     For all claims pled by plaintiff Marlena Rucker against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Marlena Rucker cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Marlena Rucker.

14.     For all claims pled by plaintiff Sandy Shore against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Sandy Shore cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Sandy Shore.

15.     For all claims pled by plaintiff Stephanie Stone against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Stephanie Stone cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Stephanie Stone.

16.     For all claims pled by plaintiff Beth Wilson against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Beth Wilson cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Beth Wilson.

17.     For all claims pled by plaintiff Patricia Hanrahan against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Patricia Hanrahan cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Patricia Hanrahan.

18.     For all claims pled by plaintiff Donna Hopkins-Jones against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Donna Hopkins-Jones cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Donna Hopkins-Jones.

19. For all claims pled by plaintiff Danielle Valoras against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Danielle Valoras cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Danielle Valoras.

20. For all claims pled by plaintiff Carolyn White against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Carolyn White cannot prevail on any claims she pled against Natura. Therefore, Natura is entitled to summary judgment against Carolyn White.

21. For all claims pled by plaintiff Lou Wiggins against defendant Natura, there are no material facts to be tried. Undisputed evidence demonstrates that Lou Wiggins cannot prevail on any claims he pled against Natura. Therefore, Natura is entitled to summary judgment against Lou Wiggins.

22. In support of this motion for summary judgment, Natura submits the attached Memorandum of Law, a statement of material facts as to which there is no genuine issue of fact to be tried, the declaration of Kristen E. Caverly dated October 9, 2008, including the discovery responses attached thereto, and the accompanying Request for Judicial Notice. This motion for summary judgment is further supported by the filings of record in this case, and reply papers submitted by Natura, and any oral argument or other evidence which may be permitted.

WHEREFORE, Natura respectfully moves this Court for entry of an order granting summary judgment in its favor.

## MEMORANDUM OF LAW

### I.  INTRODUCTION

On September 23, 2008, the plaintiffs filed Plaintiffs' Notice Of Pending And Dismissed Claims ("Plaintiffs' Notice") [D.E. 494] in which they contend that the Non-Natura Plaintiffs never pled claims against Natura and, thus, neither judgments nor dismissals are necessary. To the contrary, the Non-Natura Plaintiffs by their pleadings, motions, discovery and actions have at

all relevant times maintained allegations against Natura. The Plaintiffs' Notice is nothing more than a calculated effort to avoid liability to Natura as a prevailing party. The Court should reject this improper tactic by acknowledging that the current operative complaint is replete with allegations and claims brought by the Non-Natura Plaintiffs against Natura. Furthermore, because Plaintiffs' Notice and sworn discovery responses admit that the Non-Natura Plaintiffs have no claims against Natura, Natura is entitled to summary judgment on all claims pled by Non-Natura Plaintiffs against Natura in this action pursuant to Rule 56.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2007, the original named plaintiffs filed this action seeking to represent a putative class of consumers who purchased pet food. [D.E. 1 ("Original Complaint").] Natura was not added as a defendant until the filing of the Second Amended Complaint [D.E. 260-1] on November 29, 2007. At the time of the Second Amended Complaint, all of Non-Natura Plaintiffs were plaintiffs except for Linda Brown, Tone Gaglione and Deborah McGregor. [D.E. 260-61.] The Third Amended Complaint was filed in January 2008, in which the remainder of the Non-Natura Plaintiffs -- Linda Brown, Tone Gaglione and Deborah McGregor -- joined as plaintiffs. [D.E. 333.]

The Fourth Amended Complaint is the current operative complaint. It was filed on April 11, 2008, and asserts claims against Natura by each named Plaintiff for (i) fraudulent misrepresentation and concealment, (ii) negligent misrepresentation, (iii) violation of FDUTPA, (iv) negligence, (v) strict liability, (vi) injunctive relief and (vii) unjust enrichment. [D.E. 349.]

On September 12, 2008, the Non-Natura Plaintiffs dismissed with prejudice every other defendant in this action, but excluded Natura from those dismissals. [D.E. 482 & 483.] Natura requested more than once that the plaintiffs who never used or purchased Natura products also dismiss Natura. On September 23, 2008, plaintiffs' counsel responded by filing the Plaintiffs' Notice which contends that the Non-Natura Plaintiffs are no longer parties to this action. [D.E. 494.] In response Natura brings the instant motion on the grounds that the Non-Natura Plaintiffs,

in fact, did plead claims against Natura and continue to be plaintiffs in this action until dismissals or judgments are entered as to those claims. With this motion, Natura seeks judgment in its favor on all claims asserted by the Non-Natura Plaintiffs against Natura.

