UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

       Plaintiffs/Class Representatives,

vs.

MARS INC., *et al*

       Defendants.

_____/

**PLAINTIFFS', RENEE BLASZKOWSKI AND JENNIFER DAMRON,
MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE
WITHOUT AN AWARD OF COSTS AND FEES[1]**

       Plaintiffs, Renee Blaszkowski and Jennifer Damron, pursuant to Federal Rule of Civil Procedure 41(a)(2), respectfully request this Court to enter an Order dismissing with prejudice their claims set forth in the Fourth Amended Complaint in the above-titled case as to Defendant Natura Pet Products, Inc. ("Natura"), with no assessment of costs, including attorneys' fees or other expenses in this litigation, as between these Plaintiffs and this Defendant, and as grounds therefor, state as follows:

**I.    Introduction**

       Plaintiff, Renee Blaszkowski, has been an active class representative in the above-titled litigation since the lawsuit was filed and Jennifer Damron has been active since she was added as a Plaintiff shortly after it was filed. Both Ms. Blaszkowski and Ms. Damron have timely and diligently responded to multiple discovery requests, and, on August 28, 2008, Ms. Blaszkowski was deposed by counsel from Natura. Despite the active participation of Ms. Blaszkowski and

---

[1] Prior to filing this Motion, counsel for Ms. Blaszkowski and Ms. Damron advised Natura that they needed to withdraw their claims and requested whether they would enter into a stipulation for dismissal with prejudice of their claims against Natura in exchange for waiving costs and fees. In response, Natura advised that it would seek fees and costs against the se Plaintiffs and, despite a request that Natura provide an estimate of the alleged fees and costs that it would seek against these Plaintiffs so that they could make an informed decision, Natura refused to provide same. This Motion was thus subsequently researched and filed out of necessity despite the fact that al other Defendants in this case have all entered into similar agreements.

Ms. Damron to date, unforeseen circumstances beyond the control of Ms. Blaszkowski and Ms. Damron have arisen that have resulted in their inability to continue their participation. For example, in late 2007, Ms. Blaszkowski was transferred by her company from Michigan to Connecticut, so that she is now responsible for running and incurring the costs of two households in two states since she cannot sell her Michigan residence in these difficult economic times. Moreover, the current United States economic crisis has impacted Ms. Blaszkowski's retail management job responsibilities, making it nearly impossible for her to continue to participate in this case since her job, which compensates her largely based on performance-related sales, requires her to focus her attention on the upcoming holiday retail season (which is expected to be one of the worst in decades). Given the dismal outlook for the upcoming holiday season, she has been forced to incur longer hours and devote much more time to promote retail sales in her district's stores, and towards planning and strategizing for the upcoming season that is so critical to her business. Finally, Ms. Blaszkowski's father recently passed away, which was devastating to her and her elderly mother. She has since been assisting her mother with matters relating to the estate as well as other issues since his death, which usurps whatever remaining free time she has. Accordingly, Ms. Blaszkowski's ability to adequately represent the class has been compromised by her necessary responsibilities to her family, including assisting her elderly mother with the handling of her father's estate, and her job so that she can continue to pay the bills for two households.

Likewise, Ms. Damron has also experienced significant unanticipated changes in circumstance during the course of this litigation. For example, although Ms. Damron has had some financial difficulty since her initial involvement with this case, recent events have exacerbated and made her financial situation dire. Just less than two weeks ago, Ms. Damron was notified that she may lose her job due to the sale of the company for which she works. As a result, even in a *best case scenario*, Ms. Damron would be working two part-time jobs and be forced to pay twice as much for the same benefits that she is currently receiving. Ms. Damron has also had to focus more of her time taking care of her sick, diabetic cat and which she cannot leave with anyone since her cat requires daily care.

As such, Ms. Blaszkowski and Ms. Damron can no longer diligently serve as Plaintiffs in this case and respectfully request this Court to grant their Motion for Voluntary Dismissal with Prejudice and Without an Awarding of Costs and Fees.

## II. Courts are discouraged from denying a plaintiff's motion for voluntary dismissal with prejudice

Courts generally grant Motions for Voluntary Dismissal with Prejudice based upon well-established policy and because it has been ruled that it may constitute an abuse of discretion not to grant such a request. Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Admittedly, it is within a court's discretion to allow a plaintiff to dismiss its claims. *See Villa Glas G.m.b.H. v. Everstone Pty. Ltd.*, 2007 U.S. Dist. LEXIS 52913, *2 (M.D. Fla. July 23, 2007); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394, (1990). However, although "the district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)[,]" *Danielson v. DBM, Inc.*, 2007 U.S. Dist. LEXIS 31467 (N.D. Ga. Apr. 30, 2007) (quoting *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001)); *see also Jadael Inc. v. Elliott*, 2006 U.S. Dist. LEXIS 88978, *2 (M.D. Fla. Dec. 6, 2006), _voluntary dismissals are favored in this Circuit_ regardless of whether they are with or without prejudice. *See Owner-Operator Indep. Drivers Ass'n v. 4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865, *10 (M.D. Fla. July 12, 2007) (citing *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502-03 (11th Cir. 1991)). In fact, so compelling is a plaintiff's motion to voluntarily dismiss its claims that one court has explained, "It is generally considered an abuse of discretion for a court to deny a plaintiff's request for voluntary dismissal with prejudice." *Degussa Admixtures, Inc. v. Burnett,* 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (citing *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964)); *see also Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 545 (N.D. Ohio 2007). In fact, "'"in most cases, a voluntary dismissal should be granted unless the [opposing party] will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result."'" *Id.* (quoting *Potenberg*, 252 F.3d at 1255 (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)) (emphasis and alteration in original). *See also 4 Points Logistics*, 2007 U.S. Dist. LEXIS 50865 at *10; *Tuyet Tran Gonzalez v. P&G*, 2008 U.S. Dist. LEXIS 16872, *7 (S.D. Cal. Mar. 4, 2008) ("A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant will 'suffer

clear legal prejudice, other than the prospect of a subsequent suit on the same facts.'") (quoting *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989)).

