UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____/

### DEFENDANT NATURA PET PRODUCTS, INC.'S RESPONSE AND OPPOSITION TO PLAINTIFFS', RENEE BLASZKOWSKI AND JENNIFER DAMRON'S, MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE <u>WITHOUT AN AWARD OF COSTS AND FEES</u>

Defendant Natura Pet Products, Inc., ("Natura") hereby responds and opposes Plaintiffs Renee Blaszkowski and Jennifer Damron's Motion for Voluntary Dismissal with Prejudice without an Award of Fees and Costs ("Motion for Dismissal"). [D.E. 518.] Natura requests that the Court immediately enter the requested dismissals with prejudice, but that the Court deny Plaintiffs' motion to preclude Natura from obtaining its costs as the prevailing party. It is black-letter law in the Eleventh Circuit that entry of dismissal with prejudice makes the defendant the prevailing party for purposes of awarding costs, including attorneys' fees where authorized by contract or statute. Additionally, Plaintiffs' motion is premature because Natura has yet to apply for its costs or fees. Natura is entitled to its costs against the dismissing Plaintiffs, but the Court should decline to rule on this question until Natura actually applies for an award.

## I. INTRODUCTION

Natura agrees that plaintiff Renee Blaszkowski ("Blaszkowski") and plaintiff Jennifer Damron ("Damron") should be dismissed with prejudice immediately. However, the Motion for Dismissal goes too far by asking that the dismissals be conditioned on (1) no award of prevailing party costs to Natura (2) no opportunity for Natura to move for an award of attorneys' fees, if appropriate. The Eleventh Circuit strongly favors the award of costs to prevailing parties. And, where a statutory basis exists—such as with the FDUTPA claim at issue here—the Court should consider awarding attorneys' fees to the prevailing party when and if the prevailing party requests it. Until a request is made, ruling on the right to attorneys' fees is premature.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 9, 2007, Blaszkowski along with two other plaintiffs filed this action seeking to represent a putative class of consumers who purchased pet food. [D.E. 1.] On November 29, 2007, additional Defendant Natura and additional Plaintiff Damron were added as parties to this action. [D.E. 260.] The Fourth Amended Complaint, filed on April 11, 2008, is the current operative complaint. It asserts claims for (i) fraudulent misrepresentation and concealment, (ii) negligent misrepresentation, (iii) violation of FDUTPA, (iv) negligence, (v) strict liability, (vi) injunctive relief, (vii) breach of implied warranty, (viii) breach of express warranty, and (ix) unjust enrichment against Natura and 23 other manufacturers, copackers, retailers or specialty retailers of certain pet food products. [D.E. 349.]

On October 13, 2008, Blaszkowski and Damron filed the instant Motion for Dismissal. The class certification motions in this matter are due to be filed on November 15, 2008. The cut-off for fact discovery is scheduled for February 9, 2008.

## III. LEGAL ARGUMENT

With their Motion for Dismissal, Blaszkowski and Damron seek to dictate to the Court the terms of their dismissals, do an end run around their obligations to pay costs to prevailing party Natura pursuant to the Federal Rules of Civil Procedure, and avoid Natura's request for

attorney's fees under FDUTPA. Blaszkowski and Damron would have the Court believe that It must award to Natura either nothing or both fees and costs. This is incorrect. Under the Federal Rules of Civil Procedure, the Court considers separately an award of costs and an award of fees. In many situations, only awarding costs is appropriate. Where specific statutory authority permits an exception to the "American Rule," the award of attorneys' fees is subject to the standards set forth in the statutory fee provision of the applicable law. Consequently, even where a party is entitled to costs under Rule 54(d)(1), that party may not be entitled to attorneys' fees under the particular fee-governing statute. Contrary to Plaintiffs' brief, once Blaszkowski and Damron are dismissed, Natura will be the prevailing party entitled to costs and may be entitled to an award of attorneys' fees when, and if, Natura moves for such fees.

### A. Natura Is Entitled To An Award Of Costs Pursuant To Rule 54(d)(1).

Blaszkowski and Damron seek voluntary dismissal with prejudice pursuant to Rule 41(a)(2).[1] [D.E. 518.] Where a plaintiff dismisses a defendant with prejudice under Rule 41, the defendant is considered a prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Therefore, Natura will be the prevailing party when Blaszkowski and Damron are voluntarily dismissed with prejudice. Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

The Eleventh Circuit has stated that, "[u]nder Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews,* 480 F.3d at 1276. Because Natura will be the prevailing party here, the strong presumption is that Natura will be entitled to its Rule 54(d)(1) costs. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transp.,* 229 F.3d 1012, 1039 (11th Cir. 2000). But Blaszkowski and Damron provide no sufficient basis for denying Natura its costs.

