UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____

## NATURA PET PRODUCTS, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF SUSAN PETERS PURSUANT TO RULE 56

Defendant Natura Pet Products, Inc. ("Natura") hereby moves for the Court to grant summary judgment in favor of Natura and against Plaintiff Susan Peters ("Plaintiff" or "Peters") pursuant to Federal Rules of Civil Procedure Rule ("Rule") 56 and Local Rule 7.5 on the following grounds:

There are no material facts to be tried with respect to the claims pled by Peters against Natura. Undisputed evidence demonstrates that Plaintiff cannot prevail on her claims against Natura because she cannot carry her burden of production that she ever purchased or used products manufactured or distributed by Natura Pet Products, Inc. Accordingly, Natura is entitled to summary judgment against Susan Peters.

Natura's motion is based on the following memorandum, the accompanying Declaration of Kristen E. Caverly dated October 20, 2008, Declaration of Ronn Walters dated October 20, 2008, Declaration of Jonathan Brunk dated September 26, 2008, Declaration of Shawn Salis dated September 22, 2008, and the Request for Judicial Notice, any reply papers which may be submitted, and any other argument or evidence which may be permitted by the Court.

1

## MEMORANDUM OF LAW

### I. INTRODUCTION

Plaintiff Susan Peters, whose legal name is really Susan Jones,[1] has lied about purchasing and feeding her pets food manufactured or distributed by Natura Pet Products, Inc. Peters could never have purchased and fed her pets Natura products because the stores where she claims to have made her purchases have never sold any Natura products. Peters claims that she purchased Natura products must be disregarded as wholly uncredible in light of the unequivocal declarations from PETCO, PetSmart and Natura which are submitted with this motion. Without being able to create a genuine issue of material fact as to whether she purchased or was damaged by a product manufactured or distributed by Natura, Peters has no standing to pursue any of the claims she alleges. Natura is entitled to summary judgment against plaintiff Peters pursuant to Federal Rule of Civil Procedure 56(c) ("Rule 56(c)").

### II. FACTUAL BACKGROUND

Peters filed a Fourth Amended Complaint (the "Complaint") on April 11, 2008 asserting claims against Natura for (i) fraudulent misrepresentation and concealment, (ii) negligent misrepresentation, (iii) violation of FDUTPA, (iv) negligence, (v) strict liability, (vi) injunctive relief, (ix) unjust enrichment. *See* Fourth Amended Complaint [D.E. 349]. Peters does not allege in the Complaint that she purchased or used products manufactured or distributed by Natura [Fourth Amended Complaint at 3, ¶ 5 [D.E. 349]], but she does in a filing on May 21, 2008 entitled Pet Food Products Purchased by Plaintiffs [D.E. 290-2 at 19] and in her interrogatory responses.

On August 25, 2008, counsel for Defendant Natura deposed Peters. As she had already done in her interrogatory responses, Peters testified at deposition that she purchased several varieties of Natura products from only PetSmart and/or PETCO. (*See* Declaration of Kristen E. Caverly, Oct. 20, 2008, ex. A (Deposition of Susan Peters, Aug. 25, 2008, 55:15-23; 58:16-19;

---

[1] Peters admits that her legal name is Susan Beth Jones. (Declaration of Kristen E. Caverly, Oct. 20, 2008, ex. A (Deposition of Susan Peters, Aug. 25, 2008, 11:1-13:8).) Plaintiff Susan Peters does not exist.

63:12-65:11; 74:10-74:16; 77:22-78:22; 80:25-81:4; 104:1-105:17; 112:14-113:9; 215:20-216:20; 248:7-11) & ex. B (interrogatory response).) When asked why she had not included in the Fourth Amended Complaint an allegation that she purchased products manufactured or distributed by Natura during the class period, Peters responded that she believed she had an implied claim against Natura because she had alleged purchases at PETCO and PetSmart. (*See* Caverly Decl., ex. A (Peters Dep. 126:13-127:12).)

Peters' testimony as to the location of her purchases was unequivocal. For example:

> Q   Which of the seven Natura products that you purchased did you buy from PetSmart?
>
> A   I don't know.
>
> Q   Which of the seven products that you purchased did you buy from PetCo?
>
> A   I don't know.
>
> Q   Other than PetSmart and PETCO, have you ever purchased a Natura manufactured or distributed product from any other store?
>
> A   I don't believe so.

(Caverly Decl., ex. A (Peters Dep. 64:16-25).)

Similarly,

> Q   After you purchased the California Natura[sic] supplements from PetSmart, when was the next time that you purchased a Natura product?
>
> A   It would have been on the cusp of 2006-2007….
>
> …
>
> Q   Where did you go to purchase the products?
>
> A   We shopped at both PetSmart and PetCo and that would be in Independence….
>
> …

> Q   When you ran out of all of the Natura products that you had purchased at the end of 2007 [sic], beginning of 2006 [sic], you never bought any more, correct?
>
> A   That's right.

