UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.

_____/

**RESPONSE IN OPPOSITION TO NATURA PET PRODUCTS, INC.'S
MOTION FOR SUMMARY JUDGMENT AGAINST
NON-NATURA PLAINTIFFS LINDA BROWN, *ET AL.***

Non-Natura Plaintiffs, Linda Brown, *et al.,* hereby respond to Defendant's, Natura Pet Products, Inc. ("Natura"), Motion for Summary Judgment Against Plaintiffs Linda Brown, *et al.* ("Motion"), [DE 515], and state as follows:

I.    **Introduction**

Plaintiffs, Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Danielle Valoras, Carolyn White, and Lou Wiggins (the "non-Natura Plaintiffs") entered into stipulations with the non-Natura Defendant Manufacturers and Retailers relating to the claims that they plead in the Fourth Amended Complaint ("FAC") in September 2008. [DE 349 ¶¶3-32, 480, 481, 526-2 ¶4]. These Plaintiffs never asserted claims against Natura and have never possessed claims against Natura. [DE 349 ¶¶3-32, 526-2 ¶4, 527-2

¶1]. As the face of the FAC clearly provides, each Plaintiff has set forth the parties against which each Plaintiff brought a claim in paragraphs 3 through 32 of the FAC. [DE 349]. See Exhibit "A" attached hereto.

Paragraphs 3 through 32 of the FAC were in turn adopted by reference into the substantive counts of the FAC, but that does not mean, for example, that Donna Hopkins-Jones[1] had a claim against Natura because she never plead such a claim in Paragraph 10 of the FAC. It would, however, mean that when Paragraph 10 was incorporated by reference into the substantive counts that Ms. Hopkins-Jones brought substantive claims against only Mars, Mars Pet Care, Nestle Purina Petcare, Del Monte, Wal-Mart, and Menu Foods. [DE 349 ¶10]. The same would be true for another non-Natura Plaintff, Ms. McGregor,[2] who pleaded claims against Iams, Nestle Purina Petcare, Hill's, Menu Foods, Petsmart, Petco, and Wal-Mart in Paragraph 31 of the FAC. The substantive counts thus incorporated Ms. MacGregor's claims against the-above-referenced specific Defendants when those counts referred to "Defendants" collectively and not other unnamed defendants against which she had not asserted a claim in Paragraphs 3 through 32 of the FAC. [DE 526-2 ¶7, 527-2 ¶13]. Notwithstanding this basic fact, Natura now claims some sort of "confusion" about what claims are outstanding against Natura and seeks "summary judgment" against the dismissed non-Natura Plaintiffs apparently because they simply participated in this case and used the words "Plaintiffs" and "Defendants" in the FAC. [DE 527-2 ¶11].

Contrary to Natura's representations in its Motion, the non-Natura Plaintiffs' participation ended as soon as the non-Natura Plaintiffs and the non-Natura Defendants entered

---

[1] Ms. Hopkins-Jones requested to voluntarily dismiss her claims in June because she was having financial difficulties, which ultimately resulted in losing her home. She could not afford the costs of attending her deposition in New York.
[2] Ms. McGregor requested to voluntarily dismiss her claims because she was diagnosed with cancer and was unable to continue serving as a Plaintiff / Class representative accordingly.

into stipulations agreeing to respectively dismiss each other with each party to bear their own costs, [DE 480, 481, 526-2 ¶10], and this Court entered dismissals pursuant to Rule 41 and in accordance with these stipulations. [DE 482, 483, 526-2 ¶11]. Natura, however, now chooses to argue that these Plaintiffs somehow asserted claims on behalf of the non-Natura Plaintiffs so that summary judgment can be entered for the unstated but real purpose of attempting to argue that Natura is a "prevailing party" so that it can subsequently file a fee and cost motion against these dismissed Plaintiffs. [DE 526-2 ¶13]. Natura's summary judgment defies Article III of the Constitution, the Federal Rules of Civil Procedure, no case law, no evidence and not an ounce of logic. The non-Natura Plaintiffs respectfully request denial of this frivolous Motion.

