IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI)

| | |
|---|---|
| RENEE BLASZKOWSKI, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MARS INC., et al.,<br><br>Defendants. | Case No. 1:07-cv-21221-CMA<br><br>(Judge Cecilia M. Altonaga)<br><br>**STIPULATED PROTECTIVE ORDER AND APPROVED CONFIDENTIALITY AGREEMENT** |

WHEREAS, discovery in the above-entitled action may involve the disclosure of trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Federal Rule of Civil Procedure 26(c);

WHEREAS, Plaintiffs[1] and Defendant, through counsel, have stipulated to entry of this Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information and materials; and

WHEREAS, documents and information sought in discovery may include confidential and/or trade secret information of Defendant.

IT IS HEREBY ORDERED as follows:

1.  This Protective Order shall apply to all documents (as defined by Fed. R. Civ. P. 34(a)), information, other materials, and data, extracts, summaries and compilations derived therefrom, disclosed or used during the course of discovery in the above-entitled action,

---

[1] The named plaintiffs are: Renee Blaszkowski, Patricia Davis, Susan Peters, Deborah Hock, Beth Wilson, Claire Kotzampaltiris, Donna Hopkins-Jones, Marian Lupo, Jane Herring, Jo-Ann Murphy, Stephanie Stone, Patricia Hanrahan, Debbie Rice, Aim Quinn, Sharon Mathiesen, Sandy Shore, Carolyn White, Lou Wiggins, Michelle Lucarelli, Raul Isern, Danielle Valoras, Lisa MacDonald, Cindy Tregoe, Jennifer Damron, Marlena Rucker, Julie Nelson, Yvonne Thomas, Debbie McGregor, Linda Brown, and Tone Gaglione (collectively, "Plaintiffs").

Dockets.Justia.com

captioned as <u>Renee Blaszkowski, et al., individually and on behalf of others similarly situated v. Mars Inc., et al.,</u> Case No. 1:07-cv-21221-CMA (the "Action"), including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of in what format provided, taken pursuant to the Federal Rules of Civil Procedure (collectively, "Discovery Materials").

2. [Reserved]

### Designation of Discovery Materials Subject to this Protective Order

3. This Protective Order creates two categories of confidentiality. A party may designate Discovery Materials produced, used or disclosed in connection with the Action as (i) "CONFIDENTIAL" or (ii) "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The producing party may designate the confidentiality category for Discovery Materials that, directly or indirectly, reveal such confidential and proprietary information and material, subject to the terms and conditions of this Protective Order. Absent a specific order by this Court, such Discovery Materials, once designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall be used by the parties to the Action solely in connection with this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal or any other purpose or function, and such information shall not be disclosed to or used by anyone except as provided in this Protective Order.

    (a) **CONFIDENTIAL:** Discovery Material designated "CONFIDENTIAL" is information not generally available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations. Discovery Materials that may be designated as "CONFIDENTIAL" include but are

2

not limited to: trade secrets; historical business plans and strategies; historical competitive analyses; historical market research; and financial information.

  (b) **CONFIDENTIAL - ATTORNEYS' EYES ONLY:** Discovery Materials designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are included within the meaning of "CONFIDENTIAL" information as used in this Protective Order and also may include but are not limited to: trade secrets; current business plans and strategies; current market research, including but not limited to market research supporting current business plans and strategies; actual and developmental formulas and formulations of products; sources (including but not limited to names of suppliers) of products and ingredients; recipes; research and product development information; current financial information; current business operation plans (including sales and marketing); and other confidential commercial information that, if disclosed to a business competitor, would tend to damage the party's competitive position.

4. In the case of documents or other tangible materials, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking or stamping the data or each individual item with the appropriate designation.

5. In the case of depositions, information discussed in testimony at a deposition shall be subject to this Protective Order, provided that the information is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally on the record or in writing either at the time of the deposition or after receipt by the parties of the certified transcript (as explained below).

(a) For such time as any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is disclosed in a deposition, the party disclosing such information or document {whether in a question or a response) shall, and the party whose information or document will be disclosed shall have the right to, exclude from attendance at the deposition any person who is not entitled to receive such information or document pursuant to this Protective Order.

