UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.

_____/

**RESPONSE IN OPPOSITION TO NATURA PET PRODUCTS, INC.'S
MOTION FOR SUMMARY JUDGMENT AGAINST
PLAINTIFF SUSAN PETERS PURSUANT TO RULE 56**

Plaintiff, Susan Peters, hereby responds to Defendant's, Natura Pet Products, Inc. ("Natura"), Motion for Summary Judgment Against Plaintiff Susan Peters Pursuant to Rule 56 ("Motion"), [DE 523], and states as follows:

**I.  Introduction**

Natura has once again filed a groundless motion with this Court. Ms. Peters has alleged that she purchased and used products manufactured by Natura. To the best of her recollection, she remembers purchasing these products at PETCO and PetSmart.[1] However, Natura, having shown that its products are not and were not sold at PETCO and PetSmart, believes that it can escape liability because of this sole point. Yet, the issue is not whether Ms. Peters obtained Natura's products at PETCO or PetSmart, but only whether Ms. Peters purchased or used

---

[1] PETCO and PetSmart are no longer parties to this case. [DE 483].

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Natura's products.[2]  This is simply because Ms. Peters' claims are against Natura, *not* against PETCO or PetSmart.  Thus, a question of fact remains as to whether Ms. Peters has obtained, used, and was injured by Natura's products, and Ms. Peters therefore respectfully requests that Natura's Motion be denied.

II. **To the extent that a factual dispute exists, the facts are to be examined in the light most favorable to Ms. Peters**

When considering a motion for summary judgment, the Eleventh Circuit Court of Appeal has made abundantly clear that all evidence is to be construed in the light most favorable to the non-moving party.  *Schwarz v. City of Treasure Island*, 2008 U.S. App. LEXIS 21094, **21-22 (11th Cir. Oct. 8, 2008); *Wright v. Everson*, 2008 U.S. App. LEXIS 20177, *10 (11th Cir. Fla. 2008) ("'Summary judgment is proper if, when viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007)).  In this case, there is conflicting testimony, declarations, and other evidence demonstrating an obvious dispute over whether Ms. Peters ever purchased, used, and obtained Natura products.  [DE 523; 530].  Since Ms. Peters is the non-moving party, the evidence is to be examined in the light most favorable to her.  Accordingly, this would suggest that Ms. Peters *did* obtain Natura products or, at the very least, that credible evidence exists indicating that Ms. Peters obtained Natura products, thus creating a legitimate dispute regarding material facts and rendering Natura's Motion inappropriate.

III. **Natura has *not* demonstrated that Ms. Peters did not obtain and use Natura's products, it has only demonstrated that she did not obtain them from PETCO or PetSmart**

---

[2] Natura even concedes this when it states that, "Peters must show that she purchased or used Natura products to her detriment." [DE 523 p. 5].

The underlying theory of Natura's Motion can be found in one sentence contained within the Motion itself: **"Since Peters' [sic] clearly never got Natura products from PETCO or PetSmart, she cannot credibly maintain that she ever fed Natura products to her pets."** [DE 523 p. 4]. Significantly, Natura has not stated that Natura products are not available within the area where Ms. Peters lives or in the Missouri locale where she testified that she shopped with her mother for Natura pet food. [DE 530-2 ¶6]. Thus, the *entire* basis for Natura's argument is that, since it appears that Ms. Peters' claim that she bought Natura's products at PETCO and PetSmart is wrong, she simply never bought any Natura products at all. [DE 523 p. 4]. Natura states as much in its Motion: "Peters cannot prevail on any of the six causes of action alleged against Natura in the Complaint *because she never purchased or fed* Natura products to her pets." [DE 523 p. 4] (emphasis added). This is wholly improper, however, because such a premise completely disregards the fact that Ms. Peters testified that she purchased or obtained Natura products and has filed a declaration attesting to the fact that she could have made the purchases at other stores where she shopped. [DE 530-2]. The importance of this is that Ms. Peters' claims *are* against Natura and *are not* against PETCO and PetSmart. Therefore, the issue is *not* where Ms. Peters obtained Natura products, but whether she used Natura products. [DE 530-2 ¶11].

