UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.*

    Defendants.
_____/

## MALTZMAN FOREMAN'S OBJECTIONS, MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER AS TO SUBPOENAED DOCUMENTS

Maltzman Foreman P.A hereby states its objections to Defendant, Natura Pet Products, Inc.'s ("Natura") subpoena duces tecum, respectfully requests this Court to enter a protective order and/or an order quashing the subpoena pursuant to Federal Rules of Civil Procedure 26 and 45, and as grounds, states as follows:

**I.    Introduction**

Natura has subpoenaed the records of Maltzman Foreman P.A., which is co-lead counsel for the Plaintiffs in this action, to obtain records prepared by the Plaintiffs' attorneys and at the direction of the Plaintiffs' attorneys and communications between the Plaintiffs' counsel and Plaintiff, Patricia Davis, because, for some reason, Natura is on a mission to question the veracity of whether Ms. Davis advised her counsel that she had used Natura pet products.

**II.    The issue before the Court**

This past August, the Plaintiffs sought to add Arna Cortazzo as a Plaintiff in this litigation because, during the course of discovery, Ms. Davis had omitted Natura products from

her interrogatory responses. The Plaintiffs thus sought to add a Ms. Cortazzo as a Plaintiff to maintain jurisdiction with this Court based on Ms. Davis' responses to interrogatories. In its opposition to adding Ms. Cortazzo, Natura requested dismissal of the case because, Natura claimed, that Ms. Davis had never used Natura products in the first place because Natura was not listed in Ms. Davis' responses to her interrogatories. After clarifying why Ms. Davis had initially listed Natura in the Fourth Amended Complaint as a manufacturer of a product that she used, but omitted Natura from her interrogatories, the Plaintiffs responded that Ms. Davis had not purchased Natura products, but she had used samples of Natura products, and she had omitted Natura from her interrogatory responses because she interpreted the interrogatory to relate to purchases only.

Natura has since deposed Ms. Davis on September 24, 2008, about her initial interrogatory responses, her amended interrogatory responses, which corrected the omission of Natura products, and all other aspects of this case. [DE 536-2]. Natura questioned her at length about her discovery responses and the declaration that she previously filed attesting to the fact that she had used Natura products. [DE 536-2 pp. 10-48, 65-120, 126-132].

Even after that detailed and lengthy deposition questioning, Natura now seeks the production of documents relating to Plaintiff's, Patricia Davis, use of Natura products in its continuing effort to harass Ms. Davis by seeking to have her lawyers divulge attorney client privileged and work product protected documents just so that Natura can continue its quest to try to prove that Ms. Davis somehow has never used Natura pet food. *See* subpoena to Maltzman Foreman, attached hereto as Exhibit "A." Natura is quite simply on a fishing expedition to obtain what it hopes may be some sort of evidence that Ms. Davis never used Natura products by seeking the production of counsel's internal attorney client privileged and work product

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

protected documents. That is improper and inappropriate. Ms. Davis' responses in her deposition clearly provide the information that Natura seeks.

Natura's subpoena *duces tecum* to Maltzman Foreman P.A., which represents the Plaintiffs in this case, includes four separate document requests that seek improper information that is overbroad, privileged and confidential.

## III. The firm was improperly served

Rule 45 requires a subpoena to be served by "delivering" a copy of the subpoena to the person named in the subpoena. Fed. R. Civ. P. 45(b)(1). Consequently, in order to satisfy Rule 45, the majority rule is that personal service of a subpoena is mandatory, and service by mail or other substituted service is improper. *See* 9-45 Moore's Federal Practice - Civil § 45.21 (citing *Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) (personal service of subpoena was required when defendants became nonparties after dismissal); *In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973) (when subpoena was directed to corporate officers in their individual capacities, personal service was required, and service on corporation's registered agent was insufficient); *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968) (service of subpoena must be on person named, and service on attorney for person is not sufficient); *Terre Haute Warehousing Serv. v. Grinnell Fire Protection Sys. Co.*, 193 F.R.D. 561, 562-563 (S.D. Ind. 1999) (personal service of subpoena required, and certified mail is insufficient); *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995) (service of subpoena duces tecum by certified mail improper); *Windsor v. Martindale*, 175 F.R.D. 665, 669-670 (D. Colo. 1997) (though initial mail service by party was invalid, when in forma pauperis plaintiff later obtained service by mail through U.S. marshal, that service was sufficient); *Klockner Namasco Holdings Corp. v. Daily Access.Com, Inc.*, 211 F.R.D. 685, 687 (N.D. Ga. 2002) (service of deposition

subpoena on spouse at couple's residence did not satisfy personal service requirement); *United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27, 37-38 (D.D.C. 2004) (leaving subpoena in mail room or with support staff not sufficient because personal service is required); *F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson*, 636 F.2d 1300, 1312 (D.C. Cir. 1980) (service by registered mail is never valid means of delivering compulsory process)).

