# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

### CASE NO: 07-21221 CIV ALTONAGA/Brown

**RENEE BLASZKOWSKI,** *et al.,*
individually and on behalf of
others similarly situated,

Plaintiffs,

v.

**MARS INC.,** *et al.*

Defendants.

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS', RENEE BLASZKOWSKI AND JENNIFER DAMRON, MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE WITHOUT AN AWARD OF COSTS AND FEES

Catherine J. MacIvor
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Defendants*

In its Response, Defendant, Natura Pet Products, Inc. ("Natura"), essentially claims that Renee Blaszkowski's and Jennifer Damron's Motion for Voluntary Dismissal with Prejudice Without an Award of Costs and Fees ("Motion") should be granted in part and denied in part. In agreeing to dismiss these two Plaintiffs, Natura actually goes so far as to "request[] that this Court immediately enter the requested dismissal with prejudice[.]" [DE 522 p. 1]. Despite Natura's consent to the voluntary dismissal with prejudice of Ms. Blaszkowski and Ms. Damron, however, just like in its Motion for Summary Judgment as to the Non-Natura Plaintiffs, [DE 515], Natura refuses to let Plaintiffs in this case simply drop their claims and walk away from the litigation. Instead, in its continued effort to punish consumers who brought and litigated good faith claims against a multi-million dollar corporate conglomerate, Natura asks this Court to deny the Motion's request that Ms. Blaszkowski and Ms. Damron's dismissal with prejudice be without an assessment of costs and fees. To justify its position, Natura relies upon a single case that is at odds with the federal District Courts and Courts of Appeal in judicial circuits all over the country. Yet, a thorough review of the case law analyzing dismissals with prejudice under Federal Rule of Civil Procedure 41(a)(2) allows for—and even encourages— each party to bear its own costs and fees when plaintiffs voluntarily dismiss their claims with prejudice. This is especially true where the two Plaintiffs are consumers and seek dismissals because the financial toll of continuing in this case would, quite literally, drive them into bankruptcy or worse.

## I.    **Natura is not <u>entitled</u> to costs under Rule 54 or fees under FDUTPA**

Natura begins its legal argument by discussing the dichotomy between costs and fees and by disingenuously stating that Ms. Blaszkowski and Ms. Damron "would have the Court believe that It must award to Natura either nothing or both fees and costs." [DE 522 p. 2-3]. Not only is this incorrect because Ms. Blaszkowski and Ms. Damron <u>never</u> argued this proposition, but the issue is purely academic because Natura has consistently maintained that it will seek <u>both</u> costs and fees. In fact, the entire reason Ms. Blaszkowski and Ms. Damron originally filed the Motion was because Natura refused to stipulate to the dismissal of their claims with prejudice in exchange for waiving costs and fees from these Plaintiffs. [DE 518 p. 1 n.1]. Moreover, in its Response, Natura has asked for costs pursuant to Rule 54(d)(1) and has requested leave to file a motion for attorney's fees under FDUTPA. [DE 522]. Accordingly, Ms. Blaszkowski and Ms. Damron have not created an all-or-nothing proposition, as Natura suggests. Instead, Natura, in its vengeful pursuit to punish Ms. Blaszkowski and Ms. Damron for litigating this case and to

create a chilling effect on the participation of all other Plaintiffs, has consistently threatened to obtain retribution from Ms. Blaszkowski and Ms. Damron in the only ways it knows how: costs and fees. As such, so long as Natura pursues both costs and fees, Ms. Blaszkowski and Ms. Damron seek dismissals with prejudice contingent upon no assessment of costs and fees.

### A. Courts all over the country refuse to award costs when claims are voluntarily dismissed _with_ prejudice under Rule 41(a)(2)

Natura argues that, upon the voluntary dismissals with prejudice, it becomes a "prevailing party" and is therefore entitled to costs under Rule 54(d). [DE 522 p. 3]. In support, the Defendant cites the lone case of *Mathews v. Crosby*, 480 F. 3d 1265, 1276 (11th Cir. 2007). [DE 522 p.3]. While *Mathews* somewhat supports this proposition, *Mathews* stands alone and is at odds with the _overwhelming_ majority of decisions in the federal courts of Florida and throughout the nation.[1] Furthermore, contrary to Natura's contention, there is no "obligation[] to pay costs to prevailing part[ies]" under Rule 54 because costs _are not mandatory_ and, as discussed *infra*, _are discouraged from being awarded in cases such as this_. [DE 522 p.2].

