UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____

**DEFENDANT NATURA PET PRODUCTS, INC.'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT
<u>AGAINST PLAINTIFF SUSAN PETERS PURSUANT TO RULE 56</u>**

## I.  INTRODUCTION

Plaintiff Susan Peters apparently will say or do anything to maintain her claims against Natura.  Originally, Ms. Peters crafted an elaborately detailed story describing purchases of Natura pet food products from PETCO and PetSmart.  Ms. Peters provided sworn discovery responses and sat through an entire day of deposition where she maintained repeatedly that she purchased Natura products only at PETCO or PetSmart.  When asked in deposition for details about her purchases, Ms. Peters told about her sole holiday shopping trip with her mother to purchase Natura products.  When Ms. Peters was asked about why she did not allege purchases of Natura products in the Fourth Amended Complaint, she reasoned that her allegations implied a claim against Natura because it listed the stores where she bought Natura — PETCO and PetSmart.  Now, Ms. Peters has changed her story 180 degrees.

When confronted with indisputable evidence that she could not have purchased Natura products as she claimed because neither PetSmart nor PETCO have ever sold

Natura products, Ms. Peters just changes her story. Now, Ms. Peters asks the Court to ignore her sworn interrogatory responses and seven hours of deposition and accept that Ms. Peters bought Natura products somewhere – that somewhere not even identified by Ms. Peters. The Court must reject this incredible about-face and grant Natura summary judgment against Ms. Peters. In addition, Natura requests sanctions against Ms. Peters and her counsel based on this patently false declaration which is offered in bad faith for the purpose of delaying adjudication of Ms. Peters' claims.

## II. BEFORE THE SUMMARY JUDGMENT MOTION PETERS REPEATED DECLARED UNDER PENALTY OF PERJURY THAT SHE BOUGHT ALL NATURA PRODUCTS FROM PETCO OR PETSMART

### A. Peters' Sworn Interrogatory Responses Allege Only Purchases From PETCO and PetSmart.

On June 30, 3008, Ms. Peters submitted answers to written interrogatories served on her by Co-Defendant Mars Inc. Ms. Peters provided a signed verification of her interrogatory responses and later testified at her deposition that she reviewed the responses and believed everything contained therein to be true and accurate. (*See* Caverly Supp. Decl., Nov. 14, 2008, ex. C (Peters Dep. 96:18-97:14, Aug. 25, 2008); *see also* Caverly Decl., Oct. 20, 2008, ex. B (excerpts of Interrogatory Responses).)

Mars Interrogatory No. 4 asked Ms. Peters to list all brands of dog food that she used during the class period and to identify the location where she purchased such products. In response, Ms. Peters indicated that she purchased Natura products from only PETCO and PetSmart. (Caverly Decl., ex. B.) At her deposition, when asked about the meaning of her interrogatory response, Ms. Peters reaffirmed that it indicated that she purchased all of the Natura products listed in her interrogatory response from PETCO and PetSmart while on a holiday shopping trip with her mother at the end of 2006 or beginning of 2007. (Caverly Decl., ex. A at 112:14-113:9; Caverly Supp. Decl., ex. C at 104:8-104:25.)

Ms. Peters' interrogatory responses are clear that the only purchases of Natura products that she alleged were from PETCO or PetSmart. She reviewed and verified the responses prior to submitting them. (Caverly Decl., ex. B.) She then reaffirmed the truthfulness of her responses and clarified that her responses indicated purchases from only PETCO and PetSmart during her sworn deposition. (Caverly Supp. Decl., ex. C at 64:22-65:7, 96:18-97:14, 112:14-113:9.)

### B. Peters' Sworn Deposition Testimony Repeatedly States All Purchases Were Made at PETCO or PetSmart.

At her deposition on August 25, 2008, as she had already done in her interrogatory responses, Ms. Peters testified repeatedly that she purchased Natura products from only PetSmart or PETCO. (Caverly Decl., ex. A at 74:10-74:16, 80:25-81:4, 112:14-113:9; Caverly Supp. Decl., ex. C at 55:15-23, 58:16-19, 63:12-65:11, 77:22-78:22, 104:1-105:17, 215:20-216:20, 248:7-11.) Ms. Peters confirmed her interrogatory responses and provided colorful details to make her story of Natura purchases sound more believable.

When asked about the Natura purchases listed in her interrogatory responses, Ms. Peters explained that she made all of her purchases at PETCO or PetSmart in Independence, Missouri, while visiting her mother for the holidays at the end of 2006 or beginning of 2007. (Caverly Supp. Decl., ex. C at 63:12-65:22.) Ms. Peters explained that she does not like to shop and therefore goes with her mother, who does enjoy shopping, when she visits her, and that she buys large quantities of food in one trip. (*Id.*) Ms. Peters even detailed PETCO and PetSmart's frequent buyer membership card programs and how using her mother's card allowed her mother to get rewards points. (Caverly Supp. Decl., ex. C at 215:20-218:5.)

