UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Turnoff

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.*

    Defendants.
_____/

# PLAINTIFFS' RENEWED MOTION AND/OR MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE

Plaintiffs, Renee Blaszkowski, *et al.,* pursuant to Federal Rules of Civil Procedure 15 and 21, hereby file their Renewed Motion and/or Motion for Reconsideration of Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative in this case, and as grounds therefor state as follows:

On October 8, 2008, this Honorable Court entered an Order ("Order") [D.E. 505] denying Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative ("Cortazzo Motion") [D.E. 457].[1]  In the Order, this Court stated that information presented by the Plaintiffs in their supplemental filings "demonstrat[e] that [class representative Plaintiff] Davis is a proper Plaintiff in this case and Cortazzo unnecessary." [D.E. 505, pg. 9.] The Order also stated that "Plaintiffs fail to explain, in their multitude of documents and declarations, why Cortazzo is necessary to this action given Davis' claims." [D.E. 505, pg. 10.]

---

[1] The Plaintiffs hereby incorporate by reference the arguments and legal authorities cited in the Cortazzo Motion as well as in the Reply submitted in support thereof. [D.E. 457, 465].

Since this Court's entry of this Order, however, it has become apparent that, notwithstanding this Court's prior ruling that Davis is a sufficient class representative, Cortazzo is also necessary to this action. Based upon discovery conducted to date, the Plaintiffs anticipate that Defendant, Natura Pet Products, Inc. ("Natura"), may possibly argue in opposition to class certification that Plaintiff Patricia Davis, the current class representative, is not a typical or adequate class representative because she did not purchase Natura products. Although Davis has met all requirements to be a class representative, given that the Court's Scheduling Order provides that no amendment will be allowed after the filing of the Motion for Class Certification and the deadline for filing the Motion for Class Certification, if Natura argues in the manner the Plaintiffs expect Natura will, the Plaintiffs do not want to run the risk of being denied class certification should this Honorable Court accept Natura's argument that Davis is not a typical or an adequate class representative. If the Court were so inclined, then Cortazzo would absolutely be necessary as a class representative in order to represent all class members in the instant lawsuit. Therefore, if this Court were inclined to find that Davis is not a typical or adequate class representative because she did not purchase Natura products, the addition and/or substitution of Cortazzo would alleviate this issue and would allow for a class representative capable of representing all class members.

Furthermore, although this Court originally stated that there was not good cause to modify the Scheduling Order "at this late stage," the Court has not yet certified the class action and, thus, substitution of Cortazzo would be appropriate. Finally, there is a liberal policy regarding the amendment of pleadings, and the Plaintiffs therefore respectfully request this Court grant the Plaintiffs' Renewed Motion and/or Motion for Reconsideration of the Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as Plaintiff/Class Representative.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

## I. ONCE THE NAMED PLAINTIFFS' STANDING IS PLACED IN QUESTION, INTERVENTION AND/OR SUBSTITUTION OF ANOTHER CLASS REPRESENTATIVE IS APPROPRIATE

The Eleventh Circuit has addressed substitution of a new class representative. In *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1343 (11th Cir. 2003), the Court found that the district court was required to allow class counsel and the certified class a reasonable period of time to find a new class representative. In reaching its decision, the Circuit Court discussed at length the following three (3) cases: *Lynch v. Baxley*, 651 F.2d 387 (5th Cir. July 1981), *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985) and *Ford v. United States Steel Corp.*, 638 F.2d 753 (5th Cir. 1981). *Lynch* involved a class action where the district court dismissed the class action after new legislation deprived the named class representatives of standing to represent any new class that might be formed. 651 F.2d at 387-88. The plaintiffs appealed and the Circuit Court reversed and remanded. *Id*. at 388. The Court held that the district court erred in dismissing the case without first giving an opportunity for the intervention of a newly named plaintiff who would have standing to pursue the action. *Id*. The Court reasoned that "efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the interests of the subclass." *Id*. *Cotterall* involved a class action where the district court refused to certify the class, in part, because Cotterall was not an adequate representative. 755 F.2d. at 781. The district court entered its ruling while two motions to intervene by putatively adequate representatives were pending. *Id*. The Eleventh Circuit reversed and held it was error for the district court to deny class certification "on the ground that the named plaintiff was an inadequate class representative without first making a specific finding that the would-be intervenors would be inadequate representatives as well." *Id*. *Ford* also involved a class action where the district court

decertified a class that it had *sua sponte* certified over four years earlier. 638 F.2d at 754. The Circuit Court reversed and remanded the case. *Id*. at 762. The Court held that further consideration was needed to "ensure that those, if any, who are entitled to relief receive it." *Id*.

