UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT NATURA PET PRODUCTS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF SUSAN PETERS**

Plaintiff, Susan Peters, pursuant to Federal Rule of Civil Procedure 12(f) and Local Rule 7.1, hereby files this Motion to Strike Portions of Defendant Natura Pet Products, Inc.'s ("Natura") Reply in Support of its Motion for Summary Judgment Against Plaintiff Susan Peters Pursuant to Rule 56 ("Reply"), [DE 553], and states as follows:

**I.    Introduction**

True to form, Natura continues in its attempt to batter the plaintiffs in this litigation by making baseless requests for sanctions. In its Reply in Support of its Motion for Summary Judgment Against Susan Peters, Natura alleges that Susan Peters' declaration is inconsistent with her discovery responses and deposition testimony and "requests sanctions against Ms. Peters and her counsel based on this patently false declaration which is offered in bad faith for the purpose of delaying adjudication of Ms. Peters' claims." [DE 553 p. 2]. The basis for Natura's argument rests solely upon the fact that in her discovery responses and deposition testimony, Ms. Peters

stated that she believed she had purchased all of the Natura products that she fed her pets from PetSmart and Petco, [DE 553 p. 3], while, in her declaration submitted in support of her opposition to Natura's Motion for Summary Judgment, Ms. Peters stated that she was mistaken and that she had purchased Natura products from other stores. [DE 530-2 ¶¶ 3-5]. Based on this inconsistency, Natura has incorrectly argued that Ms. Peters' declaration was made in bad faith or solely for the purpose of delay and that Natura should be entitled to sanctions under Rule 56(g).

However, because an award of sanctions under Federal Rule of Civil Procedure 56(g) is a rare remedy that is inapplicable here, and because Natura has inappropriately couched a motion to strike and for sanctions in its Reply so as to prevent the Plaintiff from having any meaningful opportunity to respond, insofar as Natura's Reply requests sanctions and for Ms. Peters' declaration to be ignored, the Plaintiff respectfully requests these portions of the Reply be stricken pursuant to Federal Rule of Civil Procedure 12(f), which allows this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Further, the Plaintiff respectfully requests that Section IV of Natura's Reply, which deals with the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") be stricken as it is in violation of Local Rule 7.1, which prevents new arguments from being raised in a Reply.

## II. Natura's Requests for Sanctions under Rule 56(g) and for this Court to Disregard Ms. Peters' Declaration are Inappropriate as Contained in its Reply

In an attempt to prevent the Plaintiff from having any meaningful opportunity to respond to its request for sanctions, Natura couched its motion for sanctions in its Reply, knowing that the Plaintiff could not respond in the absence of a sur-reply. However, this is an improper request for sanctions and this Honorable Court has already recognized once in these proceedings

that a request for sanctions should be filed as a separate motion and not made as part of another motion. [DE 505]. In that Order, this Court stated:

> Natura also maintains Plaintiffs' counsel violated Federal Rule of Civil Procedure 11. Under Rule11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Consequently, the Court does not consider this argument.

[DE 505]. While that request was made under Federal Rule of Civil Procedure 11 and the current request is made under Rule 56(g), the underlying premise requiring a request for sanctions to be made in a separate motion is the same: when the request is made in a reply, the plaintiff has no opportunity to respond to the request, thereby depriving the plaintiff of any procedural fairness before the issue of sanctions is decided upon. Here, Natura has done just that by requesting sanctions against the Plaintiff in its Reply in support of its Motion for Summary Judgment against Ms. Peters. The Plaintiff respectfully submits that this is inappropriate and therefore merits being stricken.

Furthermore, a large portion of Natura's argument is appropriately left to a motion to strike. Natura claims that "Ms. Peters' declaration offered in opposition to the motion for summary judgment is completely uncredible [sic] and *must be disregarded* under *Van. T. Junkins* and *Hadley*." [Reply, p. 8] (emphasis added). Moreover, the third heading of Natura's motion states: "Peters' Declaration in Opposition to Natura's Summary Judgment Motion *Must Be Rejected*." [DE 553, p. 6] (emphasis added). Thus, while Natura does not use the exact word "strike", the relief it prays for—that this Court disregard or reject Ms. Peters' declaration—is the exact type of relief that is properly sought in a motion to strike, not a reply. Accordingly, Natura's attempt to strike Ms. Peters' declaration through the use of its reply is improper under Rule 12(f). *Pine v. Bd. of County Comm'rs,* 2007 U.S. Dist. LEXIS 20753, *6 (M.D. Fla. Mar.

