UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.

_____

**NATURA PET PRODUCTS, INC., RESPONSE IN OPPOSITION TO
PLAINTIFFS' RENEWED MOTION AND/OR MOTION FOR
RECONSIDERATION OF PLAINTIFFS' MOTION TO ADD AND/OR
SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE**

Natura Pet Products, Inc. ("Natura") hereby opposes Plaintiffs' Renewed Motion and/or

Motion for Reconsideration of Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a

Plaintiff/Class Representative ("Motion for Reconsideration") [D.E. 555].

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    BACKGROUND ..................................................................................................... 1

III.   LEGAL ARGUMENT ............................................................................................ 2

     A.      Plaintiffs Fail to Show Grounds to Permit Reconsideration. ............................ 2

     B.      Plaintiffs Again Fail to Meet Their Rule 16(b) Burden to Show Good
              Cause that the Scheduling Order of the Court Should Be Modified to
              Extend the Deadline Within Which to Join New Parties. ................................. 3

     C.      Plaintiff's Renewed Request to Add Cortazzo is Based Upon Conjecture
              Not Ripe for Consideration ................................................................................ 4

     D.      Cortazzo is not an Adequate Class Representative. .......................................... 4

     E.      If Cortazzo Is Allowed to Join, her Effective Filing Date Should Not
              Relate Back To The Original Filing ................................................................... 9

     F.      Cortazzo Cannot Bring Suit Against Natura in this Court as She is
              Contractually Obligated to File Suit Against Natura Exclusively in the
              Federal District Court for the Northern District of California. ........................ 10

IV.   CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) ................................................................ 10

*Clausnitzer v. Fed. Express Corp*, 248 F.R.D. 647 (S.D. Fla. 2008) ........................................ 5

*Compania de Elaborados de Cafe, El Cafe, C.A. v. Cardinal Capital Mgmt., Inc.*,
401 F. Supp. 2d 1270 (S.D. Fla. 2004) ..................................................................................... 2

*F & G Research, Inc. v. Google Inc.*, 2007 U.S. Dist. LEXIS 70072
(S.D. Fla. Sept. 20, 2007) .......................................................................................................... 2

*In re Vesta Ins. Group, Inc. Secs. Litig.*, 1999 U.S. Dist. LEXIS 23541
(N.D. Ala. May 28, 1999) ........................................................................................................... 8

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) ..................................... 4

*Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205 (D. Minn. 1987) ................................... 8

*Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) ......................................... 8

*Koenig v. Benson*, 117 F.R.D. 330 (E.D.N.Y. 1987) ............................................................... 8-9

*Levy v. United States GAO*, 175 F.3d 254 (2d Cir. 1999) ......................................................... 10

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ......................................................... 11

*Makro Capital of Am., Inc. v. UBS AG*, 2006 U.S. Dist. LEXIS 95966
(S.D. Fla. Oct. 18, 2006) ............................................................................................................. 2

*Mazur v. Lampert*, 2007 U.S. Dist. LEXIS 13934 (S.D. Fla. Feb. 28, 2007) ........................... 4

*Murfkan v. Kahn*, 11 F.R.D. 520 (S.D. Fla. 1951) .................................................................... 10

*Son v. Kerzner Int'l Resorts, Inc.*, 2008 U.S. Dist. LEXIS 67482 (S.D. Fla. Sept. 5, 2008) ..... 11

*Thompson v. Weissman*, 2007 U.S. Dist. LEXIS 49986 (S.D. Fla. July 11, 2007) ................... 2-3

*Williams v. United States*, 405 F.2d 234 (5th Cir. 1968) .......................................................... 10

## STATUTES

§ 95.11(3)(f), Fla. Stat. .............................................................................................................. 9

## RULES

Fed R. Civ. P. 12 ........................................................................................................................ 11

Fed. R. Civ. P. 15 ................................................................................................................... 9, 10

Fed. R. Civ. P. 16 .................................................................................................................. 1, 3-4

Fed. R. Civ. P. 23 ........................................................................................................... 4, 5, 8, 9

