**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 07-21221-CIV-ALTONAGA/Brown**

**RENEE BLASZKOWSKI**, *et al.*,

Plaintiffs,

vs.

**NATURA PET PRODUCTS, INC.**, *et al.*,

Defendants.
_______________________________/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant, Natura Pet Products, Inc.'s ("Natura['s]") Motion for Summary Judgment ("Motion") [D.E. 515], filed on October 10, 2008. Natura moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, in favor of Natura and against Plaintiffs, Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Danielle Valoras, Carolyn White, and Lou Wiggins (collectively, "Dismissing Plaintiffs") on all counts against it in Plaintiffs' Fourth Amended Complaint ("FAC") [D.E. 349]. The Court has carefully considered the parties' written submissions, the record, and applicable law.

## I. BACKGROUND[1]

On May 9, 2007, the original named plaintiffs filed this action seeking to represent a putative

[1] Unless otherwise noted, the facts set forth in this section are undisputed.

Dockets.Justia.com

class of consumers who purchased pet food. (*See* Original Complaint [D.E. 1]). Plaintiffs added Natura as a defendant on November 29, 2007 in their Second Amended Class Action Complaint [D.E. 260 & 261]. At the time of the Second Amended Complaint, all of the Dismissing Plaintiffs were parties except for Linda Brown, Tone Gaglione and Deborah McGregor. The Third Amended Complaint was filed on January 25, 2008 [D.E. 333], adding the remainder of the Dismissing Plaintiffs.

The FAC, filed on April 11, 2008, is the current operative complaint. The parties debate the nature of the Dismissing Plaintiffs' claims in the FAC. Natura argues the Dismissing Plaintiffs assert claims for (1) fraudulent misrepresentation and concealment, (2) negligent misrepresentation, (3) violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes §§ 501.201-213, (4) negligence, (5) strict liability, and (6) unjust enrichment against Natura.

The Dismissing Plaintiffs disagree, contending they did not individually plead claims against Natura in any of the complaints. Moreover, they assert they are no longer parties to this action. They point to two Orders entered on September 12, 2008 [D.E. 482 & 483] ("Orders of Dismissal"), in which the Non-Natura defendants and all of the claims by the Dismissing Plaintiffs were dismissed with prejudice because of a settlement agreement reached in *In re Pet Food Products Liability Litig.*, No. 07-2687-CIV (NLH/AMD), a Multi-District Litigation case in the United States District Court for the District of New Jersey. They also cite Plaintiffs' Notice of Pending and Dismissed Claims [D.E. 494], wherein Plaintiffs stated:

> In light of Natura's counsel's uncertainty and for clarification of the records, the following are Plaintiffs who do *not* have, and *never* did have or assert claims against Natura: Linda Brown, Tone Gaglione, Jane Herring, Deborah Hock, Raul Isern, Claire Kotzampaltiris, Michele Lucarelli, Marian Lupo, Sharon Mathiesen, Deborah

> McGregor, Julie Nelson, Ann Quinn, Marlena Rucker, Sandy Shore, Stephanie Stone, Beth Wilson, Patricia Hanrahan, Donna Hopkins-Jones, Debbie McGregor, Danielle Valoras, Carolyn White, and Lou Wiggins. The aforementioned Plaintiffs have also stipulated to the dismissal of their claims against all other Defendants in this case against whom they did assert claims.

(emphasis in original).

Natura brings the current Motion on the grounds that the Dismissing Plaintiffs did plead claims against Natura and continue to be parties to this action until dismissals or judgments are entered as to their claims. In support of these assertions it notes: (1) the FAC repeatedly alleges *all* defendants harmed *all* plaintiffs; (2) plaintiffs give notice they intend Natura's liability to include conspiracy with other Defendant Manufacturers, making Natura potentially liable for all of the wrongful acts of the other defendants; (3) the Orders of Dismissal do not dismiss the Dismissing Plaintiffs' claims against Natura; and (4) the Dismissing Plaintiffs admit they cannot prevail on any of the six counts identified in the FAC against Natura. The Dismissing Plaintiffs argue they never brought claims against Natura, and it is impossible to grant summary judgment on claims that do not exist. Specifically, they point to paragraphs 3 through 32 of the FAC – where each plaintiff is matched with each of the corresponding defendants from whom that plaintiff seeks relief – to show that every Dismissing Plaintiff against whom Natura seeks summary judgment is individually named and did not assert a cause of action against Natura.

