UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

        Defendants.
_____/

### DEFENDANT NATURA PET PRODUCTS, INC.'S MOTION TO COMPEL RESPONSES BY JO-ANN MURPHY AND CINDY TREGOE TO NATURA'S SECOND SET OF INTERROGATORIES; AND PATRICIA DAVIS TO NATURA'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 37, Defendant Natura Pet Products, Inc., ("Natura") hereby moves the Court for an order compelling further responses by plaintiffs Patricia Davis, Jo-Ann Murphy and Cindy Tregoe to:

1. Natura's Second Set of Interrogatories to Plaintiff Cindy Tregoe, #6-7.
2. Natura's Second Set of Interrogatories to Plaintiff Jo-Ann Murphy, #6-7.
3. Natura's Third Set of Interrogatories to Plaintiff Patricia Davis, #8-9.
4. In support of this motion to compel, Natura submits the attached memorandum of law, the declaration of Robert C. Mardian III and exhibits attached thereto. This motion to compel is further supported by the filings of record in this case.

WHEREFORE, Natura respectfully moves this Court for entry of an order granting Natura's motion to compel.

## MEMORANDUM OF LAW

### I. INTRODUCTION

Natura propounded interrogatories to Patricia Davis, Cindy Tregoe and Jo-Ann Murphy. The purported responses by Davis and Tregoe to the written discovery were evasive, incomplete and utilized generalized blanket objections forbidden by order of Magistrate Brown. Natura requests the Court issue an order compelling adequate responses to Natura's outstanding discovery requests.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2008, Magistrate Brown issued his Order on Discovery ("Order on Discovery") [D.E. 344], which ordered the parties to not make boilerplate, nonspecific objections or formulaic objections followed by answers. On April 8, 2008, the Court ordered class and merits discovery to commence. [D.E. 346.] From September 24-27, 2008, Natura took the depositions of plaintiffs Patricia Davis, Cindy Tregoe and Jo-Ann Murphy. [Declaration of Robert C. Mardian III, dated December 29, 2008 ("Mardian Declaration"), at ¶2.] Subsequent to the depositions, Natura sent to the plaintiffs interrogatories. [Mardian Declaration at ¶3.] Plaintiffs requested extensions within which to respond to discovery. Natura agreed so long as plaintiffs promised to provide substantive responses to each request. [Mardian Declaration at ¶4.] Plaintiffs instead elected to submit the non-substantive discovery responses at issue here rather than receive the extension. On December 24, 2008, Natura emailed plaintiffs in an effort to Meet and Confer regarding their purported responses to above discovery requests. As part of the Meet and Confer efforts, plaintiffs were provided a copy of Magistrate Brown's Order on Discovery. As of the filing of this motion, Natura has received no response to its Meet and Confer efforts.

## III. LEGAL ARGUMENT

Rule 37 permits a party to bring a motion to compel if a party fails to properly respond to interrogatories under Rule 33. Fed Rules Civ Proc R 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed Rules Civ Proc R 37(a)(4). The purported responses provided by plaintiffs to Natura's production requests are evasive and incomplete and, therefore, must be treated as a failure to respond. Additionally, the purported responses fail to comply with Magistrate Brown's Order on Discovery which states:

> Parties shall not make nonspecific, boilerplate objections ... Objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and are deemed without merit by this Court ... an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks evidence ... Parties shall not recite a formulaic objection followed by an answer to the request ... Generalized objections asserting "confidentiality," attorney-client privilege or work product doctrine also do not comply with local rules.

[Order on Discovery by Magistrate Judge Stephen T. Brown, on April 7, 2008, D.E. 344.] The responses contain improper objections and generalized assertions of attorney-client privilege or work product doctrine without submitting any privilege logs. Because plaintiffs' responses to discovery violate the Order on Discovery and Rules 33 and Rule 34, the Court should issue an order to plaintiffs requiring proper responses.

### A. Natura's Second Set of Interrogatories to Plaintiff Cindy Tregoe

<u>Interrogatory # 6</u>: *Describe each way in which you have been damaged by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. B.]

<u>Response to Interrogatory # 6</u>: *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly board and that it is cumulative on that it seek information already provided by Plaintiff at her deposition of September 25, 2008. In that regard it has also been asked and answered and is therefore argumentative and harassing. Without waiving these objections, Plaintiff responds as follows:*

*I incurred the cost of purchasing the various Natura products I used. I may have also incurred vet bills for the illness one of my dogs experienced once he began eating Natura products. I have also experienced damages related to the illness of my dog in the form of loss of his companionship and emotional distress. I am also requesting that the courts make orders that will force Natura to be truthful in its advertising and not omit important information concerning their products necessary of consumers to make informed decisions regarding their pet food purchases. The products Natura products I purchased have been identified in my prior deposition testimony and in response to Interrogatory no. 4, of the first set of interrogatories propounded upon me.*

<u>Analysis of Response to Interrogatory # 6:</u> In her response to interrogatories #6, Tregoe improperly includes formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Tregoe must withdraw her objections and respond to this interrogatory in proper form.

<u>Interrogatory # 7:</u> *State the amount of money you contend you have lost as a result of acts or omissions by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. B.]

