UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

    Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

    Defendants.
_____/

## DEFENDANT NATURA PET PRODUCTS, INC.'S MOTION TO COMPEL RESPONSES BY JO-ANN MURPHY AND CINDY TREGOE TO NATURA'S THIRD SET OF INTERROGATORIES; AND PATRICIA DAVIS TO NATURA'S FOURTH SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 37, Defendant Natura Pet Products, Inc., ("Natura") hereby moves the Court for an order compelling further responses by plaintiffs Patricia Davis, Jo-Ann Murphy and Cindy Tregoe to:

1.  Natura's Third Set of Interrogatories to Plaintiff Cindy Tregoe, #8-9.

2.  Natura's Third Set of Interrogatories to Plaintiff Jo-Ann Murphy, #8-9.

3.  Natura's Fourth Set of Interrogatories to Plaintiff Patricia Davis, #10-11.

4.  In support of this motion to compel, Natura submits the attached memorandum of law, the declaration of Robert C. Mardian III and exhibits attached thereto. This motion to compel is further supported by the filings of record in this case.

WHEREFORE, Natura respectfully moves this Court for entry of an order granting Natura's motion to compel.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Natura propounded interrogatories to Patricia Davis, Cindy Tregoe and Jo-Ann Murphy. The purported responses by Davis and Tregoe to the written discovery were evasive, incomplete and utilized generalized blanket objections forbidden by order of Magistrate Brown. Natura requests the Court issue an order compelling adequate responses to Natura's outstanding discovery requests.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2008, Magistrate Brown issued his Order on Discovery ("Order on Discovery") [D.E. 344], which ordered the parties to not make boilerplate, nonspecific objections or formulaic objections followed by answers. On April 8, 2008, the Court ordered class and merits discovery to commence. [D.E. 346.] From September 24-27, 2008, Natura took the depositions of plaintiffs Patricia Davis, Cindy Tregoe and Jo-Ann Murphy. [Declaration of Robert C. Mardian III, dated December 29, 2008 ("Mardian Declaration"), at ¶2.] Subsequent to the depositions, Natura sent to the plaintiffs interrogatories. [Mardian Declaration at ¶3.] Plaintiffs requested extensions within which to respond to discovery. Natura agreed so long as plaintiffs promised to provide substantive responses to each request. [Mardian Declaration at ¶4.] Plaintiffs instead elected to submit the non-substantive discovery responses at issue here rather than receive the extension. On December 24, 2008, Natura emailed plaintiffs in an effort to Meet and Confer regarding their purported responses to above discovery requests. As part of the Meet and Confer efforts, plaintiffs were provided a copy of Magistrate Brown's Order on Discovery. As of the filing of this motion, Natura has received no response to its Meet and Confer efforts.

## III. LEGAL ARGUMENT

Rule 37 permits a party to bring a motion to compel if a party fails to properly respond to interrogatories under Rule 33. Fed Rules Civ Proc R 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed Rules Civ Proc R 37(a)(4). The purported responses provided by plaintiffs to Natura's production requests are evasive and incomplete and, therefore, must be treated as a failure to respond. Additionally, the purported responses fail to comply with Magistrate Brown's Order on Discovery which states:

> Parties shall not make nonspecific, boilerplate objections ... Objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and are deemed without merit by this Court ... an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks evidence ... Parties shall not recite a formulaic objection followed by an answer to the request ... Generalized objections asserting "confidentiality," attorney-client privilege or work product doctrine also do not comply with local rules.

[Order on Discovery by Magistrate Judge Stephen T. Brown, on April 7, 2008, D.E. 344.] The responses contain improper objections and generalized assertions of attorney-client privilege or work product doctrine without submitting any privilege logs. Because plaintiffs' responses to discovery violate the Order on Discovery and Rules 33 and Rule 34, the Court should issue an order to plaintiffs requiring proper responses.

### A. Natura's Third Set of Interrogatories to Plaintiff Cindy Tregoe

Interrogatory # 8: *Identify each misrepresentation of fact which you contend Natura Pet Products, Inc. has made to you.* [See Mardian Declaration, Exh. B.]

