UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

        Defendants.
_____/

**DEFENDANT NATURA PET PRODUCTS, INC.'S MOTION
TO COMPEL RESPONSES TO DEFENDANT NATURA PET
PRODUCTS, INC.'S FIRST SET OF REQUESTS FOR THE
<u>PRODUCTION OF DOCUMENTS TO PLAINTIFFS PATRICIA DAVIS</u>**

Pursuant to Federal Rules of Civil Procedure Rule ("Rule") 37, Defendant Natura Pet Products, Inc., ("Natura") hereby moves the Court for an order compelling further responses by plaintiffs Patricia Davis and Cindy Tregoe to:

1.     Defendant Natura Pet Products, Inc.'s First Set of Requests for the Production of Documents to Plaintiff Patricia Davis

2.     In support of this motion to compel, Natura submits the attached memorandum of law, the declaration of Robert C. Mardian III and exhibits attached thereto. This motion to compel is further supported by the filings of record in this case.

WHEREFORE, Natura respectfully moves this Court for entry of an order granting Natura's motion to compel.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Natura propounded its requests for production Patricia Davis as follow-up to responses she had given in deposition. Specifically, Davis stated that she had relevant discoverable documents on her computer that she could not retrieve because of technical difficulties. Natura sought inspection of the computer to determine whether computer experts could recover the information. Davis refused to produce her computer. The purported responses by Davis to the written discovery were evasive, incomplete and utilized generalized blanket objections forbidden by order of Magistrate Brown. Natura requests the Court issue an order compelling adequate responses to Natura's outstanding discovery requests.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2008, Magistrate Brown issued his Order on Discovery ("Order on Discovery") [D.E. 344], which ordered the parties to not make boilerplate, nonspecific objections or formulaic objections followed by answers. On April 8, 2008, the Court ordered class and merits discovery to commence. [D.E. 346.] From September 24-27, 2008, Natura took the depositions of plaintiffs Patricia Davis, Cindy Tregoe and Jo-Ann Murphy. [Declaration of Robert C. Mardian III, dated January 12, 2009 ("Mardian Declaration"), at ¶2.] Subsequent to the depositions, Natura sent to Davis requests for production of documents. [Mardian Declaration at ¶3.] On December 24, 2008, Natura emailed plaintiffs in an effort to Meet and Confer regarding their purported responses to above discovery requests. As part of the Meet and Confer efforts, plaintiffs were provided a copy of Magistrate Brown's Order on Discovery. The Meet and Confer efforts failed.

## III. LEGAL ARGUMENT

Rule 37 permits a party to bring a motion to compel if a party fails to permit inspection under Rule 34. Fed Rules Civ Proc R 37(a)(3)(B). Further, "an evasive or incomplete

2

disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed Rules Civ Proc R 37(a)(4). The purported responses provided by plaintiffs to Natura's production requests are evasive and incomplete and, therefore, must be treated as a failure to respond. Additionally, the purported responses fail to comply with Magistrate Brown's Order on Discovery which states:

> Parties shall not make nonspecific, boilerplate objections ... Objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and are deemed without merit by this Court ... an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks evidence ... Parties shall not recite a formulaic objection followed by an answer to the request ... Generalized objections asserting "confidentiality," attorney-client privilege or work product doctrine also do not comply with local rules.

[Order on Discovery by Magistrate Judge Stephen T. Brown, on April 7, 2008, D.E. 344.] Plaintiff's responses are replete with forbidden boilerplate objections and formulaic objections followed by answers. The responses also contain improper generalized assertions of attorney-client privilege or work product doctrine without submitting the mandatory privilege logs. Because Davis' responses to discovery violate the Order on Discovery and Rule 34, the Court should issue an order to Davis requiring proper responses.

### A. Natura's First Set of Requests for the Production of Documents to Plaintiff Patricia Davis

Request #1: *All computers you used to view Natura Pet Products, Inc.'s website prior to your alleged use of products manufactured or distributed by Natura Pet Products, Inc.*

Response to Request #1: *Plaintiff Patricia Davis objects to the Request on the grounds that it is overly broad, vague and ambiguous in that it does not specify what, if any, information or documentation is being sought, that it is burdensome and oppressive in that it seeks the production of computer equipment, that it seeks the production of personal information or documentation not relevant to the issues in this lawsuit nor calculated to lead to the discovery of relevant admissible evidence, that it seeks information in violation of her right to privacy and*

3

*privileges and protections which exist which preclude its production, that it seeks the production of the instrument used to store information/documentation sought and not the information/documentation itself, that it may seek information protected by the attorney/client privilege and the attorney work product doctrine and that it is propounded in bad faith intended harass rather than as a reasonable discovery request for relevant information.*

*Plaintiff did not look at the Natura Website prior to feeding the Innova Senior.*

