UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

                 Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

                 Defendants.
_____/

**DEFENDANT NATURA PET PRODUCTS, INC.'S MOTION
REGARDING THE SUFFICIENCY OF ANSWERS AND OBJECTIONS
TO DEFENDANT NATURA PET PRODUCTS, INC.'S FIRST SET OF
REQUESTS FOR ADMISSION TO PLAINTIFF PATRICIA DAVIS**

Pursuant to Federal Rules of Civil Procedure 36, Defendant Natura Pet Products, Inc.,

("Natura") hereby moves the Court for an order regarding the sufficiency of the responses by

plaintiff Patricia Davis to Requests for Admission Nos. 1, 3, 4, 5 and 6 of Defendant Natura Pet

Products, Inc.'s First Set of Requests for Admission to Plaintiff Patricia Davis, and compelling

plaintiff Davis to file amended answers, or, in the alternative, ordering that the matters at issue

be deemed admitted.

In support of this motion, Natura submits the attached memorandum of law, and the

declaration of Robert C. Mardian III dated December 29, 2008.  This motion is further supported

by the filings of record in this case.

WHEREFORE, Natura respectfully moves this Court for entry of an order granting

Natura's Motion Regarding the Sufficiency of Answers and Objections.

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Natura propounded its First Set of Requests for Admission ("RFA") on Patricia Davis on October 17, 2008. The majority of responses propounded by Davis consisted of inadequate, qualified admissions that utilized generalized blanket objections forbidden by order of Magistrate Brown. The purported responses to RFA's 1, 3, 4, 5, and 6 are therefore void and constitute a failure to respond to discovery. Natura requests the Court issue an order compelling amended answers to Natura's RFA's 1, 3, 4, 5, and 6, or, in the alternative, ordering the requests deemed admitted.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2008, Magistrate Brown issued his Order on Discovery [D.E. 344], ordering the parties not to make boilerplate, nonspecific objections or formulaic objections followed by answers. On April 8, 2008, the Court ordered class and merits discovery to commence. [D.E. 346]   On September 24, 2008, Natura took the deposition of plaintiff Patricia Davis. [Declaration of Robert C. Mardian III, dated December 29, 2008 ("Mardian Declaration"), at ¶ 2.] Subsequent to her deposition, Natura sent the disputed RFAs to Davis. [Mardian Declaration at ¶ 3.] On December 24, 2008, Natura emailed Plaintiff's counsel in an effort to Meet and Confer regarding her purported responses to Natura's RFA's. As part of the Meet and Confer efforts, Davis was provided a copy of Magistrate Brown's Order on Discovery. As of the filing of this motion, Natura has received no response to its Meet and Confer efforts.

### III.   LEGAL ARGUMENT

Rule 36 permits a party to bring a motion regarding the sufficiency of an answer or objection to its RFA's. Fed Rule Civ Proc R 36(a)(6). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed Rule Civ Proc R 36(a)(4). Unless the court finds that an answer complies with this

rule or that an objection is justified, it must either order an amended answer be served or order that the matter be deemed admitted.  Fed Rule Civ Proc R 36(a)(6).  The purported responses provided by Davis do not state in detail why she cannot fully admit or deny a request, and contain unjustified objections.   Additionally, the purported responses fail to comply with Magistrate Brown's Order on Discovery which states:

> Parties shall not make nonspecific, boilerplate objections ... Objections which state that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and are deemed without merit by this Court ... an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks evidence ... Parties shall not recite a formulaic objection followed by an answer to the request.

[Order on Discovery by Magistrate Judge Stephen T. Brown, on April 7, 2008, D.E. 344.] Plaintiffs' responses are replete with forbidden boilerplate objections and formulaic objections followed by answers.  Because plaintiffs' responses to Natura's RFA's violate the Order on Discovery and Rules 36, the Court should issue an order to Plaintiff Davis requiring proper responses, or in the alternative, ordering the RFA's be deemed admitted.

