UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

             Plaintiffs,

vs.

MARS, INCORPORATED, *et al.,*

             Defendants.

_____/

**DECLARATION OF ROBERT C. MARDIAN III IN SUPPORT OF DEFENDANT
NATURA PET PRODUCTS, INC.'S MOTION REGARDING THE
SUFFICIENCY OF ANSWERS AND OBJECTIONS TO DEFENDANT NATURA
PET PRODUCTS, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO
PLAINTIFF PATRICIA DAVIS**

      1.      I, Robert C. Mardian III, am over the age of 18 and have personal

knowledge of the facts set forth herein or know of such facts from my review of the case

files for this action, which are maintained by my office in the normal course of business. I

am counsel for defendant Natura Pet Products, Inc., and admitted *pro hac vice* in this

action.

      2.      On September 24, 2008, Natura took the depositions of plaintiff Patricia

Davis.  True and correct copies of the following excerpts of the deposition of Ms. Davis

are attached hereto as Exhibit A: 34:15-36:2.

      3.      Subsequent to her deposition, Natura served Ms. Davis with its First Set of

Requests for Admission.

4.      Plaintiffs requested extensions within which to respond to discovery. Natura agreed so long as plaintiffs promised to provide substantive responses to each request.

5.      Attached hereto as Exhibit B is a true and correct copy Natura's First Set of Requests for Admission to Patricia Davis dated October 17, 2008.

6.      Attached hereto as Exhibit C is a true and correct copy of Plaintiff Patricia Davis' Responses to Defendant Natura Pet Product's First Set of Request for Admissions dated November 24, 2008.

I declare the above under penalty of perjury under the laws of the United States of America on this 29th day of December, 2008 in Rancho Santa Fe, California.

Robert C. Mardian III

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

- - - - - - - - - - - - - - - -+
                       |
RENEE BLASZKOWSKI, et al.,   |
                       |
        Plaintiffs,   |
                       |
                       | Case No.
    vs.                | 07-21221-CIV
                       | ALTONAGA/BROWN
                       |
MARS, INCORPORATED, et al.,  |
                       |
        Defendants.   |
                       |
- - - - - - - - - - - - - - - -+

Videotaped Deposition of PATRICIA DAVIS

Washington, D.C.

September 24, 2008

9:00 a.m.

Reported by:  Michele E. Eddy

2

1                    Videotaped Deposition of

2                       PATRICIA DAVIS

3

4    Held at the offices of:

5         WILLIAMS & CONNOLLY
          725 Twelfth Street, Northwest
6         Washington, D.C.  20005

7         (202) 434-5000

8

9

10

11

12

13

14

15

16           Pursuant to Notice, before Michele E. Eddy,

17    Registered Professional Reporter, Certified Realtime

18    Reporter, and Notary public in and for the District of

19    Columbia.

20

21

22

23

24

25

3

```
 1                    A P P E A R A N C E S

 2

 3    ON BEHALF OF THE PLAINTIFFS:

 4            EDGAR R. NIELD, ESQUIRE

 5            LAW OFFICES OF EDGAR R. NIELD

 6            4370 La Jolla Village Drive, Suite 640

 7            San Diego, California  92122

 8            Telephone:  (858) 552-6745

 9

10    ON BEHALF OF THE DEFENDANT NATURA PET PRODUCTS, INC:

11            KRISTEN E. CAVERLY, ESQUIRE

12            HENDERSON & CAVERLY, LLP

13            16236 San Dieguito Road, Suite 4-13

14            Rancho Santa Fe,  California  92067

15            Telephone:  (858) 756-6342

16

17

18    ALSO PRESENT:

19            Terry Michael King, Videographer

20

21

22

23

24

25
```

4

```
 1                    EXAMINATION INDEX

 2                                               PAGE

 3      EXAMINATION BY MS. CAVERLY . . . . . . . . . . . . .6

 4

 5

 6

 7                      E X H I B I T S

 8                 (Attached to the Transcript)

 9      DEPOSITION EXHIBIT                       PAGE

10      Exhibit 1    Timeline                     38

11      Exhibit 2    Amended and Supplemental Responses   80

12                   to Natura Pet Products' First Set

13                   of Interrogatories

14      Exhibit 3    Amended and Supplemental Responses   97

15                   to Mars' interrogatories

16      Exhibit 4    First responses to Mars'     103

17                   interrogatories

18      Exhibit 5    Interrogatories              114

19      Exhibit 6    Natura Products report       140

20      Exhibit 7    Export Tox Reports           141

21      Exhibit 8    Dr. Ganz records             212

22

23

24

25
```

