**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 07-21221 CIV ALTONAGA/Brown**

**RENEE BLASZKOWSKI,** *et al.,*
individually and on behalf of
others similarly situated,

Plaintiffs/Class Representatives,

vs.

**MARS INC.,** *et al.*

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

                                            Catherine J. MacIvor (FBN 932711)
                                            cmacivor@mflegal.com
                                            Jeffrey B. Maltzman (FBN 0048860)
                                            jmaltzman@mflegal.com
                                            Jeffrey E. Foreman (FBN 0240310)
                                            jforeman@mflegal.com
                                            MALTZMAN FOREMAN, PA
                                            One Biscayne Tower
                                            2 South Biscayne Boulevard, Suite 2300
                                            Miami, Florida 33131
                                            Tel: 305-358-6555 / Fax: 305-374-9077

                                            Patrick N. Keegan
                                            pkeegan@keeganbaker.com
                                            Jason E Baker
                                            jbaker@keeganbaker.com
                                            KEEGAN & BAKER, LLP
                                            4370 La Jolla Village Drive
                                            Suite 640
                                            San Diego, CA 92122
                                            Tel: 858-552-6750 / Fax 858-552-6749
                                            *Attorneys for Plaintiff/Class Representative*

CASE NO. 07-21221 ALTONAGA/Brown
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Natura Pet Products Inc. ("Natura") spends the vast majority of its opposition arguing against class certification on the grounds that there are differences between the individual, subjective reliance as between Davis (and non-party, proposed class representative Arna Cortazzo ("Cortazzo")) and the Class members. Specifically, Natura argues that individual issues of purchase experience, expectations and motives predominate, preventing certification. However, Natura's argument is meritless since such distinctions are irrelevant to the required analysis, as Natura concedes, "actual reliance is not required for FDUTPA[1] liability." Moreover, just as the fact that Class members all have different names, live in different houses, and drive different cars, none of Defendant's asserted individualized "facts" are relevant to the determination of whether Defendant's uniform, website advertisements were false and deceptive.

In its effort to double its market share over the Class Period, Natura marketed and represented to Florida consumers that its foods that Natura pet foods (1) contain ingredients that consumers would eat themselves; (2) that these human-grade products are carefully cooked and tested; (3) that Natura uses only the highest quality human-grade pet food ingredients in dog and cat food; and (4) that Natura products contain only human grade ingredients. However, the truth was that Natura's pet foods utilized domestic and foreign rendered ingredients and were admittedly not fit for human consumption and used parts of animals that were left over after the parts of these animals usually consumed by humans were sent to grocery stores or to Colonel Sanders. [DE 549-2 161:3-11.] Moreover, Natura has admitted in the litigation (but never revealed to the Class) that the ingredients used in Natura's pet foods were by definition **not** fit for human consumption. [DE 549-2 183:8-18.] Therefore, since Natura's advertising claims are literally false based upon its own testimony, proof of consumer deception is unnecessary. While Natura may later argue that its statements are not literally false but merely misleading, the fact that litigation of Plaintiff's and the Class' FDUTPA claim may require evidence of consumer deception at trial similarly is not grounds for denial of class certification since such evidence of the *objective* reasonable consumer standard can be established through the use of expert testimony or other evidence. Moreover, Natura does not challenge Plaintiff's contention that its false claims were material based upon the testimony that sales of its products increased as a result of these false statements. [DE 551-2 ¶10 Ex. "A".]

---

[1] Florida Deceptive and Unfair Trade Practices Act ("FDUTPA), §501.201 *et seq.*

In addition, Natura, in a misplaced attempt to show a lack of commonality, implicitly admits that its statements are literally false by arguing that persons with "specialized knowledge … such as veterinary students" could have surmised that Natura's statements were literally false. However, Natura's argument is mere speculation given the fact that Natura never publicly admitted that any of its deceptive statements were false when it finally removed the statements from their website in 2008 just before Plaintiff's instant motion was filed. [See, DE 549-2 215:14-216:5.]

