UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,

Plaintiffs/Class Representatives,

vs.

MARS INC., *et al.*

Defendants.

# PLAINTIFFS'
# REPLY IN SUPPORT OF RENEWED MOTION AND/OR MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION TO ADD AND/OR SUBSTITUTE ARNA CORTAZZO AS A PLAINTIFF/CLASS REPRESENTATIVE

Jeffrey B. Maltzman (FBN 0048860)
jmaltzman@mflegal.com
Jeffrey E. Foreman (FBN 0240310)
jforeman@mflegal.com
Catherine J. MacIvor (FBN 932711)
cmacivor@mflegal.com
MALTZMAN FOREMAN, PA
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

Patrick N. Keegan
pkeegan@keeganbaker.com
Jason E Baker
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749
*Attorneys for Plaintiff/Class Representative*

I.  **Grounds permitting the reconsideration of this Court's original decision exist**

Natura has accurately provided the standard for reconsideration, and the Plaintiffs agree with this Honorable Court that a motion for reconsideration is soundly within the district court's discretion and may be granted if "there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice." *F & G Research, Inc. v. Google Inc.*, 2007 U.S. Dist. LEXIS 70072, **16-17 (S.D. Fla. Sept. 20, 2007) (quotations and citations omitted). In its Response, Natura has concluded that "Plaintiffs cite no intervening change in controlling law, offer no new evidence, and provide no showing that the Court erred in its previous ruling." [DE 577 p. 2]. On its face and throughout the remainder of its argument, Natura has surprisingly removed in its entirety the "manifest injustice" ground upon which a motion for reconsideration may be granted. Although one could speculate as to why Natura has unilaterally decided to ignore this basis for granting a motion for reconsideration and, as a result, the underlying Motion, the United States Supreme Court and the Eleventh Circuit Court of Appeal have made it abundantly clear that "reconsideration of a prior holding is not improper if the court is convinced that the prior decision . . . would work manifest injustice." *Murphy v. FDIC*, 208 F.3d 959, 967 (11th Cir. 2000) (citing *Arizona v. California*, 460 U.S. 605, 619 n.8 (1983); *Wheeler v. City of Pleasant Grove*, 746 F.2d 1437, 1440 (11th Cir.1984)).

The argument here is a simple one: now that Natura has questioned the sufficiency of Ms. Davis as a Class Representative, a manifest injustice would result if class certification were to be denied when a sufficient class representative exists. In the Renewed Motion and/or Motion for Reconsideration, the Plaintiffs have identified several cases directly addressing this point. [DE 555 pp. 3-4]. Natura has failed to refute these cases and has simply ignored the issue. Yet, the Eleventh Circuit has consistently maintained that, once a named plaintiff's standing is placed in question, the intervention and/or substitution of another class representative is appropriate. *See Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1343 (11th Cir. 2003); *Lynch v. Baxley*, 651 F.2d 387 (5th Cir. 1981); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985); *Ford v. United States Steel Corp.*, 638 F.2d 753 (5th Cir. 1981); *see also Castillo v. N & R Servs. of Cent. Fla., Inc.*, 2008 U.S. Dist. LEXIS 36882, **6-7 (M.D. Fla. May 1, 2008) ("should the Court find that no representative Plaintiff has standing, the Eleventh Circuit has held that 'efficient judicial administration weighs in favor of allowing an opportunity for a new and proper class representative to enter the case and litigate the class interests'").

Recently, the Honorable Judge Adalberto Jordan dealt with the issue that is very similar to the one presently before this Court. In *Fla. Pediatric Soc'y/Fla. Chapter of American Acad. of Pediatrics v. Benson*, 2008 U.S. Dist. LEXIS 66235, *3 (S.D. Fla. Aug. 27, 2008), Magistrate Judge

Chris McAliley was tasked with issuing "a report and recommendation on the plaintiffs' motion to certify a class and the [plaintiffs'] motion to intervene." As part of his report, Judge McAliley recommended that that the motion to intervene be granted and the defendants objected. *Id.* Judge Jordan, in permitting the substitution of the plaintiffs, explained, "The Eleventh Circuit has recognized intervention as a means for plaintiffs to attempt to cure the alleged deficiencies of the representatives when class certification is opposed." *Id.* (citation omitted).

In the instant matter, Natura has opposed class certification and has challenged the commonality and typicality of Ms. Davis as the Class Representative. [DE 579]. The Plaintiffs do *not* suggest that Ms. Davis is not a sufficient Class Representative. Rather, the issue is that depending on the Court's ultimate ruling, Ms. Cortazzo may be able to represent all class members in the instant class action lawsuit arising out of Natura's unfair and deceptive practices. [DE 555 p. 4]. Accordingly, there is no "paradoxical" argument; *if* this Court were to find that Ms. Davis is not a sufficient Class Representative *or* that Ms. Cortazzo would be a better Class Representative, then Eleventh Circuit precedent permits this Court to add and/or substitute Ms. Cortazzo so as to avoid manifest injustice and guarantee "efficient judicial administration[.]" *Birmingham Steel Corp.*, 353 F.3d at 1336; *Lynch*, 651 F.2d at 388; *see also Castillo*, 2008 U.S. Dist. LEXIS 36882 at **6-7.

