UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al*.,

      Plaintiffs,

vs.

NATURA PET
PRODUCTS, INC., *et al.*,

      Defendants.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant, Natura Pet Products, Inc.'s ("Natura['s]") Motion for Summary Judgment ("Motion") [D.E. 523], filed on October 21, 2008. Natura moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, in favor of Natura and against Plaintiff, Susan Peters ("Peters"), on all counts against it in Plaintiffs' Fourth Amended Complaint ("FAC") [D.E. 349]. The Court has carefully considered the parties' written submissions, the record, and applicable law.

**I. BACKGROUND**

On April 11, 2008, Peters filed the FAC, asserting claims against Natura arising from Natura's sale of defective pet food products. Specifically, she states claims for (1) fraudulent misrepresentation and concealment; (2) negligent misrepresentation; (3) violation of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Florida Statutes §§ 501.201-213; (4) negligence; (5) strict liability; and (6) unjust enrichment. While Peters does not allege in the FAC that she purchased or used products manufactured or distributed by Natura (*see FAC* [D.E. 349] at

¶ 5), she does so in a later filing entitled Pet Food Products Purchased by Plaintiffs (*see* [D.E. 390-2] at 19).

Peters also confirms she purchased and used Natura pet products in her answers to interrogatories propounded by co-Defendant, Mars, Inc..  In her answers, Peters asserts she purchased Natura products from retailers, PetSmart and PETCO.  (*See* [D.E. 523-4] at 37-38).  Peters later testified at her deposition that she reviewed the responses and believed them to be true and accurate.  (*See Dep. of Susan Peters* [D.E. 553-2] at 96:4-97:14).  During that same deposition, Peters reaffirmed she purchased the Natura products listed in her interrogatory answers from PetSmart and PETCO.  (*See Dep. of Susan Peters* [D.E. 523-4] at 63:25).  And when asked whether she ever purchased a Natura pet product from any other store, she replied, "I don't believe so."  (*Id.* at 64:22-25).

Neither retailer, however, has ever sold these products at any of its stores nationwide.  (*See Decl. of Ronn Walthers* [D.E. 523-5] at ¶ 2; *Decl. of Jonathan D. Brunk* [D.E. 523-6] at ¶ 5; *Decl. of Shawn Salas* [D.E. 523-7] at ¶ 5).  Thus, Natura brings the current Motion on the ground that Peters cannot prevail on any of the six causes of action alleged against Natura in the FAC.  Specifically, Natura argues because Peters never obtained Natura products from PETCO or PetSmart, she cannot credibly maintain she ever fed Natura products to her pets.

As Peters sees it, "the issue is not whether [she] obtained Natura's products at PETCO or PetSmart, but only whether [she] purchased or used Natura's products."  (*Resp. in Opp'n* [D.E. 531] at 1-2).  In support of this argument, Peters filed a declaration ("Declaration") on November 4, 2008, in which she explains she was "mistaken [] as to the place of purchase [but] not as to the purchase

of Natura pet products." (*Decl. of Susan Peters* [D.E. 530-2] at ¶ 3). She states:

> 4.    As can be seen from my responses to interrogatories, I have purchased a lot of pet food at many different locations over the Class Period. At the time that I executed the Interrogatory responses and responded to questions at my deposition, I believed that I had purchased the Natura products set forth in my interrogatories at Petco and Petsmart locations listed in my response, but I buy a lot of pet food so I was apparently mistaken.

> 5.    However, I do know that I purchased Natura pet food and fed it to my dog, I was just mistaken as to where I must have purchased it. Given that I purchase a lot of food because I own a dog grooming business, it is hard for me to reconstruct exactly where I purchased pet food between 2003-and 2007.

> *               *               *

> 11.    While I may not be able to recall the specific retailer where I purchased Natura products, I purchased and fed Natura products to my dog Odie in late 2006 and early 2007.

(*Id.* at ¶¶ 4-5, 11). Asserting a question of fact remains as to whether she obtained, used, and was otherwise injured by Natura's products, Peters posits Natura's Motion should be denied. In its Reply, Natura challenges the authenticity of Peters' Declaration, claiming "Peters will say or do anything to maintain her claims against Natura."[1] (*Reply* [D.E. 553] at 1).

