UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____/

### NATURA PET PRODUCTS, INC.'S MOTION TO STRIKE THE DECLARATION OF EDGAR R. NIELD FILED IN SUPPORT OF CLASS CERTIFICATION MOTION; OR IN THE ALTERNATIVE, THOSE PORTIONS WHICH ARE INADMISSIBLE AS EVIDENCE

Pursuant to Federal Rules of Civil Procedure Rule ("Rule") 12(f), Natura Pet Products, Inc., ("Natura") hereby moves the Court to strike plaintiffs' Declaration of Edgar R. Nield Filed in Support of Class Certification Motion [D.E. 595-2] ("Nield Declaration") in its entirety because it is contains impermissible attorney argument rather than admissible assertions of fact. The Nield Declaration constitutes a continuation of plaintiffs' Reply in Support of Motion for Class Certification and Memorandum of Law in Support Thereof [D.E. 596.] ("Reply Brief") in violation of the 10-page limitation set forth in Local Rule 7.1C(2). In the alternative, Natura moves the Court to strike those specific portions of the Nield Declaration and attached exhibits that are inadmissible under the Federal Rules of Evidence ("FRE") and relevant case authority as set forth herein.

### I. INTRODUCTION

Despite submitting a Reply Brief with 10-pages of legal memoranda, plaintiff then filed additional pages of argument in support of the Motion for Class Certification as the Nield Declaration. Declarations in support of motions must be evidence, containing assertions of fact

and authentication of documents, not arguments. The Nield Declaration is an attempt by plaintiffs to workaround the 10-page limitation under the guise of an evidentiary declaration. The Nield Declaration's evidentiary value is limited to the authentication of internet printouts, which should have been done in a single paragraph. Instead, the Nield Declaration spends paragraphs characterizing and commenting on the contents of the attached internet printouts. This Court should strike the Nield Declaration in its entirety as a supplemental legal memorandum violating the page limitation contained in Local Rule 7.1C(2). Alternatively, Natura seeks to strike individual objectionable items from the Nield Declaration and its attached exhibits as described more fully below.

## II. BACKGROUND

On November 18, 2008, plaintiffs filed their Corrected Motion to Certify Class now pending before the Court. [D.E. 560.] On December 23, 2008, Natura filed its Response in Opposition to Plaintiffs' Corrected Motion to Certify Class. [D.E. 579.] On January 16, 2009, plaintiffs concurrently filed their Reply Brief [D.E. 596], the Nield Declaration [D.E. 595-2], the Declaration of Catherine J MacIvor [D.E. 594-2] and the Declaration of Jeffrey B. Maltzman [D.E. 591-2].

## III. THE NIELD DECLARATION SHOULD BE STRICKEN IN ITS ENTIRETY FOR VIOLATING LOCAL RULE 7.1C(2).

Rule 12(f) permits the Court to strike from pleadings any redundant, immaterial, impertinent, or scandalous matter on its own or upon the motion of a party. Fed. Rules Civ. Proc. R 12. Local Rule 7.1C(2) states:

> Absent prior permission of the Court, no party shall file any legal memorandum exceeding twenty pages in length, <u>with the exception of a reply which shall not exceed ten pages in length</u>.

USDC S.D. Fla. L.R. 7.1C, emphasis added. While evidentiary declarations may be filed in support of a reply brief so long as they are strictly limited to rebuttal of matters raised in the opposing memorandum, the declarations may not contain attorney argument. *See In re Jackson*,

92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (*citing Mercantile Nat'l Bank v. Franklin Life Ins. Co.*, 248 F.2d 57, 59 (5th Cir. Tex. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. Mich. 1984). Not only is attorney argument inadmissible as evidence, but in light of the 10-page limitation in Local Rule 7.1C(2), attorney argument should be stricken where the accompanying reply memorandum is already 10-pages long because there is no permissible space remaining to allow the Court to consider additional argument. Here, the Reply Brief already contains 10-pages of legal authorities and argument. [D.E. 596.] Accordingly, the offending Nield Declaration should be stricken.

> Alternatively, the following arguments in the Nield Declaration must be stricken:
>
> A. At each step in this pyramid the deceptive representations about the fitness of its products for human consumption and the "human grade" quality of their products was repeated in a clearly calculated effort to convince the consumer that Natura's pet food products were made of the same things that humans eat and were good enough for human consumption. In reviewing Natura's historic web sites I was easily able to locate the deceptive statements in this regard as testified to by Mr. Atkins in his deposition and as set out in the Plaintiff's original moving papers at almost all levels of the pyramid as it progressed outward.

