UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____/

### NATURA PET PRODUCTS, INC.'S MOTION TO STRIKE THE DECLARATION OF CATHERINE J. MACIVOR; OR IN THE ALTERNATIVE, THOSE PORTIONS WHICH ARE INADMISSIBLE AS EVIDENCE

Pursuant to Federal Rules of Civil Procedure Rule ("Rule") 12(f), Natura Pet Products, Inc., ("Natura") hereby moves the Court to strike plaintiffs' Declaration of Catherine J. MacIvor [D.E. 594-2] ("MacIvor Declaration") in its entirety because it is contains impermissible attorney argument rather than admissible assertions of fact. The MacIvor Declaration constitutes a continuation of plaintiffs' Reply in Support of Motion for Class Certification and Memorandum of Law in Support Thereof [D.E. 596.] ("Reply Brief") in violation of the 10-page limitation set forth in Local Rule 7.1C(2). In the alternative, Natura moves the Court to strike those specific portions of the MacIvor Declaration and attached exhibits that are inadmissible under the Federal Rules of Evidence ("FRE") and relevant case authority as set forth herein.

### I.  INTRODUCTION

Despite submitting a Reply Brief with 10-pages of legal memoranda, plaintiff then filed additional pages of argument in support of the Motion for Class Certification as the MacIvor Declaration. Declarations in support of motions must be evidence, containing assertions of fact and authentication of documents, not arguments. The MacIvor Declaration is an attempt by

plaintiffs to workaround the 10-page limitation under the guise of an evidentiary declaration. The MacIvor Declaration's evidentiary value is limited to the authentication of internet printouts, which should have been done in a single paragraph. Instead, the MacIvor Declaration spends paragraphs characterizing and commenting on the contents of the attached internet printouts. This Court should strike the MacIvor Declaration in its entirety as a supplemental legal memorandum violating the page limitation contained in Local Rule 7.1C(2). Alternatively, Natura seeks to strike individual objectionable items from the MacIvor Declaration and its attached exhibits as described more fully below.

## II. BACKGROUND

On November 18, 2008, plaintiffs filed their Corrected Motion to Certify Class now pending before the Court. [D.E. 560.] On December 23, 2008, Natura filed its Response in Opposition to Plaintiffs' Corrected Motion to Certify Class. [D.E. 579.] On January 16, 2009, plaintiffs concurrently filed their Reply Brief [D.E. 596], the Declaration of Edgar R. Nield Filed in Support of Class Certification Motion Declaration [D.E. 595-2], the MacIvor Declaration [D.E. 594-2] and the Declaration of Jeffrey B. Maltzman [D.E. 591-2].

## III. THE MACIVOR DECLARATION SHOULD BE STRICKEN IN ITS ENTIRETY FOR VIOLATING LOCAL RULE 7.1C(2).

Rule 12(f) permits the Court to strike from pleadings any redundant, immaterial, impertinent, or scandalous matter on its own or upon the motion of a party. Fed. Rules Civ. Proc. R 12. Local Rule 7.1C(2) states:

> Absent prior permission of the Court, no party shall file any legal memorandum exceeding twenty pages in length, <u>with the exception of a reply which shall not exceed ten pages in length</u>.

USDC S.D. Fla. L.R. 7.1C (emphasis added). While evidentiary declarations may be filed in support of a reply brief so long as they are strictly limited to rebuttal of matters raised in the opposing memorandum, the declarations may not contain attorney argument. *See In re Jackson*, 92 B.R. 987, 992 (Bankr. E.D. Pa. 1988) (*citing Mercantile Nat'l Bank v. Franklin Life Ins. Co.*,

248 F.2d 57, 59 (5th Cir. Tex. 1957)); *Bender v. Southland Corp.,* 749 F.2d 1205, 1211 (6th Cir. Mich. 1984). Not only is attorney argument inadmissible as evidence, but in light of the 10-page limitation in Local Rule 7.1C(2), attorney argument should be stricken where the accompanying reply memorandum is already 10-pages long because there is no permissible space remaining to allow the Court to consider additional argument. Here, the Reply Brief already contains 10-pages of legal authorities and argument. [D.E. 596.] Accordingly, the offending MacIvor Declaration should be stricken.

Alternatively, the following arguments in the MacIvor Declaration must be stricken:

A. Once that study was completed, the undersigned drafted the Class Action Complaint and successfully defended an amended version of it against a veritable army of lawyers who were associated with many of the leading law firms in the country.

[MacIvor Declaration at ¶5.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

B. By the time that Natura took the depositions of each Plaintiff, Natura had all of the production for each Plaintiff well in advance in order to be able to properly prepare for the depositions.

