UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-21221-CIV-ALTONAGA/BROWN

RENEE BLASZKOWSKI, *et al.*,
individually and on behalf of
others similarly situated,
Plaintiffs,

vs.

MARS, INCORPORATED, *et al.*,
Defendants.
_____/

### DEFENDANT NATURA PET PRODUCT INC.'S
### MOTION TO DISMISS PLAINTIFF SUSAN PETERS

Defendant Natura Pet Products, Inc. ("Natura") hereby moves the Court to dismiss the claims of Plaintiff Susan Peters ("Peters") pursuant to Federal Rules of Civil Procedure Rule ("Rule") 12(h)(3) and Local Rule 7.1 on the ground that the Court lacks subject matter jurisdiction over her. Subject matter jurisdiction in this case is based solely on Peters' status as a class representative under the Class Action Fairness Act ("CAFA"), and Peters has relinquished her class allegations in favor of pursuing individual claims under the laws of her home state.

Natura's motion is based on the following memorandum of law, any reply papers that may be submitted, and any other argument or evidence that may be permitted by the Court.

## MEMORANDUM OF LAW

### I. INTRODUCTION

The Court gained original jurisdiction over this class action pursuant to CAFA, 32 U.S.C. § 1332(d). Plaintiff Susan Peters ("Peters") relinquished her class claims when she was purposely excluded from the class definition submitted to the Court for certification. Because the time set by the Court for seeking class certification has expired, there is no foreseeable

possibility that Peters will be able to obtain certification, and the Court's jurisdiction under CAFA no longer exists. Because the Court no longer has subject matter jurisdiction over Peters claims, her claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2008, Plaintiffs filed their Fourth Amended Complaint ("Complaint") on behalf of thirty (30) separately named Plaintiffs making class allegations against twenty-four (24) different manufacturers, co-packers, and retailers of various pet food products, including Natura. [D.E. 349.] In the Complaint, Peters alleged that she was a resident of Oklahoma and that all of her claims arose in Oklahoma. [*Id.* at ¶ 5.] In the time since Plaintiffs filed the Complaint, all but four of the named Plaintiffs have been dismissed or have had judgment granted against them, and the only remaining defendant is Natura.

On April 25, 2008, the Court issued an order setting the trial and pre-trial schedule, which stated in pertinent part:

> …The parties shall adhere to the following schedule:
>
> **November 15, 2008** Plaintiffs shall file their motion for class certification. **No amendments to the operative complaint shall be permitted after the motion for class certification is filed.**

[D.E. 355 (emphasis in original).] Thus, all Plaintiffs were required to seek class certification no later than November 15, 2008 and are no longer allowed to amend their complaint.

On November 18, 2008, Plaintiff Patricia Davis alone brought a Motion to Certify Class on behalf of herself and:

> All consumers and purchasers who obtained and used any Natura pet food product **in the state of Florida** (the "Class") since May 9, 2003 through November 7, 2008.

[D.E. 560 at p. 11.] This class definition was limited to activities in Florida and, thus, claims arising under, and governed by, Florida law. Peters has no such activities or Florida law claims.

On August 25, 2008, Natura's counsel took Peters' deposition in Miami, Florida in which Peters indicated that all of her purchases of Natura products were made outside of Florida, and

alleged no other contacts with the state of Florida. [*See* Declaration of Kristen Caverly ("Caverly Declaration"), executed January 29, 2009, at ¶ 2 and at Exhibit A, pp. 55:15-25; 63:12-65:11; 104:1-105:17.] This testimony confirmed her previously filed interrogatory responses, in which she failed to allege any purchases were made in Florida. [*See* Caverly Declaration at Exhibit B, pp. 31 and 37-38.]

On November 4, 2008 Peters filed a declaration in which she again unequivocally admitted that, although she couldn't identify the exact location of her purchases of Natura products, all of her alleged purchases occurred outside of Florida. [D.E. 530-2.]

Because Peters was not included in the proposed class, and did not independently seek class certification of her claims, she does not fall within the Court's CAFA jurisdiction. Accordingly, the Court should dismiss all of Peters' claims for lack of subject matter jurisdiction pursuant to Rule 12(h)(3).

## III.  LEGAL ARGUMENT

In the Complaint, Plaintiffs alleged original subject matter jurisdiction based solely on the diversity jurisdiction provisions provided by CAFA and codified at 28 U.S.C § 1332(d)(2). [See DE 349 at ¶ 57.]. Peters has now abandoned the allegations satisfying CAFA and must be dismissed. Rule 12(h)(3) states, "[if] the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *Clausnitzer v. Federal Express Corp.*, 2008 U.S. Dist. LEXIS 76941, *10 (S.D. Fla. 2008).

### A.  CAFA requires A Class With $5 Million At Issue.

CAFA provides that "[t]he district courts shall have jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, **and is a class action** in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(emphasis added); *see also Clausnitzer*, 2008 U.S. Dist. LEXIS 76941, *3. Thus, this Court gained jurisdiction over all Plaintiffs under CAFA because each Plaintiff alleged he/she represented a class where the

amount in controversy for that class exceeded $5 million. Peters has now abandoned these allegations. The class that Plaintiffs sought to be certified is limited to "[a]ll consumers and purchasers who obtained and used any Natura pet food product **in the state of Florida** (the "Class") since May 9, 2003 through November 7, 2008." [D.E. 560 at p. 11(emphasis added).]

