UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21221 CIV ALTONAGA/Brown

RENEE BLASZKOWSKI, *et al.,*
individually and on behalf of
others similarly situated,

    Plaintiffs/Class Representatives,
vs.

MARS INC., *et al.*

    Defendants.
_____/

**PLAINTIFF PATRICA DAVIS' MOTION FOR PROTECTIVE ORDER REGARING PRODUCTION OF HER COMPUTER HARD DRIVE TO DEFENDANT NATURA PET FOODS PRODUCTS INC.**

**I.    Introduction**

As discussed below, the Court has recently issued an Order requiring the production of a copy of the hard drive from the personal computer of Plaintiff Patricia Davis, after denying her Motion for Reconsideration of that Order, which sought relief from a calendaring error caused Plaintiffs to miss the filing date for the Oppositions to those Motions causing them to be ruled upon unopposed. In denying that motion the Court indicated that it was with without prejudice "to be reconsidered in the event the discovery deadline is extended by the District Court Judge".

At the same time plaintiff Davis files this motion for a Protective Order, she will also be filing a Motion requesting the that the District Court Judge extend the deadline for discovery to allow time to reconsider the Motion and complete discovery thereafter. Should that motion be granted this Motion for a Protective Order may become moot.

1

However, it is being filed to assure proper protections are in place should the request to extend the deadline is denied.

II.     **Factual Background**

In October of 2008, Defendant Natura Pet Food Products Inc. (Natura) served multiple sets of written discovery on several Plaintiffs in this matter including its First Set of Requests for Production of Documents upon Plaintiff Patricia Davis.  Timely responses to these Requests were thereafter served the Defendant.

Subsequently, the Defendant indicated it was not satisfied with many of the responses provided by the Plaintiffs, including Responses to the Production Requests provided by Ms. Davis, and requested further responses.  After meet confer efforts between the parties failed to resolve the issues raised by the Defendant, Natura moved forward with filing of a Motion to Compel further responses to those requests.  The motion relating to the Document Production Requests to Ms. Davis was filed on January 13, 2009.

Unfortunately, Ms. Davis' legal representative made an error calendaring the correct due date to file an Opposition to the Defendants motion. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶4).  This error was not discovered until her counsel began to receive the Magistrate Judge's Orders relating to the Defendant's various Motions to Compel prior to the mistakenly calendared due date for Oppositions. ( See Declaration of Edgar R. Nield filed in support of this Motion at ¶5 and ¶6 ).  As soon as the error was discovered, Plaintiff's counsel immediately filed a Motion for Reconsideration of the Courts Orders Compelling further responses, including Defendant's Motion to Compel further responses to Production Requests to Plaintiff

Davis. That Motion included as exhibits Plaintiff Oppositions to the Defendants multiple Motions to Compel, again including an Opposition to Defendant's Motion to Compel production requests to Plaintiff Davis. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 6).

In the Motion Plaintiffs' counsel sought, pursuant to Fed. R. Civ. P 60, relief from the calendaring error which had caused the Defendants motions to be ruled upon unopposed. Counsel also requested that the Court vacate its Orders compelling further responses to the written discovery at issue, including the Defendant's Production Request to Plaintiff Davis, allow the filing of Plaintiffs' Oppositions and to hear Defendant's Motions on their merits, taking into consideration the Oppositions.

Of primary concern was the request that Ms. Davis produce "all computers you used to prepare your June 2008 responses to interrogatories propounded by defendant Mars, Inc." While the request did not indicate why these computers were being sought, or what the Defendant was looking for, it was presumed that the Defendant was seeking to obtain emails between Plaintiff Davis and her counsel concerning those responses. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 7).

The request caused a great deal of concern because it raised the specter of Plaintiff Davis possibly having to produce her personal computer which contained virtually all of her and her family" personal, private and confidential files including but not limited to information concerning her personal communications with family, friends and business associates, her personal health and financial and records, personal photos, letters, files concerning her exploration of various websites of interest and many other personal and private records and files to numerous to list here. As the computer is also

used by her family members, their personal, private and confidential records records were also contained on the computer, raising the possibly that their personal and private information could also be compromised, even though they were not parties to this lawsuit. Still further the computer also contained confidential communications with her attorneys which she wanted to remain protected. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 6).

