# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 07-21221-CIV-ALTONAGA/Brown

**RENEE BLASZKOWSKI**, *et al*.,

      Plaintiffs,

vs.

**NATURA PET PRODUCTS, INC.**,

      Defendant.

_____/

## **ORDER**

      **THIS CAUSE** is before the Court on Plaintiffs' Motion to Extend the Discovery Deadline to Allow for Reconsideration of Motion for Reconsideration of Court Orders Regarding Defendant's Motions to Compel Further Discovery Responses ("Motion to Extend") [D.E. 615]; and Plaintiff, Patricia Davis' Motion for Protective Order Regarding Production of Her Computer Hard Drive to Defendant Natura Pet Food Products, Inc. ("Motion for Protective Order") [D.E. 616], both filed on February 2, 2009. The Court has carefully reviewed the Motions and the file.

      On April 25, 2008, the Court entered the Amended Scheduling Order [D.E. 355]. That Order stated in bold text:

> **Discovery motions (which must contain the Local Rule 7.1 A.3 certification) shall be handled on an expedited briefing schedule to prevent delay to the pre-trial schedule. Therefore, the parties shall respond to motions to compel and motions for protective order no later than the fifth business day after a motion is filed. Any reply memoranda shall be filed no later than the third business day after memoranda in opposition to any discovery motion are filed.**

*Id.* at 3 (emphasis in original). Plaintiffs received the Scheduling Order, and indeed, complied with the expedited briefing schedule on at least one other occasion. (*See July 28, 2008 Plaintiffs'*

*Response in Opposition to Motion to Compel* [D.E. 436], filed in opposition to *July 21, 2008 Motion to Compel* [D.E. 426]).

Defendant, Natura Pet Products, Inc., filed four separate discovery motions[1] [D.E. 584- 587] on January 13, 2009. Plaintiffs failed to timely respond in accordance with the expedited schedule contained in the Scheduling Order. Consequently, Magistrate Judge Brown granted the discovery motions by default [D.E. 604, 605].

Plaintiffs thereupon filed a Motion for Reconsideration [D.E. 610] of Judge Brown's Orders, stating the "discovery motions had been expedited by an earlier April 25, 2008 Scheduling Order issued by Judge Altonaga, of which this office was unaware." (*Id.* at 2). The Motion for Reconsideration also explained that Defendant's objections "have been acceded to by the Plaintiffs with the exception of the request that Plaintiff Davis produce her personal computer for inspection by the Defendant[]." (*Id.* at 4). Judge Brown denied the Motion for Reconsideration, in part explaining that fact discovery is to be completed by February 9, and to allow untimely briefing on the discovery motions will result in discovery taking place long after the discovery cut-off.

Plaintiffs bring the present Motions, seeking first an extension of the discovery cut-off, and alternatively a protective order, allowing Plaintiff Davis to produce her hard drive to a third party

---

[1] Natura engages in duplicative motion practice, which adds work for the Court and the parties. For example, the four discovery motions could have been filed as one, two motions to strike [D.E. 607, 608] could have been filed as one, and the two most recent and pending motions to dismiss [D.E. 600, 612] could have been filed as one document. Natura is admonished to curtail this unnecessary and duplicative motion practice, whereby it merely re-files the same memorandum of law as to separate, but related claims it advances, or addresses related issues in multiple documents. Redundant motions filed in the future will be denied without prejudice and Natura directed to file them as a consolidated motion.

in order to protect against the disclosure of attorney-client privileged communications.[2] First, the undersigned admonishes Plaintiffs for advancing a position that "this office" was unaware of the April 25, 2008 Scheduling Order, as "that office" received it and presumably read it, including the language highlighted in bold.[3] Next, good cause has not been shown to extend the discovery cut-off date, and therefore, the Motion to Extend **[D.E. 615]** is **DENIED**. Lastly, and without allowing Defendant a further opportunity to address the issues raised in the Motion for Protective Order, as Defendant sufficiently briefed the matter in the discovery motions filed, the Motion for Protective Order **[D.E. 616]** is **GRANTED** in part. Plaintiff Davis is not required to produce any documents or information protected by the attorney-client privilege, and Natura cannot reasonably be requesting that. The parties are to amicably resolve how the production is to take place so that privileged communications are not disclosed. Should the parties fail to do so, they will be directed to a special master who will resolve the impasse.

      **DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of February, 2009.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[2] It is unclear why Plaintiffs could not have filed both requests in one motion. Plaintiffs are similarly directed to refrain from filing separate motions when what they seek may be addressed in one document.

[3] A more accurate statement would perhaps have been that the office forgot the expedited briefing schedule provided for discovery motions in this case.