**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 07-21221-CIV-ALTONAGA/Brown**

**RENEE BLASZKOWSKI**, *et al*.,

      Plaintiffs,

vs.

**NATURA PET PRODUCTS, INC.,**

      Defendant.

_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** came before the Court upon Plaintiffs' Renewed Motion and/or Motion for

Reconsideration of Plaintiffs' Motion to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class

Representative ("Motion for Reconsideration") [D.E. 555], filed on November 17, 2008.  The Court

has carefully considered the Motion for Reconsideration, the record, and applicable law.

**I.  BACKGROUND**

On October 8, 2008, the undersigned entered an Order [D.E. 505] denying Plaintiffs' Motion

to Add and/or Substitute Arna Cortazzo as a Plaintiff/Class Representative ("Cortazzo Motion")

[D.E. 457].  Plaintiffs sought to either add or substitute Arna Cortazzo ("Cortazzo") in the place and

stead of Plaintiff Patricia Davis ("Davis"), seven months after the deadline to join parties had

passed.[1]  The Court denied the Cortazzo Motion, finding"Plaintiffs have hardly shown 'good cause'

---

[1]  A July 6, 2007 Scheduling Order [D.E. 130] set the deadline to join parties as November 16, 2007.
This date was subsequently changed to January 16, 2008 [D.E. 257], at the request of Plaintiffs [D.E. 255].

to justify modifying the Court's Scheduling Order by adding Cortazzo as a party at this late stage."[2] (*Oct. 8, 2008 Order* [D.E. 505] at 10).

On November 17, 2008, Davis filed a Motion for Class Certification[3] [D.E. 556], seeking to certify a putative class of consumers who purchased or used Natura Pet Products, Inc.'s ("Natura['s]") products. Plaintiffs contemporaneously moved for reconsideration of the Court's decision to deny the Cortazzo Motion. As Plaintiffs surmised would occur, and in opposition to Davis' Motion for Class Certification, Natura, among other things, challenged the sufficiency of Davis as class representative. (*See Opp'n to Mot. by Pl. Davis for Class Certification* [D.E. 579] at 2-6). Plaintiffs explain, "now that Natura has questioned the sufficiency of Ms. Davis as a Class Representative, a manifest injustice would result if class certification were to be denied when a sufficient class representative exists." (*Reply in Supp. of Mot. for Recons.* [D.E. 598] at 1).

## II. ANALYSIS

### A. Motion for Reconsideration

The function of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quotation marks and citation omitted). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the

---

[2] Originally, Plaintiffs sought to add Cortazzo as a party because the two Florida plaintiffs in the case, Davis and Raul Isern, had allegedly not used pet food products manufactured by Defendant, Natura Pet Products, Inc., and thus, the addition of Cortazzo was necessary for the Court to retain jurisdiction. (*See Cortazzo Mot.* [D.E. 457] at 2). Later, Davis filed a Declaration asserting she had used Natura pet food products, rendering the Cortazzo Motion moot. (*See Davis Decl.* [D.E. 472-2] ¶¶ 4-6).

[3] A Corrected Motion for Class Certification [D.E. 560] was filed on November 18, 2008 to correct scrivener's errors.

availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002) (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999)).  It is well-established that arguments that were or should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.  *Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).  "Instead, a motion for reconsideration is appropriate where the 'Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . .'" *Ass'n for Disabled Americans*, 211 F.R.D. at 477 (quoting *Z.K. Marine, Inc.*, 808 F. Supp. at 1563).  The reconsideration decision is "'committed to the sound discretion of the district judge'" and a motion for reconsideration will be granted only in extraordinary circumstances. *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985)).