## III. LEGAL ARGUMENT

Plaintiffs' counsel now admits that Non-Natura Plaintiffs cannot prevail on any of the six counts identified in the current operative complaint against Natura. [*See* Statement of Material Fact ("M.F.") #1 in the attached Separate Statement of Facts.] However, in an attempt to deprive Natura of prevailing party status, the Non-Natura Plaintiffs assert that they never pled any claims against Natura in this action. The Fourth Amended Complaint shows otherwise, and Natura has a right to final adjudication of those claims in its favor. Natura's motion for summary judgment against the Non-Natura Plaintiffs should be granted.

### A. Standard On Summary Judgment.

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 587.

## B. The Non-Natura Plaintiffs Pled Claims For Relief Against Natura And Continue To Be Parties To This Action

Since the filing of the Third and Fourth Amended Complaints, Non-Natura Plaintiffs and Natura have been parties to this action, and the Non-Natura Plaintiffs have asserted claims for relief against Natura. The pleadings submitted by Plaintiffs are best described as: "All defendants harmed all plaintiffs." Despite requests for specificity in repeated motions to dismiss, the plaintiffs successfully argued that the pleadings were specific enough and that Defendants should determine the basis for each claim in discovery. Natura followed that direction and through discovery found that there is no evidence to support any claim against it by the Non-Natura Plaintiffs. Having pled claims and not requested dismissals, Natura is entitled to summary judgment.

### 1) Claims Asserted By Non-Natura Plaintiffs In The Second Amended Complaint.

Natura was added as a defendant to this action with the filing of the Second Amended Complaint. [M.F. #2.] In the Second Amended Complaint, Non-Natura Plaintiffs (except for except for Linda Brown, Tone Gaglione and Deborah McGregor who had not yet joined the action) asserted claims against Natura. [M.F. #3.] They along with all other plaintiffs asserted the following claims against Natura:

- Fraudulent Misrepresentation and Concealment [D.E. 260-1, ¶¶ 125-34];
- Negligent Misrepresentation [*Id.* at ¶¶ 135-44];
- Violation of the Florida Deceptive and Unfair Trade Practices Act [*Id.* at ¶¶ 145-55];
- Negligence [*Id.* at ¶¶ 156-62];
- Strict Liability [*Id.* at ¶¶ 163-66];
- Injunctive Relief [*Id.* at ¶¶ 167-73];
- Breach of Express Warranty [*Id.* at ¶¶ 184-91]; and
- Unjust Enrichment [*Id.* at ¶¶ 192-200].

### 2) Claims Asserted By Non-Natura Plaintiffs In The Third Amended Complaint.

With the filing of the Third Amended Complaint on January 25, 2008, Linda Brown, Tone Gaglione and Deborah McGregor joined as plaintiffs to the action. [M.F. #4.] In the Third

Amended Complaint, Non-Natura Plaintiffs asserted claims against Natura. [M.F #5.] Non-Natura Plaintiffs along with all other plaintiffs asserted the following claims against Natura:

- Fraudulent Misrepresentation and Concealment [D.E. 333, ¶¶ 129-37];
- Negligent Misrepresentation [*Id.* at ¶¶ 138-46];
- Violation of the Florida Deceptive and Unfair Trade Practices Act [*Id.* at ¶¶ 147-57];
- Negligence [*Id.* at ¶¶ 158-64];
- Strict Liability [*Id.* ¶¶ 165-68];
- Injunctive Relief [*Id.* at ¶¶ 169-75];
- Breach of Express Warranty [*Id.* at ¶¶ 185-91]; and
- Unjust Enrichment [*Id.* ¶¶ 192-200.]