### III.    Natura will not be prejudiced by the granting of this Motion

"The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *Versa Prods. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327 (11th Cir. 2004) (citing *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). "In evaluating whether such prejudice exists, the Court must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissals as are deemed appropriate.'" *4 Points Logistics*, 2007 U.S. Dist. LEXIS 50865 at *10 (quoting *Pontenberg*, 252 F.3d at 1255-56). Moreover, prejudice refers to some type of legal prejudice, not simply practical prejudice. *Versa Prods.*, 387 F.3d at 1328. Legal prejudice has been interpreted to mean "'prejudice to some legal interest, some legal claim, some legal argument.'" *Tuyet Tran Gonzalez*, 2008 U.S. Dist. LEXIS 16872 at *7 (quoting *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996)). Hence, prejudice that is practical, such as paying costs or expenses, producing documents, or producing witnesses, does <u>not</u> amount to legal prejudice. *Le Compte*, 528 F.2d at 603. As a result, unless the defendant will suffer *clear legal prejudice*, a voluntary dismissal should be granted. *Pontenberg*, 252 F.3d at 1255; *McCants*, 781 F.2d at 856-57; *Leather & Luggage v. Eiffel Design*, 1998 U.S. Dist. LEXIS 17930, *3 (N.D. Ga. June 4, 1998).

In evaluating if clear legal prejudice exists, the "crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal?" *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1342 (S.D. Fla. 2007). Federal courts have considered a number of factors to determine whether a defendant would suffer clear legal prejudice or lose any substantial right. For example, the Second Circuit Court of Appeal recently recognized "a number of factors that are relevant in determining whether a case should be dismissed with prejudice: '[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.'" *United States v. Cathcart*, 2008 U.S. App. LEXIS 18679, *4 (2d Cir. Aug. 27, 2008) (quoting *Zagano v. Fordham Univ.,* 900 F.2d 12, 14 (2d Cir. 1990)); *see also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005);

*Stevedoring Services of America v. Armilla Int'l B.V.,* 889 F.2d 919, 920-21 (9th Cir. 1989).  As discussed *infra*, despite the Eleventh Circuit not explicitly adopting a similar list of factors when considering a motion for voluntary dismissal, federal courts in the Eleventh Circuit have generally approached Rule 41 similarly.  These courts have also considered other factors as well.  Thus, by analyzing these factors in conjunction with Eleventh Circuit precedent, it is apparent that Ms. Blaszkowski and Ms. Damron may be appropriately dismissed from the lawsuit.

1.      **Natura will not be prejudiced because Ms. Blaszkowski and Ms. Damron have diligently brought this Motion and have acted without vexatiousness**

        In determining whether Ms. Blaszkowski and Ms. Damron have been diligent in bringing this Motion or have vexatiously prosecuted their claims, Natura was notified of Ms. Damron's intent to dismiss her claims in August and Ms. Blaszkowski notifed Natura in September.  After attempting to negotiate a dismissal with prejudice without Natura seeking fees and costs, and after trying to obtain information as to an estimate of what Natura will seek for purported fees and costs against these Plaintiffs, to no avail, the Motion is filed now rather than in September because of the recent illness and hospitalization of the Plaintiffs' counsel, Catherine MacIvor.[2]  This Motion is filed during the course of initial discovery, roughly five (5) weeks prior to the filing of the motion for class certification, before the necessity for any third party discovery relating to their claims, and more than one (1) year prior to the scheduled date on which trial is to begin.  [DE 355].  Additionally, Ms. Blaszkowski has thrice traveled to Florida for this case at her own expense, including a very emotionally-taxing deposition that took place in August after the recent death of her father.  [DE 516-2 ¶¶2, 4].  Such behavior hardly suggests vexatiousness or a lack of diligence by Ms. Blaszkowski and Ms. Damron.

        Furthermore, the extraordinary global economic crisis, during which this Motion is filed, has resulted in Ms. Blaszkowski's and Ms. Damron's inability to participate in the continued prosecution of their claims and their responsibility for travel expenses relating thereto.  When Ms. Blaszkowski and Ms. Damron originally agreed to become plaintiffs in this case, they were better able to expend the finances necessary to diligently represent the proposed class.  [DE 516-2 ¶6; DE 517-2 ¶4].  Regrettably, these two Plaintiffs, like so many other unfortunate Americans,

_____
[2] The Plaintiffs' counsel has notified Natura that there would be a delay due to the health of the Plaintiff's counsel and Natura and the Plaintiffs agreed that the filing of a Notice of Intent not to continue to prosecute their claims pending the filing of this Motion would obviate the need to go forward with discovery relating to these two Plaintiffs.  [DE 503].

have fallen victim to the extreme economic conditions that exist today as the higher cost of living has simply exacerbated the anticipated financial costs of being a Plaintiff in this case. Barely able to make ends meet as is, these two Plaintiffs simply do not have the financial ability to remain diligent Plaintiffs and pay for the costs associated with attending the class certification hearing, mediation, and trial. [DE 516-2 ¶3; DE 517-2 ¶¶4-5, 8].

Not long ago, Ms. Blaszkowski was involuntarily transferred by her company from Michigan to Connecticut. [DE 516-2 ¶3]. Due to her inability to sell her home because of the tough housing market in Michigan,[3] Ms. Blaszkowski is now responsible for running and incurring the costs of two households. [DE 516-2 ¶3]. Furthermore, Ms. Blaszkowski's income, largely based on the performance of retail sales in the stores she manages, requires her to focus significantly more attention to meet her minimum job requirements. [DE 516-2 ¶6]. This is especially true in light of the upcoming holiday retail season expected to be one of the worst on record. [DE 516-2 ¶6]. Additionally, the impact of the global economic crisis on her company has been compounded by the emotional challenges Ms. Blaszkowski has incurred during this same period as a result of the death of her father, to whom she was extremely close. [DE 516-2 ¶4]. This has caused her to become emotionally-sensitive, which had a direct impact on her deposition in Miami and her ability to continue as a Plaintiff in this case. [DE 516-2 ¶4]. Accordingly, Ms. Blaszkowski's ability to adequately represent the class has been compromised by her necessary responsibilities to her family, including assisting her elderly mother with the handling of her father's estate and other matters, and her job so that she try to continue to support two households in these extraordinarily difficult financial times.

Unfortunately, the situation for Ms. Damron is equally grim as she foresees the real threat of declaring bankruptcy. [DE 517-2 ¶5]. Since becoming involved with this case, her financial situation has become extremely difficult. Ms. Damron has been notified that she may lose her job due to the sale of the company for which she works. [DE 517-2 ¶6]. As a result of this, not only might Ms. Damron be forced to work two part-time jobs and spend more on her benefits, but she is worried that she will not even be able to pay her mortgage, afford basic necessities such as food and winter heating, and care for her family pets. [DE 517-2 ¶¶5-8].