---

[1] Federal Rule of Civil Procedure 41(a)(2) states "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

3

"[G]ood faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832 (11th Cir. 2005). Even where the financial position of a non-prevailing party is a factor to be considered, there must be substantial documentation of a true inability to pay. *Chapman,* 229 F.3d at 1039. Here, no documentation is offered other than Blaszkowski's and Damron's self-serving declarations. But self-serving statements offered as proof of financial hardship, without more, are generally insufficient to avoid liability for prevailing party costs. *See Cline v. Home Quality Mgmt., Inc.,* No. 01-9016-CIV-MOORE/O'SULLIVAN, 2005 U.S. Dist. LEXIS 44733, at *14 n.6 (S.D. Fla. May 18, 2005).

The *Chapman* Court went on to hold that, "[e]ven in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman,* 229 F.3d at 1039. Blaszkowski and Damron have made no showing of indigency for the Court to take the extraordinary step of considering their financial positions in awarding costs. Further, even if Blaszkowski and Damron had shown indigency, the Court may not award Natura zero costs based on financial hardship alone: "[i]ndeed, the Eleventh Circuit has held that costs under this rule should be denied only as a penalty to the prevailing party for some defection on its part during the litigation." *Scelta v. Delicatessen Support Servs.,* 203 F. Supp. 2d 1328, 1339 (M.D. Fla. 2002) (citing *Chapman*, 229 F.3d at 1039*).* No such defect exists here.

### B. Natura Should Be Permitted Leave To File A Motion For Attorneys' Fees Under FDUTPA Before The Court Rules on an Award of Attorneys' Fees.

It is premature for the Court to issue an advisory opinion as to the propriety of any award of attorneys' fees in this matter. Rule 54(d)(2) offers the prevailing party the option to bring a motion before the Court for a claim for attorneys' fees. Here, the issue is not ripe, because no motion for attorneys' fees is pending before the Court.

With regard to the potential award of fees, it is important to note that Blaszkowski and Damron brought suit against Natura that alleged violations of FDUTPA and claimed a right to an

award of attorneys' fees themselves. [D.E. 260, ¶¶ 144-154.] As the Motion for Dismissal admits, section 501.2105 of FDUTPA authorizes the court to award attorneys' fees to the prevailing party. In analyzing section 501.2105, Florida Statutes, Florida's Fourth District Court of Appeal noted that "[t]he plain language of the statute does not suggest that the Legislature intended to treat prevailing defendants differently than prevailing plaintiffs." *Humane Society of Broward County, Inc. v. Fla. Humane Society*, 951 So.2d 966, 971 (Fla. Dist. Ct. App. 2007). In sum, Natura requests that it be permitted to evaluate and move for attorneys' fees under FDUTPA and in accordance with Rule 54(d)(2).

**IV.     CONCLUSION**

Based upon the foregoing, Natura respectfully requests the Court dismiss plaintiffs Blaszkowski and Damron with prejudice, but deny their request that Natura be precluded from seeking prevailing party costs and the option to bring a motion for attorneys' fees.

McGUIREWOODS LLP

By:    /s/Michael M. Giel
Jeffrey S. York
Florida Bar No. 0987069
Michael M. Giel
Florida Bar No. 0017676
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
(904) 798-2680
(904) 360-6330 (fax)
jyork@mcguirewoods.com
mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@mcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

                /s/Michael M. Giel
                  Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF**
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Mark C. Goodman, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone: (415) 954-0200
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Rolando Andres Diaz, Esquire
Peter S. Baumberger, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
rd@kubickdraper.com
cyd@kubickidraper.com
psb@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
100 N. Tampa Street
Suite 2200
Tampa, Florida 33602-5809
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Alexander Shaknes, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Alex.Shaknes@dlapiper.com
amy.schulman@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

William C. Martin, Esquire
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

James K. Reuss, Esquire
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
JReuss@lanealton.com
*Attorneys for Defendant The Kroger Co. of Ohio*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire
Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com
adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

C. Richard Fulmer, Jr., Esquire
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
rfulmer@Fulmer.LeRoy.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

\6652590.1