(Caverly Decl., ex. A (Peters Dep. 63:12-64:2; 74:10-13); *see also* Caverly Decl., ex. A (Peters Dep. 112:14-21 (discussing interrogatory responses).)

Peters' sworn interrogatory responses and her deposition testimony that she purchased Natura products in 2006 and/or 2007 cannot possibly be true and must be disregarded. Peters could not possibly have purchased products manufactured or distributed by Natura at PETCO or PetSmart because neither retailer has ever sold those products at any of its stores nationwide. (*See* Declaration of Shawn Salis, Sept. 22, 2008 (PETCO does not sell Natura products); Declaration of Jonathan Brunk, Sept. 26, 2008 (PetSmart does not sell Natura products); Declaration of Ronn Walthers, Oct. 20, 2008 (neither PETCO nor PetSmart have sold Natura products in the last 5 years).) Since Peters' clearly never got Natura products from PETCO or PetSmart, she cannot credibly maintain that she ever fed Natura products to her pets. (*See* Caverly Decl., ex. A (Peters Dep. 74:10-16 (admittedly never fed any Natura products other than those allegedly purchased at PetSmart and PETCO).)

## III.  LEGAL ARGUMENT

Peters cannot prevail on any of the six causes of action alleged against Natura in the Complaint because she never purchased or fed Natura products to her pets. No reasonable jury could find in favor of Peters at trial. Accordingly, Natura's motion for summary judgment against Peters should be granted.

### A.  **Standard On Summary Judgment.**

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. *Haves v. City of Miami*, 52 F. 3d 918, 921 (11th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-51 (1986)). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). Furthermore, where there has been "a complete failure of proof concerning an essential element of the nonmoving party's case," all other facts are rendered immaterial. *Celotex v. Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**B.    Plaintiff's Claims Require the Purchase or Use of Natura Products.**

Plaintiff's claims for fraudulent misrepresentation and concealment, negligent misrepresentation, violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), negligence, strict liability, and unjust enrichment share one common predicate – Peters must show that she purchased or used Natura products to her detriment. If Peters did not purchase or use Natura products, Peters has no damages and no standing to challenge Natura's advertising, allege negligence or product liability, or to seek disgorgement of profits or injunctive relief. *See Rollins v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (actual damage is element of FDUTPA claim); *see also Specialty Beverages LLC v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (reliance and damages are required elements of fraud and misrepresentation under Oklahoma law); *Johnson v. Hillcrest Health Ctr., Inc.*, 70 P.3d 811, 816 (Okla. 2003) (injury to plaintiff is element of negligence claim); *Teel v. Public Service Co. of Oklahoma,* 767 P.2d 391, 398 (Okla. 1985) (unjust enrichment claim requires enrichment coupled with injustice); *Marathon Battery Co. v. Kilpatrick*, 418 P.2d 900, 914-15 (Okla. 1965) (strict liability for product defect requires injury to person).

## IV. CONCLUSION

Peters cannot produce a scintilla of credible evidence to support her claims pled against Natura. To the contrary, the evidence clearly shows that Peters could not have and never did use or purchase Natura products. The pleadings, court filings, discovery, and accompanying declarations show that there is no genuine issue as to any material fact regarding Plaintiff's claims pled against Natura. Based upon the foregoing and pursuant to Rule 56(c), Natura requests that the Court grant summary judgment in favor of Natura on all claims brought by plaintiff Susan Peters, and grant Natura such other relief as this Court may deem fit and proper.

McGUIREWOODS LLP

By:    s/Michael M. Giel
      Jeffrey S. York
      Florida Bar No. 0987069
      Michael M. Giel
      Florida Bar No. 0017676
      50 N. Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-2680
      (904) 360-6330 (fax)
      jyork@mcguirewoods.com
      mgiel@mcguirewoods.com

and

HENDERSON & CAVERLY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 21, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

                                                                        s/Michael M. Giel
                                                                             Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF**
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Mark C. Goodman, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone: (415) 954-0200
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Rolando Andres Diaz, Esquire
Peter S. Baumberger, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
rd@kubickdraper.com
cyd@kubickidraper.com
psb@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
100 N. Tampa Street
Suite 2200
Tampa, Florida 33602-5809
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Alexander Shaknes, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Alex.Shaknes@dlapiper.com
amy.schulman@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

William C. Martin, Esquire
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

James K. Reuss, Esquire
**LANE ALTON & HORST, LLC**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719
JReuss@lanealton.com
*Attorneys for Defendant The Kroger Co. of Ohio*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire
Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com
adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

C. Richard Fulmer, Jr., Esquire
**FULMER, LeROY, ALBEE, BAUMANN & GLASS, PLC**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431
rfulmer@Fulmer.LeRoy.com
*Attorneys for Defendant The Kroger Co. of*
*Ohio*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

\6654259.2