## II. The non-Natura Plaintiffs *never* brought claims against Natura, thus making it impossible to grant summary judgment on claims that do not exist

As set forth above, the allegations in paragraphs 3 through 32 of the FAC, which were incorporated by reference into the substantive counts of the pleading, unequivocally demonstrate that the non-Natura Plaintiffs never sought relief from Natura, thereby making a motion for summary judgment as to these Plaintiffs impossible. [DE 526-2 ¶7, 527-2 ¶1]. Federal Rule of Civil Procedure 56(b) states, "A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the *claim*" (emphasis added). The plain language of the Rule thus makes it very clear that a motion for summary judgment is inappropriate where *no* claim has been brought against Natura by these Plaintiffs in the first place.

Natura's Motion asserts that "the Non-Natura Plaintiffs by their pleadings, motions, discovery and actions have at all relevant times maintained allegations against Natura." [DE 515 pp. 4-5]. Likewise, Natura counterfactually states that "all but two of the enumerated causes of action pled in the Fourth Amended Complaint are expressly pled by Non-Natura Plaintiffs

3

against Natura." [DE 515 p. 10]. To support this disingenuous contention, Natura has adopted its own view of the allegations in the FAC, the operative complaint, and has presented this absurd position to the Court as if it were true: "The pleadings submitted by Plaintiffs are best described as: 'All defendants harmed all plaintiffs.'"[3] [DE 515 p. 7]. This could not be further from the truth. The non-Natura Plaintiffs did not *expressly* plead any allegations against Natura as best evidenced by the plain language of the FAC paragraphs 3 through 32. [DE 349, 526-2 ¶4, 527-2 ¶7]. Rather, Natura has simply taken it upon itself to make the illogical, unilateral decision that the non-Natura Plaintiffs have brought claims against Natura because of the language in the FAC where the Plaintiffs have collectively referred to the parties as "Defendants" and "Plaintiffs" despite the fact that it is a multi-plaintiff, multi-defendant class action pleading. [DE 527-2 ¶¶10-11]. Contrary to what Natura implies in the Motion, there is no legal requirement that a multi-Plaintiff and multi-Defendant lawsuit need assert a separate count as to each Plaintiff and each Defendant as to which it brings claims, especially where the Defendants against which each Plaintiff has claims has been clearly identified. [DE 349 ¶¶3-32, 515 pp. 7-12]. *Natura offers no legal support to justify its untenable position.*

In order to try to parse together some support for its contention and attempt to buttress its Motion, Natura has cherry-picked allegations from the FAC and omitted key allegations. For starters, Natura refers to Paragraph 2 of the FAC, which is included in the "Introduction" section in order to provide a plain, short statement of the case as to what relief is sought and which also identifies the injuries claimed for standing purposes. [DE 515 p. 8]. Natura then refers to Paragraph 40, which "explicitly identify[ies] Natura as allegedly causing [the Natura Plaintiffs]

---

[3] Natura also states that, "Despite requests for specificity in repeated motions to dismiss, the plaintiffs successfully argued that the pleadings were specific enough and that Defendants should determine the basis for each claim in discovery." [DE 515 p.7]. This statement is a complete mischaracterization of the truth. Natura knows that the Defendants argued that the Third Amended Complaint was not specific enough for them to know who bought what pet food for purposes of *standing*.

4

harm." [DE 515 p. 8]. As this Court is well aware, this claim by Natura more than borders on being bizarre because Paragraph 40 is included for the purpose of asserting *jurisdiction* against Natura. [DE 527-2 ¶14]. Natura then cites to Paragraphs 66 and 109, which are general allegations that are made as to all Defendants because paragraphs 3 through 32 have already identified which of the non-Natura Plaintiffs have claims against which Defendant. [DE 515 p. 9]. While paragraphs 66 and 109 are applicable to all Defendants, Paragraphs 3 through 32 unequivocally demonstrate that not every non-Natura Plaintiff has a cause of action versus each and every Defendant. Likewise, Natura also cites to Paragraph 110,[4] which is the *joinder* paragraph. This Paragraph relates to the requisite elements of the juridical links doctrine enunciated in *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461 (9th Cir. 1973), which was extensively briefed and argued before this Court. [DE 527-2 ¶15]. That doctrine relates to the standing of the Plaintiffs to bring claims against multiple Defendants that they specifically set forth in Paragraphs 3 though 32 of the FAC and which has been distorted by Natura to suggest that the Plaintiffs are somehow alleging some sort of substantive conspiracy claim against the Defendants. [DE 515 p. 9]. The FAC quite clearly does not have a substantive conspiracy count as Natura must be well aware. Each of the aforementioned Paragraphs except Paragraph 66 go to jurisdiction and standing and are required for the class of plaintiffs to maintain this case against the specific Defendants against which they brought claims in Paragraphs 3 through 32 of the FAC. As set forth above, paragraph 66 is a general paragraph that sets forth the claims as to the Defendants generally, but cannot be viewed separate and apart from paragraphs 3 through 32 because paragraphs 3 through 32 make it clear that, for example, Plaintiff Yvonne Thomas is suing Natura for the claims listed in paragraph 66, but Plaintiff Deborah McGregor is not.