(b) In addition to any portions of a deposition designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record of the deposition, a party shall have ten (10) days after receiving a copy of the certified deposition transcript in which to also designate all or specific portions of the transcript in writing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." If within such ten (10) days no party designates in writing or has designated orally on the record certain portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," the parties shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality. All information disclosed during a deposition shall be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the ten (10) days have expired.

Any transcript containing material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," including exhibits thereto, shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL

INFORMATION – ATTORNEYS' EYES ONLY," whichever is appropriate, and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order.

6. In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," whichever is appropriate, and the portion of the report reflecting such information shall be stamped "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," whichever is appropriate, and access thereto shall be limited pursuant to the terms of this Protective Order. The party retaining the expert shall be responsible for the initial stamping of such report.

7. The failure of a party to designate Discovery Materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and the failure to object to such a designation, shall not preclude a party from subsequently designating or objecting to the designation of such information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The correction to the designation shall be made in writing and accompanied by the properly marked substitute copies. Within five (5) days of receiving the substitute copies, the receiving party shall return or destroy (and so certify in writing to the designating party) the previously unmarked or mismarked Discovery Materials (and all copies distributed to any person, including those authorized to have access under the new designation) and shall make a good faith effort to retrieve such

Discovery Materials (and return or destroy such Discovery Materials) if they were disclosed to persons not permitted by this Protective Order under the corrected designation. The parties understand that a party's failure to designate information or documents as either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within the time specified in this Protective Order relieves the other party of any obligation of confidentiality until the designation is actually made.

8. Nothing in this Protective Order shall preclude the disclosure or use of Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" if:

    (a) the producing party agrees, or the Court rules, that such information is in the public domain at the time of disclosure; or

    (b) the producing party agrees, or the Court rules, that such information becomes part of the public domain through no fault of the receiving party, its counsel, or any independent expert retained on behalf of the receiving party or any person to whom disclosure is permitted pursuant to Paragraphs 9 and 10 of this Protective Order; or

    (c) the producing party agrees, or the Court rules, that such information was in the rightful and lawful possession of the receiving party at the time of disclosure on a non-confidential basis from a source other than the producing party, provided that such source is not bound by a confidentiality agreement with the producing party; or

    (d) such information is required to be disclosed by any law, regulation,

order, or rule of any governmental authority, provided that the receiving party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the producing party to afford the producing party the opportunity to seek legal protection from the disclosure of such information or documents.

**Persons Entitled to Receive or Use Discovery Materials Subject to this Protective Order**

9. Any Discovery Materials designated as "CONFIDENTIAL -ATTORNEYS' EYES ONLY" shall be used by the receiving party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person[2] other than:

(a) The Court, including court personnel, any court exercising appellate jurisdiction over this Action, and employees and stenographers transcribing testimony or argument at a deposition;

(b) Outside counsel of record for the parties who are signatories to this Protective Order and employees of such attorneys and law firms to whom it is necessary that the information be disclosed for this Action, including paralegals, secretaries and clerks;

(c) Actual independent experts, consultants, investigators and advisors who are qualified by knowledge, skill, experience, training or education and retained by outside counsel to assist in the preparation or trial of this Action and to whom it is

---

[2] "Person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities.

necessary that the information be disclosed, and who have been given a copy of this Protective Order and signed a Declaration in the form of Exhibit A (attached);

(d) Document contractors, electronic discovery contractors, exhibit contractors, graphic art contractors or jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed, and who have been given a copy of this Protective Order and have signed a Declaration in the form of Exhibit A (attached); and

(e) Such other persons as the outside counsel for the producing party shall consent to in writing before the proposed disclosure. The parties shall identify in writing the documents or information for which consent is given.

10. Any Discovery Materials designated as "CONFIDENTIAL" shall be used by the receiving party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person other than those persons listed under Paragraph 9 and listed in this Paragraph 10:

Employees or representatives of a receiving party, such as corporate officers and in-house counsel, provided that: (1) such disclosure or access is reasonably necessary to the prosecution or defense of this Action; (2) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and (3) such person has been given a copy of this Protective Order and has signed a Declaration in the form of Exhibit A (attached).