Natura's Motion unequivocally concedes that Ms. Peters has alleged that she purchased products manufactured by Natura and that her deposition testimony and sworn interrogatory responses confirm same. [DE 523 p. 2]. Notwithstanding this *evidence*, Natura *still* claims that there is no issue of material fact to be tried because "[Ms.] Peters' sworn interrogatory responses and her deposition testimony that she purchased Natura products in 2006 and/or 2007 cannot possibly be true and must be disregarded." [DE 523 p. 4]. This is entirely incorrect. As this

Court is aware, it is a longstanding rule that "[s]ummary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Eberhardt v. Waters,* 901 F.2d 1578, 1580 (11th Cir. 1990) (quoting Fed. R. Civ. P. 56(c)); *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1167 n.15 (11th Cir. 1995) (answers to interrogatories and deposition testimony is evidence that is to be considered in ruling on a motion for summary judgment). In this case, there is the testimony and the interrogatory responses of Ms. Peters clearly stating that she purchased products manufactured by Natura, and that she believes these products were purchased at PetSmart and PETCO. There are declarations by Shawn Salis, Jonathan Brunk, and Ronn Walthers stating that Natura products have not been sold at PetSmart or PETCO in the last five years. [DE 523]. On the contrary, Ms. Peters' declaration clearly provides that Natura sold pet food at a number of stores near to Ms. Peters' home and business in Oklahoma and in Missouri and that she fed Natura to her pet. [DE 530-2 ¶¶7-8; 530-3; 530-4]. The contradicting evidence demonstrates that an issue of fact remains, which precludes the possibility of summary judgment.

Furthermore, Natura does an excellent job of summarizing the crux of its Motion when it states that, "[i]f Peters did not purchase or use Natura products, Peters has no damages and no standing to challenge Natura's advertising, allege negligence or products liability, or to seek disgorgement of profits or injunctive relief." [DE 523 p. 5]. Yet, *even if* all of Natura's arguments in its Motion and the evidence presented in support thereof are accepted as true, all it shows is that Ms. Peters did not purchase and/or obtain Natura's products at PETCO or PetSmart. The evidence offered by Natura does *not* show that Ms. Peters did not obtain pet food

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

manufactured by Natura at any of the other stores in the locations near her home and business and in the area where Ms. Peters' mother resides or otherwise not use Natura's products. This is in spite of evidence demonstrating that Ms. Peters purchased these products at such locations, which is substantiated by Natura's own website displaying that Natura's products are sold at these locations. [DE 530-2 ¶¶6-9; 530-3; 530-4]. Accordingly, while Natura cites to case law suggesting that Ms. Peters must have incurred some type of injury/damage to bring her claims, [DE 523 p. 5], Natura has offered no evidence showing that no such injury/damage occurred. Instead, it has shown that no such injury/damage occurred at the hands of PETCO and PetSmart.

Therefore, since Ms. Peters' claims are against Natura and not PETCO or PetSmart, where Ms. Peters purchased or obtained the Natura products is irrelevant to the issue of whether Ms. Peters obtained and used pet food manufactured by Natura. As to this point, a material question of fact remains, making summary judgment improper.

**IV.    Ms. Peters did not need to purchase Natura's products in order to maintain a FDUTPA cause of action**

While Ms. Peters alleges that she purchased pet food manufactured by Natura, *even if* she did not purchase the pet food, this in itself is still insufficient to dismiss her Florida Deceptive and Trade Practices Act ("FDUTPA") claim. Under FDUTPA, a FDUTPA cause of action will still exist even if there is no purchase. This is because the statute was deliberately amended to make damages available to not just consumers, but any person injured by a FDUTPA violation. *See Niles Audio Corp. v. OEM Sys. Co.*, 174 F. Supp. 2d 1315, 1319-20 (S.D. Fla. 2001) (finding that plaintiff, despite never purchasing a product of the defendant, may bring a FDUTPA claim against defendant, a competitor of the plaintiff, because the defendant promoted and sold a product similar to the plaintiff's); *Gritzke v. M.R.A. Holding, LLC*, 2002 U.S. Dist. LEXIS 28085, **11-13 (N.D. Fla. Mar. 14, 2002) (finding that plaintiff, despite never purchasing a

MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

product of the defendant, may bring a FDUTPA claim based on defendant's unauthorized use of plaintiff's photograph); *James D. Hinson Elec. Contr. Co. v. Bellsouth Telcoms., Inc.*, 2008 U.S. Dist. LEXIS 9464, **8-9 (M.D. Fla. Feb. 8, 2008) (denying motion to dismiss because plaintiff, despite never purchasing a product of the defendant, may bring a FDUTPA cause of action based upon the defendant marking up a reimbursement bill); *Furmanite America, Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1145-46 (M.D. Fla. 2007) (denying motion for summary judgment as a FDUTPA claim may be based on misappropriation of trade secrets and confidential information, despite the plaintiff having never purchased a product of the defendants); *True Title, Inc. v. Blanchard*, 2006 U.S. Dist. LEXIS 95069, **7-12 (M.D. Fla. Feb. 5, 2006) (finding that plaintiff company, despite never purchasing a product of the defendant, could bring a FDUTPA claim against defendants who had taken plaintiff's information in order to start a new company to compete with the plaintiff). *See also State v. Classic Pool & Patio*, 777 N.E.2d 1162 (Ind. Ct. App. 2002) (deceptive act that occurs during solicitation prior to a sale is an independent violation separate from a violation that occurs during a sale); *McDonald v. Bedford Datsun*, 59 Ohio App. 3d 38, 41 (Ohio Ct. App., Cuyahoga County 1989) ("It is not necessary that a sale actually take place."); *Brashears v. Sight N Sound Appliance Ctrs., Inc.*, 1999 OK CIV APP 52, 14 (Okla. Civ. App. 1999) (no purchase requirement under Oklahoma Consumer Protection Act). Accordingly, Ms. Peters' breach of FDUTPA claim against Natura is still valid even if she did not purchase Natura products.

V. **Conclusion**

Plaintiff, Susan Peters, respectfully requests this Court deny all relief requested by Natura in its Motion for Summary Judgment Against Plaintiff Susan Peters, and for all other relief that this Court deems just and proper.

Dated: November 4, 2008
    Miami, FL

                                  By: <u>s/ Catherine J. MacIvor</u>
                                       CATHERINE J. MACIVOR (FBN 932711)
                                       cmacivor@mflegal.com
                                       MALTZMAN FOREMAN, PA
                                       One Biscayne Tower
                                       2 South Biscayne Boulevard -Suite 2300
                                       Miami, Florida 33131
                                       Tel: 305-358-6555 / Fax: 305-374-9077

                                       PATRICK N. KEEGAN
                                       pkeegan@keeganbaker.com
                                       JASON E BAKER
                                       jbaker@keeganbaker.com
                                       KEEGAN & BAKER, LLP
                                       4370 La Jolla Village Drive
                                       Suite 640
                                       San Diego, CA 92122
                                       Tel: 858-552-6750 / Fax 858-552-6749
                                       *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 4th day of November, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                    s/ Catherine J. MacIvor
                                                                        Catherine J. MacIvor

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

| | |
|---|---|
| **MARK C. GOODMAN**<br>mgoodman@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>One Maritime Plaza<br>Suite 300<br>San Francisco, CA 94111-3492<br>Telephone: (415) 954-0200<br>Facsimile: (415) 393-9887<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation* | **BARBARA BOLTON LITTEN**<br>blitten@ssd.com<br>**SQUIRE, SANDERS & DEMPSEY LLP**<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401-6198<br>Telephone: (561) 650-7200<br>Facsimile: (561) 655-1509<br><br>*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation* |
| **JEFFREY S. YORK**<br>E-Mail: jyork@mcguirewoods.com<br>**MICHAEL GIEL**<br>E-Mail: mgiel@mcguirewoods.com<br>**McGUIRE WOODS LLP**<br>50 N. Laura Street, Suite 3300<br>Jacksonville, FL 32202<br>Telephone: (904) 798-2680<br>Facsimile: (904) 360-6330<br><br>*Attorneys for Defendant Natura Pet Products, Inc.* | **KRISTEN E. CAVERLY**<br>E-Mail: kcaverly@hcesq.com<br>**ROBERT C. MARDIAN III**<br>rmardian@hcesq.com<br>**HENDERSON CAVERLY PUM & CHARNEY LLP**<br>16236 San Dieguito Road, Suite 4-13<br>P.O. Box 9144 (all US Mail)<br>Rancho Santa Fe, CA 92067-9144<br>Telephone: 858-756-6342 x)101<br>Facsimile: 858-756-4732<br><br>*Attorneys for Natura Pet Products, Inc.* |
| **OMAR ORTEGA**<br>Email: ortegalaw@bellsouth.net<br>**DORTA & ORTEGA, P.A.**<br>Douglas Entrance<br>800 S. Douglas Road, Suite 149<br>Coral Gables, Florida 33134<br>Telephone: (305) 461-5454<br>Facsimile: (305) 461-5226<br><br>*Attorneys for Defendant Mars, Inc.*<br>*and Mars Petcare U.S. and Nutro Products, Inc.* | **ALAN G. GREER**<br>agreer@richmangreer.com<br>**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**<br>201 South Biscayne Boulevard<br>Suite 1000<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br><br>*Attorneys for Defendants The Iams Co.* |

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

11
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

13
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**