Since the concept of "personal service" may be somewhat vague when applied to an artificial entity such as a corporation, "service of a subpoena on an artificial entity may be made by using the analogous method for service of process on that entity under Rule 4." 9-45 Moore's Federal Practice - Civil § 45.21. *See In re Pappas*, 214 B.R. 84, 85 (D. Conn. 1997) ("Because *Rule 45* does not specify what constitutes personal service upon a corporation, courts look to *Fed. R. Civ. P. 4* for guidance.") (citing *Khachikian v. BASF Corp.*, 1994 U.S. Dist. LEXIS 2881, 1994 WL 86702 (N.D.N.Y. 1994). *See also In re Grand Jury Subpoenas*, 775 F.2d 43, 46 (2d Cir. 1985), *cert. denied*, 475 U.S. 1081, 106 S. Ct. 1459, 89 L. Ed. 2d 716 (1986) (applying Fed. R. Civ. P. 4 to determined [sic] whether subpoenas were properly served to two corporations)). Rule 4(h), which applies to service upon corporations and associations, provides, in relevant part:

> [A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .

Fed. R. Civ. P. 4(h)(1). In turn, Rule 4(e)(1) states, in relevant part: "[A]n individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Florida Statute chapter 48.031 and chapter 48.081 collaboratively govern service of witness subpoenas on corporations. Under chapter 48.031, "The service of process of witness subpoenas, whether in criminal cases or civil actions, shall be made as provided in subsection (1)." Fla. Stat. ch. 48.031(3)(a). Subsection (1) of this chapter provides, in relevant part, that "Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper by leaving the copies at his or her usual place of abode . . . ." Fla Stat. ch. 48.031(1)(a). However, because Maltzman Foreman, P.A. is a corporation and not an individual, chapter 48.081, which governs service on corporations, applies as well. While this chapter provides who may be served, it does not provide an exception that would allow for something other than personal service. Fla. Stat. ch. 48.081. In fact, to the extent that *any* relevant chapter offers something other than personal service, it is chapter 48.031(3)(a), which allows for *mailing* a witness subpoena to a witness only in criminal traffic cases, misdemeanors, or second or third degree felony cases. Fla. Stat. ch. 48.031(3)(a). Accordingly, the governing Florida Statutes do not permit for service by email and, further, to the extent that an exception to personal service does exist, it only allows this (1) by United States mail *and* (2) to limited categories of cases. Both of these prerequisites have not been met in this case. Thus, there was no proper service of the subpoena on Maltzman Foreman, P.A. since there was no valid personal service.

IV. **Natura's Improper Requests**

**1. All documents dated January 16, 2008, that indicate that plaintiff Patricia Davis used products manufactured or distributed by Natura Pet Products, Inc.**

There is only one document dated January 16, 2008, that indicates that Patricia Davis used Natura products and that is a document that was prepared during the course of the litigation based upon interviews by lawyers, at the direction of counsel, relating to the claims in this case,

including what Plaintiffs used which pet foods. [DE 535-2 p. 2]. It encompasses information derived form attorney client privileged and confidential communications concerning the claims made in this case and is work product protected because it is a summary of multiple conversations regarding information obtained over time relating to this lawsuit and the claims made by the Plaintiffs. [DE 535-2 p. 2]. It is an internal document and has only been used by my law firm in this litigation. [DE 535-2 p. 2]. All other information used to prepare this document was destroyed once this document was compiled. [DE 535-2 p. 2].

The document at issue thus contains confidential attorney client privileged information since it was prepared during the course of rendering legal advice over the course of many months, it relates to key issues in the lawsuit, it is confidential and not intended to be disclosed to anyone outside of the Maltzman Foreman, P.A. law firm. *See United States v. Jones*, 517 F.2d 666 (5th Cir. 1975).[1] *Jones* holds that a claim of attorney-client privilege requires proof of the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Id.,* quoting *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950)). The communication at issue was created based on conversations between lawyers in the firm and the Plaintiffs over time relating to the issues in this lawsuit. The information was obtained from Ms. Davis and for the purpose of giving her a legal opinion on her claim and for

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

pre-trial preparation of the case. It is thus unquestionably privileged and therefore protected from disclosure.