The decision whether to award costs upon a voluntary dismissal is up to the discretion of this Court, and the Court in *Mathews* recognizes this much. *Id*. However, the *Mathews* Court overlooked the distinction that Eleventh Circuit courts (and courts from nearly every other Circuit) have consistently recognized: that, regardless of whether a party has technically "prevailed," costs are awarded upon a voluntary dismissal _without_ prejudice and **_not_** when a case has been voluntarily dismissed _with_ prejudice. A survey of the federal district courts in Florida makes clear the policy behind awarding costs **_only_** upon a voluntary dismissal without prejudice, which is to prevent the defendants from bearing the burden of paying for the same litigation twice should the plaintiff choose to re-file the action.[2] *See infra*.

In *Danielson v. DBM, Inc.*, 2007 U.S. Dist. LEXIS 31467 (N.D. Ga. Apr. 30, 2007), a case coming out of the Eleventh Circuit *after Mathews* and which is almost directly on point, the plaintiffs filed a class action lawsuit against DBM and Home Depot. *Id.* at *2. Class

---

[1] *Mathews* has been cited approximately 22 times and only one Alabama court has cited it for the proposition that a party receiving a voluntary dismissal with prejudice is a prevailing party. *Dews v. Troy Univ.*, 2007 U.S. Dist. LEXIS 49572 (M.D. Ala. 2007); *Nobles v. Rural Cmty. Ins. Servs.*, 490 F. Supp. 2d 1196 (M.D. Ala. 2007). Moreover, the applicability of *Mathews* as a whole may even be questioned. In *Mathews*, an inmate alleged that prison guards violated his Eighth and Fourteenth Amendment rights and filed suit under 42 USCS § 1983. Unlike the instant case, *Mathews* is not a consumer case, was not a class action, and did not involve a FDUTPA claim.
[2] To the contrary, when a plaintiff dismisses a suit with prejudice, there is no threat to the defendant of re-litigation of the same issues, and courts therefore do not award costs.

certification was denied and the plaintiffs filed a motion to voluntarily dismiss the lawsuit with each party bearing its own costs. *Id.* Just like in this case, DBM agreed to accept the plaintiffs' dismissal, but only upon the plaintiffs' payment of DBM's litigation costs. *Id.* The court, in dismissing the claims with prejudice, ordered each party to bear its own costs and stated:

> DBM alleges that Plaintiffs' case amounts to "unwarranted and costly litigation." While the claims asserted in this case were weak and may well have been unsuccessful, there is no evidence before the Court that Plaintiffs prosecuted the case in bad faith or otherwise engaged in any unfair or dilatory practices. *Plaintiffs here are individual consumers and under the circumstances here, it would be inequitable to impose costs upon them. Furthermore, Plaintiffs here offer to voluntarily dismiss this action with prejudice, thus assuring DBM that it will not be forced to relitigate these same issues in a second lawsuit.*
>
> Rule 54(d)(1) gives the Court discretion whether or not to award costs. 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 227 (3d. ed. 2004) *("Rule 54(d) vests the court with a sound discretion . . . the federal courts are free to pursue a case-by-case approach and to make their decisions on the basis of the circumstances and equities of each case.")*. The Court finds that the equities in this case and, on balance, concludes that equity requires each party to bear its own costs.

*Id.* at \*\*4-5 (emphasis added). The Court thus recognized a number of important factors in deciding whether to not award costs, chiefly that it is inequitable to impose costs on plaintiffs when they are individual consumers and they are dismissing their claims *with* prejudice.