Also, Ms. Peters—for the first time—recalled purchasing California Natural supplements manufactured by Natura some time in the fall of 2006. (Caverly Supp. Decl., ex. C at 54:20-55:19, 57:19-57:20.) Ms. Peters claimed she received a coupon for

3

the California Natural supplement, which she then used at PetSmart. (Caverly Supp. Decl., ex. C at 55:20-58:19.) Ms. Peters testified that this was the first time she ever heard of Natura and that it was the only other time besides the aforementioned holiday shopping trip with her mother that she ever purchased any product manufactured or distributed by Natura. (Caverly Supp. Decl., ex. C at 58:1-58:8, 64:22-65:7; Caverly Decl., ex. A at 74:10-16.)

For example, Ms. Peters testified to the following in her deposition:

> **Q   Other than PetSmart and [PETCO], have you ever purchased a Natura manufactured or distributed product from any other store?**
>
> **A   I don't believe so.**

(Caverly Supp. Decl., ex. C at 64:22-25 (emphasis added).)

> Q   Did you purchase all of the Natura products that [PETCO] and PetSmart carried or only certain of them?
>
> A   Certain, I selected certain of it.

(Caverly Supp. Decl., ex. C at 78:7-9.)

> Q   So for the California Natural Supplements you purchased those one time, correct?
>
> A   That's right.
>
> Q   And that was sometime in 2006, yes?
>
> A   Yes.
>
> Q   From what store did you purchase the California Natural Supplements?
>
> A   **That would have been at PetSmart**.

(Caverly Supp. Decl., ex. C at 55:15-22 (emphasis added).)

> Q   After you purchased the California Natura supplements from PetSmart, when was the next time that you purchased a Natura product?

> A	It would have been on the cusp of 2006/2007. My mom and I we like to shop as our -- my mother likes to shop, I don't, so when I visit her over the holidays between Christmas and New Year's, then to help get my interest we go pet food shopping.
>
> Q	So over the Christmas New Year holidays, 2006 to 2007, you and your mother went and purchased a Natura product, correct?
>
> A	Several.
>
> Q	Where did you go to purchase the products?
>
> A	**We shopped at both PetSmart and [PETCO]** and that would be in Independence, I believe it lists as a Kansas City, address but it's a suburb.

(Caverly Supp. Decl., ex. C at 63:12-64:2 (emphasis added).)

Ms. Peters was given thirty days, until October 6, 2008, to correct any mistakes in her deposition transcript. (Caverly Supp. Decl., ex. C at 270-72.) Peters did not make any changes in her deposition testimony. (Caverly Decl. at ¶ 3.)

### C.  Complaint Allegations Against Natura Are Based on Purchases at PETCO and PetSmart.

Ms. Peters first stated specific allegations against various defendants in her Third Amended Complaint filed on January 25, 2008. [D.E. 333.] Ms. Peters repeated her defendant-specific allegations in the currently operative Fourth Amended Complaint ["FAC"] filed on April 11, 2008. [D.E. 349.] Neither of these complaints contains any specific allegations by Ms. Peters against Natura. Again confirming the alleged location of her purchases, when asked at her deposition why she had not included in the FAC an allegation that she purchased products manufactured or distributed by Natura during the class period, Ms. Peters responded that she believed she had an implied claim against Natura because she had alleged purchases at PETCO and PetSmart. (Caverly Supp. Decl., ex. C at 126:13-127:12.)

For further direction on the interpretation of the FAC and the claims pled therein, it is instructive to look at the Declaration of Catherine MacIvor, filed on October 27,

5

2008. According to Ms. MacIvor's declaration, the FAC contains Natura plaintiffs and non-Natura plaintiffs. The non-Natura plaintiffs are identifiable because the detailed allegations provided by these plaintiffs did not state any claims against Natura. [D.E. 526 at ¶¶ 4-9].

### III. PETERS' DECLARATION IN OPPOSITION TO NATURA'S SUMMARY JUDGMENT MOTION MUST BE REJECTED

In her sworn deposition and interrogatory responses, Ms. Peters identified the time, location, and reason behind each of her alleged purchases of Natura products, all of which were from PETCO or PetSmart. She even explained why these were the only times she ever purchased Natura products. When shown that her elaborate story cannot possibly be true, she disavows her previous testimony, asserting now that she must have purchased Natura pet food somewhere else. Ms. Peters cannot even identify the alleged alternative location of purpose and provides no corroborating witnesses or documents, such as receipts, because there are none. The receipts Peters oddly provides in exhibit C to her declaration[1] identify no Natura product purchases.