Plaintiffs acknowledge that the above cases relied upon by the Circuit Court in *Birmingham Steel Corp.* involved class action cases where certification had already been granted (or denied), however, <u>substitution is proper even prior to class certification</u>. *See In re Thornburgh*, 276 U.S. App. D.C. 184, 869 F.2d 1503 (D.C. 1989) ("Because plaintiffs' counsel have proposed the intervention of several new plaintiffs with allegedly live claims, we decline to issue mandamus on the premise that the entire case should be dismissed due to the mooting of the named plaintiffs' claims."); *Spizzirri v. C.I.L. INC.*, 1994 U.S. Dist. LEXIS 11719 (N.D. Ill. 1994) (granting plaintiff's motion for leave to file a second amended complaint replacing the class action representative's name with two other class members because the proposed plaintiffs acted quickly to enter the litigation and substitution was therefore appropriate). The Plaintiffs respectfully submit that it is anticipated that Davis' standing as a class representative will be put into question, thereby meriting either the addition or substitution of Cortazzo as she can better adequately represent all class members in the instant action. As a result, the Plaintiffs respectfully request this Honorable Court follow the Eleventh Circuit's established principle that Plaintiffs ought to be provided with an opportunity to intervene or substitute a class representative that can represent the interests of all class members.

Furthermore, the Court's Amended Order Setting Trial and Pre-Trial Schedule [D.E. 355] makes it even more critical for this Court to reconsider its prior ruling. In the Amended Order, the Court expressly states that "No amendments to the operative complaint shall be permitted after the motion for class certification is filed." *Id*. at pg. 1. Thus, should Natura argue in

opposition to class certification that Davis is not a typical or adequate plaintiff because she did not "purchase" Natura products, Plaintiffs will have been deprived class certification based upon the Court's denial of the Plaintiffs' Motion to Add and/or Substitute Cortazzo as a Plaintiff/Class Representative. In such an instance, the Plaintiffs and the proposed class will clearly suffer a manifest injustice if Cortazzo is not added and/or substituted as plaintiff/class representative should this Court be inclined to rule on that basis. *See Sabatier v. Suntrust Bank*, 2008 U.S. Dist. LEXIS 3231 **2-3 (S.D. Fla. 2008) (granting defendant's motion for reconsideration where the court precluded the defendant from producing credible evidence in its defense and motion for summary judgment; the order denying the defendant's motion for summary judgment was vacated). Natura, on the other hand, will not suffer such an injustice as it has already received the discovery responses of Cortazzo and has likewise deposed Cortazzo. Accordingly, the interests of justice support the addition and/or substitution of Cortazzo as a plaintiff/class representative in this case.

## II. THE MULTI-DISTRICT CASE SETTLEMENT TOGETHER WITH CORTAZZO'S LATE CONTACT WITH PLAINTIFFS' COUNSEL PROVIDE SUFFICIENT GOOD CAUSE FOR THIS COURT TO MODIFY ITS SCHEDULING ORDER