23, 2007) (advising plaintiffs that a request to strike a motion "should be filed in a separate motion to strike and not embedded in the response to the Motion to Dismiss.").

**III.    Natura's Argument that Ms. Peters' Declaration Should be Rejected and its Request for Sanctions Under Rule 56(g) is Without Basis and Therefore Irrelevant and Impertinent Under Rule 12(f)**

Natura's substantive argument that seeks sanctions against the Plaintiff under Rule 56(g) and that attempts to have Ms. Peters' declaration rejected because it contradicts her prior testimony is also irrelevant and may properly be struck under Rule 12(f). In support of its contention that Ms. Peters' declaration should be rejected, Natura cites the cases of *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984) and *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008). Natura correctly cites *Van T. Junkins* for the proposition that: "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, <u>without explanation</u>, previously given clear testimony." *Id*. at 657 (emphasis added). However, based on the fact that Susan Peters' <u>*did give an explanation*</u> for the discrepancy between her deposition testimony and her declaration, as well as a number of other reasons to be stated more specifically below, Natura's argument that *Van T. Junkins* disallows the use of Ms. Peters' declaration in deciding the motion for summary judgment is irrelevant and immaterial under Rule 12(f). [DE 530-2 ¶¶ 3-5].

Foremost, as stated *supra*, Susan Peters' <u>*did*</u> give an explanation in her declaration for the discrepancy between her discovery responses, deposition testimony, and her declaration, and the express language of *Van T. Junkins* states only that a party may not contradict prior testimony "without explanation." *Id*. Here, Susan Peters' has a very simple and clear explanation for why she did not list any stores from which she bought Natura products other than Petsmart and Petco

in her deposition or discovery responses: Ms. Peters' owns a dog grooming business and purchased a lot of dog food during the class period and, in light of her frequent purchasing of dog food both locally and when visiting her mother, she was simply mistaken in her belief that she purchased the Natura food from Petsmart and Petco. [DE 530-2 ¶¶ 4-5]. Ms. Peters went on to state that "I do know that I purchased Natura pet food and fed it to my dog, I was just mistaken as to where I must have purchased it." [DE 530-2 ¶5]. Thus, while Ms. Peters has given a clear explanation as to the discrepancy between her deposition testimony and her declaration—thereby satisfying the rule laid out in *Van T. Junkins*—Natura improperly attempts to discredit Ms. Peters, claiming that she was acting in bad faith in submitting her declaration and that she would "say or do anything to maintain her claims against Natura." [DE 553, pp. 1, 8]; *See also Gordon v. Target Corp.*, 2008 U.S. Dist. LEXIS 48070 (S.D. Fla. June 21, 2008) ("If a party, when met by a motion for summary judgment, attempts to repudiate her previous deposition testimony by affidavit, *and no explanation for the discrepancy is made*, a court may disregard the affidavit as a sham) (citing *Lane v. Celotex Corp.* 782 F.2d 1526, 1529-30 (11th Cir. 1986) (emphasis added)). Other than Natura's statements, there is no evidence to support these outrageous claims.

Furthermore, the Court in *Van T. Junkins* recognized that resolving whether an affidavit filed in opposition to a motion for summary judgment is a sham rests upon the distinct facts of each particular case and that "a genuine issue can exist by virtue of a party's affidavit, even if it conflicts with his deposition." *Van T. Junkins & Assocs.*, 736 F.2d at 658 (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir. 1980)). While *Van T. Junkins* remains the rule in this circuit, the Eleventh Circuit solidified its weariness of its rule in *Lane v. Celotex Corp.*, 782 F.2d 1526 (11th Cir. 1986), stating:

> The crux of these cases rests with the reviewing court's determination that an issue raised by an affidavit is a sham because it contradicts or conflicts with earlier deposition testimony. In *Kennett-Murray Corp. v. Bone*, 622 F.2d 887 (5th Cir.1980), however, the Fifth Circuit cautioned of the dangers inherent in this approach[:]
>
> Certainly, every discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence. In light of the jury's role in resolving questions of credibility, a district court should not reject the content of an affidavit even if it is at odds with statements made in an earlier deposition.

*Id*. at 1530; *see also Goldstein v. Centocor*, 2006 U.S. Dist. LEXIS 92776 (S.D. Fla. Dec. 22, 2006) (stating that the Eleventh Circuit has also cautioned that [the *Van T. Junkins*] rule should be used "sparingly because of the harsh effect this rule may have on a party's case") (citing *Rollins v. TechSouth, Inc.*, 833 F. 2d 1525,1530 (11th Cir. 1987)). Thus, while Natura attempts to broadly apply the rule of *Van. T. Junkins* to the case at hand in order to try and bar the use of Ms. Peters' declaration in this Honorable Court's decision for summary judgment against Ms. Peters, it is clear that a simple discrepancy between declaration and earlier testimony that has been clearly explained does not warrant the application of *Van T. Junkins* to this case, thereby making it immaterial.