## I.    INTRODUCTION

Plaintiffs seek a second bite at the apple without justification.  Plaintiffs' Motion for Reconsideration suffers from the same fatal flaw as its predecessor – namely, Plaintiffs argue that Patricia Davis is a suitable class representative but that Arna Cortazzo should be added as a class representative anyway.  Like its predecessor, the Motion for Reconsideration is self-defeating because the relief sought requires an evidentiary showing of good cause and none is provided.  Further, a motion for reconsideration must be based either upon an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.  Plaintiffs address none of those factors.  No new facts or law are presented, and Plaintiffs cite no error by the Court to justify a reversal of its previous ruling.  Simply stated, no grounds exist for the Court to reconsider its ruling.  Accordingly, the Motion must be denied.

## II.    BACKGROUND

On July 6, 2007, Judge Cecilia M. Altonaga entered her "Order Setting Trial and Pre-Trial Schedule Requiring Mediation, and Referring Certain Motions To Magistrate Judge" ("Scheduling Order") setting the deadline to join new parties in this action at November 16, 2007.  [D.E. 130.]   Immediately before that deadline passed, Plaintiffs requested an extension that the Court granted in part, setting the new deadline to join parties to January 16, 2008 ("Amended Scheduling Order").   [D.E. 257.]   Notwithstanding the extension, some seven months after the deadline, on August 22, 2008, Plaintiffs requested that the Court extend the deadline for adding parties to allow Cortazzo to join ("Motion to Add Cortazzo"). [D.E. 457.] On October 8, 2008, the Court denied the Motion to Add Cortazzo.  [D.E. 505.]   Among the grounds cited for the decision was that Plaintiffs failed to adequately show good cause under Rule 16 to permit the Court to modify its scheduling order.  *Id.* at 10.  On November 17, 2008, Plaintiffs filed their Motion for Reconsideration.  [D.E. 555.]

## III.  LEGAL ARGUMENT

### A.  <u>Plaintiffs Fail to Show Grounds to Permit Reconsideration.</u>

Plaintiffs provide the Court with no grounds to reconsider and reverse its decision on the Motion to Add Cortazzo.  This Court has restated the proper standards for reconsideration on numerous occasions.  In *F & G Research, Inc. v. Google Inc.,* Judge Altonaga stated:

> "Courts will deny a motion for reconsideration unless there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice."  It is well established that arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.  The reconsideration decision "is vested in the district court's sound discretion, and the grant of a motion to reconsider is an extraordinary remedy employed sparingly."

*F & G Research, Inc. v. Google Inc.,* No. 06-60905-CIV-ALTONAGA/Turnoff, 2007 U.S. Dist. LEXIS 70072, at **16-17 (S.D. Fla. Sept. 20, 2007) (citations omitted) (repeating standard Judge Altonaga stated in *Makro Capital of Am., Inc. v. UBS AG*, No. 04-21917-CIV-ALTONAGA/Turnoff, 2006 U.S. Dist. LEXIS 95966, at *5 (S.D. Fla. Oct. 18, 2006)); *see also Compania de Elaborados de Cafe, El Cafe, C.A. v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2004).

Here, none of the three grounds for reconsideration exist.  In fact, Plaintiffs do not even try to address the requisite grounds for reconsideration in their moving papers.  Plaintiffs cite no intervening change in controlling law, offer no new evidence, and provide no showing that the Court erred in its previous ruling.  Nothing in the Motion for Reconsideration warrants the Court's use of the extraordinary remedy of reversing its previous ruling.

Plaintiffs' Motion for Reconsideration is offered for an improper purpose because it seeks to relitigate without good cause issues already decided by the Court.  In *Thompson v. Weissman*, the court stated:

> A motion for reconsideration is not intended to be a tool for relitigating what a court has already decided.  Rather, it "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

*Thompson v. Weissman*, No. 06-61589-CIV-COHN/SNOW, 2007 U.S. Dist. LEXIS 49986, at **2-3 (S.D. Fla. July 11, 2007) (citations omitted). Indeed, the Motion for Reconsideration is a rehashing of the fatally paradoxical argument offered in the Motion to Add Cortazzo – namely, that Davis is an adequate class representative (but maybe the Court will later conclude she is not), and Cortazzo would be adequate, so Cortazzo should be added. This argument makes as little sense as it did in the first motion.