## II. ANALYSIS

### A. Legal Standard

Summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response to a properly supported motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set

out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

**B. Summary Judgment Motion**

The narrow issue presented in the Motion is whether the Dismissing Plaintiffs assert claims against Natura in the FAC. Natura argues the FAC repeatedly alleges all defendants harmed all plaintiffs. Because Natura is a named defendant, every time the FAC states an allegation by all plaintiffs against all defendants, Natura is on notice to defend itself against "all plaintiffs," including the Dismissing Plaintiffs. In support of this argument, Natura points to specific language found in the FAC, including:

> The **Plaintiffs** bring this action for injunctive relief, restitution and damages for (1) false and deceptive advertising, misrepresentations and omissions made by the **Defendants** in the marketing, advertising and sale of the Defendants' commercial pet food and treats; and (2) for the illness and/or deaths of the Plaintiffs' cats and dogs from ingesting the Defendants' commercial pet food and treats.

(FAC at ¶ 2) (emphasis added). Natura also highlights the following allegations:

> Defendant, Natura Pet Products, Inc. ("Natura"), is a California corporation with its principal place of business in California. Natura is in the business of manufacturing, producing, marketing, distributing, advertising and/or selling dog and cat food and treats for purchase by the **Plaintiffs** and the class in Florida and nationwide . . . . Natura has made a considerable effort to promote a sense of trust and confidence in its brands with the intent that the **Plaintiffs** and the Plaintiff class will rely upon and trust in the Natura brand pet food and treats.

(*Id.* at ¶ 40) (emphasis added).

> The **Defendants**' misleading, unfair and deceptive marketing and/or failure to disclose on an ongoing and continuous basis throughout the Class Period has resulted in damage to the **Plaintiffs** because they would not have otherwise purchased these products had they known the truth about them and/or their cats and/or dogs became ill and/or died from ingesting the pet food.

(*Id.* at ¶ 66) (emphasis added). Because the FAC repeatedly alleges that all defendants have harmed all plaintiffs, Natura argues the Dismissing Plaintiffs did assert claims against it.

In their defense, the Dismissing Plaintiffs contend that paragraphs 3 through 32 of the FAC clearly demonstrate the specific defendants against whom each plaintiff has a claim. For example, Dismissing Plaintiff, Linda Brown, alleges:

> Plaintiff/Class Representative, Linda Brown, is a resident of Minnesota during the class period. Plaintiff Brown regularly purchased pet food during the class period for daily consumption for her cat(s)/dog(s) in Minnesota, which was manufactured and marketed by Defendants, Nestlé Purina Petcare, Hill's, Del Monte, and on information and belief Menu Foods. Defendants, Wal-Mart and Petco marketed and sold Plaintiff Brown pet food from the above-referenced manufacturers and marketers, which purchases were made based upon the above referenced Defendant's [sic] marketing.

(*Id.* at ¶ 6). Ms. Brown does not allege having purchased pet food products from Natura.

All other Dismissing Plaintiffs similarly framed their allegations and did not specifically include Natura in any of them. (*See id.* at ¶¶ 6-12, 14-15, 17-24, 28-29 and 31-32). The Dismissing Plaintiffs concede that all but two of the enumerated causes of action are pled by "plaintiffs" (which includes the Dismissing Plaintiffs) against "All Defendants." However, they argue that paragraphs 3 through 32 of the FAC are incorporated into each individual Count alleged by the plaintiffs, and these Counts cannot be properly construed without referring to paragraphs 3 through 32. Thus, they assert that "Paragraphs 3 through 32 unequivocally demonstrate that not every non-Natura Plaintiff

has a cause of action versus each and every Defendant." (Response in Opposition [D.E. 528] at 5).

Dismissing Plaintiffs' characterization of the FAC fails to persuade. *See Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481, 490-91 (1943) ("This was the understanding of the trial judge, upon whom rests primarily the function of interpreting the pleadings."). Paragraphs 3 through 32 are unreliable at best. For example, Jo-Ann Murphy, Susan Peters, Cindy Tregoe, and Jennifer Damron did not include Natura products in their lists of purchases in the FAC, yet they state in their Notice of Pending and Dismissed Claims [D.E. 494] that they still pursue claims against Natura or are actively seeking dismissal as to Natura.[2] The pleadings regarding the claims of Ms. Murphy, Ms. Peters, Ms. Tregoe, and Ms. Damron are virtually identical to the Dismissing Plaintiffs' pleadings with respect to Natura, yet plaintiffs contend one group has pled claims against Natura, while the other has not. (*See* Notice of Pending and Dismissed Claims [D.E. 494]). Paragraphs 3 through 32 of the FAC cannot be determinative for some plaintiffs but not for others.