<u>Response to Interrogatory # 7:</u> *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly board and that it is cumulative on that it seek information already provided by Plaintiff at her deposition of September 25, 2008. In that regard it has also been asked and answered and is therefore argumentative and harassing. Without waiving these objections, Plaintiff responds as follows:*

*The amount of money I spent on the Natura products and the amount of vet bills I inured for having to take my dog to the vet when he became ill when eating Natura products. The vet expenses can be determined for the vet bills previously produced to defendant.*

<u>Analysis of Response to Interrogatory # 7:</u> In her response to interrogatories # 7, Tregoe improperly includes formulaic objections followed by answers of the type prohibited by

4

Magistrate Brown's Order on Discovery. Tregoe must withdraw her objections and respond to this interrogatory in proper form.

### B. Natura's Second Set of Interrogatories to Plaintiff Jo-Ann Murphy

Interrogatory # 6: *Describe each way in which you have been damaged by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. D.]

Response to Interrogatory # 6: *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad and that it is cumulative on that it seeks information already provided by Plaintiff at her deposition of September 27, 2008. In that regard it has been asked and answered and is therefore argumentative and harassing. Without waiving these objections, Plaintiff responds as follows:*

*I have been damaged in the amount of the cost to purchase the various Natura products as identified in my deposition testimony.*

Analysis of Response to Interrogatory # 6: In her response to interrogatories # 6, Murphy improperly includes formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Murphy must withdraw her objections and respond to this interrogatory in proper form.


Interrogatory # 7: *State the amount of money you contend you have lost as a result of acts or omissions by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. D.]

Response to Interrogatory # 7: *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly broad and that it is cumulative in that it seeks information already provided by Plaintiff at her deposition of September 27, 2008. In that regard it has been asked and answered and is therefore argumentative and harassing. Without waiving these objections Plaintiff, responds as follows:*

*The amount of money I spend on the Natura products, as already set out in my deposition testimony, I estimate to be approximately $100.00 to $150.00.*

Analysis of Response to Interrogatory # 7: In her response to interrogatories # 7, Murphy improperly includes formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Murphy must withdraw her objections and respond to this interrogatory in proper form.

### C. Natura's Third Set of Interrogatories to Plaintiff Patricia Davis

Interrogatory # 8: *Describe each way in which you have been damaged by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. F.]

Response to Interrogatory # 8: *Plaintiff objects to this interrogatory on the grounds that it vague, ambiguous and overly broad. It is also cumulative in that it seeks information already testified to by the plaintiff during her deposition of September 24, 2008. Therefore has been asked and answered and is harassing. Without waving these objections Plaintiff responds as follows:*

*Natura made false and misleading representations and omissions concerning the nature and quality of its pet food products including that the ingredients in their products were human grade, of the highest human quality and food you could eat yourself. (See response to Interrogatory No. 10). This caused me to pick up the free samples of their Innova Senior Dry Dog Food and feed it to my pet when I would not have done so otherwise. This has created harm not only to me but other pet food consumers throughout the state of Florida.*

Analysis of Response to Interrogatory # 8: In her response to interrogatories # 8, Davis improperly includes formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Davis must withdraw her objections and respond to this interrogatory in proper form.

Interrogatory # 9: *State the amount of money you contend you have lost as a result of acts or omissions by Natura Pet Products, Inc.* [See Mardian Declaration, Exh. F.]

6

Response to Interrogatory # 9: *Plaintiff objects to this interrogatory on the grounds that it is cumulative in that it seeks information already testified to by the plaintiff during her deposition of September 24, 2008. Therefore has been asked and answered and is harassing. Without waving these objections defendant responds as follows:*

*I was provided free samples of the Natura product I used. That product was Innova Senior Dry Dog Food.*

Analysis of Response to Interrogatory # 9: In her response to interrogatories # 9, Davis improperly includes formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Davis must withdraw her objections and respond to this interrogatory in proper form. Interrogatory #9 must be further supplemented because Davis' answer is non-responsive. Interrogatory #9 calls for disclosure of a dollar amount by Davis for the monetary loss she contends was caused as a result of acts or omissions by Natura. If Davis has not suffered any monetary loss as a result of acts or omissions by Natura, then she must so state.

## IV. CONCLUSION

Based upon the foregoing, Natura respectfully request that the Court enter an order compelling plaintiffs to withdraw their objections and provide adequate responses to Natura's interrogatories.

## LOCAL RULE 7.1(A) (3) CERTIFICATION

Pursuant to Rule 7.1(A)(3) of the Local Rules of the United States District Court for the Southern District of Florida, counsel for Natura, Robert C. Mardian III, conferred on December 24, 2008, in good faith with counsel for Plaintiffs via email. Plaintiffs sought an extension to which to respond to the meet and confer efforts that was provided but, ultimately, we were unable to resolve the issues raised in this motion.

McGUIREWOODS LLP

By: __s/Jeffrey S. York__
    Jeffrey S. York
    Florida Bar No. 0987069
    Michael M. Giel
    Florida Bar No. 0017676
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-2680
    (904) 360-6330 (fax)
    jyork@mcguirewoods.com
    mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

# CERTIFICATE OF SERVICE
## RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
### Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
### SERVICE LIST

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland, Esquire
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*