Response to Interrogatory # 8: *Plaintiff objects to this interrogatory on the grounds that it vague, ambiguous and overly broad. It is also cumulative in that it seeks information already testified to by the plaintiff during her deposition of November 25, 2008. In that regard it has also been asked and answered and is therefore argumentative and harassing. Without waving these objections, Plaintiff responds as follows:*

3

*Natura has made misleading and untrue representations concerning the nature and quality of its pet food products and omitted information concerning the content of its products. Further they misrepresented or concealed on the packaging of their products what ingredients were used in their products including, failing to reveal that some of their products included rendered ingredients. They have misrepresented themselves as being a great food for dogs.*

*Unfortunately Natura still has not yet produced all of the documentation requested by the plaintiff's concerning prior versions of its website and other advertising material. Once those materials are produced they may reveal additional misrepresentations, falsehoods and material omissions Natura has made concerning its pet food products.* [See Mardian Declaration, Exh. B.]

<u>Analysis of Response to Interrogatory # 8:</u> In her response to interrogatories # 8, Tregoe improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Tregoe must withdraw her objections and respond to this interrogatory in proper form.


<u>Interrogatory # 9:</u> *For each misrepresentation of fact identified in your response to Interrogatory No. 8, describe the circumstances in which the representation was made, including the date and manner the representation was made to you.* [See Mardian Declaration, Exh. B.]

<u>Response to Interrogatory # 9:</u> *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous, overly board and burdensome and is cumulative in that it seeks information already testified to by the plaintiff during her deposition of September 25, 2008. In that regard it has also been asked and answered and is therefore argumentative and harassing. Without waving these objections, Plaintiff responds as follows:*

*I can not recall whether the representations set out above were made on Natura's website I looked at in approximately the 2005 to 2006 time frame. The packaging materials I looked prior to the time I purchased the Natura products did not disclose all of the ingredients included in those products.* [See Mardian Declaration, Exh. B.]

Analysis of Response to Interrogatory # 9: In her response to interrogatories # 9, Tregoe improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Tregoe must withdraw her objections and respond to this interrogatory in proper form.

### B. Natura's Third Set of Interrogatories to Plaintiff Jo-Ann Murphy

Interrogatory # 8: *Identify each misrepresentation of fact which you contend Natura Pet Products, Inc. has made to you.* [See Mardian Declaration, Exh. D.]

Response to Interrogatory # 8: *Plaintiff objects to this interrogatory on the grounds that it vague, ambiguous and overly broad. It is also cumulative in that it seeks information already testified to by the plaintiff during her deposition of November 27, 2008. Without waving these objections, Plaintiff responds as follows:*

*Natura made misleading representations and omissions concerning the nature and quality of its pet food products indicating such things as the ingredients used were of human quality or of human grade, something that humans could eat and of higher quality than less expensive brands. These representations were made on their website and through other printed materials used in marketing their products. Further the packaging of their products concealed what ingredients were used in their products. Still further Natura failed to disclose that it's pet food products had been found to contain glycoalkaloid toxins (chaconine and solanine) found in greening potatoes, acetaminophen and had also been found to contain feather fragments.*

*Unfortunately Natura still has not yet produced all of the documentation requested by the Plaintiff concerning the marketing of Natura's products during the relevant class period, including prior versions of its website and all other print and in-store advertising materials disseminated by Natura since November 2003. Once those materials are produced they may reveal additional misrepresentations, falsehoods and material omissions Natura has made concerning its pet food products.* [See Mardian Declaration, Exh. D.]

5

Analysis of Response to Interrogatory # 8: In her response to interrogatories # 8, Murphy improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Murphy must withdraw her objections and respond to this interrogatory in proper form.

Interrogatory # 9: *For each misrepresentation of fact identified in your response to Interrogatory No. 8, describe the circumstances in which the representation was made, including the date and manner the representation was made to you.* [See Mardian Declaration, Exh. D.]

Response to Interrogatory # 9: *Plaintiff objects to this interrogatory on the grounds that it is cumulative in that it seeks information already testified to by the plaintiff during her deposition of September 25, 2008. Without waving these objections, Plaintiff responds as follows:*

*The representations set out above were made on Natura's website and other printed materials which I reviewed after the pet food recall in approximately March of 2007. The packaging materials I looked at immediately prior to the time I made my purchases Natura products in 2005 to 2006 time frame.* [See Mardian Declaration, Exh. D.]