<u>Analysis of Response to Request #1</u>: Davis' response to this request for production violates the Order of Discovery because through its use of boilerplate objection and failure to provide a privilege log to its objection based on privilege. The response is therefore inadequate. Davis' refusal to provide Natura access to her computer is equally impermissible. Davis testified in her deposition that she saved documents and notes on her computer in preparation of her responses to interrogatories propounded by Natura and Mars, Inc., and in preparation for her deposition. Ms. Davis further testified that she was not able to recover at least some of that information from her hard drive due to a computer "crash". Davis' testified as follows:

> Ms. Caverly: Now other than what you've told me, is there anything else that you've relied on in putting together the timeline that's in front of you?
>
> Ms. Davis: Oh, I've got computer crash here, yes. I looked at when my documents were recovered, the date on the recovered documents, so I could have on here when my computer crashed.
>
> Ms. Caverly: How is that relevant to your timeline?
>
> Ms. Davis: I think to prepare the interrogatory, is that the way you say that? That you asked for e-mails that I might have sent and I couldn't find any record of any of that stuff because I couldn't recover the PST and LST files from Outlook because the computer crashed.
>
> Ms. Caverly: Do you still have the computer that crashed?
>
> Ms. Davis: Yes.

[See Mardian Decl., Exh. E ("Videotaped Deposition of Patrica Davis, taken on September 24, 2008, in Washington, D.C."), at 30:18-31:8.] Davis identifies discoverable information as being

located on her crashed computer that she cannot recover. If the information is recoverable, then Natura is entitled to review it. Therefore, Davis must make her computer available to Natura for inspection.

Request #2: *All computers you used to prepare your June 2008 responses to interrogatories propounded by defendant Mars, Inc.*

Response to Request #2: *Plaintiff Patricia Davis objects to the Request on the grounds that it is overly broad, vague and ambiguous in that it does not specify what, if any, information or documentation is being sought, that it is burdensome and oppressive in that it seeks the production of computer equipment, that it seeks the production of personal information or documentation not relevant to the issues in this lawsuit nor calculated to lead to the discovery of relevant admissible evidence, that it seeks information in violation of her right to privacy and privileges and protections which exist which preclude its production, that it seeks the production of the instrument used to store information/documentation sought and not the information/documentation itself, that it may seek information protected by the attorney/client privilege and the attorney work product doctrine and that it is propounded in bad faith intended harass rather than as a reasonable discovery request for relevant information. Still further the computer at issue is also used in her employment creating additional confidentiality and privacy issues and additional hardship.*

Analysis of Response to Request #2: Davis' response to this request for production violates the Order on Discovery through its use of boilerplate objection and failure to provide a privilege log to its objection based on privilege. The response is therefore inadequate. Davis' refusal to provide Natura access to her computer is equally impermissible for the reasons previously stated.

Request #3: *All receipts you received from any and all Ocala Breeders Feed & Supply stores in 2006.*

Response to Request #3: *Plaintiff Patricia Davis objects to this request on the ground that the request is vague and ambiguous, impermissibly over broad, and unduly burdensome and oppressive constituting unwarranted annoyance, embarrassment or unjust burden. Plaintiff further objects to this request on the ground that the request is impermissibly compound, conjunctive and disjunctive constituting unwarranted annoyance, embarrassment or unjust burden.*

*Notwithstanding these specific objections and the general objections, Plaintiff will produce all non-privileged documents responsive to this request, to the extent Plaintiff has such documents in her possession or that Plaintiff can locate after a diligent search and reasonable inquiry has been conducted. Nineteen (19) receipts will be produced in PDF form.*

Analysis of Response to Request #3: Davis' response to this request for production violates the Order of Discovery through its use of boilerplate objection and failure to provide a privilege log to its objection based on privilege. Further, this response is given in the formulaic objection answer format forbidden by the Order on Discovery. The response is therefore inadequate. To date, Davis has failed to provide the nineteen receipts she identified and agreed to produce. Natura requests that Davis be ordered to give a proper response to this request for production and produce the receipts identified.

## IV. CONCLUSION

Based upon the foregoing, Natura respectfully request that the Court enter an order compelling plaintiffs to withdraw their objections, to provide adequate responses to Natura's production requests and to allow the production/inspection of the items requested.

### LOCAL RULE 7.1(A) (3) CERTIFICATION

Pursuant to Rule 7.1(A)(3) of the Local Rules of the United States District Court for the Southern District of Florida, counsel for Natura, Robert C. Mardian III, conferred on December 24, 2008, in good faith with counsel for Plaintiffs via email. Plaintiffs sought an extension to

which to respond to the meet and confer efforts that was provided but, ultimately, we were unable to resolve the issues raised in this motion.

        McGUIREWOODS LLP

        By:   s/Jeffrey S. York
             Jeffrey S. York
             Florida Bar No. 0987069
             Michael M. Giel
             Florida Bar No. 0017676
             50 N. Laura Street, Suite 3300
             Jacksonville, Florida 32202
             (904) 798-2680
             (904) 360-6330 (fax)
             jyork@mcguirewoods.com
             mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

# CERTIFICATE OF SERVICE
## RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.
### Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
### SERVICE LIST

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland, Esquire
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*