### A.  Natura's First Set of Requests for Admission to Plaintiff Patricia Davis

**Request for Admission No.1:**

*Admit that you did not see any brochures published by Natura Pet Products, Inc., prior to your alleged use of products manufactured or distributed by Natura Pet Products Inc.*

**Response to Request for Admission No. 1**:

*Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly broad.  Plaintiff further objects that the terms "brochure" is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame an intelligent reply.  Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the term "brochure" is "Nutritional Philosophy brochure" marked as an exhibit to the deposition transcript of Peter Atkins taken on November 5, 2008.  As previously testified to in her deposition, Plaintiff she read and relied and was deceived by Natura's deceptive advertisements. Specifically, Plaintiff testified that she obtained samples of Innova Senior from Ocala Breeders & Supply for her dog (Jack Russel Terrier) Arnold.  (Deposition of Patrick Davis, taken on September 24, 2008 (hereinafter "Davis Depo.", 34:19-35:1.)  Her dog's health was declining and she thought, based on the advertising and the ingredients, that the new food might help him improve and make him stronger.  (Davis Depo., 95:7-10; 202:12-23.)  Although she thinks the*

3

*samples were all Innova Senior, there may have been other Natura brand samples she tried. (Davis Depo. 62:4-17.)  She went there two times and picked up at least two Natura pet food samples. (Davis Depo., 36:3-12).*

*Although she was familiar with Natura pet food products, the first time she considered buying a Natura product was when she read Natura's in-store advertisement and obtained samples at Ocala Breeders & Supply.  (Davis Depo., 50:21-51:9.)  The in-store advertisement said there was nothing in Natura's Pet Food that you wouldn't eat yourself because it's like human grade or quality food.  (Davis Depo., 51:16-21.)  That, along with the price, made her think that if this is human, then it's coming through human food suppliers and inspected under human quality standards.  (Davis Depo., 51:16-52:2.)  The Natura's in-store advertisement was a pre-printed glossy type manufacturing sign sitting on the shelf that compared Natura Pet Products pet food (as opposed to any particular brand) to human food.  (Davis Depo., 52:7-19) The sample packaging contained both a list of ingredients and nutritional analysis, which she reviewed.  (Davis Depo., 57:3-16.)  Because she is a vegetarian, she is a compulsive label reader.  (Davis Depo., 63:10-19.)  She looked at Natura dog and pet food packages prior to taking the samples.  (Davis Depo., 164:16-21.)  The sales lady encouraged her to try the samples.  (Davis Depo., 57:17-21.)  Her overall impression was that if Natura wouldn't sell any pet food that they would not eat themselves, then it has to be good stuff.  (Davis Depo., 53:2-5.) To her, human grade means "it's inspected by the same people and bought from the same suppliers as you would feed it to yourself or your kids."  (Davis Depo., 89:14-19.)  She also thinks human grade "meant that people could eat it."  (Davis Depo., 210:16-20.)  The reference to "human grade" or "that people could eat the food" was on the sign, but not on the packaging.  (Davis Depo., 211:3-18.)  She also reviewed Natura's website in September 2008 (Davis Depo., 62:18-63:1) and recently conducted other research and communicated on pet food blogs.  (Davis Depo., 63:2-9.)*

*She was unhappy to learn that the Innova Senior products with chicken meal contained rendered product, what she also describes as "not just the meat part."  (Davis Depo., 153:23-155:5.)  She would never intentionally feed "bad parts of the chicken" to her dog.  (Davis Depo., 154:6-11.)*

**Analysis of Request for Admission No. 1**:

Davis' response to RFA No. 1 is inadequate because it violates the Order on Discovery that "objections which state that a discovery response is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." [D.E. 344]  The Order requires that Plaintiff "explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome."  [*Id.*]  The Order goes on to state that parties shall not recite formulaic objections followed by an answer to the request because it

4

creates uncertainty as to whether the question has actually been fully answered, or only a portion of it has been answered. [*Id.*]

Notwithstanding the Order, Davis' objections are also inadequate because Natura's RFA No. 1 could not be any clearer in what it asks for. The term "brochure" as used in this RFA is the common English language definition of the word. Dictionary.com defines a "brochure" as "a pamphlet or leaflet" or "a small booklet or pamphlet, often containing promotional material or product information." Plaintiff must make an unqualified admission or denial based on this basic definition, not rewrite the RFA to have uncertainty.