5

09:14:29  1            THE VIDEOGRAPHER:  Here begins videotape

09:14:30  2    number 1 in the deposition of Patricia Davis in the

09:14:33  3    matter of Renee Blaszkowski, et al. versus Mars,

09:14:37  4    Incorporated, et al., in the U.S. District Court,

09:14:42  5    Southern District of Florida, Miami Division, Case

09:14:46  6    Number 07-21221-CIV.

09:14:53  7            Today's date is September 24th, 2008.  The

09:14:57  8    time on the video monitor is 9:15 a.m.  The video

09:15:03  9    operator today is Terry Michael King on behalf of

09:15:04 10    Kramm & Associates.

09:15:07 11            This video deposition is taking place at

09:15:10 12    Williams & Connolly, 7125 12th Street, Northwest,

09:15:15 13    Washington D.C.  Counsel please voice identify

09:15:21 14    yourselves and state whom you represent.

09:15:22 15            MS. CAVERLY:  Kristen Caverly, Natura Pet

09:15:25 16    Products, Inc.

09:15:26 17            MR. NIELD:  Ed Nield.  I represent the

09:15:28 18    plaintiffs and Miss Davis here today.

09:15:31 19            THE VIDEOGRAPHER:  The court reporter today

09:15:32 20    is Michele Eddy on behalf of Kramm & Associates.

09:15:36 21            Will the reporter please swear in the

09:15:38 22    witness.

09:15:46 23               P R O C E E D I N G S

09:15:46 24               PATRICIA DAVIS,

09:15:46 25    having been duly sworn, testified as follows:

34

| | | | |
|---|---|---|---|
| 09:52:09 | 1 | Q | And is that the same for Lilly? |
| 09:52:11 | 2 | A | That's his sister, yes. |
| 09:52:17 | 3 | Q | When did you get Bobo and Lilly? |
| 09:52:21 | 4 | A | August of '07 we found them. |
| 09:52:31 | 5 | Q | To your knowledge, have either Bobo or Lilly |

09:52:35 6  ever been fed products manufactured or distributed by

09:52:39 7  Natura Pet Products?

| | | | |
|---|---|---|---|
| 09:52:39 | 8 | A | No, they haven't. |
| 09:52:43 | 9 | Q | You mentioned a new pet, Oreo? |
| 09:52:46 | 10 | A | Oreo. |
| 09:52:47 | 11 | Q | What kind of animal is that? |
| 09:52:48 | 12 | A | It's a black and white short-haired cat. |
| 09:52:53 | 13 | Q | When did you get Oreo? |
| 09:52:55 | 14 | A | April '08. |
| 09:52:58 | 15 | Q | As far as you know, Oreo has never been fed |

09:53:01 16  a product manufactured or distributed by Natura,

09:53:09 17  correct?

| | | | |
|---|---|---|---|
| 09:53:10 | 18 | A | Correct. |
| 09:53:18 | 19 | Q | Going back to Arnold, has Arnold ever been |

09:53:26 20  fed a product manufactured or distributed by Natura

09:53:29 21  Pet Products?

| | | | |
|---|---|---|---|
| 09:53:31 | 22 | A | Yes. |
| 09:53:32 | 23 | Q | What products manufactured or distributed by |

09:53:36 24  Natura Pet Products has Arnold been fed?

| | | | |
|---|---|---|---|
| 09:53:40 | 25 | A | To the best of my memory, it was Innova |