Next, Natura argues that commonality and typicality are not present since it is unclear "when, where, and how the alleged deceptive advertising occurred." Natura's argument is disingenuous given its testimony cited in the Plaintiff's Motion, conceding that the five statements appeared repeatedly on Natura's website, and the fact that it is uncontested that Natura's primary method of marketing its products to consumers nationwide, including in Florida, is its website. [DE 549-2 55:16-20.] Moreover, Natura's argument is based upon the false testimony of its president. Natura, in the Declaration of Peter Atkin's, falsely states that "[e]ven Natura cannot say with certainty when it began using the phrase 'human grade' on its website, but it was most likely in 2005 or 2006", [DE 579-4 at ¶9], and falsely implies that its offending "human grade" representation did not appear on its website in 2007 by declaring that "[i]n 2007, prior to this lawsuit litigation, Natura decided to stop using the phrase 'human grade.'" [DE 579-4 at ¶8.] As demonstrated by the website pages attached to Plaintiff's counsel's reply declaration, Natura's "human grade" representations were made on its website from 2003 through 2008. [DE 595-2 at ¶¶3-12 and Exhibit C.] Accordingly, commonality is established since all of Natura's uniform, deceptive statements were disseminated to the Class as a whole on Natura's website. Moreover, Natura *never* disclosed the true facts to any Class member that its uniform, deceptive statements were, in fact false, and as a result, Davis' (and Cortazzo's claims) are therefore typical of the Class. Furthermore, since reliance is not an element, it is irrelevant that Davis did not look at Natura's website (although Natura concedes Cortazzo did testify she review the website statements), and such fact does not defeat commonality or typicality.

Ignoring final settlement approval of the related *In Re: Pet Food Products Liability Litigation* (Civil Action No. 07-2867-NLH), and the legion of cases holding otherwise, Natura argues that issues concerning individual damages prevent certification, while offering

inadmissible lay opinion to support its argument. Natura's argument is not well taken. It is well established the existence of individualized issues concerning damages or that Class member would have to submit proof of purchase to recover damages does not preclude class certification.

Lastly, Natura's argument that only California law applies and venue is proper only in the Northern District of California is without merit since the choice of law and forum selection clause located on Natura's company website, upon which such argument is based, constitutes an unenforceable browse-wrap agreement. Similarly baseless, Natura's argument that Maltzman Foreman, PA would be inadequate as Class counsel is equally unconvincing and petty.

## I. Class Certification Is Not Conditioned upon a Showing on the Merits.

Class certification is a procedural question that should not be conditioned upon a showing on the merits. The issue at this stage of the proceedings in whether the matter is suitable for resolution on a classwide basis. *Eisen v. Carlisle & Jacquelin* (1974) 417 U.S. 156, 177. The United States Supreme Court concluded in *Eisen*, that,

> In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. *Eisen*, *supra*, 417 U.S. at 178 (quotations and citation omitted).

Subsequent federal decisions have interpreted *Eisen* as barring merit-based inquiries in the class certification process.[2] The leading class action legal commentator agrees that, "It is also settled that the named plaintiff need not demonstrate a probability of success on the merits or show in advance that he or she suffered damages in order to serve as the class representative." 1 *Newberg on Class Action*, § 3.29 (3rd ed.), pp. 3-149. Because the prerequisites of Rule 23(a) and (b)(3) are satisfied in this case, the Plaintiff respectfully requests the Court to certify this case as a class action.