## II. Good cause exists to modify this Honorable Court's Scheduling Order[1]

For a Scheduling Order to be modified, Rule 16 of the Federal Rules of Civil Procedure requires good cause be shown by the moving party. *See* Fed. R. Civ. P. 16(b). This does not mean, however, that if good cause did not exist before, it can never exist. Yet, this is the entire crux of Natura's position, as it states, "If good cause did not exist in October, it certainly does not exist now, even later in the litigation and while the motion for class certification is pending." [DE 577 p. 3]. In this Honorable Court's Order denying the original Motion, it was made abundantly clear that there was no need to add Ms. Cortazzo because Ms. Davis' Declaration and the Supplemental Authority submitted in support of the Motion "demonstrate[ed] that Davis is a proper Plaintiff in this case and Cortazzo unnecessary." [DE 505 pp. 9-10]. However, since this Court's Order, Natura has directly attacked Ms. Davis' ability to represent the Proposed Class and has specifically questioned whether Ms. Davis has actually "'obtain[ed] and used' a Natura pet food product" because "Davis cannot testify as to how many free samples she took or the particular month she obtained the free product and has no objective or corroborating evidence of any use of a Natura product." [DE 579 p. 2]. Natura has also attacked Ms. Davis as a Class Representative because she used free samples and therefore did not "pay more than the benefit she received[.]" [DE 579 p. 6]. Accordingly, the

---

[1] The Plaintiffs herein incorporate the reasoning detailed in the original Motion, the Reply submitted in support thereof, and the Renewed Motion and/or Motion for Reconsideration. [DE 457; DE 465; DE 555 pp. 5-6].

**MALTZMAN FOREMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

circumstances have changed and Natura has provided this Court with the answer it was looking for when it asked "why Cortazzo is necessary to this action given Davis' claims." [DE 505 p. 10]. Simply put, as discussed *supra*, when one class representative is deemed insufficient, the interests of ensuring efficient judicial administration and avoiding manifest injustice provide for a replacement class representative rather than denial of class certification. Hence, notwithstanding this Court's previous Order and the Plaintiffs' belief that Ms. Davis is a sufficient Class Representative, the Plaintiffs further contend that Natura's current opposition to class certification, in conjunction with the Eleventh Circuit precedent discussed *supra* that allows for substitution of Class Representatives, provides an additional ground upon which this Court has the requisite good cause permitting a modification of the Scheduling Order to allow the addition and/or substitution of Ms. Cortazzo.[2]

### III. The renewed request to add Ms. Cortazzo is ripe and is definitely not conjecture

Natura contends that the request to add Ms. Cortazzo is not ripe. [DE 577 p. 4]. This position is wholly untenable as it is neither conjecture nor speculation that Natura argues that Ms. Davis is an unsuitable class representative; *this is exactly what Natura has done in its Response to the Motion for Class Certification*. [DE 579]. Moreover, this Court need not wait to issue its ruling on the Motion for Class Certification in order to determine whether to add and/or substitute Ms. Cortazzo. In the Renewed Motion and/or Motion for Reconsideration, the Plaintiffs have highlighted two cases where substitution was allowed prior to class certification. [DE 555 p. 4]. Natura offers no legal authorities to oppose these cases, but instead offers a completely irrelevant case, *Mazur v. Lampert*, 2007 U.S. Dist. LEXIS 13934, *6 (S.D. Fla. Feb. 28, 2007), which deals with a motion for leave to take additional depositions. [DE 577 p. 4]. *Mazur* is completely irrelevant and has no applicability at all as the issue is not whether the Plaintiffs "believe" there may be a need to add Ms. Cortazzo or that a "contingency" exists. [DE 577 p. 4]. To the contrary, it is an indisputable matter of fact that Natura has questioned Ms. Davis' status as the Class Representative, particularly because she obtained and used free samples of Natura's pet food products. [DE 579 pp. 2, 3, 6].