---

[1]    In the Reply, Natura also raises the argument that Peters' FDUTPA claims must fail because she does not allege any activities took place in Florida. *See, e.g.*, *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 228 (S.D. Fla. 2002) ("'It is the effect on trade that must occur in Florida, not the actions giving rise to the effect on trade'.") (quoting *Océ Printing Sys. USA, Inc. v. Mailers Data Servs., Inc.*, 760 So. 2d 1037, 1041 (Fla. 2d DCA 2000)). This argument was not raised by Natura in the Motion, nor by Peters in the Response in Opposition. "Southern District of Florida Local Rule 7.1(C) provides that a reply memorandum 'shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law.'" *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1515 (S.D. Fla. 1996) (quoting Fla. L. R. 7.1(C)). Natura's argument that Peters' FDUTPA claims fail will therefore not be considered. *See Manicini Enters., Inc. v. Am. Express Co.*, 236 F.R.D. 695, 699 (S.D. Fla. 2006) ("[T]he Court will not reach Defendants' arguments concerning the alleged duplicative nature of Plaintiff's quantum meruit and unjust enrichment claims as that argument was not raised in Defendants' initial brief and therefore Plaintiff was not given an opportunity to address the argument in its rebuttal.").

## II. <u>ANALYSIS</u>

**A.     Legal Standard**

Summary judgment shall be rendered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant," *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  "As to materiality, the substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response to a properly supported motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

**B.      Summary Judgment Motion**

The narrow issue presented in the Motion is whether Peters can maintain her causes of action against Natura, based on her previous testimony. Peters' claims for fraudulent misrepresentation and concealment, negligent misrepresentation, violation of FDUTPA, negligence, strict liability, and unjust enrichment share one common predicate: Peters must show she purchased or used Natura products to her detriment.[2] *See, e.g.*, *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (actual damage is element of FDUTPA claim); *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (reliance and damages are required elements of fraud and misrepresentation under Oklahoma law); *Johnson v. Hillcrest Health Ctr., Inc.*, 70 P.3d 811, 816 (Okla. 2003) (injury to plaintiff is element of negligence claim); *Teel v. Public Service Co. of Okla.*,

---

[2]  The parties appear to concede Oklahoma law applies to Peters' non-FDUTPA claims.

767 P.2d 391, 398 (Okla. 1985) (unjust enrichment claim requires enrichment coupled with injustice), *superseded by statute on other grounds*, 52 Okla. St. § 540, *as recognized in Hull v. Sun Ref. and Mktg. Co.*, 789 P.2d 1272, 1278 (Okla. 1989); *Marathon Battery Co. v. Kilpatrick*, 418 P.2d 900, 914-15 (Okla. 1965) (strict liability for product defect requires injury to person). Natura contends that if Peters did not purchase or use Natura products, then she can have no damage and no standing to challenge Natura's advertising, allege negligence or product liability, or to seek disgorgement of profits or injunctive relief. And "[s]ince Peters' [sic] clearly never got Natura products from PETCO or PetSmart, she cannot credibly maintain that she ever fed Natura products to her pets." (*Motion* at 4).

Natura's premise is based solely on Peters' deposition and answers to interrogatories, and disregards the fact that Peters testified she purchased or obtained Natura products and has filed a Declaration attesting to the fact that she could have made the purchases at other stores where she shopped. (*See Decl. of Susan Peters* at ¶¶ 3-9). Ultimately, Peters' claims are against Natura – not PETCO and PetSmart – and the fact that PETCO and PetSmart do not sell Natura pet products does not eliminate the possibility that Peters purchased Natura products elsewhere.

In addition, Natura's argument that Peters' Declaration is incredible and must be disregarded is not persuasive. Admittedly, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins and Assocs., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984); *see also Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008). By the same token,

> "An opposing party's affidavit should be considered although it differs from or varies his evidence as given by deposition or another affidavit and the two in conjunction may disclose an issue of credibility." 6 *Moore's Federal Practice* P 56-15(4), p. 56-522 (2d Ed.) (footnote omitted). *See generally Guarantee Ins. Agency Co. v. Mid-Continental Realty Corp.*, 57 F.R.D. 555, 563 (N.D. Ill. 1972). Thus, a genuine issue can exist by virtue of a party's affidavit even if it conflicts with earlier testimony in the party's deposition.

*Kennet-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980); *see also McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) ("Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment.").

In her declaration, Peters does not purport to raise a new matter, but rather to explain certain aspects of her deposition testimony and interrogatory answers. Peters states she was mistaken as to the place where she purchased Natura pet products because she purchases a lot of dog food as a result of her dog grooming business. Peters' assertion is at least plausible. While some statements in Peters' declaration differ with those in her deposition and interrogatory answers, these conflicts present questions of credibility which require jury resolution and cannot be resolved on summary judgment.

## III. CONCLUSION

In accordance with the foregoing, it is

**ORDERED AND ADJUDGED** that Natura's Motion **[D.E. 523]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of January, 2009.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

7