[Nield Declaration at ¶5.] Here, Mr. Nield's characterizing of representations are unnecessary argument. Natura also objects to the above excerpt as lacking foundation (FRE 602), violating the best evidence rule (FRE 1002) as the documents in questions are the best evidence of their own contents, and inadmissible opinion (FRE 701).

Additionally, the following excerpts of attorney argument should be stricken:

> B. However I was able to access at enough portions to locate references to the deceptive statement set out in the Plaintiffs' original moving papers and in paragraph 5 above.

[Nield Declaration at ¶6.] Natura also objects to the prior excerpt as inadmissible opinion (FRE 701) and violating the best evidence rule (FRE 1002).

> C. My review of the Natura historical web sites revealed that from the November 29, 2003 up to the point of the major redesign on April 6, 2007, Natura made numerous deceptive statements concerning their products and ingredients being of "human grade" quality good enough for "you" the consumer or "they" to eat, as set out in the Plaintiff's original moving papers and repeated in paragraph 5 above.

[Nield Declaration at ¶9.] Natura also objects to the prior excerpt as inadmissible opinion (FRE 701) and violating the best evidence rule (FRE 1002).

    D. From the April 6, 2007 web site, the point of the significant redesign, to the last available historical Natura web site on the Archives.org site of February 6, 2008, also included as part of Exhibit "C", the web site continued to include the deceptive statements highlighted in the Plaintiff's original moving papers and repeated in paragraph 5 above.

[Nield Declaration at ¶10.] Natura also objects to the prior excerpt as lacking foundation (FRE 602).

    E. As a matter of fact, not only did they repeat the statements they had made earlier versions of the site about their food being food "you'd eat yourself" and "human grade" but they added to and embellished upon this statements. On their "About Us" page, again discussing "How Natura is Different" and "Our Pet Nutrition Philosophy" they continue to state that they "use only dog and cat food ingredients which I would feel comfortable eating myself". In their discussion of "Pet Food Safety and Quality Control" included in the "About Us" section, they state that they use "**only the highest human-grade pet food ingredients** in our **dog and cat foods** . . . (Emphasis provided by Natura)". Under the Innova product section relating to Adult Dry Dog Food they state that their dry dog food "provides complete and balanced canine nutrition using human grade ingredients". Under the Evo product section they state "Evo Grain–Free, Human Grade Pet Food". Under the Mother Nature Healthy Dog Treats they say the treat is baked "using similar human grade pet food ingredients as those featured in Natura's dog food and cat food products". And under the Karma Organic Food for Dogs they state "Ninety-five percent of our human grade ingredients are USDA-Certified Organic . . .".

[Nield Declaration at ¶10.] Natura also objects to the prior excerpt on the grounds it (i) is inadmissible opinion (FRE 701) and (ii) violates the best evidence rule (FRE 1002).

    F. At his deposition of November 5, 2008, Mr. Atkins testified that statements including "I only produce food I would eat myself" were likely included on the Natura's web site the entire time the web site existed and certainly throughout the period from November 29, 2003 up to approximately September or October of 2008, a few weeks prior to his deposition. A true and correct copy of his deposition testimony relating to this issue, 215:23 to 216:5, is attached to this declaration as Exhibit "D".

[Nield Declaration at ¶11.] Natura also objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002).

    G. In the declaration he provided in support of Natura's Opposition to this motion, Mr. Atkins stated that while he could not say with certainty when Natura began using the phrase "human grade" on its web-site, it was "mostly" in 2005 and 2006 (Atkins

4

Decl. at ¶ 9). He also maintained that in 2007, prior to this lawsuit, Natura decided to stop its use of the phrase "human grade" (Atkins Decl. at ¶ 8).

[Nield Declaration at ¶12.] Natura also objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002).

    H. However the web-site pages included in Exhibit "C" clearly reveal that this assertion is false… To try to imply otherwise is another example of Natura's deceptive practices.

[Nield Declaration at ¶12.] Natura also objects to the prior excerpt as inadmissible opinion (FRE 701), outside the declarant's personal knowledge (FRE 602) and violating the best evidence rule (FRE 1002).

    I. As a matter of fact, the phrase was still being used extensively on the last historical Natura web-site available on the Archives.org web-site of February 8, 2008, which is the first document in Exhibit "C".