[MacIvor Declaration at ¶7.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

C. In any event, the appearance of Plaintiffs at depositions is not within the control of the Plaintiffs' counsel as counsel can only advise individuals of dates, clear them and explain the need to attend.

[MacIvor Declaration at ¶8.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

D. As for the allegation that counsel for Maltzman Foreman, P.A. filed 13 Notices of Unavailability covering absences of 110 court days since the inception of this case, not one of the Notices impacted the timely or vigorous prosecution of this proceeding.

[MacIvor Declaration at ¶9.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

E. Maltzman Foreman served such notices in large part because absent such notices counsel for Defendants had a habit of drafting emails or letters and demanding

> immediate responses which were impossible when Maltzman Foreman attorneys were out of the country on deposition trips, in trial on other matters, on vacation, or ill.

[MacIvor Declaration at ¶9.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

> F. During the period of time that the undersigned had filed a Notice of Unavailability, the Court entered an Order requesting an expedited response as to the Defendants' Motion for Rehearing on the Plaintiffs' request for jurisdictional discovery and despite the difficulty, including the unavailability of the internet, the undersigned worked with an associate by telephone to timely file a response.

[MacIvor Declaration at ¶9.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

> G. In other words, Maltzman Foreman's work continued despite my absence from the jurisdiction and that was not atypical as Defendants, including Natura's counsel has been on vacation and otherwise unavailable with the only difference being that no notices of unavailability were filed.

[MacIvor Declaration at ¶9.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> H. While the Response was not of the quality that the undersigned usually files, it was filed timely despite the unavailability of the internet and while the undersigned was on vacation. [DE 247].

[MacIvor Declaration at p.4, note 1.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

> I. The Notices of Unavailability that were filed had absolutely no impact on the timely and vigorous prosecution of this case because during the time that the undersigned was working on other matters or on vacation, the undersigned continued to take calls from the Defendants and to handle various aspects of the case.

[MacIvor Declaration at ¶11.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

> J. Plaintiffs have met all of the deadlines in the Court's scheduling orders, including the filing of the Motion for Class Certification.

[MacIvor Declaration at ¶12.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

    K. As is discussed in paragraph 22, below, and as is shown in the attached redlined exhibit, Plaintiffs timely filed their Motion for Class Certification. A few days later Plaintiffs filed a corrected motion which made no substantive changes but instead was filed principally to correct the omission of partner Jeffrey Maltzman and Jeffrey Foreman's name from the signature block and to correct a few minor typographical or dictation errors.

[MacIvor Declaration at p. 6, note 2.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602), (iii) hearsay (FRE 802) and (iv) the best evidence rule (FRE 1002).

    L. Natura's other examples of extensions of time requested by the undersigned relate to bona fide conflicts that the undersigned had as well as difficulty in responding to voluminous Motions on an expedited basis.

[MacIvor Declaration at ¶13.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

    M. While these requests came after the time to Add and/or Substitute parties, the requests have not impacted the vigorous prosecution of the case and the Plaintiffs produced Mrs. Cortazzo for deposition by Natura even though the court has not yet made her a party to this litigation.

[MacIvor Declaration at ¶16.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701), (ii) lack of foundation (FRE 602) and (iii) the best evidence rule (FRE 1002).

    N. The motion has not caused any delay in the ruling on class certification or the timely prosecution of the case and was simply intended to ensure that Florida uses of Natura's products which were promoted through Natura's false and deceptive claims would have their day in court.

[MacIvor Declaration at ¶16.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

    O. None of the Clerk's Notices of Instruction to Filer ever resulted in any adverse action.

[MacIvor Declaration at ¶17.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

P. It was not necessary to request any further relief since Natura withdrew the request for the improper discovery that necessitated the motion in the first place.

[MacIvor Declaration at ¶17.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

Q. As noted above, the Plaintiffs timely produced 25 separate answers to interrogatories and 25 responses to two separate requests for production by June 23, 2008.

[MacIvor Declaration at ¶18.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

R. Moreover, all documents were produced and would have been produced notwithstanding Judge Brown's order.

[MacIvor Declaration at ¶18.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602) and (iii) relevance (FRE 402).

S. Nonetheless, all depositions of all remaining Plaintiffs who had not been dismissed concluded well prior to the time that the Plaintiff moved for class certification and months before Natura filed its Response to Class Certification.

[MacIvor Declaration at ¶19.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

T. Maltzman Foreman is very familiar with Ms. Davis' claims.

[MacIvor Declaration at ¶20.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

U. The best evidence of that is that Ms. Davis is the only one of 30 Plaintiffs who ever had an issue regarding her claims.