Since, Peters' individual claims do not exceed $75,000 and are pled under state law, no alternative jurisdiction exists. *Jones v. Jeld-Wen Inc.*, 2008 U.S. Dist. LEXIS 85145, *12 (S.D. Fla. 2008); *see generally* 28 U.S.C. § 1332. [*See* Caverly Declaration Exhibit A at pp. 109:12-110:1, 248:3-20, and Exhibit C, pp. 21-23; *see also* D.E. 349 at ¶¶ 126-188.]

### B. Peters Has No Possibility Of Ever Being Certified As Part Of A Class.

In this Court's recent review of jurisdiction under CAFA, Judge Altonaga held that there is no subject matter jurisdiction where there is no foreseeable possibility that plaintiffs will ever be able to obtain class certification. *Clausnitzer*, 2008 U.S. Dist. LEXIS 76941, *12-13; *see also Falcon v. Philips Electronics North America Corp.*, 489 F. Supp. 2d 367, 369 (S.D.N.Y. 2007); *Arabian v. Sony Electronics Inc.*, 2007 U.S. Dist. 67769, *12-16 (S.D. Cal. 2007); *Jones*, 2008 U.S. Dist. LEXIS 85145, *11-12. Peters' failure to timely seek certification of her claims as a class action denies her any foreseeable chance of ever becoming part of a certified class. *See Clausnitzer*, 2008 U.S. Dist. LEXIS 76941, *13 (holding that there was no subject matter jurisdiction where Plaintiffs could no longer amend their complaint to allege a proper class and therefore had no possibility of obtaining class certification.)

### C. There Can Be No Supplemental Jurisdiction Without Original Jurisdiction.

Plaintiffs' Complaint alleges that the Court has supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. [D.E. 349-1 at ¶ 57]. However, 28 U.S.C. § 1367 only allows a court to exercise supplemental jurisdiction over related state law claims "in any civil action of which the district courts have original jurisdiction." *Clausnitzer*, 2008 U.S. Dist. LEXIS 76941 at 13 (*quoting* 28 U.S.C. § 1367).

Although the Court does retain original jurisdiction over Davis' class claim while her motion is pending, Peters' claims are not part of the same case or controversy. Davis' claims are limited to conduct occurring in the state of Florida under Florida law, while Peters' claims are based on conduct occurring outside of Florida under other states' laws. *See Arabian*, 2007 U.S. Dist. 67769, *17-18 (ruling no supplemental jurisdiction over claims of purchaser of one type of Sony laptop where the only possibly certifiable class action claim against Sony was brought by purchasers of a different model of Sony laptop).

    D. **Exercising Supplemental Jurisdiction Contravenes the Intent of CAFA.**

Even if the Court were to determine that Peters' claims fall within the Court's supplemental jurisdiction, the Court should decline to exercise supplemental jurisdiction because exercising jurisdiction runs afoul of CAFA. 28 U.S.C. 1367(c)(4) (allowing district court to decline to exercise supplemental jurisdiction over a claim if "in exceptional circumstances, there are…compelling reasons for declining jurisdiction"); *Arabian*, 2007 U.S. Dist. LEXIS 67769, *19 (refusing to exercise supplemental jurisdiction over individual Plaintiff even if his claims were part of the same case or controversy as a possibly certifiable class of plaintiffs because "[c]ompelling reasons of judicial economy and comity dictate that CAFA should not be used as a hook to allow a single non-diverse, non-class plaintiff prosecute an exclusively state law claim with an amount in controversy of less than $2000.") (citations omitted); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, n.6 (11th Cir. 2006) ("…§2B of CAFA describes its purposes as follows: (1) '[to] assure fair and prompt recoveries for class members with legitimate claims…'") (*quoting* 28 U.S.C. § 1711).

**IV.    CONCLUSION**

As Peters has abandoned her class allegations, Natura respectfully requests that the Court dismiss her claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

McGUIREWOODS LLP


By: s/Jeffrey S. York
    Jeffrey S. York
    Florida Bar No. 0987069
    Michael M. Giel
    Florida Bar No. 0017676
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-2680
    (904) 360-6330 (fax)
    jyork@mcguirewoods.com
    mgiel@mcguirewoods.com

and

HENDERSON, CAVERLY, PUM & CHARNEY LLP
Kristen E. Caverly
*Admitted Pro Hac Vice*
Robert C. Mardian III
*Admitted Pro Hac Vice*
Post Office Box 9144
Rancho Sante Fe, California 92067
(858) 756-6342
(858) 756-4732 (fax)
kcaverly@hcesq.com
rmardian@hcesq.com

ATTORNEYS AND TRIAL COUNSEL FOR DEFENDANT NATURA PET PRODUCTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 29, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated on the attached Service List.

s/Jeffrey S. York
Attorney

**CERTIFICATE OF SERVICE**
**RENEE BLASZKOWSKI, ET AL., VS. MARS, INCORPORATED, ET AL.**
Case No. 1:07-21221-CIV-ALTONAGA/TURNOFF
**SERVICE LIST**

Catherine J. MacIvor, Esquire
Jeffrey Eric Foreman, Esquire
Jeffrey Bradford Maltzman, Esquire
Darren W. Friedman, Esquire
Bjorg Eikeland
**MALTZMAN FOREMAN PA**
One Biscayne Tower
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Telephone: (305) 358-6555
Facsimile: (305) 374-9077
cmacivor@mflegal.com
jforeman@mflegal.com
jmaltzman@mflegal.com
dfriedman@mflegal.com
beikeland@mflegal.com
*Attorneys for Plaintiffs*

Patrick N. Keegan, Esquire
Jason E. Baker, Esquire
Ed Nield, Esquire
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750
Facsimile: (858) 552-6749
pkeegan@keeganbaker.com
jbaker@keeganbaker.com
enield@nieldlaw.com
*Attorneys for Plaintiffs*