Unfortunately, the Court denied the Motion for Reconsideration and among other things, ordered that a copy of Ms. Davis's computer hard drive be produced to the Defendant without limitation or restriction. In its Order directing the production, the Court also indicated that the "ruling is without prejudice to be reconsidered in the event the discovery deadline is extended by the District Court Judge." (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 8).

Because of the extremely sensitive, personal and confidential nature of the information contained on Plaintiff Davis' computer hard drive, and because of the prohibitions and restrictions the Courts have placed on the production of such information and equipment and further because of the serious issues relating to the application of the attorney-client privilege and work product doctrines as they relate to the protected communications on her computer, Plaintiff Davis is filing this Motion for a Protective Order. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 9). Contemporaneously, she is also filing a Motion requesting that the District Court Judge extend the discovery deadline to allow reconsideration of Plaintiff's prior Motion for Reconsideration and the Defendant's prior Motion to Compel production of the her

computer on merits. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 10).

If that motion is successful, this request for a Protective Order may not be necessary. If not, Plaintiff Davis requesting pursuant to this Motion that the Court set certain restrictions and limitations on the production of her computer hard drive and the review of the information contained therein pursuant to Fed. R. Civ. P 26(c)(1).

## II. Request for Protective Order

First, Plaintiff Davis would request that the Defendant be required to specifically indentify what information it is seeking on the computer hard drive and for what purpose. This information should not include any documentation relating to communications between Ms. Davis and her attorneys, but to the extent practical, a privilege log will be produced relating to this information.

Second, Plaintiff Davis would request that the hard drive not be produced to directly to the Defendant but instead to an independent party, to be selected by the Court and/or the parties, to conduct the inspection of the hard drive for the specific documentation that the defendant identifies it is seeking, again not to include attorney-client privileged communications.

Third, she requests that the Court review any potentially responsive information, if any, in camera, to determine whether it relevant to any of the issues in the case, based upon a good cause showing as to the relevancy of the information being sought, offered by the Defendant.

Finally, she would request that any information released be deemed subject to either the Protective Order filed earlier in this case or a special order specifically directed

to information obtained form Plaintiff Davis' computer, if any, as the Court may deem appropriate. Any Order should include provisions to the effect that any information released pursuant to the above is to be used in this case only, that it be maintained as confidential and "Attorneys Eyes Only", and that the entity selected to review the hard drive be required to agree to and execute the Protective Order before undertaking their review.

### III. Legal Argument

#### A. Protective Order

This request for a Protective Order as outlined above is being made pursuant to the provisions of Fed. R. Civ. P 26(b)(2) and Fed. R. Civ. P 26(b)(2)(B). The latter authorizes the Court to issue Orders:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

among other things. Fed. R. Civ. P 26(b)(2)(B) the court may specify the conditions for the discovery electronically stored information.

#### B. Restrictions on the Production of Computer Information

Fed. R. Civ. P 26(b)(2) provides "The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it

determines that: ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." As noted above . R. Civ. P 26(b)(2) and Fed. R. Civ. P 26(b)(2)(B) provide the court the ability to restrict the nature, extent and method of e-discovery where circumstances warrant.