**B.      Addition or Substitution of Plaintiff When Class Certification is Opposed**

Plaintiffs' Motion for Reconsideration consists of a review of the arguments Plaintiffs presented in the first instance – arguments which are not appropriate grounds for a reconsideration request.  The only new basis for reconsideration, and the only one which merits discussion, is Plaintiffs' assertion that a manifest injustice will result if class certification is denied without

allowing Cortazzo the opportunity to cure the alleged deficiencies of Davis first.[4]

"The Eleventh Circuit has recognized intervention as a means for plaintiffs to attempt to cure the alleged deficiencies of the representatives when class certification is opposed." *Fla. Pediatric Soc'y v. Benson*, No. 05-23037-CIV, 2008 WL 4072605, at *1 (S.D. Fla. Aug. 28, 2008) (citing *Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003)). In *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985), for example, the district court did not certify the class, in part because it considered the named plaintiff an inadequate representative. At the time the trial court denied certification, two pending motions to intervene by potentially adequate class representatives were pending, and were later denied as moot. *Id.* at 781. The Eleventh Circuit reversed, concluding a court should allow the would-be plaintiffs to intervene or make "a specific finding that the would-be intervenors would be inadequate representatives as well," prior to denying a motion for class certification. *Id.*

Similarly, in *Birmingham Steel Corp.*, the district court decertified a class because the named plaintiff became an inadequate representative. 353 F.3d at 1334. The Eleventh Circuit reversed and remanded, finding the district court abused its discretion by not allowing class counsel reasonable time to determine whether a new class representative could be substituted, and by decertifying the class without first giving potential class members an opportunity to intervene. *Id.* at 1342.

In *Birmingham* and *Cotterall*, the Eleventh Circuit recognized intervention and substitution

---

[4] Natura opposes Plaintiffs' Motion for Reconsideration, in part by arguing that Cortazzo is not an adequate class representative. Whether this case can and should be certified as a class action is a question the Court does not consider in this Order. The Motion for Reconsideration presents a preliminary question the Court must resolve before addressing the merits of class certification.

as means for plaintiffs, when class certification is opposed because their proposed class representatives are under attack, to attempt to cure the alleged deficiencies of their representatives, and thereby secure the opportunity to proceed as a class action. The Court is persuaded this is such a case, and that Plaintiffs should be allowed to amend the Fourth Amended Complaint [D.E. 349] to add and/or substitute Cortazzo as a party.[5] Indeed, such a result is necessary "to protect absent class members."[6] *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (*In re Merrill Lynch & Co. Research Reports Sec. Litig.*), 375 B.R. 719, 729 (S.D.N.Y. 2007) (finding courts should respond to the pre-certification mooting of a class representative's claims by permitting substitution of a new class representative).

## C.    Good Cause Under Rule 16(b)

Natura also argues Cortazzo should not be added as a party because Plaintiffs have not met their burden, under Rule 16(b), Federal Rule of Civil Procedure, to show that good cause justifies modifying the Scheduling Order. Specifically, Natura contends, "No facts or substantive law have changed since the Court's October 8, 2008 Order. If good cause did not exist in October, it certainly does not exist now, even later in the litigation and while the motion for class certification is pending." (*Resp. in Opp'n* [D.E. 577] at 3).

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only

---

[5] In reaching this conclusion, the Court offers no opinion as to whether Cortazzo or Davis is a proper class representative.

[6] Although mootness is not presently at issue, the principle behind the mootness exception remains equally applicable – it would be judicially inefficient to dismiss a class action case in its entirety because the named class representative lacked the standing necessary to represent a proposed class. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 399 (1975); *Franks v. Bowman Transp. Co., Inc.*, 424 U.S. 747, 754 (1976); *Noletto v. NationsBanc Mortgage Corp.* (*In re Noletto*), 281 B.R. 36, 39-40 (Bankr. S.D. Ala. 2000).

for good cause and with the judge's consent." Under Rule 16(b), the good cause inquiry turns on whether the party seeking modification of the pretrial schedule was diligent in attempting to meet the pretrial scheduling order deadlines. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'") (citing Fed. R. Civ. P. 16 advisory committee note); *see also Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005).

Here, Plaintiffs maintain they could not have met the Court's deadline despite their due diligence because "the Multi-District Case settlement caused a settlement and dismissal of several of the Plaintiffs' claims against all Defendants (except Natura) *after* the January 2008 deadline had occurred," and "the Multi-District Case settlement was announced contemporaneously with Cortazzo's initial contact with Plaintiffs' counsel."[7] (*Mot. for Recons.* at 6) (emphasis in original). In addition, Plaintiffs filed the Motion for Reconsideration in an effort to reinforce and supplement class representation in anticipation of one of Defendants' challenges to class certification.[8]

The Court is persuaded Plaintiffs have shown sufficient good cause to justify amending the Scheduling Order to add and/or substitute Cortazzo as a party. Cortazzo does not add any new claims or legal theories to the case, and Plaintiffs were diligent in filing the Motion for Reconsideration when it became apparent Natura would challenge class representation. *See Fla.*

---

[7] Plaintiffs do not explain whether the settlement in the Multi-District Case dismissed Plaintiffs who otherwise would have been proper class representatives in this action.