### 3) Claims Asserted By Non-Natura Plaintiffs In The Fourth Amended Complaint (Current Operative Complaint).

The current operative complaint is the Fourth Amended Complaint filed on April 11, 2008. [M.F. #6.] In the Fourth Amended Complaint, Non-Natura Plaintiffs continue to assert claims against Natura. [M.F. #7.] Like the two preceding complaints, the Fourth Amended Complaint repeatedly alleges that all defendants harmed all plaintiffs. Because Natura is a defendant in this action, every time the Fourth Amended Complaint states an allegation by all plaintiffs against all defendants, Natura is on notice to defend itself against "all plaintiffs," necessarily including the Non-Natura Plaintiffs. For example, Paragraph 2 of the Fourth Amended Complaint states:

> The ***Plaintiffs*** bring this action for injunctive relief, restitution and damages for (1) false and deceptive advertising, misrepresentations and omissions made by the ***Defendants*** in the marketing, advertising and sale of the ***Defendants***' commercial pet food and treats; and (2) for the illness and/or deaths of the ***Plaintiffs***' cats and dogs from ingesting the Defendants' commercial pet food and treats.

[D.E. 349, ¶ 2 (emphasis added).]

The Non-Natura Plaintiffs even explicitly identify Natura as allegedly causing them harm:

> ***Natura*** manufactures, markets and advertises pet food and/or treats which have injured the ***Plaintiffs*** and the Class as described more fully below. ***Natura*** regularly conducts business in Florida and places pet food products in the stream of commerce that reach Florida consumers. Natura has made a considerable effort

to promote a sense of trust and confidence in its brands with the intent that the **_Plaintiffs_** and the Plaintiff Class will rely upon and trust in the Natura brand pet food and treats ("No pet food company in the world makes natural pet foods like Natura. We use only ingredients you'd eat yourself… .").

[D.E. 349, ¶ 40 (emphasis added).]

As further examples, the Non-Natura Plaintiffs made the following allegations:

The **_Defendants'_** misleading, unfair and deceptive marketing and/or failure to disclose on an ongoing and continuous basis throughout the Class Period has resulted in damage to the **_Plaintiffs_** because they would not have otherwise purchased these products had they known the truth about them and/or their cats and/or dogs became ill and/or died from ingesting the pet food.

[D.E. 349, ¶ 66 (emphasis added).]

The **_Defendants_** have deceptively, unfairly, willfully, intentionally and/or negligently misrepresented, deceived and/or omitted to disclose the quality and contents of their pet food products to the Plaintiffs and the consumer class to increase their profit margins at the expense of the **_Plaintiff's_** beloved cats and dogs about whom the **_Defendant's_** [sic] profess to care.

[D.E. 349, ¶ 109 (emphasis added).]

The **_Defendant Pet Food Manufacturers_**, Pet Food Retailers and trade associations, such as the Pet Food Institute, have acted in concert and are bound by a common course of conduct to injure the **_Plaintiffs_** by, among many other things, providing information that is deceptive to the Plaintiffs and consumers in violation of state consumer law statutes and false advertising statutes and lobbying state and federal governments, all of which has resulted in injury to the **_Plaintiffs_** and the consumer class.

[D.E. 349, ¶ 109 (emphasis added).]

Beginning with paragraph 33 of the Fourth Amended Complaint, Non-Natura Plaintiffs identify certain defendants (including Natura) as "Defendant Manufacturers." [*See* D.E. 349, ¶¶ 32-33, 39.] As in the quoted paragraph immediately above, the Non-Natura Plaintiffs give notice that they intend Natura's liability to include conspiracy with other Defendant Manufacturers, thus making Natura potentially liable for the wrongful acts of all other defendants as well.

Then, all but two of the enumerated causes of action pled in the Fourth Amended Complaint are expressly pled by Non-Natura Plaintiffs (along with the other plaintiffs) against Natura. [M.F. #7.] The claims in the current operative complaint state in relevant part:

COUNT I
Fraudulent Misrepresentation and Concealment
As to *All Defendants*…

…The *Defendants* made false representations, intentionally omitted and/or concealed material facts from, the *Plaintiffs*/Class Representatives and the Class in the advertising, marketing, distribution, and sale of the *Defendants'* pet foods on a regular and systematic basis throughout the Plaintiff Class period…

…As a direct and proximate result of the *Defendants'* misrepresentations and/or omissions and concealment of material facts, the *Plaintiffs/Class Representatives* and the Plaintiff Class have suffered damages.