---

[3] Unlike the rest of the United States, the housing market in Michigan has been bleak for years due to the dire economic conditions in that state that pre-dated the current economic crisis.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Consequently, because Ms. Blaszkowski and Ms. Damron have diligently filed this Motion promptly upon the occurrence of their recent financial hardships and respective exigent circumstances, Natura cannot claim it was prejudiced by a delay in the filing of this Motion or that this Motion is otherwise vexatious. *See Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 272-74 (M.D. Fla. 1994) (the court granted the plaintiffs' motion for voluntary dismissal with prejudice because the plaintiffs lacked the funds to go forward with trial and therefore denied the defendant's motion for attorney's fees and costs).

## 2. Natura will not be prejudiced because this Motion has been filed during the very early stages of this case

In *Danielson v. DBM, Inc.*, 2007 U.S. Dist. LEXIS 31467 at *2, the plaintiffs filed a motion for voluntary dismissal with prejudice of their class action complaint and requested that each party bear its own costs. This motion was submitted to the court *after a motion for summary judgment had been filed and the class certification hearing had occurred.* *Id.* at *3. Defendant, DBM, argued that the dismissal should be conditioned upon the plaintiffs' payment of DBM's costs of litigation because DBM had spent a significant amount of resources in the case and had filed a motion for summary judgment. *Id.* The district court *refused to assess fees against the plaintiffs*, however, and granted their motion for voluntary dismissal. *Id.* at *5. Here, not only has Natura *not* yet filed a motion for summary judgment as to these Plaintiffs' Natura claims,[4] but the *first* deadline listed on this Court's Amended Order Setting Trial and Pre-Trial Schedule is still almost five (5) weeks away.[5] [DE 355]. Moreover, depositions in this case began only a few weeks ago, and Ms. Damron's deposition has not even been taken. Thus, this suit is in its early stages and any effort by Natura to prepare for this case, much less its effort in preparing for *trial*, is slight. *See Cathcart*, 2008 U.S. App. LEXIS 18679 at *4. *Compare with Tuyet Tran Gonzalez*, 2008 U.S. Dist. LEXIS 16872 at **10-11 (court *granted* the plaintiff's motion for voluntary dismissal with prejudice and *refused* to grant fees and costs to the defendant *notwithstanding* that the motion was filed (1) nearly *two years after* commencing the action, (2) *over a year after* the plaintiff stated she no longer wished to serve as a plaintiff in the lawsuit, *and* (3) *after* the discovery cut-off deadline had passed).

---

[4] Although Natura just filed a Motion for Summary Judgment to essentially try to obtain fees and costs against dismissed Plaintiffs who never had claims against Natura and whose non-Natura claims have been dismissed this Motion filed by Natura is meritless and does not address the issues of this case. Natura has almost one (1) year from this Motion's filing to submit a motion for summary judgment. [DE 355].

[5] November 15, 2008, is the date by which the Plaintiffs must file their motion for class certification. [DE 355].

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

3.   **Natura will not be prejudiced because all efforts expended by Natura to date still have value even after the dismissals of Ms. Blaszkowski and Ms. Damron**

The dismissals of Ms. Blaszkowski and Ms. Damron under Rule 41(a)(2) present unique considerations in light of the fact that this case is brought as a class action. Most notably, the dismissals of Ms. Blaszkowski and Ms. Damron do _not_ present the problems that typically arise when a single plaintiff attempts to dismiss a case under Rule 41(a)(2); in that situation, the litigation stops and all of the defendant's expended time, money, and efforts are essentially for naught. For example, in *Romika-USA, Inc.*, 514 F. Supp. 2d at 1342, the Southern District required Romika-USA to pay the attorneys' fees and costs of one of the defendants because of "the eleventh-hour timing of Romika-USA's motion, Romika-USA's culpability for unnecessarily prolonging this litigation, and the substantial legal fees [the defendant] has had to incur in defending this lawsuit." The court stated that the award of fees and costs was the only way to both grant Romika-USA's motion and "do justice between the parties" because it protected the defendant from paying for duplicative litigation "should Romika-USA later re-file this breach of contract claim." *Id. See also Mosley v. JLG Indus.*, 189 Fed. Appx. 874, 876 (11th Cir. 2006) (denying a single plaintiff's Rule 41(a)(2) motion for voluntary dismissal _without_ prejudice because it was late in the litigation, the defendants had expended considerable time on the case, incurred many expenses, and the court had already granted many extensions).

Unlike *Romika-USA* and *Mosley*, however, the dismissals of Ms. Blaszkowski and Ms. Damron would not result in Natura having needlessly expended time and energy on this case. As this Court is aware, at least four named class representatives are continuing to pursue this litigation. Thus, _even if_ Ms. Blaszkowski and Ms. Damron were _never_ plaintiffs and/or class representatives in this case, Natura would have incurred nearly identical expenses and exerted nearly identical efforts defending itself. Accordingly, Natura cannot claim that it will be prejudiced because it has spent time and effort defending itself in this action, and it further only makes sense that Natura bear its own costs and expenses. *See Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 U.S. Dist. LEXIS 50900, *9 (M.D. Fla. June 13, 2008) (finding that no prejudice existed and that each party should be responsible for its own costs because the plaintiff who voluntarily dismissed his federal case intended to pursue the case in state court, thereby rendering meaningful the defendants' time and effort already spent on the case); *4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865 at *11 n.4 ("4 Points appears to argue that it has

suffered prejudice due to the time and effort it has expended in defending against [the two voluntarily dismissed counts], particularly with respect to discovery and motions practice. *The Court is not persuaded by these arguments*; all three remaining claims against 4 Points revolve around the same contract and the same dispute over the terms of that contract. It is therefore clear that the majority of the discovery conducted in this case would apply almost equally to all three claims.") (emphasis added); *Stephens v. Georgia DOT*, 134 Fed. Appx. 320 (11th Cir. 2005) (voluntary dismissal with prejudice appropriate where parties have already conducted extensive discovery); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986) (same).