---

[4] The language to which Natura refers is from Paragraph 110, even though Natura incorrectly cites it as Paragraph 109.

Given that the Plaintiffs have alleged with specificity which Plaintiff brought claims against which Defendants, *it is remarkable that Natura has not referred to Paragraphs 3-32 in its Motion.* This is unbelievably egregious because Natura's failure to include these Paragraphs in its discussion completely mischaracterizes and misrepresents the FAC. Paragraphs 3 through 32 of the FAC match each Plaintiff/Class Representative with each of the corresponding defendants from whom that Plaintiff/Class Representative sought relief.[5] [DE 349 ¶¶3-32]. For example, Paragraph 6 of the FAC states:

> Plaintiff/Class Representative, **Linda Brown**, is a resident of Minnesota during the class period. Plaintiff Brown regularly purchased pet food during the class period for daily consumption for her cat(s)/dog(s) in Minnesota, which was manufactured and marketed by Defendants, **Nestle Purina Petcare, Hill's, Del Monte,** and on information and belief **Menu Foods**. Defendants, **Wal-Mart** and **Petco** marketed and sold Plaintiff Brown pet food from the above-referenced manufacturers and marketers, which purchases were made based upon the above referenced Defendant's marketing.

[DE 349 ¶6 (emphasis added)]. Natura is nowhere to be found in Ms. Brown's allegations. [DE 527-2 ¶12]. Yet, Natura argues that, for example, Count I is brought on behalf of all Plaintiffs against all Defendants. Paragraph 126 of Count I states, "Plaintiffs/Class Representatives hereby adopt and incorporate by reference paragraphs 1-125 as if set forth more fully herein." [DE 349]. Taking Ms. Brown as an example, her allegations in Paragraph 6 are incorporated into Count I by Paragraph 126. It would be completely improper to therefore say that Ms. Brown has alleged a claim against Natura under Count I because her allegations in Paragraph 6, which have been incorporated into Count I, *clearly reveal that Ms. Brown has no claim against Natura*. Quite simply, Ms. Brown has no standing to sue Natura.

If one were to review Paragraphs 3-32, it is clear that *every* Plaintiff/Class Representative against whom Natura seeks summary judgment is individually named and asserts *no* cause of

---

[5] This is true for the Third Amended Complaint as well.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

action against Natura. [DE 526-2 ¶6]. Moreover, the allegations for each of these Plaintiffs/Class Representatives are like the paragraphs reproduced above; hence, it is clear to discern whether a Plaintiff/Class Representative alleges a claim against Natura – they do not. [DE 349 ¶¶3-32]. This information is clearly and conspicuously set forth immediately after the introduction, on page two of the FAC, and before the sections of the FAC that Natura quotes in its Motion. It is blatantly obvious that *Natura has intentionally left all reference to Paragraphs 3 – 32 out of its Motion hoping that this Court will somehow simply ignore them*. Natura knows, and has known all along, which individual Plaintiffs brought claims against them. Natura is just refusing to accept the reality of the situation because it wants to file a motion for prevailing party attorney's fees and costs with the intent of discouraging any remaining Plaintiffs from going forward with their claims and to create a chilling effect on any future claimants in the future.