11. Nothing in this Protective Order prevents a producing party's own employees or representatives from viewing or being shown Discovery Materials designated by that producing party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

12. Before any person designated in Paragraph 9(c) is given access to "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Materials, counsel for the producing party must be served with a notice identifying each person who is to receive such information and setting forth a specific description of the Discovery Material to be provided to such person. Counsel for the producing party must also be served with (1) a copy of the curriculum vitae of the person who is to receive the information, (2) a list of any pet food manufacturer, retailer, co-packer, ingredient supplier or distributor with whom the person has been employed, has consulted or has had any business relationship in the last five years and a description of the employment, consultation or business relationship, and (3) a list of any animal rights or other pet-related advocacy or lobbying organization with whom the person has been employed, has consulted or has had any membership or other relationship in the last five years and a description of the employment, consultation, membership or other relationship. Counsel for the producing party will have five (5) business days to object to such notice by serving a written objection. All objections must be supported by a showing of good cause as to the merits of the objection. If no properly supported written objection is received within five (5) business days, "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Materials may be shown to such person. If an objection is served, and if the parties are not able to resolve the issue, the objecting party shall file an appropriate motion within ten (10) days of service of the objection. If no such motion is filed within such time period, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Materials may be shown to such

person designated in Paragraph 9(c). Upon the filing of such a motion, however, "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Discovery Materials may not be shown to such person pending the Court's ruling upon the motion.

13. Before any person designated in Paragraphs 9(c) or 10 is given access to "CONFIDENTIAL" Discovery Materials, counsel for the producing party must be served with a notice identifying each person who is to receive such information and setting forth a specific description of the Discovery Material to be provided to such person. Counsel for the producing party must also be served with (1) a copy of the curriculum vitae of the person who is to receive the information pursuant to 9(c), and (2) a list of any pet food manufacturer, retailer, co-packer, ingredient supplier or distributor with whom the person has been employed, has consulted or has had any business relationship in the last five years and a description of the employment, consultation or business relationship, and (3) a list of any animal rights or other pet-related advocacy or lobbying organization with whom the person has been employed, has consulted or has had any membership or other relationship in the last five years and a description of the employment, consultation, membership or other relationship. Counsel for the producing party will have five (5) business days to object to such notice by serving a written objection. All objections must be supported by a showing of good cause as to the merits of the objection. If no objection is received within ten (10) days, "CONFIDENTIAL" Discovery Materials may be shown to such person. If an objection is served, and if the parties are not able to resolve the issue, the objecting party shall file an appropriate motion within ten (10) days of service of the objection. If no such motion is filed within such time period, "CONFIDENTIAL" Discovery Materials may be shown to such person. Upon the filing of such a motion, however, "CONFIDENTIAL" Discovery Materials that are the

subject of such motion may not be shown to such person pending the Court's ruling upon the motion.

14. Parties who make "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" Discovery Materials available to persons set forth in Paragraphs 9(b)-(e) and 10 above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order, and such parties shall be prepared to account for the disposition and use of this material to those persons. All copies or duplication of, and information derived from (including but not limited to notes, summaries or memoranda), Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be subject to the same restrictions imposed herein on original Discovery Materials.

## Treatment of Discovery Materials Subject to this Protective Order

15. All persons who receive or have knowledge of Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall exercise reasonable and appropriate care with respect to the storage, custody, and use of such information to ensure that the confidentiality of such information is maintained and secured. All Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be kept in secure facilities by the receiving party, and access to those facilities shall be permitted only to those persons set forth in Paragraphs 9 and 10 as properly having access thereto.

16. This Protective Order does not control the disclosure or use of any evidence during the trial or any hearing in open court of this Action. Counsel for the parties agree to confer in good faith about procedures for handling Discovery Materials designated "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" during trial or any hearing in open court of

this Action, including the possibility of an additional Order. Any party, however, may seek assistance from the Court in maintaining the confidential nature of any evidence that is presented in open court.