The document is also work product protected since it was prepared based upon privileged communications between attorney and client and contains the mental impressions and thoughts of counsel. Under Federal Rule of Civil Procedure 26(b)(3), parties may not seek to discover documents that are prepared either in anticipation of litigation or for trial. Fed.R.Civ.P. 26(B)(3). As discussed above, the document at issue was prepared by lawyers at Maltzman Foreman from documents that were obtained both in anticipation of imminent litigation and during the course of the litigation as a result of interviews with the Plaintiffs, including Ms. Davis. According to the seminal decision of *Hickman v. Taylor,* 329 U.S. 495 (1947), the document is privileged and where Ms. Davis was already questioned rather thoroughly and at length about her use of Natura pet products at her deposition. [DE 536-2 pp. 1-122]. The mental impressions of the Plaintiffs' attorneys enjoy a near absolute privilege from disclosure. Courts have generally explained in civil matters that to overcome the work product privilege a person must show both a substantial need for the information and that seeking the information through other means would cause undue hardship. *See, e.g.,* Fed.R.Civ.P. 26(b)(3); *Hickman*, 329 U.S. at 512-13, 67 S. Ct. 385 (party must show that production of the material is not merely relevant, but also necessary). Even that showing does not suffice when considering "opinion" work product, such as internal memoranda, that reflects an attorney's mental impressions; these materials are almost always protected from disclosure. *See, e.g., Hickman*, 329 U.S. at 510, 67 S. Ct. 385; *Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) (noting in dispute under Fed.R.Crim.P. 16(a)(2) that "opinion work product enjoys almost absolute immunity" from discovery). The document request thus improperly attempts to invade the attorney client and

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

work product privileges, particularly where Ms. Davis has responded to discovery about same and about which she was questioned at length in her deposition.

**2.     The documents identified in the email sent on Friday, September 12, 2008 at 3:17 p.m. from cmacivor@mflegal.com to kcaverly@hsesq.com, which is attached hereto as Exhibit 1.**

The requested document is the only document that is responsive and the objections referenced in request number 1 above are equally applicable to this request and are adopted by reference.

**3.     Interrogatory responses, drafts and final, prepared by plaintiff Patricia Davis.**

Natura is already in possession of final interrogatory responses which were previously served on Natura. This request is therefore harassing since it requests, in part, final interrogatory responses that Natura is already well aware that it has in its possession and which were served on June 30, 2008 and October 15, 2008. [DE 535-2 p. 2]. As for draft discovery responses, Maltzman and Foreman P.A. did not retain any drafts and there are thus no responsive documents as to that portion of the document request. [DE 535-2 p. 2].

**4.     All documents received from plaintiff Patricia Davis which indicate that she used products manufactured or distributed by Natura Pet Products, Inc.**

Maltzman Foreman P.A. has already produced all documents received from the Plaintiffs, including Ms. Davis, that were not prepared by an attorney or prepared under the supervision of an attorney. To the extent that the request appears to seek any and all internal documents to and from Ms. Davis from any lawyer or person working under the supervision of a lawyer, the request is overbroad and subject to the attorney client privilege and work product doctrine referenced above. It is the undersigned's belief that there are no responsive documents other than the single document referenced in response to request number 1 above. However, to be sure, it would take thousands of hours (5,760 hours) to look through thousands of emails on 48 different computers and the extensive file in this case to locate and segregate "all" potentially responsive

documents and would cost an estimated $730,000 to locate them. [DE 537-2 pp. 1-2]. Given that even if some documents do exist, and that is both doubtful and speculative, these documents are subject to the privileges referenced above. This request is thus absurdly overbroad, improper and inappropriate, particularly as Ms. Davis was already questioned at length at her deposition concerning her use of Natura products at her deposition. Such an extensive and expensive fishing expedition is improper.

WHEREFORE, the Plaintiffs respectfully request this Court to grant the objections raised by the Plaintiffs, quash the subpoena and to enter a protective order consistent with the relief set forth above and for all other relief that the Court deems just and proper.

Dated: November 6, 2008
      Miami, FL

By: /s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 6 day of November, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

| | |
|---|---|
| **BENJAMIN REID**<br>E-Mail: bried@carltonfields.com<br>**ANA CRAIG**<br>E-Mail: acraig@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>100 S.E. Second Street, Suite 4000<br>Miami, Florida 33131-0050<br>Telephone: (305)530-0050<br>Facsimile: (305) 530-0050<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* | **JOHN J. KUSTER**<br>jkuster@sidley.com<br>**JAMES D. ARDEN**<br>jarden@sidley.com<br>**SIDLEY AUSTIN LLP**<br>787 Seventh Avenue<br>New York, New York 10019-6018<br>Telephone: (212) 839-5300<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* |
| **KARA L. McCALL**<br>kmccall@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One S. Dearborn Street<br>Chicago, ILL 60633<br>Telephone: (312) 853-2666<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* | **RICHARD FAMA**<br>E-Mail: rfama@cozen.com<br>**JOHN J. McDONOUGH**<br>E-Mail: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* |
| **SHERRIL M. COLOMBO**<br>E-Mail: scolombo@cozen.com<br>**COZEN O'CONNOR**<br>200 South Biscayne Boulevard<br>Suite 4410<br>Miami, Florida 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br><br>*Attorneys for Defendant Del Monte Foods Co.* | |

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*