Using the same "with prejudice-without prejudice" distinction, even dismissals without prejudice have been granted with the court awarding costs and fees *only* if the plaintiff refiles. This is also because it is the threat of *relitigation* that is the basis for awarding these costs and fees when there is a dismissal. For example, in the post-*Mathews* case of *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334 (S.D. Fla. 2007), Magistrate Judge McAliley granted the plaintiff's motion to voluntarily dismiss without prejudice one count in the complaint. Judge McAliley ordered that "Count III is dismissed without prejudice on the condition that, *should* [the plaintiff] re-file the breach of contract claim against [the defendant], [the plaintiff] must first reimburse [the defendant] for all taxable costs and reasonable attorneys' fees [the defendant] has incurred in defending this lawsuit." *Id.* at 1343 (emphasis added). Judge McAliley stated that payment of costs and fees was appropriate because those "conditions would substantially protect Columbia from the unfairness of *duplicative* litigation," and cited to

four decisions,[3] including two handed down by the Eleventh Circuit Court of Appeal, in support. *Id.* (emphasis added). These cases are far from an irregularity.[4] *See* the Motion (citing and analyzing nearly twenty cases and legal authorities explaining that costs and fees are *not* awarded when claims are voluntarily dismissed with prejudice under Rule 41(a)(2)), [DE 518 pp. 11-13].

In another post-*Mathews* case, *Akhdary v. Blackbird Techs., Inc.*, 2007 U.S. Dist. LEXIS 86878 (M.D. Fla. 2007), the Middle District made a similar distinction. The Court entered an order dismissing the case without prejudice and required the plaintiff to pay the defendant's costs and attorney's fees. However, in the order, the Court "stated that if Plaintiff found the condition imposed too burdensome, then he could move to withdraw his motion to dismiss without prejudice and file a motion for dismissal with prejudice." *Id.* at *2. *The plaintiff subsequently withdrew his motion to dismiss **without** prejudice and filed a motion for voluntary dismissal **with** prejudice. The Court dismissed the case with prejudice, and vacated its order requiring the plaintiff to pay costs and fees. Id.* The distinction parallels *Murdock v. Prudential Ins. Co. of Am.*, 154 F.R.D. 271, 274 (M.D. Fla. 1994) (emphasis added), where the court explained:

> The reason for denying a fee award upon dismissal of claims with prejudice is simply that the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of *relitigation* of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.

These cases establish that courts awarding costs and fees in the Eleventh Circuit routinely distinguish between voluntary dismissals *with* prejudice and voluntary dismissals *without* prejudice. In this sense, *Mathews* is an anomaly and is at odds with cases in this jurisdiction as well as in nearly every other jurisdiction. *See* [DE 518 pp. 11-13]. The policy behind these

---

[3] *Roberts Enters., Inc. v. Olympia Sales, Inc.,* 186 F. App'x 871 (11th Cir. 2006); *Versa Prods., Inc. v. Home Depot, USA, Inc.,* 387 F.3d 1325, 1328-29 (11th Cir. 2004); *Brown v. ITPE Health & Welfare Fund,* 2006 U.S. Dist. LEXIS 71833 (M.D. Ala. Sept. 21, 2006); *Geary v. WMC Mortg. Corp.,* 2006 U.S. Dist. LEXIS 65395 (N.D. Ga. Aug. 30, 2006). *All of these cases remain good law with no negative treatment.*

[4] *See also Roberts Enters. v. Olympia Sales, Inc.*, 186 Fed. Appx. 871, 871 (11th Cir. 2006) (upholding district court's decision to grant a motion for dismissal without prejudice contingent upon requiring the plaintiff to pay the defendant's costs and attorneys' fees from the first suit *only if* the plaintiff *reasserts* the same claims in a subsequent lawsuit); *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1260 (11th Cir. Fla. 2001) (affirming dismissal without prejudice where "the district court has conditioned the dismissal on the payment of costs to the defendant should the plaintiff later *refile*") (emphasis added); *Ocon v. Equinamics Corp. (In re Ocon)*, 2007 Bankr. LEXIS 1270 (Bankr. S.D. Fla. Mar. 29, 2007) ("the burdens of *re-litigation* are appropriately cured by conditioning dismissal on the payment of costs for work and effort incurred in the first case that would not be of use in the second") (emphasis added); *U.S. v Foodservice, Inc. v. Shamrock Foods Co.*, 246 Fed. Appx 570, 581 (10th Cir. 2007) ("fees are not awarded when a plaintiff obtains a dismissal with prejudice because the defendant cannot be made to defend again."); *Lum v. Mercedes Benz, USA, L.L.C.*, 246 F.R.D. 544, 546 (N.D. Ohio 2007) (there is a "widely held view that costs are not appropriate where the voluntary dismissal is with prejudice").