Ms. Peters' self-serving declaration, which contradicts her prior deposition and interrogatory responses, cannot create a genuine issue of material fact to survive summary judgment. Ms. Peters is not the first party to submit a contradictory declaration in an attempt to survive summary judgment. The Eleventh Circuit has addressed this situation and squarely ruled that such declarations cannot defeat summary judgment. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given

---

[1] One of the receipts is not dated within the period of limitations, the other is dated by hand, and neither shows the purchase of a single Natura product. These receipts have no apparent relevance to Peters' change of story. Evidence that Peters has been in a store that sells Natura products does not tend to establish that she purchased and fed her pets products manufactured or distributed by Natura.

6

clear testimony." *Van T. Junkins & Assocs. v. U.S. Indus.,* 736 F.2d 656, 657 (11th Cir. 1984); *accord Hadley v. Gutierrez,* 526 F.3d 1324 (11th Cir. 2008).

Ms. Peters' newly created declaration cannot be used to contradict her prior sworn testimony that she purchased Natura products only from retailers who never sold them. Peters cannot demonstrate a genuine issue of whether she has or has not purchased a product manufactured by Natura. Without such a purchase, she has no standing and cannot pursue any claims against Natura.

## IV. MS. PETERS' FDUTPA CLAIM MUST FAIL BECAUSE SHE DOES NOT ALLEGE ANY ACTIVITIES TOOK PLACE IN FLORIDA

The purpose behind the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is to protect *Florida* consumers from deceptive and unfair trade practices. Ms. Peters is not a resident of Florida and does not allege, even in her new declaration, any contacts with Florida or any use of Natura products in Florida. Ms. Peters' claims have absolutely no connection to Florida other than attorneys who wanted to take advantage of Florida law. Ample case law underlines the point that FDUTPA claims must be founded on actions or damages occurring within Florida. *See, e.g.*, *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 228 (S.D. Fla. 2001); *Millennium Comms.. & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1262 (Fla. 3d DCA 2000). Ms. Peters cannot maintain a claim under Florida law for events that were not and are not subject to Florida law.

## V. NATURA IS ENTITLED TO REASONABLE EXPENSES, INCLUDING ATTORNEY'S FEES, INCURRED IN ARGUING AGAINST MS. PETERS' BAD FAITH DEFENSE TO SUMMARY JUDGMENT

The Peters Declaration and Opposition are not credible in light of Ms. Peters' previous testimony and interrogatory responses that all of her purchases of Natura products were from PETCO or PetSmart. It is clear what happened here. Plaintiff manufactured a claim against Natura and created a thorough back-story to make her

claim sound believable. When confronted with evidence that her claim is blatantly false, Peters crafted a new vague, contradictory story in a desperate attempt to avoid summary judgment. Peters' newly minted testimony that directly contradicts multiple sworn statements and is without a single shred of corroborating evidence is obviously offered in bad faith.

>  Rule 56(g) provides:
>
>  If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.

Because Ms. Peters' Declaration is obviously false and submitted in bad faith or to delay judgment on her claims, Natura requests that she and her counsel be ordered to pay all of the reasonable expenses, including attorney's fees, that Natura has incurred in responding to it, as required by Rule 56(g). Natura requests leave to submit the amount of such fees and expenses at the conclusion of this motion so as to include any hearing expenses which may be incurred if Ms. Peters refuses to withdraw her opposition to the motion.

## VI. CONCLUSION

Ms. Peters' declaration offered in opposition to the motion for summary judgment is completely uncredible and must be disregarded under *Van T. Junkins* and *Hadley*. Ms. Peters has failed to provided any credible evidence to support a jury conclusion that she ever purchased or used a product manufactured by Natura during the limitations period. Summary judgment should be granted in favor of Natura and Ms. Peters and her counsel should be sanctioned for submitting Ms. Peters' November 3, 2008 declaration.

McGUIREWOODS LLP

By: s/Jeffrey S. York
    Jeffrey S. York
    Florida Bar No. 0987069
    Michael M. Giel
    Florida Bar No. 0017676
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-2680
    (904) 360-6330 (fax)
    jyork@mcguirewoods.com
    mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM & CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL FOR DEFENDANT NATURA PET PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 17, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York<br>
Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal
Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*

*Stores, Inc., Target Corporation and Meijer, Inc.*

Mark C. Goodman, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
One Maritime Plaza, Suite 300
San Francisco, CA 94111
Telephone: (415) 954-0200
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc., PetSmart, Inc., Wal-Mart Stores, Inc., Target Corporation and Meijer, Inc.*

Rolando Andres Diaz, Esquire
Peter S. Baumberger, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
rd@kubickdraper.com
cyd@kubickidraper.com
psb@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
100 N. Tampa Street
Suite 2200
Tampa, Florida 33602-5809
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Alexander Shaknes, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Alex.Shaknes@dlapiper.com
amy.schulman@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

William C. Martin, Esquire
**DLA PIPER LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293
William.Martin@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc.*
*and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super*
*Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive
Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and
The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**

555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and Nestlé Purina Petcare Co.*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire
Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com

adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.
and Albertson's LLC*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

\6711494.1