In its Order, this Honorable Court stated that "Plaintiffs have hardly shown 'good cause' to justify modifying the Court's Scheduling Order by adding Cortazzo as a party at this late stage." [D.E. 505, pg. 10.] Plaintiffs respectfully submit that the arguments previously presented in the Plaintiffs' Cortazzo Motion and Reply in Support thereof show good cause should this Court be inclined to accept Natura's anticipated argument and deny class certification because Davis may not be a typical or adequate class representative. First, it appears that the Court denied the Cortazzo Motion based upon the assumption that Davis will be able to represent all class members, i.e., class members who did not purchase Natura products but who

nevertheless fed Natura products to their pets and class members who purchased and used Natura products. As discussed above, although this Court has already found that Davis is a sufficient class representative, should this Court be inclined to deny class certification based on Natura's anticipated argument that Davis' claims are not typical or adequate, then good cause exists to add and/or substitute Cortazzo. Second, the Eleventh Circuit's "good cause standard" is also satisfied by recognizing that the January 2008 deadline for adding Cortazzo could not have been met despite the due diligence exhibited by the Plaintiffs. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (citations omitted). The Cortazzo Motion and its supporting documentation [D.E. 457, 465, 470, 471, 472, 474, 468, 475, 484] clearly shows that the Multi-District Case settlement caused a settlement and dismissal of several of the Plaintiffs' claims against all Defendants (except Natura) *after* the January 2008 deadline had occurred. The Cortazzo Motion and its supporting documentation also clearly show that the Multi-District Case settlement was announced contemporaneously with Cortazzo's initial contact with Plaintiffs' counsel. [D.E. 471-2.] Consequently, the Plaintiffs, *despite all possible diligence*, could not have complied with the January 2008 deadline based upon the post-deadline circumstances that transpired. As such, the Plaintiffs respectfully submit to this Court that sufficient good cause exists for this Court to modify its Scheduling Order and add Cortazzo as a plaintiff/class representative.

## III. THERE IS A LIBERAL POLICY OF FREELY GRANTING AMENDMENTS

In its Order, the Court stated that addition of a party is "governed by Rule 21." [D.E. 505, pg. 7.] Federal Rule of Civil Procedure 15(a), however, also governs amendments of pleadings. *See* FED. R. CIV. P. 15(a) ("a party may amend the party's pleading only by leave of

6
CASE NO. 07-21221 CIV ALTONAGA/Turnoff
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

court [after a responsive pleading has been served] … and *leave shall be freely given when justice so requires*.") (emphasis added). Rule 15(b) further provides for amendments to conform to the evidence. FED. R. CIV. P. 15(b) ("Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment"). Thus, in the instant matter, if this Court is inclined to deny class certification due to the anticipated questioning of the typicality and/or adequacy of Davis' claims, justice favors this Court granting the Plaintiffs leave to add and/or substitute Cortazzo as a plaintiff/class representative to ensure that all proposed class members are represented and to ensure that all remaining and prospective Plaintiffs who are entitled to relief receive it. Accordingly, the Plaintiffs respectfully request that Cortazzo be added and/or substituted as a plaintiff/class representative in order to conform to the evidence that was revealed following the Multi-District Case Settlement. Based upon the above, the Plaintiffs respectfully request that this Court follow the liberal policy on amendment of pleadings and grant the Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as Plaintiff/Class Representative.

**WHEREFORE**, the Plaintiffs respectfully request this Court to enter an Order adding and/or substituting Arna Cortazzo as a Plaintiff/Class Representative in this case and for all other relief that this court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(3)

Prior to filing this Motion and pursuant to this Court's local rules, the undersigned hereby certifies that she conferred with Natura's counsel who advised that she objects to the Motion.

Dated: November 17, 2008
      Miami, FL

/s Catherine J. MacIvor
CATHERINE J. MACIVOR (FBN 932711)
cmacivor@mflegal.com
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on November 17, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                          /s Catherine J. MacIvor
                                          Catherine J. MacIvor

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**MARIA KAYANAN**
E-Mail**:** mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail**: jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**TONY F. FARMANI**
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**DANE H. BUTSWINKAS**
E-Mail: dbutswinkas@wc.com
**PHILIP A. SECHLER**
E-Mail: psechler@wc.com
**THOMAS G. HENTOFF**
E-Mail: thentoff@wc.com
**PATRICK J. HOULIHAN**
E-Mail: phoulihan@wc.com
**AMY R. DAVIS**
adavis@wc.com
**JULI ANN LUND**
jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Nutro Products, Inc.
Mars, Incorporated and Mars Petcare U.S.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*