Natura's request for attorneys' fees under Rule 56(g) is also devoid of any case law in support and is irrelevant because Natura cannot show that Ms. Peters or her counsel filed her declaration in bad faith or solely for delay, as is required by the Rule. Natura's lack of support for its Rule 56(g) argument is likely due to the fact that "few courts have granted relief under Rule 56(g)." *Burdett v. Harrah's Kan. Casino Corp.*, 2003 U.S. Dist. LEXIS 516 (D. Kan. Jan. 12, 2003). Furthermore, in "[t]he rare instances in which Rule 56(g) sanctions have been imposed, the conduct has been <u>*particularly egregious*</u>." *Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins. Co.*, 866 F.2d 11, 16 (1st Cir. 1989) (citing *Alart Associates, Inc. v. Aptaker*, 402 F.2d 779 (2d Cir. 1968)) (emphasis added); *Zamito v. Patrick Pontiac, Inc.*, 2008 U.S. Dist. LEXIS

65069 (W.D.N.Y. Aug. 21, 2008) (same); *Burdett v. Harrah's Kan. Casino Corp.*, 2003 U.S. Dist. LEXIS 516 (D. Kan. Jan. 12, 2003) (same). For example, "attorney's fees have been awarded under Rule 56(g) where affidavits contained perjurious or blatantly false allegations or omitted facts concerning issues central to the resolution of the case." *Jaisan, Inc. v. Sullivan*, 178 F.R.D. 412, 415-416 (S.D.N.Y. 1997); *Cobell v. Norton*, 214 F.R.D. 13, 21 (D.D.C. 2003) (awarding fees under Rule 56(g) where the defendants engaged in a "pattern of deceit" and demonstrated their "willingness to mislead the Court and to misrepresent the truth whenever it suits them."). However, a "*failure to recall accurately the events as they occurred, however, [does] not constitute 'bad faith'*" under Rule 56(g). *United Energy Corp. v. United States*, 622 F. Supp. 43, 47 (N.D. Cal. 1985). Further, "[m]erely because the defendant believes that the plaintiff's arguments are without merit does not furnish grounds for the imposition of sanctions under this Rule." *Moorer v. Grunman Aero. Corp.*, 964 F. Supp. 665, 676 (E.D.N.Y. 1997).

Here, Natura has presented no evidence whatsoever that would raise the level of Ms. Peters' declaration to being "perjurious or blatanly false." As discussed *supra*, Ms. Peters' simple failure to accurately recall exactly where she purchased each of her pet foods over the multiple year period that constitutes the class period in this case is simply a failure to accurately recall past events and does not constitute bad faith. Furthermore, Natura's baseless allegations and personal beliefs about the validity of the claims made in Ms. Peters' declaration cannot constitute a basis for sanctions under Rule 56(g). That said, Natura is left with nothing to prove bad faith or undue delay on the part of Ms. Peters or her counsel except for the simple discrepancy between Ms. Peters deposition and discovery answers and her declaration, which has already been explained by Ms. Peters. Natura argues that because of the contradiction, "Ms Peters' Declaration is obviously false and submitted in bad faith or to delay judgment on her

claims." [DE 553, p. 8]. This type of broad and groundless accusation serves no one and does nothing to establish bad faith or undue delay. Because sanctions under Rule 56(g) should only be granted in egregious situations, and because Natura has utterly failed to demonstrate any facts that would suggest bad faith or delay, this request for sanctions and to disregard Ms. Peters' declaration may properly be denied.

IV. **Natura's Argument that Ms. Peters' FDUTPA Claim Must be Dismissed Because She does not Allege any Activities Took Place in Florida is in Clear Violation of Local Rule 7.1(C)**

As part of its Reply, Natura has included an entire section that has *nothing* to do with the Plaintiff's Response. More specifically, Section IV of Natura's Reply argues that Ms. Peters' FDUTPA claim must fail because she does not allege any activities took place in Florida. However, *nowhere in the Plaintiff's Response is this mentioned*. Rather, to the extent that a FDUTPA claim is even addressed, it deals *only* with whether a purchase is necessary. Natura has taken this very limited topic and attempted to open the door to an entire discussion that is not proper. Local Rule 7.1(C) clearly provides that "The movant may, within five days after service of an opposing memorandum of law, serve a reply memorandum in support of the motion, *which reply memorandum shall be **strictly** limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law*." (emphasis added). This strict limitation prevents Natura from arguing something that was *not* included in the Plaintiff's Response to Natura's original Motion. Thus, because Section IV of Natura's Reply clearly contradicts Local Rule 7.1(C), the Plaintiff respectfully requests that this argument be stricken as well.