> **B. Plaintiffs Again Fail to Meet Their Rule 16(b) Burden to Show Good Cause that the Scheduling Order of the Court Should Be Modified to Extend the Deadline Within Which to Join New Parties.**

Without good cause, Plaintiffs unreasonably ask the Court to modify both its Amended Scheduling Order [D.E. 257] setting the deadline to join new parties as January 16, 2008, and the subsequent April 25, 2008 scheduling order [D.E. 355] forbidding amendments to the operative complaint after the filing of the motion for class certification. In already determining that no good cause exists to add Cortazzo to this matter, this Court stated on October 8, 2008:

> Plaintiffs have not shown good cause to justify adding Cortazzo as a party seven months after the Court's deadline. …
>
> While it is true that "the addition of Ms. Cortazzo would not preclude Mrs. Davis' claim," Plaintiffs fail to explain, in their multitude of documents and declarations, why Cortazzo is necessary to this action given Davis' claims. Plaintiffs have hardly shown "good cause" to justify modifying the Court's Scheduling Order by adding Cortazzo as a party at this late stage.

[D.E. 505 at 9-10 (footnote and citation omitted).]

No facts or substantive law have changed since the Court's October 8, 2008 Order. If good cause did not exist in October, it certainly does not exist now, even later in the litigation and while the motion for class certification is pending. As this Court stated in the Amended Scheduling Order:

> Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." In order to establish

"good cause," the movant has the burden of proving that the scheduling deadline could not have been met despite the movant's diligent efforts to do so.

[D.E. 257 at 2 (citing Fed. R. Civ. P. 16(b) and *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).] Plaintiffs again fail to make the required showing of good cause under Rule 16(b).

## C. Plaintiff's Renewed Request to Add Cortazzo is Based Upon Conjecture Not Ripe for Consideration

The only new argument in Plaintiffs' Motion for Reconsideration consists of speculation that Natura will argue Davis is an unsuitable class representative and that the Court will agree. This issue is not ripe; to even get to this point, the Court would need to be inclined to grant certification if a suitable replacement plaintiff were available.[1] *See Mazur v. Lampert*, No. 04-61159-CIV-LENARD/TORRES, 2007 U.S. Dist. LEXIS 13934, at *6 (S.D. Fla. Feb. 28, 2007). In *Mazur*, the court denied a motion for leave to take in excess of ten depositions where the movant had taken fewer than ten depositions, but believed that more than ten depositions may be necessary:

> Plaintiff's Motion anticipates that a wide range of issues and defenses will require extensive discovery and additional depositions. That may or may not turn out to be the case. But the Court will not entertain a premature motion to exceed the standard number of depositions based upon speculation and conjecture, even if it is reasonably informed and asserted in good faith as is the case here.

*Id.* Likewise, the issue of whether Cortazzo will be needed as a substitute class representative is based upon one specific contingency in a wide range of possibilities.

## D. Cortazzo is not an Adequate Class Representative.

Cortazzo does not meet the Rule 23 standard required for adequate class representatives. Under Rule 23, a class member may only sue as a named class representative if they "will fairly

---

[1] Natura's arguments against class certification do not depend upon whether the representative plaintiff is Davis or Cortazzo.

and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This Court has previously elaborated upon the standard set forth by Rule 23(a)(4) for adequate class representation. In *Clausnitzer v. Federal Express Corporation*, Judge Altonaga stated:

> The court must be assured that the representative plaintiffs will pursue the claims of the class members with vigor to protect the interests of the unnamed members of the class. The representative plaintiffs must participate in the case and be sufficiently aware of the litigation.

*Clausnitzer v. Fed. Express Corp*, 248 F.R.D. 647, 657 (S.D. Fla. 2008) (citations omitted).