Admittedly, Dismissing Plaintiffs are correct that the Federal Rules of Civil Procedure do not require that each and every plaintiff plead a separate cause of action against each and every defendant.[3] *See, e.g.*, *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32(HL), 2008 WL

---

[2] Dismissing Plaintiffs object to Natura's use of this evidence in their Reply [D.E. 534]. Specifically, they argue this evidence is (1) irrelevant; (2) will cause undue delay while unfairly confusing the issues; and (3) mischaracterizes the law, since the plaintiffs could amend the FAC through the Notice of Pending and Dismissed Claims. Dismissing Plaintiffs' Evidentiary Objection [D.E. 543] is meritless. First, this evidence is relevant, as it demonstrates the reliability of paragraphs 3 through 32. Second, it has not caused undue delay nor has it confused the issues. And third, while "[a]s a general principle the presentation of claims beyond the complaint without objection is considered an informal amendment of the complaint," *Action Mfg., Inc. v. Fairhaven Textile Corp.*, 790 F.2d 164, 167 (1st Cir. 1986), Natura has technically objected to Plaintiffs' Notice of Pending and Dismissed Claims through the filing of the present Motion.

[3] The Dismissing Plaintiffs argue the Court should not consider the Motion because Natura failed to provide legal authority to support its position that each and every plaintiff should have stated a separate

5115005, at *2 (M.D. Ga. Dec. 4, 2008) ("Rather than promoting clarity, requiring that Plaintiffs include a separate count for each Plaintiff, for each year, against each Defendant would lead to a voluminous complaint that would contain several hundred counts. This result would conflict with the requirement that a complaint contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'") (citing Fed. R. Civ. P. 8(a)(2)).[4] Nonetheless, the Court disagrees with Dismissing Plaintiffs' contention that "[p]aragraphs 3 through 32 made clear who was suing who in the first place." (Response in Opposition at 8). Instead, a plain reading of Counts I, II, III, IV, V and VIII of the FAC leads the undersigned to conclude that "Plaintiffs" – which includes the Dismissing Plaintiffs – were allegedly harmed by "All Defendants" – which includes Natura. Under this interpretation of the FAC, Natura was required to defend and discover which plaintiffs have an actual claim against it, and it is not inappropriate for Natura to seek a summary judgment against those plaintiffs it determined did not have a valid claim.

The Dismissing Plaintiffs' claims against Natura were not extinguished by the Court's Orders of Dismissal. According to the Orders of Dismissal, Dismissing Plaintiffs' claims are dismissed only

---

cause of action against each and every defendant. First, Natura does not make that argument. Instead, Natura asserts that the FAC, as written, alleges all plaintiffs were harmed by all defendants. This assertion does not require a legal memorandum. And while the Dismissing Plaintiffs are correct that courts *may* deny summary judgment where defendants fail to carry their burden to identify a valid legal theory in support of their motion, *see, e.g.*, *Zafar v. U.S. Atty. Gen.*, 426 F.3d 1330, 1336 (11th Cir. 2005) (emphasis added), *vacated on other grounds by* 461 F.3d 1357, 1367 (11th Cir. 2006), the undersigned declines to do so as Defendant has shown it is entitled to judgment as a matter of law.

[4] In contrast, "Rule 10(b) requires that, in a multi-defendant/multi-plaintiff case like this case, each plaintiff must separately identify an unlawful action taken by each defendant at a recognizable point in time that caused the plaintiff to suffer an actual, identifiable injury." *Evans v. Walter Indus., Inc.*, 579 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) (citing Charles A. Wright & Arthur B. Miller, 5 *Federal Practice & Procedure: Civil* 3D § 1248, 443-44 (2002)).

as to:

> The Iams Company; Del Monte Foods, Co.; Hill's Pet Nutrition, Inc.; Nestle Purina Petcare Co.; Menu Foods, Inc. and Menu Foods Income Fund; Mars, Inc.; Mars Petcare US, Inc.; and Nutro Products, Inc.
>
> [and]
>
> PETCO Animal Supplies Stores, Inc.; PetSmart, Inc.; Wal-Mart Stores, Inc.; Target Corporation; Pet Supermarket, Inc.; Publix Supermarkets, Inc.; New Albertson's, Inc.; Albertson's LLC; Pet Supplies Plus; Pet Supplies "Plus"/USA, Inc.; and the Kroger Co.

(Orders of Dismissal [D.E. 482 & 483]). Because the Dismissing Plaintiffs admit they cannot prevail on any of the six counts identified in the FAC against Natura, Natura is entitled to a summary judgment as to all claims brought by the Dismissing Plaintiffs.

## III. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. Natura's Motion **[D.E. 515]** is **GRANTED**. Defendant is to submit a proposed judgment as to all of the Dismissing Plaintiffs' claims.
2. Natura's related Motion to Strike Plaintiffs' Evidentiary Objections to Reply Brief **[D.E. 545]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of January, 2009.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record