Analysis of Response to Interrogatory # 9: In her response to interrogatories # 9, Murphy improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Murphy must withdraw her objections and respond to this interrogatory in proper form.

### C. Natura's Fourth Set of Interrogatories to Plaintiff Patricia Davis

Interrogatory # 10: *Identify each misrepresentation of fact which you contend Natura Pet Products, Inc. has made to you.* [See Mardian Declaration, Exh. F.]

Response to Interrogatory # 10: *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly board. It is also cumulative in that it seeks information already provided during this plaintiff's deposition of September 24, 2008 and in that regard has also*

*been asked and answered and is therefore argumentative and harassing. Without waiving these objections, Plaintiff responds as follows:*

*Natura made unlawful, false and misleading representations concerning the nature and quality of its pet food products which included, among other things statements such as: That they used only ingredients you'd eat yourself; that all of their dog and cat foods were of human grade; that they used only the highest quality human-grade pet food ingredients in our dog and cat food; that they used only ingredients they would feel comfortable eating themselves; and that they used only used only human grade ingredients in their products. These representations were made on their website and through other printed materials used in marketing their products. Further they misrepresented and/or concealed on the packaging of their products what ingredients were used in their products. Still further Natura failed to disclose that it's pet food products had been found to contain glycoalkaloid toxins (chaconine and solanine) found in greening potatoes, acetaminophen and had also been found to contain feather fragments.*

*Unfortunately Natura still has not yet produced and of the documentation requested by the plaintiff's concerning prior versions of its website and other advertising material. Once those materials are produced they may reveal additional misrepresentations, falsehoods and material omissions Natura has made concerning its pet food products.* [See Mardian Declaration, Exh. F.]

Analysis of Response to Interrogatory # 10: In her response to interrogatories # 10, Davis improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Davis must withdraw her objections and respond to this interrogatory in proper form.

Interrogatory # 11: *For each misrepresentation of fact identified in your response to Interrogatory No. 8, describe the circumstances in which the representation was made, including the date and manner the representation was made to you.* [See Mardian Declaration, Exh. F.]

7

Response to Interrogatory # 11: *Plaintiff objects to this interrogatory on the grounds that it is vague, ambiguous and overly board. It is also cumulative in that it seeks information already provided during plaintiffs deposition of September 24, 2008 and in that regard is also asked and answered, argumentative and harassing. Without waiving these objections, Plaintiff responds as follows:*

*Point of purchase signage relating to Natura pet food products at the store where I picked up samples of the product I used made representations to the effect that its pet food products and the ingredients used in those products were of human grade quality and something humans could or would eat themselves. I was not made aware until after I used the product samples that Natura products had they had been found to contain glycoalkaloid toxins, acetaminophen and feather fragments. Even then I was not informed by Natura.* [See Mardian Declaration, Exh. F.]

Analysis of Response to Interrogatory # 11: In her response to interrogatories # 11, Davis improperly includes generic objections and formulaic objections followed by answers of the type prohibited by Magistrate Brown's Order on Discovery. Davis must withdraw her objections and respond to this interrogatory in proper form.

## IV. CONCLUSION

Based upon the foregoing, Natura respectfully request that the Court enter an order compelling plaintiffs to withdraw their objections and provide adequate responses to Natura's interrogatories.

### **LOCAL RULE 7.1(A) (3) CERTIFICATION**

Pursuant to Rule 7.1(A)(3) of the Local Rules of the United States District Court for the Southern District of Florida, counsel for Natura, Robert C. Mardian III, conferred on December 24, 2008, in good faith with counsel for Plaintiffs via email. Plaintiffs sought an extension to which to respond to the meet and confer efforts that was provided but, ultimately, we were unable to resolve the issues raised in this motion.

McGUIREWOODS LLP

By: s/Jeffrey S. York
    Jeffrey S. York
    Florida Bar No. 0987069
    Michael M. Giel
    Florida Bar No. 0017676
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-2680
    (904) 360-6330 (fax)
    jyork@mcguirewoods.com
    mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

# CERTIFICATE OF SERVICE
## RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
### Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
### SERVICE LIST

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland, Esquire
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*