In addition to Davis' incomplete, wholly inadequate response, she provides nearly an entire page of nonresponsive, inadmissible testimony. Plaintiff goes into extreme detail about various representations she allegedly saw, none of which relate in any way to the brochures that this RFA actually asks about. All of this irrelevant information is supported by improper and inadmissible citations to Davis' own deposition testimony. Under Federal Rule of Civil Procedure 32, a party is only allowed to use an adverse party's deposition transcript. The only exceptions allowing use of one's own Deposition transcript are when the party is unavailable to testify, or when it is used for impeachment purposes or other purposes expressly allowed by the Federal Rules of Evidence. Because Davis is offering her own deposition testimony without falling under one of these allowable purposes, all citations thereto are hearsay and should be stricken pursuant to Federal Rule of Evidence 802. Such extraneous objections and discussions also make it impossible for Natura to effectively use this response as evidence before a jury. As such, Davis' answer should be stricken and her improper testimony should be disregarded by the Court.

Davis' answer and objections are purposely evasive and directly violate the Order on Discovery.   Natura requests that the Court order Plaintiff Patricia Davis to admit or deny, without qualification, Request for Admission No. 1 based upon the definition of the word "brochure" provided herein, or in the alternative, order the matter deemed admitted in full.

**Request for Admission No. 3:**

*Admit that you have never purchased a product manufactured or distributed by Natura Pet Products, Inc.*

**Response to Request for Admission No. 3:**

*Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly broad.  Plaintiff further objects that the phrase "a product manufactured or distributed by Natura Pet Products, Inc." is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame and intelligent reply.  Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the phrase "a product manufactured or distributed by Natura Pet Products, Inc." means California Natural Chicken and Brown Rice, California Natural Lamb Meal and Rice, California Natural Salmon and Sweet Potato, Innova Dry Dog Food, Innova Senior Dry Dog Food and Mother Natura-Beef Stew Recipe Dog Biscuits.*

**Analysis of Response to Request for Admission No. 3:**

Davis' response to RFA No. 3 is inadequate because it violates the Order on Discovery that "objections which state that a discovery response is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." [D.E. 344]  The Order requires that Plaintiff "explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome."  [*Id.*]  The Order goes on to state that parties shall not recite formulaic objections followed by an answer to the request because it creates uncertainty as to whether the question has actually been fully answered, or only a portion of it has been answered.  [*Id.*]

Notwithstanding the Order, Davis' objections and qualified response are still invalid as the phrase "a product manufactured or distributed by Natura Pet Products, Inc." is not limited to

the products listed in Plaintiff's qualified admission, but is intended to reflect the plain English language interpretation of the phrase, i.e. **all** products manufactured or distributed by Natura Pet Products, Inc.  A list of all products manufactured or distributed by Natura Pet Products, Inc., is available on Natura's website, which Plaintiffs are clearly familiar with and could reference at any time.        Furthermore, Plaintiffs are seeking class certification for a class of people "who obtained and used any Natura pet food product in the state of Florida."  "A product manufactured or distributed by Natura Pet Products, Inc." means every product that Plaintiffs include in their definition of "any Natura pet food product in the state of Florida."   Clearly, if Plaintiffs are seeking to certify a class of users of "any Natura pet food product," then they should be able to admit or deny if Plaintiff Davis ever purchased any of the products encompassed by Plaintiffs' class definition.

Davis' answer and objections are purposely evasive and violate the Court's Order on Discovery.   Natura requests that the Court order Plaintiff Patricia Davis to admit or deny, without qualification, RFA No. 3 in its entirety, or, in the alternative, order the matter deemed admitted in full.