35

```
09:53:43  1    Senior.
09:53:53  2         Q    How many occasions did you feed Arnold
09:53:57  3    Innova Senior?
09:53:58  4         A    How many occasions.  I couldn't tell you how
09:54:08  5    many times I fed him.
09:54:09  6         Q    You got free samples, correct?
09:54:11  7         A    Yes.
09:54:11  8         Q    You have never purchased a product
09:54:14  9    manufactured or distributed by Natura Pet Products,
09:54:15 10    correct?
09:54:16 11         A    No.  Never bought them.  Is that what you
09:54:19 12    asked me?  I'm sorry.
09:54:20 13         Q    Yes.  Let me ask again so we make sure we
09:54:22 14    don't have double negatives.
09:54:24 15         Is it correct that you have never purchased
09:54:26 16    a product manufactured or distributed by Natura Pet
09:54:28 17    Products?
09:54:30 18         A    Not that I can recall.
09:54:32 19         Q    And is it correct that to your knowledge no
09:54:34 20    one in your family has ever purchased a product
09:54:37 21    manufactured or distributed by Natura Pet Products?
09:54:41 22         A    In my family that I'm living with?
09:54:43 23         Q    Yes.
09:54:44 24         A    Not that I can recall.
09:54:47 25         Q    The Innova Senior that you fed Arnold were
```

36

09:54:51 1    free samples, correct?

09:54:53 2        A    Correct.

09:54:53 3        Q    How many free samples did you receive of

09:54:57 4    Innova Senior?

09:54:58 5        A    I think it was on two occasions, I went into

09:55:01 6    the feed store, and I believe on two occasions I

09:55:05 7    picked up two packages.  So it would be four packages,

09:55:11 8    as best I can remember.  It might have been three

09:55:13 9    occasions.  I don't think I ever got more than two

09:55:16 10   packages because I didn't want to be greedy.  The lady

09:55:20 11   was saying, oh, take as many as you want, but, you

09:55:22 12   know, I didn't want to be greedy about it.

09:55:28 13       Q    When you say the lady said take as many as

09:55:30 14   you want, do you know who that lady is?

09:55:33 15       A    There's five or six that work in there and I

09:55:35 16   was trying to remember the other night and I really

09:55:38 17   couldn't tell you which one.

09:55:41 18       Q    Can you describe to me any physical

09:55:43 19   attributes that the woman has that you spoke to about

09:55:46 20   the Natura products that you got as free samples?

09:55:51 21       A    I just don't remember which one of them it

09:55:53 22   was.

09:55:58 23       Q    On neither of the two occasions where you

09:56:00 24   took free samples can you remember anything about the

09:56:05 25   woman who talked to you; is that correct?

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

        Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,

        Defendants.

_____/

## DEFENDANT NATURA PET PRODUCT'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF PATRICIA DAVIS

Defendant Natura Pet Products, Inc, by their undersigned attorneys, present to Plaintiff Patricia Davis the following requests for admission and request that they be answered separately, fully, and under oath within thirty days of service pursuant to Federal Rule of Civil Procedure 36.

## REQUESTS FOR ADMISSION

1. Admit that you did not see any brochures published by Natura Pet Products, Inc., prior to your alleged use of products manufactured or distributed by Natura Pet Products, Inc.

2. Admit that prior to April 30, 2008, you had not spoken to or corresponded with anyone who works for or represents Natura Pet Products, Inc.

3. Admit that you have never purchased a product manufactured or distributed by Natura Pet Products, Inc.

4. Admit that the Innova® pet food you fed to your pet(s) identified "chicken meal" as an ingredient on the packaging.

5. Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:

"Chicken meal is the dry rendered (cooked down) product from a combination of clean flesh and skin with or without accompanying bone, derived from the parts of whole carcasses of chicken – exclusive of feathers, heads, feet, or entrails.

Chicken meal is considered to be the single best source of protein in commercial pet foods. Natura uses high quality, low ash chicken meal extensively. This ingredient is very digestible, very palatable, and very expensive."

6. Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:

"Meat meal is the rendered product from mammal tissues, exclusive of any added blood, hair, hoof, horn hide trimmings, manure, stomach and rumen contents except in such amounts as may occur unavoidably in good processing practices.

Most people associate this ingredient with beef. The truth is, that unless specified, it can come from any mammal: pigs, goats, horses, rabbits, rendered animals from shelters, and dead animals found on roads. Natura uses only lamb and chicken meal in our products which are simply the lamb and chicken meat with the moisture removed."

Date: October 17, 2008                              Respectfully submitted,

Robert C. Mardian III
*rmardian@hcesq.com*
**HENDERSON, CAVERLY, PUM &
CHARNEY LLP**
P.O. Box 9144
16236 San Dieguito Road, #4-13
Rancho Santa Fe, CA 92067
Tel: 858-756-6342
Fax: 858-756-4732

*Attorneys for Defendant Natura Pet
Products Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was sent via electronic mail to all counsel on the attached service list on October 17, 2008.