## II. The Claims of the Representative Plaintiff Are Common to the Members of the Class.

---

[2]See, e.g., *Valentino v. Carter_Wallace, Inc.* (9th Cir.1996) 97 F.3d 1227, 1232; *Hudson v. Delta Air Lines, Inc.* (11th Cir.1996) 90 F.3d 451, 457; *Adamson v. Bowen* (10th Cir.1988) 855 F.2d 668, 676; *Redditt v. Mississippi Extended Care Centers, Inc.* (5th Cir.1983) 718 F.2d 1381, 1388; *Sirota v. Solitron Devices, Inc.* (2d Cir.1982) 673 F.2d 566, 570-572; *Eggleston v. Chicago Journeymen Plumbers', etc.* (7th Cir.1981) 657 F.2d 890, 895; *Finberg v. Sullivan* (3d Cir.1980) 634 F.2d 50, 64; *Doctor v. Seaboard Coast Line R. Co.* (4th Cir.1976) 540 F.2d 699, 707-708; *Weathers v. Peters Realty Corporation* (6th Cir.1974) 499 F.2d 1197, 1201; see *Lamphere v. Brown University* (1st Cir.1977) 553 F.2d 714, 718-719, fn. 11.

## A. Natura's False And Misleading Website Advertisements Were Disseminated Uniformly To The Class Throughout The Class Period.

Natura argues that commonality and typicality are not present since it is unclear "when, where, and how the alleged deceptive advertising occurred." Natura's argument is without merit. It is uncontested that Natura's primary method of marketing its products to consumers nationwide, including in Florida, is its website. [DE 549-2 55:16-20.] Furthermore, Plaintiff cited the testimony of Peter Akins, Natura's FRCP 30(b)(6) witness, in her opening brief in which Natura concedes that the following the representations that appeared throughout the Class Period on Natura's website:

- "We only use ingredients that you would eat yourself…"[3]
- "All of our human grade dog and cat foods are carefully cooked and tested…"[4]
- "Because we use only the highest quality human-grade pet food ingredients in our dog and cat food…"[5]
- "Use only ingredients which [you] feel comfortable eating yourself"[6]
- "Natura's products use only human grade ingredients."[7]

Furthermore, accompanying this brief, Plaintiff has submitted a chronology and copies of Natura's website establishing when and where all such statements were made. [DE 595-2 at ¶¶3-12 and Exhibits B – C.]

## B. The Class is Ascertainable Proof of Consumer Deception is Common to All Members of the Class.

Courts interpret FDUTPA broadly and liberally to protect a wide range of consumers from unfair business tactics. *See, Holt v. O'Brian Imports of Fort Myers, Inc.,* App. 2 Dist., 862 So.2d 87 (2003), (Stating that the purpose of FDUTPA is not to protect the individual consumer, but to protect the public at large); *See also Delgado v. J.W. Courtsey Pontiac GMG-Truck, Inc.,* 693 So.2d 602, 605 (FDUTPA was to be "construed liberally to promote" the policy "to protect consumers from suppliers who commit deceptive and unfair trade practices.") FDUTPA does not itself list the elements of a cause of action for unfair trade practices. Therefore, the "standards of unfairness and deception for purposes of the FDUTPA are set forth and interpreted by the Federal Trade Commission or the federal courts." *See Gold Coast Racing, Inc. v. The Home Depot, Inc.,* 2006 WL 4579688 (S.D.Fla., 2006). Florida courts have used portions of the federal

---

[3] [DE 349 ¶83, Ex. 10, DE 549-2 156:6-157:17, 158:17-159:14].
[4] [DE 549-2 158:17-159:14, 179:6-20, 202:7-10].
[5] [DE 549-2 157:6-17].
[6] [DE 549-2 154:3-155:20, 156:6-157:17, 215:5-22; 216:1-18].
[7] [DE 549-2 159:9-18, 181:25-183:7, 202:7-10].