Thus, as to this particular issue, the only real matter for this Court to decide is whether Ms. Cortazzo, as a Class Representative, may be substituted with or joined by Ms. Cortazzo as a Class

---

[2] In its Amended Scheduling Order, this Honorable Court relied upon *Johnson v. Mammoth Recreations, Inc.*, 875 F.2d 604, 609 (9th Cir. 1992). [DE 257 p. 2]. Natura has also cited to and relied upon *Johnson* in its Response. [DE 577 p. 4]. However, the Plaintiffs respectfully submit that *Johnson* is inapplicable to this case. In *Johnson*, the plaintiffs were notified on multiple times *prior* to the amendment cut-off date that they had named the wrong party as a defendant. *Id.* at 606-07. Yet, in pure dereliction of this notice, the plaintiffs ignored these warnings and neglected to substitute the improper defendant with the proper defendant until four months after the cut-off date. *Id.* at 607. Respectfully, the Plaintiffs suggest that this case is *much* different as both Ms. Davis' discovery responses and the Multi-District Litigation settlement agreement occurred well after the amendment cut-off deadline. As such, the Plaintiffs suggest that these post-deadline happenings offered the good cause as to why "the scheduling deadline could not have been met despite the movant's diligent efforts to do so." [DE 257 p. 2].

Representative *before* this Court issues its ruling on the Motion for Class Certification.[3] The Plaintiffs have cited two cases, to which Natura has not countered or even responded, holding that this exact practice is permissible. *See In re Thornburgh*, 276 U.S. App. D.C. 184 (D.C. 1989) *and Spizzirri v. C.I.L. INC.*, 1994 U.S. Dist. LEXIS 11719 (N.D. Ill. 1994. Yet, many more cases exist. For example, in *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (In re Merrill Lynch & Co. Research Reports Sec. Litig.)*, 375 B.R. 719, 728-29 (S.D.N.Y. 2007), the district court analyzed the issue of whether a named plaintiff could be substituted pre-certification due to the named plaintiff's claims being moot. The court in *Dabit* explained the principle behind allowing such a substitution: "'the thrust of the mootness exceptions are to provide justice to absent class members and to promote the utility of the class action device.'" *Id.* at 729 (quoting *In re Nat'l Austl. Bank Sec. Litig.*, 2006 U.S. Dist. LEXIS 94163, at *10, n.6 (S.D.N.Y. Nov. 8, 2006)). Thus, "in order to protect absent class members, where the claims of a lead plaintiff become moot at the pre-certification stage, *courts not only may, but should, respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative*." *Id.* (quotations omitted) (emphasis added). Although mootness is not presently at issue, the principle behind the mootness exception still remains equally applicable—it would be judicially inefficient and legally unjustifiable to dismiss a class action case in its entirety simply because the named Plaintiff/Class Representative lacked the standing necessary to represent the proposed class. *See White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977) (applying this mootness exception in the pre-certification stage where the named plaintiff engaged in a Rule 68 offer of settlement); *Gerstein v. Pugh*, 420 U.S. 103, 110 (1975) (applying this mootness exception where the named plaintiff's claims expired prior to certification); *see also Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135, 1138 (5th Cir. 1982) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot."); *Silva v. Vowell*, 621 F.2d 640, 650 (5th Cir. 1980) ("Once the [named plaintiffs'] challenge became moot and put the named plaintiffs' standing in question, the plaintiffs and the judge should have realized that intervention by another named plaintiff was appropriate."). Accordingly, courts are vested with the power to permit substitution of a plaintiff during the pre-certification stage, and while the Plaintiffs believe that Ms. Davis is a sufficient Class Representative, if this Honorable Court finds otherwise, then the Plaintiffs would respectfully request that this Court use its vested power and substitute or add Ms. Cortazzo.

---

[3] As discussed *supra*, if this Court were to find that Ms. Davis is not a sufficient Class Representative or that Ms. Cortazzo would a better Class Representative, then Eleventh Circuit precedent clearly establishes that the Plaintiffs ought to be provided the opportunity to substitute the other party after this Court makes that determination.

## IV. Ms. Cortazzo is a more than adequate Class Representative

Despite the overwhelming evidence suggesting that Ms. Cortazzo, *in spite of not yet being a Plaintiff/Class Representative in this case*, has been extremely active and involved in this case, discussed in greater detail *infra*, Natura attacks Ms. Cortazzo's adequacy because of her testimony at her deposition that was predicated upon conversations that took place several months prior to the deposition.[4] To buttress its assertion, Natura has simply cherry-picked lines from a few cases that are wholly inapplicable to attempt to demonstrate that a plaintiff who purportedly "abdicates" his responsibility to his attorneys is not adequate.[5] [DE 577 pp. 8-9]. Yet, "[t]he threshold of knowledge required to qualify a class representative is low." *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004). Having the best memory is not a prerequisite to being an adequate class representative, *id.*, and neither is "be[ing] intimately familiar with every factual and legal issue in the case." *Herkert*, 2008 U.S. Dist. LEXIS 98159 at *23; *Fernandez v. K-M Indus. Holding Co.*, 2008 U.S. Dist. LEXIS 92109, *10 (N.D. Cal. June 26, 2008). Rather, a class representative is adequate as long as the case is prosecuted vigorously and her interests are aligned with those of the other class members. *Surowitz v. Hilton Hotels*, 383 U.S. 363 (1966) (rejecting argument that plaintiff was not adequate because she did not understand the complaint at all and had a small degree of knowledge as to what the lawsuit was about). "Thus, a class representative will be deemed inadequate only if she is startlingly unfamiliar with the case [and t]hose courts that have found representatives inadequate have done so because the plaintiffs knew nothing about the case and completely relied on counsel to direct the litigation." *Fernandez*, 2008 U.S. Dist. LEXIS 92109 at *10.