[Nield Declaration at ¶12.] Natura also objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002).

## IV. FURTHER INADMISSIBLE PORTIONS OF THE NIELD DECLARATION SHOULD ALSO BE STRICKEN.

If the Nield Declaration is not to be stricken outright, Natura requests that the above-cited excerpts be stricken as inadmissible under the Federal Rules of Evidence. In addition, Natura requests that the following additional excerpts be stricken:

    A. He repeated this assertion in the declaration he submitted in support of Natura's opposition to the Plaintiffs' Class Certification motion (Atkins Decl. at ¶ 7).

[Nield Declaration at ¶2.] Natura objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002). The declaration of Mr. Atkins speaks for itself.

    B. In reviewing these prior sites I noted that they were designed in a pyramid type fashion, first providing quality and nutritional information applicable to all of Natura's products universally and then discussing its product lines individually and then the specific products within each line and then finally the specific ingredients used in each of those products.

[Nield Declaration at ¶5.] Natura objects to the prior excerpt on the grounds it (i) lacks foundation (FRE 602) and (ii) violates the best evidence rule (FRE 1002).

C. These statements included: "We only use ingredients that you would eat yourself…"; "All of our human grade dog and cat foods are carefully cooked and tested…"; "Because we use only the highest quality human-grade pet food ingredients in our dog and cat food…"; "Use only ingredients which [you] would feel comfortable eating yourself"; and "Natura's products use only human grade ingredients".

[Nield Declaration at ¶5.] Natura objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002).

D. However, because of their repetitive and voluminous nature, I printed for use as exhibits in this Reply, only a sampling of the historical web site pages identified on a quarterly basis up to April 6, 2007 and thereafter, web site pages for every date listed except for those I could not access, as noted above.

[Nield Declaration at ¶7.] Natura objects to the prior excerpt on the grounds it (i) not a proper sampling (FRE 1006), and (ii) violates the best evidence rule (FRE 1002).

E. While the Archives.org listing of the Natura historical websites indicated that there were apparently some changes to the Natura website from November 29, 2003 to April 5, 2007, I could not determine what they were based upon the web site pages that I was able to access. However, there was a significant change to the look and organization of the web site on April 6, 2007, when it appears that a major redesign of the site was undertaken.

[Nield Declaration at ¶8.] Natura objects to the prior excerpt on the grounds it (i) is inadmissible opinion (FRE 701), (ii) lacks foundation (FRE 602) and (iii) violates the best evidence rule (FRE 1002).

F. On their "About Natura" page, their introductory page at the top of the pyramid which provides links to all the product line pages, they discus "How Natura is Different" from other manufacturers and their claims as to the quality and nutritional aspects of their products. There Natura states that they "[U]se Only Ingredients I Would Feel Comfortable Eating Myself. . . ." and "[W]e use only the ingredients you'd eat yourself . . . ". Under the tab/link for "Foods for Dogs" they state "Natura makes healthy dog foods with only the ingredients you would eat yourself". Under the tab/link for "Treats for Dogs" they state "Natura's complete line of dog treats is made from only the healthiest natural ingredients, like you would eat yourself". In their HealthWise brand section they state that they use ingredients which are ". . . the exact same kind you would eat yourself", and in their Mother Nature product section they state that their dog treats are baked using "only the finest human grade ingredients. . . ".

[Nield Declaration at ¶9.] Natura objects to the prior excerpt on the grounds it violates the best evidence rule (FRE 1002).

## V.     CONCLUSION

Based of the foregoing, Natura hereby requests the Court strike the Nield Declaration in its entirety. In the alternative, Natura requests the Court strike ¶¶5-12 of the Nield Declaration as inadmissible under the Federal Rules of Evidence and relevant case authority as set forth above.

## **RULE 7.1 CERTIFICATE**

Prior to filing this motion, Natura's counsel, Kristen E. Caverly and Robert C. Mardian III, conferred with the plaintiffs in a good faith effort to resolve the issues raised in the motion. After conferring with the plaintiffs, they refused to withdraw the items Natura seeks to strike.

McGUIREWOODS LLP

By: s/Jeffrey S. York
Jeffrey S. York
Florida Bar No. 0987069
Michael M. Giel
Florida Bar No. 0017676
50 N. Laura Street, Suite 3300
Jacksonville, Florida  32202
(904) 798-2680
(904) 360-6330 (fax)
jyork@mcguirewoods.com
mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*