[MacIvor Declaration at ¶20.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

V. The original motion was timely filed… Absolutely nothing of substance had been changed… There is no difference between filing a corrected motion and a notice of scrivenor's error in this jurisdiction and it is a common practice.

[MacIvor Declaration at ¶22.] Natura also objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

## IV. FURTHER INADMISSIBLE PORTIONS OF THE MACIVOR DECLARATION SHOULD BE STRICKEN.

If the MacIvor Declaration is not to be stricken outright, Natura requests that the above-cited excerpts be stricken as inadmissible under the Federal Rules of Evidence. In addition, Natura requests that the following additional excerpts be stricken:

> A. Prior to May 2008, the undersigned was responsible for investigating the facts of the claims, which was very complicated given the nature of the pet food industry.

[MacIvor Declaration at ¶5.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> B. Natura's responses to the Plaintiffs discovery requests had been pending since early April of 2008, but were not produced by Natura until just days before Natura's corporate representative deposition in November 2008, and after every Plaintiffs' deposition had been concluded (and just weeks before the Plaintiffs were required to move for class certification).

[MacIvor Declaration at ¶6.] Natura objects to the prior excerpt based on lack of foundation (FRE 602).

> C. Moreover, while I did not attend the deposition of Natura's corporate representative, I understand that Natura produced several thousand documents just days before that deposition.

[MacIvor Declaration at ¶6.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> D. By the time that Natura took the depositions of each Plaintiff, Natura had all of the production for each Plaintiff well in advance in order to be able to properly prepare for the depositions.

[MacIvor Declaration at ¶7.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> E. All plaintiffs who wished to remain in the case in the wake of the nationwide class action settlement against the other pet food manufacturer Defendants were produced for deposition in a timely manner as agreed upon with the exception of Patricia Davis, who was produced in Washington, D.C. at no additional expense to Natura and at a time when Natura's counsel was already scheduled to be in Washington, D.C. for other Plaintiffs' depositions.

[MacIvor Declaration at ¶8.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

    F. Yvonne Thomas did not appear as originally scheduled due to health reasons and was unable to appear for her deposition that had been coordinated and attended by Patrick Keegan's office due to a severe snowstorm (While Patrick Keegan's office handled this matter, I understand that Ms. Thomas suffers from a condition with her vision that makes it difficult to see and thus driving through the storm would have been dangerous).

[MacIvor Declaration at ¶8.] Natura objects to the prior excerpt based on lack of foundation (FRE 602).

    G. Natura also claims that when the undersigned was hospitalized and requested a four (4) day extension of time to file a reply due to the undersigned's hospitalization is somehow a ground for alleged inadequacy, a situation completely beyond the undersigned's control.

[MacIvor Declaration at ¶9.] Natura objects to the prior excerpt based on (i) lack of foundation (FRE 602), (ii) inadmissible opinion (FRE 701) and (iii) the best evidence rule (FRE 1002).

    H. In other words, Maltzman Foreman's work continued despite my absence from the jurisdiction and that was not atypical as Defendants, including Natura's counsel has been on vacation and otherwise unavailable with the only difference being that no notices of unavailability were filed.

[MacIvor Declaration at ¶9.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

    I. Many of the Notices of Unavailability related to the undersigned's investigation of this case or other cases that the undersigned handles. For example, during July 31, 2007 – August 7, 2007, the undersigned travelled to and attended an AAFCO semi-annual meeting, among other things, to gather information to use in the prosecution of the case. The undersigned was, in fact, made an alternate member of AAFCO for a consumer pet organization, Defend Our Pets, and attended on their behalf.

[MacIvor Declaration at ¶10.] Natura objects to the prior excerpt based on relevance (FRE 402).

    J. In addition, several of the Notices of Unavailability occurred during national holidays when defense counsel were also taking time off [DE 520, 521], or for a period of time after the Motion for Class certification was filed and before a Reply was due. [DE 576].

[MacIvor Declaration at ¶11.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> K. Natura next claims that Maltzman Foreman is allegedly inadequate because extensions of time or modifications of the Court's scheduling orders have been requested. The first example was an extension of time to respond to a 78 page Motion to Dismiss that multiple Defendants had five (5) months to prepare. [DE 240]. The undersigned requested that the time for a Response be extended until after personal jurisdiction discovery had concluded or that Maltzman Foreman, P.A. be given sixty (60) days to respond to a 78 page potentially dispositive motion. [DE 240 p. 3]. The second extension related to an amendment of the class action pleading to clarify issues that the Defendants had raised so that personal jurisdiction discovery could go forward. [DE 255].