Courts have been reluctant to compel "e-discovery" on the grounds that the discovery invades confidential information, is too burdensome, or not reasonably calculated to lead to the discovery of admissible or relevant evidence. In <u>Eugene J. Strasser, M.D., P.A. v. Bose Yalamanchi, M.D., P.A.</u> 669 So.2d 1142, 1145 (Fla.App. 4 Dist.,1996), the Court held that the trial court erred in granting plaintiff unlimited access to petitioner's computer system because the request was overbroad and doing so could involved disclosure of personal and confidential information. The Court cautioned that:

> "the harm here is irreparable because once confidential information is disclosed, it cannot be 'taken back,' and once the wholesale invasion into the defendant's computer system has occurred, the damage to the system may be irreversible. During an inspection as presently ordered, plaintiff would have unrestricted access to defendant's entire computer system with all of the patients' confidential records, and all of the records of defendant's entire business, including those not involved in the instant action." <u>Id.</u>(Citations Omitted)

That Court went on to determine that an order compelling computer information must "define parameters of time and scope, and must place sufficient access restrictions to prevent compromising patient confidentiality and to prevent harm to defendant's computer and data bases." <u>Id.</u>

In the case of Fennel v. First Step Designs, Ltd. 83 F.3d 526 (C.A.1 1996), an employee sued her employer alleging that she was fired because she had brought a sexual harassment claim. Defendant employer sought to prove that his decision to fire plaintiff preceded her complaint, and brought forth memorandum dated before the sexual harassment claim which stated his desire to fire the employee. Plaintiff's computer expert maintained that the memorandum was auto dated and based thereon made a motion to compel the discovery of defendant's hard drive to prove that the memorandum had been fabricated.

The Court denied plaintiff's request despite the importance of the information sought because of the substantial risks and costs of such discovery. Id. at 533. It noted that when determining whether the risks and costs outweighed the potential benefit of such discovery, the court looked to "the confidentiality of information on the hard drive that was proprietary or subject to attorney-client privilege or work-product privilege" as well as increased legal and expert fees involved in the discovery dispute and process. Id. The Court also found that discovery of the hard drive would lead to a "fishing expedition" given that the plaintiff had not shown a particularized likelihood of discovering relevant information. Id. The Court noted that to meet this standard, a party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist." Id. No such facts were presented or argued in either the Defendants Document Production Request #2, at issue here or in there Motion to Compel. (See Declaration of Edgar R. Nield filed in support of this Motion at ¶ 7).

To require the production of Ms. Davis' personal computer, without the restrictions and limitations of the requested protective order would be to allow a severe and irreversible "wholesale invasion" of the privacy of her and family's privacy, without even an attempt to provide adequate justification. This is synonymous to the situation in <u>Strasser</u> case, where the Court denied the production of a computer hard drive because doing so would provide the requesting party with a large amount of private and personal information unrelated to the action at issue. Correspondingly, allowing unlimited access to the Plaintiff's personal computer hard drive, without at least the requested limitations and restrictions of the requested Protective Order must not be allowed.

### C. Attorney Client Privilege Considerations

Under the Florida Lawyer-Client Privilege, F.S.A. § 90.502, "A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." See F.S.A. § 90.502(2). The privilege may be claimed by the client themselves or the client's lawyer, but only on behalf of the client. See § 90.502(3).

Both Federal and Florida courts have applied this standard and have held that the attorney-client privilege belongs to the client may not be waived without his client's consent. (See In re von Bulow, 828 F.2d 94, 101 C.A.2 (N.Y. 1987), Cox v. Administrator U.S. Steel & Carnegie 17 F.3d 1386, 1417 C.A.11 (Ala. 1994) and In Benge v. Superior Court, 131 Cal.App.3d 336, 345 (1982). Furthermore, as the Courts in both <u>Fennel</u> and <u>Strasser</u> indicated, the disclosure of potentially confidential and

privileged information must also be considered when weighting the propriety of specific discovery.

Finally, although Defendant has made no effort to do so, the prohibitions of the attorney-client privilege without the holders consent, cannot be overcome without proving the some exception to the privilege exists. Exceptions to the federal attorney-client privilege include 1) the joint-client exception, 2) the crime-fraud exception, 3) exception for clients claiming through a deceased client, 4) a fiduciary exception, 5) a breach of duty exception and a 6) self defense exception. Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8H-B. Again, none of these exceptions have been show to exist, or have even been asserted by the Defendant.