[8] The Motion for Reconsideration was filed before Natura challenged Davis' sufficiency as class representative. Since then, however, Natura has opposed class certification and challenged Davis' sufficiency.

*Pediatric Soc'y*, 2008 WL 4072605, at *1. Admittedly, the previous Order questioned whether "Cortazzo [was] necessary to this action given Davis' claims." (*Oct. 8, 2008 Order* at 10). Since then, however, Natura has challenged Davis' sufficiency as class representative. In light of Eleventh Circuit precedent that allows for substitution or intervention when class certification is opposed, and because the Motion for Reconsideration was timely filed, good cause exists under Rule 16 to modify the pretrial schedule.

**D.      Venue and Forum Selection Clause**s

Natura also contends Cortazzo cannot bring suit against Natura because she is contractually obligated to file suit against Natura exclusively in the Federal District Court for the Northern District of California. Natura argues Cortazzo's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes §§ 501.201-213, claim is based upon an alleged misrepresentation to which she was exposed on Natura's website. (*See Caverly Decl.* [D.E. 579-3], Ex. E at 28:16-19). The following forum selection clause appeared on Natura's website in 2003 and 2004, when Cortazzo saw the alleged misrepresentation:

> **Governing Law & Jurisdiction**
> This Site (excluding linked sites) is controlled by Natura from its offices within the state of California, United States of America. By accessing this Site, you and Natura agree that all matters relating to your access to, or use of, this Site shall be governed by the statutes and laws of the State of California, without regard to the conflicts of laws principles thereof. You and Natura also agree and hereby submit to the exclusive personal jurisdiction and venue of the Superior Court of Santa Clara County and the United States District Court for the Northern District of California with respect to such matters.

(*Atkins Decl.* [D.E. 577-3], Ex. A). As Natura sees it, "[t]o allow Cortazzo to be added as a plaintiff in this action would prejudice Natura's contractual rights under its terms of use agreement." (*Resp.*

*in Opp'n* at 11). Natura thus argues Cortazzo should not be added as a party. Alternatively, Natura requests leave to file a Rule 12(b)(3) motion to dismiss for improper venue.

While Natura is correct that forum selection clauses are "'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances,'" *Son v. Kerzner Int'l Resorts, Inc.*, No. 07-61171-CIV, 2008 WL 4186979, at *3 (S.D. Fla. Sept. 5, 2008) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)), Cortazzo's claims do not arise solely out of or relate to Natura's website. Cortazzo asserts her claims also arise out of advertising she witnessed at a pet store. (*See Cortazzo Decl.* [D.E. 597-2] at ¶ 3). This argument is thus unavailing.

## E.    Relation Back Under Rule 15(c)

Having allowed Cortazzo to join, the Court must now determine whether Cortazzo's claims against Natura, including her class claims, should relate back to the filing date of the original action or whether they should be considered, for statute of limitations purposes, from the date she is added as a party. Natura argues Cortazzo's claims, even in a class action context, are not the same as Davis' claims for statute of limitations purposes, because Davis used free samples while Cortazzo purchased Natura products. Natura contends Cortazzo's claims should not relate back, and, consequently, any actions based on alleged Natura purchases or misrepresentations in 2003 are barred by the FDUTPA four year statute of limitations. *See* Florida Statute § 95.11(3)(f).