…Wherefore, the *Plaintiffs/Class Representatives*, on behalf of themselves and all others similarly situated, *prays for relief and judgment against the Defendants* as follows: (a) Awarding all damages allowed by law…

[D.E. 349, ¶¶ 126-34 (emphasis added).]

COUNT II
Negligent Misrepresentation
As to *All Defendants*

The *Defendants* omitted and concealed material facts to *Plaintiffs/Class Representatives* and the Plaintiff Class in the advertising, marketing, distribution, and sale of the Defendant Manufacturers' Retailers and Petsmart's pet foods on a continuing and ongoing basis as alleged herein…

…The *Plaintiffs/Class Representatives* relied on the misrepresentations and/or omissions and/or had the *Plaintiffs/Class Representatives* and the Plaintiff Class known the true facts concerning the *Defendants'* commercial pet foods, they would not have purchased the pet foods and/or fed the pet foods to their companion pets; the Plaintiffs were injured as a result of their reliance on the *Defendants'* misrepresentations and omissions.

As a proximate cause of the *Defendants'* negligent misrepresentations and/or omissions, the *Plaintiffs/Class Representatives* and the Plaintiff Class bought the Defendants' products and suffered injury and damages as a result thereof…

…Wherefore, ***Plaintiffs/Class Representatives***, on behalf of themselves and all others similarly situated, ***prays relief and judgment against Defendants*** as follows: (a) Awarding damages allowed by law…

[D.E. 349, ¶¶ 135-43 (emphasis added).]

COUNT III
Violation of the Florida Deceptive and Unfair Trade
Practices Act (FDUTPA), Fla. Stat. § 501.201
As to ***All Defendants***…

…The ***Defendants'*** conduct in making deceptive statements to, and omissions and/or concealing material facts from, the ***Plaintiffs/Class Representatives*** and the Class in the advertising, marketing, distribution, and sale of the ***Defendants'*** pet foods on a continuing and ongoing basis as alleged herein is an unfair and/or a deceptive act in violation of § 501.201…

…As a proximate result of the ***Defendants'*** deceptive trade practices, the ***Plaintiffs/Class Representatives*** and the Plaintiff Class have been aggrieved and suffered damages…

…Wherefore, the ***Plaintiffs/Class Representatives***, on behalf of themselves and all others similarly situated, ***pray for relief and judgment against Defendants*** as follows: (a) Awarding all damages allowed by law…

[D.E. 349, ¶¶ 144-54 (emphasis added).]

COUNT IV
Negligence
As to ***Defendant Manufacturers*** and Co-Packers and PetSmart…

…The ***Defendants*** breached their duty of care to the ***Plaintiffs/Class Representatives*** and the Plaintiff Class by failing to use sufficient quality control, perform adequate testing, proper manufacturing practices, production, processing, adequate oversight and failing to take sufficient measures to prevent the pet foods from being offered for sale in a manner in which would cause injury to the ***Plaintiffs'*** companion pets as alleged herein…

…As a direct and proximate result of the ***Defendants'*** above referenced negligence, the ***Plaintiffs/Class Representatives*** and other Class members have suffered property damage…

…Wherefore, the ***Plaintiffs/Class Representatives*** and other Class members, on behalf of themselves and all others similarly situated, ***prays relief and judgment against the Defendants*** as follows: (a) Awarding all damages allowed by law…

[D.E. 349, ¶¶ 155-61 (emphasis added).]

COUNT V
Strict Liability
As To ***All Defendants***…

…The ***Plaintiffs/Class Representatives*** purchased pet food products which they fed to the companion pets from the ***Defendants*** as manufacturer, retailer, wholesaler and/or distributors…

…As a direct and proximate cause of the unreasonably dangerous condition of the pet food that the ***Plaintiffs/Class Representatives*** and the Plaintiff Class purchased and fed to their companion pets, the ***Plaintiffs/Class Representatives*** and the Plaintiff Class suffered property damage and economic losses…

…Wherefore, the ***Plaintiffs/Class Representatives***, on behalf of themselves and all others similarly situated, ***prays for relief and judgment against the Defendants*** as follows: (a) Awarding all damages allowed by law…

[D.E. 349, ¶¶ 162-65 (emphasis added).]