**4.      Natura will not be prejudiced because there is no threat of Ms. Blaszkowski and Ms. Damron relitigating their claims since these claims will be dismissed with prejudice**

While any information discovered and effort expended by Natura can continue to be employed after the dismissals of Ms. Blaszkowski's and Ms. Damron's claims, there is *no chance* that these claims can be relitigated since they will have been dismissed with prejudice. In finding that a plaintiff's voluntary dismissal with prejudice *does not* result in legal prejudice to the defendant, that the court ruled that "the fact that the Plaintiffs seek dismissal with prejudice removes any concern that the Plaintiffs may at some later date attempt to re-litigate these claims and ameliorates to some extent the time spent on discovery." *4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865 at *14. Hence, because dismissal with prejudice ensures that Natura will not have to relitigate Ms. Blaszkowski's and Ms. Damron's claims, "the interests of justice" do not support a finding that Natura would be prejudiced by the dismissal of Ms. Blaszkowski's and Ms. Damron's claims with prejudice or an order requiring Ms. Blaszkowski and Ms. Damron to pay attorney's fees and costs to Natura. *See Jadael Inc.*, 2006 U.S. Dist. LEXIS 88978 at *5.

Additionally, it is *this exact threat of relitigation* that is the basis for awarding attorney's fees and costs when actions are voluntarily dismissed:

> The general purpose of requiring a plaintiff to pay the defendant's fees and costs as a condition of voluntary dismissal is generally to protect the defendant against prejudice or inconvenience that may result from a voluntary dismissal. Fees and costs are generally imposed when a case is voluntarily dismissed to permit the plaintiff to pursue the action in another forum. In such a case, fees and costs are commonly awarded in recognition of the fact that the issues between the parties remain to be decided in other litigation, which exposes the defendant to duplicative fees and expenses.

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

*Big Dog Logistics, Inc. v. Strategic Impact Corp.*, 2007 U.S. Dist. LEXIS 74392, *2 (S.D. Tex. Oct. 4, 2007). *See also Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) ("The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him."). *This is not the case here*, however, as Ms. Blaszkowski's and Ms. Damron's claims *cannot* be relitigated since their claims are being dismissed *with* prejudice. As such, the policy behind awarding costs and fees does not support the awarding of such expenses in these circumstances, thus making such an award inappropriate.

**5.     Natura will not be prejudiced simply because it incurred some expenses[6]**

The imposition of some legal costs is neither tantamount to legal prejudice nor triggers the right of a defendant to recover for attorneys' fees and expenses. *See, e.g., Leather & Luggage*, 1998 U.S. Dist. LEXIS 17930 at *4 ("While the Court acknowledges that [the Defendant] incurred costs in defending this action, the Court notes that the Plaintiff has moved for voluntary dismissal at an early stage in the proceedings. . . . The Court declines the request of [the Defendant] to condition its dismissal upon payment of attorney's fees and costs."). The Eleventh Circuit has specifically refused to find clear legal prejudice simply by the fact that a party has incurred expenses by litigating a case all the way up to the summary judgment stage. *See Pontenberg*, 252 F.3d at 1256. The *Potenberg* Court also held that a delay in litigation, absent a showing of bad faith, is also insufficient to demonstrate clear legal prejudice. *Id.* at 1257. Here, Ms. Blaszkowski's and Ms. Damron's continued involvement in the case was not due to some bad faith desire to vexatiously multiply the proceedings. On the contrary, *nothing* in the record suggests any bad faith prosecution by Ms. Blaszkowski and Ms. Damron, and the mere fact that Natura incurred some costs *does not* equal legal prejudice and *does not* entitle Natura to fees or costs. This is especially true considering that *these Plaintiffs are individual*

---

[6] While Natura made reference to having incurred hundreds of thousands of dollars in fees in papers filed with this Court, this is a dubious claim given that the only substantive motion filed to date was the Defendants' Motion to Dismiss which was decided in the Plaintiffs' favor. The Plaintiffs' counsel has requested Natura to provide it with information as to the fees and costs that it will seek, but Natura has refused to provide same. Ms. Caverly, Natura's California counsel, responded to this request as follows: "I am aware of no authority which requires me to assist your client in making 'an informed decision' as to whether she should dismiss her claims. Your client should have considered the potential award of attorneys' fees and costs before entering into this lawsuit. Given your breadth of litigation defense experience, I also am sure that you can advise your client as to how quickly defense fees and costs mount in cases such as this one. Natura is not willing to limit its recovery of fees and costs by providing you with a number prior to the deadline provided in the Rules for applying for such reimbursement." The Plaintiffs only asked for an estimate, which would not have limited Natura in any way.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

*consumers* and it would be inequitable to impose costs upon them given these circumstances. *Danielson*, 2007 U.S. Dist. LEXIS 31467 at \**4-5. *See also* Section V(1)(c) *infra*.

6.      **Natura will not be prejudiced simply because it is unable to recover costs and fees**

The inability of a party to recover costs and fees *does not* equal legal prejudice. *Villa Glas G.m.b.H.*, 2007 U.S. Dist. LEXIS 52913 at \*6. In *4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865 at \*9, the plaintiffs sought to voluntarily dismiss two counts of their amended complaint with prejudice. In its objection to the motion, defendant 4 Points claimed that it would be prejudiced if the motion was granted and the court did not dispose of the two counts on their merits because 4 Points would be unable to recover attorney's fees and costs. *Id.* at \**10-11. The district court *rejected* this argument by 4 Points and explained that "[a]ttorney's fees are not awarded in a vacuum and are not a matter of right in all cases." *Id.* at \*11. As such, the mere fact that Natura cannot recover costs and fees does not equal legal prejudice.

Hence, the granting of this Motion will not legally prejudice Natura in any way. Natura will not be subject to relitigation by Ms. Blaszkowski and Ms. Damron, and all of Natura's efforts and costs will continue to have value during Natura's ongoing defense of this case. Moreover, this Motion has been filed during the early stages of this case and will have no affect on the Fourth Amended Complaint, its allegations, and the causes of action arising therefrom. Since there is no legal prejudice to Natura, Ms. Blaszkowski and Ms. Damron respectfully request this Court enter an Order granting the dismissals of their claims without prejudice.

IV.     **Courts do *not* award costs and fees when claims are voluntarily dismissed *with* prejudice under Rule 41(a)(2)**

Courts *all over the country* have held that costs and fees are *not* to be awarded when the voluntary dismissal occurs *with* prejudice as opposed to without prejudice. The Court of Appeal for the Second Circuit explained the with/without distinction, to which the Middle District referred in *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 272 (M.D. Fla. 1994):

> [W]hen a lawsuit is voluntarily dismissed *with prejudice* under Fed. R. Civ. P. 41(a) (2), attorney's fees have almost never been awarded.
>
> \*      \*      \*
>
> The reason for *denying a fee award upon dismissal of claims with prejudice* is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event

(absent statutory authorization) *the American Rule would preclude such an award*.