As this Court is aware, pleadings are to be liberally construed, *Parr v. Woodmen of World Life Ins. Co.*, 791 F.2d 888, 889 (11th Cir. 1986), and "all ambiguities or doubts concerning sufficiency of the claim must be resolved in favor of the pleader." *Lewis v. Westwood Community Two Ass'n*, 1995 U.S. Dist. LEXIS 16295, *3 (S.D. Fla. Feb. 14, 1995). If there was any confusion *whatsoever* over which Plaintiff was alleging claims against Natura, the Plaintiffs responded by filing their Notice of Pending and Dismissed Claims to clear up any purported confusion. [DE 494]. Consequently, since summary judgment is appropriate where "it is only the allegations of the complaint, which are dispelled by depositions and answers to interrogatories on file and not supported by any evidence offered by the plaintiffs[,]" it is apparent that summary judgment is not appropriate under the present circumstances where no such allegations by the non-Natura Plaintiffs were brought in the FAC against Natura. *Langton v. Maloney*, 527 F. Supp. 538, 549 (D. Conn. 1981).

7
**MALTZMAN FOREMAN, PA**, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

**III. The Plaintiffs are not required to list specific allegations against each Defendant**

Essentially, the crux of Natura's argument is that each and every Plaintiff should have plead a separate cause of action against each and every Defendant. So, For example, Plaintiff Linda Brown would have had to allege six (6) substantive counts as to her alone. According to that logic, if each of the thirty (30) plaintiffs had six (6) claims, then the Plaintiffs would have filed an extraordinarily long 180 count complaint. By making this assertion, Natura is arguing that the Plaintiffs had to plead with a specificity that is not required by law.[6] In fact, <u>Natura cites to no authority to support this position</u>, which is especially troublesome because this was a multi-plaintiff, multi-defendant action at the time that the FAC was filed. Thus, Natura is arguing that, as a matter of policy, the Plaintiffs should be required to meet a pleading burden not required by the Federal Rules of Civil Procedure. Natura should know that policy and logic dictate otherwise and it is simply asking this Court to go too far. It would be unbelievably burdensome and impractical for the Plaintiffs to have had to plead separate counts for each individual plaintiff (of whom there were approximately thirty (30)) against each individual defendant (of whom there were nearly twenty-five (25)) when Paragraphs 3 through 32 made clear who was suing who in the first place. Ultimately, considering that the FAC is already eighty-five pages long without having gone through that absurd exercise, a complaint of 1000 pages or more would easily have resulted. <u>There simply is nothing in the Federal Rules or case law that requires this</u>, as demonstrated by Natura's failure to show otherwise.

Accordingly, the Plaintiffs pleaded beyond what was required since the Plaintiffs named each Defendant against whom he/she sought damages. [DE 349 ¶¶3-32]. <u>Natura has offered nothing to this Court, not a single case, treatise, or any other piece of legal authority,</u>

---

[6] In fact, a similar specificity argument was made at the Motion to Dismiss stage, which Natura concedes this Court rejected as invalid. [DE 515 p. 7].

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

*demonstrating that the Plaintiffs were required to make a greater distinction in pleading their claims.* Hence, since the pleading standards do not require the Plaintiffs to allege their claims with greater specificity in this multi-plaintiff, multi-defendant case, it *cannot* simply be summarily assumed that "All defendants harmed all plaintiffs'" as Natura suggests because the pleading upon which they are moving for entry of summary judgment fails to support that claim. [DE 515 p. 7]. As such, summary judgment is not appropriate against Plaintiffs who did not assert claims against Natura and who did not and cannot seek relief from Natura.

**IV. Because the non-Natura Plaintiffs' claims are moot, the non-Natura Plaintiffs cannot be involved in this suit and Natura cannot obtain summary judgment since there is no Article III case or controversy**

The question of mootness "involve[s] the consideration of whether an Article III case or controversy exists." *Ruocchio v. United Transp. Union, Local 60*, 181 F.3d 376 385 n.11 (3d Cir. 1999) (citing *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975). In the class action context, if a case or controversy no longer exists, a case becomes moot "unless it was duly certified as a class action pursuant to Fed. Rule Civ. Proc. 23, a controversy still exists between petitioners and the present members of the class, and the issue in controversy is such that it is capable of repetition yet evading review." *Board of School Comm'rs v. Jacobs*, 420 U.S. 128, 129 (U.S. 1975) (citation omitted). As this Court is aware, class certification has not yet occurred in this case. As such, each Plaintiff is brining their claim individually. *See Baxter v. Palmigiano*, 435 U.S. 308, 310 n.1 (1976) (citing *Indianapolis Sch. Comm'rs v. Jacobs*, 420 U.S. 128 (1975)). Each of the non-Natura Plaintiffs' claims, however, were extinguished upon the settlement reached in *In re Pet Food Products Liability Litigation*, CIV NO.: 07-2867 (NLH/AMD), a Multi-District Litigation case in the United States District Court for the District of New Jersey that involved the