### Filing Under Seal

17. Any Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," including any document or portion of a document referring in any way to such confidential Discovery Materials, may be filed under seal only upon entry of a court order granting a motion to seal filed in accordance with S.D. Fla. Local Rule 5.4(B). The party asserting confidentiality bears the burden of obtaining a court order to file documents under seal. A party who intends to file a document containing information designated by another party as confidential shall provide written notice to the party asserting confidentiality. The notice shall specify the Discovery Material designated as confidential that the party intends to file or include in the contemplated filing. Within five (5) business days after receipt of such notice, the party asserting confidentiality shall file a motion to seal pursuant to Local Rule 5.4(B) or withdraw the confidentiality designation. All Confidential Information filed with the Court, and any pleadings, motions or other papers disclosing any Confidential Information shall be filed or lodged under seal consistent with FRCP 26(c). Only portions of filings with the Court containing Confidential Information need be filed under seal. The parties agree to cooperate with each other in a good faith attempt to file the Confidential Information under seal, but will not be precluded from filing documents containing Confidential Information in the ordinary course after a good faith effort to file the document under seal is denied by the Court. To the extent that filing under seal is not permitted by the Court, no party

will file any Confidential Information with the Court without providing at least 2 days' advance notice to the other parties. Any document filed under seal with the Court shall be filed in a separate, sealed envelope on which shall be endorsed the title of the action, the case number, the nature of the content of the envelope, the word, "CONFIDENTIAL," and the following (or similar) statement: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER dated _____."

18. Notwithstanding the terms of this Protective Order, this Protective Order does not affect the rights of a party that produced Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to use or disclose its own such documents or testimony.

### Responses to Subpoenas or Other Process

19. Any party that is served with a subpoena or other notice compelling the production of Discovery Materials produced by another party shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until 10 business days after notifying counsel for the original producing party in writing of all of the following: (1) the information and documentation which is requested for production in the subpoena; (2) the date, time and place designated for compliance with the subpoena; (3) the identity of the party serving the subpoena; and (4) the case name and number, jurisdiction, or other information identifying the litigation or other proceeding in which the subpoena has been issued. Upon receiving such notice, the original producing party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality. The party, counsel or expert receiving the subpoena or other process shall cooperate to the extent reasonably possible, with the producing party in any proceeding

relating thereto.

## Inadvertent Disclosure

20. If Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties and to the Court and, without prejudice to other rights and remedies of the producing or designating party, shall make every effort to prevent further disclosure by it or by the person receiving such information, including the return of the Discovery Material (and all copies).

21. The inadvertent disclosure during discovery of any attorney-client privilege, work product or other protected material (including "CONFIDENTIAL" and ""CONFIDENTIAL - ATTORNEYS' EYES ONLY") shall not be deemed a waiver of privilege, work product, confidentiality or other protection or immunity by the producing party. Upon notice of the inadvertent disclosure, all recipients of the inadvertently disclosed Discovery Material shall return it (and all copies) and shall not use the inadvertently disclosed Discovery Material (or information in it) in any litigation, nor permit it to be copied, excerpted, paraphrased, distributed or otherwise disclosed to any other person.

## Challenging Designations

22. Any party shall be entitled to apply, at any time, to the Court on written motion served for, among other things, an order (a) permitting disclosure of information designated as Confidential Information to persons other than those described in Paragraph 9 or 10 above; (b) granting greater protection than provided for herein or prohibiting discovery altogether of certain

information or documents; or (c) removing the Confidential Information designation as to particular material or information. Prior to filing any such motion, that challenging party shall provide the designating party written notification of its intentions to bring such a motion with respect to the Confidential Information and the grounds for such motion (10) business days before the filing of such motion. Within five (5) business days of receipt of challenging party's written notification, the designating party shall provide the challenging party a written response to grounds stated in the challenging party's written notification. If the parties are still in disagreement regarding the issue, the challenging party may thereafter file a motion with the court to rule on this challenge. All parties agree that this motion can be heard on shortened time. The parties also agree to make all reasonable efforts to ensure that this motion is heard as quickly as the Court's calendar will allow, including, but not limited to, stipulating to having the motion heard on shortened time. In response to any such motion, the designating party shall have the burden to make a particularized showing (document by document) (a) that the proponent has a cognizable privacy interest in the material (e.g., the material contains "trade secret or other confidential research, development, or commercial information," under FRCP 26(c)(7), privileged information, as defined in Paragraph 2 or is otherwise protected by law from disclosure), and (b) that its disclosure would be harmful to the proponent's interest in the property. The challenging party shall have an opportunity to respond to show that the documentation and/or information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. Confidential Information will remain confidential and the terms of this Protective Order will remain unchanged, unless and until this Court grants the motion. The parties further agree that the fact that the material at issue is or is not marked or designated as Confidential Information under this Order shall be given no