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

decisions is extremely clear: costs and fees should not be awarded upon a voluntary dismissal with prejudice because the defendant does not face the prospect of paying to re-litigate the same issues in another court. While Natura has found *one* case to support its argument for costs, the overwhelming weight of Eleventh Circuit and other federal case law dictates that Natura is not entitled to an award of costs or fees, and many District Courts in this state and in this Circuit, post-*Mathews*, have recognized this.

> **B.  Fees under FDUTPA are not mandatory, are not awarded to non-prevailing parties, and are not advised in consumer cases such as this**

In a surprisingly matter-of-fact fashion, Natura suggests that, upon the dismissal of Ms. Blaszkowski and Ms. Damron's claims, it will be the prevailing party under FDUTPA and is entitled to attorney's fees under the Statute. Yet, Natura has completely skipped the steps of first establishing that it is a prevailing party and then showing that the assessment of fees is appropriate given the nature of this suit. As to this first matter, Natura has cited to *Mathews* as its only support for its prevailing party status discussion. Yet, *Mathews* deals with prevailing parties for purpose of obtaining costs under Rule 54 and has nothing to do with awarding fees under FDUTPA. As discussed in the Motion, for a party to be considered the prevailing party under FDUTPA, it "must have been awarded a 'favorable judgment[.]'" *CrossPointe, LLC v. Integrated Computing, Inc.*, 2007 U.S. Dist. LEXIS 29301, *14 (M.D. Fla. Apr. 20, 2007). *See also* [DE 518 pp. 14-16]. Natura has completely failed to discuss, let alone cite to, even one case where a court held that a voluntary dismissal with prejudice gives the defendant "prevailing party" status. Simply, the "prevailing party" status for costs is not synonymous with the "prevailing party" status for fees. *See 10-54 Moore's Federal Practice - Civil § 54.101*.

As to the second issue, although Natura cites to *Humane Soc'y of Broward County, Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. 4th DCA 2007) in support of its contention that it should be permitted to evaluate and move for attorneys fees under FDUTPA, it has done so only for the proposition that, when awarding attorneys' fees under FDUTPA, the Florida Legislature has not "intended to treat prevailing defendants differently than prevailing plaintiffs." [DE 522 p. 5]. Natura has taken this sentence out of context for the purpose of suggesting that a defendant should somehow be automatically entitled to an award of fees when it is a "prevailing defendant" under FDUTPA. However, the Fourth District Court of Appeal was considering a much narrower issue than Natura has made clear. In *Humane Society*, final judgment was

entered in favor of the defendant, which subsequently filed a motion seeking costs and fees from the plaintiff. *Id.* at 967. The plaintiff contested the motion and argued that "under the FDUTPA a losing plaintiff should be shielded from liability for fees and costs unless the plaintiff's lawsuit is 'frivolous, unreasonable, or without foundation.'" *Id.* (citation omitted). Considering the narrow issue of whether different standards should apply to prevailing plaintiffs and defendants in a FDUTPA case, the court mentioned that a prevailing defendant should not be treated differently than a prevailing plaintiff and should not be required to satisfy additional prerequisites to recover costs or fees. *Id*. at 971. This statement by no means suggests that an award of fees to a prevailing defendant is mandatory. Instead, the court in *Humane Society* explicitly stated that "<u>*mandatory fee awards had a chilling effect on consumer plaintiffs bringing suit under FDUTPA.*</u>" *Id.* Likewise, Florida courts following in *Humane Society*'s footsteps have maintained that "the award of fees and costs <u>*is not mandatory under the FDUTPA*</u>, but rather a matter committed solely to the discretion of the trial court." *Colomar v. Mercy Hosp., Inc.*, 2008 U.S. Dist. LEXIS 74938 (S.D. Fla. Sept. 26, 2008) (citing *Humane Soc.*, 951 So. 2d at 968) (emphasis added). Thus, even if a defendant is considered a "prevailing party" for the purposes of a voluntary dismissal with prejudice, and this is not the case, it is not automatically entitled to fees as these fees are not mandatory under FDUTPA. This is simply because "the Florida legislature did not enact the FDUTPA fee provisions to stifle or insulate defendants from meritorious consumer lawsuits." *Colomar*, 2008 U.S. Dist. LEXIS 74938 at *15. *See also* [DE 518 pp. 16-19] (discussing in greater detail the inappropriateness of awarding fees to Natura).