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

## V. Conclusion

Plaintiff, Susan Peters, respectfully requests this Court enter an Order striking those portions of Natura's Reply in Support of its Motion for Summary Judgment Against Plaintiff Susan Peters Pursuant to Rule 56, [DE 553], that (a) request sanctions against Plaintiff's counsel, (b) request that this Court disregard Ms. Peters' declaration, and (c) request dismissal of Ms. Peters' FDUTPA claim, and for all other relief that this Court deems just and proper.

### RULE 7.1 CERTIFICATE

The undersigned has spoken with counsel for Natura, Kristen Caverly, does not agree to withdraw its Reply.

Miami, FL
December 2, 2008            By:    s/ Jonathan C. Schwartz_____
                                   Jeffrey B. Maltzman (FBN 0048860)
                                   jmaltzman@mflegal.com
                                   Catherine J. MacIvor (FBN 932711)
                                   cmacivor@mflegal.com
                                   Jonathan C. Schwartz (FBN 0051540)
                                   jschwartz@mflegal.com
                                   MALTZMAN FOREMAN, PA
                                   One Biscayne Tower
                                   2 South Biscayne Boulevard -Suite 2300
                                   Miami, Florida 33131
                                   Tel: 305-358-6555 / Fax: 305-374-9077

                                   Patrick N. Keegan
                                   Pkeegan@Keeganbaker.Com
                                   Jason E. Baker
                                   Jbaker@Keeganbaker.Com
                                   Keegan & Baker, LLP
                                   4370 La Jolla Village Drive
                                   Suite 640
                                   San Diego, Ca 92122
                                   Tel: 858-552-6750 / Fax 858-552-6749

                                   *Attorneys For Plaintiffs*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 2nd day of December, 2008. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/ Jonathan C. Schwartz
Jonathan C. Schwartz

# SERVICE LIST

### CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:      858-552-6749

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:      858-552-6749

*Attorney for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

| | |
|---|---|
| **W. RANDOLPH TESLIK**<br>E-Mail: rteslik@akingump.com<br>**ANDREW J. DOBER**<br>E-Mail: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* | **CRAIG P. KALIL**<br>E-Mail: ckalil@aballi.com<br>**JOSHUA D. POYER**<br>E-Mail: jpoyer@abailli.com<br>**ABALLI MILNE KALIL & ESCAGEDO**<br>2250 Sun Trust International Center<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>Telephone: (303) 373-6600<br>Facsimile: (305) 373-7929<br><br>*Attorneys for New Albertson's Inc. and Albertson's LLC* |
| **RALPH G. PATINO**<br>E-Mail: rpatino@patinolaw.com<br>**DOMINICK V. TAMARAZZO**<br>E-Mail: dtamarazzo@patinolaw.com<br>**CARLOS B. SALUP**<br>E-Mail: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* | **ROLANDO ANDRES DIAZ**<br>E-Mail: rd@kubickdraper.com<br>**PETER S. BAUMBERGER**<br>E-Mail: psb@kubickidraper.com<br>**KUBICKI DRAPER**<br>25 W. Flagler Street, Penthouse<br>Miami, Florida 33130-1712<br>Telephone: (305) 982-6708<br>Facsimile: (305) 374-7846<br><br>*Attorneys for Defendant Pet Supermarket, Inc.* |
| **HUGH J. TURNER, JR.**<br>E-Mail: hugh.turner@akerman.com<br>**AKERMAN SENTERFITT & EDISON**<br>350 E. Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida 33301-2229<br>Telephone: (954)463-2700<br>Facsimile: (954)463-2224<br><br>*Attorneys for Defendant Publix Super Markets, Inc.* | **C. RICHARD FULMER, JR.**<br>E-Mail: rfulmer@Fulmer.LeRoy.com<br>**FULMER, LEROY, ALBEE, BAUMANN, &<br>GLASS**<br>2866 East Oakland Park Boulevard<br>Fort Lauderdale, Florida 33306<br>Telephone: (954) 707-4430<br>Facsimile: (954) 707-4431<br><br>*Attorneys for Defendant The Kroger Co. of Ohio* |