Here, Cortazzo's performance to date lacks vigor or vigilance in pursuing claims against Natura and in representing any putative class. Cortazzo claims to have learned of her alleged injuries and this lawsuit last summer. [Caverly Decl., Dec. 22, 2008, ex. C ("Cortazzo Dep.") at 9:19-10:3.][2] While Plaintiffs were moving to join Cortazzo to this case, on September 3, 2008, an identical suit was filed on Cortazzo's behalf against Natura ("Separate Cortazzo Action"). [*See* Caverly Decl., ex. A.] Cortazzo, a licensed Florida litigation lawyer, reported at her deposition that she did not know if she was aware that a new lawsuit had been filed on her behalf, which explains why it was dismissed without service on September 26, 2008. [*See* Caverly Decl., ex. C at 114:18-116:4; ex. B. ("Plaintiff's Notice of Voluntary Dismissal Without Prejudice").] At her deposition, Cortazzo and her attorney incorrectly asserted that Cortazzo had been a party to the current action. Apparently acting under this belief, Cortazzo prepared responses to interrogatories and document requests defendants (including dismissed defendants) had served on Plaintiffs months before. Cortazzo testified as follows:

Q:     Are you a party in this case?

A:     No.

Q:     So, you understand that you were not served with interrogatories by a defendant in this case; correct?

Mr. Tyrrell: Objection to the form. She was a party to the case and she's been dismissed and may be a party in the future.

---

[2] The Declaration of Kristen E. Caverly, dated December 22, 2008, is attached to this Response as **Exhibit 1**.

A:     At the time when I did them, I was a party.

Q:     You believe that at some time you were a party in the Blaszkowski case; is that correct?

A:     At one point, yes.

Q:     When?

A:     That's my understanding.  I'm not sure of the day.  I would have to look.  I'm not sure of the date.

Q:     How did you become a party in the Blaszkowski case?

A:     I went to the annual Florida bar convention in Boca Raton and we had an animal law committee meeting.  And I was handed some materials and one of the things in there was a complaint and attached documents.  And then I contacted the law firm that was listed and I spoke to someone in the law firm.  And then later on I talked to Ms. MacIvor.

Q:     You understand from your private practice that in order to be added as a party to a litigation you have to have leave from the court; don't you understand that?

A:     Yes.

Q:     Did you ever get leave from the court to be added as a party in the Blaszkowski case?

Mr. Tyrrell:     Objection to form.  You can answer if you know.

A:     I don't know.  I believe, yes, but I couldn't answer that I had personal knowledge that I attended any proceedings, no.

Q:     Have you ever seen an order permitting you to become a party in the Blaszkowski case?

A:     Not that I'm aware of.

Q:     Are you currently a party in the Blaszkowski case?

A:     No.

Q:      How did your status change from being a party to not being a party?

A:      I don't know.

Q:      Did you sign verifications for the interrogatory responses that we have marked as exhibit 1?

A:      I don't remember.

[Caverly Decl., ex. C at 9:2-11:3.]

As the testimony shows, Cortazzo has only a loose grasp on her own procedural status and involvement with the instant action.  She has done nothing to preserve her rights or those of the class she wishes to represent despite the statute of limitations running daily regarding her purchases in 2003.  To the contrary, Cortazzo disavows filing a separate lawsuit and has shown no signs of wishing to independently pursue her claims.  As she testified at deposition:

Q:      You filed your own complaint against Natura Pet Products; correct?

A:      Did I file my own?

Q:      Yes.

A:      No.

Q:      You are not aware that you filed a case in the Southern District of Florida with yourself as a plaintiff and Natura as defendant?

A:      Can I see that?

Q:      I didn't bring a copy of the complaint with me.

A:      I probably have it.  My attorney probably filed it.  I personally didn't file it.  Is that what you mean?

Q:      I don't mean whether you took it down to the courthouse and saw them stamp it.

A:      That's what I thought you meant.  I'm sorry.  That's what I thought you meant.

Q:      Are you aware that you, as a plaintiff, filed a separate lawsuit from Ms. Blaszkowski's lawsuit against Natura Pet Products?

A:    I don't know the specifics of it, but I know Ms. MacIvor's firm discussed with me --

Mr. Tyrrell:    Objection.  Do not -- do not reveal any attorney/client privilege conversations.  Just answer the question.

The witness:    Can you ask the question again?  I'm sorry.