**Request for Admission No. 4:**

*Admit that the Innova® pet food you fed to your pet(s) identified "chicken meal" as an ingredient on the packaging.*

**Response to Request for Admission No.4:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly board.  Plaintiff further objects that the phrase "the Innova® pet food you fed to your pet(s)" is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame an intelligent reply.  Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the phrase "the Innova® pet food you fed to your pet(s)" means Innova Senior Dry Dog Food.

**Analysis of Response to Request for Admission No. 4**:

Davis' response to RFA No. 4 is inadequate because it violates the Order on Discovery that "objections which state that a discovery response is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." [D.E. 344] The Order requires that Plaintiff "explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." [*Id.*] The Order goes on to state that parties shall not recite formulaic objections followed by an answer to the request because it creates uncertainty as to whether the question has actually been fully answered, or only a portion of it has been answered. [*Id.*]

Notwithstanding the Court's Order, Davis' objections are invalid because RFA No. 4 is not vague, ambiguous, or overly broad. The phrase "the Innova® pet food you fed to your pet(s)" means any Innova® pet food that Plaintiff Davis ever fed to any of her pets. Plaintiff Davis has previously testified that she only ever fed her pet sample packets of Innova Senior Dry Dog Food. [*See* Mardian Declaration at Exhibit A.] Plaintiff Davis' qualified admission leaves open the possibility that she could "remember" feeding her pet a different Innova product at a later time, in direct contradiction to her previous testimony. Because Davis has previously testified that the only Natura product she ever fed to her pet(s) was Innova Senior Dry Dog Food, she has no legitimate grounds on which to base a qualified admission.

Davis' answer and objections are purposely evasive and directly violate the Order on Discovery. Natura requests that the Court order Plaintiff Patricia Davis to admit or deny, without qualification, RFA No. 4 in its entirety, or, in the alternative, order the matter deemed admitted in full.

**Request for Admission No. 5:**

Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:

"Chicken meal is the dry rendered (cooked down) product from a combination of clean flesh and skin with or without accompanying bone, derived from the parts of whole carcasses of chicken -- exclusive of feathers, heads, feet, or entrails.

Chicken meal is considered to be the single best source of protein in commercial pet foods. Natura uses high quality, low ash chicken meal extensively. This ingredient is very digestible, very palatable, and very expensive."

**Response to Request for Admission No. 5:**

Plaintiff objects to this request on the grounds that it seeks information previously discussed during her deposition of September 24, 2008 and is therefore cumulative, oppressive, burdensome and harassing. Without waiving these objections, Plaintiff responses as follows:

Plaintiff has insufficient information to either admit or deny this request since Natura still has not yet produced all of the documentation requested by the Plaintiff concerning the marketing of Natura's products during the relevant class period, including prior versions of its website, and Plaintiff cannot specifically recall whether the web site stated this information during the time period referenced but the document will speak for itself.

**Analysis of Response to Request for Admission No. 5:**

Davis response to RFA No. 5 is inadequate because it violates the Order on Discovery that "objections which state that a discovery response is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." [D.E. 344] The Order requires that Plaintiff "explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." [Id.] The Order goes on to state that parties shall not recite formulaic objections followed by an answer to the request because it creates uncertainty as to whether the question has actually been fully answered, or only a portion of it has been answered. [Id.]

Notwithstanding the Order, Davis' objections are invalid because Federal Rule of Civil Procedure 36 explicitly authorizes Natura to serve Plaintiff with requests for admission. Nothing

9

in Rule 36 limits Natura from seeking admissions regarding subjects discussed during depositions.

Furthermore, Rule 36 only allows a party to assert lack of knowledge or information as the reason for failing to admit or deny a RFA if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed Rule Civ Proc R 36(a)(4). Plaintiff Davis has not stated that she made a reasonable inquiry to determine the answer to RFA No. 5. In fact, a reasonable investigation would show that Natura's historical website for the time period requested is available with a simple search of www.archive.org. As such, the information is equally available to Plaintiff as it is to Defendants.