_____

Robert C. Mardian III

## SERVICE LIST

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077
*Attorneys for Plaintiffs*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Ste 640
San Diego, CA 92122
Telephone: 858-552-6750
Facsimile: 858-552-6749
*Attorneys for Plaintiffs*
**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive, Ste 640
San Diego, CA 92122
Telephone: 858-552-6745
Facsimile: 858-552-6749
*Attorney for Plaintiffs*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330
*Attorneys for Defendant Natura Pet
Products, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
E-Mail: rmardian@hcesq.com
**HENDERSON, CAVERLY,
PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342
Facsimile: 858-756-4732
*Attorneys for Defendant Natura Pet
Products, Inc.*

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

       Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

       Defendants.

_____/

**PLAINTIFF PATRICIA DAVIS' RESPONSES TO DEFENDANT NATURA PET
PRODUCT'S FIRST SET OF REQUEST FOR ADMISSIONS**

       Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Plaintiff Patricia
Davis ("Plaintiff") hereby responds to Defendant Natural Pet Products, Inc. ("Natura")
First Set of Request for Admissions, as follows:

**GENERAL RESPONSES**

       1.    Plaintiff's response is made to the best of Plaintiff's present knowledge,
information, and belief. The investigation and discovery of Plaintiff's claims are
ongoing, and consequently, the parties may learn additional facts presently unknown, or
may locate additional documents presently not identified, which may alter or invalidate
or require the supplementation of this response. This response is at all times subject to
such additional or different information that discovery or further investigation may
disclose and, while based on the present state of Plaintiff's recollection, is subject to such
refreshing of recollection, and such additional knowledge of facts, as may result from
further discovery or investigation.

       2.    Plaintiff reserve all objections or other questions as to the competency,
relevance, materiality, privilege or admissibility as evidence in any subsequent
proceeding in or trial of this or any other action for any purpose whatsoever of this
response and any answer or document or thing identified or produced in response to the
Natura's requests for admissions.

1

3.     Plaintiff reserve the right to object on any ground at any time to such other or supplemental requests for admissions as the Natura may at any time propound involving or relating to the subject matter of these requests for admissions.

4.     Plaintiff will respond to each request for admissions with documents and information currently in their possession.

## GENERAL OBJECTIONS

Plaintiff make the following general objections, whether or not separately set forth in response to each and every request for documents, to each and every definition, and to each and every request for admissions made in Natura's first set of requests for admissions as follows:

1.     Plaintiff object to all requests for admissions insofar as any such request seeks identification of documents or information protected by the attorney-client privilege and the attorney-client work product doctrine. Such documents or information will not be produced in response to Natura's requests for documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such documents or information or of any work product doctrine which may attach thereto.

2.     Plaintiff object to all requests for admissions to the extent that they are unreasonably cumulative, duplicative and/or disproportionate subjecting Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.

3.     Plaintiff object to all requests for admissions to the extent that they seek production of all documents, all witnesses or all information in support of Plaintiff's claims and contentions at this stage of the litigation of this action subjecting Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.

4.     Plaintiff object to the introductory definitions and instructions to Natura's requests for admissions to the extent said definitions or instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific interrogatory on the ground that such enlargement, expansion, or alteration renders said interrogatory vague, ambiguous, unintelligible, unduly broad, and uncertain, and beyond the scope of discovery established by Federal Rules of Civil Procedure. As a result, Plaintiff will not accept any specialized meanings or definitions ascribed by Natura in these requests for admissions, and will interpret all words in their ordinary and customary meanings.

5.     Plaintiff object to all instructions, definitions and requests for admissions to the extent that they seek production of documents or information not currently in Plaintiff's possession, custody or control, or refer to persons, entities or events not known to Plaintiff, on the grounds that such instructions, definitions, or requests for documents seek to require more of Plaintiff than any obligation imposed by law, would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense, and

2

would seek to impose upon Plaintiff an obligation to investigate or discover information or material from third parties or sources who are equally accessible to the Natura.