4
CASE NO. 07-21221 ALTONAGA/Brown
**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Lanham Act as a "measuring stick" when assessing the merits of Florida state and common law claims. *See Planetary Motion, Inc. v. Techsplosion, Inc.* 261 F.3d 1188, 1193; *see also University of Florida Research Foundation Inc. v. Orthovita, Inc.,* 1998 WL 34007129 (N.D.Fla.1998). The Lanham Act distinguishes between literally false statements of fact and those which are true yet misleading. Where the statements are literally false, no further evidence is required. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,* 299 F.3d 1242, 1247 (2002) ("Where the court deems an advertisement to be literally false, the movant need not present evidence of consumer deception.") If the statements of fact are true but misleading, evidence of consumer deception is required. Courts do not have a bright line rule on the level of evidence a plaintiff must bring forth in such a situation. In fact, courts have held that consumer evidence need not be necessary to prove consumer deception from misleading statements.[*See Getty Petroleum Corp. v. Island Transp. Corp.*, 878 F.2d 650 (1989) (Defendant intentionally misled consumers into believing that they were purchasing a different type of gasoline. The court found that "the record was sufficient to support a finding of actual confusion without surveys or anecdotal evidence… jury was entitled to use its common sense to reason that purchasers at those stations, who would have no way of knowing the truth, were certainly deceived by and unaware of the substitution.") Thus, a review of Natura's representations that its products and ingredients were human-grade during the Class Period and determination of whether such statements were either literally false or misleading would therefore be made identically by the Court or the jury in Plaintiff's case or any other individual Class member.

**C. Proof of Objective Reliance and Causation is Common to All Members of the Class.**

Contrary to Natura's argument that differences in Davis' and Cortazzo's subjective reliance prohibits classwide determination of their claims, there is no requirement that a FDUTPA plaintiff prove that any member of the public was *in fact* actually deceived by the false advertising. *See e.g. Gritzke v. M.R.A. Holding, LLC,* 2002 U.S. Dist. LEXIS 28085, *10 n.3 (N.D. Fla. March 14, 2002); *Davis v. Powertel, Inc.*, 776 So.2d 971, 975 (Fla. 1st DCA 2000). In fact, a FDUTPA plaintiff is not even required to prove that any member of the public detrimentally relied on the false advertising or that any member of the public sustained damages as a result of the advertising, or the defendant intended to deceive anyone. *Id*. In cases of the absence of literal falsity, a plaintiff asserting a cause of action under FDUTPA does not need to prove actual consumer reliance on Defendant's deceptive statements, but instead merely needs to

5
CASE NO. 07-21221 ALTONAGA/Brown

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

prove an objective reasonable person standard. As *Davis v. Powertel* stated, "[a]ccording to federal decision, a deceptive practice is one that is 'likely to mislead' consumers. This standard does not require subjective evidence of reliance, as would be the case with a common law action for fraud." *Id.* (citing *Southwest Sunsites, Inc. v. Federal Trade Comm'n,* 785 F.2d 1431 (9th Cir. 1986). Similarly in *Latman v. Costa Cruise Lines, N.V.,* 758 So.2d 699 (Fla. 3d DCA 2000), the Florida State Appellate Court found class certification under FDUTPA where defendant charged passengers a port fee, but kept a portion of the fee for itself. The relevant inquiry was "how a reasonable consumer would interpret the term 'port charges.'" The court found that the reasonable class member would interpret the term to mean a pass through charge that the cruise line would not keep for itself. Thus, the plaintiffs did not need to show actual passenger reliance so long as the objective reasonable standard was met. The same is true in this case and a determination of whether a reasonable person would be mislead or deceived by Natura's patently false marketing statements on its website is a common of issue of proof classwide.