Primarily, there is a need to point out the obvious: *Ms. Cortazzo is not yet a Plaintiff/Class Representative in this case*. Accordingly, it is difficult to imagine how Natura attempts to extrapolate

---

[4] In the Eleventh Circuit, a class representative is adequate if (1) he is represented by able counsel; (2) he has no interests antagonistic to those of the remaining class members; and (3) the court is satisfied that the named representative has the personal characteristics and integrity to protect the interests of the class. *Kirkpatrick v. J.C. Bradford*, 827 F.2d 718, 726 (11th Cir. 1987). Here, Natura has only placed the third element at issue by claiming that Ms. Cortazzo lacks the vigor to protect the interests of the class because she has allegedly abdicated her responsibility to that of her counsel. This disingenuous notion rests entirely upon Ms. Cortazzo's deposition testimony, in which Ms. Cortazzo knew that Maltzman Foreman had filed pleadings on her behalf, but was unable to remember at the time whether it was part of this case or part of a separate action. [DE 597-2 ¶9, 11]. As discussed *infra*, this hardly reveals that Ms. Cortazzo is inadequate to serve as a class representative.

[5] In an exceptionally disingenuous fashion, two of the three cases to which Natura cites are *completely* off-base and do not have any remote connection to the facts presently before this Court. In *Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205, 1213-1214 (D. Minn. 1987), the court found the plaintiff was inadequate because, during his deposition testimony, he "admitted at several points he possess 'no facts' to support essential allegations in his complaint" and because the plaintiff was content with "rely[ing] entirely upon his attorney's direction." In *Koenig v. Benson*, 117 F.R.D. 330, 337 (E.D.N.Y. 1987), the plaintiff never read the complaint prior to its filing because he could not speak English, did not meet with his attorney until well after the case had been filed, had nothing more than a "weak" understanding of the basic cause of action, and showed hardly any interest in important concepts necessary to protect the class interests, among other things. These cases are inapposite to the case at bar.

that she is inadequate in a case where she is not even a party. Moreover, *despite not yet even being a party to this case*, Ms. Cortazzo has been deposed, has provided responses to interrogatories and requests for production,[6] has offered declarations, and still maintains her desire to be a Plaintiff/Class Representative. This is hardly the behavior of an disinterested plaintiff and in no way reveals that she has "abdicated" her responsibility merely because she has allowed her attorneys to "take such action on behalf of [her] as is impliedly authorized to carry out the representation" that is based upon her "decisions concerning the objectives of representation[.]" Fla. R. Prof. Conduct 4-1.2. Rather, Ms. Cortazzo's involvement to date reveals that she has shown that she has the characteristics, vigor, and integrity to protect the interests of the class. *Kirkpatrick*, 827 F.2d at 726.

As was stated nearly one month ago in *Herkert v. MRC Receivables Corp.*, 2008 U.S. Dist. LEXIS 98159, *23 (N.D. Ill. Dec. 1, 2008):

> To be adequate, a class representative need not understand the larger legal theories upon which her case is based, but only need have a basic understanding of the claims and some general knowledge. Moreover, [i]t is permissible for class counsel to be the driving force behind the more complicated legal theories, as long as the named plaintiff has some general knowledge and understanding of the issues, and a willingness to participate in the suit.

(citations and quotations omitted). Certainly, Ms. Cortazzo has demonstrated a basic understanding of the claims and knowledge of this suit, *despite not being a party to it*. In addition, Ms. Cortazzo is an attorney; but her status as an attorney does not impose the duty for her to be responsible for the prosecution of her claims. *Ms. Cortazzo is not counsel in this case; she is seeking to become a Plaintiff/Class Representative.* [DE 597-2 ¶13]. Ms. Cortazzo has offered her input and provided guidance as to the potential prosecution of her claims in this case. [DE 597-2 ¶¶12-13]. This is the job of the client's attorney, and it is the responsibility of the attorney—not the client—to manage the case. *See* Fla. R. Prof. Conduct 4-1.2. Since Ms. Cortazzo's involvement with this case, she has had multiple conversations with the undersigned's office and has been involved in every matter that regarded her. [DE 597-2 ¶12]. In fact, the undersigned's office has not taken any action without Ms. Cortazzo's consultation and approval. [DE 597-2 ¶12]. As such, Ms. Cortazzo "has established that [s]he is willing and able, through competent class counsel, to take an active role in the litigation and to protect the interests of the class as a whole." *Veal v. Crown Auto Dealerships, Inc.*, 236 F.R.D. 572, 579 (M.D. Fla. 2006). Ms. Cortazzo's actions and testimony to date demonstrate that