[MacIvor Declaration at ¶11.] Natura objects to the prior excerpt based on the best evidence rule (FRE 1002).

> L. Co-counsel Patrick Keegan could not appear for the hearing either because he appeared before this Court for a hearing on the renewed Motion for Stay. Thus, neither the undersigned nor Mr. Keegan could appear before Judge Brown due to court conflicts. Most importantly, Mr. Keegan had been working with defense counsel to work out the issues relating to the subject of a motion to compel, which largely related to the scheduling of depositions.

[MacIvor Declaration at ¶15.] Natura objects to the prior excerpt based on (i) inadmissible opinion (FRE 701) and (ii) lack of foundation (FRE 602).

> M. At the same time, co-counsel Patrick Keegan worked with defense counsel on the discovery schedule of the Plaintiffs' depositions… It just takes time to assemble 35,571 documents from 25 separate individuals from all over the country, review them for privilege and responsiveness, and prepare them for production.

[MacIvor Declaration at ¶18.] Natura objects to the prior excerpt based on lack of foundation (FRE 602).

> N. Additionally, while the Plaintiffs were producing the above-described voluminous discovery, Patrick Keegan was discussing the impact of the Multi-District pet food litigation in New Jersey with the Defendants and the undersigned was in negotiations with all of the Defendants except Natura regarding the dismissal of the Plaintiffs. Neither the undersigned nor Mr. Keegan wanted the Defendants to go to the unnecessary expense of flying to depositions that would not go forward because the Plaintiffs would be seeking dismissals.

[MacIvor Declaration at ¶19.] Natura objects to the prior excerpt based on (i) lack of foundation (FRE 602), (ii) inadmissible opinion (FRE 701) and (iii) hearsay (FRE 802).

> O. For example, Plaintiff, Debbie MacGregor, had contracted cancer and Plaintiff, Donna Hopkins-Jones, had lost her home due to financial difficulties. Others such as Jane Herring and Debbie Rice, for example, experienced economic difficulties in obtaining the funds to travel to their depositions due to changed financial circumstances that they did not anticipate at the time that they agreed to be Plaintiffs. There were some slight delays of some depositions while the Plaintiffs tried to work out the dismissals and a revised schedule for the remaining Plaintiffs. Nonetheless, all depositions of all remaining Plaintiffs who had not been dismissed concluded well prior to the time that the Plaintiff moved for class certification and months before Natura filed its Response to Class Certification. Co-counsel, Patrick Keegan's firm, worked on the stipulation as to the depositions of all of the Plaintiffs' depositions and the rescheduling of the deposition of Yvonne Thomas, who has since sought dismissal from the case in any event based on her health.

[MacIvor Declaration at ¶19.] Natura objects to the prior excerpt based on (i) lack of foundation (FRE 602), (ii) inadmissible opinion (FRE 701) and (iii) hearsay (FRE 802).

> P. The undersigned cannot reveal attorney client privileged information, but the confusion regarding her claims was not based upon Maltzman Foreman, P.A. The best evidence of that is that Ms. Davis is the only one of 30 Plaintiffs who ever had an issue regarding her claims. The undersigned can only report to the Court and to opposing counsel through discovery and court filings the information that is relayed at the time it is relayed.

[MacIvor Declaration at ¶20.] Natura objects to the prior excerpt based on (i) lack of foundation (FRE 602), (ii) inadmissible opinion (FRE 701) and (iii) hearsay (FRE 802).

## V. CONCLUSION

Based of the foregoing, Natura hereby requests the Court strike the MacIvor Declaration in its entirety. In the alternative, Natura requests the Court strike ¶¶ 5-13, 15-20, 22 and footnotes 1-2 of the MacIvor Declaration as inadmissible under the Federal Rules of Evidence and relevant case authority as set forth above.

## RULE 7.1 CERTIFICATE

Prior to filing this motion, Natura's counsel, Kristen E. Caverly and Robert C. Mardian III, conferred with the plaintiffs in a good faith effort to resolve the issues raised in the motion. After conferring with the plaintiffs, they refused to withdraw the items Natura seeks to strike.

McGUIREWOODS LLP

By: s/Jeffrey S. York
Jeffrey S. York
Florida Bar No. 0987069
Michael M. Giel
Florida Bar No. 0017676
50 N. Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-2680
(904) 360-6330 (fax)
jyork@mcguirewoods.com
mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM &
CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL
FOR DEFENDANT NATURA PET
PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

                                                       s/Jeffrey S. York
                                                            Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*