Beyond a copy of the saved interrogatory responses at issue, all of the other information on Ms. Davis' computer relating to her preparation of those responses, if that indeed is what the Defendant is seeking, are communications between Ms. Davis and her attorneys, which are protected by the attorney-client privilege and/or the attorney work product doctrine. (See Declaration of Ms. Davis at ¶ 3). Consequently, the application of the attorney-client privilege and attorney work-product doctrine, in addition to the confidentiality issues, require that Defendant's access to Ms. Davis' computer be limited and restricted pursuant to a Protective Order as requested above.

**VI. Conclusion**

As indicated above, Plaintiff Davis has also filed a Motion in this matter requesting that the District Court Judge extend the deadline for discovery to allow the Defendants Motion to Compel Production of her personal computer, and her Opposition thereto, rather than as unopposed because of calendaring error by her counsel. If that motion is

granted, the need for the Protective Order requested above may become moot. However, should that motion be denied, Plaintiff respectfully requests, based upon the foregoing, that the Court Order any inspection of the computer, as required by its previous Order, be undertaken and limited pursuant to the terms of the Protective Order requested above.

## LOCAL RULE 7.1(A)(3) CERTIFICAITION

Pursuant to Rule 7.1(A)(3) of the Local Rules of the United States District Court for the Southern Distinct of Florida, counsel Plaintiff Patricia Davis, Edgar R. Nield, on January 29, 2009, conferred in good faith with counsel for Defendant via email. On behalf of Plaintiff Davis we discussed the issues surrounding the defendants request for the production of Ms. Davis' computer. We were unable to resolve the issues surrounding that request.

Dated: January 28, 2009              Respectfully submitted,

                                     s/ Edgar R. Nield

                                     (Ca. State Bar # 135018)
                                     E-mail: enield@nieldlaw.com
                                     Law Offices of Edgar R. Nield
                                     Carlsbad Gateway Center
                                     5650 El Camino Real
                                     Carlsbad, California, 92008
                                     Telephone: (760) 929-9880
                                     Facsimile: (760) 929-9260
                                     Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on February 2, 2009. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

                                                                    s/ Edgar R. Nield
                                                                        Edgar R. Nield

# SERVICE LIST

## CASE NO. 07-21221 ALTONAGA/Brown

**CATHERINE J. MACIVOR**
cmacivor@mflegal.com
**JEFFREY B. MALTZMAN**
jmaltzman@mflegal.com
**JEFFREY E. FOREMAN**
jforeman@mflegal.com
**DARREN W. FRIEDMAN**
dfriedman@mflegal.com
**MALTZMAN FOREMAN, PA**
One Biscayne Tower
2 South Biscayne Boulevard -Suite 2300
Miami, Florida 33131
Tel: 305-358-6555 / Fax: 305-374-9077

*Attorneys for Plaintiffs*

**EDGAR R. NIELD**
enield@nieldlaw.com
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:	858-552-6745
Facsimile:	858-552-6749

*Attorney for Plaintiffs*

**LONNIE L. SIMPSON**
E-Mail: Lonnie.Simpson@dlapiper.com
**S. DOUGLAS KNOX**
E-Mail: Douglas.knox@dlapiper.com
**DLA PIPER US LLP**
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602-5809
Telephone: (813) 229-2111
Facsimile:  (813) 229-1447

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**PATRICK N. KEEGAN**
pkeegan@keeganbaker.com
**JASON E BAKER**
jbaker@keeganbaker.com
**KEEGAN & BAKER, LLP**
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
Telephone:	858-552-6750
Facsimile:	858-552-6749

*Attorneys for Plaintiffs*

**ALEXANDER SHAKNES**
E-Mail: Alex.Shaknes@dlapiper.com
**AMY W. SCHULMAN**
E-Mail: Amy.schulman@dlapiper.com
**DLA PIPER US LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4829

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**WILLIAM C. MARTIN**
E-Mail: william.martin@dlapiper.com
**DLA PIPER RUDNICK GRAY CARY US LLP**
203 North LaSalle Street
Suite 1900
Chicago, Illinois 60601-1293