"Federal Rule of Civil Procedure 15(c) governs relation back of amendments to pleadings in federal court, and provides several ways in which an amended pleading can relate back to an

original pleading."[9] *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962 (11th Cir. 2001). "Though [Rule 15(c)(1)] technically references amendments that change the parties against whom claims are asserted, [the Eleventh Circuit] ha[s] previously applied it to situations in which new plaintiffs were added." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1259 (11th Cir. 2008) (citing *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131-33 (11th Cir. 2004)). "In the Eleventh Circuit, the standard for determining whether an amendment to add a plaintiff 'relates back' to the filing of the original complaint includes consideration of three elements: (1) whether the amended claim arose out of the same conduct, transaction, or occurrence as in the original pleading; (2) whether the amendment will unduly prejudice the defendant; and (3) whether the original complaint provided

---

[9] Under Rule 15(c)(1),

[a]n amendment to a pleading relates back to the date of the original pleading when:

\*          \*          \*

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

adequate notice of the nature of the new proposed class."[10] *Grand Lodge of Pa. v. Peters*, 560 F. Supp. 2d 1270, 1273-74 (M.D. Fla. 2008) (citing Fed. R. Civ. P. 15(c)(1)(B); *Cliff*, 363 F.3d at 1131-33; *Reasoner v. All Seasons Pool Serv., Inc.*, No. 6:06-cv-1819-Orl-19DAB, 2007 WL 4326808, at *3 n.5 (M.D. Fla. Dec. 7, 2007); *Hughes v. Am. Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2010786, at *2 (M.D. Fla. July 6, 2007); *Senterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377, 1380 (S.D. Ga. 2005)).

The Court considers first whether Cortazzo's claims arose out of the same conduct, transaction or occurrence as the claims asserted in the original pleading. The distinction Natura tries to draw between Davis' and Cortazzo's claims – that Cortazzo purchased Natura products while Davis used free samples – fails to persuade. There is no question that the newly-added plaintiff, Cortazzo, asserts the same FDUTPA claim as did Davis. The behavior of Natura about which Davis and Cortazzo both complain, its allegedly unfair and deceptive advertising, arises out the same conduct, transaction, or occurrence.

The two remaining considerations are notice and prejudice. Natura had notice of the class action suit on May 9, 2007, when Davis, Renee Blaszkowski, and Amy Hollub alleged the same FDUTPA claim on behalf of a putative class of consumers who purchased or used Natura pet products [D.E. 1]. Given the adequate length of time Natura has been placed on notice and the

---

[10] In *Cliff*, the Eleventh Circuit discussed two tests courts have applied to determine whether the claims of a newly-added plaintiff should relate back to the original complaint: the test under former Rule 15(c)(3) and the Ninth Circuit test in *Rosenbaum v. Syntex Corp.* (*In re Syntex Corp. Sec. Litig.*), 95 F.3d 922, 935 (9th Cir. 1996). 363 F.3d at 1131-32. The Eleventh Circuit declined to specify exactly which test courts should apply. *Id.* at 1131 n.15.

absence of any evidence of prejudice,[11] the Court finds that Cortazzo's claim relates back to the original filing.

Furthermore, as to Natura's assertion that the statute of limitations applies, the Eleventh Circuit has held that "[w]hen a complaint appears, as here, to constitute a class action, the statute of limitations is tolled as of the date the complaint is filed, and it remains tolled until the court rejects class certification or the case comes to an end." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 968 (11th Cir. 2008) (citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974)); *see also Grand Lodge*, 560 F. Supp. 2d at 1274 (finding the addition of plaintiff did not alter the already tolled statute of limitations on the plaintiffs' claims). "'[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) (quoting *American Pipe*, 414 U.S. at 554). Here, because the statute of limitations has been tolled since the filing of the operative Complaint in May of 2007, and because Cortazzo's causes of action are the same as Davis', Cortazzo's claims may properly relate back and are not time-barred under FDUTPA.

## III. <u>CONCLUSION</u>

Consistent with the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Reconsideration **[D.E. 555]** is **GRANTED**. Plaintiffs shall file an amended complaint on or before **February 25, 2009**. With

---

[11] Natura fails to provide the Court with any evidence that it will be prejudiced. Furthermore, Natura has already received discovery responses from Cortazzo and has had the opportunity to depose Cortazzo. (*See Mot. for Recons.* at 5).

regard to the Motion for Class Certification, the Court will advise the parties if any additional briefing is required. Natura's request for leave to file a Rule 12(b)(3) motion to dismiss for improper venue, found in its Response in Opposition **[D.E. 577]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2009.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record