COUNT VIII
Unjust Enrichment
As to ***All Defendants***…

…The ***Plaintiffs/Class Representatives*** and the Plaintiff Class purchased the ***Defendants'*** pet foods for the reasons alleged herein. The ***Plaintiffs/Class Representatives*** payment of purchase price for the substandard products conferred a benefit to the ***Defendants***…

…Under the circumstances where the ***Plaintiffs/Class Representatives*** were left with a product they would not have purchased had they known of the quality and content and where the ***Plaintiffs*** were damaged as a result of the purchase, the ***Defendants*** have been unjustly enriched. Under the circumstances it would be inequitable for the Defendants to retain the benefits conferred upon them by the ***Plaintiffs /Class Representatives***…

…Wherefore, the ***Plaintiffs/Class Representatives***, on behalf of themselves and all others similarly situated, ***pray for relief and judgment against Defendants*** as follows: the disgorgement and restitution of the ***Defendants'*** wrongful profits, revenue, and benefits, to the extent, and in the amount, deemed appropriate by the Court; and such other relief as the Court deems just and proper to remedy the ***Defendants'*** unjust enrichment…

[D.E. 349, ¶¶ 180-88 (emphasis added).]

The above quoted excerpts of the Fourth Amended Complaint plainly demonstrate that the Non-Natura Plaintiffs pled claims against Natura. Those claim remain unresolved.

### C.     The Non-Natura Plaintiffs Continue To Be Parties To This Action.

Contrary to the claims of plaintiffs' counsel, Non-Natura Plaintiffs continue to be parties to this action. [M.F. #7.] While Non-Natura Plaintiffs admittedly cannot *prove* any claims against Natura, they did assert claims against Natura. Equally clear is the fact that, since pleading their claims, Non-Natura Plaintiffs have neither dismissed their claims against Natura nor have they had any judgment rendered upon them. [M.F. #8.]

Non-Natura Plaintiffs argue that the two orders of dismissal [D.E. 482 & 483] issued on September 12, 2008, removed the Non-Natura Plaintiffs as parties to this action. A review of the orders of dismissal reveals that the Non-Natura Plaintiffs claims are dismissed as to only:

> The Iams Company; Del Monte Foods, Co.; Hill's Pet Nutrition, Inc.; Nestle Purina Petcare Co.; Menu Foods, Inc. and Menu Foods Income Fund; Mars, Inc.; Mars Petcare US, Inc.; and Nutro Products, Inc.
>
> [and]
>
> PETCO Animal Supplies Stores, Inc.; PetSmart, Inc.; Wal-Mart Stores, Inc.; Target Corporation; Pet Supermarket, Inc.; Publix Super Markets, Inc.; New Albertson's, Inc.; Albertson's LLC; Pet Supplies Plus; Pet Supplies "Plus"/USA, Inc.; and the Kroger Co.

[D.E. 482 & 483.] Nowhere in the orders is there any mention of claims being dismissed against Natura. Furthermore, nowhere in the record is there any reference to the Non-Natura Plaintiffs having requested dismiss all of their claims against Natura.

In order to dismiss their claims against Natura, Non-Natura Plaintiffs must seek leave of Court and receive an order granting their request. Fed. R. Civ. P. 41. Rule 41 only permits voluntary dismissal without leave of Court prior to the defendant filing an answer or motion for summary judgment. *Id.* Here, Natura filed its answer on May 12, 2008. [D.E. 369.]

**D.     The Non-Natura Plaintiffs Cannot Prevail Against Natura On Any Of the Claims Pled In The Current Operative Complaint.**

Non-Natura Plaintiffs admit that they cannot prevail on any of the six counts identified in the Fourth Amended Complaint against Natura.  [M.F. #1.]   Plaintiffs' Notice states:

> …the following are Plaintiffs who do <u>not</u> have, and <u>*never*</u> did have … claims against Natura: Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Debbie McGregor [sic], Danielle Valoras, Carolyn White, and Lou Wiggins… .

[D.E. 494.]  This statement filed by plaintiffs' definitively establishes that Non-Natura Plaintiffs cannot prove the claims pled against Natura in the Fourth Amended Complaint.