*     *     *

*We would not want to discourage such a salutary disposition of litigation by threatening to award attorneys' fees if a plaintiff did not complete a trial*.

*Colombrito v. Kelly*, 764 F.2d 122, 134 (2d Cir. 1985) (citation omitted and emphasis added). In a much-less-detailed opinion, the Eleventh Circuit provided a similar explanation. *See Woodard v. STP Corp.*, 170 F.3d 1043, 1044-45, n.3 (11th Cir. 1999) (analyzed in the context of Rule 11). The Tenth Circuit Court of Appeal has additionally offered:

> "The purpose of awarding fees for a voluntary dismissal under Rule 41(a)(2) is to compensate the defendant for the unnecessary and potentially duplicative expenses of the litigation. Fees are usually awarded for a dismissal without prejudice because the defendant may be forced to defend the claim again. However, *[f]ees are not awarded when a plaintiff obtains a dismissal with prejudice* because the defendant cannot be made to defend again."

*U.S. Foodservice, Inc. v. Shamrock Foods Co.*, 246 Fed. Appx. 570, 581 (10th Cir. 2007) (quoting *Berthold Types, Ltd. v. Adobe Sys., Inc.*, 155 F. Supp. 2d 887, 891 (N.D. Ill. 2001)) (emphasis added). The Sixth Circuit has stated:

> The reasoning behind the rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum. See 5 Moore's §§ 41.05, 06. A dismissal with prejudice, however, finally terminates the cause and the defendant cannot be made to defend again. The Court in *Lawrence v. Fuld*, 32 F.R.D. 329 (D. Md. 1963) rejected the contention that there is no requirement in the Rule that limits it to dismissals without prejudice, and held that *attorney's fees are not proper where the dismissal is with prejudice*.

*Lum*, 246 F.R.D. at 546 (quoting Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965)) (emphasis added). Hence, there is a "widely held view that costs are not appropriate where the voluntary dismissal is with prejudice." *Lum*, 246 F.R.D. at 546. *See also Murdock*, 154 F.R.D. at 273; *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007); *Cauley v. Wilson,* 754 F.2d 769 (7th Cir. 1985); *Tuyet Tran Gonzalez*, 2008 U.S. Dist. LEXIS 16872 at *8; *Painter v. Golden Rule Ins. Co.,* 121 F.3d 436 (8th Cir. 1997); *Burnette v. Godshall*, 828 F. Supp. 1439 (N.D. Cal. 1993); *Big Dog Logistics, Inc. v. Strategic Impact Corp.*, 2007 U.S. Dist. LEXIS 74392, *3 (S.D. Tex. Oct. 4, 2007); *Horton v. Trans World Airlines Corp.,* 169 F.R.D.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

11, 18 (E.D.N.Y. 1996); *Pacific Vegetable Oil Corp. v. S/S Shalom*, 257 F. Supp. 944, 948 (S.D.N.Y. 1966); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366 at 311-12. **So _overwhelming_ is the legal authority explaining that fees and costs are _not_ to be awarded when a plaintiff dismisses its claims with prejudice, one court has _admonished a defendant for making such a request_.** *See Villa Glas G.m.b.H.*, 2007 U.S. Dist. LEXIS 52913 at *6.

Similarly, some courts have even held that a voluntary dismissal _with_ prejudice shall be granted in lieu of the court's assessment of costs and fees. For example, in *Tuyet Tran Gonzalez*, 2008 U.S. Dist. LEXIS 16872 at *4, the plaintiff filed a motion for voluntary dismissal _without_ prejudice and requested that, "in the unlikely event that the [c]ourt is inclined to award fees and costs[,]" the court instead enter an order dismissing the claims _with_ prejudice. The district court, which _favored_ awarding costs and fees to the defendant, nevertheless _declined_ to do so because "[a] plaintiff faced with the imposition of attorneys' fees and costs as a condition of voluntary dismissal may request that the action be dismissed with prejudice to avoid payment." *Id.* at **8-9, 10-11 (citing *Horton,* 169 F.R.D. 11; *see also* 8-41 *Moore's Federal Practice, Civil* § 41.40(10)(d)(viii) (2005)). Accordingly, the court in *Tuyet Tran Gonzalez*, "decline[d] to exercise its discretion to award Defendant's fees and costs and instead [granted] voluntary dismissal with prejudice." *Id.* at *11. Similarly, in *Horton*, 169 F.R.D. at 18, the court stated:

> [T]he plaintiff has made clear his preference to dismiss this action with Eras . . . in lieu of an assessment of costs and attorneys' fees. The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous. If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request. In the case at bar, _the plaintiff expressly requested that this action be dismissed with prejudice should the Court be inclined to award attorney's fees and costs against him_ in connection with a dismissal without prejudice. Accordingly, _the Court is constrained to comply with the plaintiff's election . . . and therefore the dismissal of the [action] shall be entered with prejudice, and without the imposition of any costs or attorney's fees_.

(emphasis added). Therefore, because a _long line of cases from most, if not all, of the judicial circuits in the country_ have established that the awarding of costs and fees are inappropriate when the plaintiffs voluntary dismiss their claims _with_ prejudice, Ms. Blaszkowski and Ms. Damron respectfully request this Court grant this Motion and not award costs and fees to Natura.

**V.    There is no independent statutory authority or exceptional circumstances supporting the award of attorney's fees or costs**

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

In addition to the dearth of legal authority supporting the awarding of fees and costs under Rule 41(a)(2), "several courts have held that the award of attorney's fees in a voluntarily dismissed lawsuit with prejudice is _only_ appropriate when there is independent statutory authority to support such an award." *Murdock*, 154 F.R.D. at 273 (citing *Colombrito*, 764 F.2d at 134; *Smoot*, 353 F.2d at 832-33; *Lawrence*, 32 F.R.D. at 331-32) (emphasis added). *See also Big Dog Logistics, Inc.*, 2007 U.S. Dist. LEXIS 74392 at *3 ("If the defendant is not exposed to the risk of other litigation to resolve the issue . . . such fees and costs should only be awarded if there is an independent basis to do so.") Alternatively, other courts have determined that, under certain exceptional circumstances, costs and attorney's fees may be awarded when a case is voluntarily dismissed with prejudice. *Murdock*, 154 F.R.D. at 273; *Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. at 546. However, neither of these situations applies in this case.