9
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

non-Natura Defendants.[7]  [DE 527-2 ¶8].  It was because of this settlement that the stipulations were entered into between the non-Natura Plaintiffs and the non-Natura Defendants to dismiss the claims of the non-Natura Plaintiffs.  [DE 480, 481, 527-2 ¶8].  These stipulations led to the dismissals under Rule 41, [DE 482, 483, 527-2 ¶9], that Natura complains these Plaintiffs need in order to be dismissed from the case.  [DE 515 p. 13].  As a matter of pure law and logic, a plaintiff cannot dismiss a claim that it never averred.  Consequently, *the non-Natura Plaintiffs (which just by their very name indicates that they never had nor do have any claims against Natura) could not continue to be parties in this case or seek to dismiss claims against Natura because they have no claims against Natura and have already been dismissed from this case.* [DE 482, 483, 527-2 ¶9].  Completely disregarding these dismissals, Natura is simply pursuing a vindictive, spiteful, punitive policy of trying to force consumers with *no claims* against it to litigate a case in which they have *no standing and no legally cognizable interest* just so that Natura can seek costs and fees from these Plaintiffs as some sort of purported prevailing party in a case where they never prevailed on anything as to these Plaintiffs.  The long-standing position of the non-Natura Plaintiffs has been clear: their claims expired when the settlement agreement was reached in the Multi-District Case because they had claims against all Defendants *except* Natura.  As such, because the non-Natura Plaintiffs have never asserted claims against Natura, they cannot recover under any award against Natura, and they have no interest in this case because the outcome of this case will have *no* effect on them *at all*.

**V.     Because Natura has failed to provide any legal authority supporting its motion, there is no legal basis upon which to grant Natura's motion**

---

[7] Natura was not a defendant in the Multi-District Case.  Thus, the settlement affected every Defendant in this case presently before the Court *except* for Natura.

The *only* legal authority to which Natura cites in its motion for summary judgment can be found on pages 6 and 13 of the Motion.[8] This legal authority is irrelevant to Natura's argument, however, as it only sets forth the standard for granting a motion for summary judgment. As a result, *there is no legal authority supporting Natura's position or the granting of its Motion*.

In *Lewis v. Westwood Community Two Ass'n*, 1995 U.S. Dist. LEXIS 16295, *1 (S.D. Fla. 1995), the defendant filed a motion to dismiss the plaintiff's complaint. The defendant's motion was referred to as "unintelligible" as it "contain[ed] little to no legal analysis and [was] unsupported by any relevant legal authority." *Id.* at *4. As the court explained, "*A moving party must present more than just theories; it must somehow show that these theories are backed by authority persuasive enough to form grounds for granting the relief requested.*" *Id.* (emphasis added). The court continued to explain that the "defendant's Motion does not affirmatively set forth the grounds upon which an order by this Court could be granted" because the defendant failed to present and discuss the applicable legal rules or standards upon which the motion relied in order to obtain the dismissal of the complaint. *Id.* at *5. Consequently, in denying the defendant's motion, the court succinctly summarized the matter:

> In short, defendant has completely failed to provide meaningful analysis as to why the Complaint as pled is insufficient. ***This Court cannot and should not be expected to do defendant's legal research for it or worse yet, be required to guess at the missing legal analysis and vague arguments proffered by defendant.*** *Heinz v. The Frank Lloyd Wright Foundation,* 762 F. Supp. 804, 807 (N.D. Ill. 1991) (A litigant who fails to press a point by supporting it with pertinent authority forfeits the point; as a rule, the court is not required to do litigant's research for him); *Business Credit Leasing, Inc. v. City of Biddeford* 770 F. Supp. 31, 34 n.4 (D.Me. 1991) (issues mentioned in a perfunctory manner, unaccompanied by some effort at developing an argument, are deemed waived), *aff'd,* 978 F.2d 767 (1st Cir. 1992); *Diamond v. Chulay,* 811 F. Supp. 1321, 1335 (N.D. Ill. 1993) (A "skeletal argument" unsupported by relevant authority or reasoning is viewed as a mere assertion which does not sufficiently raise the issue so as to merit the court's attention).