weight by the Court in determining whether particular material is or is not entitled to protection as confidential or propriety under applicable law.

## Miscellaneous Provisions

23. Counsel of record for the disclosing party shall retain the original, executed Declarations (in the form of Exhibit A, attached) that have been executed by that party and any person to whom Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is disclosed pursuant to Paragraphs 9 and 10 above.

24. Unless otherwise permitted, within sixty (60) days after the conclusion of this Action, including all appeals, the originals and all copies of Discovery Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that are in the possession, custody, or control of the parties, and persons to whom they have disclosed such Discovery Materials (which should be limited to those persons authorized by Paragraphs 9 and 10) shall be destroyed or returned to counsel for the producing party. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 25 have been completed.

25. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to a party with respect to this Action and, in the course thereof, referring to or relying in a general way upon examination of any "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. Nonetheless, in rendering such advice and in otherwise communicating with a party, such counsel shall not disclose the contents of any

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information contrary to the terms of this Protective Order.

26. This Protective Order shall survive termination of this Action, and the Court retains jurisdiction over disputes regarding compliance with this Protective Order, as well as any person subject to the Protective Order.

27. The terms of this Protective Order shall apply to all manners and means of discovery, including entry onto land or premises and inspection of books, records, computers, electronic files, documents, and tangible things.

28. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

29. This Protective Order is being entered without prejudice to the right of any party for good cause shown to move this Court for modification of or relief from any of its terms, or to seek relief from the court to declassify information designated "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY." The parties may also, by stipulation in writing, provide for exceptions to this Protective Order (such as authorizing additional persons to receive Discovery Materials protected by this Protective Order), or modify this Protective Order by the written agreement of all of the parties hereto, in lieu of court order.

30. Any person subject to the restrictive provisions of this Protective Order agrees to be subject to the restrictions imposed by this Protective Order and to subject his or her person to the

jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Protective Order.

31. All references to "days" in this Protective Order shall be construed as calendar days. If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

32. Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the party to whom notice is required to be given.

33. This Protective Order shall apply to Discovery Materials examined or produced prior to the signing of this Protective Order by the Court.

34. This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the parties, collectively shall be deemed to be the original.

35. If any party or counsel for a party is no longer a party to this action for any reason, the party or counsel for the party continues to be bound by the terms and conditions of this Protective Order.

SO ORDERED THIS DAY ____ OF _____, 2008.

_____
UNITED STATES DISTRICT JUDGE
CECILIA M. ALTONAGA

THIS PROTECTIVE ORDER IS STIPULATED TO AND AGREED BY:

DATED: October 22, 2008

_____
Catherine J. MacIvor
e-mail: cmacivor@mflegal.com
Jeffrey Eric Foreman
e-mail: jforeman@mflegal.com
Jeffrey Bradford Maltzman
e-mail: jmaltzman@milegal.com
Darren W. Friedman
e-mail: dfriedman@mflegal.com
Bjorg Eikeland
e-mail: Beikeland@mflegal.com
MALTZMAN FOREMAN PA
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077

_____
Patrick N. Keegan
e-mail: pkeegan@keeganbaker.com
Jason E. Baker
e-mail: jbaker@keeganbaker.com
Edgar R. Nield
e-mail: enield@nieldlaw.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
*Attorneys for Plaintiffs*

_____
Kristen E. Caverly
e-mail: kcaverly@hcesq.com
HENDERSON & CAVERLY LLP
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all U.S. Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: (858) 756-6342
Facsimile: (858) 756-4732
*Attorney for Defendant Natura Pet Products, Inc.*