    **C.**    **If this Court is to consider assessing costs or fees, Ms. Blaszkowski's and Ms. Damron's inability to pay should be considered**

Even if this Honorable Court believes that the above cases do not bar the Defendant from recovering costs or fees, equity dictates that this Court refuse to award fees to Natura because both Ms. Blaszkowski and Ms. Damron are unable to bear the burden of paying Natura's litigation costs. While Natura cites *Pickett v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832 (11th Cir. 2005), for the proposition that "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding <u>*costs*</u> to the prevailing party[,]" the Eleventh Circuit makes very clear that, by "limited financial resources," the Court is referring to the "relative wealth of the parties." *Id*. Although the relative wealth of the parties may not be sufficient in itself to overcome an assessment of costs, the Eleventh Circuit has clearly stated that

"a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."[5] *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Circuit 2000).[6] In order to overcome the strong basis that a prevailing party is entitled to costs, the district court needs a "sound basis" for doing so. *Pickett*, 149 Fed. Appx. at 833 (citing *Chapman*, 229 F.3d at 1039). To establish a "sound basis" that costs should be reduced or limited due to the non-prevailing party's indigence or inability to pay, the party should provide "substantial documentation of true inability to pay." *Chapman*, 229 F.3d at 1039.

Following *Chapman*, Florida courts have limited or eliminated a non-prevailing party's costs under Rule 54(d). In both *Brown v. United States Dep't of Agric.*, 2008 U.S. Dist. LEXIS 6414 (M.D. Fla. Jan. 2, 2008) and *Barrington v. Lockheed Martin, Corp.*, 2007 U.S. Dist. LEXIS 32602, (M.D. Fla. May 3, 2007), two post-*Mathews* decisions, the Middle District limited Rule 54 costs. In *Barrington*, the Court analyzed the plaintiff's finances and stated:

> I conclude that this is a case in which it is equitable and appropriate to relieve Barrington from the obligation to pay taxable costs. It is undisputed that she does not have the present ability to pay the costs. The issues she raised in her complaint were not frivolous; indeed, the issues raised by her case were difficult, both legally and factually. No other basis exists to conclude that an award of costs would be appropriate as a sanction for bad faith behavior during the litigation.

*Id.* at **18-19. This concept is the prevailing view in nearly every other federal circuit.[7] Thus, it is clear that inability to pay is unquestionably a consideration that district courts take into account when determining whether to award costs under Rule 54(d).

---

[5] *See also Barrington v. Lockheed Martin, Corp.*, 2007 U.S. Dist. LEXIS 32602 (M.D. Fla. May 3, 2007) (stating that Rule 54 is "'phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.'") (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc*. 482 U.S. 437 (1987)); *Smith v. Southeastern Pennsylvania Transportation Authority*, 47 F.3d 97, 100 (3d Cir. 1995) (stating that a court may consider a party's inability to pay costs).

[6] Natura relies on *Pickett*, which in turn relies on *Chapman*. *See Pickett*, 149 Fed. Appx. At 833.

[7] *See In re Ruben,* 825 F.2d 977, 987 (6th Cir. 1987) ("district judges are encouraged to consider the question of indigency fully for the record" in assessing costs); *Owen v. Georgia-Pacific Corp*., 2005 U.S. Dist. LEXIS 35768 (D. Conn. Nov. 28, 2005) (denying defendants motion for costs because plaintiff submitted credible evidence that she was indigent and unable to pay); *Kopacz v. Del. River & Bay Auth*., 2006 U.S. Dist. LEXIS 45823 (D. Del. 2006) (denying motion for costs and fees under Rule 54, stating that "sufficient evidence regarding [plaintiff's] financial situation was adduced at trial to satisfy the court that he is unable to pay the thousands of dollars in fees and costs demanded by the defendants."); *In re Paoli R.R. Yard PCB Litig*., 221 F.3d 449, 464 (3d Cir. 2000) ("a party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity."); *NOW v. Bank of California, Nat'l Assoc*., 680 F.2d 1291, 1294 (9th Cir. Cal. 1982) (upholding district court's limitation of costs because plaintiffs had "limited budgets"); *In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. Neb. 2005) (stating "we conclude that the district court implicitly considered Plaintiffs' financial means and that its decision to award costs was not an abuse its discretion."); *Blevins v. Heilig-Meyers Corp*., 184 F.R.D. 663, 669 (M.D. Ala. 1999) (reducing costs from 70% to