By Ms. Caverly:

Q:    Are you aware that under your name a complaint was filed in the Southern District of Florida against Natura Pet Products, a complaint separate from the Blaszkowski case?

A:    I don't know.

Q:    Is it fair then to say that you don't know why that case was dismissed?

A:    I don't know.

[*See* Caverly Decl., ex. C at 114:18-116:4.]

In explaining the standard within the Eleventh Circuit regarding adequate representation by a class representative under Rule 23, the district court in *In re Vesta Insurance Group, Inc. Securities Litigation* stated:

> Even *Kirkpatrick* [*v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987)] acknowledges that a named representative's lack of interest and involvement in a class action suit render that named representative an inadequate representative when the interest is so low that the named representative has essentially "abdicated to the attorneys the conduct of the case."

*In re Vesta Ins. Group, Inc. Secs. Litig.*, NO. CV-98-AR-1407-S, 1999 U.S. Dist. LEXIS 23541, at **11-12 (N.D. Ala. May 28, 1999) (citation omitted); *see also Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205, 1214 (D. Minn. 1987) ("Plaintiff's abdication of his responsibility for direction of this action creates an unacceptable possibility of conflict of interest."); *Koenig v.*

*Benson*, 117 F.R.D. 330, 337 (E.D.N.Y. 1987) (noting courts have denied certification where plaintiffs display "an alarming unfamiliarity with the suit[s]").

Cortazzo has already abandoned without explanation a putative class in an action substantively identical to this case and seems content to let her counsel see what happens here before she decides whether to prosecute her own claims. She is unsuitable to serve as a class representative pursuant to the requirements of Rule 23, and this Motion for Reconsideration should be denied.

### E. **If Cortazzo Is Allowed to Join, her Effective Filing Date Should Not Relate Back To The Original Filing.**

Natura will be prejudiced if Cortazzo is allowed to join and have her claims relate back to the original filing of the complaint against Natura because at least some of her alleged claims against Natura are time-barred by FDUTPA's four-year statute of limitations. *See* § 95.11(3)(f), Fla. Stat.[3] In her deposition, Cortazzo stated that she first purchased a Natura product in 2003. [*See* Caverly Decl., ex. C at 6:21-7:3.] But any actions based on alleged Natura purchases or misrepresentations in 2003 are barred by the statute of limitations. Indeed, when Cortazzo filed the Separate Cortazzo Action on September 3, 2008, her alleged 2003 and many of her alleged 2004 purchases were already time-barred. [*See* Caverly Decl., ex. A ("Class Action Complaint").] Rule 15 does not prevent relation back in this setting.

> [T]he **rule is generally stated to be that <u>relation back will not apply</u> to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings.** The reasoning apparently is that such an addition amounts to the assertion of a "new cause of action," and if an amendment were allowed to relate back in that situation, the purpose of the statute of limitations would be defeated.

---

[3] The proposed class exceeds the four-year limitations period, but even that class period would exclude some of Cortazzo's claims. Natura's statute of limitations defense against Cortazzo further emphasizes that her addition does not save the class action.

*Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968) (citations omitted and emphasis added).[4]   The Second Circuit used similar reasoning in affirming the dismissal of added plaintiffs' claims, where the added plaintiffs had attempted to argue "relation back" to remedy the fact that they had filed a separate, but untimely, action.  *Levy v. United States GAO*, 175 F.3d 254 (2d Cir. 1999).

Plaintiff Davis claims she used free samples of Natura products in 2006; thus, Cortazzo's claims, even in a class action context, are not the same as Davis' claims for purposes of the statute of limitations.  If Cortazzo is added, her alleged claims against Natura, including her class claims, cannot relate back to filing of the original action and should be the considered, for statute of limitations purposes, from the date she is added as a party.[5]

### F. Cortazzo Cannot Bring Suit Against Natura in this Court as She is Contractually Obligated to File Suit Against Natura Exclusively in the Federal District Court for the Northern District of California.