Natura requests that the Court order Plaintiff Patricia Davis to admit or deny, without qualification, RFA No. 5 in its entirety, or, in the alternative, order the matter deemed admitted in full.

**Request for Admission No.6:**

Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:

"Meat meal is the rendered product from mammal tissues, exclusive of any added blood, hair, hoof, horn hide trimmings, manure, stomach and rumen contents except in such amounts as may occur unavoidably in good processing practices.

Most people associate this ingredient with beef. The truth, is that unless specified, it can come from any mammal: pigs, goats, horses, rabbits, rendered animals from shelters, and dead animals founds on roads. Natura uses only lamb and chicken meal in our products which are simply     the lamb and chicken meat with the moisture removed."

**Response to Request for Admission No. 6:**

Plaintiff objects to this request on the grounds that it seeks information previously discussed during her deposition of September 24, 2008 and is therefore cumulative, oppressive, burdensome and harassing. Without waiving these objections, Plaintiff responses as follows:

Plaintiff has insufficient information to either admit or deny this request since Natura still has not yet produced all of the documentation requested by the Plaintiff concerning the

*marketing of Natura's products during the relevant class period, including prior versions of its website, and Plaintiff cannot specifically recall whether the web site stated this information during the time period referenced but the document will speak for itself.*

**Analysis of Response to Request for Admission No. 6**:

Davis response to RFA No. 6 is inadequate because it violates the Order on Discovery that "objections which state that a discovery response is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court." [D.E. 344] The Order requires that Plaintiff "explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome." [*Id.*] The Order goes on to state that parties shall not recite formulaic objections followed by an answer to the request because it creates uncertainty as to whether the question has actually been fully answered, or only a portion of it has been answered. [*Id.*]

Federal Rule of Civil Procedure 36 explicitly authorizes Natura to serve Plaintiff with requests for admission. Nothing in Rule 36 limits Natura from seeking admissions regarding subjects discussed during depositions. Plaintiff's objections are therefore invalid.

Furthermore, Rule 36 only allows a party to assert lack of knowledge or information as the reason for failing to admit or deny a request for admission if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed Rule Civ Proc R 36(a)(4). Plaintiff Davis has not stated that she made a reasonable inquiry to determine the answer to Natura's RFA No. 6. In fact, a reasonable investigation would show that Natura's historical website for the time period requested is available with a simple search of www.archive.org. As such, the information is equally available to Plaintiffs as it is to Defendants.

Natura requests that the Court order Plaintiff Patricia Davis to admit or deny Request for Admission No. 6 in its entirety, or, in the alternative, order the matter deemed admitted in full.

## IV.   CONCLUSION

Based upon the foregoing, Natura respectfully request that the Court enter an order compelling plaintiffs to withdraw their objections and provide amended, unqualified responses to Natura's requests for admission, or, in the alternative, ordering the matters be deemed admitted in full.

### LOCAL RULE 7.1(A) (3) CERTIFICATION

Pursuant to Rule 7.1(A)(3) of the Local Rules of the United States District Court for the Southern District of Florida, counsel for Natura, Robert C. Mardian III, conferred on December 24, 2008, in good faith with counsel for Plaintiffs via email.  Plaintiffs sought an extension to which to respond to the meet and confer efforts that was provided but, ultimately, we were unable to resolve the issues raised in this motion.

McGUIREWOODS LLP


By:___ s/Jeffrey S. York_____
         Jeffrey S. York
         Florida Bar No. 0987069
         Michael M. Giel
         Florida Bar No. 0017676
         50 N. Laura Street, Suite 3300
         Jacksonville, Florida  32202
         (904) 798-2680
         (904) 360-6330 (fax)
         jyork@mcguirewoods.com
         mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 13, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

__s/Jeffrey S. York_____
Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
**Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF**
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland, Esquire
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*