6.     Plaintiff object to all instructions, definitions and requests for admissions to the extent they seek identification of documents or information on a continuing basis, on the grounds that such instructions, definitions and requests seeks unilaterally to impose an obligation to provide supplemental information greater than the required by the Federal Rules of Civil Procedure, seeks information that is beyond the scope of permissible discovery (not relevant to the subject matter or likely to lead to discovery of admissible evidence), and would subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and expense.   Therefore, all such instructions, definitions and requests for admissions will <u>not</u> be regarded as continuing in nature.

7.     Plaintiff objects to all definitions, instructions, and requests for admissions to the extent they seek to require Plaintiff to search for and identify documents or information no longer in existence or in its possession, custody or control, on the grounds that said instruction is overly broad, would subject Plaintiff to undue annoyance, oppression, burden, and expenses, and seeks to impose upon Plaintiff an obligation to investigate information or materials from third parties or services who are equally accessible to the Natura.

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSIONS

Without waiving or limiting in any manner any of the foregoing General Responses and General Objections, but rather incorporating them into each of the following responses to the extent applicable, Plaintiff respond to the specific requests for admissions of Natura's first set of requests for admissions as follows:

**<u>Request for Admission No. 1:</u>**
Admit that you did not see any brochures published by Natura Pet Products, Inc., prior to your alleged use of products manufactured or distributed by Natura Pet Products, Inc.

**<u>Response to Request for Admission No. 1:</u>**
Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly board.  Plaintiff further objects that the terms "brochure" is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame an intelligent reply. Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the term "brochure" is "Nutritional Philosophy brochure" marked as an exhibit to the deposition transcript of Peter Atkins taken on November 5, 2008.  As previously testified to in her deposition Plaintiff she read and relied and was deceived by Natura's deceptive advertisements.  Specifically, Plaintiff testified that she obtained samples of Innova Senior from Ocala Breeders & Supply for her dog (Jack Russel Terrier) Arnold. (Deposition of Patrick Davis, taken on September 24, 2008 (hereinafter "Davis Depo.", 34:19-35:1.)  Her dog's health was declining and she thought, based on

the advertising and the ingredients, that the new food might help him improve and make him stronger. (Davis Depo., 95:7-10; 202:12-23.) Although she thinks the samples were all for Innova Senior, there may have been other Natura brand samples she tried. (Davis Depo., 62:4-17.) She went there two times and picked up at least two Natura pet food samples. (Davis Depo., 36:3-12.)

Although she was familiar with Natura pet food products, the first time she considered buying a Natura product was when she read Natura's in-store advertisement and obtained samples at Ocala Breeders & Supply. (Davis Depo., 50:21 to 51:9.) The in-store advertisement said there was nothing in Natura's Pet Food that you wouldn't eat yourself because it's like human grade or quality food. (Davis Depo., 51:16- 21.) That, along with the price, made her think that if this is human food, then it's coming through human food suppliers and inspected under human quality standards. (Davis Depo., 51:16-52:2.) The Natura's in-store advertisement was a pre-printed glossy type manufacturing sign sitting on the shelf that compared Natura Pet Products pet food (as opposed to any particular brand) to human food. (Davis Depo., 52:7-19.) The sample packaging contained both a list of ingredients and nutritional analysis, which she reviewed. (Davis Depo., 57:3-16.) Because she is a vegetarian, she is a compulsive label reader. (Davis Depo., 63:10-19.) She looked at Natura dog and pet food packages prior to taking the samples. (Davis Depo., 164:16-21.) The sales lady encouraged her to try the samples. (Davis Depo., 57:17-21.) Her overall impression was that if Natura wouldn't sell any pet food that they would not eat themselves, then it has to be good stuff. (Davis Depo., 53:2-5.) To her, human grade means "it's inspected by the same people and bought from the same suppliers as you would feed it to yourself or your kids." (Davis Depo., 89:14-19.) She also thinks human grade "meant that people could eat it." (Davis Depo., 210:16-20.) The reference to "human grade" or "that people could eat the food" was on the sign, but not on the packaging. (Davis Depo., 211:3-18.) She also reviewed Natura's website in September 2008 (Davis Depo., 62:18-63:1) and recently conducted other research and communicated on pet food blogs. (Davis Depo., 63:2-9.)

She was unhappy to learn that the Innova Senior products with chicken meal contained rendered product, what she also describes as "not just the meat part." (Davis Depo., 153:23-155:5.) She would never intentionally feed "bad parts of the chicken" to her dog. (Davis Depo., 154:6-11.)