The cases cited by Natura in support of its argument that differences in individual reliance commonality and typicality requirements of the elements of causation and reliance can easily be distinguished from the instant case. Unlike the cases cited by Natura, there is no evidence any significant part of the Class had access to all the information Plaintiff alleges has been concealed from consumers of Natura's products. Indeed, there is nothing in the record which shows that Natura made curative disclosures to *any* Class member that its products and ingredients were in fact not human grade. In *O'Neill v. Home Depot U.S.A., Inc.* 243 F.R.D. 469 (S.D. Fla. 2006), the proposed class definition consisted of all Home Depot customers during the class period who rented tools and purchased a 10% damage waiver charge to the rental contracts. This class included both Home Depot customers who were deceived, and those who understood, agreed to, and benefited from the damage waiver charge. In *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2006), restaurants filed a claim under FDUTPA against beverage equipment lessor for not disclosing an administrative processing fee included in personal property tax invoices issued to the restaurants. The defined class would include all entities that leased equipment and were assessed the full administrative processing fee during the class period. The court found the class to lack commonality and typicality because some customers understood and agreed to the processing fee whereas others were deceived.

These cases are clearly distinguishable. Here, Natura misled all consumers who viewed their website, sampled their products or read the in-store advertisement, and all consumers are thus similarly situated in this regard. Furthermore, unlike other defendants in other cases who point to conflicting corporate information showing that some consumers knew the truth of the allegedly false statement, Natura **never** presented accurate, truthful advertisements disclosing that its pet foods were in fact NOT made entirely with human grade ingredients nor disclosing the real quality of the product. Thus, unlike in *O'Neill v. Home Depot U.S.A., Inc*, Natura does not and cannot argue that at the point of purchase or distribution (or at any time) Natura food purchasers and consumers were provided an accurate disclosure that Natura foods really did not contain entirely human quality ingredients and were not human grade.[8] Moreover, Natura's argument that that persons with "specialized knowledge … such as veterinary students" might not have been mislead by Natura's statements since, because of their medical training, they would have recognized that Natura's statements were literally false is disingenuous speculation and nothing more than an implicit admission by Natura of the literal falsity of its marketing claims! It is equally disingenuous for Natura to argue, based upon inadmissible anecdotal evidence that any Natura customers benefited from Natura's false advertising. Unlike some Home Depot customers who saved money because they purchased and subsequently used the warranty, no Natura customer was better off because she bought a product of lesser quality than she intended. Moreover, unlike *Home Depot* where the fact that the damage warranty was optional and a description of its coverage and exclusions was attached in the written terms and conditions provided to some renters, the proposed Natura Class did not receive what they bargained for even if some of their pets responded well to Natura's products and Natura admittedly never provided correct or accurate information admitting its products did not in fact contain human grade ingredients. Natura's argument is akin to a Florida grocery store which unbeknownst to store employees falsely labeled meat as USDA Prime Beef Steak when in fact the meat was horse or dog meat not permitted for human consumption, In such a case all consumers received the same false information, the grocery store would be liable under

---

[8] In *Home Depot* the plaintiffs claimed defendant violated FDUTPA by automatically charging all tool renters a 10% warranty fee without disclosing that the fee was voluntary and without disclosing the limitations and exclusions from the warranty. Home Depot contended that many class members received written "Terms and Conditions" addendum to their rental contract which correctly disclosed that the warranty was optional and correctly identified the scope of coverage and exclusions

FDUTPA, and class certification would be appropriate even if consumers who ate the falsely labeled meat thrived and never got ill. The practice is deceptive.

Natura's reliance upon *Cohen v. Implant Innovations, Inc.* is similarly misplaced. In *Cohen*, plaintiff filed a class action against defendant for breach of implied and express warranties, and violation of the FDUTPA, for creating human implant products that failed and needed to be replaced at a higher cost. In *Cohen,* unlike here, the plaintiff doctors using the implant products did not receive a uniform set of marketing materials. Instead, in *Cohen* individual sales representatives provided each doctor with different representation contained in various pamphlets and documents on different products depending on the doctors needs and interests. Furthermore, *Cohen* concluded that the product failure could be due to reasons other than the quality of the product, including doctor or patient error, making the case unsuitable for class treatment. In contrast here, Natura's uniform, deceptive and consistent statements were routinely on Natura's website throughout the Class Period and Natura never provided corrected or accurate information anywhere to its consumers. Moreover, Davis (and Cortazzo) and the Class are not seeking to certify claims concerning whether consumption of Natura's products cause any injuries, but rather simply seek to redress Natura's false and deceptive statements of "fact" which were made to Florida pet owners throughout the class period.