---

[6] Natura suggests that Ms. Cortazzo submitted her responses to interrogatories and requests for production because she mistakenly believed that she was party to this case. [DE 577 p. 5]. This is not correct; Ms. Cortazzo actually submitted these responses because she wanted to become a Plaintiff/Class Representative in this case and, if allowed to do so, she wanted to produce her responses to Natura as soon as possible. [DE 597-2 ¶14]. This is why these responses were filed *as part of* the original Motion seeking to Add and/or Substitute Ms. Cortazzo. [DE 470-2].

she understands what the case is about, understands her responsibility in representing the interests of absent class members, and, to the appropriate extent, has participated and is willing to continue to participate in the litigation of the class claims. *Veal*, 236 F.R.D. 572 at 579. In total, despite not being a Plaintiff/Class Representative in this case, Ms. Cortazzo's actions belie the assertion that she is inadequate. *See Hubbard v. Midland Credit Mgmt.*, 2008 U.S. Dist. LEXIS 102982 (S.D. Ind. Dec. 19, 2008) (The plaintiff "has demonstrated that, at a minimum, she is in communication with her attorneys and that she has a basic knowledge of what her case is about and what her role as class representative will be. Although [the plaintiff]'s involvement in her case has been minimal and her memory of procedural events is limited, without a showing of a potential conflict of interest or collusion between [the plaintiff] and her attorneys, Hubbard's knowledge and participation are sufficient . . . under Rule 23(a)(4)."]

## V.   Rule 15 allows for Ms. Cortazzo's claims to relate back to the original filing

Natura is correct in its claim that "Rule 15 does not prevent relation back in this setting." [DE 577 p. 9]. As explained in *Soc'y of Lloyd's v. Sumerel*, 2007 U.S. Dist. LEXIS 52610, **11-12 (M.D. Fla. July 20, 2007):

> "If the new claims relate back to the original claims, we must consider the new claims as having been filed at the time of the original claims." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1285 (11th Cir. 2000). "An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,. . . ." FED. R. CIV. P. 15(c)(2). Thus, "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'ar[i]se out of the conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (citing FED. R. CIV. 15(c)(2)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659.

When determining whether to allow an amendment to the pleadings that would change the plaintiffs, courts "ask whether the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff and whether the defendant knew or should have known that it would be called upon to defend against claims asserted by the newly-added plaintiff." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004). Here, the claims and defenses are the same. [DE 577 pp. 9-10]. As such, all arise out of a common "core of operative facts." *Mayle*, 545 U.S. at 659; *Anderson v. United States*, 194 Fed. Appx. 745, 747 (11th Cir. 2006). Further, as explained in *Williams v. United States*, 405 F.2d 234, 237 (5th Cir. 1968), to which Natura cites,[7] the court stated:

---

[7] Natura also cites to *Levy v. United States GAO*, 175 F.3d 254 (2d Cir. 1999), but this case is completely inapplicable. In *Levy*, the court did not allow the relation back because the later complaint <u>was untimely filed</u>. *Id.*

> The Federal rule on the 'relation back' of amendments to pleadings, as embodied in Federal Rule 15(c), is permissive. As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment...."

Although this *general* standard is less permissive when the relation back deals with an amendment that substitutes or adds a new party for those initially named, "the amendment is often allowed if the new and the former parties have such an identity of interest that permitting the new party to enter would not be prejudicial." *Id.* In determining whether the relation back is prejudicial, "[c]learly notice is the critical element involved[,]" and "each case must be tested by the 'conduct, transaction, or occurrence standard to determine whether adequate notices has been given." *Id.* at 236, 237. Here, the party being added or substituted is not asserting any additional facts or causes of action. In fact, the *only* difference pointed out by Natura is that "Plaintiff Davis claims she used free samples of Natura products in 2006[.]" [DE 577 p. 10]. Yet, as presented to this Court in an Amended Notice of Supplemental Authority and as relied upon by this Court in its Order denying the original motion to add Ms. Cortazzo, "a cause of action for FDUTPA exists even if there is no purchase[.]" [DE 474 p. 1; 505 p. 10]. Thus, not only do the Plaintiffs' claims arise out of the same conduct, transaction, or occurrence, but the behavior of Natura about which Ms. Davis and Ms. Cortazzo both complain, its unfair and deceptive advertising, also arises out of the *exact* same conduct, transaction, or occurrence. Hence, Natura has been on notice that a FDUTPA claim was alleged against it due to its deceptive marketing and advertising and, once Natura has been sufficiently put on such notice, Natura can suffer no prejudice and Ms. Cortazzo's claims may properly relate back. *Id.* at 239.