*Attorneys for Defendants Menu Foods, Inc.
and Menu Foods Income Fund*

**JEFFREY S. YORK**
E-Mail: jyork@mcguirewoods.com
**MICHAEL GIEL**
E-Mail: mgiel@mcguirewoods.com
**McGUIRE WOODS LLP**
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-2680
Facsimile: (904) 360-6330

*Attorneys for Defendant Natura Pet Products, Inc.*

**OMAR ORTEGA**
Email: ortegalaw@bellsouth.net
**DORTA & ORTEGA, P.A.**
Douglas Entrance
800 S. Douglas Road, Suite 149
Coral Gables, Florida 33134
Telephone: (305) 461-5454
Facsimile:  (305) 461-5226

*Attorneys for Defendant Mars, Inc.
and Mars Petcare U.S. and Nutro Products, Inc.*

**BENJAMIN REID**
E-Mail: bried@carltonfields.com
**ANA CRAIG**
E-Mail: acraig@carltonfields.com
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4000
Miami, Florida 33131-0050
Telephone: (305)530-0050
Facsimile: (305) 530-0050

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

**KRISTEN E. CAVERLY**
E-Mail: kcaverly@hcesq.com
**ROBERT C. MARDIAN III**
rmardian@hcesq.com
**HENDERSON CAVERLY PUM & CHARNEY LLP**
16236 San Dieguito Road, Suite 4-13
P.O. Box 9144 (all US Mail)
Rancho Santa Fe, CA 92067-9144
Telephone:  858-756-6342 x)101
Facsimile:   858-756-4732

*Attorneys for Natura Pet Products, Inc.*

**ALAN G. GREER**
agreer@richmangreer.com
**RICHMAN GREER WEIL BRUMBAUGH MIRABITO & CHRISTENSEN**
201 South Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile:  (305) 373-4099

*Attorneys for Defendants The Iams Co.*

**JOHN J. KUSTER**
jkuster@sidley.com
**JAMES D. ARDEN**
jarden@sidley.com
**SIDLEY AUSTIN LLP**
787 Seventh Avenue
New York, New York 10019-6018
Telephone: (212) 839-5300

*Attorneys for Defendants Hill's Pet Nutrition, Inc.*

| | |
|---|---|
| **KARA L. McCALL**<br>kmccall@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One S. Dearborn Street<br>Chicago, ILL 60633<br>Telephone: (312) 853-2666<br><br>*Attorneys for Defendants Hill's Pet Nutrition, Inc.* | **RICHARD FAMA**<br>E-Mail: rfama@cozen.com<br>**JOHN J. McDONOUGH**<br>E-Mail: jmcdonough@cozen.com<br>**COZEN O'CONNOR**<br>45 Broadway<br>New York, New York 10006<br>Telephone: (212) 509-9400<br>Facsimile: (212) 509-9492<br><br>*Attorneys for Defendant Del Monte Foods* |
| **SHERRIL M. COLOMBO**<br>E-Mail: scolombo@cozen.com<br>**COZEN O'CONNOR**<br>200 South Biscayne Boulevard<br>Suite 4410<br>Miami, Florida 33131<br>Telephone: (305) 704-5945<br>Facsimile: (305) 704-5955<br><br>*Attorneys for Defendant Del Monte Foods Co.* | **CAROL A. LICKO**<br>E-Mail: calicko@hhlaw.com<br>**HOGAN & HARTSON**<br>Mellon Financial Center<br>1111 Brickell Avenue, Suite 1900<br>Miami, Florida 33131<br>Telephone (305) 459-6500<br>Facsimile (305) 459-6550<br><br>*Attorneys for Defendants Nestle Purina Petcare Co.* |
| **JOHN F. MULLEN**<br>E-Mail: jmullen@cozen.com<br>**COZEN O'CONNOR**<br>1900 Market Street<br>Philadelphia, PA 19103<br>Telephone: (215) 665-2179<br>Facsimile: (215) 665-2013<br><br>*Attorneys for Defendant Del Monte Foods, Co.* | **CRAIG A. HOOVER**<br>E-Mail: cahoover@hhlaw.com<br>**MIRANDA L. BERGE**<br>E-Mail: mlberge@hhlaw.com<br>**HOGAN & HARTSON L.L.P.**<br>555 13th Street, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br><br>*Attorneys for Defendants Nestle Purina Petcare Co.* |