The fact that none of the Non-Natura Plaintiffs can prevail on the claims pled against Natura is reinforced by Non-Natura Plaintiffs discovery responses.  In Question #4 of defendant Mars, Inc.'s first set of interrogatories to each of Non-Natura Plaintiffs, they were asked to identify all commercial foods provided to their pets.   The following Non-Natura Plaintiffs in their verified discovery responses admit that they never fed nor purchased Natura products for their pets[1]:

- Linda Brown [*See* Caverly Declaration, Exh. A.]
- Tone Gaglione  [*See* Caverly Declaration, Exh. B.]
- Patricia Hanrahan  [*See* Caverly Declaration, Exh. C.][2]
- Deborah Hock  [*See* Caverly Declaration, Exh. D.]
- Donna Hopkins-Jones  [*See* Caverly Declaration, Exh. E.]
- Raul Isern  [*See* Caverly Declaration, Exh. F.]
- Claire Kotzampaltiris  [*See* Caverly Declaration, Exh. G.]
- Michelle Lucarelli  [*See* Caverly Declaration, Exh. H.]
- Marian Lupo  [*See* Caverly Declaration, Exh. I.]
- Sharon Mathiesen  [*See* Caverly Declaration, Exh. J.]
- Julie Nelson  [*See* Caverly Declaration, Exh. K.]
- Ann Quinn  [*See* Caverly Declaration, Exh. L.]
- Marlena Rucker  [*See* Caverly Declaration, Exh. M.]
- Sandy Shore  [*See* Caverly Declaration, Exh. N.]

---

[1]  Plaintiffs Stephanie Stone, Deborah McGregor and Jane Herring failed to respond to the interrogatories propounded by defendant Mars Inc.

[2]  Plaintiff Patricia Hanrahan provided unverified responses only

- Danielle Valoras  [*See* Caverly Declaration, Exh. O.]
- Carolyn White  [*See* Caverly Declaration, Exh. P.]
- Lou Wiggins  [*See* Caverly Declaration, Exh. Q.]
- Beth Wilson  [*See* Caverly Declaration, Exh. R.]

Accordingly, the Non-Natura Plaintiffs cannot prevail against Natura on any of the claims pled in the current operative complaint.

## IV.    CONCLUSION

Natura has shown that the Non-Natura Plaintiffs have pled claims against Natura in the current operative complaint, the Non-Natura Plaintiffs are current parties to this action, and the Non-Natura Plaintiffs cannot prevail against Natura on any of the claims plead.  Based upon the foregoing, Natura respectfully requests the Court grant summary judgment in favor of Natura as to all claims brought by plaintiffs Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Danielle Valoras, Carolyn White, and Lou Wiggins, and grant Natura cost as prevailing party in an amount to be proved by motion.

McGUIREWOODS LLP


By:    s/Michael M. Giel
Jeffrey S. York
Florida Bar No. 0987069
Michael M. Giel
Florida Bar No. 0017676
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
(904) 798-2680
(904) 360-6330 (fax)
jyork@mcguirewoods.com
mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

_____s/Michael M. Giel_____
Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF**
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone:  (858) 552-6750
Facsimile:   (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*

*Stores, Inc., Target Corporation and Meijer,*
*Inc.*

Mark C. Goodman, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone: (415) 954-0200
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*
*Stores, Inc., Target Corporation and Meijer,*
*Inc.*

Rolando Andres Diaz, Esquire
Peter S. Baumberger, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
rd@kubickdraper.com
cyd@kubickidraper.com
psb@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
100 N. Tampa Street
Suite 2200
Tampa, Florida 33602-5809
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Alexander Shaknes, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Alex.Shaknes@dlapiper.com
amy.schulman@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

William C. Martin, Esquire
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Dane H. Butswinkas, Esquire
Philip A. Sechler, Esquire
Thomas G. Hentoff, Esquire
Patrick J. Houlihan, Esquire
Amy R. Davis, Esquire
Juli Ann Lund, Esquire
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, D.C. 200005
dbutswinkas@wc.com
psechler@wc.com
thentoff@wc.com

cdangelo@wc.com
phoulihan@wc.com
adavis@wc.com
jlund@wc.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard

Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com

*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

James K. Reuss, Esquire
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
JReuss@lanealton.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble*

*Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble
Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"
and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515

Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire
Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com
adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

C. Richard Fulmer, Jr., Esquire
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
rfulmer@Fulmer.LeRoy.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000

Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

\6636348.1