1.      **No independent statutory authority exists that requires the awarding of costs or fees**

Because Ms. Blaszkowski and Ms. Damron seek this Court's dismissal of Count III of the Fourth Amended Complaint, which is for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), this is the only statute that could possibly apply to these dismissals. This statute provides, in relevant part:

> In any civil litigation resulting from an act or practice involving a violation of this part, . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.

Fla. Stat. § 501.2105(1). Accordingly, "[a] prevailing party in a civil litigation involving a FDUTPA violation _may_ receive reasonable attorneys' fees and costs from the non-prevailing party after final judgment in the trial court and after all appeals have been exhausted." *Crosspointe, L.L.C. v. Integrated Computing, Inc.*, 2007 U.S. Dist. LEXIS 29301, *13 (M.D. Fla. 2007) (citing *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 30 F.3d 113, 114 (11th Cir. 1994)) (emphasis added). Several factors, however, do not support awarding costs and fees to Natura.

a.      **Natura is not a prevailing party that obtained a _favorable_ judgment**

In order for a party to request attorney's fees and costs under FDUTPA,[7] the moving party "must have been awarded a 'favorable judgment' in order to be deemed a 'prevailing party'

---

[7] It is anticipated that Natura will requests such costs given its statement in its second Response to the Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative that "Natura has not stipulated to the dismissal of any plaintiffs in exchange for a waiver of fees and costs and intends to request fees under FDUTPA as

CASE NO. 07-21221 ALTONAGA/Brown
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

under FDUTPA." *Crosspointe, L.L.C.*, 2007 U.S. Dist. LEXIS 29301 at *14. Not only does this include a favorable judgment on its FDUTPA claim, but "to recover fees under Section 501.2105 the movant must also demonstrate that it recovered a net judgment in the entire case." *Id.* (citing *Gardner v. Nimnicht Chevrolet Co.*, 532 So. 2d 26, 28 (Fla. 1st DCA 1988)). Moreover, according to the Eleventh Circuit, section 501.2105(1) "expressly includes the culmination of the appellate process in its definition of a prevailing party." *M.G.B. Homes*, 30 F.3d 113 at 115. Therefore, *after* the time for all appeals has lapsed, *if* a party moves for costs and fees under section 501.2105(1), such expenses *may* be awarded *if* the moving party recovered a favorable judgment on *both* the FDUTPA cause of action as well as the entire case.

Here, this case has not yet been litigated on the merits except as to the Motion to Dismiss, which was a ruling favorable to the Plaintiffs. No party has received a favorable judgment as to the FDUTPA claim. No party has received a favorable judgment as to the case as a whole. Hence, it would be contrary to the intent of FDUTPA to assess costs and fees when there has not even been an adjudication on the merits. Further, to the extent that this Court is to consider awarding costs and fees based solely upon the action to date, the Plaintiffs have been the more successful party so far, given that the only substantial motion to date involving Natura was the 100-plus page motion to dismiss, which set forth numerous grounds for a purported dismissal with prejudice and which the Court rejected. *Even if*, however, this Court were to completely disregard the Plaintiffs' success on the merits as compared to Natura, a court may refuse to award costs and fees if both parties have obtained mixed success. *Crosspointe, L.L.C.*, 2007 U.S. Dist. LEXIS 29301 at *16-17 ("In addition to the many equitable factors which counsel against the awarding of attorneys' fees, . . . as both parties won and lost on significant issues in this highly contentious case, it is appropriate for the Court to deny [the] request for attorneys' fees.") (citing *Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, 270 (Fla. 1st DCA 1985) (party which had obtained a directed verdict on FDUTPA claim but had suffered an

---

the prevailing party against Davis, Isern, and all non-Florida Plaintiffs who asserted a FDUTPA claim against Natura." [DE 463 p. 6 n.2]. To be certain, however, *the burden is on Natura to establish its entitlement to fees, not on Ms. Blaszkowski and Ms. Damron to prove that Natura is not entitled to these costs and fees.* *See, e.g.*, *Colomar v. Mercy Hosp.*, 2008 U.S. Dist. LEXIS 74938 (D. Fla. 2008) ("Thus, the burden is on the moving party to demonstrate an entitlement to fees and costs under the statute.") (citing *CrossPointe, LLC v. Integrated Computing, Inc.*, 2007 WL 1192021, * at 5 (M.D. Fla. 2007)); *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) ("the party requesting attorney's fees bears the burden of proving entitlement to such fees") (citing *Salisbury v. Spielvogel*, 451 So. 2d 974, 975 (Fla. 4th DCA 1984)).

adverse money judgment on other claims not entitled to attorneys' fees)); *Lewis Oil Co., Inc. v. Milliken*, 711 So. 2d 636, 637 (Fla. 1st DCA 1998) (in case where each party prevailed on a claim, not an abuse of discretion to refuse to award costs because neither party truly prevailed); *Gimbel v. Int'l Mailing and Printing Co., Inc.*, 506 So. 2d 1081, 1084 (Fla. 4th DCA 1987) (denying award where neither party prevailed)).

Additionally, if this Court is to consider that a dismissal with prejudice is an adjudication on the merits and would make Natura the "prevailing party," as a matter of equity, it would be unfair to tax Ms. Blaszkowski and Ms. Damron with costs and fees that Natura would have incurred regardless of whether Ms. Blaszkowski and Ms. Damron were plaintiffs in this case. Natura's expenses in defending this case were not particular to Ms. Blaszkowski and Ms. Damron; instead, this is a class action lawsuit that had *many* plaintiffs bring the same claims against Natura. Accordingly, it would be unfair to hold two plaintiffs response for costs and fees that Natura would have occurred *even if* these same two plaintiffs had *never* been parties.

### b. Any award of fees and costs under FDUTPA would be premature as all appeals have not been extinguished

Until final judgment has been rendered and the appellate process is complete, a party may *not* receive attorney's fees and costs under FDUTPA. *See* Fla. Stat. § 501.2105(1)*; Crosspointe, L.L.C.*, 2007 U.S. Dist. LEXIS 29301 at *13; *M.G.B. Homes, Inc.*, 30 F.3d at 114; *Citibank N.A. v. Nat'l Arbitration Council, Inc.*, 2006 U.S. Dist. LEXIS 67133, *23 (M.D. Fla. Sept. 19, 2006) ("the language of § 501.2105(1) . . . requires the denial without prejudice of Chase and Citibank's application for attorneys' fees and costs, subject to renewal after either the expiration of NAC and Morgan's time to appeal or the conclusion of an appeal"); *Mitchell-Proffitt Co. v. Eagle Crest, Inc.*, 2005 U.S. Dist. LEXIS 33535, *9 (D. Fla. 2005) ("Defendant's request for attorney's fees relating to the FDUPTA claims is premature. As Mitchell's appeal rights have not been exhausted, Eagle Crest's motion is denied at this time.").