---

[8] In Natura's Table of Authorities, these pages are mislabeled as pages 8 and 15.

*Id.* at \*\*5-7 (emphasis added).

The decision in *Lewis* to deny a motion when the party seeking relief offers no legal evidence to support the motion is <u>*far from an anomaly*</u>. The Eleventh Circuit has ruled in the same way. *See Gonzalez v. United States AG*, 179 Fed. Appx. 646, 647-48 (11th Cir. 2006) (denying in part a petitioner's motion to reconsider because he "failed to cite to legal authority or support in the record for [his] argument") (citing *Zafar v. U.S. Att'y Gen.*, 426 F.3d 1330, 1336 (11th Cir. 2005) (rejecting constitutional challenge where petitioners neither cited to legal authority, nor support in the record, for their challenge)). Moreover, multiple federal courts <u>*just throughout the state of Florida*</u> have held similarly. *See*, *e.g.*, *Hawkins v. The Hamlet, Ltd.*, 2007 U.S. Dist. LEXIS 26349, \*8 (S.D. Fla. 2007) (denying plaintiff's motion to amend service "where Plaintiff cites no legal authority for me to [grant it]"); *Craine v. Cent. Fla. Neurology, P.A.*, 2008 U.S. Dist. LEXIS 49969, \*2 (M.D. Fla. 2008) (affirming the magistrate judge's denial of the defendants' motion to set aside the default because "[d]efendants fail[ed] to cite any applicable rule or legal authority supporting their request"); *Moon v. Technodent Nat'l, Inc.*, 2008 U.S. Dist. LEXIS 40423, \*12 (M.D. Fla. 2008) (denying defendant's motion for a new trial where defendant omitted any legal authority favoring its position); *Silva v. Potter*, 2006 U.S. Dist. LEXIS 80907, \*9, \*12 (M.D. Fla. Nov. 6, 2006) (denying motion for reconsideration because movant offered no supporting legal authority); *Fun Spot of Fla., Inc. v. Magical Midway of Cent. Fla., Ltd.*, 242 F. Supp. 2d 1183, \*1188 (M.D. Fla. 2002) (granting plaintiffs' motion for summary judgment because the defendants' motion for partial summary judgment "offer[ed] virtually no legal authority to support any of their claims"); *McWiilliams v. McNesby*, 2006 U.S. Dist. LEXIS 3107, \*8-9 (N.D. Fla. 2006) (holding that "it would be improper to dismiss Counts IV and VI" as requested by the defendant's motion to dismiss because the defendant "has offered

no facts or legal authority to support the [argument made] in its Motion to Dismiss"); *Cunningham v. Baker Correctional Inst.*, 2000 U.S. Dist. LEXIS 19936, *11 (M.D. Fla. 2000) (denying defendant's motion for costs and attorney's fees because the "Defendants, however, have cited no legal authority in support of their motion for costs and fees"); *Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., L.L.C.*, 2007 U.S. Dist. LEXIS 70886, **10-11 (S.D. Fla. 2007) (unequivocally denying an entire argument in a motion to dismiss where "Defendants cite no legal authority in support of [their] proposition"); *Johnson v. Moore,* 493 F. Supp. 2d 1236, 1236 (M.D. Fla. 2007) (denying a motion to alter and amend judgment in large part because it "inexcusably fails to include pertinent record citations and asserts legal principles without citation of legal authority (in both instances shifting to the court the duty to search)").

     In this case, Natura offers _no_ legal authorities discussing pleading standards, sufficiency of claims in a multi-plaintiff and multi-defendant case, or anything else to demonstrate that, as a matter of law, the non-Natura Plaintiffs ever alleged claims against Natura, that these non-Natura Plaintiffs have prosecuted these alleged claims (that never existed in the first place), or that the Plaintiffs have failed to file with this Court a clear, well-pleaded complaint. Rather, Natura simply seeks to harass the non-Natura Plaintiffs (including those suffering from cancer and who have lost their homes), as demonstrated by _Natura's prosecution_ of consumers who _never_ brought claims against Natura and who have _no_ claims against Natura, [DE 494], and who are _no longer involved_ in this case because _all of their claims were dismissed_. [DE 482, 483]. Accordingly, where, as here, Natura has offered _no_ legal authority supporting the claims made in its Motion, there is no legal basis upon which Natura's Motion could be granted.