In support of their claims of financial duress, Ms. Blaszkowski and Ms. Damron have each filed, under penalty of perjury, a signed declaration.[8] While the Plaintiffs believe it is not necessary for Ms. Blaszkowski and Ms. Damron to file financial documentation at this time in support of their Motion because the Court has not ruled on whether to assess costs and fees and whether Ms. Blaszkowski's and Ms. Damron's financial ability to pay would be the basis for its decision, out of an abundance of caution, this documentation has been filed separately under seal for this Court's consideration due to the sensitive information contained in the filings.[9] Accordingly, Ms. Blaszkowski and Ms. Damron respectfully request this Court to enter an Order dismissing their claims with prejudice and without an award of costs and fees, because of the overwhelming legal authority holding that costs and fees are not to be awarded when claims are dismissed with prejudice and because equity suggests that two injured consumers who cannot afford to continue to prosecute their claims should not be driven into bankruptcy due to the threat of costs and fees just so Natura can discourage others from participating in this lawsuit.

## II. Granting a motion for voluntary dismissal with prejudice with each party to bear its own costs and fees would not be the equivalent of issuing an advisory opinion

---

30% because of the plaintiff's "poor financial condition"); *Mother & Father v. Cassidy*, 33338 F.3d 704, 710 (7th Cir. 2003) (stating that a non-prevailing party may avoid costs under Rule 54(d) by showing bad faith on part of the prevailing party or demonstrating indigency); *Bilal v. BP Am., Inc.*, 215 Fed. Appx. 504, 506 (7th Cir. 2007) ("under Rule 54(d), costs must be awarded to a prevailing party unless that party engaged in misconduct or the losing party is indigent"); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) ("another factor weighing in favor of denying costs is the indigency of the losing party."); *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) ("costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources") (emphasis added); *Huizenga v. Elkay Mfg., Co.*, 2001 U.S. Dist. LEXIS 10151 (N.D. Ill. July 17, 2001) (recognizing that the non-prevailing party's inability to pay is a reason to reduce or eliminate costs); *Gomez v. Reinke*, 2008 U.S. Dist. LEXIS 60547 (D. Idaho Aug. 7, 2008) ("In deciding whether to exercise discretion in favor of a cost award in a civil rights case, the district court should consider the amount of the costs and the financial resources of the plaintiff, including indigency status."); *Stanley v. Univ. of So. California*, 178 F.3d 1069, 1079-80 (9th Cir. 1999) (remanding to district court to reconsider award of $46,710.97 where unemployed basketball coach would be rendered indigent if forced to pay); *Thomasson v. GC Servs. Ltd. P'ship*, 2007 U.S. Dist. LEXIS 79855, 12-13 (S.D. Cal. Oct. 26, 2007) ("A court may consider a plaintiff's financial situation in considering whether to reduce an award of costs to a prevailing defendant"); *Carroll v. DeTella*, 1999 U.S. Dist. LEXIS 9056 (N.D. Ill. May 28, 1999) (denying motion for costs where prisoner was indigent).

[8] Natura claims that Ms. Blaszkowski and Ms. Damron are not entitled to a reduction or exemption from paying costs because there was no documentation offered other than "Blaszkowski's and Damron's self-serving declarations" and that "self-serving statements offered as proof of financial hardship, without more, are generally insufficient to avoid liability for prevailing party costs." [DE 522 p. 4]. For support, Natura cites to *Cline v. Home Quality Mgmt., Inc.*, 2005 U.S. Dist. LEXIS 44733 at *14 n.6 (S.D. Fla. May 18, 2005), which, in turn, relied upon *McGill v Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). In *McGill*, the Seventh Circuit rejected McGill's indigency argument because the <u>only</u> support McGill provided was <u>his own oral statement</u> that he was indigent. *Id.* at *10. This is at odds with the present case, where sworn declarations and financial documents were submitted.