Cortazzo asserts that her FDUTPA claim is based upon an alleged misrepresentation to which she was exposed on Natura's website.  [*See* Caverly Decl., ex. C at 28:16-19.]  The following mandatory and exclusive forum selection clause appeared on Natura's website throughout 2003 and 2004:

> **Governing Law & Jurisdiction**
> This Site (excluding linked sites) is controlled by Natura from its offices within the state of California, United States of America. By accessing this Site, you and Natura agree that all matters relating to your access to, or use of, this Site shall be governed by the statutes and laws of the State of California, without regard to the conflicts of laws principles thereof. You and Natura also agree and hereby submit to the exclusive personal jurisdiction and venue of the Superior Court of Santa Clara County and the United States District Court for the Northern District of California with respect to such matters.

---

[4] All Fifth Circuit decisions before October 1, 1981 are binding within the Eleventh Circuit under *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[5] *Murfkan v. Kahn,* 11 F.R.D. 520, 522 (S.D. Fla. 1951), in dicta and in reliance on a prior version of Rule 15, suggests that a new plaintiff in a class action may benefit from an earlier pleading, but this should not be the case where the facts of the new plaintiff are substantially different from those of the prior plaintiff.

[*See* Atkins Decl., Dec. 22, 2003, ex. A (December 2003 website terms of use).][6]

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171-CIV-MARRA/JOHNSON, 2008 U.S. Dist. LEXIS 67482, at *8 (S.D. Fla. Sept. 5, 2008) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). To allow Cortazzo to be added as a plaintiff in this action would prejudice Natura's contractual rights under its terms of use agreement. Accordingly, Cortazzo should not be added as a party in the instant action. Alternatively, if Cortazzo is to be added, Natura requests leave to file a Rule 12(b)(3) motion to dismiss for improper venue.[7]

## IV.    CONCLUSION

Based upon the foregoing, Natura respectfully requests the Court deny Plaintiffs' Renewed Motion and/or Motion For Reconsideration of Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative [D.E. 555].

---

[6] The Declaration of Peter L. Atkins, dated December 22, 2008, is attached to this Response as **Exhibit 2**.
[7] Natura's web-based venue arguments against Cortazzo, as well as express disclaimers found on the website, are further evidence that Cortazzo is not a proper representative of all users of Natura products in Florida.

McGUIREWOODS LLP


By:     s/Michael M. Giel
          Jeffrey S. York
          Florida Bar No. 0987069
          Michael M. Giel
          Florida Bar No. 0017676
          50 N. Laura Street, Suite 3300
          Jacksonville, Florida  32202
          (904) 798-2680
          (904) 360-6330 (fax)
          jyork@mcguirewoods.com
          mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.


s/Michael M. Giel
Attorney

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone:  (858) 552-6750
Facsimile:   (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
*Attorneys for Plaintiffs*

John B.T. Murray, Jr., Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
jbmurray@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc., PetSmart, Inc., Wal-Mart*

*Stores, Inc., Target Corporation and Meijer, Inc.*

Rolando Andres Diaz, Esquire
Peter S. Baumberger, Esquire
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846
rd@kubickdraper.com
cyd@kubickidraper.com
psb@kubickidraper.com
*Attorneys for Defendant Pet Supermarket, Inc.*

Lonnie L. Simpson, Esquire
S. Douglas Knox, Esquire
**DLA PIPER LLP**
100 N. Tampa Street
Suite 2200
Tampa, Florida 33602-5809
Lonnie.simpson@dlapiper.com
Douglas.knox@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Alexander Shaknes, Esquire
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020-1104
Alex.Shaknes@dlapiper.com
*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

Hugh J. Turner, Jr., Esquire
**AKERMAN SENTERFITT**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, FL 33301-2229
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
hugh.turner@akerman.com
*Attorneys for Defendants Publix Super Markets, Inc and H.E. Butt Grocery Co.*

Gary L. Justice, Esquire
Gail E. Lees, Esquire
Omar Ortega, Esquire
**DORTA AND ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226
oortega@dortaandortega.com
*Attorneys for Defendant Mars, Incorporated,*
*Mars Petcare U.S., and Nutro Products, Inc.*

Benjamine Reid, Esquire
Olga M. Vieira, Esquire
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Bank of America Tower at International Place
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
ovieira@carltonfields.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