**Request for Admission No. 2:**

Admit that prior to April 30, 2008, you had not spoken to or corresponded with anyone who works for or represents Natura Pet Products, Inc.

**Response to Request for Admission No. 2:**

Admit.

**Request for Admission No. 3:**

Admit that you have never purchased a product manufactured or distributed by Natura Pet Products, Inc.

**Response to Request for Admission No. 3:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly board. Plaintiff further objects that the phrase "a product manufactured or distributed by Natura Pet Products, Inc." is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame an intelligent reply. Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the phrase "a product manufactured or distributed by Natura Pet Products, Inc." means California Natural Chicken and Brown Rice, California Natural Lamb Meal and Rice, California Natural Salmon and Sweet Potato, Innova Dry Dog Food, Innova Senior Dry Dog Food and Mother Nature-Beef Stew Recipe Dog Biscuits.

**Request for Admission No. 4:**

Admit that the Innova® pet food you fed to your pet(s) identified "chicken meal" as an ingredient on the packaging.

**Response to Request for Admission No. 4:**

Plaintiff objects to this request on the grounds that it is vague, ambiguous and overly board. Plaintiff further objects that the phrase "the Innova® pet food you fed to your pet(s)" is so vague, ambiguous, and unintelligible that Plaintiff cannot, in good faith, frame an intelligent reply. Notwithstanding these specific objections, Plaintiff admits the request to the extent the meaning of the phrase "the Innova® pet food you fed to your pet(s)" means Innova Senior Dry Dog Food.

**Request for Admission No. 5:**

Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:
"Chicken meal is the dry rendered (cooked down) product from a combination of clean flesh and skin with or without accompanying bone, derived from the parts of whole carcasses of chicken – exclusive of feathers, heads, feet, or entrails.
Chicken meal is considered to be the single best source of portion in commercial pet foods. Natura uses high quality, low ash chicken meal extensively. This ingredient is very digestible, very palatable, and very expensive."

**Response to Request for Admission No. 5:**

Plaintiff objects to this request on the grounds that it seeks information previously discussed during her deposition of September 24, 2008 and is therefore cumulative, oppressive, burdensome and harassing. Without waiving these objections, Plaintiff responses as follows:

Plaintiff has insufficient information to either admit or deny this request since Natura still has not yet produced all of the documentation requested by the Plaintiff concerning the marketing of Natura's products during the relevant class period, including prior versions of its website, and Plaintiff cannot specifically recall whether the web site stated this information during the time period referenced but the document will speak for itself.

5

**Request for Admission No. 6:**

Admit that from July 2006 through November 2006, Natura Pet Products, Inc.'s website contained the words:

"Meat meal is the rendered product from mammal tissues, exclusive of any added blood, hair, hoof, horn hide trimmings, manure, stomach and rumen contents except in such amounts as may occur unavoidably in good processing practices.

Most people associate this ingredient with beef. The truth, is that unless specified, it can come from any mammal: pigs, goats, horses, rabbits, rendered animals from shelters, and dead animals found on roads. Natura uses only lamb and chicken meal in our products which are simply the lamb and chicken meat with the moisture removed."

**Response to Request for Admission No. 6:**

Plaintiff objects to this request on the grounds that it seeks information previously discussed during her deposition of September 24, 2008 and is therefore cumulative, oppressive, burdensome and harassing. Without waiving these objections, Plaintiff responses as follows:

Plaintiff has insufficient information to either admit or deny this request since Natura still has not yet produced all of the documentation requested by the Plaintiff concerning the marketing of Natura's products during the relevant class period, including prior versions of its website, and Plaintiff cannot specifically recall whether the web site stated this information during the time period referenced but the document will speak for itself.

Dated: November 24, 2008                    Law Offices of Edgar R. Nield

_____
Edgar R. Nield, Esq.
Attorney for Plaintiffs

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, et al.,
individually and on behalf of
others similarly situated,

      Plaintiffs/Class Representatives,

vs.

MARS INC., et al.

      Defendants.
_____/

## VERIFICATION

    I, Patricia Davis, declare and state foregoing responses to first set of requests for

admissions are true and correct under penalty of perjury.

    Executed on November _24_, 2008.


                                        _Patricia Davis_
                                        Patricia Davis