## III. Individualized Damage Claims Will Not Preclude Class Certification

Florida Rules of Civil Procedure Rule 1.220 allows for different amounts of damage claims between class members and states, "The fact that different amounts of damages would apply to the claims of different members of a proposed class will not, alone, defeat the commonality requirement either. Those damages claims can be individually tried in the class action case."

Numerous Florida courts have followed this position. In *Broin v. Philip Morris Cos.,* 641 So.2d 888 (Fla. 3d DCA 1994), class members consisted of over 60,000 flight attendants who received different levels of injuries after inhaling second hand smoke in airplanes. The court found that the various levels of damages between class members did not preclude class certification. "Entitlement to different amounts of damages, or possibility of different defenses as to individual members of class, is not fatal to class action." [*Id.* at 891.] In *Cohen v. Camino Sheridan, Inc*. 466 So.2D 888 (Fla. 4th DCA 1985), plaintiffs sought class certification to sue a builder for negligent construction of their roofs. Although the Court denied class certification on

other grounds, the Court held that the different amounts of damages between members did not destroy the commonality needed for class membership. The Court in *Klay v. Humana* 382 F.3d 1241, 1273 (11th Cir. 2004) similarly found that individualized damages did not preclude class certification.

Based upon inadmissible lay opinion, Natura argues that the retail price of their products varies depending on the location and date, and class members will therefore have different damage claims. Since Florida Courts routinely allow for individualized damages within class actions, Natura's claim is without merit. Notwithstanding the fact that its damage argument is premature at this stage of this litigation, Natura's argument defies common sense. A collective action would never proceed if a defendant could defeat false advertising claim by demonstrating that different consumers paid different amounts. Under this logic, consumers who purchased or use the same products could not be part of the same class for false advertising if the consumer paid a 10¢ price differential. This is not the rule. In the class action context, it is well established that variation in the amount of damages suffered by individual class members does not compel the denial of class certification. *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975); *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 139 (2d Cir. 2001).

**IV.     Natura's Website "Terms of Use" Page Does Not Preclude Class Certification.**

Natura argues that class certification should not be granted since this case should be governed by the statutes and laws of the State of California and that venue is proper in California because of the forum selection clause located on the company website. In order to access this clause, one must click on a "Terms of Use" icon located on the bottom corner of the website page in small font, commonly referred to as a "browse-wrap" agreement. Since consumer cannot make purchases through its website, Natura, without citation to authority, argues that a Class member who *merely* views this obscure page of Natura website has waived her rights to litigate her FDUTPA and her right to litigate her case in Florida. Natura's argument is without merit, and was summarily rejected by the only published decision to address such a browse-wrap agreement argument. *Specht v. Netscape Communications Corp.,* 150 F.Supp.2d 585, 595 (S.D.N.Y., 2001). In *Specht*, the consumers downloaded free software and defendant argued, like here, that browse-wrap agreement was enforceable as a result of it being posted on defendant's website, which consumers could only view if they scrolled down to the bottom of the

screen. *Specht* declared that such a browse-wrap agreements lacked mutual assent and thus failed to constitute a valid contract and was declared unenforceable.