Furthermore, as to Natura's assertion that the statute of limitations applies, the filing of a class action lawsuit tolls the statute of limitations. The Eleventh Circuit has held that, "[w]hen a complaint appears, as here, to constitute a class action, the statute of limitations is tolled as of the date the complaint is filed, and it remains tolled until the court rejects class certification or the case comes to an end." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 968 (11th Cir. 2008) (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974)). *See also Grand Lodge of Pa. v. Peters*, 560 F. Supp. 2d 1270, 1274 (M.D. Fla. 2008) (finding that addition of plaintiff did not alter the already tolled statute of limitations on the plaintiffs' claims).[8] The policy behind this is simple: *courts have an obligation to protect the interests of absent class members. See, e.g., Rhodes*

---

Hence, the complaint could not relate back because the complaint itself was time barred. *Id.* This is a far cry from the current action, in which the addition of Ms. Cortazzo is not be untimely.

[8] In *Murfkan v. Kahn*, 11 F.R.D. 520, 522 (D. Fla. 1951), cited by Natura, the court held that "[w]here a suit is brought by a plaintiff for the benefit of himself and others similarly situated and such fact appears from the face of the complaint, the additional plaintiffs may be *added after the statute of limitations has run*." *Id.* (emphasis added).

*v. Cracker Barrel Old Country Store*, 2002 U.S. Dist. LEXIS 25962, *171 (N.D. Ga. Dec. 31, 2002) (discussing that the court has an "affirmative obligation" to protect the interests of absent class members when resolving factual and legal disputes affecting class treatment); *Brooks v. State Bd. of Elections*, 848 F. Supp. 1548, 1552 (S.D. Ga. 1994) (explaining that, when evaluating class settlement agreements, there is "an obligation on the Court to protect the interests of absent class members"). Hence, because the statute of limitations has been tolled ever since the filing of the operative Complaint in May of 2007, and because Ms. Cortazzo's causes of action are plainly the same as Ms. Davis', and this class suit is certainly being brought for Ms. Davis' benefit and others similarly situated, Ms. Cortazzo's claims may properly relate back.

## VI. Ms. Cortazzo is not obligated to file suit in the Northern District of California

First, Natura has improperly claimed that Ms. Cortazzo's FDUTPA claim only exists "based upon an alleged misrepresentation to which she was exposed on Natura's website." [DE 577 p. 10]. Yet, this is entirely inaccurate. Ms. Cortazzo was first exposed to the advertising of the purported high-quality, human-grade food at the store at which she shopped. [DE 597-2 ¶3]. It was only *after* Ms. Cortazzo spoke with the sales agent at the pet store, who marketed to her the supposed benefits of Natura's pet food, that she reviewed Natura's website. [DE 597-2 ¶¶5]. Second, the language in the forum selection clause is limited to "all matters relating to [the] access to, or use of, [Natura's] site[.]" [DE 577-4 p. 9]. Ms. Cortazzo's claims do not arise out of or relate to Natura's website, but rather the advertising to which she was presented at the pet store. [DE 597-2 ¶3]. Hence, the choice of venue provision has no applicability.

Additionally, the forum selection clause alleged to have existed on Natura's website is unenforceable. A contractual forum selection clause will not be enforced if it is established that it is contrary to strong public policy or is "unreasonable." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir. 1983). The issue here is three-fold: (1) Ms. Cortazzo never entered into a contract with Natura; (2) the enforcement of such a forum selection clause is contrary to public policy; and (3) the enforcement of the clause is unreasonable. As to the first matter, Natura argues that the clause should be upheld because of its "contractual rights under its terms of use agreement." [DE 577 p. 11]. Yet, there was no contract into which the parties entered, thus Natura has no contractual rights as to this matter.[9]

---

[9] "A contract is formed when there is 'manifestation of mutual assent' (usually communication of a valid offer and acceptance of same), which may be made wholly or partly by written or spoken words." *United States v. Cone*, 2008 U.S. Dist. LEXIS 17806, *11 (M.D. Fla. 2008) (citations omitted). Here, there was no offer, acceptance, or consideration, which are required to create a valid contract in Florida, because Ms. Cortazzo was fully unaware of the forum selection clause and Natura never made her aware of it prior to her viewing of the website. *See Air Prods. & Chems., Inc. v. The Louisiana Land & Exploration Co.*, 806 F.2d 1524, 1529 (11th Cir. 1986). Furthermore, "an offeree, regardless of apparent manifestation of his consent, is not bound by inconspicuous contractual provisions of

Moreover, the law is clear that, in cases where forum selection clauses found on websites were upheld, it was because the parties entered into a contract over the website or because all parties had clear notice of the forum selection clause.[10] Neither of these exceptions are present here.