**ROBERT C. TROYER**
E-Mail: rctroyer@hhlaw.com
**HOGAN & HARTSON**
1200 17th Street
One Tabor Center, Suite 1500
Denver, Colorado 80202
Telephone: (303) 899-7300
Facsimile:  (303) 899-7333

*Attorneys for Defendants Nestle Purina Petcare Co.*

**JAMES K. REUSS**
E-Mail: jreuss@lanealton.com
**LANE ALTON & HORST**
Two Miranova Place
Suite 500
Columbus, Ohio 43215
Telephone: (614) 233-4719

*Attorneys for Defendant The Kroger Co. of Ohio*

**W. RANDOLPH TESLIK**
E-Mail: rteslik@akingump.com
**ANDREW J. DOBER**
E-Mail: adober@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1333 New Hampshire Avenue, NW
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile:  (202) 887-4288

*Attorneys for Defendants New Albertson's Inc. and Albertson's LLC*

**D. JEFFREY IRELAND**
E-Mail: djireland@ficlaw.com
**BRIAN D. WRIGHT**
E-Mail: bwright@ficlaw.com
**LAURA A. SANOM**
E-Mail: lsanom@ficlaw.com
**FARUKI IRELAND & COX**
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402

*Attorneys for Defendant The Iams Co.*

**CRAIG P. KALIL**
E-Mail: ckalil@aballi.com
**JOSHUA D. POYER**
E-Mail: jpoyer@abailli.com
**ABALLI MILNE KALIL & ESCAGEDO**
2250 Sun Trust International Center
One S.E. Third Avenue
Miami, Florida 33131
Telephone:  (303) 373-6600
Facsimile:   (305) 373-7929

*Attorneys for New Albertson's Inc. and Albertson's LLC*

**ROLANDO ANDRES DIAZ**
E-Mail: rd@kubickdraper.com
**PETER S. BAUMBERGER**
E-Mail: psb@kubickidraper.com
**KUBICKI DRAPER**
25 W. Flagler Street, Penthouse
Miami, Florida 33130-1712
Telephone: (305) 982-6708
Facsimile:  (305) 374-7846

*Attorneys for Defendant Pet Supermarket, Inc.*

**RALPH G. PATINO**
E-Mail: rpatino@patinolaw.com
**DOMINICK V. TAMARAZZO**
E-Mail: dtamarazzo@patinolaw.com
**CARLOS B. SALUP**
E-Mail: csalup@patinolaw.com
**PATINO & ASSOCIATES, P.A.**
225 Alcazar Avenue
Coral Gables, Florida 33134
Telephone: (305) 443-6163
Facsimile: (305) 443-5635

*Attorneys for Defendants Pet Supplies "Plus" and Pet Supplies Plus/USA, Inc.*

**HUGH J. TURNER, JR.**
E-Mail: hugh.turner@akerman.com
**AKERMAN SENTERFITT & EDISON**
350 E. Las Olas Boulevard
Suite 1600
Fort Lauderdale, Florida 33301-2229
Telephone: (954)463-2700
Facsimile: (954)463-2224

*Attorneys for Defendant Publix Super Markets, Inc.*

**C. RICHARD FULMER, JR.**
E-Mail: rfulmer@Fulmer.LeRoy.com
**FULMER, LEROY, ALBEE, BAUMANN, & GLASS**
2866 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: (954) 707-4430
Facsimile: (954) 707-4431

*Attorneys for Defendant The Kroger Co. of Ohio*