### c. Awarding fees and costs under FDUTPA is completely discretionary

Although Ms. Blaszkowski and Ms. Damron contend that Natura is *not a prevailing party* capable of obtaining costs and fees under FDUTPA, *even if* this Court found otherwise, this Court is not obligated to asses these charges to Ms. Blaszkowski and Ms. Damron. As one court explained when analyzing whether costs must be awarded to a "prevailing party," "even if a court finds that a party has 'prevailed,' a trial court is vested with discretion to award or deny

fees and costs where a statute is written in permissive rather than mandatory terms." *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) (citing *Canup v. Chipman-Union, Inc.*, 123 F.3d 1440, 1442 (11th Cir. 1997)). FDUTPA is written as to authorize that the prevailing party "may receive his or her reasonable attorney's fees and costs[.]" Fla. Stat. § 501.2105(1). As explained by the Florida Supreme Court, "statutory authorization for attorney fees is to be strictly construed." *Sarkis v. Allstate Ins. Co.*, 863 So. 2d 210, 223 (Fla. 2003). Thus, "the award of fees and costs is not mandatory under the FDUTPA, but rather a matter committed solely to the discretion of the trial court." *Colomar v. Mercy Hosp.*, 2008 U.S. Dist. LEXIS 74938 (S.D. Fla. 2008) (citing *Humane Soc. of Broward County, Inc. v. Florida Humane Soc.*, 951 So.2d 966, 968 (Fla. 4th DCA 2007)); *see also Crosspointe, L.L.C.*, 2007 U.S. Dist. LEXIS 29301 at *13; *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F.Supp.2d 1283, 1291 (M.D. Fla. 2006). This discretion was not always the case:

> Prior to 1994, the prevailing party in civil litigation brought under the FDUTPA was mandatorily entitled to recover reasonable attorney's fees and costs from the nonprevailing party. *See* § 510.2105, Florida Statutes (1993). The Legislature amended section 501.2105 in 1994 to place an award of such fees and costs within the discretion of the trial court. *See* Ch. 94-298, § 4, at 2064, Laws of Fla.; *see also* § 501.2105, Fla. Stat. (Supp. 1994).

*Hubbel v. Aetna Cas. & Sur. Co.*, 758 So. 94, 101 n. 10 (Fla. 2000). *See also Humane Soc. of Broward County, Inc.*, 951 So. 2d at 971. The Fourth District Court of Appeal read this change as having only one purpose:

> We interpret this amendment as a legislative recognition that mandatory fee awards had a ***chilling effect on consumer plaintiffs bringing suit under FDUTPA***. ***Consistent with the primary policy of the statute '[t]o protect the consuming public* . . . *from those who engage in unfair methods of competition, deceptive, or unfair acts or practices in the conduct of any trade or commerce,' the legislature removed the mandatory award of fees to the prevailing party from the statute and placed the award of fees in the trial court's discretion***.

*Id.* (alteration in original). Just two weeks ago, Judge Seitz of the Southern District relied upon *Humane Soc. of Broward County, Inc.* in <u>refusing to award costs and fees under FDUTPA to the prevailing defendant</u>. In *Colomar v. Mercy Hosp.*, 2008 U.S. Dist. LEXIS 74938, *3 (S.D. Fla. Sept. 26, 2008), an uninsured plaintiff filed a breach of contract claim and violation of FDUTPA

claim against Mercy Hospital ("Mercy"), a non-profit hospital.[8]   After the Court entered judgment in favor of Mercy on both of these claims, Mercy sought fees and expenses under FDUTPA as the "prevailing party." *Id.* at **3-4.  Although Judge Seitz was sympathetic to Mercy's expenditure of more than three-quarters of a million dollars in litigation costs, which had a detrimental effect on its ability to provide health services for the poor, Judge Seitz nevertheless refused to award Mercy its requested costs and fees under FDUTPA[9] because:

> *imposition of a prevailing-party fee judgment . . . will certainly, at least to some degree, deter future plaintiffs from pursuing meritous consumer-claims.* Thus, a consumer who truly suffers . . . damages may forgo her FDUTPA claim simply in aversion to a potential adverse fee judgment, regardless of the probability of victory or relative merits of the dispute. *Clearly, the Florida legislature did not enact the FDUTPA fee provisions to stifle or insulate defendants from meritious consumer lawsuits.*

*Id.* at **13-15 (emphasis added).  Accordingly, "[a]fter the 1994 amendment, an award of such fees and costs is now in the discretion of the trial court[,]" *Citibank N.A.*, 2006 U.S. Dist. LEXIS 67133 at *22 (citing *JES Properties, Inc.*, 432 F. Supp. 2d at 1291 n. 13), but such discretion is to be utilized in light of FDUTPA's policy purpose to "protect the consuming public," which includes both Ms. Blaszkowski and Ms. Damron. *See* Fla. Stat. § 501.202(2).

In this case, Ms. Blaszkowski and Ms. Damron, along with others, alleged causes of action, against Natura for making deceptive statements and/or concealing information from the consuming public at large that caused these plaintiffs to use and/or purchase Natura's products. [DE 349 ¶¶148, 151, 153].  As alleged in the Fourth Amended Complaint, such "conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers[.]"   [DE 349 ¶152].   *This is the exact type of behavior the Florida legislature sought to prevent by enacting FDUTPA in the first place.  See* Fla. Stat. § 501.202(2). By later amending the statute in 1994 so that attorney's fees and costs were not mandatory but

---

[8] *Compare with* Natura, which is a for-profit corporation.