**VI. Conclusion**

The Plaintiffs, respectfully request this Court to deny all relief requested by Natura in its Motion for Summary Judgment and for all other relief that this Court deems just and proper.[9]

Dated: October 27, 2008
     Miami, FL

                                By: s/ Catherine J. MacIvor
                                CATHERINE J. MACIVOR (FBN 932711)
                                cmacivor@mflegal.com
                                MALTZMAN FOREMAN, PA
                                One Biscayne Tower
                                2 South Biscayne Boulevard -Suite 2300
                                Miami, Florida 33131
                                Tel: 305-358-6555 / Fax: 305-374-9077

                                PATRICK N. KEEGAN
                                pkeegan@keeganbaker.com
                                JASON E BAKER
                                jbaker@keeganbaker.com
                                KEEGAN & BAKER, LLP
                                4370 La Jolla Village Drive
                                Suite 640
                                San Diego, CA 92122
                                Tel: 858-552-6750 / Fax 858-552-6749
                                *Attorneys for Plaintiffs*

---

[9] Should the Court determine to entertain granting relief to Natura, the Plaintiffs request leave to allow the Plaintiffs to supplement this Response to address the issues of whether Natura is a prevailing party and the award of costs to Natura.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 27th day of October, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                    s/ Catherine J. MacIvor
                                                         Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

| | |
|---|---|
| **CATHERINE J. MACIVOR** <br> cmacivor@mflegal.com <br> **JEFFREY B. MALTZMAN** <br> jmaltzman@mflegal.com <br> **JEFFREY E. FOREMAN** <br> jforeman@mflegal.com <br> **DARREN W. FRIEDMAN** <br> dfriedman@mflegal.com <br> **MALTZMAN FOREMAN, PA** <br> One Biscayne Tower <br> 2 South Biscayne Boulevard -Suite 2300 <br> Miami, Florida 33131 <br> Tel: 305-358-6555 / Fax: 305-374-9077 <br><br> *Attorneys for Plaintiffs* | **PATRICK N. KEEGAN** <br> pkeegan@keeganbaker.com <br> **JASON E BAKER** <br> jbaker@keeganbaker.com <br> **KEEGAN & BAKER, LLP** <br> 4370 La Jolla Village Drive <br> Suite 640 <br> San Diego, CA 92122 <br> Telephone: 858-552-6750 <br> Facsimile: 858-552-6749 <br><br> *Attorneys for Plaintiffs* |
| **EDGAR R. NIELD** <br> enield@nieldlaw.com <br> 4370 La Jolla Village Drive <br> Suite 640 <br> San Diego, CA 92122 <br> Telephone: 858-552-6745 <br> Facsimile: 858-552-6749 <br><br> *Attorney for Plaintiffs* | **ALEXANDER SHAKNES** <br> E-Mail: Alex.Shaknes@dlapiper.com <br> **AMY W. SCHULMAN** <br> E-Mail: Amy.schulman@dlapiper.com <br> **DLA PIPER US LLP** <br> 1251 Avenue of the Americas <br> New York, New York 10020 <br> Telephone: (212) 335-4829 <br><br> *Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |
| **LONNIE L. SIMPSON** <br> E-Mail: Lonnie.Simpson@dlapiper.com <br> **S. DOUGLAS KNOX** <br> E-Mail: Douglas.knox@dlapiper.com <br> **DLA PIPER US LLP** <br> 100 N. Tampa Street, Suite 2200 <br> Tampa, Florida 33602-5809 <br> Telephone: (813) 229-2111 <br> Facsimile: (813) 229-1447 <br><br> *Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* | **WILLIAM C. MARTIN** <br> E-Mail: william.martin@dlapiper.com <br> **DLA PIPER RUDNICK GRAY CARY US LLP** <br> 203 North LaSalle Street <br> Suite 1900 <br> Chicago, Illinois 60601-1293 <br><br> *Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund* |

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*
**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*