[9] If this Court requires more information than what was attached, Ms. Blaszkowski and Ms. Damron request that this Court provide them the opportunity to gather and file with this Court any additional documentation so required.

Notwithstanding Natura's repeated and constant threat to Ms. Blaszkowski and Ms. Damron that it will seek costs and fees upon the dismissal of their claims, Natura improperly contends that "it is premature for the Court to issue an advisory opinion as to the propriety of any award of attorneys' fees in this matter [because] the issue is not ripe, because no motion for attorneys' fees is pending before this Court." [DE 522 p. 4]. On the contrary, any order entered by this Court denying attorneys' fees would not be considered an "advisory opinion," and Natura mistakenly presupposes that this Court may decide upon an award of fees *only after* Natura makes a motion to the Court for such fees under FDUTPA and pursuant to Rule 54(d)(2). While Rule 54(d)(2) provides a basis for awarding fees, Ms. Blaszkowski and Ms. Damron seek to dismiss this action under Rule 41(a)(2). Rule 41(a)(2) gives this Court the discretion to require each party to bear its own costs and fees, regardless of whether any motion for attorneys' fees has been made under Rule 54(d)(2).

In *Owner-Operator Indep. Drivers Ass'n v. 4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865, *9 (M.D. Fla. July 12, 2007), the plaintiffs sought to voluntarily dismiss two counts of their amended complaint with each side to bear its own costs and fees. The defendant objected, claiming that it would be prejudiced since it would be unable to obtain the fees or costs to which it would later be entitled if it prevailed on summary judgment. *Id*. at **10-11. The Court rejected Four Points' argument and *granted the plaintiff's motion for voluntary dismissal with each side to bear its own costs and fees*. *Id*. at *14. In granting the motion, the Court stated that "[a]ttorney's fees are not awarded in a vacuum and are not a matter of right in all cases." *Id*. at *11. The Court added, "[m]oreover, the fact that the Plaintiffs seek dismissal with prejudice removes any concern that the Plaintiffs may at some later date attempt to re-litigate these claims and ameliorates to some extent the time spent on discovery." *Id.* at *14 (citing *Stephens v. Georgia DOT,* 134 Fed. Appx. 320 (11th Cir. 2005)). *See also Akhdary v. Blackbird Tech's Inc.*, 2007 U.S. Dist. LEXIS 86878 (M.D. Fla. 2007) (granting motion for voluntary dismissal without prejudice subject to payment of costs and fees, but giving plaintiff the option to avoid payment of costs or fees by changing the dismissal to "with prejudice").

Faced with a similar question in *Stevedoring Services of America v. Armilla Int'l* B.V., 889 F.2d 919, 921 (9th Cir. 1989), the Ninth Circuit Court of Appeal clearly stated:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed.R.Civ.P. 41(a)(2), *no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an*

9

> *order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required*. In *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46 (1st Cir. 1981), as in the present case, the defendants-appellants argued that the district court abused its discretion by granting the plaintiff's motion for voluntary dismissal without prejudice while refusing to impose the defendants' costs and attorney fees on the plaintiff. The court stated, "We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal . . . ."

(emphasis added). *See also Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 U.S. Dist. LEXIS 50900 (M.D. Fla. 2008) (granting motion for voluntary dismissal with each party bearing its own costs and fees in spite of the defendant's request that the dismissal be conditioned upon payment of costs and fees); *Greyhound Lines, Inc. v. Younan Props., Inc*., 2008 U.S. Dist. LEXIS 44802, **10-12 (N.D. Tex. June 9, 2008) (same).