John J. Kuster, Esquire
James D. Arden, Esquire
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
jkuster@sidley.com
jarden@sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Kara L. McCall, Esquire
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-2666
kmccall@Sidley.com
*Attorneys for Defendants Colgate-Palmolive*
*Company and Hill's Pet Nutrition, Inc.*

Marcos Daniel Jiménez, Esquire
Robert J. Alwine II, Esquire
**KENNY NACHWALTER, P.A.**
1100 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
mdj@kennynachwalter.com
ralwine@kennynachwalter.com
*Attorneys for Defendants Safeway, Inc. and*
*The Stop & Shop Supermarket Company LLC*

Sherril M. Colombo, Esquire
**COZEN O'CONNOR**
Wachovia Center, Suite 4410
200 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955
scolombo@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Richard Fama, Esquire
John J. McDonough, Esquire
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492
rfama@cozen.com
jmcdonough@cozen.com
*Attorneys for Defendant Del Monte Foods*

John F. Mullen, Esquire
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013
jmullen@cozen.com
*Attorneys for Defendant Del Monte Foods, Co.*

Carol A. Licko, Esquire
**HOGAN & HARTSON L.L.P.**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
calicko@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Robert C. Troyer, Esquire
**HOGAN & HARTSON L.L.P.**
1200 17th Street
One Tabor Center, suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333
rctroyer@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Craig A. Hoover, Esquire
Miranda L. Berge, Esquire
E. Desmond Hogan, Esquire
**HOGAN & HARTSON L.L.P.**
555 13TH Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
cahoover@hhlaw.com
mlberge@hhlaw.com
*Attorneys for Defendants Nestlé USA, Inc. and*
*Nestlé Purina Petcare Co.*

Alan G. Greer, Esquire
**RICHMAN GREER, P.A.**
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, FL 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
agreer@richmangreer.com
*Attorneys for Defendants Procter & Gamble*
*Co. and The Iams Co.*

D. Jeffrey Ireland, Esquire
Brian D. Wright, Esquire
Laura A. Sanom, Esquire
**FARUKI IRELAND & COX P.L.L.**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
djireland@ficlaw.com
Bwright@ficlaw.com
lsanom@ficlaw.com
*Attorneys for Defendant Procter & Gamble*
*Co. and The Iams Co.*

Robin L. Hanger, Esquire
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
200 S. Biscayne Boulevard
40th Floor
Miami, Florida 33131-2398
Telephone: (305) 577-7040
Facsimile: (305) 577-7001
rlhanger@ssd.com
*Attorneys for Defendants PETCO Animal*
*Supplies Stores, Inc.*

Ralph G. Patino, Esquire
Dominick V. Tamarazzo, Esquire
Carlos B. Salup, Esquire
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635
rpatino@patinolaw.com
dtamarazzo@patinolaw.com
csalup@patinolaw.com
*Attorneys for Defendants Pet Supplies "Plus"*
*and Pet Supplies Plus/USA, Inc.*

Robert Valadez, Esquire
Javier Thomas Duran, Esquire
**SHELTON & VALADEZ, P.C.**
600 Navarro, Suite 500
San Antonio, Texas 78205
Telephone: (210) 349-0515
Facsimile: (210) 349-3666
rvaladez@shelton-valadez.com

jduran@shelton-valadez.com
*Attorneys for Defendant H.E. Butt Grocery Co.*

Craig P. Kalil, Esquire
Joshua D. Poyer, Esquire
**ABALLI, MILNE, KALIL & ESCAGEDO, P.A.**
2250 Sun Trust International Center
One Southeast Third Avenue
Miami, Florida 33131
Telephone: (305) 373-6600
Facsimile: (305) 373-7929
ckalil@aballi.com
jpoyer@abailli.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

W. Randolph Teslik, Esquire
Andrew Dober, Esquire
**AKIN GUMPSTRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
rteslik@akingump.com
adober@akingump.com
*Attorneys for Defendants New Albertson's Inc.*
*and Albertson's LLC*

Jason Joffe, Esquire
**SQUIRE SANDERS & DEMPSEY, LLP**
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
jjoffe@ssd.com
*Attorneys for Defendant Meijer, Inc.*

\6879838.1