## V.     Maltzman Foreman P.A. is adequate Counsel to Be Appointed under Rule 23(g)

Maltzman Foreman P.A. meets all of the requirements under Rule 23(g) to be appointed class counsel. *United Wis. Servs. v. Abbott Labs. (In re Terazosin Hydrochloride Antitrust Litig.)*, 220 F.R.D. 672, 701 (S.D. Fla. 2004); *see also* Fed. R. Civ. P. 23(g)(1)(C)(i); *Fresco v. Auto Data Direct, Inc.*, 2007 U.S. Dist. LEXIS 37863, *10 (S.D. Fla. May 11, 2007). For class counsel, adequacy relates to "whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation[.]" *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 678 (S.D. Fla. 2007); *Griffin v. Carlin*, 755 F.2d 1516, 1533 (11th Cir. 1985). This includes the vigorous prosecution of the case to date. *Id.*; *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 670 n.82 (S.D. Ala. 2005). Most importantly, "adequacy of representation is usually presumed in the absence of evidence to the contrary." *Access Now, Inc. v. AHM CGH, Inc.*, 2000 U.S. Dist. LEXIS 14788, *12 (S.D. Fla. July 12, 2000). Natura has failed to cite any case or raise any fact to substantiate the claim that Maltzman Foreman is somehow inadequate to be appointed as class counsel. See Declarations of Catherine MacIvor [DE 594-2] and Jeffrey Maltzman [DE 591-2]. Maltzman Foreman has vigorously prosecuted the case, has met the Court's deadlines throughout the course of the proceeding and has the experience to continue to prosecute this case as co-class counsel with Keegan and Baker LLC. Catherine J. MacIvor and Jeffrey Maltzman are experienced in class action litigation and have demonstrated that they are competent to handle this complex matter based on their experience in handling other class actions and complex matters in this Court and in other courts in this jurisdiction. [DE 547-2, 551-2]. Finally, since Natura has offered no case nor has Natura explained how Mrs. Davis' deposition testimony constitutes hearsay, since she was offering testimony concerning matters within her personal knowledge, unless Natura elucidates the argument, Natura has failed to present any valid basis for declaring the deposition testimony somehow invalid.

Patricia Davis, on behalf of all pet owners in Florida, respectfully requests this Court to (a) certify this case as a class action pursuant to Rule 23(a) and (b)(3), (b) designate her and her counsel as representatives of the Class, and (c) grant such other relief as this Court deems just and proper.

Miami, FL
January 16, 2009	By:	  s/ Patrick N. Keegan  
  Catherine J. MacIvor (FBN 932711)
  cmacivor@mflegal.com
  Jeffrey B. Maltzman (FBN 0048860)
  jmaltzman@mflegal.com
  Jeffrey E. Foreman (FBN 0240310)
  jforeman@mflegal.com
  Maltzman Foreman, PA
  One Biscayne Tower
  2 South Biscayne Boulevard, Suite 2300
  Miami, Florida 33131
  Tel: 305-358-6555 / Fax: 305-374-9077

  Patrick N. Keegan
  Pkeegan@Keeganbaker.Com
  Jason E Baker
  Jbaker@Keeganbaker.Com
  Keegan & Baker, LLP
  4370 La Jolla Village Drive
  Suite 640
  San Diego, Ca 92122
  Tel: 858-552-6750 / Fax 858-552-6749

  *Attorneys For Plaintiffs*

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on January 16, 2009. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                s/ Patrick N. Keegan
                                                                 Patrick N. Keegan

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6745
Facsimile:     858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:     858-552-6750
Facsimile:     858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**MARK C. GOODMAN**
mgoodman@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
One Maritime Plaza
Suite 300
San Francisco, CA 94111-3492
Telephone: (415) 954-0200
Facsimile: (415) 393-9887

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BARBARA BOLTON LITTEN**
blitten@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KARA L. McCALL**
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**SHERRIL M. COLOMBO**
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**RICHARD FAMA**
E-Mail: rfama@cozen.com
**JOHN J. McDONOUGH**
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

**JOHN F. MULLEN**
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**CAROL A. LICKO**
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

**CRAIG A. HOOVER**
E-Mail: cahoover@hhlaw.com
**MIRANDA L. BERGE**
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone: (303) 373-6600
Facsimile: (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, &
GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*