Further, in *Speyer v. Avis Rent a Car Sys.*, 415 F. Supp. 2d 1090 (S.D. Cal. 2005), the court found that the forum selection clause on the defendants' website was unenforceable and alluded to the fact that the plaintiffs did not make their car reservations online and that, notwithstanding that the plaintiffs viewed the defendants' websites, they were not bound by the forum selection clause because they were not required to accept its conditions by clicking an "I Accept" button. *Id.* at 1093-94. Likewise, Natura's passive—as opposed to interactive—website did not require Ms. Cortazzo to access the terms of use, agree to the terms of use, or otherwise be made aware of the terms of use prior to simply accessing Natura's webpage. Ms. Cortazzo did not make any purchases online and Ms. Cortazzo did not click an "I Accept" button agreeing to the terms of use on Natura's website. [DE 597-2 ¶¶6, 8]. Hence, to find that Ms. Cortazzo is bound by a forum selection clause that was hidden on a subpage of Natura's website, that Ms. Cortazzo never accepted, and that was never part of any valid contract, would be counter to public policy and unreasonable. For these reasons, the Plaintiffs respectfully suggest that the venue selection clause on Natura's website is inapplicable and also oppose Natura's request for leave to file a Rule 12(b)(3) motion to dismiss for improper venue.[11]

## VII. Conclusion

The Plaintiffs respectfully request this Court to enter an Order granting the Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative, or, if Ms. Cortazzo is not added and/or substituted, then consistent with *Birmingham Steel Corp. v. Tennessee Valley Auth.*, 353 F.3d 1331, 1343 (11th Cir. 2003); *Lynch v. Baxley*, 651 F.2d 387 (5th Cir. 1981); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985); *and Ford v. United States Steel Corp.*, 638 F.2d 753 (5th Cir. 1981), leave to file a motion to add and/or substitute a class representative, and for all other relief that this Court deems just and proper.

---

which he is unaware, contained in a document whose contractual nature is not obvious." *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 101 Cal. Rptr. 347, 351 (Cal. App. 2d Dist. 1972).

[10] *Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200, 203-04 (Tex. App. 2001); *America Online, Inc. v. Booker*, 781 So. 2d 423, 425 (Fla. 3d DCA 2001); *Home Basket Co., LLC v. The Pampered Chef, Ltd.*, 2005 U.S. Dist. LEXIS 513, *12 (D. Kan. 2005); *Hotmail Corp. v. Van Money Pie Inc.*, 1998 U.S. Dist. LEXIS 10729, 47 U.S.P.Q.2D (BNA) 1020, 1025 (N.D. Cal. 1998); *MicroMetl Corp. v. TranzAct Techs., Inc.*, 2008 U.S. Dist. LEXIS 44736, *13 (S.D. Ind. June 5, 2008); *Greer v. 1-800-Flowers.com, Inc.*, 2007 U.S. Dist. LEXIS 73961 (S.D. Tex. Oct. 3, 2007); *Hugger-Mugger, L.L.C. v. Netsuite, Inc.*, 2005 U.S. Dist. LEXIS 33003 (D. Utah Sept. 12, 2005); *Caspi v. Microsoft Network, L.L.C.*, 323 N.J. Super. 118, 732 A.2d 528, 530, 532-33 (N.J. Super. Ct. App. Div. 1999).

[11] Natura's argument that the web-based arguments against Ms. Cortazzo are evidence that she is not a proper representative of users of Natura's products in Florida is simply a red herring. [DE 577 p. 11 n.7]. For the reasons discussed in this Section, the language on Natura's website is irrelevant and venue is not proper in the Northern District of California. Consequently, the web-based arguments are simply without merit and irrelevant to the determination of whether Ms. Cortazzo is a proper representative.

Dated: January 16, 2009
Miami, FL

/s Catherine J. MacIvor
Catherine J. MacIvor (FBN 932711)
cmacivor@mflegal.com
Jeffrey B. Maltzman (FBN 0048860)
jmaltzman@mflegal.com
Jeffrey E. Foreman (FBN 0240310)
jforeman@mflegal.com
Jonathan C. Schwartz (FBN 051540)
jschwartz@mflegal.com
Maltzman Foreman, PA
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

PATRICK N. KEEGAN
pkeegan@keeganbaker.com
JASON E BAKER
jbaker@keeganbaker.com
KEEGAN & BAKER, LLP
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Tel: 858-552-6750 / Fax 858-552-6749

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on January 16, 2009. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

/s Catherine J. MacIvor
Catherine J. MacIvor

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**MARIA KAYANAN**
E-Mail: mek@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile: (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**JOHN B.T. MURRAY, JR.**
E-Mail: **jbmurray@ssd.com**
**ROBIN L. HANGER**
E-Mail: rlhanger@ssd.com
**SQUIRE, SANDERS & DEMPSEY LLP**
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509

*Attorneys for Defendants PETCO Animal Supplies Stores Inc., PetSmart, Inc., Wal-Mart Stores, Inc. and Target Corporation*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

WILLIAM C. MARTIN
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc. and Menu Foods Income Fund*

JEFFREY S. YORK
E-Mail: jyork@mcguirewoods.com
MICHAEL GIEL
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

OMAR ORTEGA
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile: (305) 461-5226

*Attorneys for Defendant Mars, Inc. and Mars Petcare U.S. and Nutro Products, Inc.*

HUGH J. TURNER, JR.
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

KRISTEN E. CAVERLY
E-Mail: kcaverly@hcesq.com
TONY F. FARMANI
tfarmani@hcesq.com
**HENDERSON & CAVERLY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone: 858-756-6342 x)101
Facsimile: 858-756-4732

*Attorneys for Natura Pet Products, Inc.*

DANE H. BUTSWINKAS
E-Mail: dbutswinkas@wc.com
PHILIP A. SECHLER
E-Mail: psechler@wc.com
THOMAS G. HENTOFF
E-Mail: thentoff@wc.com
PATRICK J. HOULIHAN
E-Mail: phoulihan@wc.com
AMY R. DAVIS
adavis@wc.com
JULI ANN LUND
jlund@wc.com
**WILLIAMS & CONNOLLY LLP**
725 12th Street, N.W.
Washington, DC 20005
Telephone: (202)434-5000

*Attorneys for Defendants Nutro Products, Inc. Mars, Incorporated and Mars Petcare U.S.*

BENJAMIN REID
E-Mail: bried@carltonfields.com
ANA CRAIG
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

KARA L. McCALL
kmccall@sidley.com
**SIDLEY AUSTIN LLP**
One S. Dearborn Street
Chicago, ILL 60633
Telephone: (312) 853-2666

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

SHERRIL M. COLOMBO
E-Mail: scolombo@cozen.com
**COZEN O'CONNOR**
200 South Biscayne Boulevard
Suite 4410
Miami, Florida 33131
Telephone: (305) 704-5945
Facsimile: (305) 704-5955

*Attorneys for Defendant Del Monte Foods Co.*

JOHN J. KUSTER
jkuster@sidley.com
JAMES D. ARDEN
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

RICHARD FAMA
E-Mail: rfama@cozen.com
JOHN J. McDONOUGH
E-Mail: jmcdonough@cozen.com
**COZEN O'CONNOR**
45 Broadway
New York, New York 10006
Telephone: (212) 509-9400
Facsimile: (212) 509-9492

*Attorneys for Defendant Del Monte Foods*

C. RICHARD FULMER, JR.
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*

JOHN F. MULLEN
E-Mail: jmullen@cozen.com
**COZEN O'CONNOR**
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-2179
Facsimile: (215) 665-2013

*Attorneys for Defendant Del Monte Foods, Co.*

ROBERT C. TROYER
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile: (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

JAMES K. REUSS
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

CAROL A. LICKO
E-Mail: calicko@hhlaw.com
**HOGAN & HARTSON**
Mellon Financial Center
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Telephone (305) 459-6500
Facsimile (305) 459-6550

*Attorneys for Defendants Nestle Purina Petcare Co.*

CRAIG A. HOOVER
E-Mail: cahoover@hhlaw.com
MIRANDA L. BERGE
E-Mail: mlberge@hhlaw.com
**HOGAN & HARTSON L.L.P.**
555 13th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910

*Attorneys for Defendants Nestle Purina Petcare Co.*

ALAN G. GREER
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Defendants The Iams Co.*

| | |
|---|---|
| **D. JEFFREY IRELAND**<br>E-Mail: djireland@ficlaw.com<br>**BRIAN D. WRIGHT**<br>E-Mail: bwright@ficlaw.com<br>**LAURA A. SANOM**<br>E-Mail: lsanom@ficlaw.com<br>**FARUKI IRELAND & COX**<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow Street<br>Dayton, Ohio 45402<br><br>*Attorneys for Defendant The Iams Co.* | **CRAIG P. KALIL**<br>E-Mail: ckalil@aballi.com<br>**JOSHUA D. POYER**<br>E-Mail: jpoyer@abailli.com<br>**ABALLI MILNE KALIL & ESCAGEDO**<br>2250 Sun Trust International Center<br>One S.E. Third Avenue<br>Miami, Florida 33131<br>Telephone: (303) 373-6600<br>Facsimile: (305) 373-7929<br><br>*Attorneys for New Albertson's Inc. and Albertson's LLC* |
| **RALPH G. PATINO**<br>E-Mail: rpatino@patinolaw.com<br>**DOMINICK V. TAMARAZZO**<br>E-Mail: dtamarazzo@patinolaw.com<br>**CARLOS B. SALUP**<br>E-Mail: csalup@patinolaw.com<br>**PATINO & ASSOCIATES, P.A.**<br>225 Alcazar Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 443-6163<br>Facsimile: (305) 443-5635<br><br>*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.* | **W. RANDOLPH TESLIK**<br>E-Mail: rteslik@akingump.com<br>**ANDREW J. DOBER**<br>E-Mail: adober@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1333 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>Telephone: (202) 887-4000<br>Facsimile: (202) 887-4288<br><br>*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC* |