[9] In the exercise of their discretion, Judge Seitz explained, "courts typically balance the following non-exhaustive factors: (1) the scope and history of the litigation; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) the merits of the respective positions-including the degree of the opposing party's culpability or bad faith; (5) whether the claim brought was not in subjective bad faith, but was frivolous, unreasonable, or groundless; (6) whether the defense raised a defense mainly to frustrate or stall; and   (7) whether the claim brought was to resolve a significant legal question under FDUTPA law."  *Colomar*, 2008 U.S. Dist. LEXIS 74938 at **7-8 (citing *Humane Society of Broward County, Inc.*, 951 So.2d at 968).  If this Court is inclined to analyze these factors, Ms. Blaszkowski and Ms. Damron respectfully request this Court consider this Motion as a whole as these particular issues are discussed throughout all sections of this Motion as opposed to having been addressed specifically in just one section.

instead discretionary, the legislature clearly intended to remove the chilling effect that FDUTPA had on consumers bringing suits under the statute. This was so that consumers could continue to prosecute meritorious claims without fear that they would automatically be assessed fees and costs *if* they lost on their claims. Hence, whereas here, two Plaintiffs seek to voluntarily dismiss their claims with prejudice because of the economic and emotional difficulty caused by their continued participation in this case, the Plaintiffs seek the dismissal early in this case and have been diligent during their participation, and the case will continue as is without these Plaintiffs, it would be contrary to FDUTPA's spirit and purpose to tax Ms. Blaszkowski and Ms. Damron with costs and fees. As such, Ms. Blaszkowski and Ms. Damron respectfully request this Court to *not* assess costs and fees against these two Plaintiffs in granting this dismissal with prejudice.

**2.      No exceptional circumstances exist to support the awarding of costs or fees**

While exceptional circumstances[10] may support the court's imposition of costs and fees, such assessments have hardly ever occurred. This is due in large part to the fact that "an 'exceptional circumstance' standard has not been firmly established." *Murdock*, 154 F.R.D. at 273. Perhaps the most logical definition of such a standard, however, was taken from a Maryland District Court and later restated by the Middle District: "an 'exceptional circumstance' could be found for 'dominating reasons of justice . . . where the litigation is false, unjust, vexatious, wanton, or oppressive, or where it is unnecessary and groundless or conducted in bad faith or with fraudulent intent.'" *Id.* (quoting *Lawrence*, 32 F.R.D. at 332.). Yet, such a finding is typically limited to *seriously* egregious circumstances, for example where a litigant *repeatedly* brings claims and then voluntarily dismisses them, causing the opposing party and the courts to incur significant costs. *See Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997); *Colombrito*, 764 F.2d at 134-35. This impossibly high standard has hardly ever been met, as courts simply fail to find the existence of exceptional circumstances rising to the degree of significance necessary to inflict such a punishment. *Id.* at 134 (citing *Mobile Power Enterprises,*

---

[10] The dubious origins of the "exceptional circumstances" test has caused at least one Appellate Court to expressly reject this standard when considering the assessment of fees under Rule 41(a)(2). In *Colombrito*, 764 F.2d at 134 n.7, the Second Circuit Court of Appeal explained:

> The exceptional circumstances test probably reflects the references in early cases to the statutory test for fees under patent law, *see*, e.g., *Lawrence v. Fuld*, 32 F.R.D. at 331-32, and possibly the reference in *Smoot v. Fox*, *supra*, to the court's inherent authority to award fees in exceptional cases in equity, 353 F.2d at 832. This language seems to have been picked up in later cases and stated as a more general rule, without particular explanation of its relevance.

The court added, "In view of the questionable origins and rationale of the 'exceptional circumstances' test, *we decline to adopt it as the standard for a fee award under Rule 41 (a) (2).*" *Id.* at 134 (emphasis added).

CASE NO. 07-21221 ALTONAGA/Brown

*Inc. v. Power Vac, Inc.*, 496 F.2d 1311, 1312 (10th Cir. 1974); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982)).

Here, there plainly is nothing in the record that would suggest that the Plaintiffs generally, or Ms. Blaszkowski and Ms. Damron specifically, have falsely, unjustly, vexatiously, wantonly, oppressively, unnecessarily, or groundlessly acted in bad faith in prosecuting their claims. *See* Section III(1) *supra*. To the contrary, Ms. Blaszkowski and Ms. Damron have actively and diligently participated in this case's prosecution. Both Ms. Blaszkowski and Ms. Damron timely responded to all discovery responses (respectively attached hereto as Exhibits "A" and "B") and Ms. Blaszkowki has thrice traveled to Florida, once for her deposition and twice for hearings. [DE 516-2 ¶¶2, 4]. Moreover, the mere fact that Ms. Blaszkowski and Ms. Damron have filed this Motion, in and of itself, does not equate to an exceptional circumstance meriting the assessment of costs and fees; if that were the case, costs and fees would be awarded *every* time a plaintiff voluntarily dismissed its claims with prejudice, *which is a policy rejected by nearly every Circuit across the country. See* Section IV *supra*. In fact, the sole purpose of this Motion's filing, that Ms. Blaszkowski and Ms. Damron can no longer continue to diligently prosecute their claims to due difficult personal and financial situations, underscores the degree to which these two Plaintiffs value the seriousness and significance of this case and the interests of the others involved. Accordingly, there simply is no exigent circumstance that would justify Natura being awarded with costs and fees.

**VI.    Conclusion**

WHEREFORE, Ms. Blaszkowski and Ms. Damron respectfully request this Court to enter an Order dismissing with prejudice their claims set forth in the Fourth Amended Complaint in the above-titled case as to Defendant Natura Pet Products, Inc. ("Natura"), with no assessment of costs, including attorneys' fees or other expenses in this litigation, as between these Plaintiffs and this Defendant. If this Court is inclined to condition the dismissal with any other terms, Ms. Blaszkowski and Ms. Damron further request the opportunity to review these conditions before the Court imposes these conditions upon entry of its Order and all other relief that this Court deems just and proper.[11]

---

[11] *See Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002); *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) (if the plaintiff moves for dismissal without prejudice, the court may not dismiss with prejudice without offering the plaintiff an opportunity to withdraw the motion); *Horton,* 169 F.R.D. at 18 ("The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous.").

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Dated: October 13, 2008
Miami, FL

## RULE 7.1 CERTIFICATE

Prior to filing this Motion, Plaintiffs counsel, Catherine J. MacIvor, conferred with counsel for Natura, Kristen Caverly, about the substance of this Motion who did not agree to the relief requested herein and expressed that she was not opposed to the dismissals of Ms. Blaszkowski and Ms. Damron, but that she would seek costs and fees from them anyway.

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

CASE NO. 07-21221 ALTONAGA/Brown
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 13th day of October, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine J. MacIvor

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:      858-552-6745
Facsimile:      858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:      858-552-6750
Facsimile:      858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US
LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*
**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*


**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*


**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*


**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*


**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*


**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*