*Owner-Operator* and *Stevedoring Services of America* make unmistakably clear that a district court may grant a motion for voluntary dismissal *with each side to bear its own costs and fees* even though the defendant has not filed a formal motion for fees under Rule 54(d). Moreover, Natura has cited no case law or support for its proposition that a motion for voluntary dismissal with prejudice with each party bearing its own costs and fees is first subject to a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d). As the case law above demonstrates, federal courts routinely grant *binding* voluntary dismissals with prejudice and *refuse* to award costs or fees regardless of any Rule 54(d) motion. Thus, Natura's claim that such a ruling would be an "advisory opinion" is incorrect as this Court has full authority to deny an award of attorneys' fees in granting Ms. Blaszkowski's and Ms. Damron's Motion.

## III. Conclusion

Plaintiffs, Ms. Blaszkowski and Ms. Damron, respectfully request this Court to enter an Order dismissing with prejudice their claims set forth in the Fourth Amended Complaint in the above-titled case as to Natura, with no assessment of costs, including attorneys' fees or other expenses in this litigation, as between these Plaintiffs and this Defendant, and for all other relief this Court deems just and proper.[10]

---

[10] If this Court is inclined to condition the voluntary dismissals with any such terms—such as payment of fees or costs—Ms. Blaszkowski and Ms. Damron request an opportunity to withdraw the motion or determine if they wish to go forward with the voluntary dismissal. *Elbaor v. Tripath Imaging, Inc*., 279 F.3d 314, 320 (5th Cir. 2002); *Babcock v. McDaniel*, 148 F.2d 797, 799 (7th Cir. 1998) (if the plaintiff moves for dismissal without prejudice, the court may not dismiss with prejudice without offering the plaintiff an opportunity to withdraw the motion); *Horton*

Dated: November 6, 2008
  Miami, FL

            By: s/ Catherine J. MacIvor
              CATHERINE J. MACIVOR (FBN 932711)
              cmacivor@mflegal.com
              MALTZMAN FOREMAN, PA
              One Biscayne Tower
              2 South Biscayne Boulevard -Suite 2300
              Miami, Florida 33131
              Tel: 305-358-6555 / Fax: 305-374-9077

              PATRICK N. KEEGAN
              pkeegan@keeganbaker.com
              JASON E BAKER
              jbaker@keeganbaker.com
              KEEGAN & BAKER, LLP
              4370 La Jolla Village Drive
              Suite 640
              San Diego, CA 92122
              Tel: 858-552-6750 / Fax 858-552-6749
              *Attorneys for Plaintiffs*

---

*v. TWA*, 169 F.R.D. 11, 16 (E.D.N.Y. 1996) ("The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem too onerous.").

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 6th day of November, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                s/ Catherine J. MacIvor
                                                                  Catherine J. MacIvor

**SERVICE LIST**

**CASE NO. 07-21221 ALTONAGA/Brown**

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

| | |
|---|---|
| **W. RANDOLPH TESLIK**<br>E-Mail: rteslik@akingump.com<br>**ANDREW J. DOBER**<br>E-Mail: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* | **CRAIG P. KALIL**<br>E-Mail: ckalil@aballi.com<br>**JOSHUA D. POYER**<br>E-Mail: jpoyer@abailli.com<br>**ABALLI MILNE KALIL & ESCAGEDO**<br>2250 Sun Trust International Center<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>Telephone: (303) 373-6600<br>Facsimile: (305) 373-7929<br><br>*Attorneys for New Albertson's Inc. and Albertson's LLC* |
| **RALPH G. PATINO**<br>E-Mail: rpatino@patinolaw.com<br>**DOMINICK V. TAMARAZZO**<br>E-Mail: dtamarazzo@patinolaw.com<br>**CARLOS B. SALUP**<br>E-Mail: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* | **ROLANDO ANDRES DIAZ**<br>E-Mail: rd@kubickdraper.com<br>**PETER S. BAUMBERGER**<br>E-Mail: psb@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street, Penthouse<br>Miami, Florida 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile: (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* |
| **HUGH J. TURNER, JR.**<br>E-Mail: hugh.turner@akerman.com<br>**AKERMAN SENTERFITT & EDISON**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954)463-2700<br>Facsimile: (954)463-2224<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* | **C. RICHARD FULMER, JR.**<br>E-Mail: rfulmer@Fulmer.LeRoy.com<br>**FULMER, LEROY, ALBEE, BAUMANN, &<br>GLASS**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-4430<br>Facsimile: (954) 707-4431<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |